1   BINGHAM McCUTCHEN LLP
    CHRISTOPHER B. HOCKETT (SBN 121539)
2   GEOFFREY M. HOWARD (SBN 157468)
    ZACHARY J. ALINDER (SBN 209009)
3   BREE HANN (SBN 215695)
    Three Embarcadero Center
4   San Francisco, CA  94111-4067
    Telephone:  (415) 393-2000
5   Facsimile:  (415) 393-2286
    chris.hockett@bingham.com
6   geoff.howard@bingham.com
    zachary.alinder@bingham.com
7   bree.hann@bingham.com

8   DORIAN DALEY (SBN 129049)
    JEFFREY S. ROSS (SBN 138172)
9   500 Oracle Parkway
    M/S 5op7
10  Redwood City, CA  94070
11  Telephone:  (650) 506-4846
    Facsimile:  (650) 506-7114
12  dorian.daley@oracle.com
    jeff.ross@oracle.com
13
    Attorneys for Plaintiffs
14  Oracle Corporation, Oracle USA, Inc.,
    and Oracle International Corporation
15
16                  UNITED STATES DISTRICT COURT

17                NORTHERN DISTRICT OF CALIFORNIA

18                    SAN FRANCISCO DIVISION

19
20  ORACLE CORPORATION, a Delaware          No. 07-CV-1658 EMC
    corporation, ORACLE USA, INC., a Colorado
21  corporation, and ORACLE INTERNATIONAL   **DECLARATION OF GEOFFREY M.**
    CORPORATION, a California corporation,   **HOWARD IN SUPPORT OF**
22                                           **ORACLE'S MOTION FOR INTERIM**
                    Plaintiffs,              **PRESERVATION ORDER AND**
23        v.                                 **MEET AND CONFER SCHEDULE**
                                             **FOR FINAL PRESERVATION**
24  SAP AG, a German corporation, SAP        **MOTION**
    AMERICA, INC., a Delaware corporation,
25  TOMORROWNOW, INC., a Texas corporation,  Date:  June 6, 2007
    and DOES 1-50, inclusive,                Time:  10:30 a.m.
26                                           Judge: The Honorable Edward M. Chen
                    Defendants.                    Courtroom C, 15th Floor
27
28
                                             07-CV-1658 EMC
    ─────────────────────────────────────────────────────
            DECLARATION OF GEOFFREY M. HOWARD

Dockets.Justia.com

1

2      I, Geoffrey M. Howard, declare:

3          1.      I am a member of the State Bar of California and a partner at Bingham

4   McCutchen LLP, counsel of record for plaintiffs Oracle Corporation, Oracle USA, Inc., and

5   Oracle International Corporation (together "Oracle") in this action.  Except for matters stated

6   below on information and belief, I have personal knowledge of the matters stated in this

7   declaration by virtue of my representation of Oracle in this action.  If called and sworn as a

8   witness, I could and would competently testify to such matters.

9          2.      On March 22, 2007, the same day Oracle filed its Complaint in this action, I sent

10  letters, by facsimile and overnight express mail, to each of the defendants in this action

11  requesting that they take immediate steps to prevent the destruction or alteration of any relevant

12  materials.  I enclosed a proposed stipulated preservation order with each letter.  I sent these

13  letters to the General Counsel's offices for both SAP AG and SAP America, Inc., and to the

14  President and CEO of TomorrowNow, Inc.  Attached as Exhibit A is a true and correct copy of

15  the letter sent to SAP America, including a true and correct copy of the proposed order.  SAP

16  initially assured Oracle that it was aware of and intended to comply with its preservation

17  obligations, and stated that SAP's counsel would contact Oracle shortly to meet and confer

18  regarding the preservation obligations.  Attached as Exhibit B is a true and correct copy of the

19  letter from SAP America, Inc.'s In-House Counsel, Brad Brubaker, dated March 26, 2007 in

20  response to the March 22, 2007 letters that I sent on Oracle's behalf.

21         3.      Based on SAP's assurances, we waited to hear further word from SAP's counsel.

22  The next contact did not come until April 4, 2007, when I am informed and believe through

23  discussions with my colleague, Chris Hockett, that SAP's counsel, Robert Mittelstaedt, made

24  contact with Mr. Hockett by telephone to request an extension on SAP's time to respond to the

25  Complaint.  I am informed and believe through discussions with my colleague, Chris Hockett,

26  that Mr. Hockett asked for SAP's comments on the draft preservation order, and was told that

27  SAP's counsel, Greg Lanier, would call me later that day to follow-up on the draft preservation

28  order.  After not receiving a follow-up call, I called Mr. Lanier the next day.  His secretary

DECLARATION OF GEOFFREY M. HOWARD

1  informed me that Mr. Lanier was on vacation, but would return the call later the same day. That

2  call did not happen either. Instead, Mr. Lanier did not return my call until April 19th. On that

3  call, Mr. Lanier again assured me that SAP was preserving their documents, that they did not

4  object to a preservation order in concept, and that they would provide their comments to that

5  order shortly.

6      4.    We followed up on that phone call the same day with an email requesting SAP

7  provide comments on the draft preservation order. Attached as Exhibit C is a true and correct of

8  the email message sent from Mr. Alinder to Mr. Lanier and copied to me and others, dated April

9  19, 2007. SAP's counsel did not provide any response to that request. We again sought SAP's

10  thoughts and comments on the draft preservation order in two more emails dated April 23, 2007

11  and another email on April 26, 2007. Attached as Exhibit D is a true and correct of the email

12  message sent from Mr. Alinder to Mr. Lanier and copied to me and others, dated April 23, 2007.

13  Attached as Exhibit E is a true and correct of the second email message sent from Mr. Alinder to

14  Mr. Lanier and copied to me and others, dated April 23, 2007. Attached as Exhibit F is a true

15  and correct copy f the email message sent from Mr. Alinder to Mr. Lanier and copied to me and

16  others, dated April 26, 2007. As of the signing of this declaration, we received no response to

17  those requests either.

18      5.    Instead, in a related email copied to me, SAP's counsel refused to engage in early

19  informal discovery as proposed by Oracle, and stated that "it is questionable, at least, whether

20  Oracle will be entitled in formal discovery to all the materials it seeks by its request below."

21  Attached as Exhibit G is a true and correct of the email message sent from Mr. Lanier to Mr.

22  Alinder and copied to me and others, dated April 27, 2007. In that informal discovery exchange,

23  Oracle had requested information related to (a) materials that SAP had downloaded from Oracle,

24  (b) communications related to those downloads, (c) how SAP accessed and stored these

25  materials, (d) what use SAP had made of the materials downloaded from Oracle, and (e)

26  contracts for customers named in the complaint. Those categories are included in the email from

27  Mr. Alinder to Mr. Lanier, dated April 23, 2007, and attached as Exhibit E.

28      6.    Attached as Exhibit H is a true and correct of the April 24, 2007 article from

1  Information Week, in which SAP's CEO admitted that SAP is doing its own internal

2  investigation of the allegations in Oracle's complaint, an online copy of which is at

3  <http://wap.informationweek.com/showArticle.jhtml?articleID=199201225>.

4        I declare under penalty of perjury under the laws of the United States of America

5  that the foregoing is true and correct.

6        Executed on April 30, 2007 in San Francisco, California.

7

8

9

10                   Geoffrey M. Howard

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

DECLARATION OF GEOFFREY M. HOWARD

EXHIBIT A

BINGHAM McCUTCHEN

Geoffrey M. Howard
Direct Phone:  (415) 393-2485
Direct Fax:     (415) 393-2286
geoff.howard@bingham.com

March 22, 2007

**Urgent**

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111

415.393.2000
415.393.2286 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**Via Express Mail and Facsimile**

SAP America Inc.
Strategic Planning & Support Office
Attn: Brad Brubaker, General Counsel
3999 West Chester Pike
Newtown Square, PA 19073
Phone: +1-610-661-1000
Fax: +610-661-4013

Re:  *Oracle v. SAP AG, et al.*: **Preservation of Discoverable Materials**

Dear Mr. Brubaker:

As you are no doubt aware, Oracle Corporation, Oracle USA, Inc. and Oracle International Corporation (collectively "Oracle") have filed a Complaint today in the United States District Court for the Northern District of California against SAP AG, SAP America, Inc. and TomorrowNow, Inc. (collectively "SAP"). Your authorized agents for service of process have been served with the Complaint.

This letter concerns the issue of preservation of potentially relevant documents. The issues raised in Oracle's Complaint are of serious concern to Oracle, and we are treating this matter with the utmost urgency and care.

Given the nature of the issues raised in Oracle's Complaint, the evidence in SAP's possession will be critically important to Oracle's case. Because much of that evidence resides on digital media, it is inherently fragile. We are concerned that even SAP's ongoing good faith business operations could cause the loss or alteration of data critical to a full exploration and determination regarding the extent of SAP's access to, taking of, and use of the information copied from Oracle's systems.

Therefore, I write to emphasize your obligations under the law to preserve all relevant documents, data or tangible things in your possession, custody, or control that relate to the subject matter of Oracle's Complaint ("Relevant Material"). Of course, because Relevant Material includes electronic data, you must take immediate action to safeguard these materials and ensure that they are not deleted, manipulated, or otherwise altered from their original state.

TomorrowNow, Inc.
SAP America Inc.
SAP AG
March 22, 2007
Page 2

To assure that all parties will strictly adhere to these obligations, we propose that Oracle and SAP stipulate to an order setting requirements for the preservation of relevant materials in this action. A draft stipulated preservation order is enclosed with this letter. Please let me know whether you will enter into this stipulation, and if not, whether you or your outside counsel are available to meet and confer with us on these issues. Oracle reserves its right to seek a preservation order from the Court if the parties do not reach prompt agreement.

In the interim, please immediately take steps to prohibit the erasing, alteration, deletion, and/or destruction of any relevant materials without making complete and accurate duplicates or copies of such material, suitable for inspection and/or production in this litigation. Any such duplicate or copy should be preserved in a form that will not result in the loss or alteration of any data, and such that it will be accessible for the purposes of this action.

Similarly, no relevant material created subsequent to the date of delivery of this letter should be deleted, manipulated, or otherwise altered from its original state. You should take all appropriate steps to avoid destruction of evidence.

We request also that you provide a copy of this letter, and its attachment, to each of your respective IT departments, as well as the persons whose job responsibilities cover the matters addressed in Oracle's Complaint.

Given the urgency of the issues described in the Complaint, we ask for your response to this letter no later than March 28, 2007.

Sincerely yours,

Geoffrey M. Howard
Attorney for Oracle Corporation, Oracle USA, Inc.
and Oracle International Corporation

Enclosure

Bingham McCutchen LLP
bingham.com

1    BINGHAM McCUTCHEN LLP
     CHRISTOPHER B. HOCKETT (SBN 121539)
2    GEOFFREY M. HOWARD (SBN 157468)
     ZACHARY J. ALINDER (SBN 209009)
3    BREE HANN (SBN 215695)
     Three Embarcadero Center
4    San Francisco, CA  94111-4067
     Telephone:  (415) 393-2000
5    Facsimile:  (415) 393-2286
     chris.hockett@bingham.com
6    geoff.howard@bingham.com
     zachary.alinder@bingham.com
7    bree.hann@bingham.com

8    DORIAN DALEY (SBN 129049)
     JEFFREY S. ROSS (SBN 138172)
9    500 Oracle Parkway
     M/S 5op7
10   Redwood City, CA  94070
11   Telephone:  (650) 506-4846
     Facsimile:  (650) 506-7114
12   dorian.daley@oracle.com
     jeff.ross@oracle.com
13

14   Attorneys for Plaintiffs
     Oracle Corporation, Oracle USA, Inc.,
15   and Oracle International Corporation

16                          UNITED STATES DISTRICT COURT

17                        NORTHERN DISTRICT OF CALIFORNIA

18                             SAN FRANCISCO DIVISION

19

20   ORACLE CORPORATION, a Delaware            No.
     corporation, ORACLE USA, INC., a Colorado
21   corporation, and ORACLE INTERNATIONAL     **STIPULATED [PROPOSED]**
     CORPORATION, a California corporation,     **PRESERVATION ORDER**

22                 Plaintiffs,

23          v.

24   SAP AG, a German corporation, SAP
     AMERICA, INC., a Delaware corporation,
25   TOMORROWNOW, INC., a Texas corporation,
     and DOES 1-50, inclusive,

26                 Defendants.

27

28

1        Through their counsel of record, the Parties in the above-captioned action (the

2    "Litigation") hereby stipulate and agree as follows:

3        1.    "All" includes "any" and "each," and vice versa.

4        2.    "And" and "or," as used below, shall be construed both conjunctively and

5    disjunctively and each shall include the other whenever such construction will serve to bring

6    within the scope of this Order any information that would not otherwise be brought within its

7    scope.

8        3.    "Documents, Data, and Tangible Things" is to be interpreted broadly and includes

9    all forms of writings, tangible things, and other documents contemplated by Federal Rule of

10   Civil Procedure 34 and/or Federal Rule of Evidence 1001.  This includes without limitation

11   writings; records; files; correspondence; reports; memoranda; calendars; diaries; minutes;

12   electronic messages; voicemail; e-mail; telephone message records or logs; computer and

13   network activity logs; hard drives; backup data; removable computer storage media such as

14   tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets;

15   software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks;

16   statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic

17   presentations; drawings; films; charts; digital or chemical process photographs; video,

18   phonographic, tape, or digital recordings or transcripts thereof; drafts; jottings; and notes.

19   Information that serves to identify, locate, or link such material, such as file inventories, file

20   folders, indices, and metadata, is also included in this definition.

21       4.    "Oracle" means plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle

22   International Corporation.

23       5.    "SAP" means defendants SAP AG, SAP America, Inc., TomorrowNow, Inc.,

24   their predecessors, and their successors.

25       6.    "SAP TN" or "TomorrowNow" mean defendant, TomorrowNow, Inc., its

26   predecessors, and its successors.

27       7.    "Software and Support Materials" means, without limitation, all program updates,

28   software updates, bug fixes, patches, custom solutions, and instructional materials across the

1

1    entire family of Oracle software products.

2        8.    "Communication" means any and all contact or transmission of information

3    between two or more Persons, whether in a face-to-face meeting, telephone conversation, or

4    otherwise, or whether by letter, electronic mail, instant messaging system, facsimile

5    transmission, cable, letters, correspondence, video conference, message, or any other method or

6    medium of information transfer or exchange.

7        9.    "Customer Connection" means the Oracle-maintained support website for

8    Peoplesoft and JD Edwards customers and all associated Software and Support Materials,

9    Documents, Data, and Tangible Things, hardware, software, physical server locations, and

10    internet protocol addresses.

11        10.    "Change Assistant" means that Oracle software used to search, select, download,

12    and deploy software updates from Customer Connection.

13        11.    "Download" means any duplication, copying, or replication, in whole or in part.

14        12.    "Named Customers" refers to the following current or former customers of SAP

15    TN:  Abbot Laboratories, Abitibi-Consolidated Inc., Allianz of America, Bear, Stearns & Co.,

16    Berri Limited, Border Foods, Caterpillar Elphinstone, Distrubution & Auto, Fuelserv Limited,

17    Grupo Costamex S.A. de C.V., Helzberg Diamonds, Herbvert Waldman, Honeywell

18    International, Interbrew UK, Laird Plastics, Inc., Merck & Co., Metro Machines, Mortice Kern

19    Systems Inc., National Manufacturing Company, NGC Management Limited, OCE-

20    Technologies B.V., Perot Systems, Phelps Dodge, Ronis SA, Sandia Labs Federal Credit Union,

21    Smithfield Foods, SPX Corporation, Stora Enso, Texas Association of School Boards, VSM

22    Group AB, and Yazaki North America.

23        13.    "Person(s)" means, without limitation, any individual, corporation, partnership,

24    limited partnership, or legal entity and includes the present and former officers, executives,

25    directors, employees, attorneys, agents, representatives, and all other Persons acting or

26    purporting to act on behalf of any of them, and any of their present or former parent

27    corporations, subsidiaries, affiliates, divisions, predecessors, and successors in interest.

28        14.    To "Use" means to access, transmit, maintain, manage, store, or otherwise interact

2

1    with.

2        15.    "Customer Contracts" means contracts and agreements with customers for the

3    license of software programs and related technical support services, including, but not limited to

4    Terms and Conditions, ordering documents, incorporated policies, and service agreements and

5    any exhibits and addenda relating to such contracts and agreements.

6        16.    "Party" means each party to the Litigation.

7        17.    "Preservation" and "Preserve" are to be interpreted broadly to accomplish the

8    goal of maintaining the integrity of all Documents, Data, and Tangible Things reasonably

9    anticipated to be subject to discovery under the Federal Rules of Civil Procedure in this action.

10    Preservation includes without limitation taking reasonable steps to prevent the partial or full

11    destruction, alteration, testing, deletion, shredding, incineration, wiping, relocation, migration,

12    theft, or mutation of such material, as well as negligent or intentional handling that would make

13    material incomplete or inaccessible.

14        18.    During the pendency of the Litigation, each Party shall Preserve Any and All

15    Documents, Data, and Tangible Things within its possession, custody or control, relevant to any

16    of the issues raised in Oracle's Complaint, including without limitation:

17        a.    Any Software and Support Materials SAP has Used, Downloaded, or

18        otherwise taken on behalf of any SAP Customer, including without

19        limitation the Named Customers, and the individuals involved in all such

20        Uses and Downloads.

21        b.    SAP's Use of Customer Connection and Change Assistant in the name of,

22        or Use of the log-in credentials of, any SAP Customer, including without

23        limitation the Named Customers.

24        c.    Any of SAP TN's computers used to access or connect through Customer

25        Connection or Change Assistant and/or to Use or Download Oracle's

26        Software and Support Materials, including without limitation the

27        computers known as:  CNU51405KW, CO-AGhosh-L01,

28        COi808745L01, dcdevtestpc, dcdl01, dcdl02, dcdl03, dcdl05, dcdl06,

1    dcdl07, dcdl09, dcdl10, dcdl11, dcdl12, dcdl13, dcdl15, dcdl16, dcdl17,

2    dcdl18, DCDL19. dcdl20, dcjddev02, dcjdent02, DCTEMPDWLD01,

3    hqawoodspc01, HQi809240L02, jd-dev03, L34217Z, LeasedDesktop27,

4    tn-dl02, TN-DL03, TN-DL08, TNL-02, and tn-wts01.

5    d.   SAP's network environment and architecture, including any internet

6         protocol addresses, hardware (including server names and architecture),

7         software, or other means used to (i) Use or Download from, or connect

8         through, Customer Connection or Change Assistant; (ii) Use any

9         materials Downloaded in the course of such access; or (iii) communicate

10        through electronic mail or instant messaging within SAP TN or between

11        SAP TN and SAP America, Inc. or SAP AG.

12   e.   Any database or other storage device, method, or application by which

13        SAP Uses Oracle's Software and Support Materials.

14   f.   All patches, updates, fixes, or other software or code provided by SAP

15        TN to any of SAP TN's customers since January 1, 2003.

16   g.   What SAP has done with the Software and Support Materials that SAP

17        has Used or Downloaded, including, without limitation:

18        i.   all copies made,

19        ii.  all customers or other third parties to whom SAP has provided

20             Software and Support Materials that SAP has Used or

21             Downloaded,

22        iii. how SAP has been storing the Software and Support Materials

23             that SAP Used or Downloaded, and how SAP is storing them now,

24        iv.  how SAP has been regulating access to the Software and Support

25             Materials that SAP has Used or Downloaded, and how access is

26             regulated now,

27        v.   who has had access to the Software and Support Materials that

28             SAP has Used or Downloaded, and who has access now, and

4

vi.  all SAP's plans for further Use of any Software and Support Materials.

h.  Information reflecting SAP's unauthorized access to, and taking of information from, Oracle's systems.

i.  SAP's Customer Contracts related to all of SAP TN's current or former customers.

j.  SAP's "Safe Passage" program.

k.  Oracle's losses related to SAP's unauthorized access to, and taking of information from, Oracle's systems.

l.  Customer Contracts related to former PeopleSoft, JD Edwards, and/or Siebel customers.

m.  Terms and conditions and/or other legal restrictions related to Customer Connection.

19.    During the pendency of the Litigation, if the business processes of any Party involve the routine destruction, recycling, relocation, alteration or mutation of Documents, Data, and Tangible Things within its possession, custody or control and relevant to any of the issues raised in Oracle's Complaint the Party must, to the extent practicable for the pendency of this order, either:

a.  halt such business processes; or

b.  sequester or remove such material from the business processes; or

c.  confirm the separate existence of a complete and accurate duplicates or copies of such material that are suitable for inspection and/or production in later discovery if requested; or

d.  arrange for the Preservation of complete and accurate duplicates or copies of such material, suitable for inspection and/or production in later discovery if requested.

Notwithstanding the above, neither Party shall be required to alter any business process that affects only disaster recovery/backup tapes provided that information contained in the disaster

5

1    recovery/backup tapes is used, and intended for use, solely for disaster recovery purposes.

2        20.    During the pendency of the Litigation, no Party shall knowingly erase, alter,

3    delete, or otherwise destroy any Document, Data or Tangible Thing within its possession,

4    custody, or control that is relevant to the issues raised in plaintiff's Complaint without making

5    complete and accurate duplicates or copies of such material, suitable for inspection and/or

6    production in later discovery if requested, or confirming the separate existence of a complete and

7    accurate duplicates or copies of such material that are suitable for inspection and/or production in

8    later discovery if requested. Each Party will retain its duplicates or copies of any Document,

9    Data or Tangible Thing in the form in which the Document, Data or Tangible Thing is normally

10   kept.

11       21.    No Party shall knowingly transfer, sell, or otherwise dispose of any computer

12   and/or computer equipment, including personal computers, servers, hard drives or other storage

13   devices, that contains any Document, Data or Tangible Thing relevant to any of the issues raised

14   in Oracle's Complaint, in any form, whether active, deleted, or fragmented, unless the Party has:

15           a.   first made or confirmed the separate existence of a complete and accurate

16               duplicate or copy of such material that is suitable for inspection and/or

17               production in later discovery if requested; or

18           b.   first given all other Parties a reasonable opportunity to inspect and copy

19               the Document, Data or Tangible Thing before the computer and/or

20               computer equipment is transferred, sold or otherwise disposed of by the

21               Party.

22       22.    This Preservation Order is without prejudice to the right of any Party to seek other

23   or further relief from the Court.

24       23.    This Preservation Order shall not be construed as waiving any right to assert a

25   claim of privilege, relevance, overbreadth, burdensomeness or other grounds for not producing

26   material called for, and access to such material shall be only as otherwise provided by the

27   discovery rules and other applicable laws.

28       24.    In the event that any Person or Party violates or threatens to violate the terms of

6

1  this Preservation Order, the aggrieved disclosing party may immediately apply to obtain relief

2  against any such Person or Party violating or threatening to violate any of the terms of this

3  Preservation Order.  The Parties and any other Person subject to the terms of this Preservation

4  Order agree that this Court shall retain jurisdiction over it and them for the purpose of enforcing

5  this Preservation Order.

6      25.    The Parties may agree in writing to reasonable modifications of this Preservation

7  Order.

8      26.    This Order is made without prejudice to either Party seeking a further Order

9  concerning any Document, Data or Tangible Thing, or other information felt to be entitled to

10  Preservation.

11      Respectfully Submitted:

    By:

12  Dated:

13

14  Geoffrey M. Howard
    BINGHAM McCUTCHEN LLP

15  Three Embarcadero Center
    San Francisco, CA  94111-4067

16  Telephone:  (415) 393-3000
    Facsimile:  (415) 393-2286

17  Attorneys for Plaintiffs

18  Oracle Corporation, Oracle
    International Corporation and Oracle

19  USA, Inc.

20  By:

    Dated:

21

22  Brad Brubaker, General Counsel
    SAP America Inc.

23  3999 West Chester Pike
    Newtown Square, PA 19073

24  Telephone:  (610) 661-1000
    Facsimile:  (610) 661-4013

25

26  IT IS SO ORDERED:

27  DATED:_____, 2007

28

By:

Dated:

Sven Düsterhaus, General Counsel
SAP AG
Dietmar-Hopp-Allee 16
69190 Walldorf
Germany
Telephone:  (49) 6227-74-74-74
Facsimile:  (49) 6227-75-75-75

By:

Dated:

Andrew Nelson, President & Chief Executive Officer
TomorrowNow, Inc.
1716 Briarcrest Drive
Suite 400
Bryan, Texas 77802
Telephone:  (979) 691-4100
Facsimile:  (979) 691-4110

By:_____
          United States District Court Judge

7

BINGHAM McCUTCHEN

# Facsimile

DATE: March 22, 2007

| | NAME | FAX | PHONE |
|---|---|---|---|
| TO: | Brad Brubaker<br>SAP America, Inc. | (610) 661-4013 | (610) 661-1000 |
| FROM: | Geoffrey M. Howard<br>geoff.howard@bingham.com | (415) 393-2286 | (415) 393-2485 |

PAGES: (INCLUDING THIS COVER PAGE): 11

RE: Oracle v SAP AG

**MESSAGE:**

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

415.393.2000
415.393.2286 fax

bingham.com

Boston
Hartford
London
Los Angeles
New York
Orange County
San Francisco
Silicon Valley
Tokyo
Walnut Creek
Washington

**For transmission problems, please call (415) 393-2174**
The information in this transmittal (including attachments, if any) is privileged and confidential and is intended only for the recipient(s) listed above. If you are neither the intended recipient(s) nor a person responsible for the delivery of this transmittal to the intended recipient(s), you are hereby notified that any unauthorized reading, distribution, copying or disclosure of this transmittal is prohibited. If you have received this transmittal in error, please notify us immediately at (same telephone number as in first paragraph - will duplicate) and return the transmittal to the sender. Thank you.

| Timekeeper No: | 21117 | Client/Matter No: | 2021039 | DATE/TIME STAMP |
|---|---|---|---|---|
| Client/Matter Name: | 0000324170 | | | |
| Return To: | Silvana R. Kruger | | Floor No: | |

SF/21707314.1

EXHIBIT B



Brad C. Brubaker
Sr. Vice President, General Counsel
and Corporate Secretary

SAP America, Inc.
3999 West Chester Pike
Newtown Square, PA 19073
T: 610-661-3273
F: 610-661-3274
E: brad.brubaker@sap.com

March 26, 2007

Via Facsimile and U.S. Mail
415-393-2286

Geoff Howard, Esquire
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111

Re:   *Oracle Corp. et al. v. SAP AG et al.*: **Preservation of Records**

Dear Mr. Howard:

This letter responds to your letters of March 22, 2007, with respect to preservation of documents.

TomorrowNow, Inc. and SAP are aware of their obligations under applicable rules to preserve records with respect to this litigation and intends fully to comply with all such obligations.

We assume that the Plaintiffs themselves have been preserving records in accordance with their obligations, including, by way merely of example and without limitation, records of access to the Customer Connection or Change Assistant by any customers, their agents, or other persons; records relating to entry of, execution, policing, interpretation and implementation of the confidentiality and other agreements in the Complaint; records of dealings with customers who allegedly have been subject to issues described in the Complaint; investigation of TomorrowNow's activities as referred to in the Complaint; and records relating to its competition with SAP that Oracle alludes to in its Complaint. Though we have only recently been advised of Oracle's claims, we assume that there are many other subjects as to which Oracle also has been preserving its records; this list is not meant to be exclusive of Oracle's other obligations.

Geoff Howard, Esquire
March 26, 2007
Page II



We have no objection to the parties meeting and conferring with respect to mutual obligations to preserve documents. Like Oracle, however, we believe this should be handled by outside litigation counsel. We will have counsel contact you in this regard shortly.

Please let me know if you have any questions.

Sincerely,
SAP America, Inc.

Brad C. Brubaker (doh)

Brad C. Brubaker

BCB:doh

EXHIBIT C

From:      Alinder, Zachary J.
Sent:      Thursday, April 19, 2007 2:56 PM
To:        'tglanier@jonesday.com'; 'jfroyd@jonesday.com'
Cc:        Howard, Geoff; Hockett, Chris; Hann, Bree
Subject:        FW: Draft Protective Order

Attachments:    Proposed Protective Order.DOC
Dear Greg and Jane,
Nice meeting you on the phone this afternoon.  As discussed, attached to this email
is the draft protective order that we sent to Bob last week.  We look forward to
your comments on this and the draft preservation order as well.
Best regards,
Zac Alinder

---

From:      Hockett, Chris
Sent:      Tuesday, April 10, 2007 1:30 PM
To:        Robert A Mittelstaedt
Cc:        Howard, Geoff; Alinder, Zachary J.
Subject:        Draft Protective Order

Bob,

As we discussed yesterday, here is a draft protective order for your consideration.
Please let us know any comments you have on it.

Chris

EXHIBIT D

From: Alinder, Zachary J.
Sent: Monday, April 23, 2007 10:48 AM
To: 'Greg Lanier'
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com
Subject: RE: FW: Draft Protective Order

Hi Greg,

Thanks for your message and hope you all had a nice weekend as well.  We look
forward to hearing your comments on the draft protective and preservation orders.

As for the document exchange discussed last week, what we have in mind is an
exchange of formal document requests with an expedited response, and then a meet and
confer process to accomplish the goal of the informal exchange.  In spite of the
expedited nature of the process, the production of documents like customer license
agreements needs to be pursuant to formal discovery requests and subject to a
protective order.  If you confirm that this is something that you would like to
proceed on, we will move forward with putting together our requests for exchange.

Best regards,
Zac Alinder

Bingham McCutchen LLP
3 Embarcadero Center
San Francisco, CA 94111
415-393-2226 (ph)
415-393-2286 (fax)

-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Monday, April 23, 2007 9:36 AM
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com; Alinder, Zachary
J.
Subject: Re: FW: Draft Protective Order

Zach, I hop eyou had a good weekend.  We lost some folks for the weekend but expect
to get back to you today or by early tomorrow morning on the draft protective order
and proposed retention order.  Are you in a position to send Oracle's request for
informal discovery discussed on our call and mentioned in Geoff's voicemail of last
week?

Thanks,

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

|  |  |  |
|---|---|---|
| Greg Lanier/JonesDay Extension 33941 |  | To |
| 04/19/2007 03:00 PM | "Alinder, Zachary J." <zachary.alinder@bingham.com> | |
|  |  | cc |

Page 1

"Hann, Bree"
<bree.hann@bingham.com>, "Hockett,
Chris" <chris.hockett@bingham.com>,
"Howard, Geoff"
<geoff.howard@bingham.com>,
jfroyd@jonesday.com

                                        Subject
Re: FW: Draft Protective Order
(Document link: Greg Lanier)


Thanks. You now have my contacts (below). We'll get back to you soon, as
discussed, and look forward to hearing from you re the request for
licenses/confidentiality agreements for the customers mentioned in the complaint.

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com


"Alinder, Zachary
J."
<zachary.alinder@                                               To
bingham.com>            tglanier@jonesday.com,
                        jfroyd@jonesday.com
                                                                cc
04/19/2007 02:56        "Howard, Geoff"
PM                      <geoff.howard@bingham.com>,
                        "Hockett, Chris"
                        <chris.hockett@bingham.com>, "Hann,
                        Bree" <bree.hann@bingham.com>
                                                        Subject
                        FW: Draft Protective Order


Dear Greg and Jane,
Nice meeting you on the phone this afternoon. As discussed, attached to this email
is the draft protective order that we sent to Bob last week. We look forward to
your comments on this and the draft preservation order as well.
                                Page 2

Best regards,
Zac Alinder

---

From:       Hockett, Chris
Sent:       Tuesday, April 10, 2007 1:30 PM
To:         Robert A Mittelstaedt
Cc:         Howard, Geoff; Alinder, Zachary J.
Subject:         Draft Protective Order

Bob,

As we discussed yesterday, here is a draft protective order for your consideration.
Please let us know any comments you have on it.


Chris



<<Proposed Protective Order.DOC>>

========================================================================
Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS
requirements, we inform you that any U.S. federal tax advice contained in this
communication is not intended or written to be used, and cannot be used by any
taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice
expressed in this message is being delivered to you solely for your use in
connection with the matters addressed herein and may not be relied upon by any other
person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered
confidential and is intended only for the recipient(s) listed above. Any review,
use, disclosure, distribution or copying of this e-mail is prohibited except by or
on behalf of the intended recipient. If you have received this email in error,
please notify me immediately by reply email, delete this email, and do not disclose
its contents to anyone. Thank you.
========================================================================
(See attached file: Proposed Protective Order.DOC)

==========
This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

EXHIBIT E

From: Alinder, Zachary J.
Sent: Monday, April 23, 2007 5:40 PM
To: 'Greg Lanier'
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com
Subject: RE: FW: Draft Protective Order

Hi Greg,

As requested, here are the general categories of information that we would request Defendants provide on an expedited basis:

(1) materials Defendants downloaded from Customer Connection since Sept. 1, 2006 on behalf of customers named in the complaint.
(2) communications since Sept. 1, 2006 relating to those downloads, including between customers and Defendants.
(3) Defendants' means of accessing Customer Connection, including the hardware, software, and network systems used, associated logs, forensic images, network diagrams, and IP addresses.
(4) Defendants' means of storing materials downloaded from Customer Connection.
(5) support materials provided by TomorrowNow to its customers since Sept. 1, 2006.
(6) Defendants' use of materials downloaded from Customer Connection.
(7) contracts with customers in the complaint.

We could turn these categories relatively quickly into a small set of formal document requests for each side to exchange and respond to on an expedited basis. As described earlier, we would then anticipate a fairly brief meet and confer process followed (assuming a protective order had been entered) by production.

We look forward to hearing your thoughts and/or comments on this proposed informal discovery, as well as the proposed preservation and protective orders.

Best regards,
Zac


-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Monday, April 23, 2007 11:00 AM
To: Alinder, Zachary J.
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com
Subject: RE: FW: Draft Protective Order

Thanks, Zac, for clarifying your desired approach.  The mechanics of documenting the scope of our informal discovery requests (or any formalization that may be required for customer consent), can be quickly resolved (probably in the manner you've suggested, though I'll re-read and let you know if we have any problems with that), if we agree that the scope of what each side is seeking in early, informal discovery is something manageable on an that basis.  You understand our present request (the licenses and related confidentiality agreements as to those customers mentioned in the complaint), and we hope to learn as quickly as possible what you would seek in exchange.

So, would it be possible for you to let us know today the categories of information you'd be seeking on an expedited basis?  The substance will drive agreement here, as the process issues are not that challenging.

Thanks,

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]

Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com


"Alinder, Zachary
J."                                                                To
<zachary.alinder@
bingham.com>              "Greg Lanier"
                          <tglanier@JonesDay.com>
                                                                   cc
04/23/2007 10:47          "Hann, Bree"
AM                        <bree.hann@bingham.com>, "Hockett,
                          Chris" <chris.hockett@bingham.com>,
                          "Howard, Geoff"
                          <geoff.howard@bingham.com>,
                          jfroyd@jonesday.com
                                                              Subject
                          RE: FW: Draft Protective Order


Hi Greg,

Thanks for your message and hope you all had a nice weekend as well.  We look
forward to hearing your comments on the draft protective and preservation orders.

As for the document exchange discussed last week, what we have in mind is an
exchange of formal document requests with an expedited response, and then a meet and
confer process to accomplish the goal of the informal exchange.  In spite of the
expedited nature of the process, the production of documents like customer license
agreements needs to be pursuant to formal discovery requests and subject to a
protective order.
If you confirm that this is something that you would like to proceed on, we will
move forward with putting together our requests for exchange.

Best regards,
Zac Alinder

Bingham McCutchen LLP
3 Embarcadero Center
San Francisco, CA 94111
415-393-2226 (ph)
415-393-2286 (fax)

-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Monday, April 23, 2007 9:36 AM
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com; Alinder, Zachary
J.
Subject: Re: FW: Draft Protective Order
                              Page 2

Zach, I hop eyou had a good weekend.  We lost some folks for the weekend but expect to get back to you today or by early tomorrow morning on the draft protective order and proposed retention order.  Are you in a position to send Oracle's request for informal discovery discussed on our call and mentioned in Geoff's voicemail of last week?

Thanks,

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

|  | Greg Lanier/JonesDay Extension 33941 |  |
|---|---|---|
| To | | "Alinder, Zachary J." <zachary.alinder@bingham.com> |
| | 04/19/2007 03:00 PM | |
| cc | | "Hann, Bree" <bree.hann@bingham.com>, "Hockett, Chris" |
| <chris.hockett@bingham.com>, | | "Howard, Geoff" <geoff.howard@bingham.com>, jfroyd@jonesday.com |
| Subject | | Re: FW: Draft Protective Order (Document link: Greg Lanier) |

Page 3

Thanks.  You now have my contacts (below).  We'll get back to you soon, as discussed, and look forward to hearing from you re the request for licenses/confidentiality agreements for the customers mentioned in the complaint.

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

| | | |
|---|---|---|
| To | "Alinder, Zachary J." <zachary.alinder@bingham.com> | tglanier@jonesday.com, jfroyd@jonesday.com |
| cc | 04/19/2007 02:56 PM | "Howard, Geoff" <geoff.howard@bingham.com>, "Hockett, Chris" <chris.hockett@bingham.com>, "Hann, Bree" <bree.hann@bingham.com> |
| Subject | | FW: Draft Protective Order |

Dear Greg and Jane,
Nice meeting you on the phone this afternoon.  As discussed, attached to this email
is the draft protective order that we sent to Bob last week.
We look forward to your comments on this and the draft preservation order as well.


Best regards,
Zac Alinder

_____

From:    Hockett, Chris
Sent:    Tuesday, April 10, 2007 1:30 PM
To:      Robert A Mittelstaedt
Cc:      Howard, Geoff; Alinder, Zachary J.
Subject:        Draft Protective Order


Bob,


As we discussed yesterday, here is a draft protective order for your consideration.
Please let us know any comments you have on it.


Chris




<<Proposed Protective Order.DOC>>



========================================================================
====

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS
requirements, we inform you that any U.S. federal tax advice contained in this
communication is not intended or written to be used, and cannot be used by any
taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice
expressed in this message is being delivered to you solely for your use in
connection with the matters addressed herein and may not be relied upon by any other
person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered
confidential and is intended only for the recipient(s) listed above. Any review,
use, disclosure, distribution or copying of this e-mail is prohibited except by or
on behalf of the intended recipient.
If you have received this email in error, please notify me immediately by reply
email, delete this email, and do not disclose its contents to anyone. Thank you.
========================================================================
====
(See attached file: Proposed Protective Order.DOC)



==========
This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.

EXHIBIT F

From: Alinder, Zachary J.
Sent: Thursday, April 26, 2007 10:26 AM
To: 'Greg Lanier'
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com
Subject: RE: FW: Draft Protective Order

Greg,
Thank you for the response to the proposed early exchange of information. We will
discuss your response and get back to you on that. As to the protective order, many
of your comments/suggestions will work for us, but we are still discussing a couple
of the points that you raised. We expect to be able to respond to that shortly as
well. In the meantime, if you have any comments on the proposed preservation order,
please let us know those as well.
Best regards,
Zac

-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Thursday, April 26, 2007 9:43 AM
To: Alinder, Zachary J.
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com
Subject: RE: FW: Draft Protective Order

Zac, we've considered Oracle's proposed categories of information for informal,
early exchange. Oracle's requests are hardly "balanced" against the fairly simple
request (customer licenses/confidentiality agreements) we made. Either Oracle does
not intend for an early exchange of information or it intends to leverage the
(asserted) confidentiality of customer contracts to obtain early and substantial
discovery without providing meaningful discovery itself.

In any event, we will agree to an early exchange of similar information as the price
imposed by Oracle to honor our request for specific, limited, easily accessible
information. Specifically, we propose that Oracle provide the
licenses/confidentiality agreements for the customers named in the complaint in
exchange for which TomorrowNow will provide its contracts with the same customers.
Such production would be subject to the protective order we're negotiating;
alternatively, such production could be subject to a temporary "outside counsel
only" agreement.

Please let us know Oracle's response.

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com


| "Alinder, Zachary J." <zachary.alinder@bingham.com> | | To |
| | "Greg Lanier" <tglanier@JonesDay.com> | |
| | | cc |
| 04/23/2007 05:39 PM | "Hann, Bree" <bree.hann@bingham.com>, "Hockett, | |

Page 1

```
                              Chris" <chris.hockett@bingham.com>,
                              "Howard, Geoff"
                              <geoff.howard@bingham.com>,
                              jfroyd@jonesday.com
                                                            Subject
                              RE: FW: Draft Protective Order
```

Hi Greg,

As requested, here are the general categories of information that we would request Defendants provide on an expedited basis:

(1) materials Defendants downloaded from Customer Connection since Sept. 1, 2006 on behalf of customers named in the complaint.
(2) communications since Sept. 1, 2006 relating to those downloads, including between customers and Defendants.
(3) Defendants' means of accessing Customer Connection, including the hardware, software, and network systems used, associated logs, forensic images, network diagrams, and IP addresses.
(4) Defendants' means of storing materials downloaded from Customer Connection.
(5) support materials provided by TomorrowNow to its customers since Sept. 1, 2006.
(6) Defendants' use of materials downloaded from Customer Connection.
(7) contracts with customers in the complaint.

We could turn these categories relatively quickly into a small set of formal document requests for each side to exchange and respond to on an expedited basis. As described earlier, we would then anticipate a fairly brief meet and confer process followed (assuming a protective order had been entered) by production.

We look forward to hearing your thoughts and/or comments on this proposed informal discovery, as well as the proposed preservation and protective orders.

Best regards,
Zac


-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Monday, April 23, 2007 11:00 AM
To: Alinder, Zachary J.
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com
Subject: RE: FW: Draft Protective Order

Thanks, Zac, for clarifying your desired approach.  The mechanics of documenting the scope of our informal discovery requests (or any formalization that may be required for customer consent), can be quickly resolved (probably in the manner you've suggested, though I'll re-read and let you know if we have any problems with that), if we agree that the scope of what each side is seeking in early, informal discovery is something manageable on an that basis.  You understand our present request (the licenses and related confidentiality agreements as to those customers mentioned in the complaint), and we hope to learn as quickly as possible what you would seek in exchange.

So, would it be possible for you to let us know today the categories of information you'd be seeking on an expedited basis? The substance will drive agreement here, as the process issues are not that challenging.

Thanks,

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com


|  | "Alinder, Zachary J." <zachary.alinder@bingham.com> |  |
|---|---|---|
| To |  | "Greg Lanier" <tglanier@JonesDay.com> |
| cc | 04/23/2007 10:47 AM "Hockett, <chris.hockett@bingham.com>, | "Hann, Bree" <bree.hann@bingham.com>, Chris" "Howard, Geoff" <geoff.howard@bingham.com>, jfroyd@jonesday.com |
| Subject |  | RE: FW: Draft Protective Order |

Page 3

Hi Greg,

Thanks for your message and hope you all had a nice weekend as well. We look forward to hearing your comments on the draft protective and preservation orders.

As for the document exchange discussed last week, what we have in mind is an exchange of formal document requests with an expedited response, and then a meet and confer process to accomplish the goal of the informal exchange. In spite of the expedited nature of the process, the production of documents like customer license agreements needs to be pursuant to formal discovery requests and subject to a protective order.
If you confirm that this is something that you would like to proceed on, we will move forward with putting together our requests for exchange.

Best regards,
Zac Alinder

Bingham McCutchen LLP
3 Embarcadero Center
San Francisco, CA 94111
415-393-2226 (ph)
415-393-2286 (fax)

-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.Com]
Sent: Monday, April 23, 2007 9:36 AM
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com; Alinder, Zachary J.
Subject: Re: FW: Draft Protective Order

Zach, I hop eyou had a good weekend. We lost some folks for the weekend but expect to get back to you today or by early tomorrow morning on the draft protective order and proposed retention order. Are you in a position to send Oracle's request for informal discovery discussed on our call and mentioned in Geoff's voicemail of last week?

Thanks,

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

Greg

Lanier/JonesDay

Extension 33941

To

"Alinder, Zachary J."

Page 4

|  | 04/19/2007 03:00 | &lt;zachary.alinder@bingham.com&gt; |
|  | PM |  |
| cc |  |  |
|  |  | "Hann, Bree" |
|  |  | &lt;bree.hann@bingham.com&gt;, "Hockett, Chris" |
| &lt;chris.hockett@bingham.com&gt;, |  |  |
|  |  | "Howard, Geoff" |
|  |  | &lt;geoff.howard@bingham.com&gt;, |
|  |  | jfroyd@jonesday.com |
|  |  |  |
| Subject |  |  |
|  |  | Re: FW: Draft Protective Order |
|  |  | (Document link: Greg Lanier) |

Thanks.  You now have my contacts (below).  We'll get back to you soon, as discussed, and look forward to hearing from you re the request for licenses/confidentiality agreements for the customers mentioned in the complaint.

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

|  | "Alinder, Zachary |  |
|  | J." |  |
|  | &lt;zachary.alinder@ |  |
| To |  |  |
|  | bingham.com&gt; | tglanier@jonesday.com, |

Page 5

jfroyd@jonesday.com

cc

04/19/2007 02:56          "Howard, Geoff"

PM                        <geoff.howard@bingham.com>,

                          "Hockett, Chris"

                          <chris.hockett@bingham.com>, "Hann,
                          Bree" <bree.hann@bingham.com>

Subject                   FW: Draft Protective Order

Dear Greg and Jane,
Nice meeting you on the phone this afternoon.  As discussed, attached to this email
is the draft protective order that we sent to Bob last week.
We look forward to your comments on this and the draft preservation order as well.


Best regards,
Zac Alinder

---

From:    Hockett, Chris
Sent:    Tuesday, April 10, 2007 1:30 PM
To:      Robert A Mittelstaedt
Cc:      Howard, Geoff; Alinder, Zachary J.
Subject:         Draft Protective Order

Bob,

As we discussed yesterday, here is a draft protective order for your consideration.
Please let us know any comments you have on it.

Chris

&lt;&lt;Proposed Protective Order.DOC&gt;&gt;

=====================================================================
====

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS
requirements, we inform you that any U.S. federal tax advice contained in this
communication is not intended or written to be used, and cannot be used by any
taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice
expressed in this message is being delivered to you solely for your use in
connection with the matters addressed herein and may not be relied upon by any other
person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered
confidential and is intended only for the recipient(s) listed above. Any review,
use, disclosure, distribution or copying of this e-mail is prohibited except by or
on behalf of the intended recipient.
If you have received this email in error, please notify me immediately by reply
email, delete this email, and do not disclose its contents to anyone. Thank you.
=====================================================================
====
(See attached file: Proposed Protective Order.DOC)


==========
This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be corrected.
==========


==========
This e-mail (including any attachments) may contain information that is private,
confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system without
copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

EXHIBIT G

From: Greg Lanier [tglanier@JonesDay.com]
Sent: Friday, April 27, 2007 9:59 AM
To: Alinder, Zachary J.
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com
Subject: RE: FW: Draft Protective Order

Zac, we decline to proceed with the informal exchange on the terms Oracle seeks to impose, and repeat our request that the Oracle and TomorrowNow promptly exchange the relevant licenses/agreements, for several reasons.

First, we obviously have a different understanding of what a "balanced" exchange would entail. We think that means an exchange of information as to which the burdens of production are balanced. Plainly, trading a group of contracts is such a balanced exchange, and what Oracle has proposed is not.

Second, what Oracle proposes to do cannot reasonably be accomplished on an informal basis over the next few days, as we had hoped when we started this discussion. The problem would be exacerbated were we to "balance" the situation by requesting Oracle produce materials of equal burden, as Oracle proposes. For just some examples, to balance the exchange, we would be required to seek documents reflecting Oracle's policies, procedures, communications and actual conduct with respect to: access to Customer Connection by customers and their agents; the contracts, licenses and confidentiality agreements with all Oracle customers for applications, products and services related to the allegations of the complain; investigation of TomorrowNow's and other third party service providers; competition with SAP; and customers at issue in the complaint.

Third, it is questionable, at least, whether Oracle will be entitled in formal discovery to all the materials it seeks by its request below.
Oracle is entitled to discovery based on the claims in its complaint, and the requests below go well beyond them, as we understand the complaint.

We had requested a very limited, accessible, easily produced class of documents, which your email characterizes as "critical" to defendants' understanding and assessment of this case. While Oracle's complaint purports to describe the license obligations of its customers, you surely know that not all the relevant customer licenses are identical. Oracle plainly is not interested in permitting defendants' (or even their counsel) access to those documents, whether to avoid scrutiny and consideration of the accuracy of Oracle's representations or to handicap defendants in their defense of the case, or both, we cannot say.

In any event, we decline the "balanced exchange" you've proposed, and repeat our request that Oracle and TomorrowNow exchange the licenses/confidentiality agreements/contracts with the customers named in the complaint.

Greg

Tharan Gregory Lanier
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com


"Alinder, Zachary J."
<zachary.alinder@bingham.com>

"Greg Lanier"
<tglanier@JonesDay.com>

To

Page 1

cc

04/26/2007 05:52
PM

"Hann, Bree"
<bree.hann@bingham.com>, "Hockett,
Chris" <chris.hockett@bingham.com>,
"Howard, Geoff"
<geoff.howard@bingham.com>,
jfroyd@jonesday.com

Subject
RE: FW: Draft Protective Order

Greg,

We have considered your counter-proposal that "Oracle provide the
licenses/confidentiality agreements for the customers named in the complaint in
exchange for which TomorrowNow will provide its contracts with the same customers."
We do not consider that a fair exchange.
Oracle's license agreements are far more critical for SAP to understand/evaluate the
core of its case, than TomorrowNow's contracts are for Oracle.  What we proposed is
what we believe is a fair exchange of information in terms of the relative
importance of the information to both sides.

To move forward, we suggest that SAP propose whatever additional categories of
information it would need to receive from Oracle in order to balance the exchange.
We look forward to hearing from you.

Best regards,
Zac

-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Thursday, April 26, 2007 9:43 AM
To: Alinder, Zachary J.
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com
Subject: RE: FW: Draft Protective Order

Zac, we've considered Oracle's proposed categories of information for informal,
early exchange.  Oracle's requests are hardly "balanced"
against the fairly simple request (customer licenses/confidentiality
agreements) we made.  Either Oracle does not intend for an early exchange of
information or it intends to leverage the (asserted) confidentiality of customer
contracts to obtain early and substantial discovery without providing meaningful
discovery itself.

In any event, we will agree to an early exchange of similar information as the price
imposed by Oracle to honor our request for specific, limited, easily accessible
information.  Specifically, we propose that Oracle provide the
licenses/confidentiality agreements for the customers named in the complaint in
exchange for which TomorrowNow will provide its contracts with the same customers.
Such production would be subject to the protective order we're negotiating;
alternatively, such production could be subject to a temporary "outside counsel
only"
agreement.

Please let us know Oracle's response.

Page 2

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com


|  | "Alinder, Zachary J." <zachary.alinder@bingham.com> | To | "Greg Lanier" <tglanier@JonesDay.com> |
|---|---|---|---|
|  | 04/23/2007 05:39 PM | cc | "Hann, Bree" <bree.hann@bingham.com>, Chris" "Howard, Geoff" <geoff.howard@bingham.com>, jfroyd@jonesday.com |
| "Hockett, <chris.hockett@bingham.com>, |  |  |  |
|  |  | Subject | RE: FW: Draft Protective Order |


Hi Greg,

As requested, here are the general categories of information that we would request
Page 3

Defendants provide on an expedited basis:

(1) materials Defendants downloaded from Customer Connection since Sept.
1, 2006 on behalf of customers named in the complaint.
(2) communications since Sept. 1, 2006 relating to those downloads, including
between customers and Defendants.
(3) Defendants' means of accessing Customer Connection, including the hardware,
software, and network systems used, associated logs, forensic images, network
diagrams, and IP addresses.
(4) Defendants' means of storing materials downloaded from Customer Connection.
(5) support materials provided by TomorrowNow to its customers since Sept. 1, 2006.
(6) Defendants' use of materials downloaded from Customer Connection.
(7) contracts with customers in the complaint.

We could turn these categories relatively quickly into a small set of formal
document requests for each side to exchange and respond to on an expedited basis.
As described earlier, we would then anticipate a fairly brief meet and confer
process followed (assuming a protective order had been entered) by production.

We look forward to hearing your thoughts and/or comments on this proposed informal
discovery, as well as the proposed preservation and protective orders.

Best regards,
Zac


-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Monday, April 23, 2007 11:00 AM
To: Alinder, Zachary J.
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com
Subject: RE: FW: Draft Protective Order

Thanks, Zac, for clarifying your desired approach.  The mechanics of documenting the
scope of our informal discovery requests (or any formalization that may be required
for customer consent), can be quickly resolved (probably in the manner you've
suggested, though I'll re-read and let you know if we have any problems with that),
if we agree that the scope of what each side is seeking in early, informal discovery
is something manageable on an that basis.  You understand our present request (the
licenses and related confidentiality agreements as to those customers mentioned in
the complaint), and we hope to learn as quickly as possible what you would seek in
exchange.

So, would it be possible for you to let us know today the categories of information
you'd be seeking on an expedited basis?  The substance will drive agreement here, as
the process issues are not that challenging.

Thanks,

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

| | | |
|---|---|---|
| To | "Alinder, Zachary J." <zachary.alinder@bingham.com> | "Greg Lanier" <tglanier@JonesDay.com> |
| cc | 04/23/2007 10:47 AM<br>"Hockett,<br><chris.hockett@bingham.com>, | "Hann, Bree" <bree.hann@bingham.com>, Chris"<br>"Howard, Geoff" <geoff.howard@bingham.com>, jfroyd@jonesday.com |
| Subject | | RE: FW: Draft Protective Order |

Hi Greg,

Thanks for your message and hope you all had a nice weekend as well.  We look forward to hearing your comments on the draft protective and preservation orders.

As for the document exchange discussed last week, what we have in mind is an exchange of formal document requests with an expedited response, and then a meet and confer process to accomplish the goal of the informal exchange.  In spite of the expedited nature of the process, the production of documents like customer license agreements needs to be pursuant to formal discovery requests and subject to a protective order.
If you confirm that this is something that you would like to proceed on, we will move forward with putting together our requests for exchange.

Best regards,
Zac Alinder

Bingham McCutchen LLP
3 Embarcadero Center
San Francisco, CA 94111
415-393-2226 (ph)
415-393-2286 (fax)

-----Original Message-----
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Monday, April 23, 2007 9:36 AM
Cc: Hann, Bree; Hockett, Chris; Howard, Geoff; jfroyd@jonesday.com; Alinder, Zachary J.
Subject: Re: FW: Draft Protective Order

Zach, I hop eyou had a good weekend.  We lost some folks for the weekend but expect to get back to you today or by early tomorrow morning on the draft protective order and proposed retention order.  Are you in a position to send Oracle's request for informal discovery discussed on our call and mentioned in Geoff's voicemail of last week?

Thanks,

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com


| | | |
|---|---|---|
| | Greg Lanier/JonesDay Extension 33941 | |
| To | | "Alinder, Zachary J." <zachary.alinder@bingham.com> |
| | 04/19/2007 03:00 PM | |
| cc | | "Hann, Bree" <bree.hann@bingham.com>, "Hockett, Chris" <chris.hockett@bingham.com>, "Howard, Geoff" <geoff.howard@bingham.com>, jfroyd@jonesday.com |
| Subject | | Re: FW: Draft Protective Order |

Page 6

(Document link: Greg Lanier)

Thanks.  You now have my contacts (below).  We'll get back to you soon, as discussed, and look forward to hearing from you re the request for licenses/confidentiality agreements for the customers mentioned in the complaint.

Greg

Tharan Gregory Lanier
[PLEASE NOTE NEW ADDRESS]
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com

| | | |
|---|---|---|
| To | "Alinder, Zachary J." <zachary.alinder@bingham.com> | tglanier@jonesday.com, jfroyd@jonesday.com |
| cc | 04/19/2007 02:56 PM | "Howard, Geoff" <geoff.howard@bingham.com>, "Hockett, Chris" <chris.hockett@bingham.com>, "Hann, Bree" <bree.hann@bingham.com> |
| Subject | | FW: Draft Protective Order |

Page 7

Dear Greg and Jane,
Nice meeting you on the phone this afternoon. As discussed, attached to this email
is the draft protective order that we sent to Bob last week.
We look forward to your comments on this and the draft preservation order as well.


Best regards,
Zac Alinder


From:      Hockett, Chris
Sent:      Tuesday, April 10, 2007 1:30 PM
To:        Robert A Mittelstaedt
Cc:        Howard, Geoff; Alinder, Zachary J.
Subject:         Draft Protective Order


Bob,


As we discussed yesterday, here is a draft protective order for your consideration.
Please let us know any comments you have on it.


Chris



<<Proposed Protective Order.DOC>>


=====================================================================
====

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS
requirements, we inform you that any U.S. federal tax advice contained in this
communication is not intended or written to be used, and cannot be used by any
taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice
expressed in this message is being delivered to you solely for your use in
connection with the matters addressed herein and may not be relied upon by any other
person or entity or used for any other purpose without our prior written consent.
The information in this e-mail (including attachments, if any) is considered
confidential and is intended only for the recipient(s) listed above. Any review,
use, disclosure, distribution or copying of this e-mail is prohibited except by or
on behalf of the intended recipient.

EXHIBIT H

## High Availability Windows - Protect Any Server Application.
### Simple Automated Software Solution. NoClusters.MarathonTechnologies.com

Ads by Google                                                                                    Advertise



# SAP Is Investigating Oracle's Charges Of Theft, CEO Kagermann Says

The company plans to file a legal response in a few weeks; Kagermann wouldn't comment as to whether it's a countersuit.

By Mary Hayes Weier,  InformationWeek
April 24, 2007
URL: http://www.informationweek.com/story/showArticle.jhtml?articleID=199201225

SAP plans to respond to Oracle's lawsuit alleging corporate data theft in a few weeks, said SAP CEO Henning Kagermann in a sit-down interview with *InformationWeek* Tuesday. He also indicated SAP is doing its own investigation into the charges.

"We have policies in place to ensure obligations as management," Kagermann said. "Nevertheless, having policies is one thing, having them enforced is another thing. We have to have a complete picture." The company plans to file a legal response next week; Kagermann wouldn't comment as to whether it's a countersuit.

In its March lawsuit, Oracle alleges that SAP employees pretended to be Oracle customers to log on to one of the company's Web sites and copy proprietary technical and customer-support data. Describing SAP's actions as "corporate theft on a grand scale," Oracle claims that SAP gathered the support documentation to provide cut-rate support for Oracle products, then shift those companies to SAP products.

Some might argue that Kagermann's admission of even the possibility that policies weren't followed could indicate a weakness in its defense against Oracle's claims. However, it seems to underscore the personality of a CEO who says he insists on playing above board. Kagermann, soft-spoken and with no discernable ego, says fair play includes not paying attention to any of its archcompetitor's abrasive publicity tactics, such as having employees stand outside the convention center handing out Oracle bags to attendees of SAP's Sapphire conference in Atlanta this week.

"I don't like their style; why should I adopt it?" Kagermann asked. "I don't think it's helpful. They should focus on their customers."

Kagermann said this includes making primarily small acquisitions that make sense, in stark contrast to Oracle's spending billions on acquisitions. SAP won't "play games" with customers by trying to sell them applications based on different designs and technologies, he said.

SAP is the first enterprise software company to deliver a service-oriented architecture designed to make business processes more flexible and integration easier, Kagermann said. Its My SAP ERP 2005 suite, released last year, is based on SOA, as is its NetWeaver middleware. Oracle offers its Fusion middleware based on SOA but doesn't plan to start delivering SOA-based applications until sometime next year.

But just how badly does the market want SOA? Kagermann insisted demand is hot; nearly 2,500 customers have gone live with My SAP ERP 2005 since its release, and he expects the number to go live this year will outpace the first-year adoption. By comparison, adoption of MySAP ERP 2004 adoption was just 500 customers in some years, he says.

Kagermann also thinks SAP has the right leadership in place to execute on its goals to drive SOA adoption and substantially grow its customer base among midsize companies. The spot vacated by Shai Agassi, who resigned from his job as president of products and technology in March, has been filled by several executives, each focused on specific areas. SAP doesn't necessarily need a president of products and technology, he said. "It's good to have several people with product experience," he said.

Leo Apotheker became Kagermann's deputy CIO and is first in line to succeed him. President of Americas Bill McDermott was promoted to the executive board and had his oversight expanded to include Asia Pacific, and former Asia Pacific president Hans-Peter Klaey was moved over to head up a new small and medium enterprise division that has the job of driving the aggressive growth Kagermann expects in that market.

# Turn Your Blog into Cash
Use Text Link Ads to monetize your blog space. Make more cash today.
www.Text-Link-Ads.com
Ads by Google - Advertise on this site

Copyright © 2006 CMP Media LLC