BINGHAM McCUTCHEN LLP
CHRISTOPHER B. HOCKETT (SBN 121539)
GEOFFREY M. HOWARD (SBN 157468)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
chris.hockett@bingham.com
geoff.howard@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JEFFREY S. ROSS (SBN 138172)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jeff.ross@oracle.com

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
and Oracle International Corporation

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 (MMC)<br><br>**PROOF OF SERVICE**<br><br>Date: N/A<br>Time: N/A<br>Judge: The Honorable Martin J. Jenkins<br>        Courtroom 11, 19th Floor |

SF/21712519.1

07-CV-1658 MMC

PROOF OF SERVICE

1     I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

    Today I served the attached:

**STANDING ORDERS FOR CIVIL CASES ASSIGNED TO THE HONORABLE MARTIN J. JENKINS**

☒   (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

☒   (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

| | |
|---|---|
| Robert A. Mittelstaedt, Esq.<br>Jones Day<br>555 California Street<br>26th Floor<br>San Francisco, CA 94104<br>Tel: (415) 626.3939<br><br>ramittelstaedt@JonesDay.com | Tharan Gregory Lanier, Esq.<br>Jane L. Froyd, Esq.<br>Jones Day<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Tel: (650) 739-3939<br><br>tglanier@JonesDay.com<br>jfroyd@JonesDay.com |

    I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on May 10, 2007, at San Francisco, California.

    /s/
_____
Linda F. Nelson

SF/21712519.1      1      07-CV-1658 MMC

PROOF OF SERVICE

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF CALIFORNIA

# STANDING ORDER

**JUDGE MARTIN J. JENKINS**
Courtroom 11, 19th Floor
Monica Tutson, Courtroom Deputy
(415) 522-2123

All counsel are hereby ordered to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of the Northern District of California.

1. **COURT DATES:** The Court will hear the following matters on the following days and times:

   a. Civil Law and Motion Calendar is heard on **Tuesday at 9:30 a.m.**
   b. Criminal Calendars are heard every other **Thursday at 2:00 p.m. in San Francisco** and every other **Friday at 2:30 p.m. in Oakland.**
   c. Case Management/Status Conferences are held on **Tuesday at 2:00 p.m.**
   d. Civil Pretrial Conferences are held on **Tuesday at 3:30 p.m.**

2. **MOTIONS:** Motions shall be filed and set for hearing in accordance with Civil Local Rule 7 and this Court's Standing Order. Motions shall not be noticed for hearing on a Tuesday following an official court holiday that falls on a Monday. Pursuant to Civil Local Rule 7-1(b), the Court may, in it's discretion, adjudicate motions without oral argument. An opposing's party failure to file a memorandum of points and authorities in opposition to any motion shall constitute consent to the granting of said motion.

3. **SUMMARY JUDGMENT/ADJUDICATION:** Pursuant to Civil Local Rule 56-2, in any pending motion for summary judgment or summary adjudication, the parties are ordered to meet, confer and submit, on or before ten (10) court days prior to the date of the hearing, a joint statement of undisputed facts. Only one joint statement of undisputed facts, signed by all parties, should be filed.

4. **CHAMBERS COPIES:** Pursuant to Civil Local Rule 5-1(b), counsel shall submit an extra copy of any document filed with the Court, marked by counsel as a copy for "Chambers." Chambers copies shall be submitted of any electronically filed document ten (10) pages or more in length. However, Chambers copies shall be submitted of *any* document (e-filed or otherwise) containing attachments, regardless of the number of pages. Counsel filing a document under seal pursuant to a protective order shall submit a complete Chambers copy of said document, even if only a portion of the document is confidential, indicating which portions of the document are covered by the protective order.

5. **MISCELLANEOUS ADMINISTRATIVE REQUESTS AND *EX PARTE* APPLICATIONS:** All miscellaneous administrative requests and *ex parte* applications are considered on the papers and may not be set for a hearing. Counsel are advised that this Court allows *ex parte* applications solely for extraordinary relief and that sanctions may be imposed for misuse of *ex parte* applications.

6. **STIPULATED PROTECTIVE ORDERS:** In addition to conforming to the local rules and any other applicable rules, all stipulated protective orders must conform the following requirements:

   1) When defining what constitutes "Confidential Information," the proposed order must include a provision which provides that the information sought to be protected is properly subject to protection under FRCP Rule 26(c) and that counsel shall not designate any discovery material "CONFIDENTIAL" without first making a good faith determination that protection is warranted.

   2) Provide detailed instructions for filing confidential materials under seal. In addition to placing documents in a sealed envelope with instructions that the document is filed pursuant to the Stipulated Protective Order and that the envelope is not to be opened absent further order of the court, the envelope should be labeled to identify the title of the case, the case number, and the title of the document.

   3) Include a provision which provides adequate means for challenging a confidentiality designation.

   4) Include a provision placing the burden of proof on the party seeking protection to show that such protection is warranted.

   5) Attach a sample non-disclosure agreement, which should include an acknowledgment that the confidentiality order has been read, that the party has agreed to be bound by its terms, and that the party agrees to submit to the jurisdiction of this court if any dispute arises over their use of the information.

   6) Designate a time limit on the Court's jurisdiction to enforce the terms of the order. (e.g., six months after final termination of the action).

7. **CONTINUANCES:** Counsel requesting a continuance of any conference, hearing, deadline, or other procedural changes, must submit a stipulation with a detailed declaration as to the reason for the requested continuance or extension of time. Continuances will be granted only upon a showing of good cause, particularly focusing upon evidence of diligence by the party seeking delay and of prejudice that may result if the continuance is denied.

   Except in extraordinary circumstances, stipulated changes to the briefing schedule or hearing date for a motion must be filed not less than fourteen (**14**) days prior to any affected date.

   **Unless otherwise ordered by the Court, the rescheduling of the hearing date for a motion does not change the date on which an opposition brief or reply brief is due; any opposition brief remains due not less than 21 days prior to the *originally noticed* hearing date and any reply brief may be filed not less than 14 days prior to the *originally noticed* hearing date.**

8. **UNTIMELY AND IMPROPER FILINGS:** Any document sought to be filed with the Court after the required time, or in an improper manner or form, shall not be considered by the Court. Any attorney in violation of such requirements will be subject

to other sanctions pursuant to Civil Local Rule 1-4.

9. **DISCOVERY:** All discovery matters shall be referred to a United States Magistrate Judge for the specific purpose of hearing all discovery disputes, unless otherwise ordered by the court. The words **DISCOVERY MATTER** shall appear in the caption of all documents relating to discovery to insure proper routing. Counsel are directed to contact the clerk for the assigned Magistrate Judge to schedule matters for hearing.

   The decision of the Magistrate Judge shall be final and binding, subject to modification by the District Court only where it has been shown that the Magistrate Judge's order is clearly erroneous or contrary to law.

10. **CRIMINAL PLEAS:** Prior to a plea being entered in a criminal case, an Application for Permission to Enter Plea of Guilty must be completed. A copy of the application and plea agreement must be delivered to chambers **by 12:00 p.m.** the day prior to the entry of plea or the plea will not go forward.

11. **COMMUNICATION WITH CHAMBERS:** Counsel shall not attempt to make contact by telephone or any other *ex parte* means with the Court or its chambers staff, but may contact the Courtroom Deputy at **(415) 522-2123** with appropriate inquiries. Counsel should list their facsimile transmission numbers along with their telephone numbers on their papers to facilitate communication with the Courtroom Deputy.

12. **NOTICE OF THIS ORDER:** Counsel for plaintiff, or plaintiff, if appearing on his or her own behalf, is responsible for promptly serving notice of these requirements upon defendant's counsel. If the action came to the Court via a noticed removal, this burden falls to the removing defendant.

IT IS SO ORDERED.

Dated: 5/12/2006

MARTIN J. JENKINS
UNITED STATES DISTRICT JUDGE