1   Robert A. Mittelstaedt (SBN 060359)
    JONES DAY
2   San Francisco Office
    555 California Street, 26th Floor
3   San Francisco, CA  94104
    Telephone:     (415) 626-3939
4   Facsimile:     (415) 875-5700
    ramittelstaedt@jonesday.com
5
    Tharan Gregory Lanier (SBN 138784)
6   Jane L. Froyd (SBN 220776)
    JONES DAY
7   Silicon Valley Office
    1755 Embarcadero Road
8   Palo Alto, CA  94303
    Telephone:     650-739-3939
9   Facsimile:     650-739-3900
    tglanier@jonesday.com
10  jfroyd@jonesday.com

11  Attorneys for Defendants
    SAP AG, SAP AMERICA, INC., and
12  TOMORROWNOW, INC.

13                    UNITED STATES DISTRICT COURT

14                  NORTHERN DISTRICT OF CALIFORNIA

15                      SAN FRANCISCO DIVISION

16

17  ORACLE CORPORATION, a Delaware        Case No. 07-CV-1658 MJJ
    corporation, ORACLE USA, INC., a
18  Colorado corporation, and ORACLE      **DEFENDANTS' ANSWER AND**
    INTERNATIONAL CORPORATION, a          **AFFIRMATIVE DEFENSES TO**
19  California corporation,               **FIRST AMENDED COMPLAINT**

20              Plaintiffs,               **JURY TRIAL DEMANDED**

21        v.

22  SAP AG, a German corporation, SAP
    AMERICA, INC., a Delaware corporation,
23  TOMORROWNOW, INC., a Texas
    corporation, and DOES 1-50, inclusive,
24
                Defendants.
25

26        SAP AG, SAP America, Inc. ("SAP America") and TomorrowNow, Inc. ("TN")

27  (collectively, "Defendants"), answer and respond to Plaintiffs' amended complaint as follows:

28

1

**<u>ANSWER</u>**

2      1.      Defendants deny the allegations of paragraph 1.  Oracle does not actually allege

3  that SAP AG or SAP America accessed or used any Oracle confidential information TN obtained

4  on behalf of its customers.  Upon acquiring TN, SAP AG and SAP America put in place

5  extensive policies to assure that no allegedly confidential material of Oracle obtained by TN on

6  behalf of its customers would reach SAP AG or SAP America.  Defendants are unaware of any

7  breach of these policies, and believe that none has occurred.

8      2.      Defendants deny the allegations of paragraph 2.  This case is really about

9  competition and a customer's right to choose its software services providers.  Oracle admits that

10  third parties may provide services and support for Oracle products (including those products

11  Oracle acquired through its acquisitions of PeopleSoft, JD Edwards ("JDE") and Siebel) and

12  admits that TN, as a third party service provider, has the right to access Customer Connection and

13  download support materials on behalf of TN's customers.  Oracle's complaint does not challenge

14  the basic propriety of third party support, nor do its factual allegations support the inflammatory

15  statements of paragraph 2.

16      TN (not SAP America or SAP AG) conducted downloads on behalf of TN customers

17  subject to policies intended to assure that TN downloaded only those materials that TN's

18  customers had access rights to during the time those rights were effective.  As explained below,

19  TN admits that certain downloads took place that, in violation of TN policies, may have

20  erroneously exceeded the customer's right of access.  Oracle's allegation that TN's downloading

21  conduct was "corporate theft" or involved SAP AG or SAP America is simply untrue.  SAP AG,

22  SAP America and TN respect IP rights, and have taken and are taking steps to assure that TN's

23  business is conducted in a manner befitting the high standards all three companies strive to

24  uphold.

25      TN's customers recognize the value that TN has to offer.  Oracle professes surprise and

26  confusion about how TN can provide services more cost-effectively than Oracle.  The answer is

27  simple – TN does not force its service customers to pay artificially inflated prices for service to

28  fund Oracle's future acquisition and integration of products that customers do not want or need.

ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
Case No. 07-CV-1658 MJJ

1    TN provides service, and charges only for that service.

2          3.     Because paragraph 3 refers to the purported level of activity on Oracle's customer

3    support website, Defendants lack information or belief sufficient to admit or deny the allegations

4    of the first, fourth, fifth and sixth sentences of paragraph 3, and on that basis deny them.  In

5    response to the second sentence of paragraph 3, Defendants admit that Oracle permits its

6    customers and their third party service providers to download a wide array of software and

7    support materials (which is the basis on which TN has access to those materials on behalf of its

8    customers), but otherwise deny the allegations of that sentence.  In response to the third sentence

9    of paragraph 3, Defendants admit that Oracle has spent billions to purchase various companies,

10    but otherwise deny the allegations of that sentence because they are without knowledge or

11    information sufficient to form a belief as to the truth of those allegations.

12          4.     Defendants admit the allegations of paragraph 4.

13          5.     The allegations of paragraph 5 are too generalized to permit or require a response.

14    To the extent the allegations are of alleged facts, Defendants are without knowledge or

15    information sufficient to form a belief as to the truth of the allegations of paragraph 5, and on that

16    basis deny them, except that Defendants admit that TN, on behalf of its customers, downloaded

17    numerous materials from Oracle's support website during November and December 2006.

18    Defendants specifically deny that SAP AG or SAP America performed any of the downloading

19    activities alleged by Oracle.

20          6.     In response to paragraph 6, Defendants incorporate by reference their response to

21    paragraphs 76 and 80.

22          7.     Defendants are without knowledge or information sufficient to form a belief as to

23    the truth of the allegations in paragraph 7, and on that basis deny them.

24          8.     In response to paragraph 8, Defendants admit that TN, on behalf of its customers,

25    downloaded numerous materials from Oracle's support website and that such downloading was

26    performed from TN's facilities in Bryan, Texas.  Defendants further admit that TN is a subsidiary

27    of SAP America that provides support services for a variety of software programs, including

28    those developed by PeopleSoft and JDE.  Defendants deny the remaining allegations of paragraph

ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
Case No. 07-CV-1658 MJJ

1   8.

2       9.      In response to paragraph 9, Defendants admit that: (a) TN (not SAP America or

3   SAP AG) employees, acting on behalf of TN's customers, downloaded information from Oracle's

4   support website; and (b) TN's employees performed those downloads subject to policies which

5   required that all downloads be on behalf of customers with current rights to access and download

6   materials and that all downloads be of materials to which that customer has then-current rights of

7   access. Defendants admit that the downloads TN performed were on behalf of those who were or

8   were about to be TN customers, but otherwise deny the allegations of the last sentence of

9   paragraph 9. Defendants are without knowledge or information sufficient to form a belief as to

10  the truth of the remaining allegations of paragraph 9, and on that basis deny them.

11      10.     In response to paragraph 10, Defendants admit that TN, on behalf of its customers,

12  has downloaded and stored numerous materials, but otherwise deny the allegations of paragraph

13  10.

14      11.     Defendants admit the allegations of the first and second sentences of paragraph 11.

15  Because the allegations of the third sentence are vague and rhetorical, Defendants are without

16  knowledge or information sufficient to form a belief as to the truth of the allegations of the third

17  sentence of paragraph 11, and on that basis deny them.

18      12.     In response to paragraph 12, Defendants admit that public statements were made

19  similar to those partially quoted, but otherwise deny the allegations of paragraph 12.

20      13.     In response to paragraph 13, Defendants admit that public statements were made

21  similar to those partially quoted, but otherwise deny the allegations of paragraph 13. Defendants

22  further aver, in response to paragraph 13, that TN's services are only one of many optional

23  elements of the SafePassage program.

24      14.     In response to paragraph 14, Defendants admit that public statements were made

25  similar to those partially quoted, but otherwise deny the allegations of paragraph 14, including

26  specifically the allegation that SAP AG or SAP America had any access to materials TN

27  downloaded from Oracle's support website.

28      15.     Paragraph 15 is typical of the rhetoric and hyperbole throughout Oracle's

complaint.  Oracle insinuates that there is something improper about conducting downloads before maintenance end dates, even though its customers have the right to download support and related materials until their maintenance contracts expire, and are permitted to do so by Oracle's own "Customer Connection" website.  In specific response to paragraph 15, Defendants admit that:  (a) TN, on behalf of numerous customers, has downloaded numerous materials from Customer Connection; (b) these downloads typically take place toward the end of each of TN's customer's maintenance period with Oracle; and (c) the downloads are conducted speedily and efficiently.  Defendants further admit that on some occasions, materials have been downloaded beyond those that, according to TN's records, related to applications licensed to the particular customer on whose behalf the downloads were made.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 15, and on that basis deny them.

16.     Defendants deny the allegations of paragraph 16.  Upon acquiring TN, SAP AG and SAP America put in place extensive policies to assure that no allegedly proprietary material of Oracle obtained by TN would ever reach SAP AG or SAP America.  Defendants are unaware of any breach of these policies and believe that none has occurred.

17.     Defendants admit the allegations of paragraph 17.

18.     Defendants admit the allegations of paragraph 18.

19.     Defendants admit the allegations of paragraph 19.

20.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 20, and on that basis deny them.

21.     Defendants admit the allegations of paragraph 21.

22.     Defendants admit the allegations of paragraph 22.

23.     Defendants admit the allegations of paragraph 23.

24.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 24, and on that basis deny them.

25.     Defendants admit the allegations of paragraph 25.

26.     Defendants admit that SAP America is a 100% wholly-owned subsidiary of SAP

AG and that TN is a 100% wholly-owned subsidiary of SAP America, and that the two parent

companies have all the rights and authorities that are commensurate with that 100% ownership,

but otherwise deny the allegations of paragraph 26 because each of the three corporate defendants

in this case are separate legal entities and any implication in paragraph that Defendants have

failed to observe the corporate separateness of each entity is simply untrue.

27.     Defendants deny the allegations of paragraph 27.

28.     Defendants admit the allegations of paragraph 28.

29.     Defendants admit the allegations of paragraph 29.

30.     Defendants admit the allegations of paragraph 30.

31.     Defendants admit the allegations of paragraph 31.

32.     Defendants admit that Oracle has, by acquisition, grown to be a large entity with a

variety of software products, and that is has been granted the certification mentioned, but

otherwise deny the allegations of paragraph 32.

33.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations paragraph 33, and on that basis deny them.

34.     Defendants are without knowledge or information sufficient to form a belief as to

the truth of the allegations of paragraphs 34-35, and on that basis deny them.  Oracle notably fails

to provide the specific terms of or attach a copy of any, much less all, the agreements between

Oracle and its customers, even though those agreements are the core of Oracle's complaint and its

effort to eliminate third party support for its products.  Defendants note, as well, that publicly

available licenses issued by Oracle and its acquired companies are neither identical nor

substantially similar in form or content and do not bar third party support of Oracle products or

services.

35.     Defendants incorporate by reference their answer to paragraph 34 as their answer

to paragraph 35.

36.     In response to paragraphs 36-42, Defendants admit that Oracle purports to create

and unilaterally impose new obligations on the part of its customers or to modify their existing

rights, as set forth in the license agreements between Oracle and its customers, by means of

alleged 'terms of use' and other 'agreements' associated with Oracle's Customer Connection website.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 36-42, and on that basis deny them.

37.    Defendants incorporate by reference their answer to paragraph 36 as their answer to paragraph 37.

38.    Defendants incorporate by reference their answer to paragraph 36 as their answer to paragraph 38.

39.    Defendants incorporate by reference their answer to paragraph 36 as their answer to paragraph 39.

40.    Defendants incorporate by reference their answer to paragraph 36 as their answer to paragraph 40.

41.    Defendants incorporate by reference their answer to paragraphs 36 as their answer to paragraph 41.

42.    Defendants incorporate by reference their answer to paragraph 36 as their answer to paragraph 42.

43.    Defendants admit that on or about the date stated that Oracle acquired PeopleSoft, Mr. Knowles testified concerning the then-potential acquisition and that as of the acquisition Oracle conducted a well-attended press event concerning the acquisition, but otherwise deny the allegations of paragraph 43.

44.    Defendants admit that Mr. Kagermann made public statements similar to those partially quoted, but otherwise deny the allegations of paragraph 44.

45.    Defendants deny the allegations of paragraph 45.

46.    Defendants deny the allegations of paragraph 46.

47.    Defendants admit the allegations of paragraph 47.

48.    Defendants admit that Andrew Nelson made public statements similar to those partially quoted in paragraph 48, but otherwise deny the allegations of paragraph 48 because among other things, the statements in paragraph 48 are not fully presented.

49.    Defendants admit that SAP purchased all the outstanding shares of TN, that the

1    purchase price has not been publicly disclosed and that a public statement similar to that partially

2    quoted was made by an industry analyst, but otherwise deny the allegations of paragraph 49.

3        50.    Defendants admit that the acquisition of TN by SAP was announced on January

4    19, 2005, and admit that certain public statements were made similar to those partially quoted or

5    referenced, but otherwise deny the allegations of paragraph 50.

6        51.    Defendants admit that a public statement was made on the topic referenced in the

7    last sentence of paragraph 51, but otherwise deny the allegations of paragraph 51.

8        52.    Defendants admit that cited public statements were made, but otherwise deny the

9    allegations of paragraph 52.

10       53.    Defendants admit that the cited public statements were made, but otherwise deny

11   the allegations of paragraph 53.

12       54.    Defendants admit that public statements were made in mailed and other

13   advertisements, similar to those partially quoted or referenced, and admit that TN was and is a

14   lower-priced alternative for support for various Oracle products, but otherwise deny the

15   allegations of paragraph 54.

16       55.    In response to paragraph 55, Defendants admit that SAP offered TN maintenance

17   support along with a variety of other products and services, but otherwise deny the allegations of

18   paragraph 55.

19       56.    In response to paragraph 56, Defendants admit that public statements were made

20   similar to those referenced or partially quoted, but otherwise deny the allegations of paragraph 56.

21       57.    In response to Paragraph 57, Defendants admit that the public announcements

22   referenced were made, that public statements were made similar to those partly quoted, and that

23   TN eventually expanded its support offering to make services available to users of Siebel

24   products at a price lower than that charged by Oracle, but otherwise deny the allegations of

25   paragraph 57.

26       58.    In response to paragraph 58, Defendants admit that Messrs. Kagermann and

27   Apotheker made public statements similar to those partially quoted, but otherwise deny the

28   allegations of paragraph 58.

ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
Case No. 07-CV-1658 MJJ

59.    In response to paragraph 59, Defendants admit that TN's financial performance is reflected in SAP's April 2007 Annual Report, which report speaks for itself, but otherwise deny the allegations of paragraph 59.

60.    Defendants admit the allegations of paragraph 60 with respect to the relative number of employees of TN and Oracle, and further admit there has been public discussion of TN's business, but otherwise deny the allegations of paragraph 60.

61.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 61, which all relate to Oracle's state of mind, and on that basis deny them.

62.    Defendants deny the allegations of paragraph 62.

63.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 63, and on that basis deny them.

64.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 64, and on that basis deny them.

65.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 65, and on that basis deny them.

66.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 66, and on that basis deny them.

67.    In response to paragraph 67, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning Oracle's alleged investigation, and on that basis deny them.  Defendants deny the remaining allegations of paragraph 67.

68.    In response to paragraph 68, Defendants admit that at least some of the downloading activity alleged in Oracle's complaint was conducted by TN, on behalf of TN's customers.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 68, and on that basis deny them.

69.    Defendants deny the allegations of paragraph 69.

70.    In response to paragraph 70, Defendants incorporate by reference their responses

1    to paragraphs 36-42.  Any assertions in paragraph 70 that are not addressed by Defendants'

2    responses to paragraphs 36-42 are denied because Defendants are without knowledge or

3    information sufficient to form a belief as to the truth of those allegations.

4           71.    In response to paragraph 71, Defendants admit that the TN employees named in

5    that paragraph are former employees of either PeopleSoft or JDE, but otherwise deny the

6    allegations of paragraph 71.  Defendants further aver, in response to paragraph 71, that hundreds

7    of former Oracle customers have chosen TN to provide more cost-effective, responsive service,

8    and have in so doing warranted that they have the right and desire to provide TN access, on their

9    behalf, to the Oracle software and support materials that they licensed and to which they are

10   legally entitled.

11          72.    In response to paragraph 72, Defendants admit that TN, subject to policies and

12   procedures specifically designed to provide service consistent with its customers' rights and

13   obligations, on behalf of its customers, and based on their warranty that they could permit TN

14   access to such materials, downloaded Software and Support Materials.  Defendants further admit

15   that in some instances, downloads were performed involving materials for which TN's records do

16   not reflect that TN's customers were licensed.  Defendants deny the remaining allegations of

17   paragraph 72.

18          73.    Defendants deny the allegations of first and third sentences of paragraph 73.  In

19   response to the allegations of the second sentence of paragraph 73, Defendants admit that some

20   downloads were performed in rapid succession without real time human review of the materials

21   being downloaded, but otherwise deny the allegations of that sentence.

22          74.    Defendants deny the allegations of paragraph 74.

23          75.    By its very terms, paragraph 75 is a general statement and makes no specific

24   allegations except about Oracle's alleged investigation, the facts from which have not been shared

25   with Defendants.  Defendants admit that the majority of the customers listed in paragraph 75 are

26   TN customers.  As to the remaining allegations of paragraph 75, Defendants are without

27   knowledge or information sufficient to form a belief as to the truth of those allegations, and on

28   that basis deny them.  In addition, to the extent paragraph 75 references TN's customers that are

1    also referenced in paragraphs 76-81, Defendants incorporate their response to those paragraphs

2    into this response to paragraph 75.

3          76.    In response to paragraph 76, Defendants admit the allegations of the first sentence.

4    Defendants further admit that TN downloaded, on Honeywell's behalf and at approximately the

5    time frames alleged, thousands of materials, and further admit that some of the materials

6    downloaded relate to applications as to which TN's records do not show Honeywell stated to TN

7    that it was licensed.  Defendants are without knowledge or information sufficient to form a belief

8    as to the truth of the remaining allegations of paragraph 76, and on that basis deny them.

9          77.    In response to paragraph 77, Defendants admit the allegations of the first and

10   second sentences.  Defendants further admit that TN, on Merck's behalf, downloaded thousands

11   of materials, and further admit that some of the materials downloaded relate to applications as to

12   which TN's records do not show Merck stated to TN that it was licensed.  Defendants are without

13   knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

14   paragraph 77, and on that basis deny them.

15         78.    In response to paragraph 78, Defendants admit the allegations of the first sentence.

16   Defendants further admit that TN, on OCE's behalf and at approximately the time frames alleged,

17   downloaded thousands of materials, and further admit that some of the materials downloaded

18   relate to applications as to which TN's records do not show OCE stated to TN that it was

19   licensed.  Defendants are without knowledge or information sufficient to form a belief as to the

20   truth of the remaining allegations of paragraph 78, and on that basis deny them.

21         79.    In response to paragraph 79, Defendants admit the allegations of the first sentence.

22   Defendants further admit that TN, on SPX's behalf and at approximately the time frames alleged,

23   downloaded thousands of materials, and further admit that some of the materials downloaded

24   relate to applications as to which TN's records do not show SPX stated to TN that it was licensed.

25   Defendants are without knowledge or information sufficient to form a belief as to the truth of the

26   remaining allegations of paragraph 79, and on that basis deny them.

27         80.    In response to paragraph 80, Defendants admit the allegations of the first sentence.

28   Defendants further admit that TN, on Metro Machine's behalf, downloaded thousands of

1   materials.  Defendants are without knowledge or information sufficient to form a belief as to the

2   truth of the remaining allegations of paragraph 80, and on that basis deny them.

3       81.    In response to paragraph 81, Defendants admit the allegations of the first and

4   second sentences.  Defendants further admit that TN, on behalf of Yazaki and at approximately

5   the time frames alleged, downloaded thousands of materials, and further admit that some of the

6   materials downloaded relate to applications as to which TN's records do not show Yazaki stated

7   to TN that it was licensed.  Defendants are without knowledge or information sufficient to form a

8   belief as to the truth of the remaining allegations of paragraph 81, and on that basis deny them.

9       82.    Defendants are without knowledge or information sufficient to form a belief as to

10  the truth of the allegations of paragraph 82 concerning Oracle's alleged copyrighted materials,

11  and on that basis deny them.  Defendants deny the remaining allegations of paragraph 82.

12      83.    Defendants are without knowledge or information sufficient to form a belief as to

13  the truth of the allegations of paragraph 83, and on that basis deny them.

14      84.    In response to paragraph 84, Defendants admit that Oracle has obtained various

15  registrations for material purportedly subject to copyright protection.  Defendants are without

16  knowledge or information sufficient to form a belief as to the truth of the allegations concerning

17  Oracle's purported interest in or the actual copyrightability of the works at issue, and on that basis

18  deny all such allegations.  Defendants deny the remaining allegations of paragraph 84.

19      85.    In response to paragraph 85, Defendants admit that Oracle has purported to obtain

20  federal copyright registration for the items listed in paragraph 85, that TN made the specific

21  downloads listed, and that TN's records do not reflect that the TN customers listed in paragraph

22  85 stated to TN that they were licensed to such materials.  Defendants are without knowledge or

23  information sufficient to form a belief as to the truth of the remaining allegations of paragraph 85,

24  and on that basis deny them.

25      86.    In response to paragraph 86, Defendants deny the allegations of the first sentence.

26  Defendants admit the allegations of the third sentence.  Defendants are without knowledge or

27  information sufficient to form a belief as to the truth of the second and fourth sentences, and on

28  that basis deny them.  Defendants further aver that Oracle's "DST Solution" is not software code

ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
Case No. 07-CV-1658 MJJ

1    or a "solution" for any specific customer but, rather, made up entirely of generally available

2    information regarding how to adjust certain hardware and software settings to address the recent,

3    one-time change required for the lengthening of Daylight Savings Time.

4         87.    In response to paragraph 87, Defendants are without knowledge or information

5    sufficient to form a belief as to the truth of the allegations of the first, second, fourth and fifth

6    sentences, and on that basis deny them. Defendants admit that certain portions of TN's

7    PeopleSoft Daylight Savings Time solution are substantially similar and in some instances

8    identical to Oracle's DST Solution, but otherwise deny the allegations of paragraph 87.

9    Defendants further aver that while TN referred to Oracle's "DST Solution" during the course of

10   researching and preparing TN's PeopleSoft Daylight Savings Time solution, TN also conducted

11   its own independent research.

12        88.    Defendants are without knowledge or information sufficient to form a belief as to

13   the truth of the allegations of paragraph 88, and on that basis deny them.

14        89.    Defendants admit that TN has delivered thousands of fixes and numerous tax and

15   regulatory updates to TN's customers, but otherwise deny the allegations of paragraph 89.

16        90.    Defendants deny the allegations of paragraph 90.

17        91.    Defendants deny the allegations of paragraph 91.

18        92.    Defendants deny the allegations of paragraph 92.

19        93.    Defendants deny the allegations of paragraph 93.

20        94.    Defendants deny the allegations of paragraph 94.

21        95.    Defendants deny the allegations of paragraph 95.

22        96.    Defendants deny the allegations of paragraph 96.

23        97.    In response to paragraph 97, Defendants incorporate by reference their responses

24   to each of the corresponding paragraphs 1 through 96.

25        98.    Defendants are without knowledge or information sufficient to form a belief as to

26   the truth of the allegations of paragraph 98, and on that basis deny them.

27        99.    Defendants are without knowledge or information sufficient to form a belief as to

28   the truth of the allegations of paragraph 99, and on that basis deny them.

ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
Case No. 07-CV-1658 MJJ

1    100.    Defendants are without knowledge or information sufficient to form a belief as to

2  the truth of the allegations of paragraph 100, and on that basis deny them.

3    101.    Defendants deny the allegations of paragraph 101.

4    102.    Defendants deny the allegations of paragraph 102.

5    103.    Defendants deny the allegations of paragraph 103.

6    104.    Defendants deny the allegations of paragraph 104.

7    105.    Defendants deny the allegations of paragraph 105.

8    106.    Defendants deny the allegations of paragraph 106.

9    107.    Defendants deny the allegations of paragraph 107.

10    108.    In response to paragraph 108, Defendants incorporate by reference their responses

11  to the preceding paragraphs 1 through 107.

12    109.    Defendants deny the allegations of paragraph 109.

13    110.    Defendants deny the allegations of paragraph 110.

14    111.    Defendants deny the allegations of paragraph 111.

15    112.    Defendants deny the allegations of paragraph 112.

16    113.    Defendants admit the allegations of paragraph 113.

17    114.    Defendants deny the allegations of paragraph 114.

18    115.    Defendants deny the allegations of paragraph 115.

19    116.    In response to paragraph 116, Defendants incorporate by reference their responses

20  to paragraphs 1 through 81, 89 through 96 and 108 through 115.

21    117.    Defendants deny the allegations of paragraph 117.

22    118.    Defendants deny the allegations of paragraph 118.

23    119.    Defendants deny the allegations of paragraph 119.

24    120.    Defendants deny the allegations of paragraph 120.

25    121.    Defendants are without knowledge or information sufficient to form a belief as to

26  the truth of the allegations of paragraph 121, and on that basis deny them.

27    122.    Defendants deny the allegations of paragraph 122.

28    123.    Defendants deny the allegations of paragraph 123.

1    124.    Defendants deny the allegations of paragraph 124.

2    125.    In response to paragraph 125, Defendants incorporate by reference their responses

3    to paragraphs 1 through 81, 89 through 96 and 108 through 124.

4    126.    Defendants deny the allegations of paragraph 126.

5    127.    Defendants are without knowledge or information sufficient to form a belief as to

6    the truth of the allegations of paragraph 127, and on that basis deny them.

7    128.    Defendants deny the allegations of paragraph 128.

8    129.    Defendants deny the allegations of paragraph 129.

9    130.    In response to paragraph 130, Defendants incorporate by reference their responses

10    to paragraphs 1 through 81, 89 through 96 and 108 through 129.

11    131.    Defendants are without knowledge or information sufficient to form a belief as to

12    the truth of the allegations of paragraph 131, and on that basis deny them.  Defendants further

13    aver that the downloading and other activities alleged in Oracle's complaint take place on behalf

14    of Oracle users who have made the voluntary choice to:  (a) have TN, on their behalf, obtain

15    materials from Oracle's support website that TN's customers are entitled to obtain from Oracle

16    before their maintenance end date; (b) terminate Oracle maintenance and thus any further

17    payment obligation to Oracle; and/or (c) have TN provide maintenance support for the Oracle

18    software for which TN's customers are licensed to use after their Oracle maintenance end date.

19    132.    Defendants are without knowledge or information sufficient to form a belief as to

20    the truth of the allegations of paragraph 132, and on that basis deny them.  Defendants further

21    aver that the downloading and other activities alleged in Oracle's complaint take place on behalf

22    of Oracle users who have already expressed, if not acted on, their desire to terminate Oracle

23    maintenance and thereby terminate any further payment obligation to Oracle.

24    133.    Defendants deny the allegations of paragraph 133.

25    134.    Defendants deny the allegations of paragraph 134.

26    135.    Defendants deny the allegations of paragraph 135.

27    136.    Defendants deny the allegations of paragraph 136.

28    137.    Defendants deny the allegations of paragraph 137.

1    138.    Defendants deny the allegations of paragraph 138.

2    139.    Defendants deny the allegations of paragraph 139.

3    140.    In response to paragraph 140, Defendants incorporate by reference their responses

4    to paragraphs 1 through 81, 89 through 96 and 108 through 139.

5    141.    Defendants deny the allegations of paragraph 141.  Defendants further aver that

6    the downloading and other activities alleged in Oracle's complaint take place on behalf of Oracle

7    users who have already expressed, if not acted on, their desire to terminate Oracle maintenance

8    and thereby terminate any further payment obligation to Oracle.

9    142.    Defendants deny the allegations of paragraph 142.  Defendants further aver that

10   the downloading and other activities alleged in Oracle's complaint take place on behalf of Oracle

11   users who have already expressed, if not acted on, their desire to terminate Oracle maintenance

12   and thereby terminate any further payment obligation to Oracle.

13   143.    Defendants deny the allegations of paragraph 143.

14   144.    Defendants deny the allegations of paragraph 144.

15   145.    Defendants deny the allegations of paragraph 145.

16   146.    Defendants deny the allegations of paragraph 146.

17   147.    Defendants deny the allegations of paragraph 147.

18   148.    Defendants deny the allegations of paragraph 148.

19   149.    In response to paragraph 149, Defendants incorporate by reference their responses

20   to paragraphs 1 through 89, 91 through 96 and 108 through 148.

21   150.    Defendants deny the allegations of paragraph 150.

22   151.    Defendants deny the allegations of paragraph 151.

23   152.    Defendants deny the allegations of paragraph 152.

24   153.    Defendants deny the allegations of paragraph 153.

25   154.    Defendants deny the allegations of paragraph 154.

26   155.    Defendants deny the allegations of paragraph 155.

27   156.    Defendants deny the allegations of paragraph 156.

28   157.    Defendants deny the allegations of paragraph 157.

158.    In response to paragraph 158, Defendants incorporate by reference their responses to paragraphs 1 through 81, 89 through 96 and 108 through 157.

159.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 159, and on that basis deny them.

160.    Defendants deny the allegations of paragraph 160.

161.    Defendants deny the allegations of paragraph 161.

162.    Defendants deny the allegations of paragraph 162.

163.    Defendants deny the allegations of paragraph 163.

164.    In response to paragraph 164, Defendants incorporate by reference their responses to paragraphs 1 through 81, 89 through 96 and 108 through 163.

165.    Defendants deny the allegations of paragraph 165.

166.    Defendants deny the allegations of paragraph 166.

167.    In response to paragraph 167, Defendants incorporate by reference their responses to paragraphs 1 through 81, 89 through 96 and 108 through 166.

168.    Defendants deny the allegations of paragraph 168.

169.    Defendants deny the allegations of paragraph 169.

170.    Defendants deny the allegations of paragraph 170.

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses to the claims in Oracle's First Amended Original Complaint, and based on the knowledge and information available to them to date, Defendants are informed and believe and based thereon allege as follows:

FIRST AFFIRMATIVE DEFENSE

1.    One or more of the copyright registrations that are allegedly infringed by Defendants are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

SECOND AFFIRMATIVE DEFENSE

2.    Defendants' alleged use of Plaintiffs' copyrighted material is lawful use based on agreements between Plaintiffs and their customers and/or former customers.

1
THIRD AFFIRMATIVE DEFENSE

2      3.     Plaintiffs consented to Defendants' use of Plaintiffs' copyrighted material under

3 agreements between the Plaintiffs and their customers and/or former customers.

4
FOURTH AFFIRMATIVE DEFENSE

5      4.     Plaintiffs' claim for copyright infringement is barred by the doctrine of copyright

6 misuse, as Plaintiffs' initiation of this action is an attempt to secure an exclusive right to the

7 maintenance of Plaintiffs' software.

8
FIFTH AFFIRMATIVE DEFENSE

9      5.     One or more of Plaintiffs' claims for statutory damages and attorneys' fees under

10 17 U.S.C. § 504 are barred because some, if not all, of Plaintiffs' copyright registrations were not

11 made within three months after the first publication of the allegedly infringing works, as required

12 by 17 U.S.C. § 412.

13
SIXTH AFFIRMATIVE DEFENSE

14      6.     Plaintiffs are not entitled to injunctive relief because any alleged injury to

15 Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

16
SEVENTH AFFIRMATIVE DEFENSE

17      7.     Plaintiffs' claim for violations of the Computer Fraud and Abuse Act is barred

18 based on agreements between Plaintiffs and their customers and/or former customers.

19
EIGHTH AFFIRMATIVE DEFENSE

20      8.     Plaintiffs' claim for violations of the Computer Data Access and Fraud Act is

21 barred based on agreements between Plaintiffs and their customers and/or former customers.

22
NINTH AFFIRMATIVE DEFENSE

23      9.     Plaintiffs' claim for breach of contract is barred based on agreements between

24 Plaintiffs and their customers and/or former customers.

25
TENTH AFFIRMATIVE DEFENSE

26      10.     Plaintiffs' claim for intentional interference with prospective economic advantage

27 is barred based on agreements between Plaintiffs and their customers and/or former customers.

28

ELEVENTH AFFIRMATIVE DEFENSE

11.    Plaintiffs' claim for negligent interference with prospective economic advantage is barred based on agreements between Plaintiffs and their customers and/or former customers.

TWELFTH AFFIRMATIVE DEFENSE

12.    Plaintiffs' claims for negligent and intentional interference with prospective economic advantage are barred, because Defendants' actions were privileged because they were taken in a good faith effort to compete with the plaintiff and/or Defendants had an equal or superior interest in the subject matter of the prospective economic advantage.

THIRTEENTH AFFIRMATIVE DEFENSE

13.    Plaintiffs' claims for negligent and intentional interference with prospective economic advantage are barred, because Defendants' actions were reasonable steps to protect Defendants' own legal rights, including Defendants' own contractual rights and other intangible business interests.

FOURTEENTH AFFIRMATIVE DEFENSE

14.    Plaintiffs' claim for unfair competition is barred based on agreements between Plaintiffs and their customers and/or former customers.

FIFTEENTH AFFIRMATIVE DEFENSE

15.    Plaintiffs' claim for trespass to chattels is barred based on agreements between Plaintiffs and their customers and/or former customers.

SIXTEENTH AFFIRMATIVE DEFENSE

16.    Plaintiffs' claim for trespass to chattels is barred because Plaintiffs implicitly consented to Defendants' conduct.

Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil Procedure and any other defenses, at law or in equity, that may be available now or may become available in the future based on discovery or any other factual investigation in this case.

**PRAYER FOR RELIEF**

WHEREFORE, Defendants respectfully pray that this Court:

A.    Dismiss Plaintiffs' First Amended Original Complaint and all claims and relief

1    sought therein;

2         B.    Deny Plaintiffs' request for preliminary and permanent injunctive relief;

3         C.    Grant Defendants their reasonable attorneys' fees and costs of this action; and

4         D.    Grant Defendants such other and further relief as the Court deems just and proper.

5              **<u>DEMAND FOR TRIAL BY JURY</u>**

6         Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby

7    demand a trial by jury on all issues so triable.

8    Dated:  July 2, 2007                    JONES DAY

9

10                                  By: /s/ Tharan Gregory Lanier

11                                      Tharan Gregory Lanier

12                                  Counsel for Defendants
                                     SAP AG, SAP AMERICA, INC., and
13                                  TOMORROWNOW, INC.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANSWER AND AFFIRMATIVE DEFENSES TO
FIRST AMENDED COMPLAINT
Case No. 07-CV-1658 MJJ