DENNIS P. RIORDAN (SBN 69320)
DONALD M. HORGAN (SBN 121547)
RIORDAN & HORGAN
523 Octavia Street
San Francisco, CA 94102
Telephone: (415) 431-3472

Attorneys for Petitioner
BRUCE WAI YEUNG

## IN THE UNITED STATES DISTRICT COURT

## FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE WAI YEUNG, ) | No. C 04-00504 CRB |
| ) | |
| Petitioner, ) | **PETITIONER'S MOTION FOR A** |
| ) | **CERTIFICATE OF APPEALABILITY** |
| vs. ) | |
| ) | |
| RICHARD RIMMER, Director of the ) | |
| California Department of Corrections, and ) | |
| CLAUDE E. FINN, Warden of Deuel ) | |
| Vocational Institute, ) | |
| ) | |
| Respondents. ) | |
| _____ ) | |

Petitioner Bruce Wai Yeung hereby moves for a Certificate of Appealability as to the Court's November 30, 2004 order and judgment denying his petition for a writ of habeas corpus. A timely notice of appeal from that judgment was filed on December 22, 2004 That petition, which challenged Yeung's state court convictions for assault, attempted rape, and related offenses, advanced four independent federal constitutional claims:

*First*, that the state trial court's admission of unreliable and irrelevant "expert" evidence concerning post-traumatic stress disorder resulted in a prejudicial violation of Yeung's right to due process and to a fair trial (see Petition, par. IX; Memorandum in Support of Petitioner's Traverse ("Trav.Mem."), Argument I, pp. 4-25; November 30, 2004. Order ("Order") at 8-19);

/ /

1

*Second*, that the trial court's refusal to permit the defense to introduce critical evidence, i.e., relating to the alleged victim's state of mind in her dealings with Yeung, was a prejudicial violation of Yeung's federal constitutional rights to due process, to a fair trial, and to confront the witnesses against him (see Petition, par. X; Trav.Mem., Arg. II, pp. 25-37; Order at 20-23);

*Third*, that the trial court again committed a prejudicial violation of Yeung's federal constitutional rights to due process, a fair trial, and to confront the witnesses against him when it precluded full cross-examination of the alleged victim on matters evincing her emotional bias against Yeung (see Petition, par.XI: Trav.Mem, Arg. III, pp. 37-44; Order, at 23-25); and

*Fourth*, that the trial prosecutor's failure to disclose available evidence that the alleged victim had a financial interest in Yeung's conviction was a prejudicial violation of Yeung's federal constitutional rights to due process and confrontation (see Petition, par. XII; Trav.Mem., Argument IV, pp. 44-49; Order, at 25-28).

Because jurists of reason could disagree with this Court's disposition of each of these claims, the Court should issue a certificate of appealability as to all of them.

## I. A CERTIFICATE OF APPEALABILITY SHOULD ISSUE WHERE A DISPUTED RULING IS DEBATABLE AMONG JURISTS OF REASON

Consistent with its earlier decision in Slack v. McDaniel, 529 U.S. 473 (2000), the Supreme Court recently recognized that 28 U.S.C. § 2253(c) authorizes issuance of a COA

> . . .where a petitioner has made a 'substantial showing of the denial of a constitutional right.' In *Slack, supra,* at 483, 120 S.Ct. 1595, we recognized that Congress codified our standard, announced in *Barefoot v. Estelle,* 463 U.S. 880, 103 S.Ct. 3383, 77 L.Ed.2d 1090 (1983), for determining what constitutes the requisite showing. Under the controlling standard, a petitioner must "sho[w] that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.' " 529 U.S., at 484, 120 S.Ct. 1595 (quoting *Barefoot, supra,* at 893, n. 4, 103 S.Ct. 3383).

Miller-El v. Cockrell, 537 U.S. 322, 336 (2003). As the Court in Miller-El further explained, "It is consistent with § 2253 that a COA will issue in some instances where there is no certainty of ultimate relief. After all, when a COA is sought, the whole premise is that the prisoner "'has already failed in that endeavor.'" Barefoot, supra, at 893, n. 4, 103 S.Ct. 3383." Miller-El, 537

U.S. at 337. Shortly thereafter, the Court stated:

> A prisoner seeking a COA must prove " 'something more than the absence of frivolity' " or the existence of mere "good faith" on his or her part. *Barefoot, supra,* at 893, 103 S.Ct. 3383. We do not require petitioner to prove, before the issuance of a COA, that some jurists would grant the petition for habeas corpus. Indeed, a claim can be debatable even though every jurist of reason might agree, after the COA has been granted and the case has received full consideration, that petitioner will not prevail. As we stated in *Slack,* "[w]here a district court has rejected the constitutional claims on the merits, the showing required to satisfy § 2253(c) is straightforward: The petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." 529 U.S., at 484, 120 S.Ct. 1595.

Miller-El, 537 U.S. at 338.

In Lambright v. Stewart, 220 F.3d 1022, 1024-5 (9th Cir.2000), the Ninth Circuit acknowledged Supreme Court precedent holding that a COA is warranted where a disputed ruling is "debatable among jurists of reason," and could be resolved differently by the Circuit Court than it had been by the district court. See Lambright v. Stewart, 220 F.3d 1022, 1024-5 (9th Cir.2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 n.4). In Silva v. Woodford, 279 F.3d 825 (9th Cir. 2002), the Circuit Court further explained:

> As we stated in *Lambright,* this amounts to a "modest standard." 220 F.3d at 1024. Indeed, "we must be careful to avoid conflating the standard for gaining permission to appeal with the standard for obtaining a writ of habeas corpus." *Id.* at 1025. Notably, the *Slack* Court quoted favorably from *Barefoot [v. Estelle,* 463 U.S. 880 (1983)], remarking that AEDPA § 2253(c) was modeled after the language in *Barefoot* and simply substituted the word "constitutional" for "federal" with respect to the kind of rights violation that must be demonstrated. *Slack,* 529 U.S. at 480-84, 120 S.Ct. 1595. As a result, the Supreme Court's admonition in *Barefoot*--that in examining an application to appeal from the denial of a habeas corpus petition, "obviously the petitioner need not show that he should prevail on the merits [since h]e has already failed in that endeavor"--likewise applies to habeas petitioners attempting to meet the *Slack* standard for a COA. *Barefoot*, 463 U.S. at 893 n. 4, 103 S.Ct. 3383 (internal quotation marks and citations omitted). Furthermore, *any doubts about whether the petitioner has met the Barefoot standard must be resolved in his favor. See Slack,* 529 U.S. at 483-84, 120 S.Ct. 1595; *Barefoot,* 463 U.S. at 893 n. 4, 103 S.Ct. 3383; *see also Jefferson [v. Welborn],* 222 F.3d [286,] 289 [9th Cir. 2002] (holding that a COA should issue unless the claims are "utterly without merit").

Silva, 279 F.3d at 833 (Emphasis added).

Finally, and of great importance, where the alleged prejudice arising from an individual constitutional claim may not, in itself, warrant issuance of a certificate, certification is nevertheless appropriate where such prejudice, considered cumulatively with that arising from other significant errors, may suffice to warrant habeas relief. See Silva, 279 F.3d at 834-835; cf. Thomas v. Hubbard, 273 F.3d 1164, 1180 (9th Cir. 2002), *overruled on other gds*., Payton v. Woodford, 299 F.3d 815 (9th Cir. 2002) (cumulative effect of three trial errors including improper introduction of hearsay statements, prosecutorial misconduct, and exclusion of exculpatory evidence violated due process and necessarily had substantial and injurious effect of trial outcome within the meaning of Brecht v. Abrahamson, 507 U.S. 619 (1993)); Killian v. Poole, 282 F.3d 1204, 1211 (9th Cir. 2002) (cumulative prejudicial effect of trial errors warrant habeas relief even where prejudice arising from any given error is insufficient for such purpose).

## II. BECAUSE JURISTS OF REASON COULD DISAGREE WITH THIS COURT'S DISPOSITION OF EACH OF PETITIONER'S CLAIMS, THE COURT SHOULD ISSUE A CERTIFICATE OF APPEALABILITY AS TO ALL OF THEM

In denying petitioner's habeas petition, this Court issued a twenty-eight page opinion discussing each of Yeung's four constitutional claims in detail, making a summary of those issues here unnecessary. Petitioner submits that the Court's own analysis of the claims demonstrate that each meets the "modest standard" for a COA in that no claim is "utterly without merit." On that basis, Yeung requests a certificate of appealability on each of the four claims presented. Silva, 279 F.3d at 833

/ /
/ /
/ /
/ /
/ /
/ /
/ /
/ /

4

**CONCLUSION**

For the reasons stated, the Court should issue the requested Certificate of Appealability as to all four of the federal constitutional claims advanced by Yeung in his petition for a writ of habeas corpus.

Dated: January 13, 2005  Respectfully submitted,

DENNIS P. RIORDAN
DONALD M. HORGAN


By:_____/s/_____
　　　　DENNIS P. RIORDAN

Attorneys for Petitioner
BRUCE WAI YEUNG

**PROOF OF SERVICE BY MAIL -- 1013(a), 2015.5 C.C.P.**

**Re: <u>Yeung v. Rimmer, et al.</u> (No. Dist. No. C 04-00504 CRB)**

I am a citizen of the United States; my business address is 523 Octavia Street, San Francisco, California 94102. I am employed in the City and County of San Francisco, where this mailing occurs; I am over the age of eighteen years and not a party to the within cause. I served the within

**PETITIONER'S MOTION FOR A CERTIFICATE OF APPEALABILITY**

on the following person(s) on the date set forth below, by placing a true copy thereof enclosed in a sealed envelope with postage thereon fully prepaid, in the United States Post Office mail box at San Francisco, California, addressed as follows:

**Lisa H. Ashley Ott**
Deputy Attorney General
Attorney General's Office
455 Golden Gate Ave, Rm 11000
San Francisco, CA 94102

I certify or declare under penalty of perjury that the foregoing is true and correct. Executed on January 13, 2005 at San Francisco, California.

/s/
Jocilene Yue