| | |
|---|---|
| BINGHAM McCUTCHEN LLP<br>CHRISTOPHER B. HOCKETT (SBN 121539)<br>GEOFFREY M. HOWARD (SBN 157468)<br>HOLLY A. HOUSE (SBN 136045)<br>ZACHARY J. ALINDER (SBN 209009)<br>BREE HANN (SBN 215695)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: (415) 393-2000<br>Facsimile: (415) 393-2286<br>chris.hockett@bingham.com<br>geoff.howard@bingham.com<br>holly.house@bingham.com<br>zachary.alinder@bingham.com<br>bree.hann@bingham.com | JONES DAY<br>ROBERT A. MITTELSTAEDT (SBN 060359)<br>JASON McDONELL (SBN 115084)<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700<br>ramittelstaedt@jonesday.com<br>jmcdonell@jonesday.com<br><br>JONES DAY<br>THARAN GREGORY LANIER (SBN 138784)<br>JANE L. FROYD (SBN 220776)<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone: (650) 739-3939<br>Facsimile: (650) 739-3900<br>tglanier@jonesday.com<br>jfroyd@jonesday.com |
| DORIAN DALEY (SBN 129049)<br>JENNIFER GLOSS (SBN 154227)<br>500 Oracle Parkway<br>M/S 5op7<br>Redwood City, CA 94070<br>Telephone: (650) 506-4846<br>Facsimile: (650) 506-7114<br>dorian.daley@oracle.com<br>jennifer.gloss@oracle.com<br><br>Attorneys for Plaintiffs<br>Oracle Corporation, Oracle USA, Inc.,<br>and Oracle International Corporation | JONES DAY<br>SCOTT W. COWAN (Admitted *Pro Hac Vice*)<br>JOSHUA L. FUCHS (Admitted *Pro Hac Vice*)<br>717 Texas, Suite 3300<br>Houston, TX 77002<br>Telephone: (832) 239-3939<br>Facsimile: (832) 239-3600<br>swcowan@jonesday.com<br>jlfuchs@jonesday.com<br><br>Attorneys for Defendants<br>SAP AG, SAP America, Inc., and<br>TomorrowNow, Inc. |

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,<br><br>Plaintiffs,<br>v.<br><br>SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,<br><br>Defendants. | Case No. 07-CV-1658 (MJJ)<br><br>**SUPPLEMENTAL JOINT CASE MANAGEMENT CONFERENCE STATEMENT**<br><br>F.R.C.P. 16 and Civil L.R. 16-10<br><br>Date: February 12, 2008<br>Time: 2:00 p.m.<br>Place: Courtroom 11, Floor 19<br>Judge: Honorable Martin J. Jenkins |

Pursuant to Civil Local Rule 16-10(d), plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation (collectively, "Oracle" or "Plaintiffs") and Defendants SAP AG, SAP America, Inc. ("SAP America" ), and TomorrowNow, Inc. ("TomorrowNow") jointly submit this Supplemental Case Management Conference Statement in advance of the February 12, 2008 Supplemental Case Management Conference. (SAP AG and SAP America are collectively referred to as "SAP" and, with TomorrowNow, as "Defendants." Plaintiffs and Defendants are collectively referred to as the "Parties.")

## 1. Developments

The following developments have occurred since the last case management conference statement filed by the Parties.

### a. Joint Statement of Developments

#### (1) Appointment of Discovery Master

On January 10, 2008, the Court appointed the Hon. Charles A. Legge (Ret.) as Special Discovery Master for this case. On January 14, 2008, the Parties conferred with Judge Legge and set a first round of discovery motions for hearing on February 13, 2008. Additional discovery hearings have been set for approximately every three weeks for the remainder of fact discovery, if necessary. The Parties have agreed that Bingham McCutchen will file Judge Legge's Reports and Recommendations with the Court.

#### (2) Document Production and Written Discovery

*Documents:* To date, Oracle has served 95 Requests for Production ("RFPs") on TomorrowNow and 64 RFPs each on SAP AG and SAP America. Defendants, following meet and confer efforts, served their supplemental responses to these RFPs on January 18, 2008. To date, TomorrowNow has served 118 RFPs on Oracle. Oracle, following meet and confer discussions, served its supplemental responses to these RFPs on October 26, 2007.

The Parties have commenced the production of documents and electronic records. They have engaged in extensive meet and confer discussions on RFP responses and document production and continue to make progress towards resolution of certain issues, though others will require resolution by discovery motion before Judge Legge.

*Written Discovery:* Oracle has served 44 interrogatories on TomorrowNow, 8 on SAP AG, and 6 on SAP America. TomorrowNow served its responses and supplemental responses to Oracle's interrogatories on October 26, 2007 and January 15 and 17, 2008. SAP AG and SAP America served their amended responses on January 15, 2008. TomorrowNow has served 15 interrogatories on Oracle, which served its amended responses on October 26, 2007. The Parties have engaged in extensive meet and confer discussions on interrogatory responses and continue to make progress towards resolution of certain issues, though others will require resolution by discovery motion before Judge Legge.

Oracle has served 154 requests for admission on TomorrowNow, which served its responses on October 29, 2007. The Parties have completed their meet and confer discussions as to these requests for admission.

### (3) Depositions

Oracle has served two notices of deposition on TomorrowNow under Rule 30(b)(6), and several days of deposition testimony of TomorrowNow designees have taken place. Additional days are scheduled for February. Oracle expects soon to notice additional Rule 30(b)(6) and individual depositions. Defendants have not yet noticed any depositions.

### (4) Third Party Discovery

Oracle has served subpoenas on 45 third parties. To date, eight third parties have produced documents for a total of approximately 4,000 pages. Defendants expect to serve some third party subpoenas shortly. No third party depositions have occurred yet.

### (5) Alternative Dispute Resolution

The Parties disagree on whether Alternative Dispute Resolution ("ADR") is appropriate at this time. The Parties discuss their respective positions below.

### b. Oracle's Separate Statement of Developments

After setting provisional discovery limits and a cut-off date at the September 2007 case management conference, the Court asked the Parties to report back on the progress of discovery, and whether it appeared that additional discovery or more time would be required. Oracle is not seeking expanded discovery limits or additional time now, but advises the Court

that is likely to do so in approximately 60 days. In accordance with the Court's request, Oracle reports below on several developments in the case, including some which bear on Oracle's likely need for additional discovery and time:

**(1) Report on Progress of Discovery**

    (a) **Discovery Has Revealed the Basis for New Claims and an Amended Complaint**

Virtually all discovery sought and received thus far has centered on Oracle's current allegations. However, in the process of conducting this discovery, Oracle has uncovered a broader program of copyright infringement that is entirely different from the scheme alleged in the current complaint.

Based on this evidence, Oracle is gathering additional facts and analyzing the need to file an amended complaint that will encompass these new claims. It expects soon to share a draft amended complaint with Defendants, and to seek their agreement to allow the filing. If Defendants do not agree, Oracle will seek leave from the Court to file the amended complaint.

    (b) **Defendants Have Not Complied with Their Discovery Obligations**

Defendants have failed thus far to respond adequately to Oracle's discovery requests. After many rounds of meeting and conferring, extensive correspondence, and amended and supplemental responses by Defendants, Oracle has begun filing the necessary motions to compel before Judge Legge. Some of the key discovery issues are summarized below.

First, as of today, SAP AG and SAP America have not produced any documents in response to Oracle's RFPs. This failure has impaired Oracle's ability to gather relevant facts and prepare its case.

Second, despite the Court's instruction to treat interrogatories as serious foundational discovery, Defendants' responses to Oracle's most important interrogatories have simply referred under Rule 33(d) to TomorrowNow's SAS database. That database contains nearly nine gigabytes of data (the equivalent of millions of pages) and is extremely difficult for Oracle to search and analyze. Therefore, Defendants' interrogatory responses are essentially

useless to Oracle.

Third, Defendants were late in producing a complete and usable version of the SAS database, described by their counsel at the September 2007 CMC as easily producible and as the best source of information with "all the answers" about TomorrowNow's downloading and business practices. As stated above, this database contains an enormous amount of data in a customized format that requires expert assistance and special programming to use or review. Further, because Defendants have blanket-designated the entire SAS database as Highly Confidential under the Protective Order, Oracle's counsel cannot consult with knowledgeable Oracle personnel about any of the data and documents in the database. This blanket designation, combined with the size of the database and its late production, has significantly complicated and slowed Oracle's case preparation.

Fourth, Defendants have refused to produce to Oracle any documents relating to the United States Department of Justice investigation of Defendants' conduct toward Oracle, including refusing to produce any documents provided by Defendants to the government in connection with that investigation. This refusal is legally unjustified, and Oracle believes Defendants have withheld relevant documents from Oracle that they have already supplied to the government.

Finally, Oracle requested in July 2007 that TomorrowNow produce images of its servers used to download and store materials from Oracle. Oracle has only recently learned that, in May 2007, TomorrowNow took an image of the server used to store its libraries of materials downloaded from Oracle, but was subsequently unable to restore that image for production. Having now solved that restoration problem, TomorrowNow recently notified Oracle that its production of the underlying download library files will take approximately two additional months to complete. These files, which Oracle expects to reveal TomorrowNow's activity on Oracle's website, are estimated to contain 5 terabytes of complex, technical data. Reviewing this vast amount of data once it is received will also take significant time, particularly if Defendants also blanket-designate it as Highly Confidential.

(c) **Oracle's Need for Additional Discovery**

The discovery Oracle has been able to take indicates that it will need more extensive discovery to prepare its case for trial.

For example, Oracle took the deposition of TomorrowNow on several key allegations, including how TomorrowNow's personnel accessed Oracle's Customer Connection website, how Oracle's materials were downloaded, and how TomorrowNow used the downloaded material in its business. On this important last question, the TomorrowNow-designated witnesses explained that Oracle would have to take depositions of at least 27 developers at TomorrowNow, as well as their managers and other personnel, to learn the specifics of what TomorrowNow did with Oracle's intellectual property. Oracle believes that it should be able to obtain much of this information through written discovery or Rule 30(b)(6) depositions, assuming Defendants comply with their discovery obligations. However, because it appears that TomorrowNow developers infringed Oracle's intellectual property on a daily basis over a course of many years, in ways that Oracle is only beginning to discover (and because Defendants have thus far refused to provide detailed and comprehensive written discovery responses on this topic), it appears likely that the current limit of 20 depositions per side will be insufficient for Oracle to gather the relevant facts it needs.

Further, the discovery received to date shows that SAP AG and SAP America were substantially involved in TomorrowNow's downloading and other activities, and particularly in sales and marketing of services based on materials improperly taken from Oracle. As a result of this discovery, Oracle has identified more than five heavily-involved SAP AG and SAP America personnel whose depositions it will need to take.

(d) **Discovery Limits and Timeline**

For the foregoing reasons, Oracle believes it is likely that the current discovery limits and deadlines will need to be extended. Oracle proposes that the Court set a further Case Management Conference in approximately 60 days. By then, Oracle believes it will either have filed its motion to amend or the stipulated amended complaint. The Parties and the Court will also have the benefit of Judge Legge's ruling on a number of important discovery disputes. Further, Oracle will have had additional time to analyze the SAS database and should have

TomorrowNow's production of download library files.  Accordingly, at that time, Oracle expects to be able to make specific proposals for extending the time and limits on discovery.

### (2) Oracle Has Diligently Produced Its Documents

Oracle's production to date includes voluminous server log files that it believes reflect Defendants' access to and downloading of Software and Support Materials from Oracle's Customer Connection support system, as well as the customer contract files associated with the customers Oracle has identified, to date, whose credentials Defendants used to download Oracle Software and Support Materials.  In addition, Oracle, like TomorrowNow, has begun to produce individual custodian email and other files.  It is in the process of producing contracts for a second round of approximately 250 additional customers and is gathering and reviewing a significant volume of materials for approximately 188 custodians.

### (3) ADR

Oracle believes ADR is premature at this time.  As described more fully above, Oracle has not completed its analysis of Defendants' conduct; further, Oracle believes that it has additional claims against Defendants.  Accordingly, until these issues are more fully explored, Oracle believes ADR would be premature and unlikely to be productive.

### c. SAP's Separate Statement of Developments

At the September case management conference, the Court gave the parties over ten months for fact discovery and increased the limits on the numbers of depositions and interrogatories the parties could use.  Now, Oracle asks the Court to delay the schedule and to increase the burden and expense of this case by expanding discovery, but only after waiting another sixty days to see just how long and how much.  This request should be refused.

Oracle claims to need more time and tools for discovery, yet it has barely used any of the depositions permitted by the Court (Oracle will have taken only five depositions, at most, before the supplemental case management conference) and months remain before fact discovery closes. Oracle claims to need more time to present a further amended complaint, yet it has not provided even the barest description of its supposed new claims, either to the Court or to Defendants.  While there may be some discovery disputes (which Judge Legge will handle), and

Oracle may want to take some follow-up depositions, no developments have occurred which justify changing the case schedule or discovery limits.

In fact, Oracle's complaints about Defendants' discovery responses lack merit. Defendants have already produced hundreds of thousands of pages of numbered documents (and will have produced over 700,000 pages by the supplement case management conference) and email files of most of the "priority" custodians identified by Oracle. Apart from the numbered documents, Defendants have produced terabytes of electronic data, in "native format", including its customer service databases (done by early November 2007) and materials downloaded for TomorrowNow customers.

As discussed at the initial case management conference, this case is properly about the nature and extent of TomorrowNow's downloads, whether they were improper or unlicensed, and the harm, if any, Oracle suffered as a result. Defendants have produced what Oracle needs to assess and pursue its claims. Yet, Oracle to this day has failed even to identify the alleged improper downloads, produce all the licenses that may (or may not) support its claim that downloads were improper, or substantiate its alleged damages. As a result, Defendants have been forced to move to compel Oracle to provide such basic information as the alleged copyrighted works at issue, financial information (such as Oracle's profit margins on service) underlying its unspecified damage claim, and about Oracle's dealings with similarly situated third party service providers other than TomorrowNow. (Defendants address discovery disputes here only because Oracle asserts that they justify delaying this case and further expanding discovery limits. The Court has appointed Judge Legge to deal with such disputes, and the first hearing is scheduled for February 13, the day after the supplemental case management conference. Defendants will leave the full response to Oracle's complaints about discovery (and the pursuit of discovery relief against Oracle) to the process directed by the Court.)

Defendants have taken the Court's schedule and discovery limits seriously, and are committed to completing fact discovery and this case on the schedule set by the Court. Oracle does not appear to share that commitment. Defendants respectfully suggest that the Court refer this matter to a settlement conference or mediation within the next 45 days, as the

1  Court considered at the initial case management conference and as is typical in litigation. The
2  involvement of a third party will provide a useful opportunity to Oracle to articulate and quantify
3  its claims.

4
DATED: January 29, 2008
5
                                         BINGHAM McCUTCHEN LLP
6
7                                        By: /s/ Christopher Hockett /BDH
8                                            Christopher B. Hockett
                                             Attorneys for Plaintiffs
9                                            Oracle Corporation, Oracle International
                                             Corporation, and Oracle USA, Inc.
10 DATED: January 29, 2008

11                                       JONES DAY

12
                                         By: /s/ Robert Mittelstaedt /BDH
13                                           Robert A. Mittelstaedt
                                             Attorneys for Defendants
14                                           SAP AG, SAP America, Inc.,
                                             and TomorrowNow, Inc.
15

16

17

18

19

20

21

22

23

24

25

26

27

28