Oracle Corporation et al v. SAP AG et al                                                                Doc. 64

1   George A. Riley (State Bar No. 118304)
    Scott D. Sanford (State Bar No. 208866)
2   O'MELVENY & MYERS LLP
    Embarcadero Center West
3   275 Battery Street
    San Francisco, California 94111-3305
4   Telephone: (415) 984-8700
    Facsimile: (415) 984-8701
5
    Attorneys for Defendant
6   APPLE COMPUTER, INC.

7

8                    UNITED STATES DISTRICT COURT

9                    NORTHERN DISTRICT OF CALIFORNIA

10                         SAN JOSE DIVISION

11  X/OPEN Company, LTD.,                    Case No.  C01-21218 RMW PVT

12          Plaintiff/Counterdefendant,

13          v.                               **ANSWER TO COMPLAINT,**
                                             **AFFIRMATIVE DEFENSES, AND**
14  APPLE COMPUTER, INC.,                    **AMENDED COUNTERCLAIMS OF**
                                             **DEFENDANT APPLE COMPUTER, INC.**
15          Defendant/Counterclaimant.

16                                           **DEMAND FOR JURY TRIAL**

17

18          Defendant Apple Computer, Inc. ("Apple"), by and through its undersigned attorneys,

19  responds to the Complaint for Trademark Infringement, Trademark Dilution, False Advertising,

20  and Unfair Competition ("Complaint") filed by plaintiff X/OPEN Company, LTD. ("X/Open") as

21  follows:

22          1.      Apple denies each and every allegation set forth in Paragraph 1, except that Apple

23  admits that X/Open purports to state claims for relief against Apple for trademark infringement,

24  trademark dilution, false advertising, and unfair competition arising under federal, state, and

25  common law.

26          2.      Apple is without knowledge or information sufficient to form a belief as to the

27  truth of the allegations in Paragraph 2 and, therefore, denies each and every allegation contained

28  therein.

Dockets.Justia.com

3.  Apple admits the allegations set forth in Paragraph 3.

4.  Apple denies each and every allegation contained in paragraph 4, except that Apple admits that X/Open purports to bring this action pursuant to 15 U.S.C. § 1121; 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

5.  Apple admits the allegations set forth in Paragraph 5.

6.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 6 and, therefore, denies each and every allegation contained therein.

7.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 7 and, therefore, denies each and every allegation contained therein.

8.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 8 and, therefore, denies each and every allegation contained therein.

9.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 9 and, therefore, denies each and every allegation contained therein.

10.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 10 and, therefore, denies each and every allegation contained therein.

11.  Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 11 and, therefore, denies each and every allegation contained therein.

12.  Apple denies the allegations set forth in Paragraph 12.

13.  Apple denies each and every allegation set forth in Paragraph 13, except that Apple admits that the materials attached as Exhibit A to the Complaint contains the phrases "UNIX-based," "UNIX-based foundation," "UNIX-foundation," "UNIX-underpinnings," "full-

1    fledged UNIX OS," and "no ordinary UNIX."

2        14.    Apple denies each and every allegation set forth in Paragraph 14, except that
3    Apple admits that it has used the "UNIX BASED" figure illustrated in Paragraph 14 in
4    connection with Apple's MAC OS X operating system.

5        15.    Apple denies each and every allegation set forth in Paragraph 15, except that
6    Apple admits that it has accurately described the nature of its MAC OS X operating system as
7    based on UNIX.

8        16.    Apple denies each and every allegation set forth in Paragraph 16, except that
9    Apple admits that its MAC OS X operating system has not been submitted to X/Open for
10   approval.    Apple further denies that its MAC OS X operating system must be submitted to
11   X/Open in order to use the term UNIX in connection with the MAC OS X operating system.

12       17.    Apple is without knowledge or information sufficient to form a belief as to the
13   truth of the allegation that Apple's MAC OS X operating system does not meet any standards set
14   forth by X/Open. Apple further denies that its MAC OS X operating system must meet X/Open's
15   UNIX standards in order to use the term UNIX in connection with Apple's MAC OS X operating
16   system.

17       18.    Apple denies each and every allegation set forth in Paragraph 18, except that
18   Apple admits that X/Open notified Apple of the federal registrations for the term UNIX.

19       19.    Apple denies each and every allegation set forth in Paragraph 19.

20       20.    Apple denies each and every allegation set forth in Paragraph 20, except that
21   constructive notice of a federally registered trademark is a legal conclusion which Apple does not
22   have to admit or deny.

23       21.    Apple denies each and every allegation set forth in Paragraph 21, except that
24   Apple admits that Apple's MAC OS X operating system has not been submitted to X/Open for
25   approval.    Apple further denies that Apple's MAC OS X must conform to X/Open's UNIX
26   quality standards in order to use the term UNIX in connection with Apple's MAC OS X operating
27   system.

28

22.   Apple denies each and every allegation set forth in Paragraph 22.

23.   Apple denies each and every allegation set forth in Paragraph 23, except that Apple admits that Apple has not entered into a license agreement with X/Open regarding the use of the term UNIX.  Apple further denies that Apple must enter into a license agreement with X/Open in order to use the term UNIX in connection with Apple's MAC OS X operating system.

24.   Apple denies each and every allegation set forth in Paragraph 24.

25.   Apple denies each and every allegation set forth in Paragraph 25.

26.   Apple denies each and every allegation set forth in Paragraph 26.

27.   Apple denies each and every allegation set forth in Paragraph 27.

28.   Apple denies each and every allegation set forth in Paragraph 28, and specifically denies that X/Open has suffered any damage whatsoever.

29.   Apple is without knowledge or information sufficient to form a belief as to the truth of the allegations set forth in Paragraph 29 and, therefore, denies each and every allegation contained therein.

## FIRST CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT UNDER 15 U.S.C. § 1114(1))

30.   Apple incorporates by reference all prior paragraphs of this Answer in response to paragraph 30.

31.   Apple denies each and every allegation set forth in Paragraph 31.

32.   Apple denies each and every allegation set forth in Paragraph 32, and specifically denies that X/Open has suffered any damage whatsoever.

## SECOND CLAIM FOR RELIEF
### (TRADEMARK INFRINGEMENT AND UNFAIR COMPETITION UNDER 15 U.S.C. § 1125(a)(1)(A))

33.   Apple incorporates by reference all prior paragraphs of this Answer in response to paragraph 33.

34.   Apple denies each and every allegation set forth in Paragraph 34.

35.   Apple denies the allegations set forth in Paragraph 35, and specifically denies that

X/Open has suffered any damage whatsoever.

## THIRD CLAIM FOR RELIEF
### (TRADEMARK DILUTION UNDER 15 U.S.C. § 1125(c))

36.     Apple incorporates by reference all prior paragraphs of this Answer in response to paragraph 36.

37.     Apple denies each and every allegation set forth in Paragraph 37.

38.     Apple denies the allegations set forth in Paragraph 38, and specifically denies that X/Open has suffered any damage whatsoever.

## FOURTH CLAIM FOR RELIEF
### (FALSE ADVERTISING UNDER 15 U.S.C. § 1125(a)(1)(B))

39.     Apple incorporates by reference all prior paragraphs of this Answer in response to paragraph 39.

40.     Apple denies each and every allegation set forth in Paragraph 40.

41.     Apple denies the allegations set forth in Paragraph 41, and specifically denies that X/Open has suffered any damage whatsoever.

## FIFTH CLAIM FOR RELIEF
### (VIOLATION OF CALIFORNIA'S ANTI-DILUTION STATUTE, § 14330 OF CAL. BUS.& PROF. CODE)

42.     Apple incorporates by reference all prior paragraphs of this Answer in response to paragraph 42.

43.     Apple denies each and every allegation set forth in Paragraph 43.

44.     Apple denies the allegations set forth in Paragraph 44, and specifically denies that X/Open has suffered any damage whatsoever.

## SIXTH CLAIM FOR RELIEF
### (UNFAIR COMPETITION AND FALSE ADVERTISING UNDER CALIFORNIA'S UNFAIR TRADE STATUTE, 17200 *ET. SEQ.* OF THE CAL. BUS. & PROF. CODE)

45.     Apple incorporates by reference all prior paragraphs of this Answer in response to paragraph 45.

46.     Apple denies each and every allegation set forth in Paragraph 46.

47.     Apple denies the allegations set forth in Paragraph 47, and specifically denies that X/Open has suffered any damage whatsoever.

## SEVENTH CLAIM FOR RELIEF
### (COMMON LAW TRADEMARK AND TRADE NAME INFRINGEMENT, PALMING OFF, AND UNFAIR COMPETITION)

48.     Apple incorporates by reference all prior paragraphs of this Answer in response to paragraph 48.

49.     Apple denies each and every allegation set forth in Paragraph 49.

50.     Apple denies the allegations set forth in Paragraph 50, and specifically denies that X/Open has suffered any damage whatsoever.

51.     Apple notes that X/Open demands a jury trial.  Because this is not an allegation, no response is required.  Apple also demands a jury trial.

## AFFIRMATIVE DEFENSES OF DEFENDANT APPLE COMPUTER, INC.

Defendant Apple Computer, Inc. alleges the following as separate and affirmative defenses to the Complaint:

### FIRST AFFIRMATIVE DEFENSE

52.     The Complaint fails to state a claim upon which relief can be granted.

### SECOND AFFIRMATIVE DEFENSE

53.     X/Open's claims are barred, in whole or in part, on the basis that the term UNIX is or has become generic.

### THIRD AFFIRMATIVE DEFENSE

54.     X/Open's claims are barred, in whole or in part, on the basis that the term UNIX is and has been abandoned as a trademark.

### FOURTH AFFIRMATIVE DEFENSE

55.     The term UNIX is not a famous mark, and is therefore not subject to dilution.

### FIFTH AFFIRMATIVE DEFENSE

56.     The term UNIX is not a famous mark, and X/Open is therefore not entitled to

relief under the Federal Trademark Dilution Act.

### SIXTH AFFIRMATIVE DEFENSE

57.   The term UNIX is not a famous mark, and X/Open is therefore not entitled to relief under any anti-dilution statute.

### SEVENTH AFFIRMATIVE DEFENSE

58.   The Complaint is barred, in whole or in part, by the doctrine of unclean hands.

### EIGHTH AFFIRMATIVE DEFENSE

59.   X/Open's claims are barred, in whole or in part, under the doctrine of trademark misuse.

### NINTH AFFIRMATIVE DEFENSE

60.   There is no likelihood of confusion or misunderstanding as to the source of the goods offered by Plaintiff and Defendant, or as to the connection, affiliation, or association of Defendant with Plaintiff.

### TENTH AFFIRMATIVE DEFENSE

61.   There is no likelihood of confusion caused by Defendant's use of the generic term UNIX.

### ELEVENTH AFFIRMATIVE DEFENSE

62.   Apple's use of the term UNIX, in which X/Open claims trademark rights, is fair use under 15 U.S.C. §1125(c)(4) and 15 U.S.C. §1115(b)(4).

### COUNTERCLAIMS OF COUNTERCLAIMANT APPLE COMPUTER, INC.

For its counterclaims against X/Open, Apple alleges as follows:

### PARTIES

63.   Counterclaimant Apple Computer, Inc. is a California corporation with its principal place of business at 1 Infinite Loop, Cupertino, California 95014.

64.   X/Open, in paragraph 2 of the Complaint, alleges that X/Open has a principal

1    place of business in the United States at 44 Montgomery Street, Suite 960, San Francisco,

2    California 94014-4704.

3    ## JURISDICTION AND VENUE

4    65.    This Court has subject matter jurisdiction over this counterclaim under 15 U.S.C.

5    § 1121(a); 28 U.S.C. §§ 1331, 1338(a) and (b), and 1367.

6    66.    Venue of this Action is proper in the Northern District of California pursuant to 28

7    U.S.C. §1391(b) and (c).

8    ## FACTS RELEVANT TO ALL COUNTERCLAIMS

9    67.    Apple designs, manufactures, and markets personal computers and related personal

10   computing and communicating solutions for sale, primarily to education, creative, consumer, and

11   business markets. Apple markets these products almost exclusively under the marks

12   MACINTOSH and MAC, including such products as the POWER MAC and iMAC desktop

13   personal computers, and the MAC OS X and MAC OS X SERVER operating systems.

14   68.    Apple owns several United States trademark registrations for its trademarks,

15   including U.S. Registration No. 1,460,661 for the mark MACINTOSH, U.S. Registration Nos.

16   1,964,391 and 1,968,965 for the mark MAC, and U.S. Registration No. 2,000,282 for the mark

17   MAC OS.

18   69.    X/Open alleges that it is the owner of U.S. Trademark Registration No. 1,392,203

19   for the term UNIX for computer programs, and U.S. Trademark Registration No. 1,390,593 for

20   the term UNIX for computers.

21   70.    Over the years, many variations of UNIX operating systems have been developed

22   and marketed by third parties. The purchasing public does not associate X/Open or any other

23   entity as the source of products bearing the term UNIX. The relevant public understands that the

24   term UNIX is a generic term for a multi-user, multi-tasking operating system that was derived, at

25   least partially, from the UNIX operating system code created 30 years ago by the American

26   Telephone and Telegraph Company ("AT&T").

27   71.    Between 1969 and 1971, the existing Multics (Multiplexed Information and

28

1  Computing Service) operating system was re-written by Ken Thompson and Dennis Ritchie of

2  AT&T. The new operating system was named Unics for "Uniplexed Information and Computing

3  Service." The Unics name eventually evolved into UNIX. The term UNIX is used by the

4  computer industry to refer to a class of products from various sources.

5          72.     Over the past three decades, many different versions of AT&T's UNIX operating

6  system code have been developed by different groups, such as universities, research institutions,

7  government bodies, and computer companies. The many strands of its development are illustrated

8  in the Unix History Chart located at http://perso.wanadoo.fr/levenez/unix/.

9          73.     In the middle 1970s, the University of California at Berkeley (UCB) received the

10  source code for Version 6 of AT&T's UNIX operating system. UCB improved AT&T's Version

11  6 source code and developed the Berkeley Software Distribution (BSD) version of UNIX, which

12  became widely known as BSD UNIX.

13          74.     Since the initial release of BSD UNIX, multiple versions or "flavors" of BSD

14  UNIX have been developed, some under the open source movement, such as OpenBSD,

15  FreeBSD, and BSDLite. Apple's "Darwin" version of UNIX incorporates several of these flavors

16  of BSD UNIX, and is the foundation of Apple's MAC OS X operating system. Daemon News, a

17  news organization dedicated to serving the BSD community, recognizes that "Darwin is based on

18  Mach 3.0 and FreeBSD 3.2." Rob Braun, *Introduction to Darwin*, (visited May 1, 2002)

19  <http://ezine.daemonnews.org/200010/Darwin.html>. BSD UNIX and its various flavors,

20  including Apple's Darwin version of UNIX, are widely understood within the computer industry

21  as versions of UNIX. Apple's MAC OS X operating system, founded on the Darwin version of

22  UNIX, is UNIX-based.

23          75.     The computer industry recognizes and accepts the fact that Apple's MAC OS X

24  operating system is based on BSD UNIX. CNET.com, a leading computer industry internet

25  magazine, acknowledges that Apple's MAC OS X operating system "is based on BSD Unix, a

26  popular variant of Unix." Joe Wilcox, *Will OS X's Unix roots help Apple grow?*, (visited May 1,

27  2002)              <http://news.cnet.com/news/0-1006-200-5992099.html?tag=dd.ne.dtx.nl-sty.0>.

28

1   CNET.com also recognizes that "Unix developer's interest in Mac OS X is simple:  It is the first

2   desktop, Unix-based operating system to reach the mass market."  *Id.*  ZDNet, another computer

3   industry Internet magazine, recognizes that "Apple chose BSD as the basis for its Mac OS X

4   operating system."  Mary Hubley, *BSD operating systems: Perspective*, (visited May 1, 2002)

5   <http://techupdate.zdnet.com/techupdate/stories/main/0,14179,2846265,00.html>.

6       76.     The term UNIX is or has become a generic term in the field of computers and

7   computer programs.  As used in the industry, the term UNIX does not denote a particular source

8   or origin of a product.  The definition for UNIX in the Microsoft® Computer Dictionary states

9   that "UNIX has been released in a wide variety of versions, or flavors, including … BSD UNIX."

10  MICROSOFT COMPUTER DICTIONARY 459 (4th ed. 1999).  Additionally, the definition for UNIX in

11  the Computer Desktop Encyclopedia recognizes that "there are many versions of UNIX."  *See*

12  http://www.computerencyclopedia.com/webexamples.htm. The Microsoft® Computer Dictionary

13  does not make any reference to X/Open, X/Open's trade name, or The Open Group.  Neither the

14  Microsoft® Computer Dictionary nor the Computer Desktop Encyclopedia use the term UNIX

15  exclusively in reference to products that conform to X/Open's UNIX quality standards.

16      77.     News organizations within the computer industry use the term UNIX to describe a

17  general category of products.   OS News, a leading computer industry Internet magazine,

18  recognizes that "FreeBSD and its cousins, NetBSD and OpenBSD are all offshoots of BSD

19  UNIX, a commercial UNIX also known as Berkeley Software Distribution."   Nathan Mace,

20  *FreeBSD    Week:    Migrating    from    Linux    to    FreeBSD*,    (visited    May    1,    2002)

21  <http://www.osnews.com/stpry.php?news_id=580>.   ZDNet, a well-known Internet magazine

22  within the computer industry, acknowledges that BSD is a Unix variant that is in "widespread use

23  as a high-traffic Internet server OS, and counts prominent businesses such as Yahoo® and

24  Hotmail® among its users."  Stephen Somogyi, *Want a Windows alternative? Try BSD*, (visited

25  May 1, 2002) <http://zdnet.com.com/2100-1107-863169.html>.

26      78.     Universities also use the term UNIX in a generic manner to refer to a general

27  category  of  products.     Indiana  University,  when  describing  the  history  of  BSD  Unix,

28
ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
C01-21218 RMW

1   acknowledges that "along with AT&T's own System V, BSD became one of the two major Unix

2   flavors." *What is BSD Unix and what are FreeBSD, NetBSD, OpenBSD, and BSD/OS?*, (visited

3   April 18, 2002) <http://kb.indiana.edu/data/agom.html?cust=1160>.   Rutgers University states

4   "the effect of many vendors choosing UNIX is that there is a wide variety of UNIX systems

5   available to a user at attractive prices."   Charles Severance, *History of UNIX and Causes for its*

6   *Popularity* (visited April 18, 2002) <http://www.hrsl.Rutgers.edu/ug/unix_history.html>.   Neither

7   University uses the term UNIX in connection with X/Open, X/Open's trade name, or The Open

8   Group.   Neither University uses the term UNIX exclusively in reference to products that conform

9   to X/Open's UNIX quality standards.

10           79.    Apple does not use the term UNIX as a trademark in connection with Apple's

11   products.  Apple accurately uses the generic term UNIX merely to identify or describe an aspect

12   or feature of Apple's MAC OS X operating system.   This use is consistent with past and current

13   industry standards.

14           80.    Apple's use of the generic term UNIX in connection with Apple's MAC OS X

15   operating system does not constitute trademark infringement of U.S. Trademark Registration No.

16   1,392,203 for the term UNIX or U.S. Trademark Registration No. 1,390,593 for the term UNIX.

17           81.    Because the term UNIX is and has become generic, X/Open's alleged trademark

18   rights in the term UNIX have been abandoned.

19           82.    X/Open claims that X/Open will only enter into a license agreement with a third

20   party to use U.S. Trademark Registration No. 1,392,203 and U.S. Trademark Registration No.

21   1,390,593 for the term UNIX if the operating system provided by the third party conforms to

22   X/Open's standard specification.   X/Open claims that X/Open will only enter into a license

23   agreement with a third party for the term UNIX if the operating system provided by the third

24   party has been "certified" by X/Open.

25           83.    Third parties that provide UNIX operating systems indicate the origin of those

26   operating systems with a mark other than UNIX.

27           84.    X/Open does not use the term UNIX as a trademark.   X/Open has not used the

28   _____

ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
C01-21218 RMW

1    term UNIX as a trademark for at least three consecutive years.

2           85.     Apple seeks to cancel U.S. Trademark Registration No. 1,392,203 for the term

3    UNIX and U.S. Trademark Registration No. 1,390,593 for the term UNIX ("UNIX

4    Registrations").

5           86.     X/Open has obtained the UNIX Registrations from Novell, Inc. ("Novell") through

6    an assignment in gross.

7           87.     The assignment of the UNIX Registrations from Novell to X/Open is invalid.

8           88.     In 1986, AT&T received a registration for the term UNIX (U.S. Registration Nos.

9    1,390,593 and 1,392,203) in International Class 9 for computers and computer programs. The

10    goods identified in U.S. Registration No. 1,390,593 are "computers" and indicates a date of first

11    use of December 14, 1984. The goods identified in Registration No. 1,392,203 are "computer

12    programs" and indicates a date of first use of December 14, 1972.

13           89.     In 1990, AT&T assigned the UNIX Registrations to Unix System Laboratories,

14    Inc. ("USL"), a subsidiary of AT&T.

15           90.     In early 1993, Novell acquired USL, including the UNIX Registrations.

16           91.     In September 1993, "the computer systems industry … agreed to back an initiative

17    to ask X/Open Company to standardize the specifications of the UNIX operating system." The

18    Open Group, *Why This is Different*, (visited May 2, 2002) <http://www.unix-

19    systems.org/what_is_unix/why_this_is_different.html>. The initiative created The Common API

20    Specification, which later became known as Spec 1170. In December 1993, Spec 1170 was

21    delivered to X/Open. By 1995, Spec 1170 was revised into an industry supported specification,

22    which X/Open published as X/Open's Single UNIX Specification.

23           92.     X/Open began using the term UNIX in association with X/Open's Single UNIX

24    Specification in 1995.

25           93.     On November 13, 1998 Novell and X/Open executed a Deed of Assignment

26    attempting to assign the UNIX Registrations from Novell to X/Open. Novell invalidly assigned

27    the UNIX Registrations to X/Open.

28

94.   Novell did not transfer any business associated with the UNIX Registrations to X/Open. The business associated with the UNIX Registrations is UNIX operating systems and computers that operate on such systems.

95.   No rights to the UNIX Registrations can be transferred apart from the business with which the marks have been associated. The UNIX Registrations have been associated with the many versions and flavors of UNIX operating systems derived from AT&T's Time-Sharing System, Fifth Edition (V5). The UNIX Registrations have been associated with computers that operate on UNIX operating systems.

96.   X/Open does not develop or distribute UNIX operating systems or computers in accordance with the business good will established by the prior use of the UNIX marks. X/Open is a technology-neutral, not-for-profit consortium. X/Open claims to provide "a single stable specification to be used to develop portable applications that run on systems conforming to the Single UNIX Specification." The Open Group, *The Single UNIX Specification*, (visited May 2, 2002) <http://www.unix-systems.org/what_is_unix/single_unix_specification.html>.

97.   The UNIX Registrations have been abandoned. Alternatively, X/Open is limited to X/Open's own use of the term UNIX to establish a date of first use for the term UNIX.

98.   X/Open cannot claim priority to the dates of first use indicated in the UNIX Registrations. X/Open does not develop or distribute computers. X/Open does not develop or distribute UNIX operating systems. X/Open's use of the term UNIX is only in connection with X/Open's Single UNIX specification. X/Open is not entitled to the December 14, 1972 date of first use indicated in U.S. Registration No. 1,392,203, or the December 14, 1984 date of first use indicated in U.S. Registration No. 1,390,593.

99.   X/Open's continued use of the term UNIX causes the UNIX Registrations to lose significance as an indication of origin. X/Open publicly promotes the term UNIX as "the worldwide Single UNIX Specification integrating X/Open Company's XPG4, IEEE's POSIX Standards and ISO C." The Open Group, *What is UNIX*, (visited May 2, 2002) <http://www.unix-systems.org/what_is_unix.html>. X/Open publicly promotes that "'UNIX' has

become a single stable specification to be used to develop portable applications that run on systems conforming to the Single UNIX Specification." The Open Group, *The Single UNIX Specification*, (visited May 2, 2002) <http://www.unixsystems.org/what_is_unix/single_unix_specification.html>.

100.   X/Open has not developed trademark rights in the term UNIX for computers that operate on UNIX operating system. X/Open has not developed trademark rights in the term UNIX for computer programs such as UNIX operating systems. X/Open does not develop or distribute UNIX operating systems or computers that operate on UNIX operating systems.

101.   Novell ceased to use the term UNIX. Novell has abandoned all rights to the UNIX Registrations and has no intent to continue use of the term UNIX.

## FIRST COUNTERCLAIM
### (CANCELLATION OF TRADEMARK REGISTRATIONS – MARK IS GENERIC)

102.   Apple incorporates by reference all prior paragraphs of its counterclaims.

103.   The term UNIX has been used by the public since as early as the 1970's to describe a multi-user, multi-tasking operating system.

104.   Over the years, many variations of UNIX have been developed and marketed by third parties.

105.   The relevant public associates the term UNIX with a genus, namely, a multi-user, multi-tasking operating system.

106.   The relevant public understands that the term UNIX is generic for a multi-user, multi-tasking operating system.

107.   The purchasing public does not associate X/Open or any other entity as the source of products bearing the term UNIX.

108.   UNIX is a generic term for an interactive time-sharing operating system, and is therefore subject to cancellation pursuant to 15 U.S.C. §§ 1064(3) and 1065(4).

## SECOND COUNTERCLAIM
### (CANCELLATION OF TRADEMARK REGISTRATIONS – ABANDONMENT)

1    109.   Apple incorporates by reference all prior paragraphs of its counterclaims.

2    110.   The purchasing public has adopted the term UNIX as a generic name for all multi-
3    user general-purpose operating systems.

4    111.   The purchasing public does not, and never has, associated X/Open as the source of
5    products bearing the term UNIX.

6    112.   X/Open's trademark rights in the term UNIX have been abandoned on the grounds
7    that the term UNIX is and has become generic.

8                            **THIRD COUNTERCLAIM**
9        **(CANCELLATION OF TRADEMARK REGISTRATIONS – ABANDONMENT**
                         **THROUGH NON-USE OF MARK)**

10   113.   Apple incorporates by reference all prior paragraphs of its counterclaims.

11   114.   X/Open does not use the term UNIX as a trademark.

12   115.   The term UNIX, when used in connection with operating systems provided by
13   third parties, does not indicate the origin of the operating system.

14   116.   Third parties that provide UNIX operating systems indicate the origin of those
15   operating systems with a mark other than UNIX.

16   117.   X/Open has not used the term UNIX as a trademark for at least three consecutive
17   years.

18   118.   X/Open's trademark rights in the term UNIX have been abandoned through non-
19   use.

20                            **FOURTH COUNTERCLAIM**
21   **(DECLARATORY RELIEF – NON-INFRINGEMENT UNDER 15 U.S.C. §1114(1))**

22   119.   Apple incorporates by reference all prior paragraphs of its counterclaims.

23   120.   An actual controversy has arisen and now exists between X/Open, on the one
24   hand, and Apple, on the other, concerning whether Apple's use of the term UNIX is likely to
25   infringe X/Open's purported trademark rights in the term UNIX.

26   121.   Apple contends, among other things, that its use of the term UNIX does not
27   infringe X/Open's purported trademark rights in the term UNIX.  X/Open disputes this contention

28

1    and contends that such use does constitute infringement of X/Open's purported trademark rights

2    in the term UNIX.

3       122.    Apple now desires a judicial determination that its use of the term UNIX does not

4    in any way infringe the purported trademark rights of X/Open for the term UNIX.

5       123.    A judicial declaration is necessary and appropriate at this time and under the

6    circumstances in order that the parties may ascertain their respective rights and obligations with

7    respect to the use of the term UNIX.

8

9 

**FIFTH COUNTERCLAIM**
**(DECALARATORY RELIEF - NON-INFRINGEMENT UNDER 15 U.S.C. §1125(a)(1)(A))**

10       124.    Apple incorporates by reference all prior paragraphs of its counterclaims.

11       125.    An actual controversy has arisen and now exists between X/Open, on the one

12    hand, and Apple, on the other, concerning whether Apple's use of the term UNIX constitutes

13    trademark infringement, false designation of origin, passing off, and unfair competition of

14    X/Open's purported trademark rights in the term UNIX.

15       126.    Apple contends, among other things, that its use of the term UNIX does not

16    constitute trademark infringement, false designation of origin, passing off, and unfair competition

17    of X/Open's purported trademark rights in the term UNIX. X/Open disputes this contention and

18    contends that such use does constitute trademark infringement, false designation of origin,

19    passing off, and unfair competition of X/Open's purported trademark rights in the term UNIX.

20       127.    Apple now desires a judicial determination that its use of the term UNIX does not

21    in any way constitute trademark infringement, false designation of origin, passing off, and unfair

22    competition of X/Open's purported trademark rights in the term UNIX.

23       128.    A judicial declaration is necessary and appropriate at this time and under the

24    circumstances in order that the parties may ascertain their respective rights and obligations with

25    respect to the use of the term UNIX.

26 

**SIXTH COUNTERCLAIM**
**(DECLARATORY RELIEF - NO TRADEMARK DILUTION UNDER 15 U.S.C. §1125(c))**

27       129.    Apple incorporates by reference all prior paragraphs of its counterclaims.

28

---

ANSWER TO COMPLAINT, AFFIRMATIVE DEFENSES, AND COUNTERCLAIMS
C01-21218 RMW

130.    An actual controversy has arisen and now exists between X/Open, on the one hand, and Apple, on the other, concerning whether Apple's use of the term UNIX is likely to cause dilution of X/Open's purported trademark rights in the term UNIX.

131.    Apple now desires a judicial determination that its use of the term UNIX does not in any way cause dilution of X/Open's purported trademark rights in the term UNIX.

132.    A judicial declaration is necessary and appropriate at this time and under the circumstances in order that the parties may ascertain their respective rights and obligations with respect to the use of the term UNIX.

## SEVENTH COUNTERCLAIM
### (NOVELL'S ASSIGNMENT OF THE UNIX REGISTRATIONS TO X/OPEN CONSTITUTES AN ASSIGNMENT IN GROSS)

133.    Apple incorporates by reference all prior paragraphs of its counterclaims.

134.    X/Open does not develop or distribute UNIX operating systems or computers that operate on UNIX operating systems.

135.    X/Open's continued use of the term UNIX causes the UNIX Registrations to lose significance as an indication of origin.

136.    All trademark rights in the UNIX Registrations remained with Novell.  Novell ceased to use the term UNIX, and has no intent to use the term UNIX.  Novell has abandoned all trademark rights to the UNIX registrations.

137.    Novell's assignment of the UNIX Registrations to X/Open is an assignment in gross.

138.    Novell's assignment of the UNIX Registrations to X/Open is invalid.

139.    No trademark rights in the UNIX Registrations transferred to X/Open.

140.    The UNIX Registrations have been abandoned.

141.    X/Open has not developed any trademark rights in the term UNIX for computers or computer programs.

1    WHEREFORE, Apple prays for judgment as follows:

2    (1)    The Plaintiff take nothing by reason of its Complaint, and that judgment be

3    rendered in favor of Defendant;

4    (2)    The Defendant be awarded its costs of suit, including attorney's fees incurred

5    herein;

6    (3)    That Plaintiff's "UNIX" marks (Registration Nos. 1,390,593 and 1,392,203) are

7    cancelled; and

8    (4)    For such other relief as the Court may deem just and proper.

9

10   Date: _____                    O'MELVENY & MYERS LLP

11

12

13   By: _____
                                      George A. Riley
14                                    Scott D. Sanford
                                      Attorneys for
15                                    Defendant/Counterclaimant
                                      APPLE COMPUTER, INC.

16

17

18

19

20

21

22

23

24

25

26

27

28

**JURY DEMAND**

Apple respectfully requests a jury trial on all issues triable thereby.


Dated:  June 20, 2002

GEORGE A. RILEY
SCOTT D. SANFORD
O'MELVENY & MYERS LLP


By _____
            George A. Riley
Attorneys for Defendant APPLE
COMPUTER, INC.

SF1:470358.1