Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al., | Case No. 07-CV-1658 PJH |
| Plaintiffs, | **DEFENDANTS' OBJECTIONS TO SPECIAL MASTER'S REPORT AND RECOMMENDATIONS RE: DISCOVERY HEARING NO. 1** |
| v. | |
| SAP AG, et al., | |
| Defendants. | |

**TABLE OF CONTENTS**

Page

BACKGROUND ........................................................................................................................ 1

SUMMARY ARGUMENT ...................................................................................................... 2

ARGUMENT ............................................................................................................................ 3

    I.    The Special Master's Conclusion that Discovery of Documents Produced to a Grand Jury Does Not Violate Rule 6(e) is Erroneous ...................................... 3

    II.    The Special Master's Ruling Will Eviscerate Grand Jury Secrecy in Any Grand Jury Investigation Involving Parties to Civil Litigation .............................. 9

    III.    The Special Master's Conclusion That Oracle's Requests Seek Relevant Documents is Erroneous ...................................................................................... 10

CONCLUSION ...................................................................................................................... 11

# TABLE OF AUTHORITIES
## FEDERAL CASES

Page

*Board of Ed. Of Evanston Twp. High School District No. 205 v. Admiral Heating & Ventilation, Inc.*, 513 F.Supp. 600 (N.D. Ill. 1981) .................................................. 6, 9

*Central Valley Chrysler-Jeep v. Witherspoon*, 2006 WL 2600149 (E.D.Cal. September 11, 2006) .................................................................................................................... 8

*In re Grand Jury Proceedings*, 851 F.2d 860 (6th Cir. 1988) ........................................... 4

*In re John Doe Grand Jury Proceedings*, 537 F.Supp. 1038 (D.R.I. 1982) ............... 2, 5

*In re Sulfuric Acid Antitrust Litigation*, 2004 WL 769376 (N.D. Ill. April 9, 2004) ........ 5, 7

*Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.*, 2005 WL 1459555 (N.D.Cal. June 21, 2005) ........................................................................... 8

*Sporck v. Peil*, 759 F.2d 312 (3d Cir. 1985) .................................................................... 8

*State of Texas v. United States Steel Corp.*, 546 F.2d 626 (5th Cir. 1977) .................... 9

*U.S. ex. rel. Bagley v. TRW*, 212 F.R.D. 554 (C.D.Cal. 2003) ........................................ 8

*United States v. Benjamin*, 852 F.2d 413 (9th Cir. 1988) ........................................... 3, 4

*United States v. Dynavac*, 6 F.3d 1407 (9th Cir. 1993) ............................................. 3 - 7

*United States v. Reyes,* 239 F.R.D. 591 (N.D.Cal. 2006) ............................................... 7

*United States v. Sells Engineering, Inc.*, 463 U.S. 418 (1983) ............................. 3, 4, 10

*United States v. Spillone*, 879 F.2d 514, 520 (9th Cir. 1989) ......................................... 3

## FEDERAL STATUTES

17 U.S.C. § 106 ................................................................................................................ 1

18 U.S.C.§ 1030) .............................................................................................................. 1

Fed. R. Civ. P. 53(f)(4) ..................................................................................................... 1

Fed. R. Crim. P. 6(e) ............................................................................................... 2 - 6, 8

Fed. R. Crim. P. 17(c) ...................................................................................................... 7

## STATE STATUTES

Cal. Penal Code §502) ..................................................................................................... 1

Defendants SAP and TomorrowNow (collectively "Defendants") object to the Special Master's Report and Recommendation ("R&R") dated February 22, 2008 in so far as it recommends that the Defendants be required to comply with Oracle's discovery requests for documents produced to the grand jury. This Court reviews the Special Master's recommendation *de novo*. Fed. R. Civ. P. 53(f)(4).

**<u>BACKGROUND</u>**

Oracle filed its original complaint against Defendants on March 27, 2007, and its First Amended Complaint ("FAC") on June 1, 2007. The FAC alleges copyright infringement (17 U.S.C. § 106); violations of the Computer Fraud and Abuse Act (18 U.S.C.§ 1030); violations of the Computer Data Access and Fraud Act (Cal. Penal Code §502); and various civil claims. Discovery commenced and Oracle served TomorrowNow with 95 document requests, and SAP American and SAP AG with 64 document requests each. To date the Defendants have produced to Oracle over 1,000,000 bates-numbered pages of documents, which, together with native files, comprises over 5.0 terabytes of information.

At issue are Oracle's Request for Production No. 55 to SAP America and SAP AG, and Request for Production No. 84 to TomorrowNow. In those requests, Oracle improperly sought production of "[a]ll documents relating to Department of Justice, Federal Bureau of Investigation, or other federal, state, or local government agency's request or investigation into the allegations in the Complaint and First Amended Complaint , including without limitation all Documents provided by You to any such agency in response to a request or investigation of those allegations." *See* Exhibits 1 and 2. Defendants objected to these requests on the grounds that they improperly sought disclosure about the nature, scope and purpose of the grand jury proceedings in violation of Fed. R. Crim. P. 6(e). *See* Exhibits 3 and 4.

On January 28, 2008, Oracle moved to compel the Defendants to produce documents provided to the grand jury, and on February 7, 2008, the Defendants opposed the motion to compel. A hearing was held on February 13, 2008, and on February 22, 2008, the Special Master issued a Report and Recommendation recommending that Oracle's requests for documents that the Defendants have produced to the grand jury be granted, concluding that production of the

documents provided to the grand jury would not disclose grand jury material under Rule 6(e) and that the documents are "certainly relevant" but noting that the documents would likely be duplicative of documents being produced by defendants in response to other discovery requests.[1] R&R at 6, Exhibit 5. The Special Master thus assumed the relevance of the requested documents and did not require Oracle to make any showing of "particularized need" or relevance to obtain the documents.

The Defendants object to the Special Master recommendation.

## SUMMARY ARGUMENT

The Special Master's recommendation that Defendants be required to produce to Oracle all documents subpoenaed by and produced to a federal grand jury is erroneous for three reasons. First, Oracle's request clearly seeks grand jury information protected by Federal Rule of Criminal Procedure 6(e). Production of all documents subpoenaed and reviewed by the grand jury would reveal the nature, scope, and purpose of a secret grand jury investigation, "[a]nd it is clear that such things as scope and direction of the grand jury investigation constitute 'matters occurring before the grand jury' and are therefore protected from disclosure by the provisions of Rule 6(e)." *In re John Doe Grand Jury Proceedings*, 537 F.Supp. 1038, 1044 (D.R.I. 1982) (citations omitted). Second, if allowed to stand, the Special Master's ruling would eviscerate the rule of grand jury secrecy not only for this litigation, but for any civil suit where a party is involved in grand jury proceedings. Third, the Special Master had no objectively reasonable basis to conclude, and Oracle wholly failed to demonstrate, that all of the documents requested and reviewed by the grand jury are actually relevant to Oracle's claims in the civil lawsuit.

---

[1] Defendants are not refusing to produce any particular document solely on the ground that it was also provided to the grand jury. In fact, Defendants have agreed to produce all documents responsive to Oracle's other requests for production that are duplicative of the documents Defendants have produced to the grand jury. Defendants recognize that production of documents to the grand jury does not cast a veil of secrecy over the documents such that they could not be produced if relevant and responsive in this civil case. But in the specific requests at issue it is clear that Oracle is not seeking the documents provided to the grand jury for their own intrinsic value, but rather to determine what information the grand jury has sought and obtained, and that is the basis for the Defendants objection to the requests.

**ARGUMENT**

**I. The Special Master's Conclusion that Discovery of Documents Produced to a Grand Jury Does Not Violate Rule 6(e) is Erroneous**

The Special Master recommends that Defendants be required to comply with Oracle's request for "[a]ll documents relating to Department of Justice, Federal Bureau of Investigation, or other federal, state, or local government agency's request or investigation into the allegations in the Complaint and First Amended Complaint."[2] R&R at 6. The Special Master's conclusion that this request does not seek grand jury materials prohibited from disclosure by Rule 6(e) is incorrect.

Rule 6(e) protects the secrecy of grand jury proceedings. It defines the circumstances under which a court may authorize disclosure of grand jury matters (Rule 6(e)(3)(E)) and lists the persons who are prohibited from disclosing matters occurring before a grand jury (Rule 6(e)(2)). In doing so, Rule 6(e) reflects important and long-established policies preventing disclosure of matters occurring before a federal grand jury. Nondisclosure serves to: (1) prevent the escape of prospective indictees; (2) ensure the grand jury of unfettered freedom in its deliberations; (3) impede the subornation of perjury and tampering of witnesses by targets of the investigation; (4) encourage forthrightness in witnesses without fear of retaliation; and (5) act as a shield for those who are exonerated by the grand jury. *United States v. Dynavac*, 6 F.3d 1407, 1411 (9th Cir. 1993); *see also United States v. Sells Engineering, Inc.*, 463 U.S. 418, 424 (1983) (discussing the "long-established policy that maintains the secrecy of grand jury proceedings in the federal courts").

If "any of the policies underlying grand jury secrecy may be adversely affected by a disclosure, Rule 6(e) should apply." *United States v. Benjamin*, 852 F.2d 413, 418 (9th Cir. 1988) *overruled on other grounds by United States v. Spillone*, 879 F.2d 514, 520 (9th Cir. 1989). Under Rule 6(e)(3)(E)(i), a court may authorize disclosure of matters occurring before a grand jury "preliminarily to or in connection with a judicial proceedings" but only if the party seeking

---

[2] Oracle also sought all communications between the Defendants and the grand jury or the Department of Justice, but the Special Master has not recommended compliance with this part of the request.

1   disclosure demonstrates a particularized need for the material sought. *Id.* at 419; *Sells*

2   *Engineering*, 463 U.S. at 443 (private party seeking disclosure of grand jury matters must make a

3   strong showing of particularized need).

4         The "touchstone of Rule 6(e)'s applicability is whether the disclosed materials would

5   'elucidate the inner workings of the grand jury.'" *Benjamin*, 852 F.2d at 417. Although

6   disclosure of business records independently generated and sought for legitimate purposes for

7   their own sake ordinarily does not compromise the secrecy of grand jury proceedings, disclosure

8   of "*which* documents were subpoenaed by the grand jury may disclose the grand jury's

9   deliberative process." *Dynavac*, 6 F.3d at 1412 n.2 (emphasis in original). Further, "even when

10  documents are sought 'for their own sake,' disclosure may, when the documents are "considered

11  in the aggregate and in their relationship to one another, make possible inferences about the

12  nature and direction of the grand jury inquiry." *Id.* (quoting *In re Grand Jury Proceedings*, 851

13  F.2d 860, 865 (6th Cir. 1988)).

14        The Special Master's ruling ignores these principles and misconstrues the essence of

15  Oracle's requests for documents. Oracle does not ask for documents relevant to particular claims

16  or allegations it asserts in the civil lawsuit. Rather, Oracle wants to know which specific

17  documents the grand jury subpoenaed and which specific documents the Defendants produced in

18  response to the subpoena. It freely admits as much. *See* Exhibit 6 (Excerpts of Hearing in re

19  Discovery Issues, February 13, 2008, at 94-95);[3] *see also* Oracle's Motion to Compel Production

20  of Documents Related to Government Investigations and Further Responses to Interrogatories,

21  January 28, 2008, at 3 ("Letter Brief") ("Since the government is investigating Defendant's

22  conduct as it relates to Oracle's claims [Oracle presumes], materials related to that investigation,

23  and particularly whatever materials Defendants have provided to the government, are relevant.")

24  *and* at 4 (the only way for Oracle to know whether Defendants have produced the same

25  documents to the government that they have produced to Oracle is to "compare and contrast

---

[3]For example, at the Hearing, counsel for Oracle indicated:

MS. HOUSE: You've got to understand Rule 6(e) – this is a backstop for us. We're allowed to check against – this is pretty serious stuff, and we're allowed to check against what they have produced to us, and the historical documents that they have produced to the government.

Defendants' . . . production[s]"). Oracle repeatedly concedes that it does not want the documents produced to the grand jury for their own intrinsic value, but because it wants to know: "the manner in which the Defendants produced those documents to the government" (Letter Brief at 4); "whether TN's production to date includes documents also provided to the government" (Letter Brief at 4 n.3); and how Defendants "cataloged their production to the government" (Letter Brief at 4 n.4). In other words, Oracle wants to know what the grand jury is investigating and what its investigation has revealed thus far—precisely the information protected by Rule 6(e).

Oracle's admissions should be dispositive. As the Ninth Circuit instructed in *Dynavac,* "[I]f a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not comprise the integrity of the grand jury process, Rule 6(e) does not prohibit its release." 6 F.3d at 1411-12. Thus, if a document is *not* sought for its own sake, production should *not* be compelled. Oracle, by its own—and repeated—admissions, is not seeking the documents in question for their own sake, nor have the Defendants declined to produce any documents sought for its own intrinsic value to Oracle's case. In such a situation, *Dynavac* instructs that the request to compel production should be denied.

Oracle's request also attempts "to learn what took place before the grand jury." *Dynavac,* 6 F.3d at 1411. The Special Master's decision failed to recognize this, concluding that documents produced by Defendants to the grand jury do not reveal "anything done by a grand jury . . . or any information regarding grand jury witnesses, testimony or proceedings." R&R at 6. This conclusion is incorrect. A request for and disclosure of documents provided to a grand jury pursuant to a subpoena "can reveal a great deal about the nature, scope and purpose of a secret grand jury proceedings," and the nature and scope of grand jury proceedings are protected from disclosure under Rule 6(e). *See In re John Doe Grand Jury Proceedings*, 537 F. Supp. at 1044-45 ("an examination of all documents subpoenaed and reviewed by the grand jury can reveal a great deal about the nature, scope, and purpose of a secret grand jury investigation . . . [a]nd it is clear that such things as scope and direction of the grand jury investigation constitute 'matters occurring before the grand jury' and are therefore protected from disclosure by the provisions of Rule 6(e)"); *In re Sulfuric Acid Antitrust Litigation*, 2004 WL 769376 *1-2 (N.D. Ill. April 9,

2004) (request for production seeking all documents produced by defendants in connection with grand jury investigation denied as seeking production of matters occurring before the grand jury in violation of Rule 6(e)); *Board of Ed. Of Evanston Twp. High School Dist. No. 205 v. Admiral Heating & Ventilation, Inc.*, 513 F.Supp. 600, 605 (N.D. Ill. 1981) (plaintiff's document request for all documents submitted by defendants to the grand jury effectively sought disclosure of "grand jury proceedings" and plaintiff failed to show particularized need).

The Special Master's decision is also inconsistent with established Ninth Circuit law. Although the Special Master's analysis is not set out in his ruling, he appears to have concluded that a request for documents produced to a grand jury can never impinge upon the rule of grand jury secrecy. For example, he concludes, "Defendants are not being requested to produce . . . any information regarding grand jury witnesses, testimony, or proceedings. What is at issue are simply documents….not anything that discloses what was done within the grand jury." R&R at 6.[4] However, in *Dynavac,* the Ninth Circuit criticized this type of analysis, holding that a "per se approach, which never classifies documents as 'matters occurring before the grand jury'" is "under-inclusive." 6 F.3d at 1412 (rejecting per se approach).[5] Instead, *Dynavac* adopted the "effect" test, which instructs lower courts to determine whether "disclosure of a particular

---

[4] The Special Master's conclusion that documents are "per se" not grand jury materials was foreshadowed at the February 13, 2008, hearing:

JUDGE LEGGE: I have a difficult time with the claim that information requested from a third party about what is said to a grand jury is grand jury protection [sic]. Rule 6 exists primarily to protect what goes on within the grand jury: what witnesses are called; what the witness said; who took the Fifth or who didn't take the Fifth; what they are going to do next; the deliberations; their arguments with one another; the arguments the US attorneys make to them, and their response to the US attorneys.

That is what Rule 6 is about.

MS. BOERSCH: Correct.

JUDGE LEGGE: And I don't think a person supplying information to a grand jury – that information is cloaked by a grand jury privilege.

Exhibit 6 (Hearing in Re Discovery Issues, February 13, 2008, at 98-99).

[5] The *Dynavac* court's rejection of the per se approach cuts both ways. The Ninth Circuit instructed lower courts to reject both the "under-inclusive" per se approach of never considering documents "grand jury material" and the "over-inclusive" per se approach of always considering documents "grand jury material." Defendants are careful to note that they are not advocating an over-inclusive approach, either. Civil parties may compel disclosure when the document is "sought for its own sake," *Dynavac,* 6 F.3d at 1411, but that simply is not the case here. *See, e.g.,* Letter Brief at 3-4.

requested item will reveal some secret aspect of the inner workings of the grand jury" before compelling production of those documents *Id.* at 1413.

The Special Master's decision misapplies *Dynavac* in a second respect. Not only does it ignore the framework established by the Ninth Circuit for analyzing the issues presented in this case, the Recommendation concludes the result reached in *Dynavac* controls here. See R&R at 6.[6] It does not. Significant factual differences lie between this case and *Dynavac*. In *Dynavac,* the Court required production of documents produced to the grand jury where the party holding the documents was refusing to produce the documents *solely* on the grounds that they had been produced previously to a grand jury. 6 F.3d at 1410. Here, Defendants are not declining to produce any relevant document merely on the grounds that the document was produced to the grand jury. Instead, Defendants object to Oracle's requests because it seeks grand jury information rather than any particular document for its own intrinsic value. *Cf. Sulfuric Acid*, 2004 WL 769376 at *5 (issue was not whether defendants could withhold a relevant document just because it was produced to the grand jury, but whether plaintiffs were entitled to seek documents merely because they were produced to the grand jury). If Oracle propounds a legitimate discovery request to Defendants for particular documents, those documents will be, and in fact many have already been, produced to Oracle regardless of whether they have also been produced to the grand jury.

Moreover, the grand jury proceedings in *Dynavac* had concluded and an indictment had been returned, and therefore there was no fear of compromising an ongoing grand jury investigation. 6 F.3d at 1410-11. Here, the grand jury investigation is ongoing. To Defendants' knowledge, no charges have been brought against anyone. Allowing Oracle to determine who the grand jury is investigating and what documents the grand jury considers important to its investigation would, therefore, compromise the integrity of the grand jury. More troubling,

---

[6] Although Oracle relied on it and the Special Master cited it, *United States v. Reyes*, has no bearing on the issues presented here. 239 F.R.D. 591 (N.D.Cal. 2006). That case addressed a subpoena served upon third party law firms pursuant to Fed. R. Crim. P. 17(c), and in particular, whether the law firms could quash the subpoena by asserting the attorney client privilege. The case did not involve grand jury materials and the moving party was not seeking documents produced to a grand jury. *Id.* at 602-04.

however, is that doing so would also subject individuals and entities that the grand jury may be investigating to unnecessary and unfair scrutiny by a civil litigant and the public before any determination is made as to whether any wrong has been done.

The production of all documents subpoenaed and reviewed by a grand jury would reveal grand jury matters because, as the cases cited above suggest, knowledge of *which* documents the grand jury has subpoenaed says much about the nature and scope of the grand jury's investigation. This principle is also illustrated in cases discussing the work product privilege. For example, it is well settled that the selection and compilation process of documents by counsel in preparation for litigation "falls within the highly protected category of opinion work product." *Sporck v. Peil,* 759 F.2d 312, 315, 316 (3d Cir. 1985) (reversing district court decision that the selection process of documents was not protected). In *Sporck,* the Third Circuit held that the selection process of defense counsel in grouping certain documents together out of the thousands produced for litigation was entitled to protection under the work product doctrine.[7] *Id.* The so-called *Sporck* rule is informative to the issue here. Just as counsel's selection of documents reveals matters protected from disclosure by the work product privilege, the grand jury's selection of documents to review reveals grand jury matters protected from disclosure under Rule 6(e).

In sum, compliance with Oracle's request for all documents subpoenaed by the grand jury would reveal matters occurring before the grand jury, in violation of Rule 6(e), and the Special Master's ruling to the contrary should be overturned.

---

[7] California Federal District courts follow the *Sporck* rule. *See, e.g., U.S. ex. rel. Bagley v. TRW*, 212 F.R.D. 554, 564 (C.D.Cal. 2003) (affirming earlier order that "the selection of documents does convey information about an attorney's mental impressions or strategy pertaining to a case, and therefore constitutes opinion work product, although the extent to which it does varies from case to case."); *accord Central Valley Chrysler-Jeep v. Witherspoon,* 2006 WL 2600149, *3 (E.D.Cal. September 11, 2006). This District has also recognized the *Sporck* rule: "While individual fact documents may itself be discoverable, circumstances exist where the "selection and compilation of documents by counsel ... in preparation for pretrial discovery" may reveal an attorney's thought processes and fall within the protection of the work product doctrine." *Plumbers & Pipefitters Local 572 Pension Fund v. Cisco Systems, Inc.,* 2005 WL 1459555, *6 (N.D.Cal. June 21, 2005) (citing *Sporck,* 759 F.2d 312).

## II. The Special Master's Ruling Will Eviscerate Grand Jury Secrecy in Any Grand Jury Investigation Involving Parties to Civil Litigation

The Special Master's ruling, if allowed to stand, will eviscerate the rules of grand jury secrecy in any investigation involving the parties to a civil dispute. As the district court in *Admiral Heating* warned: "Grand jury confidentiality would be emasculated if a party seeking discovery of its proceedings could do so by routinely obtaining that information from potential (or as in this case actual) defendants." 513 F.Supp. at 604. Carried to its logical extreme, the Special Master's ruling here opens the door to the grand jury room when there is a pending civil action involving the same or similar conduct. For example, the Special Master's ruling would allow the subject or target of a grand jury investigation who is also a civil litigant to compel victims (or witnesses) to disclose evidence of the alleged crime that they have provided to the grand jury. Subjects or targets of grand jury investigations who have not committed any crime and who are never charged with a crime could be tarred and feathered by an overzealous civil litigant who will now have access to the grand jury room. The Special Master's Recommendation allows any civil litigant to use the grand jury to obtain evidence that has traditionally, and for sound reasons, been kept secret. By compelling the Defendants to produce the same documents they provided to a federal grand jury, without any showing of relevancy to Oracle's civil claims or of a particularized need, the Special Master has effectively propped wide open a door that demands to be guarded more closely.

District courts are responsible for securing the integrity of grand jury proceedings. This is accomplished, in part, by protecting the identity and testimony of victims, witnesses, and the subjects of grand jury investigations. *See Admiral Heating*, 513 F. Supp. at 604 (district court has a duty in following 6(e) to protect individuals and corporations who may have provided information to grand jury from public scrutiny). One of the purposes of protecting the secrecy of grand jury proceedings is to encourage witnesses to testify freely by promising that their testimony or what evidence they provide to the grand jury will remain confidential. *See State of Texas v. United States Steel Corp.*, 546 F.2d 626, 629 (5th Cir. 1977) (one purpose of grand jury secrecy is "the desire to create a sanctuary, inviolate to any intrusion except on proof of some

special and overriding need, where a witness may testify, free and unfettered by fear of retaliation"). The Special Master's recommendation, however, would allow a civil litigant to compel witnesses to disclose those grand jury matters with no showing of need, and thus it threatens to undermine the willingness of witnesses to come forward and testify truthfully and freely. A witness who knows his testimony would be routinely available in civil litigation, "may well be less willing to speak for fear that he will get himself into trouble in some other forum." *Sells Engineering*, 463 U.S. at 432.

Finally, the Special Master's ruling not only emasculates grand jury secrecy, it also "threatens to subvert the limitations" placed on litigants by the federal rules of civil procedure, limitations that "exist for sound reasons – ranging from fundamental fairness to concern about burdensomeness and intrusiveness." *Sells Engineering* at 433. The Special Master's ruling allows Oracle to ignore the requirements of the civil discovery rules by simply piggy-backing on the work of a grand jury.

**III.   The Special Master's Conclusion That Oracle's Requests Seek Relevant Documents is Erroneous**

The Special Master also erred in concluding that the documents Oracle requests "are certainly relevant, because they specifically refer to documents relating to the allegations in this case." R&R at 6. Given the rules of grand jury secrecy, neither the Special Master, Oracle, nor Defendants know whether, much less how, any of the grand jury's requests for documents relate to Oracle's allegations in the civil lawsuit. While Defendants know what documents they have been asked to produce, they cannot know, without speculation, whether or to what extent the government's investigation relates to the allegations Oracle makes in the civil lawsuit. Neither the government nor the grand jury will reveal the nature, scope, or direction of its investigation. While Oracle contends that the "Defendants themselves publicly disclosed that the government's investigation is addressed to the conduct Oracle alleges in the Complaint," (Letter Brief at 2), a review of the public statements Oracle cites shows this contention to be wrong. *See* SAP July 3, 2007 Press Release, available at www.tnlawsuit.com ("The United States Department of Justice

has requested that SAP and TomorrowNow provide certain documents. SAP and TomorrowNow intend to fully cooperate with the request.").

For the same reasons the requests are overbroad. Oracle has asked for "all" documents produced to the grand jury. Its request is not limited to documents that are also responsive to Oracle's civil discovery requests or even to documents that are relevant to Oracle's allegations, and Oracle has not adduced any evidence to demonstrate that "all" documents requested by the grand jury are relevant to Oracle's current claims. Some documents produced to the grand jury may be relevant, but it hardly follows from that assumption that all of those documents are relevant. The government may be investigating conduct different from that alleged by Oracle, it may be investigating entities other than those accused by Oracle, and it may be investigating individuals who have not been singled out by Oracle in the civil suit. The mere fact that the government began its investigation concurrently with Oracle's initiation of this civil lawsuit does not demonstrate that everything relevant to the criminal investigation is presumptively relevant to the civil lawsuit. Thus, the Special Master's assumption of relevance lacks any objectively reasonable basis.

## **CONCLUSION**

For the foregoing reasons and based on the record herein, the Special Master's recommendation that the Defendants be required to comply with Oracle's request for documents produced to the grand jury should be rejected.

Dated: March 18, 2008                                JONES DAY


By: _____
     Jason McDonell

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

SFI-579753v3