BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway
M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
  Oracle Corporation, Oracle USA, Inc.,
  and Oracle International Corporation

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice)*
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
  SAP AG, SAP AMERICA, INC., and
  TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, *et al.,* | Case No. 07-CV-1658 PJH (EDL) |
| Plaintifs, | **JOINT DISCOVERY UPDATE** |
| v. | |
| SAP AG, *et al.*, | |
| Defendants. | |

Pursuant to the Court's May 29, 2008 Order, Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation (collectively, Oracle) and Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, Defendants and together with Oracle, the "Parties") submit this Joint Discovery Update. The Parties continue to make progress on the discovery issues addressed at the May 28, 2008 discovery conference and are meeting and conferring to resolve remaining issues.

**1. Discovery Limitations**

The Parties are discussing three primary limits on discovery: restrictions on the number of custodians whose documents must be reviewed and produced, use of search terms, and use of targeted searches. Each is addressed below.

**a. Number of Custodians**

The Parties have not yet reached agreement on a numerical limit of Party custodians who, in the regular course of their employment, would be expected to have received, prepared or have custody of potentially responsive documents related to that custodian's work and that would (subject to the search term limits described below) require review. The Parties agree in concept to limiting the number of custodians, provided suitable alternatives to the responsive custodial information exist, there is flexibility to identify custodians as discovery progresses and warrants, and a fair and reasonable agreement is reached regarding how that custodian limitation will affect what, if any, inferences may be drawn from the documents actually produced. The Parties continue to meet and confer in good faith on this subject, and Defendants have agreed to provide further information regarding: (a) the timing of production and volume of documents for the custodians Oracle has initially requested and going forward, and (b) the cost, per custodian, of reviewing and producing documents, because Defendants intend to continue asserting the cost of discovery as a justification for limiting discovery. The Parties are also meeting and conferring over whether Oracle should be required to produce documents from the same number of custodians as the Defendants.

**b. Search Terms**

The Parties exchanged lists of search terms that can be used by each Party as a means of

JOINT DISCOVERY UPDATE
Case No. 07-CV-1658 PJH (EDL)

narrowing the scope of a custodian's electronic documents to be reviewed.  The Parties continue to meet and confer regarding the list of relevant search terms and their respective testing and validation of such terms.  Oracle believes that it has sufficiently tested and validated a set of search terms with results that should allow Oracle to apply these search terms to its document collection regardless of the outcome of Defendants' testing.  Defendants contend that they are unable to determine whether Oracle's process was sufficient and whether they can agree with Oracle's position without first reviewing backup data for Oracle's testing and validation process.  Oracle has agreed to provide Defendants with backup data for its testing and validation process, that is comparable to the data provided by Defendants.  The Parties remain hopeful that, with further efforts to refine the terms to capture the responsive documents on both sides, an agreement can be reached without judicial action.

### c. **Targeted Searches**

The Parties agree that conducting targeted searches of custodian and/or company files for particular documents or types of documents is another appropriate discovery tool.  The Parties also agree that there must be some limits to targeted searches so that they do not become unduly burdensome.  Oracle provided a preliminary list of targeted searches.   Defendants are currently working on the list of targeted searches that they will propose to Oracle.  The Parties will continue to meet and confer after they finalize the exchange of their lists of proposed targeted searches and their procedures for conducting targeted searches.  Oracle believes that early production and evaluation of Defendants' targeted search requests will impact Oracle's ability to assess the adequacy of Defendants' limited custodial production.  Defendants disagree because they claim:  (a) the issues of targeted searches and custodian limits are not directly related, and (b) these issues must be decided concurrently and not sequentially in order to maintain the current discovery timetable.

### 2. **Privilege Issues**

#### a. **Privilege Logs**

In the May 29, 2008 Order Following Discovery Conference, Judge LaPorte amended the Court's standing order regarding privilege logs as follows:  (1) privilege logs are due within forty-

JOINT DISCOVERY UPDATE
Case No. 07-CV-1658 PJH (EDL)

five days of the production, where the forty-five day period begins to run from the production from which the privileged material was withheld, and (2) communications with outside counsel, and communications occurring after March 22, 2007 and involving in-house counsel, need not be logged or disclosed. Since the issuance of this order, the Parties have met and conferred regarding the categories of information required to be logged about each privileged document and whether an agreement can be reached to provide the detailed information required under Judge LaPorte's Standing Order for a reasonable number of specifically requested entries rather than every entry. The Parties have agreed that they will not at this time redo their existing privilege logs to include all of the information required by the standing order, and will continue to generate privilege logs going forward in the same manner as they have in the case up to this point. The Parties are also meeting and conferring regarding the manner and logistics for the Parties to request and provide the more detailed information, required by the Standing Order, for documents of interest identified on the privilege logs.

      **b.**      **Defendants' Assertion of Inadvertent Production of Privileged Documents**

The Parties are also meeting and conferring about Defendants' most recent claw-back of documents, which includes a list of 87 separate entries, which Defendants indicated includes many duplicates.

      **3.**      <u>**Discovery Timeline**</u>

Oracle believes that discovery has revealed good cause to extend the previously agreed upon January 1, 2004 discovery relevance start date back to January 1, 2002 and extend the discovery collection date forward to the present date. However, Oracle is willing to limit the types of documents and custodians that would be subject to these production extensions. Defendants are willing to consider reciprocal extensions of the discovery timeline, but believe that such extensions must be limited by subject matter and custodians. The Parties continue to meet and confer on this issue.

*****

The Parties continue to meet and confer on additional outstanding discovery issues, which

will be addressed in more detail in the Discovery Conference Statement to be filed on June 24, 2008. Further, the Parties expect to have their positions on all of the issues discussed in this discovery update defined by the Discovery Conference scheduled for July 1, 2008, and will be able to discuss either their agreement or, failing agreement, their respective positions with the Court at that time.

DATED: June 11, 2008

JONES DAY

By: /s/ Jason McDonell
    Jason McDonell

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

In accordance with General Order No. 45, Rule X, the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.

DATED: June 11, 2008

BINGHAM McCUTCHEN LLP

By: /s/ Geoffrey M. Howard
    Geoffrey M. Howard

Attorneys for Plaintiffs
Oracle Corporation, Oracle International
Corporation, and Oracle USA, Inc.