United States District Court
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE CORPORATION, et al.,

    Plaintiffs,

  v.

SAP AG, et al.,

    Defendants.

No. C-07-01658 PJH (EDL)

**ORDER OVERRULING IN PART DEFENDANTS' OBJECTIONS TO SPECIAL MASTER REPORT AND RECOMMENDATIONS REGARDING GRAND JURY DOCUMENTS AND COMMUNICATIONS BETWEEN EMPLOYEES OF PARTIES**

On February 22, 2008, Judge Charles A. Legge issued his first Special Master Report and Recommendation, recommending, inter alia, that Defendants produce documents responsive to Plaintiffs' requests for production of documents 55 and 84 regarding documents produced to the grand jury. On March 19, 2008, Judge Legge issued his second Special Master Report and Recommendation, recommending, inter alia, that Plaintiffs' response to Defendants' requests for production of documents 25 and 26 be limited to documents that Plaintiffs had already collected in response to other requests for production. On May 16, 2008, in accordance with the briefing schedule ordered by this Court, Defendants filed objections to both of these recommendations. Defendants' objections were fully briefed and the Court held a hearing on July 1, 2008. Review of the Special Master's recommendations is de novo. See Fed. R. Civ. P. 53(f)(4).

**Grand jury documents**

Plaintiffs' requests for production 55 and 84 seek:

> All documents relating to Department of Justice, Federal Bureau of Investigation, or other federal, states or local government agency's request or investigation into the allegations in the First Amended Complaint, including without limitation all Documents provided by you to any such agency in response to a request or

investigation of those allegations.

Declaration of Jason McDonnell Ex. A, Ex. B. The dispute centers on whether Defendants must produce documents in this case that Defendants produced in response to a grand jury subpoena from the U.S. Attorney's Office (although not the subpoena itself or cover letters, according to Defendants). Judge Legge held that Defendants were required to do so, finding that the documents were "certainly relevant, because they specifically refer to documents relating to the allegations in this action. And in a press release Defendants linked the governmental request for information with this action." McDonnell Decl. Ex. 3 at 6; Declaration of Holly House Ex. A (press release). Judge Legge disagreed that production was barred by Federal Rule of Criminal Procedure 6(e) because "Defendants are not being requested to produce anything done by a grand jury, anything said during a grand jury proceeding, any grand jury testimony, or any information regarding grand jury witnesses, testimony or proceedings." McDonnell Decl. Ex. 3. Rather, Judge Legge determined that "[w]hat is at issue here are simply documents which defendant assembled for production to the United States Attorney" so the request was not protected by Rule 6(e). Id. (emphasis in original).

Rule 6(e) protects the secrecy of grand jury proceedings. The rule provides that grand jurors, government attorneys and other specified categories of people attached to the grand jury are forbidden to disclose matters occurring before the grand jury. See Fed. R. Crim. P. 6(e)(2)(B). The Rule specifically provides that: "No obligation of secrecy may be imposed on any person except in accordance with Rule 6(e)(2)(B)." Fed. R. Crim. P. 6(e)(2)(A). Witnesses are not under the obligation of secrecy. See United States v. Sells Engineering, 463 U.S. 418, 425 (1983).

At the hearing, Defendants conceded that they do not fall within any of the categories of persons obligated to secrecy under Rule 6(e)(2)(B), and acknowledged that if they fit any category it would be as a witness. In the capacity of a witness, Defendants are not under an obligation of secrecy and under Rule 6(e) may voluntarily disclose documents that they gave to the grand jury. Yet they maintain that this Court cannot compel production of documents provided to the grand jury, thus putting the protection of the purportedly paramount privilege of grand jury secrecy in their discretion -- an unusual way to ensure that the privilege is safely protected. This Court finds persuasive the reasoning of In re Sunrise Securities Litigation, 130 F.R.D. 560 (E.D. Pa. 1989) in

rejecting this argument:

> Thus Blank Rome's argument is that the Court can compel it to produce the documents it does not wish to produce only upon a showing of particularized need; it takes this position even though under Rule 6(e) if it wished to produce these same documents, the Court could not impose any obligation of silence. In effect, Blank Rome argues for adoption of a "grand jury privilege," purportedly intended to protect the secrecy of grand jury proceedings, which could be waived or asserted by a party at will without regard for the secrecy of grand jury proceedings. But adoption of such a privilege clearly would not protect the secrecy of grand jury proceedings, and would extend the holdings of William Iselin [& Co., Inc. v. Ideal Carpets, Inc., 510 F. Supp. 343 (N.D. Ga. 1980)] and State of Texas [v. United States Steel Corp., 546 F.2d 626 (5th Cir. 1977)] far beyond protection of grand jury testimony or documents.

Sunrise Securities, 130 F.R.D. at 574-75.

Even assuming, arguendo, that a witness could raise the issue of grand jury secrecy, disclosure to Plaintiffs of only the subset of documents presented to the grand jury that have not been previously produced in this case, as proposed by this Court, would not violate Rule 6(e). The "touchstone of Rule 6(e)'s applicability is whether the disclosed materials would 'elucidate the inner workings of the grand jury.'" United States v. Benjamin, 852 F.2d 413, 417 (9th Cir. 1988), overruled on other grounds by United States v. Spillone, 879 F.2d 14, 520 (9th Cir. 1989). There is no blanket prohibition on discovery of documents submitted to the grand jury even by government attorneys in different proceedings. "Rule 6(e) 'is intended only to protect against disclosure of what is said or takes place in the grand jury room . . . it is not the purpose of the Rule to foreclose from all future revelation to proper authorities the same information or documents which were presented to the grand jury.'" United States v. Dynavac, Inc., 6 F.3d 1407, 1411 (9th Cir. 1993) (quoting United States v. Interstate Dress Carriers, Inc., 280 F.2d 52, 54 (2d Cir. 1960).

In Dynavac, the leading case in this Circuit, the Internal Revenue Service served a summons in a civil tax investigation seeking to obtain a company's business records that were previously submitted to a grand jury. The Ninth Circuit began its analysis with the general rule of secrecy imposed on *government* counsel: "With certain exceptions, Rule 6(e) imposes a general rule against disclosure of 'matters occurring before the grand jury' on government attorneys." Dynavac, 6 F.3d at 1411. The Court identified a concern unique to government litigation, which arises in addition to the concern about compromising the integrity of the grand jury process: "[w]hen government attorneys seek grand jury information for use in related civil proceedings . . . possible subversion of

3

the limits otherwise placed on the government's investigative and discovery powers in the civil context" could occur. Id. This concern is, of course, not implicated in this litigation, which involves only private parties represented by private counsel. But even in the case brought by the government, the Ninth Circuit opined that Rule 6(e) does not prohibit disclosure of documents submitted to a grand jury if "a document is sought for its own sake rather than to learn what took place before the grand jury, and if its disclosure will not compromise the integrity of the grand jury process . . . ." Id. at 1411-12 (citing Interstate Dress Carriers, 280 F.2d at 54) (noting that the fear of compromising future grand jury proceedings by disclosure of documents is reduced when the investigation is complete and an indictment has issued, and when the request is for documents created for purposes independent of grand jury investigations). Thus, the court affirmed the denial of the motion to quash the IRS summons. In a footnote, the court noted the possibility that there could be a "rare and unusual case of making a showing that learning *which* documents were subpoenaed by the grand jury may disclose the grand jury's deliberative process." Id. n. 2 (emphasis in original).

This case is not that "rare and unusual case." Production of a subset of grand jury documents in this case is appropriate. Here, as in Dynavac, except to the extent that Plaintiffs' discovery request encompasses summaries or reports of evidence, if any, created in connection with document production to the grand jury, Plaintiffs seek documents that were created for an independent business purpose, not for purposes of the grand jury. Further, as in Dynavac, Plaintiffs requested the documents without mention of the grand jury. Most importantly, however, unlike in Dynavac, the documents in this case are sought from an entity that does not have an obligation of secrecy under Rule 6(e). Although unlike in Dynavac, the grand jury investigation here is ongoing, the Court's proposal for production of only those grand jury documents that have not otherwise been produced will address any potential breach of grand jury secrecy by masking the full extent of the production to the grand jury and therefore providing even less of a window into its inner workings than Defendants state that they fear a full production would entail. At the hearing, Defendants conceded that this production method is "more palatable."

Defendants' argument that a parade of horribles will ensue if they are required to produce these documents, relying on out-of-circuit cases, is not persuasive. See, e.g., Board of Ed. of

4

Evanston Twp. High Sch. Dist. No. 205 v. Admiral Heating & Ventilation, Inc., 513 F. Supp. 600, 604 (N.D. Ill. 1981) ("Grand jury confidentiality would be emasculated if a party seeking discovery of its proceedings could do so by routinely obtaining that information from potential (or as in this case actual) defendants."). Defendants' argument does not account for the cases in which courts have permitted civil discovery of documents produced to grand juries without evident harm to the grand jury process. See, e.g., Dynavac, 6 F.3d at 1411-12.

Accordingly, Defendants' objection to this portion of Judge Legge's February 22, 2008 Report and Recommendation is overruled. No later than July 15, 2008, Defendants shall produce all documents that were produced to the grand jury that have not otherwise been produced during the course of discovery in this matter. Further, Defendants may withhold wholly irrelevant documents such as personal employee e-mails, if any, and redact private information such as social security numbers of employees, and must list any withheld or redacted documents on a log with sufficient specificity to show that the withholding or redaction was proper. Defendants clarified at the hearing that in their productions to the government, they have not waived any attorney-client privilege or work product protection. Accordingly, there should not be any withholding in this case based on privilege or work product.

**Employee communications documents**

Defendant's requests 25 and 26 are at issue:

Request 25: All documents relating to any communications between Oracle, or anyone acting on its behalf, and any current or former TN employee concerning TN, SAP America, or SAP AG.

Request 26: All documents relating to any communications between Oracle, or anyone acting on its behalf, and any person or entity currently or formerly affiliated with TN, concerning TN, SAP America, or SAP AG.

McDonnell Decl. Ex. 4 at 19. Defendants argue that documents responsive to these requests are relevant to its defenses of consent, laches and statute of limitations. Judge Legge found that the scope of these requests was "staggering" and "unreasonable." McDonnell Decl. Ex. 5 at 6. At oral argument before Judge Legge, Defendant stated that its primary interest was in "communications which may have expressed plaintiffs' consent to defendants to use the information at issue." Id. at 6-7. Defendants claimed they had evidence of a communication by Plaintiffs allowing a customer to

5

provide Defendants with a demonstration CD of software that had been licensed to a customer, but Judge Legge found that this evidence was not sufficient to support the broad discovery requests. See id. Judge Legge adopted Plaintiffs' proposal to produce documents responsive to the requests that come from the custodial files that it has already collected: "The Special Master recommends that Oracle be required to produce those things which it has tendered, but that the requests for <u>all communications</u>, and <u>all documents relating to communications</u>, and <u>all employment agreements</u> of Oracle employees who became employees of defendants be denied as overly burdensome and of limited relevance." See id.

The Court concurs with Judge Legge's assessment that Defendants' document requests are extremely and unreasonably overbroad. Moreover, because the requests seek communications between employees of Defendants and employees of Plaintiffs, Defendants should have roughly similar access to such communications through their own files and electronically stored information. At the hearing, Plaintiffs clarified that they were not limiting their search for responsive documents to custodians whose documents were already collected at the time Judge Legge ruled, but instead are searching the files of all custodians, including those identified since or in the future. Although this goes a long way to fulfilling Plaintiffs' search obligations, this Court concludes that Defendants are entitled to a limited amount of additional targeted searches regarding employee communications with TomorrowNow. Targeted searches are limited and reasonably well-defined searches for information in likely sources, which may be performed, for example, by asking relevant employees besides custodians about what relevant documents they have on specific topics, or by searching centralized repositories. Specifically, in addition to searching all custodians for responsive documents, Plaintiffs must conduct some limited additional targeted searches in logical places, such as of relevant centralized repositories, if any, or of a small number of persons similarly situated to or in the same working group as the persons involved in the e-mails that Defendants believe show that relevant employee communications exist showing Plaintiffs' acquiescence in the behavior they now contend was illegal. The parties shall meet and confer to agree on the parameters of such limited

//

//

6

targeted searches, and shall report the results to the Court no later than July 18, 2008.

**IT IS SO ORDERED.**

Dated: July 3, 2008

_Elizabeth D. Laporte_
ELIZABETH D. LAPORTE
United States Magistrate Judge