Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com
Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAP AG, et al., <br><br> Defendants. | Case No. 07-CV-1658 PJH (EDL) <br><br> **DEFENDANTS' OBJECTIONS TO MAGISTRATE JUDGE'S JULY 3, 2008 RULING REGARDING GRAND JURY DOCUMENTS** |

SFI-587353v3

Defs.' Objs. to Magistrate Judge's Ruling
Case No. 07-CV-1658 PJH (EDL)

Dockets.Justia.com

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ..................................................................................................................1

II. REVIEW OF MAGISTRATE RULINGS ...........................................................................1

III. FACTUAL BACKGROUND ................................................................................................1

IV. ARGUMENT .........................................................................................................................3
    A. Defendants May Raise Grand Jury Secrecy Concerns............................................3
    B. Production in Response to Oracle's Blanket Requests for Grand Jury Documents Will Reveal the Workings of the Grand Jury.......................................7

V. CONCLUSION ....................................................................................................................11

# TABLE OF AUTHORITIES

Page

**Cases**

*Board of Ed. v. Admiral Heating & Ventilation, Inc.*
513 F. Supp. 600 (N.D. Ill. 1981) ................................................................................. 10

*In re Doe*
537 F. Supp. 1038 (D.R.I. 1982) .................................................................................. 10

*Douglas Oil Co. v. Petrol Stops Nw.*
441 U.S. 211 (1979) ........................................................................................ 4, 5, 6, 8

*Illinois v. Abbott & Associates, Inc.*
460 U.S. 557 (1983) ........................................................................................................ 5

*Kersting v. United States*
206 F.3d 817 (9th Cir. 2000) ......................................................................................... 8

*In re Special Grand Jury*
674 F.2d 778 (9th Cir. 1982) ......................................................................................... 4

*In re Sulfuric Acid Antitrust Litig.*
No. 1536, 2004 WL 769376 (N.D. Ill. April 9, 2004) ............................................. 6, 10

*In re Sunrise Sec. Litig.*
130 F.R.D. 560 (E.D. Pa. 1989) ................................................................................ 3, 7

*United States v. Dynavac, Inc.*
6 F.3d 1407 (9th Cir. 1993) ................................................................................. passim

*United States v. Interstate Dress Carriers, Inc.*
280 F.2d 52 (2d Cir. 1960) .......................................................................................... 11

*United States v. Procter & Gamble Co.*
356 U.S. 677 (1958) ...................................................................................................... 4

*United States v. Sells Eng'g, Inc.*
463 U.S. 418 (1983) ...................................................................................................... 4

**Statutes**

Fed. R. Civ. P.
  6(a) ................................................................................................................................. 1
  26(e) ............................................................................................................................ 1, 9
  72(a) ............................................................................................................................... 1

Fed. R. Crim. P.
  6(e) ........................................................................................................................ passim
  6(e)(2) ............................................................................................................................ 6
  6(e)(2)(A) ....................................................................................................................... 4
  6(e)(2)(B) .................................................................................................................... 3, 6
  6(e)(3) ............................................................................................................................ 3
  6(e)(3)(E)(i) ................................................................................................................... 3

**Rules**

Civil L.R. 72-2 ..................................................................................................................... 1

# I. INTRODUCTION

This Court should set aside the Magistrate Judge's order compelling Defendants to produce documents in response to a discovery request that specifically seeks grand jury materials. The Magistrate Judge held that private civil litigants may not object to production of the materials on grounds of grand jury secrecy. This holding conflicts with Supreme Court and Ninth Circuit precedent. Alternatively, the Magistrate Judge found that, even if Defendants had standing to object, the production would not disclose the grand jury's inner workings. The requests at issue, however, seek materials solely on the basis of whether Defendants have submitted them to the government in connection with its investigation; the grand jury proceeding is ongoing; and under Fed. R. Civ. P. 26(e), Defendants would need to supplement their production each time they provide additional documents to the grand jury. In these circumstances, the Magistrate Judge's order will give Plaintiff real-time access to the contour and scope of the grand jury's proceedings in violation of Fed. R. Crim. P. 6(e).

# II. REVIEW OF MAGISTRATE RULINGS

Under 28 U.S.C. § 636(b)(1)(A), nondispositive pretrial matters, such as the discovery issue here, may be referred to a Magistrate Judge for hearing and determination. The Court must review a magistrate's nondispositive pretrial orders upon a party's objection, and set aside any part of the order that is "clearly erroneous or is contrary to law." Fed. R. Civ. P. 72(a). A party seeking review of a magistrate judge's order must do so within 10 court days after the order is served. *Id.*; *see* Fed. R. Civ. P. 6(a) (in computing time under rules, intermediate weekends and holidays excluded when period is less than 11 days). If the Court does not issue a briefing schedule within 15 days, the motion will be deemed denied. Civil L.R. 72-2.

# III. FACTUAL BACKGROUND

Plaintiff Oracle's operative First Amended Complaint asserts copyright infringement and various other civil claims. Oracle alleges that Defendant SAP's subsidiary, Defendant TomorrowNow, Inc., in connection with its provision of third party support services to end users, engaged in support activities beyond the scope of those permitted under the users' agreements with Oracle. FAC (Dkt. 31) ¶¶ 35, 70.

1    SAP and TomorrowNow have received and produced documents in response to subpoenas from a federal grand jury. The grand jury's proceedings are secret, and it has not been publicly disclosed what or whom the grand jury is investigating.

At issue here is Oracle's attempt to discover what documents SAP and TomorrowNow have produced to the grand jury. Oracle issued requests for production to SAP and TomorrowNow seeking production of "[a]ll documents relating to Department of Justice, Federal Bureau of Investigation, or other federal, state, or local government agency's request or investigation into the allegations in the First Amended Complaint, *including without limitation all Documents provided by You to any such agency in response to a request or investigation of those allegations*." *See* Declaration of Jason McDonell ("McDonell Decl.") (Dkt. 89), Exs. 1-2 (emphasis added). Defendants objected to these requests because they improperly result in disclosure of the nature, scope, and purpose of grand jury proceedings in violation of Fed. R. Crim. P. 6(e) and the principle of grand jury secrecy. *See id.*

Oracle thereafter moved to compel and the Special Master recommended that Oracle's motion be granted. *See* Report and Recommendation Re: Discovery Hearing No. 1 (Dkt. 66), at 6. SAP timely objected to the Special Master's recommendation, and this Court withdrew the referral to the Special Master and referred the matter to Magistrate Judge LaPorte. *See* Apr. 25, 2008 Order Withdrawing Reference to Special Master and Referring Case to Magistrate Judge (Dkt. 78.)

On July 3, 2008, the Magistrate Judge overruled Defendants' objections and ordered that "[n]o later than July 15, 2008, Defendants shall produce all documents that were produced to the grand jury that have not otherwise been produced during the course of discovery in this matter."[1] Order Overruling in Part Defendants' Objections to Special Master Report and Recommendations Regarding Grand Jury Documents and Communications Between Employees of Parties (Dkt. 106) ("Order"), at 5. With the exception of "wholly irrelevant documents such as personal employee e-mails, if any, and . . . private information such as social security numbers of

---
[1] The Magistrate Judge granted a stipulated extension of this deadline to July 23. (Dkt. 115). Defendants are concurrently moving for an extension of the discovery order pending this Court's review.

employees," Defendants must produce all materials that it has provided and will provide in response to the grand jury's subpoenas. *Id.*

The Magistrate Judge based her ruling on alternative grounds. First, relying on an out-of-circuit decision, the Magistrate Judge ruled that Defendants cannot raise grand jury secrecy concerns because Rule 6(e) does not prohibit Defendants from voluntarily disclosing the same materials. *See* Order at 2-3. Second, the Magistrate Judge ruled that, even if Defendants could raise grand jury secrecy concerns, production of documents provided to the grand jury but not previously produced in this action would not impinge upon grand jury secrecy. *Id.* at 4-5.

## IV. ARGUMENT

### A. Defendants May Raise Grand Jury Secrecy Concerns.

The Magistrate Judge ruled that Defendants may not object on the basis of grand jury secrecy because Defendants do not fall into any of the categories of individuals whom Rule 6(e) binds to secrecy. Order at 2-3. Because Defendants are not *bound* to secrecy, the Magistrate Judge reasoned, it would be anomalous to allow them to *raise* secrecy concerns as a defense to production. *Id.* In support of this position, the Magistrate Judge relied on a decision issued by a district court in Pennsylvania. *Id.* (citing *In re Sunrise Sec. Litig.*, 130 F.R.D. 560 (E.D. Pa. 1989)). The Magistrate Judge's ruling is contrary to Supreme Court and Ninth Circuit precedent and should be set aside.

Rule 6(e) imposes a general obligation of secrecy on certain categories of persons, including (i) grand jurors, (ii) interpreters, (iii) court reporters, (iv) operators of recording devices, (v) persons who transcribe recorded testimony, (vi) government attorneys, and (vii) government personnel who assist government attorneys. Fed. R. Crim. P. 6(e)(2)(B). This general obligation of secrecy is subject to enumerated exceptions. Fed. R. Crim. P. 6(e)(3). Among other exceptions, the Court may order disclosure of grand jury materials in connection with a judicial proceeding. Fed. R. Crim. P. 6(e)(3)(E)(i). Parties seeking disclosure of grand jury materials pursuant to this exception "must show that the material they seek is needed to avoid a possible injustice in another judicial proceeding, that the need for disclosure is greater than the need for

continued secrecy, and that their request is structured to cover only material so needed." *Douglas Oil Co. v. Petrol Stops Nw.*, 441 U.S. 211, 222 (1979).

Although no *obligation* of secrecy may be imposed except in accordance with Rule 6(e), Fed. R. Crim. P. 6(e)(2)(A), Rule 6 does not define the Court's and the government's interest in protecting grand jury secrecy. *See In re Special Grand Jury*, 674 F.2d 778, 781 (9th Cir. 1982) ("[I]t cannot be assumed . . . that the whole grand jury secrecy doctrine is encapsulated within the four corners of Rule 6(e). It remains to be considered whether the proposed order would violate the secrecy doctrine even though it did not violate Rule 6(e)."). Witnesses are not bound to secrecy, but not because the courts or the government are indifferent to disclosure of grand jury secrets by such witnesses. Instead, the concern of the drafters apears to have been that imposing an obligation of secrecy on witnesses could interfere with a criminal defendant's Sixth Amendment right to effective assistance of counsel. *See* Fed. R. Crim. P. 6(e), advisory committee's note (imposing secrecy on witnesses "may lead to injustice if a witness is not permitted to make a disclosure to counsel or an associate"). This does not mean, however, that the witness has no interest in not being compelled to disclose grand jury materials when the witness wishes to maintain secrecy. Nor does it mean the Court and the government are unconcerned about secrecy in that circumstance. To the contrary, "[i]n the absence of a clear indication in a statute or Rule, [courts] must always be reluctant to conclude that a breach of [grand jury] secrecy has been authorized." *United States v. Sells Eng'g, Inc.*, 463 U.S. 418, 425 (1983); *see also United States v. Procter & Gamble Co.*, 356 U.S. 677, 682 (1958) (the "indispensable secrecy of grand jury proceedings must not be broken except where there is a compelling necessity" (internal quotation marks and citation omitted)).

Here, however, the Magistrate Judge in essence adopted a *per se* rule that private parties may not raise grand jury secrecy concerns because Rule 6(e) does not bind them to secrecy. Order at 2-3. Such a rule is inconsistent with the "long-established policy that maintains the secrecy of the grand jury proceedings in the federal courts," *Procter & Gamble*, 356 U.S. at 681, and on the various cases in which courts have analyzed grand jury secrecy concerns raised by private parties.

In *Douglas Oil Co.*, for example, the defendants were in possession of copies of transcripts of grand jury testimony given by their employees. 441 U.S. at 216. Plaintiffs sought production of the transcripts from defendants in civil discovery. *Id*. Upon defendants' objections, the plaintiffs abandoned the effort and instead petitioned the district court to release the grand jury materials. *Id*. The district court granted the petition and the Ninth Circuit affirmed, but the Supreme Court reversed. *Id.* at 216-17, 231. Before turning to the merits, the Supreme Court addressed whether defendants had standing to object to the disclosure of grand jury materials. *Id.* at 218 n.8. Although the defendants possessed the same grand jury transcripts and could voluntarily disclose them, the Court held that defendants could object: "the interest [defendants] assert is one legally protected under the Court's rulings concerning grand jury secrecy. One of the several interests promoted by grand jury secrecy is the protection of the innocent accused from disclosure of the accusations made against him before the grand jury." *Id.*; *see also id.* at 219 ("[B]y preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule."). The Court went on to hold that release of the grand jury materials was an abuse of discretion. *Id.* at 228-29; *see also Illinois v. Abbott & Associates, Inc.*, 460 U.S. 557, 563 (1983) (private civil litigants and former targets of grand jury investigations intervened to oppose disclosure of grand jury matters to state attorney general by the U.S. attorney general).[2]

---

[2] The Supreme Court quoted the District Court's discussion of the harm to the private litigants that would result from disclosure:

> Petitioners have simply requested the release of them of all of the grand jury material. In their quest for information grand juries often acquire reams of documents and hours of testimony later to be found irrelevant to the investigation or the final charge. Its wholesale disclosure could be embarrassing, if not destructive of third parties or of unindicted individuals and corporations concerned when witnesses are called upon to testify or furnish evidence which involves them. This is one of the principal reasons why grand jurors are sworn to secrecy. It is the duty of the court in following 6(e) to protect from public scrutiny and injury such individuals and corporations. Petitioners after having done little more than filing a suit, seek an all-encompassing, unparticularized general type of full disclosure which by the very nature of the request would defeat the spirit and rule of *Procter & Gamble* and *Douglas Oil* [citation omitted]. Their request offends the common-law concern for the traditional protection of the innocent that has been built into our grand jury system from its earliest conception.

460 U.S. at 564 n.8.

1    Likewise, in *United States v. Dynavac, Inc.*, 6 F.3d 1407 (9th Cir. 1993), the Ninth Circuit
2    allowed private civil defendants to object to document requests on the basis of grand jury secrecy.
3    In that case, an IRS agent issued administrative summonses seeking business records from three
4    private individuals. *Id.* at 1410. The individuals objected on the basis of Rule 6(e) because they
5    had previously submitted the records to the grand jury. *Id.* The individuals, as subjects of a
6    criminal investigation, had no obligation of secrecy with regard to the grand jury proceedings.
7    *See* Fed. R. Crim. P. 6(e)(2)(B) (listing categories of persons bound to secrecy). The Ninth
8    Circuit nevertheless addressed the defendants' objections that the summonses would impinge on
9    grand jury secrecy. *Id.* at 1410-14. Although the court ultimately allowed production of
10   documents that had been submitted to a grand jury, the basis for the court's decision was *not* that
11   grand jury secrecy may be ignored if the objecting party is not itself bound to secrecy under Rule
12   6(e)(2). Instead, the Ninth Circuit held that under the particular circumstances of the case,
13   production would not compromise grand jury secrecy. *Dynavac*, 6 F.3d at 1414. Although not
14   explicitly addressed by the Ninth Circuit, *Dynavac* supports the proposition that a court must
15   analyze grand jury secrecy concerns even when documents are sought from a private party. *See
16   also, e.g., In re Sulfuric Acid Antitrust Litig.*, No. 1536, 2004 WL 769376, at *2 (N.D. Ill. Apr. 9,
17   2004) (private parties may raise grand jury secrecy concerns).
18       The Magistrate Judge nevertheless believed it would be "unusual" to allow parties not
19   bound by secrecy to protect secrecy concerns. Order at 2. To the contrary, not allowing
20   witnesses to raise grand jury secrecy concerns provides litigants with an end run around the
21   proper procedure for seeking release of grand jury materials. Rather than having to show a
22   particularized need for disclosure greater than the need for continued secrecy, *see, e.g.*, *Douglas
23   Oil Co.*, 441 U.S. at 222, litigants could and almost certainly would use the liberal rules of civil
24   discovery to obtain the same information. In addition to requests for production seeking all
25   materials provided to the grand jury, nothing would stop a party from propounding interrogatories
26   seeking the identities of all party witnesses who testified before the grand jury and the contents of
27   that testimony, or asking any deponent about his or her grand jury testimony. If allowed to stand,
28

the loophole created by the Magistrate Judge's order will surely erode the confidentiality of grand jury proceedings.

Relying solely upon *Sunrise Securities*, the Magistrate Judge reasoned that allowing a witness to resist production of materials produced to a grand jury would "put[] the protection of the purportedly paramount privilege of grand jury secrecy in [the witness's] discretion," thereby creating a "grand jury privilege." Order at 2-3 (quoting *Sunrise Securities*, 130 F.R.D. at 574-75). Unlike in *Sunrise Securities*, however, Defendants here are not refusing to produce properly requested documents relevant to Oracle's claims and are not invoking any "grand jury privilege" to refuse to produce any particular document. 130 F.R.D. at 574. Instead, Defendants object solely to the form of Oracle's blanket request for *all documents produced to the grand jury* because such a production will reveal the nature and scope of the grand jury proceedings.

The Magistrate Judge's erroneous conclusion that Defendants may not raise grand jury secrecy concerns also informed the alternative basis for the ruling, namely, that disclosure of the grand jury materials would not impact grand jury secrecy. *See* Order at 4 ("Most importantly, however, unlike in *Dynavac*, the documents in this case are sought from an entity that does not have an obligation of secrecy under Rule 6(e)."). Given the centrality of this ruling to the Magistrate Judge's decision, this Court should set aside the Order and issue a briefing schedule to decide this matter. *See* Civil L.R. 72-2.

**B. Production in Response to Oracle's Blanket Requests for Grand Jury Documents Will Reveal the Workings of the Grand Jury.**

The Magistrate Judge also ruled that, even if Defendants were able to object to production based on grand jury secrecy concerns, their production in response to the document requests at issue will not disclose the grand jury's deliberative process. Order at 3-5. This ruling is clearly erroneous. Not only are the document requests at issue specifically formulated to obtain grand jury materials *solely because they are grand jury materials*, but production in response to the requests will give Oracle nearly contemporaneous access to the direction, scope, and strategy of the grand jury's investigation.

Rule 6(e) does not forbid release of documents provided to a grand jury if the documents are "sought for [their] own sake rather than to learn what took place before the grand jury, and if [their] disclosure will not compromise the integrity of the grand jury process." *Dynavac*, 6 F.3d at 1411-12); *see also Kersting v. United States*, 206 F.3d 817, 821 (9th Cir. 2000) ("The law . . . is clear that business records sought for *intrinsic value* are admissible, even if the same documents were *also presented to the grand jury*. The only exception . . . is if the material reveals a secret aspect of the grand jury's workings" (emphasis added and citations omitted)). In *Dynavac*, the Ninth Circuit expressed skepticism that "the disclosure of business records independently generated and sought for legitimate purposes" would compromise grand jury secrecy, but the Ninth Circuit "allow[ed] for the possibility in a rare and unusual case of making a showing that learning *which* documents were subpoenaed by the grand jury may disclose the grand jury's deliberative process." *Dynavac*, 6 F.3d at 1412 & n.2.

This is precisely the case to which the Ninth Circuit alluded. The document requests at issue do not identify categories of documents for their own sake (*i.e.*, by subject matter or some other relevant characteristic intrinsic to the documents) but rather seek documents specifically based on whether Defendants provided them the grand jury. The requests at issue here seek:

> All documents relating to Department of Justice, Federal Bureau of Investigation, or other federal, state, or local government agency's request or investigation into the allegations in the First Amended Complaint, including without limitation all Documents provided by You to any such agency in response to a request or investigation of those allegations.

McDonell Decl., Exs. A-B. That Defendants submitted the documents to the grand jury is not an incidental fact about the documents requested; it is the very basis of the request. This is a key fact that distinguishes this case from *Dynavac*, in which the IRS sought books and records of the individuals to assess tax liability regardless of whether those documents were ever submitted to a grand jury. 6 F.3d at 1410. Unlike in *Dynavac*, Defendants have not objected to production of documents also given to the grand jury, but object to requests that specifically seek documents based on whether they were provided to the grand jury.

In addition, here the grand jury investigation is ongoing. In *Dynavac*, the grand jury had completed its investigation and therefore "only 'institutional' concerns [were] implicated by the documentary disclosure." 6 F.3d at 1412; *see id.* at 1415. In *Douglas Oil Co.*, the document requests at issue were issued after the grand jury had completed its investigation and all criminal defendants had pleaded no contest. 441 U.S. at 215-16. In this case, however, because the grand jury investigation is still proceeding, not only could the initial production reveal the targets of the grand jury's investigation (*e.g.*, whose email files the grand jury requested), but Defendants have a continuing obligation to supplement their document productions. Fed. R. Civ. P. 26(e). Whenever Defendants receive and respond to a new grand jury subpoena, Rule 26(e) would require them to produce the same documents to Oracle. This will give Oracle contemporaneous access to the direction, scope, and strategy of the grand jury's investigation.

The Magistrate Judge gave five reasons for concluding that production of the documents will not impact grand jury secrecy. Order at 4-5. None withstand scrutiny. First, the Magistrate Judge noted that many of the documents were created for an independent business purpose, not for the grand jury. *Id.* at 4. This may be true, but it is irrelevant. Given the formulation of the document requests, production will necessarily reveal the focus of the grand jury's investigation regardless of whether the documents were created prior to the investigation.

Second, the Magistrate Judge noted that the document requests at issue do not mention the words "grand jury." *Id*. The requests, however, seek documents relating to the Department of Justice investigation, the only pending investigation is by the federal grand jury, and the Magistrate Judge specifically ordered that Defendants "produce all documents that were produced to the grand jury." *Id*. at 5.

Third, the Magistrate Judge concluded that "most importantly," unlike in *Dynavac*, Defendants have no obligation of secrecy. *Id.* at 4. This is immaterial for the reasons discussed above in Part A. Also, as here, *Dynavac* involved a discovery request served on private litigants not bound by Rule 6(e). *See Dynavac*, 6 F.3d at 1414 ("the records were subpoenaed directly from [defendants]"); *id.* at 1415 (holding that the summonses at issue were properly served on

defendants rather than on the United States Attorney who had temporary custody of the documents).

Fourth, the Magistrate Judge reasoned that, although the grand jury investigation was ongoing, limiting the required production to only those documents that have not already been produced "will address any potential breach of grand jury secrecy by masking the full extent of the production to the grand jury and therefore providing even less of a window into its inner workings." Order at 4. This is simply conjecture. For example, if the grand jury requested email files from five specific employees, those emails would disclose the subjects of the investigation regardless of whether all emails are produced to Oracle or only a previously unproduced subset of those emails. The same holds true if the grand jury sought documents relating to three specific issues—producing only previously unproduced documents will not "mask" the focus of the grand jury's inquiries.

Finally, the Magistrate Judge rejected concerns expressed by other courts that production of documents provided to a grand jury pursuant to subpoena can impact grand jury secrecy. Order at 4-5; *see In re Sulfuric Acid Antitrust Litig.*, No. 1536, 2004 WL 769376, at *1-2 (N.D. Ill. April 9, 2004) (request for production seeking all documents produced by defendants in connection with grand jury investigation denied as seeking production of matters occurring before the grand jury in violation of Rule 6(e)); *In re Doe*, 537 F. Supp. 1038, 1044-45 (D.R.I. 1982) ("[A]n examination of all documents subpoenaed and reviewed by the grand jury can reveal a great deal about the nature, scope, and purpose of a secret grand jury investigation . . . [a]nd it is clear that such things as the scope and direction of the grand jury investigation constitute 'matters occurring before the grand jury' and are therefore protected from disclosure by the provisions of Rule 6(e)"); *Board of Ed. v. Admiral Heating & Ventilation, Inc.*, 513 F. Supp. 600, 605 (N.D. Ill. 1981) (plaintiff's document request for all documents submitted by defendants to the grand jury effectively sought disclosure of "grand jury proceedings" and plaintiff failed to show particularized need).

The Magistrate Judge instead pointed to "cases in which courts have permitted civil discovery of documents produced to grand juries without evident harm to the grand jury process."

| | |
|---|---|
| 1 | Order at 5 (citing *Dynavac*, 6 F.3d at 1411-12). None of these cases involved, however, the |
| 2 | specific threats to secrecy posed by litigants who use the civil discovery process to seek back- |
| 3 | door access to grand jury materials during an *ongoing* investigation. *See Dynavac*, 6 F.3d at 1412 |
| 4 | (investigation completed). In one case where a grand jury investigation was still pending, the |
| 5 | plaintiff sought documents for their intrinsic value, not based on whether they were given to the |
| 6 | grand jury. *See United States v. Interstate Dress Carriers, Inc.*, 280 F.2d 52, 54 (2d Cir. 1960) |
| 7 | (the Interstate Commerce Commission "wish[es] only to inspect and copy the records, which |
| 8 | *happen to be in the control of the grand jury*, for their own lawfully authorized investigation" |
| 9 | (emphasis added)). Here, unlike in *Dynavac* and *Interstate Dress Carriers*, Defendants have |
| 10 | never refused to produce documents to Plaintiff because the documents were *also* provided to the |
| 11 | grand jury. Instead, Defendants object that Plaintiff seeks documents *solely* on the basis of |
| 12 | whether they were given to the grand jury. |

## V. CONCLUSION

For the foregoing reasons, the Magistrate Judge's ruling on grand jury materials should be set aside and the Court should issue a briefing schedule.

Dated: July 18, 2008

JONES DAY

By: /s/ Jason McDonell
Jason McDonell

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

SFI-587353v3

- 11 -

Defs.' Objs. to Magistrate Judge's Ruling
Case No. 07-CV-1658 PJH (EDL)