Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
San Francisco Office
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
Silicon Valley Office
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com
Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAP AG, et al., <br><br> Defendants. | Case No. 07-CV-1658 PJH (EDL) <br><br> **DEFENDANTS' MOTION TO STAY OR EXTEND TIME TO COMPLY WITH JULY 3, 2008 DISCOVERY ORDER** |

SFI-587953v1

Defs.' Mot. for Stay or Ext. of Time
Case No. 07-CV-1658 PJH (EDL)

Dockets.Justia.com

1 | Defendants hereby move for an order staying or extending the time by which they must comply with that part of this Court's July 3, 3008 discovery order relating to grand jury documents.

## BACKGROUND

On July 3, 2008, this Court issued a discovery order requiring Defendants SAP AG and TomorrowNow to respond by July 15, 2008 to two requests for production from Plaintiff Oracle. *See* Dkt. 106. The requests at issue seek documents based on whether Defendants provided them to a federal grand jury. Defendants are today filing objections seeking review of the order by the Honorable Phyllis J. Hamilton.

On July 13, 2008, Defendants filed a Stipulation and [Proposed] Order to Extend Time to Comply with Discovery Order requesting an extension until July 23, 2008, in part so that Defendants could determine whether to appeal to Judge Hamilton. *See* Declaration of Jason McDonell in Support of Motion to Extend Time ("McDonell Decl."), ¶ 2. In connection with that stipulation, Defendants stated that should they decide to appeal they would seek an additional stay of the discovery order. *Id*. ¶ 3. This Court granted that extension on July 17, 2008. Dkt. 115. Defendants now move for a stay of or a further extension of time to comply with the order until a date seven (7) days after disposition by Judge Hamilton of Defendants' objections.

## DISCUSSION

A magistrate judge's authority to hear pretrial matters is derived from 28 U.S.C. § 636(b)(1)(A). Under this section, nondispositive pretrial matters, such as the discovery issue here, may be referred to a magistrate judge for hearing and determination. The District Court *must* review a magistrate judge's nondispositive pretrial orders upon a party's objection, and set aside any order that is "clearly erroneous or contrary to law." *Id*.; Fed. R. Civ. P. 72(a). The District Court has 15 days to decide whether to deny the motion or set a briefing schedule, after which the motion is deemed denied. Civ. L.R. 72-2. To allow the District Court an opportunity to review Defendants' objections before they must produce the materials at issue, an extension of time during the pendency of review is appropriate.

If Defendants are required to comply with the order before their objections are decided by

SFI-587953v1

- 2 -

Defs.' Mot. for Stay or Ext. of Time
Case No. 07-CV-1658 PJH (EDL)

Judge Hamilton, the resulting production of documents may moot some or all of Defendants' objections. Without an extension of time sufficient to allow Judge Hamilton to consider Defendants objections, the production will disclose grand jury matters that Defendants maintain are protected by grand jury secrecy under Fed. R. Crim. P. 6(e), and once that disclosure has been made it cannot be undone. If Defendants are correct that disclosure of the documents will violate the principle of grand jury secrecy embodied in Rule 6(e), disclosure will irreparably harm the grand jury proceedings to the detriment of potential witnesses and subjects of that investigation. Individuals who may be identified in the documents will be irreparably harmed because they will be publicly disclosed as persons of interest to the grand jury. Potential witnesses may be intimidated by the knowledge that whatever information they provide to the grand jury will be subject to immediate disclosure to Oracle and potentially the public. Disclosure of which documents the grand jury has sought will reveal the direction of the grand jury proceedings to the detriment of the grand jury's ability to pursue its tasks.

The legal issues raised by Defendants are serious, as they concern the integrity of grand jury proceedings and the interrelationship between grand jury proceedings and discovery in civil actions. The balance of hardships tips sharply in favor of Defendants. Oracle, on the other hand, will not be harmed if a short extension of time is granted. Oracle has already received, and will continue to receive, documents that have also been produced to the grand jury, provided those documents are responsive to legitimate discovery requests propounded by Oracle. The extension of time requested here will not harm Oracle because the delay in any required production will be relatively short in relation to the length of this litigation, including the fact discovery cut-off date of June 19, 2009. McDonell Decl., ¶ 8.

Finally, the public interest will be served by granting an extension of time. The public and this Court have an interest in maintaining the integrity of grand jury proceedings and protecting all the participants in those proceedings, as the Supreme Court explained in *Douglas Oil Co. of Calif. v. Petrol Stops Northwest*, 441 U.S. 211, 219 (1979):

SFI-587953v1

- 3 -

Defs.' Mot. for Stay or Ext. of Time
Case No. 07-CV-1658 PJH (EDL)

> First, if preindictment proceedings were made public, many prospective witnesses would be hesitant to come forward voluntarily, knowing that those against whom they testify would be aware of that testimony. Moreover, witnesses who appeared before the grand jury would be less likely to testify fully and frankly, as they would be open to retribution as well as to inducements. There also would be the risk that those about to be indicted would flee, or would try to influence individual grand jurors to vote against indictment. Finally, by preserving the secrecy of the proceedings, we assure that persons who are accused but exonerated by the grand jury will not be held up to public ridicule.

Given the irreparable harm that may result from disclosure of the materials, the importance of the legal issues raised, and the lack of harm to Plaintiff if an extension stay is granted, a short extension to allow Defendants to seek review by the District Court is appropriate.

The Defendants met and conferred with Oracle and sought their agreement to this further extension of time, but Oracle declined to stipulate to the extension unless the Defendants agreed to allow Oracle to file their second amended complaint not under seal. McDonell Decl., ¶ 6. For reasons discussed in the McDonell Declaration, Defendants declined to agree to Oracle's proposal. *Id.* ¶ 6. We believe that this requested extension of time will have no material detrimental effect on the schedule of this case. *Id.*

## CONCLUSION

For the foregoing reasons, Defendants request a stay of or a further extension of time to comply with the portions of this Court's July 3, 2008 order relating to grand jury documents until a date seven (7) days after Judge Hamilton has resolved Defendants' objections.

Dated: July 18, 2008  JONES DAY

By: /S/ Jason McDonell
Jason McDonell

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

SFI-587953v1

- 4 -

Defs.' Mot. for Stay or Ext. of Time
Case No. 07-CV-1658 PJH (EDL)