1   BINGHAM McCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
2   GEOFFREY M. HOWARD (SBN 157468)
    HOLLY A. HOUSE (SBN 136045)
3   ZACHARY J. ALINDER (SBN 209009)
    BREE HANN (SBN 215695)
4   Three Embarcadero Center
    San Francisco, CA  94111-4067
5   Telephone:  (415) 393-2000
    Facsimile:   (415) 393-2286
6   donn.pickett@bingham.com
    geoff.howard@bingham.com
7   holly.house@bingham.com
    zachary.alinder@bingham.com
8   bree.hann@bingham.com

9   DORIAN DALEY (SBN 129049)
    JENNIFER GLOSS (SBN 154227)
10  500 Oracle Parkway
    M/S 5op7
11  Redwood City, CA  94070
    Telephone:  (650) 506-4846
12  Facsimile:   (650) 506-7114
    dorian.daley@oracle.com
13  jennifer.gloss@oracle.com

14  Attorneys for Plaintiffs
    Oracle Corporation, Oracle USA, Inc.,
15  and Oracle International Corporation

16

17                    UNITED STATES DISTRICT COURT

18                    NORTHERN DISTRICT OF CALIFORNIA

19                    SAN FRANCISCO DIVISION

20  ORACLE CORPORATION, a Delaware              CASE NO.  07-CV-01658 PJH (EDL)
    corporation, ORACLE USA, INC., a Colorado
21  corporation, and ORACLE INTERNATIONAL       **PLAINTIFFS' OPPOSITION TO**
    CORPORATION, a California corporation,      **DEFENDANTS' MOTION TO STAY**
                                                **OR EXTEND TIME TO COMPLY**
22              Plaintiffs,                     **WITH JULY 3, 2008 DISCOVERY**
                                                **ORDER**
23          v.

24  SAP AG, a German corporation, SAP
    AMERICA, INC., a Delaware corporation,
25  TOMORROWNOW, INC., a Texas corporation,
    and DOES 1-50, inclusive,
26
                Defendants.
27

28

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY OR EXTEND TIME TO COMPLY
WITH JULY 3, 2008 DISCOVERY ORDER

1              Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International

2   Corporation (together "Oracle" or "Plaintiffs") submit this brief in opposition to Defendants SAP

3   AG, SAP America, Inc., and TomorrowNow, Inc.'s (collectively, "Defendants") Motion to Stay

4   or Extend Time to Comply with July 3, 2008 Discovery Order ("Motion").

## I.       INTRODUCTION

6              Oracle would not oppose a reasonable request for an extension.  For instance, it

7   agreed when Defendants asked for an extra week to comply with the Order at issue.  But this is

8   not such a request.

9              Nearly a year ago, after Defendants publicly admitted that they were cooperating

10  with the Department of Justice, Oracle requested that Defendants produce documents relating to

11  government requests or investigations relating to the allegations in Oracle's complaints.  Such

12  documents, which include but are not limited to documents provided to a grand jury, are highly

13  relevant to Oracle's claims and Defendants' defenses.  Now, despite the clarity of the law against

14  their arguments, and after two judges have ordered Defendants to comply with Oracle's requests,

15  Defendants seek to impose yet more delay.

16            Defendants claim that they seek only a short extension of time and that no harm

17  will result.  But in fact the parties are in the midst of crucial depositions, for which Oracle needs

18  access to precisely these documents – access which it has been improperly denied for many

19  months.  Moreover, the extension Defendants seek could, in fact, last for months more, as the

20  parties yet again brief these issues and yet again await decision.  Moreover, given Defendants'

21  history on this issue, interlocutory appeal of Judge Hamilton's likely affirmation of Magistrate

22  Laporte's order can be anticipated.  Defendants have no reasonable possibility of success in their

23  appeals, yet Oracle will be harmed by the delay those appeals cause.  Moreover, any potential

24  harm to Defendants can be addressed by requiring Oracle to return produced documents that

25  should not have otherwise have been produced in this action if any of Defendants' appeals are

26  granted.  On this record, Defendants should be required to comply with the Court's order.

## II.       BACKGROUND

28              Oracle served its first requests for production in August 2007.  *See* Declaration of

PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY OR EXTEND TIME TO COMPLY
WITH JULY 3, 2008 DISCOVERY ORDER

1    Holly A. House in Support of Plaintiffs' Opposition to Defendants' Motion to Stay or Extend

2    Time to Comply with July 3, 2008 Discovery Order ("House Decl."), ¶ 2.  As the Court is aware,

3    among those requests, Oracle sought documents from Defendants relating to government

4    investigations of Oracle's allegations (the "Request").  *See id.*  The Request was not limited to

5    (indeed, did not specifically mention) documents subpoenaed by a grand jury.  *See id.*

6           Nonetheless, during the meet and confer process in the fall of 2007, Defendants

7    based their flat refusal to produce any documents in response to the Request on a supposed grand

8    jury privilege.  *See id.,* ¶ 3.  In January 2008, before then-Discovery Magistrate Legge, Oracle

9    moved to compel production of documents responsive to the Request.  *See id.*, ¶ 4.  A month

10   later, Judge Legge ordered Defendants to comply.  *See id.*  Oracle's Request had then been

11   outstanding for six months.

12          Rather than comply with Judge Legge's order, Defendants filed an objection with

13   Judge Hamilton in March 17, 2008; after a briefing and hearing schedule had been set before

14   Judge Laporte, they filed another objection on May 16, 2008.  *See* Docket Items 68, 88.  The

15   Court heard argument on July 1 and, on July 3, affirmed Judge Legge's ruling and ordered

16   Defendants to produce responsive documents; moreover, based on Oracle's counsel's stated

17   concern about the timing of production, the Court ordered production by July 15 (the "July 3

18   Order").  *See* Docket Item 106 (July 3 Order); *see also* Docket Item 105 at 20:8-21:4 (July 1

19   Hearing Transcript).

20          Defendants then asked Oracle to agree to a short extension of time for their

21   compliance with the July 3 Order.  Among the bases for the request were Defendants' asserted

22   difficulties in eliminating from the production the narrow subset of non-responsive private

23   information the Court allowed as a carve-out in the July 3 Order.  *See* House Decl., ¶ 5; *see also*

24   Docket Item 114, ¶ 4 (McDonell July 13 Declaration).  Oracle agreed to this courtesy, which

25   gave Defendants another week, until July 23, to comply.  *See* Docket Item 113.  That stipulation

26   noted that Defendants were deciding whether to appeal the July 3 Order, but were also in the

27   process of segregating responsive documents.  *See id.*, ¶¶ 3-4.

28          On July 17, during an unrelated meet and confer discussion, Defendants informed

1   Oracle that they intended to appeal the July 3 Order to Judge Hamilton, and requested that

2   Oracle stipulate to a stay of that order until after that appeal is resolved. *See* House Decl., ¶ 6.

3   At Oracle's request, Defendants then put their request in writing. *See id.*, Ex. A. Because of the

4   significant additional delay that such a stay would impose, and the need for the materials in

5   connection with the current deposition schedule, Oracle was unwilling to agree unconditionally

6   to such an extension. *See id.*, ¶ 7. In an attempt at compromise, and despite the harms to Oracle

7   articulated herein, Oracle reluctantly offered to agree to a stay if Defendants would consent to

8   the public filing of Oracle's Second Amended Complaint ("SAC").[1] *See id.*, Ex. B. Defendants

9   refused either to consent to the filing or to a public filing, and this Motion followed, with

10  Oracle's agreement to accommodate Defendants' needs by allowing for it to be briefed and heard

11  on shortened time. *See id.*, ¶ 8, Ex. C.

12      Defendants filed their objections to the July 3 Order on July 18, 2008. Under

13  Civil Local Rule 72-2, the Court will decide within fifteen days whether to set a briefing

14  schedule. Oracle hopes, given the clarity of the law as evidenced by the decisions of both Judge

15  Legge and this Court, that the Court will not require further briefing. However, if it does, even

16  assuming the earliest possible hearing date, Defendants' objections most likely would not be

17  heard – much less their documents produced – before the end of August or early September.

18  Given their history on this production to date, should they lose again, Defendants may well seek

19  interlocutory appeal of Judge Hamilton's decision, and ask for the stay to be extended even

20  further. Meanwhile, several key depositions of SAP AG and SAP America witnesses (including

21  of board members and of the current and future CEO) have been already scheduled for July,

22  August, September, and October, and others are expected to take place during that time as well.

23  *See* House Decl., ¶ 9. Oracle believes documents responsive to the Request will be important to

24  _____

25  [1]      This was not an onerous *quid pro quo*. Judge Hamilton has already stated that her
    expectation is that parties consent to the filing of amended complaints, and that such complaints
26  generally should not be filed under seal. *See* House Decl., ¶ 7. Defendants have had Oracle's
    draft SAC in its essentially final form since April and now have it in its fully final form. *See id*.
27  The request stems from Oracle's frustration with Defendants' unwillingness to say whether they
    would agree to Oracle filing the SAC. *See id.*

28

1  prepare for, and take, these depositions. *See id.* These depositions have been hard to schedule

2  based on Defendants' assertions of how crowded these individuals' calendars are and the need to

3  follow certain procedures in Germany. *See id.* Thus, if the stay were granted, moving the dates

4  or reopening the depositions to allow for questioning about the documents once they are finally

5  produced would be difficult and expensive. *See id.*

6  **III.    DEFENDANTS SHOULD COMPLY WITH THE JULY 3 ORDER
          NOW**

7

8          **A.    Further Indefinite Delay Will Harm Oracle**

9          The facts above show that Defendants' so-called "short" extension will delay

10  Oracle's access to these documents for, at *minimum*, another two months. *See* pp. 3-4, above.

11  Depending on Judge Hamilton's schedule and available hearing dates, the delay could be much

12  longer. Defendants have already delayed production of these documents for nearly a year – by

13  any standard, a "material detrimental effect on the schedule of this case." Motion at 4.

14          Further, the harm of this unknown additional delay to Oracle is significant. As

15  Oracle has explained in its prior briefing, documents responsive to its Request – which

16  necessarily relate to Oracle's allegations and could include documents provided to the grand

17  jury, Defendants' business records, their communications with and presentations to government

18  investigators, and non-privileged communications about any such government investigations –

19  are highly relevant to its analysis of its claims and Defendants' defenses. Both Judge Legge and

20  this Court have recognized by their rulings that the Request seeks relevant material. Most

21  immediately, Defendants' constant delay in producing these documents is hampering Oracle's

22  ability to prepare for the crucial SAP AG and SAP America witness depositions that are

23  scheduled for this summer and fall. This is real prejudice to a party – not just to the case

24  schedule.

25          **B.    Defendants' Arguments Of the Harm They Will Purportedly
                 Suffer Should Their Stay Be Denied Have Been Heard And**

26                 **Denied**

27          As they have consistently done in their repeated briefing on this issue, Defendants

28  assert that producing responsive documents will harm the grand jury process. *See* Motion at 3-4.

1    Oracle has already shown (and this Court has already determined) that Defendants' professed

2    concerns are overblown and not sufficient to defeat production of responsive documents, and so

3    will not repeat that analysis here.  *See* Docket Item 96 (Oracle's May 30 Opposition); July 3

4    Order at 4-5.  Moreover, Defendants conceded at oral argument that production of documents

5    that have not otherwise been produced to the grand jury was "more palatable" because it would

6    mask the full extent of the production to the grand jury.  July 3 Order at 4.  Having conceded that

7    point before, they cannot reclaim it now.

8            Defendants' papers reveal that their true concern here is not for the sanctity of the

9    grand jury process, but for protecting their substantive position in this case.  Defendants admit

10   that "[w]ithout an extension, substantial harm or prejudice will occur *to defendants* as the

11   required production would disclose the materials that defendants maintain are protected [by

12   grand jury secrecy] and should not be produced to Oracle."  McDonell Decl., ¶ 5 (emphasis

13   added).  But as the Court has held, and as Defendants have previously admitted, the underlying,

14   independently-created materials produced to the grand jury are not, themselves, protected by any

15   grand jury privilege.  *See* July 3 Order at 3-4; *see also* Docket Item 88 at 2, n.3 (Defendants'

16   Objections to Special Master's Report and Recommendations re Discovery Hearings 1 and 2)

17   ("Defendants recognize that production of documents to the grand jury does not cast a veil of

18   secrecy over the documents such that they could not be produced if relevant and responsive in

19   this civil case.").  The only harm that could result to Defendants from the documents' production

20   can be from the disclosure of their contents – precisely what Defendants have conceded is not

21   protected by Rule 6(e).  Defendants have thus admitted that their professed concern for the grand

22   jury process is really nothing more than fear for their own liability in this case.

23           In reality, the only new argument Defendants have is that compliance with the

24   July 3 Order will moot their objections.  *See* Motion at 2-4.  Not so; in the unlikely event of a

25   reversal Oracle could easily return documents to Defendants.  Moreover, given the scope of

26   Oracle's discovery requests in this matter, it is hard to understand why the documents

27   Defendants are fighting to withhold have not already been produced.  Finally, any concerns

28   about revealing the identities of witnesses or revealing truly confidential or highly confidential

1    information can be addressed by appropriate designation per the Protective Order.

2            Defendants will have an uphill battle ahead, as they must – and cannot – show

3    that the July 3 Order is "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed. R.

4    Civ. Proc. 72(a).  In the meantime, however, there is no reason to delay implementation of the

5    July 3 Order.

6    **IV.    CONCLUSION**

7            Based on the foregoing, Oracle respectfully requests that the Court deny

8    Defendants' request for a stay of or a further extension of time to comply with the July 3 Order.

9    DATED:  July 21, 2008                                BINGHAM McCUTCHEN LLP

10

11

12                                          By: _____
                                                        Holly A. House

13                                                Attorneys for Plaintiffs
                                          Oracle Corporation, Oracle International
14                                          Corporation, and Oracle USA, Inc.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

_____
PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO STAY OR EXTEND TIME TO COMPLY
WITH JULY 3, 2008 DISCOVERY ORDER