| | |
|---|---|
| 1 | Robert A. Mittelstaedt (SBN 060359) |
| | Jason McDonell (SBN 115084) |
| 2 | Elaine Wallace (SBN 197882) |
| | JONES DAY |
| 3 | 555 California Street, 26th Floor |
| | San Francisco, CA 94104 |
| 4 | Telephone: (415) 626-3939 |
| | Facsimile: (415) 875-5700 |
| 5 | ramittelstaedt@jonesday.com |
| | jmcdonell@jonesday.com |
| 6 | ewallace@jonesday.com |
| 7 | Tharan Gregory Lanier (SBN 138784) |
| | Jane L. Froyd (SBN 220776) |
| 8 | JONES DAY |
| | 1755 Embarcadero Road |
| 9 | Palo Alto, CA 94303 |
| | Telephone: (650) 739-3939 |
| 10 | Facsimile: (650) 739-3900 |
| | tglanier@jonesday.com |
| 11 | jfroyd@jonesday.com |
| 12 | Scott W. Cowan (Admitted *Pro Hac Vice*) |
| | Joshua L. Fuchs (Admitted *Pro Hac Vice*) |
| 13 | JONES DAY |
| | 717 Texas, Suite 3300 |
| 14 | Houston, TX 77002 |
| | Telephone: (832) 239-3939 |
| 15 | Facsimile: (832) 239-3600 |
| | swcowan@jonesday.com |
| 16 | jlfuchs@jonesday.com |
| 17 | Attorneys for Defendants |
| | SAP AG, SAP AMERICA, INC., and |
| 18 | TOMORROWNOW, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al., | Case No. 07-CV-1658 PJH |
| Plaintiffs, | **DEFENDANTS' ADMINISTRATIVE REQUEST TO FILE EXHIBITS 3 AND 4 TO THE DECLARATION OF ELAINE WALLACE UNDER SEAL** |
| v. | |
| SAP AG, et al., | Date: TBD |
| Defendants. | Time: TBD |
| | Courtroom: E, 15th Floor |
| | Judge: Hon. Elizabeth D. Laporte |

Pursuant to Local Rules 79-5(c) and 7-11, Defendants SAP AG, SAP America, and TomorrowNow, Inc. ("Defendants") hereby request that the Court order the Clerk of the Court to file under seal Exhibits 3 and 4 to the Declaration of Elaine Wallace in Support of Defendants' Opposition to Plaintiffs' Motion to Compel Production of Clawed Back Documents ("Wallace Decl." or "Wallace Declaration").

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. Proc. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed *discovery* document [attached] to a *non-dispositive* motion." *Navarro v. Eskanos & Adler*, Case No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864 (March 22, 2007) (emphasis added) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In such cases, a "particularized showing of good cause" is sufficient to justify protection under Rule 26(c). *Navarro,* at *7. To make such a showing, the party seeking protection from disclosure under the rule must demonstrate that harm or prejudice would result from disclosure of the trade secret or other information contained in each document the party seeks to have sealed. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006).

Defendants have established good cause to permit filing under seal through the declaration of Christopher Faye below. In addition, in order to narrowly tailor the requesting sealing to only sealable material, Defendants have limited their request to Exhibits 3 and 4 of the Wallace Declaration.

| | | |
|---|---|---|
| 1 | Dated: August 13, 2008 | Respectfully submitted, |
| 2 | | JONES DAY |
| 3 | | |
| 4 | | By: */s/ Scott W. Cowan* |
| 5 | | Scott W. Cowan |
| 6 | | Counsel for Defendants |
| 7 | | SAP AG, SAP AMERICA, INC., and TOMORROWNOW, INC. |

# DECLARATION OF CHRISTOPHER FAYE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE REQUEST TO FILE EXHIBITS 3 AND 4 TO THE DECLARATION OF ELAINE WALLACE UNDER SEAL

I, CHRISTOPHER FAYE, declare:

1. I was licensed as an attorney in the State of California in December 1996 and, at all times relevant to the documents discussed in this declaration, was practicing law providing legal advice to all of the Defendants in this case. I am currently the head of Global IP Transactions in the Global IP Department of SAP AG, one of the Defendants in this case. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

2. I have reviewed the documents identified by the Bates numbers TN-OR00000016-20 and TN-OR00000025-28 produced by Defendants and designated as "Confidential Information" under the protective order in effect in the case. These documents describe the "Rules of Engagement," a set of rules adopted by SAP's Executive Board and implemented by TomorrowNow ("TN") and SAP's business executives to create a figurative "firewall" between SAP and TN to minimize the possibility that any Oracle proprietary information that TN handled on behalf of its customers could be passed to SAP.

3. These documents contain confidential and non-public information and describe in detail several aspects of the global day-to-day working relationship between SAP and its subsidiary, TN. SAP and TN consider this to be competitively sensitive information. If it were to fall into the hands of a competitor or customer of SAP or TN, it would provide insights into the details of SAP's and TN's daily operations and the functional relationship between the two companies. Public disclosure of this information could thus cause SAP and TN to be at a competitive disadvantage because it would reveal sensitive information regarding the internal operations of TN and SAP that is not intended to be made available to SAP's and TN's competitors and customers or the public generally.

4. Both SAP and TN have, and continue to, treat this information as confidential business information. SAP is in the process of winding down TN and intends to conclude that

process prior to October 31, 2008. The Rules of Engagement are currently in force and will remain in effect at least until the wind down is complete.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed on August 13, 2008 in San Francisco, California.

_____
Christopher Faye