Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAP AG, et al., <br><br> Defendants. | Case No. 07-CV-1658 PJH <br><br> **DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE UNDER SEAL** <br><br> Date: N/A <br> Time: N/A <br> Courtroom: E, 15th Floor <br> Judge: Hon. Elizabeth D. Laporte |

## I. INTRODUCTION

Plaintiffs' have filed an Administrative Motion to seal certain portions of their motion to compel and incorporated exhibits to the Declaration of Geoffrey M. Howard In Support Of Plaintiffs' Motion to Compel Production of Clawed Back Documents ("Howard Decl.") which Defendants designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the Stipulated Protective Order in this action. Since the filing of that motion, the parties have met and conferred, and agree on the following: (1) Exs. J, W, and X should be filed under seal; (2) redacted versions of Exs. B and U need not be filed under seal; and, (3) Exs. A, D, I, K through T, and Y, some of which never had a confidentiality designation, also need not be filed under seal.[1] The parties disagree whether Exs. C, and E through H should be sealed. The non-redacted versions of Exs. B, C, U, V, and W (the "Contested Documents" in Oracle's Motion to Compel) are privileged attorney-client communications that have been lodged by Defendants for *in camera* review only and in order to preserve that privilege have not been submitted for filing in any manner (public, sealed, or otherwise).

Pursuant to Local Rule 79-5, Defendants file this Response and the accompanying declarations in support of a narrowly tailored order authorizing the sealing of portions of Plaintiffs' Motion to Compel and supporting Exs. C, E through H, J, W, and X on grounds that there is good cause to protect the confidentiality of information contained in that non-dispositive discovery motion. The sealing order Defendants seek is not based simply on the blanket Protective Order in this action, but rather rests on proof[2] that particularized injury to Defendants will result if the sensitive information contained in these documents is publicly released.

## II. STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential

---

[1] The parties' agreement is conditioned on a reservation of rights that the agreement will not be used in any way by either party against the other to assert a waiver of rights regarding the confidentiality designation of other documents or testimony of the same or similar subject matter.

[2] Because the Local Rules require Court approval based on a declaration supporting sealing even when the parties agree as to the confidential status of the document, Defendants submit declarations with regards to all documents for which a sealing order is sought.

1  research, development, or commercial information." Fed. R. Civ. Proc. 26(c). Based on this
2  authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial
3  records for a sealed *discovery* document [attached] to a *non-dispositive* motion." *Navarro v.
4  Eskanos & Adler*, Case No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864 (March 22,
5  2007) (emphasis added) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). In
6  such cases, a "particularized showing of good cause" is sufficient to justify protection under Rule
7  26(c).[3] *Navarro,* at *7. To make such a showing, the party seeking protection from disclosure
8  under the rule must demonstrate that harm or prejudice would result from disclosure of the trade
9  secret or other information contained in each document the party seeks to have sealed. *See
10 Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006).

**III. ARGUMENT**

   A. There is Good Cause To Support the Filing Under Seal of Information Contained in the Documents which are the Subject of the Administrative Motion.

Through the declarations from TomorrowNow and SAP personnel which accompany this Response, Defendants readily establish good cause to permit filing under seal. As a threshold matter, Defendants provide testimony that the TomorrowNow and SAP personnel who created the documents at issue considered the information contained therein to be confidential and thus limited circulation to persons within their corporate organizations. For example, the Vice President of PeopleSoft Enterprise Support at TomorrowNow testifies that she considers the contents of an email that she wrote and sent to TomorrowNow employee Chris Jackson (Bates labeled TN-OR00868717 through TN-OR00868719 and attached as Ex. W to the Howard Decl.) to involve "extremely sensitive, highly confidential non-public information." Declaration of Shelley Nelson in Support of Defendants' Response to Plaintiffs' Motion to Compel Production of Clawed Back Documents ("S. Nelson Decl."), ¶¶ 1-2. Defendants provide similar declarations concerning their consistent protection of confidential information found in the remaining documents subject to the requested sealing order. *See* Declaration of Thomas Zieman in Support

---

[3] The documents at issue in this Administrative Motion have not been used as part of a dispositive motion in this or any other case. Declaration of Arlen Shenkman in Support of Defendants' Response to Plaintiffs' Administrative Motion to File Their Motion to Compel and Supporting Documents Under Seal ("Shenkman Decl.") at ¶ 8.

of Defendants' Response to Plaintiffs'' Motion to Compel Production of Clawed Back Documents ("Ziemen Decl."), ¶ 1 (re: Howard Decl. Ex. C); Shenkman Decl., ¶¶ 1-2 (re: Howard Decl. Exs. E through H); Declaration of Mark R. White in Support of Plaintiffs' Administrative Motion to File Motion to compel and Supporting Documents Under Seal("White Decl."), ¶ 1. (re: Howard Decl. Ex. J); Declaration of Gregory Nelson in Support of Defendants' Response to Plaintiffs' Motion to Compel Production of Clawed Back Documents ("G. Nelson Decl.") at ¶¶ 1-2 (re: Howard Decl. Exs. U, V); Declaration of Albert Van Wissen in Support of Defendants' Response to Plaintiffs' Administrative Motion to File Their Motion to Compel and Supporting Documents Under Seal ("Van Wissen Decl.", ¶¶ 2-3 (re: Howard Decl. Ex. X). These declarations establish that Defendants themselves treated the information and documents they seek to keep confidential as such within their own organizations.

Defendants have continued to protect the information contained in these documents from improper public disclosure since the initiation of this litigation through a Stipulated Protective Order (Dkt. 32) to prevent their private commercial information from being disclosed improperly. Under the terms of that Order, Defendants could designate documents, deposition transcripts, and discovery responses containing private information as "Confidential" or "Highly Confidential" prior to producing such documents in the course of discovery. Each of the documents filed under seal contain information which was so designated.

Beyond the mere demonstration that Defendants consistently have treated the information for which they seek protection as confidential, the declarations submitted with this Response also establish that there are good reasons to protect and seal each of these documents. First, and as described in more detail in the accompanying Opposition to the Motion to Compel, Exs. B, C, U, V and W, which have been only been lodged for *in camera* review, contain information which is protected under the attorney-client privilege. *See* Zieman Decl., ¶ 2 (re: Ex. C); Declaration of Markus Geng in Support of Defendants' Response to Plaintiffs' Motion to Compel Production of Clawed Back Documents ("Geng Decl.", ¶ 2 (re: Ex. C); G. Nelson Decl., ¶¶ 1-3 (re: Exs. U and V; S. Nelson Decl., ¶ 2 (re: Ex. W). The Ninth Circuit has recognized that Rule 26(c) authorizes "protective orders that prevent disclosure of many types of information, such as letters protected

under attorney-client privilege which …was inadvertently sent to the opposing side." *Phillips v. General Motors Corp.*, 307 F.3d 1206, 1212 (9th Cir. 2002). Thus, the clawed back documents (*i.e.*, the unredacted versions of Exs. B, C, U, V, and W) should be protected from public disclosure simply because such protection is necessary to prevent disclosure of privileged communications.

In addition to protection based upon privilege, Defendants offer declarations that demonstrate good cause to protect and seal because revelation of the contents of these documents would likely cause Defendants to suffer a competitive injury. For example, SAP employee Arlen Shenkman testifies as to the privacy concerns justifying sealing of several exhibits to the Howard Declaration. Shenkman was a participant in the email chain attached as Ex. E to the Howard Declaration. He explains that this email discusses SAP's competitive business strategies as well as SAP's specific and general acquisition business practices and strategies. For that reason and the others described by Shenkman, public release of the private corporate information described in Ex. E would benefit existing competitors at SAP's expense. Declaration of Arlen Shenkman in Support of Defendants' Response To Plaintiffs' Administrative Motion To File Their Motion To Compel And Supporting Documents Under Seal ("Shenkman Decl."), ¶ 3. Shenkman offers similar testimony with regards to Exs. F, G and H. Shenkman Decl., ¶¶ 4-6.

Other employees of SAP and TomorrowNow offer testimony of likely competitive injury or the violation of individuals' privacy rights if confidential information in the sealed documents is released. *See* A. Nelson Decl., ¶ 2 (re: Ex. B); Zieman Decl., ¶ 2 (re: Ex. C); Geng Decl., ¶ 1 (re: Ex. C); White Decl., ¶¶ 1-2 (re: Ex. J); G. Nelson Decl., ¶¶ 1-2 (re: Exs. U-V); S. Nelson Decl., ¶¶ 1-2 (re: Ex. W); Van Wissen Decl., ¶¶ 2-4 (re: Ex. X).

B. <u>Defendants Withdraw the Confidential Designation with Regards to the Information Contained in Certain Documents Attached as Exhibits to the Howard Declaration.</u>

Defendants withdraw their confidentiality designations with regards to the information contained in the following Exhibits attached to the Howard Declaration: D, I, K through P, and Y. Although Defendants complied in good faith with the Stipulated Protective Order in initially designating these documents as "Confidential" or "Highly Confidential," the factual

circumstances regarding TomorrowNow's ongoing business operations have changed such that less harm will result from the public disclosure of the information contained therein. And, Oracle has agreed that Defendants' agreement to de-designate these documents will not be used in any way by Oracle against Defendants to assert a waiver of rights regarding the confidentiality designations of other documents or testimony containing the same or similar subject matter. Thus, to ensure that the requested sealing order is narrowly tailored to reflect this change in circumstances, Defendants will not pursue sealing of these documents. Such withdrawal should not be interpreted as an admission that the documents were incorrectly designated in the first instance, or that other portions of the designated documents (such as the portions of Ex. K's discovery responses which were not excerpted or the portions of the deposition transcripts not included in Exs. M through P) do not contain confidential information.

## IV. CONCLUSION

Defendants respectfully request that this Court: (1) permit filing under seal for the redacted versions of Exs. C and W, as well as Exs. E through H, J, and X to the Howard Decl. and the portions of the Motion to Compel which include information contained in those Exhibits; and (2) protect in the Court's chambers all the non-redacted versions of Exs. B, C, U, V and W to the Howard Decl that have been lodged by Defendants for *in camera* review only and order that they shall not be filed in any manner (public, sealed, or otherwise) and instead shall remain in the Court's chambers pending the resolution of Oracle's motion to compel production of clawed back documents. A proposed order granting the requested relief is lodged and filed herewith.

Dated: August 13, 2008

Respectfully submitted,

JONES DAY

By: */s/ Scott W. Cowan*
    Scott W. Cowan

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

HUI-101839v1    6    DEFS' RESPONSE TO PLAINTIFFS' MOTION TO SEAL
Case No. 07-CV-1658 PJH (EDL)