Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAP AG, et al., <br><br> Defendants. | Case No. 07-CV-1658 PJH <br><br> **DECLARATION OF ARLEN SHENKMAN IN SUPPORT OF DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE THEIR MOTION TO COMPEL AND SUPPORTING DOCUMENTS UNDER SEAL** <br> Date: N/A <br> Time: N/A <br> Courtroom: E, 15th Floor <br> Judge: Hon. Elizabeth D. LaPorte |

I, ARLEN SHENKMAN, declare:

I am an individual over 18 years old. I am a Vice President of Corporate Finance at SAP Global Marketing, a Defendant in the above-entitled action. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

1. SAP has taken steps to ensure that these documents and the information contained therein remain confidential. For example, in this litigation, SAP insisted upon a Protective Order to protect these and other documents produced in the course of discovery from improper public disclosure. Under the terms of that order, SAP would designate documents containing private information as "Confidential" or "Highly Confidential" prior to producing such documents in the course of discovery. SAP has designated each of the documents discussed herein as either "Confidential" or "Highly Confidential Information – Attorneys' Eyes Only," thus bringing them within the ambit of the Protective Order.

2. SAP has good reason to protect the confidentiality of these documents, as a revelation of their contents would likely cause SAP to suffer a competitive injury.

3. For example, I drafted or was sent each part of the correspondence Bates labeled SAP-OR00091723 through SAP-OR00091728, which was attached as Exhibit E to the Declaration of Geoffrey M. Howard In Support Of Plaintiffs' Motion to Compel Production of Clawed Back Documents ("Howard Decl."). This internal email chain discusses SAP's business and competitive strategy with Oracle regards to the third-party maintenance market for both SAP's and Oracle's products. I and the other participants intended this discussion to be a confidential, intra-company discussion relating to SAP's current and future business plans and competitive strategies. Because of the management-level strategic considerations contained in this document, the failure to permit filing of this document under seal would likely cause competitive business injury to SAP. The document reveals both SAP's strategy with regards to both a particular transaction (the TN acquisition) and its broader strategies regarding SAP's competitive position relative to the third-party maintenance market. The document also more generally reveals the standards by which SAP ascertains the value of potential acquisitions. As

such, public release of this document would benefit existing and future competitors at SAP's expense and compromise SAP's negotiation power in future attempts to acquire companies.

4. For similar reasons, the document Bates labeled SAP-OR00004973-74 (Howard Decl., Exh. F) is a confidential business strategy discussion, the public revelation of which would cause competitive business injury to SAP. I and other management-level participants in the meeting summarized in this internally-circulated email intended it to be a non-public discussion, the revelation of which would harm SAP through release of sensitive information concerning its business plans, including the market sectors potentially targeted by SAP, SAP's evaluation of different models for participation in the third party maintenance market, and SAP's evaluation of its competitors' ability to compete in those markets. The document ends with a list of strategic concerns for future business planning and also includes risk assessment analyses. Consequently, public disclosure of the information contained in this document would benefit SAP's competitors at SAP's expense.

5. The internally-circulated email and attachment which is Bates labeled SAP-OR00004992 through SAP-OR00005007 (Howard Decl., Exh. G), reflects an internal analysis of Oracle's acquisition of PeopleSoft and considerations regarding SAP's competition with Oracle in a segment of the human resources support market. Although most of the information contained in this document was publicly available, it includes an analysis of such information relative to SAP's competitive position with Oracle and other competitors, including specific ideas for executing the recommendations contained therein. This analysis is not to an evaluation of a single business transaction (*i.e.*, the TN acquisition); rather, it provides insight into SAP's self-analysis of its own market position. Thus, the revelation of the compilation of information and internal strategic analysis contained in this document will give SAP's business rivals a competitive advantage over SAP.

6. Exhibit H to the Howard Declaration consists of a Power Point Presentation Bates labeled SAP-OR00004768 through SAP-OR00004771. This documents was prepared for the purpose of summarizing the business case for acquiring TomorrowNow. This was intended to be a non-public document due to the confidential nature of the information contained therein. This

information was circulated to SAP's management, and, as such, provides an insight generally into how risk analysis is undertaken at the company. Consequently, public disclosure of this document or the information contained therein would injure SAP by providing our competitors with insight into private decision-making processes and corporate governance, the reciprocal version of which is not available to SAP.

7. To my knowledge none of the documents which are the subject of this motion have been included as part of any dispositive motion in this or any other case.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 13th day of August, 2008 in _____, Pennsylvania.

_____
ARLEN SHENKMAN