Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAP AG, et al., <br><br> Defendants. | Case No. 07-CV-1658 PJH <br><br> **DECLARATION OF ELAINE WALLACE IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF CLAWED BACK DOCUMENTS** <br><br> **EXHS. 3 & 4 SUBMITTED UNDER SEAL** <br><br> Date: TBD <br> Time: TBD <br> Courtroom: E, 15th Floor <br> Judge: Hon. Elizabeth D. Laporte |

SFI-589837v1

WALLACE DECL. ISO DEFS.' OPP.
TO MOT. TO COMPEL
Case No. 07-CV-1658 PJH(EDL)

I, Elaine Wallace, declare:

I am an associate with the law firm of Jones Day, 555 California Street, 26th Floor, San Francisco, CA 940104 and counsel of record for Defendants in this action. I am a member in good standing of the state bar of California and admitted to practice before this Court. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

1. Attached hereto as Exhibit 1 is a true and correct copy of a letter I sent to Bree Hann, counsel for Oracle, on June 30, 2008. The letter contains an accurate description of the privilege review process Jones Day has implemented in this case. In addition to the information provided in the June 30 letter, paragraphs 2 and 3 below contain some additional detail regarding Defendants' privilege review process.

2. The contract attorneys refer to the full list of inside and outside counsel provided by Jones Day during the page by page review. In addition, before beginning the page by page review of a custodian's documents the contract attorneys generally also run tailored searches specific to that custodian. These tailored searches are done electronically. The tailored searches may or may not be the same for any two custodians, depending on who the custodians are. The tailored searches have been developed to account for the different positions of the various custodians, the different types of privileged communications they are likely to have had, and the different inside and outside lawyers with whom they are likely to have communicated. Thus, for example, the tailored searches for SAP custodians are generally different from those used for TomorrowNow custodians. The tailored searches have been developed over time by the contract attorneys as their knowledge of the facts and the data being reviewed has grown. The tailored searches consist mostly of attorney names, but may occasionally include other terms as well.

3. As described in my June 30 letter, quality control occurs at various levels of the process. The tailored searches are just the first step in the review process. During first level review, each tailored search is followed by a page by page review of all of a custodian's documents using the full list of attorney names provided by Jones Day. At the conclusion of the page by page review, additional quality control searches are run. These searches are done by the

attorneys who reviewed the documents because those are the people with the most knowledge of the contents of the documents and the type of privileged communications they are likely to contain. The attorneys choose the quality control searches from existing tailored searches or, where appropriate, develop new ones based on their knowledge of the documents. Additional quality control searches are run by Jones Day as part of the third level of review. These third level searches are done electronically and include both key attorney names and terms such as "legal" and "privileged." Every one of these searches returns hundreds to thousands of document hits that have to then be re-reviewed (*i.e*, the document was reviewed during the page-by-page review process and is now being reviewed again). The vast majority of the document hits returned from these searches are not privileged. Every additional search Defendants run greatly slows the process of production. Defendants' current process attempts to balance the need to produce the data in an efficient fashion while attempting to prevent any inadvertent production.

4. Attached hereto as Exhibit 2 is a true and correct copy of a June 20, 2008 letter from Briana Rosenbaum, counsel for Oracle, to Jones Day, counsel for Defendants concerning Oracle's inadvertent production of privileged documents to Defendants.

5. Attached hereto as Exhibit 3 is a true and correct copy of the March 9, 2005 Rules of Engagement document produced by TomorrowNow in this case and identified by the Bates number TN-OR00000016-20.

6. Attached hereto as Exhibit 4 is a true and correct copy of the March 15, 2006 Rules of Engagement document produced by TomorrowNow in this case and identified by the Bates number TN-OR00000025-28.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 13th day of August, 2008 in San Francisco, California.

/s/ Elaine Wallace
Elaine Wallace