IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE CORPORATION, et al., | No. C-07-01658 PJH (EDL) |
|     Plaintiffs, | **ORDER FOLLOWING DISCOVERY CONFERENCE** |
| v. | |
| SAP AG, et al., | |
|     Defendants.        / | |

On August 28, 2008, this Court held a discovery conference in this matter. As stated at the hearing, the Court makes the following order:

1. Defendant SAP shall produce, in addition to the information already provided such as license fees, the service related revenue information for the 61 customers for which software contracts have already been provided. Plaintiffs shall produce equivalent information to Defendants in a comparable format, such as by Bates number.

2. The parties shall utilize the following stipulated protocol for targeted searches:

> The Parties may request from the other side up to 10 targeted searches, i.e., narrow searches by topic where document production would come from centralized sources and/or from those persons most likely to have responsive documents. Each targeted search request shall be self-contained (i.e., shall not incorporate by reference any other discovery request or correspondence), however, a responding party may object to a targeted search request on the ground that the document requests pending at the time the targeted search is made do not call for production of the documents sought by the targeted search request. The Parties may prioritize which requested searches should be conducted in what order, and may hold in reserve any number of their 10 allotted targeted search requests. After receiving a targeted search request, the Responding Party shall make a good faith effort to conduct the requested narrow search and produce the responsive information located from that search as follows.
>
> The Party receiving a targeted search request shall have seven calendar days (excluding federal court holidays) to review and respond in writing to the request. That initial response shall indicate any objections or narrowing of the request the Party wishes to make and how the Party initially intends to search for the material it agrees to produce in response. Seven additional calendar days (excluding federal

court holidays) later, the Responding Party shall update the description of the places and/or persons it intends to search for responsive documents and shall also provide a good faith estimate of the time required to begin rolling production and complete full production. Meet and confer shall occur as necessary during the above request/response process and any resulting changes to the scope of the request or to the scope of the response shall be made in writing. The Parties shall work with each other and the Court, if necessary, to expeditiously resolve any disputes regarding targeted search proposals or responses. Despite any disagreements, and pending their resolution, the Parties agree to search for and produce any non-objectionable documents in response to a pending targeted search request on a rolling basis. With any production, the Party shall describe in a cover letter the targeted search to which the production responds and the centralized sources and/or individual custodians documents that were searched.

The Parties further agree that this process will begin no sooner than August 29, 2008, at which time each side will be able to formally propound its first three selected targeted searches. Upon receipt of those targeted search requests, the response, meet and confer, and dispute resolution processes will proceed as discussed in detail in the preceding two paragraphs.

3.  The parties shall agree on a procedure for providing documents sufficiently in advance of depositions. Foreign deponents may decide whether to give their depositions in English or German. For the handful of depositions that are conducted in German, as agreed by the parties, the Court allows additional (double) deposition hours to account for translation time.

4.  Defendants may file their motion to compel financial information and motion to compel third party information. With respect to Defendants' proposed motion regarding copyright registrations, if Plaintiffs are objecting to the substance of the topics for the related Rule 30(b)(6) deposition regarding the registrations, then Defendants may bring their motion at this time. If Plaintiffs withdraw their objections to the deposition, the motion may not be brought at this time. The parties shall meet and confer on a briefing schedule for the motions to compel.

**IT IS SO ORDERED.**

Dated: August 29, 2008

ELIZABETH D. LAPORTE
United States Magistrate Judge