Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAP AG, et al., <br><br> Defendants. | Case No. 07-CV-1658 PJH <br><br> **[PROPOSED] ORDER GRANTING ADMINISTRATIVE MOTION FOR LEAVE TO FILE DOCUMENTS UNDER SEAL [E-FILED AND LODGED WITH THE COURT PURSUANT TO LR 79-5(d)]** <br><br> Date: N/A <br> Time: N/A <br> Courtroom: E, 15th Floor <br> Judge: Hon. Elizabeth D. Laporte |

HUI-101720v1

[PROPOSED] ORDER GRANTING MOTION TO SEAL
Case No. 07-CV-1658 PJH(EDL)

1   Plaintiffs Oracle Corporation, Oracle USA, Inc., and Oracle International Corporation (together, "Oracle") have filed an Administrative Motion to File Their Motion to Compel and Supporting Documents Under Seal. The Administrative Motion requests that portions of the Motion to Compel and certain supporting documents be filed under seal because they contain information designated by Defendants as "Confidential Information" or "Confidential Information – Attorneys' Eyes Only" under the Protective Order in this action.

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. Proc. 26(c). In particular, when the request for sealing concerns discovery documents attached to a non-dispositive motion, a showing of good cause to seal the documents is sufficient to justify protection under Rule 26(c). *See Navarro v. Eskanos & Adler*, Case No. C-06 02231 WHA(EDL), 2007 U.S. Dist. LEXIS 24864 at *7 (March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006).

Defendants filed the declarations required under Local Rule 79-5 to provide evidence of good cause for this Court to permit filing under seal. Those declarations establish both that Defendants have considered and treated the information contained in the subject documents as confidential or proprietary, and that public disclosure of such information would result in a particularized harm or prejudice to the Defendants. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006). Accordingly, for good cause shown, the Court ORDERS that the following documents shall be filed under seal:

1. the redacted versions of Exs. C and W attached to the Declaration of Geoffrey M. Howard in Support of Oracle's Motion to Compel Production of Clawed Back Documents ("Howard Decl.");

2. Exs. E through H, J, and X to the Howard Decl.; and

3. the non-redacted version of Oracle's Motion to Compel Production of Clawed Back Documents, which references information contained in Exs. C, E-H, J, W and X to the Howard Decl.

1     Further, the Court ORDERS that because the non-redacted versions of Exs. B, C, U, V
2 and W to the Howard Decl. (the "Contested Documents" in Oracle's Motion to Compel) are
3 allegedly privileged attorney-client communications that have been lodged by Defendants for *in*
4 *camera* review only, in order to preserve Defendants' claim of privilege over those documents,
5 Exs. B, C, U, V and W to the Howard Decl. shall not be filed in any manner (public, sealed or
6 otherwise) and instead shall remain protected in the Court's chambers pending this Court's
7 resolution of Oracle's motion to compel production of clawed back documents.
8     IT IS SO ORDERED.

Dated: ___8/29/08___



Judge Elizabeth D. Laporte