Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., <br><br> Plaintiffs, <br><br> v. <br><br> SAP AG, et al., <br><br> Defendants. | Case No. 07-CV-1658 PJH (EDL) <br><br> **DECLARATION OF THARAN GREGORY LANIER ISO DEFENDANTS' FRCP 12(B)(1) AND 12(B)(6) MOTION TO DISMISS TO** <br><br> Date: November 19, 2008; Time: 9:00 a.m. <br> Courtroom: 3, 17th Floor <br> Judge: Hon. Phyllis J. Hamilton |

I, THARAN GREGORY LANIER, declare:

I am a partner in the law firm of Jones Day, 1755 Embarcadero Road, Palo Alto,

California 94303, and counsel of record for Defendants SAP AG, SAP America, Inc. and TomorrowNow, Inc. (collectively, "Defendants") in the above-captioned action. I am a member in good standing of the state bar of California and admitted to practice before this Court. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

**History of Plaintiffs' Amendments to the Complaint**

1. Plaintiffs Oracle Corporation ("Oracle Corp."), Oracle USA, Inc. ("Oracle USA") and Oracle International Corporation ("OIC") (collectively, "the Original Plaintiffs") filed their initial complaint against Defendants on March 22, 2007. *See* D.I. 1.

2. On June 1, 2007, the Original Plaintiffs filed their First Amended Complaint ("FAC"). *See* D.I. 31.

3. In January 2008, the Original Plaintiffs informed Defendants that they planned to amend the complaint a second time, but could not do so until they had obtained additional copyright registrations.

4. At the Case Management Conference in April 2008, the Original Plaintiffs attributed their delay in filing the Second Amended Complaint ("SAC") to their efforts to obtain additional copyright registrations.

5. On July 28, 2008, pursuant to a stipulation, the Original Plaintiffs filed the SAC. *See* D.I. 132. Of the 40 additional copyright registrations identified in the SAC, all of them pre-date the FAC, and all but three pre-date the original complaint.

6. On August 28, 2008, after being informed Defendants might respond to the SAC by motion, the Original Plaintiffs informed Defendants that they planned to seek leave to amend again to make "some adjustment to the plaintiff entities currently described in the Second Amended Complaint." This proposed amendment purportedly followed Plaintiffs' recent "discovery" of documents relating to ownership of the copyrights-in-suit ("inter-company agreements") that Defendants have been seeking for more than a year.

**History of Plaintiffs' Production of Their Inter-Company Agreements**

7. Defendants first asked the Original Plaintiffs to produce inter-company agreements

1  on July 26, 2007, the day fact discovery opened.  The Original Plaintiffs agreed, but as of the fall
2  of 2007, had not done so.

3    8.    Defendants raised the Original Plaintiffs' failure to produce the inter-company
4  agreements, as well as other relevant documents, in meet and confer communications in October,
5  November and December 2007, and specifically put the Original Plaintiffs on notice that
6  Defendants may raise legal challenges based on the inter-company agreements.  ("We believe that
7  it is not unlikely that the alleged licensing was not handled in the way you have alleged.").

8    9.    On January 4, 2008, the Original Plaintiffs again said that they would produce the
9  requested documents but by the end of January, still had not done so.

10   10.   On January 28, 2008, Defendants raised the issue in a motion to compel submitted
11  to the Special Discovery Master.

12   11.   On February 25, 2008, some seven months after Defendants first requested them,
13  Plaintiffs finally produced a few inter-company agreements.  Believing the Original Plaintiffs'
14  production to be incomplete, Defendants continued to meet and confer on the issue.

15   12.   On July 22, 2008, a full year after Defendants requested them, the Original
16  Plaintiffs produced several additional inter-company agreements.

17   13.   Defendants then asked the Original Plaintiffs to confirm that they had produced all
18  responsive inter-company agreements.  The Original Plaintiffs initially refused to give a
19  straightforward answer to that question.

20   14.   On August 27, 2008, the Original Plaintiffs admitted "that there may be some
21  additional responsive documents related to inter-company agreements."  The very next day,
22  August 28, 2008, the Original Plaintiffs informed Defendants that they planned to seek leave to
23  amend again to make "some adjustment to the plaintiff entities currently described in the Second
24  Amended Complaint" as a result of their "discovery" of additional documents relating to
25  copyright ownership.

26  **The Third Amended Complaint**

27   15.   On September 11, 2008, the parties entered into a stipulation regarding the Original
28  Plaintiffs' proposed TAC, pursuant to which the Original Plaintiffs would provide to Defendants

1 | a draft TAC and would "make reasonable efforts to complete a supplemental production of
2 | documents related to the proposed amendments" by September 29, 2008. *See* D.I. 177.

16. On September 29, 2008, the Original Plaintiffs provided SAP with the draft TAC and supplemental production described in the stipulation. The supplemental production consisted of additional copyright-related materials and inter-company agreements.

17. On October 6, 2008, Defendants stipulated to filing of the TAC, and the Plaintiffs filed the TAC on October 8, 2008. *See* D.I. 182.

18. At the October 10, 2008 Discovery Conference, Plaintiffs' counsel confirmed that Plaintiffs had produced all agreements for the Plaintiffs named in the TAC related to the ownership of and rights to the copyrights in issue. *See* Reporter's Transcript of October 10, 2008 Discovery Conference Before: Hon. Elizabeth D. Laporte, pp. 1, 61-63, attached as Exhibit 9.

**Exhibits Attached to This Declaration**

19. Attached as Exhibit 1 is a true and correct copy of the June 4, 1998 Research and Development Cost Sharing Agreement by and among J.D. Edwards World Source Company, J.D. Edwards Europe Ltd., and J.D. Edwards (Singapore) Pte. Ltd. *See* ORCL00182315–332.

20. Attached as Exhibit 2 is a true and correct copy of the Oracle/Ozark Contribution, Assignment and Assumption Agreement, dated January 31, 2006, between Oracle Corporation and Ozark Holding Inc. *See* ORCL00182293–302.

21. Attached as Exhibit 3 is a true and correct copy of the March 1, 2005 PeopleSoft/JDE LLC OIC Asset Transfer Agreement between Oracle Corporation, Oracle International Corporation, PeopleSoft, Inc. and J.D. Edwards & Company, LLC. *See* ORCL00043702–707.

22. Attached as Exhibit 4 is a true and correct copy of the March 1, 2005 OIC Asset Transfer Agreement by and among Oracle Corporation, Oracle International Corporation, PeopleSoft, Inc. and J.D. Edwards & Co., LLC, J.D. Edwards YOUCentric and J.D. Edwards World Source Company. *See* ORCL00043708–713.

23. Attached as Exhibit 5 is a true and correct copy of the "Customer Connection Terms of Use." *See* ORCL00051977–78.

24. Attached as Exhibit 6 is a true and correct copy of the "Special Terms of Use." *See* ORCL00051971.

25. Attached as Exhibit 7 is a true and correct copy of the "SAR legal restrictions." *See* ORCL00051976.

26. Attached as Exhibit 8 is a true and correct copy of the "Legal Download Agreement." *See* ORLC00051974–75.

27. Attaches as Exhibit 9 is a true and correct copy of the pages 1 and 61-63 of Reporter's Transcript of October 10, 2008 Discovery Conference Before: Hon. Elizabeth D. Laporte.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct. Executed this 15th day of October, 2008 in Palo Alto, California.

/S/ Tharan Gregory Lanier
Tharan Gregory Lanier

SVI-61196v2

- 5 -

DECLARATION OF THARAN GREGORY LANIER
Case No. 07-CV-1658 PJH (EDL)