Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>Plaintiffs,<br><br>v.<br><br>SAP AG, *et al.*,<br><br>Defendants. | CASE NO. 07-CV-1658 PJH (EDL)<br><br>**[REVISED PROPOSED] ORDER GRANTING DEFENDANTS' FRCP 12(B)(1) AND 12(B)(6) MOTION TO DISMISS PLAINTIFFS' CLAIMS FOR COPYRIGHT INFRINGEMENT, INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE, BREACH OF CONTRACT, UNFAIR COMPETITION, AN ACCOUNTING, AND UNJUST ENRICHMENT** |

Having considered Defendants' FRCP 12(b)(1) and 12(b)(6) Motion to Dismiss Plaintiffs' Claims for Copyright Infringement, Interference with Prospective Economic Advantage, Breach of Contract, Unfair Competition, An Accounting, and Unjust Enrichment ("Motion to Dismiss"), supporting declaration of Tharan Gregory Lanier, and exhibits attached thereto, as well as Plaintiffs' opposition and Defendants' reply papers and such argument as this Court deemed necessary,

IT IS HEREBY ORDERED THAT Defendants' motion is GRANTED, as follows:

**Procedural Matters**

Defendants properly have brought their motion to dismiss J.D. Edwards Europe Limited's ("JDEE") copyright infringement claim pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure. *See e.g.*, *O'Mahony v. Accenture Ltd.,* 537 F. Supp. 2d 506, 509 (S.D.N.Y. 2008); *Williams v. Sugar Hill Music Publishing, Ltd.*, No. C 05-03155 (MEJ), 2006 WL 1883350, at *9 (N.D. Cal. July 7, 2006). Further, the Parties correctly agree that this Court's consideration of the exhibits referenced in support of Defendants' motion to dismiss the copyright claims of JDEE and Oracle Systems Corporation ("OSC"), as well as Plaintiffs' breach of contract claims, is proper, regardless of whether this Court considers Defendants' motion under Rule 12(b)(1) or Rule 12(b)(6), because these exhibits have been incorporated by reference into Plaintiffs' Third Amended Complaint. *See Parrino v. FHP, Inc.*, 146 F.3d 699, 706 (9th Cir. 1998).

**Copyright Infringement**

- JDEE's copyright claim is DISMISSED. Defendants argued that this Court lacks subject matter jurisdiction over JDEE's copyright infringement claims because they are based solely on non-U.S. rights. The Court agrees. Federal copyright laws "do not have extraterritorial application" and apply only to alleged acts of infringement that occur within the United States. *See Subafilms, Ltd. v. MGM-Pathe Comm'ns Co.*, 24 F.3d 1088, 1090 (9th Cir. 1994). The only agreement under which JDEE possesses any exclusive rights in the copyrights at issue in this case limits JDEE's rights to Europe, the Middle East, and Africa. Because JDEE has no rights in the United States, there can be no infringement of JDEE's rights that occur within U.S. borders. Therefore, JDEE's copyright infringement claim does not arise under the Copyright Act, and this

1  Court lacks subject matter jurisdiction to hear JDEE's claim. Because there is no set of facts that
2  Plaintiffs could include in an amended complaint that would provide this Court with subject
3  matter jurisdiction over JDEE's copyright claim, amendment would be futile. *See Cahill v.*
4  *Liberty Mut. Ins. Co.*, 80 F.3d 336, 338-39 (9th Cir. 1996). Thus, this Court's dismissal of
5  JDEE's copyright infringement claim shall be WITHOUT LEAVE TO AMEND.

6  • Oracle System Corporation's ("OSC") copyright claim is DISMISSED.
7  Defendants argued that OSC's copyright claims should be dismissed because OSC lacks standing
8  to sue for copyright infringement. The Court agrees. Only copyright owners and exclusive
9  licensees of a copyright may enforce a copyright or license. *See Sybersound Records, Inc. v.*
10  *UAV Corp.*, 517 F.3d 1137, 1144 (9th Cir. 2008). Plaintiffs do not allege that OSC is or ever has
11  been the owner or exclusive licensee of any of the copyrights at issue. On that basis alone, the
12  Court finds that OSC lacks standing to sue for copyright infringement. Furthermore, the Court
13  notes that transfers of the right to sue for accrued infringement claims must be express, and do not
14  automatically transfer with the copyrights that gave rise to those claims. *See Co-opportunities,*
15  *Inc. v. Nat'l Broadcasting Co., Inc.*, 510 F. Supp. 43, 46 (N.D. Cal. 1981). Because OSC never
16  received an express assignment of the right to sue for past infringement, it lacks the right to sue
17  for such accrued causes of action. Further, Plaintiffs cannot amend their complaint to allege that
18  OSC has standing to sue for copyright infringement because the only inter-company agreements
19  relevant to the issue of OSC's copyright standing confirm that OSC is not and never has been an
20  owner or exclusive licensee of the copyrights at issue. Therefore, dismissal of OSC's copyright
21  claim shall be WITHOUT LEAVE TO AMEND because amendment would be futile.

22  **Preemption**

23  Plaintiffs' claims for intentional and negligent interference with prospective economic
24  advantage, breach of contract, unfair competition, and an accounting are DISMISSED to the
25  extent that Plaintiffs base these claims on alleged acts of copyright infringement. Defendants
26  argued, and Plaintiffs conceded, that Plaintiffs base their interference, breach of contract, unfair
27  competition, and accounting claims in large part on alleged copyright infringement. The Court
28  agrees. To the extent that these claims are based on alleged acts of copyright infringement, they

are dismissed as preempted. *See* 17 U.S.C. § 301(a). These allegations of copyright infringement are eliminated as the bases of Plaintiffs' state law claims. This Court's dismissal of Plaintiffs' claims for intentional and negligent interference with prospective economic advantage, breach of contract, unfair competition, and an accounting is WITHOUT LEAVE TO AMEND to the extent of preemption because amendment to reassert those allegations would be futile. *See Idema v. Dreamworks*, 162 F. Supp. 2d 1129, 1193 (C.D. Cal. 2001).

### Breach of Contract

Plaintiffs' breach of contract claims are DISMISSED. Defendants argued that Plaintiffs' claim for breach of contract should be dismissed in its entirety for failure to state a claim because Defendants are not parties to the alleged contracts. The Court agrees. The plain language of the asserted contracts contemplates only customers with an existing agreement with an Oracle entity as offerees with the power to accept the terms of the contracts. Defendants did not and could not agree to the terms of the asserted contracts because Defendants are not within the class of intended offerees of the contracts. *See Ott v. Home Savings & Loan Ass'n.*, 265 F.2d 643, 646 (9th Cir. 1958). Thus, Defendants are not, and cannot be, parties to the asserted contracts, and Plaintiffs have failed to state a claim of breach of contract against Defendants. Amendment of Plaintiffs' claim to allege that Defendants are parties to the asserted contracts would contradict Plaintiffs' current allegations and would be futile. Thus, this Court's dismissal of Plaintiffs' breach of contract claims is WITHOUT LEAVE TO AMEND.

### Unjust Enrichment

Plaintiffs' claim for unjust enrichment/restitution is DISMISSED. Defendants argued that Plaintiffs' claims for unjust enrichment should be dismissed because unjust enrichment is not a legally cognizable claim. The Court agrees. There is no cause of action in California for unjust enrichment. *See Melchior v. New Line Prods., Inc.*, 106 Cal. App. 4th 779, 793 (2003); *McBride v. Boughton*, 123 Cal. App. 4th 379, 387 (2004); *Enreach Tech., Inc. v. Embedded Internet Solns., Inc.*, 403 F. Supp. 2d 968, 976 (N.D. Cal. 2005). Further, Plaintiffs have not stated a claim for restitution under a quasi-contract theory that could proceed under the label "unjust enrichment." Plaintiffs' ninth cause of action seeks damages based on their breach of contract and state law tort

claims.  However, a claim for restitution seeks damages in lieu of breach of contract and tort damages.  *See McBride*, 123 Cal. App. 4th at 388.  Plaintiffs' ninth cause of action for unjust enrichment/restitution thus fails to state a claim.  However, Plaintiffs are granted LEAVE TO AMEND their complaint to properly plead a claim for restitution.

      IT IS HEREBY FURTHER ORDERED THAT:  Plaintiffs shall have ___ days from the issuance of this order to submit an amended complaint consistent with this order.  In so doing, Plaintiffs shall avoid re-pleading alleged copyright infringement as the basis for Plaintiffs' economic interference, unfair competition, and accounting claims.  Defendants shall have ___ days from the filing of Plaintiffs' Fourth Amended Complaint to respond.

      **IT IS SO ORDERED.**

DATED: _____    By: _____
                                                                         Hon. Phyllis J. Hamilton

SVI-63114