Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:      (415) 626-3939
Facsimile:      (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:      (650) 739-3939
Facsimile:      (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:      (832) 239-3939
Facsimile:      (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

### SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO THIRD AMENDED COMPLAINT** |
| v. | |
| SAP AG, et al., | **JURY TRIAL DEMANDED** |
| Defendants. | |

The Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224) dismissed OSC's and JDEE's claims for copyright infringement and narrowed remaining Plaintiffs' claims in several other respects. SAP AG, SAP America, Inc. ("SAP America") and TomorrowNow, Inc. ("TN") (collectively, "Defendants"), without waiving any defenses or rights to be presented by motion, answer and respond to Plaintiffs' third amended complaint, as modified by the Court's Order, as follows:

**<u>ANSWER</u>**

1.      Defendants deny the allegations of paragraph 1.  Because Plaintiffs have publicly admitted that TN had the right, in some instances, to access Plaintiffs' computers and use the Software and Support Materials therein, this case (once parsed of Plaintiffs' rhetoric) is simply about whether TN exceeded its rights to access Plaintiffs' computers, whether that harmed Plaintiffs, and, if so, by how much.

2.      Defendants admit that SAP considered providing additional choices to enterprise software companies, in response to Plaintiffs' effort to eliminate many of their competitors by buying them.  Plaintiffs rely on snippets and excerpts of documents to construct a tale of intrigue, when the truth is far simpler, though less exciting – SAP bought TN with the hope that providing "Oracle" customers a choice in maintenance might give them the time to consider alternative, and better, enterprise software.  Thus, although Defendants admit that the quoted statements are from various documents, Defendants deny the implicit allegations of improper motive that Plaintiffs create by quoting those statements out of context.

3.      Defendants admit that paragraph 3 partially quotes various documents, but otherwise deny the allegations of paragraph 3.

4.      Defendants admit the allegations of the first sentence of paragraph 4, but deny the allegations of the second sentence of paragraph 4.

5.      Defendants admit that the TN business case indicated that TN relied on "non-production" copies of PeopleSoft software for its "access to PeopleSoft system"; however, the referenced business case did not "detail how" TN used that software or accessed any such systems.  Defendants admit the allegations of the third sentence of paragraph 5.  Defendants

ANSWER AND AFFIRMATIVE DEFENSES TO
THIRD AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

admit that the referenced business case predicted "likely legal action" by "Oracle," but deny all of the remaining allegations of paragraph 5.

6. Defendants deny the allegations of paragraph 6.

7. Defendants deny the allegations of paragraph 7.

8. Defendants admit that paragraph 8 partially quotes various documents, but otherwise deny the allegations of paragraph 8.

9. Defendants admit that paragraph 9 partially quotes various documents, but otherwise deny the allegations of paragraph 9.

10. Defendants deny the allegations of paragraph 10.

11. Defendants admit that paragraph 11 partially quotes various documents, but otherwise deny the allegations of paragraph 11.

12. Defendants deny the allegations of paragraph 12.

13. Defendants are without information or belief sufficient to admit or deny the allegations of paragraph 13, and on that basis deny them.

14. Defendants are without information or belief sufficient to admit or deny the allegations of the first sentence of paragraph 14, and on that basis deny them. Defendants deny the remaining allegations of paragraph 14.

15. Defendants admit that TN, on behalf of its customers, has downloaded and stored a large quantity of Software and Support Materials, further admit that downloads occurred of materials as to which TN did not have confirmation that the customer in whose name the downloads were being conducted had rights to such materials, and further admit that TN used those materials for customer support. Defendants deny the remaining allegations of paragraph 15. Defendants also deny the allegations in footnote 2 because not all of the "program updates, software updates, bug fixes, patches, custom solutions, and instructional documents across the entire PeopleSoft and JDE families of software products" are "copyrighted materials."

16. Defendants admit that TN, on behalf of its customers, has downloaded and stored a large quantity of Software and Support Materials, further admit that downloads occurred of materials as to which TN did not have confirmation that the customer in whose name the

SVI-64665v1

1    downloads were being conducted had rights to such materials, and further admit that TN used

2    those materials for customer support.  Defendants deny the remaining allegations of paragraph 16.

3        17.    Defendants admit that TN, on behalf of its customers, has downloaded and stored a

4    large quantity of Software and Support Materials, further admit that downloads occurred to

5    materials as to which TN did not have confirmation that the customer in whose name the

6    downloads were being conducted had rights to such materials, and further admit that TN used

7    those materials for customer support.  Defendants deny the remaining allegations of paragraph 17.

8        18.    Defendants admit that TN, on behalf of its customers, has downloaded and stored a

9    large quantity of Software and Support Materials, further admit that downloads occurred of

10   materials as to which TN did not have confirmation that the customer in whose name the

11   downloads were being conducted had rights to such materials, further admit that TN used those

12   materials for customer support, further admit that TN kept copies of certain of its customers'

13   "Oracle" software applications on its systems, further admit that certain development

14   environments TN used to service its customers were described internally as "generic

15   environments," and further admit that TN delivered numerous fixes and tax and regulatory

16   updates to its customers, and certain of those fixes and updates were retrofitted from certain fixes

17   and updates created by various "Oracle" entities.  Defendants deny the remaining allegations of

18   paragraph 18.

19       19.    Defendants admit that TN, on behalf of its customers, has downloaded and stored a

20   large quantity of Software and Support Materials, further admit that downloads occurred of

21   materials as to which TN did not have confirmation that the customer in whose name the

22   downloads were being conducted had rights to such materials, further admit that TN used those

23   materials for customer support, further admit that TN kept copies of certain of its customers'

24   "Oracle" software applications on its systems, further admit that certain development

25   environments TN used to service its customers were described internally as "generic

26   environments," and further admit that TN delivered numerous fixes and tax and regulatory

27   updates to its customers, and certain of those fixes and updates were retrofitted from certain fixes

28

SVI-64665v1

ANSWER AND AFFIRMATIVE DEFENSES TO
THIRD AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

and updates created by various "Oracle" entities. Defendants deny the remaining allegations of paragraph 19.

20. Defendants deny the allegations of paragraph 20.

21. Defendants admit the allegations of the first sentence of paragraph 21, but deny the remaining allegations of paragraph 21. These allegations are false. As Plaintiffs know, Mr. Kagermann's reference to a "firewall" was a reference to a set of procedural rules that were put in place shortly after TN was acquired.

22. Defendants admit that before the Rules of Engagement that created the figurative "firewall" between TN and SAP were put in place, a TN employee provided access to a few files containing "Oracle" materials to a few employees at SAP; Defendants admitted that fact in their initial discovery responses in this case well over a year ago. Defendants deny the remaining allegations of paragraph 22.

23. Defendants admit that an SAP employee who was a former employee of PeopleSoft created a document that contains the partially quoted statements. Defendants deny the remaining allegations of paragraph 23.

24. Defendants admit that SAP sought assurances from TN that TN respected "Oracle's" intellectual property rights and that TN's owners were concerned that SAP's acquisition of TN would increase the likelihood that "Oracle" would sue TN. Defendants deny the remaining allegations of paragraph 24.

25. Defendants admit that SAP America acquired TN in January 2005. Defendants deny the remaining allegations of paragraph 25.

26. Defendants admit that TN had a program called "Project Blue" that was intended to move customers' environments from TN's facilities into customer-owned or leased facilities and that TN used the term "Yellow" to describe the status quo regarding customer environments at TN during a certain time frame. Defendants deny the remaining allegations of paragraph 26.

27. Defendants admit that TN had a program called "Project Blue" that was intended to move customers' environments from TN's facilities into customer-owned or leased facilities. Defendants further admit that TN considered supporting eBusiness Suite, Retek, and Hyperion

customers, but TN never actually supported any of those product lines. Defendants further admit that paragraph 27 contains partial quotes from various documents. Defendants deny the remaining allegations of paragraphs 27.

28. Defendants deny the allegations of paragraph 28.

29. Defendants deny the allegations of the first and second sentences of paragraph 29. Defendants admit the allegations in the third sentence of paragraph 29.

30. Defendants deny the allegations of the first and third sentences of paragraph 30, but admit the allegations of the second sentence of paragraph 30.

31. Defendants admit that paragraph 31 quotes from various documents, but otherwise deny the remaining allegations of the paragraph 31.

32. Defendants deny the allegations of paragraph 32.

33. Defendants deny the allegations of paragraph 33.

34. Defendants admit the allegations in the first sentence of paragraph 34. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 34, and on that basis deny them.

35. Defendants admit the allegations in the first sentence of paragraph 35. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, and on that basis deny them.

36. Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), all of OSC's claims in this case have been dismissed. As a result, no response to the allegations in paragraph 36 should be necessary. However, to the extent, if any, that a response is required, Defendants admit the allegations in the first sentence of paragraph 36. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36, and on that basis deny them.

37. Defendants admit the allegations in the first sentence of paragraph 37. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, and on that basis deny them.

38.     Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), all of JDEE's claims in this case have been dismissed.  As a result, no response to the allegations in paragraph 38 should be necessary.  However, to the extent, if any, that a response is required, Defendants admit the allegations in the first sentence of paragraph 38.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38, and on that basis deny them.

39.     Defendants admit the allegations of paragraph 39.

40.     Defendants admit the allegations of paragraph 40.

41.     Defendants admit the allegations of paragraph 41, except that the entity TomorrowNow has never had the name of "SAP-TN."

42.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 42, and on that basis deny them.

43.     Defendants admit the allegations of paragraph 43.

44.     Defendants admit that SAP America is a 100% wholly-owned subsidiary of SAP AG, that TN is a 100% wholly-owned subsidiary of SAP America, and that the two parent companies have all the rights and authorities that are commensurate with that 100% ownership. Defendants deny the remaining allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants admit the allegations of paragraph 46.

47.     Defendants admit the allegations of paragraph 47.

48.     Defendants admit the allegations of paragraph 48.

49.     Defendants do not contest assignment in this division, but are without knowledge of information sufficient to form a belief as to the truth of the allegations of paragraph 49 and thus deny them on that basis.

50.     Defendants admit that the group of "Oracle" companies collectively develops, manufactures, markets, distributes, and services a variety of software products, and has been granted the certification mentioned, but denies the remaining allegations of paragraph 50, including the allegation that "Oracle," as defined by Plaintiffs, is a single entity.

1     51.    Defendants admit the allegations of paragraph 51.

2     52.    Defendants admit that Plaintiffs' license agreements vary even though many of

3  them have similar content.  However, because each license agreement at issue in this case must be

4  considered on its own terms unless it is identical to one or more other agreements, Defendants

5  deny the remaining allegations of paragraph 52.

6     53.    Defendants admit that Plaintiffs' license agreements vary even though many of

7  them have similar content.  However, because each license agreement at issue in this case must be

8  considered on its own terms unless it is identical to one or more other agreements, Defendants

9  deny the remaining allegations of paragraph 53.

10    54.    In response to paragraphs 54-60, Defendants admit that Oracle USA purports to

11 create and unilaterally impose new obligations on the part of its customers or to modify their

12 existing rights, as set forth in the license agreements between Oracle USA and its customers, by

13 means of alleged "terms of use" and other "agreements" associated with Plaintiffs' Customer

14 Connection website.  Defendants are without knowledge or information sufficient to form a belief

15 as to the truth of the allegations of paragraph 54-60, and on that basis deny them.

16    55.    Defendants incorporate by reference their answer to paragraph 54 as their answer

17 to paragraph 55.

18    56.    Defendants incorporate by reference their answer to paragraph 54 as their answer

19 to paragraph 56.

20    57.    Defendants incorporate by reference their answer to paragraph 54 as their answer

21 to paragraph 57.

22    58.    Defendants incorporate by reference their answer to paragraph 54 as their answer

23 to paragraph 58.

24    59.    Defendants incorporate by reference their answer to paragraph 54 as their answer

25 to paragraph 59.

26    60.    Defendants incorporate by reference their answer to paragraph 54 as their answer

27 to paragraph 60.

28

61. Defendants deny that "Oracle," as defined by Plaintiffs, acquired PeopleSoft; according to Plaintiffs' own documents evidencing the acquisition, an entity called "Oracle Corporation" (now known as OSC) acquired the PeopleSoft entities. Defendants admit that on or about the date stated that an Oracle entity acquired PeopleSoft, Mr. Knowles testified concerning the then-potential acquisition, and that as of the acquisition, Plaintiffs conducted a well-attended press event concerning the acquisition. Defendants deny the remaining allegations of paragraph 61.

62. Defendants admit that Mr. Kagermann made public statements similar to those partially quoted, but otherwise deny the allegations of paragraph 62.

63. Defendants deny the allegations of paragraph 63.

64. Defendants deny the allegations of paragraph 64.

65. Defendants admit the allegations of paragraph 65.

66. Defendants admit the allegations of paragraph 66.

67. Defendants deny that "Oracle," as defined by Plaintiffs, acquired PeopleSoft; according to Plaintiffs' own documents evidencing the acquisition, an entity then called "Oracle Corporation" (now known as OSC) acquired the PeopleSoft entities. Defendants admit the remaining allegations of paragraph 67.

68. Defendants admit that SAP purchased all of the outstanding shares of TN, that the purchase price has not been publicly disclosed, and that a public statement similar to that partially quoted was made by an industry analyst, but deny the remaining allegations of paragraph 68.

69. Defendants admit that paragraph 69 contains quotes from various documents, but deny the remaining allegations of paragraph 69.

70. Defendants admit that paragraph 70 contains quotes from various documents, but deny the remaining allegations of paragraph 70.

71. Defendants admit that paragraph 71 contains quotes from various documents, but deny the remaining allegations of that paragraph.

72.     In response to paragraph 72, Defendants admit that SAP acquired TN and that public statements were made similar to those partially quoted. Defendants deny the remaining allegations of paragraph 71.

73.     Defendants deny that "Oracle," as defined by Plaintiffs, acquired PeopleSoft; according to Plaintiffs' own documents evidencing the acquisition, an entity called "Oracle Corporation" (now known as OSC) acquired the PeopleSoft entities. Defendants admit that public statements were made similar to those partially quoted in paragraph 73. Defendants deny the remaining allegations of paragraph 73.

74.     In response to paragraph 74, Defendants admit that public statements were made similar to those partially quoted in following paragraphs. Defendants deny the remaining allegations of paragraph 74.

75.     Defendants admit that the acquisition of TN by SAP was announced on January 19, 2005, and admit that certain public statements were made similar to those partially quoted or referenced, but otherwise deny the allegations of paragraph 75.

76.     Defendants admit that statements were made similar to those partially quoted or referenced, but otherwise deny the allegations of paragraph 76.

77.     Defendants admit that statements were made similar to those partially quoted or referenced, but otherwise deny the allegations of paragraph 77.

78.     Defendants admit the allegations of paragraph 78.

79.     Defendants admit that a public statement was made on the topic referenced in the last sentence of paragraph 79. Defendants deny the remaining allegations of paragraph 79.

80.     Defendants deny the allegations in the first sentence of paragraph 80. Defendants admit the remaining allegations of paragraph 80.

81.     Defendants deny the allegations in the first sentence of paragraph 81. Defendants admit the remaining allegations of paragraph 81.

82.     Defendants admit that public statements were made in mailed and other advertisements, similar to those partially quoted or referenced, and admit that TN was a lower-

priced alternative for support for various "Oracle" products, but otherwise deny the allegations of paragraph 82.

83.     In response to paragraph 83, Defendants admit that SAP offered TN maintenance support along with a variety of other products and services. Defendants deny the remaining allegations of paragraph 83.

84.     In response to paragraph 84, Defendants admit that public statements were made similar to those referenced or partially quoted. Defendants deny the remaining allegations of paragraph 84.

85.     In response to Paragraph 85, Defendants admit that the public announcements referenced were made, that public statements were made similar to those partly quoted, and that TN eventually expanded its support offering to make services available to users of Siebel products at a price lower than that charged by Plaintiffs. Defendants deny the remaining allegations of paragraph 85.

86.     Defendants admit that SAP received reports regarding the implementation of Safe Passage, had marketing programs with the referenced names, and in certain instances bundled its software and support services with TN's maintenance services that were provided on a "zero dollar" basis. Defendants deny the remaining allegations of paragraph 86.

87.     In response to paragraph 87, Defendants admit that Messrs. Kagermann and Apotheker made public statements similar to those partially quoted, and that SAP and TN sales personnel would on occasion coordinate sales activities, but otherwise deny the allegations of paragraph 87.

88.     Defendants admit the allegations of the second sentence of paragraph 88, but deny the remaining allegations of paragraph 88.

89.     Defendants admit that there has been public discussion of TN's business and maintenance offering, but otherwise deny the allegations of paragraph 89.

90.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 90, which all relate to Plaintiffs' states of mind, and on that basis deny all of the allegations in paragraph 90.

91.     Defendants deny the allegations of paragraph 91.

92.     Defendants admit that TN employed an automated downloading tool called "Titan." Defendants deny the remaining allegations in the first sentence of paragraph 92. Because most of the remainder of paragraph 92 refers to the purported level of activity on Plaintiffs' customer support website, Defendants lack knowledge, information, or belief sufficient to admit or deny the allegations of the second, fifth, sixth, and seventh sentences of paragraph 92, and on that basis deny them. In response to the third sentence of paragraph 92, Defendants admit that "Oracle" entities permit their customers and their third party service providers to download a wide array of software and support materials, but deny the remaining allegations of that sentence. In response to the fourth sentence of paragraph 92, Defendants admit that "Oracle" entities have spent billions to purchase various companies, but otherwise deny the allegations because they are without knowledge or information sufficient to form a belief as to the truth of those allegations. Defendants deny the remaining allegations of paragraph 92.

93.     Defendants admit the allegations of paragraph 93.

94.     Defendants admit the allegations of the first and second sentences of paragraph 94. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the last sentence of paragraph 94, and on that basis deny them.

95.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 95, and on that basis deny them.

96.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 96, and on that basis deny them.

97.     In response to paragraph 97, Defendants admit that TN, on behalf of its customers, downloaded numerous materials from Plaintiffs' support website and that such downloading was performed from TN's facilities in Bryan, Texas. Defendants further admit that TN is a subsidiary of SAP America that has in the past provided support services for a variety of software programs, including those developed by PeopleSoft and JDE. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 97, and on that basis deny them.

98.     Defendants admit that in some instances the Titan download tool was used on a 24 hour basis.  Defendants deny the remaining allegations in paragraph 98.

99.     In response to paragraph 99, Defendants admit that (a) TN employees, acting on behalf of TN's customers, downloaded information from Plaintiffs' support website, and (b) TN's employees performed those downloads subject to policies that required that all downloads be on behalf of customers with current rights to access and download materials and that all downloads be of materials to which that customer had then-current rights of access.  Defendants admit that the downloads TN performed were on behalf of those who were or were about to be TN customers, but deny the remaining allegations of the last sentence of paragraph 99.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 99, and on that basis deny them.

100.    In response to paragraph 100, Defendants admit that at least some of the downloading activity alleged in Plaintiffs' complaint was conducted by TN, on behalf of TN's customers.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100, and on that basis deny them.

101.    Defendants admit the allegations of the fourth and last sentences of paragraph 101, but deny the remaining allegations of paragraph 101.

102.    Because the allegations in paragraph 102 are not specific to any TN customer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 102, and on that basis deny them.  The relevant downloading activities, maintenance services and contractual arrangements, rights, and responsibilities vary customer by customer, and must be analyzed on that basis.

103.    In response to paragraph 103, Defendants admit that the now former TN employees named in that paragraph are also former employees of either PeopleSoft or JDE, and admit the allegations of the second sentence of paragraph 103.  Defendants deny the remaining allegations of paragraph 103.

104.    Defendants admit the allegations of the second sentence of paragraph 104 only with respect to certain TN customers, but deny all remaining allegations of paragraph 104.

105.     Defendants deny the allegations of the first and third sentences of paragraph 105. In response to the allegations of the second sentence of paragraph 105, Defendants admit that some downloads were performed in rapid succession without real time human review of the materials being downloaded, but Defendants otherwise deny the allegations of that sentence.

106.     Defendants deny the allegations of paragraph 106.

107.     By its very terms, paragraph 107 is a general statement and makes no specific allegations except about Plaintiffs' alleged investigation, all the details of which have not been shared with Defendants. Defendants admit that the majority of the customers listed in paragraph 107 are former TN customers. As to the remaining allegations of paragraph 107, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them. In addition, to the extent paragraph 107 references TN's customers who are also referenced in paragraphs 108-113, Defendants incorporate their response to those paragraphs into this response to paragraph 107.

108.     In response to paragraph 108, Defendants admit the allegations of the first sentence. Defendants further admit that TN downloaded, on Honeywell's behalf, thousands of materials, and further admit that some of the downloaded materials relate to applications as to which TN's records do not show Honeywell stated to TN that it was licensed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 108, and on that basis deny them.

109.     In response to paragraph 109, Defendants admit the allegations of the first and second sentences. Defendants further admit that TN, on Merck's behalf and at approximately the time frames alleged, downloaded thousands of materials, and further admit that some of the materials downloaded relate to applications as to which TN's records do not show Merck stated to TN that it was licensed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 109, and on that basis deny them.

110.     In response to paragraph 110, Defendants admit the allegations of the first sentence. Defendants further admit that TN, on OCE's behalf and at approximately the time frames alleged, downloaded thousands of materials, and further admit that some of the materials

downloaded relate to applications as to which TN's records do not show OCE stated to TN that it was licensed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 110, and on that basis deny them.

111. In response to paragraph 111, Defendants admit the allegations of the first sentence. Defendants further admit that TN, on SPX's behalf and at approximately the time frames alleged, downloaded thousands of materials, and further admit that some of the materials downloaded relate to applications as to which TN's records do not show SPX stated to TN that it was licensed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 111, and on that basis deny them.

112. In response to paragraph 112, Defendants admit the allegations of the first sentence. Defendants further admit that TN, on Metro Machine's behalf and at approximately the time frames alleged, downloaded thousands of materials. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 112, and on that basis deny them.

113. In response to paragraph 113, Defendants admit the allegations of the first and second sentences. Defendants further admit that TN, on behalf of Yazaki and at approximately the time frames alleged, downloaded thousands of materials, and further admit that some of the materials downloaded relate to applications as to which TN's records do not show Yazaki stated to TN that it was licensed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 113, and on that basis deny them.

114. Defendants deny the allegations in the first sentence of paragraph 114. Defendants admit that for various customers and over the seven years Plaintiffs are attempting to put at issue in this case, TN created, maintained, and used some copies of certain local environments at TN's facilities for the benefit of TN's customers, but otherwise deny the allegations in the second sentence of paragraph 114. Defendants admit the third sentence of paragraph 114. Defendants deny the remaining allegations of paragraph 114.

115. Defendants admit the allegations in the first sentence of paragraph 115. Defendants deny the second sentence of paragraph 115. Defendants admit that TN used certain

of its customers' CDs to install certain local environments at TN's facilities, but otherwise deny the remaining allegations of paragraph 115.

116. Defendants admit that TN sometimes used certain local environments at TN's facilities to create certain additional environments and that paragraph 116 quotes a portion of one answer to one deposition question. Defendants deny the remaining allegations of paragraph 116.

117. Defendants admit that for various customers and over the seven years Plaintiffs are attempting to put at issue in this case, TN created, maintained, and used some copies of certain local environments at TN's facilities for the benefit of TN's customers, that certain of those environments were referred to internally as "generic," and that TN updated certain of those environments with certain Software and Support Materials received from, or downloaded on behalf of, certain customers. Defendants deny the remaining allegations of paragraph 117.

118. Defendants admit that for various customers and over the seven years Plaintiffs are attempting to put at issue in this case, TN created, maintained, and used some copies of certain local environments at TN's facilities for the benefit of TN's customers, that certain of those environments were referred to internally as "generic," that TN updated certain of those environments with certain Software and Support Materials received from, or downloaded on behalf of, certain customers, and that TN used certain of those environments to train TN's employees. Defendants deny the remaining allegations of paragraph 118.

119. Defendants deny the allegations of paragraph 119.

120. Defendants deny the allegations of paragraph 120.

121. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 121 concerning Plaintiffs' alleged copyrighted materials, and on that basis deny such allegations. Defendants deny the remaining allegations of paragraph 121.

122. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 122 and on that basis deny them.

123. In response to the allegations of paragraph 123, Defendants admit that OIC, not "Oracle" as defined by Plaintiffs, has obtained various registrations of material purportedly

subject to copyright protection.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning OIC's purported interest in or the actual copyrightability of the works at issue, and on that basis deny all such allegations.  Defendants deny the remaining allegations of paragraph 123.

124.     In response to paragraph 124, Defendants admit that OIC has purported to register copyrights for the items listed in paragraph 124, that TN made the specific downloads listed, and that TN's records do not reflect that the TN customers listed in paragraph 124 stated to TN that they were licensed to such materials.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 124, and on that basis deny them.

125.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 125 and on that basis deny them.

126.     In response to paragraph 126, Defendants deny the allegations of the first sentence.  Defendants admit the allegations of the third sentence.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the second and fourth sentences, and on that basis deny them.  Defendants further aver that Plaintiffs' "DST Solution" is not software code or a "solution" for any specific customer but, rather, made up entirely of generally available information regarding how to adjust certain hardware and software settings to address the recent, one-time change required for the lengthening of Daylight Savings Time.

127.     In response to paragraph 127, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of the first, second, fourth, and fifth sentences, and on that basis deny them.  Defendants admit that certain portions of TN's PeopleSoft Daylight Savings Time solution are substantially similar and in some instances identical to Plaintiffs' DST Solution.  Defendants deny the remaining allegations of paragraph 127.  Defendants further aver that while the TN employee that was given primary responsibility for drafting TN's PeopleSoft Daylight Savings Time solution referred to Plaintiffs' "DST Solution" during the course of researching and preparing TN's PeopleSoft Daylight Savings Time solution, TN also conducted its own independent research.

128.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 128, and on that basis deny them.

129.     Defendants admit that TN has delivered thousands of fixes and numerous tax and regulatory updates to TN's customers, and that paragraph 129 quotes various documents, but deny the remaining allegations of paragraph 129.

130.     Defendants deny the allegations of paragraph 130.

131.     Defendants deny the first sentence of paragraph 131.  Defendants admit that in 2005 TN updated its policies to require downloads to be made and maintained on a customer-specific basis.  Defendants deny the remaining allegations of paragraph 131.

132.     Defendants deny the allegations of paragraph 132.

133.     Defendants admit that paragraph 133 partially quotes various documents; however, Defendants' admission does not extend to the bracketed summaries within the quotes that are inserted by Plaintiffs.  Defendants deny the remaining allegations of paragraph 133.

134.     Defendants admit that paragraph 134 partially quotes various documents; however, Defendants' admission does not extend to the bracketed summaries within the quotes that are inserted by Plaintiffs.  Defendants deny the remaining allegations of paragraph 134.

135.     Defendants admit that paragraph 135 partially quotes various documents.  Defendants deny the remaining allegations of paragraph 135.

136.     Defendants admit that paragraph 136 partially quotes various documents.  Defendants deny the remaining allegations of paragraph 136.

137.     Defendants deny the allegations of the first sentence of paragraph 137, admit that the remainder of the paragraph partially quotes several documents, but deny the remaining allegations of paragraph 137.

138.     Defendants deny the allegations of paragraph 138.

139.     Defendants deny the allegations of paragraph 139.

140.     Defendants deny the allegations of paragraph 140.

141.     Defendants deny the allegations of paragraph 141.

142.     Defendants deny the allegations of paragraph 142.

1    143.    Defendants deny the allegations of the first and last sentences of paragraph 143,

2    but admit the remaining allegations of paragraph 143.

3        144.    Defendants deny the allegations of paragraph 144.

4        145.    Defendants deny the allegations of paragraph 145.

5        146.    Defendants deny the allegations of paragraph 146.

6        147.    Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in

7    Part and Denying It in Part (D.I. 224), the Court dismissed OSC's and JDEE's claims for

8    copyright infringement.  Thus, there should be no need to respond to those dismissed allegations

9    made by those two former Plaintiffs.  However, to the extent a response to OSC's and JDEE's

10   claims is required, Defendants answer all of Plaintiffs' allegations as follows: in response to

11   paragraph 147, Defendants incorporate by reference their responses to each of the corresponding

12   paragraphs 1 through 146.

13       148.    Defendants are without knowledge or information sufficient to form a belief as to

14   the truth of the allegations of paragraph 148, and on that basis deny them.

15       149.    Defendants are without knowledge or information sufficient to form a belief as to

16   the truth of the allegations of paragraph 149, and on that basis deny them.

17       150.    Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in

18   Part and Denying It in Part (D.I. 224), the Court dismissed OSC's claim for copyright

19   infringement.  Thus, there should be no need to respond to those dismissed allegations made by

20   that former Plaintiff.  However, to the extent a response to OSC's claim is required, Defendants

21   deny the allegations in paragraph 150.

22       151.    Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in

23   Part and Denying It in Part (D.I. 224), the Court dismissed JDEE's claim for copyright

24   infringement.  Thus, there should be no need to respond to those dismissed allegations made by

25   that former Plaintiff.  However, to the extent a response to JDEE's claim is required, Defendants

26   deny the allegations in paragraph 151.

27       152.    Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in

28   Part and Denying It in Part (D.I. 224), the Court dismissed OSC's and JDEE's claims for

copyright infringement. Thus, there should be no need to respond to those dismissed allegations made by those two former Plaintiffs. However, to the extent a response to OSC's and JDEE's claims is required, Defendants answer all of Plaintiffs' allegations as follows: Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 152, and on that basis deny them.

153. Defendants deny the allegations of paragraph 153.

154. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 154, and on that basis deny them.

155. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 155, and on that basis deny them.

156. Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), the Court dismissed OSC's and JDEE's claims for copyright infringement. Thus, there should be no need to respond to those dismissed allegations made by those two former Plaintiffs. However, to the extent a response to OSC's and JDEE's claims is required, Defendants answer all of Plaintiffs' allegations by denying all of Plaintiffs' allegations in paragraph 156.

157. Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), the Court dismissed OSC's and JDEE's claims for copyright infringement. Thus, there should be no need to respond to those dismissed allegations made by those two former Plaintiffs. However, to the extent a response to OSC's and JDEE's claims is required, Defendants answer all of Plaintiffs' allegations by denying all of Plaintiffs' allegations in paragraph 157.

158. Defendants deny the allegations of paragraph 158.

159. Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), the Court dismissed OSC's and JDEE's claims for copyright infringement. Thus, there should be no need to respond to those dismissed allegations made by those two former Plaintiffs. However, to the extent a response to OSC's and JDEE's

claims is required, Defendants answer all of Plaintiffs' allegations by denying all of Plaintiffs' allegations in paragraph 159.

160.    Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), the Court dismissed OSC's and JDEE's claims for copyright infringement.  Thus, there should be no need to respond to those dismissed allegations made by those two former Plaintiffs.  However, to the extent a response to OSC's and JDEE's claims is required, Defendants answer all of Plaintiffs' allegations by denying all of Plaintiffs' allegations in paragraph 160.

161.    Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), the Court dismissed OSC's and JDEE's claims for copyright infringement.  Thus, there should be no need to respond to those dismissed allegations made by those two former Plaintiffs.  However, to the extent a response to OSC's and JDEE's claims is required, Defendants answer all of Plaintiffs' allegations by denying all of Plaintiffs' allegations in paragraph 161.

162.    Pursuant to the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), the Court dismissed OSC's and JDEE's claims for copyright infringement.  Thus, there should be no need to respond to those dismissed allegations made by those two former Plaintiffs.  However, to the extent a response to OSC's and JDEE's claims is required, Defendants answer all of Plaintiffs' allegations by denying all of Plaintiffs' allegations in paragraph 162.

163.    In response to paragraph 163, Defendants incorporate by reference, as if fully set forth herein, each of their responses to the preceding paragraphs 1 through 162.

164.    Defendants deny the allegations of paragraph 164.

165.    Defendants deny the allegations of paragraph 165.

166.    Defendants deny the allegations of paragraph 166.

167.    Defendants deny the allegations of paragraph 167.

168.    Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations in paragraph 168, and thus deny those allegations on that basis.

1   169.    Defendants deny the allegations of paragraph 169.

2   170.    Defendants deny the allegations of paragraph 170.

3   171.    In response to paragraph 171, Defendants incorporate by reference, as if fully set

4   forth herein, each of their responses to paragraphs 1 through 120, 129 through 146, and 163

5   through 170.

6   172.    Defendants deny the allegations of paragraph 172.

7   173.    Defendants deny the allegations of paragraph 173.

8   174.    Defendants deny the allegations of paragraph 174.

9   175.    Defendants deny the allegations of paragraph 175.

10  176.    Defendants are without knowledge or information sufficient to form a belief as to

11  the truth of the allegations of paragraph 176, and on that basis deny them.

12  177.    Defendants deny the allegations of paragraph 177.

13  178.    Defendants deny the allegations of paragraph 178.

14  179.    Defendants deny the allegations of paragraph 179.

15  180.    In response to paragraph 180, Defendants incorporate by reference, as if fully set

16  forth herein, each of their responses to paragraphs 1 through 120, 129 through 146, and 163

17  through 179.  As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as

18  ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying

19  It in Part (D.I. 224), Plaintiffs' claim for breach of contract is preempted by the Copyright Act to

20  the extent it is based on alleged copyright infringement.  Defendants' answer to Plaintiffs'

21  broadly pled claim for breach of contract is in no way a waiver of the defense of preemption.

22  181.    Defendants deny the allegations of paragraph 181.

23  182.    Defendants are without knowledge or information sufficient to form a belief as to

24  the truth of the allegations of paragraph 182, and on that basis deny them.

25  183.    As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as

26  ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying

27  It in Part (D.I. 224), Plaintiffs' claim for breach of contract is preempted by the Copyright Act to

28  the extent it is based on alleged copyright infringement.  For this reason, no response is required

to the allegations in paragraph 183 regarding "use" of the Software and Support Materials, which are based on alleged copyright infringement and preempted by the Copyright Act. Without waiver of any defense of preemption or otherwise, Defendants deny the allegations of paragraph 183.

184. Defendants deny the allegations of paragraph 184.

185. In response to paragraph 185, Defendants incorporate by reference, as if fully set forth herein, each of their responses to paragraphs 1 through 120, 129 through 146, and 163 through 184. As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for intentional interference with prospective economic advantage is preempted by the Copyright Act to the extent it is based on alleged copyright infringement. Defendants' answer to Plaintiffs' broadly pled claim for intentional interference with prospective economic advantage is in no way a waiver of the defense of preemption.

186. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 186, and on that basis deny them. Defendants further aver that the downloading and other activities alleged in Plaintiffs' complaint take place on behalf of "Oracle" users who have made the voluntary choice to: (a) have TN, on their behalf, obtain materials from Plaintiffs' support website that those TN's customers are entitled to obtain from Plaintiffs before their maintenance end date; (b) terminate "Oracle" maintenance and thus any further payment obligation to Plaintiffs; and/or (c) have TN provide maintenance support for the "Oracle" software for which TN's customers are licensed to use after their "Oracle" maintenance end date.

187. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 187, and on that basis deny them. Defendants further aver that the downloading and other activities alleged in Plaintiffs' complaint take place on behalf of "Oracle" users who have already expressed, if not acted on, their desire to terminate "Oracle" maintenance and thereby terminate any further payment obligation to "Oracle."

188.     As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for intentional interference with prospective economic advantage is preempted by the Copyright Act to the extent it is based on alleged copyright infringement. For this reason, no response is required to the allegations in paragraph 188 regarding "use," "taking," or "copying" of the Software and Support Materials, which are based on alleged copyright infringement and preempted by the Copyright Act. Without waiver of any defense of preemption or otherwise, Defendants deny the allegations of paragraph 188.

189.     As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for intentional interference with prospective economic advantage is preempted by the Copyright Act to the extent it is based on alleged copyright infringement. For this reason, no response is required to the allegations in paragraph 189 regarding "use" or "copying" of the Software and Support Materials, which are based on alleged copyright infringement and preempted by the Copyright Act. Without waiver of any defense of preemption or otherwise, Defendants deny the allegations of paragraph 189.

190.     Defendants deny the allegations of paragraph 190.

191.     Defendants deny the allegations of paragraph 191.

192.     Defendants deny the allegations of paragraph 192.

193.     Defendants deny the allegations of paragraph 193.

194.     Defendants deny the allegations of paragraph 194.

195.     In response to paragraph 195, Defendants incorporate by reference, as if fully set forth herein, each of their responses to paragraphs 1 through 120, 129 through 146, and 163 through 194. As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for negligent interference with prospective economic advantage is preempted by the Copyright Act to the extent it is based on alleged copyright

infringement. Defendants' answer to Plaintiffs' broadly pled claim for negligent interference with prospective economic advantage is in no way a waiver of the defense of preemption.

196. Defendants deny the allegations of paragraph 196. Defendants further aver that the downloading and other activities alleged in Plaintiffs' complaint take place on behalf of "Oracle" users who have already expressed, if not acted on, their desire to terminate "Oracle" maintenance and thereby terminate any further payment obligation to "Oracle."

197. Defendants deny the allegations of paragraph 197. Defendants further aver that the downloading and other activities alleged in Plaintiffs' complaint take place on behalf of "Oracle" users who have already expressed, if not acted on, their desire to terminate "Oracle" maintenance and thereby terminate any further payment obligation to "Oracle."

198. As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for negligent interference with prospective economic advantage is preempted by the Copyright Act to the extent it is based on alleged copyright infringement. For this reason, no response is required to the allegations in paragraph 198 regarding "use," "taking," or "copying" of the Software and Support Materials, which are based on alleged copyright infringement and preempted by the Copyright Act. Without waiver of any defense of preemption or otherwise, Defendants deny the allegations of paragraph 198.

199. As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for negligent interference with prospective economic advantage is preempted by the Copyright Act to the extent it is based on alleged copyright infringement. For this reason, no response is required to the allegations in paragraph 199 regarding "use" or "copying" of the Software and Support Materials, which are based on alleged copyright infringement and preempted by the Copyright Act. Without waiver of any defense of preemption or otherwise, Defendants deny the allegations of paragraph 199.

200. Defendants deny the allegations of paragraph 200.

201. Defendants deny the allegations of paragraph 201.

1    202.    Defendants deny the allegations of paragraph 202.

2    203.    Defendants deny the allegations of paragraph 203.

3    204.    Defendants' respond to paragraph 204 by incorporating by reference, as if fully set

4  forth herein, their responses to paragraph 1 through 120, 129 through 146, and 163 through 203.

5  As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the

6  Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part

7  (D.I. 224), Plaintiffs' claim for unfair competition is preempted by the Copyright Act to the

8  extent it is based on alleged copyright infringement.  Defendants' answer to Plaintiffs' broadly

9  pled claim for unfair competition is in no way a waiver of the defense of preemption.

10    205.    As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as

11  ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying

12  It in Part (D.I. 224), Plaintiffs' claim for unfair competition is preempted by the Copyright Act to

13  the extent it is based on alleged copyright infringement.  For this reason, no response is required

14  to the allegations in paragraph 205 regarding breach of contract or interference with business

15  relationships, to the extent these allegations are based on alleged "use," "taking," or "copying" of

16  the Software and Support Materials, which in turn are based on alleged copyright infringement

17  and preempted by the Copyright Act.  Without waiver of any defense of preemption or otherwise,

18  Defendants deny the allegations of paragraph 205.

19    206.    Defendants deny the allegations of paragraph 206.

20    207.    Defendants deny the allegations of paragraph 207.

21    208.    Defendants deny the allegations of paragraph 208.

22    209.    Defendants deny the allegations of paragraph 209.

23    210.    Defendants deny the allegations of paragraph 210.

24    211.    Defendants deny the allegations of paragraph 211.

25    212.    Defendants deny the allegations of paragraph 212.

26    213.    In response to paragraph 213, Defendants incorporate by reference, as if fully set

27  forth herein, their responses to paragraphs 1 through 120, 129 through 146, and 163 through 212.

28

1    214.    Defendants are without knowledge or information sufficient to form a belief as to

2    the truth of the allegations of paragraph 214, and on that basis deny them.

3    215.    Defendants deny the allegations of paragraph 215.

4    216.    Defendants deny the allegations of paragraph 216.

5    217.    Defendants deny the allegations of paragraph 217.

6    218.    Defendants deny the allegations of paragraph 218.

7    219.    In response to paragraph 219, Defendants incorporate by reference, as if fully set

8    forth herein, each of their responses to paragraphs 1 through 120, 129 through 146, and 163

9    through 218.

10    220.    Defendants deny the allegations of paragraph 220.

11    221.    Defendants deny the allegations of paragraph 221.

12    222.    In response to the allegations of paragraph 222, Defendants incorporate by

13    reference, as if fully set forth herein, each of their responses to paragraphs 1 through 120, 129

14    through 146, and 163 through 221.  As Plaintiffs admitted in responding to Defendants' Motion

15    to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss

16    in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for an accounting is preempted by the

17    Copyright Act to the extent it is based on alleged copyright infringement.  Defendants' answer to

18    Plaintiffs' broadly pled claim for an accounting is in no way a waiver of the defense of

19    preemption.

20    223.    As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as

21    ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying

22    It in Part (D.I. 224), Plaintiffs' claim for an accounting is preempted by the Copyright Act to the

23    extent it is based on alleged copyright infringement.  For this reason, no response is required to

24    the allegations in paragraph 223 regarding breach of contract, interference with prospective

25    economic advantage, and "taking commercial advantage" of the Software and Support Materials,

26    to the extent these allegations are based on alleged "use," "taking," or "copying" of the Software

27    and Support Materials, which in turn are based on alleged copyright infringement and preempted

28

by the Copyright Act. Without waiver of any defense of preemption or otherwise, Defendants deny the allegations of paragraph 223.

224. Defendants deny the allegations of paragraph 224.

225. Defendants deny the allegations of paragraph 225.

Defendants deny that Plaintiffs are entitled to any of the relief prayed for in Plaintiffs' "Prayer for Relief" on pages 68 through 70 of Plaintiffs' Third Amended Complaint.

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses to the claims in Plaintiffs' Third Amended Complaint, and based on the knowledge and information available to them to date, Defendants are informed and believe and based thereon allege as follows:

FIRST AFFIRMATIVE DEFENSE

1. One or more of the copyright registrations that are allegedly infringed by Defendants are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

SECOND AFFIRMATIVE DEFENSE

2. Defendants' use of Plaintiffs' copyrighted material is lawful use based on agreements between Plaintiffs and their customers and/or former customers.

THIRD AFFIRMATIVE DEFENSE

3. Plaintiffs consented to Defendants' use of Plaintiffs' copyrighted material under agreements between the Plaintiffs and their customers and/or former customers.

FOURTH AFFIRMATIVE DEFENSE

4. Plaintiffs' claims for copyright infringement are barred by the doctrine of copyright misuse, as Plaintiffs' initiation of the instant suit is an attempt to secure an exclusive right to the maintenance of Plaintiffs' software.

FIFTH AFFIRMATIVE DEFENSE

5. One or more of Plaintiffs' claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because some, if not all, of Plaintiffs' copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required

by 17 U.S.C. § 412.

SIXTH AFFIRMATIVE DEFENSE

6.     Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

SEVENTH AFFIRMATIVE DEFENSE

7.     Plaintiffs' claims for violations of the Computer Fraud and Abuse Act are barred based on agreements between Plaintiffs and their customers and/or former customers.

EIGHTH AFFIRMATIVE DEFENSE

8.     Plaintiffs' claims for negligent and intentional interference with prospective economic advantage are barred because Defendants' actions were privileged because they were taken in a good faith effort to compete with the plaintiff and/or Defendants had an equal or superior interest in the subject matter of the prospective economic advantage.

NINTH AFFIRMATIVE DEFENSE

9.     Plaintiffs' claims for negligent and intentional interference with prospective economic advantage are barred because Defendants' actions were reasonable steps to protect Defendants' own legal rights, including Defendants' own contractual rights and other intangible business interests.

TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs' claim for trespass to chattels is barred because Plaintiffs implicitly consented to Defendants' conduct.

ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' claims for intentional and negligent interference with economic advantage, breach of contract, unfair competition, and an accounting are preempted by the Copyright Act.

TWELFTH AFFIRMATIVE DEFENSE

12.     Plaintiffs' claims for copyright infringement are barred by the doctrine of laches.

THIRTEENTH AFFIRMATIVE DEFENSE

13.     Plaintiffs' claims for copyright infringement are barred by the doctrine of waiver.

FOURTEENTH AFFIRMATIVE DEFENSE

2       14.     Defendants are not parties to the asserted contracts, and thus cannot have breached

3  them.

4       Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

5  Procedure and any other defenses, at law or in equity, that may be available now or may become

6  available in the future based on discovery or any other factual investigation in this case.

7                      **PRAYER FOR RELIEF**

8       WHEREFORE, Defendants respectfully pray that this Court:

9      A.     Dismiss Plaintiffs' Third Amended Original Complaint and all claims therein;

10    B.     Deny Plaintiffs' request for preliminary and permanent injunctive relief;

11    C.     Grant Defendants their reasonable attorneys' fees and costs of this action; and

12    D.     Grant Defendants such other and further relief as the Court deems just and proper.

13                **DEMAND FOR TRIAL BY JURY**

14       Pursuant to Rule 38(b) of the Federal rules of Civil Procedure, Defendants hereby demand

15  a trial by jury on all issues so triable.

16  Dated:  December 30, 2008         JONES DAY

17

18                              By: /s/ Tharan Gregory Lanier

19                                 Tharan Gregory Lanier

20                              Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

21

22

23

24

25

26

27

28