1  BINGHAM McCUTCHEN LLP
   DONN P. PICKETT (SBN 72257)
2  GEOFFREY M. HOWARD (SBN 157468)
   HOLLY A. HOUSE (SBN 136045)
3  ZACHARY J. ALINDER (SBN 209009)
   BREE HANN (SBN 215695)
4  Three Embarcadero Center
   San Francisco, CA 94111-4067
5  Telephone: (415) 393-2000
   Facsimile: (415) 393-2286
6  donn.pickett@bingham.com
   geoff.howard@bingham.com
7  holly.house@bingham.com
   zachary.alinder@bingham.com
8  bree.hann@bingham.com

9  DORIAN DALEY (SBN 129049)
   JENNIFER GLOSS (SBN 154227)
10 500 Oracle Parkway, M/S 5op7
   Redwood City, CA 94070
11 Telephone: (650) 506-4846
   Facsimile: (650) 506-7114
12 dorian.daley@oracle.com
   jennifer.gloss@oracle.com
13

14 Attorneys for Plaintiffs
   Oracle USA, Inc., Oracle International Corporation, and
15 Oracle EMEA Limited

16
                        UNITED STATES DISTRICT COURT
17
                      NORTHERN DISTRICT OF CALIFORNIA
18
                            SAN FRANCISCO DIVISION
19

20 ORACLE USA, INC., *et al.*,            CASE NO. 07-CV-01658 PJH (EDL)

21          Plaintiffs,                   **[REDACTED] DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS, ANSWERS TO INTERROGATORIES, AND RULE 30(b)(6) TESTIMONY RELATED TO HYPERION, RETEK, AND EBS PRODUCTS**
      v.
22 SAP AG, *et al.*,

23          Defendants.

24

25

26

27

28

A/72800759/2021039-0000324170                                Case No. 07-CV-01658 PJH (EDL)

[REDACTED] DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RELATED TO HYPERION, RETEK, AND EBS

dockets.Justia.com

I, Geoffrey M. Howard, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am a partner at Bingham McCutchen LLP, counsel of record for Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (collectively, "Oracle"). I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

2. Oracle filed its Complaint in this action on March 22, 2007. That Complaint focused on Defendants SAP's and TomorrowNow's ("SAP TN") downloading of Oracle's PeopleSoft ("PS") and J.D. Edwards ("JDE") branded software updates from Oracle's password-protected website. At that time, Oracle based its claims only on information from its own internet log records. Accordingly, Oracle initially had insufficient factual basis to expand its discovery beyond PS and JDE products. It responsibly limited its initial claims to the results of its analysis of the PS and JDE downloads as revealed by those records.

3. During the week of September 3, 2007, I participated in a telephonic meet and confer discussion with Defendants' counsel. During that meeting, the Parties agreed initially to limit the scope of discovery to the JDE and PS downloads put at issue by the Complaint. As part of this agreement, Oracle made it clear that it did not waive the right to seek discovery relating to infringement of product lines other than PS and JDE if it became aware of Defendants' wrongdoing beyond the JDE and PS downloads. During discussions related to this agreement, Oracle's counsel, including myself, requested Defendants to come forward with information about downloads beyond the alleged PS and JDE downloads, to the extent that Defendants were aware that their wrongdoing extended beyond those two product lines. Defendants did not do so.

4. Subsequently, I participated in several more telephonic meet and confer discussions with Defendants' counsel where the Parties discussed their conditional agreement regarding the scope of "other product" discovery. The agreement is also reflected in written correspondence between the Parties. As an example, on November 27, 2007, I was copied on a letter from my colleague, Zachary J. Alinder ("Mr. Alinder"), to Defendants' counsel, Jason McDonell ("Mr. McDonell"). In that letter, Mr. Alinder addressed pending document requests

A/72800759/2021039-0000324170  2  Case No. 07-CV-01658 PJH (EDL)

[REDACTED] DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO HYPERION, RETEK, AND EBS

from Defendants, which sought financial information for products and services *other* than those referred to in the pending Complaint – that is, other than PS and JDE products. Mr. Alinder explained that:

> As to Requests Nos. 67 and 68, SAP has yet to explain how information related to other products and services is relevant here. The parties have, for now, agreed to limit the scope of discovery to the JDE and PeopleSoft software products at issue here. Until SAP has produced its customer discovery, revenue forecasts and migration plans and expectations, Oracle cannot know whether additional product financial information from Oracle would be relevant. After discovery has advanced the parties' understanding of the scope of the damage to Oracle, the parties can revisit whether additional production as to products beyond those in the current agreement is appropriate.

On December 12, 2007, Mr. McDonell responded in a letter to Mr. Alinder, copying me, agreeing to "postpone [Defendants'] efforts to compel compliance with this request for now." Mr. McDonell did not dispute Oracle's characterization of the Parties' conditional agreement related to discovery of non-PS/JDE products.

5. SAP TN started producing documents in this litigation on September 21, 2007. SAP produced 44 pages of documents on August 30, 2007, but its next production was not until April 14, 2008.

6. One of the documents produced by Defendants, SAP-OR00503877-82, is an email exchange between Shai Agassi (an SAP AG board member) and SAP-employee Dennis Moore, discussing SAP's acquisition of SAP TN on January 19, 2005. In that email, a true and correct copy of which is attached as **Exhibit A,** [REDACTED] *See* Exhibit A at SAP-OR00503878. [REDACTED] *Id.* Defendants produced Exhibit A on December 8, 2008.

7. Through early Rule 30(b)(6) depositions, beginning in late 2007, Oracle learned that Defendants had illegally copied and used PS and JDE software applications (which are the underlying Oracle software that the downloads on which Oracle based its original Complaint are designed to service and maintain). Based on these new findings, Oracle served additional

A/72800759/2021039-0000324170    3    Case No. 07-CV-01658 PJH (EDL)

[REDACTED] DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RELATED TO HYPERION, RETEK, AND EBS

1 discovery, still focused on PS and JDE software, but now including both applications and
2 downloaded support materials.
3     8. In emails produced by Defendants, SAP TN executives made repeated reference
4 to the need for a "seed" or "sandbox" copy of various versions of Oracle software in order to
5 study the code and plan for providing support to SAP TN customers on that particular software
6 release. Some examples of these documents include the following:
7     a. On December 27, 2007, Defendants produced <u>TN-OR00009613-21</u> (a true
8 and correct copy of which is attached as **Exhibit B**). This document, titled "8.11 Business
9 Review," discusses, among other things, SAP TN's need for a "demo copy to create environment
10 on client's behalf." *See* Exhibit B at TN-OR00009616.
11     b. On February 8, 2008, Defendants produced <u>TN-OR00854809-27</u> (a true
12 and correct copy of which is attached as **Exhibit C**). This document, a presentation titled
13 "Scaling Models for PeopleSoft Support," discusses pros and cons between SAP TN's then-
14 current "Yellow" support model – that is, hosting all customer environments "in house" on SAP
15 TN's systems – and an alternative "Blue" support model, which would require storing software
16 environments at the customer site. One of the costs SAP TN noted of the Blue model was that
17 SAP TN still "need[ed] a Yellow seed customer for each flavor. . . . When we need a seed
18 environment, we need to entice a customer to be Yellow." Exhibit C at TN-OR00854823.
19     9. In March 2008, Defendants began to produce documents suggesting that
20 Defendants' copying and use of Oracle's software extended beyond the PS and JDE product
21 lines and may have included unauthorized copies of Oracle's Retek, Hyperion, and eBusiness
22 Suite ("EBS") products, including as part of Defendants' "Safe Passage" program to convert
23 Oracle customers. According to Defendants' own documents, SAP TN had already begun
24 evaluating support of the EBS product lines as early as August 2005, and was considering the
25 same for Retek and Hyperion by March 2007. Some examples of these documents include the
26 following:
27     a. On April 14, 2008, Defendants produced <u>SAP-OR00001189-95</u> (a true
28 and correct copy of which is attached as **Exhibit D**). Exhibit D is a March 22, 2007 "Safe

A/72800759/2021039-0000324170      4      Case No. 07-CV-01658 PJH (EDL)

[REDACTED] DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RELATED TO HYPERION, RETEK, AND EBS

Passage" presentation, ███████████████████████████
████████████████████████████████████████████████████.

   b. On September 5, 2008, Defendants produced <u>SAP-OR00252116-37</u> (a true and correct copy of which is attached as **Exhibit E**). Exhibit E is ████████████
████████████████████████████████████████████, dated March 2007.

   c. On September 5, 2008, Defendants produced <u>SAP-OR00252138-46</u> (a true and correct copy of which is attached as **Exhibit F**). Exhibit F is ████████
████████████████████████████ dated March 2007.

  10. Once Oracle began finding documents about non-PS/JDE products, it immediately raised the issue with Defendants, explaining that, because of new facts learned from Defendants' own documents, the upcoming Second Amended Complaint ("SAC") would likely include allegations of infringements of other products. In the Parties' April 17, 2008 Joint Case Management Conference Statement (at page 23), Defendants acknowledged the upcoming SAC and raised no objections in response, characterizing the additional allegations as "factual detail to legal claims first asserted more than a year ago."

  11. Oracle raised the issue several more times, including in the Parties' June and July 2008 Joint Discovery Conference Statements. In the June 24, 2008 Statement, Oracle explained that the SAC would include new allegations that Defendants' illegal activities included products other than PS and JDE, and that Oracle discovered these facts "as a by-product of its initial discovery focused on the original downloading allegations." *See* June 24, 2008 Joint Discovery Conference Statement at 4 n.2. In the July 18, 2008 Statement, Oracle specifically highlighted its intent to seek discovery on products other than PS and JDE. *See* July 18, 2008 Joint Discovery Conference Statement, Ex. A at 1 n.1 (explaining that Oracle's preliminary extrapolation proposal did not apply to "Oracle's Siebel-branded products or its Hyperion-branded and Retek-branded products because there has not been adequate discovery to assess whether the scope of the environments on TN's servers and/or fixes provided for those environments warrant sampling and extrapolation. The Parties will consider sampling and extrapolation proposals for Oracle products other than PeopleSoft-branded products after further

A/72800759/2021039-0000324170   5   Case No. 07-CV-01658 PJH (EDL)

[REDACTED] DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS'
MOTION TO COMPEL DISCOVERY RELATED TO HYPERION, RETEK, AND EBS

discovery."). Defendants did not respond or object to the notion of discovery on these other products, either in the Joint Statements or in the subsequent July 1, 2008 and July 24, 2008 Discovery Conferences, both of which I attended.

12. On July 28, 2008, Oracle filed its SAC, which included allegations that SAP expanded SAP TN's illegal business model to include Oracle's Siebel, Retek, Hyperion, and EBS software. *See* SAC ¶¶ 27-28, 84, 113, 148 n.3, 146-220; *see also* Third Amended Complaint ¶¶ 27-28, 85, 114, 148 n.3, 147-225.

13. On the same day, July 28, 2008, Oracle served its Third Set of Interrogatories to Defendant TomorrowNow, Inc. and Second Set of Interrogatories to Defendants SAP America and SAP AG, and its Second Set of Requests for Production of Documents to Defendants. This discovery was specifically targeted at obtaining documents and information related to Defendants' use of Oracle-owned Siebel, EBS, Hyperion, and Retek intellectual property. This motion to compel focuses, in part, on the following portions of this discovery, as set forth in Appendix A to Oracle's Motion to Compel: Requests for Production Nos. 2, 5, 9, 12, 18-19, 24-26, 29-31, 34, and 42-43 and Interrogatory Nos. 2, 4, and 13.

14. Defendants served their Responses and Objections to this discovery a month later, on August 27, 2008, refusing to provide any information or documents on products other than PS or JDE. Attached as **Exhibit G** to this Declaration is a true and correct copy of Defendants' First Amended Responses to Oracle's Third Set of Interrogatories to Defendant TomorrowNow, Inc. and Second Set of Interrogatories to Defendants SAP America and SAP AG, Interrogatory Nos. 2, 4, and 13 (Defendants served their First Amended Responses on October 7, 2008). Attached as **Exhibit H** to this Declaration is a true and correct copy Defendants' Responses to Plaintiffs' Second Set of Requests for Production of Documents, Nos. 2, 5, 9, 12, 18-19, 24-26, 29-31, 34, and 42-43. Exhibits G and H also include the language of the subject discovery requests.

15. On October 7, 2008, counsel for the Parties held a telephonic meet and confer discussion regarding Siebel, EBS, Hyperion, and Retek. During this call, Scott Cowan ("Mr. Cowan"), counsel for Defendants, offered to provide a declaration to show that SAP TN never "supported" the Retek, Hyperion, and EBS product lines. Oracle's counsel agreed that Oracle

A/72800759/2021039-0000324170    6    Case No. 07-CV-01658 PJH (EDL)

[REDACTED] DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO HYPERION, RETEK, AND EBS

would review this proposed declaration to determine whether it could serve as an alternative to discovery, but cautioned that Oracle could not be satisfied with a declaration that merely claimed that Defendants did not receive revenue from customers based on services provided for these products. As Oracle explained, because Defendants' documents showed that Defendants were preparing to service customers on Retek, Hyperion, and EBS programs, Oracle also needed sufficient facts to determine: (1) whether Defendants, in preparing to service these applications, created infringing copies according to the usual illegal business model at SAP TN, (2) what knowledge SAP AG had of these alleged activities (as an indirect infringer), and (3) what efforts, if any, were undertaken by SAP AG to avoid the alleged illegal conduct.

16. On October 9, 2008, I was copied on a letter from Mr. McDonell to Mr. Alinder, in which Mr. McDonell explained that Defendants have produced information regarding Retek, Hyperion, and EBS, but only "when such information is included in other documents that Defendants are producing relating to other relevant issues in this case, such as the PeopleSoft and JDE product lines or Safe Passage, etc."

17. The Parties continued to meet and confer on Siebel, EBS, Hyperion, and Retek, including on October 10, 2008, October 23, 2008, November 10, 2008, and December 8, 2008, and exchanged numerous communications in an effort to reach resolution.

18. On November 21, 2008, I was copied on an email from Mr. Cowan to my colleague, Holly House. Mr. Cowan attached to that email the proposed Declaration of Andrew Nelson (the "Nelson Declaration") regarding Retek, Hyperion, and EBS as an alternative to any discovery by Oracle regarding Defendants' infringement of these products. A true and correct copy of the Nelson Declaration is attached as **Exhibit I**.

19. In emails dated November 24 and 25, 2008, Oracle declined Defendants' offer of the Nelson Declaration, stating:

> Oracle needs detailed information about exactly what each Defendant did to prepare to provide service on each of these Oracle-owned applications, including the source of any materials used to prepare to offer such service, what exactly was done with those materials (e.g., were copies made, for what purposes, how many copies were made, where did all copies reside, and were any copies modified and, if so, how). We also need to know what personnel were involved from each

A/72800759/2021039-0000324170     7     Case No. 07-CV-01658 PJH (EDL)

[REDACTED] DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO HYPERION, RETEK, AND EBS

defendant in the planning and testing and preparation phases for each application at issue and what, if anything, any defendant did to protect against any misuse of Oracle-owned IP.

Oracle also pointed out that Mr. Nelson did not provide this necessary information from SAP TN and could not declare as to what SAP knew or did.

20. The Parties continued to meet and confer by email on November 25, 2008 and by phone on December 8, 2008. As a result, Defendants agreed to review Oracle's anticipated Rule 30(b)(6) notices, which Oracle served on December 19, 2008, and decide whether they would: (1) be willing to provide a more detailed declaration that would better address the categories of information requested by the notices, (2) make a witness or witnesses available in response to the notices, or (3) stand on their objection to providing discovery related to the EBS, Retek, and Hyperion software lines.

21. On January 6, 2009, Defendants served their Responses and Objections to Oracle's EBS, Retek, and Hyperion 30(b)(6) Notices. A true and correct copy of these Responses and Objections (which also include the deposition topics requested by Oracle) are attached as **Exhibit J**. Defendants refused to produce witnesses as to all topics.

22. On January 6, 2009, I was copied on an email from Mr. Cowan to Mr. Alinder, in which Defendants once again confirmed that they "have decided to stand on their objections on this issue."

I declare under penalty of perjury under the laws of the United States that the facts contained within this Declaration are true and correct, and that this Declaration was signed on January 15, 2009, in San Francisco, California.

By: /s/ Geoffrey M. Howard
Geoffrey M. Howard

A/72800759/2021039-0000324170　　8　　Case No. 07-CV-01658 PJH (EDL)

[REDACTED] DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL DISCOVERY RELATED TO HYPERION, RETEK, AND EBS