Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>        Plaintiffs,<br><br>   v.<br><br>SAP AG, et al.,<br><br>        Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DEFENDANTS' DOCUMENTS UNDER SEAL**<br><br>Date: N/A<br>Time: N/A<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

## I. INTRODUCTION

Plaintiffs have filed an Administrative Motion to seal (1) certain portions of the Declaration of Geoffrey M. Howard in Support of Plaintiffs' Motion to Compel Production of Documents, Answers to Interrogatories, and Rule 30(b)(6) Testimony Related to Hyperion, Retek, and EBS Products ("Howard Declaration"), and (2) Exhibits A, D, E, and F to the Howard Declaration, which Defendants designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the Stipulated Protective Order in this action.

Pursuant to Local Rule 79-5, Defendants file this Response and the accompanying declarations in support of a narrowly tailored order authorizing the sealing of portions of the Howard Declaration and Exhibits A, D, E, and F and on grounds that there is good cause to protect the confidentiality of information contained in that non-dispositive discovery motion. The sealing order Defendants seek is not based simply on the blanket Protective Order in this action, but rather rests on proof[1] that particularized injury to Defendants will result if the sensitive information contained in these documents is publicly released.

## II. STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed *discovery* document [attached] to a *non-dispositive* motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (emphasis in original) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). In such cases, a "particularized showing of good cause" is sufficient to justify protection under Rule 26(c). *See Navarro*, at *7. To make such a showing, the party seeking protection from disclosure under the rule must demonstrate that harm or prejudice would result from disclosure of the trade secret or other information contained in each document the party

---

[1] Because the Local Rules require Court approval based on a declaration supporting sealing even when the parties agree as to the confidential status of the document, Defendants submit declarations with regards to all documents for which a sealing order is sought.

seeks to have sealed. *See Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2006).

## III. ARGUMENT

<u>There Is Good Cause to Support the Filing Under Seal of Information Contained in the Documents That Are the Subject of the Administrative Motion.</u>

Through the declarations from SAP AG and SAP America, Inc. (collectively "SAP") personnel that accompany this Response, Defendants readily establish good cause to permit filing under seal. As a threshold matter, Defendants provide testimony that the SAP personnel who created the documents at issue, or whose documents are quoted in the Howard Declaration, considered the information contained therein to be confidential and thus limited circulation to persons within their corporate organizations. For example, the Vice President of Service Solution Management – Global Services and Support of SAP testifies that he considers the contents of a PowerPoint presentation he prepared for SAP management (SAP-OR00252116 through SAP-OR00252137) to be a "highly confidential, non-public internal SAP document." *See* Declaration of Thomas Zieman in Support of Defendants' Response to Plaintiffs' Administrative Motion to Seal Documents ("Zieman Declaration"), ¶ 2. Defendants provide declarations concerning their consistent protection of confidential information found in both the documents at issue and the Howard Declaration containing detailed descriptions of these documents subject to the requested sealing order. *See* Ziemen Declaration and the Declaration of Anne Tuman in Support of Defendants' Response to Plaintiffs' Administrative Motion to Seal Documents. These declarations establish that Defendants themselves treated the information and documents they seek to keep confidential as such within their own organizations.

Defendants have continued to protect the information contained in these documents from improper public disclosure since the initiation of this litigation through a Stipulated Protective Order (D.I. 32) to prevent their private commercial information from being improperly disclosed. Under the terms of that Order, Defendants could designate documents, deposition transcripts, and discovery responses containing private information as "Confidential" or "Highly Confidential"

1 | prior to producing such documents in the course of discovery.  Each of the documents filed under
2 | seal contain information that was so designated.

3 |     Defendants offer declarations that demonstrate good cause to protect and seal because
4 | revelation of the contents of these documents would likely cause Defendants to suffer a
5 | competitive injury.  For example, Thomas Zieman testifies to the concerns he has regarding the
6 | revenue data contained in Exhibit D to the Howard Declaration (SAP-OR0001189 through
7 | SAP-OR0001195), particularly that the release of this information could adversely impact SAP's
8 | bargaining position in future dealings with current and potential clients.  *See* Zieman Declaration,
9 | ¶ 1.

### IV. CONCLUSION

Defendants respectfully request that this Court affirm its order filing under seal (1) certain portions of the Declaration of Geoffrey M. Howard in Support of Plaintiffs' Motion to Compel Production of Documents, Answers to Interrogatories, and Rule 30(b)(6) Testimony Related to Hyperion, Retek, and EBS Products ("Howard Declaration"), and (2) Exhibits A, D, E, and F to the Howard Declaration, which Defendants designated as "Confidential Information" or "Highly Confidential Information – Attorneys' Eyes Only" under the Stipulated Protective Order in this action.[2]

Dated: January 22, 2009

Respectfully submitted,

JONES DAY

By: */s/ Scott W. Cowan*
    Scott W. Cowan

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

---

[2] Defendants have not filed a proposed order together with this Response because the Court has already granted the Sealing Order.