United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE CORPORATION, et al.,

    Plaintiffs,

    v.

SAP AG, et al.,

    Defendants.

_____/

No. C 07-1658 PJH

**ORDER DENYING PLAINTIFFS' MOTION FOR RULE 54(B) JUDGMENT AND ALTERNATIVE MOTION FOR CERTIFICATION FOR INTERLOCUTORY APPEAL**

    Before the court is the motion of plaintiffs Oracle Corporation, et al., for an order pursuant to Federal Rule of Civil Procedure 54(b) for entry of partial judgment as to plaintiffs J.D. Edwards Europe Limited ("JDEE") and Oracle Systems Corporation ("OSC"), both of which were dismissed from this action for lack of subject matter jurisdiction. In the alternative, plaintiffs seek an order pursuant to 28 U.S.C. § 1292(b) for certification of interlocutory appeal of the December 15, 2008 order dismissing JDEE and OSC.

    Under Rule 54(b), the court "may direct entry of judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b).

    Under 28 U.S.C. § 1292(b), a district judge who is of the opinion that an otherwise unappealable order "involves a controlling question of law as to which there is substantial ground for difference of opinion" and that "an immediate appeal from the order may materially advance the ultimate termination of the litigation, . . . shall so state in writing such an order."

Having read the parties' papers and carefully considered their arguments and the relevant legal authorities, and good cause appearing, the court hereby DENIES the motion. Both partial judgments under Rule 54(b) and authorizations for interlocutory appeals under § 1292(b) are considered extraordinary remedies, and the court finds that plaintiffs have not established that relief is warranted under either provision.

In the court's view, an immediate appeal of the dismissal of JDEE and OSC will not materially advance the present litigation, and will almost certainly result in piecemeal litigation.

The date for the hearing on plaintiffs' motion, previously set for Wednesday March 4, 2009, is VACATED.

**IT IS SO ORDERED.**

Dated: March 2, 2009

_____
PHYLLIS J. HAMILTON
United States District Judge