IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE CORPORATION, et al.,                    No. C-07-01658 PJH (EDL)

        Plaintiffs,                              **ORDER FOLLOWING DISCOVERY CONFERENCE**

  v.

SAP AG, et al.,

        Defendants.
                                        /

On March 31, 2009, this Court held a discovery conference in this matter. As stated at the hearing, the Court makes the following order:

1. In the March 24, 2009 Joint Discovery Conference Statement, the parties raised the issue of whether the deposition of Seth Ravin, the former President of Tomorrow Now, should be conducted for longer than the presumptive seven hours. On March 27, 2009, Mr. Ravin's counsel, Michael Levin, sent a letter to the Court addressing this issue. The Court invited Mr. Levin to attend the March 31, 2009 discovery conference, which he did. Mr. Levin addressed the Court, partially under seal, regarding Mr. Ravin's ability to attend a deposition lasting more than seven hours given the constraints on Mr. Ravin's time. Having fully heard Mr. Levin and the parties on this issue, the Court ruled that given the importance of Mr. Ravin's testimony in this case, and the willingness of all parties to work around his specific availability, his deposition should be conducted for more than seven hours. Specifically, Plaintiff shall have up to seven hours and Defendants shall have up to three and one-half hours to complete the deposition of Seth Ravin. The deposition shall be scheduled at a mutually convenient time over two days. Some testimony regarding Rinimi Street appears

relevant to damages. The parties shall meet and confer with Mr. Ravin's counsel to address any issues regarding trade secrets or other potentially confidential information, which may well be satisfied by the existing protective order in this case.

2. The protective order in this case requires advance notice of a party's intent to use confidential documents at a third party deposition. If a third party witness who is a former employee of Defendants was exposed to the kind of confidential documents to be provided at the deposition during the course of his or her former employment, the purpose of the advance notice requirement is not met and advance notice is not required. If, however, the third party deponent would not have been exposed to the kind of confidential document to be presented at the deposition, for example, because the documents postdate the witness's employment at Tomorrow Now and/or SAP, advance notice of such documents must be given in accordance with the protective order.

3. With respect to custodian production dates, Plaintiffs shall produce documents from custodians Jim Patrice, Brad Nolan, David Hare, Lou Lopez and Annette Horan no later than May 21, 2009. The remainder of the dates for production are as proposed by Plaintiffs as set forth in Attachment A to the March 24, 2009 Joint Discovery Conference Statement.

4. No later than April 3, 2009, the parties shall meet and confer regarding software and license activation codes to be produced by Plaintiffs.

5. With respect to the customer connection database, the parties should make their experts available forthwith to meet and confer to provide the tools Defendants need to access this database.

6. If the parties cannot agree on twelve servers to be produced through the Data Warehouse, Plaintiffs may file a motion to compel.

7. The deadline for identifying new custodians is April 15, 2009, with a reserve of six custodians to be identified no later than May 15, 2009. If the discovery cutoff date is extended, the Court may revisit these deadlines.

8. No later than April 14, 2009, Defendants shall produce a supplemental declaration(s) regarding their investigation efforts with respect to Hyperion, Retek and eBusiness Suite

software.

9. No later than April 21, 2009, the parties shall further supplement their customer-specific financial reports.

10. Defendants shall provide supplemental interrogatory responses in accordance with Judge Legge's Report and Recommendations Re: Discovery Hearing No. 3 no later than April 15, 2009.

11. Defendants may file their Motion to Compel regarding copyright issues on April 14, 2009 for hearing on May 19, 2009.

**IT IS SO ORDERED.**

Dated: April 2, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge