1  Robert A. Mittelstaedt (SBN 060359)
   Jason McDonell (SBN 115084)
2  Elaine Wallace (SBN 197882)
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA 94104
4  Telephone:   (415) 626-3939
   Facsimile:   (415) 875-5700
5  ramittelstaedt@jonesday.com
   jmcdonell@jonesday.com
6  ewallace@jonesday.com

7  Tharan Gregory Lanier (SBN 138784)
   Jane L. Froyd (SBN 220776)
8  JONES DAY
   1755 Embarcadero Road
9  Palo Alto, CA 94303
   Telephone:   (650) 739-3939
10 Facsimile:   (650) 739-3900
   tglanier@jonesday.com
11 jfroyd@jonesday.com

12 Scott W. Cowan (Admitted *Pro Hac Vice*)
   Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13 JONES DAY
   717 Texas, Suite 3300
14 Houston, TX 77002
   Telephone:   (832) 239-3939
15 Facsimile:   (832) 239-3600
   swcowan@jonesday.com
16 jlfuchs@jonesday.com

17 Attorneys for Defendants
   SAP AG, SAP AMERICA, INC., and
18 TOMORROWNOW, INC.

19                          UNITED STATES DISTRICT COURT
20                         NORTHERN DISTRICT OF CALIFORNIA
21                               SAN FRANCISCO DIVISION

22 | ORACLE USA, INC., et al.,      | Case No. 07-CV-1658 PJH (EDL)
23 |           Plaintiffs,           | **DEFENDANTS' MOTION TO COMPEL DISCOVERY RELEVANT**
24 |      v.                         | **TO PLAINTIFFS' COPYRIGHT CLAIMS**
25 | SAP AG, et al.,                 |
26 |           Defendants.           | Date: May 19, 2009
                                      Time: TBD
27                                    Courtroom: E, 15th Floor
                                      Judge: Hon. Elizabeth D. Laporte
28

# TABLE OF CONTENTS

**Page**

NOTICE OF MOTION. ........................................................................................................... 1

RELIEF REQUESTED. ......................................................................................................... 1

MEMORANDUM OF POINTS AND AUTHORITIES. ........................................................ 2

I. INTRODUCTION. ..................................................................................................... 2

II. RELEVANT FACTS. ................................................................................................. 3

    A. Oracle's Failure to Produce Copies of All Registered Works. ............................... 3

    B. Oracle's Failure To Identify Preexisting Material In Its Derivative Works Registrations. ............................................................................................. 4

    C. Oracle's Failure To Produce Chain of Title Documents. ........................................ 6

III. ARGUMENT. .............................................................................................................. 7

    A. The Court Should Order Immediate Production Of All Registered Works Allegedly Infringed. ............................................................................... 7

    B. Oracle Must Specifically Identify The Preexisting Material In The Derivative Works. ........................................................................................... 8

        1. The preexisting material in a derivative work determines the scope of a copyright claim. ................................................................. 8

        2. Oracle has not provided this critical information for its alleged derivative works. ....................................................................... 10

        3. Oracle's reliance on Customer Connection under Rule 33(d) is improper. ................................................................................................. 12

    C. Oracle Should Be Required To Produce All Remaining Documents Relating To Chain Of Title For The Registered Works, Including PeopleSoft Acquisitions. ........................................................................................ 13

IV. CONCLUSION. ........................................................................................................ 16

# TABLE OF AUTHORITIES

**Page**

**Cases**

*ETS-Hokin v. Skyy Spirits, Inc.*
  225 F.3d 1068 (9th Cir. 2000) .................................................................................................. 14

*Kramer v. Thomas*
  No. CV 05-8381, 2006 U.S. Dist. LEXIS 96714 (C.D. Cal. Sep. 26 2006) ............................. 13

**Rules**

Federal Rules of Civil Procedure
  30(b)(6) ........................................................................................................................ 4, 10, 15
  33(d) .................................................................................................................................. 1, 6, 12
  33(d)(1) ................................................................................................................................... 12

**Statutes**

17 U.S.C.
  § 101 ........................................................................................................................................ 4, 8
  § 103(b) ...................................................................................................................................... 9
  § 410(c) .................................................................................................................................... 13

**Other Authorities**

3 Melville Nimmer & David Nimmer, Nimmer on Copyright, § 12.11[C] (2009) ................ 13, 14

Copyright Office Circular 41 ........................................................................................................ 9

| | |
|---|---|
| 1 | **NOTICE OF MOTION** |
| 2 | **PLEASE TAKE NOTICE** that on May 19, 2009, at a time to be determined by the |
| 3 | Court, in Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, defendants SAP |
| 4 | AG, SAP America, Inc., and TomorrowNow, Inc. ("Defendants") will move the Court for an |
| 5 | order compelling plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle |
| 6 | EMEA Ltd ("Oracle" or "Plaintiffs") to produce the documents and information described below. |
| 7 | This motion is based on the Notice of Motion, Motion, and Memorandum of Points and |
| 8 | Authorities incorporated herein, and on the accompanying Declaration of Elaine Wallace. |
| 9 | **RELIEF REQUESTED** |
| 10 | Defendants seek an order compelling Oracle, by May 29, 2009 to: |
| 11 | 1. Produce a complete copy of all software and other materials purportedly covered |
| 12 | by the copyright registrations it alleges were infringed (along with software license activation |
| 13 | codes sufficient to allow Defendants access to the software), or, in the alternative, provide written |
| 14 | confirmation that its copyright infringement claims exclude the materials not produced; |
| 15 | 2. Supplement its response to Interrogatory No. 13 to specifically identify the |
| 16 | preexisting material for each derivative work, and, to the extent that Oracle is permitted to rely on |
| 17 | the Customer Connection databases pursuant to Rule 33(d) in its response, to: (a) provide |
| 18 | whatever technical assistance is required to ensure that Defendants can access and use them; and |
| 19 | (b) identify the specific locations where the responsive information can be found for each |
| 20 | derivative work; |
| 21 | 3. (a) Produce all remaining nonprivileged documents in its possession, custody, or |
| 22 | control relating to the acquisition, assignment, or transfer of the registered works, and any |
| 23 | preexisting materials upon which they are based, including documents relating to PeopleSoft, |
| 24 | Inc.'s ("PeopleSoft") acquisition of technology developed by The Vantive Corporation |
| 25 | ("Vantive"), Red Pepper Software Company ("Red Pepper Software"), and Distinction Software, |
| 26 | Inc. ("Distinction Software"); |
| 27 | (b) Confirm in writing that it has produced all materials described in 3(a) above |
| 28 | located after a diligent search of all locations at which such materials might plausibly exist; and |

(c) Produce all documents on which it intends to rely to meet its burden of proving copyrightability and ownership for three Registered Works to which no presumption of validity applies.

## **MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      INTRODUCTION.**

More than two years after filing this lawsuit, Oracle still has not provided basic discovery necessary to support its copyright claims. Oracle has failed to produce copies of almost half the works identified in the complaint (the "Registered Works"), despite its agreement to produce them and Judge Legge's order that it do so. Its failure (or inability) to produce this material is critical not only to Defendants' ability to defend the case, but for the parties and the Court to determine which Registered Works will remain in the litigation.

Oracle has also failed (or otherwise been unable) to identify the preexisting material on which the derivative Registered Works are based. Derivative works comprise the majority of works at issue in the case. Since a copyright in a derivative work extends only to new – as opposed to preexisting – material, Oracle must either prove what is new (and provide related discovery) or give up those claims.

Finally, Oracle still has not completed its production of documents relevant to proving current ownership and chain of title for each of the Registered Works. Oracle's apparent inability to provide this key information and locate relevant documents has been an ongoing problem that has led to serial amendments of the complaint, including changing its roster of copyright Plaintiffs. Oracle brought this case. Oracle controlled and controls its affiliates and the related agreements. There is no excuse for Oracle's continued delay.

Oracle has resisted the discovery sought by this motion – and copyright discovery generally – based on its erroneous view that the presumption of validity eliminates its discovery obligations. However, the presumption of validity is immaterial to Oracle's obligation to produce the information requested by this motion. A copyright plaintiff must support its claims, even Oracle.

## II. RELEVANT FACTS.

### A. Oracle's Failure to Produce Copies of All Registered Works.

Oracle alleges infringement of materials covered by eighty-three copyright registrations (the "Registered Works"). TAC, ¶¶ 153-155; *see also* Wallace Decl., ¶ 1, Exh. A (Registrations Summary).[1] Of the eighty-three Registered Works, fifty-six purportedly consist of software, fifteen of software and user documentation, and twelve of user documentation alone. Wallace Decl., ¶ 2. Nine of the Registered Works purportedly consist of "current development environments" for various J.D. Edwards ("JDE") products. Wallace Decl., Exh. A.

On July 26, 2007, the first day of discovery, Defendants asked Oracle to produce a complete copy of each Registered Work. Wallace Decl., ¶ 3, Exh. B (RFP No. 63). Oracle largely agreed, but not as to the current development environments (*id.*), so Defendants moved to compel in January 2008. Wallace Decl., ¶ 4. Oracle confirmed both in its response to Defendants' motion and at the hearing with Judge Legge its agreement to produce a copy of each Registered Work, except for the current development environments.[2] Wallace Decl., ¶ 5; *see also* ¶ 7, Exh. C (2/13/08 Hearing Tr. at 134:18-143:23). Oracle argued that it should not be required to produce copies of the allegedly infringed portions of the current development environments because it would be duplicative of its production of other Registered Works. *Id.* Judge Legge agreed and ordered production of Registered Works other than the current development environments. Wallace Decl., Exh. D (2/22/08 Report and Recommendation), at 7-8. Judge Legge further ordered Oracle to identify the specific Registered Works it contends were infringed. *Id.*

More than a year later, Oracle still has not produced all of the Registered Works. In fact, it has yet to produce thirty-one of them (not including the development environments discussed above). *See* Wallace Decl., Exh. A. Defendants need a date certain by which Oracle must produce the remaining Registered Works or, in the alternative, confirm that its infringement

---

[1] All references to "Wallace Decl." are to the accompanying Declaration of Elaine Wallace.

[2] Oracle has identified additional Registered Works since the time of Defendants' motion to compel and agreed in subsequent meet and confers to produce copies of those as well. Wallace Decl. ¶ 6.

SFI-607080v1

- 3 -

DEFS.' COPYRIGHT MOT. TO COMPEL
Case No. 07-CV-1658 PJH(EDL)

claims do not include any of the Registered Works it has failed to produce.

In light of the amount of time that has passed and discovery that has been done since Judge Legge's order, and in light of Oracle's failure to produce copies of several JDE Registered Works, Defendants have asked Oracle to confirm whether it has changed its position that production of the JDE current development environments would be duplicative of other productions. Wallace Decl., ¶ 9. Defendants have not yet received a response to that question. *Id.* As discussed below, to the extent that Oracle fails to produce the materials upon which it based its argument that production of the development environments would be duplicative, Defendants seek an order from the Court requiring Oracle to produce the current development environments.

**B.     Oracle's Failure To Identify Preexisting Material In Its Derivative Works Registrations.**

Fifty-two of the eighty-three Registered Works are derivative works, *i.e.* works "based upon one or more preexisting works." 17 U.S.C. § 101; *see also* Wallace Decl., Exh. A. The majority of the registrations for these derivative works identify the preexisting material simply as "previously published versions" of the registered work, or some variation of that language, with no further detail as to which previous version(s), or portion(s) thereof, they include. *Id.* This is true even with respect to Registered Works that purport to be the "initial" release of a product. *Id.*

In June 2008, Defendants served a Rule 30(b)(6) deposition notice to Oracle requesting testimony on the following topic:

> 6.     For each of the Registered Works registered as a derivative work, identification of the author, current owner, any previous owners, content, creation date, publication date, and copyright registration number (if applicable), of the pre-existing works from which those Registered Works are derived.

Wallace Decl., Exh. E (Rule 30(b)(6) Notice), at 6. Oracle objected that this subject matter is more appropriate for an interrogatory response. Wallace Decl., ¶ 11. Defendants agreed that Oracle could supplement its response to Defendants' Interrogatory No. 13 in lieu of providing deposition testimony, but reserved the right to seek deposition testimony should the response be

1    deficient. *Id.* Defendants made the same agreement with respect to Topic No. 5 in the notice.[3]
2    *Id.*

3    Oracle supplemented its response to Interrogatory No. 13 on December 5, 2008. However,
4    the supplemental portion of the response consists entirely of information responsive to Topic
5    No. 5, with no information responsive to Topic No. 6. Wallace Decl., Exh. F (Oracle's Supp.
6    Resp. to Interrogatory No. 13), at 10-73. The supplemental response simply lists the modules
7    purportedly covered by each copyright registration. *Id.* It contains no information concerning the
8    content, authorship, ownership, creation and publication dates, or registrations numbers of the
9    preexisting works from which the Registered Works were derived, as called for by Topic No. 6.
10   *Id.*

11   In a subsequent meet and confer, Oracle contended that its prior responses to the same
12   interrogatory, in combination with the creation dates in the registrations themselves, contain the
13   information responsive to Topic No. 6. Wallace Decl., ¶ 14. However, Oracle's prior responses
14   consist of nothing more than a series of statements to the effect that certain groups of registrations
15   "cover all Software and Support Materials related to [product line] available as of the date of the
16   registration." *See, e.g.*, Wallace Decl., Exh. F, at 3-9. They do not specify the preexisting
17   materials for each derivative work (or even come close to it), or provide any of the information
18   requested by Topic 6.

19   Defendants asked Oracle to further supplement its response to include the information
20   called for in Topic No. 6. Wallace Decl., ¶ 15, Exh. G. Defendants also requested confirmation
21   that: (a) where a registration states that a derivative work is based on prior versions of the same
22   work, it means the derivative work is based on *all* prior versions; and (b) where an "initial release"
23   is based on a "prior version" but no prior version of that product is identified in the complaint,
24   Defendants have no way of determining which prior version the "initial release" is based on. *Id.*

25   Oracle's counsel confirmed his understanding with respect to (a), but denied (b). Wallace

---

[3] Topic No. 5 states: "For each of the Registered Works, identification of the software, including updates, patches, and fixes, service packs, Software and Support Materials, and any other materials allegedly covered by the registrations, identified by title, version number, file name, or other applicable identifying information." Wallace Decl., Exh. E.

Decl., ¶ 15, Exh. G. In addition, rather than agreeing to further supplement Oracle's response to provide the information responsive to Topic No. 6, Oracle's counsel referred Defendants to its production of Customer Connection databases. *Id.* This production consists of a two terabyte collection of hundreds of databases, purportedly containing everything that has ever been available for download from Customer Connection and produced in an inaccessible form. Wallace Decl., ¶ 16. Defendants continue to meet and confer with Oracle regarding access. *Id.* However, even that issue can be resolved. Defendants contend that Oracle's reliance on Rule 33(d) is improper unless Oracle provides a detailed "map" of where in Customer Connection the responsive information for each derivative work can be found.[4]

### C. Oracle's Failure To Produce Chain of Title Documents.

In their first set of document requests (served on the first day of discovery) Defendants requested production of documents relating to the chain of title for the Registered Works. Wallace Decl., Exh. B (RFP No. 55, requesting "[a]ll Documents relating to ownership of the Registered Works, including but not limited to, Documents concerning licensing, assignment, transfer, or conveyance of any rights in the Registered Works."). Oracle's initial productions in response to this request were both untimely and incomplete. Wallace Decl., ¶ 17. Defendants inquired about apparent gaps in the chain of title documents and pressed Oracle for months to either complete its production or represent that its production was complete.[5] *Id.* Oracle has still failed to do either. *Id.*

In fall 2008, apparently in response to Defendants' inquiries regarding gaps in the chain of title documents, Oracle was forced to amend its complaint to change its roster of plaintiffs. Wallace Decl., ¶ 17. Oracle continued throughout that process (and continues today) to dribble out responsive documents. *Id.* Two years after commencing suit its production remains

---

[4] The parties also continue to meet and confer regarding Topic 7 in the deposition notice, which states: "For each of the Registered Works registered as a derivative work, identification of the additional registered material, as distinguished from the pre-existing works from which the Registered Works are derived." Oracle objected to this topic on the ground that it calls for expert testimony. Wallace Decl., ¶ 12. Defendants disagree, but will pursue this topic after the question of Oracle's obligation to identify preexisting materials has been resolved.

[5] The reason for this request is obvious, especially in light of Judge Hamilton's order dismissing alleged copyright plaintiffs based on Oracle's own documents.

SFI-607080v1

- 6 -

DEFS.' COPYRIGHT MOT. TO COMPEL
Case No. 07-CV-1658 PJH(EDL)

1 incomplete. *Id*.

2 One deficiency in Oracle's production concerns documents relating to PeopleSoft's

3 acquisitions of Vantive, Red Pepper Software, and Distinction Software.[6] Wallace Decl., ¶ 18.

4 Oracle contends that it is not required to produce documents relating to these historical

5 acquisitions because of the presumption of validity that attaches to most of the Registered Works.

6 *Id*. Defendants disagree and seek an order requiring Oracle to produce them.

7 Given the delayed, incomplete, and sporadic nature of Oracle's past productions,

8 Defendants also seek an order requiring Oracle to complete its production of documents relating

9 to assignment or other transfer of the Registered Works by May 29, 2009 and to comply with this

10 Court's standing order to confirm in writing that it has produced all such materials locatable after

11 a diligent search.

## III. ARGUMENT.

### A. The Court Should Order Immediate Production Of All Registered Works Allegedly Infringed.

There is no dispute that Defendants are entitled to a copy of each allegedly infringed Registered Work. Judge Legge acknowledged that at the hearing on Defendants' motion to compel, this Court described the issue as a "no brainer" at the March 31, 2009 discovery conference, and Oracle has already agreed to produce them. *See* Wallace Decl., Exh. C (2/13/08 Tr. at 123:22-124:9); Exh. R (3/31/09 Tr. at 43:21-44:9). The only issue is how much longer Defendants should be made to wait before receiving the thirty-one Registered Works Oracle has so far failed to produce.

It is now more than two years since Oracle filed its initial complaint and fourteen months since Judge Legge's order. That is more than enough time for Oracle to have met its production obligations. With the discovery cut-off approaching, Defendants' need for this material is critical. Defendants request that Oracle be ordered to produce all remaining Registered Works by May 29, 2009. In the alternative, consistent with Judge Legge's order that Oracle specifically

---

[6] As discussed further below, these acquisitions are relevant because it appears that technology developed by these companies was incorporated into some of the Registered works at issue here.

1  identify allegedly infringed Registered Works, Defendants request that Oracle be ordered to
2  confirm that its infringement claims do not include any Registered Works it has not produced by
3  May 29, 2009.

4  With respect to the current development environments, Oracle has not produced many of
5  the Registered Works upon which it bases its argument that production would be duplicative.
6  For example, Oracle argued to Judge Legge that production of the current development
7  environments would be duplicative of the initial releases and cumulative updates for those
8  products. Wallace Decl., Exh. C (Tr. at 134:18-143:23). However, Oracle has not produced
9  initial releases and/or cumulative updates for five of the nine development environments (*i.e.* JD
10 EnterpriseOne Xe, JD Edwards EnterpriseOne 8.0, JD Edwards EnterpriseOne 8.11 SP1, JD
11 Edwards World A7.3, and JD Edwards World A8.1).[7] Wallace Decl., Exh. A.

12 Should Oracle fail to produce any Registered Work upon which it based its argument that
13 production of any development environment would be duplicative, Defendants request an order
14 that Oracle be required to produce the corresponding development environment by May 29, 2009
15 or, in the alternative, confirm by that date that its infringement claims do not include any
16 development environment not produced.

17 The parties are meeting and conferring regarding Oracle providing Defendants with
18 activation codes necessary to access produced software. Should this issue not be resolved by the
19 date of the hearing on this motion, Defendants further request that the Court order Oracle to
20 provide all necessary software activation codes by May 29, 2009.

21 **B.    Oracle Must Specifically Identify The Preexisting Material In The**
22       **Derivative Works.**
23    **1.   The preexisting material in a derivative work determines the**
24         **scope of a copyright claim.**

25 A derivative work is one "based upon one or more preexisting works." 17 U.S.C. § 101.

---

[7] Oracle has failed to produce the Electronic Software Update ("ESU") for one additional development environment (JD Edwards EnterpriseOne 8.11 SP1). *See* Wallace Decl., Exh. A. To the extent that Oracle's argument that the development environments are duplicative of other Registered Works, Oracle should either produce this ESU or the development environment.

It is important to distinguish between preexisting and new material because the copyright in a derivative work covers only the new material. *See* Copyright Office Circular 41, at 2 ("The copyright in a derivative work covers only the additions, changes, or other new material appearing for the first time in the work. It does not extend to any preexisting material and does not imply a copyright in that material."); *see also* 17 U.S.C. § 103(b). Thus, for example, Oracle's alleged copyright in PeopleSoft 8 Student Administration Solutions (TX 5-431-289), or PeopleSoft 8.8 Enterprise Performance Management (TX 5-993-616), or PeopleSoft Financials 7.5 (TX 4-792-574) does not extend to any material from the previously published versions upon which these works are based.[8] Wallace Decl., Exh. A.

Oracle may argue (as it has consistently done for all aspects of copyright related discovery) that it has no obligation to identify preexisting material because most (although not all) of the Registered Works qualify for the presumption of validity. However, the presumption of validity is immaterial to the derivative works question. Presumption or not, the scope of Oracle's claim to a given derivative work cannot, as a matter of law, extend beyond the new material contained in that work. *See* 17 U.S.C. § 103(b). Accordingly, Oracle's claim to any version of software that is based on "previous versions" extends only to the new material in the new version. It is thus critically important that Oracle specify for each version what material is new and what was preexisting. This is particularly true for products for which only one version is at issue in the case. The three products named above represent a few examples of Registered Works that fall into this category. However, it is also true for products for which more than one version is at issue, especially where the earliest release at issue in the case is registered as a derivative work based on previous versions not at issue. Wallace Decl., Exh. A (the PeopleSoft HRMS and PeopleTools product lines, for example).[9]

---

[8] These are just a few examples. The complete list of Oracle's fifty-two derivative work registrations is attached as Exhibit A to the Wallace Declaration.

[9] Oracle's refusal to articulate a damages theory only compounds the derivative works problem. If, as it has indicated, Oracle intends to pursue a royalty on a per fix or per object basis, it becomes even more critical to delineate the exact scope of the material covered by each registration.

### 2. Oracle has not provided this critical information for its alleged derivative works.

The registrations themselves do not begin to answer the question of what preexisting material is contained in each derivative work. For the majority of Registered Works, the information is limited to "previously published versions" or some variation of that phrase. Wallace Decl., Exh. A. They do not specify which portions of which previous versions were incorporated into each derivative work. Nor do the registrations provide specifics regarding the new material added to each derivative work. For the majority of Registered Works, the descriptions are limited to "revisions," "additional code," "new and revised software code," or similar language. Wallace Decl., ¶ 19, Exh. H.

Oracle's supplemental response to Interrogatory No. 13, which was supposed to substitute for Rule 30(b)(6) testimony on the subject, does not provide the information either. The language Oracle's counsel relied on during the parties' meet and confer states only that certain groups of registrations "cover all" of certain software applications "in part." Wallace Decl., Exh. F (For example, at page 8, "registrations TX 6-541-033 and TXul-345-109 cover all J.D. EnterpriseOne XE software applications and subsequent versions, in part"). It does not identify the specific portions of specific previous versions incorporated into each derivative Registered Work, or even come close.

After months of meeting and conferring, the best Defendants have been able to obtain is a representation from Oracle's counsel regarding their "understanding" of the relationship between the various Registered Works. Wallace Decl., ¶ 15, Exh. G. This falls far short of the specific detail, in a formal discovery response or from a Rule 30(b)(6) witness, that Defendants need to determine the proper scope of Oracle's claims.

Moreover, Oracle's counsel's "understanding" appears to be incorrect. For example, each of the JDE series of Registered Works (*i.e.* the initial releases, code changes, ESUs, cumulative updates, and current development environments for, respectively, JD Edwards EnterpriseOne Xe, JD Edwards EnterpriseOne 8.0, JD Edwards EnterpriseOne 8.9, JD Edwards EnterpriseOne 8.10, JD EnterpriseOne 8.11, JD EnterpriseOne 8.11 SP1, JD EnterpriseOne 8.12, JD Edwards World

A7.3, JD Edwards World A8.1, and JD Edwards World A9.1) is registered as a derivative work based on "previous versions." Wallace Decl., ¶ 20, Exh. I. In each case, however, in response to question No. 5 on the registration ("Has registration for this work, or for an earlier version of this work, already been made in the Copyright Office?), Oracle answered: "No." *Id.* Either Oracle's counsel is mistaken that each of the JDE derivative Registered Works is based on a previous Registered Work, or the information in the registrations is incorrect. Oracle may argue that its response to question No. 5 is explained by the fact that registrations for all of these products were sought at the same time (in 2007, as Oracle scrambled to register them in connection with this litigation), thus no *previous* registrations for these products had been made. That would be inconsistent, however, with its representation in the response to Interrogatory No. 13 that nineteen Registered Works registered in 1995 "cover all J.D. Edwards software applications in part." Wallace Decl., Exh. F, at 8. Either Oracle's interrogatory response is incorrect or it provided false information to the Copyright Office when it registered the remaining J.D. Edwards software applications in 2007.[10]

Similar issues exist with the PeopleSoft derivative Registered Works. For example, each of the six PeopleSoft HRMS products is registered as a derivative work based on previously published versions.[11] Wallace Decl., Exh. A. The first two registrations (versions 7.0 and 7.5) indicate, again in response to question No. 5, that no previous registration exists for any earlier version. Wallace Decl., ¶ 22, Exhs. J and K. This presumably means that 7.0, which was created in 1997, is based on an unregistered previous version not at issue in this case. Defendants have no way of determining whether that is the case, and certainly no way of determining the nature and extent of the preexisting material in version 7.0. It may also mean that version 7.5, which was created in 1998, is based on an unregistered previous version not at issue in this case. Or, it may mean that version 7.5 is based on version 7.0 but since both registrations were sought at the

---

[10] This is just one of a number of inconsistencies in the registrations identified in the Complaint. Defendants will address these inconsistencies with the Court at the appropriate juncture in the case.

[11] Four of these registrations contain some additional information regarding preexisting and new material. They are the only derivative works registrations that do. However, for three of them at least, the nature and extent of the new material is not clear. Wallace Decl., ¶ 21.

same time, no *previous* registration for 7.0 existed at the time. Again, Defendants have no way of determining the answer.

Oracle's response to Interrogatory No. 13 sheds no light, stating only that the six HRMS registrations "cover the specific versions of PeopleSoft HRMS described in those copyright registrations, copyright applications and the related deposit materials, as well as subsequent versions of PeopleSoft HRMs, in part." Wallace Decl., Exh. F, at 9. The best information Defendants have is Oracle's counsel's "understanding" that each subsequent version is based on all prior versions. Wallace Decl., Exh. G. As noted above, this falls far short of the specific detail Defendants need to determine the proper scope of Oracle's claims.

### 3. Oracle's reliance on Customer Connection under Rule 33(d) is improper.

Oracle's "solution" to the derivative works issue was to point to its production of Customer Connection, a two terabyte collection of databases, hundreds of databases in all, purportedly containing everything ever available for download. Wallace Decl., ¶ 16. Oracle purports to rely on these Customer Connection databases under Rule 33(d). *Id.*

As noted above, the Customer Connection databases were not produced in an accessible form and the parties continue to meet and confer to address that problem. Wallace Decl., ¶ 16. But even assuming the access problem can be resolved in a timely manner, Oracle's reliance on this vast collection of data, without a specific map of where in the data the responsive information can be found, is not a proper use of Rule 33(d). *See* Fed R. Civ. P. 33(d)(1) (requiring the responding party to specify the records "in sufficient detail to enable the interrogating party to locate and identify them as readily as the responding party could").

Defendants request that the Court order Oracle to supplement its response to Interrogatory No. 13 by May 29, 2009 to specifically identify the preexisting material on which each Registered Work registered as a derivative work is based. To the extent that Oracle is permitted to rely on the Customer Connection databases in its supplemental response, Defendants request that Oracle be ordered to provide whatever technical assistance is required to ensure that Defendants can access and use the databases and to identify the specific locations where the responsive

1  information can be found for each derivative work.

   **C. Oracle Should Be Required To Produce All Remaining Documents Relating To Chain Of Title For The Registered Works, Including PeopleSoft Acquisitions.**

Oracle has declined to produce documents relating to PeopleSoft's acquisition of any entity other than JDE. Wallace Decl., ¶ 18. Oracle has also declined to produce authorship related documents (such as executed work for hire agreements) for any Registered Work. Oracle contends that it is not required to produce these documents because of the presumption of validity that applies to most of the Registered Works.[12] *Id.*

Oracle overstates the scope of the presumption. First, where registration occurred prior to assignment of the copyright to a plaintiff, the plaintiff bears the burden of proving the chain of title. *See, e.g., Kramer v. Thomas*, No. CV 05-8381, 2006 U.S. Dist. LEXIS 96714, at *15 (C.D. Cal. Sep. 26 2006) (an assignee of a previously registered copyright bears the burden of proving the chain of title because nothing in the registration certificate establishes chain of title); *see also* 3 Melville Nimmer & David Nimmer, Nimmer on Copyright ("Nimmer"), § 12.11[C] (2009). In this case, thirty-six of the Registered Works were registered prior to the alleged assignment to Oracle in 2005. Wallace Decl., Exh. A. Oracle bears the burden of proving the chain of title as to each of those thirty-six works.

Second, three of the Registered Works do not qualify for the presumption because they were not registered within five years of first publication. They are TX 6-541-033 (Initial Release of JD Edwards EnterpriseOne Xe), TX 6-541-029 (Initial Release of JD Edwards World A7.3), and TX 6-541-047 (Initial Release of JD Edwards World A8.1). At a minimum, Defendants are entitled to whatever documents (including executed work for hire agreements and other documents relating to authorship) and information Oracle intends to rely on at trial to prove the copyrightability, authorship, and ownership of these works.[13] If Oracle intends to rely solely on

---
[12] A certificate of registration creates a presumption of "validity of the copyright and of the facts stated in the certificate" for a work registered within five years of first publication. 17 U.S.C. § 410(c).

[13] One of these works, TX 6-541-033 (Initial Release of JD Edwards EnterpriseOne Xe), has not yet been produced so Oracle may not be permitted to pursue it at trial at all.

the registrations and chain of title documents it has produced (or will produce pursuant to an order on this motion to compel), Oracle should be required to confirm that in writing.

Third, the presumption is rebuttable. *ETS-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1075-76 (9th Cir. 2000). Defendants generally rebut the presumption of validity by challenging: (1) the originality of the work; (2) compliance with statutory formalities or clerical errors in the registration; (3) plaintiff's ownership of the work; (4) plaintiff's abandonment of the copyright; (5) the copyrightability of the work; and/or (6) fraud on the Copyright Office. *See generally* Nimmer § 12.11. To the extent there are questions regarding any of these issues, Defendants are entitled to discovery necessary to rebut the presumption.

Here, Oracle's own documents and publicly available documents raise questions regarding the accuracy of certain statements in the registrations. For example, TX 5-456-777 (PeopleSoft 8 Customer Relationship Management) is unclear as to whether it is a derivative work. Wallace Decl., ¶23, Exh. L. However, PeopleSoft's Form 10K, filed on March 25, 2002, indicates that it is in fact a derivative work, based on products developed by Vantive. Wallace Decl., Exh. M at 1 ("We have built upon the Vantive products and in June 2001, began shipping a solution called PeopleSoft Customer Relationship Management ("PeopleSoft 8 CRM") …."); *see also* Exh. N at 2 ("PeopleSoft 8 CRM represents the culmination of PeopleSoft's efforts to rearchitect and rewrite the Vantive CRM application …."). Defendants are entitled to explore this inconsistency in discovery. Specifically, Defendants are entitled to discover the nature and extent of PeopleSoft's incorporation of Vantive technology into the Registered Works (which goes to the derivative works/scope of the copyright claim discussed above) and the documents that purportedly authorized PeopleSoft to incorporate Vantive technology into the Registered Works (which goes to the acquisition documents sought here).

Similarly, public documents suggest that PeopleSoft's supply chain management product (TX 5-586-247, PeopleSoft 8.4 Financials and Supply Chain Management, which was registered prior to the alleged assignment to Oracle) is based on technology developed by Red Pepper Software and/or Distinction Software. Wallace Decl., Exh. O ("PeopleSoft now apparently has rewritten Red Pepper's products using its own application development tools …"); Exh. P

(describing PeopleSoft's acquisition of supply chain management capabilities from Red Pepper Software and Distinction Software). Defendants are entitled to discovery regarding the nature and extent of this preexisting technology and documents relating to the chain of title for the preexisting technology.

To the extent that documents pertaining to these acquisitions no longer exist, Defendants are entitled to a representation from Oracle to that effect. Oracle has already taken the position in connection with Defendants' Rule 30(b)(6) deposition on PeopleSoft's and JDE's copyright practices and procedures that such information no longer exists or is beyond Oracle's possession, custody, and control. Wallace Decl., Exh. Q, at 2-3 (describing, for example, information regarding JDE's copyright policies and procedures as "impossible to obtain" and, with regard to both PeopleSoft and JDE, its inability "after reasonable investigation" to "unearth" historical information). Defendants plan to hold Oracle to these representations at trial or on summary judgment should Oracle attempt to present evidence to rebut, for example, inferences that may reasonably be drawn from inconsistencies in the copyright registrations.[14]

Given the history of Oracle's untimely and incomplete production of documents relating to assignment of the Registered Works, Defendants request that the Court order Oracle, by May 29, 2009, to: (a) produce all remaining nonprivileged documents in its possession, custody, or control relating to the acquisition, assignment, or transfer of the Registered Works and any preexisting materials incorporated into the Registered Works, including documents relating to Oracle's acquisition of technology developed by Vantive Corporation, Red Pepper Software, and Distinction Software; (b) comply with this Court's standing order to confirm in writing that it has produced all such materials locatable after a diligent search of all locations at which such materials might plausibly exist (Order re Discovery Procedures, at 3); and (c) produce all documents on which it intends to rely to meet its burden of proving copyrightability and ownership for the three Registered Works to which the presumption does not apply or, in the alternative, confirm that it has already done so.

---

[14] Numerous other inconsistencies, not relevant to this motion, exist between the registrations and information provided by Oracle and/or publicly available.

## IV. CONCLUSION.

For the reasons set forth above, Defendants respectfully request that the Court grant their motion and order the relief requested.

Dated: April 14, 2009

JONES DAY

By: /s/ Elaine Wallace
    Elaine Wallace

Attorneys for Defendants
SAP AG, et. al.