1  Robert A. Mittelstaedt (SBN 060359)
   Jason McDonell (SBN 115084)
2  Elaine Wallace (SBN 197882)
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA 94104
4  Telephone:   (415) 626-3939
   Facsimile:   (415) 875-5700
5  ramittelstaedt@jonesday.com
   jmcdonell@jonesday.com
6  ewallace@jonesday.com

7  Tharan Gregory Lanier (SBN 138784)
   Jane L. Froyd (SBN 220776)
8  JONES DAY
   1755 Embarcadero Road
9  Palo Alto, CA 94303
   Telephone:   (650) 739-3939
10 Facsimile:   (650) 739-3900
   tglanier@jonesday.com
11 jfroyd@jonesday.com

12 Scott W. Cowan (Admitted Pro Hac Vice)
   Joshua L. Fuchs (Admitted Pro Hac Vice)
13 JONES DAY
   717 Texas, Suite 3300
14 Houston, TX 77002
   Telephone:   (832) 239-3939
15 Facsimile:   (832) 239-3600
   swcowan@jonesday.com
16 jlfuchs@jonesday.com

17 Attorneys for Defendants
   SAP AG, SAP AMERICA, INC., and
18 TOMORROWNOW, INC.

19                     UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

21                        SAN FRANCISCO DIVISION

22 ORACLE USA, INC., et al.,            Case No. 07-CV-1658 PJH (EDL)

23         Plaintiffs,                  **REPLY DECLARATION OF ELAINE
                                        WALLACE IN SUPPORT OF
24    v.                                DEFENDANTS' MOTION TO
                                        COMPEL DISCOVERY RELEVANT
25 SAP AG, et al.,                      TO PLAINTIFFS' COPYRIGHT
                                        CLAIMS**
26         Defendants.
                                        Date: May 19, 2009
27                                      Time: 2:00 pm
                                        Courtroom: E, 15th Floor
28                                      Judge: Hon. Elizabeth D. Laporte

I, ELAINE WALLACE, declare:

I am an associate with the law firm of Jones Day and counsel for Defendants in the above-captioned matter. I make this declaration based on personal knowledge and, if called upon to do so, could testify competently thereto.

1. Attached hereto as Exhibit A is a true and correct copy of Copyright Office Circular 14, entitled "Copyright Registration for Derivative Works." This document was erroneously cited as Copyright Office Circular 41 at page 9 of Defendants' opening brief.

2. Counsel for the parties have met and conferred by telephone and email a number of times since the March 31, 2009 discovery conference regarding access to the Customer Connection databases. Defendants' counsel described some of the access problems Defendants' experts had experienced. Oracle's counsel provided information in response, and Defendants' experts have since been able to restore some of the databases. Not all have been restored yet (because of the sheer number of databases produced) so it is unclear whether any access remain to be resolved. If so, Defendants believe they will be able to resolve them with Oracle. The primary problem now is that there appear to be over 700 databases in total and Defendants can only guess based on column and table names as to what is contained in each database and what the data represents. Defendants do not believe that it is possible to understand or use the information without the requested "mapping" information.

3. On November 18, 2008, I received an email from Zachary Alinder, counsel for Oracle, in response to my October 21, 2008 email. I did not have an opportunity to respond to Mr. Alinder's email before I left on vacation three days later or before receiving Oracle's supplemental response to Interrogatory No. 13 on December 5, 2008. On December 11, after reviewing the supplemental interrogatory response, I sent an email to Mr. Alinder noting that the response "does not appear to address the information requested by Topic 6 of our Rule 30(b)(6) deposition notice …." A true and correct copy of my December 11 email is attached hereto as Exhibit B.

4. Oracle was still making supplemental productions of copyright related documents (including registration certificates, copyright applications, deposit materials, and communications

with the Copyright Office) as of April 6 and April 17, 2009. The Certificates of Recordation cited by Oracle in its opposition were not produced until April 28, the day it filed the opposition. The agreements purportedly supporting the allegation in the complaint that Oracle Europe Middle East and Africa ("OEMEA") is a successor in interest to certain PeopleSoft and JD Edwards entities were not produced until April 24, after Defendants served an interrogatory requesting the basis for the allegation. Multiple agreements between Oracle International Corporation ("OIC") and other Oracle entities to which it licenses the Registered Works were not produced until a few days before (and for some agreements, the day before) Defendants Rule 30(b)(6) deposition of OIC on April 14, 2009.

5. Upon information and belief, based on publicly available information, PeopleSoft completed its acquisition of Red Pepper Software, Inc., Distinction Software, Inc., and Vantive Corporation in 1996, 1998, and 1999, respectively.

6. Defendants are still determining whether the software Oracle has produced is what Oracle claims it to be. For example, some of the software CDs appear to be "demo" versions. Defendants are confirming with Oracle whether these are complete working versions of the Registered Works. Defendants received an email from Oracle's counsel on this subject the day before filing their reply brief. Defendants are analyzing the information in that email and plan to follow up with a telephone meet and confer shortly.

7. Defendants received Oracle's first production of software for the Registered Works on December 5, 2008. The next production was not received until April 10, 2009, after Defendants requested and obtained from the Court a hearing date on this motion to compel.

8. Defendants' counsel met and conferred by telephone on April 3, 2009 regarding Oracle's production of the Registered Works software. Oracle's counsel asked Defendants' counsel on that call to provide a list of software Defendants believed had not been produced. Defendants' counsel explained that they had tried to create such a list but had been unable to because of issues such as lack of activation codes to access the software and the fact that, in many cases, the titles on the production CDs do not match the titles in the copyright registrations. Defendants' counsel thus requested that Oracle provide a list of what it believed had been

produced, with the corresponding Bates numbers. Oracle's counsel provided that list later the same day. Only then were Defendants able to compile the list submitted to the Court as Exhibit A to my declaration in support of Defendants' motion. Defendants updated the list as Oracle produced additional software between April 3 and April 14, when the motion was filed. As explained below and in Defendants' reply brief, Defendants have still not been able to access much of the software produced by Oracle. Consequently, the list is largely based on Oracle's representations regarding what software has been produced. A true and correct copy of the April 3 email from Oracle's counsel is attached as Exhibit C.

9. In a meet and confer on April 8, Defendants informed Oracle that it appeared that Defendants could not obtain activation codes for the JD Edwards products from Oracle's website without providing product serial numbers that Defendants do not have. Defendants also asked that Oracle provide Defendants written authorization to obtain activation codes from the website for purposes of this litigation. Oracle agreed to look into the JD Edwards issue and to provide the requested written authorization. As of the date of Oracle's opposition, Defendants had not received any response from Oracle. Defendants brought that to Oracle's attention by email on April 29 and received a response on May 4, the day before filing their reply brief. Defendants are analyzing the information in that response and will continue to work with Oracle to resolve the issue.

10. Defendants raised the issue of PeopleSoft's acquisition of Vantive Corporation by email to Oracle's counsel on March 13, 2009. Oracle's counsel responded on March 17 that they were "looking into the Vantive issue." On April 9, having received no response, Defendants sent another email inquiring about the status of the Vantive issue and noting that other PeopleSoft acquisitions, including that of Red Pepper Software, appeared to be relevant as well. Oracle's counsel responded the same day, stating as follows: "The presumption in Oracle's copyright registrations satisfies the proper scope of the ownership and authorship information for the Registered Works. Having Oracle chase down PeopleSoft acquisition documents years after the fact is precisely the type of pointless discovery that the copyright presumption was intended to prevent." Oracle also requested that Defendants provide authority supporting their position.

Based on Oracle's response, Defendants did not believe that any additional meet and confer would be fruitful and included the issue in their motion, filed on April 14. A true and correct copy of the email chain is attached as Exhibit D.

11. Defendants' have stated in the last several Joint Discovery Statements submitted to the Court that they anticipated filing a copyright related motion to compel. At the March 31, 2009 discovery conference, Defendants' counsel requested leave to file the motion. Defendants described generally the content of the motion, including that it would address the derivative works issue, access to Customer Connection, and Oracle's failure to produce copies of each Registered Work. Defendants informed the court that meet and confer discussions on these topics were ongoing and had been for some time. The Court granted leave to file the motion and set a May 19 hearing date.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 5th day of May, 2009 in San Francisco, California.

/s/ Elaine Wallace
Elaine Wallace