| | |
|---|---|
| BINGHAM McCUTCHEN LLP<br>DONN P. PICKETT (SBN 72257)<br>GEOFFREY M. HOWARD (SBN 157468)<br>HOLLY A. HOUSE (SBN 136045)<br>ZACHARY J. ALINDER (SBN 209009)<br>BREE HANN (SBN 215695)<br>Three Embarcadero Center<br>San Francisco, CA 94111-4067<br>Telephone: (415) 393-2000<br>Facsimile: (415) 393-2286<br>donn.pickett@bingham.com<br>geoff.howard@bingham.com<br>holly.house@bingham.com<br>zachary.alinder@bingham.com<br>bree.hann@bingham.com<br><br>DORIAN DALEY (SBN 129049)<br>JENNIFER GLOSS (SBN 154227)<br>500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070<br>Telephone: (650) 506-4846<br>Facsimile: (650) 506-7114<br>dorian.daley@oracle.com<br>jennifer.gloss@oracle.com<br><br>Attorneys for Plaintiffs<br>Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Ltd. | JONES DAY<br>ROBERT A. MITTELSTAEDT (SBN 060359)<br>JASON McDONELL (SBN 115084)<br>ELAINE WALLACE (SBN 197882)<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone: (415) 626-3939<br>Facsimile: (415) 875-5700<br>ramittelstaedt@jonesday.com<br>jmcdonell@jonesday.com<br>ewallace@jonesday.com<br><br>JONES DAY<br>THARAN GREGORY LANIER (SBN 138784)<br>JANE L. FROYD (SBN 220776)<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone: (650) 739-3939<br>Facsimile: (650) 739-3900<br>tglanier@jonesday.com<br>jfroyd@jonesday.com<br><br>JONES DAY<br>SCOTT W. COWAN (Admitted *Pro Hac Vice*)<br>JOSHUA L. FUCHS (Admitted *Pro Hac Vice*)<br>717 Texas, Suite 3300<br>Houston, TX 77002<br>Telephone: (832) 239-3939<br>Facsimile: (832) 239-3600<br>swcowan@jonesday.com<br>jlfuchs@jonesday.com<br><br>Attorneys for Defendants<br>SAP AG, SAP America, Inc., and TomorrowNow, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>      Plaintiffs,<br>  v.<br><br>SAP AG, *et al.*,<br><br>      Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**STIPULATION TO MODIFY MAY 5, 2008 CASE MANAGEMENT ORDER** |

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Section E of this Court's May 5, 2008 Case Management and Pretrial Order ("May 5 Case Management Order"), and Civil Local Rule 7-11, Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Ltd. ("Oracle" or "Plaintiffs") and Defendants SAP AG, SAP America, Inc., (together, "SAP") and TomorrowNow, Inc. (with SAP AG and SAP America, Inc., "Defendants," and together with Oracle, the "Parties") jointly submit this stipulation in support of their joint motion to modify the Court's May 5, 2008 Case Management and Pretrial Order ("May 5 Case Management Order").

The Parties believe good cause exists to modify the May 5 Case Management Order, as stipulated to below. As noted in the Parties' Joint Administrative Motion to Modify May 5, 2008 Case Management Order (the "Motion"), each of the requested modifications is the result of substantial negotiation and compromise between the Parties and is conditioned upon all of the requested modifications being accepted by the Court. In other words, the Parties respectfully request that the Court either accept or reject all of the Parties' modifications in full. If the Court rejects the Parties' motion in whole or in part, the Parties have agreed to reserve their rights to seek a status conference with the Court and/or file any other motion or seek any other relief relating to the case schedule, related case management efficiencies, and/or proposed pleading amendments that they may deem necessary and appropriate, with a more detailed explanation of the basis for any such request for relief than is provided in the Motion.

**NOW, THEREFORE, IT IS HEREBY STIPULATED** by the Parties, through their respective counsel of record and in light of the good causes shown in the Motion, that the Court modify its May 5 Case Management Order as follows:

1. That the Parties now be permitted to file a total of two rounds of summary judgment motions before the close of fact discovery.

2. That the case management schedule will now reflect these dates:

| DESCRIPTION | DEADLINE/DATE |
|---|---|
| Deadline to File Initial Round of Summary Judgment Motions | 08/31/09 |

1

Case No. 07-CV-1658 PJH (EDL)

| | | |
|---|---|---|
| 1 | Last Day to Identify Custodians (w/ 6 in reserve) | 10/02/09 |
| 2 | Deadline to Designate Expert Witnesses | 10/02/09 |
| 3 | Last Day for Hearing on Initial Round of Summary Judgment Motions | 10/30/09 |
| 4 | Last Day to Identify Final 6 Custodians | 11/02/09 |
| 5 | Last Day to Serve Discovery Requests | 11/02/09 |
| 6 | Deadline to Serve Expert Reports | 11/16/09 |
| 7 | Updated Settlement Conference Statements Due | 11/23/09 |
| 8 | Settlement Conference | 11/30/09 |
| 9 | Deadline to Supplement and/or Correct All Disclosures and Discovery Responses | 12/04/09 |
| 10 | Fact Discovery Cut-off | 12/04/09 |
| 11 | Last Day to File Motion to Compel | 12/11/09 |
| 12 | Deadline to Designate Rebuttal Expert Witnesses | 01/22/10 |
| 13 | Deadline to Serve Rebuttal Expert Reports | 02/26/10 |
| 14 | Deadline to File Second Round of Summary Judgment Motions and any other Pre-Trial Dispositive Motions | 03/01/10 |
| 15 | Expert Discovery Cut-off | 04/23/10 |
| 16 | Last Day for Hearing on Second Round of Summary Judgment Motions and any other Pre-Trial Dispositive Motions | 04/30/10 |
| 17 | Last Day to Meet and Confer re Joint Pretrial Statement | 04/30/10 |
| 18 | Deadline to File Joint Pretrial Statement | 05/07/10 |
| 19 | Deadline to File Proposed Joint Voir Dire Questions and Joint Jury Instructions | 05/07/10 |
| 20 | Deadline to File Trial Briefs | 05/07/10 |
| 21 | Deadline to File Motions in Limine (all in one document) | 05/07/10 |
| 22 | Deadline to File Deposition Excerpts | 05/07/10 |
| 23 | Deadline to File Witness List | 05/07/10 |
| 24 | Deadline to File Exhibit List | 05/07/10 |
| 25 | Deadline to Exchange and Submit Exhibits (2 sets to Court) | 05/07/10 |
| 26 | Deadline to File Any Request re: Treatment of Conf. or Sealed Docs. | 05/07/10 |
| 27 | Deadline to File Proposed Verdict Form | 05/07/10 |
| 28 | Deadline to File Opposition to Motions in Limine | 05/21/10 |
| 29 | Pretrial Conference | 06/03/10 |
| 30 | Trial Commences | 06/21/10 |

3. That each side be allowed an additional 100 deposition hours, for a total of 450 hours.

4. That, no later than July 15, 2009, Oracle be permitted to move to amend the complaint to add Siebel-related claims (for which it is in the process of obtaining registrations) and any other claims or allegations agreed to by the Parties by that time. Defendants agree

2           Case No. 07-CV-1658 PJH (EDL)

not to oppose those portions of a motion filed on or before July 15, 2009 that seek to add Siebel-related claims or any other claims or allegations agreed to by the Parties prior to July 15, 2009. The Parties reserve their respective rights, defenses, and positions with respect to any other amendment.

**IT IS FURTHER STIPULATED** by the Parties, through their respective counsel of record and in light of the good causes shown in the Parties' Motion, that if the modifications proposed above are accepted and ordered by the Court, then the Court also consider either: (a) entering an order that accepts the Parties' agreement on the following discovery limitations that shall apply going forward; or (b) directing the Parties to submit the following agreed stipulations to Judge Laporte for her consideration. The Parties note that there are pending discovery disputes relating to the scope of the Parties' existing productions, which are not waived by this Stipulation. The Parties are not limited by this Stipulation from pursuing additional relief related to past or future discovery:

1. For purposes of the following stipulations, the phrase "relating to Siebel" used in the context of any stipulated discovery right or obligation relating to any discovery sought from Defendants shall: (a) mean documents and testimony of similar scope to those already provided by Defendants in this case relating to PeopleSoft and JD Edwards products and support; and (b) include discovery relating to Defendants' decision for TomorrowNow to provide Siebel support, the provision of third-party maintenance and related support services to Siebel customers, and the Siebel portion of Defendants' Safe Passage program to the extent that it involves entities who were customers of both TomorrowNow and SAP. For purposes of the following stipulations, the phrase "relating to Siebel" used in the context of any stipulated discovery right or obligation relating to any discovery sought from Oracle shall: (a) mean documents and testimony of similar scope to those already provided by Plaintiffs in this case relating to PeopleSoft and JD Edwards products and support; and (b) include discovery relating to Siebel software licensing, maintenance, and related support services to Siebel customers for the time frames relevant to this case,

whether before and after Oracle's acquisition of Siebel. Notwithstanding any of the agreements above, the Parties reserve all rights and objections regarding the proper scope of discovery from any party relating to Siebel in this case. Nothing in this Stipulation limits or prevents the Parties from continuing to meet and confer on such disputes about the proper scope of Siebel discovery, or from submitting such disputes to Judge Laporte if necessary for a ruling.

2. Each side is permitted to designate an additional 20 custodians, for a total of 140 custodians per side. Up to 7 of Oracle's additional 20 custodians may be SAP custodians. The Parties will meet and confer regarding the desired custodians and reserve the right to seek further relief from Judge Laporte if an agreement cannot be reached.

3. In addition to the current expanded timeline agreement between the Parties, Defendants agree to produce additional responsive custodian documents (including those relating to Siebel) from March 22, 2007 through October 31, 2008 for Werner Brandt, Gerhard Oswald, and Thomas Bamberger, subject to Defendants' objections to any outstanding document requests.

4. Defendants agree to the following additional individual depositions with the following time limits that shall be counted against the total deposition hours available to Plaintiffs:

   a. Up to four additional actual clock hours each for Shelley Nelson and James Mackey relating to Siebel and/or Defendants' post-litigation conduct through October 31, 2008, without regard to whether questions on these topics also incidentally relate to issues previously covered with these witnesses. With respect to Shelley Nelson, this additional time may also be used to address any other questions or documents relevant to the claims and defenses in this case that have not been previously asked or used in her prior depositions, with the exception of Exhibit 135.

   b. Up to seven additional actual clock hours each for Werner Brandt, Gerhard

Oswald, and Martin Breuer relating to Siebel and/or Defendants' post-litigation conduct through October 31, 2008. The seven hours assumes that all seven hours would be conducted in German and thus, per Judge Laporte's prior ruling, would count against Plaintiffs' total allotment as 3.5 hours each.

5. Other than as provided in paragraph 4(a) and (b) immediately above, no depositions of individuals from either side will be re-opened without consent of the relevant party or a ruling from Judge Laporte after a showing of good cause.

6. All Siebel-related claims shall be asserted in an amended complaint in this action filed no later than July 15, 2009.

7. By June 30, 2009:

   a. Oracle and TomorrowNow will provide dates for supplemental depositions of the Parties' corporate designees on topics relating to Siebel, subject to any and all objections the Parties may have to the deposition notices.

   b. SAP will provide a date for a SAP Rule 30(b)(6) deposition relating to Siebel, for up to 7 hours of record time, subject to any and all objections SAP may have to the deposition notice.

   c. SAP will provide dates for supplemental depositions of its corporate designees on topics relating to Siebel other than those addressed during the deposition permitted by paragraph 7(b) above, for up to four hours of record time combined, subject to any and all objections SAP may have to the deposition notices.

8. By July 15, 2009, the Parties will provide the following relating to Siebel:

   a. For Oracle, all relevant organization charts or equivalents, acquisition documents, copyright application/registration documents, customer contracts, customer contract files, customer-specific financial and other records, and copies of software at issue (with license keys). For TomorrowNow, all relevant organization charts or equivalents, customer contracts, customer contract files, customer-specific financial and other records, and, to the extent

they exist in a centralized location outside of what is normally included in this case as part of an individual custodian's production, documents reflecting development and implementation of the support model for Siebel customers. For SAP, all relevant organization charts or equivalents, board-level documents, including versions of board meeting minutes and any related board presentation materials previously produced with information relating to Siebel redacted, and SAP's customer contracts, files, and financial and other records for any Siebel customer that was recruited through Safe Passage and was also both a SAP and TomorrowNow customer. All Parties reserve all rights and objections to all document requests and all Parties reserve all rights and objections regarding the proper scope of discovery from any party relating to Safe Passage in this case. To the extent any dispute arises regarding that scope, then it will be subject to further meet and confer and, if necessary, presented to Judge Laporte for a ruling.

b. For Oracle, all licenses (including exclusive and nonexclusive licenses), assignment agreements, or other agreements relevant to rights to use and/or ownership of the software and/or copyrighted material at issue. Oracle reserves its right to raise the same objections previously raised to these requests.

c. For Oracle, as to any copyrighted works claimed to be derivative works, identification and copies of the underlying work(s) and a list of Plaintiffs' products embodying, including, or constituting any copyrighted works at issue. Oracle reserves its right to raise the same objections previously raised to these requests.

d. For Oracle, Siebel financial information (including chart of accounts and other such information produced as to PeopleSoft and JD Edwards products). For Defendants and relating to Siebel, financial information (including chart of accounts and other such information produced as to PeopleSoft and JD

STIPULATION TO MODIFY MAY 5, 2008 CASE MANAGEMENT ORDER

Edwards products). All Parties reserve their right to raise the same objections previously raised to these requests.

    e. Defendants have given or will give Oracle access to all servers, CDs, DVDs, and other portable media (besides backup tapes) relating to Siebel that after a reasonable search Defendants are aware of at TomorrowNow, and will not separately produce all environments or environment components relating to Siebel on those servers or any other media. If Oracle locates any environment components in the Data Warehouse and marks them for production, then Defendants will produce the files they mark, subject to a privilege review. Defendants will also produce all TomorrowNow fixes provided to Siebel customers, assuming such fixes can be located and are kept in a central location. If such fixes are kept on a server in the Data Warehouse, then Oracle can mark them for production as part of the Data Warehouse review.

    f. Each side may identify 20 interrogatory responses that it would like updated in scope consistent with the additional Siebel discovery permitted or required elsewhere in this Stipulation. The Parties reserve all objections to any and all such interrogatories.

9. Defendants have provided declarations stating that neither SAP, TomorrowNow, nor any SAP subsidiary provided any third-party maintenance and related support services for eBusiness Suite, Retek, or Hyperion (the "HRE Products"). Oracle has reviewed these declarations and agrees it will not propound further discovery in this case relating to the HRE Products. Defendants agree not to object to providing documents or testimony relating to the JD Edwards, PeopleSoft, or Siebel products on the grounds that any such documents or testimony relating directly to those three products also contain information relating to the HRE Products. Oracle agrees that it will not seek to amend its complaint in this case to include new claims attempting to add the HRE Products, but will reserve its rights to file a separate lawsuit relating to the HRE Products at another time, should it obtain any information supporting such

1 claims. Defendants agree not to assert that any such subsequent claims regarding the
2 HRE Products are improper by using an argument that relies on the fact that those
3 claims were not asserted in this lawsuit.

4

5 **IT IS SO STIPULATED.**

6
DATED: May 12, 2009
7
                              BINGHAM McCUTCHEN LLP
8
                          By:            /s/
9
                                 Geoffrey M. Howard
                                 Attorneys for Plaintiffs
10                               Oracle USA, Inc., Oracle International
                              Corporation, and Oracle EMEA, Ltd.
11

12 In accordance with General Order No. 45, Rule X, the above signatory attests that
13 concurrence in the filing of this document has been obtained from the signatory below.

14
DATED: May 12, 2009
15
                              JONES DAY
16
                          By:            /s/
17
                                 Tharan Gregory Lanier
                                 Attorneys for Defendants
18                               SAP AG, SAP America, Inc.,
                              and TomorrowNow, Inc.
19

20

21

22

23

24

25

26

27

28