BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International
Corp., and Oracle EMEA Ltd.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>SAP AG, *et al.*,<br><br>　　　　Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF MAY 5, 2008 CASE MANAGEMENT ORDER** |

## I. INTRODUCTION

Pursuant to Section E of this Court's May 5, 2008 Case Management and Pretrial Order ("May 5 Case Management Order") and Civil Local Rule 7-11, Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Ltd. ("Oracle" or "Plaintiffs") ask the Court to clarify the meaning of the May 5 Case Management Order's reference to 350 deposition hours. After meeting and conferring on the issue, as set forth in the accompanying Declaration of Geoffrey M. Howard in Support of Plaintiffs' Administrative Motion for Clarification of May 5, 2008 Case Management Order ("Howard Decl."), Oracle informed Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. ("Defendants," and together with Oracle, the "Parties") that it would seek the Court's guidance on this dispute via administrative motion. Defendants declined to stipulate.

The Parties disagree as to whether the Court's reference to "350 deposition hours" in its May 5 Case Management Order includes expert deposition time. Oracle believes it does not, and has conducted its deposition strategy accordingly. As Defendants now contend that it does, Oracle seeks the Court's immediate guidance.

## II. BACKGROUND AND ARGUMENT

On May 12, 2009, the Parties filed a joint administrative motion, accompanied by a stipulation, to modify the case scheduling order. As part of that motion, the Parties requested that the 350 deposition hours per side currently permitted by the Court's May 5 Case Management Order be expanded to 450 hours.

The Parties negotiated the language of the joint motion over a period of seven weeks, exchanged over ten drafts, and had more than ten phone calls to meet and confer about it. *See* Howard Decl., ¶ 6.

Half an hour after Oracle filed the joint motion and stipulation on behalf of the Parties, Defendants took the position, for the first time, that the original 350-hour deposition limit includes time for expert depositions, not just fact depositions. *See id.*, ¶ 7, Ex. A. Oracle disagrees and seeks clarification from the Court regarding its order.

1

Case No. 07-CV-1658 PJH (EDL)

PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF MAY 5, 2008 CASE MANAGEMENT ORDER

As the Court will recall, this case was originally assigned to Judge Jenkins. At the initial Case Management Conference in September 2007, the Parties discussed with Judge Jenkins their mutual belief that the standard 10 depositions of fact witnesses permitted by the Federal Rules would be far too few for this case. Judge Jenkins then set the fact deposition limit at 20 per side, indicating that the Parties could seek additional depositions if necessary. *See* September 25, 2007 Case Management Order, Docket Item 50.

By the time the case was reassigned to this Court, the Parties again agreed that 20 fact witness depositions would be insufficient. In their joint Case Management Conference Statement, each side provided a proposal for expanding the limit. Oracle suggested 80 *fact* witness depositions, while Defendants suggested 250 *fact* deposition hours. Both sides explicitly described their proposals in terms of fact depositions only. *See* Joint Case Management Conference Statement at 14-15, 18, Docket Item 76.

At the April 24 Case Management Conference itself, the Parties discussed their respective proposals with the Court. Although the hearing was not recorded or transcribed, Oracle's recollection is that the discussion was in the context of fact discovery, and that no one suggested that the deposition hours proposals should include expert depositions as well. *See* Howard Decl., ¶ 3.

After the hearing, the Court issued its May 5 Case Management Order, which states that each side may take 350 hours of depositions. *See* May 5 Case Management Order at 1, Docket Item 84. The Order does not describe the 350 hours as fact or expert depositions. In keeping with the Parties' proposals, which had only discussed fact depositions, as well as the context of Judge Jenkins's original order and the discussion with this Court at the April 24 Case Management Conference, Oracle interpreted the 350 hours to refer to fact depositions. *See* Howard Decl., ¶ 4.

The timing of expert witness disclosures, which take place on June 1, only 18 days before the close of fact discovery, also supports Oracle's interpretation. Until that date, neither Party will know how many testifying experts the other Party will disclose. It would be illogical for the Parties to hold in reserve some portion of their deposition time for an unknown

number of expert depositions, until June 1.  If, on the other hand, the 350 hours are for fact depositions only, then the timing of expert disclosures and depositions makes sense.

Based on this interpretation, Oracle has been using its 350 hours for fact witness depositions, and is nearing its limit.  *See id.*, ¶¶ 4-5.  Several important fact witnesses, including third parties, remain before the close of fact discovery on June 19.  *See id.*, ¶ 5.

The Parties' joint motion also reflects this understanding that additional hours were needed for more fact discovery.  For example, the motion states,

> Because the Parties now agree that the post-litigation activity through October 31, 2008 – which Judge Laporte has noted is highly relevant – should be included in this case, they also agree that some additional deposition time is needed relative to the Parties' claims and defenses for that time period.  Further, regardless of whether they ultimately agree on an extrapolation methodology or stipulation regarding TomorrowNow's software fixes, as described above, the Parties agree that certain additional depositions of TomorrowNow's personnel should be allowed for several issues, including allowing Oracle to better understand the process by which TomorrowNow supported – and continued to support through October 31, 2008 – its PeopleSoft, JD Edwards, and Siebel customers, including SAP's decisions relevant to TomorrowNow's activities.

Joint Administrative Motion, Docket Item 304, at 6.  Further, the Parties' stipulation describes several additional specific fact witness depositions, including SAP Executive Board members and key TomorrowNow personnel.  *See* Parties' Stipulation to Modify Case Scheduling Order, Docket Item 305, at 4-5.

Defendants now claim that expert deposition time must be included within the existing 350-hour limit.  *See* Howard Decl., ¶ 7, Ex. A.  After meeting and conferring, Oracle informed Defendants that it would raise this issue with the Court.  *Id.*, ¶ 8, Ex. B.

Oracle understands that the Court has scheduled a CMC for May 28, but because numerous fact depositions are already scheduled between now and June 19 (and more are being scheduled still), Oracle saw no choice but to bring this dispute to the Court's attention before then.  Oracle simply does not have sufficient hours left to complete fact and expert depositions within the 350-hour limit.  *See id.*, ¶ 5.  Indeed, enough fact issues remain that the Parties agreed in their joint motion and stipulation that another 100 deposition hours were warranted – and, from Oracle's perspective at least, those 100 hours were intended and needed for fact witnesses alone.  While Oracle does not know how many experts Defendants will disclose on June 1, it

3

Case No. 07-CV-1658 PJH (EDL)

does not have enough of the original 350 hours remaining to accommodate expert depositions. *See id.*

Accordingly, Oracle asks the Court to confirm, as soon as possible, the meaning of the current 350-hour deposition limit.

### III. <u>CONCLUSION</u>

For the foregoing reasons, Oracle respectfully requests that the Court confirm that the May 5 Case Management Order's 350-hour deposition limit does not include expert deposition time.

DATED: May 19, 2009

BINGHAM McCUTCHEN LLP

By: /s/
Geoffrey M. Howard
Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA, Ltd.