1  Robert A. Mittelstaedt (SBN 060359)
   Jason McDonell (SBN 115084)
2  Elaine Wallace (SBN 197882)
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA 94104
4  Telephone:   (415) 626-3939
   Facsimile:   (415) 875-5700
5  ramittelstaedt@jonesday.com
   jmcdonell@jonesday.com
6  ewallace@jonesday.com

7  Tharan Gregory Lanier (SBN 138784)
   Jane L. Froyd (SBN 220776)
8  JONES DAY
   1755 Embarcadero Road
9  Palo Alto, CA 94303
   Telephone:   (650) 739-3939
10 Facsimile:   (650) 739-3900
   tglanier@jonesday.com
11 jfroyd@jonesday.com

12 Scott W. Cowan (Admitted *Pro Hac Vice*)
   Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13 JONES DAY
   717 Texas, Suite 3300
14 Houston, TX 77002
   Telephone:   (832) 239-3939
15 Facsimile:   (832) 239-3600
   swcowan@jonesday.com
16 jlfuchs@jonesday.com

17 Attorneys for Defendants
   SAP AG, SAP AMERICA, INC., and
18 TOMORROWNOW, INC.

19                     UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

21                         SAN FRANCISCO DIVISION

| | |
|---|---|
| 22 ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| 23          Plaintiffs, | **DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF MAY 5, 2008 CASE MANAGEMENT ORDER** |
| 24     v. | |
| 25 SAP AG, et al., | |
| 26          Defendants. | |

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMIN.
MOTION FOR CLARIFICATION OF MAY 5, 2008 ORDER
Case No. 07-CV-1658 PJH (EDL)

Dockets.Justia.com

## I. INTRODUCTION

Plaintiffs' motion for "clarification" should be denied. The motion is baseless—the Court's May 5, 2008 case management order is clear (as are the accompanying minutes) that each side has 350 hours for "depositions." The motion is inappropriate—it is an attempt to evade the discovery limits set by the Court more than a year ago, under the guise of seeking "clarification." The motion is unnecessary—Plaintiffs could easily have raised the issue in connection with the May 28, 2009 Case Management Conference rather than rushing to court.

This motion is the product of Plaintiffs' failure to manage their case and discovery. Plaintiffs purport to bring the motion to assure that they have time to take expert depositions, when their real problem is that they have already taken so many fact depositions, and noticed so many more, that they have no time left under the current deposition limits.

After the April 2008 Case Management Conference, the Court exercised its discretion and set discovery limits different from what either side proposed. Defendants have operated under these limits. Limits require choices, and Plaintiffs should not be excused from the consequences of their choices because they allege that the Court's orders are not clear.

## II. RELEVANT BACKGROUND

Before the April 24, 2008 Case Management Conference, defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, "Defendants") and plaintiffs Oracle USA, Inc. and Oracle International Corporation, as well as former plaintiffs Oracle Corporation and J.D. Edwards Europe Limited (collectively, "Plaintiffs," and together with Defendants, the "Parties") made competing proposals for the limits on fact witness depositions. (D.I. 76.) After considering the issues, the Court issued its May 5, 2008 Case Management and Pretrial Order ("Order") (D.I. 84) and accompanying minutes ("Minutes") (D.I. 77). The Order states: "Depositions: **350 hours each side**" (emphasis in original). (D.I. 84.) The Minutes state: "Each side will be allowed 350 hours for depositions." (D.I. 77.)

On May 12, 2009, a year after the Order issued and shortly after the Parties had completed negotiations regarding potential modifications to the current schedule, Plaintiffs claimed for the first time that the 350 hour deposition limit does not apply to all depositions in the case. *See*

- 1 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMIN.
MOTION FOR CLARIFICATION OF MAY 5, 2008 ORDER
Case No. 07-CV-1658 PJH (EDL)

Declaration of Tharan Gregory Lanier ("Lanier Decl."), ¶¶ 4-6, 11. Why Plaintiffs did so then is obvious. By May 12, 2009, Plaintiffs had used almost all of their deposition time *and* had noticed 17 fact witness depositions that they planned to conduct prior to the June 19, 2009 discovery cutoff. *See* Lanier Decl., ¶¶ 7-9. Since then, Plaintiffs have noticed eight *more* third party depositions. *See* Lanier Decl., ¶ 9.

On May 12, 2009, Plaintiffs filed a joint administrative motion, accompanied by a stipulation and proposed order, requesting modification of the Court's May 5, 2008 Order in several respects, including a request to change the limits on deposition hours from 350 to 450 hours. *See* Lanier Decl., ¶¶ 4-5. On May 15, 2009, the Court set a Case Management Conference for May 28, 2009. (D.I. 307.) When Plaintiffs informed Defendants on May 19, 2009 that Plaintiffs intended to file their administrative motion that same day, purportedly to seek "clarification" of the deposition hour limit in the current Order, Defendants suggested that Plaintiffs raise the issue at the upcoming Case Management Conference. *See* Lanier Decl., ¶ 13. Plaintiffs instead filed this motion. (D.I. 309, 310, 311); *see also* Lanier Decl., ¶ 13.

### III. <u>PLAINTIFFS' MOTION SHOULD BE DENIED BECAUSE THE COURT'S ORDER IS CLEAR AND DOES NOT REQUIRE CLARIFICATION</u>

The only provision of the Order that addresses depositions states: "Depositions: **350 hours each side**" (emphasis in original). (D.I. 84.) The Order does not distinguish between fact and expert discovery with respect to deposition hours, even though other parts of the Order do make such a distinction (*e.g.*, the distinction between the non-expert and expert discovery cutoff). (D.I. 84.) The Minutes also plainly state: "Each side will be allowed 350 hours for depositions." (D.I. 77.) This is the only provision of the Minutes that addresses discovery limits. Plaintiffs ignore it.

The Court's Order and Minutes (not only) are clear on their face, they are consistent with the text and Advisory Committee Notes to Rule 30 of the Federal Rules of Civil Procedure, which make no distinction between fact and expert depositions. *See* Fed. R. Civ. P. 30; Advisory Committee Notes to Fed. R. Civ. P. 30. Where a court's meaning is "apparent from the court's order," a motion for clarification is without merit. *Semiconductor Energy Lab. Co. v. Chi Mei*

- 2 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMIN.
MOTION FOR CLARIFICATION OF MAY 5, 2008 ORDER
Case No. 07-CV-1658 PJH (EDL)

*Optoelectronics Corp.*, No. C 04-04675 MHP, 2006 U.S. Dist. LEXIS 52597, at *5-6 (N.D. Cal. July 27, 2006) (Lanier Decl., Exh. 1). This Court's Order requires no clarification, and Plaintiffs' motion should be denied on that basis.

## IV. PLAINTIFFS' DISGUISED ATTEMPT TO MOVE FOR RECONSIDERATION IS IMPROPER AND SHOULD NOT BE PERMITTED

Plaintiffs' motion essentially attempts to extend the discovery limits even beyond the additional 100 hours to which the Parties have agreed (subject, of course, to the Court's approval). *See* Lanier Decl., ¶ 5. This simply highlights that Plaintiffs' goal is endless discovery, rather than resolution of this case.

Courts are vested with "broad discretion . . . to permit or deny discovery." *Santos v. City of Culver City*, 228 Fed. Appx. 655, 657 (9th Cir. 2007); *see also* Fed. R. Civ. P. 26(b)(2) ("By order, the court may alter the limits in these rules . . ."). The Parties presented their proposals regarding fact witness depositions, expert discovery, and many other issues, in their April 17, 2008 Joint Case Management Statement. (D.I. 76.) The Court exercised its discretion in issuing the Order and Minutes, and, among other decisions, permitted each side (and limited them to) a total of 350 hours for depositions. (D.I. 77, 84.)

Plaintiffs claim that the motion relates to expert discovery, but the real issue is that Plaintiffs simply do not have enough time to conduct **25** depositions between May 12 and the June 19, 2009 discovery cutoff. *See* Lanier Decl., ¶¶ 8, 10. Faced with the consequences of having noticed more depositions than they can complete in the hours remaining—a dilemma exacerbated by Plaintiffs' use of their deposition time thus far—Plaintiffs seek relief in the guise of an administrative motion for "clarification" of the Court's clear limits on deposition hours. This is not a motion for clarification at all; it is a motion to reconsider the Court's discovery limits, which have been in effect for more than a year.

Where a motion for clarification is "in substance, a motion for reconsideration, which is subject to strict threshold requirements under Civil Local Rule 7-9" and, as such, "does not depart greatly from the arguments already advanced . . . [the motion] can be denied on that basis alone." *Semiconductor Energy*, 2006 U.S. Dist. LEXIS 52597, at *2-3. *See* Lanier Decl., ¶ 3 and Exh. 1.

- 3 -

DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMIN.
MOTION FOR CLARIFICATION OF MAY 5, 2008 ORDER
Case No. 07-CV-1658 PJH (EDL)

1  This motion presents no rationale to depart from the Court's Order, and does not even purport to
2  satisfy "the strict threshold requirements under Civil Local Rule 7-9." This motion should be
3  denied on that basis as well.

## V. CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court deny Plaintiffs' administrative motion for clarification of the Court's May 5, 2008.

Dated: May 22, 2009                    JONES DAY

By: /s/ Tharan Gregory Lanier
    Tharan Gregory Lanier

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.