Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:     (415) 626-3939
Facsimile:      (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:     (650) 739-3939
Facsimile:      (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:     (832) 239-3939
Facsimile:      (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DECLARATION OF THARAN GREGORY LANIER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' ADMINISTRATIVE MOTION FOR CLARIFICATION OF MAY 5, 2008 CASE MANAGEMENT ORDER** |
| v. | |
| SAP AG, et al., | |
| Defendants. | |

I, Tharan Gregory Lanier, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and admitted to practice before this Court, and am a partner of Jones Day, counsel of record for defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, "Defendants").  I have personal knowledge of the facts stated in this declaration and could testify competently to them if required.

2.      On April 17, 2008, Defendants and plaintiffs Oracle USA, Inc. and Oracle International Corporation, as well as former plaintiffs Oracle Corporation and J.D. Edwards Europe Limited (collectively, "Plaintiffs," and together with Defendants, the "Parties") submitted to this Court a Joint Case Management Statement (D.I. 76) in anticipation of a Case Management Conference scheduled for April 24, 2008.  Among the many issues addressed in the statement were potential limits on fact witness depositions, a subject on which the Parties made competing proposals.  Plaintiffs proposed an expansion of the total fact deposition limit to 80 depositions per side.  Defendants proposed a limit of 250 hours of fact depositions per side.

3.      On May 5, 2008, the Court issued the Case Management and Pretrial Order ("Order") (D.I. 84) that is the subject of Plaintiffs' administrative motion.  The Order did not adopt either of the Parties' competing proposals; instead, it states: "Depositions: **350 hours each side**" (emphasis in original).  In addition to the Order, on April 25, 2008, the Court issued minutes of the April 24, 2008 Case Management Conference ("Minutes") (D.I. 77), which state, "Each side will be allowed 350 hours for depositions."

4.      On May 12, 2009, Plaintiffs (now joined by Oracle EMEA Limited and no longer including Oracle Corporation and J.D. Edwards Europe Limited) filed a joint administrative motion, accompanied by a stipulation and a proposed order, requesting leave to modify the Order in several respects.  (D.I. 304, 305, 306.)  The Parties negotiated the underlying issues and the language of the joint motion, accompanying stipulation, and proposed order over the course of several weeks.

5.      The negotiations leading up to the pending joint motion involved significant compromises by both sides.  Among other things, the Parties ultimately agreed to propose a change in the deposition hours limit from 350 to 450 hours, adding 100 hours of deposition time.

At no time during the negotiations did Plaintiffs suggest that the current Order or the Court's Minutes were unclear or ambiguous with respect to deposition limits, nor did they ever state during the negotiations that they believed the statements "Depositions: **350 hours each side**" (Order) or "Each side will be allowed 350 hours for depositions" (Minutes) applied only to a subset of depositions in the case or did not apply to all depositions, including expert depositions.

6. During various communications during these negotiations, we made the point, which Plaintiffs' counsel acknowledged at that time, that even though the Parties may agree to proposed changes to the Order, there was no assurance that the Court would accept any or all of the proposed changes. Accordingly, Defendants have been operating under the current schedule and discovery limits set in the Order.

7. On May 11, 2009, the day before Plaintiffs filed the joint motion, we communicated to Plaintiffs' counsel Defendants' agreement in principle to the joint motion. Shortly after that, Plaintiffs noticed three third party depositions of former TomorrowNow customers, which Plaintiffs stated they intended to take between May 12 and June 19.

8. The new deposition notices served on May 11, 2009 were in addition to the following deposition notices/requests by Plaintiffs already pending as of that date:

- **Eight** individual depositions Plaintiffs had noticed and scheduled (or were in the process of scheduling);

- **Three** other individual depositions, which Plaintiffs had taken off calendar but on which Plaintiffs had "reserved their rights" regarding rescheduling;

- **One** other third party deposition that was scheduled to take place the following week; and

- **Two** other third party depositions Plaintiffs had noticed, but for which Plaintiffs had yet to serve subpoenas and on which Plaintiffs had "reserved their rights."

In total, by May 11, 2009, Plaintiffs had notified Defendants of their intent to conduct up to **17** possible fact depositions prior to the June 19, 2009 discovery cut-off.

9. These 17 depositions were only those open as of May 12. In light of the 119 third

party document subpoenas Plaintiffs had served before May 12, Defendants expected that even more deposition notices would be forthcoming. Plaintiffs have fulfilled that expectation, and since May 12, 2009, they have noticed eight more third party depositions, bringing the total as of the time this declaration was finalized to **25** depositions Plaintiffs intended to take between May 12 and June 19.

10.     Plaintiffs had used almost all of their allotted deposition time by May 12, and by that date, it was clear to Defendants that Plaintiffs did not have enough deposition hours left to take the remaining depositions they had noticed or requested just as of that date (not even counting the eight additional depositions noticed since May 12). The end stages of discovery are busy enough without the addition of disputes over deposition hours and scheduling. Because of that, and because Defendants did not know whether the Court would accept the Parties' proposed changes to the Order, on May 12, my colleague Elaine Wallace contacted counsel for Plaintiffs to discuss how Plaintiffs planned to proceed with scheduling and completing depositions under the current limits and schedule in the Order. This email and following discussions are in Exhibit A to the Howard Declaration submitted with Plaintiffs' motion.

11.     In response to Ms. Wallace's email, Plaintiffs stated for the first time their claim that the 350 hour deposition limit set forth in the Order and Minutes does not apply to all depositions in the case. Plaintiffs did not propose any limits on expert depositions.

12.     On May 15, 2009, this Court set a Case Management Conference for May 28, 2009. (D.I. 307.)

13.     On May 19, 2009, Plaintiffs informed Defendants by email that they intended to file their administrative motion that same day, purportedly to seek "clarification" of the deposition hour limit in the Order. As we told Plaintiffs' counsel by email that afternoon, Defendants declined to stipulate to Plaintiffs' motion or the relief sought because the Court's Order is clear and because this issue could easily be addressed at the May 28, 2009 Case Management Conference without burdening the Court with an additional motion. This email exchange is Exhibit B to the Howard Declaration submitted with Plaintiffs' motion.

14.     Attached hereto as Exhibit 1 is a true and correct copy of *Semiconductor Energy*

1  *Lab. Co. v. Chi Mei Optoelectronics Corp.*, No. C 04-04675 MHP, 2006 U.S. Dist. LEXIS 52597

2  (N.D. Cal. July 27, 2006).

3      I declare that the above facts are true and correct, and that this Declaration was executed

4  on May 22, 2009, at Palo Alto, California.

5

6

7

8

9                                             /s/ Tharan Gregory Lanier
                                             Tharan Gregory Lanier
10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28