1   BINGHAM MCCUTCHEN LLP                 JONES DAY
    DONN P. PICKETT (SBN 72257)           ROBERT A. MITTELSTAEDT (SBN 060359)
2   GEOFFREY M. HOWARD (SBN 157468)       JASON McDONELL (SBN 115084)
    HOLLY A. HOUSE (SBN 136045)           ELAINE WALLACE (SBN 197882)
3   ZACHARY J. ALINDER (SBN 209009)       555 California Street, 26th Floor
    BREE HANN (SBN 215695)                San Francisco, CA  94104
4   Three Embarcadero Center              Telephone:    (415) 626-3939
    San Francisco, CA  94111-4067         Facsimile:    (415) 875-5700
5   Telephone:  415.393.2000              ramittelstaedt@jonesday.com
    Facsimile:  415.393.2286              jmcdonell@jonesday.com
6   donn.pickett@bingham.com              ewallace@jonesday.com
    geoff.howard@bingham.com
7   holly.house@bingham.com               JONES DAY
    zachary.alinder@bingham.com           THARAN GREGORY LANIER (SBN 138784)
8   bree.hann@bingham.com                 JANE L. FROYD (SBN 220776)
                                          1755 Embarcadero Road
9   DORIAN DALEY (SBN 129049)             Palo Alto, CA  94303
    JENNIFER GLOSS (SBN 154227)           Telephone:    (650) 739-3939
10  500 Oracle Parkway                    Facsimile:    (650) 739-3900
    M/S 5op7                              tglanier@jonesday.com
11  Redwood City, CA 94070                jfroyd@jonesday.com
    Telephone:  (650) 506-4846
12  Facsimile:  (650) 506-7114            JONES DAY
    dorian.daley@oracle.com               SCOTT W. COWAN (Admitted *Pro Hac Vice*)
13  jennifer.gloss@oracle.com             JOSHUA L. FUCHS (Admitted *Pro Hac Vice*)
                                          717 Texas, Suite 3300
14  Attorneys for Plaintiffs              Houston, TX  77002
    Oracle USA, Inc., Oracle International Telephone:    (832) 239-3939
15  Corporation, and Oracle EMEA Limited  Facsimile:    (832) 239-3600
                                          swcowan@jonesday.com
16                                        jlfuchs@jonesday.com

17                                        Attorneys for Defendants
                                          SAP AG, SAP America, Inc., and
18                                        TomorrowNow, Inc.

19              UNITED STATES DISTRICT COURT

20              NORTHERN DISTRICT OF CALIFORNIA

21              SAN FRANCISCO DIVISION

22

23  ORACLE USA, INC., *et al.*,           No. 07-CV-1658 PJH (EDL)

24          Plaintiffs,                   [PROPOSED] STIPULATED
        v.                                REVISED CASE MANAGEMENT
25                                        AND PRETRIAL ORDER
    SAP AG, *et al.*,
26
            Defendants.
27

28

---

[PROPOSED] STIPULATED REVISED CASE MANAGEMENT AND PRETRIAL ORDER
CASE NO. 07-CV-1658 PJH (EDL)

1    Based on the Parties' showing of good cause, and pursuant to the direction the

2  Court provided the Parties during the May 27, 2009 Case Management Conference, the Court

3  hereby grants the Parties' joint motion to modify the case management schedule and modifies the

4  May 5, 2008 Case Management and Pretrial Order as follows:

5    1.  Defendants are granted leave to file on August 26, 2009, an additional summary

6        judgment motion regarding Plaintiffs' royalty damages theory.  The Parties shall meet

7        and confer as soon as possible to schedule on a priority basis what, if any, discovery may

8        be needed by Plaintiffs before filing of that motion.

9    2.  The case management and pre-trial schedule is now as follows:

| DESCRIPTION | DEADLINE/DATE |
|---|---|
| Defendants to File Summary Judgment Motion Regarding Plaintiffs' Royalty Damages Theory | 08/26/09 |
| Plaintiffs to File Opposition to Defendants' Summary Judgment Motion Regarding Plaintiffs' Royalty Damages Theory | 09/23/09 |
| Last Day to Identify Custodians (w/ 6 in reserve) | 10/02/09 |
| Deadline to Designate Expert Witnesses | 10/02/09 |
| Defendants to File Reply in Support of Summary Judgment Motion Regarding Plaintiffs' Royalty Damages Theory | 10/07/09 |
| Hearing on Defendants' Summary Judgment Motion Regarding Plaintiffs' Royalty Damages Theory | 10/28/09 |
| Last Day to Identify Final 6 Custodians | 11/02/09 |
| Last Day to Serve Discovery Requests | 11/02/09 |
| Deadline to Serve Expert Reports | 11/16/09 |
| Updated Settlement Conference Statements Due | 11/23/09 |
| Settlement Conference | 11/30/09 |
| Deadline to Supplement and/or Correct All Disclosures and Discovery Responses | 12/04/09 |
| Fact Discovery Cut-off | 12/04/09 |
| Last Day to File Motion to Compel | 12/11/09 |
| Deadline to Designate Rebuttal Expert Witnesses | 01/22/10 |
| Deadline to Serve Rebuttal Expert Reports | 02/26/10 |
| Parties to File Dispositive Motions | 03/03/10 |
| Parties to File Oppositions to Dispositive Motions | 03/31/10 |
| Parties to File Replies Re Dispositive Motions | 04/14/10 |
| Expert Discovery Cut-off | 04/23/10 |

| | |
|---|---|
| Hearing on the Parties' Dispositive Motions | 05/05/10 |
| Last Day to Meet and Confer re Joint Pretrial Statement | 07/22/10 |
| Deadline to File Joint Pretrial Statement | 08/05/10 |
| Deadline to File Proposed Joint Voir Dire Questions and Joint Jury Instructions | 08/05/10 |
| Deadline to File Trial Briefs | 08/05/10 |
| Deadline to File Motions in Limine (all in one document) | 08/05/10 |
| Deadline to File Deposition Excerpts | 08/05/10 |
| Deadline to File Witness List | 08/05/10 |
| Deadline to File Exhibit List | 08/05/10 |
| Deadline to Exchange and Submit Exhibits (2 sets to Court) | 08/05/10 |
| Deadline to File Any Request re: Treatment of Conf. or Sealed Docs. | 08/05/10 |
| Deadline to File Proposed Verdict Form | 08/05/10 |
| Deadline to File Opposition to Motions in Limine | 08/19/10 |
| Pretrial Conference | 09/30/10 |
| Trial Commences (estimated 6 weeks) | 11/01/10 |

3. Each side is allowed a total of 450 deposition hours for fact witness depositions.

4. Each side is allowed a total of 15 expert witnesses. The Parties shall meet and confer regarding the time needed for expert depositions.

5. Plaintiffs are permitted to move to amend the complaint by July 15, 2009 to add Siebel-related claims and any other claims or allegations agreed to by the Parties prior to July 15, 2009. All Siebel-related claims shall be asserted at this time. The Parties reserve their respective rights, defenses, and positions with respect to any other amendment.

6. Should Plaintiffs intend to seek any other amendment to the complaint, then Plaintiffs shall make the appropriate motion(s) no later than August 26, 2009. The Parties shall meet and confer prior to the filing of any motion under this paragraph.

Additionally, the following discovery limitations shall apply:

1. For purposes of the following limitations, the phrase "relating to Siebel" used in the context of any new discovery right or obligation created by this Order relating to any discovery sought from Defendants shall: (a) mean documents and testimony of similar scope to those already provided by Defendants in this case relating to PeopleSoft and JD Edwards products and support; and (b) include discovery relating

2

1      to Defendants' decision for Defendant TomorrowNow, Inc. ("TomorrowNow") to

2      provide Siebel support, the provision of third-party maintenance and related support

3      services to Siebel customers, and the Siebel portion of Defendants' Safe Passage

4      program to the extent that it involves entities who were customers of both

5      TomorrowNow and SAP (*i.e.*, Defendants SAP AG and SAP America, Inc.).  For

6      purposes of the following limitations, the phrase "relating to Siebel" used in the

7      context of any new discovery right or obligation created by this Order relating to

8      discovery sought from Plaintiffs shall: (a) mean documents and testimony of similar

9      scope to those already provided by Plaintiffs in this case relating to PeopleSoft and

10     JD Edwards products and support; and (b) include discovery relating to Siebel

11     software licensing, maintenance, and related support services to Siebel customers for

12     the time frames relevant to this case, whether before and after Plaintiffs' acquisition

13     of Siebel.  Notwithstanding this Order, the Parties retain all rights and objections

14     regarding the proper scope of discovery from any party relating to Siebel in this case.

15     Nothing in this Order limits or prevents the Parties from continuing to meet and

16     confer on such disputes about the proper scope of Siebel discovery, or from

17     submitting such disputes to Judge Laporte if necessary for a ruling.

18   2.  Each side is permitted to designate an additional 20 custodians, for a total of 140

19       custodians per side.  Up to 7 of Plaintiffs' additional 20 custodians may be SAP

20       custodians.  The Parties will meet and confer regarding the desired custodians and

21       may seek further relief from Judge Laporte if an agreement cannot be reached.

22   3.  In addition to the current expanded timeline agreement between the Parties,

23       Defendants shall produce additional responsive custodian documents (including those

24       relating to Siebel) from March 22, 2007 through October 31, 2008 for Werner Brandt,

25       Gerhard Oswald, and Thomas Bamberger, subject to Defendants' objections to any

26       outstanding document requests.

27   4.  Defendants shall provide the following individual depositions with associated time

28       limits that shall be counted against the total deposition hours available to Plaintiffs:

3

1     a. Up to four additional actual clock hours each for Shelley Nelson and James

2       Mackey relating to Siebel and/or Defendants' post-litigation conduct through

3       October 31, 2008, without regard to whether questions on these topics also

4       incidentally relate to issues previously covered with these witnesses.  With

5       respect to Shelley Nelson, this additional time may also be used to address any

6       other questions or documents relevant to the claims and defenses in this case

7       that have not been previously asked or used in her prior depositions, with the

8       exception of Plaintiffs' Deposition Exhibit 135.

9     b. Up to seven additional actual clock hours each for Werner Brandt, Gerhard

10      Oswald, and Martin Breuer relating to Siebel and/or Defendants' post-

11      litigation conduct through October 31, 2008.  The seven hours assumes that all

12      seven hours would be conducted in German and thus, per Judge Laporte's

13      prior ruling, would count against Plaintiffs' total allotment as 3.5 hours each.

14  5. Other than as provided in 4(a) and (b) immediately above, no depositions of

15    individuals from either side will be re-opened without consent of the relevant party or

16    a ruling from Judge Laporte after a showing of good cause.

17  6. By June 30, 2009:

18     a. Plaintiffs and TomorrowNow will provide dates for supplemental depositions

19      of the Parties' corporate designees on topics relating to Siebel, subject to any

20      and all objections the Parties may have to the deposition notices.

21     b. SAP will provide a date for a SAP Rule 30(b)(6) deposition relating to Siebel,

22      for up to 7 hours of record time, subject to any and all objections SAP may

23      have to the deposition notice.

24     c. SAP will provide dates for supplemental depositions of its corporate designees

25      on topics relating to Siebel other than those addressed during the deposition

26      permitted by paragraph 6(b) above, for up to four hours of record time

27      combined, subject to any and all objections SAP may have to the deposition

28      notices.

1        7.  By July 15, 2009, the Parties will provide the following relating to Siebel:

2        a.  For Plaintiffs, all relevant organization charts or equivalents, acquisition

3        documents, copyright application/registration documents, customer contracts,

4        customer contract files, customer-specific financial and other records, and

5        copies of software at issue (with license keys).  For TomorrowNow, all

6        relevant organization charts or equivalents, customer contracts, customer

7        contract files, customer-specific financial and other records, and, to the extent

8        they exist in a centralized location outside of what is normally included in this

9        case as part of an individual custodian's production, documents reflecting

10        development and implementation of the support model for Siebel customers.

11        For SAP, all relevant organization charts or equivalents, board-level

12        documents, including versions of board meeting minutes and any related

13        board presentation materials previously produced with information relating to

14        Siebel redacted, and SAP's customer contracts, files, and financial and other

15        records for any Siebel customer that was recruited through Safe Passage and

16        was also both a SAP and TomorrowNow customer.  All Parties retain all

17        rights and objections to all document requests and the Parties shall retain all

18        rights and objections regarding the proper scope of discovery from any party

19        relating to Safe Passage.  To the extent any dispute arises regarding that

20        scope, then it will be subject to further meet and confer and, if necessary,

21        presented to Judge Laporte for a ruling.

22        b.  For Plaintiffs, all licenses (including exclusive and nonexclusive licenses),

23        assignment agreements, or other agreements relevant to rights to use and/or

24        ownership of the software and/or copyrighted material at issue.  Plaintiffs

25        retain the right to raise the same objections previously raised to these requests.

26        c.  For Plaintiffs, as to any copyrighted works claimed to be derivative works,

27        identification and copies of the underlying work(s) and a list of Plaintiffs'

28        products embodying, including, or constituting any copyrighted works at

5

1          issue.  Plaintiffs retain the right to raise the same objections previously raised

2          to these requests.

3       d.   For Plaintiffs, Siebel financial information (including chart of accounts and

4          other such information produced as to PeopleSoft and JD Edwards products).

5          For Defendants and relating to Siebel, financial information (including chart

6          of accounts and other such information produced as to PeopleSoft and JD

7          Edwards products).  All Parties retain the right to raise the same objections

8          previously raised to these requests.

9       e.   Defendants have given or will give Plaintiffs access to all servers, CDs,

10         DVDs, and other portable media (besides backup tapes) relating to Siebel that

11         after a reasonable search Defendants are aware of at TomorrowNow, and will

12         not separately produce all environments or environment components relating

13         to Siebel on those servers or any other media.  If Plaintiffs locate any

14         environment components in the Data Warehouse and mark them for

15         production, then Defendants will produce the files they mark, subject to a

16         privilege review.  Defendants will also produce all TomorrowNow fixes

17         provided to Siebel customers, assuming such fixes can be located and are kept

18         in a central location.  If such fixes are kept on a server in the Data Warehouse,

19         then Plaintiffs can mark them for production as part of the Data Warehouse

20         review.

21       f.   Each side may identify 20 interrogatory responses that it would like updated

22         in scope consistent with the additional Siebel discovery permitted or required

23         elsewhere in this Order.  The Parties retain all objections to any and all such

24         interrogatories.

25    8.   Defendants have provided declarations stating that neither SAP, TomorrowNow, nor

26       any SAP subsidiary provided any third-party maintenance and related support

27       services for eBusiness Suite, Retek, or Hyperion (the "HRE Products").  Plaintiffs

28       have reviewed these declarations and agree they will not propound further discovery

6

1  in this case relating to the HRE Products.  Defendants agree not to object to providing

2  documents or testimony relating to the JD Edwards, PeopleSoft, or Siebel products on

3  the grounds that any such documents or testimony relating directly to those three

4  products also contain information relating to the HRE Products.  Plaintiffs agree that

5  they will not seek to amend their complaint in this case to include new claims

6  attempting to add the HRE Products, but will reserve their rights to file a separate

7  lawsuit relating to the HRE Products at another time, should they obtain any

8  information supporting such claims.  Defendants agree not to assert that any such

9  subsequent claims regarding the HRE Products are improper by using an argument

10  that relies on the fact that those claims were not asserted in this lawsuit.

11

12  DATED:  June 4, 2009                    JONES DAY

13                                          By:_____/s/_____

14                                          Tharan Gregory Lanier
                                            Attorneys for Defendants
15                                          SAP AG, SAP America, Inc.,
                                            and TomorrowNow, Inc.

16

17          In accordance with General Order No. 45, Rule X, the above signatory attests that

18  concurrence in the filing of this document has been obtained from the signatory below.

19

20  DATED:  June 4, 2009                    BINGHAM McCUTCHEN LLP

21                                          By:_____/s/_____

22                                          Geoffrey M. Howard
                                            Attorneys for Plaintiffs
                                            Oracle USA, Inc., Oracle International
23                                          Corporation, and Oracle EMEA, Ltd.

24          **IT IS SO ORDERED.**

25

26          Date: __06/11__, 2009          _____

27                                          Hon. Phylli
                                            United State                Judge Phyllis J. Hamilton

28

7