IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ORACLE CORPORATION, et al., | No. C-07-01658 PJH (EDL) |
| Plaintiffs, | **ORDER GRANTING DEFENDANTS' MOTION TO COMPEL DISCOVERY RELEVANT TO PLAINTIFFS' COPYRIGHT CLAIMS** |
| v. | |
| SAP AG, et al., | |
| Defendants. | |

On May 27, 2009, the Court held a hearing on Defendants' Motion to Compel Discovery Relevant to Plaintiffs' Copyright Claims. On June 16, 2009, the parties submitted competing proposed orders granting Defendants' Motion. The Court has reviewed the proposed orders and the parties June 16, 2009 letter, and issues the following Order.

1. Defendants have moved to compel further responses to Interrogatory No. 13, which requests the identification of all software covered by each Registered Work at issue in Plaintiffs' Complaint. At the May 27, 2009 hearing on Defendants' motion, the Parties focused on the relevance of identifying the differences between prior versions of derivative work software copyrights that Oracle could reasonably provide by way of supplemental response to this Interrogatory and what would constitute undue burden. Oracle has submitted supplemental declarations from the attorneys responsible for investigating the materials Oracle can reasonably provide with respect to the two software lines at issue, PeopleSoft and J.D.

Edwards.[1] Oracle shall supplement its response to Interrogatory No. 13 to include the information gathered during its additional investigation, either by narrative or through production of documents. Oracle has submitted evidence that a code comparison would be unduly burdensome, and would occupy Oracle employees for a period of weeks. In addition, at the May 27, 2009 hearing, Defendants' counsel conceded that Defendants were not seeking code comparisons at this time. See May 27, 2009 Tr. at 14. Therefore, a code comparison is not warranted at this time. This order is without prejudice to Defendants making a further specific showing regarding a narrower request for additional information, if justified following Plaintiffs' further supplementation.

2. Defendants also moved to compel documents relating to Plaintiffs' acquisition, assignment, or transfer of the Registered Works relating to PeopleSoft, Inc.'s acquisition of The Vantive Corporation, Red Pepper and Distinction Software. The Court suggested that the documents be produced through a phased, sampling approach. Oracle has submitted evidence that it has performed a diligent search for acquisition-related documents for Vantive, Distinction and Red Pepper Software. That search included searching for the deal closing records on-site at Oracle, in off-site third party document archives and by attempting to locate, a request production of, such documents that may exist at any outside deal counsel used for the acquisition. Oracle shall produce the deal closing records related to the ownership of software related to Vantive Corporation, Red Pepper and Distinction Software it has identified through its search and/or has been able to obtain from outside counsel on or before July 24, 2009. Documents "sufficient to show" ownership of the software by Oracle, as successor-in-interest, is acceptable. Following this production, if Defendants contend that there is a good faith basis to pursue further discovery of these acquisitions, or of other of PeopleSoft, Inc.'s acquisitions, the parties shall meet and confer regarding such further

---

[1] In the parties' joint letter dated June 16, 2009, Defendants objected to the submission of these declarations on the grounds that the declarations constituted improper argument and should have been submitted in opposition to Defendants' motion to compel. Because the Court ordered the parties to meet and confer following the May 27, 2009 hearing regarding the burden on Plaintiffs to provide a supplemental response to Interrogatory No. 13, additional declarations were appropriate. Defendants' objections to the additional declarations are overruled.

2

discovery.

3. No later than June 29, 2009, Plaintiffs shall confirm in writing that they have produced all inter-Oracle entity agreements relating to the acquisition, assignment, or transfer of the Registered Works located after a diligent search of all locations at which such materials might plausibly exist.

4. No later than 45 days prior to the close of discovery, Plaintiffs shall produce all documents on which it intends to rely to meet its burden of proving copyrightability and ownership for the Registered Works to which no presumption of validity applies.

**IT IS SO ORDERED.**

Dated: June 26, 2009

ELIZABETH D. LAPORTE
United States Magistrate Judge