```
 1  BINGHAM MCCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
 2  GEOFFREY M. HOWARD (SBN 157468)
    HOLLY A. HOUSE (SBN 136045)
 3  ZACHARY J. ALINDER (SBN 209009)
    BREE HANN (SBN 215695)
 4  Three Embarcadero Center
    San Francisco, CA  94111-4067
 5  Telephone: 415.393.2000
    Facsimile: 415.393.2286
 6  donn.pickett@bingham.com
    geoff.howard@bingham.com
 7  holly.house@bingham.com
    zachry.alinder@bingham.com
 8  bree.hann@bingham.com

 9
    DORIAN DALEY (SBN 129049)
10  JENNIFER GLOSS (SBN 154227)
    500 Oracle Parkway, M/S 5op7
11  Redwood City, CA  94070
    Telephone: 650.506.4846
12  Facsimile: 650.506.7114
    dorian.daley@oracle.com
13  jennifer.gloss@oracle.com

14  Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle International Corporation, and
15  Oracle EMEA Limited
```

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                        SAN FRANCISCO DIVISION

| | |
|---|---|
| 19 ORACLE USA, INC. *et al*, | No. 07-CV-01658 PJH (EDL) |
| 20 Plaintiffs, | **DECLARATION OF HOLLY A. HOUSE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL** |
| 21 v. | |
| 22 SAP AG, *et al.*, | |
| 23 Defendants. | Date: August 4, 2009<br>Time: 9:00 a.m.<br>Place: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

A/73075446.5/2021039-0000324170                          Case No. 07-CV-01658 PJH (EDL)

| | |
|---|---|
| 1 | I, Holly A. House, declare as follows: |
| 2 | 1. I am an attorney at law licensed to practice in the State of California and |
| 3 | before this Court, and am a partner at Bingham McCutchen LLP, counsel of record for plaintiffs |
| 4 | Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (together, |
| 5 | "Oracle") in this action. I have personal knowledge of the facts stated below and, if called as a |
| 6 | witness, could competently testify as to them. |
| 7 | 2. Attached as **Exhibit A** is a true and correct copy of excerpts from |
| 8 | Plaintiffs' Second Set of Requests for Production of Documents to Defendants, served July 28, |
| 9 | 2008, containing RFP Nos. 21 - 23 and 27. |
| 10 | 3. Attached as **Exhibit B** is a true and correct copy of an excerpt from |
| 11 | Plaintiffs' First Set of Targeted Search Requests, served August 29, 2008. |
| 12 | 4. Attached as **Exhibit C** is a true and correct copy of excerpts from |
| 13 | Defendants' responses to Plaintiffs' Second Set of Requests for Production of Documents from |
| 14 | Defendants, served August 27, 2008, containing Defendants' responses and objections to RFPs |
| 15 | 21-23 and RFP 27. |
| 16 | 5. Attached as **Exhibit D** is a true and correct copy of an excerpt from |
| 17 | Defendants' responses and objections to Plaintiffs' First Set of Targeted Search Requests, served |
| 18 | May 22, 2008, containing Defendants' responses and objections to subpart (l) of Plaintiffs' First |
| 19 | Targeted Search Request. |
| 20 | 6. On June 11, 2009, Judge Hamilton signed the Parties' stipulated order |
| 21 | regarding changes to the case schedule. A true and correct copy of that order, Docket Item 325, |
| 22 | is attached as **Exhibit E**. As part of that order, "Defendants are granted leave to file on August |
| 23 | 26, 2009, an additional summary judgment motion regarding Plaintiffs' royalty damages theory. |
| 24 | The Parties shall meet and confer as soon as possible to schedule on a priority basis what, if any, |
| 25 | discovery may be needed by Plaintiffs before filing of that motion." Exhibit E at 2. At the Case |
| 26 | Management Conference discussing this stipulation, which I attended, Judge Hamilton stressed |
| 27 | the importance of Oracle receiving any relevant discovery needed for its opposition to this |
| 28 | motion so as to avoid the necessity of a Rule 56(f) motion. |

1     7.     Because of the relevance to Defendant's hypothetical negotiations with
Oracle valuing the Oracle intellectual property ("IP") Defendants infringed, Oracle first served
discovery requests relating to SAP's IP and intangible asset valuation and licensing practices
(RFPs 23 and 27) in July 2008 and also requested this information in its First Targeted Search
Request, served in August 2008. Since then, it has questioned SAP witnesses, including board
members Henning Kagermann, Werner Brandt, Gerd Oswald, and Shai Agassi, on this topic.
Over the eleven months since the original requests for these documents, I and my colleagues
have participated in several meet and confers with Defendants regarding these requests.
Defendants have consistently refused to produce any responsive documents. On June 5, 2009,
Oracle sent another letter providing additional information for Defendants and seeking their final
position. On June 16, Defendants responded by letter and again refused to provide responsive
materials, arguing lack of relevance. Most recently, I spoke with Defendants' counsel via phone
on June 25, 2009, at which time Mr. Jason McDonell re-confirmed that the parties were joined
on this issue.

     8.     Oracle also seeks information related to SAP's historic applications sales
pipeline close rates and support contract renewal rates, responsive to RFPs 21 and 22. For nearly
a year, Defendants have objected to these requests and the parties have met and conferred about
them. On June 5, 2009, Oracle sent another letter providing additional information for
Defendants and seeking their final position. On June 16, 2009, Defendants offered in a letter to
discuss a compromise limited to information regarding TomorrowNow customers and the "list of
81." Most recently, I spoke with Defendants' counsel via phone on June 25, 2009, at which time
Mr. Jason McDonell re-confirmed that the parties were joined on this issue.

     9.     In this case, Oracle has produced intellectual property and intangible asset
valuations relating to the PeopleSoft and Siebel acquisitions. These produced documents, which
are similar to what Oracle seeks from Defendants regarding their own valuations, are discrete
analyses in a single document and were not burdensome to produce.

     10.    Press releases issued by SAP in association with the acquisitions of
MaXware, OutlookSoft, and Business Objects indicate that for each of these transactions the

1  predominant asset acquired was intellectual property and/or a customer base into which SAP
2  hoped to sell its other applications.
3       11.   Attached as **Exhibit F** is a true and correct copy of SAP's May 8, 2007
4  press release discussing SAP's acquisition of OutlookSoft Corporation.
5       12.   Attached as **Exhibit G** is a true and correct copy of SAP's May 14, 2007
6  press release discussing SAP's acquisition of MaXware.
7       13.   Attached as **Exhibit H** is a true and correct copy of SAP's undated press
8  release discussing SAP's acquisition of Business Objects.
9       I declare under penalty of perjury under the laws of the State of California and the
10 United States that the foregoing is true and correct, and that this Declaration was signed on June
11 30, 2009 in San Francisco, California.

                                   _____
                                           Holly A. House

A/73075446.5/2021039-0000324170                    3

DECLARATION OF HOLLY A. HOUSE IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL