1  Robert A. Mittelstaedt (SBN 060359)
   Jason McDonell (SBN 115084)
2  Elaine Wallace (SBN 197882)
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA 94104
4  Telephone: (415) 626-3939
   Facsimile: (415) 875-5700
5  ramittelstaedt@jonesday.com
   jmcdonell@jonesday.com
6  ewallace@jonesday.com

7  Tharan Gregory Lanier (SBN 138784)
   Jane L. Froyd (SBN 220776)
8  JONES DAY
   1755 Embarcadero Road
9  Palo Alto, CA 94303
   Telephone: (650) 739-3939
10 Facsimile: (650) 739-3900
   tglanier@jonesday.com
11 jfroyd@jonesday.com

12 Scott W. Cowan (Admitted *Pro Hac Vice*)
   Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13 JONES DAY
   717 Texas, Suite 3300
14 Houston, TX 77002
   Telephone: (832) 239-3939
15 Facsimile: (832) 239-3600
   swcowan@jonesday.com
16 jlfuchs@jonesday.com

17 Attorneys for Defendants
   SAP AG, SAP AMERICA, INC., and
18 TOMORROWNOW, INC.

19           UNITED STATES DISTRICT COURT

20           NORTHERN DISTRICT OF CALIFORNIA

21           SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DECLARATION OF JOSHUA L. FUCHS IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO DAMAGES MODEL** |
| v. | |
| SAP AG, et al., | |
| Defendants. | **DISCOVERY MATTER** |

DECLARATION OF JOSHUA L. FUCHS IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-CV-1658 PJH (EDL)

Dockets.Justia.com

I, Joshua L. Fuchs, declare as follows:

1. I am an associate in the law firm of Jones Day, 717 Texas, Suite 3300, Houston, Texas, a member in good standing of the bar of Texas and admitted *pro hac vice* and counsel of record for Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. in the above-captioned action. I make this declaration based on personal knowledge and, if called upon to do so, could competently testify thereto. Nothing in this declaration is intended to waive, or should be construed as a waiver of, the attorney-client privilege or attorney work product immunity.

2. Oracle has taken approximately 326 of the 450 fact deposition hours that it has been allotted in this case. Oracle has also served Defendants with 150 requests for production, 121 interrogatories and 749 requests for admission.

3. Defendants, to date, have produced 7,855,535 Bates numbered pages, which includes responsive data from 100 custodians. Defendants provided these productions in a format that is full-text searchable and includes metadata. Defendants have also made available 105 TomorrowNow, Inc. ("TN") support services servers and/or partitions for Oracle to inspect and select for production through the "Data Warehouse," which Defendants created specifically for this case. The "Data Warehouse" provides Oracle with the unique ability to see the data as TN employees saw the data. Defendants have produced in excess of 17 terabytes of data from the "Data Warehouse" and other TN servers. Over 5 terabytes of that information are downloads. The "Data Warehouse" servers and the data from the other TN servers that have been produced to Oracle include all common locations at which downloads have been located. Defendants first made the "Data Warehouse" available to Oracle in July 2008.

4. Defendants have also rebuilt and provided Oracle with a number of TN's databases that were used to track TN's business activities, including SAS, BakTrak, DotProject, Pathfinder, the Matrix and others. Defendants had these databases rebuilt and provided them in native form to ensure that they are in the most usable format for this litigation. Rebuilding and providing the databases in native form ensures that the databases have the same functionality, usability, and look and feel that TN experienced with the databases. Defendants have further produced a substantial amount of additional material that is not described in this declaration.

5. Recognizing the special importance to this case of the SAS database, which was designed to document TN support services activities include managing of cases, scoping (researching) problems, development of fixes or updates and testing of fixes or updates, Defendants started producing the database in native form as early as possible.[1] Defendants produced a complete subset of the SAS database containing the six customers identified in paragraphs 76-80 of Oracle's First Amended Complaint on September 21, 2007. Defendants produced a complete subset of the SAS database with respect to the 69 additional customers identified by Oracle on October 5 and November 9, 2007. Finally, Defendants produced the entirety of the SAS database containing all of TN's PeopleSoft and J.D. Edwards' customers on December 4, 2007. As part of the parties' expanded discovery timeline agreement, on February 13, 2009, Defendants further updated the SAS database production to include TN activity through October 31, 2008.

6. Defendants produced the DotProject database on March 26, 2008. The DotProject database contains information regarding the downloads for a particular customer, including the date the downloads were completed and the credentials and product questionnaires provided by the customer.

7. Defendants are incurring great expense to provide these productions in an easy to use form and as quickly as possible. As demonstrated by the July 21, 2008 Declaration of Scott W. Cowan (D.I. 128), Defendants are on pace to spend in excess of $13,000,000 on custodian productions alone. As a further example, Defendants have spent in excess of $250,000 producing the SAS databases and in excess of $500,000 making the "Data Warehouse" available. The privilege review of the SAS database alone took approximately 1000 attorney hours. While these are just examples, they demonstrate that Defendants are incurring great expense in responding to Oracle's discovery requests in this case.

8. To date, Oracle has used 109 printouts from the SAS database as deposition

---

[1] The SAS database also contains the credentials and onboarding documentation for some of TN's customers, including Product Verification Forms and Pre-Installation Questionnaires, Exhibit A to the customer contracts and the Download Request Forms. The SAS database is also a useful tool for determining how downloads were used by TN.

- 2 -

DECLARATION OF JOSHUA L. FUCHS IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-CV-1658 PJH (EDL)

1    exhibits.  Oracle also took approximately 32 hours of deposition testimony in response to

2    Plaintiffs' January 22, 2008 Amended Rule 30(b)(6) Notice to TN.  See **Exhibit J.**

3         9.     The following is an exemplar screen shot from the SAS database demonstrating

4    the type of information that Oracle requests in Interrogatory 14 regarding TN customer

5    environments:



25        10.     Oracle originally moved, in January 2008, to compel Defendants to provide

26   supplemental responses to 18 interrogatories including interrogatory 14 from Oracle USA, Inc.'s

27   Second Set of Interrogatories to TN.  At the hearing on Oracle's motion, Defendants provided

28   Judge Legge with a demonstration of the SAS database as produced to Oracle.

1    11.    Starting with the Rule 26(f) conference, and continuing through numerous negotiations regarding a potential preservation order, Defendants have provided Oracle with great detail regarding TN's efforts to make a preservation copy of every TN computer and server, including the computers, servers and databases at issue in this motion. TN also made reasonable efforts to collect and preserve every original TN computer and server as part of the TN wind down. Oracle is further aware that TN entered into consulting agreements with seven former TN employees to help locate and provide information on an as needed basis. However, those consultants are not always accessible and are not in any way prevented from seeking other employment. In fact, most of these consultants are currently employed on a full-time basis by other employers.

12.    The following is a list of examples of Oracle's reliance on objections similar to Defendants' objections and Rule 33(d): Plaintiffs' Second Amended and Supplemental Responses and Objections to TN, Inc.'s First Set of Interrogatories, Responses to Interrogatory Nos. 1 ("Oracle further objects to the extent the Interrogatory purports to require Oracle to create a compilation, abstract, or summary from business records that Oracle has already produced or will produce and to summarize the documents and testimony provided on this subject, including by Oracle's 30B6 witness on this topic; Oracle cannot and will not and is not required to do so and incorporates all such evidence by reference into this supplemented answer"), 2 (same), 3 ("Oracle further objects to the extent that supplementation would require Oracle to summarize the documents and testimony provided on this subject; Oracle cannot and will not and is not required to do so and incorporates all such evidence by reference into this supplemented answer"), 4 (same) 5 (relying on Rule 33(d) and stating "Oracle further objects to the extent that supplementation would require Oracle to summarize the documents and testimony provided on this subject . . . Oracle cannot and will not and is not required to do so and incorporates all such evidence by reference into this supplemented answer"), 6-7 (same type of objections), 9-13 (same type of objections); *see also* Plaintiffs' Responses and Objections to TN, Inc.'s Fifth Set of Interrogatories, Responses to Interrogatory Nos. 33 (same type of objections), 38 (same type of objections). See **Exhibits A and B.**

- 4 -

DECLARATION OF JOSHUA L. FUCHS IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-CV-1658 PJH (EDL)

1    13.    Attached as **Exhibit A** is a true and correct copy of an excerpt from Oracle's Second Amended and Supplemental Responses and Objections to TN, Inc.'s First Set of Interrogatories, Responses to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 9, 10, 11, and 12.

14.    Attached as **Exhibit B** is a true and correct copy of an excerpt from Oracle's Responses and Objections to TN, Inc.'s Fifth Set of Interrogatories, Responses to Interrogatory Nos. 33 and 38.

15.    Attached as **Exhibit C** are true and correct copies of excerpts from the following deposition transcripts: February 6, 2008 Deposition of John Baugh (70:17-71:11, 73:16-74:3); February 7, 2008 Deposition of John Baugh (155:21-156:14); April 1, 2008 Deposition of Katherine Walker Williams (53:15-55:8, 62:20-63:16, 77:16-78:9, 179:19-182:18; April 1, 2008 Deposition of Catherine Lee Hyde (47:7-12); April 2, 2008 Deposition of Catherine Lee Hyde (85:25-86:4, 130:19-132:3, 284:15-286:10); June 25, 2008 Deposition of Larry Garcia (12:5-10, 19:17-20:3); June 25, 2008 Deposition of Roderic Russell (31:19-32:21, 47:25-49:19, 61:19-63:13, 91:18-92:2, 116:1-18; December 5, 2008 Deposition of Matthew Bowden (158:14-160:15, 227:14-22, 249:5-250:2, 279:7-280:2); February 5, 2009 Deposition of Roderic Russell (143:4-145:25) and May 12, 2009 Deposition of Catherine Hyde (125:17-126:25, 132:3-132:19, 157:2-159:8). All of the deposition testimony excerpts cited in the Motion are included in **Exhibit C** in chronological order.

16.    Attached as **Exhibit D** are true and correct copies of Plaintiffs' deposition exhibits 66, 83, 103, 287, 289, 290, 293, 299, 300, 302, 538, 558, 566, 816, 817, 1276, 1277, 1283, 1445 and 1469. All of Plaintiffs' deposition exhibits cited in the Motion are included in **Exhibit D** in numerical order.

17.    Attached as **Exhibit E** is a true and correct copy of an excerpt from Defendant TN's Fourth Amended and Supplemental Response to Plaintiff Oracle Corp.'s First Set of Interrogatories, Responses to Interrogatory Nos. 3, 7, 8, 9, 10, 11, 12 and 16.

18.    Attached as **Exhibit F** is a true and correct copy of an excerpt from Defendant TN's Second Amended and Supplemental Responses to Plaintiff Oracle Corp.'s Third Set of Rogs and SAP America and SAP AG's Second Amended and Supplemental Responses to

1 | Plaintiff Oracle Corp.'s Second Set of Interrogatories, Responses to Interrogatory Nos. 8 and 10.

19. Attached as **Exhibit G** is a true and correct copy of an excerpt from Defendant TN's Fourth Amended and Supplemental Response to Plaintiff Oracle USA's First Set of Interrogatories, Response to Interrogatory No. 2.

20. Attached as **Exhibit H** is a true and correct copy of an excerpt from Defendant TN's First Amended and Supplemental Response to Plaintiff Oracle USA's Second Set of Interrogatories, Response to Interrogatory Nos. 12 and 13.

21. Attached as **Exhibit I** is a true and correct copy of an excerpt from the transcript of the February 13, 2008 Hearing on Discovery Issues.

22. Attached as **Exhibit J** is a true and correct copy of Plaintiffs' January 22, 2008 Amended Rule 30(b)(6) Notice to Defendant TomorrowNow, Inc.

23. Attached as **Exhibit K** is a true and correct copy of an e-mail exchange between Jones Day and Bingham McCutchen regarding Oracle's Motion.

24. Attached as **Exhibit L** is a true and correct copy of *Goodrich Corp. v. Emhart Indus., Inc.*, No. EDCV 04-00759-VAP (SSx), 2005 U.S. Dist. LEXIS 25158 (C.D. Cal. Oct. 12, 2005).

25. Attached as **Exhibit M** is a true and correct copy of *Saddler v. Musicland Pickwick Int'l, Inc.*, No. S-78-95-CA, 1980 U.S. Dist. LEXIS 16500 (E.D. Tex. Dec. 22, 1980).

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.

Executed this 14th day of July, 2009 in Houston, Texas.


    /s/ Joshua L. Fuchs
    Joshua L. Fuchs

- 6 -

DECLARATION OF JOSHUA L. FUCHS IN SUPPORT OF
DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-CV-1658 PJH (EDL)