1  evidence in the record confirms that TN's acquisition by SAP and SAP's subsequent
2  endorsement, marketing and support of TN's service delivery made TN uniquely viable as an
3  third party support option for many Oracle customers.

**INTERROGATORY NO. 10:**

Describe in as much detail as possible what methods Oracle believes companies that provide third-party support for any Oracle product referred to in the Complaint or at issue in this litigation may permissibly employ in providing such support, including with respect to access to, and Downloading of, the Software and Support Materials.

**RESPONSE TO INTERROGATORY NO. 10:**

In addition to its General Objections, Oracle objects that the phrase "any Oracle product referred to in the Complaint or at issue in this litigation" is vague, ambiguous, and overbroad. The Complaint refers to many Oracle products, including products that are not at issue in this case, like Fusion, and also products that Defendants blocked discovery on during this litigation, such as database technology, Siebel applications and other software products like E-Business Suite, Retek and Hyperion. Accordingly, unless and until additional products are made part of this litigation by order or otherwise, Oracle will interpret "any Oracle product referred to in the Complaint or at issue in this litigation" as applications and Software and Support Materials for legacy PeopleSoft and J.D. Edwards enterprise software applications available from Oracle, including through Customer Connection. Oracle further objects that the phrase "companies that provide third-party support" is vague, ambiguous, overbroad, and calls for an unduly burdensome Response from Oracle. "Third-party support" is not defined and thus Oracle cannot determine whether the term refers to third-party maintenance providers, like SAP TN, or other entities, which would be overbroad. Oracle will therefore interpret "third-party support" to refer to entities with business models similar to that of SAP TN. Oracle further objects that this Interrogatory is an improper contention Interrogatory and seeks a legal conclusion, as it calls for Oracle to define what it "believes" is legal or permissible conduct.

Subject to and without waiving its objections, Oracle responds as follows:

The Software and Support Materials that a third-party is entitled to access and download

34                                          07-CV-1658 PJH (EDL)
PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES

dockets.Justia.com

1  on behalf of a customer is determined by, and entirely dependent upon, the customer's license
2  agreements, including the attached schedules and exhibits, and any support renewal notices sent
3  to the customer or renewals made by customers, and in the various contracts associated with
4  access to Customer Connection. Therefore, pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle
5  refers defendants to those documents in Oracle's production.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

7       Subject to and without waiving the above objections, and pursuant to the extensive meet
8  and confer discussions and agreements as described in more detail above, Oracle further
9  responds that the Software and Support Materials that a third-party is entitled to access and
10 download on behalf of a customer is determined by, and entirely dependent upon, the customer's
11 license agreements, including the attached schedules and exhibits, and any support renewal
12 notices sent to the customer or renewals made by customers, and in the various contracts
13 associated with access to Customer Connection. Therefore, pursuant to Fed. R. Civ. Proc. Rule
14 33(d), Oracle refers defendants to those documents in Oracle's production, including
15 ORCL00000001 through ORCL00007590.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 10:**

17      Oracle further objects to the extent that supplementation would require Oracle to
18 summarize the documents and testimony provided on this subject; Oracle cannot and will not and
19 is not required to do so and incorporates all such evidence by reference into this supplemented
20 answer. Subject to and without waiving the specific and general objections stated above, Oracle
21 further responds that, as its witnesses and Defendants' witnesses have repeatedly testified,
22 everything that an independent third party servicer is entitled to use and do for a particular
23 customer is determined by, and entirely dependent upon, (a) the customer's license agreements,
24 including the attached schedules and exhibits, (b) any support renewal notices sent to the
25 customer or renewals made by customers, and (c) in the various contracts and policies associated
26 with access to Customer Connection. Therefore, pursuant to Fed. R. Civ. Proc. Rule 33(d),
27 Oracle refers defendants to those documents in Oracle's production, including at
28 ORCL00000001 through ORCL00007714, ORCL00051950 through ORCL00052052,

1  ORCL00139148 through ORCL00159820, ORCL00176128 through ORCL00180465 and
2  ORCL00372975 through ORCL00381654. Any third party servicer who leverages, steals, or
3  uses Oracle's software, support materials, and other property beyond the allowed terms in those
4  contracts and/or terms of use is not providing permissible support.

**INTERROGATORY NO. 11:**

With respect to the Oracle products referred to in the Complaint or at issue in this litigation, for each customer Oracle believes it has lost to a third-party support vendor, identify the customer and vendor, describe in as much detail as possible how the vendor provided third-party support to that customer, including with respect to access to, and Downloading of, the Software and Support Materials, and the reasons why Oracle lost the customer.

**RESPONSE TO INTERROGATORY NO. 11:**

In addition to its General Objections, Oracle objects that this Interrogatory is compound, as it includes three distinct inquiries. Oracle will therefore treat this Interrogatory as though it were three separate Interrogatories, as follows:

**Interrogatory No. 11(a):**

With respect to the Oracle products referred to in the Complaint or at issue in this litigation, for each customer Oracle believes it has lost to a third-party support vendor, identify the customer and vendor.

**Response to Interrogatory No. 11(a):**

In addition to its General Objections, Oracle objects that the use of the undefined term "third-party support vendor" is vague, ambiguous, overbroad, and calls for an unduly burdensome Response from Oracle. "Third-party support" is not defined and thus Oracle cannot determine whether the term refers to SAP TN, third-party maintenance providers like SAP TN, or includes other entities, which would be overbroad. Oracle will therefore interpret "third-party support" to refer to entities with business models similar to that of SAP TN. Oracle further objects that this Interrogatory calls for information equally available to defendants. Oracle further objects that this Interrogatory seeks information that is not relevant to the litigation, nor likely to lead to the discovery of admissible evidence. Oracle further objects that its

investigation into the circumstances related to defendants' intrusion into and theft from Oracle's systems is not yet complete, including but not limited to its investigation into customers implicated by defendants' unlawful conduct. Oracle further objects to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Oracle further objects to this Interrogatory on the ground that many of the facts concerning customers lost to third-party support vendors are solely within the knowledge and/or control of defendants or other third parties. Oracle further objects to the extent the Interrogatory purports to require Oracle to create a compilation, abstract, or summary from business records that Oracle has already produced or will produce.

Subject to and without waiver of these objections, Oracle responds as follows:

Oracle has not conducted a separate investigation into the activities of every third party support vendor, nor has it performed the technical and contractual analysis of its logs for any entity other than SAP. However, Oracle is generally aware or believes it may have lost support customers for its PeopleSoft and JD Edwards brands of software to SAP TN, Rimini Street, CH2M Hill, Versytec, and netCustomer.

Further, pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's production of the server logs in this matter as they show any access to and downloading from Customer Connection, including that from third party support vendors such as SAP TN.

**Interrogatory No. 11(b):**

With respect to the Oracle products referred to in the Complaint or at issue in this litigation, for each customer Oracle believes it has lost to a third-party support vendor, describe in as much detail as possible how the vendor provided third-party support to that customer, including with respect to access to, and Downloading of, the Software and Support Materials.

**Response to Interrogatory No. 11(b):**

In addition to its General Objections, Oracle objects that the use of the undefined phrases "third-party support vendor" is vague, ambiguous, overbroad, and calls for an unduly burdensome Response from Oracle. "Third-party support" is not defined and thus Oracle cannot determine whether the term refers to SAP TN, third-party maintenance providers like SAP TN,

or includes other entities, which would be overbroad. Oracle will therefore interpret "third-party support" to refer to entities with business models similar to that of SAP TN. Oracle further objects that this Interrogatory calls for information equally available to defendants. Oracle further objects that this Interrogatory seeks information that is not relevant to the litigation, nor likely to lead to the discovery of admissible evidence. Oracle further objects that its investigation into the circumstances related to defendants' intrusion into and theft from Oracle's systems is not yet complete, including but not limited to its investigation into customers implicated by defendants' unlawful conduct. Oracle further objects to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Oracle further objects to this Interrogatory on the ground that many of the facts concerning how third-party support vendors support their customers is solely within the knowledge and/or control of defendants or other third parties. Oracle further objects to the extent the Interrogatory purports to require Oracle to create a compilation, abstract, or summary from business records that Oracle has already produced or will produce.

Subject to and without waiver of these objections, Oracle responds as follows:

Oracle has not undertaken the type of analysis required to respond to this Interrogatory other than as to SAP. This Interrogatory should be properly directed to the customers and the third-party support vendors, not Oracle. Pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's production of the server logs in this matter as they show how third-party support vendors such as SAP TN access and download from Customer Connection to support their customers.

**Interrogatory No. 11(c)**:

With respect to the Oracle products referred to in the Complaint or at issue in this litigation, for each customer Oracle believes it has lost to a third-party support vendor, describe in as much detail as possible the reasons why Oracle lost the customer.

**Response to Interrogatory No. 11(c)**:

In addition to its General Objections, Oracle objects that the use of the undefined term "third-party support vendor" is vague, ambiguous, overbroad, and calls for an unduly

1  burdensome Response from Oracle. "Third-party support" is not defined and thus Oracle cannot
2  determine whether the term refers to SAP TN, third-party maintenance providers like SAP TN,
3  or includes other entities, which would be overbroad. Oracle will therefore interpret "third-party
4  support" to refer to entities with business models similar to that of SAP TN. Oracle further
5  objects that this Interrogatory calls for information equally available to defendants. Oracle
6  further objects that this Interrogatory seeks information that is not relevant to the litigation, nor
7  likely to lead to the discovery of admissible evidence. Oracle further objects that its
8  investigation into the circumstances related to defendants' intrusion into and theft from Oracle's
9  systems is not yet complete, including but not limited to its investigation into customers
10 implicated by defendants' unlawful conduct. Oracle further objects to the extent that this
11 Interrogatory calls for information protected by the attorney-client or work product privileges.
12 Oracle further objects to this Interrogatory on the ground that many of the facts concerning
13 customers lost to third-party support vendors are solely within the knowledge and/or control of
14 defendants or other third parties. Oracle further objects to the extent the Interrogatory purports
15 to require Oracle to create a compilation, abstract, or summary from business records that Oracle
16 has already produced or will produce.

17       Subject to and without waiver of these objections, Oracle responds as follows:

18       Oracle has not undertaken the type of analysis required to respond to this Interrogatory
19 other than as to SAP. This Interrogatory should be properly directed to the customers and the
20 third-party support vendors, not Oracle. Reasons could include price, better fit, preference for
21 another vendor, or defendants' misleading information about Oracle's support services and
22 provision of cut-rate support. Reasons why the customer chose not to renew its support contract
23 with Oracle may be reflected in the customer's license agreement file, including correspondence
24 related to the customer's support renewal, and therefore, pursuant to Fed. R. Civ. Proc. Rule
25 33(d), Oracle refers defendants to those documents in Oracle's production.

26 **SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**
27       **Supplemental Response to Interrogatory No. 11(a):**
28       Subject to and without waiving the above objections, and pursuant to the extensive meet

1  and confer discussions and agreements as described in more detail above, Oracle further
2  responds that pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's
3  production of the server logs in this matter, including ORCL00009434, as they show any access
4  to and downloading from Customer Connection, including that from third party support vendors
5  such as SAP TN.

**Supplemental Response to Interrogatory No. 11(b):**

7  Subject to and without waiving the above objections, and pursuant to the extensive meet
8  and confer discussions and agreements as described in more detail above, Oracle further
9  responds that pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's
10 production of the server logs in this matter, including ORCL00009434, as they show how third-
11 party support vendors such as SAP TN access and download from Customer Connection to
12 support their customers.

**Supplemental Response to Interrogatory No. 11(c):**

14 Subject to and without waiving the above objections, and pursuant to the extensive meet
15 and confer discussions and agreements as described in more detail above, Oracle further
16 responds that reasons why the customer chose not to renew its support contract with Oracle may
17 be reflected in the customer's license agreement file, including correspondence related to the
18 customer's support renewal, and therefore, pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle
19 refers defendants to those documents in Oracle's production, including ORCL00000001 through
20 ORCL00007590.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 11:**

22 Oracle further objects to the extent that supplementation would require Oracle to
23 summarize the documents and testimony provided on this subject including extensive Fed. R.
24 Civ. Proc. 30(B)(6) testimony and the depositions of Redacted ; Oracle
25 cannot and will not and is not required to do so and incorporates all such evidence by reference
26 into this supplemented answer. Subject to and without waiving the specific and general
27 objections stated above, Oracle further responds that customers Oracle believes it has lost to
28 third-party support vendors include those on Defendant TomorrowNow, Inc.'s Supplement

PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES