# EXHIBIT K

Dockets.Justia.com



| | Jane L Froyd/JonesDay<br>Extension 33937<br>07/14/2009 04:28 PM | To | "Donnelly, Amy" <amy.donnelly@bingham.com> |
|---|---|---|---|
| | | cc | "Hann, Bree" <bree.hann@bingham.com>, "'ewallace@JonesDay.com'" <ewallace@JonesDay.com>, "Howard, Geoff" <geoff.howard@bingham.com>, "House, |
| | | bcc | |
| | | Subject | RE: Plaintiffs' June 30 motion to compel |

Amy,

Thank you for your response. With regard to the second point, Defendants confirm that the information will include the methodologies, calculations, and assumptions used in determining the valuations. And to the extent that information is provided in a single document for each acquisition, then it will be produced as such. However, if the information cannot be provided in a single document or if there are multiple valuations for any acquisition, then Defendants will produce multiple documents sufficient to show the requested information.

Regards,

Jane

_____

Jane L. Froyd
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
650.739.3937 (Direct)
650.739.3900 (Fax)
jfroyd@jonesday.com

"Donnelly, Amy" <amy.donnelly@bingham.com>



| | "Donnelly, Amy"<br><amy.donnelly@bingham.com><br><br>07/14/2009 03:13 PM | To | "'jfroyd@JonesDay.com'" <jfroyd@JonesDay.com> |
|---|---|---|---|
| | | cc | "Hann, Bree" <bree.hann@bingham.com>, "'ewallace@JonesDay.com'" <ewallace@JonesDay.com>, "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "'Jacqueline K. S. Lee'" <jkslee@JonesDay.com>, "Joshua L Fuchs" <jlfuchs@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Jindal, Nitin" <nitin.jindal@bingham.com>, "'swcowan@JonesDay.com'" <swcowan@JonesDay.com>, "Greg Lanier" <tglanier@JonesDay.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com> |
| | | Subject | RE: Plaintiffs' June 30 motion to compel |

```
Jane,

Thank you for your response.  We accept your first and third positions below.

With regard to your second point, Plaintiffs' "discrete analyses" produced for
```

the PeopleSoft and Siebel acquisitions included the methodologies, calculations, and assumptions used in determining the valuations. To be clear, Defendants' production in response to this request must include (in addition to the valuations and determination of the fair value in accordance with FAS 141 and 142 of the identified intangible assets acquired) the methodologies, calculations, and assumptions underlying those conclusions. If all of this information is provided in a single document for each acquisition, then it will be sufficient. However, if Defendants tracked this information in multiple documents or if there are multiple valuations for any acquisition, then a production of multiple documents is required.

Upon confirmation of the above, and assuming the adequacy of the responsive documents, Plaintiffs will not be bringing a Rule 56(f) motion related to these specific requests.

Finally, provided Defendants produce all responsive documents as specified, Plaintiffs consider this portion of its pending motion to compel moot.

Thank you,
Amy

Amy K. Donnelly | Associate
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco CA 94111
T 415.393.2262 direct | F 415.393.2286
amy.donnelly@bingham.com

-----Original Message-----
From: Jane L Froyd [mailto:jfroyd@JonesDay.com]
Sent: Tuesday, July 14, 2009 12:45 PM
To: Donnelly, Amy
Cc: Hann, Bree; 'ewallace@JonesDay.com'; Howard, Geoff; House, Holly; 'Jacqueline K. S. Lee'; Joshua L Fuchs; Jason McDonell; Jindal, Nitin; 'swcowan@JonesDay.com'; Greg Lanier; Alinder, Zachary J.
Subject: RE: Plaintiffs' June 30 motion to compel

Amy,

Scott Cowan asked me to respond to your email. We respond to each of your three questions in turn.

First, by "available and readily accessible," we simply mean that Defendants will respond in a manner that is consistent with all of their discovery responses in this case, which is to the same extent as any other documents ordered produced by the Court.

Second, Defendants intend to produce "IP valuation documents," consistent with the type Plaintiffs' contemplated in their motion. Specifically, Plaintiffs stated that "[a]s for IP and intangible asset valuations done in connection with allocations of the purchased price of acquisitions, these tend to be discrete analyses - often in a single document." See Motion to Compel at p. 9. Further, as noted in the House Declaration, such a production is consistent with Plaintiffs' production of IP valuation documents relating to the PeopleSoft and Siebel acquisitions. See House Declaration at p. 2, ¶ 9. We have not yet determined whether these documents will need to be redacted, but will do so in a manner consistent with how Defendants have redacted other highly sensitive documents and/or documents containing privileged content.

Third, Defendants confirm that with regard to 1(c), there are no SAP acquisitions or SAP licenses that would serve as an appropriate benchmark for a hypothetical license in this case, and therefore there are no documents responsive to this request.

We trust that this response resolves the three issues raised in your email. Please confirm Plaintiffs' agreement that the portion of Plaintiffs' Motion to Compel and proposed order requesting "damages-related discovery" documents is now moot.

Regards,

Jane

_____

Jane L. Froyd
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
650.739.3937 (Direct)
650.739.3900 (Fax)
jfroyd@jonesday.com


| | | |
|---|---|---|
| "Donnelly, Amy" <amy.donnelly@bingham.com> | To | "'swcowan@JonesDay.com'" <swcowan@JonesDay.com> |
| 07/13/2009 06:02 PM | cc | "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com>, "Hann, Bree" <bree.hann@bingham.com>, "Jindal, Nitin" <nitin.jindal@bingham.com>, "Greg Lanier" <tglanier@JonesDay.com>, "Jason McDonell" <jmcdonell@JonesDay.com>, "Joshua L Fuchs" <jlfuchs@JonesDay.com>, "'jfroyd@JonesDay.com'" <jfroyd@JonesDay.com>, "'ewallace@JonesDay.com'" <ewallace@JonesDay.com>, "'Jacqueline K. S. Lee'" <jkslee@JonesDay.com> |
| | Subject | RE: Plaintiffs' June 30 motion to compel |

Scott,

Despite our frustration at the efforts Defendants have forced us to undergo to obtain this relevant and important discovery, we appreciate your willingness to now provide us the requested documents.

Plaintiffs will accept your offer of production of documents pursuant to your email subject to resolution of three issues:

First, please clarify what you mean by "available and readily accessible." Plaintiffs expect Defendants to diligently search for these responsive documents to the same extent as any other documents ordered produced by the Court.  Please confirm what efforts will be undertaken.

Second, with regard to "valuations" pursuant to 1(b), please confirm that Defendants will produce "valuations" documents as explained in Plaintiffs' Motion to Compel and thereby incorporated into the meaning of "valuations" documents in Plaintiffs' Proposed Order.  Specifically, please confirm that Defendants will produce unredacted valuation documents and backup sufficient to show the basis for intellectual property valuations and allocation of purchase price, including the determination of the fair value in accordance with FAS 141 and 142 of the identified intangible assets acquired, associated with SAP's acquisitions of Business Objects, MaXware, and OutlookSoft Corporation, and including both valuation numbers and associated spreadsheets. See Motion to Compel at 9.

Finally, please also confirm that with regard to 1(c), that "Defendants contend that no SAP acquisition NOR SAP LICENSE would serve as an appropriate benchmark for a hypothetical license in this case, therefore there are no documents responsive to this request."  Your current response only indicates that "no SAP acquisition would serve as an appropriate benchmark for a hypothetical license in this case, therefore there are no documents responsive to this request."

Regards,
Amy


Amy K. Donnelly | Associate
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco CA 94111
T 415.393.2262 direct | F 415.393.2286
amy.donnelly@bingham.com

----- Original Message -----
From: Scott Cowan <swcowan@JonesDay.com>
To: Howard, Geoff; Alinder, Zachary J.; Hann, Bree; Jindal, Nitin; House, Holly
Cc: tglanier@jonesday.com <tglanier@jonesday.com>; jmcdonell@jonesday.com <jmcdonell@jonesday.com>; jlfuchs@jonesday.com <jlfuchs@jonesday.com>; jfroyd@jonesday.com <jfroyd@jonesday.com>; ewallace@jonesday.com <ewallace@jonesday.com>; jkslee@JonesDay.com <jkslee@JonesDay.com>
Sent: Mon Jul 13 12:23:37 2009
Subject: Plaintiffs' June 30 motion to compel

Counsel,

Plaintiffs' June 30 Motion to Compel substantially narrowed the requested damages-related discovery Plaintiffs contend they need in anticipation of Defendants' Summary Judgment Motion regarding Plaintiffs' hypothetical license damages claim.  Previously, Plaintiffs claimed they needed all documents responsive to Requests for Production 21-23 and 27 from Plaintiffs' Second Set of Requests for Production of Documents and subpart
(l) of Plaintiffs' First Targeted Search Request.  These discovery requests asked for all documents relating to agreements between SAP and any non-partner that provides third party support of SAP software, all documents relating to SAP's valuation of the IP of any company it has acquired, including Business Objects, all documents related to the allocation of the purchase price for Business Objects, and all documents related to SAP's historic applications sales close rates and service contract renewal rates.  Defendants made various objections to these requests, including overbreadth, undue burden and relevance, and continue to stand on these objections.

Plaintiffs have now limited their requests to the following:

> 1.  ". . .documents sufficient to show (a) the existence, scope, and terms of any licenses with independent (non-affiliated, non-partner) software support service providers for SAP-branded
> software applications or any licenses Defendants deem comparable to the type of license that would have been required between Oracle and SAP TN for the type of activities engaged in by
> Defendants; (b) Defendants' intellectual property and intangible asset valuations resulting from SAP's acquisitions of Business Objects, MaXware, and OutlookSoft Corporation; and (c) the
> license or valuation documents for any acquisitions that Defendants contend are a more appropriate benchmark."
>
> 2.  ". . .documents sufficient to show SAP's application sales close rate and support renewal rate over the relevant period."
>
> See [Proposed] Order Granting Plaintiffs' Motion to Compel Production of Documents Related to Damages Model and Interrogatory Responses Related to Use of Plaintiffs' Intellectual Property, ¶¶ 1-2.

While Defendants continue to believe that such documents are not relevant to any aspect of the case (including Defendants' impending summary judgment motion) and maintain all objections to the underlying discovery requests noted above, in the interest of a compromise and to avoid an unnecessary Rule 56(f) motion, Defendants agree to produce non-privileged documents sufficient to show the information sought in the limited requests above.

Specifically, reserving all objections, Defendants address each request in the proposed order as follows:

> With regard to 1(a), Defendants state that SAP has not entered into any licenses with independent (non-affiliated, non-partner) software support service providers for SAP-branded software applications or any licenses that are comparable to the type of license that would have been required between Oracle and TomorrowNow for the type of activities engaged in by Defendants.   Therefore there are no documents responsive to this request.
>
> With regard to 1(b), Defendants will search for and, to the extent they

    are available and readily accessible, produce non-privileged documents
    sufficient to show Defendants' intellectual property and intangible
    asset valuations resulting from SAP's acquisitions of Business Objects,
    MaXware, and OutlookSoft Corporation.  Defendants anticipate making this
    production within the next 30 days.

    With regard to 1(c),  Defendants contend that no SAP acquisition would
    serve as an appropriate benchmark for a hypothetical license in this
    case, therefore there are no documents responsive to this request.

    With regard to 2,  Defendants will search for and, to the extent they
    are available and readily accessible, produce non-privileged documents
    sufficient to show SAP's application sales close rate and support
    renewal rate over the relevant time period.  Defendants anticipate
    making this production within the next 30 days.

Accordingly, Defendants believe that the portion of Plaintiffs' Motion to
Compel and proposed order requesting these documents is now moot.  Please
confirm your agreement.  Defendants will file their opposition to the
remainder of the motion tomorrow.

Regards,
SWC

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*
Scott W. Cowan
Jones Day
717 Texas, Suite 3300
Houston, Texas  77002
Direct: 832-239-3721
Cell: 832-867-2621
Fax: 832-239-3600
Email: swcowan@jonesday.com
\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can
be corrected.
==========

Confidentiality Notice: The information in this e-mail (including attachments,
if any) is considered confidential and is intended only for the recipient(s)
listed above. Any review, use, disclosure, distribution or copying of this
e-mail is prohibited except by or on behalf of the intended recipient. If you
have received this email in error, please notify me immediately by reply
email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS
requirements, we inform you that any U.S. federal tax advice contained in this
communication is not intended or written to be used, and cannot be used by any
taxpayer, for the purpose of avoiding any federal tax penalties. Any legal
advice expressed in this message is being delivered to you solely for your use
in connection with the matters addressed herein and may not be relied upon by
any other person or entity or used for any other purpose without our prior
written consent.

```
==========
This e-mail (including any attachments) may contain information that is
private, confidential, or protected by attorney-client or other privilege.
If you received this e-mail in error, please delete it from your system
without copying it and notify sender by reply e-mail, so that our records can
be corrected.
==========
```

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========