# EXHIBIT L



LEXSEE 2005 U.S. DIST. LEXIS 25158



Analysis
As of: Jul 13, 2009

**GOODRICH CORPORATION, a New York corporation, Plaintiff, v. EMHART INDUSTRIES, INC., a Connecticut corporation, et al., Defendants.**

**NO. EDCV 04-00759-VAP (SSx), [consolidated with Case No. EDCV, 04-00079-VAP (SSx)]**

**UNITED STATES DISTRICT COURT FOR THE CENTRAL DISTRICT OF CALIFORNIA**

*2005 U.S. Dist. LEXIS 25158*

**October 12, 2005, Decided**
**October 12, 2005, Filed**

**SUBSEQUENT HISTORY:** Motion denied by *City of Rialto v. United States DOD, 492 F. Supp. 2d 1193, 2007 U.S. Dist. LEXIS 48381 (C.D. Cal., May 25, 2007)*

**PRIOR HISTORY:** *Goodrich Corp. v. Emhart Indus., 2005 U.S. Dist. LEXIS 25160 (C.D. Cal., Oct. 6, 2005)*

**COUNSEL:** [*1] For Goodrich Corporation, a New York corporation, Plaintiff: Denise G Fellers, Elizabeth A Klein, Jeffrey D Dintzer, Julianne B Cramer, Gibson Dunn & Crutcher, Los Angeles, CA.

For Emhart Industries Inc, a Connecticut corporation, Defendant: Gary A Sloboda, Henry Lerner, James L Meeder, Robert David Wyatt, Allen Matkins Leck Gamble and Mallory, San Francisco, CA.

For Kwikset Corporation, a Delaware corporation, Kwikset Locks Inc, a California corporation, Defendants: Henry Lerner, James L Meeder, Robert David Wyatt, Allen Matkins Leck Gamble and Mallory, San Francisco, CA.

**JUDGES:** SUZANNE H. SEGAL, UNITED STATES MAGISTRATE JUDGE.

**OPINION BY:** SUZANNE H. SEGAL

**OPINION**

**MEMORANDUM DECISION AND ORDER GRANTING IN PART AND DENYING IN PART GOODRICH CORPORATION'S MOTION TO COMPEL SUBSTANTIVE ANSWERS TO INTERROGATORIES (DOCKET NO. 109)**

**I. INTRODUCTION**

This is an action arising out of certain operations on a 160-acre parcel of land in Rialto, California by a corporation known as the West Coast Loading Corporation (a predecessor of the named defendant, Emhart Industries, Inc. ("Emhart")) and plaintiff The B.F. Goodrich Company ("Goodrich"). On August 17, 2005, Goodrich filed a motion [*2] entitled "Motion to Compel Substantive Answers to Interrogatories" (the "Motion").

Goodrich's counsel, Kimberly A. Gilchrist, submitted a declaration of non-cooperation pursuant to Local Rule 37-2.4 to demonstrate a lack of cooperation in preparation of the Joint Stipulation. In addition, she filed a declaration and multiple exhibits in support of the Motion.

Emhart filed an Opposition to the Motion (the "Opposition") and disputed Goodrich's assertions regarding non-cooperation. Counsel for Emhart, James Meeder, submitted a declaration in support of Emhart's Opposition to the Motion. Goodrich submitted a Supplemental Memorandum in support of the Motion and additional declarations. For the reasons stated below, Goodrich's Motion is GRANTED in part and DENIED in part.

## II. DISCOVERY REQUESTS IN DISPUTE

### A. *Goodrich's Contentions*

Goodrich contends that Emhart has improperly refused to respond to seventeen of the interrogatories propounded by Goodrich, objecting on the grounds that the interrogatories constituted more than the twenty-five interrogatories permitted by *Rule 33*. (Motion at 1). Goodrich argues that its prior interrogatories were served in a separate [*3] action and, even though that action was consolidated with the present action, Goodrich is entitled to a separate twenty-five interrogatories in the present case. (*Id.*).

Goodrich also argues that, in Emhart's responses to fifteen additional interrogatories served upon Emhart and Kwikset Locks, Inc. ("KLI"), Emhart and KLI improperly utilized *Federal Rule of Civil Procedure 33(d)*, which authorizes a party to answer an interrogatory by referring to business records that have already been produced. Goodrich insists that Emhart abused *Rule 33(d)* by simply "dumping" documents on Goodrich without specifying the responsive documents. (Motion at 2). Goodrich argues that Emhart listed over twenty thousand pages of documents in response to Goodrich's interrogatories, which Goodrich contends is the equivalent of providing a mass of business records with no specific guidance establishing where the responsive documents can be found. (Motion at 30-31). Goodrich also contends that Emhart did not demonstrate that "the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served." [*4] (*Id.* at 31, citing *Rule 33(d)*).

### B. *Emhart's Contentions*

Emhart notes that the Court ordered, pursuant to the parties' stipulation, that the *City of Rialto* and *Goodrich* actions be "consolidated for all purposes" on October 28, 2004. The actions were consolidated because they involve "extensive overlapping facts and issues." (Opposition at 3).

Emhart argues that Judge Phillips imposed a limit of twenty-five interrogatories during Phase I of the litigation. (Opposition at 4). Emhart relies upon language contained in the Court's Amended Case Management Order No. 2 ("CMO2"), which states that "written discovery . . . shall be per the Federal Rules of Civil Procedure." (Opposition at 4). Emhart interprets this statement as restricting the parties to *Rule 33*'s limit of twenty-five interrogatories for both consolidated actions. In addition to its objection based upon the number of interrogatories, Emhart objected on grounds of overbreath, burdensomeness and relevance. (Opposition at 8).

Regarding the requests that involved Emhart's reliance on *Rule 33(d)*, Emhart argues that once a party answers an interrogatory by utilizing *Rule 33(d)*, the *propounding party* has [*5] the burden of proving in a motion to compel that the burden of deriving or ascertaining the answers is *not* substantially the same for both parties. (Opposition at 11-12, citing *Daiflon, Inc. v. Allied Chemical Corp., 534 F.2d 221, 227 (10th Cir. 1976)*, cert. denied, *429 U.S. 886, 50 L. Ed. 2d 168, 97 S. Ct. 239 (1976)* and *Sabel v. Mead Johnson and Company, 110 F.R.D. 553, 557 (D. Mass. 1986))*. Emhart argues that the burden of extracting the requested information is the same for Goodrich, Emhart, or KLI. (Opposition at 13). KLI dissolved as a corporation in 1958 and Emhart dissolved in 2002. (*Id.*). Neither entity has any employees at the present time. According to Emhart, the Defendants have no current employees who are familiar with the historical facts that are the subject of Goodrich's interrogatories. (Opposition at 14).

Emhart contends that, if the answers to the interrogatories exist, they exist in the historical documents already provided to Goodrich. (*Id.*). The documents were copied and posted on an electronic database, and they are available to all parties and searchable by keywords. (*Id.*). For the counsel of KLI and

Emhart to answer these [*6] interrogatories in a narrative form, counsel would be required to review, compile, and extrapolate information from the same historical business records that are available to Goodrich. (*Id.*).

### III. GOODRICH'S MOTION IS GRANTED IN PART AND DENIED IN PART

#### A. Consolidation Under Rule 42(a) Does Not Limit Goodrich to Twenty-Five Interrogatories for Both Consolidated Actions

Goodrich contends that the consolidation of the *City of Rialto* action with the *Goodrich* action does not result in limiting Goodrich to a total of twenty-five interrogatories. Goodrich cites case law holding that consolidation does not result in such a merger of the cases that the individual rights of parties, including discovery rights, are extinguished. (*See* Motion at 18). This Court agrees.

Consolidation pursuant to *Rule 42(a)* serves the purpose of economy in case administration, but does not merge the suits into a single action. Following consolidation, the consolidated actions retain their separate identities, and the parties are not deprived of any substantial rights. *Johnson v. Manhattan Ry. Co., 289 U.S. 479, 496-497, 53 S. Ct. 721, 727-728, 77 L. Ed. 1331 (1933)*; [*7] *see also Geddes v. United Financial Group, 559 F.2d 557, 560 (9th Cir. 1977)*(citing *Johnson*).

Emhart argues that Judge Phillips's order, by referencing the federal rules, implicitly limited the parties to twenty-five interrogatories *total*, i.e, twenty-five interrogatories per party for the consolidated actions. However, there is nothing in Judge Phillips's order that compels this result. The CMO2 simply states that discovery shall be pursuant to the Federal Rules of Civil Procedure, with the exception of an expressly stated expansion of *Rule 30*, allowing for more and lengthier depositions.

As the Federal Rules authorize twenty-five interrogatories per party (See *Fed. R. Civ. Proc. 33(a)*) and the case law interpreting *Rule 42(a)* states that the actions "retain their separate identities" following consolidation, the logical conclusion is that parties in consolidated actions retain their rights to serve twenty-five interrogatories *per party* and *per action.* As such, Emhart's objections to Interrogatory Nos. 2, 3, 4, 5, 6, 7, 8, 9, 10, 11, 12, 13, 14, 15, 16, 17, and 18 (*see* Motion at 3-16) on the grounds that [*8] these interrogatories exceed the twenty-five interrogatory limit is overruled and the Motion to Compel is GRANTED as to these interrogatories. Emhart shall provide substantive responses to these interrogatories within thirty days of the date of this Order. [1]

> [1] Emhart included boilerplate objections based upon overbreadth, burdensomeness and relevance. However, none of these objections were supported by any further explanation in Emhart's Opposition to the Motion to Compel. Instead, Emhart merely noted that it had raised these additional objections. (*See* Opposition at 9). As such, these objections are also overruled.

#### B. As the Burden for Ascertaining the Requested Information Is the Same for Goodrich and Emhart, Emhart's Use of *Rule 33(d)* Was Proper

Goodrich contends that Emhart abused *Rule 33(d)* by using the rule to "dump" masses of documents upon Goodrich in response to the interrogatories. Emhart contends that it does not possess the information requested, but believes that the information may [*9] be contained in the documents included in the electronic database provided to Goodrich. Emhart contends that the burden of discovering the requested information from these documents is the same for each party. The Court agrees and therefore DENIES Goodrich's Motion as it pertains to the responses utilizing *Rule 33(d).*

*Federal Rule of Civil Procedure 33(d)* provides the following: [2]

> **(d) Option to Produce Business Records**
>
> Where the answer to an interrogatory may be derived or ascertained from the business records of the party upon whom the interrogatory has been served or from an examination, audit or inspection of such business records, including a compilation, abstract or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records

from which the answer may be derived or ascertained and to afford the party serving the interrogatory reasonable opportunity to examine, audit or inspect such records and to make copies, compilations, abstracts or summaries. A [*10] specification shall be in sufficient detail to permit the interrogating party to locate and to identify, as readily as can the party served, the records from which the answer may be ascertained.

Under this rule, therefore, a responding party may refer to its business records, as opposed to providing a narrative response, if those records are clearly identified.

> 2   Former *Federal Rule of Civil Procedure 33(c)* contained virtually the identical language. The rule was renumbered in 1993 as "*33 (d).*"

The Advisory Committee notes indicate that *Rule 33(d)* relates ". . . especially to interrogatories which require a party to engage in burdensome or expensive research into his own business records to give an answer." *See Daiflon, Inc., 534 F.2d at 225-26* (quoting Advisory Committee Notes to the 1970 Amendment). In determining the relative burdens to the parties, the court must balance the costs of research, the nature of the business records, and the familiarity of the interrogated party with [*11] its own documents. *Puerto Rico Aqueduct and Sewer Authority v. Clow Corporation, 108 F.R.D. 304, 308 (D.C. Puerto Rico 1985)*.

Emhart's counsel submitted his declaration stating that all defendants are dissolved corporations with no current employees. (Meeder Dec. P 11). Counsel further declares that, as these interrogatories seek information regarding financial and business transactions that are fifty years old, counsel would be required to review, analyze, and extrapolate information from the historical business records that are part of the already-disclosed electronic database of records. (Meeder Dec. P 13). [3]

> 3   Neither party offered specific information regarding the cost involved to retrieve and compile information from these records. Based upon the present record, the Court concludes that the cost to engage in this process would be the same for either party.

Goodrich, in its Supplemental Memorandum, contends that, as Emhart has not yet produced all responsive documents, the burden cannot [*12] be the same for both parties. (Reply at 17). However, Goodrich does not clearly establish that responsive documents, which contain the answers to these interrogatories, are being withheld. Thus, the Court does not agree that, because outstanding discovery may remain, Emhart cannot rely upon *Rule 33(d)* to answer an interrogatory. Goodrich further states, with no evidentiary support, that "[i]n any event, certainly Emhart is more familiar with the corporate records of Emhart and KLI than Goodrich." (*Id.* at 17-18). The record before the Court does not establish that Emhart or KLI has any more familiarity with these records than Goodrich, as Emhart and KLI are dissolved corporations without employees. Goodrich does not point to any individual associated with these dissolved corporations (and still subject to their control) who would be familiar with the records.

The interrogatories at issue are: Interrogatory Nos. 2 and 3 from Goodrich's Second Set of Interrogatories to KLI; Interrogatory Nos. 2, 3, 4, and 8 from Goodrich's First Set of Interrogatories to KLI; and Interrogatory Nos. 1, 3, 4, 5, 8, 9, 12, 13, and 14 from Goodrich's First Set of Interrogatories to Emhart. (*See* [*13] Motion at 18-30). In general, these interrogatories seek historical information concerning the operations of Emhart or the Emhart-related entities on the 160-acre site. For example, Interrogatory No. 1 from Goodrich's First Set of Interrogatories to Emhart seeks the identity of every hazardous substance that any of these entities purchased, etc. or used in connection with operations on the site. (Motion at 23). Interrogatory No. 2 from Goodrich's Second Set of Interrogatories to KLI seeks the identity of all assets transferred from KLI to AHC between 1956 and 1965. (Motion at 19). Interrogatory No. 3 from Goodrich's Second Set of Interrogatories to KLI seeks the identity of all the liabilities transferred from KLI to AHC between 1956 to 1965. (*Id.*). The remaining interrogatories seek similar historical information about these entities.

Goodrich has not demonstrated that the burden is any greater on Goodrich than on Emhart to retrieve and compile the information responsive to such questions. In a conclusory fashion, Goodrich asserts that "certainly Emhart is more familiar" with its records than Goodrich, but there are no facts to support this assertion. As Emhart and KLI are dissolved [*14] corporations with no current employees, the re-creation of what happened in 1956 or

1965 will be as difficult and costly for Emhart as it is for any other party. Goodrich has not shown that Emhart or its counsel has any greater familiarity with these historical documents than Goodrich. Balancing the cost of the required research, the historical nature of the documents, and the absence of current employees who might have familiarity with these documents, the Court concludes that the burden is the same for Goodrich as it is for Emhart to compile the responsive information. As such, the Motion is DENIED as to the interrogatories answered by reference to *Rule 33(d)*.

## IV. CONCLUSION

For the reasons stated above, Goodrich's Motion to Compel is GRANTED in part and DENIED in part. Emhart shall provide further responses to the interrogatories that were previously objected to on the grounds that they exceeded the twenty-five interrogatory limit of *Rule 33* within thirty days of the date of this Order. No further responses are required to those interrogatories that Emhart responded to by utilizing *Rule 33(d)*.

IT IS SO ORDERED.

DATED: October *12*, 2005.

SUZANNE H. SEGAL

UNITED [*15] STATES MAGISTRATE JUDGE