# EXHIBIT M

Dockets.Justia.com



LEXSEE 31 FED. R. SERV. 2D 760



Cited
As of: Jul 13, 2009

**Connie Ann Saddler, Plaintiff v. Musicland-Pickwick International, Inc., Defendant.**

**Civil Action No. S-78-95-CA.**

**United States District Court for the Eastern District of Texas, Sherman Division.**

*1980 U.S. Dist. LEXIS 16500*; *31 Fed. R. Serv. 2d (Callaghan) 760*

**December 22, 1980.**

**COUNSEL:** [*1] Kenneth H. Molberg, Dallas, Texas, for Plaintiff.

Ronald M. Gaswirth and James L. Morris (Gardere & Wynne), Dallas, Texas, for Defendant.

**OPINION BY:** JUSTICE

**OPINION**

JUSTICE, Ch.J.: After having spent more than a year battling over the propriety of plaintiff's discovery requests in this civil action, both parties have managed to narrow their scope of disagreement to a single issue. Plaintiff seeks extensive, statistical information concerning the employment practices of defendant, including hiring, wages, fringe benefits, job classifications, and promotions. These requests, contained within a set of interrogatories served upon defendant on November 21, 1979, ask for cumulative data, rather than detailed information about identified individual employees. In order to provide specific answers to these interrogatories, the defendant would necessarily have to examine a large number of personnel records, extract the information sought, and assemble it in a comprehensible form for plaintiff's use at trial.

Rather than carrying out these tasks, defendant has responded to plaintiff's discovery requests by inviting the plaintiff to inspect the relevant records and make her own statistical [*2] compilations and summaries based upon that inspection. Such a procedure is explicitly authorized by *F.R.CIV.P. 33(c)* as follows:

Where the answer to an interrogatory may be derived or ascertained from the business records of a party upon whom the interrogatory has been served or from an examination, audit, or inspection of such business records, including a compilation, abstract, or summary thereof, and the burden of deriving or ascertaining the answer is substantially the same for the party serving the interrogatory as for the party served, it is a sufficient answer to such interrogatory to specify the records from which the answer may be derived or ascertained and to afford to the party serving the interrogatory reasonable opportunity to examine, audit, or inspect such records and to make copies, comilations, abstracts, or summaries. A specification shall be in sufficient detail to permit the interrogating party to locate and to identify as readily as can the party served, the records from which the answer may be ascertained.

Plaintiff does not deny that the answers to her interrogatories may be ascertained from an examination

Case4:07-cv-01658-PJH   Document337-35   Filed07/14/09   Page3 of 4

Page 2

1980 U.S. Dist. LEXIS 16500, *2; 31 Fed. R. Serv. 2d (Callaghan) 760

of defendant's business records. Yet plaintiff [*3] contends that mere access to those records is an insufficient response to her discovery request since the burden of deriving or ascertaining the answer is allegedly substantially greater for her than it is for the defendant. Plaintiff bases this conclusion primarily upon the defendant's obviously greater familiarity with the records in question.

As defendant properly points out, mere familarity with a set of records cannot be dispositive in weighing the comparative burdens upon plaintiff and defendant in eliciting relevant data from those records. The party which compiles and maintains its own records will invariably be more conversant upon them than its adversary in litigation. If a disparity in familiarity necessarily created an inequality in the ease of discovery, the procedure provided by *Rule 33(c)* would rarely, if ever, be utilized. But the applicability of the rule depends, not upon familiarity with a set of records, but with the relative difficulty of analyzing those records to derive the information desired. If both parties will be required to carry out an identical series of steps to obtain the information sought, the burden upon both is substantially the same as [*4] required by the rule.

At the same time, the option to produce business records in lieu of responding directly to interrogatories must not be used to subvert the discovery process. If the answers to interrogatories are readily available in a more manageable form, such as a summary or compilation, those documents, rather than the raw data on which they are based, should be turned over to the party seeking discovery. *Daiflon Inc. v. Allied Chemical Corp., 534 F.2d 221, 226 (10th Cir. 1976)*. Directing the opposing party to an undifferentiated mass of records is never a suitable response to a legitimate request for discovery. *Rule 33(c)* was amended earlier this year to prevent such dilatory tactics by imposing an affirmative duty upon the responding party to offer its records for inspection in a manner that permits the discovering party to obtain direct and economical access to the information it seeks. See Advisory Committee Note to 1980 Amendment, *Rule 33(c)*.

Defendant has submitted an affidavit subscribed by its Associate General Counsel stating that the information sought by plaintiff can be readily obtained from defendant's records. According to the affidavit:

No special [*5] skills are required to interpret Defendant's records, and the task of deriving the information sought will involve merely counting numbers and making mathematical computations therefrom.... There are no special systems or codes with which one needs to be familiar in order to derive the requested information...

The affidavit concludes that the burden of performing the clerical tasks needed to ascertain answers to plaintiff's interrogatories would as a practical matter be substantially the same for either party.

Plaintiff has not refuted this factual demonstration of substantial equality which, on its face, satisfies the standard set forth in *F.R.CIV.P. 33(c)*. While the court is sympathetic to the plight of an individual litigant faced with the considerable time and expense required to review extensive documentary evidence in preparation for trial, it has no authority to shift that burden of trial preparation to the opposing party. *Webb v. Westinghouse Elec. Corp., 81 F.R.D. 431, 436* (E.D. Pa. (1978). Given the nature of the information sought and the state of defendant's records, as represented in the affidavit submitted by defendant, the procedure for inspection authorized [*6] by *Rule 33(c)* is an appropriate response to plaintiff's interrogatories which remain at issue in this case.

This court takes quite seriously, however, the defendant's obligation to provide plaintiff with the specific records containing the information sought in a manner which contributes to the most efficient and economical compilation of relevant data. Defendant has offered to provide plaintiff with any assistance she desires in locating or interpreting its records to facilitate discovery. The court will accordingly expect the defendant to make a knowledgeable employee available to plaintiff at all times during her inspection of these documents to provide assistance as needed. If any of the information sought has been compiled or summarized to date by defendant, such compilations or summaries must be made available to plaintiff. Both parties are expected to engage in this discovery process in good faith. Dilatory or obstructive tactics will not be tolerated. If defendant does not cooperate fully with plaintiff in carrying out this discovery, the court will entertain a motion for the imposition of appropriate sanctions under *Rule 37, F.R.CIV.P.*

On the basis of the foregoing, [*7] it is accordingly Ordered:

Case4:07-cv-01658-PJH   Document337-35   Filed07/14/09   Page4 of 4

Page 3

1980 U.S. Dist. LEXIS 16500, *7; 31 Fed. R. Serv. 2d (Callaghan) 760

(1) Defendant will, within thirty days, provide plaintiff with an opportunity to inspect business records from which she can derive answers to plaintiff's interrogatories numbered 4, 5, 7, 30, 40, 47, 48, 49, 58, 59, 60, 61, 63, 66 and 67. Said inspection will be carried out in accordance with the provisions of *F.R.CIV.P. 33(c)*. Defendant will make a knowledgeable employee available to plaintiff at all times during said inspection to assist in the identification and interpretation of relevant documents;

(2) Plaintiff's motion to compel discovery filed on May 27, 1980, is Denied; and

(3) The court having found that plaintiff was substantially justified in making her motion to compel, no award of expenses shall be made in connection with the denial of said motion.