

1  Robert A. Mittelstaedt (SBN 060359)
   Jason McDonell (SBN 115084)
2  Elaine Wallace (SBN 197882)
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA  94104
4  Telephone:    (415) 626-3939
   Facsimile:    (415) 875-5700
5  ramittelstaedt@jonesday.com
   jmcdonell@jonesday.com; ewallace@jonesday.com
6
   Tharan Gregory Lanier (SBN 138784)
7  Jane L. Froyd (SBN 220776)
   JONES DAY
8  1755 Embarcadero Road
   Palo Alto, CA  94303
9  Telephone:    (650) 739-3939
   Facsimile:    (650) 739-3900
10 tglanier@jonesday.com; jfroyd@jonesday.com

11 Scott W. Cowan (Admitted Pro Hac Vice)
   Joshua L. Fuchs (Admitted Pro Hac Vice)
12 JONES DAY
   717 Texas, Suite 3300
13 Houston, TX 77002
   Telephone:    (832) 239-3939
14 Facsimile:    (832) 239-3600
   swcowan@jonesday.com; jlfuchs@jonesday.com
15
   Attorneys for Defendants
16 SAP AG, SAP AMERICA, INC., and
   TOMORROWNOW, INC.
17

18                    UNITED STATES DISTRICT COURT

19                   NORTHERN DISTRICT OF CALIFORNIA

20                       SAN FRANCISCO DIVISION

21 ORACLE USA, INC., et al.,                 Case No. 07-CV-1658 PJH (EDL)

22              Plaintiffs,                   **DECLARATION OF ELAINE
                                              WALLACE IN SUPPORT OF
23      v.                                    DEFENDANTS' MOTION FOR
                                              SANCTIONS PURSUANT TO FED. R.
24 SAP AG, et al.,                            CIV. P. 37(c) AND 16(f)**

25              Defendants.                   **EXS. D, J, K, L, P & Q REDACTED**

26                                            Date:  August 18, 2009
                                             Time:  TBD
27                                            Courtroom:  E, 15th Floor
                                             Judge:  Hon. Elizabeth D. Laporte
28

SFI-613535v1                              REDACTED WALLACE DECL. ISO RULE 37 MOT.
                                             Case No. 07-CV-1658 PJH(EDL)

1    I, ELAINE WALLACE, declare:

2    I am an associate with the law firm of Jones Day and counsel for Defendants in the above-

3  captioned matter.  I make this declaration based on personal knowledge and, if called upon to do

4  so, could testify competently thereto.

5    1.  Attached hereto as Exhibit A is a true and correct copy of Plaintiffs' Initial

6  Disclosures, served on August 16, 2007.

7    2.  On January 28, 2008, Defendants filed a motion to compel with Special Discovery

8  Master, Judge Legge.  Among the subjects covered by the motion was Oracle's refusal to provide

9  damages discovery.  Specifically, Defendants moved to compel Oracle to provide further

10  responses to Defendants' Requests for Production ("RFPs") 65, 66, 70, 71, 79, 101, and 107 and

11  to Defendants' Interrogatory No. 5.  Defendants stated on page 7 of their motion that: "Plaintiffs

12  have stonewalled discovery into their alleged damages on grounds that the 'the law does not

13  require Oracle to prematurely state all the bases for its damages.'  We strongly believe that

14  substantial productive discovery into damages issues must occur immediately.  Postponing this

15  discovery would prejudice defendants and the defense damages expert, in light of the non-expert

16  discovery cutoff of July 25, 2008 and the schedule for expert discovery."  A true and correct copy

17  of the relevant excerpt (pages 7 through 9) from Defendants' January 28, 2008 letter brief is

18  attached hereto as Exhibit B.

19    3.  Oracle filed its opposition to Defendants' first motion to compel on February 7,

20  2008.  Oracle refused to produce any additional documents or information responsive to

21  Defendants' damages related discovery requests, arguing on pages 10 through 13 of its opposition

22  that the documents and information already produced or in the process of being produced

23  satisfied Oracle's discovery obligations and that any additional discovery would be "not relevant,

24  overbroad, unduly burdensome or premature."  A true and correct copy of the relevant excerpt

25  (pages 10 through 13) of Oracle's February 7, 2008 letter brief is attached hereto as Exhibit C.

26    4.  Judge Legge denied Defendants' motion, recommending instead that damages

27  discovery be deferred until after liability discovery.  Dkt. 68 at 9.

28

SFI-613535v1

1    5.    On February 19, 2008, the case was reassigned from Judge Jenkins to Judge

2  Hamilton.  In the parties' Joint Case Management Statement filed on April 17, 2008, Oracle

3  requested that damages discovery be deferred until after discovery on liability.  Dkt. 76 at 16.

4  Defendants opposed that request on the ground that damages discovery was essential to making

5  meaningful progress towards a resolution of the case.  *Id.* at 18, 22, 24-25.  Defendants also

6  pointed out that more than one year after filing suit, Oracle still had not disclosed its damages

7  theories and that its failure to do so was seriously prejudicing Defendants' ability to prepare a

8  response to Oracle's damages expert.  *Id.* at 24-25.  At her first Case Management Conference in

9  the case, on April 24, 2008, Judge Hamilton denied Oracle's request to defer damages discovery.

10  Dkt. 77 (Civil Minutes) ("The court informs the parties that all discovery is open including

11  damages discovery.").

12    6.    Defendants have raised Oracle's failure to disclose its damages theories multiple

13  times in the parties' Joint Discovery Statements.  *See, e.g.,* Dkt. 102 (June 24, 2008 Statement) at

14  13; Dkt. 178 (October 3, 2008 Statement) at 9; and Dkt. 312 (May 19, 2009 Statement) at 8.

15  Defendants have also raised it in connection with the mediation and two settlement conferences

16  ordered by the Court based on Defendants' belief that Oracle's refusal to articulate its damages

17  theories is the primary obstacle to resolution of this case.

18    7.    Attached hereto as Exhibit D is a true and correct copy of Plaintiffs' responses to

19  Defendants' Interrogatory No. 5.

20    8.    Attached hereto as Exhibit E is a true and correct copy of Plaintiffs' responses to

21  Defendants' RFP Nos. 67, 68, 70, 107, and 111 to 113, served on September 14, 2007.

22    9.    Oracle agreed early in the case to produce contract files for customers allegedly

23  lost to TN.  More than a year ago, in June 2008, Oracle represented to the Court that its

24  production of contract files was complete other than some "minor clean-up."  Dkt. 102 at 8, n. 5.

25  That turned out not to be the case.  Over the course of the next year, Defendants determined that

26  the files Oracle had produced were missing or incomplete for literally dozens of customers.  The

27  parties exchanged multiple meet and confer letters and Defendants raised the issue at several

28  discovery conferences.  Oracle subsequently produced multiple additional files.  Oracle was still

1   producing contract files as of June 11, 2009, one year after representing that its production was

2   substantially complete.

3          10.     Attached hereto as Exhibit F is a true and correct copy of an August 27, 2008

4   email from Briana Rosenbaum, counsel for Oracle, to Jason McDonell, counsel for Defendants,

5   regarding Oracle's agreement to produce customer-specific financial reports for customers

6   allegedly lost to TN and pricing information for "products at issue in the litigation."  Oracle did

7   not purport to "complete" its production of customer-specific financial reports until April 2009,

8   and its production is still missing reports or portions of reports for numerous customers for which

9   Oracle claims the information cannot be provided.  Oracle has not produced customer-specific

10  financial reports for non-TN customers.

11         11.     The search term list that both sides use in connection with producing documents in

12  this case was developed by Oracle and supplemented by Defendants.  In supplementing the list,

13  Defendants included the names of Oracle customers who became TN customers.  However, based

14  on Oracle's position that TN customers are the only relevant customers, no effort was made to

15  identify or include in the search term list any actual or prospective Oracle customers that did not

16  become TN customers.  To date, Oracle has produced approximately 520,000 Bates numbered

17  documents and approximately 80 of the 103 custodians identified by Defendants.  Based on the

18  substantial amount of time I have spent tracking the progress of Oracle's production and

19  reviewing Oracle documents, I believe that the vast majority of material Oracle has produced to

20  date (aside from electronic databases such as the Customer Connection databases) consists of

21  custodian productions and productions from group email addresses, such as the OSSInfo group

22  email address.  Since the search term list does not include non-TN customers, these productions

23  likely exclude many documents relevant to non-TN customers.  A large portion of Oracle's

24  production also consist of customer contract files, which have been produced only for TN

25  customers.

26         12.     Attached hereto as Exhibit G is a true and correct copy of the parties' November

27  2008 Expanded Discovery Timeline Agreement.  A copy of the agreement was submitted to the

28  Court on November 18, 2008 as Exhibit A to the parties' Joint Discovery Conference Statement.

13.     Attached hereto as Exhibit H is a true and correct copy of Plaintiffs' Responses and Objections to Defendants' First Notice of Deposition of Plaintiff Oracle Corp. Pursuant to Fed. R. Civ. P. 30(B)(6), served on June 23, 2008.

14.     Attached hereto as Exhibit I is a true and correct copy of a November 20, 2008 email from my colleague, Scott Cowan, to Briana Rosenbaum, counsel for Oracle, agreeing to remove certain custodians from Defendants' list of requested Oracle custodians.  The November 20 email was sent in response to November 3, 2008 email from Ms. Rosenbaum, also contained in Exhibit I, requesting that Defendants remove custodians whom Oracle claimed had no involvement in activities relating to TomorrowNow.  The November 3 emails states:  "From the names you've chosen to date, it is starting to become apparent that Defendants are attempting to misuse the discovery process in an effort to go fishing through our documents for competitive intelligence documents that they wouldn't otherwise have been entitled to.  Considering the testimony Defendants have received from Oracle's 3(b)(6) (*sic*) witnesses that Oracle's competitive intelligence group has little, if anything, to do with TomorrowNow, it's unclear how most of these choices helps with a defense in this action.  This is just a waste of time and money."

15.     Attached hereto as Exhibit J is a true and correct copy of excerpts from the May 5, 2009 deposition of Larry Ellison.

16.     Attached hereto as Exhibit K is a true and correct copy of excerpts from the April 17, 2009 deposition of Charles Phillips.

17.     Attached hereto as Exhibit L is a true and correct copy of excerpts from the May 13, 2009 deposition of Juergen Rottler.

18.     Attached hereto as Exhibit M is a true and correct copy of a letter I sent to Geoffrey Howard, counsel for Oracle, on May 14, 2009.

19.     Attached hereto as Exhibit N is a true and correct copy of a letter I sent to Geoffrey Howard, counsel for Oracle, on May 19, 2009.

20.     Attached hereto as Exhibit O is a true and correct copy of a May 22, 2009 letter to me from Zachary Alinder, counsel for Oracle.

21.     Attached hereto as Exhibit P is a true and correct copy of the relevant excerpt (pages 44 through 50) from Plaintiffs' Supplemental and Amended Initial Disclosures, served on May 22, 2009.

22.     Attached hereto as Exhibit Q is a true and correct copy of a document produced by Oracle and marked as Exhibit 440 in the May 13, 2009 deposition of Juergen Rottler.

23.     Attached hereto as Exhibit R is a true and correct copy of a September 2, 2008 email from Briana Rosenbaum, counsel for Oracle, to me.

24.     On June 25, 2009, I participated in a telephonic meet and confer with Oracle's counsel regarding the bases for this motion.  When I pointed out that Oracle had not produced contract files for non-TN customers, Holly House, counsel for Oracle, indicated that Oracle was about to produce a "whole bunch of that stuff."  When my colleague, Scott Cowan, asked how many non-TN customer contract files Oracle intended to produce, Oracle's counsel answered that she did not know but suggested "maybe 50."  Later in the same discussion, Ms. House indicated that the reason Oracle had not produced this kind of material before was because Oracle had not been focused on these issues.  Ms. House also stated that the case is now in " a new phase" as a result of the recent extension of the case schedule.

25.     The parties' meet and confer regarding the issues in this motion began on May 19, 2009, with a letter I sent to Geoff Howard, counsel for Oracle, reminding him of the limitations that Oracle had imposed on discovery and requesting confirmation that Oracle would not pursue damages claims inconsistent with those limitations.  I received a response on May 22 from Zachary Alinder, also counsel for Oracle, indicating that Oracle did intend to pursue such claims.  Defendants raised the issue at the May 26 discovery conference.  On May 26 and June 3, Oracle's counsel sent emails to Defendants' counsel requesting information on the bases for the motion.  The parties held a telephonic meet and confer on June 4, and subsequently exchanged letters on June 4, June 5, June 12, and June 16.  The issue was raised again in the parties' June 18 Joint Discovery Conference Statement and the parties held a further telephonic meet and confer on June 25.  The issue was discussed further at the June 30 discovery conference and was the subject of email communications between the parties on July 1, July 6, July 8, and July 9.  The parties

1  held a final telephonic meet and confer on July 9.  During this meet and confer process, the

2  parties were able to resolve one issue relating to Oracle's request for discovery of TN customers

3  that also became SAP customers.  The parties' were not, however, able to resolve any of the

4  issues in the present motion.

5          26.    The parties began discussing Oracle's request to extend the case schedule in mid-

6  March 2009.  The parties engaged in extensive negotiations on the issue from then until the filing

7  of the parties' joint administrative motion to modify the case schedule on May 12, 2009.  Dkt.

8  304.  During those negotiations, Oracle's counsel informed Defendants'' counsel of their view

9  that the case schedule needed to be extended to address Siebel issues, alleged "post-litigation"

10  activities by TN, and additional discovery on TN's support activities purportedly made necessary

11  by the parties' inability to reach agreement on an extrapolation method.  No other reasons for the

12  extension were provided by Oracle's counsel or discussed between Oracle's and Defendants'

13  counsel.

14          27.    On June 30, 2009, Oracle produced approximately 195 pages of documents that it

15  described in a cover letter as a "production of customer contracts for customers who received

16  discounts on support."  I have reviewed that production and determined that it does not contain

17  any customer contracts at all.  It largely consists of support services renewal letters, invoices, and

18  purchase orders for 8 customers.  As noted in the accompanying declaration of Stephen Clarke,

19  the documents do not evidence any reduction in fees except for perhaps 1 of the 8 customers, and

20  there is no indication that the potential reduction in that case was related to TN.

21          I declare under penalty of perjury under the laws of the United States and the State of

22  California that the foregoing is true and correct.

23          Executed this 14th day of July, 2009 in San Francisco, California.

24

25                                          /s/ Elaine Wallace
                                            Elaine Wallace
26

27

28