# Exhibit J

Dockets.Justia.com

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>    Plaintiffs,<br><br>  v.<br><br>SAP AG, et al.,<br><br>    Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**DEFENDANTS' MOTION TO COMPEL DISCOVERY RELEVANT TO PLAINTIFFS' COPYRIGHT CLAIMS**<br><br>Date: May 19, 2009<br>Time: TBD<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

## NOTICE OF MOTION

**PLEASE TAKE NOTICE** that on May 19, 2009, at a time to be determined by the Court, in Courtroom E, 15th Floor, 450 Golden Gate Avenue, San Francisco, defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. ("Defendants") will move the Court for an order compelling plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Ltd ("Oracle" or "Plaintiffs") to produce the documents and information described below.

This motion is based on the Notice of Motion, Motion, and Memorandum of Points and Authorities incorporated herein, and on the accompanying Declaration of Elaine Wallace.

## RELIEF REQUESTED

Defendants seek an order compelling Oracle, by May 29, 2009 to:

1. Produce a complete copy of all software and other materials purportedly covered by the copyright registrations it alleges were infringed (along with software license activation codes sufficient to allow Defendants access to the software), or, in the alternative, provide written confirmation that its copyright infringement claims exclude the materials not produced;

2. Supplement its response to Interrogatory No. 13 to specifically identify the preexisting material for each derivative work, and, to the extent that Oracle is permitted to rely on the Customer Connection databases pursuant to Rule 33(d) in its response, to: (a) provide whatever technical assistance is required to ensure that Defendants can access and use them; and (b) identify the specific locations where the responsive information can be found for each derivative work;

3. (a) Produce all remaining nonprivileged documents in its possession, custody, or control relating to the acquisition, assignment, or transfer of the registered works, and any preexisting materials upon which they are based, including documents relating to PeopleSoft, Inc.'s ("PeopleSoft") acquisition of technology developed by The Vantive Corporation ("Vantive"), Red Pepper Software Company ("Red Pepper Software"), and Distinction Software, Inc. ("Distinction Software");

   (b) Confirm in writing that it has produced all materials described in 3(a) above located after a diligent search of all locations at which such materials might plausibly exist; and

1        (c) Produce all documents on which it intends to rely to meet its burden of proving
2  copyrightability and ownership for three Registered Works to which no presumption of validity
3  applies.

## MEMORANDUM OF POINTS AND AUTHORITIES

**I.    INTRODUCTION.**

More than two years after filing this lawsuit, Oracle still has not provided basic discovery necessary to support its copyright claims. Oracle has failed to produce copies of almost half the works identified in the complaint (the "Registered Works"), despite its agreement to produce them and Judge Legge's order that it do so. Its failure (or inability) to produce this material is critical not only to Defendants' ability to defend the case, but for the parties and the Court to determine which Registered Works will remain in the litigation.

Oracle has also failed (or otherwise been unable) to identify the preexisting material on which the derivative Registered Works are based. Derivative works comprise the majority of works at issue in the case. Since a copyright in a derivative work extends only to new – as opposed to preexisting – material, Oracle must either prove what is new (and provide related discovery) or give up those claims.

Finally, Oracle still has not completed its production of documents relevant to proving current ownership and chain of title for each of the Registered Works. Oracle's apparent inability to provide this key information and locate relevant documents has been an ongoing problem that has led to serial amendments of the complaint, including changing its roster of copyright Plaintiffs. Oracle brought this case. Oracle controlled and controls its affiliates and the related agreements. There is no excuse for Oracle's continued delay.

Oracle has resisted the discovery sought by this motion – and copyright discovery generally – based on its erroneous view that the presumption of validity eliminates its discovery obligations. However, the presumption of validity is immaterial to Oracle's obligation to produce the information requested by this motion. A copyright plaintiff must support its claims, even Oracle.

## II. RELEVANT FACTS.

### A. Oracle's Failure to Produce Copies of All Registered Works.

Oracle alleges infringement of materials covered by eighty-three copyright registrations (the "Registered Works"). TAC, ¶¶ 153-155; *see also* Wallace Decl., ¶ 1, Exh. A (Registrations Summary).[1] Of the eighty-three Registered Works, fifty-six purportedly consist of software, fifteen of software and user documentation, and twelve of user documentation alone. Wallace Decl., ¶ 2. Nine of the Registered Works purportedly consist of "current development environments" for various J.D. Edwards ("JDE") products. Wallace Decl., Exh. A.

On July 26, 2007, the first day of discovery, Defendants asked Oracle to produce a complete copy of each Registered Work. Wallace Decl., ¶ 3, Exh. B (RFP No. 63). Oracle largely agreed, but not as to the current development environments (*id*.), so Defendants moved to compel in January 2008. Wallace Decl., ¶ 4. Oracle confirmed both in its response to Defendants' motion and at the hearing with Judge Legge its agreement to produce a copy of each Registered Work, except for the current development environments.[2] Wallace Decl., ¶ 5; *see also* ¶ 7, Exh. C (2/13/08 Hearing Tr. at 134:18-143:23). Oracle argued that it should not be required to produce copies of the allegedly infringed portions of the current development environments because it would be duplicative of its production of other Registered Works. *Id.* Judge Legge agreed and ordered production of Registered Works other than the current development environments. Wallace Decl., Exh. D (2/22/08 Report and Recommendation), at 7-8. Judge Legge further ordered Oracle to identify the specific Registered Works it contends were infringed. *Id.*

More than a year later, Oracle still has not produced all of the Registered Works. In fact, it has yet to produce thirty-one of them (not including the development environments discussed above). *See* Wallace Decl., Exh. A. Defendants need a date certain by which Oracle must produce the remaining Registered Works or, in the alternative, confirm that its infringement

---

[1] All references to "Wallace Decl." are to the accompanying Declaration of Elaine Wallace.

[2] Oracle has identified additional Registered Works since the time of Defendants' motion to compel and agreed in subsequent meet and confers to produce copies of those as well. Wallace Decl. ¶ 6.

SFI-607080v1

- 3 -

DEFS.' COPYRIGHT MOT. TO COMPEL
Case No. 07-CV-1658 PJH(EDL)

1 claims do not include any of the Registered Works it has failed to produce.

2 In light of the amount of time that has passed and discovery that has been done since
3 Judge Legge's order, and in light of Oracle's failure to produce copies of several JDE Registered
4 Works, Defendants have asked Oracle to confirm whether it has changed its position that
5 production of the JDE current development environments would be duplicative of other
6 productions. Wallace Decl., ¶ 9. Defendants have not yet received a response to that question.
7 *Id.* As discussed below, to the extent that Oracle fails to produce the materials upon which it
8 based its argument that production of the development environments would be duplicative,
9 Defendants seek an order from the Court requiring Oracle to produce the current development
10 environments.

11 **B.** **Oracle's Failure To Identify Preexisting Material In Its Derivative Works**
12 **Registrations.**

13 Fifty-two of the eighty-three Registered Works are derivative works, *i.e.* works "based
14 upon one or more preexisting works." 17 U.S.C. § 101; *see also* Wallace Decl., Exh. A. The
15 majority of the registrations for these derivative works identify the preexisting material simply as
16 "previously published versions" of the registered work, or some variation of that language, with
17 no further detail as to which previous version(s), or portion(s) thereof, they include. *Id.* This is
18 true even with respect to Registered Works that purport to be the "initial" release of a product.
19 *Id.*

20 In June 2008, Defendants served a Rule 30(b)(6) deposition notice to Oracle requesting
21 testimony on the following topic:

22  6. For each of the Registered Works registered as a derivative work,
identification of the author, current owner, any previous owners, content, creation
23  date, publication date, and copyright registration number (if applicable), of the
pre-existing works from which those Registered Works are derived.
24

25 Wallace Decl., Exh. E (Rule 30(b)(6) Notice), at 6. Oracle objected that this subject matter is
26 more appropriate for an interrogatory response. Wallace Decl., ¶ 11. Defendants agreed that
27 Oracle could supplement its response to Defendants' Interrogatory No. 13 in lieu of providing
28 deposition testimony, but reserved the right to seek deposition testimony should the response be

SFI-607080v1

- 4 -

DEFS.' COPYRIGHT MOT. TO COMPEL
Case No. 07-CV-1658 PJH(EDL)

It is important to distinguish between preexisting and new material because the copyright in a derivative work covers only the new material. *See* Copyright Office Circular 41, at 2 ("The copyright in a derivative work covers only the additions, changes, or other new material appearing for the first time in the work. It does not extend to any preexisting material and does not imply a copyright in that material."); *see also* 17 U.S.C. § 103(b). Thus, for example, Oracle's alleged copyright in PeopleSoft 8 Student Administration Solutions (TX 5-431-289), or PeopleSoft 8.8 Enterprise Performance Management (TX 5-993-616), or PeopleSoft Financials 7.5 (TX 4-792-574) does not extend to any material from the previously published versions upon which these works are based.[8] Wallace Decl., Exh. A.

Oracle may argue (as it has consistently done for all aspects of copyright related discovery) that it has no obligation to identify preexisting material because most (although not all) of the Registered Works qualify for the presumption of validity. However, the presumption of validity is immaterial to the derivative works question. Presumption or not, the scope of Oracle's claim to a given derivative work cannot, as a matter of law, extend beyond the new material contained in that work. *See* 17 U.S.C. § 103(b). ==Accordingly, Oracle's claim to any version of software that is based on "previous versions" extends only to the new material in the new version.== It is thus critically important that Oracle specify for each version what material is new and what was preexisting. This is particularly true for products for which only one version is at issue in the case. The three products named above represent a few examples of Registered Works that fall into this category. However, it is also true for products for which more than one version is at issue, especially where the earliest release at issue in the case is registered as a derivative work based on previous versions not at issue. Wallace Decl., Exh. A (the PeopleSoft HRMS and PeopleTools product lines, for example).[9]

---

[8] These are just a few examples. The complete list of Oracle's fifty-two derivative work registrations is attached as Exhibit A to the Wallace Declaration.

[9] Oracle's refusal to articulate a damages theory only compounds the derivative works problem. If, as it has indicated, Oracle intends to pursue a royalty on a per fix or per object basis, it becomes even more critical to delineate the exact scope of the material covered by each registration.

SFI-607080v1

- 9 -

DEFS.' COPYRIGHT MOT. TO COMPEL
Case No. 07-CV-1658 PJH(EDL)