# Exhibit L

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>        Plaintiffs,<br><br>    v.<br><br>SAP AG, et al.,<br><br>        Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF THEIR MOTION TO COMPEL DISCOVERY RELEVANT TO PLAINTIFFS' COPYRIGHT CLAIMS**<br><br>Date: May 19, 2009<br>Time: 2:00 pm<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

SFI-609022v1

DEFS.' REPLY RE COPYRIGHT
MOT. TO COMPEL; Case 07-CV-1658 PJH(EDL)

Nimmer, §7.16[B][2][c]. The first condition is that the owner of the derivative work must own the preexisting work as well. *Id.*; *see also Xoom, Inc. v. Imageline, Inc.*, 323 F.3d 279, 284 (4th Cir. 2003) ("because Imageline owned copyright in SuperBundle and Master Gallery and in the underlying works of each, its registration of SuperBundle and Master Gallery was sufficient to permit an infringement action on the underlying parts, whether they be new or preexisting."); *Streetwise Maps, Inc. v. VanDam, Inc.*, 159 F.3d 739, 747 (2d Cir. 1998) ("because Streetwise is the owner of the copyright of both the derivative and pre-existing work, the registration certificate relating to the derivative work … will suffice to permit it to maintain an action for infringement…of the pre-existing work.").[2]

The second condition is that the derivative work must include *all the features* of the underlying work on which the infringement claim is based. Nimmer, § 7.16[B][2][c], n.105.7 ("The assumption is that the derivative work that is registered embodies all the features of the underlying work on which suit is premised."); *see also Streetwise Maps*, 159 F.3d at 746-47 (derivative and underlying street maps identical except for the addition of new subway and bus notations in the derivative map); *Apple Computer*, 35 F.3d at 1440 (noting that the derivative work was "not incrementally different" from the underlying work in any respect material to the infringement claim).[3]

If there is a "disconnect," as Nimmer puts it, between the underlying work and the material incorporated into the derivative work, then the answer to whether suit can proceed is "no." Nimmer, § 7.16[B][2][c], n.105.7. Nimmer likens this situation to one in which it is the underlying work, not the derivative work, that is registered. *Id.* In that circumstance, a claim for

---

[2] *See also Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1447 (9th Cir. 1994) (permitting Apple to sue for copying of material that appears in both the derivative and underlying work "[b]ecause Apple owns the copyrights in both …."); *Richmond Homes Mgmt, Inc. v. Raintree, Inc.*, 862 F.Supp. 1517, 1526 (W.D. Va. 1994) (permitting suit based on the derivative work registration based on evidence that plaintiff owned the preexisting work as well); *Computer Assocs. Int'l, Inc. v. Altai, Inc.*, 775 F.Supp. 544, 555-57 (E.D.N.Y. 1991) (as owner of both the underlying and new material, plaintiff's registration of the derivative work was sufficient to permit it to maintain an action for infringement of the underlying material).

[3] *See also Xoom*, 323 F.3d at 281 (finding that all of the underlying clip art was contained in the derivative works at issue); *Richmond Homes*, 862 F.Supp. at 1521 ("The floor plans of the [preexisting work and derivative work] are essentially the same …."); *Computer Assocs.*, 775 F.Supp. at 555-56 (noting that the unregistered underlying work (ADAPTER) was contained within the registered derivative work).

SFI-609022v1

- 3 -

DEFS.' REPLY RE COPYRIGHT MOT. TO COMPEL; Case 07-CV-1658 PJH(EDL)

1 infringement of the new material in the derivative work would require belated registration of the
2 derivative work. This would cure the jurisdictional defect but prevent the recovery of heightened
3 remedies such as statutory damages or attorneys' fees. *Id.* at § 7.16[B][2][b].

Simply put, either of the following scenarios limits the scope of a plaintiff's copyright claim and/or available remedies: (1) the allegedly infringed portions of the preexisting work are not part of the derivative work at issue in the case; or (2) the allegedly infringed portions of a late-registered derivative work do not include the material from the timely registered preexisting work. Both of these scenarios are relevant here.[4]

### 2. The cases Oracle cites confirm that the requested discovery is both relevant and necessary.

The purpose of the requested discovery is to obtain facts relevant to the two preconditions discussed above, *i.e.* facts regarding the chain of title, content, and registration status of the preexisting works:

> 6. For each of the Registered Works registered as a derivative work, identification of the author, current owner, any previous owners, content, creation date, publication date, and copyright registration number (if applicable), of the pre-existing works from which those Registered Works are derived.[5]

None of the cases cited by Oracle suggests that this discovery should be denied. On the contrary, each case was decided at trial or on summary judgment based on an evidentiary showing that both preconditions had been met. *See, e.g., Computer Assocs.*, 775 F.Supp. at 556 (appeal following trial, finding that "[i]f there were evidence that the ADAPTER code had been placed in the public domain, or were owned by someone other than CA, Altai's argument that the derivative nature of the registration did not extend to the ADAPTER code would be compelling. However, there is no such evidence. On the contrary, the undisputed evidence establishes that

---

[4] Thirty-five of the derivative works at issue here were registered belatedly and thus do not qualify for remedies such as statutory damages and attorneys' fees. Wallace Decl., Exh. A (identifying the thirty-five Registered Works not registered until 2007).

[5] As discussed in Defendants' opening brief, Defendants initially requested a Rule 30(b)(6) deposition on this topic but agreed, at Oracle's request, to a supplemental interrogatory response instead (Interrogatory No. 13). Mot. at 4-5. Defendants plan to pursue a Rule 30(b)(6) deposition on the related topic of identification of new material in each derivative work upon resolution of this motion. *Id.* at 6, n.4.