1   BINGHAM McCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
2   GEOFFREY M. HOWARD (SBN 157468)
    HOLLY A. HOUSE (SBN 136045)
3   ZACHARY J. ALINDER (SBN 209009)
    BREE HANN (SBN 215695)
4   Three Embarcadero Center
    San Francisco, CA  94111-4067
5   Telephone:  (415) 393-2000
    Facsimile:   (415) 393-2286
6   donn.pickett@bingham.com
    geoff.howard@bingham.com
7   holly.house@bingham.com
    zachary.alinder@bingham.com
8   bree.hann@bingham.com

9   DORIAN DALEY (SBN 129049)
    JENNIFER GLOSS (SBN 154227)
10  500 Oracle Parkway, M/S 5op7
    Redwood City, CA  94070
11  Telephone:  (650) 506-4846
    Facsimile:   (650) 506-7114
12  dorian.daley@oracle.com
    jennifer.gloss@oracle.com
13

14  Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle International Corporation, and
15  Oracle EMEA Limited

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19  ORACLE USA, INC., *et al.*,              CASE NO.  07-CV-01658 PJH (EDL)

20              Plaintiffs,                  **DECLARATION OF JENNIFER**
        v.                                   **GLOSS IN SUPPORT OF**
21                                           **PLAINTIFFS' RESPONSE TO**
    SAP AG, *et al.*,                        **DEFENDANTS' ADMINISTRATIVE**
22                                           **MOTION TO FILE PLAINTIFFS'**
              Defendants.                    **DOCUMENTS UNDER SEAL**
23
                                             Date:  August 18, 2009
24                                           Time: TBD
                                             Place:  Courtroom E, 15th Floor
25                                           Judge: Hon. Elizabeth D. Laporte

26

27

28
                                             Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF JENNIFER GLOSS IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE PLAINTIFFS' DOCUMENTS UNDER SEAL

Dockets.Justia.com

1    I, Jennifer Gloss, declare as follows:

2        1.      I am an attorney licensed to practice law in the State of California and am Senior

3    Corporate Counsel at Oracle USA, Inc. ("Oracle").  I have personal knowledge of the facts stated

4    within this Declaration and could testify competently to them if required.

5        **Exhibits Submitted in Support of Defendants' Motion for Sanctions**

6        2.      I have reviewed the documents and testimony identified as Exhibits D, J, K, L, P

7    and Q of the Declaration of Elaine Wallace in support of Defendants' Motion for Sanctions

8    Pursuant to Fed. R. Civ. P. 37(c) and 16(f) (the "Wallace Declaration").  Other than Exhibit D,

9    which Oracle agrees can be filed publicly, each of these exhibits contains non-public,

10   commercially sensitive and confidential information, the disclosure of which would create a risk

11   of significant competitive injury and particularized harm and prejudice to Oracle.

12       3.      Oracle has narrowly tailored its request by only requesting redaction or sealing of

13   the specific passages, documents and information that contain the most commercially sensitive

14   and confidential information.  These exhibits contain the following types of confidential and

15   commercially sensitive information justifying their protection under the sealing rules of this

16   Court, including Rule 26(c), Local Rule 79-5, and this Court's Standing Order on Confidential

17   and Sealed Documents, particularly given that the cited testimony and documents come from the

18   highest possible executive levels at Oracle:

19               a.   Ex. J  contains testimony from the deposition of Larry Ellison, Oracle's

20                    CEO, taken May 5, 2009 (pages 10-17 and 64-65). These portions of Mr.

21                    Ellison's testimony contain non-public, commercially sensitive and

22                    confidential financial figures and estimates with regard to harm Oracle

23                    has suffered, as well as non-public, commercially sensitive statements

24                    regarding internal competitive strategy.  The disclosure of such

25                    confidential information would create a risk of significant competitive

26                    injury and particularized harm and prejudice to Oracle.

27               b.   Ex. K contains testimony from the deposition of Charles Phillips,

28                    Oracle's co-President, taken April 17, 2009 (pages 17-21).  These

1        portions of Mr. Phillips' testimony contain non-public, commercially

2        sensitive and confidential financial figures and estimates with regard to

3        harm Oracle has suffered, non-public, commercially sensitive and

4        confidential internal competitive strategies, and non-public, commercially

5        sensitive and confidential information concerning Oracle's business

6        model and related strategic policies.  The disclosure of such confidential

7        information would create a risk of significant competitive injury and

8        particularized harm and prejudice to Oracle.

9      c.   Ex. L contains testimony from the deposition of Juergen Rottler,

10        Executive Vice President Oracle Customer Services, taken May 13, 2009

11        (pages 33-44, 47-54, 80-82, 90-97, 200-201 and  254).   Portions of Mr.

12        Rottler's testimony contain discussions of confidential, commercially

13        sensitive and internal customer negotiations, as well as Oracle's internal

14        analyses and decision-making and approvals procedures relating to such

15        confidential negotiations and exceptions to Oracle's standard policies.

16        They also contain private and confidential customer-specific financial

17        information, non-public, commercially sensitive and confidential

18        information regarding Oracle's pricing strategies and approvals processes,

19        and non-public, commercially sensitive and confidential information

20        regarding competitive strategy.  The disclosure of such confidential

21        information would create a risk of significant competitive injury and

22        particularized harm and prejudice to Oracle.

23      d.   Ex. P consists of pages 44-51 of Plaintiff's May 22, 2009 Supplemental

24        and Amended Initial Disclosures.   Oracle has narrowly tailored its

25        request by only requesting redaction or sealing of the specific number

26        calculations included in these Disclosures.  Those specific financial

27        calculations are non-public, commercially sensitive and confidential.  The

28        disclosure of such confidential information would create a risk of

DECLARATION OF JENNIFER GLOSS IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE PLAINTIFFS' DOCUMENTS UNDER SEAL

1          significant competitive injury and result in particularized harm and

2          prejudice to Oracle.

3      e.   Exhibit Q consists of Exhibit 440 to deposition of Juergen Rottler,

4          Executive Vice President Oracle Customer Services.  This exhibit is

5          comprised of an email from Mr. Rottler, dated November 11, 2005, sent

6          to a high-level approvals organization, Gary Miller, Priscilla Morgan and

7          Juan Jones (Bates stamped ORCL00319502-00319506).  Exhibit Q is an

8          internal email exchange among a handful of senior Oracle employees

9          involved in Oracle's support pricing and customer negotiations which

10         contains confidential, commercially sensitive, internal customer negotiations, as

11         well as Oracle's internal analyses and decision-making and approvals

12         procedures regarding such confidential negotiations and policy exceptions.  In

13         addition, this document contains private and confidential customer-specific

14         financial information.  Absent the requested sealing, Exhibit Q would

15         provide valuable insight into Oracle's pricing and support strategies,

16         giving Oracle's current and prospective customers and Oracle's

17         competitors specific competitive leverage to use against Oracle.  The

18         disclosure of such confidential information would create a risk of

19         significant competitive injury and particularized harm and prejudice to

20         Oracle.

21      4.     Portions of Defendants' Motion for Sanctions and portions of the Declaration of

22  Stephen K. Clarke in Support of Defendants' Motion for Sanctions (the "Clarke Declaration")

23  contain quotes or other descriptions from documents identified herein that have been designated

24  by Oracle as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes

25  Only."   Oracle has narrowly tailored its request by only requesting redaction or sealing of the

26  specific passages that contain non-public, commercially sensitive confidential information, the

27  disclosure of which would create a significant risk of competitive injury and particularized harm

28  and prejudice to Oracle.  Those passages include direct quotation of the confidential deposition

1   testimony described above in Paragraph 3(a) above, and contained in the Clarke Declaration, as

2   well as internal commercially sensitive customer financial information contained in paragraph 27

3   of the Clarke Declaration.  Defendants' Motion for Sanctions quotes liberally from the

4   confidential, commercially sensitive deposition testimony and documents discussed in Paragraph

5   3 above, including on pages 10-12, 16-19 and 22-23.  Consistent with Paragraph 3 above, the

6   disclosure of such confidential information would create a risk of significant competitive injury

7   and particularized harm and prejudice to Oracle.

8          5.       Plaintiffs have protected information in Exhibits J, K, L, P and Q from improper

9   public disclosure through the Stipulated Protective Order that is designed to prevent the Parties'

10  private commercial information from being improperly disclosed.  Under the terms of that Order,

11  Plaintiffs designated certain documents, deposition transcripts and discovery responses

12  containing private commercial information as either "Confidential" or "Highly Confidential -

13  Attorneys' Eyes Only" prior to producing such documents in the course of discovery.  As

14  attested to above, Exhibits J, K, L, P and Q contain certain information taken from documents

15  and testimony that was designated either "Confidential" or "Highly Confidential - Attorneys'

16  Eyes Only".  Absent the requested sealing, these exhibits would provide valuable insight into

17  Oracle's competitive strategies, financial systems, pricing structures, and internal corporate

18  structure, giving current and prospective customers and competitors specific leverage to use

19  against Oracle.  Further, Oracle has narrowly tailored its request for sealing by agreeing that the

20  testimony and information contained in the above exhibits and pleadings, but not discussed in the

21  paragraphs above, may be filed publicly.

22

23  **Exhibits Submitted in Support of Defendants' Motion to Compel Production of**

24  **Financial Information**

25         6.       I also have reviewed the documents identified as Exhibits 2, 6, 7, 8, 9, 10, 11, 18

26  and 19 to the Declaration of Jason McDonell in Support of Defendants' Motion to Compel

27  Production of Financial Information of Plaintiffs (the "McDonnell Declaration").  Each of these

28  exhibits contains non-public, commercially sensitive and confidential information the disclosure

DECLARATION OF JENNIFER GLOSS IN SUPPORT OF PLAINTIFFS' RESPONSE TO DEFENDANTS' ADMINISTRATIVE
MOTION TO FILE PLAINTIFFS' DOCUMENTS UNDER SEAL

1    of which would create a risk of significant competitive injury and particularized harm and

2    prejudice to Oracle.

3         7.        Oracle has narrowly tailored its request by only requesting redaction or sealing of

4    the specific passages and information that contain the most commercially sensitive and

5    confidential information.  These exhibits contain the following types of confidential and

6    commercially sensitive information justifying their protection under Rule 26(c) and Local Rule

7    79-5, particularly given that it includes cited testimony from the highest possible executive levels

8    at Oracle:

9              a.   Ex. 2 consists of a Letter from Jason McDonnell to Holly House, dated

10                  July 13, 2009.  This exhibit contains quotations and recitations of non-

11                  public, commercially sensitive and confidential testimony from Oracle

12                  regarding Oracle's internal financial accounting, reporting systems, and

13                  corporate structure.  Oracle has narrowly tailored this request in particular

14                  by only requesting redaction or sealing of the specific testimonial

15                  quotations or recitations in the letter.  The disclosure of such confidential

16                  information would create a risk of significant competitive injury and

17                  particularized harm and prejudice to Oracle.

18             b.   Ex. 6 contains testimony from the deposition of Ivgen Guner, Oracle's

19                  Vice President Financial Planning & Analysis, taken September 4, 2008

20                  (pages 63-64 and 72-73).  These portions of Ms. Guner's testimony

21                  contain non-public, commercially sensitive and confidential information

22                  regarding Oracle's internal financial accounting, reporting systems, and

23                  corporate structure.  The disclosure of such confidential information

24                  would create a risk of significant competitive injury and particularized

25                  harm and prejudice to Oracle.

26             c.   Ex. 7 contains testimony from the deposition of Safra Catz, Oracle's Co-

27                  President, taken March 27, 2009 (pages 179-180).  This specific

28                  testimony represents non-public, commercially sensitive and confidential

1    information  relating to Oracle's internal financial accounting and

2    reporting systems.  The disclosure of such confidential information would

3    create a risk of significant competitive injury and particularized harm and

4    prejudice to Oracle.

5        d.   Ex. 8 contains testimony from the deposition of Corey West, Senior Vice

6    President, Corporate Controller and Chief Accounting Officer, taken

7    April 9, 2009 (pages 69-70 and 170-179).    These portions of Mr. West's

8    testimony contain non-public, commercially sensitive and confidential

9    information regarding Oracle's internal financial accounting, reporting

10   systems, and corporate structure.  The disclosure of such confidential

11   information would create a risk of significant competitive injury and

12   particularized harm and prejudice to Oracle.

13       e.   Ex. 9 contains testimony from the deposition of Larry Ellison, Oracle's

14   CEO, taken May 5, 2009 (pages  47-49).  This specific testimony

15   represents non-public, commercially sensitive and confidential

16   information regarding Oracle's internal financial accounting, reporting

17   systems, and corporate structure.  The disclosure of such confidential

18   information would create a risk of significant competitive injury and

19   particularized harm and prejudice to Oracle.

20       f.   Ex. 10 contains testimony from the deposition of Juergen Rottler,

21   Executive Vice President Oracle Customer Services, taken May 13, 2009

22   (pages 177-180 and 194-196).  This testimony contains non-public,

23   commercially sensitive and confidential information regarding Oracle's

24   internal financial accounting, reporting systems, and corporate structure.

25   The disclosure of such confidential information would create a risk of

26   significant competitive injury and particularized harm and prejudice to

27   Oracle.

28       g.   Ex. 11 is comprised of Exhibit 445 to the deposition of Juergen Rottler,

7                    Case No. 07-CV-01658 PJH (EDL)

1   Executive Vice President Oracle Customer Services.  This exhibit

2   contains confidential and commercially sensitive information justifying

3   its protection, particularly given that the information comes from the

4   highest executive levels at Oracle. More specifically, Exhibit 11 is an

5   email from Juergen Rottler, to Charles Phillips, Oracle's Co-President,

6   entitled "Slides for Today's Services review," and attaching a PowerPoint

7   entitled "lje review sept 7th.ppt".  My understanding is that this exhibit

8   was created for a high-level executive presentation to Oracle's CEO,

9   Larry J. Ellison. Exhibit 11 is Bates stamped ORCL00368543-00368544

10  and ORCL00368549. Exhibit 11 is an internal exchange among the

11  highest-level Oracle executives that attaches non-public, commercially

12  sensitive and confidential financial information across Oracle's product

13  lines.  Absent the requested sealing, Exhibit 11 would provide valuable

14  insight into competitively sensitive financial information at Oracle

15  concerning its product lines.  The disclosure of such confidential

16  information would create a risk of significant competitive injury and

17  particularized harm and prejudice to Oracle.

18  h. Ex. 18 consists of a Letter from Jason McDonnell to Zac Alinder, dated

19  June 12, 2009, that contains quotations and recitations of non-public,

20  commercially sensitive and confidential testimony from Oracle regarding

21  Oracle's internal financial accounting, reporting systems, and corporate

22  structure.  Oracle has narrowly tailored this request in particular by only

23  requesting redaction or sealing of the specific testimonial quotations or

24  recitations in the letter.  The disclosure of such confidential information

25  would create a risk of significant competitive injury and particularized

26  harm and prejudice to Oracle.

27  i. Ex. 19 contains testimony from the deposition of Uyen Ngoc Anne

28  Kishore, Senior Director of Oracle's Tax Department, taken April 14,

8

1    2009 (Pages 63, 67, 78-79, 82-83, 94-95, 105-107, 122-126, 135, 150,

2    155, 159-160, 183-188, 195, 206, 208 and 222-226).  These portions of

3    Ms. Kishore's testimony contain non-public, commercially sensitive and

4    confidential information regarding Oracle's internal financial accounting,

5    reporting systems, royalty payments, tax strategies, cost allocations,

6    transfer pricing policies and corporate structure.  The disclosure of such

7    confidential information would create a risk of significant competitive

8    injury and particularized harm and prejudice to Oracle.

9    8.    Further, portions of Defendants' Motion to Compel contain quotes or other

10   descriptions from documents identified herein that have been designated by  Oracle as

11   "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only."

12   Oracle has narrowly tailored its request by only requesting redaction or sealing of the specific

13   passages that contain non-public, commercially sensitive confidential Oracle or Oracle customer

14   information.  Those passages include direct quotation of the confidential deposition testimony

15   described above in Paragraph 7.   Defendants' Motion to Compel quotes from the confidential,

16   commercially sensitive deposition testimony and documents discussed in Paragraph 7 above,

17   including on pages 3 and 6-16.  Consistent with Paragraph 7 above, the disclosure of such

18   confidential information would create a risk of significant competitive injury and particularized

19   harm and prejudice to Oracle.

20   9.    Plaintiffs have protected information in Exhibits 2, 6, 7, 8, 9, 10, 11, 18 and 19

21   from improper public disclosure through the Stipulated Protective Order that is designed to

22   prevent the Parties' private commercial information from being improperly disclosed.  Under the

23   terms of that Order, Plaintiffs designated certain documents, deposition transcripts and discovery

24   responses containing private commercial information as either "Confidential" or "Highly

25   Confidential - Attorneys' Eyes Only" prior to producing such documents in the course of

26   discovery.  As attested to above, Exhibits 2, 6, 7, 8, 9, 10, 11, 18 and 19 contain certain

27   information taken from documents and testimony that was designated either "Confidential" or

28   "Highly Confidential - Attorneys' Eyes Only".  Absent the requested sealing, these exhibits

1   would provide valuable insight into Oracle's internal competitive strategies, financial systems,

2   pricing strategies, and corporate structure, giving current and prospective customers and

3   competitors specific leverage to use against Oracle. Further, Oracle has narrowly tailored its

4   request for sealing by agreeing that the testimony and information contained in the above

5   exhibits and pleadings, but not discussed in the paragraphs above, may be filed publicly.

6       I declare under penalty of perjury that the foregoing is true and correct. Executed

7   in Redwood Shores, California, on July 20, 2009.

8

9                                                    Jennifer Gloss

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-CV-01658 PJH (EDL)