Oracle Corporation et al v. SAP AG et al Doc. 369


BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and
Oracle EMEA Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

ORACLE USA, INC., *et al.*,

Plaintiffs,

v.

SAP AG, *et al.*,

Defendants.

CASE NO. 07-CV-01658 PJH (EDL)

**DECLARATION OF HOLLY A. HOUSE IN SUPPORT OF ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL FINANCIAL INFORMATION**

**REDACTED**

Date: August 18, 2009
Time: 2:00 p.m.
Place: Courtroom E, 15th Floor
Judge: Hon. Elizabeth D. Laporte



Dockets.Justia.com

I, Holly A. House, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am a partner at Bingham McCutchen LLP, counsel of record for plaintiffs Oracle USA, Inc., Oracle International Corporation and Oracle EMEA Ltd. (collectively, "Oracle"). I make this Declaration in Support of Oracle's Opposition to Defendants' Motion to Compel Financial Information. I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

2. Prior to April 25, 2008, when Judge Hamilton opened damages discovery, Oracle began producing detailed financial information, from both custodial and non-custodial sources.

3. Oracle's financial information production has included discount and pricing analysis emails and packages, product revenue reporting packages, financial board packages, fiscal board budget reports, SEC filings, subsidiary performance reports, financial reference books, support budgets, subsidiary performance reports, and applications revenue analysis reports – most of which contain cost and/or margin data.

***Rule 30(b)(6) Testimony of Oracle International Corporation and Associated Exhibits***

4. Attached as **Exhibit A** is a true and correct copy of Defendants' June 10, 2008 First Notice of Deposition of Plaintiff Oracle International Corporation Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "First Notice"). Todd Adler was deposed on October 9, 2008 as the 30(b)(6) designee of Oracle International Corp. ("OIC") as to topics 1-4 of the First Notice, subject to Oracle's objections. Mr. Adler is Senior Corporate Counsel in Oracle's Legal Department, responsible principally for Trademarks and Copyrights.

5. Paragraphs 8-10 and Exhibit F of the Declaration of Zachary J. Alinder in Support of Oracle's Opposition to Defendants' Motion to Compel Further Copyright Information ("Alinder Decl."), Docket No. 300, recount a portion of the history of the Parties' meet and confer regarding the First Notice: Oracle offered to supplement its response to TomorrowNow, Inc.'s Interrogatory No. 13 in lieu of providing a witness on topics 5 and 6, Alinder Decl. ¶ 8; *see also* ¶ 36 & Ex. W, below ("Regarding topic 5, [Defendants] agree that an interrogatory response

could be an acceptable alternative means of providing the requested information."). Defendants deemed "acceptable" Oracle's proposed format for the supplemental response, but asked through meet and confer for additional information about certain registrations, *id.* ¶¶ 8-10 & Ex. F at 1; Oracle revised its proposal to encompass those registrations, *id.* ¶ 9 & Ex. F at 1; and, Defendants did not further respond prior to Oracle's serving of its supplemental response, *id.* ¶ 10.

6. Oracle's First Supplemental Responses and Objections to Defendant TomorrowNow, Inc.'s Interrogatory No. 13, which contained information responsive to Topics 5 and 6 of the First Notice, was served on December 5, 2008. This supplemental response has already been filed with the Court in redacted form as Exhibit F to the Amended Declaration of Elaine Wallace In Support of Defendants' Motion to Compel Discovery Relevant to Plaintiffs' Copyright Claims [Revised ¶ 13, Exhibit F], Docket No. 296. The redacted material is not relevant to the instant motion. Oracle further supplemented and amended this response with information responsive to Topics 5 and 6 of the First Notice on May 22, 2009, and again on July 15, 2009.

7. Attached as **Exhibit B** is a true and correct copy of Plaintiffs' April 8, 2009 Responses and Objections to Defendants' Amended Second Notice of Deposition of Plaintiff Oracle International Corporation Pursuant to Federal Rule of Civil Procedure 30(b)(6).

8. Attached as **Exhibit C** is a true and correct copy of relevant excerpts from the deposition transcript of OIC's 30(b)(6) designee in response to the Amended Second Notice, Uyen Ngoc Ann Kishore, dated April 14, 2009, including pages 121:18-122:1, 128:19-25, 150:18-152:2, 162:6-163:6, and 207:13-208:14.

9. Attached as **Exhibit D** is a true and correct copy of Jason McDonell's May 6, 2009 letter to my colleagues Geoff Howard and John Polito, copying me, discussing the alleged inadequacies in Ms. Kishore's preparation and testimony as OIC's 30(b)(6) designee in response to the Amended Second Notice.

10. Attached as **Exhibit E** is a true and correct copy of a letter dated May 22, 2009, from my colleague, Zachary Alinder, to Mr. McDonell responding to Mr. McDonell's May

6, 2009 letter. I was copied on the email sending the letter to Mr. McDonell.

11. On June 4, 2009, I and other Oracle attorneys met and conferred telephonically with attorneys for Defendants, including at least Mr. McDonell. During this meet and confer, we reminded Defendants of our May 22, 2009 letter, and stated that we awaited their reply. No further discussion of Ms. Kishore's preparation or testimony occurred. On information and belief, this was the June 4, 2009 telephonic meet and confer referred to in Mr. McDonell's Declaration In Support of Defendants' Motion to Compel ("McDonell Decl."), ¶ 20. My belief is reasonable based on my participation in that telephonic meet and confer and review of Mr. McDonell's Declaration.

12. On July 9, 2009, I and other Oracle attorneys met and conferred telephonically with attorneys for Defendants, including at least Mr. McDonell. Defendants refused to discuss Ms. Kishore's preparation or testimony beyond saying that they "disagreed" with our May 22, 2009 letter. On information and belief, based on my participation in the July 9 call, I believe that this is the telephonic meet and confer (incorrectly) identified in McDonell Decl., ¶ 20, as a July 10, 2009 telephonic meet and confer. My belief is reasonable based on my participation in that telephonic meet and confer, review of Mr. McDonell's Declaration, and my understanding that no meet and confer as to the topics of Defendants' Motion occurred on July 10, 2009.

***Defendants' Request for Oracle's General Ledger and Associated Exhibits***

13. Oracle began a rolling production of its historical and current charts of accounts on February 13, 2009, and completed production on March 30, 2009. Because of the burden associated with producing Oracle's entire General Ledger, Defendants were to use Oracle's charts of accounts to identify and isolate relevant portions of the General Ledger data. During this time, Defendants never informed Oracle that its charts of accounts were so "cryptic" that they or their experts were unable to meaningfully identify the accounts for which they would want General Ledger detail.

14. On April 29, 2009, Defendants requested general ledger data for a 73-page list of accounts. Attached as **Exhibit F** is a true and correct copy of an email and attachment,

dated April 29, 2009, from Elaine Wallace to me requesting general ledger data.

15. On May 11, 2009, I and other Oracle attorneys met and conferred telephonically with attorneys for Defendants, including at least Mr. McDonell. One of the topics we discussed was Defendants' April 29, 2009 request for general ledger information. [redacted]

16. Attached as **Exhibit G** is a true and correct copy of an email dated May 14, 2009, from my colleague, Mr. Alinder, to Mr. McDonell, blind copying me and asking Defendants for a revised request for general ledger information prior to further meet and confer on their request for general ledger information.

17. Attached as **Exhibit H** is a true and correct copy of an email dated May 14, 2009, from my colleague, Mr. Alinder, to Ms. Wallace, copying me and informing Defendants that Oracle's counsel would discuss any further requests for general ledger information with Oracle employee Alex San Juan and would inform Defendants of any associated burdens of those requests.

18. Attached as **Exhibit I** is a true and correct copy of a letter dated May 22, 2009, from Mr. Alinder, to Ms. Wallace, blind copy to me, again asking Defendants for a revised request for general ledger information.

19. Attached as **Exhibit J** is a true and correct copy of Defendants' May 26, 2009 Notice of Deposition of Alex San Juan.

20. Attached as **Exhibit K** is a true and correct copy of an excerpt of Plaintiffs' May 26, 2009 Responses and Objections to Defendants' Third Notice of Deposition of Plaintiff Oracle USA, Inc. Pursuant to Federal Rule of Civil Procedure 30(b)(6).

21. During the June 4, 2009, meet and confer discussed above in ¶ 11, Oracle again asked Defendants for a revised request for general ledger data.

22. Attached as **Exhibit L** is a true and correct copy of an email dated June 16, 2009 from Mr. McDonell to me cancelling the June 19, 2009 deposition of Oracle employee Mr. San Juan. Prior to cancelling, Defendants never confirmed that Oracle would make Mr. San Juan available informally during a meet and confer in lieu of his deposition. Defendants never in their contemporaneous written correspondence or oral meet and confers asserted why they had cancelled Mr. San Juan's deposition or that they understood Oracle had offered him informally for questioning or consultation.

***Defendants' "Third" Targeted Search Request and Associated Exhibits***

23. Attached as **Exhibit M** is a true and correct excerpt of Oracle's May 27, 2009 Responses and Objections to Defendants' "Second" and "Third" Targeted Search Request.

24. Attached as **Exhibit N** is a true and correct excerpt of Oracle's June 3, 2009 Supplemental Responses and Objections to Defendants' "Second" and "Third" Targeted Search Request. In part, this response states that "Oracle will continue to investigate whether and how it can produce some or all of the many requested financial reports and the burdens of doing so while respecting that those most knowledgeable about Oracle's financial reporting functions are heavily impacted by Oracle's May 31, 2008 fiscal year-end activities." Oracle did not expect this to be a problem because a week earlier, Judge Hamilton had allowed for a six-month extension of the fact discovery deadline. Moreover, Defendants never indicated that the delay was problematic.

25. After informing Defendants that Oracle would provide them with a supplemental response to Defendants' "Third" Targeted Search Request on July 17, 2009, Defendants never asked Oracle for an earlier response.

26. During the July 9, 2009 meet and confer discussed in ¶ 12, above,

Defendants for the first time asked Oracle to search for, collect, and produce certain analyses referenced during the depositions of certain Oracle executives. Many of these analyses had been produced during custodial productions. I explained to Defendants that Oracle had already been searching for these analyses and that Oracle had learned that they were created on an *ad hoc* basis at the request of certain Oracle personnel. In addition, I explained that they were created using various assumptions and allocations not reflected in Oracle's accounting and reporting systems.

27. On July 17, 2009, Oracle served its Second Supplemental Responses and Objections to Defendants' "Second" and "Third" Targeted Search Request on Defendants.

***Other Exhibits and Exhibits Reflecting Ongoing Meet and Confer***

28. Attached as **Exhibit O** is a true and correct copy of my June 30, 2009 letter to Mr. McDonell.

29. Attached as **Exhibit P** is a true and correct copy of my July 10, 2009 letter to Mr. McDonell.

30. Attached as **Exhibit Q** is a true and correct copy of a July 13, 2009 email sent to me at 7:24 p.m. from Christine Lok on behalf of Mr. McDonell, counsel for Defendants. Attached to this email was a copy of meet and confer correspondence, a true and correct copy of which has already been filed with the Court in redacted form as Exhibit 2 to the Declaration of Jason McDonell in support of Defendants' Motion to Compel Production of Financial Information of Plaintiffs, Docket No. 347.

31. Attached as **Exhibit R** is a true and correct copy of my July 14, 2009 letter to Mr. McDonell.

32. Attached as **Exhibit S** is a true and correct copy of Mr. McDonell's July 21, 2009 letter to me.

33. Attached as **Exhibit T** is a true and correct copy of my July 22, 2009 letter to Mr. McDonell.

34. Attached as **Exhibit U** is a true and correct copy of Mr. McDonell's July 23, 2009 letter to me.

35. Attached as **Exhibit V** is a true and correct copy of an excerpt from the hearing transcript of the May 27, 2009 hearing held in this case before Judge Laporte, including pages 14:25-15:25.

36. Attached as **Exhibit W** is a true and correct copy of Mr. McDonell's August 10, 2008 e-mail to Mr. Alinder, copied to me.

37. Attached as **Exhibit X** is a true and correct copy of *Leyva v. Kernan*, No. C 08-1152 SI (N.D. Cal. Feb. 9, 2009), obtained from http://pacer.psc.uscourts.gov/.

38. Attached as **Exhibit Y** is a true and correct copy of *Washburn v. Fagan*, Nos. C-03-00869, C-03-1194 (N.D. Cal. Mar. 10, 2006) (Laporte, J.), obtained from http://pacer.psc.uscourts.gov/.

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing facts are true and correct, and that this Declaration was executed on July 28, 2009, in San Francisco, California.

/s/ Holly A. House
Holly A. House