Oracle Corporation et al v. SAP AG et al

Doc. 369 Att. 1

# EXHIBIT B

| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP |
|   | DONN P. PICKETT (SBN 72257) |
| 2 | GEOFFREY M. HOWARD (SBN 157468) |
|   | HOLLY A. HOUSE (SBN 136045) |
| 3 | ZACHARY J. ALINDER (SBN 209009) |
|   | BREE HANN (SBN 215695) |
| 4 | Three Embarcadero Center |
|   | San Francisco, CA  94111-4067 |
| 5 | Telephone:  (415) 393-2000 |
|   | Facsimile:   (415) 393-2286 |
| 6 | donn.pickett@bingham.com |
|   | geoff.howard@bingham.com |
| 7 | holly.house@bingham.com |
|   | zachary.alinder@bingham.com |
| 8 | bree.hann@bingham.com |
| 9 | DORIAN DALEY (SBN 129049) |
|   | JENNIFER GLOSS (SBN 154227) |
| 10 | 500 Oracle Parkway, M/S 5op7 |
|    | Redwood City, CA  94070 |
| 11 | Telephone:  (650) 506-4846 |
|    | Facsimile:   (650) 506-7114 |
| 12 | dorian.daley@oracle.com |
|    | jennifer.gloss@oracle.com |
| 13 | |
| 14 | Attorneys for Plaintiffs |
|    | Oracle USA, Inc., Oracle International Corporation, and |
|    | Oracle EMEA Limited |
| 15 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*, | CASE NO.  07-CV-01658 PJH (EDL) |
| Plaintiffs, | **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' AMENDED SECOND NOTICE OF DEPOSITION OF PLAINTIFF ORACLE INTERNATIONAL CORPORATION PURSUANT TO FED. R. CIV. P. 30(B)(6)** |
| v. | |
| SAP AG, *et al.*, | |
| Defendants. | |
| | Date: April 14, 2009 |
| | Time: 9 a.m. |
| | Place: Jones Day |
| |              555 California Street, 26th Floor |
| |              San Francisco, CA 94104 |

Pursuant to Federal Rule of Civil Procedure 30(b)(6), Plaintiffs Oracle USA, Inc., Oracle International Corporation and Oracle EMEA Limited (collectively, "Oracle") hereby respond and object to Defendants' Second Notice of Deposition of Plaintiff Oracle International Corporation Pursuant to Fed. R. Civ. P. 30(b)(6) (the "Notice" or the "30(b)(6) Notice") as follows:

## GENERAL OBJECTIONS

1. Oracle objects to the deposition topics to the extent that they seek information that is neither relevant to the subject matter of this action nor reasonably calculated to lead to the discovery of admissible evidence. Pursuing such information is wasteful and unnecessary and is counter to Defendants' complaints about wanting to streamline discovery.

2. Oracle objects to the deposition topics to the extent they seek information that either does not exist or is beyond Oracle's possession, custody, or control on the grounds that such topics are overly broad, unduly burdensome and oppressive.

3. Oracle objects to each topic as unreasonable and unduly burdensome to the extent that it requests information that is already within Defendants' possession, already known or disclosed to Defendants, readily accessible and/or equally available to Defendants or is available from public sources.

4. Any statement of intent to produce a witness is not, and shall not be deemed, an admission of any factual or legal contention contained in any individual deposition topic. Oracle objects to each deposition topic to the extent that it contains any factual or legal misrepresentations.

5. Oracle objects to the Notice on the ground that the topics are not described with "reasonable particularity" as required by Rule 30(b)(6) of the Federal Rules of Civil Procedure. Accordingly, Oracle will require more clarity and specificity on each topic from Defendants to adequately prepare its witnesses.

6. Oracle objects to the 30(b)(6) Notice on the grounds that it is burdensome, oppressive, duplicative, and propounded solely for purposes of harassment and to cause Oracle to incur unnecessary litigation expenses. The deposition topics are duplicative of other discovery

that has been, or is in the process of being, provided to Defendants. Further, interrogatories, document requests, and requests for admission would have been a more effective, less expensive, and less burdensome mechanisms of discovery for the topics contained in the Notice. *See* Federal Rule of Civil Procedure 26(b)(2) (the court "shall" limit discovery when discovery "is obtainable from some other source that is more convenient, less burdensome, or less expensive" or when "the party seeking discovery has had ample opportunity by discovery in the action to obtain the information sought").

7. Oracle objects to the 30(b)(6) Notice to the extent that it purports to require Oracle to prepare and produce witnesses to testify as to topics protected by any applicable privilege, protection, or immunity, including without limitation, the attorney-client privilege and the work product doctrine. Oracle will not disclose any information protected by such privileges or protections. Inadvertent disclosure of any privileged communications or work product shall not constitute a waiver of the privilege or protection or of any other basis for objecting to discovery of such information.

8. Oracle objects to each topic to the extent that it calls for legal conclusions or seeks expert testimony.

9. Oracle objects to each definition, instruction and topic to the extent that they purport to impose any requirement or discovery obligation on Oracle greater than or different from those imposed by the Federal Rules of Civil Procedure or the applicable rules of this Court. Oracle will not comply with any purported obligation not imposed by the applicable law.

10. Oracle objects to each topic to the extent that it seeks information containing trade secret, proprietary information, or other confidential or competitively sensitive business information. To the extent that it is relevant, such information will only be provided subject to the protective order in this case. Oracle hereby designates its 30(b)(6) testimony as "HIGHLY CONFIDENTIAL INFORMATION, ATTORNEYS' EYES ONLY," subject to re-designation at the depositions themselves or upon review of the transcripts.

11. Oracle objects to the definition of "Cost Sharing Agreements" on the grounds that it is vague, overbroad, unduly burdensome and not likely to lead to the discovery of admissible

evidence. Oracle further objects to the definition of "Cost Sharing Agreements" on the grounds that it calls for legal conclusions.

12. Oracle objects to the definition of "Registered Work" to the extent that it calls for testimony about facts or events that have not yet occurred. Accordingly, Oracle will interpret "Registered Work" to mean a work underlying a federal copyright registration identified in the currently operative Complaint at the time of the deposition.

13. Oracle objects to the "applicable time period" stated in Defendants' Definition and Instruction No. 7 on the grounds that it is overbroad, unduly burdensome and is not consistent with the parties' expanded discovery timeline agreement. Oracle did not acquire PeopleSoft until 2005, and certain intellectual property assets related to PeopleSoft and J.D. Edwards were not transferred to OIC until March 1, 2005. Accordingly, the applicable time period is March 1, 2005 to the present.

14. Subject to these General Objections and to the Specific Responses and Objections, as set forth more specifically below, Oracle shall produce one or more witnesses to testify about those topics in the Notice that are relevant and not privileged, to the extent it can understand the topics, to the extent that the topics are not cumulative or unduly burdensome, and to the extent responsive information is within Oracle's possession, custody, or control.

## SPECIFIC RESPONSES AND OBJECTIONS

### TOPIC NO. 1:

Payments, including but not limited to royalty payments, received by or due to OIC in connection with the Registered Works. Specifically:

(a) Identification of each source of such payments, including but not limited to other Oracle entities, affiliates, and/or partners;

(b) With respect to royalty payments, royalty rates for license and/or support of the Registered Works and how royalty payments are calculated;

(c) How OIC determines what royalty rates to set for the Registered Works.

(d) With respect to non-royalty payments, the types of non-royalty payments received by OIC in connection with the Registered Works and how they are calculated;

(e) The policies and procedures for implementing the terms of the Cost Sharing Agreements that relate to payments to OIC in connection with the Registered Works;

(f) Any other agreements relating to payments to OIC in connection with the Registered Works, including the terms of such agreements and the policies and procedures for implementing them;

(g) The types and locations of records reflecting payments made to, due to, or received by OIC in connection with the Registered Works, including records required to be maintained under the Cost Sharing Agreements.

**RESPONSE TO TOPIC NO. 1:**

Oracle incorporates its General Objections here by reference. Oracle further objects to this topic on the grounds that it is overbroad, vague, and ambiguous in its use of the undefined terms and phrases "affiliates," "calculated," "Cost Sharing Agreements," "Identification," "implementing," "non-royalty payments," "partners," "payments," "procedures," "rates," "relating to," "reflecting," "required to be maintained," "royalty payments," "royalty rates for license and/or support," "set," "source," "support of the Registered Works," and "terms." Oracle further objects to the terms and phrases "Cost Sharing Agreements," "non-royalty," "required to be maintained," and "royalty," to the extent that they call for legal conclusions. Additionally, Oracle objects to this topic, and in particular subparagraphs (a), (d), (e), (f) and (g), on the grounds that it is overbroad and is not likely to lead to the discovery of admissible evidence to the extent that it seeks information not related to the claims and defenses here. Accordingly, Oracle will interpret this topic and all of its subparts to seek information related only to the allegations made in Oracle's Third Amended Complaint and the defenses asserted by Defendants in their Answer. Oracle further objects to subparagraph (a) of this topic relating to payments from "affiliates" and "partners," as Oracle construes these undefined, vague and ambiguous terms, on the grounds that it is unduly burdensome, overbroad and seeks information not relevant to the claims and defenses here. Oracle further objects to, and declines to produce a witness in response to, subparagraph (a) of this topic, to the extent that subparagraph (a) seeks "[o]ne or more knowledgeable witnesses for a foundational Rule 30(b)(6)

1  deposition on the subject of support of PeopleSoft and JD Edwards branded software products
2  provided by Oracle's partners," relief sought by Defendants' Motion to Compel Discovery
3  Concerning Third Party Support Provided by Oracle's Partners but denied by Judge Laporte's
4  Order of February 11, 2009. Oracle further objects to this topic to the extent that it calls for legal
5  conclusions, expert testimony, or information protected by any applicable privilege, protection,
6  or immunity. Oracle further objects to this topic, and in particular subparagraphs (a) through (d)
7  and (f) through (g), on the ground that, insofar as any relevant information is sought by
8  Defendants, it has been, or should have been, obtained through the use of interrogatories,
9  document requests, or requests for admission. *See* Federal Rule of Civil Procedure 26(b)(2).
10 Oracle further objects to the extent that this topic is cumulative and duplicative of information
11 that is the subject of Defendants' other discovery requests, including topics (2) and (3) of this
12 Notice.
13         Subject to Oracle's general and specific objections, Oracle will produce
14 witness(es) to provide general testimony on the subject of payments made to OIC relating to
15 licensing of the Registered Works, and the general location of records related to those payments.
16 **TOPIC NO. 2:**
17         Cost sharing arrangements among the participants to the Cost Sharing Agreements.
18 Specifically:
19         (a) The types of costs that are allocated among the participants to the Cost Sharing
20 Agreements, including costs relating to the Registered Works;
21         (b) How costs are allocated among the participants, including costs relating to the
22 Registered Works;
23         (c) The policies and procedures for implementing the terms of the Cost Sharing
24 Agreements relating to allocation of costs;
25         (d) Any other agreements concerning allocation of costs relating to the Registered
26 Works, including the terms of such agreements and the policies and procedures for implementing
27 them;
28

(e) The types and locations of records reflecting allocation of costs relating to the Registered Works, including records required to be maintained under the Cost Sharing Agreements.

**RESPONSE TO TOPIC NO. 2:**

Oracle incorporates its General Objections here by reference. Oracle further objects to this topic on the grounds that it is overbroad, vague, and ambiguous in its use of the undefined terms and phrases "allocated," "allocation," "Cost Sharing Agreements," "Cost sharing arrangements," "implementing," "participants," "procedures," "reflecting," "relating to," "required to be maintained," and "types of costs." Oracle further objects to the terms and phrases "allocated," "allocation," "Cost Sharing Agreements," "Cost sharing arrangements," "participants," and "required to be maintained" to the extent that they call for legal conclusions. Additionally, Oracle objects to this topic on the grounds that it is overbroad and is not likely to lead to the discovery of admissible evidence to the extent that it seeks information not related to the claims and defenses here. Accordingly, Oracle will interpret this topic and all of its subparts to seek information related only to the allegations made in Oracle's Third Amended Complaint and the defenses asserted by Defendants in their Answer. Oracle further objects to this topic to the extent Defendants seek information concerning entities other than OIC. Accordingly, Oracle will interpret this topic and all of its subparts to seek information related only to OIC's costs. Oracle further objects to this topic to the extent that it calls for legal conclusions, expert testimony, or information protected by any applicable privilege, protection, or immunity. Oracle further objects to this topic, and in particular subparagraphs (a) through (b) and (d) through (e), on the ground that, insofar as any relevant information is sought by Defendants, it has been, or should have been, obtained through the use of interrogatories, document requests, or requests for admission. *See* Federal Rule of Civil Procedure 26(b)(2). Oracle further objects to the extent that this topic is cumulative and duplicative of information that is the subject of Defendants' other discovery requests, including topics (1) and (3) of this Notice, and on the grounds that the Cost Sharing Agreements speak for themselves.

Subject to Oracle's general and specific objections, Oracle will produce witness(es) to

provide general testimony on the Cost Sharing Agreements produced by OIC, the general policies and procedures relating to them, and the location of records related to costs covered by them.

**TOPIC NO. 3:**

Oracle's transfer pricing policies and procedures, including as they relate to the Registered Works, and the types and locations of records reflecting such policies and procedures.

**RESPONSE TO TOPIC NO. 3:**

Oracle incorporates its General Objections here by reference. Oracle further objects to this topic on the grounds that it is overbroad, vague, and ambiguous in its use of the undefined terms and phrases "locations," "procedures," "reflecting," "relate to," "transfer pricing," and "types." Oracle further objects to the phrase "transfer pricing policies and procedures" to the extent that it calls for legal conclusions. Additionally, Oracle objects to this topic on the grounds that it is overbroad and is not likely to lead to the discovery of admissible evidence to the extent that it seeks information not related to the claims and defenses here. Accordingly, Oracle will interpret this topic to seek information related only to the allegations made in Oracle's Third Amended Complaint and the defenses asserted by Defendants in their Answer. Oracle further objects to this topic to the extent it seeks information concerning entities other than OIC. Accordingly, Oracle will interpret this topic to seek information related only to OIC's transfer pricing policies and procedures. Oracle further objects to this topic to the extent that it calls for legal conclusions, expert testimony, or information protected by any applicable privilege, protection, or immunity. Oracle further objects to this topic, and in particular the request for information concerning "the types and locations of records reflecting such policies and procedures" on the ground that, insofar as any relevant information is sought by Defendants, it has been, or should have been, obtained through the use of interrogatories, document requests, or requests for admission. *See* Federal Rule of Civil Procedure 26(b)(2). Oracle further objects to the extent that this topic is cumulative and duplicative of information that is the subject of Defendants' other discovery requests, including topics (1) and (2) of this Notice.

Subject to Oracle's general and specific objections, and to the extent it

1 understands what Defendants mean by "transfer pricing," separate from the Cost Sharing
2 Agreement subparagraphs in topic (2) above, Oracle will produce witness(es) to provide general
3 testimony concerning OIC's Cost Sharing Agreement policies and procedures relating to the
4 Registered Works as set forth in the response to topic (2), including the general types and
5 locations of records reflecting such policies and procedures.

DATED: April 8, 2009                        BINGHAM McCUTCHEN LLP

By: _____
    Zachary J. Alinder
    Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle International
    Corporation, and Oracle EMEA Limited

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' AMENDED SECOND NOTICE OF
DEPOSITION OF PLAINTIFF OIC PURSUANT TO FED. R. CIV. P. 30(B)(6)

| | |
|---|---|
| 1 | **PROOF OF SERVICE** |
| 2 | I am over 18 years of age, not a party to this action and employed in the |
| 3 | County of San Francisco, California at Three Embarcadero Center, San Francisco, California |
| 4 | 94111-4067. I am readily familiar with the practice of this office for collection and processing |
| 5 | of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that |
| 6 | same day in the ordinary course of business. |
| 7 | Today I served the following documents: |
| 8 | **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' AMENDED SECOND NOTICE OF** |
| 9 | **DEPOSITION OF PLAINTIFF ORACLE INTERNATIONAL CORPORATION PURSUANT TO FED. R. CIV. P. 30(B)(6)** |
| 10 | |
| 11 | ☒ (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below |
| 12 | on this date. |
| 13 | ☒ (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by FedEx in sealed envelope(s) |
| 14 | with all fees prepaid at the addresses set forth below. |

Robert A. Mittelstaedt, Esq.          Tharan Gregory Lanier, Esq.
Jason McDonell                        Jane L. Froyd, Esq.
Jones Day                             Jones Day
555 California Street                 1755 Embarcadero Road
26th Floor                            Palo Alto, CA 94303
San Francisco, CA 94104               Tel: (650) 739-3939
Tel: (415) 626.3939
                                      tglanier@JonesDay.com
ramittelstaedt@JonesDay.com           jfroyd@JonesDay.com
jmcdonell@jonesday.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on April 8, 2009, at San Francisco, California.

_____
Nitin Jindal

1                                                                    07-CV-1658 PJH (EDL)
PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' AMENDED SECOND NOTICE OF
DEPOSITION OF PLAINTIFF OIC PURSUANT TO FED. R. CIV. P. 30(B)(6)