# EXHIBIT D

Dockets.Justia.com

# JONES DAY

555 CALIFORNIA STREET • 26TH FLOOR • SAN FRANCISCO, CALIFORNIA 94104-1500
TELEPHONE: 415-626-3939 • FACSIMILE: 415-875-5700

Direct Number: (415) 5820
jmcdonell@jonesday.com

May 6, 2009

VIA E-MAIL AND U.S. MAIL

Geoffrey M. Howard, Esq.
John A. Polito, Esq.
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA 94111-4067

Re:   OIC 30(b)(6) Deposition Preparation

Dear Counsel:

This letter addresses the deficiencies in the preparation of Oracle International Corp's ("OIC") 30(b)(6) witness Ann Kishore for the April 14, 2009 Rule 30(b)(6) deposition. As we noted during Ms. Kishore's deposition, OIC insufficiently prepared Ms. Kishore to testify regarding Topics 1-3 of Defendants' February 24, 2009 Notice of Deposition of OIC Pursuant to Rule 30(b)(6) ("February 24, 2009 Deposition Notice"), in violation of Federal Rule of Civil Procedure 30(b)(6). Specifically, Ms. Kishore was only able to provide high level testimony regarding certain inter-company agreements that concern OIC's ownership and licensing of the technology at issue in this case and was completely unprepared to testify on how these agreements relate to the copyright registrations asserted by Plaintiffs, the specific products covered by these registrations, or the payments received by OIC pursuant to these agreements.

Under Rule 30(b)(6), OIC must produce one or more witnesses prepared to testify about matters "known or reasonably available to the organization." Fed. R. Civ. P. 30(b)(6). OIC has an affirmative duty to educate its witnesses so that they are prepared to fully answer the questions posed at the deposition. *See Calzaturficio S.C.A.R.P.A. s.p.a. v. Fabiano Shoe Co., Inc.*, 201 F.R.D. 33, 37 (D. Mass. 2001) (a corporation must prepare its Rule 30(b)(6) witnesses "so that they may give complete, knowledgeable, and binding answers on behalf of the corporation") (internal citations omitted). To discharge this duty to prepare, OIC's corporate witness must review all matters known or reasonably available to the organization, "whether from documents, past employees, or other sources." *Calzaturficio*, 201 F.R.D. at 36-37 (internal citations omitted). If it becomes apparent that OIC's corporate designee is unable to adequately respond to the noticed topics, OIC has a duty to substitute the designated deponent with a knowledgeable one. *Fago v. M & T Mortgage Corp.*, 235 F.R.D. 11, 23 (D.D.C. 2006) (finding that Rule 30(b)(6) deposition witness was inadequately prepared because she had no specific knowledge of noticed topics and that organization was required to provide an alternative witness).

SVI-68624v1

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS • PITTSBURGH
SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

JONES DAY

Geoffrey M. Howard, Esq.
John A. Polito, Esq.
May 6, 2009
Page 2

Ms. Kishore's preparation on all three noticed topics was deficient, as detailed below.

<u>Overall Lack of Preparation Regarding the "Registered Works"</u>

As a threshold matter, each topic (and the various subtopics) calls for a witness who is knowledgeable about the copyright registrations asserted by Plaintiffs and the products protected by these registrations (known as the "Registered Works"). When Ms. Kishore was asked whether she was prepared to answer questions related to the topics set forth in the Deposition Notice, Ms. Kishore stated "I am prepared to respond to questions relating to these topics here to the best of my ability." *See* Deposition of Uyen Ngoc Ann Kishore, April 14, 2009 ("Kishore Dep.") at p. 24:17-25:23. However, a short time later, Ms. Kishore stated, "...I did not study the list of registered work [sic.] in the complaint, and I would not have particular knowledge with regards to specific registered works in the complaint itself." *See* Kishore Dep. at p. 52:9-19. Further, when pointed to a list of alleged Oracle copyrights in the Plaintiffs' Third Amended Complaint and asked whether she would be able to testify as to what royalty payments OIC has received for the list of Registered Works, Ms. Kishore stated, "I don't know—I don't really— I'm not an IP attorney, so I don't understand what Registered Works [sic.] is, what these certificates are, and how they relate to a particular product." *See* Kishore Dep. at p. 67:6-16. Without the fundamental knowledge to answer questions on the noticed topics in relation to the Registered Works, Ms. Kishore was able to do little more than read from the inter-company agreements themselves. This is unacceptable testimony from a Rule 30(b)(6) witness and evidences her inadequate preparation for all noticed topics.

Topic 1

OIC did not meet its obligation under Rule 30(b)(6) to adequately prepare Ms. Kishore to testify as its corporate designee for Topic 1. Topic 1 covers "Payments, including but not limited to royalty payments, received by or to OIC in connection with the Registered Works." Ms. Kishore completely lacked knowledge on many of the subtopics and was unprepared to fully answer questions on others. The inadequacy of Ms. Kishore's preparation is underscored by the fact that she failed to consult with knowledgeable persons about these topics to prepare for her deposition.

With regard to subtopic 1(a), which calls for testimony regarding the "source of such [royalty] payments, including but not limited to other Oracle entities, affiliates and/or partners," Ms. Kishore was only prepared to testify about certain inter-company agreements that she brought with her to the deposition, but could neither confirm nor deny whether this was a complete set of agreements relating to royalty payments received by OIC for the Registered Works. In fact, she testified that she believed that her binders contained only a subset of the inter-company, royalty-bearing license agreements. *See* Kishore Dep. at p. 135:10-14. Moreover, even for the Oracle entities she could identify as the source of royalty payments to

SVI-68624v1

JONES DAY

Geoffrey M. Howard, Esq.
John A. Polito, Esq.
May 6, 2009
Page 3

OIC, Ms. Kishore was either not able to testify as to how such calculation was made or was only able to state that such calculation had been prepared by Baker McKenzie. *See* Kishore Dep. at p. 150:9; 195:11; 206:16-17; 208:21-23; 222:14-226:10.

Subtopics 1(b) and 1(c) call for testimony regarding how royalty rates for the license and/or support of Registered Works, how royalty payments are calculated, and how OIC determines what royalty rate to set for the Registered Works. As noted above, Ms. Kishore was not able to testify regarding the Registered Works set forth in the complaint because she had not studied them. *See* Kishore Dep. at p. 52:9-19. Other than reading directly from the agreements she brought with her to the deposition, Ms. Kishore was not able to testify as to how the royalty rates were established or how they relate to the Registered Works.

Subtopic 1(d) calls for testimony regarding non-royalty payments made to OIC in connection with the Registered Works. Ms. Kishore was completely unprepared to discuss the nature of OIC's business outside of the receipt of royalty payments. When asked whether she was aware of any activities other than licensing and owning intellectual property, Ms. Kishore stated, "My understanding that for example, some of the employees are – are IP attorneys. That's my general understanding." *See* Kishore Dep. at p. 41:4-8. Further, Ms. Kishore stated that she was not aware of any other operations of OIC. *See* Kishore Dep. at p. 41:9-13. Ms. Kishore also failed to consult with knowledgeable persons about this subtopic to prepare for her deposition, which makes her an unsuitable Rule 30(b)(6) designee.

Subtopic 1(f) calls for testimony regarding other agreements relating to payments for OIC in connection with Registered Works, including the terms of such agreements and the policies and procedures for implementing them. Ms. Kishore was not prepared to talk about any agreements other than those agreements contained in the binders she brought with her to deposition. *See* Kishore Dep. at p. 65:16-22. When asked whether she was aware of any licenses to non-Oracle entities, Ms. Kishore responded, "I believe the answer to that is yes." *See* Kishore Dep. at p. 159:25. Ms. Kishore was then instructed by counsel not to answer questions related to to such agreements because her knowledge was based on privileged communications. *See* Kishore Dep. at p. 160:20-163:6. A properly prepared Rule 30(b)(6) witness should have been able to testify as to agreements between OIC and non-Oracle entities.

Subtopic 1(g) calls for testimony regarding payments made to OIC in connection with the Registered Works. Ms. Kishore was wholly unprepared to testify regarding the Registered Works, which made it impossible for her to testify regarding this subtopic. *See* Kishore Dep. at p. 52:9-19.

Ms. Kishore's lack of preparation and complete lack of knowledge regarding the Registered Works made her an unsuitable Rule 30(b)(6) designee. OIC must provide an

JONES DAY

Geoffrey M. Howard, Esq.
John A. Polito, Esq.
May 6, 2009
Page 4

alternative witness prepared to testify about the subtopics described above, based on information known or reasonably available to OIC.

### Topic 2

OIC did not meet its obligation under Rule 30(b)(6) to adequately prepare Ms. Kishore to testify as its corporate designee for Topic 2. Topic 2 covers "Cost Sharing arrangements among the participants of the Cost Sharing Agreements." As noted above, Ms. Kishore was unable to offer any testimony related to the Registered Works, therefore, Ms. Kishore was also not prepared to testify regarding Topic 2. *See* Kishore Dep. at p. 52:9-19. Further, when asked about the general purpose of cost sharing agreements, Ms. Kishore could only testify that, "...my understanding is that the agreement specify [sic] what the rights and obligations of each parties [sic.] are under the agreement." *See* Kishore Dep. at p. 63:1-7. Aside from reading from each of the cost sharing agreements, Ms. Kishore could not identify: specific costs that were shared under the cost sharing agreements, including how they relate to the Registered Works (subtopic (a)); how costs are allocated among participants under the cost sharing agreements, including costs related to the Registered Works (subtopic (b)); the OIC policies or procedures for implementing the terms of the cost sharing agreements (subtopic (c)); and whether there are any other agreements or records concerning cost allocation relating to the Registered Works, including the terms of such agreements and the location of such records (subtopics (d) and (e)). *See* Kishore Dep. at p. 78:25-79:2; 82:21-83:3; 94:22-95:3; 105:25-107:23; 125:21-126:7. OIC must provide an alternative witness prepared to testify about these subtopics, based on information known or reasonably available to OIC.

### Topic 3

OIC did not meet its obligation under Rule 30(b)(6) to adequately prepare Ms. Kishore to testify as its corporate designee for Topic 3. Topic 3 covers "Oracle's transfer pricing policies and procedures, including as they relate to the Registered Works, and the types and locations of records reflecting such policies and procedures." Ms. Kishore stated that "[a]round a year and a half ago, I took over responsibility relating to transfer pricing." *See* Kishore Dep. at p. 16:13-14. Yet when asked whether there are records that are maintained in connection with inter-company transactions that are designed to establish whether or not the transaction is or is not in compliance with the transfer pricing policies of the company, Ms. Kishore responded, "I don't know the answer to that question. Possibly." *See* Kishore Dep. at p.155:1-7. Ms. Kishore had no knowledge with respect to OIC's transfer pricing policies, how they are set, or how they relate to the Registered Works; instead, Ms. Kishore was only able to testify that Baker McKenzie prepared numerous memorandums with regard to the reasonableness of such royalty rates. *See* Kishore Dep. at p. 222:14-226:10. OIC must provide an alternative witness prepared to testify about transfer pricing policies, based on information known or reasonably available to OIC.

SVI-68624v1

JONES DAY

Geoffrey M. Howard, Esq.
John A. Polito, Esq.
May 6, 2009
Page 5

OIC must designate better-prepared individuals on all three noticed topics and agree that the Kishore deposition only count for half of its record time.

Please let us know by May 14 whether Plaintiffs will comply with these requests.

Sincerely,

Jason McDonell

cc: *Via E-mail*
Donn Pickett – Bingham McCutchen, LLP – donn.pickett@bingham.com
Holly House – Bingham McCutchen, LLP – holly.house@bingham.com
Zachary J. Alinder – Bingham McCutchen, LLP – zachary.alinder@bingham.com
Bree Hann – Bingham McCutchen, LLP – bree.hann@bingham.com

*Via E-mail*
Robert A. Mittelstaedt – Jones Day San Francisco – ramittelstaedt@jonesday.com
Greg Lanier – Jones Day Silicon Valley – tglanier@jonesday.com
Scott W. Cowan – Jones Day Houston – swcowan@jonesday.com
Jane L. Froyd – Jones Day Silicon Valley – jfroyd@jonesday.com
Kyle Wood – Jones Day Silicon Valley – kwood@jonesday.com
Joshua L. Fuchs – Jones Day Houston – jlfuchs@jonesday.com
Elaine Wallace – Jones Day San Francisco – ewallace@jonesday.com

SVI-68624v1