# EXHIBIT E

Dockets.Justia.com

BINGHAM

Zachary J. Alinder
Direct Phone: 415.393.2226
Direct Fax: 415.393.2286
zachary.alinder@bingham.com

May 22, 2009

**Via Email**

Jason McDonell
Jones Day LLP
555 California Street, 26th Floor
San Francisco, CA 94104

Re: Re: OIC 30(b)(6) Deposition Preparation

Dear Jason:

This letter responds to your May 6, 2009 Letter to Mr. Howard and Mr. Polito alleging deficiencies in the preparation of Oracle International Corporation's ("OIC") Rule 30(b)(6) witness, Ann Kishore.

As explained below, Ms. Kishore was adequately prepared to respond to questions regarding the noticed topics in Defendants' Amended Second Notice of Deposition of Plaintiff Oracle International Corporation Pursuant to Fed. R. Civ. P. 30(b)(6) (the "Second OIC 30(b)(6) Notice"). Ms. Kishore more than satisfied her obligation as a Rule 30(b)(6) designee by extensively researching the noticed topics. Additionally, she ensured she would be able to answer relevant questions fully and accurately by bringing to the deposition the set of agreements that govern the relevant information.

Defendants' complaints about Ms. Kishore's preparation can be reduced to four erroneous assumptions: (a) that knowledge about each individual Registered Work and related software is both required to answer questions about the noticed topics and within the scope of the Second OIC 30(b)(6) Notice, (b) that agreements or relationships beyond those that Ms. Kishore referenced and brought to the deposition are relevant to this action, (c) that accurate information could be provided without reference to the relevant agreements; and (d) that the level of detail you apparently sought is appropriate from a Rule 30(b)(6) witness in this context. As described below, all four assumptions are incorrect.

Accordingly, Oracle does not agree to designate another individual on the three noticed topics. Oracle also does not agree that the deposition of Ms. Kishore as OIC's Rule 30(b)(6) designee only count for half its record time. To the contrary, Oracle believes that Defendants' letter is posed solely to harass Oracle and to attempt to impose unreasonable burdens upon Oracle.

A. Ms. Kishore Was An Appropriate Witness

Ms. Kishore has been an employee of Oracle since 2006, where she began as the director responsible for merger and acquisitions in the tax department. For over the past year and a half, she has been responsible for Oracle's intercompany pricing between Oracle's

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, CA
94303-2223

650.849.4400
650.849.4800
bingham.com

BINGHAM

Jason McDonell
May 22, 2009
Page 2

related entities. As part of her regular responsibilities, she oversees Oracle's intercompany royalty payments, cost sharing arrangements, and transfer prices - the exact set of noticed topics. In addition to the personal knowledge she possesses, Ms. Kishore conducted a further and reasonable inquiry into the noticed topics by (1) reviewing the Second OIC 30(b)(6) Notice and topics and (2) familiarizing herself with the intricate provisions of written agreements covering a period of over 10 years that govern the issues in the noticed topics, subject to Oracle's objections, on which the parties engaged in extended meeting and conferring prior to the deposition. Ms. Kishore brought to the deposition a binder of 69 documents, later marked as Exhibit 275, so as to be as fully capable of answering Defendants' questions as possible.

The answers Ms. Kishore provided during her deposition are based on Oracle's institutional knowledge and were given after a reasonable effort to inform herself of the issues related to the noticed topics. Her efforts to review the 69 agreements and to familiarize herself with the history of those agreements and the specific provisions in each of them more than satisfied her obligation to prepare as OIC's witness. In fact, she proved to be tremendously knowledgeable about the overly broad noticed topics, to which Oracle has objected.

  B. Knowledge About Each Individual Registered Work Neither Relevant to the Noticed Topics nor Within the Scope of the Deposition

Defendants complain that knowledge about each of the Registered Works is a "threshold issue" and a "fundamental" requirement for answering questions on the noticed topics. See McDonell Letter to Howard & Polito, May 6, 2009, p.2. This complaint is the basis for a majority of the deficiencies that defendants allege. However, this complaint relates to an issue outside the scope of and irrelevant to the topics for which Ms. Kishore was designated, and seeks to impose an unreasonable burden on Oracle, which was one basis of the objections Oracle timely made to the notice.

Subject to Oracle's general and specific objections, Oracle designated Ms. Kishore to provide general testimony "on the subject of payments made to OIC relating to licensing of the Registered Works," "on the Cost Sharing Agreements produced by OIC . . . [and] the general policies and procedures relating to them", "concerning OIC's Cost Sharing Agreement policies and procedures relating to the Registered Works," and on the locations of records relating to these topics. See Plaintiffs' Responses and Objections to Defendants' Amended Second Notice of Deposition of Plaintiff Oracle International Corporation Pursuant to Fed. R. Civ. P. 30(b)(6). Not one of these responses obliges or even suggests that Oracle would prepare its designee to testify as to the Registered Works themselves, how the Registered Works relate to any particular product, or any other topic from the First OIC 30(b)(6) Notice. Ms. Kishore is neither a software expert nor a copyright expert, and readily admitted this. *See* Deposition of Uyen Ngoc Ann Kishore, April 14, 2009, ("Kishore Depo.") 67:6-22. She was, however, prepare to testify as to the 69 intercompany agreements comprising Exhibit 275 and as to "intercompany arrangements in general"—more than adequate preparation for the topics for which Ms. Kishore was designated. *See id.*

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, CA
94303-2223

650.849.4400
650.849.4800
bingham.com

BINGHAM

Jason McDonell
May 22, 2009
Page 3

Defendants did not ask "for a witness who is knowledgeable about the copyright registrations asserted by Plaintiffs and the products protected by these registrations (known as the 'Registered Works')" in the Second OIC 30(b)(6) Notice. *Contra* McDonell Letter to Howard & Polito, May 6, 2009, p.2. The Second OIC 30(b)(6) Notice does not mention products or software at all. References to the Registered Works are almost exclusively in general phrases such as "in connection with the Registered Works," *see* Second OIC 30(b)(6) Notice, topics 1, 1(a), 1(d), 1(e), 1(f), 1(g), or "relating to the Registered Works," *see id.* at topics 2(a), 2(b), 2(d), 2(e), 3, which cannot reasonably be construed as requiring a witness to be able to affirmatively match particular products to particular copyright registrations.

Ms. Kishore had no obligation to learn about issues that are not necessary to a full examination on the noticed topics. The Second OIC 30(b)(6) Notice does not ask about nor does it require knowledge about each individual Registered Work. The information related to the noticed topics - royalty payments, cost-sharing arrangements, and transfer prices - does not operate on a registration-by-registration basis. Proper questioning regarding the documents supplied for Defendants' convenience by Ms. Kishore would have yielded information about the software that includes the Registered Works (or is "relating to them" and "in connection with them" as the Notice specifies), given that they are of a group with a larger body of software subject to the various topics on which Ms. Kishore presented herself for questioning.

Any frustrations resulting from Defendants' attempts to examine Ms. Kishore on topics from Defendants' First Notice of Deposition of Plaintiff Oracle International Corporation Pursuant to Federal Rule of Civil Procedure 30(b)(6) (the "First OIC 30(b)(6) Notice") are of Defendants' own devising. Topic 5 of the First OIC 30(b)(6) Notice asked OIC's designee to identify the software and other materials covered by the Registered Works. As the Parties ultimately agreed, Oracle responded to this topic via interrogatory rather than designating a witness. Defendants' apparent assumption that Ms. Kishore would address topic 5 of the First OIC 30(b)(6) Notice in the course of preparing for the topics in the Second OIC 30(b)(6) Notice is unreasonable and unwarranted. Similarly, Defendants' assertion that Ms. Kishore should have consulted with other employees at Oracle to learn about each individual registered work makes no sense and would not have affected her ability to competently testify on the documents that relate to the topics in the notice (subject to Oracle's objections).

C. Requests for Irrelevant Information

Defendants' complaints about Ms. Kishore's preparation also disregard the scope of this case. Defendants protest that Ms. Kishore only brought with her a "subset" of Oracle's intercompany agreements. In essence, Defendants would have Ms. Kishore testify about *every* aspect of *every* intercompany agreement and each aspect of each relationship between OIC and other Oracle entities, regardless of the relevancy of that agreement to this action or the level of detail the subject would require. For example, Defendants asked Ms. Kishore about an agreement between OIC and Oracle Colombia (and

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, CA
94303-2223

650.849.4400
650.849.4800
bingham.com

BINGHAM

Jason McDonell
May 22, 2009
Page 4

complained about the answer on the record). *See* Kishore Depo. at 167:4-169:4. Yet an agreement between OIC and Oracle Columbia has no bearing on this case. In fact, during the deposition, Oracle objected repeatedly to Defendants' attempts to seek irrelevant information, including as to relevant agreements. As Defendants admit, Ms. Kishore was prepared to testify about the intercompany agreements that she brought with her to the deposition. These agreements represented the universe of *relevant* agreements as they relate to the noticed topics, to the best of Oracle's understanding. Oracle is under no obligation to prepare a witness to learn and testify about anything more than that. By expecting detailed information about any agreement ever entered by the plaintiff entities and their affiliates, Defendants have misunderstood the scope of a 30(b)(6) witnesses' obligation, particularly on subject matter as complex as that referenced in the Second OIC 30(b)(6) Notice.

> D. References to the Agreements Were Both Appropriate and Necessary to Provide Accurate Testimony

Finally, Defendants complain about Ms. Kishore's references to the intercompany agreements. These complaints misunderstand the nature of the information Defendants seek. Royalty rates, cost sharing arrangements, and transfer pricing are topics that are governed by very specific agreements with very specific allocations of rights and obligations. The precision and particularity necessary to provide accurate information about these topics do not lend themselves to general and broad testimony. Ms. Kishore was as prepared as one could be to answer live questions about these topics. Absent memorizing the relevant agreements, no amount of preparation would allow a witness to provide accurate testimony without references to the agreements; and, as Defendants have acknowledged, a 30(b)(6) deposition is not a memory contest. See McDonell Letter to Polito, July 29, 2008, p.8 n.4.

The precision required to discuss the noticed topics extends to questions seeking information beyond what is in the agreements themselves. If Defendants wanted further elaboration of specific provisions in these agreements, the more appropriate way to obtain that information would have been through interrogatories.

Additionally, Defendants' complaints about Ms. Kishore's references to agreements is puzzling when, in Ms. Froyd's April 27, 2009 Letter to Mr. Russell regarding the Rule 30(b)(6) depositions of Christopher Faye, Mark White, Arlen Shenkman, Terry Hurst, and Mark Kreutz, Defendants note that Rule 30(b)(6) witnesses "are permitted and indeed encouraged to refer to . . . documents in responding to questions." Froyd Letter to Russell, April 27, 2009, p.4 (citing *State Farm Mutual Auto Ins. Co. v. Ne Horizon, Inc.*, 250 F.R.D. 203, 208, 217-81 (E.D. Penn. 2008)). As Defendants also argue, "[p]ermitting Rule 30(b)(6) witnesses to refer to a particular documents . . . to respond to questions is consistent with the 'central function envisioned for this [Rule 30(b)(6)] procedure' - namely, 'to provide the discovering party with reliable leads to the identities of persons within the [corporate] entity who have actual knowledge of the events in suit.'" Froyd Letter to Russell, April 27, 2009, p.4 (citing K. Sinclair & R.P. Fendrich, *Discovering Corporate Knowledge and Contentions: Rethinking Rule 30(b)(6) and*

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, CA
94303-2223

650.849.4400
650.849.4800
bingham.com

*Alternative Mechanisms*, 50 Ala. L. Rev. 651, 684 (Spring 1999)). As described above, this is particularly true in the context of the noticed topics, where reference to the documents is required to ensure accuracy.

E. Conclusion

For the above reasons, Oracle does not agree to provide another individual to be deposed on the noticed topics and does not agree that the deposition of Ms. Kishore only be counted for half of its record time.

If you would like to meet and confer further regarding this topic, please let us know.

Sincerely yours,

Zachary J. Alinder

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
1900 University Avenue
East Palo Alto, CA
94303-2223

650.849.4400
650.849.4800
bingham.com