# EXHIBIT M

```
 1   BINGHAM McCUTCHEN LLP
     DONN P. PICKETT (SBN 72257)
 2   GEOFFREY M. HOWARD (SBN 157468)
     HOLLY A. HOUSE (SBN 136045)
 3   ZACHARY J. ALINDER (SBN 209009)
     BREE HANN (SBN 215695)
 4   Three Embarcadero Center
     San Francisco, CA 94111-4067
 5   Telephone: (415) 393-2000
     Facsimile: (415) 393-2286
 6   donn.pickett@bingham.com
     geoff.howard@bingham.com
 7   holly.house@bingham.com
     zachary.alinder@bingham.com
 8   bree.hann@bingham.com

 9   DORIAN DALEY (SBN 129049)
     JENNIFER GLOSS (SBN 154227)
10   500 Oracle Parkway
11   M/S 5op7
     Redwood City, CA 94070
12   Telephone: (650) 506-4846
     Facsimile: (650) 506-7114
13   dorian.daley@oracle.com
     jennifer.gloss@oracle.com
14
15   Attorneys for Plaintiffs
     Oracle USA, Inc., Oracle International Corporation, and
16   Oracle EMEA Limited
```

17                    UNITED STATES DISTRICT COURT

18                   NORTHERN DISTRICT OF CALIFORNIA

19                        SAN FRANCISCO DIVISION

20

| | |
|---|---|
| 21  ORACLE USA, INC., *et al.*, | Case No. 07-CV-1658 PJH (EDL) |
| 22           Plaintiffs, | **PLAINTIFFS' RESPONSES AND** |
| 23     v. | **OBJECTIONS TO DEFENDANTS'** |
| 24  SAP AG, *et al.*, | **"SECOND" AND "THIRD"** |
| 25           Defendants. | **TARGETED SEARCH REQUESTS** |

1   Thus, Oracle does not agree or concede that obtaining the reports Defendants
2   reference is the appropriate, best or most cost-effective means to secure cancellation data or that
3   such reports are relevant or likely to lead to the discovery of admissible evidence. Subject to
4   resolution of whether Defendants have any remaining targeted searches available and, if so, how
5   many, Oracle will make its own investigation of whether and how it can produce some or all of
6   the requested cancellation reports from a centralized source and the burdens of doing so.
7   Subject to reaching agreement on the above, as contemplated by the August 29,
8   2008 Order, Oracle will supplement this response with additional information regarding the
9   actions Oracle is taking, and will take, to gather data, documents and other information in
10  response to the Request, including the anticipated time frames in which Oracle expects to begin
11  production in response to the non-objectionable portions of this Request.

12  **TARGETED SEARCH REQUEST NO. 3:**

13  For each Plaintiff entity, for the period January 1, 2002 through October 31, 2008,
14  documents sufficient to show by month, quarter and year the revenues (including but not limited
15  to license royalty payments), expenses (including but not limited to research and development
16  costs) and net income to the Plaintiff entity resulting from sales by any Oracle entity of
17  PeopleSoft and/or JD Edwards software and/or services to customers on Defendant
18  TomorrowNow, Inc.'s Supplemental Exhibit 1 to Its First Sets Of Requests For Production and
19  Interrogatories to Plaintiffs.
20  Responsive documents may be contained in, or available through, the Oracle
21  Financial Analyzer and GIFTS databases or located on a shared drive within Oracle's tax
22  department. *See, e.g.*, Deposition of Uyen Ngoc Ann Kishore, April 14, 2009 ("Kishore Dep.")
23  at p. 116 ("I am able to pull a report that has expenses incurred in various lines of business");
24  Kishore Dep. at p. 122 ("we have system called Oracle Financial Analyzer..."); *id.* at p. 132 ("it's
25  on a shared drive...[with] tax files from the tax department."); *id.* at p. 183 - 184 ("Our charts of
26  accounts...we do have accounts relating to sublicense fee payments..." that can be generated from
27  Oracle Financial Analyzer); *id* at p. 185 ("There's another system called GIFTS..."); the P&L;
28  "chart of accounts;" "line of business;" balance sheets; research and development costs; royalty

1 payment reports generated from Oracle Financial Analyzer (*see, e.g.*, Kishore Dep. at p. 116) and
2 GIFTS databases (*id* at p. 185) or located on a shared drive within Oracle's tax department (*id.* at
3 p. 132); and the general ledgers of the Plaintiff entities.

**RESPONSE TO TARGETED SEARCH REQUEST NO. 3:**

5   Oracle incorporates by reference as if fully set forth herein in response to this
6 Request, each of the fourteen General Objections above, as well as each of Oracle's objections
7 and responses to each of Defendants' Interrogatories and Document Requests that relate to this
8 Request. Oracle is not, by responding to this Request, waiving any of its objections to any of
9 Defendants' Interrogatories and Document Requests.

10   Oracle further objects to the Request on the grounds that numerous terms and
11 phrases throughout this Request are vague and ambiguous. For example, the phrases "license
12 royalty payments," "research and development costs," and "net income" lack sufficient
13 specificity and are therefore overly broad and unduly burdensome.

14   Oracle objects to this Request because it is compound and not a "narrow search
15 by topic." Defendants' Request is improper because it is a combination of multiple targeted
16 search Requests, requiring a search through multiple sources of information and therefore cannot
17 be considered as one Request or as a "targeted" search Request.

18   Oracle objects to the use of the phrase "any Oracle entity" on the grounds that it
19 makes the Request vague, overbroad, and unduly burdensome and to the extent that the
20 construction of the phrase is intended to require information that is neither relevant nor likely to
21 lead to the discovery of admissible evidence.

22   Oracle objects to Defendants' attempt to conduct duplicative discovery to the
23 extent that this Request seeks documents, data, or other information that Oracle has already
24 produced in this case. This objection includes, but is not limited to, an objection to any attempt
25 by Defendants to require Oracle to segregate or otherwise separately identify any documents,
26 data, or other information contained within any document production that Oracle has made or
27 will make in this case. Oracle objects to the extent that information responsive to this targeted
28 search Request has been or will be produced in the ordinary course of the custodian-based

1  production in this case by Oracle. Any attempt by Defendants to seek such duplicative discovery
2  is overbroad and harassing.
3         Oracle objects to the Request to the extent it imposes a burden or obligation to
4  which the parties have not yet agreed by Requesting Oracle to produce documents for the
5  January 1, 2002 through October 31, 2008 time period. The Parties have agreed to expand the
6  discovery timeline for limited issues, and to the extent Defendants' Request for documents
7  responsive to this targeted search Request does not fit within the subject matters agreed upon by
8  parties for expanded discovery, Oracle does not intend to produce those documents beyond the
9  agreed-upon discovery timeline.
10         Oracle objects to the Request to the extent it seeks to require Oracle to search for,
11  review, or produce data that is not reasonable accessible, such as legacy data, under Rule 26 of
12  the Federal Rules of Civil Procedure.
13         Oracle objects to the Request to the extent it seeks to unduly burden Oracle with a
14  search for, review of, or production of potentially hundreds of reports in a manner and/or form that
15  would impose upon Oracle duties and/or responsibilities greater than those imposed by the Federal
16  Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this court or any
17  stipulation or agreement of the parties.
18         Subject to and without waiving its specific and general objections, Oracle's *initial*
19  response to this Request is as follows:
20         Oracle seeks immediate confirmation from Defendants as to whether it concedes
21  this is not their "Third" Targeted Search Request.
22         While not verifying the veracity of Defendants allegations, Defendants allege in
23  their Request that the information they are seeking may be contained in, or available through, at
24  least four different possible sources of data (OFA, GIFTs, the general ledger, and a shared drive
25  within Oracle's tax department) and can include, but is not limited to, at least four different types
26  of reports *from each source* (line of business expense reports, royalty payment reports, balance
27  sheets, and P&L statements).
28         Because no single database contains all the requested information, to the extent it

1 was tracked and exists, Defendants' request is not appropriate to a targeted search. There is no
2 single repository or custodian who would have all such information over this lengthy period.
3 Oracle thus objects to such discovery to the extent Oracle cannot locate such information in
4 central repositories following a reasonably diligent search. Moreover, this financial information
5 has already been produced through a variety of documents and will continue to be produced in
6 the ordinary course of the custodian-based production. Search for these reports specifically is
7 not only duplicative but unnecessarily burdensome to Oracle. Given that these reports have
8 already been produced and will continue to be produced, Oracle directs Defendants to look for
9 them in Oracle's production (*e.g.*, ORCL00079380, ORCL00079343).

10      Thus, Oracle does not agree or concede that obtaining the reports Defendants
11 reference is the appropriate, best or most cost-effective means to secure financial information or
12 that such reports are relevant or likely to lead to the discovery of admissible evidence. Subject to
13 resolution of whether Defendants have any remaining targeted searches available and, if so, how
14 many, Oracle will make its own investigation of whether and how it can produce some or all of
15 the many requested financial reports and the burdens of doing so.

16      Subject to reaching agreement on the above, as contemplated by the August 29,
17 2008 Order, Oracle will supplement this response with additional information regarding the
18 actions Oracle is taking, and will take, to gather data, documents and other information in
19 response to the Request, including the anticipated time frames in which Oracle expects to begin
20 production in response to the non-objectionable portions of this Request.

21 DATED: May 27, 2009

22                          BINGHAM McCUTCHEN LLP

24                          By: _____
                                    Zachary J. Alinder
25                                  Attorneys for Plaintiffs
                            Oracle USA, Inc., Oracle International
26                          Corporation, and Oracle EMEA, Ltd.

27
28

PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' "SECOND" AND "THIRD"
TARGETED SEARCH REQUESTS

|    |    |
|----|----|
| 1  | **PROOF OF SERVICE** |
| 2  | I am over eighteen years of age, not a party in this action, and employed in San |
| 3  | Francisco County, California at Three Embarcadero Center, San Francisco, California 94111- |
| 4  | 4067. I am readily familiar with the practice of this office for collection and processing of |
| 5  | correspondence by Email and next business day Federal Express delivery, and they are deposited |
| 6  | and/or sent that same day in the ordinary course of business. |
| 7  | Today I served the following documents: |
| 8-9 | **PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' "SECOND" AND "THIRD" TARGETED SEARCH REQUESTS** |

[X] (VIA EMAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed above on this date to the person(s) at the email address(es) set forth below.

[X] (EXPRESS MAIL/OVERNIGHT DELIVERY) by causing a true and correct copy of the document(s) listed above to be delivered by Federal Express in sealed envelope(s) with all fees prepaid at the address(es) set forth below.

Robert A. Mittelstaedt, Esq.
Jason McDonell, Esq.
Elaine Wallace, Esq.
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104
Tel: (415) 626-3939

ramittelstaedt@JonesDay.com
jmcdonell@JonesDay.com
ewallace@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.com
jfroyd@JonesDay.com

I declare under penalty of perjury that this declaration was executed on May 27, 2009 at San Francisco, California.

Kelley A. Garcia

13   Case No. 07-CV-1658 PJH (EDL)
PLAINTIFFS' RESPONSES AND OBJECTIONS TO DEFENDANTS' "SECOND" AND "THIRD" TARGETED SEARCH REQUESTS