# EXHIBIT N

Dockets.Justia.com

1  BINGHAM McCUTCHEN LLP
   DONN P. PICKETT (SBN 72257)
2  GEOFFREY M. HOWARD (SBN 157468)
   HOLLY A. HOUSE (SBN 136045)
3  ZACHARY J. ALINDER (SBN 209009)
   BREE HANN (SBN 215695)
4  Three Embarcadero Center
   San Francisco, CA 94111-4067
5  Telephone: (415) 393-2000
   Facsimile: (415) 393-2286
6  donn.pickett@bingham.com
   geoff.howard@bingham.com
7  holly.house@bingham.com
   zachary.alinder@bingham.com
8  bree.hann@bingham.com

9  DORIAN DALEY (SBN 129049)
   JENNIFER GLOSS (SBN 154227)
10 500 Oracle Parkway
11 M/S 5op7
   Redwood City, CA 94070
12 Telephone: (650) 506-4846
   Facsimile: (650) 506-7114
13 dorian.daley@oracle.com
   jennifer.gloss@oracle.com
14

15 Attorneys for Plaintiffs
   Oracle USA, Inc., Oracle International Corporation, and
16 Oracle EMEA Limited

17              UNITED STATES DISTRICT COURT

18             NORTHERN DISTRICT OF CALIFORNIA

19               SAN FRANCISCO DIVISION

20

21 ORACLE USA, INC., *et al.*,          Case No. 07-CV-1658 PJH (EDL)

22              Plaintiffs,             **PLAINTIFFS' SUPPLEMENTAL**
23      v.                              **RESPONSES AND OBJECTIONS TO**
                                        **DEFENDANTS' "SECOND" AND**
24 SAP AG, *et al.*,                    **"THIRD" TARGETED SEARCH**
                                        **REQUESTS**
25              Defendants.

26

27

28

PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' "SECOND" AND
"THIRD" TARGETED SEARCH REQUESTS

1    Defendants have any remaining targeted searches available and, if so, how many, Oracle will

2    also make its own investigation of whether and how it can produce some or all of the requested

3    information at the contract level from a centralized source and the burdens of doing so.

4    **TARGETED SEARCH REQUEST NO. 3:**

5            For each Plaintiff entity, for the period January 1, 2002 through October 31, 2008,

6    documents sufficient to show by month, quarter and year the revenues (including but not limited

7    to license royalty payments), expenses (including but not limited to research and development

8    costs) and net income to the Plaintiff entity resulting from sales by any Oracle entity of

9    PeopleSoft and/or JD Edwards software and/or services to customers on Defendant

10   TomorrowNow, Inc.'s Supplemental Exhibit 1 to Its First Sets Of Requests For Production and

11   Interrogatories to Plaintiffs.

12           Responsive documents may be contained in, or available through, the Oracle

13   Financial Analyzer and GIFTS databases or located on a shared drive within Oracle's tax

14   department. *See, e.g.*, Deposition of Uyen Ngoc Ann Kishore, April 14, 2009 ("Kishore Dep.")

15   at p. 116 ("I am able to pull a report that has expenses incurred in various lines of business");

16   Kishore Dep. at p. 122 ("we have system called Oracle Financial Analyzer..."); *id.* at p. 132 ("it's

17   on a shared drive...[with] tax files from the tax department."); *id.* at p. 183 - 184 ("Our charts of

18   accounts...we do have accounts relating to sublicense fee payments..." that can be generated from

19   Oracle Financial Analyzer); *id* at p. 185 ("There's another system called GIFTS..."); the P&L;

20   "chart of accounts;" "line of business;" balance sheets; research and development costs; royalty

21   payment reports generated from Oracle Financial Analyzer (*see, e.g.*, Kishore Dep. at p. 116) and

22   GIFTS databases (*id* at p. 185) or located on a shared drive within Oracle's tax department (*id.* at

23   p. 132); and the general ledgers of the Plaintiff entities.

24   **SUPPLEMENTAL RESPONSE TO TARGETED SEARCH REQUEST NO. 3:**

25           Oracle incorporates by reference as if fully set forth herein in response to this

26   Request, each of the fifteen General Objections above, as well as each of Oracle's objections and

27   responses to each of Defendants' Interrogatories and Document Requests that relate to this

28

Case No. 07-CV-1658 PJH (EDL)

1    Request.  Oracle is not, by responding to this Request, waiving any of its objections to any of

2    Defendants' Interrogatories and Document Requests.

3              Oracle further objects to the Request on the grounds that numerous terms and

4    phrases throughout this Request are vague and ambiguous.  For example, the phrases "license

5    royalty payments," "research and development costs," and "net income" lack sufficient

6    specificity and are therefore overly broad and unduly burdensome.

7              Oracle objects to this Request because it is compound and not a "narrow search

8    by topic."  Defendants' Request is improper because it is a combination of multiple targeted

9    search Requests, requiring a search through multiple sources of information and therefore cannot

10    be considered as one Request or as a "targeted" search Request.

11             Oracle objects to the use of the phrase "any Oracle entity" on the grounds that it

12    makes the Request vague, overbroad, and unduly burdensome and to the extent that the

13    construction of the phrase is intended to require information that is neither relevant nor likely to

14    lead to the discovery of admissible evidence.

15             Oracle objects to Defendants' attempt to conduct duplicative discovery to the

16    extent that this Request seeks documents, data, or other information that Oracle has already

17    produced in this case.  This objection includes, but is not limited to, an objection to any attempt

18    by Defendants to require Oracle to segregate or otherwise separately identify any documents,

19    data, or other information contained within any document production that Oracle has made or

20    will make in this case.  Oracle objects to the extent that information responsive to this targeted

21    search Request has been or will be produced in the ordinary course of the custodian-based

22    production in this case by Oracle.  Any attempt by Defendants to seek such duplicative discovery

23    is overbroad and harassing.

24             Oracle objects to the Request to the extent it imposes a burden or obligation to

25    which the parties have not yet agreed by Requesting Oracle to produce documents for the

26    January 1, 2002 through October 31, 2008 time period.  The Parties have agreed to expand the

27    discovery timeline for limited issues, and to the extent Defendants' Request for documents

28    responsive to this targeted search Request does not fit within the subject matters agreed upon by

1    parties for expanded discovery, Oracle does not intend to produce those documents beyond the

2    agreed-upon discovery timeline.

3                Oracle objects to the Request to the extent it seeks to require Oracle to search for,

4    review, or produce data that is not reasonable accessible, such as legacy data, under Rule 26 of

5    the Federal Rules of Civil Procedure.

6                Oracle objects to the Request to the extent it seeks to unduly burden Oracle with a

7    search for, review of, or production of potentially hundreds of reports in a manner and/or form that

8    would impose upon Oracle duties and/or responsibilities greater than those imposed by the Federal

9    Rules of Civil Procedure, the Local Rules of this Court, any applicable orders of this court or any

10   stipulation or agreement of the parties.

11                Subject to and without waiving its specific and general objections, Oracle's *initial*

12   response to this Request is as follows:

13                Oracle seeks immediate confirmation from Defendants as to whether it concedes

14   this is not their "Third" Targeted Search Request.

15                While not verifying the veracity of Defendants allegations, Defendants allege in

16   their Request that the information they are seeking may be contained in, or available through, at

17   least four different possible sources of data (OFA, GIFTs, the general ledger, and a shared drive

18   within Oracle's tax department) and can include, but is not limited to, at least four different types

19   of reports *from each source* (line of business expense reports, royalty payment reports, balance

20   sheets,  and P&L statements).

21                Because no single database contains all the requested information, to the extent it

22   was tracked and exists, Defendants' request is not appropriate to a targeted search.  There is no

23   single repository or custodian that would have all such information over this lengthy period.

24   Oracle thus objects to such discovery to the extent Oracle cannot locate such information in

25   central repositories following a reasonably diligent search.  Moreover, this financial information

26   has already been produced through a variety of documents and will continue to be produced in

27   the ordinary course of the custodian-based production.  Search for these reports specifically is

28   not only duplicative but unnecessarily burdensome on Oracle.  Given that these reports have

1  already been produced and will continue to be produced, Oracle directs Defendants to look for

2  them in Oracle's production (*e.g.*, ORCL00079380, ORCL00079343).

3          Additionally, as Defendants are well aware, the information Defendants seek with

4  this Request largely does not exist as requested.  Defendants have been repeatedly told through

5  previous deposition testimony that Oracle does not track expenses and net income by product line.

6  *See, e.g.*, Depo. of Ivgen Guner as Oracle Corp.'s Rule 30(b)(6) designee at p. 73:24 -74:1 ("There is

7  no product profitability at Oracle.  We do not measure product profitability at Oracle.").  One

8  deponent's testimony about various existing pieces of reporting functions from various sources does

9  not mean that those pieces can somehow be combined into one report with the format and

10  presentation of Defendants' choice.  Defendants' Request in essence requires Oracle to attempt to

11  redesign its reporting and tracking systems in order to try to capture information that might not even

12  be available.  Oracle is not obligated to and will not engage in such an effort.  Moreover, the

13  financial information Defendants seek, to the extent it does exist, does not exist for the entire time

14  period of January 1, 2002 through October 31, 2008; and/or do not exist for all the relevant

15  product lines.

16          Thus, Oracle does not agree or concede that obtaining the reports Defendants

17  reference is the appropriate, best or most cost-effective means to secure financial information or

18  that such reports are relevant or likely to lead to the discovery of admissible evidence.  Oracle

19  has begun investigating the reporting functions available from Oracle Financial Analyzer and the

20  GIFTs database, and has thus far only confirmed the previous testimony that informed

21  Defendants that the information Defendants seek is not available with the requested detail.

22  However, Oracle will continue to investigate whether and how it can produce some or all of the

23  many requested financial reports and the burdens of doing so while respecting that those most

24  knowledgeable about Oracle's financial reporting functions are heavily impacted by Oracle's

25  May 31, 2008 fiscal year-end activities.  Upon completion of that investigation, Oracle will

26  produce responsive information only to the extent not previously produced, subject to the

27  objections outlined herein, and subject to resolution of whether Defendants have any remaining

28  targeted searches available and, if so, how many.

Case No. 07-CV-1658 PJH (EDL)
PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' "SECOND" AND
"THIRD" TARGETED SEARCH REQUESTS

1 DATED: June 3, 2009     BINGHAM McCUTCHEN LLP

2

3

4             By: _____

5                Zachary J. Alinder
                 Attorneys for Plaintiffs

6             Oracle USA, Inc., Oracle International
             Corporation, and Oracle EMEA, Ltd.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                            Case No. 07-CV-1658 PJH (EDL)
PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' "SECOND" AND
"THIRD" TARGETED SEARCH REQUESTS

**PROOF OF SERVICE**

I am over eighteen years of age, not a party in this action, and employed in San Francisco County, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence for mail and by email, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following documents:

**PLAINTIFFS' SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANTS' "SECOND" AND "THIRD" TARGETED SEARCH REQUESTS**

☒ (VIA EMAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed above on this date to the person(s) at the email address(es) set forth below.

☒ (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Robert A. Mittelstaedt, Esq.
Jason McDonell, Esq.
Elaine Wallace, Esq.
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104
Tel: (415) 626.3939

ramittelstaedt@JonesDay.com
jmcdonell@JonesDay.com
ewallace@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.com
jfroyd@JonesDay.com

I declare under penalty of perjury that this declaration was executed on June 3, 2009 at San Francisco, California.

Jamie Pack

15

Case No. 07-CV-1658 PJH (EDL)