# EXHIBIT O

# BINGHAM

Holly A. House
Direct Phone: 415.393.2535
Direct Fax:    415.393.2286
holly.house@bingham.com

June 30, 2009

**VIA E-MAIL**

Jason McDonell, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104

Re:   Case No. 07-CV-1658; *Oracle USA, Inc., et al. v. SAP AG, et al.*

Dear Jason:

I am writing to meet and confer and respond to your June 12, 2009 letter regarding Oracle financial information.

The fact is, contrary to Defendants' assertion that you "have not received sufficient information to . . . determine Oracle's profit margins," Oracle has produced a substantial amount of financial records, including, but not limited to, Oracle financial statements, financial reference books, financial forecasts, support budgets, subsidiary performance reports, and applications revenue analysis reports -- all of which contain cost and/or margin data.

Defendants' unhappiness with Oracle's production of financial information appears to have more to do with the level of Oracle's profit margins as evidenced by these reports, rather than a legitimate claim that these reports are inaccurate. Indeed, it is surprising that Defendants complain about the accuracy of Oracle' s reported margins when Defendants appear to evaluate their own support business using similar profit margins. *See, e.g.*, SAP-OR00700986. Moreover, Defendants not only report similar margins and evaluate their own support business by these margins, but they also appear to compare themselves to and evaluate Oracle's support business according to the very margins they now complain are inaccurate. *See, e.g.*, SAP-OR00769253. Oracle is at a loss for this inconsistency.

Nonetheless, Oracle has been very willing to accommodate Defendants' requests for additional financial information. However, Defendants choose to simply ignore the testimony of Oracle witnesses about the unavailability of some of the material Defendants seek, and the burden and irrelevance of producing some of the more detailed General Ledger material that, at least originally, Defendants sought.

Defendants also include some factual inaccuracies in the June 12, 2009 letter. For instance, contrary to Defendants' statements, Oracle has not refused to produce general ledger information. Rather, it objected to Defendants' initial request for general ledger

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T 415.393.2000
F 415.393.2286
bingham.com

Jason McDonell, Esq.
June 30, 2009
Page 2

information because Defendants' 73-page request would require months of dedicated effort to collect, which Oracle explained to Defendants on May 11, and because there was no foundation that such effort would produce relevant information. On May 14, and again on May 22, Oracle asked Defendants to propose a narrower and more reasonable search; moreover, on May 28, Oracle orally provided an explanation to Defendants of the overbreadth and burden of the then-pending General Ledger request, which Defendants admitted made sense and about which they proposed to convene a follow-up call. However, as Oracle first informed Defendants on May 11, such a call would be fruitless unless and until Defendants propose a narrower and reasonable request for general ledger information. Notably, Defendants have never disputed the burden associated with their initial request, and Oracle still awaits Defendants' narrowed request. Defendants' complaints about Oracle not providing adequate financial discovery are further undermined by their cancellation on June 16 of the long-scheduled June 19 deposition of Oracle witness Alex San Juan, who was to testify about Oracle's production of charts of accounts and Oracle's general ledgers.

Additionally, although Defendants complain about product profitability reports, the relevant Oracle testimony, as Defendants know, confirms that Oracle does not track profitability by product (which should not be surprising given that SAP and most multi-product companies also do not assign expenses and costs by product). *See* Deposition of Ivgen Guner at 72:2-6; Deposition of Corey West at 69:14-70:6; Deposition of Safra Catz at 179:11-180:1. Part of the reason Oracle is still investigating its ability to produce any reliable information in response to Defendants' "Third Targeted Search Request" relating to this category of information, is because to date and after dozens of hours of searching, Oracle has yet to find anyone at Oracle who ever has or can create the reports Defendants seek. In its response to that request, Oracle informed Defendants that it "has begun investigating the reporting functions available from Oracle Financial Analyzer and the GIFTs database, and has thus far only confirmed the previous testimony that informed Defendants that the information Defendants seek is not available with the requested detail." The other reason is that, as Defendants know, Oracle's fiscal year ended on May 31, and those people most knowledgeable about Oracle's financial systems have been heavily impacted by fiscal year-end activities. Oracle is continuing to investigate information that might be responsive to Defendants' "Third Targeted Search Request" and will update Defendants with that additional information by July 17th.

Finally, Defendants complain that they were unable to obtain financial information from Oracle International Corporation's Rule 30(b)(6) designee, Ann Kishore, because she lacked knowledge of the Registered Works. Defendants' complaints in this regard are repetitive of complaints previously expressed in Elaine Wallace's May 6, 2009 letter to Geoff Howard. As Oracle previously explained in Mr. Alinder's May 22, 2009 letter to you, "the information related to the noticed topics - royalty payments, cost-sharing arrangements, and transfer prices - does not operate on a registration-by-registration basis." Defendants have raised no issue with Oracle's response, and only reiterate the complaints expressed in Elaine Wallace's May 6, 2009 letter without acknowledging the merits of Mr. Alinder's prior response.

Jason McDonell, Esq.
June 30, 2009
Page 3

As a whole, Defendants' complaints reflect Defendants' apparent strategy to burden Oracle with requests for information that is either hopelessly overbroad or that they already know is not available in the form requested. They also disregard the numerous, detailed financial reports Oracle has already produced. Even so, Oracle will consider any more narrowed proposals Defendants make in regard to these financial information requests and will continue to meet and confer with Defendants on these issues.

Sincerely yours,

Holly House /ws/

Holly A. House

cc:     Joshua Fuchs - Jones Day San Francisco - jlfuchs@jonesday.com
        Robert Mittelstaedt -Jones Day San Francisco -ramittelstaedt@jonesday.com
        Greg Lanier - Jones Day Silicon Valley - tglanier@jonesday.com
        Elaine Wallace - Jones Day San Francisco - ewallace@jonesday.com
        Scott Cowan- Jones Day Houston - swcowan@jonesday.com
        Jane Froyd - Jones Day Silicon Valley - jfroyd@jonesday.com

        Geoffrey Howard - Bingham McCutchen, LLP - geoff.howard@bingham.com
        Zachary Alinder- Bingham McCutchen, LLP - zachary.alinder@bingham.com
        Bree Hann - Bingham McCutchen, LLP - bree.hann@bingham.com