# EXHIBIT P

Dockets.Justia.com

# BINGHAM

Holly A. House
Direct Phone: 415.393.2535
Direct Fax:    415.393.2286
holly.house@bingham.com

July 10, 2009

**Via Email**

Jason McDonell, Esq.
Jones Day LLP
555 California Street, 26th Floor
San Francisco, CA 94104

Re: **Defendants' Impending Motions to Compel and for Damages Preclusion**

Dear Jason:

Yesterday's telephonic "meet and confer" only confirmed our belief that your impending Motion to Compel and Rule 37 Motion are unnecessary and inappropriately premature. Please note that we reserve all rights and objections with respect to the ongoing meet and confer regarding the targeted search process. Any agreement to produce information does not constitute a waiver of any rights and objections with respect to Defendants' targeted search requests, including whether Defendants already used up their ten allotted targeted searches.

## 1. Motion to Compel

As we understand it, you will bring a Motion to Compel three types of information: general ledger information, product profitability reports, and further Rule 30(b)(6) testimony from Plaintiff Oracle International Corporation.

### A. General Ledger Information

As we have now told you multiple times in writing and on meet and confer calls, and as confirmed by the depositions you did take of Ivgen Guner and Corey West – and would have been confirmed and explained in even greater detail by Alex San Juan had you not cancelled his deposition – your initial and only request for general ledger information is unduly burdensome. The 73 page request you sent on April 29 is not limited to the three plaintiff entities, and as a result, would require Oracle to pull data from over 700 entities. Additionally, most of the accounts detailed in your 73 page request are parent accounts and parent lines of businesses, which are made of a multitude of child accounts. Because transactional details can only be obtained at the child level, your 73 page request is actually much larger and more burdensome. Moreover, Oracle does not freeze historical hierarchies. Thus, Oracle would have to manually reconstruct the data pulled from the accounts and subaccounts listed in your 73 page request for over 700 entities in order for

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T 415.393.2000
F 415.393.2286
bingham.com

Jason McDonell, Esq.
July 10, 2009
Page 2

the data to reconcile with any reported numbers. As we've previously told you during our meet and confers, and as we would submit in a declaration in opposition to your Motion, it would take many months of dedicated effort to comply with such a request.

Despite having this information almost two months ago, you have failed to provide us with a narrower request. We have never said we would not provide you with general ledger data. We have only said that we will not comply with your unduly burdensome request. If you legitimately think your request is not unduly burdensome, and if you want to propose something less burdensome (which you said you did and would in our May 11 call) then we have been waiting for that explanation for two months. We cannot fathom how you can move to compel when the only request you have made is indisputably unduly burdensome – and that you know would take months of dedicated effort to collect.

While you asked yesterday for us to tell you what parts of Oracle's extensive general ledger you would need to show profitability for the PeopleSoft, JDE and Siebel product lines at issue, as we pointed out, we had agreed to fly out the person most knowledgeable from the East Coast and had scheduled his deposition to assist you in making this determination. You chose to cancel his deposition without explanation on its literal eve. How you can complain about Oracle's reticence to provide "needed" general ledger information on this record is remarkable. Besides asking us to "figure it out" for you on the phone yesterday, you've done nothing to move this forward, and have in fact impeded your own ability to obtain the information you claim you want by cancelling the deposition on the Charts of Accounts.

Nonetheless, we still await a narrower request for general ledger information. As we have always maintained, we will respond to an appropriate request. In addition, in the spirit of compromise and despite your inexplicable prior cancellation, we are willing to provide a new date for the Charts of Accounts deposition you cancelled last month.

    B. Product Profitability Reports

Yesterday, *for the first time*, you mentioned an interest in certain reports referred to by Larry Ellison and Juergen Rottler during their depositions. We do not understand how you could ask Magistrate Laporte to file a Motion to Compel information *weeks before* ever specifying to us that you wanted these reports. Had you asked us about these reports earlier, you would have learned that, as part of our investigation into responding to your "Third" Targeted Search Request, we have already begun searching for and collecting these reports. In addition, you would have learned that these reports do not come from a central reporting system – they are one-off, manually constructed reports. Accordingly, collecting them is not as simple as sitting at one computer and running standardized reports.

This is what the meet and confer process is for, and why it is suppose to occur prior to the filing of motions. You should not be raising new issues five days before you plan to file

Jason McDonell, Esq.
July 10, 2009
Page 3

your Motion to Compel, and almost two weeks after receiving permission from the Court to file only the Motion described in the joint conference statement.

As we told you yesterday, and despite the fact that they are not properly the subject of a targeted search because they do not reside in a central repository, we have already begun searching for and collecting the reports referenced during Mr. Ellison and Mr. Rottler's depositions. We are willing to produce any non-privileged reports that can be located after a reasonable search. We expect that by the middle of August we can complete the collection and production.

With respect to standardized reports from Oracle's reporting systems, we have confirmed from our investigation into your "Third" Targeted Search Request that Oracle's financial reporting systems cannot track product profitability. What we are trying to confirm and will confirm shortly is that Oracle's systems track certain financial information, e.g., income and/or revenue statements, by plaintiff entity. These reports, however, are not responsive to your "Third" Targeted Search Request because they cannot show product profitability.

As we see it, we are willing to look for and produce the reports you referenced for the first time yesterday. Additionally, we expect to provide you with an update as to plaintiff-entity specific financial reports in response to your Third Targeted Search request within the next week. Besides these two categories of reports, we do not see what you will move to compel; nothing remains. Any such motion would be a waste of both parties' resources and the Court's resources.

    C.  Oracle International Corporation Rule 30(b)(60 Testimony

On April 14, 2009 Ann Kishore was deposed as Oracle International Corporation's Rule 30(b)(6) designee. On May 6, 2009, you wrote Geoff Howard and John Polito a letter complaining about Ms. Kishore's preparation. On May 22, 2009, Zac Alinder responded to your letter, explaining among other things that knowledge about each individual Registered Work was neither relevant to the noticed topics nor within the scope of the deposition, and noting that your failure to secure answers to questions you now appear to wish you had asked results from your tortured use of that conditional phrase.

In the two months since we sent that letter on May 22, 2009, we have received *no* response addressing the merits of Mr. Alinder's letter. Yesterday, all you said was that you disagree. The reason we have repeatedly asked for written meet and confer correspondence is so that there is a clear record of the basis for each party's position. Your refusal to provide that means we have no basis for a meaningful assessment of the merits of your position. Moving to compel without having provided this is wholly inappropriate under Magistrate Laporte's and the Court's Rules. July 26, 2005 Standing Order of Magistrate Elizabeth D. Laporte at 1; Civil L.R. 37-1(a).

\* \* \*

Jason McDonell, Esq.
July 10, 2009
Page 4

The meet and confer process is supposed to be a two-way process. Instead, you have engaged in a practice of sending us requests and complaints, disregarding our substantive responses, then waiting for some time to pass and jumping to motion practice. With respect to general ledger data and financial reports, we do not understand what an order from the Court would force us to produce that we have not already said we would produce. With respect to further deposition testimony, the issue is wholly unripe for a motion to compel.

### 2. Rule 37 Motion

We have reviewed the authority you cite in support of this Motion from your July 9 email to Mr. Alinder. None of this authority remotely supports a party seeking to preclude damages theories or discovery at this stage of a case. Nor does it support precluding damages methodologies that require expert analysis, prior to expert discovery commencing, as you appear to seek the Court to order here. Given these facts, as Magistrate Laporte has herself observed, Defendants' promised motion would only be proper as a pretrial motion in limine to Judge Hamilton, not a Rule 37 motion now to Magistrate Laporte.

As a final note, in regards to your purported authority that supports a motion, Oracle notes that *Memry Corp. v. Kentucky Oil Tech., N.V.*, 2007 U.S. Dist. LEXIS 3094 (N.D. Cal. 2007) is "NOT FOR CITATION" which means that Defendants cannot cite nor rely on it in their motion. Civil L.R. 3-4(e)

If you'd like, we are available to discuss all of these issues further with you today or on Monday, July 13.

Sincerely yours,

*[signature]*

Holly A. House

cc:   Joshua Fuchs - Jones Day San Francisco - jlfuchs@jonesday.com
      Robert Mittelstaedt - Jones Day San Francisco - ramittelstaedt@jonesday.com
      Greg Lanier - Jones Day Silicon Valley - tglanier@jonesday.com
      Elaine Wallace - Jones Day San Francisco - ewallace@jonesday.com
      Scott Cowan - Jones Day Houston - swcowan@jonesday.com
      Jane Froyd - Jones Day Silicon Valley - jfroyd@jonesday.com

      Geoffrey Howard - Bingham McCutchen, LLP - geoff.howard@bingham.com
      Zachary Alinder - Bingham McCutchen, LLP - zachary.alinder@bingham.com
      Bree Hann - Bingham McCutchen, LLP - bree.hann@bingham.com