# EXHIBIT R

# BINGHAM

Holly A. House
Direct Phone: 415.393.2535
Direct Fax:     415.393.2286
holly.house@bingham.com

July 14, 2009

**Via Email**

Jason McDonell, Esq.
Jones Day LLP
555 California Street, 26th Floor
San Francisco, CA 94104-1500

Re: *Oracle USA, Inc., et al. v. SAP AG, et al.*

Dear Jason:

I am writing to continue our meet and confer and respond to your July 13, 2009 letter, received last night at 7:24 p.m., concerning the topics that might be subject to your motion to compel.

As follow-on to Nitin Jindal's email response to you last night, we continue to believe that it is highly inappropriate for you to be sending substantive meet and confer correspondence that asks for new information for the first time the night before filing a motion to compel, weeks after obtaining "permission" from the Court to file a motion. Your July 13 letter makes clear that filing your motion with all topics is wholly improper given the ongoing meet and confer.

Please note that we reserve all rights and objections with respect to the ongoing meet and confer regarding the targeted search process. Any agreement to produce information does not constitute a waiver of any rights and objections with respect to Defendants' targeted search requests, including whether Defendants already used up their ten allotted targeted searches.

1. **General Ledger Information**

First, you misstate the history of the meet and confer regarding your request for general ledger data. Contrary to your assertion, during the May 11 telephonic meet and confer, we never suggested we would meet with you to help you "identify the [general ledger] accounts that [your] expert needs." In fact, it was you who made the suggestion that we have a separate meet and confer regarding your general ledger request; the notion that we would "identify" accounts for your experts was *never* discussed. To the contrary, we produced the voluminous Charts of Accounts at your request so *your* expert could identify the appropriate accounts.

Oracle would never offer to identify general ledger accounts for Defendants. Having Oracle take on that burden would be quite odd for multiple reasons, some of which

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T 415.393.2000
F 415.393.2286
bingham.com

Jason McDonell, Esp.
July 14, 2009
Page 2

include: (1) Oracle is under no obligation to assist you or to create a report from scratch, especially when adequate financial reports already exist; (2) that type of substantive information about Oracle's financial accounts is not appropriate for meet and confer, and should be obtained through formal discovery requests such as depositions; (3) it is not Oracle's obligation to give some sort of "stamp of approval" to a Defendants' self-constructed profit margin analysis or to "identify" accounts that may be relevant to such an analysis; and, (4) most fundamentally, the appropriateness of whether to include various accounts in your damages analysis is a matter for you and your experts, not for Oracle to decide. Your claim that we offered this during our May 11 telephonic meet and confer is even less credible when considering that you served us with a Rule 30(b)(6) notice on the Charts of Accounts *after* our purported offer.

As with your mischaracterization of our May 11 telephonic meet and confer, you also misstate our June 4 telephonic meet and confer. We never suggested that Alex San Juan or Oracle would participate in a call *in lieu* of his deposition. The facts and correspondence surrounding that purported suggestion and your June 16 cancellation of his deposition show that we never made such an offer. In your June 12 letter to Zac Alinder, you only mentioned joining Nitin Jindal on a meet and confer, not Mr. San Juan. Had you expected Mr. San Juan to be on that call you have undoubtedly confirmed that important fact. Then on June 16, you unilaterally cancelled Mr. San Juan's deposition. Prior to cancelling his deposition, there is absolutely no correspondence confirming the purported telephone call that Mr. San Juan would be available. The fact is we were extremely surprised when you cancelled Mr. San Juan's deposition on such short notice -- as reflected in Nitin's June 17 email to you. The simple truth is we never said Alex San Juan would join a meet and confer call. It is wholly inconsistent that our alleged offer to identify accounts for you was not enough to keep you from noticing a deposition related to the Charts of Accounts, but our alleged offer to include Alex San Juan on a phone call was enough to cancel it. Again, the reason is because it never happened.

What we did agree to do was to engage in a meet and confer about your general ledger that was separate from the other topics of the parties' ongoing meet and confer. However, as outlined in previous letters to you, and to which you have never disputed, we have always emphasized that such a meet and confer could not be meaningful without a narrower request from you and your experts. Further, we stated that if during such a meet and confer you had a limited number of specific questions regarding the burden associated with your request, we would endeavor to get an answer from Mr. San Juan that we would provide to you. Your self-serving and inaccurate recitation of the meet and confer is not well-taken.

If withdrawing your motion to compel is dependent on a meet and confer with a "team" that would include Alex San Juan, then you should take his deposition. Given your mischaracterizations of the history on this topic, we will not put Mr. San Juan on a call that is not transcribed and that would not count toward Defendants' deposition hours limit. As we have previously told you, in the spirit of compromise, we are willing to offer him for a deposition, and even to, again, fly him out from the East Coast.

Jason McDonell, Esp.
July 14, 2009
Page 3

### 2. Product Profitability Reports

As with the July 9 meet and confer call, you again ask for information *for the first time*, except this time only one day prior to filing your motion. As stated in Mr. Jindal's email to you last night, this is not proper meet and confer under the Court's standing order and the Local Rules, and we will address this in our response to your motion should you still pursue it, which as set forth below, is wholly unnecessary.

Further, to the extent that reports referenced by Juergen Rottler have not been previously produced, that is because (a) they are not located in a custodian's files, or (b) the reports we have found thus far are not responsive to your "Third" Targeted Search Request as they do not provide information by plaintiff entity. As we told you on July 9, we only found these one-off reports investigating your "Third" Targeted Search Request and we learned that the reports referenced by Mr. Rottler were manually created. These various manual allocations according to product line were made using assumptions that Oracle cannot verify are accurate or complete.

Nonetheless, despite these late requests, and despite the fact that they are not responsive to your Third Targeted Search Request, we will agree to search for and produce non-privileged "source" documents for product profitability reports that we can find after a reasonable search and without undue burden. Pursuant to my July 10 letter to you, we believe we can produce any such reports by mid-August. Given that we have agreed to this collection and production, we do not expect inclusion of this topic in any motion to be filed today.

With respect to plaintiff-specific income statements, we note that your letter last night was the first time you indicated you would take plaintiff-specific statements even though they do not provide product profitability. Your "Third" Targeted Search Request was extremely specific to include product profitability, and our investigation was aimed at finding reports responsive to that specific request. We also note that for the first time, you have asked for such statements with "the level of detail . . . sufficient to show the account entries for each account that make up a line item on the profit and loss statement." As to that request, we do not know what you mean by "account entries for each account." Once you clarify that, we will then need time to investigate whether such detail is available. This just underscores why substantive meet and confer positions and requests should not be made *for the first time* the night before you plan on filing a motion. Finally, we will not produce monthly, quarterly, and yearly reports because doing so would be redundant.

Because we have to investigate your new request after you provide us with clarification concerning the detail you seek, we cannot give you a date certain as to production at this point in time. However, we do expect to produce plaintiff-specific income statement reports that can be generated following a reasonable search and without undue burden. In any event, the meet and confer on this topic is indisputably ongoing. Thus, we also expect that this topic will not be included in any motion filed today.

Jason McDonell, Esp.
July 14, 2009
Page 4

### 3. OIC Rule 30(b)(6) Testimony

We take your letter from last night to mean that you continue to refuse to respond substantively to Zac Alinder's May 22 letter to you. Accordingly, you have failed to engage in any meaningful meet and confer on this issue, which we intend to bring to the attention of Judge Laporte in opposition to your motion to compel.

Sincerely yours,

Holly House

cc:  Joshua Fuchs - Jones Day San Francisco - jlfuchs@jonesday.com
Robert Mittelstaedt - Jones Day San Francisco - ramittelstaedt@jonesday.com
Greg Lanier - Jones Day Silicon Valley - tglanier@jonesday.com
Elaine Wallace - Jones Day San Francisco - ewallace@jonesday.com
Scott Cowan - Jones Day Houston - swcowan@jonesday.com
Jane Froyd - Jones Day Silicon Valley - jfroyd@jonesday.com

Geoffrey Howard - Bingham McCutchen, LLP - geoff.howard@bingham.com
Zachary Alinder - Bingham McCutchen, LLP - zachary.alinder@bingham.com
Bree Hann - Bingham McCutchen, LLP - bree.hann@bingham.com