# EXHIBIT W

**From:** Jason McDonell [mailto:jmcdonell@JonesDay.com]
**Sent:** Sunday, August 10, 2008 6:45 PM
**To:** Alinder, Zachary J.
**Cc:** Howard, Geoff; House, Holly; Hann, Bree; Rosenbaum, Briana Lynn; Scott Cowan; Joshua L Fuchs; Jane L Froyd; Elaine Wallace
**Subject:** various discovery issues

Zac,

Below is our response to your August 6 e-mail, along with some follow up on other outstanding discovery issues:

1. <u>Rule 30(b)(6) Notice to OIC</u>.  Thank you for confirming that Oracle will produce a witness for topics 1 through 4. Regarding topic 5, we agree that an interrogatory response could be an acceptable alternative means of providing the requested information. However, we have served an interrogatory on this topic already (*see* Interrogatory No. 13) and, as discussed on our call, received what we think is an inadequate response. So we are unwilling to withdraw that topic from the deposition notice without reserving our right to reinstate it should we be dissatisfied with whatever further response Oracle intends to provide. That said, we will agree to defer deposition on this topic for now pending a further response to Interrogatory No. 13. The further response must be provided within thirty days from today and must include the additional registrations in the Second Amended Complaint. We will review the response in good faith and, if we are satisfied that it provides the requested information, will withdraw that topic from the notice. We will agree to a similar approach on topic 6, *i.e.* we will defer deposition for now and make the request in the form of an interrogatory instead. We reserve our right to move forward with the deposition if, after a good faith review, we believe the interrogatory response is inadequate. Let us know if this is acceptable to you and we will serve an appropriate interrogatory. As to topic 7, we disagree that it requires expert testimony to identify additional registered material for works registered as derivative works. This is the same information Oracle was required to provide to the Copyright Office in its registration applications. *See* Section 6(b) of the registration form, requiring "a brief, general statement of the material that has been added to this work and in which copyright is claimed." Presumably, Oracle had some factual basis for the responses it provided in that section of its registrations, and we are entitled to discover what that was. Please let us know whether you will reconsider your position on topic 7.

2. <u>Second Rule 30(b)(6) to Oracle Corp</u>. There seems to be some confusion regarding this notice. Your email states that you will propose witnesses and dates for topic 1(a) at the end of this week. However, Bree's August 4 email indicates that Rick Cummins will be the witness on this topic and she has already proposed some dates to which we plan to respond shortly. Also, it's not clear from your email whether Oracle intends to provide a witness

on topic 1(b), while Bree's email implies that Mr. Cummins will testify on both 1(a) and 1(b). Can you please clarify your position on this topic? Similarly, your email states that Oracle intends to respond to topic 2 through an interrogatory response rather than by providing a witness for deposition. However, Bree's August 4 email states that Mr. Cummins will be the witness on this topic. Please clarify your position on this topic as well. Our view is that the rules of civil procedure do not permit Oracle to unilaterally decide to substitute an interrogatory response for a rule 30(b)(6) deposition. Nor do we agree that this topic can or will be adequately covered by an interrogatory response. That said, we will agree that Oracle can respond to the first item in topic 2 ("the identities of the companies known to Oracle to have provided, or be providing, third party support for the PS and JDE product lines") by supplementing its response to Interrogatory No. 9 in advance of the deposition. As to the remainder of topic 2, i.e. "the types of services provided by those companies, and the methods by which they are provided, we do not agree that Oracle may substitute an interrogatory response for rule 30(b)(6) deposition testimony. We also do not agree that Oracle can limit the scope to third party support companies that it contends have the same business model as TN.

3. Response to Interrogatory No. 14. In its response to this interrogatory, Oracle stated that it "does not currently contend that it is entitled to statutory damages ...." In paragraph 156 of the Second Amended Complaint, Oracle alleges that it "is entitled to statutory damages ...." In light of this allegation, we request that Oracle promptly supplement its response to Interrogatory No. 14.

4. Production of work for hire agreements and documents concerning authorship of the registered works. To date the only work for hire agreements we have received are form agreements. In your July 13 email you said you were continuing to look for work for hire agreements. What is the status of that search effort? Also, what is the status of the search for information regarding the identities of the individuals who authored the registered works?

5. Damages related documents referenced in the June 2 letter. In your July 31 email to Elaine Wallace, you requested further clarification on topic 1 in my June 2 letter, which she provided by return email that same day. What is Oracle's position on that topic?

Jason McDonell, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500
SF Office Main Tel.:  (415) 626-3939
Direct Dial:  (415) 875-5820
Fax:  (415) 875-5700
Email:  jmcdonell@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========