1   BINGHAM McCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
2   GEOFFREY M. HOWARD (SBN 157468)
    HOLLY A. HOUSE (SBN 136045)
3   ZACHARY J. ALINDER (SBN 209009)
    BREE HANN (SBN 215695)
4   Three Embarcadero Center
    San Francisco, CA  94111-4067
5   Telephone:  415.393.2000
    Facsimile:  415.393.2286
6   donn.pickett@bingham.com
    geoff.howard@bingham.com
7   holly.house@bingham.com
    zachary.alinder@bingham.com
8   bree.hann@bingham.com

9   DORIAN DALEY (SBN 129049)
    JENNIFER GLOSS (SBN 154227)
10  500 Oracle Parkway, M/S 5op7
    Redwood City, CA  94070
11  Telephone:  650.506.4846
    Facsimile:  650.506.7114
12  dorian.daley@oracle.com
    jennifer.gloss@oracle.com
13
    Attorneys for Plaintiffs
14  Oracle USA, Inc., Oracle International Corporation, and
    Oracle EMEA Limited
15

16                 UNITED STATES DISTRICT COURT

17               NORTHERN DISTRICT OF CALIFORNIA

18                  SAN FRANCISCO DIVISION

19

20   ORACLE USA, INC., *et al.*,              No. 07-CV-01658 PJH (EDL)

21              Plaintiffs,                   **DECLARATION OF PAUL K.
                                              MEYER IN SUPPORT OF**
          v.                                  **ORACLE'S OPPOSITION TO
22                                            DEFENDANTS' MOTION TO
     SAP AG, *et al.*,                        COMPEL**
23
              Defendants.
24
                                             **REDACTED**
25

26

27

28
                                             Case No. 07-CV-01658 PJH (EDL)

Dockets.Justia.com

1          I, Paul K. Meyer, declare as follows:

2          1.    I am over the age of 18 and competent to testify to the facts stated in this

3    declaration.  All statements made in this declaration are based upon my personal knowledge and

4    belief.  If called and sworn as a witness, I could and would competently testify as to such

5    matters.

6          2.    I am a Managing Director at Navigant Consulting, Inc. ("NCI") and co-

7    leader of NCI's national intellectual property practice.  NCI is a national business, economic,

8    financial and damages consulting company that provides services to government agencies,

9    corporations and counsel.  NCI has approximately 1,900 professionals in over thirty five offices

10   throughout the United States, Canada, Europe and China.

11   **I.      BACKGROUND AND EXPERIENCE**

12         3.    I am a Certified Public Accountant (CPA), Certified Fraud Examiner

13   (CFE), Certified in Financial Forensics (CFF) and accredited in business valuation (CPA-ABV).

14   I am a Consulting Professor at Stanford University in the Graduate School of Engineering, where

15   I have been teaching a course covering accounting, economics and financial issues for over

16   fifteen years.  I am also a member of the Advisory Board for the McIntire School of Commerce

17   at the University of Virginia.  I graduated from the University of Virginia in 1979.  I frequently

18   lecture on intellectual property valuation, including at the Sedona Patent Conference, the USC

19   Intellectual Property Institute, the Licensing Executive Society and Law Seminars International.

20         4.    I have over 25 years of experience consulting on financial, accounting,

21   economic and damages matters.  I am experienced in financial, economic, damage, and

22   accounting matters related to the scope of our work, analysis and study on this matter.  I have

23   consulted on numerous intellectual property infringement, misappropriation, valuation and

24   licensing-related matters.  I have analyzed hundreds of claims for lost profits and other financial

25   and economic impacts, and have analyzed and determined reasonable royalty rates.  I have

26   testified in over 200 depositions and approximately 70 trials and major arbitrations, including

27   over 30 jury trials.

28         5.    My curriculum vitae is included as ATTACHMENT A to this Declaration.

1

1    A listing of cases in which I have testified as an expert witness at trial, arbitration and/or

2    deposition during the last four years is included as ATTACHMENT B to this Declaration.  My

3    hourly billing rate on this matter is $600.  I have no publications during the last ten years.  NCI's

4    work on this matter was performed by me or under my supervision.

5    **II.    RETENTION AND ASSIGNMENT**

6           6.    Oracle retained NCI to address economic and damage issues related to its

7    litigation with Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively

8    referred to herein as "SAP" or "Defendants").[1]  My analyses of Oracle's damages in this matter

9    are on-going; I have not yet reached conclusions, nor have I reviewed all of the documentation

10   and information that has been produced by the parties in this matter.  I understand that fact

11   discovery is ongoing.

12          7.    The purpose of this Declaration is to address issues related to Defendants'

13   request to seek an order compelling Oracle USA, Inc., Oracle International Corporation and

14   Oracle EMEA, Ltd. (collectively referred to herein as "Oracle" or "Plaintiffs") to produce the

15   entire general ledgers for each Plaintiff corporation.[2]  Defendants make this request in their

16   Motion to Compel Production of Financial Information from Plaintiffs, dated July 14, 2009.[3]

17          8.    I submit this Declaration in support of Oracle's Opposition to Defendants'

18   Motion to Compel Production of Financial Information.  I make the following statements based

19   on my personal knowledge and expertise and, if called as a witness, would be prepared to testify

20   competently about them.  The basis for my opinions, and materials relied upon are referenced

21   herein.

22

23   _____

24   [1] *Oracle USA, Inc. et al. v. SAP AG et al.*, Complaint In Case No. 07-01658 dated March 22,
     2007; Oracle USA, Inc. et al v. SAP AG et al, Third Amended Complaint In Case No. 07-01658
25   dated October 8, 2008.

26   [2] Defendants' Motion to Compel Production of Financial Information from Plaintiffs
     ("Defendants' Motion"), dated July 14, 2009, at 1.

27   [3] Defendants' Motion at 11-12.

28

DECLARATION OF PAUL K. MEYER IN SUPPORT OF ORACLE'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL

1   **III.    SUMMARY OF CONCLUSIONS**

2           9.     General ledger detail does not, by mere virtue of being more detailed than

3   more summary level financial information and/or reports, more closely identify costs related to

4   sales by product.

5           10.    The level of detail provided in a general ledger is generally excessive,

6   likely to require extraordinary amounts of costs and hours to analyze, and unlikely to result in a

7   different determination of identifying which costs vary with additional relevant sales than other,

8   more summary level financial information, which is either available or will be made available.

9           11.    Defendants request general ledger information for accounts that are

10  irrelevant to a lost profits analysis in this case.

11  **IV.    GENERAL LEDGER INFORMATION**

12           12.    A general ledger is accounting terminology for a set of records that

13  contains the transactional level detail from all of a company's financial operations.  Instead of

14  being simply organized by the date of each transaction, the general ledger is arranged by account

15  code which seeks to group like financial transactions together.  General ledgers can become quite

16  complex in large entities and so another document, termed a chart of accounts, is used to provide

17  a roadmap to the account codes used in the general ledger.



14.

25 _____

26  [4] Declaration of Alex San Juan in support of Oracle's Opposition to Defendants' Motion to Compel ("San Juan Decl."), dated July 27, 2009, ¶ 3.

27  [5] San Juan Decl. ¶ 6.

28

Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF PAUL K. MEYER IN SUPPORT OF ORACLE'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL

1     ████████████████████.[6] If there are no account codes established to track costs by

2     product, then it is not possible to identify expenses for the PeopleSoft, J.D. Edwards or Siebel

3     products by simply reviewing and summarizing selected accounts from the general ledger.

4     **V.    DEFENDANTS' APRIL 2009 REQUEST FOR GENERAL LEDGER DATA**

5

6               15.    I understand that no agreement has been reached regarding the scope of

7     what general ledger information might be produced.

8               16.    I have been informed by counsel that Defendants were provided (a)

9     Oracle's consolidated chart of accounts for fiscal years 2005 through 2009, and (b) Oracle's

10    current chart of accounts at the general ledger level for the Plaintiffs in this case. I further

11    understand that on April 29, 2009, Defendants identified a subset of accounts for which they

12    would like to see detailed transaction level general ledger data ("Defendants' April 2009

13    Request"). The subset of accounts chosen by Defendants is a 73 page list of account and line of

14    business codes and titles, with approximately 14 pages of account and line of business codes and

15    titles per fiscal year.[7, 8] I have reviewed the 73 page list of account and line of business codes

16    identified by the Defendants, attached as Exhibit F to the Declaration of Holly A. House.

17               17.    I understand that the amount of information involved in responding to

18    Defendants' April 2009 Request would be in the hundreds of millions of lines of data, and that

19    _____

20    [6] Declaration of Ivgen Guner in Support of Oracle's Opposition to Defendants' Motion to Compel, dated July 24, 2009, ¶ 4.

21

22    [7] April 29, 2009 Email from Elaine Wallace to Zach Alinder, et al. Re: "Request for production of portions of Oracle's general ledger" and attachment "Requested Portions of Oracle's General Ledger." Defendants have also requested data on detailed general ledger balance sheet accounts

23    for intangible assets, goodwill and deferred revenues (both current and non-current) for 2005 through the present date.

24    [8] I understand that items included on the 73 page list that haves alphanumeric codes, such as

25    "YC9 – Marketing – Retail," represent lines of business rather than individual financial statement revenue or expense accounts. In addition, the 73 page list contains mostly "parent"

26    level accounts or lines of business that represent the "roll-up" of more detailed "child" level accounts and lines of business. Transaction-level detail can only be generated at the "child"

27    level, and therefore Defendants' 73 page request, in terms of detailed general ledger data, is much more voluminous than the 73 page list would suggest. *See* San Juan Decl. ¶ 7.

28

4        Case No. 07-CV-01658 PJH (EDL)

1    the effort to collect and produce such data would require at least six months of dedicated efforts

2    from five to ten Oracle personnel. [9]

3

4    **VI.    DEFENDANTS' MOTION TO COMPEL GENERAL LEDGER
            DATA**

5
            18.     I understand that in their motion to compel, Defendants' are now
6
     requesting the entire general ledgers of each Plaintiff in this case, which involves a broader scope
7
     of accounts than what was included in Defendants' April 2009 Request.[10]   I understand that the
8
     amount of information involved in responding to such a request would be extremely voluminous,
9
     and that the effort to produce such data would require three months of dedicated effort from five
10
     to ten Oracle personnel.[11]
11
     **VII.   RELEVANCE AND USEFULNESS OF THE GENERAL LEDGER
12           DATA REQUESTED BY DEFENDANTS**

13           19.     I understand Defendants are seeking Oracle's general ledger data for their

14    evaluation of Oracle's damages on the basis of its lost profits.[12]

15           20.     In measuring a company's lost profits, it is accepted damages theory that

16    the only expenses that should be deducted from lost revenues are those that vary with the

17    claimed lost sales.  Overhead costs that do not vary by lost sales should not be applied to the lost

18    sales.

19           21.     In my experience, some of the general ledger detail that Defendants

20    request appears to be related to costs that are unlikely to vary with Oracle's lost sales.

21    ████████████████████████████████████████████████████

22    ████████████████████████████████████████████████████

23    _____

24    [9] San Juan Decl. ¶¶ 12-13.

25    [10] Defendants' Motion at 12; San Juan Decl. ¶ 15.

26    [11] San Juan Decl. ¶¶ 19-20.

27    [12] Defendants' Motion at 2.

28

DECLARATION OF PAUL K. MEYER IN SUPPORT OF ORACLE'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL

1    ████████████████████████████████████ [13]

2        22.    Moreover, Defendants have requested the detail for accounts where it

3    appears that the detailed information would serve no incremental benefit relative to summary

4    information. ██████████████████████████████████████████████

5    ████████████████████████████████████████████████

6    ████████████████████████████████████████████████

7    ████████████████████████████████████████████████

8    ████████████████████████████████████████████

9    Therefore, obtaining Defendants' requested level of detail appears to provide no benefit to a lost

10   profits analysis in this case.

11       23.    I understand from counsel that production of data is ongoing and that

12   financial reports containing varying levels of detail related to revenue and expense data have

13   been produced.  I further understand that revenue and expense data, which has been manually

14   collected or allocated by product and/or generated for each Oracle Plaintiff in this matter, is in

15   the process of being identified and produced.

16       24.    In my opinion, much of the detailed general ledger information requested

17   by Defendants may not be relevant to their evaluation of lost profits in this case.  Moreover, the

18   general ledger detail information Defendants request would not provide significant incremental

19   benefit in identifying costs or expenses by software product, and would be extremely

20   burdensome both for Oracle to produce, and for SAP to analyze.  In my previous experience

21   analyzing lost profits damages in intellectual property disputes, I have not been required to rely

22   upon general ledger detailed transactional-level information to determine revenues, costs or

23   profits.

24

25   _____

26   [13] For example, see Requested Portions of Oracle's General Ledger, p. 3, 11, 16, 25, 30, 39, 44, 54, 59 and 70.

27   [14] For example, see Requested Portions of Oracle's General Ledger, p. 2, 16, 29, 44 and 59.

28

6                                          Case No. 07-CV-01658 PJH (EDL)
DECLARATION OF PAUL K. MEYER IN SUPPORT OF ORACLE'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL

1           I declare under penalty of perjury under the laws of the United States that the

2   foregoing is true and correct and that this declaration is executed at _____ California, on

3   July 2, 2009.

4

5

6                               Paul K. Meyer

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF PAUL K. MEYER IN SUPPORT OF ORACLE'S OPPOSITION TO DEFENDANTS'
MOTION TO COMPEL