# EXHIBIT C

```
BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and
Oracle EMEA Limited
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>    Plaintiffs,<br>v.<br>SAP AG, *et al.*,<br><br>    Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES**<br><br>**CONTAINS CONFIDENTIAL INFORMATION DESIGNATED PURSUANT TO PROTECTIVE ORDER** |

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTY:** | Defendant TomorrowNow, Inc. |
| 2 3 | **RESPONDING PARTY:** | Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited |
| 4 | **SET NUMBER:** | One |

Pursuant to Federal Rule of Civil Procedure 26(e) and 33, plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (collectively, "Oracle") hereby further supplement and amend their responses and objections to defendant TomorrowNow, Inc.'s ("SAP TN") First Set of Interrogatories.

## GENERAL OBJECTIONS

1. The following General Objections are incorporated into each specific Response below as if fully repeated in each Response. Any failure to repeat all or any part of these General Objections in a specific Response shall not constitute a waiver or relinquishment of such objections.

2. Oracle's answers to any Interrogatory shall be without prejudice to, and shall preserve, any objections that it may have to the competence, relevance, materiality, or admissibility of any of the Interrogatories, the Responses, and their subject matter at any hearing or trial in this action.

3. Oracle objects to the Interrogatories to the extent they purport to obligate Oracle to respond in any manner that exceeds or is inconsistent with the requirements of the Federal Rules of Civil Procedure or any other applicable laws. Oracle shall respond to the Interrogatories to the extent and in the manner required by the Rules.

4. Oracle objects to each Interrogatory to the extent that SAP AG, SAP America, Inc., or SAP TN (collectively, "defendants") seek information that is not within Oracle's possession, custody, or control, including without limitation information that is in the possession of Oracle's or defendants' customers. Oracle will respond to the Interrogatories based only on information in its own possession, custody, or control, as required by the Federal

Rules of Civil Procedure.

5. Oracle objects to these Interrogatories to the extent they are compound. When compound Interrogatories are separated into their distinct subparts, SAP TN has served 21 Interrogatories, not 15.

6. Oracle objects to each Interrogatory to the extent it seeks disclosure of information protected from discovery by the attorney-client, common interest, work product, witness statement, and/or party communications privileges, the privileges and exemptions from discovery afforded to materials prepared in anticipation of litigation or in preparation for trial, and all other applicable privileges. Oracle does not intend to disclose such protected information.

7. Oracle objects to the Interrogatories to the extent they purport to obligate Oracle to respond in any manner that exceeds or is inconsistent with the requirements of the Federal Rules of Civil Procedure or any other applicable laws. Oracle shall respond to the Interrogatories to the extent and in the manner required by the Rules.

8. Oracle's investigation into the facts of the case is ongoing. These Responses are made based on Oracle's knowledge to date. Oracle reserves the right to supplement these Responses and will amend these Responses as required at an appropriate time pursuant to Federal Rule of Civil Procedure 26(e). Oracle further objects to the need for further supplementation of these responses to the extent the additional or corrective information has otherwise been made known to the other parties during the discovery process or in writing, pursuant to Federal Rule of Civil Procedure 26(e). Oracle is not required to summarize and/or synthesize every fact disclosed in discovery in these responses. These responses are without waiver to Oracle's ability to rely on additional and different facts at trial.

## OBJECTIONS TO DEFINITIONS

1. Oracle objects to the definition of "Customer Connection" as divergent from the parties' agreed-upon definition in the draft Preservation Order. Oracle will interpret "Customer Connection" as the Oracle-maintained support website for PeopleSoft and J.D. Edwards customers and all associated Software and Support Materials, Documents, Data, and

Tangible Things, hardware, software, physical server locations, and internet protocol addresses, including those available via Change Assistant.

2.  Oracle objects to the definition of "Customer Contracts" as overbroad, unduly burdensome, and not reasonably likely to lead to the discovery of admissible evidence. The definition includes contracts that are irrelevant to this litigation.

3.  Oracle objects to the definitions of "Named Customers" and "TN Customer" as inconsistent with the current list of applicable TomorrowNow customers, as set forth in Defendant TomorrowNow, Inc.'s Supplemental Exhibit 1 to its First Sets of Requests for Production. Oracle will interpret "Named Customers" and "TN Customer" when used together to mean the full list of TomorrowNow customers set forth in Defendant TomorrowNow, Inc.'s Supplemental Exhibit 1 to its First Sets of Requests for Production.

4.  Oracle objects to the definition of "Software and Support Materials" as overbroad, unduly burdensome, and divergent from the parties' agreed-upon definition in the draft Preservation Order. Defendants' definition includes materials available not only on Customer Connection but also on "any similar Oracle support website or File Transfer Protocol ("FTP") site." Oracle FTP sites and support websites, other than Customer Connection, Metalink and SupportWeb, are not at issue in this litigation, and so defendants' definition calls for irrelevant materials and would impose an excessive burden on Oracle. Oracle will interpret "Software and Support Materials" to mean, without limitation, all program updates, software updates, bug fixes, patches, custom solutions, and instructional materials, created or owned by Oracle, or derived from, copied from or based on any such materials, including by SAP or TN, across the entire family of PeopleSoft, Siebel and/or J.D. Edwards branded products.

**OBJECTIONS TO INSTRUCTIONS**

1.  Oracle objects to the time period set by Instruction No. 4, which is "January 1, 2002 through the date of response," as overbroad and unduly burdensome to the extent that it imposes a burden or obligations different from or additional to the agreement the parties have reached regarding production of information before 2004 and after the filing of the litigation.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20

**INTERROGATORY NO. 5:**

Describe in as much detail as possible how Oracle believes any activity alleged in the Complaint has damaged it, including how Oracle was damaged by each allegedly improper Download identified in the response to Interrogatory No. 4 and, if Oracle claims to have lost any customer as a result of any activity alleged in the Complaint, all facts and inferences upon which Oracle bases that claim for each customer allegedly lost.

**RESPONSE TO INTERROGATORY NO. 5:**

In addition to its General Objections, Oracle objects that this Interrogatory is compound,

as it includes two distinct inquiries. Oracle will therefore treat this Interrogatory as though it were two separate Interrogatories, as follows:

**Interrogatory No. 5(a):**

Describe in as much detail as possible how Oracle believes any activity alleged in the Complaint has damaged it, including how Oracle was damaged by each allegedly improper Download identified in the response to Interrogatory No. 4.

**Response to Interrogatory No. 5(a):**

In addition to its General Objections, Oracle objects that the internal reference to Interrogatory No. 4 renders this Interrogatory vague and ambiguous. Oracle further objects that this interrogatory seeks information that is not relevant to the litigation, nor likely to lead to the discovery of admissible evidence. Oracle further objects that its investigation into the circumstances related to defendants' intrusion into and theft from Oracle's systems, and the resulting damage, is not yet complete, including but not limited to its investigation into customers implicated by SAP's unlawful conduct. Oracle further objects to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Oracle further objects to the extent that the Interrogatory calls for expert opinion or testimony in advance of the time for production of this information. Oracle further objects to this Interrogatory on the ground that many of the facts concerning defendants' interference are solely within the knowledge and/or control of defendants or other third parties.

Subject to and without waiver of these objections, Oracle responds as follows:

As a result of the conduct described in its First Amended Complaint, Oracle has suffered damages, including without limitation loss of profits from sales or licenses to current and potential customers of Oracle support services and software programs; diminution of Oracle's competitive advantage; harm to Oracle's data, programs, and computer systems, including without limitation damage to their functionality; loss of the revenues, earnings, profits, compensation, and benefits that SAP obtained from the unlawful and unfair use of Oracle's stolen property; damage to Oracle's rights to dominion and control over its property; damage to the confidential nature of the information on Oracle's website; diminution in value of Oracle's

PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES

1   stolen property; deprivation of the intended use of Oracle's computer systems; and irreparable
2   harm as a result of SAP's illegal, wrongful, and unfair business practices, for which Oracle has
3   no adequate remedy at law. Oracle may discover additional categories of damage as it continues
4   its investigation of the matter. A calculation of damages has not been made. After computation
5   of damages is complete, Oracle will make available to SAP the documents or other evidentiary
6   material, not privileged or protected from disclosure, on which such computation is based,
7   including materials bearing on the nature and extent of injuries suffered.

**Interrogatory No. 5(b)**:

If Oracle claims to have lost any customer as a result of any activity alleged in the Complaint, all facts and inferences upon which Oracle bases that claim for each customer allegedly lost.

**Response to Interrogatory No. 5(b)**:

In addition to its General Objections, Oracle objects on the grounds that the undefined phrase "all facts and inferences" renders the Interrogatory vague and ambiguous. Oracle further objects that this Interrogatory seeks information that is not relevant to the litigation, and is not likely to lead to the discovery of admissible evidence. Oracle further objects that its investigation into the circumstances related to defendants' intrusion into and theft from Oracle's systems, and the resulting damage, is not yet complete, including but not limited to its investigation into customers implicated by SAP's unlawful conduct. Such a request is objectionable as a premature contention interrogatory before discovery has begun in earnest. *See In re Convergent Technologies*, 108 F.R.D. 328 (N.D. Cal. 1985). Oracle further objects to the extent that this Interrogatory calls for information protected by the attorney-client or work product privileges. Oracle further objects to this Interrogatory on the ground that many of the facts concerning lost customers are solely within the knowledge and/or control of defendants or other third parties.

Subject to and without waiver of these objections, Oracle responds as follows:

As a result of the conduct described in its First Amended Complaint, Oracle has lost a number of current and potential customers of Oracle support services and software programs.

1  The full extent of customers lost due to SAP's unlawful conduct will be revealed as Oracle
2  continues its investigation of the matter and conducts discovery. However, at a minimum and
3  without limitation, Oracle has lost the Named Customers as a result of the activity alleged in the
4  First Amended Complaint. Pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants
5  to Oracle's document production, including Oracle's production of the customer license
6  agreements related to each of the Named Customers and the customer's license agreement file,
7  and including correspondence related to the customer's support renewal. Further, Oracle refers
8  defendants to the First Amended Complaint and defendants' Answer.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

**Supplemental Response to Interrogatory No. 5(b):**

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that pursuant to Fed. R. Civ. Proc. Rule 33(d), Oracle refers defendants to Oracle's document production, including Oracle's production of the customer license agreements related to each of the Named Customers and the customer's license agreement file, and including correspondence related to the customer's support renewal. Oracle's production of such documents is continuing, but includes materials Bates numbered ORCL00000001 through ORCL00007590. Further, Oracle refers defendants to the First Amended Complaint and defendants' Answer.

**SECOND SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 5:**

**Second Supplemental Response to Interrogatory No. 5(a):**

Oracle further objects to the extent that supplementation would require Oracle to summarize the documents and testimony provided on this subject, including, e.g., the deposition testimony of [redacted]. Oracle cannot and will not and is not required to do so and incorporates all such evidence by reference into this supplemented answer. Subject to and without waiving the specific and general objections stated above, Oracle further incorporates by reference the damages-related responses and information contained in Oracle's responses to

24                                                                 07-CV-1658 PJH (EDL)

1 Defendants' Fifth Set of Interrogatories and Oracle's Supplemental and Amended Initial
2 Disclosures as if set forth here in full. Oracle further incorporates by reference the extensive
3 evidence from Defendants' production and testimony concerning the fear, uncertainty and doubt
4 ("FUD") consistently employed by Defendants to cause Oracle's customers to question the value
5 of Oracle's service offerings and/or their products' future, Defendants' promises to Oracle's
6 customers that TN offered "superior service at half the price" (or less) which further undermined
7 those customers' perception of the value of Oracle's service and which delayed customers'
8 purchases, spurred them to unreasonable negotiations with Oracle and/or lured Oracle's
9 customers to TN and/or SAP; TN's misuse of Oracle IP – with SAP's knowledge – also created
10 the impression that TN's service was comparable to Oracle's, which further undermined those
11 customers' perception of the value of Oracle's service and which delayed customers' purchases,
12 spurred them to unreasonable negotiations with Oracle and/or lured Oracle's customers to TN
13 and/or SAP.

**Second Supplemental Response to Interrogatory No. 5(b)**:

15 Oracle further objects to the extent that supplementation would require Oracle to
16 summarize the documents and testimony provided on this subject, including, *e.g.*, the deposition
17 testimony of [REDACTED]
18 [REDACTED] and relevant Oracle 30(B)(6) testimony; Oracle cannot
19 and will not and is not required to do so and incorporates all such evidence by reference into this
20 supplemented answer. Subject to and without waiving the specific and general objections stated
21 above, Oracle further incorporates by reference the damages-related responses and information
22 contained in Oracle's responses to Defendants' Fifth Set of Interrogatories and Oracle's
23 Supplemental and Amended Initial Disclosures as if set forth here in full. Oracle's production of
24 such documents is continuing, but includes materials Bates numbered ORCL00000001 through
25 ORCL00007714, ORCL00139148 through ORCL00159820, ORCL00176128 through
26 ORCL00180465 and ORCL00372975 through ORCL00381654. Oracle further incorporates by
27 reference the extensive evidence concerning (a) the limited alternative and legal service options
28 available to the customers on Defendant TomorrowNow, Inc.'s Supplemental Exhibit 1 to its

First Sets of Requests for Production other than TN at the time such customers chose TN service, (b) the fact that no customer would have chosen to do business with TN had TN informed them it was providing service based on the host of improper and illegal methods detailed in Oracle's third amended complaint and revealed in this litigation; (c) the past histories of all such customers of doing business with Oracle or its predecessors at the prices Oracle and its predecessor companies charged; (d) the fact that, once a service customer is lost, it is difficult to get that customer to return for the host of reasons described in discovery, including reduction of the customers' service budget due to paying at least 50% less to TN and the difficulty of the responsible purchasing party at the customer explaining to his or her manager that he or she had erred in leaving Oracle service in the first place.

**INTERROGATORY NO. 6:**

1
2
3
4
5
6
7
8
9
10
DATED: May 22, 2009
11
12                          Bingham McCutchen LLP
13
14
                            By: _____
15                                  Zachary J. Alinder
                                  Attorneys for Plaintiffs
16                          Oracle USA, Inc., Oracle International Corporation,
                                  and Oracle EMEA Limited
17
18
19
20
21
22
23
24
25
26
27
28

PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO
DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES

# PROOF OF SERVICE

I am over 18 years of age, not a party to this action and employed in the County of San Francisco, California at Three Embarcadero Center, San Francisco, California 94111-4067. I am readily familiar with the practice of this office for collection and processing of correspondence by U.S. Mail and Electronic Mail, and they are deposited and/or sent that same day in the ordinary course of business.

Today I served the following documents:

**PLAINTIFFS' SECOND AMENDED AND SUPPLEMENTAL RESPONSES AND OBJECTIONS TO DEFENDANT TOMORROWNOW, INC.'S FIRST SET OF INTERROGATORIES**

[X] (BY ELECTRONIC MAIL) by transmitting via electronic mail document(s) in portable document format (PDF) listed below to the email address set forth below on this date.

[X] (BY MAIL) by causing a true and correct copy of the above to be placed in the United States Mail at San Francisco, California in sealed envelope(s) with postage prepaid, addressed as set forth below. I am readily familiar with this law firm's practice for collection and processing of correspondence for mailing with the United States Postal Service. Correspondence is deposited with the United States Postal Service the same day it is left for collection and processing in the ordinary course of business.

Robert A. Mittelstaedt, Esq.
Jones Day
555 California Street
26th Floor
San Francisco, CA 94104
Tel: (415) 626.3939

ramittelstaedt@JonesDay.com

Tharan Gregory Lanier, Esq.
Jane L. Froyd, Esq.
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
Tel: (650) 739-3939

tglanier@JonesDay.com
jfroyd@JonesDay.com

I declare that I am employed in the office of a member of the bar of this court at whose direction the service was made and that this declaration was executed on May 22, 2009, at San Francisco, California.

*Rosaleen Doran*
Rosaleen Doran