# EXHIBIT E

Dockets.Justia.com

**From:** Elaine Wallace [mailto:ewallace@JonesDay.com]
**Sent:** Wednesday, July 16, 2008 9:50 AM
**To:** House, Holly; Alinder, Zachary J.; Hann, Bree; Howard, Geoff; Rosenbaum, Briana Lynn
**Cc:** Scott Cowan; Jason McDonell; Joshua L Fuchs; Jane L Froyd
**Subject:** Targeted searches

Holly,

Below is Defendants' updated list of the first seven targeted searches. Defendants reserve their rights as to the remaining three targeted searches.

1. **Copyright information.** This would include the documents responsive to RFP Nos. 53 through 62 described in Jason McDonell's June 2 letter to Geoff Howard, relating to the works at issue and any underlying works from which they are derived, such as work for hire agreements, inter-Oracle license agreements, assignment agreements, and reports or similar documents identifying the individuals who authored the work. It also includes similar documents responsive to RFP Nos. 87 and 88, which although not expressly part of the parties' ongoing meet and confer efforts on Nos. 53 through 62, concern the same kinds of documents.

2. **Financial information.** This would include several kinds of documents responsive to RFP Nos. 65 through 73, No. 79, and No. 107, including the eight categories of reports, analyses, and central repository type documents listed in Jason McDonell's June 2 letter to Geoff Howard. It would also include similar types of documents responsive to RFP Nos. 85 (support and development resources for PS and JDE products) and Nos. 111 through 113 (relating to ongoing support revenue).

3. **Customer files.** This would include documents responsive to RFP Nos. 1, 4, 5, and 44 through 47 that consist of customer license and/or support agreements (including schedules, amendments, renewals, and cancellations thereto) and any common or centralized files or sources containing related customer documents and communications, such as the OKS database.

4. **Documents relating to customer wins, losses, and those at risk.** This would include documents contained in common or centralized files or sources responsive to RFP Nos. 64 and 111 through 113, such as win/loss or at risk reports, customer surveys, and documents from any relevant customer relationship management databases. Defendants reserve the right to expand this search to a reasonably limited group of relevant sales custodians should these common or centralized data sources prove inadequate. This expanded search would not count against the 120 custodian limit or preclude the inclusion of sales custodians on Defendants custodian list.

5. **Oracle's communications with TN.** This would involve a search of logical places, such as relevant central repositories, groups or departments most likely to have had such communications, and individuals similarly situated to those identified in the documents we have cited in the briefing on this issue and provided to you last week. We believe the logical groups or departments are legal, competitive intelligence, and support. To the extent that these departments are structured in such a way that only certain individuals within them are likely to have had such communications, the search could be limited to those individuals. For example, with respect to legal, the search could be limited to individuals involved in intellectual property issues relating to PS and JDE products. This presumably would encompass the individuals involved in, for example, cease and desist letters to TN. In response to our request for further information about how departments at Oracle are structured, you have

referred us to the organization chart Oracle has produced. However, the only entry for the legal department contained in the organization chart is for Dorian Daley, so we have insufficient information on which to base a proposal for a more limited search. Similarly, if the competitive intelligence group is structured such that only some individuals work on competitive intelligence relating to TN, the search could be limited to those individuals. However, there is no information in the organization chart on individual responsibilities within that group. It does appear from the chart that the group is quite small, however, so in the absence of further information from you, we propose that the targeted search include all individuals in the competitive intelligence group. With regard to the support group, we have inquired whether there are some employees who support only PS and JDE products. In response, you have referred us to the organization chart, which does not contain that information. If you can provide us with that information, it will help us refine our proposed targeted search. In the meantime, we are continuing to search for additional communications between Oracle and TN employees and will provide a list of Oracle employees we believe should be included in the targeted search later this week.

6. **Oracle's analyses of PeopleSoft or JDE intellectual property assets prior to, subsequent to, or in connection with the acquisition.** This would include documents responsive to RFP Nos. 53 through 57, 59, 61, 62, 87, and 88 that consist of reports, analyses, summaries, inventories, valuations, and other similar types of documents concerning intellectual property assets.

7. **Policy and procedure documents.** This would include policy and procedure documents responsive to RFP No. 36 (policies and procedures relating to third party support of Oracle products), Nos. 48 and 49 (policies and procedures relating to termination and auditing of customer access to Customer Connection), No. 76 (policies and procedures relating to document retention), and No. 86 (policies and procedures relating to marking of intellectual property to indicate that it is proprietary, confidential, or otherwise subject to legal protection).

Elaine Wallace
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
(415) 875-5831 (Direct Dial)
(415) 875-5700 (Fax)
ewallace@jonesday.com

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========

7/28/2009