1   BINGHAM McCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
2   GEOFFREY M. HOWARD (SBN 157468)
    HOLLY A. HOUSE (SBN 136045)
3   ZACHARY J. ALINDER (SBN 209009)
    BREE HANN (SBN 215695)
4   Three Embarcadero Center
    San Francisco, CA  94111-4067
5   Telephone:  (415) 393-2000
    Facsimile:  (415) 393-2286
6   donn.pickett@bingham.com
    geoff.howard@bingham.com
7   holly.house@bingham.com
    zachary.alinder@bingham.com
8   bree.hann@bingham.com

9   DORIAN DALEY (SBN 129049)
    JENNIFER GLOSS (SBN 154227)
10  500 Oracle Parkway, M/S 5op7
    Redwood City, CA  94070
11  Telephone:  (650) 506-4846
    Facsimile:  (650) 506-7114
12  dorian.daley@oracle.com
    jennifer.gloss@oracle.com
13

14  Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle International Corporation, and
15  Oracle EMEA Limited

16              UNITED STATES DISTRICT COURT

17            NORTHERN DISTRICT OF CALIFORNIA

18                SAN FRANCISCO DIVISION

19  ORACLE USA, INC., *et al.*,            CASE NO.  07-CV-01658 PJH (EDL)

20              Plaintiffs,               **PLAINTIFFS' ADMINISTRATIVE**
          v.                              **MOTION TO FILE UNDER SEAL**
21                                        **DOCUMENTS SUPPORTING**
    SAP AG, *et al.*,                     **PLAINTIFFS' OPPOSITIONS TO**
22                                        **DEFENDANTS' MOTION FOR**
              Defendants.                 **SANCTIONS AND MOTION TO**
23                                        **COMPEL; DECLARATION OF**
                                          **JENNIFER GLOSS IN SUPPORT**
24

25

26

27

28
                                        Case No. 07-CV-01658 PJH (EDL)

PLAINTIFFS' ADMIN. MOTION TO FILE UNDER SEAL DOCUMENTS SUPPORTING PLAINTIFFS' OPPOSITIONS TO
DEFENDANTS' MOTION FOR SANCTIONS AND MOTION TO COMPEL ; DECLARATION OF JENNIFER GLOSS IN SUPPORT

Dockets.Justia.com

# I.   INTRODUCTION

Pursuant to Local Rules 75-5(c) and 7-11, Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (collectively, "Oracle"), hereby moves the Court for an order directing the Clerk of the Court to file under seal the following documents related to Oracle's Oppositions to Defendants' Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c) and 16(f) (the "Opposition to Sanctions Motion") and Defendants' Motion to Compel Financial Information ("Motion to Compel Opposition"):

(1) portions of Plaintiffs' Opposition to Sanctions Motion;

(2) the testimony identified as Exhibits G through J to the Declaration of Holly A. House (the "House Sanctions Declaration") filed in support of Plaintiffs' Opposition to Sanctions Motion;

(3) portions of Plaintiffs' Motion to Compel Opposition;

(4) portions of the Declaration of Holly A. House in support of Plaintiffs' Motion to Compel Opposition (the "House Motion to Compel Declaration");

(5) the document identified as Exhibit F of the House Motion to Compel Declaration;

(6) portions of the Declaration of Ivgen Guner in support of Plaintiffs' Motion to Compel Opposition (the "Guner Declaration");

(7) portions of the Declaration of Alex San Juan in support of Plaintiffs' Motion to Compel Opposition (the "San Juan Declaration"); and,

(8) portions of the Declaration of Paul K. Meyer in support of Plaintiffs' Motion to Compel Opposition.

Each of these documents contains information properly designated pursuant to the Stipulated Protective Order entered in this action as confidential or highly confidential by Oracle. Good cause exists to support filing the requested documents under seal, as established in the attached Declaration of Jennifer Gloss in support of this motion, because Oracle has narrowly tailored its request to seal only the specific passages that contain non-public, commercially sensitive, and confidential information, the disclosure of which would create a significant risk of

competitive injury and particularized harm and prejudice to Oracle.  Accordingly, the Court

should grant this motion to file the requested documents under seal.

## II.  GOOD CAUSE EXISTS TO SUPPORT FILING THE REQUESTED DOCUMENTS UNDER SEAL

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to

permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other

confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c).  In

particular, when the request for sealing concerns discovery documents attached to a non-

dispositive motion, a showing of good cause to seal the documents is sufficient to justify

protection under Rule 26(c).  *Navarro v. Eskanos & Adler*, Case No. C-06 02231 WHA(EDL),

2007 U.S. Dist. LEXIS 24864 at *7 (March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d

1172, 1179 (9th Cir. 2006)).  To make such a showing, the party seeking protection from

disclosure under the rule must demonstrate that public disclosure of such information would

create a risk of significant competitive injury and particularized harm or prejudice.  *See Phillips

v. General Motors Corp.* 307 F. 3d 1206, 1211 (9th Cir. 2006) (setting forth the standard of good

cause on a motion to seal).

Oracle has established good cause to permit filing under seal through the

Declaration of Jennifer Gloss (the "Gloss Declaration") attached below, as required under Local

Rule 79-5(d).  The Gloss Declaration establishes both that Oracle has considered and treated the

information contained in the subject documents as confidential and proprietary, and that public

disclosure of such information would result in a particularized harm or prejudice to Oracle.  *See

Phillips*, 307 F.3d at 1211.  In addition, Oracle has taken steps to ensure that the information

contained in these documents remain confidential in this litigation, pursuant to the Protective

Order entered on June 6, 2007.  This Protective Order was designed by the Parties, who are

direct competitors in the software industry, to protect designated documents from improper

disclosure, both to the public and more broadly than necessary to employees of the Parties

themselves.

In addition, Oracles has narrowly tailored this request, as required by Local Rule

3

1   79-5(a), by only requesting redaction or sealing of the specific passages, documents and

2   information that contain the most commercially sensitive and confidential information.  More

3   specifically, these exhibits contain confidential and commercially sensitive information about

4   internal Oracle competitive strategies, financial and accounting systems, pricing structures, and

5   internal corporate structure justifying their protection under the sealing rules of this Court,

6   including Rule 26(c), Local Rule 79-5, and this Court's Standing Order on Confidential and

7   Sealed Documents, particularly given that much of the cited testimony and documents come

8   from the highest executive levels at Oracle.  According, the Court should grant this motion to file

9   the requested documents under seal.

10   **III.    CONCLUSION**

11          For the foregoing reasons, Oracle respectfully requests that the Court file under

12   seal (1) portions of the Opposition to Sanctions Motion; (2) the testimony identified as Exhibits

13   G through J of the House Sanctions Declaration; (3) portions of the Motion to Compel

14   Opposition; (4) portions of the House Motion to Compel Declaration; (5) the document

15   identified as Exhibit F of the House Motion to Compel Declaration; (6) portions of the Guner

16   Declaration; (7) portions of San Juan Declaration; and (8) portions of the Meyer Declaration.

17

18   DATED:  July 28, 2009                    BINGHAM McCUTCHEN LLP

19

20                                             By:_____ Holly A. House_____

21                                                  Attorneys for Plaintiffs
                                                   Oracle Corporation, Oracle USA, Inc., and
22                                                  Oracle International Corporation

23

24

25

26

27

28

**DECLARATION OF JENNIFER GLOSS IN SUPPORT OF PLAINTIFFS'
ADMINISTRATIVE MOTION TO FILE DOCUMENTS UNDER SEAL**

I, Jennifer Gloss, declare as follows:

1.      I am an attorney licensed to practice law in the State of California and am Senior Corporate Counsel at Oracle USA, Inc. ("Oracle").  I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

**Exhibits Submitted in Support of Plaintiffs' Opposition to Defendants' Motion for
Sanctions**

2.      I have reviewed the documents and testimony identified as Exhibits G through J of the Declaration of Holly A. House (the "House Sanctions Declaration") filed in support of Oracle's Opposition to Defendants' Motion for Sanctions.  These exhibits contain non-public, commercially sensitive and confidential information the disclosure of which would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

3.      Oracle has narrowly tailored its request by only requesting redaction or sealing of the specific passages, documents and information that contain the most commercially sensitive and confidential information.  More specifically, these exhibits contain the following types of confidential and commercially sensitive information justifying their protection under the sealing rules of this Court, including Rule 26(c), Local Rule 79-5, and this Court's Standing Order on Confidential and Sealed Documents, particularly given that the cited testimony and documents come from the highest possible executive levels at Oracle:

a.   Ex. G to the House Sanctions Declaration:  Pages 14-17 and 79-81 of the deposition of Safra Catz, Oracle's Co-President, taken March 27, 2009 contain non-public, commercially sensitive and confidential information regarding Oracle's internal financial accounting and reporting systems. The disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

b.   Ex. H to the House Sanctions Declaration:  Pages 21, 33-34 and 142-144

1      of the deposition of Charles Phillips, Oracle's co-President, taken April

2      17, 2009, contain non-public, commercially sensitive and confidential

3      financial figures and estimates with regard to harm Oracle has suffered;

4      non-public, commercially sensitive and confidential internal competitive

5      strategy; non-public, commercially sensitive and confidential concerning

6      Oracle's business model and related strategic policies.  The disclosure of

7      such confidential information would create a risk of significant

8      competitive injury and particularized harm and prejudice to Oracle.

9      c.   Ex. I to the House Sanctions Declaration: Pages 10-17 and 64-65 of the

10     deposition of Larry Ellison, Oracle's CEO, taken May 5, 2009, contain

11     non-public, commercially sensitive and confidential financial figures and

12     estimates with regard to harm Oracle has suffered; they also contain non-

13     public, commercially sensitive and confidential internal competitive

14     strategy.  The disclosure of such confidential information would create a

15     risk of significant competitive injury and particularized harm and

16     prejudice to Oracle.

17     d.   Ex. J to the House Sanctions Declaration: Pages 41-44, 47-54, 81-85; 90-

18     91; 95-97; 200-201 and 273-274 of the deposition of Juergen Rottler,

19     Executive Vice President Oracle Customer Services, taken May 13, 2009,

20     contain confidential, commercially sensitive and internal customer

21     negotiations and internal analyses and procedures regarding such

22     confidential negotiations.  They also contain specific private and

23     confidential customer financial information; non-public, commercially

24     sensitive and confidential information regarding Oracle's pricing

25     strategies; and, non-public, commercially sensitive and confidential

26     information regarding competitive strategy.  The disclosure of such

27     confidential information would create a risk of significant competitive

28     injury and particularized harm and prejudice to Oracle.

1            4.       Further, portions of Plaintiffs' Opposition to Defendants' Motion for

2 Sanctions contain descriptions from documents identified herein that have been designated as are

3 designated by Plaintiffs as "Confidential Information" or "Highly Confidential Information -

4 Attorneys' Eyes Only."   Oracle has narrowly tailored its request by only requesting redaction or

5 sealing of the specific passages that contain non-public, commercially sensitive confidential

6 information the disclosure of which would create a significant risk of competitive injury and

7 particularized harm and prejudice to Oracle.  Those passages, contained on page 11 of Plaintiffs'

8 Opposition to Defendants' Motion for Sanctions include descriptions of the confidential

9 deposition testimony described above in Paragraph 3.  Consistent with Paragraph 3 above, the

10 disclosure of such confidential information would create a risk of significant competitive injury

11 and particularized harm and prejudice to Oracle.

12            5.       Plaintiffs have protected information in Exhibits G through J to the House

13 Sanctions Declaration and in the passages contained on page 11 of Plaintiffs' Opposition to

14 Defendants' Motion for Sanctions from improper public disclosure through the Stipulated

15 Protective Order that is designed to prevent the Parties' private commercial information from

16 being improperly disclosed.  Under the terms of that Order, Plaintiffs designated certain

17 documents, deposition transcripts and discovery responses containing private commercial

18 information as either "Confidential" or "Highly Confidential - Attorneys' Eyes Only" prior to

19 producing such documents in the course of discovery.  As attested to above, Exhibits G through J

20 to the House Sanctions Declaration and the passages contained on page 11 of Plaintiffs'

21 Opposition to Defendants' Motion for Sanctions contain certain information taken from

22 documents and testimony that was designated either "Confidential" or "Highly Confidential -

23 Attorneys' Eyes Only".  Absent the requested sealing, these exhibits would provide valuable

24 insight into Oracle's competitive strategies, financial systems, pricing structures, and internal

25 corporate structure, giving current and prospective customers and competitors specific leverage

26 to use against Oracle.

27

28

Case No. 07-CV-01658 PJH (EDL)

1    **Exhibits and Declarations Submitted in Support of Plaintiffs' Opposition to Defendants'**

2    **Motion to Compel**

3          6.     I have reviewed the following documents submitted in support of

4    Plaintiff's Opposition to Defendants' Motion to Compel: (1) Exhibit F of the Declaration of

5    Holly A. House (the "House Motion to Compel Declaration") filed in support of Oracle's

6    Opposition to Defendants' Motion to Compel Financial Information ("Oracle's Motion to

7    Compel Opposition"); (2) the Declaration of Ivgen Guner in support of Oracle's Motion to

8    Compel Opposition (the "Guner Declaration"); (3) the Declaration of Alex San Juan in support

9    Oracle's Motion to Compel Opposition (the "San Juan Declaration"); and (4) the Declaration of

10   Paul K. Meyer in support of Oracle's Motion to Compel Opposition (the "Meyer Declaration").

11   Each of these documents and exhibits contains non-public, commercially sensitive and

12   confidential information. The disclosure of such confidential information would create a risk of

13   significant competitive injury and particularized harm and prejudice to Oracle.

14         7.     Oracle has narrowly tailored its request by only requesting redaction or

15   sealing of the specific passages, documents and information that contain the most commercially

16   sensitive and confidential information.  More specifically, these exhibits contain the following

17   types of confidential and commercially sensitive information justifying their protection under the

18   sealing rules of this Court, including Rule 26(c), Local Rule 79-5, and this Court's Standing

19   Order on Confidential and Sealed Documents:

20            a.    Paragraphs 3 through 6 of the Guner Declaration contain non-public,

21               commercially sensitive and confidential information regarding Oracle's

22               internal financial accounting and reporting systems.  Oracle has narrowly

23               tailored this request in particular by only requesting redaction or sealing

24               of the specific sensitive information in the declaration. The disclosure of

25               such confidential information would create a risk of significant

26               competitive injury and particularized harm and prejudice to Oracle.

27            b.    Paragraphs 5 through 11, and 15 through 18 of the San Juan Declaration

28               contain non-public, commercially sensitive and confidential information

1    regarding Oracle's internal financial accounting and reporting systems,

2    and corporate structure.  Oracle has narrowly tailored this request in

3    particular by only requesting redaction or sealing of the specific sensitive

4    information in the declaration. The disclosure of such confidential

5    information would create a risk of significant competitive injury and

6    particularized harm and prejudice to Oracle.

7       c.  Ex. F of the House Declaration includes a 73-page list of general ledger

8    accounts for which Defendants requested information.  This exhibit

9    contains non-public, commercially sensitive and confidential testimony

10   from Oracle regarding Oracle's internal financial accounting, reporting

11   systems, and corporate structure. Oracle has narrowly tailored this request

12   in particular by only requesting redaction or sealing of the specific

13   sensitive information in the letter. The disclosure of such confidential

14   information would create a risk of significant competitive injury and

15   particularized harm and prejudice to Oracle.

16      8.    Further, portions of Oracle's Motion to Compel Opposition, House

17   Declaration, and Meyer Declaration contain quotes or other descriptions from documents

18   identified herein that have been designated by Plaintiffs as "Confidential Information" or

19   "Highly Confidential Information - Attorneys' Eyes Only."  Oracle has narrowly tailored its

20   request by only requesting redaction or sealing of the specific passages that contain non-public,

21   commercially sensitive confidential information the disclosure of which would create a

22   significant risk of competitive injury and particularized harm and prejudice to Oracle.  Those

23   passages, contained on pages 4-5, 7-8, and 13 of Oracle's Motion to Compel Opposition, page 5

24   of the House Motion to Compel Declaration, and portions of the Meyer Declaration, include

25   direct citations to the confidential information described above in Paragraph 7 above.  Consistent

26   with Paragraph 7 above, the disclosure of such confidential information would create a risk of

27   significant competitive injury and particularized harm and prejudice to Oracle.

28      9.    Plaintiffs have protected information in Oracle's Motion to Compel

1   Opposition; the Guner, San Juan, and House Motion to Compel Declarations; and Exhibit F of

2   the House Motion to Compel Declaration from improper public disclosure through the Stipulated

3   Protective Order that is designed to prevent the Parties' private commercial information from

4   being improperly disclosed.  Under the terms of that Order, Plaintiffs designated certain

5   documents, deposition transcripts and discovery responses containing private commercial

6   information as either "Confidential" or "Highly Confidential – Attorneys' Eyes Only" prior to

7   producing such documents in the course of discovery.  As attested to above, Oracle's Motion to

8   Compel Opposition; the Guner, San Juan, and House Motion to Compel Declarations; and

9   Exhibit F of the House Motion to Compel Declaration contain certain information taken from

10  documents and testimony that was designated either "Confidential" or "Highly Confidential –

11  Attorneys' Eyes Only."  Absent the requested sealing, these exhibits would provide valuable

12  insight into Oracle's competitive strategies, financial systems, pricing structures, and internal

13  corporate structure, giving current and prospective customers and competitors specific leverage

14  to use against Oracle.

15          I declare under penalty of perjury that the foregoing is true and correct.  Executed

16  in Kaanapali, Hawaii, on July 28, 2009.

17

18

19                                                          Jennifer Gloss

20

21

22

23

24

25

26

27

28