Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:    (415) 626-3939
Facsimile:    (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:    (650) 739-3939
Facsimile:    (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:    (832) 239-3939
Facsimile:    (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DECLARATION OF THARAN GREGORY LANIER IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO AMEND COMPLAINT** |
| v. | |
| SAP AG, et al., | |
| Defendants. | Date:       August 19, 2009<br>Time:       9:00 a.m.<br>Courtroom: 5, 17th Floor<br>Judge:      Hon. Phyllis J. Hamilton |

1    I, THARAN GREGORY LANIER, declare as follows:

2        I am a partner in the law firm of Jones Day, 1755 Embarcadero Road, Palo Alto,

3    California 94303, and counsel of record for Defendants SAP AG, SAP America, Inc. (together,

4    "SAP") and TomorrowNow, Inc. ("TN") (collectively, "Defendants") in the above-captioned

5    action.  I am a member in good standing of the state bar of California and admitted to practice

6    before this Court.  I make this declaration based on personal knowledge and, if called upon to do

7    so, could testify competently thereto.

8                    **History of Plaintiffs' Amendments to the Complaint**

9                    ***March 22, 2007 Initial Complaint***

10       1.      On March 22, 2007, three "Oracle" entities—Oracle Corporation ("Oracle Corp."),

11   Oracle USA, Inc. ("OUSA") and Oracle International Corporation ("OIC") (collectively, "the

12   Original Plaintiffs")—filed a complaint against Defendants.  *See* D.I. 1.  This initial complaint

13   alleged that TN had engaged in "illegal downloads" of "Software and Support Materials relating

14   to hundreds of different software programs," including "'knowledge management' articles."  D.I.

15   1 (¶¶ 4, 7, 67).

16                   ***June 1, 2007 First Amended Complaint ("FAC")***

17       2.      On June 1, 2007, the Original Plaintiffs amended their complaint, adding copyright

18   infringement claims based on 44 registrations obtained after the initial complaint was filed.  *See*

19   D.I. 31.  These registrations purportedly cover certain J.D. Edwards software applications,

20   updates and code changes, as well as selected fixes and support materials for J.D. Edwards and

21   PeopleSoft products.  *See* D.I. 31 (¶ 99).  The FAC stated that some of the asserted registrations

22   covered "certain Oracle knowledge management solutions."  D.I. 31 (¶ 100).

23                   ***July 28, 2008 Second Amended Complaint ("SAC")***

24       3.      In January 2008, the Original Plaintiffs informed Defendants that they planned to

25   amend the complaint a second time, but could not do so until they had obtained additional

26   copyright registrations.

27       4.      At the April 24, 2008 Case Management Conference, the Original Plaintiffs again

28   attributed their delay in filing the SAC to their efforts to obtain additional copyright registrations.

1        5.     On July 28, 2008, pursuant to a stipulation, the Original Plaintiffs filed the SAC.

2    *See* D.I. 132.  In the SAC, the Original Plaintiffs asserted infringement of 39 additional copyright

3    registrations.  D.I. 132 (¶ 148).  Contrary to representations made to Defendants and the Court, all

4    of the additional copyright registrations identified in the SAC pre-date the FAC.

5        6.     The additional registrations asserted in the SAC cover older versions of previously

6    asserted J.D. Edwards software, various releases of PeopleSoft application software and three

7    recently-procured support material registrations.  The Original Plaintiffs alleged in the SAC that

8    some of the asserted registrations cover "knowledge management solutions."  D.I. 132 (¶ 149).

9    ***October 8, 2008 Third Amended Complaint ("TAC")***

10       7.     On August 28, 2008, the Original Plaintiffs informed Defendants that they planned

11   once more to seek leave to amend to make "some adjustment to the plaintiff entities currently

12   described in the Second Amended Complaint."  This proposed amendment purportedly followed

13   Plaintiffs' recent "discovery" of inter-company assignment, distribution and cost-sharing

14   agreements relating to ownership of the copyrights-in-suit ("inter-company agreements").  The

15   Original Plaintiffs subsequently produced 18 inter-company agreements.

16       8.     On October 8, 2008, Plaintiffs OUSA, OIC and Oracle EMEA Ltd. ("OEMEA"),

17   along with now-former plaintiffs J.D. Edwards Europe Limited ("JDEE") and Oracle Systems

18   Corp. ("OSC"), filed the TAC.  *See* D.I. 182.  Former plaintiff Oracle Corp. was dropped from

19   the complaint.  *See* D.I. 182.  No additional copyright registrations were asserted in the TAC.

20       9.     Based on the inter-company agreements produced by the Original Plaintiffs after

21   their August 2008 disclosure, Defendants moved to dismiss the copyright infringement claims

22   brought by JDEE and OSC.  *See* D.I. 184.  On December 15, 2008, the Court granted Defendants'

23   motion to dismiss JDEE and OSC for lack of subject matter jurisdiction and lack of standing,

24   respectively.  *See* D.I. 224.

25   ***July 15, 2009 Proposed Fourth Amended Complaint***

26       10.    Plaintiffs' Motion to Amend Complaint ("Motion") seeks to add three categories of

27   contested amendments.  *See* D.I. 348, 348-1.

28       11.    The first category of contested amendment consists of 20 additional, historic

DECL. OF THARAN GREGORY LANIER ISO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND
Case No. 07-CV-1658 PJH

PeopleSoft registrations, which were registered with the Copyright Office six to nine years before the filing of the initial complaint. *See* D.I. 348-1 (¶ 158, 54:3-24). According to their titles as listed in the proposed Fourth Amended Complaint, these additional PeopleSoft registrations purportedly cover different release levels or discrete components of the same software lines Plaintiffs previously asserted in the SAC and TAC. *See* D.I. 348-1 (¶ 158, 54:3-24). Each of these additional historic PeopleSoft registrations has been registered as a derivative work.

12.     The second category of contested amendment consists of two new recently-obtained registrations for PeopleSoft and J.D. Edwards "Database[s] of Documentary Support" ("Knowledge Management registrations"), which were filed with the Copyright Office on July 1, 2009. *See* D.I. 348-1 (¶ 158, 54:25-26). Each of the registrations purports to cover an unpublished automated database created in 2009 containing "thousands of 'knowledge management' solutions" for the J.D. Edwards and PeopleSoft lines, respectively. *See* D.I. 348, 2:24-26; *see also* Exhibits A and B attached.

13.     The third category of contested amendments consists of seven registrations for Oracle's database technology. *See* D.I. 348-1 (¶ 158, 55:5-12). Of the seven registrations for Oracle database software, five pre-date the filing of the initial complaint, one was registered on January 16, 2009 and one was registered on June 29, 2009. *See* D.I. 348-1 (¶ 158, 55:5-12). According to their titles as listed in the proposed Fourth Amended Complaint, these registrations purport to cover seven different versions of Oracle database software. *See* D.I. 348-1 (¶158, 55:5-12).

**History of Plaintiffs' Production**

***Registered Works***

14.     Defendants first asked the Original Plaintiffs to produce complete copies of the works underlying the registrations asserted in the complaint ("Registered Work") on July 26, 2007, the day fact discovery opened. The Original Plaintiffs agreed, but as of January 2008, had not done so.

15.     On January 28, 2008, Defendants moved to compel production of the Registered Works, including the development environments added in the SAC, by letter brief submitted to

1  the Special Discovery Master, Judge Legge.

2      16.    The Original Plaintiffs responded to Defendants' motion on February 7, 2008,

3  confirming their agreement to produce the Registered Works, except for the environments.  The

4  Original Plaintiffs further confirmed their agreement to produce the Registered Works at the

5  hearing before Judge Legge on February 13, 2008.

6      17.    On February 22, 2008, Judge Legge ordered production of the Registered Works

7  other than the current development environments.

8      18.    As of April 2009, Plaintiffs still had not completed production of the Registered

9  Works, having yet to produce 31 of the 83 Registered Works.

10     19.    On April 14, 2009, Defendants again moved to compel production of the Registered

11  Works, this time before Judge Laporte.  *See* D.I. 294.

12     20.    Plaintiffs completed their production of the Registered Works in April 2009, shortly

13  before Defendants' reply brief in support of their motion to compel was due.

14         ***Identification of Pre-existing Works***

15     21.    Fifty-two of the eighty-three Registered Works have been registered as derivative

16  works.  A derivative work is "a work based upon one or more preexisting works, such as a

17  translation, musical arrangement, dramatization, fictionalization, motion picture version, sound

18  recording, art reproduction, abridgment, condensation, or any other form in which a work may be

19  recast, transformed, or adapted."  17 U.S.C. § 101.  Additionally, a work consisting of editorial

20  revisions, annotations, elaborations or other modifications, which, as a whole, represent an

21  original work of authorship, is a "derivative work."  *Id.*

22     22.    On June 10, 2008, Defendants served a Rule 30(b)(6) notice requesting, among

23  other things, testimony regarding the pre-existing works upon which the derivative work

24  Registered Works are based ("pre-existing works").

25     23.    After the parties met and conferred numerous times regarding Plaintiffs' objections

26  to this topic, Plaintiffs agreed to provide information regarding the pre-existing works in the form

27  of a supplemental interrogatory response.

28     24.    That supplemental response, served on December 5, 2008, did not provide the

DECL. OF THARAN GREGORY LANIER ISO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND
Case No. 07-CV-1658 PJH

1    requested information about pre-existing works.  Neither did the inaccessible two-terabyte

2    database that Plaintiffs produced in February 2009 and relied upon as part of their interrogatory

3    response.

4         25.    In the parties' June 24, 2008 Joint Discovery Conference Statement, Defendants

5    stated that they planned to move to compel Plaintiffs to produce information regarding the

6    copyrighted material, including "to the extent that the copyrighted material is a derivative work,

7    documents concerning the creation and authorship of the works from which they were derived."

8    *See* D.I. 102 at 27-28.  Defendants also referenced the upcoming motion to compel copyright

9    information in the parties' July 18, 2008, August 21, 2008, October 3, 2008, November 18, 2008,

10   January 5, 2009, February 9, 2009 and March 24, 2009 Joint Discovery Conference Statements.

11   *See* D.I. 116, 167, 178, 219, 226, 265, 291.  As there were a number of bases for Defendants'

12   motion to compel copyright-related information, Defendants waited until all issues were ripe

13   before filing the motion.

14        26.    On April 14, 2009, Defendants moved to compel Plaintiffs to supplement their

15   interrogatory response to specifically identify the pre-existing material for each Registered Work

16   registered as a derivative work.  *See* D.I. 294.

17        27.    Plaintiffs filed their opposition to Defendants' motion to compel on April 28, 2009.

18   *See* D.I. 299.  In their opposition, Plaintiffs argued that they had chosen not to assert infringement

19   of the pre-existing works because doing so would be unnecessary, burdensome on discovery and

20   would "overload an already robust Complaint."  D.I. 299 at 7-9.

21        28.    Further, Plaintiffs also represented to Judge Laporte their belief that the addition of

22   the historic PeopleSoft registrations is "entirely unnecessary because all of the code encompassed

23   by these additional registrations, for which Oracle alleges infringement, is already in the case

24   through the derivative registrations Oracle obtained and plead."  D.I. 299 at 9 n.4.  Plaintiffs

25   stated that if Judge Laporte granted Defendants' motion to compel, Plaintiffs would be forced to

26   add registrations for the pre-existing works to their complaint.  *See* D.I. 299 at 9 n.4.

27        29.    At the May 27, 2009 hearing on Defendants' motion to compel, Judge Laporte

28   disagreed that Plaintiffs would need to add the registrations for pre-existing works to Plaintiffs'

DECL. OF THARAN GREGORY LANIER ISO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND
Case No. 07-CV-1658 PJH

1   complaint if she granted Defendants' motion to compel; as a result, she described Plaintiffs'

2   argument that they would be burdened by having to add the pre-existing works to the complaint

3   as a "red herring."  *See* Reporter's Transcript of May 27, 2009 Discovery Conference Before

4   Hon. Elizabeth D. Laporte, at 10-11, attached as Exhibit D.  Judge Laporte further agreed that,

5   while the issue of whether Plaintiffs could amend their complaint to add additional registrations is

6   "up to the trial judge," it is "way too late" to be adding registrations to the complaint.  *Id.*

7       30.     On June 26, 2009, Judge Laporte granted Defendants' motion to compel copyright

8   information and ordered Plaintiffs to further supplement their interrogatory response.  *See* D.I.

9   328.  Plaintiffs waited a month to begin complying with Judge Laporte's order and have not yet

10  complied with the portion of the order requiring Plaintiffs to supplement their interrogatory

11  response to identify the pre-existing works on which the derivative works are based.

12          ***Inter-Company Agreements***

13      31.     On July 26, 2007, Defendants asked the Original Plaintiffs to produce documents

14  evidencing ownership and licensing of the asserted copyright registrations, including any inter-

15  company agreements (which define the relationships of the companies Oracle acquired in its 2005

16  acquisition spree and define which companies hold IP rights relevant to this case).  The Original

17  Plaintiffs agreed, but as of the fall of 2007, had not done so.

18      32.     Defendants raised the Original Plaintiffs' failure to produce the ownership and

19  licensing documents, as well as other relevant documents, in meet and confer communications in

20  October, November and December 2007, and specifically put the Original Plaintiffs on notice that

21  Defendants may raise legal challenges based on the sought-after discovery.

22      33.     On January 4, 2008, the Original Plaintiffs again said that they would produce the

23  requested documents, but by the end of January, still had not done so.

24      34.     On January 28, 2008, Defendants raised the issue in a motion to compel submitted

25  to the Special Discovery Master.

26      35.     On February 25, 2008, some seven months after Defendants first requested them,

27  Plaintiffs finally produced a few inter-company agreements relevant to ownership and licensing

28  of the asserted copyright registrations (and which additionally bear on Plaintiffs' entitlement to

DECL. OF THARAN GREGORY LANIER ISO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND
Case No. 07-CV-1658 PJH

1   lost profits related to support in connection with the Registered Works).  Believing the Original

2   Plaintiffs' production to be incomplete, Defendants continued to meet and confer on the issue.

3       36.     On July 21, 2008, a full year after Defendants requested them, the Original

4   Plaintiffs produced several additional inter-company agreements.

5       37.     Defendants then asked the Original Plaintiffs to confirm that they had produced all

6   responsive inter-company agreements.  The Original Plaintiffs initially refused to give a

7   straightforward answer to that question.

8       38.     On August 27, 2008, the Original Plaintiffs notified Defendants of their "discovery"

9   of additional documents relating to copyright ownership, including additional inter-company

10  agreements.  On August 28, 2008, the Original Plaintiffs informed Defendants that they intended

11  to seek leave to amend to adjust the roster of plaintiffs to conform to these agreements.

12      39.     On September 29, 2008, the Original Plaintiffs provided Defendants with a

13  supplemental production of 18 inter-company agreements.

14      40.     At the October 10, 2008 Discovery Conference, Plaintiffs' counsel confirmed that

15  Plaintiffs had produced all agreements for the Plaintiffs named in the TAC related to the

16  ownership of and rights to the copyrights in issue.  *See* Reporter's Transcript of October 10, 2008

17  Discovery Conference Before Hon. Elizabeth D. Laporte, pp. 1, 61-63, attached as Exhibit C.

18          ***Financial Information***

19      41.     On January 20, 2009, Defendants served a Rule 30(b)(6) deposition notice on OIC

20  requesting testimony regarding royalty payments received by OIC in connection with the alleged

21  Registered Works and the costs allocated to OIC pursuant to related "Cost Sharing Agreements"

22  (both topics concern certain inter-company agreements).

23      42.     Plaintiffs' failure to provide an adequately prepared witness to testify regarding

24  these topics is the subject of Defendants' currently pending Motion to Compel Production of

25  Financial Information from Plaintiffs, filed July 14, 2009.  *See* D.I. 346.

26          **Case Schedule History**

27      43.     The Court issued its original Case Management and Pretrial Order on May 5, 2008.

28  *See* D.I. 84 ("May 5, 2008 Order").  The May 5, 2008 Order set forth a fact discovery cut-off date

1    of June 19, 2009 and stated that the deadline to move to amend the pleadings was "no later than
2    90 days before fact discovery cutoff date," *i.e.*, March 20, 2009.  D.I. 84.

3    44.    On March 10, 2009, after an unsuccessful settlement conference, Defendants
4    informed Plaintiffs that they intended to: (1) move for an order requiring Plaintiffs to promptly
5    disclose and explain their damages theories, (2) move for an order modifying the scheduling order
6    to permit an additional summary judgment motion and (3) in the alternative, ask the Court for a
7    case management conference to address these issues.

8    45.    In response, on March 13, 2009 and March 18, 2009, Plaintiffs informed
9    Defendants that they planned to request continuation of the trial and related pre-trial dates, as well
10   as expansion of the discovery limits.  Plaintiffs suggested meeting and conferring on all of these
11   topics.

12   46.    On March 19, 2009, Plaintiffs disclosed their intent to seek leave to file another
13   amended complaint.

14   47.    The parties spent the next two months negotiating all of these issues.  During these
15   negotiations, Plaintiffs informed Defendants that they wished to amend the complaint to add
16   claims related to Oracle's Siebel, E-Business Suite, Retek and Hyperion product lines, as well as
17   claims related to Oracle databases.  Plaintiffs stated that if they could not add these claims to the
18   lawsuit, they "may have no choice but to file a separate lawsuit."  *See* March 18, 2009 E-Mail
19   from Geoff Howard to Greg Lanier ("RE: Oracle v. SAP - Request regarding case management"),
20   attached as Exhibit E.  Plaintiffs also informed Defendants that they wished to amend the
21   complaint to add 63 additional copyright registrations, including historic PeopleSoft and J.D.
22   Edwards copyright registrations, as well as newly obtained registrations for knowledge
23   management solutions.  Plaintiffs admitted, however, that they did not "believe any of these
24   registrations [were] relevant or necessary . . . ."  *See* April 24, 2009 E-Mail from Bree Hann to
25   Scott Cowan ("RE: Oracle/SAP: draft stipulation"), attached as Exhibit F.

26   48.    Ultimately, the parties stipulated to move the Court for: (1) two summary judgment
27   motions, (2) extension of the trial date and certain pre-trial dates not already passed, (3)
28   expansion of the discovery limits and (4) modification of the scheduling order to permit Plaintiffs

DECL. OF THARAN GREGORY LANIER ISO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND
Case No. 07-CV-1658 PJH

1   to file a motion to amend the complaint by July 15, 2009 to add the Siebel-related claims and

2   certain allegations regarding post-lawsuit conduct, which motion Defendants agreed not to

3   oppose.

4        49.    On May 12, 2009, the parties filed a Joint Administrative Motion to Modify May 5,

5   2008 Case Management Order, pursuant to Rule 16(b)(4) of the Federal Rules of Civil Procedure.

6   *See* D.I. 304 ("Joint Motion").  The parties submitted a Proposed Revised Case Management

7   Schedule with the Joint Motion.  *See* D.I. 305.  This proposed schedule suggested modifying

8   many of the deadlines set forth in the May 5, 2005 Order, but did not suggest modifying the

9   March 20, 2009 deadline for amending the pleadings, which had already passed.  *See* D.I. 305.  In

10  fact, in the parties' negotiation of the Joint Motion and proposed revise schedule, Defendants

11  expressly declined to agree to an extension of the amendment deadline.

12       50.    At the May 28, 2009 hearing on the Joint Motion, the Court ordered the parties to

13  submit a revised proposed order consistent with the Court's ruling at the hearing, and the parties

14  complied.  *See* D.I. 321, 324.

15       51.    On June 11, 2009, the Court granted the parties' joint motion to modify the case

16  management schedule and issued a Revised Case Management and Pretrial Order.  *See* D.I. 325

17  ("June 11, 2009 Order").  The June 11, 2009 Order modified some, but not all, deadlines and

18  provisions of the May 5, 2008 Order.  *See* D.I. 325.  The June 11, 2009 Order did not modify the

19  March 20, 2009 deadline to amend the pleadings.  *See* D.I. 325.  Rather, the June 11, 2009 Order

20  granted the parties' Rule 16(b)(4) motion and gave Plaintiffs' leave to amend the complaint by

21  July 15, 2009 "to add Siebel-related claims and any other claims or allegations agreed to by the

22  Parties prior to July 15, 2009."  *See* D.I. 325 (¶ 5).  The June 11, 2009 Order further provided that

23  "Should Plaintiffs intend to seek any other amendment to the complaint, then Plaintiffs shall

24  make the appropriate motion(s) no later than August 26, 2009."  D.I. 325 (¶ 6).

25       **Exhibits Attached to This Declaration**

26       52.    Attached as **Exhibit A** is a true and correct copy of the registration certificate for

27  Database of Documentary Customer Support Materials for PeopleSoft Software, TXu1-607-454.

28       53.    Attached as **Exhibit B** is a true and correct copy of the registration certificate for

1    Database of Documentary Customer Support Materials for J.D. Edwards Software, TXu1-607-

2    455.

3            54.    Attached as **Exhibit C** is a true and correct copy of pages 1 and 61-63 of Reporter's

4    Transcript of October 10, 2008 Discovery Conference Before Hon. Elizabeth D. Laporte.

5            55.    Attached as **Exhibit D** is a true and correct copy of pages 10-11 of Reporter's

6    Transcript of May 27, 2009 Discovery Conference Before: Hon. Elizabeth D. Laporte.

7            56.    Attached as **Exhibit E** is a true and correct copy of a March 18, 2009 E-Mail from

8    Geoff Howard to Greg Lanier, subject line "RE: Oracle v. SAP - Request regarding case

9    management."

10           57.    Attached as **Exhibit F** is a true and correct copy of an April 24, 2009 E-Mail from

11   Bree Hann to Scott Cowan, subject line "RE: Oracle/SAP: draft stipulation."

12           58.    Attached as **Exhibit G** is a true and correct copy of *Atmel Corp. v. Authentec, Inc.*,

13   No. C 06-2138 CW, 2008 U.S. Dist. LEXIS 10846 (N.D. Cal. Jan. 31, 2008).

14           59.    Attached as **Exhibit H** is a true and correct copy of *Brown v. Wireless Networks,*

15   *Inc.*, No. C 07-4301 (EDL), 2008 U.S. Dist. LEXIS 36472 (N.D. Cal. Apr. 24, 2008).

16           60.    Attached as **Exhibit I** is a true and correct copy of *Dong Ah Tire & Rubber Co. v.*

17   *Glasforms, Inc.*, No. C 06- 3359 JF (RS), 2009 U.S. Dist. LEXIS 24089 (N.D. Cal. March 10,

18   2009).

19           61.    Attached as **Exhibit J** is a true and correct copy of *Hynix Semiconductor Inc. v.*

20   *Rambus Inc.*, No. C-00-20905 RMW, 2008 U.S. Dist. LEXIS 79178 (N.D. Cal. Sept. 5, 2008).

21           62.    Attached as **Exhibit K** is a true and correct copy of *Lendall v. Chase Manhattan*

22   *Mortgage Corp.*, No. C 05-03295 WHA, 2006 U.S. Dist. LEXIS 81430 (N.D. Cal Oct. 27, 2006).

23           63.    Attached as **Exhibit L** is a true and correct copy of *Lukovsky v. City & County of*

24   *San Francisco*, No. C 05-00389 WHA, 2006 U.S. Dist. LEXIS 26762 (N.D. Cal. Apr. 24, 2006).

25           64.    Attached as **Exhibit M** is a true and correct copy of *RE: Launch, LLC v. PC*

26   *Treasures, Inc.*, No. C-05-0697 PJH, 2006 U.S. Dist. LEXIS 27673 (N.D. Cal. Apr. 28, 2006).

27           65.    Attached as **Exhibit N** is a true and correct copy of *Robertson v. Qadri*, No. C 06-

28   4624 JF (HRL), 2009 U.S. Dist. LEXIS 3790 (N.D. Cal. Jan. 15, 2009).

DECL. OF THARAN GREGORY LANIER ISO DEFENDANTS'
OPPOSITION TO PLAINTIFFS' MOTION TO AMEND
Case No. 07-CV-1658 PJH

66.     Attached as **Exhibit O** is a true and correct copy of *Trimble Navigation Ltd. v. RHS, Inc.*, No. C 03-1604 PJH, 2007 WL 2727164 (N.D. Cal. Sept. 17, 2007).

67.     Attached as **Exhibit P** is a true and correct copy of *Van Slyke v. Capital One Bank*, No. C 07-00671 WHA, 2007 U.S. Dist. LEXIS 75500 (N.D. Cal. Sept. 28, 2007).

68.     Attached as **Exhibit Q** is a true and correct copy of *Veliz v. Cintas Corp.*, No. C-03-1180 RS, 2009 U.S. Dist. LEXIS 36319 (N.D. Cal. Apr. 23, 2009).

I declare under penalty of perjury under the laws of the United States and the State of California that the foregoing is true and correct.  Executed this 29th day of July, 2009 in Palo Alto, California.


_____
Tharan Gregory Lanier