# EXHIBIT E

Dockets.Justia.com



| | |
|---|---|
| "Howard, Geoff" <geoff.howard@bingham.com><br><br>03/18/2009 05:51 PM | To "Greg Lanier" <tglanier@JonesDay.com><br>cc "Hann, Bree" <bree.hann@bingham.com>, "Pickett, Donn" <donn.pickett@bingham.com>, "ewallace@jonesday.com" <ewallace@jonesday.com>, "House, Holly" <holly.house@bingham.com>, "jfroyd@jonesday.com" <jfroyd@jonesday.com>, "jlfuchs@jonesday.com" <jlfuchs@jonesday.com>, "jmcdonell@jonesday.com" <jmcdonell@jonesday.com>, "Scott Cowan" <swcowan@JonesDay.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com><br>bcc<br>Subject RE: Oracle v. SAP - Request regarding case management |

Greg,
Further to our agreement to exchange detailed proposals for the relief we
propose to seek before Judge Hamilton, we propose the parties agree to a
continuance of the trial and related pre-trial dates and an expansion of the
deposition hours available.  The length of the extension we propose differs
according to whether the parties can reach agreement on the stipulation that
has been in negotiation for eight months.  Our proposal is based on the
following grounds:

1.  As set forth below, the case has significantly expanded  since the May 5,
2008 Case Management Conference.  Oracle has diverted a significant amount of
time and hours to understanding new issues and addressing various proof
problems, but more is needed and that effort has necessarily detracted from
the other issues present as of May 5.  These developments require substantial
additional production and analysis, and additional depositions.

2.  Discovery has revealed that SAP made the decision to continue making and
using copies of Oracle's software, and preparing and distributing derivative
works from it, for a year and a half after the litigation.  Oracle is only now
getting discovery on this critical issue.  Moreover, it did not have
post-litigation documents when it examined prior critical witnesses.

3.  Defendants have refused, on grounds that two judges have deemed spurious,
to stipulate to basic underlying facts regarding the business model at
TomorrowNow.  Defendants appear to contest the relevance of TomorrowNow's
repeated infringement and illegal use of Oracle's software.  We believe this
evidence cannot seriously be disputed and that it is relevant, for at least
the following reasons:
        a.  It relates to liability.
        b.  It relates directly to the value of the hypothetical license,
because one factor in determining that value is the use to which the Defendant
subsequently put the software.
        c.  It relates directly to punitive damages.
        d.  It relates directly to lost profits because it is evidence of
continuing support of specific customers over time and provides the basis for
recruiting new customers and up or cross-selling new and existing customers.
        e.  It relates directly to SAP's infringer's profits generated from
TN's contribution to SAP deals.

As a result of this refusal to stipulate, Oracle will need to develop evidence
in a far more laborious, and unnecessary way by deposing witnesses regarding
the process TN followed in generating the various deliverables it sent to its
customers.  As you know, that evidence requires examination at the object
level of each fix within a bundle (if it was delivered in a bundle), and it

further requires multiple witnesses who were involved in various aspects of developing the infrastructure for the fix, creating the code objects, testing, packaging and delivery.  Getting this evidence is complicated by the fact that these witnesses are former TN employees and thus more difficult to track down and schedule.  Oracle has made significant compromises in the language of the current draft stipulation in order to avoid this discovery, but it is entitled to this evidence and will pursue it in the absence of the stipulation.

4.  The underlying evidence itself is both more voluminous than anticipated, and the delay in producing it has been so great (particularly the Data Warehouse and SAS materials), that in order to evaluate it for follow-up discovery and expert analysis, more time is necessary.  It simply is not possible to analyze eight terabytes of information, in time to prepare expert reports on the current schedule.  In addition, Oracle is now forced to request, review and analyze all Data Warehouse servers again because of Defendants' wrongful, post-litigation conduct.  Even more expert analysis (and, yes, follow-up discovery) will be required after the supplemental production of servers containing evidence of Defendants' improper activities in 2007 and 2008.

5.  Defendants have stonewalled on discovery of Siebel, EBS, Retek and Hyperion infringement, requiring a motion to compel even to obtain foundational discovery, and have submitted false and inadequate declarations which they now refuse to supplement in a timely fashion pursuant to Judge Laporte's order.  The minimal foundational discovery taken as to Siebel has confirmed that Defendants' illegal conduct extended to that software line as well, including its infringing conduct after Oracle file this action.  Additional foundational discovery is necessary to determine whether Oracle needs to add parties or claims.  As Judge Laporte suggested, at this late date, absent an extension of time and hours, and as a result of Defendants' intransigence, Oracle may have no choice but to file a separate lawsuit.

6.  Defendants changed one of the most the critical interrogatory responses -- re the SAP management board directive; defendants' witnesses have come unprepared to depositions, have refused to answer basic questions or acknowledge clear documents, have conveniently forgotten key events, and have generally engaged in a obstructive pattern that has required Oracle to spend enormous hours and notice multiple, unplanned witnesses in order to get answers to its questions and discover basic facts.  Oracle estimates this conduct, above and beyond the normal fray of deposition discovery, accounts for over 50 hours of deposition time alone.  We will be prepared to document this conduct to Judge Hamilton.

As a result of these issues, Oracle proposes an overall extension of the existing case schedule by ten months, and 200 additional deposition hours.  In the event the parties reach agreement on the proposed stipulation, Oracle would reduce this request to a 180 day extension and 90 additional deposition hours.  In addition, if we are able to reach an appropriate compromise of these issues without the need for motion practice, we are willing to consider a limitation on further deposition discovery of SAP AG employees.

We look forward to discussing these issues tomorrow at 3:00 p.m.
Thanks,
Geoff
.



-----Original Message-----

```
From: Greg Lanier [mailto:tglanier@JonesDay.com]
Sent: Tuesday, March 17, 2009 7:27 AM
To: Greg Lanier
Cc: Hann, Bree; Pickett, Donn; ewallace@jonesday.com; Howard, Geoff; House,
Holly; jfroyd@jonesday.com; jlfuchs@jonesday.com; jmcdonell@jonesday.com;
Scott Cowan; Alinder, Zachary J.
Subject: RE: Oracle v. SAP - Request regarding case management
```

Geoff, 3pm Thursday is fine for meet and confer.  We will need to set up a dial-in, as our team will be a bit far flung on Thursday.  Let's use:

    1-866-448-1309
    57004475#

We agree to exchange proposals tomorrow afternoon, but propose to get that done by 5:30 pm, in view of a few schedule conflicts tomorrow.  Please let us know if that works for you.

Greg

Tharan Gregory Lanier
Jones Day
1755 Embarcadero Road
Palo Alto, CA 94303
650-739-3941 (Direct)
650-739-3900 (Fax)
tglanier@jonesday.com


| | |
|---|---|
| Greg Lanier/JonesDay<br>Extension 33941<br><br>03/16/2009 02:13 PM | To: "Howard, Geoff" <geoff.howard@bingham.com><br>cc: "Hann, Bree" <bree.hann@bingham.com>, "Pickett, Donn" <donn.pickett@bingham.com>, "ewallace@jonesday.com" <ewallace@jonesday.com>, "House, Holly" <holly.house@bingham.com>, "jfroyd@jonesday.com" <jfroyd@jonesday.com>, "jlfuchs@jonesday.com" <jlfuchs@jonesday.com>, "jmcdonell@jonesday.com" <jmcdonell@jonesday.com>, "Scott Cowan" <swcowan@JonesDay.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com><br>Subject: RE: Oracle v. SAP - Request regarding case management(Document link: Greg Lanier) |