# EXHIBIT H

Dockets.Justia.com



LEXSEE 2008 U.S. DIST. LEXIS 36472



Analysis
As of: Jul 27, 2009

**CHARLES M. BROWN, Plaintiff, v. WIRELESS NETWORKS, INC., Defendant.**

**No. C 07-4301 (EDL)**

**UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA**

*2008 U.S. Dist. LEXIS 36472*

**April 24, 2008, Decided**
**April 24, 2008, Filed**

**SUBSEQUENT HISTORY:** Partial summary judgment granted by *Brown v. Wireless Networks, Inc., 2008 U.S. Dist. LEXIS 95696 (N.D. Cal., Nov. 17, 2008)*

**PRIOR HISTORY:** *Brown v. Wireless Networks, Inc., 2007 U.S. Dist. LEXIS 80828 (N.D. Cal., Oct. 23, 2007)*

**COUNSEL:** [*1] For Charles M. Brown, an individual, Plaintiff: Jeffrey Filon Ryan, LEAD ATTORNEY, Ryan & Steiner, Mountain View, CA.

For Wireless Networks, Inc., a Delaware Corporation, Defendant: Jessica E. La Londe, LEAD ATTORNEY, One Market, Spear Tower, San Francisco, CA; Daniel J. Herling, Keller & Heckman LLP, San Francisco, CA; Lina M. Brenner, Duane & Morris LLP, San Francisco, CA.

For Wireless Networks, Inc., a Delaware Corporation, Wireless Networks, Inc., a Delaware Corporation, Counter-claimants: Jessica E. La Londe, LEAD ATTORNEY, One Market, Spear Tower, San Francisco, CA; Daniel J. Herling, Keller & Heckman LLP, San Francisco, CA; Lina M. Brenner, Duane & Morris LLP, San Francisco, CA.

For Charles M. Brown, an individual, Counter-defendant: Jeffrey Filon Ryan, LEAD ATTORNEY, Ryan & Steiner, Mountain View, CA.

**JUDGES:** ELIZABETH D. LAPORTE, United States Magistrate Judge.

**OPINION BY:** ELIZABETH D. LAPORTE

**OPINION**

ORDER DENYING LEAVE TO AMEND; DENYING MOTION TO DISMISS DEFAMATION CLAIM

Now before the court are Plaintiff's motion requesting leave to amend his complaint, and Defendant Wireless Networks, Inc.'s ("WNI") motion to dismiss Plaintiff's defamation claim. Having carefully reviewed the parties' papers and considered [*2] their arguments and the relevant legal authority, the Court hereby denies Plaintiff's request for leave to amend and WNI's motion to dismiss for the following reasons.

**I. BACKGROUND**

Case4:07-cv-01658-PJH   Document381-8   Filed07/29/09   Page3 of 6

Page 2
2008 U.S. Dist. LEXIS 36472, *2

This breach of contract case was removed from state court on August 21, 2007. WNI removed this action pursuant to *28 U.S.C. § 1441* after Plaintiff Charles Brown amended his complaint to change his demand from $ 51,617.32 for breach of contract and $ 3,351.00 for common counts to the same amount for breach of contract and $ 46,876.60 for common counts and wages due, for a new total of $ 98,493.92 in damages. On September 5, 2007, Brown filed a third amended complaint without seeking permission of this court. The court noted that Brown had not requested leave to file an amended pleading pursuant to *Rule 15(a) of the Federal Rules of Civil Procedure*, and ordered that until it granted leave to amend, the second amended complaint was the operative complaint.

On September 6, 2007, Brown filed yet another amended complaint, labeled as "errata" to the third amended complaint (referred to herein as the fourth amended complaint). Brown did not seek leave from the court to file this amended complaint. Brown filed the [*3] fourth amended complaint after WNI's counsel notified his counsel that Brown had alleged no damages in his complaint. The fourth amended complaint increased the amount of controversy again to a total of $ 98,653.92. WNI moved to strike Brown's fourth amended complaint on the grounds that it was filed in violation of *Federal Rule of Civil Procedure 15(a)*, which provides that each party has a right to amend its pleadings *once* as a matter of course any time before a responsive pleading is served. The Court granted that motion, but allowed Plaintiff to amend his complaint to restate the claims he previously pled, noting that he could not file any subsequent complaints without the Court's permission. See 10/23/07 Order. The Court also cautioned Brown that it would not be so lenient should he violate federal procedural rules in the future.

On November 16, 2007, Brown filed a Third Amended Complaint (in reality, his fifth amended complaint) that alleged, among other things, that Defendant WNI was an alter ego of Ruy Rothschild de Souza, Wireless Networks do Brazil ("WNB"), and MRG International ("MRG") beginning in 2004 going forward. That complaint also included a defamation claim based on [*4] a September 7, 2007 letter sent by de Souza to WNI shareholders, which Brown attached to the complaint. Brown now seeks leave to amend to add de Souza, WNB, and MRG as defendants in this action. WNI moves to dismiss the defamation claim.

## II. PLAINTIFF'S MOTION FOR LEAVE TO AMEND

*Federal Rule of Civil Procedure ("FRCP") 15(a)* requires that a plaintiff obtain either consent or leave of court to amend its complaint once defendant has answered. "[L]eave shall be freely given when justice so requires." See, e.g., *Morongo Band of Mission Indians v. Rose, 893 F.2d 1074, 1079 (9th Cir. 1990)* (leave to amend granted with "extreme liberality"); *Eminence Capital, LLC v. Aspeon, Inc., 316 F.3d 1048 (9th Cir. 2003)* (same). Leave to amend is thus ordinarily permitted unless the amendment is futile, untimely, would cause undue prejudice to defendants, or is sought by plaintiffs in bad faith or with a dilatory motive. *DCD Programs, Ltd. V. Leighton, 833 F.2d 183, 186 (9th Cir. 1987)*; *Foman v. Davis, 371 U.S. 178, 182, 83 S. Ct. 227, 9 L. Ed. 2d 222 (1962)*. However, "late amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the [*5] cause of action." *Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)* (citation omitted).

Here, Brown was the President of WNI until about July 13, 2007, and he was at the epicenter of the business's operations during almost all of the relevant time period alleged in his complaint. In addition, the majority of events alleged in Brown's complaint took place from 2001-2005, not recently. And he did not uncover the basis of his alter ego allegations in discovery, since very little discovery has occurred in this case, as the parties acknowledged at the hearing. See Fourth Amended Complaint PP 6, 9-13. Therefore, Brown had knowledge of the basis for alleging alter ego allegations from the time he filed.

Yet Brown did not seek leave to add the alleged alter egos as defendants until March 4, 2008. However, months earlier he referenced his intent to add an additional party defendant in his opposition to Defendant's motion to strike. In his August 29, 2007 filing, he alleged that Mr. de Souza was pilfering from WNB on his own behalf and running the company as his "personal fiefdom." By the time Brown generally sought leave to file an amended complaint to add the alter ego parties, the parties [*6] had already participated in a mediation, [1] WNI had filed its answer and counterclaim and Brown filed his answer, and Brown had already filed multiple amended complaints in this action without Court

permission.

> 1   The mediation took place in January, after alter ego allegations were made, but before Plaintiff sought leave to add new parties. Therefore, Defendant was prejudiced by having to participate in a mediation while Plaintiff indicated he would seek leave to add new parties, but had not yet done so.

In addition, Plaintiff's alter ego allegations are extremely conclusory and bare. See Fourth Amended Complaint P 3. At the hearing, Plaintiff's counsel noted that Plaintiff had only learned of the lack of shareholder meetings in the last six months, but these allegations are not in the proposed complaint. Furthermore, it is not clear what, if any, relevance recent events since the case was filed have to Plaintiff's theory. Cf. *Platt v. Billingsley, 234 Cal. App. 2d 577, 587, 44 Cal. Rptr. 476 (1965)* (upholding alter ego finding where substantial evidence supported trial court's finding that "*[a]t all relevant times,* the corporation was influenced, dominated and controlled by defendants") (emphasis added).

In [*7] sum, Plaintiff's dilatory behavior, Plaintiff's earlier knowledge of the facts underlying his alter ego allegations, especially in light of the fact that Plaintiff has already filed multiple amended complaints in this case, many without permission, and the prejudice caused by the fact that the parties already participated in mediation, warrant denial of Plaintiff's motion for leave to amend his complaint.

### III. DEFENDANT'S MOTION TO DISMISS

A motion to dismiss under *Rule 12(b)(6)* tests the legal sufficiency of the claims alleged in the complaint. *Ileto v. Glock, Inc., 349 F.3d 1191, 1199-1200 (9th Cir. 2003)*. Review is limited to the contents of the complaint. *Allarcom Pay Television, Ltd. v. Gen. Instrument Corp., 69 F.3d 381, 385 (9th Cir. 1995)*. To survive a motion to dismiss for failure to state a claim, a complaint generally must satisfy only the minimal notice pleading requirements of *Federal Rule of Civil Procedure 8*. *Rule 8(a)(2)* requires only that the complaint include a "short and plain statement of the claim showing that the pleader is entitled to relief." *Fed. R. Civ. P. 8(a)(2)*.

The statement need only give the defendant "fair notice of the claim and the grounds upon which [*8] it rests." *Erickson v. Pardus, 127 S.Ct. 2197, 2200, 167 L. Ed. 2d 1081 (2007)* (citing *Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1964-65, 167 L. Ed. 2d 929 (2007))*. All allegations of material fact are taken as true. *Erickson, 127 S.Ct. at 2200*. However, a plaintiff's obligation to provide the grounds of his entitlement to relief "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic, 127 S.Ct. at 1964-65* (citations and quotations omitted). Rather, the allegations in the complaint "must be enough to raise a right to relief above the speculative level." *Id. at 1965*. A motion to dismiss should be granted if the complaint does not proffer enough facts to state a claim for relief that is plausible on its face. See *id. at 1966-67*.

On September 7, 2007, WNI, through its Chairman Mr. de Souza, sent a letter to its shareholders regarding the litigation that Brown had instituted against WNI, among other things. See LaLonde Decl., Ex. A. When Brown filed his operative amended complaint on November 16, 2007, he added a cause of action for defamation, based on this letter. WNI now moves to dismiss that cause of action on the grounds that it is barred [*9] as a matter of law by California's litigation privilege.

"A privileged publication or broadcast is one made . . . in any . . . judicial proceeding." *Cal Civ Code § 47(b)*. It has been given broad application, and while "originally enacted with reference to defamation," it applies to any communication. *Silberg v. Anderson, 50 Cal. 3d 205, 212, 266 Cal. Rptr. 638, 786 P.2d 365 (1990)*. "The usual formulation is that the privilege applies to any communication (1) made in judicial or quasi-judicial proceedings; (2) by litigants or other participants authorized by law; (3) to achieve the objects of the litigation; and (4) that have some connection or logical relation to the action." *Id.* "[T]he connection or logical relation which a communication must bear to litigation in order for the privilege to apply, is a functional connection. That is to say, the communicative act - be it a document filed with the court, a letter between counsel or an oral statement - must function as a necessary or useful step in the litigation process and must serve its purposes. This is a very different thing from saying that the communication's content need only be related in some way to the subject matter of the litigation." *Rothman v. Jackson, 49 Cal. App. 4th 1134, 1146, 57 Cal. Rptr. 2d 284 (1996)*.

As [*10] a preliminary matter, WNI relies on certain materials outside the complaint in support of its motion. The Court may consider the September 2007 letter from de Souza on a motion to dismiss, as it was attached to the complaint. *Hal Roach Studios, Inc. v. Richard Feiner & Co., Inc., 896 F.2d 1542, 1555 n.19 (9th Cir. 1989)*. However, the Court may not consider facts in Daniel Herling's declaration regarding Plaintiff's counsel's suggestion to him that he would file a shareholder derivative suit, as these facts are neither alleged in the complaint nor judicially noticeable.

The allegedly defamatory letter from de Souza to WNI shareholders consists of fourteen paragraphs and describes the reasons that de Souza called a shareholders meeting and elected a new board. The letter describes the company's challenges, operations, business plan, and internal problems, and notes that the business plan presented by Brown in 2002 contained unrealistic assumptions. The letter also notes that Brown did not cooperate with de Souza's attempts to facilitate the process between the Brazilian and United States WNI engineers. The letter then states that since Brown resigned, he has attempted to raise multiple [*11] obstacles to thwarting the company's success, including delaying access to the company's records and commencing legal action against the company. The letter describes Brown's claim in his suit in one paragraph, and notes that his tactics are costing WNI time and money. The letter then notes that the company intends to vigorously defend the suit.

WNI argues that it sent the letter because seven shareholders filed declarations in support of Brown's ex parte temporary restraining order application, and they alleged that they had not received sufficient information from WNI about WNI's status. WNI also claims that the letter was designed to address a potential shareholder derivative suit. However, these factual contentions are not apparent on the face of the letter and may not be considered on this motion to dismiss.

Nor is it clear, at least at this stage in the litigation, that the letter in its entirety functioned as a "necessary or useful step in the litigation process" and served the purposes of that process. *Rothman, 49 Cal. App 4th at 1146*. The "test can be satisfied only by communications which function instrinsically, and apart from any consideration of the speaker's intent, to [*12] advance a litigant's case." *Id. at 1148*. The letter itself does not request, for example, shareholders to act as witnesses in the case. Nor does it appear to be solely a legal communication seeking support from the stockholders for its defenses and counter-claims against Brown. Rather, the letter includes more general communications about the status of the company, the challenges confronting it, and Brown's business plans. While it addresses Brown's litigation in part, it is not clear that the entire letter served to advance WNI's litigation.

In reply, WNI relies heavily on *Neville v. Chudacoff, 160 Cal. App. 4th 1255, 73 Cal. Rptr. 3d 383 (2008)*, which did not directly concern California's litigation privilege. Neville held that a lawyer's letter to a business's customers was a "writing made in connection with an issue under consideration or review by a . . . judicial body" under California's anti-SLAPP statute. *Id. 160 Cal. App. 4th at 1258* (citing Code Civ. Proc. § 425.16). The Court noted that whether the letter is protected under the litigation privilege informs the analysis of whether the letter is protected under the anti-SLAPP statute. The letter in Neville, drafted a few months before the employer commenced litigation [*13] against a former employee, warned that the employee had breached a contract and misappropriated trade secrets, and suggested to the customers that to avoid potential involvement in any ensuing litigation they should not do business with the former employee. Id. The employee commenced a defamation action. The Court found that the letter was "in connection with" the issues in the lawsuit. The letter here is distinguishable from the letter in *Neville*. First, at least the first half of de Souza's letter does not directly deal with Brown's suit. It is also not clearly an attempt to mitigate potential damage in the litigation, as it does not instruct shareholders not to talk with Brown or help him with his litigation. While the portion of the letter updating the shareholders about Brown's claim for money damages may well be a privileged communication to inform shareholders of the status of the litigation, the entire letter does not necessarily warrant the same level of privilege as the letter at issue in Neville. See *Neville v. Chudacoff, 160 Cal. App. 4th at 1265*. Dismissal of the entire defamation claim at this early stage in the litigation on the basis of California's litigation privilege [*14] is therefore not warranted.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's motion for leave to amend is DENIED and Defendant's motion to

Case4:07-cv-01658-PJH    Document381-8    Filed07/29/09    Page6 of 6

Page 5
2008 U.S. Dist. LEXIS 36472, *14

dismiss the defamation claim is DENIED.

**IT IS SO ORDERED.**

Dated: April 24, 2008

/s/ Elizabeth D. Laporte

ELIZABETH D. LAPORTE

United States Magistrate Judge