# EXHIBIT J

Dockets.Justia.com



LEXSEE 2006 U.S. DIST. LEXIS 26762


Positive
As of: Jul 27, 2009

ALEX LUKOVSKY, MUHAMMED KHAN, LARRY MITCHELL, ANTONIO HUGGINS, SAMSON ASRAT, ANATOLIY ZOLOTAREV, YEVGENIY SKURATOVSKY, and VLADIMIR VASILEVSKI, Plaintiffs, v. CITY AND COUNTY OF SAN FRANCISCO, SAN FRANCISCO MUNICIPAL TRANSPORTATION AGENCY, JOHN SADORRA, RENATO SOLOMON, VERNON CRAWLEY, MICHAEL ELLIS, PHILLIP GINSBURG, and DORIS LANIER, Defendants.

No. C 05-00389 WHA

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA

*2006 U.S. Dist. LEXIS 26762*

**April 24, 2006, Decided**
**April 26, 2006, Filed**

**SUBSEQUENT HISTORY:** Motion granted by *Lukovsky v. City & County of San Francisco, 2006 U.S. Dist. LEXIS 53427 (N.D. Cal., July 17, 2006)*

**PRIOR HISTORY:** *Lukovsky v. City & County of San Francisco, 2006 U.S. Dist. LEXIS 9841 (N.D. Cal., Feb. 21, 2006)*

**COUNSEL:** [*1] For Alex Lukovsky, Individually and on behalf of Class Members, Muhammed Khan, Individually and on behalf of Class Members, Larry Mitchell, Individually and on behalf of Class Members, Antonio Huggins, Individually and on behalf of Class Members, Samson Asrat, Individually and on behalf of Class Members, Anatoliy Zolotarev, Individually and on behalf of Class Members, Yevgeniy Skuratovsky, Individually and on behalf of Class Members, Vladimir Vasilevski, Individually and on behalf of Class Members, Plaintiffs: Edith J. Benay, Law Office of Edith J. Benay, San Francisco, CA.

For City and County of San Francisco, San Francisco Municipal Transportation Agency, John Sadorra, Renato Solomon, Vernon Crawley, Michael Ellis, Philip Ginsburg, Doris Lanier, Defendants: Jonathan C. Rolnick, City Attorney's Office, City of San Francisco, San Francisco, CA; Adelmise Roseme Warner, San Francisco Office of the City Attorney, San Francisco, CA.

**JUDGES:** WILLIAM ALSUP, UNITED STATES DISTRICT JUDGE.

**OPINION BY:** William H. Alsup

**OPINION**

**ORDER DENYING PLAINTIFFS' MOTION FOR**

**LEAVE TO FILE THIRD AMENDED COMPLAINT AND VACATING HEARING**

**INTRODUCTION**

In this employment-discrimination action, plaintiffs seek [*2] leave to file a third amended complaint in order to add two new defendants; an additional cause of action for a preexisting plaintiff; and, a new cause of action challenging recent hiring decisions. Good cause has not been shown to allow this eleventh-hour request. Plaintiffs' motion is **DENIED**.

**STATEMENT**

Plaintiffs Alex Lukovsky, Muhammed Khan, Larry Mitchell, Antonio Huggins, and Samson Asrat alleged that they were employees for defendant City of San Francisco, working in the maintenance division of the City's Municipal Transportation Agency ("MUNI"). Plaintiffs Yevgeniy Skuratovsky and Vladimir Vasilevski claimed to be former job applicants of the City. Plaintiff Anatoliy Zolotarev alleged that he was a potential job applicant.

On May 20, 2005, plaintiffs filed their second amended complaint. In their third claim for relief, plaintiffs alleged a deprivation of their civil rights under *Section 1981* by defendants, the City and County of San Francisco and five city employees. Underlying this claim, plaintiffs alleged that defendants discriminated on the basis of race by giving preferential treatment to Asian and Filipino applicants for the position of electrical-transit-system [*3] mechanic, or so-called "7371" positions, with MUNI. In 2001, defendants purportedly hired several Asian and Filipino applicants who did not meet the minimum qualifications for the job. Plaintiffs also contended that defendants failed to inform potential candidates who were not Asian or Filipino of available 7371 openings. According to plaintiffs, this failure included not only flawed information about permanent openings in 2001, but also about provisional positions in 2000 that ultimately could have led to permanent 7371 positions.

Plaintiffs filed the present motion for leave to amend on March 28, 2006. In their proposed third amended complaint, plaintiffs seek to add a new claim alleging discriminatory failure to hire plaintiff Skuratovsky for a job classification not previously at issue in this matter; add a new claim challenging recent 7371 hiring decisions; and add two new individual defendants not previously named, Eslon Hao and James Wachob.

**ANALYSIS**

Leave to amend a complaint shall be freely given when justice so requires under *Federal Rule of Civil Procedure 15(a)*. This standard is a liberal one. *Rule 15(a)*, however, does not [*4] apply when a district court has established a deadline for amended pleadings under *Rule 16(b)*. See *Johnson v. Mammoth Recreations, Inc., 975 F.2d 604, 607-08 (9th Cir. 1992)*. Once a scheduling order has been entered, the liberal policy favoring amendments no longer applies. Subsequent amendments are not allowed without a request to first modify the scheduling order. *Id. at 608-09*. A party's failure to seek modification for the scheduling order is grounds to deny the untimely motion. *Ibid.* (citation omitted). Even if sought, any modification must be based on a showing of good cause.

> *Rule 16(b)*'s good cause' standard primarily considers the diligence of the party seeking the amendment. . . . Although the existence or degree of prejudice to the party opposing the modification might supply additional reasons to deny a motion, the focus of the inquiry is upon the moving party's reasons for seeking modification. If that party was not diligent, the inquiry should end.

*Id. at 609* (citation omitted).

Under the case management order in effect in this case, "[l]eave to add any new parties or pleading amendments must be [*5] sought by **July 22, 2005**" (Case Management Order) (emphasis in original). Plaintiffs have not asked leave for modification of the scheduling order. This is ground for denial. *Id. at 608-09*. Moreover, plaintiffs' entire motion is premised upon the notion that *Rule 15(a)* is controlling, and as such they fail to state good cause.

In any event, plaintiffs admit to not being diligent in their investigation as one of the reasons for seeking leave to amend. According to plaintiffs' counsel (Benay Decl. P 6):

> I hold myself responsible for not knowing this important information. Mr.

Skuratovsky speaks rather heavily accented English but I do not believe that I have any serious difficult [sic] understanding him and it was my responsibility to ask the right questions.

A lack of diligence alone is grounds to deny leave to amend. *Zivkovic v. Southern California Edison Co., 302 F.3d 1080, 1087 (9th Cir. 2002).*

Finally, the proposed amended complaint would seriously prejudice defendants. The new claims would require a great deal more discovery as they involve an entirely new and unmentioned job classification, as well as two new individual [*6] defendants. It would be particularly difficult to complete discovery on all these new issues as the non-expert discovery cut-off date is June 30, 2006, and the trial date is quickly approaching.

**CONCLUSION**

For these reasons, this motion is **DENIED**. Finding no further argument necessary, hearing on the motion is **VACATED**.

**IT IS SO ORDERED.**

Dated: April 24, 2006.

WILLIAM ALSUP

UNITED STATES DISTRICT JUDGE