# EXHIBIT L



LEXSEE 2009 U.S. DIST. LEXIS 3790



Analysis
As of: Jul 27, 2009

**WADE ROBERTSON, Plaintiff, v. SHIRAZ QADRI, AVENIR RESTAURANT GROUP, INC. and GREG ST. CLAIRE, Defendants.**

Case Number C 06-4624 JF (HRL)

UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF CALIFORNIA, SAN JOSE DIVISION

*2009 U.S. Dist. LEXIS 3790*

**January 15, 2009, Decided
January 21, 2009, Filed**

**PRIOR HISTORY:** *Robertson v. Shiraz Qadri, 2008 U.S. Dist. LEXIS 6525 (N.D. Cal., Jan. 17, 2008)*

**COUNSEL:** [*1] For Wade Robertson, Plaintiff: Wade Robertson, Stanford, CA.

For Shiraz Qadri, Avenir Restaurant Group, Inc., Greg ST. Clare, Defendants: Peter Dixon, LEAD ATTORNEY, Shannon Kathryne White, Lewis Brisbois Bisgaard & Smith LLP, San Francisco, CA.

For Timothy Gray, Witness: Charles Hyunchul Jung, LEAD ATTORNEY, Nassiri & Jung LLP, San Francisco, CA.

For City of Palo Alto, California, Officer Daniel Ryan, Witnesses: Donald Alan Larkin, LEAD ATTORNEY, City of Palo Alto, Palo Alto, CA.

**JUDGES:** JEREMY FOGEL, United States District Judge.

**OPINION BY:** JEREMY FOGEL

**OPINION**

ORDER [1] DENYING MOTION FOR RECONSIDERATION AND DENYING MOTION TO VACATE AWARD OF COSTS

1   This disposition is not designated for publication in the official reports.

[Re: docket nos. 310, 315, 317]

**I. BACKGROUND**

On July 28, 2008, following his arrest on April 28, 2006 for driving under the influence of alcohol, Plaintiff Wade Robertson ("Robertson") commenced this action against Shiraz Qadri, ("Qadri"), Avenir Restaurant Group, Inc., and Greg St. Claire ("Defendants"). Robertson alleges that Qadri, a waiter at Nola's Restaurant and Bar, unlawfully confined him at the restaurant and conspired with a police officer to have him unlawfully arrested.

Following substantial [*2] motion practice, Robertson filed a third amended complaint on March 19, 2007, asserting state law claims for false imprisonment and false arrest. On May 29, 2007, Defendants moved to

dismiss that complaint for lack of subject-matter jurisdiction, claiming that newly-discovered evidence revealed that contrary to Robertson's prior allegations, the parties' citizenship is not diverse. Robertson opposed that motion and moved separately to amend his complaint, expressing for the first time his intent to assert a federal claim for relief pursuant to *42 U.S.C. § 1983*. Robertson did not attach a proposed fourth amended complaint to his motion. At a hearing on July 20, 2007, this Court deferred ruling on Defendants' motion to dismiss and Robertson's motion to amend until September 14, 2007, pending Robertson's submission of a proposed fourth amended complaint.

On August 10, 2007, Robertson filed a renewed motion for leave to file a fourth amended complaint, along with a proposed pleading. Robertson alleged generally that "Qadri, individually and in concert with Officer Dan Ryan, acted maliciously, wantonly, unlawfully, willfully, knowingly and with the specific intent to deprive [Robertson] [*3] of his rights of freedom from illegal searches and seizures . . .". Proposed Fourth Amended Complaint, August 10, 2007 at P 46. During oral argument on September 14, 2008, the Court questioned the sufficiency of these conclusory allegations. In response, Robertson indicated that he could allege specific facts sufficient to establish that Qadri and Ryan agreed to pursue an unlawful objective, i.e., the false imprisonment of Robertson. The Court also requested that Robertson submit additional briefing with respect to his domicile. On September 28, 2007, Robertson filed a "Letter Brief," along with a revised proposed fourth amended complaint, in which he provided additional facts to support claims under *42 U.S.C. § 1983* and to establish that diversity of citizenship exists between the parties.

On March 25, 2008, after considering the facts and allegations contained in the proposed pleading submitted on August 10, 2007, the Court denied Robertson's motion for leave to amend. Judgment was entered on March 27, 2008. On April 8, 2008, Robertson filed a motion to alter or amend the judgment pursuant to *Fed. R. Civ. P. 59(e)*, arguing that the Court's decision failed to take into consideration [*4] his revised proposed fourth amended complaint submitted on September 28, 2007. Robertson also filed a motion to vacate the Clerk's order awarding costs. Defendants did not file opposition to these motions or appear at a hearing duly noticed for July 11, 2008. The Court postponed the hearing and directed the Clerk to seek a response from Defendants' counsel. On July 18, 2008, Defendants filed opposition to Robertson's motion seeking to alter or amend the judgment, arguing that the motion should be denied as futile. On August 8, 2008, both parties appeared before the Court, at which time the Court requested further briefing on whether *Heck v. Humphrey, 512 U.S. 477, 114 S. Ct. 2364, 129 L. Ed. 2d 383 (1994)*, acted as a bar to Robertson's motion in light of Robertson's intervening criminal conviction in the California Superior Court for driving under the influence on the night in question. Robertson submitted further briefing on the issue, and Defendants submitted a request for judicial notice of the California Superior Court's statement of decision and denial of Robertson's motion for a new trial.

### III. DISCUSSION

**A. Motion to Alter or Amend the Judgment**

Under *Federal Rule of Civil Procedure 59(e)*, courts have discretion to [*5] alter or amend their judgments. *Fed. R. Civ. P. 59(e)*. A request pursuant to *Rule 59(e)* may be granted if the court is presented with newly discovered evidence, if the court committed a clear error in its original decision, or to account for an intervening change in controlling law. *Circuit City Stores v. Mantor, 417 F.3d 1060, 1063 n.1 (9th Cir. 2005)*. "*Rule 59(e)* provides an efficient mechanism by which a trial court judge can correct an otherwise erroneous judgment without implicating the appellate process." *Clipper Exxpress v. Rocky Mountain Motor Tariff Bureau, Inc. 690 F.2d 1240, 1249 (9th Cir. 1982)*.

In determining whether its decision dated March 25, 2008 was the result of clear error, the Court must assess whether denial of leave to amend was proper. "[A] district court has broad discretion to grant or deny leave to amend, particularly where the court has already given plaintiff one or more opportunities to amend his complaint to allege federal claims." *Mir v. Fosburg, 646 F.2d 342, 347 (9th Cir. 1980)*. "Five factors are frequently used to assess the propriety of a motion for leave to amend: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of [*6] amendment, and (5) whether plaintiff has previously amended his complaint." *Allen v. City of Beverly Hills, 911 F.2d 367, 373 (9th Cir. 1990)*. The Court's denial of Robertson's request for leave to file a fourth amended complaint was based on the determination that the proposed amendment was futile. Specifically, the Court

concluded that Robertson had not alleged facts sufficient to support a conclusion that Qadri and Ryan had agreed to pursue an unlawful objective within the meaning of *42 U.S.C. § 1983*. Having reached that conclusion, the Court did not analyze the remaining factors --bad faith, delay, prejudice, and prior amendment. Because it considered only the first of Robertson's two proposed fourth amended complaints in reaching that conclusion, the Court now addresses those factors in the context of the instant motion pursuant to *Rule 59(e)*.

As an initial matter, the Court notes that "[l]ate amendments to assert new theories are not reviewed favorably when the facts and the theory have been known to the party seeking amendment since the inception of the cause of action." *Kaplan v. Rose, 49 F.3d 1363, 1370 (9th Cir. 1994)*; *see also Adams v. Cal. Dep't of Health Servs., 220 Fed. Appx. 590 (9th Cir. 2007)* [*7] (holding that courts do not look favorably on requests to amend filed after several amendments already have been made). At a certain point, "a party may not respond to an adverse ruling by claiming that another theory not previously advanced provides a possible ground[] for relief and should be considered." *Mir, 646 F.2d at 347*.

At the motion hearing on August 8, 2008, the Court questioned Robertson specifically as to why he had failed previously to assert a claim for conspiracy between Qadri and the police officer. Robertson asserted that after he filed his initial complaint, many new facts surfaced during discovery. Robertson claimed that because such facts "were not available to [him] beforehand," he would not have been able to "amend[] the complaint with . . . particularity" at an earlier time. Transcript of Proceedings, August 8, 2008, p. 6, lines 13-14, 23- 35, p. 7, line 1. However, because the basic facts giving rise to the *§ 1983* claim (i.e., the alleged collusion between Qadri and Officer Ryan) clearly were within Robertson's knowledge at the time of the incident, the Court concludes that Robertson's explanation is insufficient to justify his belated assertion of such claims. [*8] Further, the fact that Robertson attempted to assert a *§ 1983* claim only after facing dismissal for lack of diversity jurisdiction suggests that the amendment may have been offered in bad faith.

However, even if the Court were to determine that Robertson's delay were excusable, the proposed amendment nonetheless would be futile in light of Robertson's recent DUI conviction and the state court's denial of Robertson's motion for a new trial. [2] In *Heck v. Humphrey,* the Supreme Court held that:

> when a state prisoner seeks damages in a *§ 1983* suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated.

*512 U.S. at 487*. Robertson's theory is that he was not in fact intoxicated on the night in question and that he was arrested for driving under the influence as a result of an unlawful conspiracy between Qadri and the arresting offer. Success on the proposed *§ 1983* claim necessarily would implicate the validity of Robertson's criminal conviction. Indeed, the Court [*9] noted at the August 8 hearing that unless Robertson could "persuade the superior court that [he was] illegally stopped" and then demonstrate that the state court conviction was erroneous, *Heck* would bar Robertson's proposed *§ 1983* claims. Transcript of Proceedings, August 8, 2008,. p. 14, lines 9-12.

> 2  The Court takes judicial notice of Robertson's conviction of driving while under the influence and the denial of Robertson's motion for a new trial in the Santa Clara Superior Court.

Robertson argues that under Ninth Circuit law, *Heck* would preclude his *§ 1983* claims only if he were in custody while asserting the claim. However, the case upon which Robertson relies, *Nonnette v. Small, 316 F.3d 872 (9th Cir. 2002)*, is distinguishable. In that case, the plaintiff's *§ 1983* claim was based upon the deprivation of good time credits during his incarceration. The only remedy for such deprivation is a petition for writ of habeas corpus, but the plaintiff could not file a habeas petition because he already had been released from custody. Under those limited circumstances, the Ninth Circuit held that *Heck* did not bar the plaintiff from maintaining a *§ 1983* claim. Robertson's circumstances are entirely [*10] different. The remedy for his allegedly unlawful arrest and conviction is an appropriate motion or appeal with respect to his criminal conviction. Robertson in fact filed a motion for new trial in the state court, and his motion was denied. Thus, the *Heck*

Case4:07-cv-01658-PJH   Document381-12   Filed07/29/09   Page5 of 6

Page 4
2009 U.S. Dist. LEXIS 3790, *10

doctrine remains as a bar to his proposed *§ 1983* claim.

Robertson asserts that under California and federal case law, a conviction on misdemeanor charges under the California Vehicle Code cannot be used as res judicata or constitute collateral estoppel of any issue in a civil action. *See California Vehicle Code 40834* ("A judgment of conviction for any violation of this code or of any legal ordinance relating to the operation of a motor vehicle . . . shall not be res judicata or constitute a collateral estoppel of any issue determined therein in any subsequent civil action."). He contends that "[i]n a federal *§ 1983* suit, the same preclusive effect is given to a previous state court proceeding as would be given to that proceeding in the courts of the State in which the judgment was rendered," *Leather v. Ten Eyck, 180 F.3d 420, 424 (2d Cir. 1999)*, and thus that his misdemeanor conviction for driving under the influence cannot preclude [*11] his claims in the instant action.

Another court in this district was confronted with a similar issue in *Cole v. Doe 1 through 2 Officers of Emeryville Police Dep't., 387 F. Supp. 2d 1084, 1093 (N.D.Cal. 2005)*. The court questioned whether the plaintiff, who had been convicted in state court for failing to stop at an intersection, was precluded by the *Heck* doctrine from bringing a *§ 1983* action. Relying on *California Vehicle Code § 40834*, the court held that the plaintiff's state conviction did not bar the *§ 1983* claim, stating that "under California preclusion law, a misdemeanor conviction is not *necessarily* binding in a subsequent civil action; *its effect depends on the circumstances.*" *Cole, 387 F.Supp. 2d at 1093* (emphasis added). The court specifically noted that preclusion would not be appropriate in that case because the plaintiff was subject "to a traffic violation only," was not represented by counsel in the state court proceeding, and had no extensive opportunity to cross-examine the officers during the proceedings before the state court. *See id. at 1093*. Here, Robertson was convicted not of a simple traffic infraction but of the more serious offense of driving under the influence [*12] of alcohol. Robertson was represented by counsel and was given a full opportunity to argue his claims before the state court. More importantly for purposes of the *Heck* doctrine, the DUI conviction goes to the heart of Robertson's proposed *§ 1983* claim, which hinges upon his assertion that he was *not* in fact intoxicated but rather was the victim of a conspiracy. Under these circumstances, this Court concludes that *Heck* applies.

**B. Motion to Vacate Award of Costs**

Following the entry of judgment on March 27, 2008, Defendants requested that the Clerk tax itemized costs in the amount of $ 2,943.21. Defendants' request was supported by the declaration of Shannon K. White, which stated that "[t]he foregoing costs are correct and were necessarily incurred in this action." On May 1, 2008, the Clerk issued a bill of costs in the amount of $ 1,605.25.

*Civil Local Rule 54-1* provides that Defendants who have been awarded costs must file an affidavit pursuant to *28 U.S.C. § 1924* stating that "the costs are correctly stated, were necessarily incurred, and are allowable by law." Robertson argues that Defendants' application to tax costs "must be denied in its entirety," because Defendants did not file [*13] an affidavit stating that the costs presented "are allowable by law," as required by Civil Local Rule 54-1(a). Robertson does not cite any authority for his contention that Defendants should be denied *all* costs on this ground. "The district court has broad discretion in taxing costs." *Brazos Valley Coal. For Life, Inc. v City of Bryan, Tex., 421 F.3d 314, 327 (5th Cir. 2005)* (holding that the district court did not abuse its discretion by awarding costs to Defendants who filed an affidavit which did not state that the costs were legally permissible); *see also generally Little Oil Co. v. Atl. Richfield Co., 852 F.2d 441 (9th Cir. 1988)* (explaining that the local rules and federal statute permit district courts to exercise discretion in taxing costs). The Clerk already has determined that Defendants are entitled to costs, and Defendants' technical error has had no practical effect on the Clerk's calculation of legally permissible costs. Accordingly, to the extent that it seeks to deprive Defendants of any costs, Robertson's motion will be denied.

Robertson also objects to specific certain costs itemized by Defendants. Of those costs, only the following were awarded by the clerk: (1) a [*14] rough ASCII Disk of John Paiz's deposition (costing $ 219.80); (2) a condensed transcript and CD with final ASCII e-transferred exhibit images of Daniel Francis Ryan's deposition; and (3) costs of the deposition transcript from Tiffany Colon's deposition. [3] Robertson incorrectly states that the first two items were incurred in connection with John Paiz's deposition, and he argues that Defendants are not entitled to these "extra" costs.

> 3   The Clerk did not allow the following costs: costs of the video depositions of Shiraz Qadri and

John Paiz; costs of fifth-day delivery and processing the transcript of Shiraz Qadri; costs of fifth-day delivery and processing of the transcript of John Paiz; and costs of delivery and processing (UPS) of the deposition of Tiffany Colon.

Under *Civil Local Rule 54-3* "[t]he costs of an original and one copy of any deposition . . . taken for any purpose in connection with the case is allowable." Civil Local Rule 54-3(b)(1). Robertson correctly points out that at least one court in this jurisdiction has denied recovery of costs relating to ASCII and electronic communication of transcripts *in addition to* the costs awarded for the original transcript. *Ishida Co v. Taylor, 2004 U.S. Dist. LEXIS 24480, 2004 WL 2713067 at *1 (N.D. Cal. Nov. 29, 2004).* [*15] However, it appears from the receipts submitted by Defendants that the transcripts at issue were the only copies for which costs were requested. Accordingly, Robertson's request to deduct these costs will be denied.

Finally, Robertson argues that Defendants' costs for the deposition of witness Tiffany Colon should be disallowed because Robertson did not receive proper notice of the deposition and was not informed afterwards that it had taken place. Robertson does not cite any authority in support of this argument. Accordingly, this request also will be denied.

**IV. ORDER**

The motions to alter or amend the judgment and to vacate the award of costs are DENIED.

DATED: January 15, 2009

JEREMY FOGEL

United States District Judge