# EXHIBIT M

Dockets.Justia.com

Case4:07-cv-01658-PJH   Document381-13   Filed07/29/09   Page2 of 12

Not Reported in F.Supp.2d                                                                                                                    Page 1
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

Only the Westlaw citation is currently available.

United States District Court,
N.D. California.
TRIMBLE NAVIGATION LTD., Plaintiff,
v.
RHS, INC., et al., Defendants.
**No. C 03-1604 PJH.**

Sept. 17, 2007.

Robert T. Maldonado, Wendy E. Miller, William E. Pelton, Eric David Kirsch, Paul Teng, Cooper & Dunham LLP, New York, NY, John L. Cooper, Lucas William Huizar, Nan E. Joesten, Farella Braun & Martel LLP, San Francisco, CA, for Plaintiff.

Erica Dilworth Wilson, Gerald P. Dodson, Steven D. Tang, Morrison & Foerster LLP, Palo Alto, CA, Mark E. Brown, Law Office of Mark Brown, L.L.C., Kansas City, MO, for Defendants.

### ORDER GRANTING AND DENYING SUMMARY JUDGMENT AND CLARIFYING CLAIM CONSTRUCTION

PHYLLIS J. HAMILTON, United States District Judge.

***1** The parties' cross-motions for summary judgment and defendants' motion for leave to amend their amended answer and counterclaims came on for hearing on August 15, 2007 before this court. Plaintiff, Trimble Navigation, Ltd. ("plaintiff"), appeared through its counsel, John Cooper, Lucas Huizar, Nan Joesten, and William Pelton. Defendants RHS, Inc. ("RHS"), CSI Wireless, Inc. ("CSI"), and Satloc Inc. ("Satloc") (collectively "defendants") appeared through their counsel Gerald Dodson, Mark Brown, Erica Wilson, and Steven Tang. The court hereby GRANTS defendants' motion for summary judgment, DENIES plaintiff's motion for summary judgment in part and GRANTS it in part, and GRANTS defendants' motion for leave to amend, for the reasons stated in the court's order dated August 16, 2007, and detailed further as follows:

### BACKGROUND

Plaintiff Trimble Navigation, Ltd. is the assignee and owner of U.S. Patent No. 5,987,383 (the "'383 patent"). The '383 patent is directed at the use of GPS-based guidance systems in the farming and agriculture industries. It covers a GPS-based guidance system for agricultural farming capable of recognizing operator-induced deviations made by the operator of a vehicle while driving a spraying device (or similar implement) down a field. The '383 patent's claimed system accounts for such manual deviations by altering its subsequent GPS-based guidance to the operator based on those deviations. Generally speaking, the '383 patent describes the system patented therein as a "form line following method." *See* Declaration of Erica Wilson ISO Defendants' Motion for Summary Judgment re Non-Infringement ("Wilson Decl."), Exs. 4-5.

Defendants are makers and sellers of GPS-based machine guided systems in the agricultural market. Plaintiff alleges that several of defendants' products-specifically, the Outback, Outback S2, LiteStar, LiteStar II, and FreeTrac products ("accused products")-infringe the '383 patent.

A. The '383 Patent Claims

The '383 patent is comprised of twelve claims. *See* Wilson Decl., Exs. 4-5. Claims 1, 3, 6, and 11 are independent claims that cover: a form line following method (claim 1); a form line following appar-

Case4:07-cv-01658-PJH   Document381-13   Filed07/29/09   Page3 of 12

Not Reported in F.Supp.2d                                                                                                       Page 2
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

atus (claim 3); a method for controlling a vehicle through the form line following method (claim 6); and a method for operating a form line following spraying apparatus (claim 11). *See id.* The remaining claims are dependent upon these four independent claims. *Id.* (claims 2, 4, 5, 7-10, and 12 as dependent claims).

Plaintiff alleges that defendants' accused products literally infringe all elements of claims 1-7, 9 and 11. Since these claims collectively all depend upon independent claims 1, 3, 6, and 11, however, it is these latter four claims that prove most significant for the court's purposes. To that end, the '383 patent provides as follows:

*Claim 1.* "A method of form line following, comprising the steps of: defining a first form line using two or more terrestrial locations; defining a second form line using positioning data derived from GPS data and a swathing offset; and defining an updated second form line according to one or more deviations from said second form line while following said second form line defined by said positioning data and said swathing offset, deviating from said second form line to accommodate one or more terrain features, collecting new GPS data during said steps of following and deviating, computing one or more positions therefrom, and using the computed positions to define the updated second form line."

*\*2 Claim 3.* "A form line following apparatus on a vehicle, comprising a GPS receiver configured to receive GPS data and GPS correction information and to compute position information therefrom; and a processor configured to define an updated form line according to said position information while the vehicle is (a) following a previously computed form line having been defined using positioning data derived from earlier received GPS data and a swathing offset, and (b) deviating from the previously computed form line to accommodate one or more terrain features."

*Claim 6.* "A method of form line following, comprising controlling a vehicle so as to follow a form line computed using positioning information provided by one or more sources of GPS information while the vehicle is (a) following a previously computed form line having been defined using earlier positioning information and a swathing offset; and (b) deviating from the previously computed form line to accommodate one or more terrain features encountered while following the previously computed form line."

*Claim 11.* "A method comprising operating a spraying apparatus along a form line so as to apply chemicals to a portion of a field, the form line having been defined according to positions computed while (a) following a previously computed form line having been defined using previously derived positioning information and a swathing offset, and (b) making deviations from the previously computed form line to account for one or more terrain features encountered while operating said spraying apparatus along the previously computed form line."

B. Procedural History

On April 16, 2003, plaintiff filed a first amended complaint against defendants in this court, following transfer of this case from the Southern District of California. Trimble's first amended complaint asserted a claim for patent infringement under 35 U.S.C. §§ 271 et seq. and sought damages accordingly. On August 25, 2003, plaintiff filed a second amended complaint that continued to allege a single claim for patent infringement. *See generally* Second Amended Complaint ("SAC").

Defendants subsequently filed an answer and counterclaim, the latest iteration of which was filed on December 8, 2006. *See* Defendants' First Amended Answer and Counterclaims to Plaintiff's Second Amended Complaint ("Amended Answer and

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case4:07-cv-01658-PJH   Document381-13   Filed07/29/09   Page4 of 12

Not Reported in F.Supp.2d                                                                                                                  Page 3
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

Counterclaims"). In it, defendants seek a declaration that the '383 patent is invalid, unenforceable, that plaintiff is guilty of inequitable conduct, and that no infringement of the '383 patent has occurred. *See id.*Defendants also assert the affirmative defenses of laches and prosecution history estoppel, among others.

Both parties have now filed cross-motions for summary judgment. Plaintiff moves for summary judgment on the issues of (1) infringement; and (2) patent validity. Defendants, by contrast, seek summary judgment only as to non-infringement. They have, however, also filed a motion for leave to amend their Amended Answer and Counterclaims.[FN1]

> FN1. Both parties also filed requests to seal numerous exhibits and evidence. All parties' motions to seal were originally DENIED, as stated at the hearing. Defendants' revised motion to seal a limited number of documents was subsequently GRANTED, however, as set forth in docket no. 355.

**DISCUSSION**

A. Summary Judgment Standard

***3** Summary judgment is generally appropriate when the evidence shows there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Fed.R.Civ.P. 56(c); *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986).

B. Infringement

Both parties move for summary judgment on the infringement issue. Both parties also agree that the only relevant claims that need be considered here are claims 1, 3, 6, and 11, since the remaining claims are all dependent on these four. Accordingly, the only issue before the court is whether summary judgment should be granted as to infringement or non-infringement of claims 1, 3, 6, and 11.

1. infringement standards

The court engages in a two-step process in evaluating infringement. First, the court determines the scope and meaning of the claims via claim construction; then, the court compares that construction of the patent against the accused products. *See, e.g., Business Objects, S.A. v. Microstrategy, Inc.,* 398 F.3d 1366, 1371 (Fed.Cir.2004) (citations omitted).[FN2] While claim construction is a matter of law, infringement itself is a question of fact. *See, e.g., Frank's Casing Crew and Rental Tools, Inc. v. Weatherford International, Inc.,* 389 F.3d 1370,1376 (Fed.Cir.2004) (citations omitted).

> FN2. Here, the court has already issued its claim construction order construing the parties' disputed terms and phrases. *See* Claim Construction Order. Accordingly, it is the second step of the infringement process that is particularly significant for purposes of the court's summary judgment analysis.

Infringement may be proven by literal infringement, as plaintiff alleges here. A claim is "literally infringed" if each properly construed claim element directly reads on the accused product or process. *See Jeneric/Pentron Inc. v. Dillon Co.,* 205 F.3d 1377, 1382 (Fed.Cir.2000).

2. clarification of claim construction order

The undisputed evidence before the court demonstrates: defendants' accused products generally contain GPS guidance systems that log a vehicle's position as it makes an initial pass across the field; on

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case4:07-cv-01658-PJH   Document381-13   Filed07/29/09   Page5 of 12

Not Reported in F.Supp.2d                                                                                                    Page 4
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

subsequent passes, defendants' GPS guidance systems compute individual aim points-i.e., a single position ahead of the vehicle-that contemporaneously guide vehicles down a pass, based on the vehicle's real time position and speed; the aim point is never intercepted; and defendants' GPS guidance systems only compute one aim point ahead of the vehicle they are guiding, using the aim points to continually compute and update cross track values that are used to determine the forward positions to which the vehicle is directed.[FN3] *See* Wilson Decl., Exs. 12 at 83-86, 89, 219-209; 14 at 110; Exs. 15-20, 22-23.

> FN3. Plaintiff describes the accused products as employing one of three guidance methods or algorithms: the circle method, the AB method, or the LiteSstar method. *See* Pl. Op. Br. re MSJ at 2:19-21. Defendants, by contrast describe the three guidance methods in accordance with their product name (e.g., FreeTrac, LiteStar, etc.). The three methods do contain variations in the way they provide contour guidance. The court's general description noted herein, however, applies to all three methods.

According to plaintiff, these guidance systems are identical to the form line following method claimed by the independent claims of the '383 patent. That form line following method generally refers to the process of defining a first form line, defining a second form line, and then updating the second form line to account for deviations made while following the second form line. *See* Wilson Decl., Exs. 4-5. Plaintiff asserts that defendants' products infringe on this form line following method because: as described above, defendants' products use two or more GPS position data points that are recorded while the vehicle makes the first pass on a field, thereby defining the first form line; on subsequent passes, the accused products guide the vehicle along a path across the area to be treated that is one treatment swath width away from the geographic GPS positions that were recorded on the previous pass; and the accused products locate the GPS position from prior passes that is nearest the actual position of the vehicle and adjusts the swath width as necessary in order to guide the vehicle along a path that is one swath width away from the prior pass, in order to avoid skips and overlaps from the prior path. *See* Declaration of John L. Cooper ISO Plaintiff's MSJ ("Cooper Decl."), Exs. B; C at ¶¶ 18-33.

**\*4** Ultimately, plaintiff's infringement argument is unpersuasive. Preliminarily, the court finds that plaintiff's argument attempts to rehash arguments already raised and resolved by the court in its claim construction order-primarily, the construction to be given the term "form line." As the court noted in its claim construction order, this term proves to be the single most important construction at issue, as it underlies every claim before the court.

The claim construction order specifically construed the phrase "form line" to mean "path across the area to be treated," the term "define" to mean "compute," and the term "defining a second form line ..." to mean "computing a second path across the area to be treated ...".*See* Claim Construction Order at 13-16, 26. In so construing the term, the court took into account the patent's claim language, the specification and drawings, and noted that the term form line may only be construed as broadly as provided for by the patent itself. *See also Irdeto Access, Inc. v. EchoStar Satellite Corp.,* 383 F.3d 1295, 1300 (Fed.Cir.2004). The court then noted that a form line must be computed to extend across the path to be treated *before* the operator begins to travel down the path (this does not apply to the first form line, which is defined, or computed, as the vehicle travels down the first pass).*See id.* at 10.The court also held that the phrase form line does, in fact, refer to a type of line, pursuant to which GPS positions are linked together by straight or curved line approximations, to define the line.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case4:07-cv-01658-PJH   Document381-13   Filed07/29/09   Page6 of 12

Not Reported in F.Supp.2d                                                                                    Page 5
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

*See id.* at 11.

In other words, a second form line is computed, based on the GPS positions logged on the first form line, *before* the operator begins to travel down that second form line, and it is computed to extend across the *entire* path that the operator chooses to treat. If the operator deviates while following that second form line, then when he is done traveling that second form line, an updated second form line is computed based on the GPS positions recorded during the deviation. That updated second form line is then used to compute a subsequent form line for the operator to follow, which computation is completed *before* the operator begins traveling down the updated form line.

Despite the court's intention to definitively construe the term form line as stated above, plaintiff now contends that the court's construction of form line-i.e., path across the area to be treated-requires neither that the entire path across the area to be treated must be pre-computed ahead of the vehicle's commencement of a pass, nor that the path across the area to be treated may only result from a series of positions linked together to create a line approximation. Rather, plaintiff once again urges the court to construe the path across the area to be treated as a path that is created while the vehicle simultaneously follows the path before it-i.e., that a form line is created as long as there is any GPS computation that is simultaneously occurring. Indeed, it is this premise from which plaintiff's entire infringement argument stems.

**\*5** The court here once again declines plaintiff's invitation to construe the term "form line" as a path across the area to be treated that may be contemporaneously computed, or defined, as the vehicle travels down a given pass on a field. In so rejecting plaintiff's argument, the court also takes the opportunity to clarify its prior claim construction order as stated above-i.e., to make clear that a form line is a path across the area to be treated that, apart from the definition of the first form line, entails the computation of a path to extend across the entirety of the area to be treated by the operator, which shall be computed before the operator begins to traverse along that same form line (and whether such form line is a second path to be treated, or an updated path to be treated that accounts for prior recorded deviations). This clarification supplements, and does not supercede, the court's original claim construction order.

3. infringement of claims 1, 3, 6, and 11

Having clarified the court's claim construction order, the court must still compare defendants' accused products with claims 1, 3, 6 and 11 as construed, to determine whether literal infringement has occurred. For the reasons below, the court is persuaded that defendants are correct in arguing that their products do not infringe.

First, and as explained in detail above, defendants' products do not utilize GPS guidance systems that actually define, or compute, form lines. Rather, defendants' products involve the instantaneous computation of forward direction based on GPS data positions and aim points, and refrain from computing an entire path across the area to be treated, which path can be linked by any line approximation. The Outback and LiteStar II products, for example, use individual aim points that are used to contemporaneously guide vehicles down a path based on the vehicle's real time position and speed. *See* Wilson Decl., Exs. 12 at 83-86, 89; 14 at 110; Exs. 15-20. The FreeTrac and LiteStar products, for their part, provide guidance based on the forward predicted positions for the vehicle, based on real time position, speed and heading. *See* Wilson Decl., Ex. 12 at 219-20; Exs. 22-23. None of the aim points or forward predicted positions to which a vehicle is guided, however, are ever linked in a line approximation to create a path across the area to be treated, let alone are they so linked prior to the

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

point at which an operator begins to traverse down subsequent paths. Moreover, and as defense counsel noted at the hearing on the instant motions, the aim points utilized by defendants' products to provide guidance to a vehicle, *need not even be located on the same path across the area to be treated that the operator is currently navigating. See, e.g.,* Cooper Decl., Ex. I. Plaintiff's own evidence does not dispute, but rather confirms, this description of the way in which defendants' products operate. *See id.* at Ex. B generally; Ex. C at ¶¶ 18-33.

***6** Second, without ever actually computing form lines to begin with, defendants' products do not actually ever deviate from form lines, for as a matter of logic, a thing cannot deviate from that which does not exist. Nor, by extension, can the products thereby recompute form lines to account for deviations from prior form lines. Without covering these elements, the accused products fail to define updated form lines, as contemplated by the court's claim construction order.

Finally, and for the same reasons, defendants' products do not precompute form lines, as contemplated by the terms "defining a second form line" and "updating a second form line"-i.e., they do not allow for an entire form line to be computed to extend across the area to be treated by the operator, *prior to the point at which the operator begins to traverse the form line.*

As such, none of the four independent claims are literally infringed. Claim 1 for example, covers a "method of form line following" that comprises the steps of "defining a first form line," "defining a second form line," and "defining an updated second form line according to one or more deviations from said second form line while following said second form line ...". Following this claim, claims 3, 6, and 11 cover: a "form line following apparatus," a "method of form line following, comprising controlling a vehicle so as to follow [form lines]," and "a method comprising operating a spraying apparat-

us along a form line ...".*See* Wilson Decl., Exs. 4-5. As described above, however, the undisputed evidence demonstrates that defendants' products never actually define *any* form lines, be it first, second, or updated form lines, since the products never compute and link GPS positions together to approximate a straight or curved line-as required by the court's construction of form line. Nor do the products ever precompute, or recompute any form lines, as is also covered by the '383 patent claims in accordance with the court's claim construction order.

This being the case, there is no dispute present as to whether defendants' products actually infringe any claim of the '383 patent. In short, since defendants' products never actually define a form line in the fashion construed by the court in its claim construction order, the products cannot embody the limitations of any claim.

The conclusion that no infringement has occurred also extends to plaintiff's assertions that defendants have indirectly infringed the '383 patent's claims, by way of active inducement of infringement, and contributory infringement. Both theories of indirect infringement require a finding of direct infringement as a prerequisite. *See, e.g., Epcon Gas Syst., Inc. v. Bauer Compressors, Inc.,* 279 F.3d 1022, 1033 (Fed.Cir.2002) (active inducement of infringement standards); *DSU Med. Corp. v. JMS Co.,* 471 F.3d 1293, 1303 (Fed.Cir.2006) (contributory infringement standards). Since plaintiff cannot prevail on the issue of direct infringement, plaintiff cannot prevail as to indirect infringement.

***7** Accordingly, the court hereby GRANTS summary judgment in favor of defendants as to non-infringement, and DENIES plaintiff's summary judgment motion as to infringement.

C. Invalidity

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case4:07-cv-01658-PJH Document381-13 Filed07/29/09 Page8 of 12

Not Reported in F.Supp.2d                                                                                Page 7
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

Plaintiff seeks a judgment that the '383 patent is not invalid-on either anticipation or obviousness grounds-as a result of (1) the Korver Patent; (2) the Petersen Article; (3) the TrimFlight references; and (4) the prior art of foam markers and marker arms. Additionally, plaintiff seeks a judgment that claim 3 of the '383 patent was not impermissibly broadened during reexamination.

Preliminarily, the legal standards for invalidity based on anticipation and/or obviousness are well-established. Generally, a patent is entitled to a presumption of validity, and an accused infringer must prove invalidity by clear and convincing evidence. *See Metabolite Labs., Inc. v. Lab. Corp.,* 370 F.3d 1354, 1365 (Fed.Cir.2004). For prior art to anticipate a claim, a single prior art reference must disclose every limitation of the claimed invention and must be sufficient to permit a person having ordinary skill in the art to practice the invention. *See Schering Corp.,* 339 F.3d at 1377; *SmithKline Beecham Corp. v. Apotex Corp.,* 403 F.3d 1331, 1342 (Fed.Cir.2005). A patent is considered obvious, by contrast, if "the differences between it and the prior art "are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art." 35 U.S.C. § 103(a). To determine obviousness, the court must "examine 1) the scope and the content of the prior art; 2) the level of ordinary skill in the art; 3) the differences between the claimed invention and the prior art; and 4) the objective evidence of nonobviousness." *Iron Grip Barbell Co., Inc. v. USA Sports, Inc.,* 392 F.3d 1317, 1320 (Fed.Cir.2004), *citing Graham v. John Deere Co.,* 383 U.S. 1, 17-18, 86 S.Ct. 684, 15 L.Ed.2d 545 (1966).

1. prior art references

Plaintiff contends that none of the four prior art references noted above anticipate or render obvious the '383 patent's claims. First, plaintiff argues that the Korver patent-which teaches a navigation system that uses GPS data and inertial sensors to avoid skips and overlaps between agricultural swaths-has already been determined *not* to anticipate or render obvious any claims, during reexamination of the '383 patent. Second, plaintiff contends that the Petersen Article-which describes the development of software that integrates GPS position information to create a guidance system capable of signaling the operator to take over when approaching a known obstruction-cannot anticipate any claims because the article never discloses deviation based on anything other than a previously known and mapped obstruction in the field. Third, plaintiff contends that references to TrimFlight, plaintiff's GPS-based guidance system sold for use in agricultural spraying, fail to render any of the '383 patent's claims obvious. Finally, plaintiff asserts that the prior art of foam markers and marker arms was sufficiently deficient that, even if combined with GPS technology, it could not render the '383 patent claims obvious.

*\*8* With respect to each of these references, defendants rely on their expert, Dr. Bevly, to establish grounds for findings of either anticipation or obviousness. *See, e.g.,* Bevly Declaration ISO Defendants' Opposition to Trimble's MSJ ("Bevly Opp. Decl."), Ex. E at ¶¶ 67-70 (opining that a person of ordinary skill in the art would have been capable of modifying system described in Korver Patent in order to compute updated form lines); *id.* at ¶ 36 (opining that "steps [described in the '383 patent claims] are inherent in the system described in the Petersen Article"); *id.* at ¶ 89 (opining that the ordinary skilled artisan would have been fully capable of writing software code to implement changes to the TrimFlight system, resulting in the method claimed by the '383 patent); *id.* at ¶¶ 101-04 (opining that foam markers and marker arms provided "adaptive guidance" that would have been combined with known GPS technology by a skilled artisan to arrive at the guidance system claimed by

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case4:07-cv-01658-PJH   Document381-13   Filed07/29/09   Page9 of 12

Not Reported in F.Supp.2d                                                                                          Page 8
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

the '383 patent).

The court finds that the expert testimony proffered by defendants is sufficient to create a genuine and material issue of fact regarding invalidity based on anticipation or obviousness, in view of the prior art references discussed herein. Dr. Bevly's testimony does not, as plaintiff suggests, actually opine as to the ultimate fact of anticipation or obviousness. Rather, his testimony properly sets forth opinions as to the underlying facts that could support an ultimate finding of anticipation or obviousness. As such, Dr. Bevly's testimony is relevant, and sufficiently satisfies defendants' burden to come forward with evidence on summary judgment that creates a disputed issue of fact on the questions of anticipation or obviousness.

For these reasons, the court therefore DENIES plaintiff's motion for summary judgment as to whether the '383 patent is invalid for anticipation or obviousness, based on the four prior art references in question.

2. claim broadening during reexamination

Plaintiff also challenges defendants' contention that claim 3 of the '383 patent-and all its dependent claims-is invalid by reason of impermissibly broad amendments upon reexamination.

A claim is enlarged "if it includes within its scope any subject matter that would not have infringed the original patent." *See Hockerson-Halberstadt, Inc. v. Converse Inc.,* 183 F.3d 1369, 1374 (Fed.Cir.1999). Whether amendments made during reexamination enlarge the scope of a claim is a matter of claim construction. *See In re Freeman,* 30 F.3d 1459, 1464 (Fed.Cir.1994). Claim construction is the process of giving proper meaning to the claim language. *See York Prods., Inc. v. Central Tractor Farm & Family Ctr.,* 99 F.3d 1568, 1572, (Fed.Cir.1996); *Bell Communications Research, Inc. v. Vitalink Communications Corp.,* 55 F.3d 615, 619 (Fed.Cir.1995) (stating that claim language defines the scope of protection). In determining the meaning of disputed claim terms, a construing court considers the written description, the prosecution history, and extrinsic evidence. *See Thermalloy, Inc. v. Aavid Engineering, Inc.,* 121 F.3d 691, 692-93 (Fed.Cir.1997).

**\*9** Here, the original language of claim 3-an apparatus claim-required "a form line following apparatus, comprising *a vehicle fitted with* a GPS receiver ...".*See* Cooper MSJ Decl., Ex. S (emphasis added). The language of claim 3, as amended during reexamination, requires "a form line following apparatus *on a vehicle,* comprising a GPS receiver ...".*Id.* (emphasis added). Defendants assert that claim 3 has been impermissibly broadened because, while the original claim made clear that the GPS receiver had to be *mounted on* the vehicle, the amended claim covers GPS receivers that are not necessarily mounted on the vehicle, but simply "on" the vehicle in any conceivable way. For example, defendants contend that an individual who carries a GPS receiver in his pocket and who is sitting in the vehicle, now would be covered by the language of claim 3.

Ultimately, defendants' argument is unpersuasive. The court must construe the amended claim in order to determine whether it has been broadened, and it is appropriate to look to the surrounding and original claim language, as well as the prosecution history in doing so. Here, the reexamination history makes clear, as plaintiff points out, that plaintiff's amendment was simply to clarify the language "fitted with" in order to indicate that the claimed apparatus is actually *on* the vehicle. With the original language, the term "fitted with" in no way tied the GPS receiver to the vehicle, and plaintiff sought to make clear that the receiver was intended to be tied to the vehicle. Indeed, plaintiff specifically represented to the examiner that "no new matter" was being added by the amended language. Moreover, the court construes the phrase "on a

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

Page 9

vehicle" to mean that the apparatus has to be "mounted" on the vehicle. This construction of "on" is supported by the patent specification. *See* Cooper MSJ Decl., Ex. O at 5:28-20 ('383 patent specification stating that GPS receiver is "mounted" on the vehicle). Although defendants assert that the court should not look to the specification or other parts of the patent in looking at the amended claims, the court rejects this argument, in view of its duty to construe the amended claim language.

In sum, then, the court concludes that the language of claim 3-and its dependent claims-was not impermissibly broadened through reexamination. Accordingly, the court GRANTS plaintiff's motion for summary judgment as to this limited issue.

D. Leave to Amend Answer and Counterclaims

Defendants seek leave to amend their Amended Answer and Counterclaims, in order to assert new allegations of inequitable conduct related to plaintiff's purported failure to disclose relevant prior art to the PTO during prosecution of the '383 patent. *See* Declaration of Dara Tabesh ISO Leave to Amend ("Tabesh Decl."), Ex. A at ¶¶ 71-74. Specifically, defendants seek to add allegations that plaintiff failed to disclose prior art regarding its TrimFlight GPS-based guidance system, including copies of certain "TrimFlight GPS Technical Overviews" and a June 1995 TrimFlight User Guide. *See id.*Defendants point out that these references include information that explicitly discloses the contour guidance method that is relevant to the '383 patent. *See* Mot. Leave to Amend at 2:3-6.

**\*10** Generally, leave to amend pleadings "shall be freely given when justice so requires."Fed.R.Civ.P. 15(a). In determining whether leave to amend is appropriate, the district court considers "the presence of any of four factors: bad faith, undue delay, prejudice to the opposing party, and/or futility."*See*

*Owens v. Kaiser Foundation Health Plan, Inc.,* 244 F.3d 708, 712 (9th Cir.2001); *see also Foman v. Davis,* 371 U.S. 178, 182, 83 S.Ct. 227, 9 L.Ed.2d 222 (1962) (In the absence of any "apparent or declared reason-such as undue delay, bad faith or dilatory motive, ... undue prejudice to the opposing party, ... futility of amendment, etc.," leave should be freely given). Good cause for amendment must also be shown where, as here, amendment is sought past the deadlines established by the court's pretrial scheduling order. *See*Fed. R. Civ. Proc. 16(b) (pretrial scheduling order "shall not be modified except upon a showing of good cause and by leave of the district judge"); *see also* Pretrial Scheduling Order (setting forth December 26, 2006 as deadline for amendment of pleadings).

Here, the following facts are undisputed: that on February 12, 2007, plaintiff produced for the first time an email from one of the named inventors of the '383 patent, suggesting that certain TrimFlight references might constitute valid prior art, and furthermore suggesting that plaintiff might want to avoid disclosure of those references to the PTO; that the 1996 TrimFlight GPS Technical Overview that plaintiff actually disclosed to the PTO did not contain any information regarding TrimFlight's parallel routes and contour guidance applications; that the 1994 and 1995 TrimFlight GPS Technical Overviews *do* contain discussion of TrimFlight's parallel routes and contour guidance applications; that defendants did not become aware of, or compare, the three different Technical Overview versions until May 2007, even though all versions had been exchanged throughout discovery in this action; that, on May 30, 2007, defendant requested that plaintiff produce a complete copy of the TrimFlight User Guide that plaintiff had partially produced on February 13, 2007; and that on June 14, 2007, plaintiff produced a complete version of the TrimFlight 1995 User Guide, which also contained discussion of TrimFlight's parallel routes and countour guidance applications.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Case4:07-cv-01658-PJH Document381-13 Filed07/29/09 Page11 of 12

Not Reported in F.Supp.2d                                                                                                Page 10
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

These facts establish good cause for allowing defendants to amend their First Amended Answer and Counterclaims. From the time defendants first received the inventor's email suggesting that certain TrimFlight references constituted prior art that plaintiff might want to consider holding back from disclosure, to the time defendants filed the instant motion to amend on July 5, 2007, approximately five months passed. During this time, defendants were engaged in discovering and comparing the differences between the three versions of the TrimFlight GPS Technical Overviews, seeking out a complete copy of the TrimFlight 1995 User Guide, and working with their technical expert to develop and finalize their theory of inequitable conduct. Based on these facts, the court cannot say that defendants lacked diligence in pursuing amendment. This is particularly so since, as defendants themselves noted at the hearing on this matter, they were guided by the knowledge that inequitable conduct based on fraud must be alleged with particularity, and it was defendants' desire to be sure of all necessary facts in as reasonable a time as possible, before seeking leave to amend. In sum, then, defendants have stated sufficient facts to establish that they were reasonably diligent in pursuing a good faith basis for their proposed allegations. Good cause for amendment has therefore been shown.

**\*11** The court also finds that the traditional Rule 15 factors additionally counsel in favor of amendment. *See, e.g., Foman v. Davis,* 371 U.S. at 182. Given the nature of defendants' proposed allegations, defendants are pursuing, in good faith, a valid claim for inequitable conduct. *See Li Second Family Ltd. Partnership v. Toshiba Corp.,* 231 F.3d 1373, 1378 (Fed.Cir.2000) (breach of patent applicant's duty of candor, "which breach can include affirmative misrepresentations of material facts, failure to disclose material information, or submission of false material information, coupled with an intent to deceive, constitutes inequitable conduct"). As such, neither bad faith nor futility of amendment has been demonstrated. The court also finds, as stated above, that defendants have acted reasonably diligently in bringing their motion to amend, thereby obviating any concerns over unreasonable delay.

This leaves only the question whether any undue prejudice would result from granting amendment. Given the upcoming trial date of October 29, 2007, allowing defendants to amend their answer and counterclaims at this juncture does, as plaintiff contends, pose a challenge for plaintiff. Nonetheless, considering that defendants' new allegations all relate to evidence and discovery that is in plaintiff's possession and control, the court does not find that this shortened preparation time would be unfairly prejudicial to plaintiff. This is particularly so since, while some additional and expedited discovery may be required, it is necessarily limited only to plaintiff's failure to disclose the relevant prior art alleged. It is not necessary, as plaintiff contends, to conduct discovery as to whether plaintiff intentionally omitted reference to the parallel routing or contour guidance applications in the version of the TrimFlight GPS Technical Overview disclosed to the PTO.

In sum therefore, given that good cause has been shown, and the lack of demonstrated bad faith, undue delay, undue prejudice, and/or futility, the court hereby GRANTS defendants' motion to amend their Amended Answer and Counterclaims.

E. Conclusion

For the foregoing reasons, plaintiff's motion for summary judgment is DENIED as to infringement, DENIED as to invalidity based on prior art references, and GRANTED as to invalidity based on claim broadening. Defendants' motion for summary judgment as to non-infringement is GRANTED. Defendants' motion for leave to amend their Amended Answer and Counterclaims is also GRANTED.

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.

Not Reported in F.Supp.2d Page 11
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)
**(Cite as: 2007 WL 2727164 (N.D.Cal.))**

Case4:07-cv-01658-PJH   Document381-13   Filed07/29/09   Page12 of 12

This order supplements the court's order dated August 16, 2007, docket no. 321.

**IT IS SO ORDERED.**

N.D.Cal.,2007.
Trimble Navigation Ltd. v. RHS, Inc.
Not Reported in F.Supp.2d, 2007 WL 2727164 (N.D.Cal.)

END OF DOCUMENT

© 2009 Thomson Reuters/West. No Claim to Orig. US Gov. Works.