```
 1  BINGHAM McCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
 2  GEOFFREY M. HOWARD (SBN 157468)
    HOLLY A. HOUSE (SBN 136045)
 3  ZACHARY J. ALINDER (SBN 209009)
    BREE HANN (SBN 215695)
 4  Three Embarcadero Center
    San Francisco, CA  94111-4067
 5  Telephone:  415.393.2000
    Facsimile:  415.393.2286
 6  donn.pickett@bingham.com
    geoff.howard@bingham.com
 7  holly.house@bingham.com
    zachary.alinder@bingham.com
 8  bree.hann@bingham.com

 9
    DORIAN DALEY (SBN 129049)
10  JENNIFER GLOSS (SBN 154227)
    500 Oracle Parkway, M/S 5op7
11  Redwood City, CA  94070
    Telephone:  650.506.4846
12  Facsimile:  650.506.7114
    dorian.daley@oracle.com
13  jennifer.gloss@oracle.com

14  Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle International Corporation, and
15  Oracle EMEA Limited
```

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC. *et al*,<br><br>　　　　　Plaintiffs,<br>　v.<br><br>SAP AG, *et al*.,<br><br>　　　　　Defendants. | No. 07-CV-01658 PJH (EDL)<br><br>**DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO AMEND COMPLAINT**<br><br>Date:　　August 19, 2009<br>Time:　　9:00 a.m.<br>Place:　　5, 17th Floor<br>Judge:　　Hon. Phyllis J. Hamilton |

Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' REPLY
IN SUPPORT OF MOTION TO AMEND COMPLAINT

I, Geoffrey M. Howard, declare as follows:

1. I am an attorney licensed to practice in the State of California, and am a partner at Bingham McCutchen LLP, counsel of record for plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (together, "Oracle") in this action. I have personal knowledge of the facts stated below and, if called as a witness, could competently testify as to them.

*Summary of Contested Copyright Registrations*

2. Attached as **Exhibit A** is a table listing the 29 copyrights to be added by the contested amendment and generally summarizing, for the Court's convenience, the bases for their inclusion in this matter.

*Discovery to Date*

3. Defendants have not noticed the deposition of any software developer or similar technical witness regarding the software covered in the 87 Registered Works included in the Third Amended Complaint. Defendants have only deposed Todd Adler, an Oracle in-house lawyer acting as a Rule 30(b)(6) witness, on policies and procedures for obtaining copyright registrations. This deposition lasted approximately four hours.

*Fed. R. Civ. P. 30(b)(6) Deposition of SAP TN Regarding Local Environments*

4. On December 20, 2007, Oracle served a Notice of Deposition of SAP TN, pursuant to Rule 30(b)(6), a true and correct copy of which is attached as **Exhibit B**. This notice was amended on January 22, 2008, to conform to newly agreed dates and locations for the deposition (which were cancelled by Defendants twice, both times on five days notice).

5. Attached as **Exhibit C** is a true and correct copy of my March 7, 2008 letter to Jason McDonell, counsel for Defendants. As discussed on page 1, prior to March 6, 2008, Shelley Nelson had been designated by Defendants as TomorrowNow's 30(b)(6) witness for subtopics 1(a), 1(b), 1(g), 1(j), 1(k), 1(l), 1(m), 1(n), 1(o), 2(a), 2(b), 2(c), 2(d)2 and 2(e), and had been scheduled for two days of deposition beginning on March 11, 2008. Her designation and deposition were cancelled by Defendants on March 6, 2008.

6. On Monday, March 17, 2008, at 2 p.m., the Honorable Charles A. Legge.

DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' REPLY
IN SUPPORT OF MOTION TO AMEND COMPLAINT

1  (Ret.), who was the Special Discovery Master in this action at the time, convened a counsel call
2  regarding Defendants' cancellation and refusal to commit to deposition dates in response to
3  Oracle's 30(b)(6) notices.  On that call, Judge Legge required Defendants to promptly commit to
4  final Rule 30(b)(6) dates and dates for Ms. Nelson's deposition.
5          7.      Defendants then moved for a Protective Order based on the topics Oracle
6  had noticed back in December 2007.  Attached as **Exhibit D** is a true and correct copy of my
7  March 24, 2008 letter to Judge Legge. (Ret.).  Judge Legge recommended that Defendants'
8  motion for a protective order be denied.  See Report and Recommendations Re: Discovery
9  Hearing No. 3, Dkt. 72, at 4-5 (filed April 4, 2008).
10         8.      The deposition of SAP TN on PeopleSoft local environments pursuant to
11 Rule 30(b)(6) then took place on April 1-2, 2008.  SAP TN's corporate designees were Catherine
12 Hyde and Kathy Williams.
13         9.      Oracle deposed Ms. Nelson in her individual capacity on April 18, 2008.
14 *Oracle Database Registrations*
15         10.     Attached as **Exhibit E** is a true and correct copy of my email to counsel
16 for Defendants, dated July 8, 2009.  The two attachments to the email are not included.  Oracle
17 has supplied the highlighting.
18         11.     Based on Oracle's investigation, it is not possible to determine, solely
19 through inspection of an Oracle database on SAP TN's servers that wholly or partially embodies
20 the contested database registrations, whether that database is licensed, because Oracle does not
21 rely upon license keys for such databases.
22 *Legacy PeopleSoft Registrations*
23         12.     Attached as **Exhibit F** is a true and correct copy of an excerpt from the
24 transcript of the Hearing before Magistrate Judge Laporte on Defendants' Motion to Compel
25 Copyright Information, held on May 27, 2009.
26 *Inter-Entity Agreements*
27         13.     Oracle has produced approximately 95 inter-entity agreements and letters
28 to date, not including documents related to PeopleSoft's acquisition of unrelated third parties.

DECLARATION OF GEOFFREY M. HOWARD IN SUPPORT OF PLAINTIFFS' REPLY
IN SUPPORT OF MOTION TO AMEND COMPLAINT

14. Based on Oracle's investigation, Oracle is not presently aware of additional inter-entity agreements relating to ownership or authorship would need to be produced due to the addition of the 29 contested registrations.

*Defendants' Clawbacks*

15. Defendants have "clawed back" more than 400 allegedly privileged documents thus far in this action.

16. On or about July 31, 2009, Courtney D. Scobie, counsel for Defendants, sent me a letter to me stating that Defendants had "discovered the inadvertent production of 56 privileged documents," and included a list of Bates-numbered documents for Oracle to "promptly return or destroy." A true and correct copy of this letter is attached as **Exhibit G**. A number of the documents listed, including for example TN-OR00014030 and TN-OR00051785, were produced on or about December 27, 2007.

*Encase*

17. I am informed by Oracle's experts that reviewing through Encase allows Oracle to look at the files and folders on certain of Defendants' servers, including metadata about those files and folders such as date created. A user can examine text files and certain common file types (primarily PDFs and Microsoft Office documents). For other file types, a user can only see the file contents as raw binary or hexadecimal code, largely unreadable even to most experts.

*SAS Information*

18. Based on Oracle's review of the version of SAS produced by Defendants in December 2007, The Longaberger Company does not appear to be listed as a customer in that version of SAS.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this Declaration was signed on August 5, 2009, in San Francisco, California.

/s/
Geoffrey M. Howard