# EXHIBIT D

Dockets.Justia.com

# BINGHAM

Geoffrey M. Howard
Direct Phone: 415.393.2485
Direct Fax:    415.393.2286
geoff.howard@bingham.com

March 24, 2008

**Via Hand Delivery and Email**

Hon. Charles A. Legge (Ret.)
JAMS
Two Embarcadero Center
San Francisco, CA 94111

Re: *Oracle Corp., et al. v. SAP AG, et al.*

Dear Judge Legge:

This letter responds to Defendants' motion for a protective order pursuant to Fed. R. Civ. Proc. 26(c) filed on the afternoon of March 21. It also responds to Defendants' motion of the same day that Your Honor amend your Report and Recommendations Re: Discovery Hearing No. 2 ("Recommendations"). Defendants' motions contradict months of discovery and related representations, and come only after Oracle sought an order last week that Defendants produce witnesses in response to two Rule 30(b)(6) notices dated December 20, 2007 and February 12, 2008. After the months of delay that led to Oracle's request, Defendants requested a meet and confer last week on purported overbreadth objections. They then abandoned that meet and confer process to file these motions, and unilaterally granted Oracle a one business day time period to respond (over Easter weekend). The Court should deny both motions. The relief Defendants seek has no basis in fact or law, would reverse Defendants' obligation to prepare their corporate designee witnesses, and would substantially slow the discovery process.

## I.  BACKGROUND

*The SAP TN Notice.* On December 20, 2007, Oracle served a Rule 30(b)(6) deposition notice (the "SAP TN Notice") for three topics (and detailed subtopics) relating to Defendants' use of Oracle's JD Edwards and PeopleSoft branded software. Defendants designated John Baugh to testify on certain topics in that notice, and Mr. Baugh's deposition took place on February 6 and 7. Defendants designated Mark Kreutz to testify as to the bulk of the topics on the JD Edwards side, and Mr. Kreutz' deposition took place on February 19.

Defendants designated Shelley Nelson to testify as to the bulk of these topics on the PeopleSoft side. This designation was consistent with her position as Vice President of Global Support Services and Mr. Baugh's and Mr. Kreutz' testimony that she was the most knowledgeable person regarding these topics. After repeated requests by Oracle for a date certain, Defendants confirmed that Ms. Nelson would testify on February 19.

At the CMC with Judge Jenkins on February 12, Oracle identified Ms. Nelson's testimony as critical to its ability to finalize and share its amended complaint. On February 14,

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T 415.393.2000
F 415.393.2286
bingham.com

A/72478869.5

Hon. Charles A. Legge (Ret.)
March 24, 2008
Page 2

Defendants cancelled the February 19 deposition, claiming they needed more time to prepare. Defendants then offered Ms. Nelson to testify on March 11 and 12. But on March 6, Defendants abruptly cancelled Ms. Nelson's testimony altogether, claiming that Ms. Nelson could no longer serve as the designated 30(b)(6) witness, and refusing to give any explanation on grounds of attorney-client privilege. Throughout this process, including during the testimony of two other witnesses on the same or similar topics, Defendants did not pursue the objections they now present to the Court.

After Oracle asked Your Honor to require Defendants to provide a replacement witnesses and a date certain, Defendants confirmed last week that two witnesses would testify on April 1 and 2 in place of Ms. Nelson (but have refused to designate the specific topics on which each witness will testify).

*The SAP Notice.* On February 12, 2008, Oracle also served Rule 30(b)(6) notices (the "SAP Notices") for three topics (and detailed subtopics) relating to SAP's acquisition of and relationship with SAP TN. For a month, Defendants repeatedly stated they were working to identify witnesses and propose dates, and indicated the depositions would occur in Philadelphia or New York. After much prodding, Defendants finally informed Oracle on March 13 that the testimony would come from "some combination" of five witnesses, but with no commitment, and no offer of dates.

On March 19, pursuant to the request Defendants made during the telephone conference with the Court, Oracle and Defendants met and conferred by telephone with respect to two issues relating to the SAP TN and SAP Notices: 1) lack of preparation by Mark Kreutz related to a portion of his testimony responsive to the SAP TN notice, and 2) Defendants overbreadth objections to the SAP Notices. Both parties agreed to submit concrete proposals in writing the next day on their respective issues and to then further meet and confer. In keeping with this agreement, the next day Oracle submitted a written compromise proposal related to the Kreutz testimony. Defendants chose not to follow the agreement they made the day before. Instead, late in the day they simply said they would seek unspecified relief related to the SAP Notice topics. (On Friday, when they submitted this motion, they also provided "possible modifications" to the topics, instructing Oracle not to "consider these binding.") Defendants also finally offered dates for the SAP witnesses: April 30 and May 1, more than two months after they first received the notice.

## II.  THE COURT SHOULD DENY DEFENDANTS' MOTION FOR A PROTECTIVE ORDER

Defendants seek to preclude at any time in the future, including at trial, any aspects of any Rule 30(b)(6) deposition about which Oracle does not seek to compel further testimony immediately following the deposition. This last-minute proposal would undo the rules of discovery and evidence with no justification, and create a logistical discovery nightmare. Indeed, Defendants' motion for a Rule 26(c) protective order is really a premature motion *in limine* targeted at testimony which no witness has yet offered.

Defendants justify their motion on the ground that Oracle "continues to maintain" that Defendants' "witnesses" are not prepared. As Oracle explained during the parties' meet and

Hon. Charles A. Legge (Ret.)
March 24, 2008
Page 3

confer, and as reflected in Defendants' own motion, that is incorrect. As Defendants acknowledge, Oracle has stated that it believes witnesses have generally "made a diligent and good faith effort" to prepare. Oracle has taken several days worth of Rule 30(b)(6) depositions, with several witnesses, on multiple topics, without seeking to compel further testimony. Oracle has now raised objections about the testimony of one witness and proposed certain additional testimony on narrow topics where that witness could not testify. As Defendants state, the parties "are close to resolving" those issues. This state of affairs hardly warrants the blanket evidentiary preclusion Defendants propose.

Defendants also claim that their motion is warranted "to prevent ambush and prejudice at trial." Defendants offer no example of how such "ambush or prejudice" could arise, however, because it could not. Indeed, the closest that Defendants come to an explanation is that Oracle might "attempt to preclude evidence at trial." Simply "attempting" to exclude evidence would not prejudice a party, but this alleged justification does help illustrate the backwardness of Defendants' proposal. Such an attempt by Oracle would only be necessary if Oracle were being ambushed itself, i.e., if Defendants were to offer evidence inconsistent with prior Rule 30(b)(6) testimony.

Indeed, Defendants appear to seek relief from their own obligation to prepare their witnesses, or at least to shift the burden of policing that preparation to Oracle. Defendants must prepare their Rule 30(b)(6) witnesses "to testify for the entire corporation (and not just a unit or units thereof) on each subject for which he or she is designated." *Federal Deposit Ins. Corp. v. Butcher*, 116 F.R.D. 196, 202 (E.D.Tenn. 1986) ("The [deposed corporation] shall designate such persons in good faith . . . and the witnesses shall be prepared to answer questions fully, unevasively and completely about discoverable matters in connection with the subject or subjects for which they are designated. It is the [deposed corporation's] responsibility to prepare the witnesses to testify properly.").

Oracle cannot possibly know in advance every way in which inconsistent testimony might be offered and thus reserves its right to make an appropriate motion when and if the situation arises. The deposition of Mr. Kreutz (which the parties are "close to resolving") is a good example. In that deposition, Oracle asked Mr. Kreutz whether there were instances of one customer's JD Edwards software environments being used to support other customers. Mr. Kreutz said he "believed" that such activity had occurred but that he "[could not] guess" at the number of times, and the only way to estimate would be to talk to "each of the support engineers" at SAP TN. February 19, 2008 Deposition of Mark Kreutz at 31:24-33:16.

Must Oracle now move to compel more specific testimony or be barred from impeaching SAP TN if it offers contradictory testimony? Such a rule would violate Oracle's right to use the deposition for any purpose, and would require Oracle to designate, and meet and confer with regard to, nearly every answer in every deposition just to preserve its right to use the deposition transcript at trial. Such a rule also would require an endless series of motions on virtually every less than full and certain deposition answer. Defendants offer no legal basis for such a rule, and Oracle knows of none. These depositions should proceed as all others do (and have), with both parties reserving arguments and objections about the admissibility of the testimony. A prospective rule of preclusion makes no sense and would impair the discovery process.

Hon. Charles A. Legge (Ret.)
March 24, 2008
Page 4

Defendants' motion would add another layer of complexity and inefficiency to a deposition process through which it already takes Defendants months just to produce witnesses. The current process is "working reasonably well" because both parties are able to proceed with discovery while lodging their objections and reserving their respective rights. For these reasons, the Court should deny Defendants' motion.

### III. THE COURT SHOULD DENY DEFENDANTS' MOTION FOR RECONSIDERATION

Based on the evidence of SAP TN's delays in producing requested and promised documents and SAP AG's and SAP America's complete failure to produce requested and promised documents, Your Honor ordered: "The [outstanding discovery] information from defendant TN will be supplied to plaintiffs by the end of March, and the information from the SAP Companies will be supplied by April 15, 2008." Report and Recommendations Re: Discovery Hearing No. 2 at 4. Your Honor was very clear at the hearing what the reasoning behind your ruling would be:

> "I'm saying April 15th. You get before Judge Hamilton and you scream at what I'm recommending, okay, and by then, which is going to be another three weeks from now, you better be prepared to give some better explanation what you think a reasonable time basis is going to be, but I do think in looking at this with identifications that go back into October of last year and others in December . . ."

Hearing Transcript at 56:16-24.

Defendants now move that you reword your recommendations to make clear they never agreed to the production deadlines and scope and to reconsider your ruling so as to vastly reduce their production obligations to apply only to a limited number of custodians at SAP TN and unidentified "key" custodians at SAP. While Oracle does not dispute Defendants' failure to agree, Oracle does oppose any other revisions. At the hearing, Defendants made these very pleas for more limited production obligations despite their months of stonewalling (Hearing Transcript at 54-56); nonetheless, Your Honor did not limit their long-standing production obligations. There are no new facts or law Defendants present that merit reconsideration of Your Honor's ruling, as is required for the requested modifications.[1]

---

[1] In the Northern District, a party must seek leave of court to make a motion for reconsideration. N.D. CA Rule 7-9(a). Without leave, a motion for reconsideration is improper. In the motion for leave (separate from the motion for reconsideration) a party must specifically show: (1) That at the time of the motion for leave, a material difference in fact or law exists from that which was presented to the Court before entry of the interlocutory order for which reconsideration is sought. The party also must show that in the exercise of reasonable diligence the party applying for reconsideration did not know such fact or law at the time of the interlocutory order; or (2) The emergence of new material facts or a change of law occurring after the time of such order; or (3) A manifest failure by the Court to consider material facts or dispositive legal arguments which were presented to the Court before such interlocutory order. N.D. CA Rule 7-9(b). "No motion for leave to file a motion for reconsideration may repeat any oral or written argument made by the applying party in support of or in opposition to

(Footnote Continued on Next Page.)

Hon. Charles A. Legge (Ret.)
March 24, 2008
Page 5

Moreover, and though it is irrelevant to a motion for reconsideration, Defendants do not make the slightest attempt at a proper evidentiary showing of inability to comply with Your Honor's order. Rather, they say that, if they produce anything by the dates Your Honor recommended, such production will not meet even their requested self-imposed limitations. See March 21, 2008 Letter at 2 ("Defendants can only *attempt* to produce the priority custodians identified by Plaintiffs and certain SAP 'key' custodians by those dates") (emphasis added); at 2 n.3 (admitting even SAP TN's priority custodians will not be completed by the end of March and that production from even their limited list of SAP custodians will not be complete by April 15).

Further narrowing of Defendants' production obligations is also unwarranted because of the additional time provided by the appeals process, because of the short extension Defendants have proposed to the discovery schedule, and because of the proposed dates for the initial SAP 30(b)(6) deposition. Given that Defendants undoubtedly will appeal Your Honor's recommendations, they will automatically secure a further extension of time to comply until at least the end of April.[2] In conjunction with this motion they have also proposed to Oracle a very modest discovery extension of only three months, and an SAP deposition date of April 30. To have time to adequately prepare and complete discovery under this proposed timeline, it is essential that SAP documents still be produced by April 15.

Your Honor should deny Defendants' motion and not amend your prior order, except to eliminate "After discussion, the parties agree as follows:" Your Honor should make it clear, however, that that wording change does not reset the clock for Defendants' inevitable appeal of Your Honor's recommendation.

Sincerely yours,

Geoff Howard

cc:   Jason McDonell (via email)
      Scott Cowan (via email)

---

(Footnote Continued from Previous Page.)

the interlocutory order which the party now seeks to have reconsidered. Any party who violates this restriction shall be subject to appropriate sanctions." N.D. CA Rule 7-9(c).

[2] Defendants objections are not due until April 8, and will not be commented on by Judge Hamilton until the April 24 Case Management Conference at the earliest.