| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP |
|   | DONN P. PICKETT (SBN 72257) |
| 2 | GEOFFREY M. HOWARD (SBN 157468) |
|   | HOLLY A. HOUSE (SBN 136045) |
| 3 | ZACHARY J. ALINDER (SBN 209009) |
|   | BREE HANN (SBN 215695) |
| 4 | Three Embarcadero Center |
|   | San Francisco, CA  94111-4067 |
| 5 | Telephone:  (415) 393-2000 |
|   | Facsimile:   (415) 393-2286 |
| 6 | donn.pickett@bingham.com |
|   | geoff.howard@bingham.com |
| 7 | holly.house@bingham.com |
|   | zachary.alinder@bingham.com |
| 8 | bree.hann@bingham.com |
| 9 | DORIAN DALEY (SBN 129049) |
|   | JENNIFER GLOSS (SBN 154227) |
| 10 | 500 Oracle Parkway, M/S 5op7 |
|   | Redwood City, CA  94070 |
| 11 | Telephone:  (650) 506-4846 |
|   | Facsimile:   (650) 506-7114 |
| 12 | dorian.daley@oracle.com |
|   | jennifer.gloss@oracle.com |
| 13 | |
| 14 | Attorneys for Plaintiffs |
|   | Oracle USA, Inc., Oracle International Corporation, and |
|   | Oracle EMEA Limited |
| 15 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | | |
|---|---|---|
| 19 | ORACLE USA, INC., *et al.*, | CASE NO.  07-CV-01658 PJH (EDL) |
| 20 |                Plaintiffs,    | **DECLARATION OF ZACHARY ALINDER IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO PERMIT DEFENDANTS TO FILE UNDER SEAL DOCUMENTS SUPPORTING DEFENDANTS' REPLY IN SUPPORT OF MOTION FOR SANCTIONS AND REPLY IN SUPPORT OF MOTION TO COMPEL** |
| 21 | v. | |
|    | SAP AG, *et al.*, | |
| 22 |                Defendants. | |

Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF ZACHARY ALINDER IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO PERMIT
DEFENDANTS TO FILE DOCUMENTS UNDER SEAL

I, Zachary Alinder, declare as follows:

1.   I am an attorney licensed to practice law in the State of California and a partner at Bingham McCutchen LLP, counsel of record for plaintiffs Oracle USA, Inc., Oracle International Corporation and Oracle EMEA Ltd. (collectively, "Oracle"). I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

2.   I have reviewed the documents identified as containing quotes or other material from documents designated by Plaintiffs as "Confidential Information" or "Highly Confidential Information - Attorneys' Eyes Only": Portions of Defendants' Reply in Support of Motion for Sanctions Pursuant to Fed. R. Civ. P. 37(c) and 16(f) ("Motion for Sanctions Reply"); Portions of the Reply Declaration of Stephen K. Clarke in Support of Defendants' Motion for Sanctions Reply; Portions of Defendants' Reply in Support of Motion to Compel Production of Financial Information ("Motion to Compel Reply"); Portions of the Declaration of Stephen K. Clarke in Support of Defendants' Motion to Compel Reply; and Exhibit 8 to the Jason McDonell in Support of Defendants' Motion to Compel Reply ("McDonell Declaration").

3.   Each of the documents described above contains non-public, commercially sensitive and confidential information the disclosure of which would create a risk of significant competitive injury and particularized harm and prejudice to Oracle. In addition to reviewing the documents described in ¶2, I have consulted with Oracle employees regarding the risk of significant competitive injury and particularized harm and prejudice to Oracle resulting from the disclosure of the types of information contained in these documents. Further, these same types of confidential information are the subject of previous declarations filed by Plaintiffs in support of prior motions to seal, which further attest to the risk of significant competitive injury and particularized harm and prejudice to Oracle. *See, e.g.*, Declaration of Jennifer Gloss in Support of Plaintiffs' Administrative Motion to File Under Seal Documents Supporting Plaintiffs' Oppositions to Defendants' Motion for Sanctions and Motion to Compel (Docket # 377).

4.   Oracle has narrowly tailored its request by only requesting redaction or sealing of the specific passages, documents and information that contain the most commercially sensitive

and confidential information.  For example, Oracle agrees that the material on pages 7 and 13 of the Motion for Sanctions Reply and the material on Page 4 of the Declaration of Stephan Clarke in Support of Defendants' Motion to Compel Reply can be filed publicly.  The passages and exhibits for which Oracle does request filing under seal are detailed as follows, and contain the specified types of confidential and commercially sensitive information justifying their protection under the sealing rules of this Court, including Rule 26(c), Local Rule 79-5, and this Court's Standing Order on Confidential and Sealed Documents:

a. **Portions of Defendants' Sanctions Reply Brief**:  Page 12 of Defendants' Sanctions Reply includes a passage that contains or reflects specific non-public, commercially sensitive and confidential information and testimony regarding competitive strategy, including incorporation of details testified to by Oracle high-level executives concerning competitive customer information.  The disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

b. **A portion of the Declaration of Stephen K. Clarke in Support of Defendants' Motion for Sanctions Reply:**  Pages 2 (including ¶8), 3 and 7 of Mr. Clarke's Declaration include passages that contain specific non-public, commercially sensitive and confidential information regarding Oracle customers; non-public, commercially sensitive and confidential information regarding customer license and support costs; and non-public, commercially sensitive and confidential information regarding competitive strategy, including competitive cost comparisons.  The disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

c. **Portions of Defendants' Motion to Compel Reply**:  Pages 3-5, 7, 9, 12, and 14-15 of Defendants' Motion to Compel Reply include passages that

|   |   |   |
|---|---|---|
| 1 |   | contain or reflect non-public, commercially sensitive and confidential |
| 2 |   | information and testimony regarding Oracle's financial systems, |
| 3 |   | practices, and policies; and non-public, commercially sensitive and |
| 4 |   | confidential information and testimony regarding Oracle's inter-company |
| 5 |   | licensing practices and revenue stream.  The disclosure of such |
| 6 |   | confidential information would create a risk of significant competitive |
| 7 |   | injury and particularized harm and prejudice to Oracle. |
| 8 | d. | **Portions of the Declaration of Stephen K. Clarke in Support of Defendants' Motion to Compel Reply**: Pages 3 and 5-7 of Mr. Clarke's Declaration include passages that contain or reflect non-public, commercially sensitive and confidential information and testimony regarding Oracle's financial systems, practices, and policies; and non-public, commercially sensitive and confidential information and testimony regarding Oracle's inter-company licensing practices.  The disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle. |
| 18 | e. | **Ex. 8 to the McDonell Declaration:**  Exhibit 8 contains portions of Oracle's Supplemental Responses and Objections to Defendants' Second and Third Targeted Search Requests, and contains non-public, sensitive and confidential information and testimony regarding Oracle's financial reporting systems and the means by which Oracle tracks specific financial data points, like sub-license fee payments.  The disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle. |

26  5.  Plaintiffs have protected information described above in Paragraph 4(a)-(e) from
27 improper public disclosure through the Stipulated Protective Order that is designed to prevent the
28 Parties' private commercial information and customer information from being improperly

1  disclosed.  Under the terms of that Order, Plaintiffs designated certain documents, deposition
2  transcripts and discovery responses containing private commercial information as either
3  "Confidential" or "Highly Confidential - Attorneys' Eyes Only" prior to producing such
4  documents in the course of discovery.  As attested to above, the documents described in
5  Paragraph 4(a)-(e) contain certain information taken from documents and testimony that was
6  designated either "Confidential" or "Highly Confidential - Attorneys' Eyes Only".  Absent the
7  requested sealing, these documents would provide valuable insight into Oracle's competitive and
8  pricing strategies and financial systems, practices, and policies, giving current and prospective
9  customers and competitors specific leverage to use against Oracle.
10          I declare under penalty of perjury that the foregoing is true and correct.  Executed
11  in San Francisco, California, on August 11, 2009.

                                    /s/ Zachary Alinder
                                    Zachary Alinder

DECLARATION OF ZACHARY ALINDER IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO FILE PLAINTIFFS' DOCUMENTS UNDER SEAL