1   Robert A. Mittelstaedt (SBN 060359)
    Jason McDonell (SBN 115084)
2   Elaine Wallace (SBN 197882)
    JONES DAY
3   555 California Street, 26th Floor
    San Francisco, CA 94104
4   Telephone:   (415) 626-3939
    Facsimile:   (415) 875-5700
5   ramittelstaedt@jonesday.com
    jmcdonell@jonesday.com
6   ewallace@jonesday.com

7   Tharan Gregory Lanier (SBN 138784)
    Jane L. Froyd (SBN 220776)
8   JONES DAY
    1755 Embarcadero Road
9   Palo Alto, CA 94303
    Telephone:   (650) 739-3939
10  Facsimile:   (650) 739-3900
    tglanier@jonesday.com
11  jfroyd@jonesday.com

12  Scott W. Cowan (Admitted *Pro Hac Vice*)
    Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13  JONES DAY
    717 Texas, Suite 3300
14  Houston, TX 77002
    Telephone:   (832) 239-3939
15  Facsimile:   (832) 239-3600
    swcowan@jonesday.com
16  jlfuchs@jonesday.com

17  Attorneys for Defendants
    SAP AG, SAP AMERICA, INC., and
18  TOMORROWNOW, INC.

19                     UNITED STATES DISTRICT COURT

20                    NORTHERN DISTRICT OF CALIFORNIA

21                         SAN FRANCISCO DIVISION

| | |
|---|---|
| 22   ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| 23              Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DRAFT STIPULATION UNDER SEAL** |
| 24        v. | |
| 25   SAP AG, et al., | |
| 26              Defendants. | Date: N/A<br>Time: N/A<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |
| 27 | |
| 28 | |

SFI-617562v1

DEFS' RESPONSE TO PLAINTIFFS' ADMIN. MOTION
Case No. 07-CV-1658 PJH (EDL)

## I. INTRODUCTION

Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (collectively, "Oracle") filed an Administrative Motion (D.I. 421) to seal Exhibit "B" to the August 18, 2009 Joint Discovery Conference Statement.  Additionally, Oracle filed a proposed order to grant its Administrative Motion (D.I. 421-1).  Under Local Rule 79-5, Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, "Defendants,") file this Response and the accompanying Declaration of Scott W. Cowan Filed in Support of Defendants' Response to Plaintiffs' Administrative Motion  ("Cowan Decl."), in support of a narrowly tailored order authorizing the sealing of Exhibit "B."  Good cause exists to protect the confidential information contained in the non-dispositive discovery motion to which Exhibit "B" is attached.  Accordingly, the sealing order Defendants seek is based on more than the blanket Protective Order in this action.  It also rests on proof[1] that particularized prejudice or harm will result if the sensitive information contained in these documents is publicly released.

## II. STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c).  Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed *discovery* document [attached] to a *non-dispositive* motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. Mar. 22, 2007) (emphasis in original) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).  In such cases, a "particularized showing of good cause" is sufficient to justify protection under Rule 26(c). *Navarro* at *7.  To make such a showing, the party seeking protection from disclosure under the rule must demonstrate that harm or prejudice would result from disclosure of the trade secret or other information contained in each document the party seeks to have sealed. *See Phillips v. Gen. Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2002).

---

[1] Because the Local Rules require Court approval based on a declaration supporting sealing even when the parties agree as to the confidential status of the document, Defendants submit the referenced Declaration of Scott W. Cowan.

## III. ARGUMENT

Good Cause Supports Filing Exhibit "B" Under Seal.

Exhibit "B" is a "snapshot" from the Parties' inchoate compromise discussions relating to Plaintiffs' claims regarding PeopleSoft HRMS environments and updates/fixes. *See* Cowan Decl., ¶ 1. Federal Rule of Evidence 408 protects evidence of such compromise negotiations and any resulting agreements from admission if offered to prove liability. Fed. R. Evid. 408. Exhibit "B"'s protection under Rule 408 establishes good cause to file the document under seal. *See Phillips,* 307 F.3d at 1212 (concluding it was "clear error" for the lower court not to recognize its "authority to grant protective orders for confidential settlement agreements" and citing cases with approval that did grant such protective orders); *accord D'Ambrosio v. Concord*, No. C 89 2367 TEH, 1990 U.S. Dist. LEXIS 8256, *5 (N.D. Cal. Apr. 13, 1990) (reaching issue in dicta); *and see Cargill Inc. v. Budine*, No. CV-F-07-349-LJO-SMS, 2008 U.S. Dist. LEXIS 46300, *9 (E.D. Cal. June 12, 2008).

In addition, Defendants have protected certain information contained in Exhibit "B" from improper public disclosure through the Stipulated Protective Order (D.I. 32) that is designed to prevent the Parties' private commercial information from being improperly disclosed. Under the terms of that Order, Defendants designate certain documents, deposition transcripts, and discovery responses containing private commercial information as either "Confidential" or "Highly Confidential" prior to producing such documents in the course of discovery. Exhibit "B" contains certain information taken from documents and testimony that was designated as confidential. *See* Cowan Decl., ¶ 3.

## IV. CONCLUSION

Defendants respectfully request that this Court enter the proposed order tendered with the Administrative Motion (D.I. 421-1), thereby directing Exhibit "B" to be filed under seal because: (a) it reflects the Parties' inchoate compromise discussions regarding Plaintiffs' claims regarding PeopleSoft HRMS environments and updates/fixes; (b) contains information taken from documents and testimony that Defendants designated as "Confidential Information" under the Stipulated Protective Order in this action; and (c) if the information contained in Exhibit "B"

were publicly disclosed, such disclosure could prejudice, chill or otherwise harm the Parties' bilateral negotiations relating to Plaintiffs' claims regarding PeopleSoft HRMS environments and updates/fixes.  Cowan Decl., ¶¶ 1-4.

Dated: August 25, 2009

Respectfully submitted,

JONES DAY

By: */s/ Scott W. Cowan*
   Scott W. Cowan

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

SFI-617562v1

4

DEFS' RESPONSE TO PLAINTIFFS' ADMIN. MOTION
Case No. 07-CV-1658 PJH (EDL)