Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     (650) 739-3939
Facsimile:     (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:     (832) 239-3939
Facsimile:     (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT** |
| v. | |
| SAP AG, et al., | **JURY TRIAL DEMANDED** |
| Defendants. | *REDACTED VERSION* |

Dockets.Justia.com

1   SAP AG, SAP America, Inc. ("SAP") and TomorrowNow, Inc. ("TN") (collectively,

2   "Defendants"), without waiving any defenses or rights to be presented by motion, answer and

3   respond to Plaintiffs' fourth amended complaint, as affected by the Court's December 15, 2008

4   Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), as follows:

5   **ANSWER**

6   1.   Defendants deny the allegations of paragraph 1.  Because Plaintiffs have publicly

7   admitted that TN had the right at some level to provide third party support, this case (once parsed

8   of Plaintiffs' rhetoric) is simply about whether TN exceeded its rights to access Plaintiffs'

9   computers, whether that harmed Plaintiffs, and, if so, by how much.

10   2.   Defendants admit that SAP considered providing additional choices to enterprise

11   software companies, in response to Plaintiffs' effort to eliminate many of their competitors by

12   buying them.  Plaintiffs rely on snippets and excerpts of documents to construct a tale of intrigue,

13   when the truth is far simpler, though less exciting – SAP bought TN with the hope that providing

14   "Oracle" customers a choice in maintenance might give them the time to consider alternative, and

15   better, enterprise software.  Thus, although Defendants admit that the quoted statements are from

16   various documents, Defendants deny the implicit allegations of improper motive that Plaintiffs

17   create by quoting those statements out of context.

18   3.   Defendants admit that paragraph 3 partially quotes various documents, but

19   otherwise deny the allegations of paragraph 3.

20   4.   Defendants admit the allegations of the first sentence of paragraph 4, but deny the

21   allegations of the second sentence of paragraph 4.

22   5.   Defendants admit that the TN business case indicated that TN relied on

23   "nonproduction" copies of PeopleSoft software for its "access to PeopleSoft system"; however,

24   the referenced business case did not "detail how" TN used that software or accessed any such

25   systems.  Defendants admit the allegations of the third sentence of paragraph 5.  Defendants deny

26   all remaining allegations of paragraph 5.

27   6.   Defendants deny the allegations of paragraph 6.

28   7.   Defendants deny the allegations of paragraph 7.  Defendants are without

SVI-71899v1

- 1 -

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

1   information or belief sufficient to admit or deny the allegations of Footnote 1, and on that basis

2   deny them.

3       8.      Defendants admit that paragraph 8 partially quotes various documents, but

4   otherwise deny the allegations of paragraph 8.

5       9.      Defendants admit that paragraph 9 partially quotes various documents, but

6   otherwise deny the allegations of paragraph 9.

7       10.     Defendants deny the allegations of paragraph 10.

8       11.     Defendants admit that paragraph 11 partially quotes various documents, but

9   otherwise deny the allegations of paragraph 11.

10      12.     Defendants deny the allegations of paragraph 12.

11      13.     Defendants deny the allegations of Paragraph 13.  Customers come first, and

12  Defendants could not instantly shut down TN without taking steps to assure that customers were

13  protected.

14

15

16

17      14.     Defendants are without information or belief sufficient to admit or deny the

18  allegations of paragraph 14, and on that basis deny them.

19      15.     Defendants are without information or belief sufficient to admit or deny the

20  allegations of the first sentence of paragraph 15, and on that basis deny them.  Defendants deny

21  the remaining allegations of paragraph 15, except that they admit that Oracle is yet again

22  amending its complaint.

23      16.     Defendants admit that TN, on behalf of its customers, downloaded and stored a

24  large quantity of Software and Support Materials, and further admit that TN used those materials

25  for customer support.  Defendants further admit that TN downloaded some materials as to which

26  TN did not have confirmation that the customer in whose name the downloads were being

27  conducted had rights to such materials.  Defendants deny the remaining allegations of paragraph

28  16.  Defendants also deny the allegations in footnote 2 because not all of the referenced materials

- 2 -

1    are properly "copyrighted materials."

2         17.    Defendants admit that TN, on behalf of its customers, downloaded and stored a

3    large quantity of Software and Support Materials and that TN used those materials for customer

4    support.  Defendants further admit that TN downloaded some materials as to which TN did not

5    have confirmation that the customer in whose name the downloads were being conducted had

6    rights to such materials.  Defendants deny the remaining allegations of paragraph 17.

7         18.    Defendants admit that TN, on behalf of its customers, downloaded and stored a

8    large quantity of Software and Support Materials and further admit that TN used those materials

9    for customer support.  Defendants further admit that TN downloaded some materials as to which

10   TN did not have confirmation that the customer in whose name the downloads were being

11   conducted had rights to such materials.  Defendants further admit that at certain times TN

12   maintained certain locations where TN kept certain downloaded materials that were not

13   segregated by customer.  Defendants deny the remaining allegations of paragraph 18.

14        19.    Defendants admit that TN, on behalf of its customers, downloaded and stored a

15   large quantity of Software and Support Materials and further admit that TN used those materials

16   for customer support.  Defendants further admit that TN downloaded some materials as to which

17   TN did not have confirmation that the customer in whose name the downloads were being

18   conducted had rights to such materials.  Defendants further admit that TN kept copies of certain

19   of its customers' "Oracle" software applications on its systems and that certain development

20   environments TN used to service certain customers were described internally as "generic

21   environments."  Defendants further admit that TN delivered numerous fixes and tax and

22   regulatory updates to certain customers, that certain of those fixes and updates were retrofitted

23   from certain fixes and updates created by various "Oracle" entities, and that TN provided support

24   for former Oracle customers who used Oracle's database relying as necessary on instances of that

25   database.  Defendants deny the remaining allegations of paragraph 19.

26        20.    Defendants admit that TN, on behalf of its customers, downloaded and stored a

27   large quantity of Software and Support Materials and that TN used those materials for customer

28   support.  Defendants further admit that TN downloaded some materials as to which TN did not

SVI-71899v1                                              ANSWER AND AFFIRMATIVE DEFENSES TO
                          - 3 -                          FOURTH AMENDED COMPLAINT
                                                         Case No. 07-CV-1658 PJH (EDL)

1   have confirmation that the customer in whose name the downloads were being conducted had

2   rights to such materials.  Defendants further admit that TN kept copies of certain of its customers'

3   "Oracle" software applications on its systems and that certain development environments TN

4   used to service certain customers were described internally as "generic environments."

5   Defendants further admit that TN delivered numerous fixes and tax and regulatory updates to

6   certain customers, and that certain of those fixes and updates were retrofitted from certain fixes

7   and updates created by various "Oracle" entities.  Defendants deny the remaining allegations of

8   paragraph 20.

9          21.    Defendants deny the allegations of paragraph 21.

10         22.    Defendants admit the allegations of the first sentence of paragraph 22, but deny the

11  remaining allegations of paragraph 22.  These allegations are false.  As Plaintiffs know, Mr.

12  Kagermann's reference to a "firewall" was a reference to a set of procedural rules that were put in

13  place shortly after TN was acquired.

14         23.    Defendants admit that before the Rules of Engagement that created the figurative

15  "firewall" between TN and SAP were put in place, a TN employee provided access to a few files

16  containing "Oracle" materials to a few employees at SAP; Defendants admitted that fact in their

17  initial discovery responses in this case well over a year ago.  Defendants deny the remaining

18  allegations of paragraph 23.

19         24.    Defendants admit that an SAP employee who was a former employee of

20  PeopleSoft created a document that contains the partially quoted statements.  Defendants deny the

21  remaining allegations of paragraph 24.

22         25.    Defendants admit that SAP sought assurances from TN that TN respected

23  "Oracle's" intellectual property rights and that TN's owners were concerned that SAP's

24  acquisition of TN would increase the likelihood that "Oracle" would sue TN.  Defendants deny

25  the remaining allegations of paragraph 25.

26         26.    Defendants admit that SAP America acquired TN in January 2005.  Defendants

27  deny the remaining allegations of paragraph 26.

28         27.    Defendants admit that TN had a program called "Project Blue" that was intended

to move customers' environments from TN's facilities into customer-owned or leased facilities and that TN used the term "Yellow" to describe the status quo regarding customer environments at TN during a certain time frame.  Defendants deny the remaining allegations of paragraph 27.

28.     Defendants admit that TN had a program called "Project Blue" that was intended to move customers' environments from TN's facilities into customer-owned or leased facilities. Defendants further admit that TN considered supporting eBusiness Suite, Retek, and Hyperion customers, but deny that TN ever actually supported any of those product lines.  Defendants further admit that paragraph 28 contains partial quotes from various documents.  Defendants deny the remaining allegations of paragraphs 28.

29.     Defendants deny the allegations of paragraph 29.

30.     Defendants deny the allegations of the first and second sentences of paragraph 30. Defendants admit the allegations in the third sentence of paragraph 30.

31.     Defendants deny the allegations of the first and third sentences of paragraph 31, but admit the allegations of the second sentence of paragraph 31.

32.     Defendants admit that paragraph 32 quotes from various documents, but otherwise deny the remaining allegations of the paragraph 32.

33.     Defendants deny the allegations of paragraph 33.

34.     Defendants deny the allegations of paragraph 34.

35.     Defendants admit the allegations in the first sentence of paragraph 35.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 35, and on that basis deny them.

36.     Defendants admit the allegations in the first sentence of paragraph 36 regarding OIC's state of incorporation and authorization to do business in California.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 36, and on that basis deny them.

37.     Defendants admit the allegations in the first sentence of paragraph 37.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 37, and on that basis deny them.

38.     Defendants admit the allegations in the first sentence of paragraph 38.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38, and on that basis deny them.

39.     Defendants admit the allegations of paragraph 39.

40.     Defendants admit the allegations of paragraph 40.

41.     Defendants admit the allegations of paragraph 41, except that the entity TomorrowNow has never had or been known by the name "SAP-TN."

42.     Defendants deny the allegations of the second sentence of paragraph 42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42, and on that basis deny them.

43.     Defendants admit the allegations of paragraph 43, but aver that as of October 31, 2008, TN ceased operations and is no longer providing third party support in this district or elsewhere.

44.     Defendants admit that SAP America is a 100% wholly-owned subsidiary of SAP AG, that TN is a 100% wholly-owned subsidiary of SAP America, and that the two parent companies have all the rights and authorities that are commensurate with that 100% ownership. Defendants deny the remaining allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants admit the allegations of paragraph 46.

47.     Defendants admit the allegations of paragraph 47.

48.     Defendants admit the allegations of paragraph 48.

49.     Defendants do not contest assignment in this division, but are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and on that basis deny them.

50.     Defendants admit that the group of "Oracle" companies collectively develops, manufactures, markets, distributes, and services a variety of software products, and has been granted the certification mentioned, but denies the remaining allegations of paragraph 50, including the allegation that "Oracle," as defined by Plaintiffs, is a single entity.

51.     Defendants admit the allegations of paragraph 51.

52.     Defendants admit that Plaintiffs' license agreements vary even though many of them have similar content.  However, because each license agreement at issue in this case must be considered on its own terms unless it is identical to one or more other agreements, Defendants deny the remaining allegations of paragraph 52.

53.     Defendants admit that Plaintiffs' license agreements vary even though many of them have similar content.  However, because each license agreement at issue in this case must be considered on its own terms unless it is identical to one or more other agreements, Defendants deny the remaining allegations of paragraph 53.

54.     In response to paragraphs 54-61, Defendants admit that Plaintiffs or other entities purport to create and unilaterally impose new obligations on customers or to modify their existing rights, as set forth in the license agreements with customers, by means of alleged "terms of use" and other "agreements" associated with the websites of Plaintiffs or other entities.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 54-61, and on that basis deny them.

55.     Defendants incorporate by reference their answer to paragraph 54 as their answer to paragraph 55.

56.     Defendants incorporate by reference their answer to paragraph 54 as their answer to paragraph 56.

57.     Defendants incorporate by reference their answer to paragraph 54 as their answer to paragraph 57.

58.     Defendants incorporate by reference their answer to paragraph 54 as their answer to paragraph 58.

59.     Defendants incorporate by reference their answer to paragraph 54 as their answer to paragraph 59.

60.     Defendants incorporate by reference their answer to paragraph 54 as their answer to paragraph 60.

61.     Defendants incorporate by reference their answer to paragraph 54 as their answer

1    to paragraph 61.

2         62.    Defendants deny that "Oracle," as defined by Plaintiffs, acquired PeopleSoft;

3    according to Plaintiffs' own documents evidencing the acquisition, an entity called "Oracle

4    Corporation" (now known as Oracle Systems Corporation ("OSC") acquired the PeopleSoft

5    entities.  Defendants admit that on or about the date stated that one or more Oracle entities

6    acquired PeopleSoft entities, that Mr. Knowles testified concerning the then-potential acquisition,

7    and that after the acquisition, Plaintiffs conducted a well-attended press event.  Defendants deny

8    the remaining allegations of paragraph 62.

9         63.    Defendants admit that Mr. Kagermann made public statements similar to those

10   partially quoted, but otherwise deny the allegations of paragraph 63.

11        64.    Defendants deny the allegations of paragraph 64.

12        65.    Defendants deny the allegations of paragraph 65.

13        66.    Defendants admit the allegations of paragraph 66.

14        67.    Defendants admit the allegations of paragraph 67.

15        68.    Defendants deny that "Oracle," as defined by Plaintiffs, acquired PeopleSoft;

16   according to Plaintiffs' own documents evidencing the acquisition, an entity then called "Oracle

17   Corporation" (now known as OSC) acquired the PeopleSoft entities.  Defendants admit the

18   remaining allegations of paragraph 68.

19        69.    Defendants admit that SAP purchased all of the outstanding shares of TN, that the

20   purchase price was publicly disclosed at the time of the acquisition, and that a public statement

21   similar to that partially quoted was made by an industry analyst, but deny the remaining

22   allegations of paragraph 69.

23        70.    Defendants admit that paragraph 70 contains quotes from various documents, but

24   deny the remaining allegations of paragraph 70.

25        71.    Defendants admit that paragraph 71 contains quotes from various documents, but

26   deny the remaining allegations of paragraph 71.

27        72.    Defendants admit that paragraph 72 contains quotes from various documents, but

28   deny the remaining allegations of that paragraph.

73.     In response to paragraph 73, Defendants admit that SAP acquired TN and that public statements were made similar to those partially quoted.  Defendants deny the remaining allegations of paragraph 73.

74.     Defendants deny that "Oracle," as defined by Plaintiffs, acquired PeopleSoft; according to Plaintiffs' own documents evidencing the acquisition, an entity called "Oracle Corporation" (now known as OSC) acquired the PeopleSoft entities.  Defendants admit that public statements were made similar to those partially quoted in paragraph 74.  Defendants deny the remaining allegations of paragraph 74.

75.     In response to paragraph 75, Defendants admit that public statements were made similar to those partially quoted in following paragraphs.  Defendants deny the remaining allegations of paragraph 75.

76.     Defendants admit that the acquisition of TN by SAP was announced on January 19, 2005, and admit that certain public statements were made similar to those partially quoted or referenced, but otherwise deny the allegations of paragraph 76.

77.     Defendants admit that statements were made similar to those partially quoted or referenced, but otherwise deny the allegations of paragraph 77.

78.     Defendants admit that statements were made similar to those partially quoted or referenced, but otherwise deny the allegations of paragraph 78.

79.     Defendants admit the allegations of paragraph 79.

80.     Defendants admit that a public statement was made on the topic referenced in the last sentence of paragraph 80.  Defendants deny the remaining allegations of paragraph 80.

81.     Defendants deny the allegations in the first sentence of paragraph 81.  Defendants admit the remaining allegations of paragraph 81.

82.     Defendants deny the allegations in the first sentence of paragraph 82.  Defendants admit the remaining allegations of paragraph 82, but note that the Safe Passage program has been discontinued and that as of October 31, 2008, TN ceased operations and is no longer providing third party support.

83.     Defendants admit that public statements similar to those partially quoted or

referenced were made in mailed and other advertisements, and admit that TN was a lower-priced alternative for support for various "Oracle" products, but otherwise deny the allegations of paragraph 83.

84.     In response to paragraph 84, Defendants admit that SAP offered TN maintenance support along with a variety of other products and services.  Defendants deny the remaining allegations of paragraph 84.

85.     In response to paragraph 86, Defendants admit that public statements were made similar to those referenced or partially quoted.  Defendants deny the remaining allegations of paragraph 85.

86.     In response to Paragraph 86, Defendants admit that the public announcements referenced were made, that public statements were made similar to those partly quoted, and that TN eventually expanded its support offering to make services available to users of Siebel products at a price lower than that charged by Plaintiffs.  Defendants deny the remaining allegations of paragraph 86.

87.     Defendants admit that SAP received reports regarding the implementation of Safe Passage, had marketing programs with the referenced names, and in certain instances bundled its software and support services with TN's maintenance services that were provided on a "zero dollar" basis.  Defendants deny the remaining allegations of paragraph 87.

88.     In response to paragraph 88, Defendants admit that Messrs. Kagermann and Apotheker made public statements similar to those partially quoted, and that SAP and TN sales personnel would on occasion coordinate sales activities, but otherwise deny the allegations of paragraph 88.

89.     Defendants admit the allegations of the second sentence of paragraph 89, but deny the remaining allegations of paragraph 89.

90.     Defendants admit that there has been public discussion of TN's business and maintenance offering, but otherwise deny the allegations of paragraph 90.

91.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 91, which all relate to Plaintiffs' alleged states of mind,

1    and on that basis deny them.

2        92.    Defendants deny the allegations of paragraph 92.

3        93.    Defendants admit that TN employed an automated downloading tool called

4    "Titan." Defendants deny the remaining allegations in the first sentence of paragraph 93.

5    Because most of the remainder of paragraph 93 refers to the purported level of activity on

6    Plaintiffs' customer support website, Defendants lack knowledge, information, or belief sufficient

7    to admit or deny the allegations of the second, fifth, sixth, and seventh sentences of paragraph 93,

8    and on that basis deny them.  In response to the third sentence of paragraph 93, Defendants admit

9    that "Oracle" entities permit their customers and their third party service providers to download a

10   wide array of software and support materials, but deny the remaining allegations of that sentence.

11   In response to the fourth sentence of paragraph 93, Defendants admit that "Oracle" entities have

12   spent billions to purchase various companies, but otherwise deny the allegations because they are

13   without knowledge or information sufficient to form a belief as to the truth of those allegations.

14   Defendants deny the remaining allegations of paragraph 93.

15       94.    Defendants admit the allegations of paragraph 94.

16       95.    Defendants admit that customers searching for certain solutions on the Customer

17   Connection website are asked to click on a button after certain searches to indicate whether the

18   search result helped solve the customer's problem.  Defendants admit the allegations of the

19   second sentence of paragraph 95.  Defendants are without knowledge or information sufficient to

20   form a belief as to the truth of the allegations of the last sentence of paragraph 95, and on that

21   basis deny them.  Defendants deny all remaining allegations of paragraph 95.

22       96.    Defendants are without knowledge or information sufficient to form a belief as to

23   the truth of the allegations of paragraph 96, and on that basis deny them.

24       97.    Defendants are without knowledge or information sufficient to form a belief as to

25   the truth of the allegations of paragraph 97, and on that basis deny them.

26       98.    In response to paragraph 98, Defendants admit that TN, on behalf of its customers,

27   downloaded numerous materials from Plaintiffs' support website and that such downloading was

28   performed from TN's facilities in Bryan, Texas.  Defendants further admit that TN is a subsidiary

of SAP America that has in the past provided support services for a variety of software programs, including those developed by PeopleSoft and JDE.  Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 98, and on that basis deny them.

99.     Defendants admit that in some instances the Titan download tool or other tools were used on a 24 hour basis.  Defendants deny the remaining allegations in paragraph 99.

100.     In response to paragraph 100, Defendants admit that TN employees, acting on behalf of TN's customers, downloaded information from Plaintiffs' support website, and that TN's employees performed those downloads subject to policies that required that all downloads be on behalf of customers with current rights to access and download materials and that all downloads be of materials to which that customer had then-current rights of access.  Defendants admit that the downloads TN performed were on behalf of those who were or were about to become TN customers, but deny the remaining allegations of the last sentence of paragraph 100.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 100, and on that basis deny them.

101.     In response to paragraph 101, Defendants admit that at least some of the downloading activity alleged in Plaintiffs' complaint was conducted by TN, on behalf of TN's customers.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 101, and on that basis deny them.

102.     Defendants admit the allegations of the fourth and seventh sentences of paragraph 102, but deny the remaining allegations of paragraph 102.

103.     Because the allegations in paragraph 103 are not specific to any TN customer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 103, and on that basis deny them.  The relevant downloading activities, maintenance services and contractual arrangements, rights, and responsibilities vary customer by customer, and must be analyzed on that basis.

104.     Because the allegations in paragraph 104 are not specific to any TN customer, Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 104, and on that basis deny them.  The relevant downloading activities, maintenance services and contractual arrangements, rights, and responsibilities vary customer by customer, and must be analyzed on that basis.

105.    Defendants admit that versions of Oracle's developer license speak for themselves. Defendants deny the remaining allegations of paragraph 105.

106.    In response to paragraph 106, Defendants admit that the now former TN employees named in that paragraph are also former employees of either PeopleSoft, JDE or Siebel, and admit the allegations of the second and fifth sentences of paragraph 106.  Defendants deny the remaining allegations of paragraph 106.

107.    Defendants admit the allegations of the second sentence of paragraph 107 only with respect to certain TN customers, but deny all remaining allegations of paragraph 107.

108.    Defendants deny the allegations of the first and third sentences of paragraph 108. In response to the allegations of the second sentence of paragraph 108, Defendants admit that some downloads were performed in rapid succession without real time human review of the materials being downloaded, but Defendants otherwise deny the allegations of that sentence.

109.    Defendants admit that certain TN employees thought that at one time the Siebel-related customer support website went into "failover."  Defendants deny the remaining allegations of paragraph 109.

110.    Defendants deny the allegations of paragraph 110.

111.    By its very terms, paragraph 111 is a general statement and makes no specific allegations except about Plaintiffs' alleged investigation, all the details of which have not been shared with Defendants.  Defendants admit that the majority of the customers listed in paragraph 107 are former TN customers.  As to the remaining allegations of paragraph 111, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.  In addition, to the extent paragraph 111 references TN's customers who are also referenced in paragraphs 112-117, Defendants incorporate their response to those paragraphs into this response to paragraph 111.

112.    In response to paragraph 112, Defendants admit the allegations of the first

1  sentence to the extent that Honeywell was referenced on a former version of TN's website.

2  Defendants further admit that TN downloaded, on Honeywell's behalf, thousands of materials,

3  and further admit that some of the downloaded materials relate to applications as to which TN's

4  records do not show Honeywell stated to TN that it was licensed.  Defendants are without

5  knowledge or information sufficient to form a belief as to the truth of the remaining allegations of

6  paragraph 112, and on that basis deny them.

7          113.    In response to paragraph 113, Defendants admit the allegations of the first and

8  second sentences.  Defendants further admit that TN, on Merck's behalf and at approximately the

9  time frames alleged, downloaded thousands of materials, and further admit that some of the

10  materials downloaded relate to applications as to which TN's records do not show Merck stated to

11  TN that it was licensed.  Defendants are without knowledge or information sufficient to form a

12  belief as to the truth of the remaining allegations of paragraph 113, and on that basis deny them.

13          114.    In response to paragraph 114, Defendants admit the allegations of the first

14  sentence to the extent that OCE was referenced on a former version of TN's website.  Defendants

15  further admit that TN, on OCE's behalf and at approximately the time frames alleged,

16  downloaded thousands of materials, and further admit that some of the materials downloaded

17  relate to applications as to which TN's records do not show OCE stated to TN that it was licensed.

18  Defendants are without knowledge or information sufficient to form a belief as to the truth of the

19  remaining allegations of paragraph 114, and on that basis deny them.

20          115.    In response to paragraph 115, Defendants admit the allegations of the first

21  sentence.  Defendants further admit that TN, on SPX's behalf and at approximately the time

22  frames alleged, downloaded thousands of materials, and further admit that some of the materials

23  downloaded relate to applications as to which TN's records do not show SPX stated to TN that it

24  was licensed.  Defendants are without knowledge or information sufficient to form a belief as to

25  the truth of the remaining allegations of paragraph 115, and on that basis deny them.

26          116.    In response to paragraph 116, Defendants admit the allegations of the first

27  sentence.  Defendants further admit that TN, on Metro Machine's behalf and at approximately the

28  time frames alleged, downloaded thousands of materials.  Defendants are without knowledge or

SVI-71899v1

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

1    information sufficient to form a belief as to the truth of the remaining allegations of paragraph

2    116, and on that basis deny them.

3         117.    In response to paragraph 117, Defendants admit the allegations of the first and

4    second sentences.  Defendants further admit that TN, on behalf of Yazaki and at approximately

5    the time frames alleged, downloaded thousands of materials, and further admit that some of the

6    materials downloaded relate to applications as to which TN's records do not show Yazaki stated

7    to TN that it was licensed.  Defendants are without knowledge or information sufficient to form a

8    belief as to the truth of the remaining allegations of paragraph 117, and on that basis deny them.

9         118.    Defendants deny the allegations in the first sentence of paragraph 118.  Defendants

10   admit that for various customers and over the seven years Plaintiffs are attempting to put at issue

11   in this case, TN created, maintained, and used some copies of certain local environments at TN's

12   facilities for the benefit of TN's customers, but otherwise deny the allegations in the second

13   sentence of paragraph 118.  Defendants admit the third sentence of paragraph 118.  Defendants

14   deny the remaining allegations of paragraph 118.

15        119.    Defendants admit the allegations in the first sentence of paragraph 119.

16   Defendants deny the second sentence of paragraph 119.  Defendants admit that TN used certain

17   of its customers' CDs to install certain local environments at TN's facilities, but otherwise deny

18   the remaining allegations of paragraph 119.

19        120.    Defendants admit that TN sometimes used certain local environments at TN's

20   facilities to create certain additional environments and that paragraph 120 quotes a portion of one

21   answer to one deposition question.  Defendants deny the remaining allegations of paragraph 120.

22        121.    Defendants admit that for various customers and over the seven years Plaintiffs are

23   attempting to put at issue in this case, TN created, maintained, and used some copies of certain

24   local environments at TN's facilities for the benefit of certain TN customers, that certain of those

25   environments were referred to internally as "generic," and that TN updated certain of those

26   environments with certain Software and Support Materials received from, or downloaded on

27   behalf of, certain customers.  Defendants deny the remaining allegations of paragraph 121.

28        122.    Defendants admit that for various customers and over the seven years Plaintiffs are

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

attempting to put at issue in this case, TN created, maintained, and used some copies of certain local environments at TN's facilities for the benefit of certain TN customers, that certain of those environments were referred to internally as "generic," that TN updated certain of those environments with certain Software and Support Materials received from, or downloaded on behalf of, certain customers, and that TN used certain of those environments to train TN's employees.  Defendants deny the remaining allegations of paragraph 122.

123.    Defendants deny the allegations of paragraph 123.

124.    Defendants admit that TN used Oracle database software to help support certain TN customers that themselves used Oracle database software.  Defendants deny the remaining allegations of paragraph 124.

125.    Defendants admit that as of October 31, 2008, TN ceased operations and is no longer providing third party support.  Defendants deny the remaining allegations of paragraph 125.

126.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 126 concerning Plaintiffs' alleged copyrighted materials, and on that basis deny such allegations.  Defendants deny the remaining allegations of paragraph 126.

127.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 127, and on that basis deny them.

128.    In response to the allegations of paragraph 128, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations concerning any Plaintiff's purported interest in or the actual copyrightability of the works at issue, and on that basis deny all such allegations.  Defendants deny the remaining allegations of paragraph 128.

129.    In response to paragraph 129, Defendants admit that OIC has purported to register copyrights for the items listed in paragraph 129, that TN made the specific downloads listed, and that TN's records do not reflect that the TN customers listed in paragraph 129 stated to TN that they were licensed to such materials.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 129, and on that basis

1   deny them.

2       130.    Defendants are without knowledge or information sufficient to form a belief as to

3   the truth of the allegations of paragraph 130, and on that basis deny them.

4       131.    In response to paragraph 131, Defendants deny the allegations of the first sentence.

5   Defendants admit the allegations of the third sentence.  Defendants are without knowledge or

6   information sufficient to form a belief as to the truth of the second and fourth sentences, and on

7   that basis deny them.  Defendants further aver that Plaintiffs' "DST Solution" is not software

8   code or a "solution" for any specific customer but, rather, made up entirely of generally available

9   information regarding how to adjust certain hardware and software settings to address the one-

10  time change required for the lengthening of Daylight Savings Time.

11      132.    In response to paragraph 132, Defendants are without knowledge or information

12  sufficient to form a belief as to the truth of the allegations of the first, second, fourth, and fifth

13  sentences, and on that basis deny them.  Defendants admit that certain portions of TN's

14  PeopleSoft Daylight Savings Time solution are substantially similar and in some instances

15  identical to Plaintiffs' DST Solution.  Defendants deny the remaining allegations of paragraph

16  132.  Defendants further aver that while the TN employee that was given primary responsibility

17  for drafting TN's PeopleSoft Daylight Savings Time solution referred to Plaintiffs' "DST

18  Solution" during the course of preparing TN's PeopleSoft Daylight Savings Time solution, TN

19  also conducted its own independent research.

20      133.    Defendants are without knowledge or information sufficient to form a belief as to

21  the truth of the allegations of paragraph 133, and on that basis deny them.

22      134.    Defendants admit that TN has delivered thousands of fixes and numerous tax and

23  regulatory updates to TN's customers, and that paragraph 134 quotes various documents, but

24  deny the remaining allegations of paragraph 134.

25      135.    Defendants deny the allegations of paragraph 135.

26      136.    Defendants deny the first sentence of paragraph 136.  Defendants admit that in

27  2005, TN updated its policies to require downloads to be made and maintained on a customer-

28  specific basis.  Defendants deny the remaining allegations of paragraph 136.

SVI-71899v1

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

1    137.    Defendants deny the allegations of paragraph 137.

2    138.    Defendants admit that paragraph 138 partially quotes various documents; however,

3    Defendants' admission does not extend to the bracketed summaries within the quotes that are

4    inserted by Plaintiffs.  Defendants deny the remaining allegations of paragraph 138.

5    139.    Defendants admit that paragraph 139 partially quotes various documents; however,

6    Defendants' admission does not extend to the bracketed summaries within the quotes that are

7    inserted by Plaintiffs.  Defendants deny the remaining allegations of paragraph 139.

8    140.    Defendants admit that paragraph 140 partially quotes various documents.

9    Defendants deny the remaining allegations of paragraph 140.

10    141.    Defendants admit that paragraph 141 partially quotes various documents.

11    Defendants deny the remaining allegations of paragraph 141.

12    142.    Defendants deny the allegations of the first sentence of paragraph 142, admit that

13    the remainder of the paragraph partially quotes several documents, but deny the remaining

14    allegations of paragraph 142.

15    143.    Defendants deny the allegations of paragraph 143.

16    144.    Defendants deny the allegations of the first and last sentences of paragraph 144,

17    but admit the remaining allegations of paragraph 144.

18    145.    Defendants deny the allegations of paragraph 145.

19    146.    Defendants deny the allegations of paragraph 146.

20    147.    Defendants deny the allegations of paragraph 147.

21    148.    Defendants deny the allegations of paragraph 148.

22    149.    Defendants deny the allegations of paragraph 149.

23    150.    Defendants deny the allegations of the first and last sentences of paragraph 150,

24    but admit the remaining allegations of paragraph 150.

25    151.    Defendants deny the allegations of paragraph 151.

26    152.    Defendants deny the allegations of paragraph 152.

27    153.    Defendants deny the allegations of paragraph 153.

28    154.    In response to paragraph 154, Defendants incorporate by reference, as if fully set

1    forth herein, their responses to the preceding paragraphs 1 through 153.

2             155.    Defendants are without knowledge or information sufficient to form a belief as to

3    the truth of the allegations of paragraph 155, and on that basis deny them.

4             156.    Defendants are without knowledge or information sufficient to form a belief as to

5    the truth of the allegations of paragraph 156, and on that basis deny them.

6             157.    Defendants are without knowledge or information sufficient to form a belief as to

7    the truth of the allegations of paragraph 157, and on that basis deny them.

8             158.    Defendants deny the allegations of paragraph 158.

9             159.    Defendants are without knowledge or information sufficient to form a belief as to

10   the truth of the allegations of paragraph 159, and on that basis deny them.

11            160.    Defendants are without knowledge or information sufficient to form a belief as to

12   the truth of the allegations of paragraph 160, and on that basis deny them.

13            161.    Defendants deny the allegations of paragraph 161.

14            162.    Defendants deny the allegations of paragraph 162.

15            163.    Defendants deny the allegations of paragraph 163.

16            164.    Defendants deny the allegations of paragraph 164.

17            165.    Defendants deny the allegations of paragraph 165.

18            166.    Defendants deny the allegations of paragraph 166.

19            167.    Defendants deny the allegations of paragraph 167.

20            168.    In response to paragraph 168, Defendants incorporate by reference, as if fully set

21   forth herein, their responses to the preceding paragraphs 1 through 167.

22            169.    Defendants deny the allegations of paragraph 169.

23            170.    Defendants deny the allegations of paragraph 170.

24            171.    Defendants deny the allegations of paragraph 171.

25            172.    Defendants deny the allegations of paragraph 172.

26            173.    Defendants lack knowledge or information sufficient to form a belief as to the

27   truth of the allegations in paragraph 173, and on that basis deny them.

28            174.    Defendants deny the allegations of paragraph 174.

SVI-71899v1

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

175. Defendants deny the allegations of paragraph 175.

176. In response to paragraph 176, Defendants incorporate by reference, as if fully set forth herein, their responses to preceding paragraphs 1 through 125, 134 through 153, and 169 through 175.

177. Defendants deny the allegations of paragraph 177.

178. Defendants deny the allegations of paragraph 178.

179. Defendants deny the allegations of paragraph 179.

180. Defendants deny the allegations of paragraph 180.

181. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 181, and on that basis deny them.

182. Defendants deny the allegations of paragraph 182.

183. Defendants deny the allegations of paragraph 183.

184. Defendants deny the allegations of paragraph 184.

185. In response to paragraph 185, Defendants incorporate by reference, as if fully set forth herein, their responses to preceding paragraphs 1 through 125, 134 through 153, and 169 through 184. As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for breach of contract is preempted by the Copyright Act to the extent it is based on alleged copyright infringement. Defendants' answer to Plaintiffs' broadly pled claim for breach of contract is in no way a waiver of the defense of preemption.

186. Defendants deny the allegations of paragraph 186.

187. Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 187, and on that basis deny them.

188. Defendants deny the allegations of paragraph 188.

189. Defendants deny the allegations of paragraph 189.

190. In response to paragraph 190, Defendants incorporate by reference, as if fully set forth herein, their responses to preceding paragraphs 1 through 125, 134 through 153, and 169 through 189. As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as

1   ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying

2   It in Part (D.I. 224), Plaintiffs' claim for intentional interference with prospective economic

3   advantage is preempted by the Copyright Act to the extent it is based on alleged copyright

4   infringement.  Defendants' answer to Plaintiffs' broadly pled claim for intentional interference

5   with prospective economic advantage is in no way a waiver of the defense of preemption.

6          191.    Defendants are without knowledge or information sufficient to form a belief as to

7   the truth of the allegations of paragraph 191, and on that basis deny them.  Defendants further

8   aver that the downloading and other activities alleged in Plaintiffs' complaint take place on behalf

9   of "Oracle" users who have made the voluntary choice to: (a) have TN, on their behalf, obtain

10   materials from Plaintiffs' support website that those TN's customers are entitled to obtain from

11   Plaintiffs before their maintenance end date; (b) terminate "Oracle" maintenance and thus any

12   further payment obligation to Plaintiffs; and/or (c) have TN provide maintenance support for the

13   "Oracle" software for which TN's customers are licensed to use after their "Oracle" maintenance

14   end date.

15          192.    Defendants are without knowledge or information sufficient to form a belief as to

16   the truth of the allegations of paragraph 192, and on that basis deny them.  Defendants further

17   aver that the downloading and other activities alleged in Plaintiffs' complaint take place on behalf

18   of "Oracle" users who have already expressed, if not acted on, their desire to terminate "Oracle"

19   maintenance and thereby terminate any further payment obligation to "Oracle."

20          193.    Defendants deny the allegations of paragraph 193.

21          194.    Defendants deny the allegations of paragraph 194.

22          195.    Defendants deny the allegations of paragraph 195.

23          196.    Defendants deny the allegations of paragraph 196.

24          197.    Defendants deny the allegations of paragraph 197.

25          198.    Defendants deny the allegations of paragraph 198.

26          199.    Defendants deny the allegations of paragraph 199.

27          200.    In response to paragraph 200, Defendants incorporate by reference, as if fully set

28   forth herein, their responses to preceding paragraphs 1 through 125, 134 through 153, and 169

SVI-71899v1

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

1   through 199.  As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as

2   ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying

3   It in Part (D.I. 224), Plaintiffs' claim for negligent interference with prospective economic

4   advantage is preempted by the Copyright Act to the extent it is based on alleged copyright

5   infringement.  Defendants' answer to Plaintiffs' broadly pled claim for negligent interference

6   with prospective economic advantage is in no way a waiver of the defense of preemption.

7       201.    Defendants deny the allegations of paragraph 201.  Defendants further aver that

8   the downloading and other activities alleged in Plaintiffs' complaint take place on behalf of

9   "Oracle" users who have already expressed, if not acted on, their desire to terminate "Oracle"

10  maintenance and thereby terminate any further payment obligation to "Oracle."

11      202.    Defendants deny the allegations of paragraph 202.  Defendants further aver that

12  the downloading and other activities alleged in Plaintiffs' complaint take place on behalf of

13  "Oracle" users who have already expressed, if not acted on, their desire to terminate "Oracle"

14  maintenance and thereby terminate any further payment obligation to "Oracle."

15      203.    Defendants deny the allegations of paragraph 203.

16      204.    Defendants deny the allegations of paragraph 204.

17      205.    Defendants deny the allegations of paragraph 205.

18      206.    Defendants deny the allegations of paragraph 206.

19      207.    Defendants deny the allegations of paragraph 207.

20      208.    Defendants deny the allegations of paragraph 208.

21      209.    In response to paragraph 209, Defendants incorporate by reference, as if fully set

22  forth herein, their responses to preceding paragraphs 1 through 125, 134 through 153, and 169

23  through 208.

24      210.    As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as

25  ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying

26  It in Part (D.I. 224), Plaintiffs' claim for unfair competition is preempted by the Copyright Act to

27  the extent it is based on alleged copyright infringement.  For this reason, no response is required

28  to the allegations in paragraph 210 regarding breach of contract or interference with business

SVI-71899v1

- 22 -

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

relationships, to the extent these allegations are based on alleged "use," "taking," or "copying" of the Software and Support Materials, which in turn are based on alleged copyright infringement and preempted by the Copyright Act.  Without waiver of any defense of preemption or otherwise, Defendants deny the allegations of paragraph 210.

211.    Defendants deny the allegations of paragraph 211.

212.    Defendants deny the allegations of paragraph 212.

213.    Defendants deny the allegations of paragraph 213.

214.    Defendants deny the allegations of paragraph 214.

215.    Defendants deny the allegations of paragraph 215.

216.    Defendants deny the allegations of paragraph 216

217.    Defendants deny the allegations of paragraph 217.

218.    In response to paragraph 218, Defendants incorporate by reference, as if fully set forth herein, their responses to preceding paragraphs 1 through 125, 134 through 153, and 169 through 217.

219.    Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 219, and on that basis deny them.

220.    Defendants deny the allegations of paragraph 220.

221.    Defendants deny the allegations of paragraph 221.

222.    Defendants deny the allegations of paragraph 222.

223.    Defendants deny the allegations of paragraph 223.

224.    In response to paragraph 224, Defendants incorporate by reference, as if fully set forth herein, their responses to preceding paragraphs 1 through 125, 134 through 153, and 169 through 223.

225.    Defendants deny the allegations of paragraph 225.

226.    Defendants deny the allegations of paragraph 226.

227.    In response to paragraph 227, Defendants incorporate by reference, as if fully set forth herein, their responses to preceding paragraphs 1 through 125, 134 through 153, and 169 through 226.

228.     As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for an accounting is preempted by the Copyright Act to the extent it is based on alleged copyright infringement.  For this reason, no response is required to the allegations in paragraph 228 regarding breach of contract, interference with prospective economic advantage, and "taking commercial advantage" of the Software and Support Materials, to the extent these allegations are based on alleged "use," "taking," or "copying" of the Software and Support Materials, which in turn are based on alleged copyright infringement and preempted by the Copyright Act.  Without waiver of any defense of preemption or otherwise, Defendants deny the allegations of paragraph 228.

229.     Defendants deny the allegations of paragraph 229.

230.     Defendants deny the allegations of paragraph 230.

## **AFFIRMATIVE DEFENSES**

As and for affirmative defenses to the claims in Plaintiffs' Fourth Amended Complaint, and based on the knowledge and information available to them to date, Defendants are informed and believe and based thereon allege as follows:

FIRST AFFIRMATIVE DEFENSE

1.     One or more of the copyright registrations that are allegedly infringed by Defendants are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

SECOND AFFIRMATIVE DEFENSE

2.     Defendants' use of Plaintiffs' copyrighted material is lawful use based on agreements between Plaintiffs and their customers and/or former customers.

THIRD AFFIRMATIVE DEFENSE

3.     Plaintiffs consented to Defendants' use of Plaintiffs' copyrighted material under agreements between the Plaintiffs and their customers and/or former customers.

FOURTH AFFIRMATIVE DEFENSE

4.     Plaintiffs' claims for copyright infringement are barred by the doctrine of

1  copyright misuse, as Plaintiffs' initiation of the instant suit is an attempt to secure an exclusive

2  right to the maintenance of Plaintiffs' software.

3                              FIFTH AFFIRMATIVE DEFENSE

4          5.      One or more of Plaintiffs' claims for statutory damages and attorneys' fees under

5  17 U.S.C. § 504 are barred because some, if not all, of Plaintiffs' copyright registrations were not

6  made within three months after the first publication of the allegedly infringing works, as required

7  by 17 U.S.C. § 412.

8                              SIXTH AFFIRMATIVE DEFENSE

9          6.      Plaintiffs are not entitled to injunctive relief because any alleged injury to

10  Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

11                             SEVENTH AFFIRMATIVE DEFENSE

12         7.      Plaintiffs' claims for violations of the Computer Fraud and Abuse Act are barred

13  based on agreements between Plaintiffs and their customers and/or former customers.

14                             EIGHTH AFFIRMATIVE DEFENSE

15         8.      Plaintiffs' claims for negligent and intentional interference with prospective

16  economic advantage are barred because Defendants' actions were privileged because they were

17  taken in a good faith effort to compete with the plaintiff and/or Defendants had an equal or

18  superior interest in the subject matter of the prospective economic advantage.

19                             NINTH AFFIRMATIVE DEFENSE

20         9.      Plaintiffs' claims for negligent and intentional interference with prospective

21  economic advantage are barred because Defendants' actions were reasonable steps to protect

22  Defendants' own legal rights, including Defendants' own contractual rights and other intangible

23  business interests.

24                             TENTH AFFIRMATIVE DEFENSE

25         10.     Plaintiffs' claim for trespass to chattels is barred because Plaintiffs implicitly

26  consented to Defendants' conduct.

27                             ELEVENTH AFFIRMATIVE DEFENSE

28         11.     Plaintiffs' claims for breach of contract, intentional and negligent interference with

SVI-71899v1

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

1   economic advantage, unfair competition, and an accounting are preempted by the Copyright Act.

2                             TWELFTH AFFIRMATIVE DEFENSE

3        12.     Plaintiffs' claims for copyright infringement are barred by the doctrine of laches.

4                      THIRTEENTH AFFIRMATIVE DEFENSE

5        13.     Plaintiffs' claims for copyright infringement are barred by the doctrines of waiver

6   and estoppel.

7                    FOURTEENTH AFFIRMATIVE DEFENSE

8        14.     Defendants are not parties to the asserted contracts, and thus cannot have breached

9   them.

10                   FIFTEENTH AFFIRMATIVE DEFENSE

11        15.     Plaintiffs' claims are barred in whole or in part by the applicable statutes of

12   limitations.

13                   SIXTEENTH AFFIRMATIVE DEFENSE

14        16.     Plaintiffs' claims for damages are barred because and to the extent that Plaintiffs

15   failed to take reasonable steps to mitigate their alleged damages.

16       Defendants reserve all affirmative defenses under Rule 8(c) of the Federal Rules of Civil

17   Procedure and any other defense, at law or in equity, that may be available now or may become

18   available in the future based on ongoing discovery or investigation in this case.

19                       **<u>PRAYER FOR RELIEF</u>**

20       WHEREFORE, Defendants respectfully pray that this Court:

21       A.  Dismiss Plaintiffs' Fourth Amended Complaint and all claims therein;

22       B.  Deny Plaintiffs' request for preliminary and permanent injunctive relief;

23       C.  Grant Defendants their reasonable attorneys' fees and costs of this action; and

24       D.  Grant Defendants such other and further relief as the Court deems just and proper.

25

26

27

28

1

## **DEMAND FOR TRIAL BY JURY**

2          Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby

3 demand a trial by jury on all issues so triable.

4 Dated:  August 26, 2009                          JONES DAY

5

6                                                  By:  /s/ Tharan Gregory Lanier
                                                        Tharan Gregory Lanier

7                                                  Counsel for Defendants
8                                                  SAP AG, SAP AMERICA, INC., and
                                                   TOMORROWNOW, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SVI-71899v1

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)