BINGHAM MCCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA  94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, and
Oracle EMEA Limited

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC. *et al*,<br><br>            Plaintiffs,<br><br>   v.<br><br>SAP AG, *et al*.,<br><br>            Defendants. | No. 07-CV-01658 PJH (EDL)<br><br>**[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DOCUMENTS RELATED TO DAMAGES MODEL AND INTERROGATORY RESPONSES RELATED TO USE OF PLAINTIFFS' INTELLECTUAL PROPERTY** |

Case No. 07-CV-01658 PJH (EDL)

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

1   After considering the pleadings and memoranda submitted by the Parties and supporting
2   papers, and having heard the arguments of counsel, IT IS HEREBY ORDERED that Plaintiffs'
3   Motion to Compel Production of Documents Related to Damages Model and Interrogatory
4   Responses Related to Use of Plaintiffs' Intellectual Property in the above-named action is
5   GRANTED in part and DENIED in part as follows:
6       1.   Within 21 days of the date of this Order, Defendants shall provide a
7   supplemental response to Interrogatory No. 13 from Oracle Corporation's First Set of
8   Interrogatories to Defendant TomorrowNow, Inc. ("Interrogatory 13").  The supplemental
9   response shall include a detailed explanation (*e.g.*, including a download's product line, file
10  identifier, customer credential used, or any other similar information), to the extent Defendants'
11  records and memories allow, of the process Defendants employed and factual conclusions
12  Defendants made that resulted in Defendants' answer to paragraph 15 of Oracle's First Amended
13  Complaint, D.I. 36 ("FAC Answer") on July 2, 2007 and Defendants' representatives' statements
14  in press releases/news conferences on July 2-3, 2007 that "inappropriate downloads" took place.
15  Subject to the limits of Defendants' records and memories, the supplemental response shall be
16  provided in a manner and contain information consistent with the direction the Court provided to
17  Defendants' counsel during the hearing, including the bases on which Defendants concluded that
18  "on some occasions, materials have been downloaded beyond those that, according to TN's
19  records, related to applications licensed to the particular customer on whose behalf the
20  downloads were made" and any other factual conclusions resulting from Defendants' analyses of
21  any and all downloads relating to Defendants' answer to paragraph 15 of the FAC or
22  Defendants' representatives' statements in press releases/news conferences on July 2-3, 2007
23  that "inappropriate downloads" took place.  To the extent possible, the supplemental response
24  shall refer by Bates number and/or specific native data location to any customer contracts,
25  download verification forms, and/or other non-privileged documents relied upon in forming
26  Defendants' factual conclusions and analyses described above.  Defendants' supplemental
27  response to Interrogatory No. 13 shall not be construed as a waiver of either the attorney-client
28  privilege or work product immunity.

2.      Within 30 days of the date of this Order, Defendants shall provide a supplemental response to Interrogatory No. 14 from Oracle USA, Inc.'s Second Set of Interrogatories to Defendant TomorrowNow, Inc. ("Interrogatory 14"), as to fixes associated with the following Master Fix IDs selected by Oracle: for PeopleSoft, CSS-TN-0112069292, TN-AP06OCT, CSS-TN-0103076718, 2005B-751C, and CSS-TN-0114089315, and for JD Edwards, 1101064011, 1010067551, 1012062843, 1122054572, and 1015079561.  Interrogatory 14 asks Defendants to "Identify all Customers who received support based on the Use of [TomorrowNow's local] environment[s], and [to provide] a detailed description of that support."  To the extent possible, for each of the Master Fix IDs listed above, Defendants shall list each customer that received support in the form of a fix, bundle, or other deliverable that flowed from that Master Fix ID.  To the extent possible, for each Master Fix ID listed above, Defendants shall (1) identify every environment used during, or associated with, each point in the fix-delivery process (including, for PeopleSoft HRMS Master Fix IDs, replication, development, unit testing, individual fix testing, bundling, and bundle testing, as applicable, and for other PeopleSoft Master Fix IDs and JDE Master Fix IDs, any equivalent, analagous, or different points),  (2) state how each identified environment was used, and (3) identify the source of the information regarding each environment used.  Where Defendants lack information regarding which environments, if any, were used in the fix delivery process for a particular Master Fix, Defendants shall state that they have no information at this time and that they have made a reasonable search for such information.  Defendants' supplemental response shall refer by Bates number and/or specific native data location to each non-privileged document relied upon in supplementing their response, and if Defendants rely on any non-privileged documents or data not previously produced by any party in this case, then such documents or data must be produced with the response.  Defendants will provide a separate supplemental response to Interrogatory 14, denoted as a response to Interrogatory 14(a), which describes the process, amount of time used, and expense incurred in preparing the supplemental response and identifies the consultants and former employees who assisted in creating the response to Interrogatory 14.  Defendants'

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL

1  supplemental response to Interrogatory 14 and response to Interrogatory 14(a) shall not be
2  construed as a waiver of either the attorney-client privilege or work product immunity.
3        3.      The portions of Plaintiffs' Motion to Compel relating to licenses, valuations, sales
4  close rates, and support renewal rates have been mooted by agreement of the Parties.
5
6       As to all issues for which relief is not specifically granted by paragraphs 1 and 2 above or
7  mooted by paragraph 3 above, the Court DENIES the relief requested in Plaintiffs' motion
8  without prejudice.
9
10
11 IT IS SO ORDERED.
12
13
14 DATED: _____, 2009        _____
15                                      Hon. Elizabeth D. Laporte
                                         United States Magistrate Judge
16
17
18
19
20
21
22
23
24
25
26
27
28

3
[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO COMPEL