BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  (415) 393-2000
Facsimile:   (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA  94070
Telephone:  (650) 506-4846
Facsimile:   (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation,
Oracle EMEA Limited, and Siebel Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>        Plaintiffs,<br>  v.<br><br>SAP AG, *et al.*,<br><br>        Defendants. | CASE NO.  07-CV-01658 PJH (EDL)<br><br>**PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO PERMIT DEFENDANTS TO FILE UNDER SEAL PLAINTIFFS' INFORMATION DISCLOSED IN DEFENDANTS' ANSWER AND AFFIRMATIVE DEFENSES TO FOURTH AMENDED COMPLAINT** |

## I. INTRODUCTION AND RELIEF REQUESTED

Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, "Defendants,") filed an Administrative Motion (Docket No. 438) and accompanying Stipulation (Docket No. 439), Declaration (Docket No. 440) and Proposed Order (Docket No. 441) to seal portions of paragraph 13 from Defendants' Answer and Affirmative Defenses to Oracle's Fourth Amended Complaint ("Defendants' Answer").  Pursuant to Local Rules 7-11 and 79-5, and this Court's Standing Order on Confidential and Sealed Documents, Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. (collectively, "Oracle") file this Response and the accompanying Declaration of Dorian Daley in Support of Plaintiffs' Response to Defendants' Administrative Motion ("Daley Decl."), in support of a narrowly tailored order authorizing the sealing of portions of Paragraph 13.  Oracle is taking the additional step of filing this Response even though not expressly called for by the Court's Standing Order for Sealed or Confidential Documents because the legal basis for sealing this material was not set forth in the original filing by Defendants.

The portion of Paragraph 13 at issue reveals the content of a confidential settlement discussion, initiated by Defendants.  Daley Decl., ¶ 2.  The parties agreed that Federal Rule of Evidence 408 would govern these communications.  *See* Docket No. 439 (August 26, 2009 Stipulation to Permit Defendants to File Under Seal Plaintiffs' Information Disclosed in Defendants' Answer and Affirmative Defenses to Fourth Amended Complaint).  The Court has permitted other materials in this case, which Defendants have contended Rule 408 also governed, to be filed under seal.  *See, e.g.,* Docket No. 282 (February 18, 2009 Order Granting Plaintiffs' Administrative Motion to File Draft Stipulation Under Seal).  Because good cause exists and the Answer is not dispositive, Oracle requests that the Court grant the motion to seal this limited portion of Paragraph 13 of Defendants' Answer.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents.  As opposed to sealing information at trial, which requires the "most compelling" of reasons, a showing of good cause will suffice for sealing records attached to non-

1 | dispositive motions. *Navarro v. Eskanos & Adler*, Case No. C-06 02231 WHA(EDL), 2007 U.S.
2 | Dist. LEXIS 24864 at *7 (March 22, 2007) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179
3 | (9th Cir. 2006)); Court's Standing Order for Cases Involving Sealed or Confidential Documents
4 | ¶ 5 (citing in part, *Foltz v. State Farm Mu. Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003)).
5 | The same standard should apply to the disclosure of confidential information in non-dispositive
6 | pleadings not part of the Court's findings on the merits "to this point." *See Navarro,* 2007 U.S.
7 | Dist. LEXIS 24864 at *31 (citing *Reilly v. Medianew Group, Inc.,* 2007 U.S. Dist. LEXIS 8139
8 | at *14, n.2) (N.D. Cal. Jan. 24, 2007). To show good cause, the party seeking protection from
9 | disclosure must demonstrate that it has taken steps to keep the information confidential, and that
10 | public disclosure of such information would prejudice the party or create a risk of significant
11 | competitive injury. *See Navarro,* U.S. Dist. LEXIS 24864 at *5, *8*; Phillips v. General Motors
12 | Corp.* 307 F.3d 1206, 1211 (9th Cir. 2006); *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155,
13 | 158 (N.D. Cal. 1992) ("Good cause [for granting a protective order] may be that the protected
14 | information includes financial information and business strategy information which, if revealed
15 | to a competitor, would put a company at a competitive disadvantage.").
16 |      Settlement information meets the good cause standard. *See, e.g., Phillips,* 307 F.3d 1206,
17 | 1212 (9th Cir. 2006) (Federal Rule of Civil Procedure 26(c) provides broad "authority to grant
18 | protective orders for confidential settlement agreements" and citing cases with approval that did
19 | grant such protective orders).

### III.  ARGUMENT

21 |      Disclosure of the portions of paragraph 13 of Defendants' Answer that Oracle requests be
22 | filed under seal would prejudice Oracle by revealing a snippet (one that Oracle contends is
23 | inaccurate) of a larger settlement dialogue. Disclosure of this information poses a risk of
24 | competitive harm to Oracle because it is an inaccurate, incomplete recital of the discussion and
25 | may lead customers or other interested parties to the incorrect belief that Oracle acted
26 | unreasonably in enforcing its intellectual property rights. Daley Decl., ¶ 3.
27 |      Further, Federal Rule of Evidence 408 protects evidence of compromise negotiations and
28 | any resulting agreements from admission if offered to prove liability for, invalidity of, or amount

of a claim that was disputed as to validity or amount, or to impeach through a prior inconsistent statement or contradiction.  *See* Fed. R. Evid. 408.  Disclosure of the substance of the parties' settlement discussion would undermine the incentive for parties to discuss settlement candidly without fear of disclosure in litigation.  For this reason alone, good cause exists to file the portion of paragraph 13 at issue under seal.  *See* Fed. R. Evid. 408 Advisory Notes, Notes of Committee on the Judiciary, S.R. No. 93-1277 (purpose of rule making evidence of settlement negotiations inadmissible is to encourage settlement).  Oracle believes the same reasoning led Magistrate Laporte to order filed under seal the other materials that Defendants contended were governed by Rule 408 as confidential settlement communications, which include a version of a draft stipulation between the parties.  *See* Docket No. 282 (February 18, 2009 Order Granting Plaintiffs' Administrative Motion to File Draft Stipulation Under Seal).

Oracle has maintained the information contained in Paragraph 13 of Defendants' Answer as confidential.  Daley Decl., ¶ 3.  Oracle also has narrowly tailored this request as required by Local Rule 79-5(a), by only requesting redaction or sealing of the specific, limited passage that contains the most sensitive and confidential information.

In sum, the information contained in Paragraph 13 of Defendants' Answer should be filed under seal under this Court's Standing Order and Federal Rule of Evidence 408 for the reasons described above, which is the same position that Oracle would take regarding public disclosure of settlement discussions before Judge Spero.

## IV.   CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court file under seal Paragraph 13 of Defendants' Answer.

| | | |
|---|---|---|
| 1 | DATED:  August 31, 2009 | BINGHAM McCUTCHEN LLP |

By: /s/ Geoffrey M. Howard

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc.

5                                                   Case No. 07-CV-01658 PJH (EDL)

PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION