BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation,
Oracle EMEA Limited, and Siebel Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>    Plaintiffs,<br>v.<br><br>SAP AG, *et al.*,<br><br>    Defendants. | CASE NO. 07-CV-01658 PJH (EDL)<br><br>**PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION TO PERMIT DEFENDANTS TO FILE UNDER SEAL PLAINTIFFS' DOCUMENTS SUPPORTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

Case No. 07-CV-01658 PJH (EDL)

PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION REGARDING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

Dockets.Justia.com

## I. INTRODUCTION AND RELIEF REQUESTED

Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively, "Defendants,") filed an Administrative Motion (Docket No. 434) and accompanying Stipulation (Docket No. 436), Declaration (Docket No. 435), and Proposed Order (Docket No. 442) to seal (a) portions of Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Hypothetical License Damages Claim ("Defendants' Motion"), and (b) portions of Exhibits A, B, C, and H of the Declaration of Tharan Gregory Lanier in Support of Defendants' Motion for Partial Summary Judgment ("Lanier Declaration").  Under Local Rules 7-11 and 79-5, and this Court's Standing Order For Cases Involving Sealed or Confidential Documents, Plaintiffs Oracle USA, Inc., Oracle International Corporation, and Oracle EMEA Limited (collectively, "Oracle") file this Response, and the accompanying Declaration of Jennifer Gloss in Support of Defendants' Administrative Motion to Seal ("Gloss Decl."), which establishes that good cause exists in support of a narrowly tailored order authorizing the sealing of portions of Defendants' Motion and Exhibits A, B, C, and H of the Lanier Declaration. Oracle is taking the additional step of filing this Response even though not expressly called for by the Court's Standing Order Involving Sealed or Confidential Documents because the legal basis for sealing this material was not set forth in the original filing by Defendants.

The materials at issue include highly sensitive commercial information, which reveal confidential business strategy, analysis and decision-making from Oracle's most senior executives, including Oracle's co-founder and Chief Executive Officer, Larry Ellison.  These materials also include financial estimates which may cause harm to Oracle by improperly influencing the marketplace.  The Court has previously allowed similar and, indeed, some of the same information to be filed under seal.  *See, e.g.*, Docket No. 411 (August 12, 2009 Order Granting Defendants' Administrative Motion to File Under Seal Documents Supporting Defendants' Motion for Sanctions and Motion to Compel); Docket No. 412 (August 12, 2009 Order Granting Plaintiffs' Administrative Motion to File Under Seal Documents Supporting Plaintiffs' Oppositions to Defendants' Motions for Sanctions and to Compel.  Because good cause exists, Oracle requests that the Court grant the motion to seal portions of Exhibits A, B, C,

2   Case No. 07-CV-01658 PJH (EDL)

PLAINTIFFS' RESPONSE IN SUPPORT OF DEFENDANTS' ADMINISTRATIVE MOTION REGARDING
DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT

1 and H to the Lanier Declaration and the corresponding portions of Defendants' Motion.

## II. LEGAL STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents. As opposed to sealing information at trial or in case-dispositive motions, which requires the most "compelling" of reasons, a showing of good cause will suffice for sealing records attached to non-dispositive motions.[1] *Navarro v. Eskanos & Adler*, Case No. C-06 02231 WHA(EDL), 2007 U.S. Dist. LEXIS 24864 at *7 (March 22, 2007) (citing in part, *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)); Court's Standing Order for Cases Involving Sealed or Confidential Documents ¶ 5 (citing in part, *Foltz v. State Farm Mu. Automobile Ins. Co.*, 331 F.3d 1122 (9th Cir. 2003). To make such a showing of good cause, the party seeking protection from disclosure must demonstrate that it has taken steps to keep the information confidential, and that public disclosure of such information would create a risk of significant competitive injury and particularized harm or prejudice. *See Navarro*, 2007 U.S. Dist. LEXIS 24864 at *5, *8; *see also Phillips v. General Motors Corp.,* 307 F.3d 1206, 1211 (9th Cir. 2006); *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 158 (N.D. Cal. 1992).

## III. ARGUMENT

Sensitive commercial information warrants protection if disclosure would create a risk of competitive harm. *See*, *e.g.*, *In re Adobe Sys.*, 141 F.R.D. at 158 (stating that "[g]ood cause [for granting a protective order] may be that the protected information includes . . . financial information and business strategy . . . information which, if revealed to a competitor, would put a company at a competitive disadvantage." ); *Valley Broad. Co. v. United States Dist. Court*, 798 F.2d 1289, 1293 (9th Cir. 1986) (recognizing that a district court may refuse to permit its files to serve as "a source of business information that might harm a litigant's competitive standing" (quotations omitted)). This Court has also protected such information in this case. *See* Docket No. 411; Docket No. 412.

---

[1] Indeed, Oracle believes the Gloss Decl. establishes that the materials at issue are so sensitive that compelling reasons support filing them under seal.

The materials at issue here are some of the most commercially-sensitive possible, as they reveal internal business strategy, analysis, and decision-making of Oracle's most senior executives. This testimony would reveal highly confidential and commercially sensitive current and future business operations, acquisitions, and competitive strategies. Gloss Decl. ¶ 3. Further, this confidential information reveals Oracle's approaches to hypothetical business scenarios, and good cause exists to seal these materials because disclosure of these decision-making processes would provide competitors, partners, customers and other interested parties with an unfair insight into Oracle's operations that could be used to Oracle's detriment in future interactions. *Id*; *Adobe Sys., Inc.*, 141 F.R.D. at 158. Moreover, disclosure of these commercially-sensitive decision-making processes might mislead Oracle's customers, partners, competitors, or other interested parties with respect to Oracle's future business strategies. Gloss Decl. ¶ 3.

Good cause also exists to seal Oracle's financial estimates of certain types of damage. A premature disclosure of this information may cause Oracle particularized harm and prejudice as the information could improperly mislead the market and influence Oracle's stock price. *Id*. Oracle has previously sought the sealing of both the same and similar information as is the subject of this Response, and the Court has previously granted those motions to seal this highly confidential information. *See,* Docket No. 411, 412.

Finally, Oracle has taken steps to ensure that the information contained in Exhibits A, B, C, and H of the Lanier Declaration remain confidential in this litigation, pursuant to the Protective Order entered on June 6, 2007. Gloss Decl., ¶ 5. This Protective Order was designed by the Parties, who are competitors in the software industry, to protect designated documents, testimony, and information from improper disclosure, both to the public and more broadly than necessary to employees of the Parties themselves. Oracle also has narrowly tailored this request as required by Local Rule 79-5(a), by only requesting redaction or sealing of the specific, limited passages of the relevant testimony and documents that contain the most commercially sensitive and confidential information.

## IV. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court file under seal portions of Exhibits A, B, C, and H of the Lanier Declaration, and the corresponding portions of Defendants' Motion.

DATED: August 31, 2009          BINGHAM McCUTCHEN LLP

By:          /s/ Geoffrey M. Howard

Attorneys for Plaintiffs
Oracle Corporation, Oracle USA, Inc.,
Oracle International Corporation, and Siebel Systems, Inc.