1  BINGHAM McCUTCHEN LLP
   DONN P. PICKETT (SBN 72257)
2  GEOFFREY M. HOWARD (SBN 157468)
   HOLLY A. HOUSE (SBN 136045)
3  ZACHARY J. ALINDER (SBN 209009)
   BREE HANN (SBN 215695)
4  Three Embarcadero Center
   San Francisco, CA 94111-4067
5  Telephone: (415) 393-2000
   Facsimile: (415) 393-2286
6  donn.pickett@bingham.com
   geoff.howard@bingham.com
7  holly.house@bingham.com
   zachary.alinder@bingham.com
8  bree.hann@bingham.com

9  DORIAN DALEY (SBN 129049)
   JENNIFER GLOSS (SBN 154227)
10 500 Oracle Parkway, M/S 5op7
   Redwood City, CA 94070
11 Telephone: (650) 506-4846
   Facsimile: (650) 506-7114
12 dorian.daley@oracle.com
   jennifer.gloss@oracle.com
13

14 Attorneys for Plaintiffs
   Oracle USA, Inc., Oracle International Corporation,
15 Oracle EMEA Limited, and Siebel Systems, Inc.

                UNITED STATES DISTRICT COURT

                NORTHERN DISTRICT OF CALIFORNIA

                    SAN FRANCISCO DIVISION

ORACLE USA, INC., et al.,                CASE NO. 07-CV-01658 PJH (EDL)

              Plaintiffs,                **DECLARATION OF JENNIFER GLOSS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL DOCUMENTS SUPPORTING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' HYPOTHETICAL LICENSE DAMAGES CLAIM**
       v.
SAP AG, et al.,

              Defendants.

Case No. 07-CV-01658 PJH (EDL)

I, Jennifer Gloss, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am Senior Corporate Counsel at Oracle USA, Inc. ("Oracle"). I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

2. I have reviewed the documents and testimony identified as Exhibits A, B, C, and H of the Declaration of Tharan Gregory Lanier (the "Lanier Declaration") filed in support of Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Hypothetical License Damages Claim ("Defendants' Motion"). Each of these Exhibits contains non-public, commercially sensitive and confidential information the disclosure of which would create a risk of significant competitive injury and particularized harm and prejudice to Oracle. Further, these same types of confidential information are the subject of previous declarations filed by Plaintiffs in support of prior motions to seal and orders signed by the Court, which further attest to the risk of significant competitive injury and particularized harm and prejudice to Oracle. *See, e.g.*, Declaration of Jennifer Gloss in Support of Plaintiffs' Response to Defendants' Administrative Motion to File Plaintiffs' Documents Under Seal (Docket No. 356); Declaration of Jennifer Gloss in Support of Plaintiffs' Administrative Motion to File Under Seal Documents Supporting Plaintiffs' Oppositions to Defendants' Motion for Sanctions and Motion to Compel (Docket No. 377).

3. Oracle has narrowly tailored its request by only requesting redaction or sealing of the specific testimonial passages, documents and information that contain the most commercially sensitive and confidential information. For example, Oracle has agreed that the material on pages 10:1-11:17, 21:13-25:18 and 160:3-161:5 of the deposition of Safra Catz, Oracle's Co-President, the materials on pages 58:11-6 and 95:3-96:21 of the deposition of Charles Phillips, Oracle's Co-President, and the material on pages 58:6-10 of the deposition of Larry Ellison, Oracle's co-founder and Chief Executive Officer, can all be filed publicly. The passages and exhibits for which Oracle does request filing under seal are detailed as follows, and contain the specified types of confidential and commercially sensitive information justifying their protection under the sealing rules of this Court, including Rule 26(c), Local Rule 79-5, and the

Court's Standing Order Involving Sealed or Confidential Documents:

    a. Ex. A – Pages 19:23-20:25, 25:19-27:15, 46:7-47:13, 158:13-160:2 of the deposition of Safra Catz, Oracle's Co-President, taken March 27, 2009 contain non-public, commercially sensitive and confidential financial figures and estimates with regard to harm Oracle has suffered. The testimony also contains non-public, commercially sensitive and confidential information, including but not limited to (1) internal Oracle decision-making business processes and valuation decisions, (2) competitive business analyses, (3) internal evaluations and analysis of current and future intellectual property rights including their value, and (4) the methods of valuation of assets in the context of acquisitions. Disclosure of such information would grant Oracle's competitors, partners, customers, and other interested parties an insight into Oracle's internal strategy and operations that would provide them with an unfair competitive advantage with respect to current and future operations and negotiations. Its potential impact is magnified because the testimony is from one of Oracle's most senior executives. Finally, the testimony discusses various incomplete hypothetical scenarios, the disclosure of which may cause Oracle competitive harm by misleading Oracle's customers, partners, and other interested parties with respect to Oracle's current or future business strategy. Moreover, because this case has received public attention, the commercially-sensitive, but ambiguous, testimony cited by Defendants here could impact public perception of the parties and, potentially affect stock values. Accordingly, the disclosure of this testimony would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

    b. Ex. B – Pages 117:9-120:18 of the deposition of Charles Phillips, Oracle's co-President, taken April 17, 2009, contain non-public,

commercially sensitive and confidential financial figures and estimates with regard to harm Oracle has suffered. The testimony also contains non-public, commercially sensitive and confidential information, including but not limited to (1) internal Oracle decision-making business processes and valuation decisions, (2) internal evaluations and analysis of current and future intellectual property rights including their value, (3) the methods of valuation of assets in the context of acquisitions, and (4) competitive and proprietary business analysis, strategy and operations that Oracle employs to gain a competitive advantage. Disclosure of such information would grant Oracle's competitors, partners, customers, and other interested parties an insight into Oracle's internal strategy and operations that would provide them with an unfair competitive advantage with respect to current and future operations and negotiations. Its potential impact is magnified because the testimony is from one of Oracle's most senior executives. Finally, the testimony discusses various incomplete hypothetical scenarios, the disclosure of which may cause Oracle competitive harm by misleading Oracle's customers, partners, and other interested parties with respect to Oracle's current or future business strategy. Moreover, because this case has received public attention, the commercially-sensitive, but ambiguous, testimony cited by Defendants here could impact public perception of the parties, and potentially affect stock values. Accordingly, the disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

c. Ex. C – Pages 73:25-84:6, 114:16-24 of the deposition of Larry Ellison, Oracle's co-founder and Chief Executive Officer, taken May 5, 2009, contains non-public, commercially sensitive and confidential financial figures and estimates with regard to harm Oracle has suffered. The

...

testimony also contains non-public, commercially sensitive and confidential information, including but not limited to (1) internal Oracle decision-making business processes and valuation decisions, (2) competitive business strategy, (3) internal evaluations and analysis of current and future intellectual property rights including their value, and (4) the methods of valuation of assets in the context of acquisitions. Disclosure of such information would grant Oracle's competitors, partners, customers, and other interested parties an insight into Oracle's internal strategy and operations that would provide them with an unfair competitive advantage with respect to current and future operations and negotiations. Its potential impact is magnified because the testimony is from one of Oracle's most senior executives. Finally, the testimony discusses various incomplete hypothetical scenarios, the disclosure of which may cause Oracle competitive harm by misleading Oracle's customers, partners, and other interested parties with respect to Oracle's current or future business strategy. Moreover, because this case has received public attention, the commercially-sensitive, but ambiguous, testimony cited by Defendants here could impact public perception of the parties and, potentially affect stock values. Accordingly, the disclosure of this testimony would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

d. Ex. H – Portions of page 47, line 20, page 48, lines 9 and 12, and page 49, line 27 of Plaintiff's May 22, 2009 Supplemental and Amended Initial Disclosures. Oracle has narrowly tailored its request by only requesting redaction or sealing of the specific financial estimates included in these Disclosures. Those specific financial estimates are non-public, commercially sensitive and confidential. Disclosure of such information might mislead the market and improperly impact Oracle's stock value.

| | |
|---|---|
| 1 | Disclosure of such information would also grant Oracle's competitors, |
| 2 | partners, customers, and other interested parties an insight into Oracle's |
| 3 | operations that would provide them with an unfair advantage with respect |
| 4 | to current and future operations and negotiations. Accordingly, disclosure |
| 5 | of such confidential information would create a risk of significant |
| 6 | competitive injury and particularized harm and prejudice to Oracle. |

4. Further, portions of Defendants' Motion contain quotes or other descriptions from documents identified in Paragraph 3 above. Oracle has narrowly tailored its request by only requesting redaction or sealing of the specific passages that contain non-public, commercially sensitive confidential information the disclosure of which would create a significant risk of competitive injury and particularized harm and prejudice to Oracle, as described in detail above in Paragraph 3. These passages are portions of page 1, lines 19-20, 24, page 2, lines 13-17, page 3, lines 11, 13-14, page 4, lines 10-12, 15-24, page 5, lines 26-27, page 6, lines 1-8, page 11, lines 14, 18-19, 21-22, 24-27, page 12, lines 12-13, page 13, lines 15-16, 18-19, page 14, lines 4-6, page 16, lines 18-19, and page 20, line 10. The passages include direct quotation of the confidential deposition testimony and financial estimates described above in Paragraph 3. Consistent with Paragraph 3 above, the disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

5. Plaintiffs have protected information in Exhibits A, B, C, and H of the Lanier Declaration from improper public disclosure through the Stipulated Protective Order that is designed to prevent the Parties' private commercial information from being improperly disclosed. Under the terms of that Order, Plaintiffs designated certain documents, deposition testimony and discovery responses containing non-public, commercially-sensitive information as either "Confidential" or "Highly Confidential - Attorneys' Eyes Only" prior to producing such documents in the course of discovery. As attested to above, Exhibits A, B, C, and H of the Lanier Declaration contain certain information taken from documents and testimony that was designated either "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Absent the requested sealing, these Exhibits would provide valuable insight into Oracle's confidential

1 | internal competitive strategies and business processes and would create a risk of significant
2 | competitive injury and particularized harm and prejudice to Oracle.
3 |     I declare under penalty of perjury that the foregoing is true and correct. Executed
4 | in San Francisco, California, on August 31, 2009.

*/s/ Jennifer Gloss*
Jennifer Gloss

DECLARATION OF JENNIFER GLOSS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL