1    BINGHAM MCCUTCHEN LLP
     DONN P. PICKETT (SBN 72257)
2    GEOFFREY M. HOWARD (SBN 157468)
     HOLLY A. HOUSE (SBN 136045)
3    ZACHARY J. ALINDER (SBN 209009)
     BREE HANN (SBN 215695)
4    Three Embarcadero Center
     San Francisco, CA  94111-4067
5    Telephone:  415.393.2000
     Facsimile:  415.393.2286
6    donn.pickett@bingham.com
     geoff.howard@bingham.com
7    holly.house@bingham.com
     zachary.alinder@bingham.com
8    bree.hann@bingham.com

9
     DORIAN DALEY (SBN 129049)
10   JENNIFER GLOSS (SBN 154227)
     500 Oracle Parkway, M/S 5op7
11   Redwood City, CA  94070
     Telephone:  650.506.4846
12   Facsimile:  650.506.7114
     dorian.daley@oracle.com
13   jennifer.gloss@oracle.com

14   Attorneys for Plaintiffs
     Oracle USA, Inc., Oracle International Corporation, and
15   Oracle EMEA Limited

16                    UNITED STATES DISTRICT COURT

17                  NORTHERN DISTRICT OF CALIFORNIA

18                      SAN FRANCISCO DIVISION

19   ORACLE USA, INC. *et al*,                 No. 07-CV-01658 PJH (EDL)

20            Plaintiffs,                       **[~~PROPOSED~~] ORDER GRANTING
                                                IN PART AND DENYING IN PART
21        v.                                    PLAINTIFFS' MOTION TO
                                                COMPEL PRODUCTION OF
22   SAP AG, *et al*.,                          DOCUMENTS RELATED TO
                                                DAMAGES MODEL AND
23            Defendants.                       INTERROGATORY RESPONSES
                                                RELATED TO USE OF
24                                              PLAINTIFFS' INTELLECTUAL
                                                PROPERTY**
25

26

27
                                                Case No. 07-CV-01658 PJH (EDL)
28

[~~PROPOSED~~] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO
COMPEL

1       After considering the pleadings and memoranda submitted by the Parties and supporting

2   papers, and having heard the arguments of counsel, IT IS HEREBY ORDERED that Plaintiffs'

3   Motion to Compel Production of Documents Related to Damages Model and Interrogatory

4   Responses Related to Use of Plaintiffs' Intellectual Property in the above-named action is

5   GRANTED in part and DENIED in part as follows:

6       1.      Within 21 days of the date of this Order, Defendants shall provide a

7   supplemental response to Interrogatory No. 13 from Oracle Corporation's First Set of

8   Interrogatories to Defendant TomorrowNow, Inc. ("Interrogatory 13").  The supplemental

9   response shall include a detailed explanation (*e.g.*, including a download's product line, file

10  identifier, customer credential used, or any other similar information), to the extent Defendants'

11  records and memories allow, of the process Defendants employed and factual conclusions

12  Defendants made that resulted in Defendants' answer to paragraph 15 of Oracle's First Amended

13  Complaint, D.I. 36 ("FAC Answer") on July 2, 2007 and Defendants' representatives' statements

14  in press releases/news conferences on July 2-3, 2007 that "inappropriate downloads" took place.

15  Subject to the limits of Defendants' records and memories, the supplemental response shall be

16  provided in a manner and contain information consistent with the direction the Court provided to

17  Defendants' counsel during the hearing, including the bases on which Defendants concluded that

18  "on some occasions, materials have been downloaded beyond those that, according to TN's

19  records, related to applications licensed to the particular customer on whose behalf the

20  downloads were made" and any other factual conclusions resulting from Defendants' analyses of

21  any and all downloads relating to Defendants' answer to paragraph 15 of the FAC or

22  Defendants' representatives' statements in press releases/news conferences on July 2-3, 2007

23  that "inappropriate downloads" took place.  To the extent possible, the supplemental response

24  shall refer by Bates number and/or specific native data location to any customer contracts,

25  download verification forms, and/or other non-privileged documents relied upon in forming

26  Defendants' factual conclusions and analyses described above.  Defendants' supplemental

27  response to Interrogatory No. 13 shall not be construed as a waiver of either the attorney-client

28  privilege or work product immunity.

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO
COMPEL

1        2.      Within 30 days of the date of this Order, Defendants shall provide a

2    supplemental response to Interrogatory No. 14 from Oracle USA, Inc.'s Second Set of

3    Interrogatories to Defendant TomorrowNow, Inc. ("Interrogatory 14"), as to fixes associated

4    with the following Master Fix IDs selected by Oracle: for PeopleSoft, CSS-TN-0112069292,

5    TN-AP06OCT, CSS-TN-0103076718, 2005B-751C, and CSS-TN-0114089315, and for JD

6    Edwards, 1101064011, 1010067551, 1012062843, 1122054572, and 1015079561.  Interrogatory

7    14 asks Defendants to "Identify all Customers who received support based on the Use of

8    [TomorrowNow's local] environment[s], and [to provide] a detailed description of that support."

9    To the extent possible, for each of the Master Fix IDs listed above, Defendants shall list each

10    customer that received support in the form of a fix, bundle, or other deliverable that flowed from

11    that Master Fix ID.  To the extent possible, for each Master Fix ID listed above, Defendants shall

12    (1) identify every environment used during, or associated with, each point in the fix-delivery

13    process (including, for PeopleSoft HRMS Master Fix IDs, replication, development, unit testing,

14    individual fix testing, bundling, and bundle testing, as applicable, and for other PeopleSoft

15    Master Fix IDs and JDE Master Fix IDs, any equivalent, analagous, or different points),  (2) state

16    how each identified environment was used, and (3) identify the source of the information

17    regarding each environment used.  Where Defendants lack information regarding which

18    environments, if any, were used in the fix delivery process for a particular Master Fix,

19    Defendants shall state that they have no information at this time and that they have made a

20    reasonable search for such information.  Defendants' supplemental response shall refer by Bates

21    number and/or specific native data location to each non-privileged document relied upon in

22    supplementing their response, and if Defendants rely on any non-privileged documents or data

23    not previously produced by any party in this case, then such documents or data must be produced

24    with the response.  Defendants will provide a separate supplemental response to Interrogatory

25    14, denoted as a response to Interrogatory 14(a), which describes the process, amount of time

26    used, and expense incurred in preparing the supplemental response and identifies the consultants

27    and former employees who assisted in creating the response to Interrogatory 14.  Defendants'

28

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO
COMPEL

1   supplemental response to Interrogatory 14 and response to Interrogatory 14(a) shall not be

2   construed as a waiver of either the attorney-client privilege or work product immunity.

3           3.       The portions of Plaintiffs' Motion to Compel relating to licenses, valuations, sales

4   close rates, and support renewal rates have been mooted by agreement of the Parties.

5

6           As to all issues for which relief is not specifically granted by paragraphs 1 and 2 above or

7   mooted by paragraph 3 above, the Court DENIES the relief requested in Plaintiffs' motion

8   without prejudice.

9

10

11   IT IS SO ORDERED.

12

13

14   DATED:  __August 31____, 2009

15

16

17

18

19

20

21

22

23

24

25

26

27

28

[PROPOSED] ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFFS' MOTION TO
COMPEL