BINGHAM MCCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood city, CA  94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation,
Oracle EMEA Limited, and Siebel Systems, Inc.

## UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

## OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>              Plaintiffs,<br>      v.<br><br>SAP AG, *et al.*,<br><br>              Defendants. | Case No. 07-CV-01658 PJH (EDL)<br><br>**DECLARATION OF HOLLY A. HOUSE IN SUPPORT OF PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' HYPOTHETICAL [FAIR MARKET VALUE] LICENSE DAMAGES CLAIM**<br><br>Date:       October 28, 2009<br>Time:      9:00 am<br>Place:      TBD<br>Judge:     Hon. Phyllis J. Hamilton |

1    I, Holly A. House, declare as follows:

2              1.      I am an attorney licensed to practice law in the State of California and a

3    partner at Bingham McCutchen LLP, counsel of record for plaintiffs Oracle USA, Inc., Oracle

4    International Corporation, Oracle EMEA Ltd. and Siebel Systems, Inc. (collectively, "Oracle").

5    I make this declaration in support of Plaintiffs' Opposition to Defendants' Motion for Partial

6    Summary Judgment Regarding Plaintiffs' Hypothetical License Damages Claim.  I have personal

7    knowledge of the facts stated within this Declaration and could testify competently to them if

8    required.

9              2.      Oracle has sought in discovery and Defendants have thus far refused

10   production of SAP's research and development costs, which are relevant to proving the

11   significant costs SAP avoided by infringing Oracle's copyrights rather than developing them

12   legally and independently.  Further, Oracle continues to seek supplemental production of SAP's

13   profit margins and any assignments of value per existing or acquired customer, which will

14   evidence SAP's reasonable revenue expectations as to customers they could lure away through

15   TomorrowNow.  Oracle also has recently asked for production of SAP's largest value license

16   deals, which may provide reasonable benchmarks and which will be relevant to SAP's arguments

17   that they would never agree to pay (or never agreed to charge) any significant amount for

18   intellectual property.

19             3.      Attached as **Exhibit A** is a true and correct copy of excerpts from the final

20   transcript of the April 17, 2009 Deposition of Hasso Platter at 47:19-24; 48:12-49:6; 62:7-64:4 &

21   68:23-69-6 as well as the cover page of the transcript and the court reporter's certification.

22             4.      I have reviewed Paul Meyer's Declaration in Support of Oracle's

23   Opposition to Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs'

24   Hypothetical License Damages Claim ("Meyer Declaration") and the numerous supporting

25   Exhibits he cites.  I declare that the excerpts from deposition testimony attached to the Meyer

26   Declaration (Exs. 7, 12, 13, 19, 52, 55, 56, 57, 60 and 69 for SAP witness depositions and Exs.

27   22, 35, 36, 37, 38 and 39 for Oracle witness depositions) are true and correct copies of pages

28   from the final transcripts of those deposition along with the reporter's certification of the same

1   (with the exception of the recent deposition of Terry Hurst, Ex. 56, which is a true and correct

2   copy of the transcript pages prior to the final 30 days available for correction).

3             5.     I further declare that the Exhibits to the Meyer Declaration containing

4   entire or excerpted documents produced by SAP or TomorrowNow in discovery (Exs. 6, 8, 11,

5   14, 23, 24, 25, 26, 27, 28, 44, 46, 47, 48, 49, 50, 51, 53, 54, 58, 61, 62, 63, 64, 66, 67, 68, 70, 71,

6   72 and 73) are true and correct copies of documents (or portions of documents) produced by

7   Defendants in response to Requests for Production or Targeted Search Requests served by

8   Oracle in the above-named litigation.  All of the documents (with the exception of Exhibit 44)

9   are, on their face, documents authored by Defendants.  Exhibit 44 contains excerpts from a report

10   apparently authored by Deloitte titled "SAP AG, Fair Value of Certain Assets, Liabilities and

11   Legal Entities of Business Objects S.A. As of January 21, 2008" which was produced by

12   Defendants to Oracle in response to a discovery agreement between the parties and can be

13   further identified by the SAP Bates number Defendants inscribed on the bottom right corner of

14   the document.  27 of these 31 documents were also attested to by SAP deponents in deposition.

15   Oracle provided Defendants with copies of these exhibits before filing its opposition and

16   Defendants agreed that they had no objections to the authenticity of those documents.  Due to

17   this agreement and to streamline this submission, Oracle does not submit the portions of the

18   transcripts of depositions of SAP witnesses authenticating these Exhibits.  However, should

19   Defendants make an evidentiary objection to any of these Exhibits, Oracle reserves the right to

20   respond to such objection.

21             6.     The Exhibits to the Meyer Declaration containing entire or excerpted

22   documents produced by Oracle in discovery (Exs. 9, 16, 18, 21, 29, 30, 33, 34, 40, 41) are true

23   and correct copies of documents (or portions of documents) produced by Oracle in response to

24   Requests for Production or Targeted Search Requests served by Defendants in the above-named

25   litigation.  Exhibit 9 was attested to by Larry Ellison at his deposition on May 5, 2009; a true and

26   correct copy of the excerpt of his deposition transcript authenticating this Exhibit is attached

27   hereto as **Exhibit B.**  As for the other exhibits:

28

---

1      • Exhibit 16 contains excerpts from the Standard and Poor Report "Oracle
2          Corporation: Estimation of the Fair Value of Certain Assets and Liabilities of
3          PeopleSoft, Inc. as of December 28, 2004," which was produced by Oracle in
4          response to requests to discovery requests on January 23, 2009 with the Bates
5          numbers ORCL 00313169-253.  While Defendants have not asked any Oracle
6          witness about it, Ms. Catz authenticates it in her accompanying declaration as
7          an independent third-party valuation of the fair value of certain assets and
8          liabilities Oracle acquired from PeopleSoft, including intangible assets, which
9          was used to assist Oracle in its allocation of the purchase price for financial
10         reporting purposes.  There is no basis for questioning its authenticity or
11         disputing its contents or its admissibility as a business record or to show
12         Oracle's state of mind; moreover, the law permits Oracle's expert to rely on
13         such materials.  However, should Defendants make an evidentiary objection to
14         this document, Oracle reserves the right to respond to such objection.
15     • Exhibit 18 to the Meyer Declaration contains excerpts from the Duff & Phelps
16         report "Estimation of the Fair Value of Certain Assets and Liabilities of Siebel
17         Systems, Inc. as of January 31, 2006."  It was produced by Oracle in response
18         to discovery requests on February 6, 2009 and Bates numbered ORCL
19         00312747-819.  While Defendants have not asked any Oracle witness about it,
20         Ms. Catz authenticates it in her accompanying declaration as an independent
21         third-party valuation of the fair value of certain assets and liabilities Oracle
22         acquired from Siebel, including intangible assets, which was used to assist
23         Oracle in its allocation of the purchase price for financial reporting purposes.
24         There is no basis for questioning its authenticity or disputing its contents or its
25         admissibility as a business record or to show Oracle's state of mind;
26         moreover, the law permits Oracle's expert to rely on such materials.
27         However, should Defendants make an evidentiary objection to this document,
28         Oracle reserves the right to respond to such objection.

1    • Exhibit 21 to the Meyer Declaration contains an excerpt from an October

2      2004 IDC Report "Market Analysis – Worldwide Enterprise Applications

3      2004-2008 Forecast and Analysis." It is Bates numbered ORCL 00313337-84

4      and was produced by Oracle on February 6, 2009 in response to Defendants'

5      discovery requests in this litigation. There is no basis for questioning its

6      authenticity or disputing its contents or its admissibility; moreover, Oracle's

7      expert can rely on such materials. However, should Defendants make an

8      evidentiary objection to this document, Oracle reserves the right to respond to

9      such objection.

10   • Exhibit 29 to the Meyer Declaration contains a worksheet labeled "PeopleSoft

11     Operating Model." It is Bates numbered ORCL00313255 and was produced

12     by Oracle on February 6, 2009 in response to Defendants' discovery requests

13     in this litigation. While Defendants have not asked any Oracle witness about

14     it, Ms. Catz authenticates it in her accompanying declaration as backup for

15     Oracle's "Project Spice" financial model prepared at the time of its acquisition

16     of PeopleSoft. There is no basis for questioning its authenticity or disputing

17     its contents or its admissibility as a business record or to show Oracle's state

18     of mind; moreover, the law permits Oracle's expert to rely on such materials.

19     However, should Defendants make an evidentiary objection to this document,

20     Oracle reserves the right to respond to such objection.

21   • Exhibit 30 to the Meyer Declaration contains a worksheet labeled "Sierra-

22     Input." It is Bates numbered ORCL00312843 and was produced by Oracle on

23     February 6, 2009 in response to Defendants' discovery requests in this

24     litigation. While Defendants have not asked any Oracle witness about it, Ms.

25     Catz authenticates it in her accompanying declaration as backup for Oracle's

26     "Project Sierra" financial model prepared at the time of its acquisition of

27     Siebel. There is no basis for questioning its authenticity or disputing its

28     contents or its admissibility as a business record or to show Oracle's state of

1    mind; moreover, the law permits Oracle's expert to rely on such materials.

2    However, should Defendants make an evidentiary objection to this document,

3    Oracle reserves the right to respond to such objection.

4    • Exhibit 33 to the Meyer Declaration contains excerpts from an Oracle

5    document titled "FY08 Applications Development Budget Request."  It is

6    Bates numbered ORCL 00545983-609 and was produced by Oracle on August

7    12, 2009 in response to Defendants' discovery requests in this litigation.

8    While Defendants have not yet asked any Oracle witness about it, on

9    information and belief, the portion of the document attached reflects the

10   hundreds of millions of dollars of annual operating expense related to Oracle's

11   Applications Unlimited program for its PeopleSoft, J.D. Edwards and Siebel

12   product lines, the principle portion of which is the costs associated with

13   ongoing research and development of those applications.  There is no basis for

14   questioning its authenticity or disputing its contents or its admissibility as a

15   business record; moreover, the law permits Oracle's expert to rely on such

16   materials.  However, should Defendants make an evidentiary objection to this

17   document, Oracle reserves the right to respond to such objection.

18   • Exhibit 34 to the Meyer Declaration contains excerpts from a December 2004

19   Oracle investor presentation titled "PeopleSoft."  It is Bates numbered ORCL

20   00312888-939 and was produced on February 6, 2009 in response to

21   Defendants' discovery requests in this litigation.  It includes the following

22   statement attributed to Charles Phillips, Oracle Co-President: "We are

23   retaining [PeopleSoft's] very valuable maintenance revenue, again that's the

24   real revenue stream behind this that makes this transaction work for us."

25   While Defendants did not ask Mr. Phillips about this in his deposition, there is

26   no basis for questioning its authenticity or disputing its contents or its

27   admissibility as a business record or for Oracle's state of mind; moreover, the

28   law permits Oracle's expert to rely on such materials.  However, should

1    Defendants make an evidentiary objection to this document, Oracle reserves

2    the right to respond to such objection.

3    •   Exhibit 40 to the Meyer Declaration contains the native file of a spreadsheet

4        titled "psoft cancellation rates 4-3-07.xls." It is Bates numbered ORCL

5        00103577 and was produced on January 18, 2008 in response to Defendants'

6        discovery requests in this litigation.  While Defendants have not yet asked any

7        Oracle witness about it (including the Rule 30(b)(6) witness designated by

8        Oracle on this topic), on information and belief, this reflects the actual

9        PeopleSoft customer support renewal cancellation rates for Q3 2004 through

10       Q3 2007.  There is no basis for questioning its authenticity or disputing its

11       contents or its admissibility as a business record; moreover, the law permits

12       Oracle's expert to rely on such materials.  However, should Defendants make

13       an evidentiary objection to this document, Oracle reserves the right to respond

14       to such objection.

15   •   Exhibit 41 to the Meyer Declaration contains excerpts of a powerpoint with

16       the Oracle logo titled "Implications of Maintenance Cancellations on

17       Applications Product Strategy."   The full presentation is Bates numbered

18       ORCL 00285577-579 and was produced on January 22, 2009 in response to

19       Defendants' discovery requests in this litigation.  While Defendants have not

20       yet asked any Oracle witness about it, on information and belief and based on

21       the statements in the document, the excerpts show that maintenance revenue is

22       highly important to Oracle's profitability that PeopleSoft and J.D. Edwards

23       had higher customer support cancellation rates than other Oracle applications.

24       There is no basis for questioning its authenticity or disputing its contents or its

25       admissibility as a business record or to show Oracle's state of mind;

26       moreover, the law permits Oracle's expert to rely on such materials.

27       However, should Defendants make an evidentiary objection to this document,

28       Oracle reserves the right to respond to such objection.

1          7.     Attached as **Exhibit C** is a true and correct copy of an excerpt from the

2    May 5, 2009 Deposition of Larry Ellison at 134:10-136:21.

3          I declare under the laws of the United States and the State of California that the

4    foregoing is true and correct and that this Declaration was executed on September 23, 2009, in

5    San Francisco, California.

6

7                                              \_\_\_\_/s/\_ Holly A. House\_\_\_\_

8                                                    Holly A. House

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28