# EXHIBIT 4

```
 1                  UNITED STATES DISTRICT COURT
 2                  EASTERN DISTRICT OF MICHIGAN
 3   COMPUWARE CORPORATION,
 4             Plaintiff,
 5   vs.                              02-70906
 6   IBM CORPORATION,         HON. GEORGE CARAM STEEH
 7             Defendant.
     _____/
 8                      PRETRIAL MOTION
 9     Proceedings had before the HONORABLE GEORGE CARAM STEEH,
10   District Judge, on the 14th day of February 2005.
11
12
13
14
15
16
17
18
19
20
21
22              Harold C. Henry, CSR-0225
23                  (313) 965-5342
24
25
```

ENTERED

'05 OCT 14 A9:02 FILED

1   more guidance than I have. I will spend a little more time
2   with this list. I'm going to have to address the particular
3   evidence as it is advanced during the course of the trial,
4   and my decision making will be the result of a balancing of
5   the factors that I have described to you in passing on this
6   motion, so I guess it's granted in part and denied in part.
7   What part is left to be decided? Go ahead.
8            MR. SACKSTETTER: Could I answer the question that
9   you asked previously concerning the HCSC manner in which it
10  was resolved. That was a case involving a license agreement
11  for the Compuware products, and the licensing agreement
12  remains in effect which had the same confidentiality
13  requirements in it.
14           THE COURT: All right. Thank you.
15           ==Let's address the next, the motion to exclude==
16  ==evidence and testimony relating to value of use damages.==
17  This one is an IBM motion.
18           MR. WILSON: Roman Wilson for IBM.
19           I think I will take 15 seconds. There's a
20  Six Circuit decision called Wrench. Question is is Wrench,
21  is the language in Wrench rejecting value use method dicta
22  or is it Holden, and I believe it's a Holden, and possibly,
23  your Honor reads the case better than I can. It's not much
24  point in my standing up here to tell you that Wrench says--
25           THE COURT: Let's assume dicta, and if there are

1  other circuits that have passed on the question, then have a
2  lot of it; Is that right?
3       MR. WILSON: There are other circuits who passed
4  on the question and those were somewhat different
5  circumstances, but that's true, if it's dicta you can do
6  what you want, no question, I believe it's Holden, but I
7  don't think it's worth wasting my time explaining, there is
8  a half page discussion as to whether a promise is a separate
9  element that is sufficient or whether there's something
10 more than a promise and the Sixth Circuit says a promise
11 itself isn't sufficient which then renders the discussion in
12 the middle about what there was in addition to promise to be
13 necessary but there's only one Holden and it's not altering
14 the holding. Thank you.
15      MR. SACKSTETTER: I can't make any promises about
16 15 seconds but I'll try to be brief also.
17           The promise in the Wrench case was a promise
18 to pay, and that promise was held to be sufficient to serve
19 as an extra element, and to avoid preemption in that case,
20 and that's what that case was all about. The next paragraph
21 that relates to the remedy is, used dicta, it is dicta that
22 discusses something that might be relevant, relevant
23 consideration but it is not necessary the holding of the
24 case at all, it is also worth noticing that it relies on the
25 Business Trends case which is a case that the Second Circuit

has since said does not preclude recovering actual damages through a reasonable royalty or a value of use measure. A couple of other important points are that in this case, this is a measure of damages that's been recognized in Pat law for 35 years. It's recognized by statute in trade secret law and it is very important to note that we are not discussing here, Mr. Myers' calculation relating to reasonable royalty as it relates to the trade secret claims only to the copyright claims and it doesn't seem to make much sense to require two different measures of damages for what are sometimes overlapping the factual scenario. It is also widely recognized as a measure of damages for copyright infringement in a number of circuits as mention. It's also interestingly, apparently in the model jury instruction, and if I can for a minute? I have copies of IBM's proposed jury instructions, and if you look, I believe it's the next to the last page, these were provided to us on February 10, and look at the instruction for actual damages and I will read the last paragraph, it says actual damages means the amount of money adequate to compensate the copyright owner for the reduction of market value if any of the copyrighted work caused by the infringement. The reduction in the market value of the copyrighted work is the amount of a willing buyer would have been reasonably required to pay to a willing seller at the time of the infringement for the use

1  made by the defendant of the plaintiff's work. That, in
2  IBM's proposed jury instructions is essentially what
3  Mr. Myer did. It is recognized as coming from the federal
4  jury practice and instructions manual, it has been
5  recognized by numerous circuits, it has not been disavowed
6  by the Sixth Circuit and we would submit that it should be
7  permitted here to measure copyright damages.
8          **THE COURT:** Well, I think that the, initially,
9  that that paragraph that is the subject of the dispute, and
10 Wrench is indeed dicta and as acknowledged by the proponent
11 of this motion. That basically disposes of it in light of
12 the rulings by other circuits that have spoken to the issue
13 as well as the pattern instructions that IBM has advanced so
14 far in the case, so I'm persuaded that the value of use
15 damages testimony should be received. I'm going to look at
16 the case again, and much of the final instructions will
17 depend on the way the evidence comes in, so the denial of
18 all these motions, including this is essentially one that's
19 made without prejudice. I can reconsider when we get to the
20 conclusion of the case, but in terms of the admissibility of
21 that testimony the Court is persuaded the motion in limine
22 should be denied.
23         Go back again to a Compuware motion to
24 exclude evidence, Compuware's alleged receipt of third party
25 confidential information secrets?

**FILED**

**FEB 17 2005**

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

COMPUTERWARE CORP.,

    Plaintiff,

vs.

Case No. 02-70906
CASE A

HON. GEORGE CARAM STEEH

INTERNATIONAL BUSINESS
MACHINES CORP.,

    Defendant.
_____/

## ORDER GRANTING IN PART AND DENYING IN PART PLAINTIFF'S AND DEFENDANT'S MOTIONS IN LIMINE

Plaintiff Compuware Corporation and defendant International Business Machines Corporation ("IBM") have filed motions in limine in this case. The Court heard oral argument on the motions in limine on February 14, 2005, and for the reasons stated on the record, IT IS HEREBY ORDERED that:

IBM's motion to exclude testimony relating to the "value of use" damages theory is DENIED.

IBM's motion to exclude Compuware's trade secret and tortious interference with contracts claim is DENIED.

IBM's motions to exclude portions of the testimony of Compuware's expert witnesses, Barbara Frederiksen, Edward Yourdon, and Kendyl Roman, are DENIED WITHOUT PREJUDICE.

Compuware's motion to exclude evidence of Compuware's alleged receipt or misappropriation of third party confidential information or trade secrets is DENIED WITHOUT PREJUDICE.

Compuware's motion to exclude testimony concerning prior litigation between Compuware and Serena Software, Home Care Services Corporation and others is GRANTED IN PART AND DENIED IN PART.

Compuware's motion to exclude the vacated opinion in HCSC is GRANTED.

Compuware's motion to exclude evidence related to IBM's copyright counterclaim and unclean hands affirmative defense and alleged absence of attribution is DENIED.

Compuware's motion to exclude evidence related to Compuware's attempted acquisition of Viasoft and the resulting DOJ antitrust lawsuit is GRANTED as to evidence of the DOJ lawsuit and DENIED as to the remainder of the motion.

Compuware's motion to exclude testimony regarding IBM's analysis of DITTO code reuse in File Manager is DENIED WITHOUT PREJUDICE.

Dated: FEB 17 2005
Detroit, Michigan

GEORGE CARAM STEEH
United States District Judge

PURSUANT TO RULE 77,'d. FED. R. CIV. P.
COPIES MAILED/DELIVERED TO ATTORNEYS FOR ALL
PARTIES ON FEB 17 2005.

DEPUTY COURT CLERK

2