BINGHAM MCCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA  94111-4067
Telephone:  415.393.2000
Facsimile:  415.393.2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood city, CA  94070
Telephone:  650.506.4846
Facsimile:  650.506.7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation,
Oracle EMEA Limited, and Siebel Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br>　　v.<br>SAP AG, *et al.*,<br><br>　　　　　Defendants. | Case No. 07-CV-01658 PJH (EDL)<br><br>**PLAINTIFFS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' HYPOTHETICAL LICENSE [FAIR MARKET VALUE] DAMAGES CLAIM**<br><br>Date:　　October 28, 2009<br>Time:　　9:00 am<br>Place:　　TBD<br>Judge:　　Hon. Phyllis J. Hamilton |

Case No. 07-CV-01658 PJH (EDL)

PLAINTIFFS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL
SUMMARY JUDGMENT REGARDING PLAINTIFFS' HYPOTHETICAL LICENSE

1        Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA
2   Limited, and Siebel Systems, Inc. (together, "Oracle") hereby object to certain portions of the
3   Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Hypothetical License
4   Damages Claim (the "Motion"), the Declaration of Tharan Gregory Lanier (the "Lanier
5   Declaration") filed in support of the Motion, and specifically to the Exhibits attached to the
6   Lanier Declaration, all offered by Defendants SAP AG, SAP America Inc., and TomorrowNow,
7   Inc. (together, "Defendants") in support of their Motion filed on August 26, 2009.  These
8   objections are made without prejudice to Oracle's right to make further written and oral
9   objections at the hearing on the instant motions and/or at trial.
10       Oracle objects on the grounds that the Motion, the Lanier Declaration, and its
11  attached Exhibits are predicated on testimonial evidence from the Depositions of Larry Ellison,
12  Safra Catz and Charles Phillips that is not admissible, because the cited testimony (a) is
13  irrelevant to the Motion; (b) is vague, ambiguous and/or too speculative; (c) is based on
14  incomplete hypotheticals; (d) lacks proper foundation; and/or, (e) constitutes improper lay
15  witness opinion testimony.  *See* Fed. R. Evid. §§ 401, 402, 602, 701, and 901; *see also Orr v.*
16  *Bank of America*, 285 F.3d 764, 773 (9th Cir. 2002); *Beyene v. Coleman Sec. Servs. Inc.*, 854
17  F.2d 1179, 1181 (9th Cir. 1988) ("It is well settled that only admissible evidence may be
18  considered by the trial court in ruling on a motion for summary judgment.").
19       Oracle specifically objects to that evidence, and requests such evidence be
20  stricken by the Court, as follows:

| **EXHIBIT A TO THE LANIER DECLARATION** ||
|---|---|
| **MATERIAL OBJECTED TO** | **GROUNDS FOR OBJECTION** |
| Deposition of Safra Catz, submitted as Exhibit A to the Lanier Declaration ("Catz Depo.") at 23:4-25:18, 160:3-161:5 & Motion at 4:6-9; 13:15-20 | The cited testimony is objectionable and inadmissible to support Defendants' Motion for three reasons.<br><br>First, it is not relevant to the Motion, and is therefore inadmissible.  Fed. R. Evid. §§ 401, 402.  The objectionable |

1

| | |
|---|---|
| 1 | **EXHIBIT A TO THE LANIER DECLARATION** |
| 2 | |
| 3 | **MATERIAL OBJECTED TO**     **GROUNDS FOR OBJECTION** |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|
| (citing same). | testimony does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. §401; s*ee* Oracle's Opposition to Defendants' Motion for Partial Summary Judgment ("Opposition") at 5:5-9:16; 20:7-21:5 & 25:15-19 (establishing that the fair market license value is an objective test based on a hypothetical negotiation between a willing buyer and seller, such that executive testimony showing uncertainty concerning whether such a negotiation would have occurred is not relevant).<br><br>Second, Defendants mischaracterize Ms. Catz's testimony by citing it out of context. *See* Motion at 4:6-9; 5:28-6:2; *cf.* Declaration of Safra Catz submitted in support of Oracle's Opposition to Defendants' Motion for Partial Summary Judgment ("Catz Decl.") at ¶¶ 3-4. For this reason, and in general, the line of questioning in the cited testimony is vague, ambiguous, called for speculation and is based upon an incomplete hypothetical. For example, Defense counsel failed to furnish relevant facts that Ms. Catz indicated she would need to understand the questions. *See* Catz. Depo. at 25:14-16. Further, Defense counsel admitted the line of questioning was hypothetical and speculative, but did not rephrase, withdraw or otherwise correct his improper question. *See* Catz. Depo. at 160:13-161:5. As a result, the cited testimony lacks proper foundation and is inadmissible. Fed. R. Evid. §§ 602, 701 & 901.<br><br>Third, due to the lack of clarity of the questioning, the failure to furnish sufficient basis for the witness to form a proper opinion, the impact and relevance of expert testimony to these issues, and the irrelevance of the cited testimony to the Motion as described above, the cited testimony also constitutes an improper lay witness opinion. *See* Fed. R. Evid. § 701; *see also U.S. v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006) (requiring "opinion testimony of lay witnesses" to be predicated on "concrete facts within their own observation"). It is inadmissible on that ground as well. |

2

PLAINTIFFS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' HYPOTHETICAL LICENSE

| | |
|---|---|
| | **EXHIBIT B TO LANIER DECLARATION** |
| **MATERIAL OBJECTED TO** | **GROUNDS FOR OBJECTION** |
| Deposition of Charles Phillips, submitted as Exhibit B to the Lanier Declaration ("Phillips Depo.") at 117:9-120:18 & Motion at 4:6-9; 11:20-23; 13:15-20 (citing same). | Similar to the Catz testimony, the cited testimony from the Deposition of Charles Phillips is objectionable and inadmissible to support Defendants' Motion for three reasons.<br><br>First, it is not relevant to the Motion, and is therefore inadmissible. Fed. R. Evid. §§ 401, 402. The objectionable testimony does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. §401; s*ee* Opposition at 5:5-9:16; 20:7-21:5 & 25:15-19 (establishing that the fair market license value is an objective test based on a hypothetical negotiation between a willing buyer and seller, such that executive testimony showing uncertainty concerning whether such a negotiation would have occurred is not relevant).<br><br>Second, Defendants mischaracterize Mr. Phillips' testimony by citing it out of context. *See* Motion at 5:25- 28. Further, Defense counsel failed to furnish relevant facts Mr. Phillips would have needed to understand the questions. For these reasons, and in general, the line of questioning in the cited testimony is vague, ambiguous, called for speculation and is based upon an incomplete hypothetical. As a result, the cited testimony lacks proper foundation and is inadmissible. *See* Fed. R. Evid. §§ 602, 701 & 901.<br><br>Third, due to the lack of clarity of the questioning, the failure to furnish sufficient facts for the witness to form a proper opinion, the impact and relevance of expert testimony to these issues, and the irrelevance of the cited testimony to the Motion as described above, the cited testimony also constitutes an improper lay witness opinion. *See* Fed. R. Evid. § 701; *see also U.S. v. Durham*, 464 F.3d 976, 982 (9th Cir. 2006) (requiring "opinion testimony of lay witnesses" to be predicated on "concrete facts within their own observation"). It is inadmissible on that ground as well. |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|
| **EXHIBIT C TO LANIER DECLARATION** ||
| Deposition of Larry Ellison, submitted as Exhibit C to the Lanier Declaration ("Ellison Depo.") at 73:25-87:17, 114:16-25 & Motion at 4:9-25; 6:2-8; 11:18-23 12:9-16; 13:15-20; 14:3-6 (citing same). | Similar to the Catz and Phillips testimony discussed above, the cited testimony from the Deposition of Larry Ellison is objectionable and inadmissible to support Defendants' Motion for three reasons. First, it is not relevant to the Motion, and is therefore inadmissible. Fed. R. Evid. §§ 401, 402. The objectionable testimony does not have "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." Fed. R. Evid. §401; s*ee* Opposition at 5:5-9:16; 20:7-21:5 & 25:15-19 (establishing that the fair market license value is an objective test based on a hypothetical negotiation between a willing buyer and seller, such that executive testimony showing uncertainty concerning whether such a negotiation would have occurred is not relevant). Second, Defendants mischaracterize Mr. Ellison's testimony by citing it out of context. *See* Motion at 2:13-17; 4:6-25; 6:2-8; *cf.* Declaration of Larry Ellison in Support of Oracle's Opposition to Defendants' Motion for Partial Summary Judgment ("Ellison Decl."), submitted concurrently with these Objections, at ¶¶ 3-4. Defense counsel failed to furnish relevant facts Mr. Ellison would have needed to understand and properly respond to the questions posed to him. *See id.* For these reasons, and in general, the line of questioning in the cited testimony is vague, ambiguous, called for speculation and is based upon an incomplete hypothetical. As a result, the cited testimony lacks proper foundation and is inadmissible. *See* Fed. R. Evid. §§ 602, 701 & 901. Third, due to the lack of clarity of the questioning, the failure to furnish sufficient facts for the witness to form a proper opinion, the impact and relevance of expert testimony to these issues, and the irrelevance of the cited testimony to the Motion as described above, the cited testimony also constitutes an improper lay witness opinion. *See* Fed. R. Evid. § 701; *see also U.S. v. Durham*, 464 F.3d |

| MATERIAL OBJECTED TO | GROUNDS FOR OBJECTION |
|---|---|
| **EXHIBIT C TO LANIER DECLARATION** ||
| | 976, 982 (9th Cir. 2006) (requiring "opinion testimony of lay witnesses" to be predicated on "concrete facts within their own observation"). It is inadmissible on that ground as well. In addition, should the Court consider the cited testimony, additional clarifying testimony and evidence should also be considered. Fed. R. Evid. § 106; *see also U.S. v. Bollin*, 264 F.3d 391, 414 (4th Cir. 2001) (purpose of the rule is "to prevent a party from misleading the jury by allowing into the record relevant portions of the excluded testimony which clarify or explain the part already received.") Accordingly, Oracle has submitted the additional clarifying testimony and evidence in support of its Opposition. *See* Declaration of Holly House in Support of Oracle's Opposition to Defendants' Motion for Partial Summary Judgment, submitted concurrently with these Objections, Ex. C at 134:10-136:21; *see also* Ellison Decl. at ¶¶ 3-4. |

DATED: September 23, 2009

                                              Bingham McCutchen LLP


                                    By:    /s/ Zachary Alinder
                                            Zachary J. Alinder
                                            Attorneys for Plaintiffs
                                         Oracle USA, Inc., Oracle International
                                    Corporation, Oracle EMEA Limited, and Siebel
                                                  Systems, Inc.

PLAINTIFFS' OBJECTIONS TO EVIDENCE FILED IN SUPPORT OF DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT REGARDING PLAINTIFFS' HYPOTHETICAL LICENSE