Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:     (650) 739-3939
Facsimile:     (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:     (832) 239-3939
Facsimile:     (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>           Plaintiffs,<br><br>   v.<br><br>SAP AG, et al.,<br><br>           Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**RESPONSE IN SUPPORT OF PLAINTIFFS' ADMINISTRATIVE MOTION TO PERMIT PLAINTIFFS TO FILE UNDER SEAL DEFENDANTS' INFORMATION SUPPORTING PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT** |

I. **INTRODUCTION**

Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited and Siebel Systems, Inc. (collectively, "Plaintiffs") filed an Administrative Motion to Permit Plaintiffs to File Under Seal Defendants' Information Supporting Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment ("Administrative Motion") (D.I. 489) to seal (1) excerpts from an SAP document entitled "SAP AG, Fair Value of Certain Assets, Liabilities and Legal Entities of Business Objects S.A. As of January 21, 2008," attached as Exhibit 44 to the Declaration of Paul K. Meyer in Support of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment ("Meyer Decl."), as well as related text in paragraph 40(b) of the Meyer Decl.; and (2) portions of Plaintiffs' Opposition to Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Hypothetical [Fair Market Value] License Damages ("Opposition") at 22:13-14 and portions of the Declaration of Lawrence Ellison ("Ellison Decl.") at 3:21-23, both referencing payments made pursuant to the database reseller agreement between the parties. Plaintiffs lodged copies of this material with the Court on September 23, 2009.

SAP AG, SAP America, Inc. and TomorrowNow, Inc. (collectively, "Defendants") seek to keep under seal their highly confidential information, which Plaintiffs have filed in support of their Opposition but which Defendants will argue have no relevance to Defendants' pending Motion for Partial Summary Judgment. Accordingly, pursuant to Local Rule 79-5, Defendants file this Response and the accompanying Declaration of Werner Brandt Filed in Support of Defendants' Response to Plaintiffs' Administrative Motion ("Brandt Decl.") in support of a narrowly tailored order authorizing the sealing of Exhibit 44, portions of the Opposition at 22:13-14 and portions of the Ellison Decl. at 3:21-23.[1] Compelling reasons and good cause exist to protect this highly confidential information. Accordingly, the sealing order Defendants seek is based on more than the blanket Protective Order in this action. It also rests on proof that particularized prejudice or harm will result if the sensitive information contained in these

---

[1] Defendants did not have an opportunity to review the Meyer Decl. prior to its filing on September 23, 2009. Having had an opportunity to review it, Defendants do not seek to file under seal paragraph 40(b) of the Meyer Decl.

documents is publicly released.[2] It further rests on a showing that such particularized prejudice or harm outweighs the questionable public interest in access to this information, which Defendants will contend is irrelevant to the issues in this case.

## II. STANDARD

As a general matter, "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). However, the Ninth Circuit has recognized that "access to judicial records is not absolute." *Id.* A party seeking to seal a document or information filed in connection with a dispositive motion may overcome the presumption of public access by meeting the "compelling reasons" standard articulated by the Ninth Circuit. *Id.*; *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Medtronic Vascular Inc. v. Advanced Cardiovascular Sys., Inc.*, 614 F. Supp. 2d 1006, 1035-36 (N.D. Cal. 2009) (Hamilton, J.) (granting in part motion to file under seal where requesting party had shown a "compelling need" to file under seal), amended on other grounds, No. C 06-1066 PJH, 2009 WL 1764749 (N.D. Cal. June 22, 2009). Specifically, the requesting party must "articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted). Compelling reasons sufficient to outweigh the public's interest in disclosure and to justify sealing court records exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

## III. ARGUMENT

### A. Compelling Reasons Support Filing Exhibit 44 and Portions of Plaintiffs' Opposition and Ellison Decl. Under Seal.

Compelling reasons and good cause support filing under seal Exhibit 44 and the portions of the Opposition and Ellison Decl. that reference payments made by SAP to Oracle pursuant to

---

[2] Because the Local Rules require Court approval based on a declaration supporting sealing even when the parties agree as to the confidential status of the document, Defendants submit the referenced Brandt Decl. *See* L.R. 79-5(d).

1  the parties' database reseller agreement.

2    First, the documents Defendants seek to file under seal contain non-public, commercially sensitive and confidential information, the disclosure of which would create a risk of significant competitive injury and particularized harm and prejudice to SAP. Exhibit 44 is a non-public October 5, 2008 analysis by Deloitte Financial Advisory Services LLP of the fair value of certain assets and liabilities of Business Objects S.A., which SAP acquired on January 21, 2008. *See* Brandt Decl. ¶ 2. Disclosure of this document would grant SAP's competitors, partners, customers, future acquisition targets and other interested parties insight into SAP's internal assessments, strategy and operations, providing them with an unfair competitive advantage over SAP with respect to current and future operations and negotiations. *See* Brandt Decl. ¶ 2. Additionally, disclosure of this internal and highly-sensitive information about the value of the assets and liabilities of a recent acquisition could potentially affect stock values. *See* Brandt Decl. ¶ 2. This document is treated as confidential within SAP, and Defendants have protected Exhibit 44 from improper public disclosure through the Stipulated Protective Order ("Protective Order") by designating the document "Highly Confidential Information – Attorneys' Eyes Only." *See* Brandt Decl. ¶ 2. Similarly, disclosure of the portions of the Opposition at 22:13-14 and portions of the Ellison Decl. at 3:21-23, which both reference payments made by SAP to Oracle pursuant to the parties' database reseller agreement, would result in specific harm to SAP. *See* Brandt Decl. ¶ 3. In particular, disclosure of the royalty payments SAP has paid to Oracle over the last seven years would impact other reseller relationships SAP maintains with other database vendors. *See* Brandt Decl. ¶ 3. Permitting SAP's other database partners access to information regarding the price SAP pays to license Oracle database technology would provide these entities with an unfair competitive advantage with respect to future negotiations regarding their ongoing database licenses with SAP. *See* Brandt Decl. ¶ 3. SAP treats the amount it has paid Oracle pursuant to the parties' database reseller agreement as confidential and does not permit public disclosure of this information.

  Second, the public interest in disclosing what Defendants will argue is irrelevant information contained in Exhibit 44 and portions of the Opposition and Ellison Decl. is

outweighed by the significant competitive injury and particularized harm to SAP that would result from disclosure. Typically, public disclosure of court files is favored because "the resolution of a dispute on the merits, whether by trial or summary judgment, is at the heart of the interest in ensuring the 'public's understanding of the judicial process and of significant public events.'" *See Kamakana*, 447 F.3d at 1179 (internal citation omitted). However, as Defendants will argue in their reply, these documents—which relate solely to the *amount* of a hypothetical license, rather than to whether a hypothetical license is available at all in this case—are not relevant to Defendants' Motion for Partial Summary Judgment. There is no reason to permit disclosure of information that would harm SAP when doing so may not be in the public's interest. Indeed, as this is information that would otherwise remain confidential, Plaintiffs' public disclosure of documents and information to the competitive detriment of SAP would be improper. *See Kamakana*, 447 F.3d at 1179 (stating that compelling reasons exist to seal court files when they are used for improper purposes, such as releasing confidential information like trade secrets). In light of the harm that would result to SAP and the questionable public benefit of disclosing SAP's highly confidential documents, there are compelling reasons to keep these documents under seal.

### B. Defendants' Request to Seal is Narrowly Tailored

Defendants have narrowly tailored their request by requesting sealing only of Exhibit 44 and the short excerpts from the Opposition and Ellison Decl. that contain the most commercially sensitive and confidential information. Defendants have agreed that the many excerpts of their witnesses' confidential deposition testimony, which Plaintiffs have filed in support of their Opposition, may be filed publicly. Additionally, Defendants agreed to allow Plaintiffs to file 30 of Defendants' internal documents publicly in support of Plaintiffs' Opposition.

### IV. CONCLUSION

Defendants respectfully request that this Court enter the proposed order tendered with this Response, thereby directing that Exhibit 44, portions of the Opposition at 22:13-14 and portions of the Ellison Decl. at 3:21-23 be filed under seal because: (a) disclosure of the confidential information Defendants seek to file under seal would create a risk of significant competitive injury and particularized harm and prejudice to SAP, (b) the injury and harm to SAP that would

result from disclosure of Exhibit 44 and the portions of the Opposition and Ellison Decl. outweigh the questionable public interest in disclosure of documents Defendants will argue are not relevant to their Motion for Partial Summary Judgment and (c) Defendants' request to seal is narrowly tailored.

Dated: September 30, 2009

JONES DAY

By: /s/ Tharan Gregory Lanier
Tharan Gregory Lanier

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.