| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP<br>DONN P. PICKETT (SBN 72257) |
| 2 | GEOFFREY M. HOWARD (SBN 157468)<br>HOLLY A. HOUSE (SBN 136045) |
| 3 | ZACHARY J. ALINDER (SBN 209009)<br>BREE HANN (SBN 215695) |
| 4 | Three Embarcadero Center<br>San Francisco, CA 94111-4067 |
| 5 | Telephone: 415.393.2000<br>Facsimile: 415.393.2286 |
| 6 | donn.pickett@bingham.com<br>geoff.howard@bingham.com |
| 7 | holly.house@bingham.com<br>zachary.alinder@bingham.com |
| 8 | bree.hann@bingham.com |
| 9 | DORIAN DALEY (SBN 129049) |
| 10 | JENNIFER GLOSS (SBN 154227)<br>500 Oracle Parkway, M/S 5op7 |
| 11 | Redwood city, CA 94070<br>Telephone: 650.506.4846 |
| 12 | Facsimile: 650.506.7114<br>dorian.daley@oracle.com |
| 13 | jennifer.gloss@oracle.com |
| 14 | Attorneys for Plaintiffs<br>Oracle USA, Inc., Oracle International Corporation, |
| 15 | Oracle EMEA Limited, and Siebel Systems, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| 20 | ORACLE USA, INC., *et al.*, | Case No. 07-CV-01658 PJH (EDL) |
| 21 | Plaintiffs, | **DECLARATION OF HOLLY A.** |
| 22 | v. | **HOUSE IN SUPPORT OF ORACLE'S OBJECTIONS TO ORDER OF** |
| 23 | SAP AG, *et al.*, | **DISCOVERY MAGISTRATE GRANTING DEFENDANTS'** |
| 24 | Defendants. | **MOTION FOR PRECLUSION OF CERTAIN DAMAGES EVIDENCE** |
| 25 | | **PURSUANT TO FEDERAL RULES OF CIVIL PROCEDURE 37(c) AND** |
| 26 | | **16(f)** |

1

DECLARATION OF HOLLY A. HOUSE

Dockets.Justia.com

I, Holly A. House, declare as follows:

1. I am an attorney licensed to practice law in the State of California and a partner at Bingham McCutchen LLP, counsel of record for Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Ltd. and Siebel Systems, Inc. (collectively, "Oracle"). I make this declaration in support of Oracle's Objections to Order of Discovery Magistrate Granting Defendants' Motion for Preclusion of Certain Damages Evidence Pursuant to Federal Rules of Civil Procedure 37(c) and 16(f). I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

Justification for Consideration of Attached Additional Evidence re Cross-Sell and Up-Sell Damages.

2. Oracle did not include the attached additional discovery conference transcripts cites, additional background evidence on the discussion surrounding the need for the customer lists and the backup for those customers on the lists, Defendants' deposition questioning of customers on that list, Defendants' questioning of Oracle witnesses using long-ago produced up-sell and cross-sell documents and Defendants' focus on cross-sell and up-sell opportunities at the time SAP acquired TomorrowNow in support of its Opposition to Defendants' Rule 37 Motion before Magistrate Laporte because (1) the Motion was not just about the cross-sell and up-sell lost profits that are the focus of the Objections, but covered several categories of potential lost profits damages, all of which had to be addressed but in a way that did not overwhelm Magistrate Laporte with paper; moreover, Oracle had used its allotted 25 pages in its Opposition; (2) given what was already in the record and given Defendants' counsel's and Magistrate Laporte's extensive involvement in setting discovery parameters to test Oracle's up-sell and cross-sell damages claims, Oracle did not believe that further evidence showing that all lost profits for the agreed upon list of TomorrowNow customers was "in play" was required; (3) moreover the bulk of additional support comes from the discovery conferences in which all parties and the Magistrate participated; indeed, Magistrate Laporte cites the many discovery conferences over which she presided (and which Oracle now cites in support of its Objections) as a basis for her Order (Order at 2:17-18), so in effect, these conferences are already

2

1  part of the record below; (4) the cited Oracle depositions showing (a) no cross-sell and up-sell
2  analyses exist that were not cited below and (b) showing Defendants' use of long-ago produced
3  cross-sell and up-sell exhibits had not occurred when the Motion was briefed and heard; (5) if the
4  Order were treated as meriting de novo review (which Oracle argues in its Objections it does,
5  with citation to authority) then this additional evidence could and should be considered; (6) the
6  Ninth Circuit's and this District's interest in having damages decided on the merits (see
7  authorities cited in Objections) further justifies considering the additional evidence regardless of
8  whether the Order is treated as dispositive or nondispositive.

<u>Discovery Conference Transcript Excerpts and Orders (in chronological order):</u>

3. Attached as **Exhibit A** is a true and correct copy of excerpts from the May 28, 2008 Discovery Conference Transcript at 23:23-26:16; 30:13-20.

4. Attached as **Exhibit B** is a true and correct copy of excerpts from the June 24, 2008 Joint Discovery Conference Statement [Dkt. No. 102] at 6:24-7:2.

5. Attached as **Exhibit C** is a true and correct copy of excerpts from the July 1, 2008 Discovery Conference Transcript [Dkt. No. 105] at 57:21-63:8.

6. Attached as **Exhibit D** is a true and correct copy of the July 3, 2008 Order Regarding Scope of Discovery [Dkt. No. 107] at 5:6-16.

7. Attached as **Exhibit E** is a true and correct copy of excerpts from the July 24, 2008 Discovery Conference Transcript at 21:12-26:17.

8. Attached as **Exhibit F** is a true and correct copy of excerpts from the August 28, 2008 Discovery Conference Transcript [Dkt. No. 176] at 16:1-18:10, 23:3-29:9.

9. Attached as **Exhibit G** is a true and correct copy of excerpts from the Transcript of May 26, 2009 Discovery Conference Transcript at 10:11-17.

<u>Meet and Confer Correspondence:</u>

10. Attached as **Exhibit H** is a true and correct copy of a February 23, 2009 Letter from Lucia MacDonald to Elaine Wallace.

<u>Questions Asked by Defendants At Customer Depositions About Cross-Sell and Up-Sell Damages:</u>

1       11.     No customer deposition occurred prior to Defendants' receipt of Oracle's
2  May 22, 2009 Supplemented and Amended Initial Disclosure, so even if that had been the first
3  time Defendants had been told about Oracle's claims for cross-sell and up-sell damages for lost
4  TomorrowNow customers (the record shows that is not the case), then Defendants were not
5  prejudiced in their questioning of customers by that disclosure.  The following attached customer
6  deposition excerpts are examples of the types of questions SAP's counsel has asked customers
7  on the TomorrowNow customer list to defend against Oracle's cross-sell and up-sell damages
8  claims.

9       12.     Attached as **Exhibit I** is a true and correct copy of excerpts from the July
10  23, 2009 deposition of Robert Wasson on behalf of McClennan County at 104:6-22.

11      13.     Attached as **Exhibit J** is a true and correct copy of excerpts from the
12  August 21, 2009 deposition of Bruno Singh on behalf of Universal City Studios at 71:9-12.

13      14.     Attached as **Exhibit K** is a true and correct copy of excerpts from the
14  September 15, 2009 deposition of Lexmark International at 37:3-5.  The parties have not yet
15  received a final version of this deposition transcript, therefore the rough transcript is attached.

16              <u>Early Oracle Witness Testimony Regarding Cross-Sell and Up-sell</u>

17      15.     Attached as **Exhibit L** is a true and correct copy of excerpts from the
18  February 26, 2009 deposition of Charles Homs at 189:10-190:13.

19              <u>Questioning of Oracle Witnesses Using Long-Ago Produced Cross-Sell and Up-
20  Sell Documents and Confirming No Non-Produced Analyses</u>

21      16.     Attached as **Exhibit M** is a true and correct copy of excerpts from the
22  August 28, 2009 deposition of Douglas Kehring at 92:8-13; 92:24-97:18 and 202:21-204:3.  The
23  testimony references Exhibits 591 and 596 and confirms each discussed cross-sell and up-sell
24  metrics as to PeopleSoft and JDE customers; Oracle produced Exhibit 591 to Defendants on
25  February 6, 2009 and Exhibit 596 to Defendants on March 10, 2008.

26      17.     Attached as **Exhibit N** is a true and correct copy of excerpts from the
27  September 2, 2009 deposition of Judith Sim at 66:23-70:22.  These excerpts confirm that the
28  "Next Likely Purchase" analyses used by Oracle's Marketing group concern what marketing

1  events might drive purchases not what products a customer is likely to purchase. Also part of
2  Exhibit N are excerpts of questioning of Ms. Sim by SAP's counsel [122:20-125:17] about Ex.
3  615, which, as the questions show, is an Oracle document titled "Protect & Grow the PeopleSoft
4  Installed Base" that extensively discusses Oracle's plans to maximize its acquisition of
5  PeopleSoft by up-selling and cross-selling into that base. I had identified another copy of this
6  document that was produced to Defendants on January 18, 2008 in my Declaration in Support of
7  Oracle's Opposition to Defendants' Rule 37 Motion [Dkt Nos. 375, 470] at ¶ 27e (discussing
8  examples of up-sell and cross-sell documents Oracle had produced).
9        18.    Attached as **Exhibit O** is a true and correct copy of excerpts from the
10  September 17, 2009 deposition of Keith Block at 133:12-134:23. This testimony confirms that
11  Oracle's North American Sales organization does not have or use analyses of what products a
12  customer is likely to purchase.
13        SAP's Early Acknowledgement of How Oracle Customers Lured to SAP by
14  SAP's Safe Passage Program by TomorrowNow Exposed SAP to Damages Claims by Oracle
15        19.    Attached as **Exhibit P** is a true and correct copy of an excerpt from
16  Plaintiffs' Deposition Exhibit 430, Bates Number SAP-OR 00002183-2191 at SAP-OR
17  00002184, produced by SAP in the course of discovery in response to requests for production
18  from Oracle. This document has been identified and testified to in the depositions of SAP
19  witnesses Thomas Zieman and CFO Werner Brandt, among other SAP witnesses.
20        Excerpts from Oracle's Initial Complaint and First, Second, Third, and Fourth
21  Amended Complaints
22        20.    While Oracle cited the following attached excerpts of its Complaints in its
23  Opposition to Defendants' Rule 37 Motion, it attaches them here for ease of reference.
24        21.    Attached as **Exhibit Q** is a true and correct copy of excerpts from Oracle's
25  March 22, 20097 Complaint at ¶106, 116; June 1, 2007 First Amended Complaint at ¶92, 137,
26  July 28, 2008 Second Amended Complaint at ¶140, 144; October 8, 2008 Third Amended
27  Complaint at ¶141, 145, 191-192; and August 18, 2009 Fourth Amended Complaint at ¶148,
28  152, 197, and 207.

1   I declare under the laws of the United States and the State of California that the
2   foregoing is true and correct and that this Declaration was executed on October 1, 2009, in San
3   Francisco, California.
4
5                                                                     /s/ Holly A. House
6                                                                    Holly A. House

DECLARATION OF HOLLY A. HOUSE