# EXHIBIT B

Dockets.Justia.com

| | |
|---|---|
| 1  BINGHAM McCUTCHEN LLP<br>   DONN P. PICKETT (SBN 72257)<br>2  GEOFFREY M. HOWARD (SBN 157468)<br>   HOLLY A. HOUSE (SBN 136045)<br>3  ZACHARY J. ALINDER (SBN 209009)<br>   BREE HANN (SBN 215695)<br>4  Three Embarcadero Center<br>   San Francisco, CA 94111-4067<br>5  Telephone: (415) 393-2000<br>   Facsimile:  (415) 393-2286<br>6  donn.pickett@bingham.com<br>   geoff.howard@bingham.com<br>7  holly.house@bingham.com<br>   zachary.alinder@bingham.com<br>8  bree.hann@bingham.com<br><br>9  DORIAN DALEY (SBN 129049)<br>   JENNIFER GLOSS (SBN 154227)<br>10 500 Oracle Parkway<br>   M/S 5op7<br>11 Redwood City, CA 94070<br>12 Telephone: (650) 506-4846<br>   Facsimile:  (650) 506-7114<br>13 dorian.daley@oracle.com<br>   jennifer.gloss@oracle.com<br>14<br>   Attorneys for Plaintiffs<br>15 Oracle Corporation, Oracle USA, Inc., and<br>   Oracle International Corporation<br>16 | Robert A. Mittelstaedt (SBN 060359)<br>Jason McDonell (SBN 115084)<br>Elaine Wallace (SBN 197882)<br>JONES DAY<br>555 California Street, 26th Floor<br>San Francisco, CA 94104<br>Telephone:   (415) 626-3939<br>Facsimile:   (415) 875-5700<br>ramittelstaedt@jonesday.com<br>jmcdonell@jonesday.com<br>ewallace@jonesday.com<br><br>Tharan Gregory Lanier (SBN 138784)<br>Jane L. Froyd (SBN 220776)<br>JONES DAY<br>1755 Embarcadero Road<br>Palo Alto, CA 94303<br>Telephone:   (650) 739-3939<br>Facsimile:   (650) 739-3900<br>tglanier@jonesday.com<br>jfroyd@jonesday.com<br><br>Scott W. Cowan (Admitted *Pro Hac Vice*)<br>Joshua L. Fuchs (Admitted *Pro Hac Vice*)<br>JONES DAY<br>717 Texas, Suite 3300<br>Houston, TX 77002<br>Telephone:   (832) 239-3939<br>Facsimile:   (832) 239-3600<br>swcowan@jonesday.com<br>jlfuchs@jonesday.com<br><br>Attorneys for Defendants<br>SAP AG, SAP AMERICA, INC., and<br>TOMORROWNOW, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE CORPORATION, *et al.*,<br><br>         Plaintifs,<br><br>   v.<br><br>SAP AG, *et al.*,<br><br>         Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**JOINT DISCOVERY CONFERENCE STATEMENT**<br><br>Date: July 1, 2008<br>Time: 11:00 a.m.<br>Courtroom: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |

Oracle took Defendants up on their offer, providing counsel with a specific list of nine custodians (namely those board members and high level executives that discovery to date indicate are most involved and knowledgeable) and requesting that Defendants immediately prioritize production from them. Based on Defendants' representations to the Court that they were producing an average of 10 custodians a month, Oracle also served notices of those individuals' depositions allowing for such a scheduled rate of production followed by review of produced documents.

Initially, Defendants balked. They provided a list of eleven other custodians already in their production queue for June – none of whom Oracle had selected and some of whom appear only marginally relevant. Oracle asked them to stop production from all but one and to focus on the custodians on Oracle's list. Defendants agreed. However, they promised production for just these priority custodians only by late fall, and completion of their depositions thus cannot occur until Thanksgiving at the earliest. This calls into question Defendants' ability to produce the remaining custodians and targeted searches.

Oracle needs more certainty that it will receive documents in a timely fashion. It will ask the Court to order Defendants to produce, at minimum, at the 10 custodian per month rate Defendants asserted it was meeting at the last Discovery Conference. This assurance is the only way that Oracle can be sure it can explore the most meaningful witnesses in the foreseeable future and get full production of the limited custodians in adequate time before the discovery cut-off.

*The Number of Custodians Produced by Defendants Should Exceed that Produced By Oracle.* The relevant information in this case largely resides with Defendants: they did the misdeeds and they reaped the rewards. Moreover, there are three Defendants: the two corporate SAP parents and the SAP TN subsidiary – with three separate headquarters, numerous other international offices, different servers, different managers, and different SAP AG and SAP TN boards of directors (SAP America has no board). In contrast, Oracle is effectively one company.[3] Oracle's relevant information and custodians are essentially limited to its copyright registrations,

---

[3] Oracle International Corporation is the holding company for Oracle's intellectual property, which Oracle USA licenses to customers, and both of which Oracle Corporation controls. Accordingly, in contrast to the three Defendants, Oracle has one headquarters in Redwood City, California, and is one customer-facing entity, *e.g.* with one human resources department and one sales and marketing team.

1  its relevant customer licenses, and the revenue streams reasonably associated with its customers
2  who left for SAP TN (though Defendants seek much more).[4] Oracle needs to spend the limited
3  time allotted to discovery reviewing Defendants' relevant documents and taking Defendants'
4  depositions, not producing irrelevant information. Thus, whatever custodial limits are imposed
5  on Defendants, Oracle requests that it be ordered to produce between one third and one half of
6  Defendants' total.

### (2) Targeted Searches

The Parties agree that certain types of information should be specifically looked for from likely sources, such as a centralized database or from the person most likely to have such information – rather than assuming such information would be revealed in custodial productions. Oracle views this as an important safety net against the limited number of custodial productions. Oracle has suggested each Party be able to propound 10 targeted searches, with the ability for good cause shown, to seek the Court's order for more.

In mid-May, two weeks before the last Discovery Conference, Oracle provided Defendants with an initial list of targeted searches it wanted assurance from Defendants they were providing in addition to custodial searches: (1) board materials; (2) financial information; (3) customer contracts for customers (and communications with them) claimed as wins in Defendants' Safe Passage program; (4) Defendants' reports on customer wins, losses and those at risk (analogous reports to reports Oracle found by targeted search and already produced to

---

[4] For instance, Defendants have sought all of Oracle's documents concerning its competition with SAP and all of Oracle's financial documents (at the general ledger level) – discovery far afield from the products and issues in this case. *See, e.g.*, Defendants' RFP No. 91 (seeking all documents relating Oracle's strategy to offer a broad product line "to compete against SAP AG"); Defendants' RFP No. 81 (seeking all documents related to "Project Fusion"); Defendants' First 30(b)(6) Notice of Deposition of Plaintiff Oracle Corp. Topic 6 (seeking to depose a witness on Oracle's general "Sales, marketing, or competitive intelligence . . . relating to SAP and/or TN"). Defendants have also sought all of Oracle's financial documents, at the general ledger level, to support every aspect Oracle business, including all "new software license revenue and expenses," "On Demand revenue and expenses," all "departments" of the PeopleSoft organization, and Oracle's "executive" department. *See, e.g.*, June 6, 2008 Letter from Mr. McDonell to Mr. Howard. And, Defendants have repeatedly requested information about Oracle products and services completely (and admittedly) unrelated to the products at issue in this case. *See, e.g.*, Defendants' RFP No. 67 ("Documents sufficient to show Oracle's revenues, costs, and profit margins for products other than those referred to in the Complaint or at issue in this litigation, and services relating to such products.").

| | | |
|---|---|---|
| 1 | DATED: June 24, 2008 | BINGHAM McCUTCHEN LLP |

By: /s/ Holly A. House
        Holly A. House

Attorneys for Plaintiffs
Oracle Corporation, Oracle International Corporation, and Oracle USA, Inc.

In accordance with General Order No. 45, Rule X, the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.

DATED: June 24, 2008                    JONES DAY

By: /s/ Jason McDonell
        Jason McDonell

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and TOMORROWNOW, INC.