```
 1  BINGHAM MCCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
 2  GEOFFREY M. HOWARD (SBN 157468)
    HOLLY A. HOUSE (SBN 136045)
 3  ZACHARY J. ALINDER (SBN 209009)
    BREE HANN (SBN 215695)
 4  Three Embarcadero Center
    San Francisco, CA  94111-4067
 5  Telephone:  415.393.2000
    Facsimile:  415.393.2286
 6  donn.pickett@bingham.com
    geoff.howard@bingham.com
 7  holly.house@bingham.com
    zachry.alinder@bingham.com
 8  bree.hann@bingham.com

 9
    DORIAN DALEY (SBN 129049)
10  JENNIFER GLOSS (SBN 154227)
    500 Oracle Parkway, M/S 5op7
11  Redwood City, CA  94070
    Telephone:  650.506.4846
12  Facsimile:  650.506.7114
    dorian.daley@oracle.com
13  jennifer.gloss@oracle.com

14  Attorneys for Plaintiffs
    Oracle USA, Inc., Oracle International Corporation,
15  Oracle EMEA Limited, and Siebel Systems, Inc.
```

16                    UNITED STATES DISTRICT COURT

17                   NORTHERN DISTRICT OF CALIFORNIA

18                        SAN FRANCISCO DIVISION

| | |
|---|---|
| 19  ORACLE USA, INC. *et al*, | No. 07-CV-01658 PJH (EDL) |
| 20            Plaintiffs, | **DECLARATION OF AMY DONNELLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF DAMAGES RELATED DOCUMENTS AND INFORMATION** |
| 21       v. | |
| 22  SAP AG, *et al.*, | |
| 23            Defendants. | |
| 24  | **[REDACTED]** |
| 25  | Date:  November 24, 2009<br>Time:  9:00 a.m. |
| 26  | Place: E, 15th Floor<br>Judge: Hon. Elizabeth D. Laporte |
| 27  | |
| 28  | |

Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF AMY DONNELLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DAMAGES RELATED DOCUMENTS AND INFORMATION

dockets.Justia.com

I, Amy Donnelly, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and before this Court, and am an associate at Bingham McCutchen LLP, counsel of record for plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. (together, "Oracle") in this action. I have personal knowledge of the facts stated below and, if called as a witness, could competently testify as to them.

***Discovery Requests and Responses***

2. On August 29, 2008, Oracle served its First Set of Targeted Search Requests. Oracle's First Set of Targeted Search Requests included a request for production of financial documents detailing "SAP's profit margins for service and applications sales and Documents explaining how they are calculated" (subpart (k)), as well as "SAP's and TN's research and development costs associated with the development of support products (both TN support products and SAP support products for SAP applications)" (subpart (j)). Attached as **Exhibit A** is a true and correct copy of excerpts from Defendants' May 22, 2009 Fourth Supplemental Responses and Objections to Plaintiffs' First Set of Targeted Search Requests, containing Oracle's First Set of Targeted Search Requests and Defendants' responses and objections to subpart (k) of Plaintiffs' First Set of Targeted Search Requests.

3. On May 20, 2009, Oracle served its Fourth Set of Interrogatories to Defendant TomorrowNow, Inc. and Third Set of Interrogatories to Defendants SAP AG and SAP America, Inc. Attached as **Exhibit B** is a true and correct copy of excerpts from Defendants' July 20, 2009 Response to Plaintiffs' Fourth Set of Interrogatories to Defendant TomorrowNow, Inc. and Third Set of Interrogatories to Defendants SAP AG and SAP America, Inc., containing the text of Oracle's Interrogatory No. 69, and Defendants' responses and objections to Interrogatory 69.

4. On September 30, 2009, Oracle served its Fourth Set of Requests For Production of Documents to Defendants. Attached as **Exhibit C** is a true and correct copy of excerpts from Plaintiffs' Fourth Set of Requests For Production of Documents to Defendants, containing Oracle's Request for Production No. 147. Defendants' Response to Request for

1                                                                                       Case No. 07-CV-01658 PJH (EDL)

1  Production 147 is due November 2, 2009.

2       5.    On August 30, 2007, Oracle served its First Set of Requests for Production
3  to Defendants SAP AG and SAP America. Attached as **Exhibit D** is a true and correct copy of
4  excerpts from Defendants' Second Amended and Supplemental Responses to Plaintiffs' First Set
5  Requests for Production of Documents, served January 18, 2008, containing the text of Request
6  for Production No. 60 and Defendants' responses and objections to Request for Production
7  No. 60.

8  *Meet and Confer Correspondence and Detail*

9       6.    Plaintiffs have met and conferred with Defendants in a good faith effort to
10 reach agreement about these matters.

11      7.    On September 11, 2009 my colleague, Bree Hann, sent a letter to
12 Defendants detailing certain concerns Oracle had with several categories of Defendants'
13 discovery responses, including issues addressed by this Motion to Compel. A true and correct
14 copy of relevant portions of that letter is attached as **Exhibit E**.

15      8.    On October 2, 2009, Mr. Jason McDonell responded to Ms. Hann's
16 September 11, 2009 letter via a letter sent on behalf of Defendants. A true and correct copy of
17 relevant portions of that letter is attached as **Exhibit F**.

18      9.    On October 8, 2009, along with other attorneys for Plaintiffs, I met and
19 conferred telephonically with attorneys for Defendants regarding the contents of Defendants'
20 October 2, 2009 letter pertaining to issues in this Motion to Compel. During this meet and
21 confer, Oracle reiterated to Defendants that Oracle's infringer's profits claim would include a
22 claim to the profits SAP earned from the 83 TomorrowNow customers that took SAP's "Safe
23 Passage" program to move to SAP applications, and discussed the categories of information
24 included in this motion to compel. Defendants stated that they would provide updated responses
25 to the damages related interrogatories identified in the letter, and Oracle agreed to provide
26 additional detail and/or narrowing of Oracle's requests pertaining to infringer's profits and
27 research and development expenses.

28      10.    On October 12, 2009, my colleague, Nitin Jindal, emailed Defendants with

DECLARATION OF AMY DONNELLY IN SUPPORT OF PLAINTIFFS' MOTION TO COMPEL PRODUCTION OF
DAMAGES RELATED DOCUMENTS AND INFORMATION

1  additional detail regarding information necessary to Oracle's damages case pertaining to
2  infringer's profits. A true and correct copy of that email is attached as **Exhibit G**.
3              11.     On October 12, 2009, I emailed Defendants with additional detail
4  regarding Oracle's request for research and development (R&D) expenses. Mr. McDonell
5  responded on October 16, 2009 with an email to me relaying Defendants position with regards to
6  my October 12, 2009 email as well as Mr. Jindal's October 12, 2009 email. Mr. Jindal
7  responded to Mr. McDonell's email later on October 16, 2009. A true and correct copy of this
8  chain of email correspondence is attached as **Exhibit H**.
9              12.     Oracle has previously produced acquisition cost and R&D related
10 information, including through its custodial productions. Further, Oracle is planning on
11 producing by November 3, 2009, more extensive R&D related information pursuant to the terms
12 of its October 12, 2009 proposal to Defendants.
13             13.     On October 16, 2009, I emailed Defendants with additional detail
14 pertaining to Oracle's request for certain licensing information responsive to RFP 147 from
15 Oracle's Fourth Set of Requests for Production. Mr. McDonell responded to me by email on
16 behalf of Defendants on October 19, 2009, stating Defendants' position and confirming that
17 Defendants would not produce this material in response to Oracle's request. A true and correct
18 copy of this chain of email correspondence is attached as **Exhibit I**.
19             14.     The parties have met and conferred repeatedly in discovery about the
20 relevance of Defendants' intellectual property ("IP") licensing practices with independent third
21 parties and related documents. Oracle has repeatedly explained the potential relevance of
22 exemplar SAP's licenses of its or others' IP as relevant as potential benchmarks for Oracle's
23 hypothetical license measure of damages and also to rebut any claim by Defendants that they
24 would never pay a significant fair market value sum for IP in a license. Defendants have always
25 taken the position that information regarding Defendants' licensing practices is not relevant to
26 the litigation. Defendants also attempted to analogize Oracle's request to Defendants' rejected
27 efforts to obtain comprehensive Oracle partner discovery. *See* **Exhibit I**. However, unlike
28 Defendants' request for extensive Oracle partner discovery, Oracle's request for SAP's high

1  value IP licenses is quite limited (6 total licenses) and is not biased by virtue of seeking
2  information about affiliated partners, but instead concerns arms' length transactions with
3  independent third parties. Moreover, the Court did order Oracle to produce more extensive
4  partner-related information than what Oracle seeks here. *See* February 11, 2009 Order Granting
5  in Part and Denying in Part Plaintiffs Motion to Compel and Granting Part and Denying in Part
6  Defendants' Motion to Compel, Dkt. 252 (ordering Oracle to provide a list of the partners with
7  which Oracle contracts to provide support services for PeopleSoft, J.D. Edwards or Siebel
8  applications, partnership agreement(s) with CedarCrestone for the relevant time frame from 2002
9  through 2008, and two master agreements regarding support, including fee schedules).

10       15.   On October 19, 2009, I emailed Defendants regarding Interrogatory
11 No. 69 from Oracle's Fourth Set to TomorrowNow/Third Set to SAP. A true and correct copy of
12 the relevant portion of this email is attached as **Exhibit J**.

13       16.   On October 17, 2009, Defendants informed Oracle they were adding three
14 more customers to what had been Defendants' list of 83 TomorrowNow customers that took
15 advantage of SAP's "Safe Passage" program to move to SAP applications.

16 **Document Productions**



27       18.   Pursuant to the parties' agreement and the Court's September 8, 2009
28 Order, on September 15, 2009 and September 25, 2009, Oracle produced hundreds of financial

4

reports so that Defendants could evaluate Oracle's costs and profit margins. This included a production of over 225 quarterly trial balance, income statement, and balance sheet reports; reports from legacy PeopleSoft and JD Edwards financial systems of data from as far back as 2002; and, over a hundred documents related to certain financial analyses collected from numerous Oracle personnel and from the review of 11 custodians' document. In contrast to the single report upon which Defendants rely to show their R&D expenses, Oracle's income statement reports contained over 200 rows of data and were the most detailed income statements Oracle's reporting systems were able to produce. Oracle's income statement reports divide and detail 14 different Facilities expense line items alone, including a "Facilities Rental," "Facilities Depreciation," and "Facilities Property Taxes" expenses. In addition, they divide and detail Oracle's "Employee Related Expenses" into over 20 different categories, including "Salary," "Commissions," and "Medical and Dental Insurance."

**Deposition Testimony**

19. Attached as **Exhibit K** is a true and correct copy of redacted relevant portions of the November 13, 2008 Deposition of Werner Brandt at 431-432, in which he identifies potential large value SAP IP licenses.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this Declaration was signed on October 20, 2009 in San Francisco, California.

_Amy Donnelly_
Amy Donnelly