# EXHIBIT C

| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP<br>DONN P. PICKETT (SBN 72257) |
| 2 | GEOFFREY M. HOWARD (SBN 157468)<br>HOLLY A. HOUSE (SBN 136045) |
| 3 | ZACHARY J. ALINDER (SBN 209009)<br>BREE HANN (SBN 215695) |
| 4 | Three Embarcadero Center<br>San Francisco, CA 94111-4067 |
| 5 | Telephone: (415) 393-2000<br>Facsimile: (415) 393-2286 |
| 6 | donn.pickett@bingham.com<br>geoff.howard@bingham.com |
| 7 | holly.house@bingham.com<br>zachary.alinder@bingham.com |
| 8 | bree.hann@bingham.com |
| 9 | DORIAN DALEY (SBN 129049) |
| 10 | JENNIFER GLOSS (SBN 154227)<br>500 Oracle Parkway |
| 11 | M/S 5op7<br>Redwood City, CA 94070 |
| 12 | Telephone: (650) 506-4846<br>Facsimile: (650) 506-7114 |
| 13 | dorian.daley@oracle.com |
| 14 | jennifer.gloss@oracle.com |
| 15 | Attorneys for Plaintiffs<br>Oracle USA, Inc., Oracle International Corporation, |
| 16 | Oracle EMEA Limited, and Siebel Systems, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| 21 | ORACLE USA, INC., et al., | CASE NO. 07-CV-01658 PJH (EDL) |
| 22 | Plaintiffs,<br>v. | **PLAINTIFFS' FOURTH SET OF REQUESTS FOR PRODUCTION OF DOCUMENTS TO DEFENDANTS** |
| 23 | SAP AG, et al., | |
| 24 | Defendants. | |

A/73131693.4

07-CV-1658 PJH (EDL)

| | | |
|---|---|---|
| **PROPOUNDING PARTIES:** | | Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. |
| **RESPONDING PARTY:** | | Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. |
| **SET NUMBER:** | | Four |

Pursuant to Federal Rule of Civil Procedure 34, plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. (collectively, "Oracle") hereby request that defendants SAP AG, SAP America, Inc. ("SAP America"), and TomorrowNow, Inc. ("SAP TN") (collectively, "Defendants") produce the following documents, within thirty (30) days of service of these Requests and in accordance with the Federal Rules of Civil Procedure and the attached Definitions and Instructions, at the offices of Bingham McCutchen LLP, 3 Embarcadero Center, San Francisco, California 94111, or at such other time or place as may be mutually agreed upon by counsel for the parties.

## DEFINITIONS

1. The use of the singular form of any word includes the plural and vice versa. The past tense shall include the present tense and vice versa. The masculine gender includes the feminine and neuter genders; the neuter gender includes the masculine and feminine genders.

2. "All," "any," and "each" shall be construed as "any and every."

3. "And" and "or," as used herein, shall be construed both conjunctively and disjunctively and each shall include the other whenever such construction will serve to bring within the scope of these Requests for Production any information that would not otherwise be brought within their scope.

4. "Communication" means any and all contact or transmission of information between two or more Persons, whether in a face-to-face meeting, telephone conversation, or otherwise, or whether by letter, electronic mail, instant messaging system, facsimile transmission, cable, letters, correspondence, video conference, message, or any other method or medium of information transfer or exchange.

1          5.      "Copy" in the noun form shall mean a copy, duplication, clone, backup, download, restore, installation, instance, and/or a compressed copy, and in the verb form shall mean to copy, duplicate, clone, backup, download, install, and/or restore.

           6.      "Customer" refers to Defendants' current and former customers and clients.

           7.      "Defendant(s)" shall mean SAP AG, SAP America, and SAP TN.

           8.      "Document(s)" is used in these Requests for Production as broadly as is allowed under the Federal Rules of Civil Procedure, and thus includes without limitation writings; records or files; correspondence; reports; memoranda; calendars; diaries; minutes; electronic messages; voicemail; email; telephone message records or logs; computer and network activity logs; data on hard drives; backup data; data on removable computer storage media such as tapes, disks, and cards; printouts; document image files; web pages; databases; spreadsheets; software; hardware; books; ledgers; journals; orders; invoices; bills; vouchers; checks; statements; worksheets; summaries; compilations; computations; charts; diagrams; graphic presentations; drawings; films; charts; digital or chemical process photographs; video, phonographic, tape, or digital records or transcripts; drafts; jottings; and notes. "Document" also includes any Copy that differs in any respect from the original or other versions of the Document(s), such as, but not limited to, copies containing notations, insertions, corrections, marginal notes, or any other variations.

           9.      "Download" means any duplication, Copying, transfer, or replication, in whole or in part, of any file, document, data, or other information from an outside source connected through the internet to a computer, server, or network that is part of another Person's computer infrastructure or subject to that Person's control.

           10.     "Employee(s)" means past and present officers, executives, directors, employees, attorneys, agents, representatives, and other Persons acting or purporting to act on behalf of the entity to which the term refers.

           11.     "Including" shall be construed to mean "including without limitation" or "including, but not limited to."

12. "Intellectual Property" shall be treated as that term is generally defined and understood and includes, but is not limited to, branded applications and/or associated Software and Support Materials (as defined below) owned by SAP AG, SAP America or any other Person (as defined below).

13. "Oracle" means plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc., their predecessors, successors, employees, directors, managers, consultants, agents, and any other Person acting on their behalf.

14. "Oracle Database" means and includes any editions of any versions of the relational database management system products sold by Oracle over time.

15. "Oracle Database Software" means and includes any full or partial Copies or installations of Oracle Database products and any Downloads of Software and Support Materials related to Oracle Database from Metalink or any other Oracle-owned or Oracle-maintained website.

16. "Person(s)" means, without limitation, any individual or entity.

17. "SAP" means SAP AG and SAP America.

18. "SAP America" means defendant SAP America, Inc., its predecessors, successors, employees, directors, managers, consultants, agents, and any other Person acting on its behalf.

19. "SAP AG" means defendant SAP AG, its predecessors, successors, employees, directors, managers, consultants, agents, and any other Person acting on its behalf.

20. "SAP TN" means defendant TomorrowNow, Inc., its predecessors, successors, employees, directors, managers, consultants, agents, and any other Person acting on its behalf.

21. "Software and Support Materials" means, without limitation, all program updates, software updates, bug fixes, patches, custom solutions, and instructional materials, created or owned by Oracle, or derived from, copied from, or based on any such materials, including by SAP AG, SAP America, or SAP TN, across the entire family of Oracle Database products.

22. "Systems" shall mean any computer, storage device, or any other electronic media that was ever in the possession, custody, or control of SAP TN.

## INSTRUCTIONS

1. If Defendants claim any form of privilege as a ground for not producing or for redacting any Document, Defendants shall provide the following information for each Document withheld or redacted: (1) the Document's preparation date and the date appearing on the Document; (2) the name, present and last known addresses, telephone numbers, titles (and positions), and occupations of those individuals who prepared, produced, reproduced, and received said Document, including all authors, senders, recipients, "cc" recipients, and "bcc" recipients; (3) the number of pages withheld; and (4) a description sufficient to identify the Document without revealing the information for which the privilege is claimed, including the general subject matter and character of the Document (*e.g.*, letter, memorandum, notes, etc.).

2. If only a portion of a responsive Document is privileged against disclosure, Defendants must produce the responsive non-privileged portion of the Document in redacted form, provided that the redacted material is identified and the basis for the claim of privilege is stated as provided in Instruction No. 1 above.

3. If a Document once existed, but has been lost or destroyed, or otherwise is no longer in Defendants' possession, custody, or control, identify the Document and state the details concerning the loss of such Document, including the name, title, and address of the present custodian of any such Document, if known to Defendants.

4. Pursuant to Federal of Civil Procedure 26(e), Defendants' responses to the following Requests for Production are to be promptly supplemented to include any subsequently acquired Documents and information.

5. Subject to the Parties' agreement to extend the discovery timeline, and unless otherwise stated, all Requests for Production refer to the period of time since January 1, 2002 and through the present day.

## REQUESTS FOR PRODUCTION

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22  **REQUEST FOR PRODUCTION NO. 147:**
23  Documents sufficient to show the terms and value (monetary and/or otherwise) of the
24  five licenses, executed or in effect in the last five years, pursuant to which SAP AG and/or SAP
25  America has been paid the largest overall sum of money for grants by SAP AG and/or SAP
26  America to any Person for the use of SAP's Intellectual Property, and of the five licenses,
27  executed or in effect in the last five years, pursuant to which SAP AG and/or SAP America has
28  paid the largest overall sum of money for grants of other Persons' Intellectual Property.

1  Necessary Documents would include, but not be limited to, Documents relating to each of the ten
2  licenses' provisions relating to consideration, royalties, taxes, costs, cross-licenses, transfer fees,
3  ownership of Intellectual Property, and Defendants' reporting (financial or otherwise) of the
4  values and benefits to Defendants of such licenses.

DATED: September 30, 2009

                              Bingham McCutchen LLP

                              By: _____
                                       Chad Russell
                                     Attorneys for Plaintiffs
               Oracle USA, Inc., Oracle International Corp., Oracle
                     EMEA Ltd., and Siebel Systems, Inc.