Oracle Corporation et al v. SAP AG et al
Case4:07-cv-01658-PJH   Document513-9   Filed10/20/09   Page1 of 6
Doc. 513 Att. 8

# EXHIBIT I

Dockets.Justia.com

**From:** Jason McDonell [mailto:jmcdonell@JonesDay.com]
**Sent:** Monday, October 19, 2009 5:06 PM
**To:** Donnelly, Amy
**Cc:** Hann, Bree; 'Elaine Wallace'; Howard, Geoff; House, Holly; 'jfroyd@JonesDay.com'; 'jlfuchs@JonesDay.com'; Jindal, Nitin; 'swcowan@JonesDay.com'; Alinder, Zachary J.; Jacqueline K. S. Lee
**Subject:** RE: Production of R&D Information

Amy,

Plaintiffs' adjusted request for information regarding SAP's valuation of its own IP and "other Persons'" IP neither addresses Defendants' objections, nor supplies, as requested in Defendants' October 2, 2009 letter to Bree Hann, a legitimate basis for Plaintiffs' request for this irrelevant information.

As we have told you on multiple occasions, information regarding the licenses pursuant to which SAP has received the most money "for use of SAP's Intellectual Property" and the licenses pursuant to which it has paid the most money "for grants of other Persons' Intellectual Property" is irrelevant to Plaintiffs' damages case. Again, rather than providing clarification or new information as to why such material is relevant, you simply restate that discovery regarding non-Oracle IP is "relevant to the case because it shows the state of mind of Defendants related to the hypothetical license valuation, and shows the reasonableness of Plaintiffs' hypothetical license value." It is inconceivable—and Plaintiffs have not bothered to explain—how information regarding licenses whose subjects and terms have nothing to do with the Oracle IP at issue in this case can be relevant to the specific hypothetical license that Plaintiffs seek. Plaintiffs also cannot explain why such irrelevant licenses might become relevant simply in virtue of being SAP's "highest dollar deals."

As we have pointed out to you many times, Plaintiffs have consistently resisted discovery regarding PeopleSoft's partner relationships (e.g., with NetCustomer and CedarCrestone) on the basis that such discovery is irrelevant. Plaintiffs cannot plausibly claim that information about SAP's licensing practices and valuation of its own IP, as well as the IP of entities completely unrelated to this litigation, is relevant. The price at which Oracle licenses Oracle IP to its partners is far more likely to inform the price of a hypothetical license for Oracle's IP than are the ways in which SAP valued non-Oracle IP that SAP paid for or sold. There is simply no connection between the price of non-Oracle IP and the price to which Oracle and SAP would have agreed to license Oracle's products to SAP or TN. Simply "narrowing" your request for such information from ten such irrelevant licenses to six does not provide a legitimate basis for Plaintiffs' request.

Furthermore, as explained in detail in Defendants' Motion for Partial Summary Judgment Regarding Plaintiffs' Hypothetical License Damages Claim, Plaintiffs are not even entitled to pursue actual damages in the form of a hypothetical license. Until the Court has made its ruling on this issue, we believe a motion to compel information that Plaintiffs claim relates to a hypothetical license calculation—but which, in fact, does not—is premature.

Because Plaintiffs have failed sufficiently to explain the relevance of this information to this case, Defendants do not intend to produce any information in response to this request.

Jason McDonell, Esq.
Jones Day

555 California Street, 26th Floor
San Francisco, CA 94104-1500
SF Office Main Tel.: (415) 626-3939
Direct Dial: (415) 875-5820
Fax: (415) 875-5700
Email: jmcdonell@jonesday.com

From: "Donnelly, Amy" <amy.donnelly@bingham.com>
To: "Donnelly, Amy" <amy.donnelly@bingham.com>, "'jmcdonell@JonesDay.com'" <jmcdonell@JonesDay.com>, "'Elaine Wallace'" <ewallace@JonesDay.com>, "'jfroyd@JonesDay.com'" <jfroyd@JonesDay.com>, "'jlfuchs@JonesDay.com'" <jlfuchs@JonesDay.com>, "'swcowan@JonesDay.com'" <swcowan@JonesDay.com>
Cc: "Howard, Geoff" <geoff.howard@bingham.com>, "House, Holly" <holly.house@bingham.com>, "Hann, Bree" <bree.hann@bingham.com>, "Alinder, Zachary J." <zachary.alinder@bingham.com>, "Jindal, Nitin" <nitin.jindal@bingham.com>
Date: 10/16/2009 12:44 PM
Subject: RE: Production of R&D Information

Counsel,
There is one remaining issue Plaintiffs wish to bring to your attention in advance of Tuesday's Motion to Compel. Currently, Oracle is planning to move to compel production of Defendants' five largest dollar value licenses, as per our recent exchange of meet and confer letters and conversations.
This request for Defendants' five highest dollar value licenses was included in Bree Hann's September 11th letter.
In Defendants' October 2nd letter to Bree Hann, Mr. McDonell wrote:
"In your latest letter, you request 'production of SAP's five highest dollar value licenses entered into or in effect in the last five years as additional benchmarks relevant to retroactive license valuation.' This new request for discovery is overbroad, unduly burdensome, vague and ambiguous, and seeks information that is neither relevant nor likely to lead to the discovery of admissible evidence. As a preliminary matter, it is unclear what is meant by SAP's "five highest dollar value licenses." It is also unclear how SAP's "five highest dollar value licenses" for unidentified subjects has any bearing whatsoever on the issues in this case. Certainly, as explained above, SAP's own licensing practices are irrelevant to Plaintiffs' damages case. Thus, Defendants do not intend to produce any information in response to this request. Of course, if Plaintiffs have any other basis beyond those which they have already articulated to Defendants for seeking this information (and then are willing to rephrase the request in such a way that would moot Defendants' objections), then Defendants are willing to reconsider their position on this issue."
As you are no doubt aware, Defendants' response to Plaintiffs' RFP 147 is due Nov. 2nd. Plaintiffs' Request for Production #147 asks for the following related information:
"Documents sufficient to show the terms and value (monetary and/or otherwise) of the five licenses, executed or in effect in the last five years, pursuant to which SAP AG and/or SAP America has been paid the largest overall sum of money for grants by SAP AG and/or SAP America to any Person for the use of SAP's Intellectual Property, and of the five licenses, executed or in effect in the last five years, pursuant to which SAP AG and/or SAP America has paid the largest overall sum of money for grants of other Persons' Intellectual Property. Necessary documents would include, but not be limited to, Documents relating to each of the ten licenses' provisions relating to consideration, royalties, taxes, costs, cross-licenses, transfer fees, ownership of Intellectual Property, and Defendants' reporting (financial or otherwise) of the values and benefits to Defendants of such licenses."
Defendants' continued pushback on Plaintiffs' discovery requests pertinent to the hypothetical license valuation makes it highly likely that Defendants will once again refuse to produce this important information and will not be producing Documents responsive to RFP 147 on Nov. 2nd. Defendants' licensing practices are relevant to the case because it shows the state of mind of Defendants related to the hypothetical license valuation, and shows the reasonableness of Plaintiffs' hypothetical license value. Plaintiffs intend to seek relief from the court through next week's motion to compel that will confirm the relevance of this information to the case, and that will confirm Defendants' obligation to produce this data.
Plaintiffs are willing, however, not to move to compel this information if Defendants confirm that in the spirit of compromise, on Nov. 2nd, in response to RFP 147, they will produce the following, more narrowly tailored set of documents:

*Complete copies, including all terms, conditions, exhibits, appendices, attachments, and/or incorporated documents, of the three licenses, executed or in effect in the last five years, pursuant to which SAP AG and/or SAP America has been paid the largest overall sum of money for grants by SAP AG and/or SAP America to any Person for the use of SAP's Intellectual Property and of the three licenses, executed or in effect in the last five years, pursuant to which SAP AG and/or SAP America has paid the largest overall sum of money for grants of other Persons' Intellectual Property.*

We believe this more narrow document production request is very reasonable, non-burdensome, and relevant to Plaintiffs' hypothetical license valuation. Please advise by the end of the day on Monday whether Defendants agree to this production. If Defendants confirm that they will produce these documents in response to RFP 147 by November 2nd, then Plaintiffs will not include this issue or any request for SAP inter-entity agreements in this motion to compel. If Defendants' refuse to produce this information, Plaintiffs will move to compel this production.

Regards,
Amy

---

**From:** Donnelly, Amy
**Sent:** Friday, October 16, 2009 10:35 AM
**To:** Donnelly, Amy; 'jmcdonell@JonesDay.com'; 'Elaine Wallace'; 'jfroyd@JonesDay.com'; 'jlfuchs@JonesDay.com'; 'swcowan@JonesDay.com'
**Cc:** Howard, Geoff; House, Holly; Hann, Bree; Alinder, Zachary J.; Jindal, Nitin
**Subject:** RE: Production of R&D Information

Counsel,

We are still awaiting a response to my email below pertaining to the mutual exchange of R&D data. We are also waiting on your response to Nitin Jindal's email (attached) re SAP financial information. We believe it is in both parties' interest to reach a resolution on these outstanding issues, which are currently scheduled to be addressed in a motion to compel to be filed on Tuesday.

Please advise us of Defendants' position in response to these emails by close of business today, or at a minimum when a response can be expected.

Regards,
Amy

<< Message: SAP Financial Information >>

---

**From:** Donnelly, Amy
**Sent:** Monday, October 12, 2009 7:24 PM
**To:** Donnelly, Amy; 'jmcdonell@JonesDay.com'; 'Elaine Wallace'; 'jfroyd@JonesDay.com'; 'jlfuchs@JonesDay.com'; 'swcowan@JonesDay.com'
**Cc:** Howard, Geoff; House, Holly; Hann, Bree; Alinder, Zachary J.
**Subject:** RE: Production of R&D Information

Counsel,

Please note that there was a typo in the dates included in my previous email. Our request is corrected below.

Apologies for the inconvenience.

Regards,
Amy

---

**From:** Donnelly, Amy

**Sent:** Monday, October 12, 2009 3:02 PM
**To:** 'jmcdonell@JonesDay.com'; 'Elaine Wallace'; 'jfroyd@JonesDay.com'; 'jlfuchs@JonesDay.com'; 'swcowan@JonesDay.com'
**Cc:** Howard, Geoff; House, Holly; Hann, Bree; Alinder, Zachary J.
**Subject:** Production of R&D Information

Counsel,

As discussed in our meet and confer call last week, Plaintiffs have reviewed and tailored the request for production of certain R&D data from Defendants. Specifically, Plaintiffs intend to move to compel production of the following information:

1. Documents sufficient to show R&D expenses for SAP applications and support and TN support broken out (a) by product line to the extent available and (b) by function with the greatest detail available (e.g. sustaining/maintenance R&D versus new development R&D or any more specific delineation where available), plus accompanying explanatory presentations and analyses, for the time period from January 1, 2004 to October 31, 2008.

2. Documents sufficient to show R&D employee headcount for SAP applications and support and TN support broken out (a) by product line to the extent available and (b) by function with the greatest detail available (e.g. sustaining/maintenance R&D versus new development R&D or any more specific delineation where available), plus accompanying explanatory presentations and analyses, for the time period from January 1, 2004 to October 31, 2008.

Also pursuant to Defendants' request, Plaintiffs are currently reviewing the Oracle productions to identify documents that fit these specific categories of documents for Oracle applications and support. Plaintiffs will agree to supplement the existing production where needed to the extent available for the time period from the PSFT acquisition (January 1, 2005) to October 31, 2008.

Please advise whether Defendants agree to a mutual exchange of this information by November 3rd, 2009. To the extent the parties rely on documents in their existing document productions for this mutual exchange, each party must identify by bates number the documents which provide this information.

In return for Defendants' assurances of a mutual exchange of this data by November 3rd, 2009, Oracle will not move to compel this data in its October 20, 2009 motion to compel. Oracle does, however, reserve the right to seek leave to incorporate this request into its subsequent motion to compel to the extent Defendants fail to meet any obligations agreed to through this meet and confer process.

Regards,
Amy

Amy K. Donnelly | Associate
Bingham McCutchen LLP
Three Embarcadero Center
San Francisco CA 94111
T 415.393.2262 direct | F 415.393.2286
amy.donnelly@bingham.com

Confidentiality Notice: The information in this e-mail (including attachments, if any) is considered confidential and is intended only for the recipient(s) listed above. Any review, use, disclosure, distribution or copying of this e-mail is prohibited except by or on behalf of the intended recipient. If you have received this email in error, please notify me immediately by reply email, delete this email, and do not disclose its contents to anyone.

Bingham McCutchen LLP Circular 230 Notice: To ensure compliance with IRS requirements, we inform you that any U.S. federal tax advice contained in this communication is not intended or written to be used, and cannot be used by any taxpayer, for the purpose of avoiding any federal tax penalties. Any legal advice expressed in this message is being delivered to you solely for your use in connection with the matters addressed herein and may not be relied upon by any other person or entity or used for any other purpose without our prior written consent.

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege. If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========