Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   (650) 739-3939
Facsimile:   (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:   (832) 239-3939
Facsimile:   (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO FILE DEFENDANTS' DOCUMENTS UNDER SEAL** |
| v. | |
| SAP AG, et al., | Date: N/A |
| Defendants. | Time: N/A |
| | Courtroom: E, 15th Floor |
| | Judge: Hon. Elizabeth D. Laporte |

SFI-621699v1

DEFS' RESPONSE TO PLAINTIFFS' ADMIN. MOTION
Case No. 07-CV-1658 PJH (EDL)

## I. INTRODUCTION

Plaintiffs filed an Administrative Motion to seal (D.I. 515): (1) certain portions of Plaintiffs' Motion to Compel Production of Damages Related Documents and Information at pp. 6:28-7:1 and 12:5 – 12:16 ("Motion to Compel", D.I. 512), (2) certain portions of the Declaration of Amy Donnelly in Support of Plaintiffs' Motion to Compel Production of Damages Related Documents and Information ("Donnelly Declaration", D.I. 513) at ¶ 17, and (3) Exhibit B to the Donnelly Declaration, which Defendants designated as "Highly Confidential Information – Attorneys' Eyes Only" under the Stipulated Protective Order in this action.  Additionally, Plaintiffs filed a Proposed Order Granting Plaintiffs' Administrative Motion to Permit Plaintiffs to File Under Seal Defendants' Information Supporting Plaintiffs' Motion to Compel Production of Damages-Related Documents and Information (D.I. 518).

Pursuant to Local Rule 79-5, Defendants file this Response, the accompanying declaration of Bernd Mott, and a proposed order in support of a narrowly tailored order authorizing the sealing of Exhibit B to the Donnelly Declaration on the grounds that there is good cause to protect the confidentiality of information contained in Plaintiffs' non-dispositive discovery motion.  The sealing order Defendants seek is not based simply on the blanket Protective Order in this action, but rather rests on proof[1] that particularized injury to Defendants will result if the sensitive information contained in Exhibit B is publicly released.

## II. STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information."  Fed. R. Civ. P. 26(c).  Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed *discovery* document [attached] to a *non-dispositive* motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (emphasis in original) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th

---

[1] Because the Local Rules require Court approval based on a declaration supporting sealing even when the parties agree as to the confidential status of the document, Defendants submit the Mott Declaration.

1  Cir. 2006)). In such cases, a "particularized showing of good cause" is sufficient to justify
2  protection under Rule 26(c). *See Navarro*, at *7. To make such a showing, the party seeking
3  protection from disclosure under the rule must demonstrate that harm or prejudice would result
4  from disclosure of the trade secret or other information contained in each document the party
5  seeks to have sealed. *See, e.g., Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th
6  Cir. 2006).

## III. ARGUMENT

### Good Cause Supports Filing Exhibit B Under Seal

Through the declaration of Bernd Mott, an employee of SAP AG, that accompanies this Response, Defendants establish good cause to permit filing Exhibit B under seal. As a threshold matter, Defendants provide testimony that Mr. Mott, who is familiar with the information contained in Exhibit B, considers that information to be confidential and non-public. *See* Declaration of Bernd Mott in Support of Defendants' Response to Plaintiffs' Administrative Motion to Seal Documents ("Mott Declaration"), ¶ 1. Moreover, the Mott Declaration demonstrates good cause to protect and seal Exhibit B because revelation of its contents would likely cause Defendants to suffer a competitive injury. It contains information about how "SAP assesses (or does not assess) potential revenue streams from existing customers. Public release of this information could adversely effect SAP's future bargaining position with those customers." *Id.* The Mott Declaration establishes that Defendants themselves consider and treat the information as highly confidential.

Defendants have continued to protect the information contained in Exhibit B from improper public disclosure since the initiation of this litigation through a Stipulated Protective Order (D.I. 32) to prevent their private commercial information from being improperly disclosed. Under the terms of that Order, Defendants could designate documents, deposition transcripts, and discovery responses containing private information as "Confidential" or "Highly Confidential" prior to producing such documents in the course of discovery. Exhibit B contains Defendants' response to an interrogatory and that response was designated "Highly Confidential."

## IV. CONCLUSION

Defendants respectfully request that this Court order to be filed under seal Exhibit B to the Donnelly Declaration, which Defendants designated as "Highly Confidential Information – Attorneys' Eyes Only" under the Stipulated Protective Order in this action.

Dated: October 26, 2009

Respectfully submitted,

JONES DAY

By: /s/ Jason McDonell
    Jason McDonell

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.