Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:     (650) 739-3939
Facsimile:     (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:     (832) 239-3939
Facsimile:     (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE CORPORATION, *et al.*, | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DECLARATION OF SCOTT W. COWAN IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| SAP AG, *et al.*, | **EXHIBITS A, C, F, G, H, K AND APPENDIX 5 REDACTED** |
| Defendants. | |

Case No. 07-CV-1658 PJH (EDL)

Based on my personal knowledge, information and belief, I, Scott W. Cowan, declare:

1.      Attached as **Appendix "1"** to this Declaration is a true and correct restatement of Oracle's Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, Nos. 43 and 44.

2.      Attached as **Appendix "2"** to this Declaration is a true and correct restatement of Oracle's Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, Nos. 45.

3.      Attached as **Appendix "3"** to this Declaration is a true and correct restatement of Oracle's Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, Nos. 47.

4.      Attached as **Appendix "4"** to this Declaration is a true and correct restatement of Oracle's Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests, Nos. 51.

5.      Attached as **Appendix "5"** to this Declaration is a true and correct restatement of Plaintiffs' Responses and Objections to TomorrowNow's First Set of Interrogatories, No. 7.

6.      Attached as **Appendix "6"** to this Declaration is a true and correct restatement of relevant portions of Defendants' November 17, 2007, December 12, 2007, January 28, 2008, June 16, 2009, July 14, 2009, November 6, 2009 and November 17, 2009 letters to Plaintiffs.

7.      Attached as **Exhibit A** are true and correct copies of excerpts from the following deposition transcript: (1) December 4, 2009 Deposition of Jason Rice, at 5:22-6:3, 11:1-13:22, 60:10-25; 67:25-69:14, 77:2-19.

8.      Attached as **Exhibit B** are true and correct copies of an excerpt from the September 14, 2007 Plaintiffs' Responses and Objections to TomorrowNow, Inc.'s First Set of Document Requests, Responses to Request Nos. 43, 44-45, 47, 51 and October 26, 2007 Plaintiffs' Supplemental Responses and Objections to TomorrowNow, Inc.'s First Set of Document Requests, Responses to Request Nos. 44, 47.

9.      Attached as **Exhibit C** are true and correct copies of excerpts from the December 4, 2009 Plaintiffs' Fifth Amended and Supplemental Responses and Objections to

Case No. 07-CV-1658 PJH (EDL)

1   TomorrowNow, Inc.'s First Set of Interrogatories, Response to Interrogatory No. 7.

2         10.     Attached as **Exhibit D** is true and correct copy of an excerpt from the February 13,

3   2008 hearing transcript before Hon. Charles A. Legge (Ret.), at 22:25-34:20.

4         11.     Attached as **Exhibit E** is a true and correct copy of the February 22, 2008 Report

5   and Recommendations Re: Discovery Hearing No. 1, Dkt. 66.

6         12.     Attached as **Exhibit F** is a true and correct copy of a physical CD containing a

7   spreadsheet produced by Plaintiffs on November 16, 2009 and labeled as ORCLX-MAN-000016.

8         13.     Attached as **Exhibit G** is a true and correct copy of Defendants' deposition exhibit

9   932.

10         14.     Attached as **Exhibit H** is a true and correct copy of Defendants' deposition

11   exhibit 935.

12         15.     Attached as **Exhibit I** is a true and correct copy of excerpts from the August 4,

13   2009 Transcript of Proceedings before Judge Laporte, at 33:14-22, 35:12-14

14         16.     Attached as **Exhibit J** is a true and correct copy of the October 13, 2009 letter

15   from Zac Alinder to Scott Cowan and Jason McDonell.

16         17.     Attached as **Exhibit K** is a true and correct copy of Plaintiffs' privilege and

17   redaction log entries dated from February 13, 2007 through March 16, 2007.

18         18.     Attached as **Exhibit L** is a true and correct copy of a November 19, 2007 Letter

19   from Jason McDonell to Geoff Howard.

20         19.     Attached as **Exhibit M** is a true and correct copy of a December 12, 2007 Letter

21   from Jason McDonell to Geoff Howard.

22         20.     Attached as **Exhibit N** is a true and correct copy of a January 28, 2008

23   Defendants' Letter Brief to Hon. Charles A. Legge (Ret.) regarding Motion to Compel No. 1.

24         21.     Attached as **Exhibit O** is a true and correct copy of a June 16, 2009 Letter from

25   Jason McDonell to Holly House.

26         22.     Attached as **Exhibit P** is a true and correct copy of July 14, 2009 Defendants'

27   Opposition to Plaintiffs' Motion to Compel Production of Documents Related to Damages Model

28   and Interrogatory Responses Related to Use of Plaintiffs' Intellectual Property, Dkt. 334.

1      23.     Attached as **Exhibit Q** is a true and correct copy of a November 6, 2009 Letter

2   from Scott Cowan to Zac Alinder.

3      24.     Attached as **Exhibit R** is a true and correct copy of a November 17, 2009 Letter

4   from Elaine Wallace to Geoff Howard.

5      25.     I have personally participated in numerous communications with counsel for

6   Plaintiffs to attempt to resolve Defendants' outstanding requests for all of the download-to-

7   product mapping information in Plaintiffs' possession, custody and control.  Those

8   communications are evidenced, in part, by the Exhibits attached to this declaration, and also

9   include numerous telephone communications with Plaintiffs' counsel on this issue.  Plaintiffs

10  continue to maintain that they have timely produced all download-to-product mapping

11  information in Plaintiffs' possession custody and control.  Especially in light of the December 4,

12  2009 testimony of Jason Rice, Defendants respectfully disagree.  Thus, the download-to-product

13  mapping issue has been joined for this motion.

14      I declare under penalty of perjury under the laws of the United States and the State of

15  California that the foregoing is true and correct.  Executed this 11th day of December, 2009 in

16  Houston, Texas.

17

18

19                                          /s/ Scott W. Cowan
                                            Scott W. Cowan
20

21
    HUI-121980v1
22

23

24

25

26

27

28

Appendix 1

APPENDIX "1"TO DECEMBER 11, 2009 DECLARATION OF SCOTT W. COWAN

**Oracle's Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests (Served September 14, 2007)**

**REQUEST FOR PRODUCTION NO. 43:** (NOTE: this request is included for reference only because it is mentioned in Request 44, which is one of the requests in the subject motion).

Documents sufficient to show all Downloadable Software and Support Materials on Customer Connection, or any other Oracle website, FTP site, or other online service from which Oracle contends TN has improperly Downloaded, including the dates on which each item was first posted and, if some items have been removed, the dates on which they were removed.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 43:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad and unduly burdensome, as hundreds of thousands of Software and Support Materials have been available on Customer Connection since January 1, 2004 and producing Documents sufficient to identify them, their posting dates, and removal dates would be extremely difficult. The Request is also overbroad and unduly burdensome because only access to and Downloads from Customer Connection are currently at issue in this litigation. Documents related to Downloads from any other Oracle website are not reasonably calculated to lead to the discovery of admissible evidence and it would be burdensome for Oracle to search for, review, and produce them. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents sufficient to show Software and Support Materials downloaded by SAP TN from Customer Connection during the relevant time period to the extent that such Documents exist and can be located following a reasonably diligent search.

**REQUEST FOR PRODUCTION NO. 44:**

All Documents from which a TN Customer or Named Customer can determine which of the items described in Request No. 43 above the customer is entitled to access or Download.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation. Oracle further objects to this Request on the grounds to which it objected to Request No. 43, above, as this Request incorporates Request No. 43. Oracle also objects to this Request on the grounds that it is duplicative of Requests Nos. 1, 2, and 4.

Subject to and without waving these objections, Oracle responds that it will search for and produce software licenses for legacy PeopleSoft and J.D. Edwards software applications and contracts related to technical support services for the Identified Customers.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 44:**
(supplemented October 26, 2007 in Plaintiff's Supplemental Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests)

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that it will produce the relevant software and support license agreements related to legacy Peoplesoft and J.D. Edwards software applications for customers SAP TN has identified as its current and former customers, to the extent that such documents exist and can be located following a reasonably diligent search.

# Appendix 2

**APPENDIX "2"TO DECEMBER 11, 2009 DECLARATION OF SCOTT W. COWAN**

**Oracle's Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests (Served September 14, 2007)**

**REQUEST FOR PRODUCTION NO. 45:**

All Documents relating to Communications between Oracle and any TN Customer or Named Customer concerning which Software and Support Materials the customer is entitled to access or Download.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 45:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation. Oracle further objects to this Request on the grounds that it is overbroad and unduly burdensome because only access to and Downloads from Customer Connection are currently at issue in this litigation. Documents related to access to or Downloads from any other Oracle website are not reasonably calculated to lead to the discovery of admissible evidence and it would be burdensome for Oracle to search for, review, and produce them. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents relating to Communications between Oracle and the Identified Customers concerning which Software and Support Materials the customer is entitled to access or Download from Customer Connection.

- 3 -

HUI-121974v3

# Appendix 3

**APPENDIX "3"TO DECEMBER 11, 2009 DECLARATION OF SCOTT W. COWAN**

**Oracle's Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests (Served September 14, 2007)**

**REQUEST FOR PRODUCTION NO. 47:**

All Documents relating to which Software and Support Materials any TN Customer or Named Customer is, or was at any time, entitled to access or Download.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that the definition of "TN Customer" is overbroad and includes many entities whose relationship with Oracle is not relevant to the issues in this litigation. Oracle further objects to this Request on the grounds that it is overbroad and unduly burdensome because only access to and Downloads from Customer Connection are currently at issue in this litigation. Documents related to access to or Downloads from any other Oracle website are not reasonably calculated to lead to the discovery of admissible evidence and it would be burdensome for Oracle to search for, review, and produce them. Oracle also objects to this Request on the grounds that it is duplicative of Requests Nos. 1, 2, 4, and 44. Oracle further objects to this Request on the grounds that it calls for Documents protected by the attorney-client or work product privileges.

Subject to and without waving these objections, Oracle responds that it will search for and produce software licenses for legacy PeopleSoft and J.D. Edwards software applications and contracts related to technical support services for the Identified Customers.

**SUPPLEMENTAL RESPONSE TO REQUEST FOR PRODUCTION NO. 47:**
(supplemented October 26, 2007 in Plaintiff's Supplemental Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests)

Subject to and without waiving the above objections, and pursuant to the extensive meet and confer discussions and agreements as described in more detail above, Oracle further responds that it will produce the relevant software and support license agreements related to legacy PeopleSoft and J.D. Edwards software applications for customers SAP TN has identified as its current and former customers, to the extent that such documents exist and can be located following a reasonably diligent search.

# Appendix 4

**APPENDIX "4"TO DECEMBER 11, 2009 DECLARATION OF SCOTT W. COWAN**

**Oracle's Responses and Objections to Defendant TomorrowNow, Inc.'s First Set of Document Requests (Served September 14, 2007)**

**REQUEST FOR PRODUCTION NO. 51:**

Documents sufficient to show all Electronic Software Updates ("ESUs") and Software Application Requests ("SARs") relating to the Software and Support Materials, and the system code for each such SAR and ESU.

**RESPONSE TO REQUEST FOR PRODUCTION NO. 51:**

Oracle objects to this Request on the grounds stated in its General Objections. Oracle further objects to this Request on the grounds that it is overbroad and unduly burdensome, as many thousands of ESUs and SARs are not implicated by Oracle's claims in this litigation and so are not reasonably calculated to lead to the discovery of admissible evidence. Only the ESUs and SARs Downloaded by defendants are at issue.

Subject to and without waiving these objections, Oracle responds that it will search for and produce non-privileged Documents sufficient to show all ESUs and SARs (and their system codes) relating to Software and Support Materials Downloaded by defendants.

# Appendix 5

**APPENDIX "5" TO DECEMBER 11, 2009 DECLARATION OF SCOTT W. COWAN**

**Plaintiffs' Responses and Objections to TomorrowNow's First Set of Interrogatories (Served September 14, 2007)**



HUI-121974v3



HUI-121974v3



REDACTED

HUI-121974v3



HUI-121974v3

# Appendix 6

**APPENDIX "6"TO DECEMBER 11, 2009 DECLARATION OF SCOTT W. COWAN**

For the Court's convenience, and in an effort to spare the Court from having to wade through reams of pleadings, transcripts and the parties' meet and confer banter, the following are the relevant excerpts from certain attached Exhibits showing where Defendants specifically requested download-to-product mapping information from Plaintiffs throughout fact discovery in this case, including, but not limited to, on November 19, 2007, December 12, 2007, January 28, 2008, June 16, 2009, July 14, 2009, November 6, 2009 and November 17, 2009.

*See* Exhibit "L" - **11-19-07** - Meet and confer letter from Defendants' counsel to Plaintiffs' counsel stating under the heading: "Mapping of Products and Software and Support Materials" that **"We continue to ask for information and documents that map the Oracle products at issue in this case to the Software and Support Materials available on Customer Connection to which Oracle believes a licensee of these products is entitled.** This information is responsive to Interrogatories Nos. 4 and 7 as well as Requests Nos. 44-47. On both of the last meet and confer calls, Zac indicated that he is discussing this with your client and that he will get back to us shortly. We expect clear guidance on this issue on our next meet and confer call, followed by a timely production of responsive documents."

*See* Exhibit "M" - **12-12-07** - Meet and confer letter from Defendants' counsel to Plaintiffs' counsel stating under the heading: "Mapping of Products and Software and Support Materials (Requests Nos. 44-47)" that **"We continue to ask for information and documents that map the Oracle products at issue in this case to the Software and Support Materials ("SSM") available on Customer Connection to which Oracle believes a licensee of these products is entitled.** This information is responsive to Interrogatories Nos. 4 and 7 as well as Requests Nos. 44-47. During our November 21 call and in your November 27 letter you stated that you were working on this issue and expected to have something to us soon. This is a very high priority for us, so I would appreciate it if you would either produce the information forthwith or let me know by email when we can expect it to be produced."

*See* Exhibit "N" - **01-28-08** - Defendants' letter brief on their first motion to compel in this case stating under the heading "Identification of Software and Support Materials ("SSMs") Related to Oracle's Products (RFPs Nos. 44-47, Interrogatories Nos. 4 & 7)" stating in relevant part that: "**In light of Oracle's allegations that TN downloaded SSMs in excess of its customers' rights under Oracle licenses, it is critical that Oracle identify the SSMs those customers were entitled to download.** Accordingly, defendants served discovery requesting information and documents identifying which SSMs the licensees of various Oracle software products were entitled to download. This information is requested by Interrogatories Nos. 4 and 7 as well as Document Requests Nos. 44-47. ... ."

*See* Exhibit "O" - **06-16-09** - Meet and confer letter from Defendants' counsel to Plaintiffs' counsel stating in relevant part: "… Defendants have made clear that they do not have the ability to map each of the specific downloads to each of the specific products due to Plaintiffs' failure to provide relevant information regarding product-to-download mapping. Further, … it was Plaintiffs who represented to the Court they do not have the ability post-download to determine which downloads relate to which products. *See* February 13, 2008 Discovery Conference Tr., at

- 10 -

28:17-24, 32:20-34:20.  **Thus, if Plaintiffs have no effective way to map the downloaded artifacts to a particular licensed product after the artifact has been downloaded, it is logically consistent for Defendants to maintain that same position—especially when Defendants have been seeking from Plaintiffs from the outset of this case the data that would permit such a mapping exercise.** ... Plaintiffs are the only entities that would have the underlying data that would permit both parties to analyze and then take a position regarding which licensed products any given download relates to.  Plaintiffs have not produced that data and has represented to Judge Legge that they do not have that data.  Given that Plaintiffs are in control of the relevant software and support materials that were made available on CustomerConnection and via Plaintiffs' other facilities, it is not unreasonable to expect that Plaintiffs would have maintained an appropriate dataset that the parties in this case could use to perform the mapping exercise that Plaintiffs now contend Defendants are required to do. ..."

*See* Exhibit "P" - **07-14-09** at 8:25-9:15 - Defendants' Opposition To Plaintiffs' Motion To Compel, stating in relevant part: "To the extent that Interrogatory 13 requests that Defendants actually identify the specific downloads beyond those to which customers told TN they were entitled, Defendants have made clear to Oracle that TN can not provide that level of detail without specific product mapping information from Oracle.  To undertake an analysis to determine which of the downloads are beyond those to which customers told TN they were entitled, Defendants would need the ability "to map each of the specific downloads to each of the specific products. . . . Thus, without such mapping information (provided in a manner that permits an electronic 'download to product' comparison), it is not possible for TN to evaluate the appropriateness of each download it made on behalf of its customers."  Howard Decl., Ex. C.  **Defendants have requested such mapping information from Oracle since the outset of this case, and Oracle has refused to produce this information.**  *See* Fuchs Decl., ¶ 13, Ex. A (Plaintiffs' Second Amended and Supplemental Responses and Objections to Defendant TN, Inc.'s First Set of Interrogatories, No. 7).  In response to Defendants' Motion to Compel on this very issue, Oracle's counsel even told Judge Legge that it would be too burdensome to provide the necessary product information to Defendants.  *See* Fuchs Decl., ¶ 21, Ex. I (February 13, 2008 Hearing on Discovery Issues, at 32:20-34:20).  Oracle's refusal to provide the product mapping information necessary to determine the appropriateness of the downloads, coupled with Defendants' production of the downloaded materials, demonstrates that Oracle actually has the lesser burden in answering its own question upon which it has the burden of proof."

*See* Exhibit "Q" – **11-06-09** - Meet and confer letter from Defendants' counsel to Plaintiffs' counsel stating, in relevant part: "**Plaintiffs have admitted that: (1) they have no mapping system to map each file downloaded by TomorrowNow to the specific licensed product(s) to which those downloads relate; and (2) to the extent a specific download can be linked to a specific licensed product, it must be done manually, on a download by download basis.** *See* February 13, 2008 Hearing on Discovery Issues, at 30:15-34:20, especially 34:10-34:20. ... Moreover, Plaintiffs have admitted that conducting a manual file by file analysis is an extremely burdensome process.  *See* August 4, 2009 Hearing on Plaintiffs' Motion to Compel, at 33:20-22 (when referring to Defendants' complaint that there is no mapping system to map each file downloaded by TomorrowNow to the specific licensed product(s) to which those downloads relate, Mr. Howard told Judge Laporte that "I think the complaint is that there isn't an easy way to do it.  I'm sorry, but it's true.  There is not an easy way to do that."); *see also* February 13, 2008 Hearing on Discovery Issues, at 29:2-3 (where Mr. Howard described the manual file by

- 11 -

HUI-121974v3

file review process as a very "laborious process [that] took months to do" before Plaintiffs filed their complaint in this case)."

*See* Exhibit "R" – **11-17-09** - Meet and confer letter from Defendants' counsel to Plaintiffs' counsel stating, in relevant part: "RFP Nos. 44, 45, and 47:  **These requests seek documents relevant to determining which software and support materials each TN customer was entitled to download.  As noted in Scott Cowan's November 6 response to Zac Alinder's October 13, 2009 letter, we do not agree that Oracle has produced sufficient information to make this determination.**  Indeed, it appears that sufficient information does not exist. Nonetheless, please confirm that Oracle has produced, or will produce by December 4, all non-privileged documents it contends are responsive to these requests.  RFP No. 51:  **This request includes all system codes for each SAR and ESU, which we do not believe have been produced.**  If they have been produced please identify where in the production they are located."