| | |
|---|---|
| 1 | Robert A. Mittelstaedt (SBN 060359) |
|   | Jason McDonell (SBN 115084) |
| 2 | Elaine Wallace (SBN 197882) |
|   | JONES DAY |
| 3 | 555 California Street, 26th Floor |
|   | San Francisco, CA  94104 |
| 4 | Telephone:     (415) 626-3939 |
|   | Facsimile:      (415) 875-5700 |
| 5 | ramittelstaedt@jonesday.com |
|   | jmcdonell@jonesday.com |
| 6 | ewallace@jonesday.com |
| 7 | Tharan Gregory Lanier (SBN 138784) |
|   | Jane L. Froyd (SBN 220776) |
| 8 | JONES DAY |
|   | 1755 Embarcadero Road |
| 9 | Palo Alto, CA  94303 |
|   | Telephone:     (650) 739-3939 |
| 10 | Facsimile:      (650) 739-3900 |
|    | tglanier@jonesday.com |
| 11 | jfroyd@jonesday.com |
| 12 | Scott W. Cowan (Admitted Pro Hac Vice) |
|    | Joshua L. Fuchs (Admitted Pro Hac Vice) |
| 13 | JONES DAY |
|    | 717 Texas, Suite 3300 |
| 14 | Houston, TX 77002 |
|    | Telephone:     (832) 239-3939 |
| 15 | Facsimile:      (832) 239-3600 |
|    | swcowan@jonesday.com |
| 16 | jlfuchs@jonesday.com |
| 17 | Attorneys for Defendants |
|    | SAP AG, SAP AMERICA, INC., and |
| 18 | TOMORROWNOW, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
|---|---|
| Plaintiffs, | **DECLARATION OF JASON MCDONELL IN SUPPORT OF DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| SAP AG, et al., | Date: January 26, 2010 |
| Defendants. | Time: 2:00 pm |
| | Courtroom: E, 15th Floor |
| | Judge: Hon. Elizabeth D. Laporte |

SFI-625418v1

MCDONELL DECL. ISO
DEFS.' MOT. TO COMPEL
Case No. 07-CV-1658 PJH(EDL)

1  I, JASON MCDONELL, declare:

2  I am a partner with the law firm of Jones Day and counsel for Defendants in the above-
3  captioned matter. I make this declaration based on personal knowledge and, if called upon to do
4  so, could testify competently thereto.

5  1. Attached hereto as **Exhibit A** is a true and correct copy of the Redacted Public
6  Version of the Second Amended Complaint for Violations of Cal. Bus. & Prof. Code §§ 17200 &
7  17500, etc. in the matter of *PeopleSoft, Inc., et al. v. Oracle Corporation, et al.*, Case No.
8  RG031010434.

9  2. Attached hereto as **Exhibit B** is a true and correct copy of the subpoena that was
10  served on Folger Levin & Kahn LLP on or about September 22, 2009.

11  3. Attached hereto as **Exhibit C** is a true and correct copy of Non-Party Folger Levin
12  & Kahn LLP's Objections to Third Party Subpoena Served by Defendants.

13  4. Counsel for Plaintiffs in this action has confirmed that this motion to compel need
14  only be directed at Oracle and Defendants do not need to move against Folger Levin & Kahn
15  LLP. Attached hereto as **Exhibit D** is a true and correct copy of my email exchange with Geoff
16  Howard, counsel for Oracle, ending with an email dated December 9, 2009.

17  5. Attached hereto as **Exhibit E** is a true and correct copy of Geoff Howard's
18  October 26, 2009 letter to me.

19  6. Attached hereto as **Exhibit F** are true and correct copies of the cover page and
20  pages 28 through 37 of the unofficial transcript of the November 17, 2009 Discovery Conference.

21  7. Attached hereto as **Exhibit G** is a true and correct copy of Geoff Howard's
22  November 30, 2009 email to my colleague, Elaine Wallace, with attachment thereto.

23  8. Attached hereto as **Exhibit H** is a true and correct copy of my December 1, 2009
24  email to Geoff Howard requesting production of deposition transcripts and eighty-four
25  documents.

26  9. Attached hereto as **Exhibit I** is a true and correct copy of my December 10, 2009
27  email to Geoff Howard revising the request for production of documents from eighty-four to
28  sixty-four documents

10. I have personally participated in various discussions with counsel for Plaintiffs to attempt to resolve Plaintiff's objections to the subpoena served on Folger Levin & Kahn LLP. In those discussions, Oracle has refused to produce any of the requested documents, asserting among other things that Defendants must first identify with particularity the relevance of each requested document. Because the descriptions of the documents on the index are short and often cryptic, Defendants declined the offer as impractical and the issue was joined for this motion.

11. I am informed and believe that Plaintiffs have served approximately 156 third party subpoenas, compared to approximately 20 served to date by Defendants. Moreover, Oracle has served discovery on four of Defendants' outside law firms.

12. Attached hereto as **Exhibit J** is a true and correct copy of the parties' November 2008 Expanded Discovery Timeline Agreement, which was submitted to the Court as Exhibit A to the parties' November 18, 2008 Joint Discovery Conference Statement.

13. Attached hereto as **Exhibit K** is a true and correct copy of my May 20, 2009 email to Oracle's counsel requesting updated productions for certain key custodians under the parties' Expanded Discovery Timeline Agreement (the "Agreement").

14. I personally participated in a telephonic meet and confer with Oracle's counsel on June 4, 2009 regarding various discovery matters, including the request in my May 20 email for updated custodian productions pursuant to the Agreement.

15. On November 17, 2009, Elaine Wallace sent a letter to Geoff Howard addressing various discovery issues and requesting confirmation that the custodian productions identified in my May 20 email had been updated under the Agreement as requested. I was copied on and have reviewed that letter.

16. Attached hereto as **Exhibit L** is a true and correct copy of a November 30, 2009 letter from Zachary Alinder, counsel for Oracle, responding to Elaine Wallace's November 17 letter.

17. I participated in the parties' June 4, 2009 meet and confer, which included a discussion of Defendants' request for updated custodian productions relating to the Agreement.

1   Defendants' record of the outcome of that discussion is unclear.  At no time, however, did

2   Defendants agree to waive their right to obtain that updated discovery.

3        18.   On December 1, 2009, Elaine Wallace sent a letter in response to Mr. Alinder's

4   November 30 letter offering to reduce the number of key custodians from eleven to six.  I was

5   copied on and have reviewed that letter.  On December 2, I personally participated in a telephonic

6   meet and confer with Oracle's counsel in which Defendants' counsel reiterated that offer and also

7   offered to limit the number of search terms to be used for the updated productions.  Defendants'

8   counsel also requested information regarding the locations of the custodians in order to assess the

9   burden of collecting their documents.  According to information provided by Oracle's counsel on

10  December 2, three of the six custodians are located in California, two are in Denver, and one is no

11  longer with Oracle, although Oracle's counsel did not indicate when he left Oracle.

12       19.   On December 4, Elaine Wallace sent an email to Oracle's counsel attaching a

13  proposed list of 71 search terms (reduced from the approximately 900 search terms previously

14  agreed to by the parties) to be used for the updated custodian productions.  A true and correct

15  copy of that email string is attached hereto as **Exhibit M**.  Oracle has not responded to the email

16  or otherwise indicated that it has changed its position regarding Defendants' request for updated

17  productions.  The issue is thus joined for motion.

18       20.   I am informed and believed, based on deposition testimony that I obtained, have

19  reviewed, or that others have reviewed at my direction, and based on my review, or review by

20  others at my direction, of documents produced by Oracle, that Juergen Rottler is Executive Vice

21  President, Oracle Customer Services, with responsibility for Oracle's support services

22  organization, including support sales, and that his document production for the original discovery

23  time period includes thousands of pages relating to customers returning to Oracle from TN,

24  customers lost by Oracle and efforts by Oracle to mitigate its damages, and customers gained by

25  TN or SAP, damages causation and mitigation issues, and third party support issues.

26       21.   I am informed and believed, based on deposition testimony that I obtained, have

27  reviewed, or that others have reviewed at my direction, and based on my review, or review by

28  others at my direction, of documents produced by Oracle, that Juan Jones is Senior Vice

1  President, Oracle Customer Services, North American Support Services, that he reports to Mr.
2  Rottler and is responsible for sales of support services in North America, and that his document
3  production for the original discovery time period includes thousands of pages relating to the same
4  issues identified with respect to Mr. Rottler in paragraph 20 above.

5       22.    I am informed and believed, based on deposition testimony that I obtained, have
6  reviewed, or that others have reviewed at my direction, and based on my review, or review by
7  others at my direction, of documents produced by Oracle, that Chris Madsen is Oracle's Senior
8  Director, Support Services, that he reports to Mr. Jones, and that his name appears on thousands
9  of pages of Oracle documents relating to the same issues identified with respect to Mr. Rottler in
10 paragraph 20 above.

11      23.    I am informed and believed, based on deposition testimony that I obtained, have
12 reviewed, or that others have reviewed at my direction, and based on my review, or review by
13 others at my direction, of documents produced by Oracle, that Rick Cummins is Oracle's Senior
14 Director of Support Renewals for North America, that he reports to Mr. Madsen, that he was
15 Oracle's Rule 30(b)(6) witness on topics relating to third party support providers, Oracle's
16 communications with customers regarding third party support, and Oracle's efforts to stop
17 customers going to third party support providers and to win customers back from third party
18 support providers, including TomorrowNow, and that his document production for the original
19 discovery time period includes thousands of pages relating to the same issues identified with
20 respect to Mr. Rottler in paragraph 20 above.

21      24.    I am informed and believed, based on deposition testimony that I obtained, have
22 reviewed, or that others have reviewed at my direction, and based on my review, or review by
23 others at my direction, of documents produced by Oracle, that Robert Lachs was an Oracle
24 Regional Sales Manager, Support Sales, responsible for numerous support sales representatives
25 whose territories included dozens of TomorrowNow customers, and that his document production
26 for the original discovery time period includes thousands of pages relating to the same issues
27 identified with respect to Mr. Rottler in paragraph 20 above.

28

1      25.     I am informed and believed, based on deposition testimony that I obtained, have
2 reviewed, or that others have reviewed at my direction, and based on my review, or review by
3 others at my direction, of documents produced by Oracle, that Michael Van Boening is an Oracle
4 Senior Support Sales Representative who, in addition to frequent interactions with customers as
5 part of his sales duties, was involved in Oracle's efforts to collect information regarding third
6 party support providers and in compiling information on customers won back from third party
7 support providers, including TomorrowNow, and that his document production for the original
8 discovery time period includes thousands of pages relating to the same issues identified with
9 respect to Mr. Rottler in paragraph 20 above.

10         I declare under penalty of perjury under the laws of the United States and the State of
11 California that the foregoing is true and correct.
12         Executed this 11th day of December, 2009 in San Francisco, California.

                                /s/ Jason McDonell
                                Jason McDonell