| | |
|---|---|
| 1 | BINGHAM MCCUTCHEN LLP<br>DONN P. PICKETT (SBN 72257) |
| 2 | GEOFFREY M. HOWARD (SBN 157468)<br>HOLLY A. HOUSE (SBN 136045) |
| 3 | ZACHARY J. ALINDER (SBN 209009)<br>BREE HANN (SBN 215695) |
| 4 | Three Embarcadero Center<br>San Francisco, CA  94111-4067, U.S.A. |
| 5 | Telephone:  415.393.2000<br>Facsimile:  415.393.2286 |
| 6 | donn.pickett@bingham.com<br>geoff.howard@bingham.com |
| 7 | holly.house@bingham.com<br>zachary.alinder@bingham.com |
| 8 | bree.hann@bingham.com |
| 9 | DORIAN DALEY (SBN 129049)<br>JENNIFER GLOSS (SBN 154227) |
| 10 | 500 Oracle Parkway, M/S 5op7<br>Redwood City, CA 94070 |
| 11 | Telephone:  650.506.4846<br>Facsimile:  650.506.7144 |
| 12 | dorian.daley@oracle.com<br>jennifer.gloss@oracle.com |
| 13 | |
| 14 | Attorneys for Plaintiffs<br>Oracle USA, Inc., Oracle International Corporation,<br>Oracle EMEA Limited, and Siebel Systems, Inc. |
| 15 | |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| 20 | ORACLE USA, INC., *et al.*, | No. 07-CV-01658 PJH (EDL) |
| 21 | Plaintiffs,<br>v. | **DECLARATION OF CHAD RUSSELL IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE PROTECTIVE ORDER AND TO COMPEL DEPOSITION TESTIMONY AND FURTHER RESPONSES TO REQUESTS FOR ADMISSIONS** |
| 22 | SAP AG, *et al.*, | |
| 23 | Defendants. | |
| 24 | | |
| 25 | | |
| 26 | | Date:    January 26, 2010<br>Time:    9:00 a.m.<br>Place:   E, 15th Floor<br>Judge:   Hon. Elizabeth D. Laporte |
| 27 | | |
| 28 | | |

DECLARATION OF CHAD RUSSELL IN SUPPORT OF PLAINTIFFS' MOTION TO MODIFY THE
PROTECTIVE ORDER AND COMPEL DISCOVERY

I, Chad Russell, declare as follows:

1. I am an attorney at law licensed to practice in the State of California and before this Court, and am an associate at Bingham McCutchen LLP, counsel of record for plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. (together, "Oracle") in this action. I have personal knowledge of the facts stated below by virtue of my representation of Oracle in this action, including my participation in the relevant meet and confer calls and correspondence, and, if called as a witness, could competently testify as to them. Any highlighting in the attached Exhibits has been provided by Oracle for the Court's convenience.

*Meet and Confer Details (including Discovery Conference Hearings)*

2. Oracle has met and conferred with Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (together, "Defendants") as to all three topics in Oracle's motion to compel – i.e., the Protective Order, Scott Trainor's deposition, and the Requests for Admission at issue – including through numerous letters, emails, and calls. See ¶¶ 3-13 below for further details.

3. Attached as Exhibit A are true and correct copies of portions of the transcript of the November 17, 2009 discovery conference hearing in this action.

4. Attached as Exhibit B is a true and correct copy of a letter from Josh Fuchs, counsel for Defendants, to Geoff Howard, counsel for Oracle, dated August 31, 2009. It is a cover letter for a production and states that Defendants "have removed the privilege designations on portions of these documents."

5. Attached as Exhibit C is a true and correct copy of a letter from Courtney Scobie, counsel for Defendants, to Geoff Howard, counsel for Oracle, dated October 21, 2009. The letter claws back a number of documents, including TN-OR00852363-64 (see ¶ 27, below).

6. Attached as Exhibit D is a true and correct copy of a letter from me to Jason McDonell, counsel for Defendants, dated November 3, 2009, regarding documents and privilege instructions related to the deposition of Scott Trainor on October 13, 2009. The letter asked that Defendants explain in full, among other things, "the nature of the privileged communications

1  and/or work product in anticipation of litigation implicated by these questions." Exhibit D at p.
2  5.
3         7.      Attached as Exhibit E is a true and correct copy of a letter from Jason
4  McDonell, counsel for Defendants, to me, dated November 13, 2009, referencing my letter
5  attached as Exhibit D (see ¶ 6, above).  The 9-page letter provides no supporting legal authority
6  and does not specify any litigation for which any alleged work product would have been
7  prepared.
8         8.      The letters referenced in ¶¶ 6 & 7 above discuss, among other things,
9  Defendants' improper clawback of Deposition Exhibit 1683 at the deposition of Scott Trainor.
10 Because the history of the document is relatively involved, I provide a very brief summary here,
11 including by summarizing the contents of portions of the above-referenced letters.  Defendants
12 produced a document Bates-labeled SAP-OR00677719 ("719") in redacted form on March 13,
13 2009.  On the same day, they produced another document, SAP-OR00677727 ("727"), which
14 contained certain content "identical" to 719 but which had different redactions.  Exhibit E, p. 1.
15 On August 13, 2009, Defendants then removed the redactions on 727 to conform to 719 (¶ 4,
16 above), indicating they had "removed the privilege designations."  At the Scott Trainor
17 deposition, Plaintiffs attempted to introduce 719 as Exhibit 1683.  Defendants clawed it back
18 entirely.  Plaintiffs then immediately showed Defendants 727 to remind Defendants they had just
19 intentionally "removed the privilege designations."  Defendants then clawed 727 back in its
20 entirety as well and permitted no further questioning on either document.  On November 24,
21 2009, more than a month after Trainor's deposition, Defendants once again produced 719 and
22 727 with certain redactions once again removed, certain redactions still in place, and Defendants
23 continued to refuse to permit further questioning.
24         9.      Attached as Exhibit F is a true and correct copy of an email from Bree Hann,
25 counsel for Oracle, to numerous counsel for Defendants, dated November 25, 2009.  The email
26 discusses both the Scott Trainor issue and the Protective Order issue.
27         10.     Attached as Exhibit G is a true and correct copy of an email from Jason
28 McDonell to Bree Hann and others, including myself, dated December 1, 2009.  The email

1 responds to the substance of Bree Hann's email referenced in ¶ 9, above.

2     11.    On a meet and confer call on or about October 30, 2009, Scott Cowan,
3 counsel for Defendants, acknowledged that downloading a file makes a copy of the file and that
4 it was hard to imagine reading Defendants' answers any other way.

5     12.    On a meet and confer call on or about November 6, 2009, Josh Fuchs, counsel
6 for Defendants, stated that fixes did not actually exist.  Also on this call, Oracle offered to amend
7 Exhibit B (the RFAs) to specifically name each final deliverable sent to Defendants' customers,
8 but counsel for Defendants said doing so would not change their answers.

9     13.    On a meet and confer call on or about December 3, 2009, Scott Cowan,
10 counsel for Defendants, represented that Defendants might be willing to amend up to
11 approximately 100 responses if Oracle was willing to agree to the "plain meaning" definition of
12 "copy" and articulate for Defendants some additional substantive basis for the subset of Requests
13 which Oracle chose.  On the same call, Mr. Cowan stated that juries typically do not see
14 objections to discovery responses and would likely only see Defendants' substantive responses to
15 Oracle's Requests for Admission.

16 ***Documents and Testimony***

17     14.    Attached as Exhibit H are true and correct copies of portions of the transcript
18 of the October 13, 2009 deposition of Scott Trainor in this action.

19     15.    Attached as Exhibit I are true and correct copies of portions of the transcript
20 of the February 6, 2008 deposition of John Baugh in this action.  Mr. Baugh was testifying on
21 behalf of SAP TN pursuant to Rule 30(b)(6) at this deposition.

22     16.    Attached as Exhibit J are true and correct copies of portions of the transcript
23 of the October 22, 2008 deposition of Chris Faye in this action.

24     17.    Attached as Exhibit K are true and correct copies of portions of the transcript
25 of the April 1, 2008 deposition of Catherine Hyde in this action.  Ms. Hyde was testifying on
26 behalf of SAP TN pursuant to Rule 30(b)(6) at this deposition.

27     18.    Attached as Exhibit L are true and correct copies of portions of the transcript
28 of the June 25, 2008 deposition of Rod Russell in this action.  Mr. Russell was testifying on

1  behalf of SAP TN pursuant to Rule 30(b)(6) at this deposition.

2      19.    Attached as Exhibit M are true and correct copies of portions of the transcript
3  of the October 30, 2007 deposition of Shelley Nelson in this action.  Ms. Nelson was testifying
4  on behalf of SAP TN pursuant to Rule 30(b)(6) at this deposition.

5      20.    Attached as Exhibit N is a true and correct copy of Plaintiffs' Deposition
6  Exhibit 291.

7      21.    Attached as Exhibit O is a true and correct copy of Plaintiffs' Deposition
8  Exhibit 301.

9      22.    Attached as Exhibit P is a true and correct copy of Plaintiffs' Deposition
10  Exhibit 902.

11      23.    Attached as Exhibit Q is a true and correct copy of Plaintiffs' Deposition
12  Exhibit 1181.

13      24.    Attached as Exhibit R is a true and correct copy of Plaintiffs' Deposition
14  Exhibit 1681.

15      25.    Attached as Exhibit S is a true and correct copy of a document produced and
16  redacted by Defendants in this action and Bates-labeled TN-OR00677719-25, which was
17  introduced as Plaintiffs' Deposition Exhibit 1683 before it was clawed back, then later re-
18  produced.

19      26.    Attached as Exhibit T is a true and correct copy of Plaintiffs' Deposition
20  Exhibit 1684.  Per Defendants' request, this document is being lodged with the Court under seal.

21      27.    Attached as Exhibit U is a true and correct copy of a document produced and
22  redacted by Defendants in this action and Bates-labeled TN-OR00852363-64.

23  ***Discovery Requests and Responses***

24      28.    Attached as Exhibit V are true and correct copies of portions of Plaintiffs'
25  Second Set of Requests for Admission to Defendants.  Specifically, the relevant definitions and
26  representative portions of Exhibits A and B (to the RFAs) are included.  The actual requests are
27  included in Exhibit W (see ¶ 29, below), since Defendants reproduced the requests with their
28  responses, as has been the Parties' practice.

1      29.     Attached as Exhibit W are true and correct copies of portions of Defendants' Second Amended and Supplemental Responses to Plaintiffs' Second Set of Requests for Admission. Specifically, the relevant objections are included, as are Responses 496-680. The Amended and Supplemental Responses also include the Requests and any prior Responses.

30.     Attached as Exhibit X are true and correct copies of portions of Plaintiffs' Third Set of Requests for Admission to Defendants. Specifically, the relevant definitions and representative portions of Exhibit D (to the RFAs) are included. Note that the definition of "Generic Environment" shown in these Requests is not operative, as Defendants agreed to supplement based on a revised definition as reflected in Oracle's brief and ¶ 33, below. The actual requests are included in Exhibit Y (see ¶ 31, below), since Defendants reproduced the requests with their responses, as has been the Parties' practice.

31.     Attached as Exhibit Y are true and correct copies of portions of Defendants' Second Amended and Supplemental Responses to Plaintiffs' Third Set of Requests for Admission. Specifically, the relevant objections are included, as are Responses 13-50. The Amended and Supplemental Responses also include the Requests and any prior Responses.

32.     Attached as Exhibit Z are true and correct copies of portions of Defendants' Responses to Plaintiffs' Fifth Set of Requests for Admission. Specifically, the relevant objections are included, as are Responses 4-63 and 130-162.

33.     Attached as Exhibit AA is a true and correct copy of a letter from Bree Hann to Scott Cowan dated September 9, 2009. Defendants agreed to supplement their responses based on Oracle's proposed revised definition of "Generic Environment" in this letter by phone on or about September 18, 2009.

I declare under penalty of perjury under the laws of the State of California and the United States that the foregoing is true and correct, and that this Declaration was signed on December 11, 2009 in San Francisco, California.

                                            /s/ Chad Russell
                                            Chad Russell