EXHIBIT G

# Russell, Chad

| | |
|---|---|
| **From:** | Jason McDonell [jmcdonell@JonesDay.com] |
| **Sent:** | Tuesday, December 01, 2009 12:43 PM |
| **To:** | Hann, Bree |
| **Cc:** | Russell, Chad; 'Elaine Wallace'; Howard, Geoff; House, Holly; 'jfroyd@jonesday.com'; Jacqueline K. S. Lee; 'jlfuchs@jonesday.com'; Jindal, Nitin; 'pdelahunty@jonesday.com'; Scott Cowan; Greg Lanier; Alinder, Zachary J. |
| **Subject:** | RE: Meet and Confer Issues |

Bree,

We acknowledge that Judge Laporte has provided some guidance on these issues, but do not believe that she has prejudged either of them.   And, Judge Laporte implicitly acknowledged that these issues may in fact be joined when she gave Plaintiffs permission to move to compel on these issues.

1.      Trainor issue - we simply disagree with Plaintiffs' assessment of this issue, to the extent any has been offered.   We have met Plaintiffs' request for further explanation about the propriety of those instructions, and as we indicated to the Court, an analysis of the exchanges must include their full context.  We have also indicated a willingness to further meet and confer further.  But as of yet, Plaintiffs have not responded to my November 13, 2009 letter to Chad Russell in any substantive manner, and neither the Joint Discovery Conference Statement nor discovery hearing provided more than a reiteration of his letter.   That offer nevertheless remains open.  If Plaintiffs have further information or authority to support their assertions regarding the instructions put at issue in Chad Russell's letter, we will consider it.  Without further information or explanation from Plaintiffs, we continue to believe that the instructions given at the deposition on the questions identified in Chad's letter were proper.  While we are not close minded to the possibility of producing Mr. Trainor on the limited scope of the non-privileged content of Ex. 1683 that we have re-produced, it is hard to imagine how any material testimony could come from such a limited examination.  Moreover, because we plan to stand on the instructions that Plaintiffs question, it would seem that resolution of those issues should come before any additional deposition.  ==In sum, if you are amenable to dropping the challenge to the instructions and nevertheless insist on a further deposition of Mr. Trainor concerning Ex. 1683, we are willing to produce him again for that limited purpose.  If you insist on challenging the instructions, we believe those questions should be resolved before any further deposition of Mr. Trainor and we will reserve our right to argue that no further deposition is warranted.==

2.      EU litigation issue - we appreciate the Court's guidance, but do believe that important facts are not yet before the Court, including whether the urgency of bringing up the issue a year (actually, years) after it arose is occasioned by the fact that Oracle has already used materials covered by the protective order to prepare its threatened action, whether the proposed change to the protective order would be used to give additional parties access to information, and whether Oracle intends to propose a one-way change to permit only some unspecified Oracle entity(ies) to bring some unspecified action(s) in some unspecified court(s) or more broadly to permit the use of information in the case for other purposes beyond the existing US litigation.  For those reasons, we continue to decline to agree to the proposed change and are prepared to oppose a motion (including reserving Defendants' rights regarding breach of the order).  That said, we are wiling to further meet and confer on this issue if Plaintiffs are willing to be more forthcoming on their intended use of the information and the alleged urgency of the situation.

Jason McDonell, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA  94104-1500
SF Office Main Tel.:  (415) 626-3939
Direct Dial:  (415) 875-5820
Fax:  (415) 875-5700
Email:  jmcdonell@jonesday.com