EXHIBIT Z

Dockets.Justia.com

1   Robert A. Mittelstaedt (SBN 060359)
    Jason McDonell (SBN 115084)
2   Elaine Wallace (SBN 197882)
    JONES DAY
3   555 California Street, 26th Floor
    San Francisco, CA  94104
4   Telephone:      (415) 626-3939
    Facsimile:      (415) 875-5700
5   ramittelstaedt@jonesday.com
    jmcdonell@jonesday.com
6   ewallace@jonesday.com

7   Tharan Gregory Lanier (SBN 138784)
    Jane L. Froyd (SBN 220776)
8   JONES DAY
    1755 Embarcadero Road
9   Palo Alto, CA  94303
    Telephone:      (650) 739-3939
10  Facsimile:      (650) 739-3900
    tglanier@jonesday.com
11  jfroyd@jonesday.com

12  Scott W. Cowan (Admitted *Pro Hac Vice*)
    Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13  JONES DAY
    717 Texas, Suite 3300
14  Houston, TX 77002
    Telephone:      (832) 239-3939
15  Facsimile:      (832) 239-3600
    swcowan@jonesday.com
16  jlfuchs@jonesday.com

17  Attorneys for Defendants
    SAP AG, SAP AMERICA, INC., and
18  TOMORROWNOW, INC.

19                  UNITED STATES DISTRICT COURT

20                  NORTHERN DISTRICT OF CALIFORNIA

21                         OAKLAND DIVISION

22  ORACLE USA, INC., et al.,                Case No. 07-CV-1658 PJH (EDL)

23               Plaintiffs,                 **DEFENDANTS' RESPONSE TO
                                             PLAINTIFFS' FIFTH SET OF
24        v.                                 REQUESTS FOR ADMISSION TO
                                             DEFENDANTS TOMORROWNOW,
25  SAP AG, et al.,                          INC., SAP AG, AND SAP AMERICA,
                                             INC.**
26               Defendants.
                                             **CONFIDENTIAL PURSUANT TO
27                                           PROTECTIVE ORDER**

28

| | | |
|---|---|---|
| 1 | **PROPOUNDING PARTIES:** | Plaintiffs |
| 2 | **RESPONDING PARTY:** | Defendants TomorrowNow, Inc., SAP America, Inc., and SAP AG |
| 3 | | |
| 4 | **SET NUMBER:** | Five |

Pursuant to Rules 26 and 36 of the Federal Rules of Civil Procedure, Defendants TomorrowNow, Inc., SAP America, Inc., and SAP AG respond and object as follows to the fifth set of requests for admission from Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA, Ltd. and Siebel Systems, Inc. ("Plaintiffs").

## **GENERAL OBJECTIONS AND RESPONSES**

The following General Objections and Responses apply to and are incorporated by reference into each response set forth below. These objections are made without waiver of, or prejudice to, these or other objections Defendants may make; all such objections are expressly reserved.

1. Defendants object to each Request for Admission to the extent that it enlarges upon or is otherwise inconsistent with the duties imposed by the Federal Rules of Civil Procedure, the Local Rules for the Northern District of California, any applicable order of this Court, or any agreement of the parties.

2. Defendants object to each Request for Admission to the extent that it seeks information that is not within the Defendants' possession, custody, or control.

3. Defendants object to each Request for Admission to the extent that it seeks information that is not relevant to any claim or defense in this action, or is not reasonably calculated to lead to the discovery of admissible evidence that is relevant to any claim or defense, under Rule 26(b)(1) of the Federal Rules of Civil Procedure. Defendants specifically object to each Request for Admission as unduly burdensome, oppressive, and calling for information that is neither relevant to any claim or defense of any party nor reasonably calculated to lead to the discovery of admissible evidence, to the extent the request seeks documents or information unrelated to PeopleSoft, J.D. Edwards ("JDE") or Siebel products, except to the very limited extent the parties have agreed and the Court has ordered otherwise.

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH (EDL)

4.      Defendants object to each Request for Admission as unreasonable and unduly burdensome to the extent that it requests information that is already within Plaintiffs' possession, already known or disclosed to Plaintiffs, or readily accessible and/or equally available to Plaintiffs or is available from public sources.

5.      Defendants object to each Request for Admission to the extent that it seeks information protected by the attorney-client privilege, the work-product immunity, or is protected from production by any other applicable privilege or immunity.  Inadvertent disclosure of any privileged communications or work product shall not constitute a waiver of privilege or of any other basis for objecting to discovery with respect to such information.

6.      Defendants object to each Request for Admission to the extent that it improperly seeks a legal conclusion.

7.      Defendants object to each Request for Admission to the extent that it seeks information containing trade secrets, proprietary information, or other confidential or competitively sensitive business information.  Such information will be provided only subject to the protective order in this case.

8.      Defendants object to the extent the relevant time period is undefined, defined vaguely, or includes time periods that are not relevant to any claim or issue in this case.

9.      Defendants object to the definition of "Copy" as being overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to encompass anything other than the plain meaning of the term.  For the purpose of responding to these requests, Defendants will interpret the term "Copy" in accordance with its plain and ordinary meaning.

10.      Defendants object to the definition of "Customer" to the extent the requests containing the term require Defendants to produce data for all of "Defendants' current and former customers."  The definition is overly broad, unduly burdensome, designed to harass, and not reasonably calculated to lead to the discovery of admissible evidence.  Defendants will only respond to the extent the Customer had a contract with TomorrowNow.

11.     Defendants object to the definition of "Customer Connection" as vague and ambiguous to the extent that it does not provide a specific Uniform Resource Identifier.  Further, the definition is unduly burdensome, overly broad, vague and ambiguous to the extent it includes "all associated Software and Support Materials, hardware, software, physical server locations, and internet protocol addresses."

12.     Defendants object to the definition of "Critical Support Model" as incomplete, vague, ambiguous, and misleading by not including all aspects of the model in the definition. Defendants further object that the deposition testimony cited does not provide a specific definition of this term and is confusing.  For the purpose of responding to these requests, Defendants will apply the meaning in its entirety given to the term by TomorrowNow.

13.     Defendants object to the definition of "Download" to the extent the requests containing the term require Defendants to provide information related to anything other than PeopleSoft, J.D. Edwards, Siebel, or Oracle related materials that were downloaded from an Oracle maintained website.  The current definition of "Download" calls for materials not reasonably calculated to lead to the discovery of admissible evidence, is vague and ambiguous, and imposes an unduly excessive burden.

14.     Defendants object to the definition of "Environment" as being overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes individual environment components and is not intended to only refer to all environment components working as one unit.

15.     Defendants object to the definition of "Fix Object" as overly broad and unduly burdensome to the extent the definition contains the term "any."  Defendants further object that the definition is overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it includes the undefined terms "functions" and "other data structures." Moreover, Defendants object that the list of what is included in the definition ("PeopleCode objects, fields, records, pages, menus, components, messages, panels, stored statements, panel groups, rule packages, COBOL source code files, COBOL executables, SQR files, SQC files, writer files, Crystal Reports files, SQL scripts, database creation scripts,

DAT files, DMS files, project files, batch files, configuration files, or other similar units of data contained in the PeopleSoft or JD Edwards products serviced or supported by any Defendant") is overly broad, vague, ambiguous, duplicative, and misleading because this list includes: (1) terms that were not normally part of an object as that term was used at TomorrowNow, e.g., "database creation scripts," "COBOL executables," and "configuration files"; (2) terms that can have the same meaning, e.g. "panels" and "pages"; and (3) terms that are very broad and undefined, e.g., "writer files," "project files," and "batch files." Defendants will respond as if the undefined term "object" was used in "fix object's" place.

16.     Defendants object to the definition of "Generic Environment" as being overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence. "Generic Environment" is a term created by Plaintiffs and, as used and defined by Plaintiffs, is misleading by attempting to suggest that any such environment or environment component was not used for limited customers, scope or purpose. Defendants further object to the definition of "Generic Environment" to the extent it incorporates the overly broad, unduly burdensome and vague term "Environment," to which Defendants object above.

17.     Defendants object to the definition of "Local Environment" as being overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it is not limited to all environment components working as one unit and located at TomorrowNow. Defendants further object to the definition of "Local Environment" to the extent it incorporates the overly broad, unduly burdensome, and vague term "Environment," to which Defendants object above.

18.     Defendants object to the definition of "Registered Work" as being overly broad, unduly burdensome, vague, and not reasonably calculated to lead to the discovery of admissible evidence to the extent it purports to include "any subsequently added copyright registrations in any later amendment" or any copyright registrations beyond those identified in the Fourth Amended Complaint. Defendants further object to the definition of "Registered Work" to the extent it purports to encompass anything beyond the term as defined under U.S. copyright law.

Defendants further object to Plaintiffs' use of the term "registered work" in these requests as improperly shifting the burden of proof to Defendants.

19. Defendants object to Plaintiffs' definitions of "SAP AG," "SAP America," and "SAP TN" to the extent that those definitions include persons or entities other than TomorrowNow, SAP America and SAP AG. Defendants further object to the extent Plaintiffs' definitions improperly expand the scope of discovery by seeking data that is not currently in the possession, custody or control of Defendants.

20. Defendants object to Plaintiffs' definition and use of the term "SAP TN," as TomorrowNow, Inc. is not now and never has been known as SAP TN.

21. Defendants object to the definition of "Software and Support Materials" as being vague, overly broad and unduly burdensome to the extent that it would cause a request to include any activities unrelated to TomorrowNow's business and to the extent the definition includes the phrases "derived from," "based on any such materials," and "across the entire family of Oracle products."

22. Defendants object that these requests are improperly disguised interrogatory requests and are being titled requests for admissions to circumvent the interrogatory limits imposed in this case. Defendants specifically reserve the right to argue that each and every request in this set is an improper interrogatory that exceeds the Court imposed limitations in place in this case.

23. Defendants' responses to Plaintiffs' Requests for Admission do not constitute admissions or acknowledgements that the information sought is within the proper scope of discovery or admissible at trial.

24. Defendants' discovery and investigation in connection with this case are continuing. As a result, Defendants' responses are limited to information obtained and reviewed to date, and are given without prejudice to Defendants' right to amend or supplement its responses based on newly obtained or reviewed information.

25. Under Fed. R. Civ. P. 36(b), any and all admissions made by Defendants through the following responses are made for the purpose of this pending civil action only and are not an

1    admission for any other purpose nor may any such admissions be used against Defendants in any

2    other proceeding.

3                            **REQUESTS FOR ADMISSION**

4    **REQUEST NO. 1:**

5           Admit that Defendants know of no technical way to determine which Customer's

6    Customer Connection credentials were used to download any given Software and Support

7    Material on SAP TN's systems.[1]

8    **RESPONSE TO REQUEST NO. 1:**

9           Defendants object to this request on the grounds stated in the General Objections and

10   Responses.  Defendants further object to this request as vague and ambiguous due to the phrases

11   "technical way" and "SAP TN's systems."  Moreover, Defendants object that the request is

12   unduly burdensome and improperly attempts to shift the burden to Defendants to evaluate each

13   and every file on TomorrowNow's systems where the effort associated with responding to this

14   request is substantially similar for the parties, especially because the available documents, data

15   and other information sought from which the answer, if any, could be derived in response to this

16   request have been produced by Defendants in response to Plaintiffs' other discovery requests and

17   thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

18   Defendants.  Defendants object that this request calls for information within the control, custody,

19   or possession of Plaintiffs.  Subject to, and without waiving the foregoing objections, Defendants

20   respond as follows:

21          ADMITTED on the following qualified basis:  Defendants ADMIT that Defendants have

22   always acknowledged that there is no known technical way to specifically tie a downloaded item

23   on TomorrowNow's systems to a Customer Connection ID and password.  As far as Defendants

24   have been able to determine, the downloaded files neither contain any physical electronic tagging

25   in the file itself, nor any file-based metadata associated with each file that provides both the exact

26   username and password that was used to download each file.  It was TomorrowNow's policy to

27          [1] See, e.g., Defendants' Opposition to Plaintiffs' Motion to Compel Production of
     documents Related to Damages Model and Interrogatory Responses Related to Use of Plaintiffs'
28   Intellectual Property, July 14, 2009, Dkt. 334, p. 7, fn. 9

1    Interrogatory No. 82, for that Customer.

2    **RESPONSE TO REQUEST NO. 3:**

3         Defendants object to this request on the grounds stated in the General Objections and

4    Responses.  As stated in Defendants' General Objections and Responses, Defendants' object to

5    the definition of "Customer."  Further, Defendants object that the request actually constitutes

6    hundreds of individual requests and on that basis is overly broad and unduly burdensome.  This

7    request, therefore, does not separately state each matter sought.  Defendants' response is based

8    solely on Defendant TomorrowNow's knowledge with respect to the information sought in this

9    request because Defendants SAP AG and SAP America have no additional knowledge separate

10   and apart from the information provided by Defendant TomorrowNow in this response.  Subject

11   to and without waiving the foregoing objections, Defendants respond as follows:

12        ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

13   ADMIT that for each of the TomorrowNow customers listed in TN-OR06058732-51, the "three

14   digit client code" noted therein accurately reflects the "three digit client code" that is contained in

15   the SAS database for each such customer.  To the extent this request is not admitted, it is

16   DENIED.

17   **REQUEST NO. 4:**

18        For each file located in DCITBU01_G\JDE\JDE Delivered Updates & Fixes, as identified

19   in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

20   originally downloaded from an Oracle website by SAP TN.

21   **RESPONSE TO REQUEST NO. 4:**

22        Defendants object to this request on the grounds stated in the General Objections and

23   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

24   respect to the information sought in this request because Defendants SAP AG and SAP America

25   have no additional knowledge separate and apart from the information provided by Defendant

26   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

27   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

28   Defendants object to this request as compound and unduly burdensome in that this request asks

for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

the review of substantial amounts of data. This request, therefore, does not separately state each

matter sought. Moreover, Defendants object to this request on the basis that Defendants' burden

associated with responding to this request is substantially similar to the burden for Plaintiffs to

obtain the information sought through this request, especially because the available documents,

data and other information sought from which the answer, if any, could be derived in response to

this request have been produced by Defendants in response to Plaintiffs' other discovery requests

and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

Defendants. Defendants also object to the extent that this request improperly attempts to shift

Plaintiffs' burden of proof to Defendants. Subject to and without waiving the foregoing

objections and qualifications, Defendants respond as follows:

ADMITTED on the following qualified basis: Defendants reasonably believe and thus

ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

the files located in DCITBU01_G\JDE\JDE Delivered Updates & Fixes were obtained at some

point in time from a PeopleSoft, J.D. Edwards, or Oracle website. Defendants, however, have not

undertaken the extreme burden of evaluating each file as this information is as equally accessible

to Plaintiffs as it is to Defendants. To the extent this request is not admitted, it is DENIED.

**REQUEST NO. 5:**

For each file located in DCITBU01_G\PeopleSoft, as identified in Defendants' responses

to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded

from an Oracle website by SAP TN.

**RESPONSE TO REQUEST NO. 5:**

Defendants object to this request on the grounds stated in the General Objections and

Responses. Defendants' response is based solely on Defendant TomorrowNow's knowledge with

respect to the information sought in this request because Defendants SAP AG and SAP America

have no additional knowledge separate and apart from the information provided by Defendant

TomorrowNow in this response. Defendants object that the phrases "originally downloaded" and

"Oracle website" are overly broad, unduly burdensome, vague, and ambiguous. Further,

1    Defendants object to this request as compound and unduly burdensome in that this request asks

2    for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

3    the review of substantial amounts of data.  This request, therefore, does not separately state each

4    matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

5    associated with responding to this request is substantially similar to the burden for Plaintiffs to

6    obtain the information sought through this request, especially because the available documents,

7    data and other information sought from which the answer, if any, could be derived in response to

8    this request have been produced by Defendants in response to Plaintiffs' other discovery requests

9    and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

10   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

11   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

12   objections and qualifications, Defendants respond as follows:

13        ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

14   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

15   the files located in DCITBU01_G\PeopleSoft were obtained at some point in time from a

16   PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the

17   extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as

18   it is to Defendants.  To the extent this request is not admitted, it is DENIED.

19   **REQUEST NO. 6:**

20        For each file located in DCDL1-2 and DCDL4-20, as identified in Defendants' responses

21   to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded

22   from an Oracle website by SAP TN.

23   **RESPONSE TO REQUEST NO. 6:**

24        Defendants object to this request on the grounds stated in the General Objections and

25   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

26   respect to the information sought in this request because Defendants SAP AG and SAP America

27   have no additional knowledge separate and apart from the information provided by Defendant

28   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

"Oracle website" are overly broad, unduly burdensome, vague, and ambiguous. Further, Defendants object to this request as compound and unduly burdensome in that this request asks for "each file" and, thus, asks hundreds if not thousands of separate questions and would require the review of substantial amounts of data. This request, therefore, does not separately state each matter sought. Moreover, Defendants object to this request on the basis that Defendants' burden associated with responding to this request is substantially similar to the burden for Plaintiffs to obtain the information sought through this request, especially because the available documents, data and other information sought from which the answer, if any, could be derived in response to this request have been produced by Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to Defendants. Defendants also object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to Defendants. Subject to and without waiving the foregoing objections and qualifications, Defendants respond as follows:

ADMITTED on the following qualified basis: Defendants reasonably believe and thus ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of the files located in DCDL1-2 and DCDL4-20 were obtained at some point in time from a PeopleSoft, J.D. Edwards, or Oracle website. Defendants, however, have not undertaken the extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as it is to Defendants. To the extent this request is not admitted, it is DENIED.

**REQUEST NO. 7:**

For each file located in Tempstore_CE\D\PeopleSoft, as identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded from an Oracle website by SAP TN.

**RESPONSE TO REQUEST NO. 7:**

Defendants object to this request on the grounds stated in the General Objections and Responses. Defendants' response is based solely on Defendant TomorrowNow's knowledge with respect to the information sought in this request because Defendants SAP AG and SAP America have no additional knowledge separate and apart from the information provided by Defendant

1    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

2    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

3    Defendants object to this request as compound and unduly burdensome in that this request asks

4    for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

5    the review of substantial amounts of data.  This request, therefore, does not separately state each

6    matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

7    associated with responding to this request is substantially similar to the burden for Plaintiffs to

8    obtain the information sought through this request, especially because the available documents,

9    data and other information sought from which the answer, if any, could be derived in response to

10   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

11   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

12   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

13   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

14   objections and qualifications, Defendants respond as follows:

15        ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

16   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

17   the files located in Tempstore_CE\D\PeopleSoft were obtained at some point in time from a

18   PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the

19   extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as

20   it is to Defendants.  To the extent this request is not admitted, it is DENIED.

21   **REQUEST NO. 8:**

22        For each file located in TN-FS01_F\C\DellRestore\F Drive\PS\PS Delivered Updates &

23   Fixes, as identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set,

24   admit that the file was originally downloaded from an Oracle website by SAP TN.

25   **RESPONSE TO REQUEST NO. 8:**

26        Defendants object to this request on the grounds stated in the General Objections and

27   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

28   respect to the information sought in this request because Defendants SAP AG and SAP America

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

have no additional knowledge separate and apart from the information provided by Defendant TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further, Defendants object to this request as compound and unduly burdensome in that this request asks for "each file" and, thus, asks hundreds if not thousands of separate questions and would require the review of substantial amounts of data.  This request, therefore, does not separately state each matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden associated with responding to this request is substantially similar to the burden for Plaintiffs to obtain the information sought through this request, especially because the available documents, data and other information sought from which the answer, if any, could be derived in response to this request have been produced by Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing objections and qualifications, Defendants respond as follows:

ADMITTED on the following qualified basis:  Defendants reasonably believe and thus ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of the files located in TN-FS01_F\C\DellRestore\F Drive\PS\PS Delivered Updates & Fixes were obtained at some point in time from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

**REQUEST NO. 9:**

For each file located in JD-WSVR01_G\JDE\JDE Delivered Updates & Fixes, as identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded from an Oracle website by SAP TN.

**RESPONSE TO REQUEST NO. 9:**

Defendants object to this request on the grounds stated in the General Objections and

1   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

2   respect to the information sought in this request because Defendants SAP AG and SAP America

3   have no additional knowledge separate and apart from the information provided by Defendant

4   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

5   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

6   Defendants object to this request as compound and unduly burdensome in that this request asks

7   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

8   the review of substantial amounts of data.  This request, therefore, does not separately state each

9   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

10  associated with responding to this request is substantially similar to the burden for Plaintiffs to

11  obtain the information sought through this request, especially because the available documents,

12  data and other information sought from which the answer, if any, could be derived in response to

13  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

14  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

15  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

16  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

17  objections and qualifications, Defendants respond as follows:

18      ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

19  ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

20  the files located in JD-WSVR01_G\JDE\JDE Delivered Updates & Fixes were obtained at some

21  point in time from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not

22  undertaken the extreme burden of evaluating each file as this information is as equally accessible

23  to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

24  **REQUEST NO. 10:**

25      For each file located in AS/400 ENT01 Partition, as identified in Defendants' responses to

26  Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded from

27  an Oracle website by SAP TN.

28

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1    **RESPONSE TO REQUEST NO. 10:**

2          Defendants object to this request on the grounds stated in the General Objections and

3    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

4    respect to the information sought in this request because Defendants SAP AG and SAP America

5    have no additional knowledge separate and apart from the information provided by Defendant

6    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

7    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

8    Defendants object to this request as compound and unduly burdensome in that this requests asks

9    for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

10   the review of substantial amounts of data.  This request, therefore, does not separately state each

11   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

12   associated with responding to this request is substantially similar to the burden for Plaintiffs to

13   obtain the information sought through this request, especially because the available documents,

14   data and other information sought from which the answer, if any, could be derived in response to

15   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

16   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

17   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

18   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

19   objections and qualifications, Defendants respond as follows:

20          ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

21   ADMIT that it is likely that some (meaning more than one) of the files located in AS/400 ENT01

22   Partition were obtained at some point in time from a PeopleSoft, J.D. Edwards, or Oracle website.

23   Defendants, however, have not undertaken the extreme burden of evaluating each file as this

24   information is as equally accessible to Plaintiffs as it is to Defendants.  To the extent this request

25   is not admitted, it is DENIED.

26   **REQUEST NO. 11:**

27          For each file located in AS/400 World Partition, as identified in Defendants' responses to

28   Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded from

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1    an Oracle website by SAP TN.

2    **RESPONSE TO REQUEST NO. 11:**

3         Defendants object to this request on the grounds stated in the General Objections and

4    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

5    respect to the information sought in this request because Defendants SAP AG and SAP America

6    have no additional knowledge separate and apart from the information provided by Defendant

7    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

8    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

9    Defendants object to this request as compound and unduly burdensome in that this request asks

10   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

11   the review of substantial amounts of data.  This request, therefore, does not separately state each

12   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

13   associated with responding to this request is substantially similar to the burden for Plaintiffs to

14   obtain the information sought through this request, especially because the available documents,

15   data and other information sought from which the answer, if any, could be derived in response to

16   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

17   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

18   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

19   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

20   objections and qualifications, Defendants respond as follows:

21        ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

22   ADMIT that it is likely that some (meaning more than one) of the files located in AS/400 World

23   Partition were obtained at some point in time from a PeopleSoft, J.D. Edwards, or Oracle website.

24   Defendants, however, have not undertaken the extreme burden of evaluating each file as this

25   information is as equally accessible to Plaintiffs as it is to Defendants.  To the extent this request

26   is not admitted, it is DENIED.

27   **REQUEST NO. 12:**

28        For each file located in TN-FS02_E\Delivered Updates & Fixes, as identified in

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1   Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

2   originally downloaded from an Oracle website by SAP TN.

3   **RESPONSE TO REQUEST NO. 12:**

4          Defendants object to this request on the grounds stated in the General Objections and

5   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

6   respect to the information sought in this request because Defendants SAP AG and SAP America

7   have no additional knowledge separate and apart from the information provided by Defendant

8   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

9   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

10  Defendants object to this request as compound and unduly burdensome in that this request asks

11  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

12  the review of substantial amounts of data.  This request, therefore, does not separately state each

13  matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

14  associated with responding to this request is substantially similar to the burden for Plaintiffs to

15  obtain the information sought through this request, especially because the available documents,

16  data and other information sought from which the answer, if any, could be derived in response to

17  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

18  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

19  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

20  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

21  objections and qualifications, Defendants respond as follows:

22         ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

23  ADMIT that it is likely that the majority (meaning at least one more than half of the total files)

24  located in TN-FS02_E\Delivered Updates & Fixes were obtained at some point in time from a

25  PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the

26  extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as

27  it is to Defendants.  To the extent this request is not admitted, it is DENIED.

28

1    **REQUEST NO. 13:**

2        For each file located in TN-FS01_F\C\DellRestore\F Drive\Client Download Links, as

3    identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that

4    the file was originally downloaded from an Oracle website by SAP TN.

5    **RESPONSE TO REQUEST NO. 13:**

6        Defendants object to this request on the grounds stated in the General Objections and

7    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

8    respect to the information sought in this request because Defendants SAP AG and SAP America

9    have no additional knowledge separate and apart from the information provided by Defendant

10   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

11   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

12   Defendants object to this request as compound and unduly burdensome in that this request asks

13   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

14   the review of substantial amounts of data.  This request, therefore, does not separately state each

15   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

16   associated with responding to this request is substantially similar to the burden for Plaintiffs to

17   obtain the information sought through this request, especially because the available documents,

18   data and other information sought from which the answer, if any, could be derived in response to

19   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

20   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

21   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

22   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

23   objections and qualifications, Defendants respond as follows:

24       ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

25   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

26   the files located in TN-FS01_F\C\DellRestore\F Drive\Client Download Links were obtained at

27   some point in time from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however,

28   have not undertaken the extreme burden of evaluating each file as this information is as equally

1    accessible to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it is

2    DENIED.

3    **REQUEST NO. 14:**

4         For each file located in TN-FS01_F\C\DellRestore\F Drive\PS\JDE OneWorld

5    International Docs and Release Notes, as identified in Defendants' responses to Interrogatory 11

6    from Oracle Corp.'s first set, admit that the file was originally downloaded from an Oracle

7    website by SAP TN.

8    **RESPONSE TO REQUEST NO. 14:**

9         Defendants object to this request on the grounds stated in the General Objections and

10   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

11   respect to the information sought in this request because Defendants SAP AG and SAP America

12   have no additional knowledge separate and apart from the information provided by Defendant

13   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

14   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

15   Defendants object to this request as compound and unduly burdensome in that this request asks

16   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

17   the review of substantial amounts of data.  This request, therefore, does not separately state each

18   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

19   associated with responding to this request is substantially similar to the burden for Plaintiffs to

20   obtain the information sought through this request, especially because the available documents,

21   data and other information sought from which the answer, if any, could be derived in response to

22   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

23   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

24   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

25   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

26   objections and qualifications, Defendants respond as follows:

27        ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

28   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1  the files located in TN-FS01_F\C\DellRestore\F Drive\PS\JDE OneWorld International Docs and

2  Release Notes were obtained at some point in time from a PeopleSoft, J.D. Edwards, or Oracle

3  website.  Defendants, however, have not undertaken the extreme burden of evaluating each file as

4  this information is as equally accessible to Plaintiffs as it is to Defendants.  To the extent this

5  request is not admitted, it is DENIED.

6  **REQUEST NO. 15:**

7        For each file located in TN-FS01_F\C\DellRestore\F Drive\PS\JDE World International

8  Docs and Release Notes, as identified in Defendants' responses to Interrogatory 11 from Oracle

9  Corp.'s first set, admit that the file was originally downloaded from an Oracle website by SAP

10 TN.

11 **RESPONSE TO REQUEST NO. 15:**

12        Defendants object to this request on the grounds stated in the General Objections and

13 Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

14 respect to the information sought in this request because Defendants SAP AG and SAP America

15 have no additional knowledge separate and apart from the information provided by Defendant

16 TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

17 "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

18 Defendants object to this request as compound and unduly burdensome in that this request asks

19 for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

20 the review of substantial amounts of data.  This request, therefore, does not separately state each

21 matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

22 associated with responding to this request is substantially similar to the burden for Plaintiffs to

23 obtain the information sought through this request, especially because the available documents,

24 data and other information sought from which the answer, if any, could be derived in response to

25 this request have been produced by Defendants in response to Plaintiffs' other discovery requests

26 and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

27 Defendants.  Defendants also object to the extent that this request improperly attempts to shift

28 Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

objections and qualifications, Defendants respond as follows:

ADMITTED on the following qualified basis:  Defendants reasonably believe and thus ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of the files located in TN-FS01_F\C\DellRestore\F Drive\PS\JDE World International Docs and Release Notes were obtained at some point in time from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

**REQUEST NO. 16:**

For each file located in JDDEV03\D\Downloads\PeopleSoft, as identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded from an Oracle website by SAP TN.

**RESPONSE TO REQUEST NO. 16:**

Defendants object to this request on the grounds stated in the General Objections and Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with respect to the information sought in this request because Defendants SAP AG and SAP America have no additional knowledge separate and apart from the information provided by Defendant TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further, Defendants object to this request as compound and unduly burdensome in that this request asks for "each file" and, thus, asks hundreds if not thousands of separate questions and would require the review of substantial amounts of data.  This request, therefore, does not separately state each matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden associated with responding to this request is substantially similar to the burden for Plaintiffs to obtain the information sought through this request, especially because the available documents, data and other information sought from which the answer, if any, could be derived in response to this request have been produced by Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

1   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

2   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

3   objections and qualifications, Defendants respond as follows:

4       ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

5   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

6   the files located in JDDEV03\D\Downloads\PeopleSoft were obtained at some point in time from

7   a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the

8   extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as

9   it is to Defendants.  To the extent this request is not admitted, it is DENIED.

10  **REQUEST NO. 17:**

11      For each file located in JDDEV03\D\ESUhtm, as identified in Defendants' responses to

12  Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded from

13  an Oracle website by SAP TN.

14  **RESPONSE TO REQUEST NO. 17:**

15      Defendants object to this request on the grounds stated in the General Objections and

16  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

17  respect to the information sought in this request because Defendants SAP AG and SAP America

18  have no additional knowledge separate and apart from the information provided by Defendant

19  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

20  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

21  Defendants object to this request as compound and unduly burdensome in that this request asks

22  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

23  the review of substantial amounts of data.  This request, therefore, does not separately state each

24  matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

25  associated with responding to this request is substantially similar to the burden for Plaintiffs to

26  obtain the information sought through this request, especially because the available documents,

27  data and other information sought from which the answer, if any, could be derived in response to

28  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

1    and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

2    Defendants.  Defendants also object to the extent that this request improperly attempts to shift

3    Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

4    objections and qualifications, Defendants respond as follows:

5           ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

6    ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

7    the files located in JDDEV03\D\ESUhtm were obtained at some point in time from a PeopleSoft,

8    J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the extreme burden

9    of evaluating each file as this information is as equally accessible to Plaintiffs as it is to

10   Defendants.  To the extent this request is not admitted, it is DENIED.

11   **REQUEST NO. 18:**

12          For each file located in SBLPROD02\SupportWeb-2007.03.11-

13   PSCU_Financial_Services.rar, as identified in Defendants' responses to Interrogatory 11 from

14   Oracle Corp.'s first set, admit that the file was originally downloaded from an Oracle website by

15   SAP TN.

16   **RESPONSE TO REQUEST NO. 18:**

17          Defendants object to this request on the grounds stated in the General Objections and

18   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

19   respect to the information sought in this request because Defendants SAP AG and SAP America

20   have no additional knowledge separate and apart from the information provided by Defendant

21   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

22   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

23   Defendants object to this request as compound and unduly burdensome in that this request asks

24   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

25   the review of substantial amounts of data.  This request, therefore, does not separately state each

26   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

27   associated with responding to this request is substantially similar to the burden for Plaintiffs to

28   obtain the information sought through this request, especially because the available documents,

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1   data and other information sought from which the answer, if any, could be derived in response to

2   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

3   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

4   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

5   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

6   objections and qualifications, Defendants respond as follows:

7           ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

8   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

9   the files located in SBLPROD02\SupportWeb-2007.03.11-PSCU_Financial_Services.rar were

10  obtained at some point in time from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants,

11  however, have not undertaken the extreme burden of evaluating each file as this information is as

12  equally accessible to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it

13  is DENIED.

14  **REQUEST NO. 19:**

15          For each file located in TN-FS01_F\C\Siebel\Clients\Actel, as identified in Defendants'

16  responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally

17  downloaded from an Oracle website by SAP TN.

18  **RESPONSE TO REQUEST NO. 19:**

19          Defendants object to this request on the grounds stated in the General Objections and

20  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

21  respect to the information sought in this request because Defendants SAP AG and SAP America

22  have no additional knowledge separate and apart from the information provided by Defendant

23  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

24  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

25  Defendants object to this request as compound and unduly burdensome in that this requests asks

26  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

27  the review of substantial amounts of data.  This request, therefore, does not separately state each

28  matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

1   associated with responding to this request is substantially similar to the burden for Plaintiffs to

2   obtain the information sought through this request, especially because the available documents,

3   data and other information sought from which the answer, if any, could be derived in response to

4   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

5   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

6   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

7   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

8   objections and qualifications, Defendants respond as follows:

9          ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

10  ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

11  the files located in TN-FS01_F\C\Siebel\Clients\Actel were obtained at some point in time from a

12  PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the

13  extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as

14  it is to Defendants.  To the extent this request is not admitted, it is DENIED.

15  **REQUEST NO. 20:**

16         For each file located in TN-FS01_F\C\Siebel\Clients\ATX, as identified in Defendants'

17  responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally

18  downloaded from an Oracle website by SAP TN.

19  **RESPONSE TO REQUEST NO. 20:**

20         Defendants object to this request on the grounds stated in the General Objections and

21  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

22  respect to the information sought in this request because Defendants SAP AG and SAP America

23  have no additional knowledge separate and apart from the information provided by Defendant

24  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

25  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

26  Defendants object to this request as compound and unduly burdensome in that this request asks

27  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

28  the review of substantial amounts of data.  This request, therefore, does not separately state each

1   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

2   associated with responding to this request is substantially similar to the burden for Plaintiffs to

3   obtain the information sought through this request, especially because the available documents,

4   data and other information sought from which the answer, if any, could be derived in response to

5   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

6   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

7   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

8   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

9   objections and qualifications, Defendants respond as follows:

10          ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

11   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

12   the files located in TN-FS01_F\C\Siebel\Clients\ATX were obtained at some point in time either

13   from a PeopleSoft, J.D. Edwards, or Oracle website or from ATX directly.  Defendants, however,

14   have not undertaken the extreme burden of evaluating each file as this information is as equally

15   accessible to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it is

16   DENIED.

17   **REQUEST NO. 21:**

18          For each file located in TN-FS01_F\C\Siebel\Clients\CSBP, as identified in Defendants'

19   responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally

20   downloaded from an Oracle website by SAP TN.

21   **RESPONSE TO REQUEST NO. 21:**

22          Defendants object to this request on the grounds stated in the General Objections and

23   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

24   respect to the information sought in this request because Defendants SAP AG and SAP America

25   have no additional knowledge separate and apart from the information provided by Defendant

26   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

27   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

28   Defendants object to this request as compound and unduly burdensome in that this request asks

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

the review of substantial amounts of data.  This request, therefore, does not separately state each

matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

associated with responding to this request is substantially similar to the burden for Plaintiffs to

obtain the information sought through this request, especially because the available documents,

data and other information sought from which the answer, if any, could be derived in response to

this request have been produced by Defendants in response to Plaintiffs' other discovery requests

and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

Defendants.  Defendants also object to the extent that this request improperly attempts to shift

Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

objections and qualifications, Defendants respond as follows:

ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

the files located in TN-FS01_F\C\Siebel\Clients\CSBP were obtained at some point in time either

from a PeopleSoft, J.D. Edwards, or Oracle website or from CSBP Limited directly.  Defendants,

however, have not undertaken the extreme burden of evaluating each file as this information is as

equally accessible to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it

is DENIED.

**REQUEST NO. 22:**

For each file located in TN-FS01_F\C\Siebel\Clients\Everdream, as identified in

Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

originally downloaded from an Oracle website by SAP TN.

**RESPONSE TO REQUEST NO. 22:**

Defendants object to this request on the grounds stated in the General Objections and

Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

respect to the information sought in this request because Defendants SAP AG and SAP America

have no additional knowledge separate and apart from the information provided by Defendant

TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

"Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

Defendants object to this request as compound and unduly burdensome in that this request asks

for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

the review of substantial amounts of data.  This request, therefore, does not separately state each

matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

associated with responding to this request is substantially similar to the burden for Plaintiffs to

obtain the information sought through this request, especially because the available documents,

data and other information sought from which the answer, if any, could be derived in response to

this request have been produced by Defendants in response to Plaintiffs' other discovery requests

and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

Defendants.  Defendants also object to the extent that this request improperly attempts to shift

Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

objections and qualifications, Defendants respond as follows:

ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

the files located in TN-FS01_F\C\Siebel\Clients\Everdream were obtained at some point in time

from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken

the extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs

as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

**REQUEST NO. 23:**

For each file located in TN-FS01_F\C\Siebel\Clients\FSC, as identified in Defendants'

responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally

downloaded from an Oracle website by SAP TN.

**RESPONSE TO REQUEST NO. 23:**

Defendants object to this request on the grounds stated in the General Objections and

Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

respect to the information sought in this request because Defendants SAP AG and SAP America

have no additional knowledge separate and apart from the information provided by Defendant

TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further, Defendants object to this request as compound and unduly burdensome in that this request asks for "each file" and, thus, asks hundreds if not thousands of separate questions and would require the review of substantial amounts of data.  This request, therefore, does not separately state each matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden associated with responding to this request is substantially similar to the burden for Plaintiffs to obtain the information sought through this request, especially because the available documents, data and other information sought from which the answer, if any, could be derived in response to this request have been produced by Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing objections and qualifications, Defendants respond as follows:

ADMITTED on the following qualified basis:  Defendants reasonably believe and thus ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of the files located in TN-FS01_F\C\Siebel\Clients\FSC were obtained at some point in time from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

**REQUEST NO. 24:**

For each file located in TN-FS01_F\C\Siebel\Clients\MKS, as identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded from an Oracle website by SAP TN.

**RESPONSE TO REQUEST NO. 24:**

Defendants object to this request on the grounds stated in the General Objections and Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with respect to the information sought in this request because Defendants SAP AG and SAP America

1   have no additional knowledge separate and apart from the information provided by Defendant

2   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

3   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

4   Defendants object to this request as compound and unduly burdensome in that this request asks

5   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

6   the review of substantial amounts of data.  This request, therefore, does not separately state each

7   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

8   associated with responding to this request is substantially similar to the burden for Plaintiffs to

9   obtain the information sought through this request, especially because the available documents,

10  data and other information sought from which the answer, if any, could be derived in response to

11  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

12  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

13  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

14  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

15  objections and qualifications, Defendants respond as follows:

16      ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

17  ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

18  the files located in TN-FS01_F\C\Siebel\Clients\MKS were obtained at some point in time from a

19  PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the

20  extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as

21  it is to Defendants.  To the extent this request is not admitted, it is DENIED.

22  **REQUEST NO. 25:**

23      For each file located in TN-FS01_F\C\Siebel\Clients\NextiraOne, as identified in

24  Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

25  originally downloaded from an Oracle website by SAP TN.

26  **RESPONSE TO REQUEST NO. 25:**

27      Defendants object to this request on the grounds stated in the General Objections and

28  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

1  respect to the information sought in this request because Defendants SAP AG and SAP America

2  have no additional knowledge separate and apart from the information provided by Defendant

3  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

4  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

5  Defendants object to this request as compound and unduly burdensome in that this request asks

6  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

7  the review of substantial amounts of data.  This request, therefore, does not separately state each

8  matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

9  associated with responding to this request is substantially similar to the burden for Plaintiffs to

10  obtain the information sought through this request, especially because the available documents,

11  data and other information sought from which the answer, if any, could be derived in response to

12  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

13  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

14  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

15  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

16  objections and qualifications, Defendants respond as follows:

17       ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

18  ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

19  the files located in TN-FS01_F\C\Siebel\Clients\NextiraOne were obtained at some point in time

20  from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken

21  the extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs

22  as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

23  **REQUEST NO. 26:**

24       For each file located in TN-FS01_F\C\Siebel\Clients\Pomeroy, as identified in

25  Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

26  originally downloaded from an Oracle website by SAP TN.

27  **RESPONSE TO REQUEST NO. 26:**

28       Defendants object to this request on the grounds stated in the General Objections and

1   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

2   respect to the information sought in this request because Defendants SAP AG and SAP America

3   have no additional knowledge separate and apart from the information provided by Defendant

4   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

5   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

6   Defendants object to this request as compound and unduly burdensome in that this request asks

7   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

8   the review of substantial amounts of data.  This request, therefore, does not separately state each

9   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

10  associated with responding to this request is substantially similar to the burden for Plaintiffs to

11  obtain the information sought through this request, especially because the available documents,

12  data and other information sought from which the answer, if any, could be derived in response to

13  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

14  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

15  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

16  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

17  objections and qualifications, Defendants respond as follows:

18          ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

19  ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

20  the files located in TN-FS01_F\C\Siebel\Clients\Pomeroy were obtained at some point in time

21  either from a PeopleSoft, J.D. Edwards, or Oracle website or from Pomeroy IT Solutions, Inc

22  directly.  Defendants, however, have not undertaken the extreme burden of evaluating each file as

23  this information is as equally accessible to Plaintiffs as it is to Defendants.  To the extent this

24  request is not admitted, it is DENIED.

25  **REQUEST NO. 27:**

26          For each file located in TN-FS01_F\C\Siebel\Clients\PSCU Financial Services, as

27  identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that

28  the file was originally downloaded from an Oracle website by SAP TN.

1    **RESPONSE TO REQUEST NO. 27:**

2         Defendants object to this request on the grounds stated in the General Objections and

3    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

4    respect to the information sought in this request because Defendants SAP AG and SAP America

5    have no additional knowledge separate and apart from the information provided by Defendant

6    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

7    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

8    Defendants object to this request as compound and unduly burdensome in that this request asks

9    for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

10   the review of substantial amounts of data.  This request, therefore, does not separately state each

11   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

12   associated with responding to this request is substantially similar to the burden for Plaintiffs to

13   obtain the information sought through this request, especially because the available documents,

14   data and other information sought from which the answer, if any, could be derived in response to

15   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

16   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

17   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

18   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

19   objections and qualifications, Defendants respond as follows:

20        ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

21   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

22   the files located in TN-FS01_F\C\Siebel\Clients\PSCU Financial Services were obtained at some

23   point in time from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not

24   undertaken the extreme burden of evaluating each file as this information is as equally accessible

25   to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

26   **REQUEST NO. 28:**

27        For each file located in TN-FS01_F\C\Siebel\Clients\Rockwell, as identified in

28   Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

1   originally downloaded from an Oracle website by SAP TN.

2   **RESPONSE TO REQUEST NO. 28:**

3       Defendants object to this request on the grounds stated in the General Objections and

4   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

5   respect to the information sought in this request because Defendants SAP AG and SAP America

6   have no additional knowledge separate and apart from the information provided by Defendant

7   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

8   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

9   Defendants object to this request as compound and unduly burdensome in that this request asks

10  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

11  the review of substantial amounts of data.  This request, therefore, does not separately state each

12  matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

13  associated with responding to this request is substantially similar to the burden for Plaintiffs to

14  obtain the information sought through this request, especially because the available documents,

15  data and other information sought from which the answer, if any, could be derived in response to

16  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

17  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

18  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

19  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

20  objections and qualifications, Defendants respond as follows:

21      ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

22  ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

23  the files located in TN-FS01_F\C\Siebel\Clients\Rockwell were obtained at some point in time

24  from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken

25  the extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs

26  as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

27  **REQUEST NO. 29:**

28      For each file located in TN-FS01_F\C\Siebel\Clients\Smart Center, as identified in

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1    Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

2    originally downloaded from an Oracle website by SAP TN.

3    **RESPONSE TO REQUEST NO. 29:**

4         Defendants object to this request on the grounds stated in the General Objections and

5    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

6    respect to the information sought in this request because Defendants SAP AG and SAP America

7    have no additional knowledge separate and apart from the information provided by Defendant

8    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

9    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

10   Defendants object to this request as compound and unduly burdensome in that this request asks

11   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

12   the review of substantial amounts of data.  This request, therefore, does not separately state each

13   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

14   associated with responding to this request is substantially similar to the burden for Plaintiffs to

15   obtain the information sought through this request, especially because the available documents,

16   data and other information sought from which the answer, if any, could be derived in response to

17   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

18   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

19   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

20   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

21   objections and qualifications, Defendants respond as follows:

22        ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

23   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

24   the files located in TN-FS01_F\C\Siebel\Clients\Smart Center were obtained at some point in

25   time either from a PeopleSoft, J.D. Edwards, or Oracle website or from Smart Centers, LLC

26   directly.  Defendants, however, have not undertaken the extreme burden of evaluating each file as

27   this information is as equally accessible to Plaintiffs as it is to Defendants.  To the extent this

28   request is not admitted, it is DENIED.

1    **REQUEST NO. 30:**

2        For each file located in TN-FS01_F\C\Siebel\Clients\Standard Register, as identified in

3    Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

4    originally downloaded from an Oracle website by SAP TN.

5    **RESPONSE TO REQUEST NO. 30:**

6        Defendants object to this request on the grounds stated in the General Objections and

7    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

8    respect to the information sought in this request because Defendants SAP AG and SAP America

9    have no additional knowledge separate and apart from the information provided by Defendant

10   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

11   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

12   Defendants object to this request as compound and unduly burdensome in that this request asks

13   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

14   the review of substantial amounts of data.  This request, therefore, does not separately state each

15   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

16   associated with responding to this request is substantially similar to the burden for Plaintiffs to

17   obtain the information sought through this request, especially because the available documents,

18   data and other information sought from which the answer, if any, could be derived in response to

19   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

20   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

21   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

22   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

23   objections and qualifications, Defendants respond as follows:

24       ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

25   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

26   the files located in TN-FS01_F\C\Siebel\Clients\Standard Register were obtained at some point in

27   time from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not

28   undertaken the extreme burden of evaluating each file as this information is as equally accessible

1   to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

2   **REQUEST NO. 31:**

3       For each file located in DCITBU01_G\Siebel\Actel, as identified in Defendants'

4   responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally

5   downloaded from an Oracle website by SAP TN.

6   **RESPONSE TO REQUEST NO. 31:**

7       Defendants object to this request on the grounds stated in the General Objections and

8   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

9   respect to the information sought in this request because Defendants SAP AG and SAP America

10  have no additional knowledge separate and apart from the information provided by Defendant

11  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

12  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

13  Defendants object to this request as compound and unduly burdensome in that this request asks

14  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

15  the review of substantial amounts of data.  This request, therefore, does not separately state each

16  matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

17  associated with responding to this request is substantially similar to the burden for Plaintiffs to

18  obtain the information sought through this request, especially because the available documents,

19  data and other information sought from which the answer, if any, could be derived in response to

20  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

21  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

22  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

23  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

24  objections and qualifications, Defendants respond as follows:

25      ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

26  ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

27  the files located in DCITBU01_G\Siebel\Actel were obtained at some point in time from a

28  PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not undertaken the

1    extreme burden of evaluating each file as this information is as equally accessible to Plaintiffs as

2    it is to Defendants.  To the extent this request is not admitted, it is DENIED.

3    **REQUEST NO. 32:**

4         For each file located in DCITBU01_G\Siebel\PSCU Financial Services, as identified in

5    Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

6    originally downloaded from an Oracle website by SAP TN.

7    **RESPONSE TO REQUEST NO. 32:**

8         Defendants object to this request on the grounds stated in the General Objections and

9    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

10   respect to the information sought in this request because Defendants SAP AG and SAP America

11   have no additional knowledge separate and apart from the information provided by Defendant

12   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

13   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

14   Defendants object to this request as compound and unduly burdensome in that this request asks

15   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

16   the review of substantial amounts of data.  This request, therefore, does not separately state each

17   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

18   associated with responding to this request is substantially similar to the burden for Plaintiffs to

19   obtain the information sought through this request, especially because the available documents,

20   data and other information sought from which the answer, if any, could be derived in response to

21   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

22   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

23   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

24   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

25   objections and qualifications, Defendants respond as follows:

26        ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

27   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

28   the files located in DCITBU01_G\Siebel\PSCU Financial Services were obtained at some point in

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1    time from a PeopleSoft, J.D. Edwards, or Oracle website.  Defendants, however, have not

2    undertaken the extreme burden of evaluating each file as this information is as equally accessible

3    to Plaintiffs as it is to Defendants.  To the extent this request is not admitted, it is DENIED.

4    **REQUEST NO. 33:**

5         For each file located in DCITBU01_G\Siebel\Standard Register, as identified in

6    Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was

7    originally downloaded from an Oracle website by SAP TN.

8    **RESPONSE TO REQUEST NO. 33:**

9         Defendants object to this request on the grounds stated in the General Objections and

10   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

11   respect to the information sought in this request because Defendants SAP AG and SAP America

12   have no additional knowledge separate and apart from the information provided by Defendant

13   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

14   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

15   Defendants object to this request as compound and unduly burdensome in that this request asks

16   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

17   the review of substantial amounts of data.  This request, therefore, does not separately state each

18   matter sought.  Moreover, Defendants object to this request on the basis that Defendants' burden

19   associated with responding to this request is substantially similar to the burden for Plaintiffs to

20   obtain the information sought through this request, especially because the available documents,

21   data and other information sought from which the answer, if any, could be derived in response to

22   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

23   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

24   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

25   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

26   objections and qualifications, Defendants respond as follows:

27        ADMITTED on the following qualified basis:  Defendants reasonably believe and thus

28   ADMIT that it is likely that the majority (meaning at least one more than half of the total files) of

1   the files located in DCITBU01_G\Siebel\Standard Register were obtained at some point in time

2   either from a PeopleSoft, J.D. Edwards, or Oracle website or from Standard Register Company

3   directly. Defendants, however, have not undertaken the extreme burden of evaluating each file as

4   this information is as equally accessible to Plaintiffs as it is to Defendants. To the extent this

5   request is not admitted, it is DENIED.

6   **REQUEST NO. 34:**

7       For each file located in DCITBU01_G\JDE\JDE Delivered Updates & Fixes, admit that

8   Defendants do not have reasonable access to any readily obtainable information indicating that

9   the file was not originally downloaded from an Oracle website by SAP TN.

10  **RESPONSE TO REQUEST NO. 34:**

11      Defendants object to this request on the grounds stated in the General Objections and

12  Responses. Defendants' response is based solely on Defendant TomorrowNow's knowledge with

13  respect to the information sought in this request because Defendants SAP AG and SAP America

14  have no additional knowledge separate and apart from the information provided by Defendant

15  TomorrowNow in this response. Defendants object that the phrases "originally downloaded" and

16  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous. Further,

17  Defendants object to this request as compound and unduly burdensome in that this request asks

18  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

19  the review of substantial amounts of data. This request, therefore, does not separately state each

20  matter sought. Moreover, Defendants object that the request is unduly burdensome and

21  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

22  effort associated with responding to this request is substantially similar for the parties, especially

23  because the available documents, data and other information sought from which the answer, if

24  any, could be derived in response to this request have been produced by Defendants in response

25  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

26  equally accessible to Plaintiffs as it is to Defendants. Defendants also object to the extent that

27  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants. Subject to and

28  without waiving the foregoing objections and qualifications, Defendants respond as follows:

1    DENIED.  Defendants have reasonable access to the files located in the folder structures

2    located at DCITBU01_G\JDE\JDE Delivered Updates & Fixes.  However, given the quantity of

3    the files in the folder structures located at DCITBU01_G\JDE\JDE Delivered Updates & Fixes,

4    there is no readily obtainable way to determine whether any specific file or specific sub-set of

5    files located in the folder structures located at DCITBU01_G\JDE\JDE Delivered Updates &

6    Fixes were obtained at some point in time from a PeopleSoft, JD Edwards, Siebel, or Oracle

7    website.  Defendants have not undertaken the extreme burden of evaluating each file and have

8    objected on that basis because the requested information is as equally accessible to Plaintiffs as it

9    is to Defendants.

10   **REQUEST NO. 35:**

11        For each file located in DCITBU01_G\PeopleSoft, admit that Defendants do not have

12   reasonable access to any readily obtainable information indicating that the file was not originally

13   downloaded from an Oracle website by SAP TN.

14   **RESPONSE TO REQUEST NO. 35:**

15        Defendants object to this request on the grounds stated in the General Objections and

16   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

17   respect to the information sought in this request because Defendants SAP AG and SAP America

18   have no additional knowledge separate and apart from the information provided by Defendant

19   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

20   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

21   Defendants object to this request as compound and unduly burdensome in that this request asks

22   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

23   the review of substantial amounts of data.  This request, therefore, does not separately state each

24   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

25   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

26   effort associated with responding to this request is substantially similar for the parties, especially

27   because the available documents, data and other information sought from which the answer, if

28   any, could be derived in response to this request have been produced by Defendants in response

1   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

2   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

3   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

4   without waiving the foregoing objections and qualifications, Defendants respond as follows:

5        DENIED.  Defendants have reasonable access to the files located in the folder structures

6   located at DCITBU01_G\PeopleSoft.  However, given the quantity of the files in the folder

7   structures located at DCITBU01_G\PeopleSoft, there is no readily obtainable way to determine

8   whether any specific file or specific sub-set of files located in the folder structures located at

9   DCITBU01_G\PeopleSoft were obtained at some point in time from a PeopleSoft, JD Edwards,

10  Siebel, or Oracle website.  Defendants have not undertaken the extreme burden of evaluating each

11  file and have objected on that basis because the requested information is as equally accessible to

12  Plaintiffs as it is to Defendants.

13  **REQUEST NO. 36:**

14       For each file located in DCDL1-2 and DCDL4-20, as identified in Defendants' responses

15  to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have reasonable

16  access to any readily obtainable information indicating that the file was not originally

17  downloaded from an Oracle website by SAP TN.

18  **RESPONSE TO REQUEST NO. 36:**

19       Defendants object to this request on the grounds stated in the General Objections and

20  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

21  respect to the information sought in this request because Defendants SAP AG and SAP America

22  have no additional knowledge separate and apart from the information provided by Defendant

23  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

24  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

25  Defendants object to this request as compound and unduly burdensome in that this request asks

26  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

27  the review of substantial amounts of data.  This request, therefore, does not separately state each

28  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1    improperly attempts to shift the burden to Defendants to evaluate each and every file where the

2    effort associated with responding to this request is substantially similar for the parties, especially

3    because the available documents, data and other information sought from which the answer, if

4    any, could be derived in response to this request have been produced by Defendants in response

5    to Plaintiffs' other discovery requests and thus any relevant, available information is now as

6    equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

7    this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

8    without waiving the foregoing objections and qualifications, Defendants respond as follows:

9        DENIED.  Defendants have reasonable access to the files located in DCDL1-2 and

10    DCDL4-20.  However, given the quantity of the files in the folder structures located in DCDL1-2

11    and DCDL4-20, there is no readily obtainable way to determine whether any specific file or

12    specific sub-set of files located in the folder structures located in DCDL1-2 and DCDL4-20 were

13    obtained at some point in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.

14    Defendants have not undertaken the extreme burden of evaluating each file and have objected on

15    that basis because the requested information is as equally accessible to Plaintiffs as it is to

16    Defendants.

17    **REQUEST NO. 37:**

18        For each file located in Tempstore_CE\D\PeopleSoft, as identified in Defendants'

19    responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have

20    reasonable access to any readily obtainable information indicating that the file was not originally

21    downloaded from an Oracle website by SAP TN.

22    **RESPONSE TO REQUEST NO. 37:**

23        Defendants object to this request on the grounds stated in the General Objections and

24    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

25    respect to the information sought in this request because Defendants SAP AG and SAP America

26    have no additional knowledge separate and apart from the information provided by Defendant

27    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

28    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

1    Defendants object to this request as compound and unduly burdensome in that this request asks

2    for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

3    the review of substantial amounts of data.  This request, therefore, does not separately state each

4    matter sought.  Moreover, Defendants object that the request is unduly burdensome and

5    improperly attempts to shift the burden to Defendants to evaluate each and every file where the

6    effort associated with responding to this request is substantially similar for the parties, especially

7    because the available documents, data and other information sought from which the answer, if

8    any, could be derived in response to this request have been produced by Defendants in response

9    to Plaintiffs' other discovery requests and thus any relevant, available information is now as

10   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

11   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

12   without waiving the foregoing objections and qualifications, Defendants respond as follows:

13   DENIED.  Defendants have reasonable access to the files located in the folder structures

14   located at Tempstore_CE\D\PeopleSoft.  However, given the quantity of the files in the folder

15   structures located at Tempstore_CE\D\PeopleSoft, there is no readily obtainable way to determine

16   whether any specific file or specific sub-set of files located in the folder structures located at

17   Tempstore_CE\D\PeopleSoft were obtained at some point in time from a PeopleSoft, JD Edwards,

18   Siebel, or Oracle website.  Defendants have not undertaken the extreme burden of evaluating each

19   file and have objected on that basis because the requested information is as equally accessible to

20   Plaintiffs as it is to Defendants.

21   **<u>REQUEST NO. 38:</u>**

22   For each file located in TN-FS01_F\C\DellRestore\F Drive\PS\PS Delivered Updates &

23   Fixes, as identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set,

24   admit that Defendants do not have reasonable access to any readily obtainable information

25   indicating that the file was not originally downloaded from an Oracle website by SAP TN.

26   **<u>RESPONSE TO REQUEST NO. 38:</u>**

27   Defendants object to this request on the grounds stated in the General Objections and

28   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

1    respect to the information sought in this request because Defendants SAP AG and SAP America

2    have no additional knowledge separate and apart from the information provided by Defendant

3    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

4    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

5    Defendants object to this request as compound and unduly burdensome in that this request asks

6    for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

7    the review of substantial amounts of data.  This request, therefore, does not separately state each

8    matter sought.  Moreover, Defendants object that the request is unduly burdensome and

9    improperly attempts to shift the burden to Defendants to evaluate each and every file where the

10   effort associated with responding to this request is substantially similar for the parties, especially

11   because the available documents, data and other information sought from which the answer, if

12   any, could be derived in response to this request have been produced by Defendants in response

13   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

14   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

15   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

16   without waiving the foregoing objections and qualifications, Defendants respond as follows:

17           DENIED.  Defendants have reasonable access to the files located in the folder structures

18   located at TN-FS01_F\C\DellRestore\F Drive\PS\PS Delivered Updates & Fixes.  However,

19   given the quantity of the files in the folder structures located at TN-FS01_F\C\DellRestore\F

20   Drive\PS\PS Delivered Updates & Fixes, there is no readily obtainable way to determine whether

21   any specific file or specific sub-set of files located in the folder structures located at TN-

22   FS01_F\C\DellRestore\F Drive\PS\PS Delivered Updates & Fixes were obtained at some point in

23   time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken

24   the extreme burden of evaluating each file and have objected on that basis because the requested

25   information is as equally accessible to Plaintiffs as it is to Defendants.

26   **REQUEST NO. 39:**

27           For each file located in JD-WSVR01_G\JDE\JDE Delivered Updates & Fixes, as

28   identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1   Defendants do not have reasonable access to any readily obtainable information indicating that

2   the file was not originally downloaded from an Oracle website by SAP TN.

3   **RESPONSE TO REQUEST NO. 39:**

4          Defendants object to this request on the grounds stated in the General Objections and

5   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

6   respect to the information sought in this request because Defendants SAP AG and SAP America

7   have no additional knowledge separate and apart from the information provided by Defendant

8   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

9   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

10  Defendants object to this request as compound and unduly burdensome in that this request asks

11  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

12  the review of substantial amounts of data.  This request, therefore, does not separately state each

13  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

14  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

15  effort associated with responding to this request is substantially similar for the parties, especially

16  because the available documents, data and other information sought from which the answer, if

17  any, could be derived in response to this request have been produced by Defendants in response

18  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

19  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

20  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

21  without waiving the foregoing objections and qualifications, Defendants respond as follows:

22         DENIED.  Defendants have reasonable access to the files located in the folder structures

23  located at JD-WSVR01_G\JDE\JDE Delivered Updates & Fixes.  However, given the quantity of

24  the files in the folder structures located at JD-WSVR01_G\JDE\JDE Delivered Updates & Fixes,

25  there is no readily obtainable way to determine whether any specific file or specific sub-set of

26  files located in the folder structures located at JD-WSVR01_G\JDE\JDE Delivered Updates &

27  Fixes were obtained at some point in time from a PeopleSoft, JD Edwards, Siebel, or Oracle

28  website.  Defendants have not undertaken the extreme burden of evaluating each file and have

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1   objected on that basis because the requested information is as equally accessible to Plaintiffs as it

2   is to Defendants.

3   **REQUEST NO. 40:**

4       For each file located in AS/400 ENT01 Partition, as identified in Defendants' responses to

5   Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have reasonable

6   access to any readily obtainable information indicating that the file was not originally

7   downloaded from an Oracle website by SAP TN.

8   **RESPONSE TO REQUEST NO. 40:**

9       Defendants object to this request on the grounds stated in the General Objections and

10  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

11  respect to the information sought in this request because Defendants SAP AG and SAP America

12  have no additional knowledge separate and apart from the information provided by Defendant

13  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

14  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

15  Defendants object to this request as compound and unduly burdensome in that this request asks

16  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

17  the review of substantial amounts of data.  This request, therefore, does not separately state each

18  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

19  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

20  effort associated with responding to this request is substantially similar for the parties, especially

21  because the available documents, data and other information sought from which the answer, if

22  any, could be derived in response to this request have been produced by Defendants in response

23  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

24  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

25  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

26  without waiving the foregoing objections and qualifications, Defendants respond as follows:

27      DENIED.  Defendants have reasonable access to the files located in the AS/400 ENT01

28  Partition.  However, given the quantity of the files in the folder structures located in the AS/400

1   ENT01 Partition, there is no readily obtainable way to determine whether any specific file or

2   specific sub-set of files located in AS/400 ENT01 Partition were obtained at some point in time

3   from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken the

4   extreme burden of evaluating each file and have objected on that basis because the requested

5   information is as equally accessible to Plaintiffs as it is to Defendants.

6   **REQUEST NO. 41:**

7          For each file located in AS/400 World Partition, as identified in Defendants' responses to

8   Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have reasonable

9   access to any readily obtainable information indicating that the file was not originally

10  downloaded from an Oracle website by SAP TN.

11  **RESPONSE TO REQUEST NO. 41:**

12         Defendants object to this request on the grounds stated in the General Objections and

13  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

14  respect to the information sought in this request because Defendants SAP AG and SAP America

15  have no additional knowledge separate and apart from the information provided by Defendant

16  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

17  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

18  Defendants object to this request as compound and unduly burdensome in that this request asks

19  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

20  the review of substantial amounts of data.  This request, therefore, does not separately state each

21  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

22  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

23  effort associated with responding to this request is substantially similar for the parties, especially

24  because the available documents, data and other information sought from which the answer, if

25  any, could be derived in response to this request have been produced by Defendants in response

26  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

27  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

28  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

1   without waiving the foregoing objections and qualifications, Defendants respond as follows:

2       DENIED. Defendants have reasonable access to the files located in the AS/400 World

3   Partition. However, given the quantity of the files in the AS/400 World Partition, there is no

4   readily obtainable way to determine whether any specific file or specific sub-set of files located in

5   the AS/400 World Partition were obtained at some point in time from a PeopleSoft, JD Edwards,

6   Siebel, or Oracle website. Defendants have not undertaken the extreme burden of evaluating each

7   file and have objected on that basis because the requested information is as equally accessible to

8   Plaintiffs as it is to Defendants.

9   **REQUEST NO. 42:**

10      For each file located in TN-FS02_E\Delivered Updates & Fixes, as identified in

11   Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do

12   not have reasonable access to any readily obtainable information indicating that the file was not

13   originally downloaded from an Oracle website by SAP TN.

14   **RESPONSE TO REQUEST NO. 42:**

15      Defendants object to this request on the grounds stated in the General Objections and

16   Responses. Defendants' response is based solely on Defendant TomorrowNow's knowledge with

17   respect to the information sought in this request because Defendants SAP AG and SAP America

18   have no additional knowledge separate and apart from the information provided by Defendant

19   TomorrowNow in this response. Defendants object that the phrases "originally downloaded" and

20   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous. Further,

21   Defendants object to this request as compound and unduly burdensome in that this request asks

22   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

23   the review of substantial amounts of data. This request, therefore, does not separately state each

24   matter sought. Moreover, Defendants object that the request is unduly burdensome and

25   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

26   effort associated with responding to this request is substantially similar for the parties, especially

27   because the available documents, data and other information sought from which the answer, if

28   any, could be derived in response to this request have been produced by Defendants in response

1   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

2   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

3   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

4   without waiving the foregoing objections and qualifications, Defendants respond as follows:

5        DENIED.  Defendants have reasonable access to the files located in the folder structures

6   located at TN-FS02_E\Delivered Updates & Fixes.  However, given the quantity of the files in

7   the folder structures located at TN-FS02_E\Delivered Updates & Fixes, there is no readily

8   obtainable way to determine whether any specific file or specific sub-set of files located in the

9   folder structures located at TN-FS02_E\Delivered Updates & Fixes were obtained at some point

10  in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not

11  undertaken the extreme burden of evaluating each file and have objected on that basis because the

12  requested information is as equally accessible to Plaintiffs as it is to Defendants.

13  **REQUEST NO. 43:**

14       For each file located in TN-FS01_F\C\DellRestore\F Drive\Client Download Links, as

15  identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that

16  Defendants do not have reasonable access to any readily obtainable information indicating that

17  the file was not originally downloaded from an Oracle website by SAP TN.

18  **RESPONSE TO REQUEST NO. 43:**

19       Defendants object to this request on the grounds stated in the General Objections and

20  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

21  respect to the information sought in this request because Defendants SAP AG and SAP America

22  have no additional knowledge separate and apart from the information provided by Defendant

23  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

24  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

25  Defendants object to this request as compound and unduly burdensome in that this request asks

26  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

27  the review of substantial amounts of data.  This request, therefore, does not separately state each

28  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

2   effort associated with responding to this request is substantially similar for the parties, especially

3   because the available documents, data and other information sought from which the answer, if

4   any, could be derived in response to this request have been produced by Defendants in response

5   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

6   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

7   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

8   without waiving the foregoing objections and qualifications, Defendants respond as follows:

9        DENIED.  Defendants have reasonable access to the files located in the folder structures

10   located at TN-FS01_F\C\DellRestore\F Drive\Client Download Links.  However, given the

11   quantity of the files in the folder structures located at TN-FS01_F\C\DellRestore\F Drive\Client

12   Download Links, there is no readily obtainable way to determine whether any specific file or

13   specific sub-set of files located in the folder structures located at TN-FS01_F\C\DellRestore\F

14   Drive\Client Download Links were obtained at some point in time from a PeopleSoft, JD

15   Edwards, Siebel, or Oracle website.  Defendants have not undertaken the extreme burden of

16   evaluating each file and have objected on that basis because the requested information is as

17   equally accessible to Plaintiffs as it is to Defendants.

18   **REQUEST NO. 44:**

19        For each file located in TN-FS01_F\C\DellRestore\F Drive\PS\JDE OneWorld

20   International Docs and Release Notes, as identified in Defendants' responses to Interrogatory 11

21   from Oracle Corp.'s first set, admit that Defendants do not have reasonable access to any readily

22   obtainable information indicating that the file was not originally downloaded from an Oracle

23   website by SAP TN.

24   **RESPONSE TO REQUEST NO. 44:**

25        Defendants object to this request on the grounds stated in the General Objections and

26   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

27   respect to the information sought in this request because Defendants SAP AG and SAP America

28   have no additional knowledge separate and apart from the information provided by Defendant

1   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

2   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

3   Defendants object to this request as compound and unduly burdensome in that this request asks

4   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

5   the review of substantial amounts of data.  This request, therefore, does not separately state each

6   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

7   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

8   effort associated with responding to this request is substantially similar for the parties, especially

9   because the available documents, data and other information sought from which the answer, if

10  any, could be derived in response to this request have been produced by Defendants in response

11  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

12  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

13  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

14  without waiving the foregoing objections and qualifications, Defendants respond as follows:

15       DENIED.  Defendants have reasonable access to the files located in the folder structures

16  located at TN-FS01_F\C\DellRestore\F Drive\PS\JDE OneWorld International Docs and Release

17  Notes.  However, given the quantity of the files in the folder structures located at TN-

18  FS01_F\C\DellRestore\F Drive\PS\JDE OneWorld International Docs and Release Notes, there is

19  no readily obtainable way to determine whether any specific file or specific sub-set of files

20  located in the folder structures located at TN-FS01_F\C\DellRestore\F Drive\PS\JDE OneWorld

21  International Docs and Release Notes were obtained at some point in time from a PeopleSoft, JD

22  Edwards, Siebel, or Oracle website.  Defendants have not undertaken the extreme burden of

23  evaluating each file and have objected on that basis because the requested information is as

24  equally accessible to Plaintiffs as it is to Defendants.

25  **REQUEST NO. 45:**

26       For each file located in TN-FS01_F\C\DellRestore\F Drive\PS\JDE World International

27  Docs and Release Notes, as identified in Defendants' responses to Interrogatory 11 from Oracle

28  Corp.'s first set, admit that Defendants do not have reasonable access to any readily obtainable

1   information indicating that the file was not originally downloaded from an Oracle website by

2   SAP TN.

3   **RESPONSE TO REQUEST NO. 45:**

4           Defendants object to this request on the grounds stated in the General Objections and

5   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

6   respect to the information sought in this request because Defendants SAP AG and SAP America

7   have no additional knowledge separate and apart from the information provided by Defendant

8   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

9   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

10  Defendants object to this request as compound and unduly burdensome in that this request asks

11  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

12  the review of substantial amounts of data.  This request, therefore, does not separately state each

13  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

14  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

15  effort associated with responding to this request is substantially similar for the parties, especially

16  because the available documents, data and other information sought from which the answer, if

17  any, could be derived in response to this request have been produced by Defendants in response

18  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

19  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

20  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

21  without waiving the foregoing objections and qualifications, Defendants respond as follows:

22          DENIED.  Defendants have reasonable access to the files located in the folder structures

23  located at TN-FS01_F\C\DellRestore\F Drive\PS\JDE World International Docs and Release

24  Notes.  However, given the quantity of the files in the folder structures located at TN-

25  FS01_F\C\DellRestore\F Drive\PS\JDE World International Docs and Release Notes, there is no

26  readily obtainable way to determine whether any specific file or specific sub-set of files located in

27  the folder structures located at TN-FS01_F\C\DellRestore\F Drive\PS\JDE World International

28  Docs and Release Notes were obtained at some point in time from a PeopleSoft, JD Edwards,

1   Siebel, or Oracle website.  Defendants have not undertaken the extreme burden of evaluating each

2   file and have objected on that basis because the requested information is as equally accessible to

3   Plaintiffs as it is to Defendants.

4   **REQUEST NO. 46:**

5          For each file located in JDDEV03\D\Downloads\PeopleSoft, as identified in Defendants'

6   responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have

7   reasonable access to any readily obtainable information indicating that the file was not originally

8   downloaded from an Oracle website by SAP TN.

9   **RESPONSE TO REQUEST NO. 46:**

10         Defendants object to this request on the grounds stated in the General Objections and

11  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

12  respect to the information sought in this request because Defendants SAP AG and SAP America

13  have no additional knowledge separate and apart from the information provided by Defendant

14  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

15  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

16  Defendants object to this request as compound and unduly burdensome in that this request asks

17  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

18  the review of substantial amounts of data.  This request, therefore, does not separately state each

19  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

20  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

21  effort associated with responding to this request is substantially similar for the parties, especially

22  because the available documents, data and other information sought from which the answer, if

23  any, could be derived in response to this request have been produced by Defendants in response

24  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

25  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

26  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

27  without waiving the foregoing objections and qualifications, Defendants respond as follows:

28         DENIED.  Defendants have reasonable access to the files located in the folder structures

1    located at JDDEV03\D\Downloads\PeopleSoft.  However, given the quantity of the files in the

2    folder structures located at JDDEV03\D\Downloads\PeopleSoft, there is no readily obtainable

3    way to determine whether any specific file or specific sub-set of files located in the folder

4    structures located at JDDEV03\D\Downloads\PeopleSoft were obtained at some point in time

5    from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken the

6    extreme burden of evaluating each file and have objected on that basis because the requested

7    information is as equally accessible to Plaintiffs as it is to Defendants.

8    **REQUEST NO. 47:**

9         For each file located in JDDEV03\D\ESUhtm, as identified in Defendants' responses to

10   Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have reasonable

11   access to any readily obtainable information indicating that the file was not originally

12   downloaded from an Oracle website by SAP TN.

13   **RESPONSE TO REQUEST NO. 47:**

14        Defendants object to this request on the grounds stated in the General Objections and

15   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

16   respect to the information sought in this request because Defendants SAP AG and SAP America

17   have no additional knowledge separate and apart from the information provided by Defendant

18   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

19   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

20   Defendants object to this request as compound and unduly burdensome in that this request asks

21   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

22   the review of substantial amounts of data.  This request, therefore, does not separately state each

23   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

24   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

25   effort associated with responding to this request is substantially similar for the parties, especially

26   because the available documents, data and other information sought from which the answer, if

27   any, could be derived in response to this request have been produced by Defendants in response

28   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

1    equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

2    this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

3    without waiving the foregoing objections and qualifications, Defendants respond as follows:

4         DENIED.  Defendants have reasonable access to the files located in the folder structures

5    located at JDDEV03\D\ESUhtm.  However, given the quantity of the files in the folder structures

6    located at JDDEV03\D\ESUhtm, there is no readily obtainable way to determine whether any

7    specific file or specific sub-set of files located in the folder structures located at

8    JDDEV03\D\ESUhtm were obtained at some point in time from a PeopleSoft, JD Edwards,

9    Siebel, or Oracle website.  Defendants have not undertaken the extreme burden of evaluating each

10   file and have objected on that basis because the requested information is as equally accessible to

11   Plaintiffs as it is to Defendants.

12   **REQUEST NO. 48:**

13        For each file located in SBLPROD02\SupportWeb-2007.03.11-

14   PSCU_Financial_Services.rar, as identified in Defendants' responses to Interrogatory 11 from

15   Oracle Corp.'s first set, admit that Defendants do not have reasonable access to any readily

16   obtainable information indicating that the file was not originally downloaded from an Oracle

17   website by SAP TN.

18   **RESPONSE TO REQUEST NO. 48:**

19        Defendants object to this request on the grounds stated in the General Objections and

20   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

21   respect to the information sought in this request because Defendants SAP AG and SAP America

22   have no additional knowledge separate and apart from the information provided by Defendant

23   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

24   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

25   Defendants object to this request as compound and unduly burdensome in that this request asks

26   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

27   the review of substantial amounts of data.  This request, therefore, does not separately state each

28   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

2   effort associated with responding to this request is substantially similar for the parties, especially

3   because the available documents, data and other information sought from which the answer, if

4   any, could be derived in response to this request have been produced by Defendants in response

5   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

6   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

7   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

8   without waiving the foregoing objections and qualifications, Defendants respond as follows:

9       DENIED.  Defendants have reasonable access to the files located in the folder structures

10  located at SBLPROD02\SupportWeb-2007.03.11-PSCU_Financial_Services.rar.  However, given

11  the quantity of the files in the folder structures located at SBLPROD02\SupportWeb-2007.03.11-

12  PSCU_Financial_Services.rar, there is no readily obtainable way to determine whether any

13  specific file or specific sub-set of files located in the folder structures located at

14  SBLPROD02\SupportWeb-2007.03.11-PSCU_Financial_Services.rar were obtained at some

15  point in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not

16  undertaken the extreme burden of evaluating each file and have objected on that basis because the

17  requested information is as equally accessible to Plaintiffs as it is to Defendants.

18  **REQUEST NO. 49:**

19      For each file located in TN-FS01_F\C\Siebel\Clients\Actel, as identified in Defendants'

20  responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have

21  reasonable access to any readily obtainable information indicating that the file was not originally

22  downloaded from an Oracle website by SAP TN.

23  **RESPONSE TO REQUEST NO. 49:**

24      Defendants object to this request on the grounds stated in the General Objections and

25  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

26  respect to the information sought in this request because Defendants SAP AG and SAP America

27  have no additional knowledge separate and apart from the information provided by Defendant

28  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

1    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

2    Defendants object to this request as compound and unduly burdensome in that this request asks

3    for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

4    the review of substantial amounts of data.  This request, therefore, does not separately state each

5    matter sought.  Moreover, Defendants object that the request is unduly burdensome and

6    improperly attempts to shift the burden to Defendants to evaluate each and every file where the

7    effort associated with responding to this request is substantially similar for the parties, especially

8    because the available documents, data and other information sought from which the answer, if

9    any, could be derived in response to this request have been produced by Defendants in response

10   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

11   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

12   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

13   without waiving the foregoing objections and qualifications, Defendants respond as follows:

14          DENIED.  Defendants have reasonable access to the files located in the folder structures

15   located at TN-FS01_F\C\Siebel\Clients\Actel.  However, given the quantity of the files in the

16   folder structures located at TN-FS01_F\C\Siebel\Clients\Actel, there is no readily obtainable way

17   to determine whether any specific file or specific sub-set of files located in the folder structures

18   located at TN-FS01_F\C\Siebel\Clients\Actel were obtained at some point in time from a

19   PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken the extreme

20   burden of evaluating each file and have objected on that basis because the requested information

21   is as equally accessible to Plaintiffs as it is to Defendants.

22   **REQUEST NO. 50:**

23          For each file located in TN-FS01_F\C\Siebel\Clients\ATX, as identified in Defendants'

24   responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have

25   reasonable access to any readily obtainable information indicating that the file was not originally

26   downloaded from an Oracle website by SAP TN.

27   **RESPONSE TO REQUEST NO. 50:**

28          Defendants object to this request on the grounds stated in the General Objections and

1  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

2  respect to the information sought in this request because Defendants SAP AG and SAP America

3  have no additional knowledge separate and apart from the information provided by Defendant

4  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

5  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

6  Defendants object to this request as compound and unduly burdensome in that this request asks

7  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

8  the review of substantial amounts of data.  This request, therefore, does not separately state each

9  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

10  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

11  effort associated with responding to this request is substantially similar for the parties, especially

12  because the available documents, data and other information sought from which the answer, if

13  any, could be derived in response to this request have been produced by Defendants in response

14  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

15  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

16  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

17  without waiving the foregoing objections and qualifications, Defendants respond as follows:

18      DENIED.  Defendants have reasonable access to the files located in the folder structures

19  located at TN-FS01_F\C\Siebel\Clients\ATX.  However, given the quantity of the files in the

20  folder structures located at TN-FS01_F\C\Siebel\Clients\ATX, there is no readily obtainable way

21  to determine whether any specific file or specific sub-set of files located in the folder structures

22  located at TN-FS01_F\C\Siebel\Clients\ATX were obtained at some point in time from a

23  PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken the extreme

24  burden of evaluating each file and have objected on that basis because the requested information

25  is as equally accessible to Plaintiffs as it is to Defendants.

26  **REQUEST NO. 51:**

27      For each file located in TN-FS01_F\C\Siebel\Clients\CSBP, as identified in Defendants'

28  responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have

1    reasonable access to any readily obtainable information indicating that the file was not originally

2    downloaded from an Oracle website by SAP TN.

3    **RESPONSE TO REQUEST NO. 51:**

4            Defendants object to this request on the grounds stated in the General Objections and

5    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

6    respect to the information sought in this request because Defendants SAP AG and SAP America

7    have no additional knowledge separate and apart from the information provided by Defendant

8    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

9    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

10   Defendants object to this request as compound and unduly burdensome in that this request asks

11   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

12   the review of substantial amounts of data.  This request, therefore, does not separately state each

13   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

14   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

15   effort associated with responding to this request is substantially similar for the parties, especially

16   because the available documents, data and other information sought from which the answer, if

17   any, could be derived in response to this request have been produced by Defendants in response

18   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

19   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

20   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

21   without waiving the foregoing objections and qualifications, Defendants respond as follows:

22           DENIED.  Defendants have reasonable access to the files located in the folder structures

23   located at TN-FS01_F\C\Siebel\Clients\CSBP.  However, given the quantity of the files in the

24   folder structures located at TN-FS01_F\C\Siebel\Clients\CSBP, there is no readily obtainable way

25   to determine whether any specific file or specific sub-set of files located in the folder structures

26   located at TN-FS01_F\C\Siebel\Clients\CSBP were obtained at some point in time from a

27   PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken the extreme

28   burden of evaluating each file and have objected on that basis because the requested information

1   is as equally accessible to Plaintiffs as it is to Defendants.

2   **REQUEST NO. 52:**

3       For each file located in TN-FS01_F\C\Siebel\Clients\Everdream, as identified in

4   Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do

5   not have reasonable access to any readily obtainable information indicating that the file was not

6   originally downloaded from an Oracle website by SAP TN.

7   **RESPONSE TO REQUEST NO. 52:**

8       Defendants object to this request on the grounds stated in the General Objections and

9   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

10  respect to the information sought in this request because Defendants SAP AG and SAP America

11  have no additional knowledge separate and apart from the information provided by Defendant

12  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

13  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

14  Defendants object to this request as compound and unduly burdensome in that this request asks

15  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

16  the review of substantial amounts of data.  This request, therefore, does not separately state each

17  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

18  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

19  effort associated with responding to this request is substantially similar for the parties, especially

20  because the available documents, data and other information sought from which the answer, if

21  any, could be derived in response to this request have been produced by Defendants in response

22  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

23  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

24  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

25  without waiving the foregoing objections and qualifications, Defendants respond as follows:

26      DENIED.  Defendants have reasonable access to the files located in the folder structures

27  located at TN-FS01_F\C\Siebel\Clients\Everdream.  However, given the quantity of the files in

28  the folder structures located at TN-FS01_F\C\Siebel\Clients\Everdream, there is no readily

1   obtainable way to determine whether any specific file or specific sub-set of files located in the

2   folder structures located at TN-FS01_F\C\Siebel\Clients\Everdream were obtained at some point

3   in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not

4   undertaken the extreme burden of evaluating each file and have objected on that basis because the

5   requested information is as equally accessible to Plaintiffs as it is to Defendants.

6   **REQUEST NO. 53:**

7         For each file located in TN-FS01_F\C\Siebel\Clients\FSC, as identified in Defendants'

8   responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have

9   reasonable access to any readily obtainable information indicating that the file was not originally

10   downloaded from an Oracle website by SAP TN.

11   **RESPONSE TO REQUEST NO. 53:**

12         Defendants object to this request on the grounds stated in the General Objections and

13   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

14   respect to the information sought in this request because Defendants SAP AG and SAP America

15   have no additional knowledge separate and apart from the information provided by Defendant

16   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

17   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

18   Defendants object to this request as compound and unduly burdensome in that this request asks

19   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

20   the review of substantial amounts of data.  This request, therefore, does not separately state each

21   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

22   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

23   effort associated with responding to this request is substantially similar for the parties, especially

24   because the available documents, data and other information sought from which the answer, if

25   any, could be derived in response to this request have been produced by Defendants in response

26   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

27   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

28   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

1    without waiving the foregoing objections and qualifications, Defendants respond as follows:

2         DENIED.  Defendants have reasonable access to the files located in the folder structures

3    located at TN-FS01_F\C\Siebel\Clients\FSC.  However, given the quantity of the files in the

4    folder structures located at TN-FS01_F\C\Siebel\Clients\FSC, there is no readily obtainable way

5    to determine whether any specific file or specific sub-set of files located in the folder structures

6    located at TN-FS01_F\C\Siebel\Clients\FSC were obtained at some point in time from a

7    PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken the extreme

8    burden of evaluating each file and have objected on that basis because the requested information

9    is as equally accessible to Plaintiffs as it is to Defendants.

10   **REQUEST NO. 54:**

11        For each file located in TN-FS01_F\C\Siebel\Clients\MKS, as identified in Defendants'

12   responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have

13   reasonable access to any readily obtainable information indicating that the file was not originally

14   downloaded from an Oracle website by SAP TN.

15   **RESPONSE TO REQUEST NO. 54:**

16        Defendants object to this request on the grounds stated in the General Objections and

17   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

18   respect to the information sought in this request because Defendants SAP AG and SAP America

19   have no additional knowledge separate and apart from the information provided by Defendant

20   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

21   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

22   Defendants object to this request as compound and unduly burdensome in that this request asks

23   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

24   the review of substantial amounts of data.  This request, therefore, does not separately state each

25   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

26   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

27   effort associated with responding to this request is substantially similar for the parties, especially

28   because the available documents, data and other information sought from which the answer, if

1   any, could be derived in response to this request have been produced by Defendants in response

2   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

3   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

4   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

5   without waiving the foregoing objections and qualifications, Defendants respond as follows:

6        DENIED.  Defendants have reasonable access to the files located in the folder structures

7   located at TN-FS01_F\C\Siebel\Clients\MKS.  However, given the quantity of the files in the

8   folder structures located at TN-FS01_F\C\Siebel\Clients\MKS, there is no readily obtainable way

9   to determine whether any specific file or specific sub-set of files located in the folder structures

10  located at TN-FS01_F\C\Siebel\Clients\MKS were obtained at some point in time from a

11  PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken the extreme

12  burden of evaluating each file and have objected on that basis because the requested information

13  is as equally accessible to Plaintiffs as it is to Defendants.

14  **REQUEST NO. 55:**

15       For each file located in TN-FS01_F\C\Siebel\Clients\NextiraOne, as identified in

16  Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do

17  not have reasonable access to any readily obtainable information indicating that the file was not

18  originally downloaded from an Oracle website by SAP TN.

19  **RESPONSE TO REQUEST NO. 55:**

20       Defendants object to this request on the grounds stated in the General Objections and

21  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

22  respect to the information sought in this request because Defendants SAP AG and SAP America

23  have no additional knowledge separate and apart from the information provided by Defendant

24  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

25  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

26  Defendants object to this request as compound and unduly burdensome in that this request asks

27  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

28  the review of substantial amounts of data.  This request, therefore, does not separately state each

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1    matter sought.  Moreover, Defendants object that the request is unduly burdensome and

2    improperly attempts to shift the burden to Defendants to evaluate each and every file where the

3    effort associated with responding to this request is substantially similar for the parties, especially

4    because the available documents, data and other information sought from which the answer, if

5    any, could be derived in response to this request have been produced by Defendants in response

6    to Plaintiffs' other discovery requests and thus any relevant, available information is now as

7    equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

8    this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

9    without waiving the foregoing objections and qualifications, Defendants respond as follows:

10          DENIED.  Defendants have reasonable access to the files located in the folder structures

11   located at TN-FS01_F\C\Siebel\Clients\NextiraOne.  However, given the quantity of the files in

12   the folder structures located at TN-FS01_F\C\Siebel\Clients\NextiraOne, there is no readily

13   obtainable way to determine whether any specific file or specific sub-set of files located in the

14   folder structures located at TN-FS01_F\C\Siebel\Clients\NextiraOne were obtained at some point

15   in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not

16   undertaken the extreme burden of evaluating each file and have objected on that basis because the

17   requested information is as equally accessible to Plaintiffs as it is to Defendants.

18   **REQUEST NO. 56:**

19          For each file located in TN-FS01_F\C\Siebel\Clients\Pomeroy, as identified in

20   Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do

21   not have reasonable access to any readily obtainable information indicating that the file was not

22   originally downloaded from an Oracle website by SAP TN.

23   **RESPONSE TO REQUEST NO. 56:**

24          Defendants object to this request on the grounds stated in the General Objections and

25   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

26   respect to the information sought in this request because Defendants SAP AG and SAP America

27   have no additional knowledge separate and apart from the information provided by Defendant

28   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

"Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further, Defendants object to this request as compound and unduly burdensome in that this request asks for "each file" and, thus, asks hundreds if not thousands of separate questions and would require the review of substantial amounts of data.  This request, therefore, does not separately state each matter sought.  Moreover, Defendants object that the request is unduly burdensome and improperly attempts to shift the burden to Defendants to evaluate each and every file where the effort associated with responding to this request is substantially similar for the parties, especially because the available documents, data and other information sought from which the answer, if any, could be derived in response to this request have been produced by Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing objections and qualifications, Defendants respond as follows:

DENIED.  Defendants have reasonable access to the files located in the folder structures located at TN-FS01_F\C\Siebel\Clients\Pomeroy.  However, given the quantity of the files in the folder structures located at TN-FS01_F\C\Siebel\Clients\Pomeroy, there is no readily obtainable way to determine whether any specific file or specific sub-set of files located in the folder structures located at TN-FS01_F\C\Siebel\Clients\Pomeroy were obtained at some point in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken the extreme burden of evaluating each file and have objected on that basis because the requested information is as equally accessible to Plaintiffs as it is to Defendants.

**REQUEST NO. 57:**

For each file located in TN-FS01_F\C\Siebel\Clients\PSCU Financial Services, as identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have reasonable access to any readily obtainable information indicating that the file was not originally downloaded from an Oracle website by SAP TN.

**RESPONSE TO REQUEST NO. 57:**

Defendants object to this request on the grounds stated in the General Objections and

1    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

2    respect to the information sought in this request because Defendants SAP AG and SAP America

3    have no additional knowledge separate and apart from the information provided by Defendant

4    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

5    "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

6    Defendants object to this request as compound and unduly burdensome in that this request asks

7    for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

8    the review of substantial amounts of data.  This request, therefore, does not separately state each

9    matter sought.  Moreover, Defendants object that the request is unduly burdensome and

10   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

11   effort associated with responding to this request is substantially similar for the parties, especially

12   because the available documents, data and other information sought from which the answer, if

13   any, could be derived in response to this request have been produced by Defendants in response

14   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

15   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

16   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

17   without waiving the foregoing objections and qualifications, Defendants respond as follows:

18          DENIED.  Defendants have reasonable access to the files located in the folder structures

19   located at TN-FS01_F\C\Siebel\Clients\PSCU Financial Services.  However, given the quantity

20   of the files in the folder structures located at TN-FS01_F\C\Siebel\Clients\PSCU Financial

21   Services, there is no readily obtainable way to determine whether any specific file or specific sub-

22   set of files located in the folder structures located at TN-FS01_F\C\Siebel\Clients\PSCU

23   Financial Services were obtained at some point in time from a PeopleSoft, JD Edwards, Siebel, or

24   Oracle website.  Defendants have not undertaken the extreme burden of evaluating each file and

25   have objected on that basis because the requested information is as equally accessible to Plaintiffs

26   as it is to Defendants.

27   **REQUEST NO. 58:**

28          For each file located in TN-FS01_F\C\Siebel\Clients\Rockwell, as identified in

1    Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do

2    not have reasonable access to any readily obtainable information indicating that the file was not

3    originally downloaded from an Oracle website by SAP TN.

4    **RESPONSE TO REQUEST NO. 58:**

5         Defendants object to this request on the grounds stated in the General Objections and

6    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

7    respect to the information sought in this request because Defendants SAP AG and SAP America

8    have no additional knowledge separate and apart from the information provided by Defendant

9    TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

10   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

11   Defendants object to this request as compound and unduly burdensome in that this request asks

12   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

13   the review of substantial amounts of data.  This request, therefore, does not separately state each

14   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

15   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

16   effort associated with responding to this request is substantially similar for the parties, especially

17   because the available documents, data and other information sought from which the answer, if

18   any, could be derived in response to this request have been produced by Defendants in response

19   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

20   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

21   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

22   without waiving the foregoing objections and qualifications, Defendants respond as follows:

23        DENIED.  Defendants have reasonable access to the files located in the folder structures

24   located at TN-FS01_F\C\Siebel\Clients\Rockwell.  However, given the quantity of the files in the

25   folder structures located at TN-FS01_F\C\Siebel\Clients\Rockwell, there is no readily obtainable

26   way to determine whether any specific file or specific sub-set of files located in the folder

27   structures located at TN-FS01_F\C\Siebel\Clients\Rockwell were obtained at some point in time

28   from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not undertaken the

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1   extreme burden of evaluating each file and have objected on that basis because the requested

2   information is as equally accessible to Plaintiffs as it is to Defendants.

3   **REQUEST NO. 59:**

4       For each file located in TN-FS01_F\C\Siebel\Clients\Smart Center, as identified in

5   Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do

6   not have reasonable access to any readily obtainable information indicating that the file was not

7   originally downloaded from an Oracle website by SAP TN.

8   **RESPONSE TO REQUEST NO. 59:**

9       Defendants object to this request on the grounds stated in the General Objections and

10  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

11  respect to the information sought in this request because Defendants SAP AG and SAP America

12  have no additional knowledge separate and apart from the information provided by Defendant

13  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

14  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

15  Defendants object to this request as compound and unduly burdensome in that this request asks

16  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

17  the review of substantial amounts of data.  This request, therefore, does not separately state each

18  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

19  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

20  effort associated with responding to this request is substantially similar for the parties, especially

21  because the available documents, data and other information sought from which the answer, if

22  any, could be derived in response to this request have been produced by Defendants in response

23  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

24  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

25  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

26  without waiving the foregoing objections and qualifications, Defendants respond as follows:

27      DENIED.  Defendants have reasonable access to the files located in the folder structures

28  located at TN-FS01_F\C\Siebel\Clients\Smart Center.  However, given the quantity of the files in

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1    the folder structures located at TN-FS01_F\C\Siebel\Clients\Smart Center, there is no readily

2    obtainable way to determine whether any specific file or specific sub-set of files located in the

3    folder structures located at TN-FS01_F\C\Siebel\Clients\Smart Center were obtained at some

4    point in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not

5    undertaken the extreme burden of evaluating each file and have objected on that basis because the

6    requested information is as equally accessible to Plaintiffs as it is to Defendants.

7    **REQUEST NO. 60:**

8         For each file located in TN-FS01_F\C\Siebel\Clients\Standard Register, as identified in

9    Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do

10   not have reasonable access to any readily obtainable information indicating that the file was not

11   originally downloaded from an Oracle website by SAP TN.

12   **RESPONSE TO REQUEST NO. 60:**

13        Defendants object to this request on the grounds stated in the General Objections and

14   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

15   respect to the information sought in this request because Defendants SAP AG and SAP America

16   have no additional knowledge separate and apart from the information provided by Defendant

17   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

18   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

19   Defendants object to this request as compound and unduly burdensome in that this request asks

20   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

21   the review of substantial amounts of data.  This request, therefore, does not separately state each

22   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

23   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

24   effort associated with responding to this request is substantially similar for the parties, especially

25   because the available documents, data and other information sought from which the answer, if

26   any, could be derived in response to this request have been produced by Defendants in response

27   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

28   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

1   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

2   without waiving the foregoing objections and qualifications, Defendants respond as follows:

3        DENIED.  Defendants have reasonable access to the files located in the folder structures

4   located at TN-FS01_F\C\Siebel\Clients\Standard Register.  However, given the quantity of the

5   files in the folder structures located at TN-FS01_F\C\Siebel\Clients\Standard Register, there is no

6   readily obtainable way to determine whether any specific file or specific sub-set of files located in

7   the folder structures located at TN-FS01_F\C\Siebel\Clients\Standard Register were obtained at

8   some point in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have

9   not undertaken the extreme burden of evaluating each file and have objected on that basis because

10   the requested information is as equally accessible to Plaintiffs as it is to Defendants.

11   **REQUEST NO. 61:**

12        For each file located in DCITBU01_G\Siebel\Actel, as identified in Defendants'

13   responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do not have

14   reasonable access to any readily obtainable information indicating that the file was not originally

15   downloaded from an Oracle website by SAP TN.

16   **RESPONSE TO REQUEST NO. 61:**

17        Defendants object to this request on the grounds stated in the General Objections and

18   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

19   respect to the information sought in this request because Defendants SAP AG and SAP America

20   have no additional knowledge separate and apart from the information provided by Defendant

21   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

22   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

23   Defendants object to this request as compound and unduly burdensome in that this request asks

24   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

25   the review of substantial amounts of data.  This request, therefore, does not separately state each

26   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

27   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

28   effort associated with responding to this request is substantially similar for the parties, especially

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1  because the available documents, data and other information sought from which the answer, if

2  any, could be derived in response to this request have been produced by Defendants in response

3  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

4  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

5  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

6  without waiving the foregoing objections and qualifications, Defendants respond as follows:

7         DENIED.  Defendants have reasonable access to the files located in the folder structures

8  located at DCITBU01_G\Siebel\Actel.  However, given the quantity of the files in the folder

9  structures located at DCITBU01_G\Siebel\Actel, there is no readily obtainable way to determine

10  whether any specific file or specific sub-set of files located in the folder structures located at

11  DCITBU01_G\Siebel\Actel were obtained at some point in time from a PeopleSoft, JD Edwards,

12  Siebel, or Oracle website.  Defendants have not undertaken the extreme burden of evaluating each

13  file and have objected on that basis because the requested information is as equally accessible to

14  Plaintiffs as it is to Defendants.

15  **REQUEST NO. 62:**

16         For each file located in DCITBU01_G\Siebel\PSCU Financial Services, as identified in

17  Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do

18  not have reasonable access to any readily obtainable information indicating that the file was not

19  originally downloaded from an Oracle website by SAP TN.

20  **RESPONSE TO REQUEST NO. 62:**

21         Defendants object to this request on the grounds stated in the General Objections and

22  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

23  respect to the information sought in this request because Defendants SAP AG and SAP America

24  have no additional knowledge separate and apart from the information provided by Defendant

25  TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

26  "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

27  Defendants object to this request as compound and unduly burdensome in that this request asks

28  for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

1   the review of substantial amounts of data.  This request, therefore, does not separately state each

2   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

3   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

4   effort associated with responding to this request is substantially similar for the parties, especially

5   because the available documents, data and other information sought from which the answer, if

6   any, could be derived in response to this request have been produced by Defendants in response

7   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

8   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

9   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

10  without waiving the foregoing objections and qualifications, Defendants respond as follows:

11      DENIED.  Defendants have reasonable access to the files located in the folder structures

12  located at DCITBU01_G\Siebel\PSCU Financial Services.  However, given the quantity of the

13  files in the folder structures located at DCITBU01_G\Siebel\PSCU Financial Services, there is no

14  readily obtainable way to determine whether any specific file or specific sub-set of files located in

15  the folder structures located at DCITBU01_G\Siebel\PSCU Financial Services were obtained at

16  some point in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have

17  not undertaken the extreme burden of evaluating each file and have objected on that basis because

18  the requested information is as equally accessible to Plaintiffs as it is to Defendants.

19  **REQUEST NO. 63:**

20      For each file located in DCITBU01_G\Siebel\Standard Register, as identified in

21  Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that Defendants do

22  not have reasonable access to any readily obtainable information indicating that the file was not

23  originally downloaded from an Oracle website by SAP TN.

24  **RESPONSE TO REQUEST NO. 63:**

25      Defendants object to this request on the grounds stated in the General Objections and

26  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

27  respect to the information sought in this request because Defendants SAP AG and SAP America

28  have no additional knowledge separate and apart from the information provided by Defendant

1   TomorrowNow in this response.  Defendants object that the phrases "originally downloaded" and

2   "Oracle website" are overly broad, unduly burdensome, vague, and ambiguous.  Further,

3   Defendants object to this request as compound and unduly burdensome in that this request asks

4   for "each file" and, thus, asks hundreds if not thousands of separate questions and would require

5   the review of substantial amounts of data.  This request, therefore, does not separately state each

6   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

7   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

8   effort associated with responding to this request is substantially similar for the parties, especially

9   because the available documents, data and other information sought from which the answer, if

10  any, could be derived in response to this request have been produced by Defendants in response

11  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

12  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

13  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

14  without waiving the foregoing objections and qualifications, Defendants respond as follows:

15      DENIED.  Defendants have reasonable access to the files located in the folder structures

16  located at DCITBU01_G\Siebel\Standard Register.  However, given the quantity of the files in

17  the folder structures located at DCITBU01_G\Siebel\Standard Register, there is no readily

18  obtainable way to determine whether any specific file or specific sub-set of files located in the

19  folder structures located at DCITBU01_G\Siebel\Standard Register were obtained at some point

20  in time from a PeopleSoft, JD Edwards, Siebel, or Oracle website.  Defendants have not

21  undertaken the extreme burden of evaluating each file and have objected on that basis because the

22  requested information is as equally accessible to Plaintiffs as it is to Defendants.

23  **<u>REQUEST NO. 64:</u>**

24      Admit that SAP TN accessed Customer Connection using log-in credentials provided by

25  at least one of its Customers for the purposes of Developing a Downloading tool known as the

26  Generic File Downloader.[3]

27  _____

    [3] See, e.g., Plaintiffs' Deposition Exhibit 1213. This document is provided only as an
28  example reference and is not intended to be the exclusive information Defendants should or have
    the ability to consult in responding to this Interrogatory.

Nick Rawls was provided by a TomorrowNow employee to Otmar Schallmayer.  Defendants

deny that the portions of the information that were provided to Otmar Schallmayer are proprietary.

To the extent this request is not admitted, it is DENIED.

**REQUEST NO. 130:**

For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

admit that Defendants do not have reasonable access to any readily obtainable information

indicating that a Copy of the listed Fix Object was not created using a Local Environment.[42]

**RESPONSE TO REQUEST NO. 130:**

Defendants object to this request on the grounds stated in the General Objections and

Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

respect to the information sought in this request because Defendants SAP AG and SAP America

have no additional knowledge separate and apart from the information provided by Defendant

TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

"created," and "local environment" make this request overly broad, vague, and ambiguous.

Further, Defendants object to this request as compound and unduly burdensome in that this

request asks 33,186 separate questions, and the request would require Defendants to review

substantial business records to determine an answer, if possible, for each of the 33,186 separate

requests.   This request, therefore, does not separately state each matter sought.  Moreover,

Defendants object that the request is unduly burdensome and improperly attempts to shift the

burden to Defendants to evaluate each and every file where the effort associated with responding

to this request is substantially similar for the parties, especially because the available documents,

data and other information sought from which the answer, if any, could be derived in response to

this request have been produced by Defendants in response to Plaintiffs' other discovery requests

and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

Defendants.  Defendants also object to the extent that this request improperly attempts to shift

Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

objections and qualifications, Defendants respond as follows:

[42] See Defendants' Response to Request for Admission No. 13 from Plaintiffs' Third Set.

1    DENIED.  Defendants have reasonable access to TomorrowNow's records and other

2    information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

3    Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

4    Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

5    records and other information to determine for each listed item whether a copy of each listed fix

6    object was not created using a local environment.  Defendants have not undertaken the extreme

7    burden of evaluating each item and have objected on that basis because the requested information

8    is as equally accessible to Plaintiffs as it is to Defendants.

9    **REQUEST NO. 131:**

10    For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

11    admit that Defendants do not have reasonable access to any readily obtainable information

12    indicating that, if a Copy of the listed Fix Object was tested, a Copy of the listed Fix Object was

13    not tested using a Local Environment.[43]

14    **RESPONSE TO REQUEST NO. 131:**

15    Defendants object to this request on the grounds stated in the General Objections and

16    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

17    respect to the information sought in this request because Defendants SAP AG and SAP America

18    have no additional knowledge separate and apart from the information provided by Defendant

19    TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

20    "tested," and "local environment" make this request overly broad, vague, and ambiguous.  Further,

21    Defendants object to this request as compound and unduly burdensome in that this request asks

22    33,186 separate questions, and the request would require Defendants to review substantial

23    business records to determine an answer, if possible, for each of the 33,186 separate requests.

24    This request, therefore, does not separately state each matter sought.  Moreover, Defendants

25    object that the request is unduly burdensome and improperly attempts to shift the burden to

26    Defendants to evaluate each and every file where the effort associated with responding to this

27    request is substantially similar for the parties, especially because the available documents, data

28    _____
[43] See Defendants' Response to Request for Admission No. 14 from Plaintiffs' Third Set.

1    and other information sought from which the answer, if any, could be derived in response to this

2    request have been produced by Defendants in response to Plaintiffs' other discovery requests and

3    thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

4    Defendants.  Defendants also object to the extent that this request improperly attempts to shift

5    Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

6    objections and qualifications, Defendants respond as follows:

7           DENIED.  Defendants have reasonable access to TomorrowNow's records and other

8    information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

9    Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

10   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

11   records and other information to determine for each listed item whether that, if a copy of the

12   listed fix object was tested, a copy of the listed fix object was not tested using a local environment.

13   Defendants have not undertaken the extreme burden of evaluating each item and have objected on

14   that basis because the requested information is as equally accessible to Plaintiffs as it is to

15   Defendants.

16   **REQUEST NO. 132:**

17          For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

18   admit that Defendants do not have reasonable access to any readily obtainable information

19   indicating that a Copy of the listed Fix Object was created using a Local Environment consisting

20   solely of an installation from, a Copy of, or an installation from a Copy of software received from

21   or on behalf of the recipient stated for the respective item.[44]

22   **RESPONSE TO REQUEST NO. 132:**

23          Defendants object to this request on the grounds stated in the General Objections and

24   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

25   respect to the information sought in this request because Defendants SAP AG and SAP America

26   have no additional knowledge separate and apart from the information provided by Defendant

27   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

28   _____

[44] See Defendants' Response to Request for Admission No. 15 from Plaintiffs' Third Set.

1   "created," and "local environment" make this request overly broad, vague, and ambiguous.

2   Further, Defendants object to this request as compound and unduly burdensome in that this

3   request asks 33,186 separate questions, and the request would require Defendants to review

4   substantial business records to determine an answer, if possible, for each of the 33,186 separate

5   requests.   This request, therefore, does not separately state each matter sought.  Moreover,

6   Defendants object that the request is unduly burdensome and improperly attempts to shift the

7   burden to Defendants to evaluate each and every file where the effort associated with responding

8   to this request is substantially similar for the parties, especially because the available documents,

9   data and other information sought from which the answer, if any, could be derived in response to

10  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

11  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

12  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

13  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

14  objections and qualifications, Defendants respond as follows:

15         DENIED.  Defendants have reasonable access to TomorrowNow's records and other

16  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

17  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

18  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

19  records and other information to determine for each listed item whether a copy of the listed fix

20  object was created using a local environment consisting solely of an installation from, a copy of,

21  or an installation from a copy of software received from or on behalf of the recipient stated for the

22  respective item.  Defendants have not undertaken the extreme burden of evaluating each item and

23  have objected on that basis because the requested information is as equally accessible to Plaintiffs

24  as it is to Defendants.

25  **REQUEST NO. 133:**

26         For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

27  admit that Defendants do not have reasonable access to any readily obtainable information

28  indicating that a Copy of the listed Fix Object was tested using a Local Environment consisting

1   solely of an installation from, a Copy of, or an installation from a Copy of software received from

2   or on behalf of the recipient stated for the respective item.[45]

3   **RESPONSE TO REQUEST NO. 133:**

4         Defendants object to this request on the grounds stated in the General Objections and

5   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

6   respect to the information sought in this request because Defendants SAP AG and SAP America

7   have no additional knowledge separate and apart from the information provided by Defendant

8   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

9   "tested," and "local environment" make this request overly broad, vague, and ambiguous.  Further,

10  Defendants object to this request as compound and unduly burdensome in that this request asks

11  33,186 separate questions, and the request would require Defendants to review substantial

12  business records to determine an answer, if possible, for each of the 33,186 separate requests.

13  This request, therefore, does not separately state each matter sought.  Moreover, Defendants

14  object that the request is unduly burdensome and improperly attempts to shift the burden to

15  Defendants to evaluate each and every file where the effort associated with responding to this

16  request is substantially similar for the parties, especially because the available documents, data

17  and other information sought from which the answer, if any, could be derived in response to this

18  request have been produced by Defendants in response to Plaintiffs' other discovery requests and

19  thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

20  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

21  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

22  objections and qualifications, Defendants respond as follows:

23        DENIED.  Defendants have reasonable access to TomorrowNow's records and other

24  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

25  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

26  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

27  records and other information to determine for each listed item whether a copy of the listed fix

28        [45] See Defendants' Response to Request for Admission No. 16 from Plaintiffs' Third Set.

object was tested using a local environment consisting solely of an installation from, a copy of, or
an installation from a copy of software received from or on behalf of the recipient stated for the
respective item.  Defendants have not undertaken the extreme burden of evaluating each item and
have objected on that basis because the requested information is as equally accessible to Plaintiffs
as it is to Defendants.

**REQUEST NO. 134:**

For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,
admit that Defendants do not have reasonable access to any readily obtainable information
indicating that a Copy of the listed Fix Object was not created using a Generic Environment.[46]

**RESPONSE TO REQUEST NO. 134:**

Defendants object to this request on the grounds stated in the General Objections and
Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with
respect to the information sought in this request because Defendants SAP AG and SAP America
have no additional knowledge separate and apart from the information provided by Defendant
TomorrowNow in this response.  Defendants object to the request because the terms "copy,"
"created," and "generic environment" make this request overly broad, vague, and ambiguous.
"Generic environment" is a term created by Plaintiffs and as used and defined by Plaintiffs is
misleading by attempting to suggest that any such environment or environment components were
not used for limited customers, scope, or purpose.  Defendants further object to the definition of
"Generic Environment" to the extent it incorporates the overly broad, unduly burdensome, and
vague term "environment" to which Defendants object above.  Further, Defendants object to this
request as compound and unduly burdensome in that this request asks 33,186 separate questions,
and the request would require Defendants to review substantial business records to determine an
answer, if possible, for each of the 33,186 separate requests.  This request, therefore, does not
separately state each matter sought.  Moreover, Defendants object that the request is unduly
burdensome and improperly attempts to shift the burden to Defendants to evaluate each and every
file where the effort associated with responding to this request is substantially similar for the

---

[46] See Defendants' Response to Request for Admission No. 17 from Plaintiffs' Third Set.

1  parties, especially because the available documents, data and other information sought from

2  which the answer, if any, could be derived in response to this request have been produced by

3  Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

4  information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

5  object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

6  Defendants.  Subject to and without waiving the foregoing objections and qualifications,

7  Defendants respond as follows:

8       DENIED.  Defendants have reasonable access to TomorrowNow's records and other

9  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

10  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

11  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

12  records and other information to determine for each listed item whether a copy of the listed fix

13  object was not created using a generic environment.  Defendants have not undertaken the extreme

14  burden of evaluating each item and have objected on that basis because the requested information

15  is as equally accessible to Plaintiffs as it is to Defendants.

16  **REQUEST NO. 135:**

17       For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

18  admit that Defendants do not have reasonable access to any readily obtainable information

19  indicating that, if a Copy of the listed Fix Object was tested, a Copy of the listed Fix Object was

20  not tested using a Generic Environment.[47]

21  **RESPONSE TO REQUEST NO. 135:**

22       Defendants object to this request on the grounds stated in the General Objections and

23  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

24  respect to the information sought in this request because Defendants SAP AG and SAP America

25  have no additional knowledge separate and apart from the information provided by Defendant

26  TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

27  "tested," and "generic environment" make this request overly broad, vague, and ambiguous.

28  _____
[47] See Defendants' Response to Request for Admission No. 18 from Plaintiffs' Third Set.

1    "Generic Environment" is a term created by Plaintiffs and as used and defined by Plaintiffs is

2    misleading by attempting to suggest that any such environment or environment components were

3    not used for limited customers, scope, or purpose.  Defendants further object to the definition of

4    "Generic Environment" to the extent it incorporates the overly broad, unduly burdensome, and

5    vague term "environment" to which Defendants object above.  Further, Defendants object to this

6    request as compound and unduly burdensome in that this request asks 33,186 separate questions,

7    and the request would require Defendants to review substantial business records to determine an

8    answer, if possible, for each of the 33,186 separate requests.  This request, therefore, does not

9    separately state each matter sought.  Moreover, Defendants object that the request is unduly

10   burdensome and improperly attempts to shift the burden to Defendants to evaluate each and every

11   file where the effort associated with responding to this request is substantially similar for the

12   parties, especially because the available documents, data and other information sought from

13   which the answer, if any, could be derived in response to this request have been produced by

14   Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

15   information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

16   object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

17   Defendants.  Subject to and without waiving the foregoing objections and qualifications,

18   Defendants respond as follows:

19        DENIED.  Defendants have reasonable access to TomorrowNow's records and other

20   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

21   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

22   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

23   records and other information to determine for each listed item whether that, if a copy of the

24   listed fix object was tested, a copy of the listed fix object was not tested using a generic

25   environment.  Defendants have not undertaken the extreme burden of evaluating each item and

26   have objected on that basis because the requested information is as equally accessible to Plaintiffs

27   as it is to Defendants.

28

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1    **REQUEST NO. 136:**

2        For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

3    admit that Defendants do not have reasonable access to any readily obtainable information

4    indicating that a Copy of the listed Fix Object was not created using a Local Environment to

5    which at least one fix, patch, upgrade or update retrofitted from an Oracle-created or Oracle

6    delivered fix, patch, upgrade or update had been applied.[48]

7    **RESPONSE TO REQUEST NO. 136:**

8        Defendants object to this request on the grounds stated in the General Objections and

9    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

10   respect to the information sought in this request because Defendants SAP AG and SAP America

11   have no additional knowledge separate and apart from the information provided by Defendant

12   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

13   "created," and "local environment" make this request overly broad, vague, and ambiguous.

14   Further, Defendants object to this request as compound and unduly burdensome in that this

15   request asks 33,186 separate questions, and the request would require Defendants to review

16   substantial business records to determine an answer, if possible, for each of the 33,186 separate

17   requests.   This request, therefore, does not separately state each matter sought.  Moreover,

18   Defendants object that the request is unduly burdensome and improperly attempts to shift the

19   burden to Defendants to evaluate each and every file where the effort associated with responding

20   to this request is substantially similar for the parties, especially because the available documents,

21   data and other information sought from which the answer, if any, could be derived in response to

22   this request have been produced by Defendants in response to Plaintiffs' other discovery requests

23   and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

24   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

25   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

26   objections and qualifications, Defendants respond as follows:

27        DENIED.  Defendants have reasonable access to TomorrowNow's records and other

28   _____
     [48] See Defendants' Response to Request for Admission No. 19 from Plaintiffs' Third Set.

1   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

2   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

3   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

4   records and other information to determine for each listed item whether a copy of the listed fix

5   object was not created using a local environment to which at least one fix, patch, upgrade or

6   update retrofitted from an Oracle-created or Oracle delivered fix, patch, upgrade or update had

7   been applied.  Defendants have not undertaken the extreme burden of evaluating each item and

8   have objected on that basis because the requested information is as equally accessible to Plaintiffs

9   as it is to Defendants.

10   **REQUEST NO. 137:**

11        For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

12   admit that Defendants do not have reasonable access to any readily obtainable information

13   indicating that, if a Copy of the listed Fix Object was tested, a Copy of the listed Fix Object was

14   not tested using a Local Environment to which at least one fix, patch, upgrade or update

15   retrofitted from an Oracle-created or Oracle-delivered fix, patch, upgrade or update had been

16   applied.[49]

17   **RESPONSE TO REQUEST NO. 137:**

18        Defendants object to this request on the grounds stated in the General Objections and

19   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

20   respect to the information sought in this request because Defendants SAP AG and SAP America

21   have no additional knowledge separate and apart from the information provided by Defendant

22   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

23   "tested," and "local environment" make this request overly broad, vague, and ambiguous.  Further,

24   Defendants object to this request as compound and unduly burdensome in that this request asks

25   33,186 separate questions, and the request would require Defendants to review substantial

26   business records to determine an answer, if possible, for each of the 33,186 separate requests.

27   This request, therefore, does not separately state each matter sought.  Moreover, Defendants

28

---

[49] See Defendants' Response to Request for Admission No. 20 from Plaintiffs' Third Set.

1    object that the request is unduly burdensome and improperly attempts to shift the burden to

2    Defendants to evaluate each and every file where the effort associated with responding to this

3    request is substantially similar for the parties, especially because the available documents, data

4    and other information sought from which the answer, if any, could be derived in response to this

5    request have been produced by Defendants in response to Plaintiffs' other discovery requests and

6    thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

7    Defendants.  Defendants also object to the extent that this request improperly attempts to shift

8    Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

9    objections and qualifications, Defendants respond as follows:

10           DENIED.  Defendants have reasonable access to TomorrowNow's records and other

11   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

12   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

13   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

14   records and other information to determine for each listed item whether that, if a copy of the

15   listed fix object was tested, a copy of the listed fix object was not tested using a local environment

16   to which at least one fix, patch, upgrade or update retrofitted from an Oracle-created or Oracle-

17   delivered fix, patch, upgrade or update had been applied.  Defendants have not undertaken the

18   extreme burden of evaluating each item and have objected on that basis because the requested

19   information is as equally accessible to Plaintiffs as it is to Defendants.

20   **REQUEST NO. 138:**

21           For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

22   admit that Defendants do not have reasonable access to any readily obtainable information

23   indicating that for the listed Fix Object, every fix, patch, upgrade or update that had been applied

24   to a Local Environment used to create a Copy of the listed Fix Object was developed solely for or

25   on behalf of the recipient stated for that item.[50]

26   **RESPONSE TO REQUEST NO. 138:**

27           Defendants object to this request on the grounds stated in the General Objections and

28   _____

[50] See Defendants' Response to Request for Admission No. 21 from Plaintiffs' Third Set.

1    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

2    respect to the information sought in this request because Defendants SAP AG and SAP America

3    have no additional knowledge separate and apart from the information provided by Defendant

4    TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

5    "create," and "local environment" make this request overly broad, vague, and ambiguous.

6    Defendants object that the phrase "every fix, patch, upgrade or update that had been applied to a

7    local environment used to create a copy of the listed fix object" and the overall sentence structure

8    is vague, confusing, and ambiguous.  Further, Defendants object to this request as compound and

9    unduly burdensome in that this request asks 33,186 separate questions, and the request would

10   require Defendants to review substantial business records to determine an answer, if possible, for

11   each of the 33,186 separate requests.   This request, therefore, does not separately state each

12   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

13   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

14   effort associated with responding to this request is substantially similar for the parties, especially

15   because the available documents, data and other information sought from which the answer, if

16   any, could be derived in response to this request have been produced by Defendants in response

17   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

18   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

19   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

20   without waiving the foregoing objections and qualifications, Defendants respond as follows:

21        DENIED.  Defendants have reasonable access to TomorrowNow's records and other

22   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

23   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

24   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

25   records and other information to determine for each listed item whether for the listed fix object,

26   every fix, patch, upgrade or update that had been applied to a local environment used to create a

27   copy of the listed fix object was developed solely for or on behalf of the recipient stated for that

28   item.  Defendants have not undertaken the extreme burden of evaluating each item and have

1    objected on that basis because the requested information is as equally accessible to Plaintiffs as it

2    is to Defendants.

3    **REQUEST NO. 139:**

4        For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

5    admit that Defendants do not have reasonable access to any readily obtainable information

6    indicating that for the listed Fix Object, if any testing occurred, every fix, patch, upgrade or

7    update that had been applied to a Local Environment used to test a Copy of the listed Fix Object

8    was developed solely for or on behalf of the recipient stated for that item.[51]

9    **RESPONSE TO REQUEST NO. 139:**

10        Defendants object to this request on the grounds stated in the General Objections and

11   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

12   respect to the information sought in this request because Defendants SAP AG and SAP America

13   have no additional knowledge separate and apart from the information provided by Defendant

14   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

15   "testing," and "local environment" make this request overly broad, vague, and ambiguous.

16   Defendants object that the phrase "every fix, patch, upgrade or update that had been applied to a

17   local environment used to create a copy of the listed fix object" and the overall sentence structure

18   is vague, confusing, and ambiguous.  Further, Defendants object to this request as compound and

19   unduly burdensome in that this request asks 33,186 separate questions, and the request would

20   require Defendants to review substantial business records to determine an answer, if possible, for

21   each of the 33,186 separate requests.   This request, therefore, does not separately state each

22   matter sought.  Moreover, Defendants object that the request is unduly burdensome and

23   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

24   effort associated with responding to this request is substantially similar for the parties, especially

25   because the available documents, data and other information sought from which the answer, if

26   any, could be derived in response to this request have been produced by Defendants in response

27   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

28   _____

        [51] See Defendants' Response to Request for Admission No. 22 from Plaintiffs' Third Set.

1   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

2   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

3   without waiving the foregoing objections and qualifications, Defendants respond as follows:

4        DENIED.  Defendants have reasonable access to TomorrowNow's records and other

5   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

6   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

7   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

8   records and other information to determine for each listed item whether for the listed fix object, if

9   any testing occurred, every fix, patch, upgrade or update that had been applied to a local

10   environment used to test a copy of the listed fix object was developed solely for or on behalf of

11   the recipient stated for that item.  Defendants have not undertaken the extreme burden of

12   evaluating each item and have objected on that basis because the requested information is as

13   equally accessible to Plaintiffs as it is to Defendants.

14   **REQUEST NO. 140:**

15        For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

16   admit that Defendants do not have reasonable access to any readily obtainable information

17   indicating that a Copy of the listed Fix Object was not created using a Copy of PeopleTools.[52]

18   **RESPONSE TO REQUEST NO. 140:**

19        Defendants object to this request on the grounds stated in the General Objections and

20   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

21   respect to the information sought in this request because Defendants SAP AG and SAP America

22   have no additional knowledge separate and apart from the information provided by Defendant

23   TomorrowNow in this response.  Defendants object to the request because the terms "copy," and

24   "created" make this request overly broad, vague, and ambiguous.  Further, Defendants object to

25   this request as compound and unduly burdensome in that this request asks 33,186 separate

26   questions, and the request would require Defendants to review substantial business records to

27   determine an answer, if possible, for each of the 33,186 separate requests.   This request, therefore,

28

[52] See Defendants' Response to Request for Admission No. 23 from Plaintiffs' Third Set.

1    does not separately state each matter sought.  Moreover, Defendants object that the request is

2    unduly burdensome and improperly attempts to shift the burden to Defendants to evaluate each

3    and every file where the effort associated with responding to this request is substantially similar

4    for the parties, especially because the available documents, data and other information sought

5    from which the answer, if any, could be derived in response to this request have been produced by

6    Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

7    information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

8    object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

9    Defendants.  Subject to and without waiving the foregoing objections and qualifications,

10   Defendants respond as follows:

11          DENIED.  Defendants have reasonable access to TomorrowNow's records and other

12   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

13   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

14   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

15   records and other information to determine for each listed item whether a copy of the listed fix

16   object was not created using a copy of PeopleTools.  Defendants have not undertaken the extreme

17   burden of evaluating each item and have objected on that basis because the requested information

18   is as equally accessible to Plaintiffs as it is to Defendants.

19   **REQUEST NO. 141:**

20          For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

21   admit that Defendants do not have reasonable access to any readily obtainable information

22   indicating that, if a Copy of the listed Fix Object was tested, a Copy of the listed Fix Object was

23   not tested using a Copy of PeopleTools.[53]

24   **RESPONSE TO REQUEST NO. 141:**

25          Defendants object to this request on the grounds stated in the General Objections and

26   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

27   respect to the information sought in this request because Defendants SAP AG and SAP America

28          [53] See Defendants' Response to Request for Admission No. 24 from Plaintiffs' Third Set.

1   have no additional knowledge separate and apart from the information provided by Defendant

2   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"  and

3   "tested" make this request overly broad, vague, and ambiguous.  Further, Defendants object to

4   this request as compound and unduly burdensome in that this request asks 33,186 separate

5   questions, and the request would require Defendants to review substantial business records to

6   determine an answer, if possible, for each of the 33,186 separate requests.   This request, therefore,

7   does not separately state each matter sought.  Moreover, Defendants object that the request is

8   unduly burdensome and improperly attempts to shift the burden to Defendants to evaluate each

9   and every file where the effort associated with responding to this request is substantially similar

10  for the parties, especially because the available documents, data and other information sought

11  from which the answer, if any, could be derived in response to this request have been produced by

12  Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

13  information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

14  object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

15  Defendants.  Subject to and without waiving the foregoing objections and qualifications,

16  Defendants respond as follows:

17         DENIED.  Defendants have reasonable access to TomorrowNow's records and other

18  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

19  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

20  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

21  records and other information to determine for each listed item whether that, if a copy of the

22  listed fix object was tested, a copy of the listed fix object was not tested using a copy of

23  PeopleTools.  Defendants have not undertaken the extreme burden of evaluating each item and

24  have objected on that basis because the requested information is as equally accessible to Plaintiffs

25  as it is to Defendants.

26  **<u>REQUEST NO. 142:</u>**

27         For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

28  admit that Defendants do not have reasonable access to any readily obtainable information

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1  indicating that a Copy of the listed Fix Object was created using a Copy of PeopleTools, the

2  source of which was solely an installation from, a Copy of, or an installation from a Copy of

3  software received from or on behalf of the recipient stated for the respective item.[54]

4  **RESPONSE TO REQUEST NO. 142:**

5      Defendants object to this request on the grounds stated in the General Objections and

6  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

7  respect to the information sought in this request because Defendants SAP AG and SAP America

8  have no additional knowledge separate and apart from the information provided by Defendant

9  TomorrowNow in this response.  Defendants object to the request because the terms "copy" and

10  "created" make this request overly broad, vague, and ambiguous.  Further, Defendants object to

11  this request as compound and unduly burdensome in that this request asks 33,186 separate

12  questions, and the request would require Defendants to review substantial business records to

13  determine an answer, if possible, for each of the 33,186 separate requests.   This request, therefore,

14  does not separately state each matter sought.  Moreover, Defendants object that the request is

15  unduly burdensome and improperly attempts to shift the burden to Defendants to evaluate each

16  and every file where the effort associated with responding to this request is substantially similar

17  for the parties, especially because the available documents, data and other information sought

18  from which the answer, if any, could be derived in response to this request have been produced by

19  Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

20  information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

21  object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

22  Defendants.  Subject to and without waiving the foregoing objections and qualifications,

23  Defendants respond as follows:

24      DENIED.  Defendants have reasonable access to TomorrowNow's records and other

25  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

26  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

27  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

28      [54] See Defendants' Response to Request for Admission No. 25 from Plaintiffs' Third Set.

1   records and other information to determine for each listed item whether a copy of the listed fix

2   object was created using a copy of PeopleTools, the source of which was solely an installation

3   from, a copy of, or an installation from a copy of software received from or on behalf of the

4   recipient stated for the respective item.  Defendants have not undertaken the extreme burden of

5   evaluating each item and have objected on that basis because the requested information is as

6   equally accessible to Plaintiffs as it is to Defendants.

7   **REQUEST NO. 143:**

8       For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

9   admit that Defendants do not have reasonable access to any readily obtainable information

10  indicating that, if a Copy of the listed Fix Object was tested, a Copy of the listed Fix Object was

11  tested using a Copy of PeopleTools, the source of which was solely an installation from, a Copy

12  of, or an installation from a Copy of software received from or on behalf of the recipient stated

13  for the respective item.[55]

14  **RESPONSE TO REQUEST NO. 143:**

15      Defendants object to this request on the grounds stated in the General Objections and

16  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

17  respect to the information sought in this request because Defendants SAP AG and SAP America

18  have no additional knowledge separate and apart from the information provided by Defendant

19  TomorrowNow in this response.  Defendants object to the request because the terms "copy" and

20  "tested" make this request overly broad, vague, and ambiguous.  Further, Defendants object to

21  this request as compound and unduly burdensome in that this request asks 33,186 separate

22  questions, and the request would require Defendants to review substantial business records to

23  determine an answer, if possible, for each of the 33,186 separate requests.   This request, therefore,

24  does not separately state each matter sought.  Moreover, Defendants object that the request is

25  unduly burdensome and improperly attempts to shift the burden to Defendants to evaluate each

26  and every file where the effort associated with responding to this request is substantially similar

27  for the parties, especially because the available documents, data and other information sought

28
    ---
    [55] See Defendants' Response to Request for Admission No. 26 from Plaintiffs' Third Set.

1    from which the answer, if any, could be derived in response to this request have been produced by

2    Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

3    information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

4    object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

5    Defendants.  Subject to and without waiving the foregoing objections and qualifications,

6    Defendants respond as follows:

7         DENIED.  Defendants have reasonable access to TomorrowNow's records and other

8    information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

9    Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

10   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

11   records and other information to determine for each listed item whether that, if a copy of the

12   listed fix object was tested, a copy of the listed fix object was tested using a copy of PeopleTools,

13   the source of which was solely an installation from, a copy of, or an installation from a copy of

14   software received from or on behalf of the recipient stated for the respective item.  Defendants

15   have not undertaken the extreme burden of evaluating each item and have objected on that basis

16   because the requested information is as equally accessible to Plaintiffs as it is to Defendants.

17   **REQUEST NO. 144:**

18        For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

19   admit that Defendants do not have reasonable access to any readily obtainable information

20   indicating that a Copy of the listed Fix Object was not created using a Copy of PeopleTools from

21   a Generic Environment.[56]

22   **RESPONSE TO REQUEST NO. 144:**

23        Defendants object to this request on the grounds stated in the General Objections and

24   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

25   respect to the information sought in this request because Defendants SAP AG and SAP America

26   have no additional knowledge separate and apart from the information provided by Defendant

27   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

28   _____

[56] See Defendants' Response to Request for Admission No. 27 from Plaintiffs' Third Set.

1    "created," and "generic environment" make this request overly broad, vague, and ambiguous.

2    "Generic Environment" is a term created by Plaintiffs and as used and defined by Plaintiffs is

3    misleading by attempting to suggest that any such environment or environment components were

4    not used for limited customers, scope, or purpose.  Defendants further object to the definition of

5    "Generic Environment" to the extent it incorporates the overly broad, unduly burdensome, and

6    vague term "environment" to which Defendants object above.  Further, Defendants object to this

7    request as compound and unduly burdensome in that this request asks 33,186 separate questions,

8    and the request would require Defendants to review substantial business records to determine an

9    answer, if possible, for each of the 33,186 separate requests.  This request, therefore, does not

10   separately state each matter sought.  Moreover, Defendants object that the request is unduly

11   burdensome and improperly attempts to shift the burden to Defendants to evaluate each and every

12   file where the effort associated with responding to this request is substantially similar for the

13   parties, especially because the available documents, data and other information sought from

14   which the answer, if any, could be derived in response to this request have been produced by

15   Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

16   information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

17   object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

18   Defendants.  Subject to and without waiving the foregoing objections and qualifications,

19   Defendants respond as follows:

20          DENIED.  Defendants have reasonable access to TomorrowNow's records and other

21   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

22   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

23   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

24   records and other information to determine for each listed item whether a copy of the listed fix

25   object was not created using a copy of PeopleTools from a generic environment.  Defendants

26   have not undertaken the extreme burden of evaluating each item and have objected on that basis

27   because the requested information is as equally accessible to Plaintiffs as it is to Defendants.

28

1

**REQUEST NO. 145:**

2

For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

3

admit that Defendants do not have reasonable access to any readily obtainable information

4

indicating that, if a Copy of the listed Fix Object was tested, a Copy of the listed Fix Object was

5

not tested using a Copy of PeopleTools from a Generic Environment.[57]

6

**RESPONSE TO REQUEST NO. 145:**

7

Defendants object to this request on the grounds stated in the General Objections and

8

Responses. Defendants' response is based solely on Defendant TomorrowNow's knowledge with

9

respect to the information sought in this request because Defendants SAP AG and SAP America

10

have no additional knowledge separate and apart from the information provided by Defendant

11

TomorrowNow in this response. Defendants object to the request because the terms "copy,"

12

"tested," and "generic environment" make this request overly broad, vague, and ambiguous.

13

"Generic Environment" is a term created by Plaintiffs and as used and defined by Plaintiffs is

14

misleading by attempting to suggest that any such environment or environment components were

15

not used for limited customers, scope, or purpose. Defendants further object to the definition of

16

"Generic Environment" to the extent it incorporates the overly broad, unduly burdensome, and

17

vague term "environment" to which Defendants object above. Further, Defendants object to this

18

request as compound and unduly burdensome in that this request asks 33,186 separate questions,

19

and the request would require Defendants to review substantial business records to determine an

20

answer, if possible, for each of the 33,186 separate requests. This request, therefore, does not

21

separately state each matter sought. Moreover, Defendants object that the request is unduly

22

burdensome and improperly attempts to shift the burden to Defendants to evaluate each and every

23

file where the effort associated with responding to this request is substantially similar for the

24

parties, especially because the available documents, data and other information sought from

25

which the answer, if any, could be derived in response to this request have been produced by

26

Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

27

information is now as equally accessible to Plaintiffs as it is to Defendants. Defendants also

28

[57] See Defendants' Response to Request for Admission No. 28 from Plaintiffs' Third Set.

1    object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

2    Defendants.  Subject to and without waiving the foregoing objections and qualifications,

3    Defendants respond as follows:

4         DENIED.  Defendants have reasonable access to TomorrowNow's records and other

5    information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

6    Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

7    Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

8    records and other information to determine for each listed item whether that, if a copy of the

9    listed fix object was tested, a copy of the listed fix object was not tested using a copy of

10   PeopleTools from a generic environment.  Defendants have not undertaken the extreme burden of

11   evaluating each item and have objected on that basis because the requested information is as

12   equally accessible to Plaintiffs as it is to Defendants.

13   **REQUEST NO. 146:**

14        For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

15   admit that Defendants do not have reasonable access to any readily obtainable information

16   indicating that in Creating a Copy of the listed Fix Object, SAP TN did not make a backup copy

17   of at least one Local Environment.[58]

18   **RESPONSE TO REQUEST NO. 146:**

19        Defendants object to this request on the grounds stated in the General Objections and

20   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

21   respect to the information sought in this request because Defendants SAP AG and SAP America

22   have no additional knowledge separate and apart from the information provided by Defendant

23   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

24   "creating," "backup copy," and "local environment" make this request overly broad, vague, and

25   ambiguous.  Further, Defendants object to this request as compound and unduly burdensome in

26   that this request asks 33,186 separate questions, and the request would require Defendants to

27   review substantial business records to determine an answer, if possible, for each of the 33,186

28   _____
         [58] See Defendants' Response to Request for Admission No. 29 from Plaintiffs' Third Set.

1   separate requests.   This request, therefore, does not separately state each matter sought.

2   Moreover, Defendants object that the request is unduly burdensome and improperly attempts to

3   shift the burden to Defendants to evaluate each and every file where the effort associated with

4   responding to this request is substantially similar for the parties, especially because the available

5   documents, data and other information sought from which the answer, if any, could be derived in

6   response to this request have been produced by Defendants in response to Plaintiffs' other

7   discovery requests and thus any relevant, available information is now as equally accessible to

8   Plaintiffs as it is to Defendants.  Defendants also object to the extent that this request improperly

9   attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the

10  foregoing objections and qualifications, Defendants respond as follows:

11          DENIED.  Defendants have reasonable access to TomorrowNow's records and other

12  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

13  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

14  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

15  records and other information to determine for each listed item whether in Creating a copy of the

16  listed fix object, TomorrowNow did not make a backup copy of at least one local environment.

17  Defendants have not undertaken the extreme burden of evaluating each item and have objected on

18  that basis because the requested information is as equally accessible to Plaintiffs as it is to

19  Defendants.

20  **REQUEST NO. 147:**

21          For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

22  admit that Defendants do not have reasonable access to any readily obtainable information

23  indicating that, if a Copy of the listed Fix Object was tested, in testing a Copy of the listed Fix

24  Object, SAP TN did not make a backup copy of at least one Local Environment.[59]

25  **RESPONSE TO REQUEST NO. 147:**

26          Defendants object to this request on the grounds stated in the General Objections and

27  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

28  _____

      [59] See Defendants' Response to Request for Admission No. 30 from Plaintiffs' Third Set.

1  respect to the information sought in this request because Defendants SAP AG and SAP America

2  have no additional knowledge separate and apart from the information provided by Defendant

3  TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

4  "tested/testing," "backup copy," and "local environment" make this request overly broad, vague,

5  and ambiguous.  Further, Defendants object to this request as compound and unduly burdensome

6  in that this request asks 33,186 separate questions, and the request would require Defendants to

7  review substantial business records to determine an answer, if possible, for each of the 33,186

8  separate requests.   Moreover, Defendants object that the request is unduly burdensome and

9  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

10  effort associated with responding to this request is substantially similar for the parties, especially

11  because the available documents, data and other information sought from which the answer, if

12  any, could be derived in response to this request have been produced by Defendants in response

13  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

14  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

15  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

16  without waiving the foregoing objections and qualifications, Defendants respond as follows:

17      DENIED.  Defendants have reasonable access to TomorrowNow's records and other

18  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

19  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

20  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

21  records and other information to determine for each listed item whether that, if a copy of the

22  listed fix object was tested, in testing a copy of the listed fix object, SAP TN did not make a

23  backup copy of at least one local environment.  Defendants have not undertaken the extreme

24  burden of evaluating each item and have objected on that basis because the requested information

25  is as equally accessible to Plaintiffs as it is to Defendants.

26  **REQUEST NO. 148:**

27      For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

28  admit that Defendants do not have reasonable access to any readily obtainable information

1    indicating that in Creating a Copy of the listed Fix Object, SAP TN did not restore at least one

2    Local Environment from a backup copy.[60]

3    **RESPONSE TO REQUEST NO. 148:**

4         Defendants object to this request on the grounds stated in the General Objections and

5    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

6    respect to the information sought in this request because Defendants SAP AG and SAP America

7    have no additional knowledge separate and apart from the information provided by Defendant

8    TomorrowNow in this response.  Defendants object to the request because the terms "creating,"

9    "copy," "restore," "backup copy," and "local environment" make this request overly broad, vague,

10   and ambiguous.  Further, Defendants object to this request as compound and unduly burdensome

11   in that this request asks 33,186 separate questions, and the request would require Defendants to

12   review substantial business records to determine an answer, if possible, for each of the 33,186

13   separate requests.   This request, therefore, does not separately state each matter sought.

14   Moreover, Defendants object that the request is unduly burdensome and improperly attempts to

15   shift the burden to Defendants to evaluate each and every file where the effort associated with

16   responding to this request is substantially similar for the parties, especially because the available

17   documents, data and other information sought from which the answer, if any, could be derived in

18   response to this request have been produced by Defendants in response to Plaintiffs' other

19   discovery requests and thus any relevant, available information is now as equally accessible to

20   Plaintiffs as it is to Defendants.  Defendants also object to the extent that this request improperly

21   attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the

22   foregoing objections and qualifications, Defendants respond as follows:

23         DENIED.  Defendants have reasonable access to TomorrowNow's records and other

24   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

25   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

26   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

27   records and other information to determine for each listed item whether in creating a copy of the

28   _____
          [60] See Defendants' Response to Request for Admission No. 31 from Plaintiffs' Third Set.

1   listed fix object, TomorrowNow did not restore at least one local environment from a backup

2   copy.  Defendants have not undertaken the extreme burden of evaluating each item and have

3   objected on that basis because the requested information is as equally accessible to Plaintiffs as it

4   is to Defendants.

5   **REQUEST NO. 149:**

6       For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

7   admit that Defendants do not have reasonable access to any readily obtainable information

8   indicating that, if a Copy of the listed Fix Object was tested, in testing a Copy of the listed Fix

9   Object, SAP TN did not restore at least one Local Environment from a backup copy.[61]

10  **RESPONSE TO REQUEST NO. 149:**

11      Defendants object to this request on the grounds stated in the General Objections and

12  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

13  respect to the information sought in this request because Defendants SAP AG and SAP America

14  have no additional knowledge separate and apart from the information provided by Defendant

15  TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

16  "tested/testing," "restore," "backup copy," and "local environment" make this request overly

17  broad, vague, and ambiguous.  Further, Defendants object to this request as compound and

18  unduly burdensome in that this request asks 33,186 separate questions, and the request would

19  require Defendants to review substantial business records to determine an answer, if possible, for

20  each of the 33,186 separate requests.   This request, therefore, does not separately state each

21  matter sought.  Moreover, Defendants object that the request is unduly burdensome and

22  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

23  effort associated with responding to this request is substantially similar for the parties, especially

24  because the available documents, data and other information sought from which the answer, if

25  any, could be derived in response to this request have been produced by Defendants in response

26  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

27  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

28  _____

[61] See Defendants' Response to Request for Admission No. 32 from Plaintiffs' Third Set.

1  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

2  without waiving the foregoing objections and qualifications, Defendants respond as follows:

3  DENIED.  Defendants have reasonable access to TomorrowNow's records and other

4  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

5  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

6  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

7  records and other information to determine for each listed item whether that, if a copy of the

8  listed fix object was tested, in testing a copy of the listed fix object, TomorrowNow did not

9  restore at least one local environment from a backup copy.  Defendants have not undertaken the

10  extreme burden of evaluating each item and have objected on that basis because the requested

11  information is as equally accessible to Plaintiffs as it is to Defendants.

12  **REQUEST NO. 150:**

13  For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

14  admit that Defendants do not have reasonable access to any readily obtainable information

15  indicating that in Creating a Copy of the listed Fix Object, SAP TN did not make a Copy of at

16  least one Local Environment.[62]

17  **RESPONSE TO REQUEST NO. 150:**

18  Defendants object to this request on the grounds stated in the General Objections and

19  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

20  respect to the information sought in this request because Defendants SAP AG and SAP America

21  have no additional knowledge separate and apart from the information provided by Defendant

22  TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

23  "creating," and "local environment" make this request overly broad, vague, and ambiguous.

24  Further, Defendants object to this request as compound and unduly burdensome in that this

25  request asks 33,186 separate questions, and the request would require Defendants to review

26  substantial business records to determine an answer, if possible, for each of the 33,186 separate

27  requests.   This request, therefore, does not separately state each matter sought.  Moreover,

28  [62] See Defendants' Response to Request for Admission No. 33 from Plaintiffs' Third Set.

1    Defendants object that the request is unduly burdensome and improperly attempts to shift the

2    burden to Defendants to evaluate each and every file where the effort associated with responding

3    to this request is substantially similar for the parties, especially because the available documents,

4    data and other information sought from which the answer, if any, could be derived in response to

5    this request have been produced by Defendants in response to Plaintiffs' other discovery requests

6    and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

7    Defendants.  Defendants also object to the extent that this request improperly attempts to shift

8    Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

9    objections and qualifications, Defendants respond as follows:

10         DENIED.  Defendants have reasonable access to TomorrowNow's records and other

11   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

12   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

13   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

14   records and other information to determine for each listed item whether in creating a copy of the

15   listed fix object, TomorrowNow did not make a copy of at least one local environment.

16   Defendants have not undertaken the extreme burden of evaluating each item and have objected on

17   that basis because the requested information is as equally accessible to Plaintiffs as it is to

18   Defendants.

19   **REQUEST NO. 151:**

20         For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

21   admit that Defendants do not have reasonable access to any readily obtainable information

22   indicating that, if a Copy of the listed Fix Object was tested, in testing a Copy of the listed Fix

23   Object, SAP TN did not make a Copy of at least one Local Environment.[63]

24   **RESPONSE TO REQUEST NO. 151:**

25         Defendants object to this request on the grounds stated in the General Objections and

26   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

27   respect to the information sought in this request because Defendants SAP AG and SAP America

28   _____
     [63] See Defendants' Response to Request for Admission No. 34 from Plaintiffs' Third Set.

1   have no additional knowledge separate and apart from the information provided by Defendant

2   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

3   "testing/tested," and "local environment" make this request overly broad, vague, and ambiguous.

4   Further, Defendants object to this request as compound and unduly burdensome in that this

5   request asks 33,186 separate questions, and the request would require Defendants to review

6   substantial business records to determine an answer, if possible, for each of the 33,186 separate

7   requests.   This request, therefore, does not separately state each matter sought.  Moreover,

8   Defendants object that the request is unduly burdensome and improperly attempts to shift the

9   burden to Defendants to evaluate each and every file where the effort associated with responding

10  to this request is substantially similar for the parties, especially because the available documents,

11  data and other information sought from which the answer, if any, could be derived in response to

12  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

13  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

14  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

15  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

16  objections and qualifications, Defendants respond as follows:

17          DENIED.  Defendants have reasonable access to TomorrowNow's records and other

18  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

19  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

20  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

21  records and other information to determine for each listed item whether that, if a copy of the

22  listed fix object was tested, in testing a copy of the listed fix object, TomorrowNow did not make

23  a copy of at least one local environment.  Defendants have not undertaken the extreme burden of

24  evaluating each item and have objected on that basis because the requested information is as

25  equally accessible to Plaintiffs as it is to Defendants.

26  **REQUEST NO. 152:**

27          For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

28  admit that Defendants do not have reasonable access to any readily obtainable information

1   indicating that in Creating a Copy of the listed Fix Object, SAP TN did not modify at least one

2   Local Environment.[64]

3   **RESPONSE TO REQUEST NO. 152:**

4        Defendants object to this request on the grounds stated in the General Objections and

5   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

6   respect to the information sought in this request because Defendants SAP AG and SAP America

7   have no additional knowledge separate and apart from the information provided by Defendant

8   TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

9   "creating," and "local environment" make this request overly broad, vague, and ambiguous.

10  Further, Defendants object to this request as compound and unduly burdensome in that this

11  request asks 33,186 separate questions, and the request would require Defendants to review

12  substantial business records to determine an answer, if possible, for each of the 33,186 separate

13  requests.   This request, therefore, does not separately state each matter sought.  Moreover,

14  Defendants object that the request is unduly burdensome and improperly attempts to shift the

15  burden to Defendants to evaluate each and every file where the effort associated with responding

16  to this request is substantially similar for the parties, especially because the available documents,

17  data and other information sought from which the answer, if any, could be derived in response to

18  this request have been produced by Defendants in response to Plaintiffs' other discovery requests

19  and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

20  Defendants.  Defendants also object to the extent that this request improperly attempts to shift

21  Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

22  objections and qualifications, Defendants respond as follows:

23       DENIED.  Defendants have reasonable access to TomorrowNow's records and other

24  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

25  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

26  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

27  records and other information to determine for each listed item whether in creating a copy of the

28      [64] See Defendants' Response to Request for Admission No. 35 from Plaintiffs' Third Set.

1  listed fix object, TomorrowNow did not modify at least one local environment.  Defendants have

2  not undertaken the extreme burden of evaluating each item and have objected on that basis

3  because the requested information is as equally accessible to Plaintiffs as it is to Defendants.

4  **REQUEST NO. 153:**

5      For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

6  admit that Defendants do not have reasonable access to any readily obtainable information

7  indicating that in Creating a Copy of the listed Fix Object, SAP TN did not modify at least one

8  Local Environment so as to create a derivative work, within the meaning of 17 U.S.C. § 101, that

9  was based on copyrighted Oracle software.[65]

10 **RESPONSE TO REQUEST NO. 153:**

11      Defendants object to this request on the grounds stated in the General Objections and

12 Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

13 respect to the information sought in this request because Defendants SAP AG and SAP America

14 have no additional knowledge separate and apart from the information provided by Defendant

15 TomorrowNow in this response.  Defendants object to the request because the terms "creating,"

16 "modified," "derivative work," "copyrighted Oracle software," and "local environment" make

17 this request overly broad, vague, and ambiguous.  Defendants object to this request for admission

18 because it calls for a conclusion of law, and is thus invasive of the attorney work product and

19 attorney-client privileges.  Further, Defendants object to this request as compound and unduly

20 burdensome in that this request asks 33,186 separate questions, and the request would require

21 Defendants to review substantial business records to determine an answer, if possible, for each of

22 the 33,186 separate requests.  Moreover, Defendants object that the request is unduly burdensome

23 and improperly attempts to shift the burden to Defendants to evaluate each and every file where

24 the effort associated with responding to this request is substantially similar for the parties,

25 especially because the available documents, data and other information sought from which the

26 answer, if any, could be derived in response to this request have been produced by Defendants in

27 response to Plaintiffs' other discovery requests and thus any relevant, available information is

28      [65] See Defendants' Response to Request for Admission No. 36 from Plaintiffs' Third Set.

1  now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent

2  that this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to

3  and without waiving the foregoing objections and qualifications, Defendants respond as follows:

4  DENIED.  Defendants have reasonable access to TomorrowNow's records and other

5  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

6  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

7  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

8  records and other information to determine for each listed item whether in creating a copy of the

9  listed fix object, TomorrowNow did not modify at least one local environment so as to create a

10  derivative work, within the meaning of 17 U.S.C. § 101, that was based on copyrighted Oracle

11  software.  Defendants have not undertaken the extreme burden of evaluating each item and have

12  objected on that basis because the requested information is as equally accessible to Plaintiffs as it

13  is to Defendants.  Moreover, in any event, Defendants refuse to answer this request to the extent it

14  seeks a pure conclusion of law.

15  **REQUEST NO. 154:**

16  For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

17  admit that Defendants do not have reasonable access to any readily obtainable information

18  indicating that, if a Copy of the listed Fix Object was tested, in testing a Copy of the listed Fix

19  Object, SAP TN did not modify at least one Local Environment.[66]

20  **RESPONSE TO REQUEST NO. 154:**

21  Defendants object to this request on the grounds stated in the General Objections and

22  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

23  respect to the information sought in this request because Defendants SAP AG and SAP America

24  have no additional knowledge separate and apart from the information provided by Defendant

25  TomorrowNow in this response.  Defendants object to the request because the terms "copy,"

26  "testing/tested," and "local environment" make this request overly broad, vague, and ambiguous.

27  Further, Defendants object to this request as compound and unduly burdensome in that this

28  _____

[66] See Defendants' Response to Request for Admission No. 38 from Plaintiffs' Third Set.

1    request asks 33,186 separate questions, and the request would require Defendants to review

2    substantial business records to determine an answer, if possible, for each of the 33,186 separate

3    requests.   This request, therefore, does not separately state each matter sought.  Moreover,

4    Defendants object that the request is unduly burdensome and improperly attempts to shift the

5    burden to Defendants to evaluate each and every file where the effort associated with responding

6    to this request is substantially similar for the parties, especially because the available documents,

7    data and other information sought from which the answer, if any, could be derived in response to

8    this request have been produced by Defendants in response to Plaintiffs' other discovery requests

9    and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to

10   Defendants.  Defendants also object to the extent that this request improperly attempts to shift

11   Plaintiffs' burden of proof to Defendants.  Subject to and without waiving the foregoing

12   objections and qualifications, Defendants respond as follows:

13        DENIED.  Defendants have reasonable access to TomorrowNow's records and other

14   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

15   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

16   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

17   records and other information to determine for each listed item whether that, if a copy of the

18   listed fix object was tested, in testing a copy of the listed fix object, TomorrowNow did not

19   modify at least one local environment.  Defendants have not undertaken the extreme burden of

20   evaluating each item and have objected on that basis because the requested information is as

21   equally accessible to Plaintiffs as it is to Defendants.

22   **REQUEST NO. 155:**

23        For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

24   admit that Defendants do not have reasonable access to any readily obtainable information

25   indicating that, if a Copy of the listed Fix Object was tested, in testing a Copy of the listed Fix

26   Object, SAP TN did not modify at least one Local Environment so as to create a derivative work,

27   within the meaning of 17 U.S.C. § 101, that was based on copyrighted Oracle software.[67]

28   _____

[67] See Defendants' Response to Request for Admission No. 39 from Plaintiffs' Third Set.

1    **RESPONSE TO REQUEST NO. 155:**

2         Defendants object to this request on the grounds stated in the General Objections and

3    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

4    respect to the information sought in this request because Defendants SAP AG and SAP America

5    have no additional knowledge separate and apart from the information provided by Defendant

6    TomorrowNow in this response.  Defendants object to the request because the terms

7    "tested/testing," "modified," "derivative work," "copyrighted Oracle software," and "local

8    environment" make this request overly broad, vague, and ambiguous.  Defendants object to this

9    request for admission because it calls for a conclusion of law, and is thus invasive of the attorney

10   work product and attorney-client privileges.  Further, Defendants object to this request as

11   compound and unduly burdensome in that this request asks 33,186 separate questions, and the

12   request would require Defendants to review substantial business records to determine an answer,

13   if possible, for each of the 33,186 separate requests.  Moreover, Defendants object that the request

14   is unduly burdensome and improperly attempts to shift the burden to Defendants to evaluate each

15   and every file where the effort associated with responding to this request is substantially similar

16   for the parties, especially because the available documents, data and other information sought

17   from which the answer, if any, could be derived in response to this request have been produced by

18   Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

19   information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

20   object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

21   Defendants.  Subject to and without waiving the foregoing objections and qualifications,

22   Defendants respond as follows:

23        DENIED.  Defendants have reasonable access to TomorrowNow's records and other

24   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

25   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

26   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

27   records and other information to determine for each listed item whether that, if a copy of the

28   listed fix object was tested, in testing a copy of the listed fix object, SAP TN did not modify at

1    least one local environment so as to create a derivative work, within the meaning of 17 U.S.C. §

2    101, that was based on copyrighted Oracle software.  Defendants have not undertaken the

3    extreme burden of evaluating each item and have objected on that basis because the requested

4    information is as equally accessible to Plaintiffs as it is to Defendants.  Moreover, in any event,

5    Defendants refuse to answer this request to the extent it seeks a pure conclusion of law.

6    **REQUEST NO. 156:**

7         For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

8    admit that Defendants do not have reasonable access to any readily obtainable information

9    indicating that a Copy of the contents of the listed Fix Object (with or without the same file name)

10   was not sent to at least one entity other than the recipient stated for that item.[68]

11   **RESPONSE TO REQUEST NO. 156:**

12        Defendants object to this request on the grounds stated in the General Objections and

13   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

14   respect to the information sought in this request because Defendants SAP AG and SAP America

15   have no additional knowledge separate and apart from the information provided by Defendant

16   TomorrowNow in this response.  Defendants object to the request because the terms and phrases

17   "copy," "contents," and "with or without the same file name" make this request overly broad,

18   vague, and ambiguous.  Further, Defendants object to this request as compound and unduly

19   burdensome in that this request asks 33,186 separate questions, and the request would require

20   Defendants to review substantial business records to determine an answer, if possible, for each of

21   the 33,186 separate requests.   This request, therefore, does not separately state each matter

22   sought.  Moreover, Defendants object that the request is unduly burdensome and improperly

23   attempts to shift the burden to Defendants to evaluate each and every file where the effort

24   associated with responding to this request is substantially similar for the parties, especially

25   because the available documents, data and other information sought from which the answer, if

26   any, could be derived in response to this request have been produced by Defendants in response

27   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

28   _____

[68] See Defendants' Response to Request for Admission No. 41 from Plaintiffs' Third Set.

1    equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

2    this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

3    without waiving the foregoing objections and qualifications, Defendants respond as follows:

4        DENIED.  Defendants have reasonable access to TomorrowNow's records and other

5    information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

6    Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

7    Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

8    records and other information to determine for each listed item whether a copy of the contents of

9    the listed fix object (with or without the same file name) was not sent to at least one entity other

10   than the recipient stated for that item.  Defendants have not undertaken the extreme burden of

11   evaluating each item and have objected on that basis because the requested information is as

12   equally accessible to Plaintiffs as it is to Defendants.

13   **REQUEST NO. 157:**

14       For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

15   admit that Defendants do not have reasonable access to any readily obtainable information

16   indicating that a Copy of the contents of the listed Fix Object (with or without the same file name)

17   was not used to update or modify at least one Local Environment.[69]

18   **RESPONSE TO REQUEST NO. 157:**

19       Defendants object to this request on the grounds stated in the General Objections and

20   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

21   respect to the information sought in this request because Defendants SAP AG and SAP America

22   have no additional knowledge separate and apart from the information provided by Defendant

23   TomorrowNow in this response.  Defendants object to the request because the terms and phrases

24   "copy," "contents," "was not used to update or modify," and "with or without the same file name"

25   make this request overly broad, vague, and ambiguous.  Further, Defendants object to this request

26   as compound and unduly burdensome in that this request asks 33,186 separate questions, and the

27   request would require Defendants to review substantial business records to determine an answer,

28   [69] See Defendants' Response to Request for Admission No. 42 from Plaintiffs' Third Set.

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

if possible, for each of the 33,186 separate requests. This request, therefore, does not separately state each matter sought. Moreover, Defendants object that the request is unduly burdensome and improperly attempts to shift the burden to Defendants to evaluate each and every file where the effort associated with responding to this request is substantially similar for the parties, especially because the available documents, data and other information sought from which the answer, if any, could be derived in response to this request have been produced by Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available information is now as equally accessible to Plaintiffs as it is to Defendants. Defendants also object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to Defendants. Subject to and without waiving the foregoing objections and qualifications, Defendants respond as follows:

DENIED. Defendants have reasonable access to TomorrowNow's records and other information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission. However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's records and other information to determine for each listed item whether a copy of the contents of the listed fix object (with or without the same file name) was not used to update or modify at least one local environment. Defendants have not undertaken the extreme burden of evaluating each item and have objected on that basis because the requested information is as equally accessible to Plaintiffs as it is to Defendants.

**REQUEST NO. 158:**

For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission, admit that Defendants do not have reasonable access to any readily obtainable information indicating that a Copy of the contents of the listed Fix Object (with or without the same file name) was not used to update or modify at least one Local Environment that was not a customer specific environment for the recipient stated for that it.[70]

**RESPONSE TO REQUEST NO. 158:**

Defendants object to this request on the grounds stated in the General Objections and

---

[70] See Defendants' Response to Request for Admission No. 43 from Plaintiffs' Third Set.

1   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

2   respect to the information sought in this request because Defendants SAP AG and SAP America

3   have no additional knowledge separate and apart from the information provided by Defendant

4   TomorrowNow in this response.  Defendants object to the request because the terms and phrases

5   "copy," "contents," "was not used to update or modify," and "with or without the same file name"

6   make this request overly broad, vague, and ambiguous.  Further, Defendants object to this request

7   as compound and unduly burdensome in that this request asks 33,186 separate questions, and the

8   request would require Defendants to review substantial business records to determine an answer,

9   if possible, for each of the 33,186 separate requests.   This request, therefore, does not separately

10  state each matter sought.  Moreover, Defendants object that the request is unduly burdensome and

11  improperly attempts to shift the burden to Defendants to evaluate each and every file where the

12  effort associated with responding to this request is substantially similar for the parties, especially

13  because the available documents, data and other information sought from which the answer, if

14  any, could be derived in response to this request have been produced by Defendants in response

15  to Plaintiffs' other discovery requests and thus any relevant, available information is now as

16  equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

17  this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

18  without waiving the foregoing objections and qualifications, Defendants respond as follows:

19       DENIED.  Defendants have reasonable access to TomorrowNow's records and other

20  information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

21  Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

22  Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

23  records and other information to determine for each listed item whether a copy of the contents of

24  the listed fix object (with or without the same file name) was not used to update or modify at least

25  one local environment that was not a customer specific environment for the recipient stated for

26  that it.  Defendants have not undertaken the extreme burden of evaluating each item and have

27  objected on that basis because the requested information is as equally accessible to Plaintiffs as it

28  is to Defendants.

1    **REQUEST NO. 159:**

2         For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission,

3    admit that Defendants do not have reasonable access to any readily obtainable information

4    indicating that a Copy of the contents of the listed Fix Object (with or without the same file name)

5    was not used to update or modify at least one Generic Environment.[71]

6    **RESPONSE TO REQUEST NO. 159:**

7         Defendants object to this request on the grounds stated in the General Objections and

8    Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

9    respect to the information sought in this request because Defendants SAP AG and SAP America

10   have no additional knowledge separate and apart from the information provided by Defendant

11   TomorrowNow in this response.  Defendants object to the request because the terms and phrases

12   "copy," "contents," "generic environment," "was not used to update or modify," and "with or

13   without the same file name" make this request overly broad, vague, and ambiguous.  "Generic

14   Environment" is a term created by Plaintiffs and as used and defined by Plaintiffs is misleading

15   by attempting to suggest that any such environment or environment components were not used

16   for limited customers, scope, or purpose.  Defendants further object to the definition of "Generic

17   Environment" to the extent it incorporates the overly broad, unduly burdensome, and vague term

18   "environment" to which Defendants object above.  Further, Defendants object to this request as

19   compound and unduly burdensome in that this request asks 33,186 separate questions, and the

20   request would require Defendants to review substantial business records to determine an answer,

21   if possible, for each of the 33,186 separate requests.   This request, therefore, does not separately

22   state each matter sought.  Moreover, Defendants object that the request is unduly burdensome and

23   improperly attempts to shift the burden to Defendants to evaluate each and every file where the

24   effort associated with responding to this request is substantially similar for the parties, especially

25   because the available documents, data and other information sought from which the answer, if

26   any, could be derived in response to this request have been produced by Defendants in response

27   to Plaintiffs' other discovery requests and thus any relevant, available information is now as

28   _____
     [71] See Defendants' Response to Request for Admission No. 44 from Plaintiffs' Third Set.

1   equally accessible to Plaintiffs as it is to Defendants.  Defendants also object to the extent that

2   this request improperly attempts to shift Plaintiffs' burden of proof to Defendants.  Subject to and

3   without waiving the foregoing objections and qualifications, Defendants respond as follows:

4         DENIED.  Defendants have reasonable access to TomorrowNow's records and other

5   information relating to each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for

6   Admission.  However, given the quantity of the items 1-33,186 on Exhibit D to Oracle's Third

7   Set of Requests for Admission, there is no readily obtainable way to review TomorrowNow's

8   records and other information to determine for each listed item whether a copy of the contents of

9   the listed fix object (with or without the same file name) was not used to update or modify at least

10  one generic environment.  Defendants have not undertaken the extreme burden of evaluating each

11  item and have objected on that basis because the requested information is as equally accessible to

12  Plaintiffs as it is to Defendants.

13  **REQUEST NO. 160:**

14        For each item 18,462-33,186 on Exhibit D to Oracle's Third Set of Requests for

15  Admission, admit that Defendants do not have reasonable access to any readily obtainable

16  information indicating that a Copy of the listed Fix Object was not created by modifying a file in

17  SAP TN's possession, custody or control that had been created by Oracle or had been delivered

18  by Oracle as part of a PeopleSoft application release, fix, update, upgrade or patch.[72]

19  **RESPONSE TO REQUEST NO. 160:**

20        Defendants object to this request on the grounds stated in the General Objections and

21  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

22  respect to the information sought in this request because Defendants SAP AG and SAP America

23  have no additional knowledge separate and apart from the information provided by Defendant

24  TomorrowNow in this response.  Defendants object to the request because the terms and phrases

25  "copy," "created," "modifying," and "PeopleSoft application release, fix, update, upgrade or

26  patch" make this request overly broad, vague, and ambiguous.  Further, Defendants object to this

27  request as compound and unduly burdensome in that this request asks 14,724 separate questions,

28          [72] See Defendants' Response to Request for Admission No. 46 from Plaintiffs' Third Set.

1    and the request would require Defendants to review substantial business records to determine an

2    answer, if possible, for each of the 14,724 separate requests.   This request, therefore, does not

3    separately state each matter sought.  Moreover, Defendants object that the request is unduly

4    burdensome and improperly attempts to shift the burden to Defendants to evaluate each and every

5    file where the effort associated with responding to this request is substantially similar for the

6    parties, especially because the available documents, data and other information sought from

7    which the answer, if any, could be derived in response to this request have been produced by

8    Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

9    information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

10   object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

11   Defendants.  Subject to and without waiving the foregoing objections and qualifications,

12   Defendants respond as follows:

13          DENIED.  Defendants have reasonable access to TomorrowNow's records and other

14   information relating to each item 18,462-33,186 on Exhibit D to Oracle's Third Set of Requests

15   for Admission.  However, given the quantity of the items 18,462-33,186 on Exhibit D to Oracle's

16   Third Set of Requests for Admission, there is no readily obtainable way to review

17   TomorrowNow's records and other information to determine for each listed item whether a copy

18   of the listed fix object was not created by modifying a file in TomorrowNow's possession,

19   custody or control that had been created by Oracle or had been delivered by Oracle as part of a

20   PeopleSoft application release, fix, update, upgrade or patch.  Defendants have not undertaken the

21   extreme burden of evaluating each item and have objected on that basis because the requested

22   information is as equally accessible to Plaintiffs as it is to Defendants.

23   **REQUEST NO. 161:**

24          For each item 18,462-33,186 on Exhibit D to Oracle's Third Set of Requests for

25   Admission, admit that Defendants do not have reasonable access to any readily obtainable

26   information indicating that a Copy of the listed Fix Object was not created by using as a reference

27   a file in SAP TN's possession, custody or control that had been created by Oracle or had been

28

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH

1   delivered by Oracle as part of a PeopleSoft application release, fix, update, upgrade or patch.[73]

2   **RESPONSE TO REQUEST NO. 161:**

3       Defendants object to this request on the grounds stated in the General Objections and

4   Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

5   respect to the information sought in this request because Defendants SAP AG and SAP America

6   have no additional knowledge separate and apart from the information provided by Defendant

7   TomorrowNow in this response.  Defendants object to the request because the terms and phrases

8   "copy," "created," "reference file," and "PeopleSoft application release, fix, update, upgrade or

9   patch" make this request overly broad, vague, and ambiguous.  Further, Defendants object to this

10  request as compound and unduly burdensome in that this request asks 14,724 separate questions,

11  and the request would require Defendants to review substantial business records to determine an

12  answer, if possible, for each of the 14,724 separate requests.   This request, therefore, does not

13  separately state each matter sought.  Moreover, Defendants object that the request is unduly

14  burdensome and improperly attempts to shift the burden to Defendants to evaluate each and every

15  file where the effort associated with responding to this request is substantially similar for the

16  parties, especially because the available documents, data and other information sought from

17  which the answer, if any, could be derived in response to this request have been produced by

18  Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

19  information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

20  object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

21  Defendants.  Subject to and without waiving the foregoing objections and qualifications,

22  Defendants respond as follows:

23      DENIED.  Defendants have reasonable access to TomorrowNow's records and other

24  information relating to each item 18,462-33,186 on Exhibit D to Oracle's Third Set of Requests

25  for Admission.  However, given the quantity of the items 18,462-33,186 on Exhibit D to Oracle's

26  Third Set of Requests for Admission, there is no readily obtainable way to review

27  TomorrowNow's records and other information to determine for each listed item whether a copy

28  _____
    [73] See Defendants' Response to Request for Admission No. 47 from Plaintiffs' Third Set.

1  of the listed fix object was not created by using as a reference a file in SAP TN's possession,

2  custody or control that had been created by Oracle or had been delivered by Oracle as part of a

3  PeopleSoft application release, fix, update, upgrade or patch.  Defendants have not undertaken the

4  extreme burden of evaluating each item and have objected on that basis because the requested

5  information is as equally accessible to Plaintiffs as it is to Defendants.

6  **REQUEST NO. 162:**

7      For each item 18,462-33,186 on Exhibit D to Oracle's Third Set of Requests for

8  Admission, admit that Defendants do not have reasonable access to any readily obtainable

9  information indicating that the listed Fix Object is not a derivative work within the meaning of 17

10  U.S.C. § 101.[74]

11  **RESPONSE TO REQUEST NO. 162:**

12      Defendants object to this request on the grounds stated in the General Objections and

13  Responses.  Defendants' response is based solely on Defendant TomorrowNow's knowledge with

14  respect to the information sought in this request because Defendants SAP AG and SAP America

15  have no additional knowledge separate and apart from the information provided by Defendant

16  TomorrowNow in this response.  Defendants object to the request because the term "derivative

17  work" makes this request overly broad, vague, and ambiguous.  Defendants object to this request

18  for admission because it calls for a conclusion of law, and is thus invasive of the attorney work

19  product and attorney-client privileges.  Further, Defendants object to this request as compound

20  and unduly burdensome in that this request asks 14,724 separate questions, and the request would

21  require Defendants to review substantial business records to determine an answer, if possible, for

22  each of the 14,724 separate requests.  Moreover, Defendants object that the request is unduly

23  burdensome and improperly attempts to shift the burden to Defendants to evaluate each and every

24  file where the effort associated with responding to this request is substantially similar for the

25  parties, especially because the available documents, data and other information sought from

26  which the answer, if any, could be derived in response to this request have been produced by

27  Defendants in response to Plaintiffs' other discovery requests and thus any relevant, available

28  _____
[74] See Defendants' Response to Request for Admission No. 48 from Plaintiffs' Third Set.

1    information is now as equally accessible to Plaintiffs as it is to Defendants.  Defendants also

2    object to the extent that this request improperly attempts to shift Plaintiffs' burden of proof to

3    Defendants.  Subject to and without waiving the foregoing objections and qualifications,

4    Defendants respond as follows:

5          DENIED.  Defendants have reasonable access to TomorrowNow's records and other

6    information relating to each item 18,462-33,186 on Exhibit D to Oracle's Third Set of Requests

7    for Admission.  However, given the quantity of the items 18,462-33,186 on Exhibit D to Oracle's

8    Third Set of Requests for Admission, there is no readily obtainable way to review

9    TomorrowNow's records and other information to determine for each listed item whether a copy

10   of each listed fix object was not created using a local environment.  Defendants have not

11   undertaken the extreme burden of evaluating each item and have objected on that basis because

12   the requested information is as equally accessible to Plaintiffs as it is to Defendants.  Moreover,

13   in any event, Defendants refuse to answer this request to the extent it seeks a pure conclusion of

14   law.

15   **REQUEST NO. 163:**

16         Admit that as of April 25, 2007, Ruben Laguna was an employee of SAP Mexico S.A. de

17   C.V.[75]

18   **RESPONSE TO REQUEST NO. 163:**

19         Defendants object to this request on the grounds stated in the General Objections and

20   Responses.  Subject to and without waiving the foregoing objections and qualifications,

21   Defendants respond as follows:

22         ADMITTED on the following qualified basis: Defendants admit that Ruben Laguna

23   worked for TomorrowNow and was the only TomorrowNow employee that resided in Mexico, a

24   country where TomorrowNow never had set up a separate corporate entity.  Therefore, for

25   administrative reasons, Laguna that was classified as an employee of SAP Mexico S.A. de C.V.

26   as of April 25, 2007.  To the extent not admitted, this request is DENIED.

27

28         [75] See, e.g., TN-OR00294010.

from out [sic] new customer, ZMC Technologies, Signapore . . . I tested in our KW, Bonne Bell

and One world, I could not get Certificate and Delivery instructions in the resultant PO."  To the

extent not admitted, this request is DENIED.

Dated:  November 23, 2009                    JONES DAY

                                              By:  /s/ Jason McDonell
                                                   Jason McDonell

                                              Counsel for Defendants
                                              SAP AG, SAP AMERICA, INC., and
                                              TOMORROWNOW, INC.

**PROOF OF SERVICE**

I, Laurie Paige Burns , declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, California 94104. On November 23, 2009, I served a copy of the attached document(s):

**DEFENDANTS' RESPONSES TO PLAINTIFFS' FIFTH SET OF REQUESTS FOR ADMISSIONS TO DEFENDANTS**

☐  by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒  by placing the document(s) listed above in a sealed envelope and causing such envelope to be hand delivered to the office of the addressee on the date specified above.

☒  by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Donn Pickett, Esq.
Geoffrey M. Howard, Esq.
Holly House, Esq.
Zachary J. Alinder, Esq.
Bree Hann, Esq.
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
*donn.pickett@bingham.com*
*geoff.howard@bingham.com*
*zachary.alinder@bingham.com*
*bree.hann@bingham.com*

Executed on November 23, 2009, at San Francisco, California.

By: _Laurie Paige Burns_
LAURIE PAIGE BURNS

HUI-121280

DEFENDANTS' RESP. TO PLAINTIFFS'
5th SET OF REQUESTS FOR ADMISSION
Case No. 07-CV-1658 PJH