1  Robert A. Mittelstaedt (SBN 060359)
   Jason McDonell (SBN 115084)
2  Elaine Wallace (SBN 197882)
   JONES DAY
3  555 California Street, 26th Floor
   San Francisco, CA  94104
4  Telephone:     (415) 626-3939
   Facsimile:     (415) 875-5700
5  ramittelstaedt@jonesday.com
   jmcdonell@jonesday.com
6  ewallace@jonesday.com

7  Tharan Gregory Lanier (SBN 138784)
   Jane L. Froyd (SBN 220776)
8  JONES DAY
   1755 Embarcadero Road
9  Palo Alto, CA  94303
   Telephone:     (650) 739-3939
10 Facsimile:     (650) 739-3900
   tglanier@jonesday.com
11 jfroyd@jonesday.com

12 John W. Cowan (Admitted *Pro Hac Vice*)
   Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13 JONES DAY
   717 Texas, Suite 3300
14 Houston, TX 77002
   Telephone:     (832) 239-3939
15 Facsimile:     (832) 239-3600
   swcowan@jonesday.com
16 jlfuchs@jonesday.com

17 Attorneys for Defendants
   SAP AG, SAP AMERICA, INC., and
18 TOMORROWNOW, INC.

19                          UNITED STATES DISTRICT COURT

20                 NORTHERN DISTRICT OF CALIFORNIA; OAKLAND DIVISION

| 21 | ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
|---|---|---|
| 22 | Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO PERMIT PLAINTIFFS TO FILE UNDER SEAL DEFENDANTS' INFORMATION SUPPORTING PLAINTIFFS' MOTION TO MODIFY THE PROTECTIVE ORDER AND TO COMPEL DEPOSITION TESTIMONY AND FURTHER RESPONSES TO REQUESTS FOR ADMISSIONS** |
| 23 | v. | |
| 24 | SAP AG, et al., | |
| 25 | Defendants. | |
| 26 | | |
| 27 | | Date:  N/A<br>Time:  N/A<br>Courtroom: E, 15th Floor |
| 28 | | Judge: Hon. Elizabeth D. Laporte |

SFI-625776v1

DEFS' RESPONSE TO PLAINTIFFS' ADMIN. MOTION
Case No. 07-CV-1658 PJH (EDL)

## I. INTRODUCTION

Plaintiffs filed an Administrative Motion to Permit Plaintiffs to File Under Seal Defendants' Information Supporting Plaintiffs' Motion to Modify the Protective Order and to Compel Deposition Testimony and Further Responses to Requests for Admissions (D.I. 575, and hereafter "Administrative Motion"), specifically Plaintiffs moved to file under seal Exhibit T to the Declaration of Chad Russell in Support of Oracle's Motion to Modify the Protective Order and to Compel Deposition Testimony and Further Responses to Requests for Admissions ("Exhibit T"). Additionally, Plaintiffs filed a proposed order granting their Administrative Motion (D.I. 575-1).

Pursuant to Local Rule 79-5, Defendants file this Response, the accompanying declaration of John Youri, and a proposed order in support of a narrowly tailored order authorizing the sealing of Exhibit T on the grounds that there is good cause to protect the confidentiality of information contained in Plaintiffs' non-dispositive discovery motion. The sealing order Defendants seek is not based simply on the blanket Protective Order in this action, but rather rests on proof[1] that particularized injury to Defendants will result if the sensitive information contained in Exhibit T is publicly released.

## II. STANDARD

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential research, development, or commercial information." Fed. R. Civ. P. 26(c). Based on this authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial records for a sealed *discovery* document [attached] to a *non-dispositive* motion." *Navarro v. Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal. March 22, 2007) (emphasis in original) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). In such cases, a "particularized showing of good cause" is sufficient to justify protection under Rule 26(c). *See Navarro*, at *7. To make such a showing, the party seeking

---

[1] Because the Local Rules require Court approval based on a declaration supporting sealing even when the parties agree as to the confidential status of the document, Defendants submit the Youri Declaration.

protection from disclosure under the rule must demonstrate that harm or prejudice would result from disclosure of the trade secret or other information contained in each document the party seeks to have sealed. *See, e.g., Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2006).

### III.   ARGUMENT

Good Cause Supports Filing Exhibit T Under Seal

Through the declaration of John Youri, an employee of SAP AG, that accompanies this Response, Defendants establish good cause to permit filing Exhibit T under seal. As a threshold matter, Defendants provide testimony that Mr. Youri, who is familiar with the information contained in Exhibit T, considers that information to be confidential and non-public. *See* Declaration of John Youri in Support of Defendants' Response to Plaintiffs' Administrative Motion to Permit Plaintiffs to File Under Seal Defendants' Information Supporting Plaintiffs' Motion to Modify the Protective Order and to Compel Deposition Testimony and Further Responses to Requests for Admissions ("Youri Declaration"), ¶ 1.

Moreover, the Youri Declaration demonstrates good cause to protect and seal Exhibit T because revelation of its contents would likely cause Defendants to suffer a competitive injury. Exhibit T is a Microsoft PowerPoint document. A number of the slides reference and describe SAP's standard license agreements with its customers, the terms of which are non-public. Public release of this information could adversely effect SAP's future bargaining position with customers and provide competitive advantage to SAP's business competitors. Because of the competitively sensitive information contained in the document, the disclosure of it could likely cause competitive and business injury. *Id.* The Youri Declaration establishes that Defendants consider and treat the information as highly confidential. Defendants have continued to protect the information contained in Exhibit T from improper public disclosure since the initiation of this litigation through a Stipulated Protective Order (D.I. 32) to prevent their private commercial information from being improperly disclosed. Under the terms of that Order, Defendants could designate documents, deposition transcripts, and discovery responses containing private

information as "Confidential" or "Highly Confidential" prior to producing such documents in the course of discovery. Exhibit T was designated "Highly Confidential."

## IV. CONCLUSION

Defendants respectfully request that this Court order to be filed under seal Exhibit T, which Defendants designated as "Highly Confidential Information – Attorneys' Eyes Only" under the Stipulated Protective Order in this action.

Dated: December 16, 2009

Respectfully submitted,

JONES DAY

By: /s/ Patrick Delahunty
Patrick Delahunty

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.