| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP |
| | DONN P. PICKETT (SBN 72257) |
| 2 | GEOFFREY M. HOWARD (SBN 157468) |
| | HOLLY A. HOUSE (SBN 136045) |
| 3 | ZACHARY J. ALINDER (SBN 209009) |
| | BREE HANN (SBN 215695) |
| 4 | Three Embarcadero Center |
| | San Francisco, CA  94111-4067 |
| 5 | Telephone:  (415) 393-2000 |
| | Facsimile:   (415) 393-2286 |
| 6 | donn.pickett@bingham.com |
| | geoff.howard@bingham.com |
| 7 | holly.house@bingham.com |
| | zachary.alinder@bingham.com |
| 8 | bree.hann@bingham.com |
| 9 | DORIAN DALEY (SBN 129049) |
| | JENNIFER GLOSS (SBN 154227) |
| 10 | 500 Oracle Parkway, M/S 5op7 |
| | Redwood City, CA  94070 |
| 11 | Telephone:  (650) 506-4846 |
| | Facsimile:   (650) 506-7114 |
| 12 | dorian.daley@oracle.com |
| | jennifer.gloss@oracle.com |
| 13 | |
| 14 | Attorneys for Plaintiffs |
| | Oracle USA, Inc., Oracle International Corporation, |
| 15 | Oracle EMEA Limited, and Siebel Systems, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| 19 | ORACLE USA, INC., *et al.*, | CASE NO.  07-CV-01658 PJH (EDL) |
| 20 | Plaintiffs, | **DECLARATION OF JENNIFER GLOSS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL PLAINITFFS' DOCUMENTS SUPPORTING DEFENDANTS' MOTION TO COMPEL** |
| | v. | |
| 21 | SAP AG, *et al.*, | |
| 22 | Defendants. | |

Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF JENNIFER GLOSS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

I, Jennifer Gloss, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am Senior Corporate Counsel at Oracle USA, Inc. ("Oracle"). I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

2. I have reviewed the documents and testimony identified as Exhibits A, C, F, G, H and K of the Declaration of Scott W. Cowan (the "Cowan Declaration") filed in support of Defendants' Motion to Compel ("Defendants' Motion"). Each of these documents contains non-public, commercially sensitive, private and confidential information, the disclosure of which would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

3. Oracle has narrowly tailored its request by only requesting redaction or sealing of the specific testimonial passages, documents, and information that contain the most commercially sensitive, private and confidential information. For example, Oracle has agreed that the material on pages 5:22-6:3, 60:10-25, and 77:2-19 of the deposition of Jason Rice, an Oracle principal software engineer, and Appendix 5 can be filed publicly. The testimony and documents, for which Oracle does request filing under seal are detailed as follows, and contain the specified types of confidential, private and commercially sensitive information justifying their protection under the sealing rules of this Court, including Rule 26(c), Local Rule 79-5, and the Court's Standing Order Involving Sealed or Confidential Documents:

    a. Exhibit A – Pages 11:1-13:22 and 67:25-69:14 of the deposition of Jason Rice, an Oracle principal software engineer, taken December 4, 2009 contain non-public, commercially sensitive and confidential information, including but not limited to information related to (1) Oracle's internal investigation of defendants' illegal access to and taking of Oracle intellectual property from its customer support website and (2) technical details regarding the manner in which Oracle's software and support materials are coded, associated, and maintained within Oracle's customer support databases. Disclosure of such information would grant Oracle's competitors, partners, customers, and other interested parties an insight into

2
Case No. 07-CV-01658 PJH (EDL)

| | | |
|---|---|---|
| 1 | | Oracle's internal strategy and operations that would provide them with an unfair |
| 2 | | competitive advantage with respect to current and future operations.  Accordingly, |
| 3 | | the disclosure of such confidential information would create a risk of significant |
| 4 | | competitive injury and particularized harm and prejudice to Oracle. |
| 5 | b. | Exhibit C – Exhibit A incorporated in and attached to Plaintiffs' December 4, |
| 6 | | 2009 Fifth Amended and Supplemental Responses and Objections to |
| 7 | | TomorrowNow, Inc.'s First Set of Interrogatories, Response to Interrogatory No. |
| 8 | | 7, contains non-public, commercially sensitive and confidential information, |
| 9 | | including but not limited to: (1) information contained in customers' license |
| 10 | | agreements and renewal notices, (2) information contained on Oracle's customer |
| 11 | | support website and databases,  and (3) information related to Oracle's internal |
| 12 | | system code mapping data.  Disclosure of such information would grant Oracle's |
| 13 | | competitors, partners, customers, and other interested parties an insight into |
| 14 | | Oracle's internal strategy and operations that would provide them with an unfair |
| 15 | | competitive advantage with respect to current and future operations and |
| 16 | | negotiations.  Accordingly, the disclosure of this testimony would create a risk of |
| 17 | | significant competitive injury and particularized harm and prejudice to Oracle. |
| 18 | c. | Exhibit F – Copy of a CD produced by Plaintiffs' on November 16, 2009 and |
| 19 | | labeled ORCLX-MAN-000016 contains non-public, commercially sensitive and |
| 20 | | confidential technical detail regarding software and support materials that Oracle |
| 21 | | creates for its customers.  Disclosure of such information would also grant |
| 22 | | Oracle's competitors, partners, customers, and other interested parties an insight |
| 23 | | into Oracle's operations that would provide them with an unfair advantage with |
| 24 | | respect to current and future operations and negotiations.  Accordingly, disclosure |
| 25 | | of such confidential information would create a risk of significant competitive |
| 26 | | injury and particularized harm and prejudice to Oracle. |
| 27 | d. | Exhibit G – Defendants' deposition exhibit 932 contains non-public, |
| 28 | | commercially sensitive and confidential technical detail regarding the manner in |

3    Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF JENNIFER GLOSS IN SUPPORT OF ADMINISTRATIVE MOTION TO SEAL

which Oracle's software and support materials are coded, associated, and maintained within Oracle's customer support databases. Disclosure of such information would also grant Oracle's competitors, partners, customers, and other interested parties an insight into Oracle's operations that would provide them with an unfair advantage with respect to current and future operations. Accordingly, disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

e. Exhibit H – Defendants' deposition exhibit 935 contains non-public, commercially sensitive and confidential customer information, including Oracle's customer contact information. Disclosure of such information would also grant Oracle's competitors, partners, customers, and other interested parties an insight into Oracle's customer list, customer contacts, and operations that would provide them with an unfair advantage with respect to current and future operations and competition. Accordingly, disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

f. Exhibit K – Plaintiffs' privilege and redaction log entries dated from February 13, 2007 through March 16, 2007 contain non-public, commercially sensitive and confidential information related to privileged communications, including the names of the Oracle employees involved in privileged communications relating to this Action. Disclosure of such information would also grant Oracle's competitors and other interested parties an insight into Oracle's operations that would provide them with an unfair advantage with respect to current and future operations and negotiations. Accordingly, disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

4. Further, portions of Defendants' Motion contain quotes or other descriptions from documents identified in Paragraph 3 above. Oracle has narrowly tailored its request by only

x

which Oracle's software and support materials are coded, associated, and maintained within Oracle's customer support databases. Disclosure of such information would also grant Oracle's competitors, partners, customers, and other interested parties an insight into Oracle's operations that would provide them with an unfair advantage with respect to current and future operations. Accordingly, disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

    e. Exhibit H – Defendants' deposition exhibit 935 contains non-public, commercially sensitive and confidential customer information, including Oracle's customer contact information. Disclosure of such information would also grant Oracle's competitors, partners, customers, and other interested parties an insight into Oracle's customer list, customer contacts, and operations that would provide them with an unfair advantage with respect to current and future operations and competition. Accordingly, disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

    f. Exhibit K – Plaintiffs' privilege and redaction log entries dated from February 13, 2007 through March 16, 2007 contain non-public, commercially sensitive and confidential information related to privileged communications, including the names of the Oracle employees involved in privileged communications relating to this Action. Disclosure of such information would also grant Oracle's competitors and other interested parties an insight into Oracle's operations that would provide them with an unfair advantage with respect to current and future operations and negotiations. Accordingly, disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

4. Further, portions of Defendants' Motion contain quotes or other descriptions from documents identified in Paragraph 3 above. Oracle has narrowly tailored its request by only

requesting redaction or sealing of the specific passages that contain non-public, commercially sensitive confidential information the disclosure of which would create a significant risk of competitive injury and particularized harm and prejudice to Oracle, as described in detail above in Paragraph 3. These passages are portions of page 8, line 27, page 9, lines 1-5, 11-24, page 10, lines 1-9, page 11, lines 15-20, 22-24, and page 12, lines 1-4. The passages include direct quotation of the confidential deposition testimony, portions of interrogatory responses, and technical documents/data described above in Paragraph 3. Consistent with Paragraph 3 above, the disclosure of such confidential information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

5. Plaintiffs have protected information in the specific portions of Exhibits A, C, F, G, H, and K of the Cowan Declaration from improper public disclosure through the Stipulated Protective Order that is designed to prevent the Parties' private commercial information from being improperly disclosed. Under the terms of that Order, Plaintiffs designated certain documents, deposition testimony and discovery responses containing non-public, commercially-sensitive information as either "Confidential" or "Highly Confidential - Attorneys' Eyes Only" prior to producing such documents in the course of discovery. As attested to above, the specific portions of Exhibits A, C, F, G, H, and K of the Cowan Declaration contain certain information taken from documents and testimony that was designated either "Confidential" or "Highly Confidential - Attorneys' Eyes Only." Absent the requested sealing, these Exhibits would provide valuable insight into Oracle's confidential internal competitive strategies and business processes and would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

I declare under penalty of perjury that the foregoing is true and correct. Executed in Redwood Shores, California, on December 17, 2009.

Jennifer Gloss