1   BINGHAM MCCUTCHEN LLP
    DONN P. PICKETT (SBN 72257)
2   GEOFFREY M. HOWARD (SBN 157468)
    HOLLY A. HOUSE (SBN 136045)
3   ZACHARY J. ALINDER (SBN 209009)
    BREE HANN (SBN 215695)
4   Three Embarcadero Center
    San Francisco, CA 94111-4067, U.S.A.
5   Telephone: 415.393.2000
    Facsimile: 415.393.2286
6   donn.pickett@bingham.com
    geoff.howard@bingham.com
7   holly.house@bingham.com
    zachary.alinder@bingham.com
8   bree.hann@bingham.com

9   DORIAN DALEY (SBN 129049)
    JENNIFER GLOSS (SBN 154227)
10  500 Oracle Parkway, M/S 5op7
    Redwood City, CA 94070
11  Telephone: 650.506.4846
    Facsimile: 650.506.7144
12  dorian.daley@oracle.com
    jennifer.gloss@oracle.com
13
    Attorneys for Plaintiffs
14  Oracle USA, Inc., Oracle International Corporation,
    Oracle EMEA Limited, and Siebel Systems, Inc.
15

16                        UNITED STATES DISTRICT COURT

17                      NORTHERN DISTRICT OF CALIFORNIA

18                             OAKLAND DIVISION

19

20   ORACLE USA, INC., et al.,                    No. 07-CV-01658 PJH (EDL)

21            Plaintiffs,                          **DECLARATION OF MARTHA**
          v.                                       **JEONG IN SUPPORT OF ORACLE'S**
22                                                 **OPPOSITION TO DEFENDANTS'**
     SAP AG, et al.,                               **MOTION TO COMPEL**
23
              Defendants.                          Date:    January 26, 2010
24                                                 Time:    2 p.m.
                                                   Place:   Courtroom E, 15th Floor
25                                                 Judge:   Hon. Elizabeth D. Laporte

26

27

28

—————————————————————————————————————————————
DECLARATION OF MARTHA JEONG IN SUPPORT OF ORACLE'S OPPOSITION TO SAP'S MOTION
TO COMPEL

1                  I, Martha Jeong, declare as follows:

2         1.      I am an attorney at law licensed to practice in the State of California and

3 before this Court, and am an associate at Bingham McCutchen LLP, counsel of record for

4 plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel

5 Systems, Inc. (together, "Oracle") in this action. I have personal knowledge of the facts stated

6 below by virtue of my representation of Oracle in this action and if called as a witness could

7 competently testify as to them.

8         2.      I was extensively involved in Oracle's document collection, review, and

9 production over the course of fact discovery. My responsibilities at various points in the

10 litigation included interviewing custodians, overseeing document collection, supervising

11 document review, and coordinating document production.

12         3.      I am informed and believe that Oracle produced over 130,000 documents

13 during fact discovery, made up of nearly 750,000 pages, native files, and software CDs. In order

14 to identify produced documents responsive or otherwise related to RFPs 44, 45, 47, 51 and

15 Interrogatory 7, Oracle anticipates it would have to create a detailed set of search terms that

16 would likely results in many thousands of hits. For example, identifying all documents just

17 responsive or otherwise related to RFP 45 (which seeks "[a]ll Documents relating to which

18 Software and Support Materials any TN Customer or Named Customer is, or was at any time,

19 entitled to access or Download") would require a document review of nearly all of the customer-

20 related produced documents. Further, the effort required to provide the level of detail about

21 these documents requested by Defendants would be akin to creating a detailed privilege log for

22 these documents, including extensive document review, data entry, and quality control to ensure

23 accurate "logs" are created.

24         4.      I am informed and believe that the following categories of documents were

25 produced to Defendants and include information that is dated January 1, 2002 through January 1,

26 2004 and/or March 22, 2007 through October 31, 2008: Charts of Accounts; Inter-Entity

27 Agreements; Plaintiff-specific financial reports; Customer-specific financial reports;

28 Cancellation Reports; Product Profitability Analyses; License Revenue; Research and

1  Development Expenses; Research and Development Headcount; Database Form Licenses;

2  Database Development Licenses; At-Risk Reports; and pre- 2004 data for the following 10 key

3  custodians: Elizabeth Shippy, Rick Cummins, Buffy Ransom, Dave Duffield, Craig Conway,

4  Andy Allbritten, Phil Wilmington, Tawanna Sanders, John Wookey, and Harald Freudendahl.

5  Examples of these productions can be located on the following discs and corresponding Bates

6  numbers: ORCL074 (ORCL00333861-ORCL00346119), ORCL097 (ORCL03999924-

7  ORCL00399939), ORCL113 (ORCL00409540-ORCL00409564), ORCL204 (ORCL00524883-

8  ORCL00525145), ORCL215 (ORCL00537582-ORCL00537582), ORCL223 (ORCL00546414-

9  ORCL00546414), ORCL224 (ORCL00546415-ORCL00546415), ORCL236 (ORCL00560443-

10  ORCL00570175), ORCL237 (ORCL00570176-ORCL00570176), ORCL240 (ORCL00570179-

11  ORCL00570179), ORCL245 (ORCL00578071-ORCL00578117), ORCL247 (ORCL00583824-

12  ORCL00583921), ORCL249 (ORCL00585007-ORCL00585065), ORCL255 (ORCL00588459-

13  ORCL00588716), ORCL270 (ORCL00622264-ORCL00622264), ORCL271 (ORCL00622265-

14  ORCL00622265), ORCL277 (ORCL00658367-ORCL00669691), ORCL279 (ORCL00671721-

15  ORCL00672278), ORCL280 (ORCL00672279), ORCL281 (ORCL00672280-ORCL00672559),

16  ORCL284 (ORCL00673473), ORCL288 (ORCL00689888-ORCL00689889), ORCL291

17  (ORCL00693913-ORCL00694039), and ORCL292 (ORCL00694040).

18         5.     In order for Oracle to review and produce relevant post-litigation documents

19  for the six custodians at issue here, Oracle needs to do a full re-collection of the custodial data,

20  which requires the time and efforts of several people at Oracle, its e-Discovery vendor, and

21  Bingham McCutchen. All of the custodians would be re-interviewed (with the exception of one

22  who is no longer employed by Oracle); all email would be re-copied from the Oracle network

23  server; all computer data and potentially external hardware would be fully re-imaged by Oracle

24  Global Information Security (GIS) members (requiring travel to four different office locations

25  including two in Colorado); and any potentially relevant hard copy documents would be

26  collected as well. The data would then be processed by the e-Discovery vendor, prepared for

27  review in-house by Bingham McCutchen litigation technology specialists, and a review team

28  would be re-assembled if there is none in place at the time.

2

1       6.      I am informed and believe that the information listed below accurately details

2    the dates on which Oracle email was copied from the network server and computer data was

3    imaged for the following custodians:

4                           a.  Juergen Rottler - April 2007

5                           b.  Juan Jones - June & August 2007

6                           c.  Chris Madsen - August & September 2008

7                           d.  Rick Cummins - April 2007

8                           e.  Michael Van Boening - August, October & December 2007

9                           f.  Robert Lachs - November 2007 & April 2008

10      7.      One of the six custodians at issue here is located in Redwood Shores,

11   California; a second is located in Pleasanton, California; a third is located in Rocklin, California;

12   and two others are located in Denver, Colorado. The remaining custodian is no longer an Oracle

13   employee as of March 14, 2008.

14      8.      Oracle estimates that the cost to re-interview, re-collect, process and review

15   documents for custodians Juergen Rottler, Juan Jones, Chris Madsen, Rick Cummins, Robert

16   Lachs, and Michael Van Boening for the post-litigation time period using Defendants' proposed

17   list of 71 search terms sent by Elaine Wallace on December 4, 2009 (see McDonell Declaration

18   Exhibit M) is approximately $125,000, based on the following estimates. Based on previous

19   data volumes for these six custodians, Oracle estimates vendor costs of approximately $40,600

20   (based on 28GB of data) to have the data processed. Next, taking into account the time period

21   and revised search terms that Defendants proposed, Oracle estimates a need to review

22   approximately 29,000 documents at an approximate cost of $70,624 (based on 447 review

23   hours). The travel costs for Oracle Global Information Security (GIS) to collect and image the

24   data for these custodians is approximately $2900, taking into account the locations of these

25   custodians. The total figure does not take into account GIS labor time and costs to carry out the

26   collection. Oracle further estimates that the time and cost of Bingham McCutchen staff involved

27   in various stages of the production process to approximate 36 hours of attorney and litigation

28   technology specialist time, at a cost of approximately $11,400. The total cost estimate based on

3

1   the above described figures amounts to $125,524 (which excludes Oracle GIS labor costs for the

2   collection). The total time estimate based on the above described tasks amounts to 483 hours of

3   Bingham McCutchen staff time (which exclude Oracle GIS labor hours for the collection and

4   vendor labor hours for the processing).

5           9.        I declare under penalty of perjury under the laws of the State of California and

6   the United States that the foregoing is true and correct, and that this Declaration was signed on

7   January 5, 2010 in San Francisco, California.

8

9                         Martha Jeong

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4