| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP |
| | DONN P. PICKETT (SBN 72257) |
| 2 | GEOFFREY M. HOWARD (SBN 157468) |
| | HOLLY A. HOUSE (SBN 136045) |
| 3 | ZACHARY J. ALINDER (SBN 209009) |
| | BREE HANN (SBN 215695) |
| 4 | Three Embarcadero Center |
| | San Francisco, CA  94111-4067 |
| 5 | Telephone:  (415) 393-2000 |
| | Facsimile:   (415) 393-2286 |
| 6 | donn.pickett@bingham.com |
| | geoff.howard@bingham.com |
| 7 | holly.house@bingham.com |
| | zachary.alinder@bingham.com |
| 8 | bree.hann@bingham.com |
| 9 | DORIAN DALEY (SBN 129049) |
| | JENNIFER GLOSS (SBN 154227) |
| 10 | 500 Oracle Parkway, M/S 5op7 |
| | Redwood City, CA  94070 |
| 11 | Telephone:  (650) 506-4846 |
| | Facsimile:   (650) 506-7114 |
| 12 | dorian.daley@oracle.com |
| | jennifer.gloss@oracle.com |
| 13 | |
| 14 | Attorneys for Plaintiffs |
| | Oracle USA, Inc., Oracle International Corporation, |
| 15 | Oracle EMEA Limited, and Siebel Systems, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*, | CASE NO.  07-CV-01658 PJH (EDL) |
| Plaintiffs, | **DECLARATION OF ZACHARY J. ALINDER IN SUPPORT OF ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| SAP AG, *et al.*, | |
| Defendants. | [REDACTED] |
| | Date: January 26, 2009 |
| | Time: 2 p.m. |
| | Place: Courtroom E, 15th Floor |
| | Judge: Hon. Elizabeth D. Laporte |

Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF ZACHARY J. ALINDER

I, Zachary J. Alinder, declare as follows:

1. I am an attorney licensed to practice law in the State of California and am a partner at Bingham McCutchen LLP, counsel of record for plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Ltd., and Siebel Systems, Inc. (collectively, "Oracle"). Except where stated below on information and belief, I have personal knowledge of the facts stated within this Declaration and could testify competently to them if required.

2. Attached as Exhibit A is a true and correct copy of relevant excerpts from the transcript of the November 17, 2009 Discovery Conference in this matter.

3. Attached as Exhibit B is a true and correct copy of a December 4, 2009 email from Jason McDonell to me and a number of colleagues regarding Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc.'s (collectively "SAP") motion to compel topics.

4. After reviewing the December 4, 2009 email from Mr. McDonell identifying three new issues, Oracle objected to these changes, and asked SAP to reconsider its position and issues. The Parties also held a telephonic meet and confer on December 9, 2009. SAP did not reconsider its topics, and filed its motion on all three, plus an additional interrogatory included in its "mapping" topic but not disclosed to Oracle prior to filing.

5. Attached as Exhibit C is a true and correct copy of relevant excerpts from the transcript of the February 13, 2008 Motion to Compel hearing in this matter before then-Discovery Referee Judge Legge (Ret.).

6. Attached as Exhibit D is a true and correct copy of the March 14, 2008 Declaration from Jason Rice in support of Oracle's opposition to SAP's motion to compel Change Assistant source code and related Customer Connection databases.

7. Oracle's investigation into SAP's downloading was directed by attorneys from Bingham, including myself, and in-house counsel at Oracle that we worked with directly.

8. Attached as Exhibit E is a true and correct copy of Oracle's September 14, 2007 initial response to TomorrowNow's first interrogatory, describing underlying facts and conclusions resulting from Oracle's investigation into SAP's downloads and the Oracle employees involved in that process.

*SAP's Pre-existing Mapping Analysis*

9. Attached as Exhibit F are true and correct copies of portions of a document produced by SAP as TN-OR04217886 on or about February 13, 2009, which SAP indicated came from Mark Kreutz's files (the "Kreutz Document"). Oracle has circled certain content in red for the Court's convenience. SAP stated in the cover letter for this production that it was "minor clean-up data." The document appears that it would contain more than 3,500 printed pages. A true and correct copy of the entire document printed to PDF is attached on CD as Exhibit G.

10. Attached as Exhibit I are true and correct copies of excerpts from the transcript of the deposition of Keith Shankle, taken in this action on June 16, 2009. The second portion of that testimony refers to Plaintiffs' Deposition Exhibit 1440, which is 106 pages, and thus only an exemplar portion is attached as Exhibit J. Oracle has circled certain content in red for the Court's convenience.

11. Below are true and correct excerpts from corresponding portions of (1) the Kreutz Document at p. 351, and (2) the Jason Rice spreadsheet referred to by SAP in its Motion (Declaration of Scott Cowan, Dkt. 567, ¶¶ 12, 13 & Exs. F, G, at p. 8 of Ex. G). The circles and arrows have been provided by Oracle for comparison purposes:



12. Attached as Exhibit K are true and correct copies of portions of a spreadsheet produced by SAP as TN-OR01502369 (with certain content circled in red by Oracle for the Court's convenience). The spreadsheet is too large to conveniently attach in paper format, and thus Oracle attaches a true and correct copy of the entire document in native electronic form (on CD) as Exhibit L. The sum of the figures in the "Total Searching All System Codes" row is 27,154 (*see, e.g.*, Ex. K at p. 3). The spreadsheet was attached to an email produced by SAP and Bates-numbered TN-OR01502367-68, a true and correct copy of which is attached as Exhibit M.

13. Attached as Exhibit H is a true and correct copy of portions of Plaintiffs' Deposition Exhibit 862, a document entitled "TomorrowNow Operations Wind Down: Final Report," and Bates-numbered TN-OR03523871-924. Relevant snapshots from those pages are inserted below for the Court's convenience (with the red circle inserted by Oracle):



4     Case No. 07-CV-01658 PJH (EDL)

DECLARATION OF ZACHARY J. ALINDER

1            14.     Below is a true and correct excerpt of a row from a document produced by
2   SAP as TN-OR00009568 and titled "Updated List of TomorrowNow Employees and Contract
3   Workers" (indicating that Mark Kreutz was a former JD Edwards employee).  In total, TN-
4   OR00009568 identifies 37 former JD Edwards employees on the "Updated List of
5   TomorrowNow Employees and Contract Workers:

| Name | Title | Former JDE Employee |
|---|---|---|
| Kreutz, Mark | Dir, Support Service (TN) | Y |

10           15.     Oracle produced documents and data relating to the mapping of
11  downloads to Oracle customer licenses beginning on September 21, 2007 with customer
12  contracts that showed what software products a given customer had licensed from Oracle
13  (ORCL0000001-7714).  Second, Oracle produced log files from its customer support websites
14  that showed the downloading activity by SAP over time (ORCL00009434-35).  Those were first
15  produced on October 11, 2007.  Third, in response to SAP's first request for system code
16  "mapping" information on December 12, 2007 and following SAP's refusal on January 23, 2008
17  to accept Oracle's offer to provide work product spreadsheets if SAP agreed to non-waiver
18  language, Oracle produced detailed spreadsheets, including in electronic format, showing how
19  system codes related to downloads relate to Oracle's software releases reflected in the customer
20  license agreements (ORCL00016397-412).  Those were produced on January 25, 2008, and
21  include electronic information similar to the information contained in the spreadsheets that were
22  generated by Jason Rice at the direction of counsel for the attorney-led investigation and that are
23  the subject of SAP's motion.  In addition to the customer license agreements and system code
24  spreadsheets, Oracle also has produced customer support renewal information and the terms of
25  use for its customer support websites, including for Customer Connection.  Oracle has further
26  produced log files showing the downloading activity Oracle can identify from its own records.
27           16.     Attached as Exhibit N is a true and correct copy of a letter from me to
28  SAP's counsel on January 4, 2008 offering to produce work product spreadsheets relating to

1  "mapping" on the condition that SAP would not argue that the production was a waiver of

2  privilege or work product protection.  The non-relevant portions of the letter have been redacted.

3        17.    Attached as Exhibit O is a true and correct copy of a meet and confer

4  letter, dated November 27, 2007, that I sent to SAP's counsel related in part to SAP's request for

5  "mapping" data.  The non-relevant portions of the letter have been redacted.

6        18.    Attached as Exhibit P is a CD containing true and correct copies of the

7  mapping spreadsheets and documents, including 10 excel spreadsheets, produced by Oracle on

8  January 25, 2008 as ORCL0016397-ORCL0016412.  These documents include electronic

9  download-to-product information similar to the information contained in the spreadsheets that

10  are the subject of SAP's motion (and found in SAP's own files).

11        19.    SAP did not respond to my October 13, 2009 letter until it served a nine-

12  part Rule 30(b)(6) deposition notice, including on mapping issues, on November 2, 2009.  After

13  the November 19, 2009 discovery conference, SAP did not proceed with this "mapping"

14  deposition, using its allotted deposition hours examining other witnesses and on other Rule

15  30(b)(6) topics, and never requested any further "mapping" information from Oracle prior to its

16  Motion.

17        20.    Attached as Exhibit Q is a true and correct copy of an October 25, 2007

18  executed agreement in which Oracle accepts SAP's proposed non-waiver agreement regarding

19  its production of a Topology map that it had created related to TomorrowNow's computer

20  systems.

21        21.    Attached as Exhibit R is a true and correct copy of the January 24, 2008

22  email from SAP's counsel to me confirming that SAP refused to agree to the non-waiver

23  agreement regarding the work product mapping spreadsheets proposed in my January 4, 2008

24  letter.

25        22.    Attached as Exhibit S is a true and correct copy of relevant portions of the

26  March 4, 2008 hearing on SAP's motion to compel Change Assistant source code and related

27  Customer Connection databases.

28        23.    Following Judge Legge's February 22, 2008 Report and

1  Recommendations, Oracle stood ready to provide the ordered technical assistance with SAP's
2  "mapping" issues by sending an engineer to the location of SAP's servers. The Parties discussed
3  the exchange of engineers as Judge Legge had recommended in his Report and
4  Recommendations in March 2008, but SAP never requested Oracle provide an engineer to assist
5  with "mapping" issues.
6        24.    Attached as Exhibit T is a true and correct copy of Oracle's February 25,
7  2008 opposition letter brief on SAP's motion to compel Change Assistant source code and
8  related Customer Connection databases. The non-relevant portions of the letter have been
9  redacted.
10       25.    Attached as Exhibit U is a true and correct copy of SAP's February 19,
11 2008 opening letter brief on its motion to compel Change Assistant source code and related
12 Customer Connection databases. The non-relevant portions of the letter have been redacted.
13       26.    Attached as Exhibit V is a true and correct copy of SAP's March 10, 2008
14 post-submission letter brief on its motion to compel Change Assistant source code and related
15 Customer Connection databases. The non-relevant portions of the letter have been redacted.
16       27.    Attached as Exhibit W is a true and correct copy of Oracle's March 14,
17 2008 post-submission letter brief on SAP's motion to compel Change Assistant source code and
18 related Customer Connection databases. The non-relevant portions of the letter have been
19 redacted. A true and correct copy of the March 14, 2008 Declaration from Jason Rice in
20 opposition to SAP's motion to compel Change Assistant source code and related Customer
21 Connection databases is previously attached as Exhibit D.
22       28.    SAP did not seek the individual deposition, until the last day of discovery,
23 of any of Oracle's technical employees that Oracle disclosed in its first interrogatory response,
24 and in its initial disclosures, as personnel knowledgeable about license analysis. And, then, SAP
25 only deposed Jason Rice in connection with his being mentioned in Oracle's November 16, 2009
26 Expert Report.
27       29.    Attached as Exhibit X is a true and correct copy of the March 19, 2008
28 Report and Recommendations from Judge Legge related to SAP's motion to compel Change

DECLARATION OF ZACHARY J. ALINDER

1  Assistant source code and related Customer Connection databases.

2        30.     Following Judge Legge's March 19, 2008 Report and Recommendations,
3  Oracle started on the time-consuming and difficult task of copying and producing the Customer
4  Connection databases. According to Oracle's records and recollection, SAP never asked about
5  the status of the production. By December 2008, Oracle had a set of the databases it was
6  preparing for production, told SAP so, and further informed SAP that the databases also
7  addressed certain pending copyright discovery issues.

8        31.     Attached as Exhibit Y is a true and correct copy of my December 19, 2008
9  email to Elaine Wallace, counsel for SAP, regarding the production of the Customer Connection
10 databases. A non-relevant portion of the email has been redacted.

11       32.     Attached as Exhibit Z is a true and correct copy of my January 5, 2009
12 email to counsel for SAP regarding the production of Customer Connection databases.

13       33.     Attached as Exhibit AA is a true and correct copy of the January 30, 2009
14 email from SAP's counsel regarding production of the Customer Connection databases.

15       34.     Attached as Exhibit BB is a true and correct copy of the February 13, 2009
16 email from me to SAP's counsel confirming the production of the Customer Connection
17 databases. A non-relevant portion of the email has been redacted.

18       35.     Attached as Exhibit CC is a true and correct copy of the July 29, 2009
19 Declaration of Joshua L. Fuchs in Support of Defendants' Opposition to Motion to Amend
20 Complaint, which confirmed at ¶ 8 that TomorrowNow's download server DCITBU01_G was
21 not produced until October 29, 2008.

22       36.     I was directly involved in assisting SAP's counsel with problems they
23 reported in accessing the Customer Connection databases. SAP first reported a problem with
24 accessing these databases on March 9, 2009. I sent SAP's counsel an email on March 20, 2009
25 with an additional technical description and details about each of the nine principal databases
26 that were produced on February 9. To ensure that the production copies of those databases were
27 fully functional and usable, Oracle validated and restored our own production copy of those
28 databases and then provided SAP with technical assistance in April 2009 to ensure that SAP

DECLARATION OF ZACHARY J. ALINDER

could do the same. On April 3, SAP requested further information and assistance from Oracle in regard to restoring these databases. Oracle provided further assistance to SAP's counsel regarding these databases, including by emails dated April 14 and April 20. Attached to this declaration as Exhibit DD is a true and correct copy of my April 14, 2009 email to SAP's counsel with further detailed technical assistance regarding the Customer Connection databases. Attached to this declaration as Exhibit EE is a true and correct copy of the April 20, 2009 email from SAP's counsel to me confirming "the fact that Oracle is providing technical assistance on this issue," and also significant to this Motion, stating that doing so "does not constitute a privilege or work product waiver." Based on SAP's further questions regarding the Update Center database, Oracle put together a 13-page technical instructional document with step-by-step instructions of how to restore and access the same Update Center database. Exhibit EE also contains a true and correct copy of my April 20, 2009 email to SAP's counsel with further detailed technical assistance regarding the Update Center database, including the 13-page set of technical instructions for restoring that database. I explained that these instructions "should be self-explanatory for your experts, but if you have questions, please let me know." I am not aware that SAP ever responded with further questions about those databases.

37. Attached as Exhibit FF is a true and correct copy of relevant excerpts from the December 4, 2009 Deposition of Jason Rice. Mr. Rice is an Oracle software engineer, who assisted Oracle's attorneys with technical issues during the investigation leading up to the filing of the Complaint and with technical requests from Oracle's technical expert, Kevin Mandia.

38. Attached as Exhibit GG is a true and correct copy of relevant portions of Defendants' Fourth Supplemental Response to Interrogatory Response No. 13, dated September 23, 2009.

39. Attached as Exhibit HH is a true and correct copy of SAP's November 2, 2009 Rule 30(b)(6) deposition notice.

*SAP's Inability to Determine Which Customers Credentials It Used*

40. In SAP's July 14, 2009 Opposition to Oracle's Motion to Compel (Dkt.

334, fn. 9), SAP states, "Plaintiffs have had access to all of the download folders on TN's systems, and Defendants have always acknowledged that there is no known technical way to specifically tie a downloaded item on TN's systems to a Customer Connection ID and password."

41. Attached as Exhibit II is true and correct excerpt from SAP's Response to Oracle's Request for Admission No. 1 (Set Five), served by SAP on November 23, 2009.

42. Attached as Exhibit JJ is a true and correct copy of relevant excerpts from the June 19, 2009 deposition of TomorrowNow Support Engineer Pete Surette ("Surette Deposition").

43. Attached as Exhibit KK is a true and correct copy of relevant excerpts from the September 3, 2009 deposition of TomorrowNow's Vice President Shelley Nelson.

*SAP's Alleged Downloading "Policy"*

44. In ¶ 100 of SAP's Answer to Oracle's Fourth Amended Complaint (August 26, 2009, Dkt. 437), SAP states, "Defendants admit that TN employees, acting on behalf of TN's customers, downloaded information from Plaintiffs' support website, and that TN's employees performed those downloads subject to policies that required that all downloads be on behalf of customers with current rights to access and download materials and that all downloads be of materials to which that customer had then-current rights of access."

*SAP's Employees' Testimony About Actual Downloading Practices*

45. Attached as Exhibit LL is a true and correct copy of relevant excerpts from the October 30, 2007 and February 19, 2008 depositions of TomorrowNow's Director of JDE Support Services for North America, Mark Kreutz. A true and correct copy of Plaintiffs' Deposition Exhibit 14, referred to in the attached testimony, is attached as Exhibit SS.

46. Attached as Exhibit MM is a true and correct copy of relevant excerpts from the June 3, 2009 deposition of TomorrowNow Solutions Architect Josh Testone.

47. Attached as Exhibit NN is a true and correct copy of relevant excerpts

1  from the December 2, 2009 deposition of TomorrowNow Service Automation Developer John
2  Ritchie.
3              48.     Oracle has explained many times that it knows of no automated way to
4  map SAP's downloads to customer contracts.
5              49.     SAP had access to, inspected, and downloaded from Customer Connection
6  starting on January 3-4, 2008.  After two days, SAP did not again request access to Customer
7  Connection, until November 6, 2009.  Oracle provided SAP with access to Customer Connection
8  for nine additional days from November 17-20 and November 25-29, 2009.
9              50.     Oracle explained the process for mapping a downloaded file to a customer
10 contract to SAP and Judge Legge during the February 13, 2008 motion to compel hearing,
11 including through the use of PowerPoint slides.  A true and correct copy of the PowerPoint slides
12 presented at the hearing are attached as Exhibit A to the accompanying Declaration of Buffy
13 Ransom in Support of Oracle's Opposition to Defendants' Motion to Compel.
14             51.     In addition to customer license agreements, support renewal information,
15 and customer website terms of use, which Oracle has produced to SAP, SAP has additional
16 customer licensing information at its disposal in the customer-specific financial reports
17 supplementing the customer contract production.
18             52.     Oracle produced the actual databases underlying the Customer Connection
19 website portal on February 6, 2009.  Those were delivered on two one-terabyte hard drives,
20 bates-numbered ORCL00313462-3.  Prior to producing those databases, I sent a number of
21 emails to counsel for SAP confirming that they were being prepared for production.  These
22 included an email from me to Elaine Wallace, counsel for SAP, on December 19, 2008 regarding
23 the production of the Customer Connection databases (a true and correct copy of is attached as
24 Exhibit Y, above) and a January 5, 2009 email to counsel for SAP regarding the production of
25 Customer Connection (a true and correct copy is attached as  Exhibit Z, above).
26             53.     Attached as Exhibit OO is a true and correct copy of the response from
27 SAP  to Oracle's Interrogatory No. 15 from Defendant TomorrowNow, Inc.'s Eighth Amended
28 and Supplemental Responses to Plaintiff Oracle Corp.'s First Set of Interrogatories served

1  December 4, 2009.

2  54. On January 4, 2008, during the portion of a telephonic meet and confer
3  between Oracle's counsel and SAP's counsel discussing mapping issues and data, SAP's counsel
4  stated that SAP would not provide its mapping analysis until expert discovery. This recollection
5  is also confirmed by contemporaneous notes.

6  55. Attached as Exhibit PP is a true and correct copy of relevant excerpts from
7  the August 4, 2009 hearing in this matter on Oracle's motion to compel related to SAP's
8  mapping of its downloads to licensing.

9  56. The spreadsheets that SAP identifies in its motion to compel further
10 "mapping" information were put together by Jason Rice, at the direction of counsel. These
11 spreadsheets created by Jason Rice were either created for the purposes of filing the Complaints
12 in this Action and were later provided to Oracle's experts, or they were recently created by Jason
13 Rice following requests from Oracle's experts. SAP contends that these spreadsheets may
14 contain "facts" relevant to mapping. Any "facts" contained in these spreadsheets were selected
15 for compilation into the spreadsheets at the direction of counsel for purposes of this litigation.

16 57. Attached as Exhibit QQ is a true and correct copy of an email from
17 counsel for SAP to me on May 20, 2009 related to SAP's post-litigation custodian request and
18 my response email to SAP's counsel on May 26, 2009.

19 58. On June 4, 2009, Oracle met and conferred with SAP regarding a number
20 of discovery-related issues, including the production of post-litigation documents for eleven
21 Oracle employees. I attended that meet and confer call, along with several of my colleagues.
22 Oracle objected to the production of post-litigation documents for certain Oracle employees
23 identified by SAP. Oracle further conveyed to SAP that it did not see how SAP's request fit
24 within the defined document categories that were the subject of the Expanded Timeline
25 Agreement between the parties. In response to Oracle's concerns, counsel for SAP stated that
26 SAP would provide Oracle with a further email explaining why SAP interpreted the Expanded
27 Timeline Agreement as applying to the Oracle employees at issue. This recollection is also
28 confirmed by contemporaneous notes. I have myself spent several hours going through and

DECLARATION OF ZACHARY J. ALINDER

1 searching all meet and confer emails from June 2009 to the present and all Discovery Conference
2 Statements and hearing transcripts.  I found no further reference to or request for post-litigation
3 custodian document productions from SAP until I received a copy of a letter from counsel for
4 SAP on November 17, 2009 referring to this request after returning from the Discovery
5 Conference on that same afternoon.

6       59.     SAP did not raise this issue during any of the many discovery meet and
7 confer conferences, emails, and letters between the Parties between June 4 and November 17,
8 2009.  After the June 4, 2009 meet and confer, the Parties filed four Joint Discovery Conference
9 Statements and, with the Court, held four Discovery Conferences.  On each of those occasions,
10 Oracle understood that the Parties were supposed to raise all outstanding discovery disputes for
11 resolution.  SAP never raised the post-litigation custodian issue.

12       60.     Attached as Exhibit RR is a true and correct copy of relevant excerpts
13 from the September 30, 2009 Discovery Conference hearing transcript.

14       61.     Because SAP did not raise the post-litigation custodian issue from June
15 2009 to November 13, 2009, Oracle concluded that SAP had abandoned this request and that it
16 was no longer viable.

17       62.     Oracle understood that the Expanded Timeline Discovery Agreement set
18 forth a list of subject matter areas for document discovery outside the previously-agreed time
19 scope.  That Agreement does not state that "the parties are permitted to request documents for
20 the expanded time period for 'key custodians,'" as SAP states.  I researched emails with SAP's
21 counsel and discussed this issue with my colleagues at Bingham, and I am not aware of any
22 correspondence that Oracle sent SAP's counsel with a similar list of post-litigation "key
23 custodians" to SAP's request for post-litigation custodians from Oracle.

24       I declare under penalty of perjury under the laws of the United States that the
25 foregoing facts are true and correct, and that this Declaration was executed on January 5, 2010,
26 in Waikoloa, Hawaii.

27                           /s/ Zachary J. Alinder
                             Zachary J. Alinder

28