# EXHIBIT N

# BINGHAM

Zachary J. Alinder
Direct Phone: (415) 393-2226
Direct Fax:     (415) 393-2286
zachary.alinder@bingham.com

January 4, 2007

**Via Electronic Mail**

**HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY**

Jason McDonnell, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104-1500

Re: *Oracle Corporation, et al. v. SAP AG, et al.*

Dear Jason:

This letter responds to your further meet and confer letter dated December 12, 2007, addressing both the preliminary and specific discovery issues that you raise.

As to the preliminary issues, it is a fact that your November 19th letter raised many new discovery issues for the first time. We were surprised to see SAP raising discovery issues for the first time after more than two months, and many hours of meet and confer discussions and pages of correspondence, had passed since Oracle served its September 14, 2007 responses. In order to maintain a level playing field and treat similar topics fairly, some of these new issues may require us to re-open dialogue concerning our discovery requests as well. Regardless, we will continue to work in good faith to resolve our differences on all of the outstanding discovery disputes.

Second, there is no conflict between the agreement reached – to exchange TomorrowNow's customer support database and related files for the customer license agreements – and the statement that Oracle is entitled to full discovery on the SAP Defendants' access and use of Oracle's Software and Support Materials ("SSMs") across the entire TomorrowNow customer base. Despite the fact that the customer support database is far more central to the case than license agreements for customers that may not even be at issue here, the agreement we reached, which you grossly mischaracterized in your last letter, was a compromise to allow early exchange of documents that each side deemed important. It does not control the relevant scope of discovery from the SAP Defendants, in particular as to the access and use of Oracle's intellectual property.

The SAP Defendants unlawfully accessed and used Oracle's intellectual property. Oracle is entitled to discover what the SAP Defendants did with that intellectual property across all of TomorrowNow's customers. It does not follow that Oracle must provide discovery about speculative defenses for customers who the parties have not yet established are at issue, across the entire company. Indeed, it appears that SAP has adopted this approach

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T 415.393.2000
F 415.393.2286
bingham.com

Jason McDonnell, Esq.
January 4, 2007
Page 2

as its litigation strategy to punish Oracle through overbroad discovery as a penalty for enforcing intellectual property rights that SAP admits it trampled. We expect the Court soon to reject this approach. It simply is not the case that because SAP stole Oracle intellectual property, Oracle must turn over every document about every customer and every discussion about its product line and third party support it may have. Your attempt to impose this burden on Oracle is unreasonable, particularly because you have not identified any compelling reason why Oracle should produce documents as to all TomorrowNow customers. Instead, we understand you are suggesting that such information should be produced as a quid pro quo. We are not inclined to accept this suggestion.

We next address the specific issues raised in your letter.

**1.     Access to Customer Connection (Requests Nos. 52 & 118)**

Consistent with the terms discussed on December 27th, we provided Jones Day and its experts with access to Customer Connection yesterday, and we understand that this access continues today. To confirm our discussion on December 27th, and clarify the language in your letter, we have agreed that defendants' access will be subject to the highly confidential designation, such that only those on defendants' side with access to Oracle designated highly confidential information will have access to Customer Connection or the information derived from that access. Oracle will monitor defendants' access to Customer Connection, including by recording it, and such monitoring or recording will not be considered confidential information of defendants. With the exception of the IP ranges you have provided for the computers you will use to access the computer at Mandiant's headquarters to access Customer Connection through the VNC connection, Oracle will not capture information about defendants' computers or computer systems used to access Customer Connection through the Mandiant computers as discussed above. Oracle will not attempt to discover information on defendants' computers or computer systems used to log in to the Mandiant computer for the purpose of accessing Customer Connection.

**2.     Mapping of Products and Software and Support Materials (Requests Nos. 44-47 and Interrogatory Nos. 4 and 7)**

While the product mapping information is contained on Customer Connection, which you currently have access to, we have discovered that there is no document that will provide the information you have requested in any meaningful way. To accommodate the requests, including the response sought in your interrogatories, we are creating spreadsheets that link the system codes for the JD Edwards SSMs to the licensed support products. Similar to the topology map that you produced in advance of the first TomorrowNow 30(b)(6) deposition, we are willing to produce these spreadsheets, as compilation documents sufficient to show the product mapping information requested and in satisfaction of our production obligations pursuant to your request for that information, if you agree that you will not (1) claim that Oracle has waived any privilege or immunity, including but not limited to work product protection; (2) request any other

Jason McDonnell, Esq.
January 4, 2007
Page 3

data that Oracle has compiled in the process of creating the system code mapping we will produce, or (3) attempt to depose any Oracle consulting expert or attorney regarding the preparation of the system code documents. Please let us know if you will agree to that limitation and we will provide the requested information.



Bingham McCutchen LLP
bingham.com

Jason McDonnell, Esq.
January 4, 2007
Page 4



**5.    Electronic Software Updates ("ESUs") and Software Application Requests ("SARs") (Request No. 51)**

After reviewing your further explanation, we are not persuaded that the additional data requested is either relevant or falls within the scope of this request. We had hoped for a detailed explanation of how this material would be relevant to a claim or defense, but do not see that you have provided such an explanation.



Jason McDonnell, Esq.
January 4, 2007
Page 5



Bingham McCutchen LLP
bingham.com

Jason McDonnell, Esq.
January 4, 2007
Page 6



Jason McDonnell, Esq.
January 4, 2007
Page 7



Jason McDonnell, Esq.
January 4, 2007
Page 8

       \*       \*       \*       \*       \*

We look forward to discussing the outstanding discovery issues with you later today.

Sincerely yours,

Zachary J. Alinder

cc:    Chris Hockett
        Geoff Howard
        Holly House
        Scott Cowan
        Joshua Fuchs