# EXHIBIT O

BINGHAM

Zachary J. Alinder
Direct Phone: (415) 393-2226
Direct Fax: (415) 393-2286
zachary.alinder@bingham.com

November 27, 2007

**Via Electronic Mail**

**HIGHLY CONFIDENTIAL INFORMATION - ATTORNEYS EYES ONLY**

Jason McDonnell, Esq.
Jones Day
555 California Street, 26th Floor
San Francisco, CA 94104-1500

Re: *Oracle Corporation, et al. v. SAP AG, et al.*

Dear Jason:

This letter follows up on your letter dated November 19, 2007 and our subsequent telephone discussion on November 21, 2007. The purpose of this letter is to provide a preliminary response to the points raised in your letter, some of which we discussed during our November 21st call.

We address three preliminary issues at the outset, before responding to each specific issue that you raise in your November 19th letter.

First, the parties have been engaged in an extensive series of meet and confer discussions in an attempt to narrow discovery disputes relating to each party's initial set of discovery responses. We have participated in that process in good faith with your colleagues but not, until now, with you. In the process, we have agreed to many compromises of positions in an effort to expedite the discovery process and as part of the usual give and take in discovery. We did so with the expectation that the parties were mutually narrowing the disputes between them and that each party had raised the issues it wished to pursue. Your letter now raises many issues for the first time that we believe should have been raised in the prior discussions. If we are returning to square one in the meet and confer process, then we will not view ourselves as obligated by any prior concessions or compromises we have reached in earlier discussions. We will instead re-evaluate all of those issues with the perspective of the much longer list of complaints you now raise.

Second, in those instances where your meet and confer letter raises in writing for the first time certain "deficiencies" in Oracle's responses to TomorrowNow's document requests and interrogatories, in almost every case, the letter restates the requests and responses without actually explaining why you believe a particular response is deficient. As we discussed in our November 21st call, while we attempt to respond to each of those categories below, we cannot fully do so without your written explanation for why you

Boston
Hartford
Hong Kong
London
Los Angeles
New York
Orange County
San Francisco
Santa Monica
Silicon Valley
Tokyo
Walnut Creek
Washington

Bingham McCutchen LLP
Three Embarcadero Center
San Francisco, CA
94111-4067

T 415.393.2000
F 415.393.2286
bingham.com

Jason McDonnell, Esq.
November 27, 2007
Page 2

believe the response is inadequate. Based on our November 21st call, we understand you will provide such an explanation.



We next address the specific issues raised in your letter.

1.      Access to Customer Connection (Requests Nos. 52 & 118)

As discussed on November 16, 2007, Oracle will provide access to Customer Connection subject to certain limitations, which remain to be agreed between the parties. These limitations initially will include a one business day notice period, and access hours during the times that constitute business hours in the eastern and mountain time zones. After the initial one week period, we are willing to provide continued access with two business day notice and for a period of four hours per week. We have agreed that this initial access will be through a remote access tool to a computer located at Mandiant, and that only SAP counsel and experts with access to highly confidential information will participate in the access or any recording of it. Our experts will participate in a call on Thursday, November 30 at 9:00 a.m. PST to finalize the further details of this access.

2. **Mapping of Products and Software and Support Materials (Requests Nos. 44-47)**

As discussed on November 16, 2007, we have collected documents that tie together system codes and the software modules for the JD Edwards SSMs that TomorrowNow downloaded on behalf of its customers. We will review these documents and will produce them as soon as reasonably possible in a meta-data scrubbed native form for word tables and excel files, with the agreement that SAP will make the same type of production with similar materials.



5. **Electronic Software Updates ("ESUs") and Software Application Requests ("SARs") (Request No. 51)**

This is a new issue. Request No. 51 seeks documents "sufficient to show all Electronic Software Updates ("ESUs") and Software Application Requests ("SARs") relating to the Software and Support Materials, and the system code for each such SAR or ESU." We believe the system code mapping information that we will be producing to you along with the access we have agreed to provide to Customer Connection meets this request.

However, on the November 21st call, you contended for the first time that this request calls for all of the database information that permits Change Assistant to determine the system codes associated with the ESUs and SARs. We spent a considerable amount of

Jason McDonnell, Esq.
November 27, 2007
Page 4

time attempting to understand exactly what you thought this request called for, perhaps because it is phrased ambiguously. So far, you have explained that the database information would allow you to test the consistency of the system code mapping, and that you are also entitled to explore how Change Assistant sorts ESU and SARs according to system codes.

That explanation, if we have it right, does not appear to us to be directed to relevant information or fall within the scope of this request. Under no interpretation does this request call for an entire database used by Change Assistant. SAP is also not entitled to SAR and ESU information unrelated to the SSMs that it took, unless it contends that it took every available SAR and ESU improperly (which may well be the case, but Oracle has not yet made that allegation).

In any event, we understand that you will provide a written explanation to explain exactly what you are seeking that you believe is covered by this request but not within the system code mapping information or available for inspection on Customer Connection and we will consider that further explanation.



Bingham McCutchen LLP
bingham.com

Jason McDonnell, Esq.
November 27, 2007
Page 5



Jason McDonnell, Esq.
November 27, 2007
Page 6



Jason McDonnell, Esq.
November 27, 2007
Page 7



Jason McDonnell, Esq.
November 27, 2007
Page 8



\*             \*             \*             \*             \*

We look forward to discussing the outstanding discovery issues with you further after receiving your expanded meet and confer letter, including the written explanation of the above positions, as discussed during the November 21st telephonic meet and confer.

Sincerely yours,

Zachary J. Alinder

cc:   Chris Hockett
      Geoff Howard
      Holly House
      Scott Cowan
      Joshua Fuchs