# EXHIBIT GG

Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   (650) 739-3939
Facsimile:   (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:   (832) 239-3939
Facsimile:   (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>        Plaintiffs,<br>    v.<br>SAP AG, et al.,<br><br>        Defendants. | Case No. 07-CV-1658 PJH<br><br>**DEFENDANT TOMORROWNOW, INC.'S SIXTH AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFF ORACLE CORPORATION'S FIRST SET OF INTERROGATORIES (SET ONE)** |

HUI-118679v1

**INTERROGATORY NO. 13:**

Describe in as much detail as possible all Software and Support Materials that "have been downloaded beyond those that, according to TN's records, related to applications licensed to the particular customer on whose behalf the downloads were made," as alleged in ¶ 15 of Your Answer, including but not limited to Identifying the "records" You referenced in making Your determination.

[Lines 1-15 redacted]

**FOURTH SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 13:**

THIS FOURTH SUPPLEMENTAL RESPONSE IS DESIGNATED AS CONFIDENTIAL INFORMATION.

Paragraphs 75 through 80 of Plaintiffs' March 22, 2007 Complaint lists several alleged TomorrowNow customers for whom Plaintiffs alleged they had "uncovered unlicensed downloads linked to" TomorrowNow. Plaintiffs' March 22, 2007 Complaint for Damages and Injunctive Relief ("Original Complaint") (Docket Entry No. 1), at ¶ 75 (24:21-22). After receiving the Complaint, TomorrowNow, with the assistance of its counsel[1] in this litigation, began an investigation in an attempt to determine what downloads TomorrowNow made on

---

[1] Judge Laporte's August 31, 2009 Order (Dkt. 460), under which this Fourth Supplemental Response is made, specifically states: "Defendants' supplemental response to Interrogatory No. 13 shall not be construed as a waiver of either the attorney-client privilege or work product immunity." *Id.* at 1:26-28. Thus, this response is made subject to, and without waiving, the attorney-client privilege, work product immunity or any other applicable privilege. This supplemental response does not, and is not intended to, contain any legal advice or opinions.

behalf of those customers and which, if any, any such downloads which were beyond those for which each customer had indicated to TomorrowNow it was licensed. At the same time, TomorrowNow, with the assistance of its counsel in this litigation, systematically engaged in an effort to preserve all electronic and hard copy data that was potentially relevant to Plaintiffs' allegations and began interviewing those TomorrowNow employees with knowledge of TomorrowNow's downloading activities.

For certain of the entities named in paragraphs 75-80 of the Original Complaint, TomorrowNow preliminarily concluded by May 30, 2007 that TomorrowNow had the following minimum number of downloaded files for at least the following entities:

| Customer Name | PeopleSoft Software | JDEdwards Software | Listed in Paragraphs 76-80 of Complaint | Listed in Paragraph 75 of Complaint | Minimum downloaded files located on TomorrowNow's server as of May 30, 2007 |
|---|---|---|---|---|---|
| Honeywell | Y | | Y | Y | 18,210 |
| Merck | | Y | Y | Y | 14,591 |
| Metro Machine Corp | | Y | Y | Y | 15,499 |
| Oce Technologies | | Y | Y | Y | 46,810 |
| SPX Cooling | | Y | Y | Y | 11,243 |
| SPX Flow | | Y | Y | Y | 7,664 |
| SPX Flow Technology | | Y | Y | Y | 2,157 |
| SPX Weil-McLain | | Y | Y | Y | 12,313 |
| Abbott Labs | | Y | | Y | 1,915 |
| Abitibi Consolidated | | Y | | Y | 36,405 |
| Bear Stearns | Y | | | Y | 0 |
| Borders Foods | | Y | | Y | 0 |
| Caterpillar | | Y | | Y | 6,258 |
| Fuelserv | | Y | | Y | 2,329 |
| Helzberg Diamond Shop | | Y | | Y | 0 |
| Herbert Waldmann | | Y | | Y | 5,126 |
| Laird Plastic | | Y | | Y | 2,261 |
| National Manufacturing | | Y | | Y | 0 |
| Ronis | | Y | | Y | 3,370 |
| Stora Enso Corp | | Y | | Y | 14,711 |
| Texas Associates School Boards | | Y | | Y | 3,236 |
| VSM Group | | Y | | Y | 2,775 |
| Yazaki North America | | Y | | Y | 45,751 |

These files were located on TomorrowNow's server known as DCITBU01_G, which has been produced to Plaintiffs as part of TomorrowNow's Data Warehouse native file production.

*See* DCITBU01_G (TN-OR02989997, TN-OR02989995, TN-OR02989994, TN-OR02989993). And, as of May 30, 2007, TomorrowNow had preliminarily concluded that these files appeared to have been downloaded using each respective customer's username and password credentials, which were either listed on a spreadsheet the TomorrowNow JDE team maintained that was known as "Download Priorities.xls" and/or in various places in each customers' record entries in TomorrowNow's SAS database. *See* TN-OR08312517. *See also* DCITBU01_G/JDE_1-3/JDE Clients - TNOW/Download Request/Download_Priorities.xls; Second Supplemental Response to Interrogatory 10 above, for a description of how to access the "Connectivity Info" tab in SAS. For Honeywell and Bear Stearns, TomorrowNow had preliminarily concluded as of May 30, 2007 that: (a) Honeywell's apparent customer credentials that were used to download its files were username "hwe000999" and password "texas33," which is located in Honeywell's data contained in SAS under "Connectivity Info"; and (b) Bear Stearns' apparent customer credentials that were used to downloads its files was username "tomorrownow_bs" and password "texas3" which is located in Bear Stearns' data contained in SAS under "Connectivity Info". *See, e.g.,* TN-OR 04446717, TN (Disc).173. As far as TomorrowNow has been able to determine, the downloaded files neither contain any physical electronic tagging in the file itself, nor any file-based metadata associated with each file that provides both the exact username and password that was used to download each file.

Despite the fact that, as of May 30, 2007, TomorrowNow was able to ascertain that a certain number of files were downloaded by TomorrowNow on behalf of certain entities, TomorrowNow was unable to locate any specific product mapping information that would enable TomorrowNow to systematically tie any specific download to one or more of Plaintiffs' separately licensed products. Since that time, Defendants have repeatedly asked Plaintiffs for this product mapping information and to date, Plaintiffs have refused and/or been unable to produce any information that would permit Defendants in any systematic, reasonable way to tie each specific downloaded file to one or more of Plaintiffs' separately licensed products. Thus, as of May 30, 2007, TomorrowNow was still unable to determine specifically which of the downloaded

[REDACTED lines 1-9]

10  Finally, because Plaintiffs have refused and/or are unable to provide adequate product
11  mapping information that would enable the cross-referencing of every one of Plaintiffs
12  downloadable files to each and every one of Plaintiffs' potentially applicable separately licensed
13  products to which those downloads relate, TN has not been able to conduct a download-by-
14  download analysis to conclude for each download on TN's servers which ones were for those
15  products that TN's customers indicated they were licensed to and which ones were not.
16  Moreover, TN does not concede that Plaintiffs are able to meet their burden of proof on any of
17  their claims now that years have passed in discovery in this case without Plaintiffs producing the
18  definitive product-to-download mapping information that Defendants have requested since the
19  beginning of the case.

20  **INTERROGATORY NO. 14:**

## PROOF OF SERVICE

I, Laurie Paige Burns, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California Street, 26th Floor, San Francisco, California 94104. On September 18, 2009, I served a copy of the attached document(s):

**DEFENDANT TOMORROWNOW, INC.'S SIXTH AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFF ORACLE CORPORATION'S FIRST SET OF INTERROGATORIES (SET ONE)**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope with postage thereon fully prepaid, in the United States mail at San Francisco, California addressed as set forth below.

☐ by placing the document(s) listed above in a sealed Federal Express envelope and affixing a pre-paid air bill, and causing the envelope to be delivered to a Federal Express agent for delivery.

☐ by personally delivering the document(s) listed above to the person(s) at the address(es) set forth below.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Donn Pickett
Geoffrey M. Howard
Holly A. House
Zachary J. Alinder
Bree Hann
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
*donn.pickett@bingham.com*
*geoff.howard@bingham.com*
*holly.house@bingham.com*
*zachary.alinder@bingham.com*
*bree.hann@bingham.com*

Executed on September 23, 2009, at San Francisco, California.

By: _____
LAURIE PAIGE BURNS