# EXHIBIT JJ

Page 1

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
SAN FRANCISCO DIVISION

Civil Action No. 3:07-CV-01658 (PJH)

ORACLE CORPORATION, a Delaware corporation, ORACLE USA, INC., a Colorado corporation, and ORACLE INTERNATIONAL CORPORATION, a California corporation,

Plaintiffs,

v.

SAP AG, a German corporation, SAP AMERICA, INC., a Delaware corporation, TOMORROWNOW, INC., a Texas corporation, and DOES 1-50, inclusive,

Defendants.

---

HIGHLY CONFIDENTIAL - ATTORNEYS' EYES ONLY
VIDEOTAPE DEPOSITION OF: PETER SURETTE
June 19, 2009

---

PURSUANT TO NOTICE, the videotape deposition of PETER SURETTE was taken on behalf of the Plaintiff at 16455 East 40th Circle, Aurora, Colorado 80111, on June 19, 2009, at 11:36 a.m., before Sandra L. Bray, Registered Diplomate Reporter, Certified Realtime Reporter, and Notary Public within Colorado.

```
12:20:01   1
12:20:05   2
12:20:10   3
12:20:15   4
12:20:18   5
12:20:18   6
12:20:21   7
12:20:25   8
12:20:30   9
12:20:30  10           Q.    But at some point, the downloads were
12:20:34  11   consolidated into this master folder, right?
12:20:37  12           A.    Yes.
12:20:37  13           Q.    At that point, was there any way to
12:20:42  14   determine which customer's credential had been used to
12:20:46  15   download which file?
12:20:47  16           A.    No.
12:20:48  17           Q.    Is there any way to determine that that
12:20:56  18   you're aware of?
12:20:57  19           A.    No.  We used the file creation date
12:21:01  20   against the maintenance end date.  That was the
12:21:03  21   criteria initially.
12:21:04  22
12:21:10  23
12:21:11  24
12:21:15  25
```

| | | |
|---|---|---|
| 12:22:39 | 1 | |
| 12:22:40 | 2 | |
| 12:22:41 | 3 | |
| 12:22:42 | 4 | |
| 12:22:48 | 5 | |
| 12:22:51 | 6 | |
| 12:22:55 | 7 | |
| 12:22:58 | 8 | |
| 12:22:58 | 9 | |
| 12:23:02 | 10 | |
| 12:23:07 | 11 | |
| 12:23:10 | 12 | |
| 12:23:11 | 13 | |
| 12:23:13 | 14 | |
| 12:23:18 | 15 | |
| 12:23:21 | 16 | Q.  And so is it accurate then to say that |
| 12:23:26 | 17 | for any given file within the master folder in ESU, |
| 12:23:30 | 18 | for example, it might have been copied into several |
| 12:23:34 | 19 | different customer-specific folders if the date on the |
| 12:23:38 | 20 | ESU was prior to the maintenance end date of those |
| 12:23:42 | 21 | various customers? |
| 12:23:42 | 22 | A.  That's a reasonable assumption, yes. |
| 12:23:44 | 23 | Q.  And that was (sic) the instructions that |
| 12:23:47 | 24 | were given out to the sorting team? |
| 12:23:48 | 25 | A.  Yes. |

| | |
|---|---|
| 15:10:06 | 1 |
| 15:10:08 | 2 |
| 15:10:13 | 3 |
| 15:10:16 | 4 |
| 15:10:19 | 5 |
| 15:10:20 | 6 |
| 15:10:23 | 7 |
| 15:10:28 | 8 |
| 15:10:33 | 9 |
| 15:10:36 | 10 |
| 15:10:40 | 11 |
| 15:10:40 | 12 |
| 15:10:44 | 13 |
| 15:10:49 | 14 |
| 15:10:52 | 15 |
| 15:10:52 | 16 |
| 15:10:54 | 17 |

15:10:55  18        Q.   (BY MR. HOWARD)  And each of those
15:10:56  19   folders then individually needed to be split out to
15:11:00  20   the customer-specific folders that had been created?
15:11:03  21        A.   Yes.
15:11:03  22        Q.   And from each of those folders, any
15:11:06  23   given fix could be copied multiple times into multiple
15:11:10  24   customer-specific folders depending on maintenance end
15:11:13  25   date and the date of the file and the folder?

| | | | |
|---|---|---|---|
| 15:11:16 | 1 | A. | Yes. |
| 15:11:19 | 2 | | |
| 15:11:23 | 3 | | |
| 15:11:29 | 4 | | |
| 15:11:29 | 5 | | |
| 15:11:33 | 6 | | |
| 15:11:36 | 7 | | |
| 15:11:41 | 8 | | |
| 15:11:44 | 9 | | |
| 15:11:45 | 10 | | |
| 15:11:56 | 11 | | |
| 15:11:57 | 12 | | |
| 15:11:58 | 13 | | |
| 15:12:00 | 14 | | |
| 15:12:04 | 15 | | |
| 15:24:23 | 16 | | |
| 15:24:31 | 17 | | |
| 15:24:36 | 18 | | |
| 15:24:37 | 19 | | |
| 15:24:40 | 20 | | |
| 15:24:43 | 21 | | |
| 15:24:46 | 22 | | |
| 15:24:50 | 23 | | |
| 15:24:59 | 24 | | |
| 15:25:02 | 25 | | |

## REPORTER'S CERTIFICATE

STATE OF COLORADO           )
                            ) ss.
CITY AND COUNTY OF DENVER   )

    I, SANDRA L. BRAY, Registered Diplomate Reporter, Certified Realtime Reporter, and Notary Public, State of Colorado, do hereby certify that previous to the commencement of the examination, the said PETER SURETTE was duly sworn by me to testify to the truth in relations to the matters in controversy between the parties hereto; that the said deposition was taken in machine shorthand by me at the time and place aforesaid and was thereafter reduced to typewritten form; that the foregoing is a true transcript of the questions asked, testimony given, and proceedings had.

    I further certify that I am not employed by, related to, nor of counsel for any of the parties herein nor otherwise interested in the outcome of this litigation.

    IN WITNESS WHEREOF, I have affixed my signature this 23rd of June, 2009.

    My commission expires January 16, 2012.

__X__ Reading and Signing was requested.
_____ Reading and Signing was waived.
_____ Reading and Signing is not required.

SANDRA L. BRAY
NOTARY PUBLIC
STATE OF COLORADO

Sandra L. Bray, RMR, CRR, RDR
Certified Realtime Reporter