# EXHIBIT RR

TRANSCRIPTION    September 30, 2009

U.S. DISTRICT COURT

CALIFORNIA NORTHERN DISTRICT (SAN FRANCISCO)

CIVIL DOCKET FOR CASE #: 3:07-cv-01658-PJH

TRANSCRIPT OF AUDIO RECORDING OF CONFERENCE DATED

SEPTEMBER 30, 2009, HELD BEFORE

MAGISTRATE JUDGE ELIZABETH D. LAPORTE

TRANSCRIBED BY:   FREDDIE REPPOND

TRANSCRIPTION    September 30, 2009

Page 34

1  MS. HANN: I think this one can be very short,
2  Your Honor. Part 4, expanded database discovery. We
3  are very close to an agreement. I think Mr. Cowan will
4  agree. The sort of issue that we are waiting on is we
5  want them to give us some examples of the
6  database-damages-related documents they would like.
7  They say they need to see our amended initial
8  disclosures before they can comfortably do that. We
9  will be amending our disclosures on or by October 9th.
10 And then we will look forward to their response as to
11 what documents they need.
12    In the meantime Oracle intends to comply with
13 the deadlines and obligations in our draft agreement as
14 though it were final.
15    I think that's all there is to update the
16 Court on.
17    MR. COWAN: I think that's right, Your Honor.
18 There were some deadlines -- I don't know exactly which
19 ones she's referring to. There were -- was a specific
20 September 30th deadline in our draft agreement that has
21 to do with exchange of interrogatories that we want
22 updated for the fourth amended. The parties have agreed
23 to that. I don't want to -- I don't have the agreement
24 in front of me, so I don't want to commit to doing
25 anything on deadlines in a draft agreement besides

Page 35

1  those, because those are the only ones I'm aware of that
2  we've agreed to. But I agree with Ms. Hann that we're
3  very close to this issue. Once they supplement their
4  initial disclosures, tell us what their damages are, we
5  will then quickly respond to what we think is
6  appropriate in the way of damage-document production.
7     So I think, unless there's anything else the
8  Court wants to hear on that, we can move to No. 5.
9     The No. 5, Your Honor, we put in -- I don't
10 think we have to have a lot of discussion on this. The
11 initial trigger for us was a concern that Oracle was
12 behind the eight-ball in some of its custodian
13 productions. I think since the exchange of the
14 discovery conference statement and a number of
15 communications since then, they've provided us with a
16 higher degree of comfort that they're going to get their
17 custodian productions done on time.
18    So this issue is really more one of what the
19 Court is thinking in terms of where the parties should
20 be at the end of the discovery period as of 12/4/09.
21    Our thought is -- Defendants' position is that
22 custodian production should be done. There may be
23 little ones-ies/twos-ies that both parties have agreed
24 in advance that will go past 12/4 -- deposition
25 discovery; the fact -- on the fact why it should be done

Page 36

1  again because of witness or counsel availability. There
2  may be ones-ies or twos-ies that bleed over a little
3  bit. If Counsel agree in advance of that deadline, that
4  may happen.
5     But you have the whole -- from our perspective
6  Defendants have this huge machinery in place that has
7  been processing this data -- these 8 to 9 million pages
8  of data and all the terabytes of data files we've talked
9  about. At some point we have to dismantle that
10 machinery. There are literally dozens of contract
11 lawyers still sitting in Houston looking at documents
12 every day. When that comes --
13    THE COURT: [inaudible]
14    MR. COWAN: It is -- it is good for the
15 economy.
16    THE COURT: [inaudible]
17    MR. MCDONNEL: Exactly. But at some point we
18 have to dismantle that -- that machine. And when we do,
19 our ability to produce things rapidly, particularly
20 [inaudible] custodians or other kinds of issues, become
21 seriously hampered because most people scatter --
22    THE COURT: [inaudible]
23    MR. COWAN: But let me cut to the chase.
24    THE COURT: [inaudible]
25    MR. COWAN: Understood. I'll cut to the

Page 37

1  chase. The big issue is what does the Court anticipate
2  in terms of where the parties should be. That's my
3  aspect.
4     THE COURT: I think I've made my position very
5  clear.
6     MR. HOWARD: I hope you're going to say the
7  parties should be done on December 4th. That's our
8  intent. That's what we plan to -- that's where we plan
9  to be.
10    THE COURT: I think I've made it clear that I
11 think that unless that happens the whole rest of the
12 schedule is going to fall apart. So, yes, of course, if
13 you agree to a couple of minor loose ends, I'm not going
14 to overrule the agreement; and I wouldn't be surprised
15 by that. But, generally speaking, I would expect
16 99.99999 to be done. And if it's not done, it's
17 probably just too late.
18    MR. COWAN: That's -- that's our thought as
19 well. And what we thought we would come back to at the
20 next discovery conference is with that agreement, that
21 final agreement of saying this is the punch list, if you
22 will, of completion of fact discovery.
23    THE COURT: [inaudible] in other words, my
24 presumption is that there no other exceptions that I'm
25 going to grant. But if you grant yourself some very