| | |
|---|---|
| 1 | BINGHAM McCUTCHEN LLP |
| | DONN P. PICKETT (SBN 72257) |
| 2 | GEOFFREY M. HOWARD (SBN 157468) |
| | HOLLY A. HOUSE (SBN 136045) |
| 3 | ZACHARY J. ALINDER (SBN 209009) |
| | BREE HANN (SBN 215695) |
| 4 | Three Embarcadero Center |
| | San Francisco, CA  94111-4067 |
| 5 | Telephone:  (415) 393-2000 |
| | Facsimile:   (415) 393-2286 |
| 6 | donn.pickett@bingham.com |
| | geoff.howard@bingham.com |
| 7 | holly.house@bingham.com |
| | zachary.alinder@bingham.com |
| 8 | bree.hann@bingham.com |
| 9 | DORIAN DALEY (SBN 129049) |
| | JENNIFER GLOSS (SBN 154227) |
| 10 | 500 Oracle Parkway, M/S 5op7 |
| | Redwood City, CA  94070 |
| 11 | Telephone:  (650) 506-4846 |
| | Facsimile:   (650) 506-7114 |
| 12 | dorian.daley@oracle.com |
| | jennifer.gloss@oracle.com |
| 13 | |
| 14 | Attorneys for Plaintiffs |
| | Oracle USA, Inc., Oracle International Corporation, |
| 15 | Oracle EMEA Limited, and Siebel Systems, Inc. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | | |
|---|---|---|
| 19 | ORACLE USA, INC., *et al.*, | CASE NO.  07-CV-01658 PJH (EDL) |
| 20 | Plaintiffs, | **PLAINTIFFS' ADMINISTRATIVE MOTION TO PERMIT PLAINTIFFS TO FILE UNDER SEAL INFORMATION SUPPORTING ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |
| | v. | |
| 21 | SAP AG, *et al.*, | |
| 22 | Defendants. | |

Case No. 07-CV-01658 PJH (EDL)

PLAINTIFFS' ADMINISTRATIVE MOTION TO PERMIT PLAINTIFFS TO FILE UNDER SEAL
INFORMATION SUPPORTING PLAINTIFFS' OPPOSITION TO DEFENDANTS' MOTION TO COMPEL

I.  **INTRODUCTION**

Pursuant to Local Rules 7-11(a) and 79-5(c), Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. ("Plaintiffs" or "Oracle") and Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. ("Defendants," and together with Plaintiffs, the "Parties") request that the Court order the Clerk of the Court to file under seal: (1) Portions of the Declaration of Zachary J. Alinder in Support of Oracle's Opposition to Defendants' Motion to Compel at ¶ 13 ("Alinder Declaration") and Exhibits F, G, H, K, L, P, DD, and EE thereto; (2) Portions of the Declaration of Jason Rice in Support of Oracle's Opposition to Defendants' Motion to Compel at ¶ 3, lines 12-17 and ¶ 6, lines 9-18 ("Rice Declaration"); and (3) Portions of the Declaration of Buffy Ransom in Support of Oracle's Opposition to Defendants' Motion to Compel at ¶ 9, lines 19-25 and Exs. A and B thereto ("Ransom Declaration").

Unredacted versions of these documents were lodged with the Court on January 5, 2009. Sealing of the documents identified above is requested because each of these documents contains information designated by Defendants or Plaintiffs as "Confidential" or "Highly Confidential – Attorneys Eyes' Only" under the Stipulated Protective Order entered into in this case, or otherwise contains information for which there is good cause to seal.

II.  **ARGUMENT**

   A.  **Information Included at Defendants' Request**

Oracle moves to seal part of the information specified above at Defendants' request. Specifically, Oracle moves to seal Paragraph 13 of the Alinder Declaration and Exhibit H to the Alinder Declaration at Defendants' request. This request to seal Defendants' information is supported by the Declaration of Bree Hann in support of Plaintiffs' Administrative Motion to Permit Plaintiffs to File Under Seal Information Supporting Oracle's Opposition to Defendants' Motion to Compel ("Hann Declaration") and is accompanied by a proposed order and stipulation. Per Civil Local Rule 79-5(b), Defendants will separately file a declaration establishing that this information is sealable.

**B.      Good Cause Exists to Seal Oracle's Confidential Information**

Oracle moves to seal the rest of the information specified above, including Exhibits F, G, K, L, P, DD, and EE to the Alinder Declaration; portions of the Rice Declaration at ¶ 3 at ¶ 6; and portions of the Ransom Declaration at ¶ 9 and Exhibits A and B, because good cause exists to seal the confidential Oracle information contained within these documents.  This request is supported by the Hann Declaration, which establishes that each of these documents contains nonpublic, commercially sensitive, private and confidential information, the disclosure of which would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.

        **1.      Legal Standard**

Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit sealing of court documents. As opposed to sealing information at trial or in case-dispositive motions, which requires the most "compelling" of reasons, a showing of good cause will suffice for sealing records attached to non-dispositive motions. *Navarro v. Eskanos & Adler*, Case No. C-06 02231 WHA(EDL), 2007 U.S. Dist. LEXIS 24864 at *7 (March 22, 2007) (citing in part, *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)).

To make such a showing of good cause, the party seeking protection from disclosure must demonstrate that it has taken steps to keep the information confidential, and that public disclosure of such information would create a risk of significant competitive injury and particularized harm or prejudice. *See Navarro*, 2007 U.S. Dist. LEXIS 24864 at *5, *8; *see also Phillips v. General Motors Corp.*, 307 F.3d 1206, 1211 (9th Cir. 2006); *In re Adobe Sys., Inc. Sec. Litig.*, 141 F.R.D. 155, 158 (N.D. Cal. 1992).

        **2.      The Hann Declaration Establishes Good Cause Exists to Seal Oracle's Confidential Material**

The Hann Declaration establishes that Oracle has considered and treated the information contained in the subject documents as confidential, commercially sensitive, and proprietary, and that public disclosure of such information would create a risk of significant competitive injury and particularized harm and prejudice to Oracle.  *See* Hann Declaration at

1  ¶¶ 5-7.

2  Further, Oracle has continued to protect these documents and/or the underlying information contained in these documents from improper public disclosure since the initiation of this litigation through a Stipulated Protective Order (Docket No. 32) to prevent its private confidential information from being improperly disclosed. *See id*.

The Hann Declaration also establishes that the request for sealing has been narrowly tailored. *See id*. Accordingly, good cause exists to grant an order sealing these documents.

DATED:  January 5, 2010                BINGHAM McCUTCHEN LLP


By:              /s/ Bree Hann
                  Bree Hann
             Attorneys for Plaintiffs
                Oracle USA, Inc.,
   Oracle International Corporation, Oracle EMEA
       Limited, and Siebel Systems, Inc.

4    Case No. 07-CV-01658 PJH (EDL)