| | |
|---|---|
| 1 | Robert A. Mittelstaedt (SBN 060359) |
| | Jason McDonell (SBN 115084) |
| 2 | Elaine Wallace (SBN 197882) |
| | JONES DAY |
| 3 | 555 California Street, 26th Floor |
| | San Francisco, CA  94104 |
| 4 | Telephone:     (415) 626-3939 |
| | Facsimile:      (415) 875-5700 |
| 5 | ramittelstaedt@jonesday.com |
| | jmcdonell@jonesday.com |
| 6 | ewallace@jonesday.com |

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     (650) 739-3939
Facsimile:      (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:     (832) 239-3939
Facsimile:      (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DECLARATION OF SCOTT TRAINOR IN SUPPORT OF DEFENDANTS' OPPOSITION TO PLAINTIFFS' MOTION TO MODIFY THE PROTECTIVE ORDER AND TO COMPEL DEPOSITION TESTIMONY AND FURTHER RESPONSES TO REQUESTS FOR ADMISSIONS** |
| v. | |
| SAP AG, et al., | |
| Defendants. | Date: January 26, 2010; Time:  9:00 am |
| | Courtroom: E, 15th Floor |
| | Judge: Hon. Elizabeth D. Laporte |

SFI-627066v1

TRAINOR DECL. ISO DEFS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-CV-1658 PJH (EDL)

1       I, SCOTT TRAINOR, declare:

2       I am a Vice President for SAP America, Inc., one of the Defendants in this case. I make

3  this declaration based on personal knowledge and, if called upon to do so, could testify

4  competently thereto.

5       1.    I was deposed on October 13, 2009 by Plaintiffs Oracle USA, Inc., Oracle

6  International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. (collectively

7  "Oracle"). I am an attorney licensed to practice within the State of California. During that

8  deposition, I was represented as an employee of SAP by Jason McDonell of Jones Day and

9  separately as an individual by Pamela Phillips of Howard Rice Nemerovski Canady Falk &

10 Rabin. I have reviewed the transcript of the deposition. I have also reviewed pages 9-18 of

11 Oracle's Motion to Modify the Protective Order and to Compel Deposition Testimony and

12 Further Responses to Requests for Admissions ("Motion to Compel" or "Mot.") and portions of

13 the Declaration of Chad Russell in Support of Oracle's Motion to Modify the Protective Order

14 and to Compel Deposition Testimony and Further Responses for Admissions ("Russell Decl.").

15      2.    During the portion of my deposition reflected on pages 11 and 12 of Oracle's

16 Motion to Compel, under the "Compartmentalize" line of questions, Oracle's counsel asked me

17 if I "compartmentalize[d]—[my] experience" at PeopleSoft. In order to answer this question with

18 any more detail than I have already testified to in response to similar questions, I believe I would

19 have to disclose information that is privileged and confidential to both PeopleSoft and SAP.

20      3.    During the portion of my deposition reflected on page 14 of the Motion to Compel

21 under the heading "Communications with Prospective Customers," I understood Oracle's counsel

22 to be asking me to explain the phrase "you don't want us accessing" as I understood it at the time

23 of the deposition. I believed that for me to answer, it would require me to do a legal analysis of

24 some of Oracle's allegations in the case pending before this Court. I did not understand Oracle's

25 counsel to be asking me to explain my prior understanding of the phrase "you don't want us

26 accessing," specifically, my understanding of that phrase at the time I sent the email reflected in

27 Exhibit 1681. *See* Russell Decl. ¶ 24, Ex. R. (Exhibit 1681). If Oracle's counsel was asking me

28 to explain my understanding of the phrase as I understood it at the time Exhibit 1681 is dated, I

- 1 -
SFI-
627066v

TRAINOR DECL. ISO DEFS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-CV-1658 PJH (EDL)

1 apologize for misunderstanding the question, and I can answer that question without disclosing
2 attorney client privileged communications or protected work product.

3     4. During the portion of my deposition reflected on page 14-15 of the Motion to
4 Compel, under the heading "Misrepresentations to Customers," Oracle's counsel asked me: "Is it
5 true that you were conveying to Waste Management the position that TomorrowNow's rights to
6 use the PeopleSoft software come entirely by way of the Waste Management license with
7 PeopleSoft?" Mot. at 14-15. In response, I testified that that statement was in the document I
8 sent to Waste Management, although I did not and do not recall if I actually drafted that
9 statement. Counsel then asked me: "Was that a true statement as far as you knew?" If by that
10 question counsel intended to ask me whether it is true that TomorrowNow took the position with
11 Waste Management that "TomorrowNow's rights to use the PeopleSoft software come entirely by
12 way of the Waste Management license with PeopleSoft," then I can answer that question directly
13 without disclosing confidential or privileged information. If, however, by that question counsel
14 sought from me a legal analysis of that statement, I am concerned that it could require me to
15 disclose confidential and privileged information of PeopleSoft and Defendants. My
16 understanding during the deposition was that Oracle's counsel had instructed me not to divulge
17 such information.

18     5. During the portion of my deposition reflected on page 14-15 of the Motion to
19 Compel, under the heading "Misrepresentations to Customers," Oracle's counsel asked me: "To
20 your knowledge, did SAP or TomorrowNow ever misrepresent facts to customers during
21 negotiation of terms?" I am aware that there is a legal doctrine of "misrepresentation," and I
22 interpret counsel's question to request that I perform a legal analysis and draw legal conclusions
23 about whether I am aware of any communications by SAP or TN that constituted actionable
24 misrepresentations.

25     6. During the portion of my deposition reflected on page 15 of the Motion to Compel,
26 under the heading "Indemnification Policy," Oracle's counsel asked me: "Turning to Exhibit
27 1684, page ending -861, under the indemnification provision, it reads, 'Key term -- no removing
28 this.' Was that true, that this was a key term for SAP, and it would not negotiate this term away?"

1    I cannot answer this question without revealing attorney client privileged communications
2    between employees of TomorrowNow and me.  Over the course of my work for TomorrowNow, I
3    had confidential and privileged discussions with Bob Geib, TomorrowNow's head of sales,
4    concerning legal considerations relating to this very same subject matter.

5        7.      During the portion of my deposition reflected on page 17 of the Motion to Compel,
6    under the heading "Compliance with ethical obligations," Oracle asked me about my compliance
7    with my ethical obligations.  I have consulted with my attorney, Pamela Phillips, in regard to my
8    past and current ethical obligations, and I would not be able to answer these questions without
9    revealing privileged attorney-client communications.

10       8.      During the portion of my deposition reflected on page 18 of the Motion to Compel,
11   under the heading "Willfulness of copyright infringement," Oracle's counsel asked me whether
12   SAP or TomorrowNow had taken "any steps to determine whether a particular customer's
13   allowance of access to software constituted copyright infringement?" or ever analyzed "in
14   connection with a negotiation of a contract the general topic of a customer's rights to provide
15   access to software?"  I did have discussions with TomorrowNow employees, including Vice
16   President of Sales Bob Geib, about the legal strategy for interacting with customers on the issue
17   of the customers' rights to provide PeopleSoft software to TomorrowNow.  Those discussions are
18   privileged.  If asked to provide more information,  that would cause me to disclose the content of
19   privileged discussions that I had with TomorrowNow employees.

20       9.      I have reviewed an unredacted version of TN-OR00852363.  This document
21   describes efforts to modify the TomorrowNow Support Services Agreement, which was the form
22   agreement between TomorrowNow and its customers.  The redacted sections reflect the content
23   of communications between Bob Geib and myself about legal advice I gave him in regard to
24   modifying the Support Services Agreement.
25       //
26       //
27
28

- 3 -
SFI-
627066v

TRAINOR DECL. ISO DEFS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-CV-1658 PJH (EDL)

1  I declare under penalty of perjury under the laws of the United States and the State of
2  California that the foregoing is true and correct.  Executed this _____ day of January 2010 in
3  Palo Alto, California.

7  _____
8  Scott Trainor

- 4 -
SFI-
627066v

TRAINOR DECL. ISO DEFS' OPPOSITION
TO PLAINTIFFS' MOTION TO COMPEL
Case No. 07-CV-1658 PJH (EDL)