| | |
|---|---|
| 1 | Robert A. Mittelstaedt (SBN 060359) |
| | Jason McDonell (SBN 115084) |
| 2 | Elaine Wallace (SBN 197882) |
| | JONES DAY |
| 3 | 555 California Street, 26th Floor |
| | San Francisco, CA 94104 |
| 4 | Telephone: (415) 626-3939 |
| | Facsimile: (415) 875-5700 |
| 5 | ramittelstaedt@jonesday.com |
| | jmcdonell@jonesday.com |
| 6 | ewallace@jonesday.com |
| 7 | Tharan Gregory Lanier (SBN 138784) |
| | Jane L. Froyd (SBN 220776) |
| 8 | JONES DAY |
| | 1755 Embarcadero Road |
| 9 | Palo Alto, CA 94303 |
| | Telephone: (650) 739-3939 |
| 10 | Facsimile: (650) 739-3900 |
| | tglanier@jonesday.com |
| 11 | jfroyd@jonesday.com |
| 12 | John W. Cowan (Admitted *Pro Hac Vice*) |
| | Joshua L. Fuchs (Admitted *Pro Hac Vice*) |
| 13 | JONES DAY |
| | 717 Texas, Suite 3300 |
| 14 | Houston, TX 77002 |
| | Telephone: (832) 239-3939 |
| 15 | Facsimile: (832) 239-3600 |
| | swcowan@jonesday.com |
| 16 | jlfuchs@jonesday.com |
| 17 | Attorneys for Defendants |
| | SAP AG, SAP AMERICA, INC., and |
| 18 | TOMORROWNOW, INC. |

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA; OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DEFENDANTS' RESPONSE TO PLAINTIFFS' ADMINISTRATIVE MOTION TO PERMIT PLAINTIFFS TO FILE UNDER SEAL INFORMATION SUPPORTING ORACLE'S OPPOSITION TO DEFENDANTS' MOTION TO COMPEL** |
| v. | |
| SAP AG, et al., | |
| Defendants. | |
| | Date: N/A |
| | Time: N/A |
| | Courtroom: E, 15th Floor |
| | Judge: Hon. Elizabeth D. Laporte |

SFI-627502v1

1 **I.      INTRODUCTION**

2      Plaintiffs filed Plaintiffs' Administrative Motion to Permit Plaintiffs to File Under Seal
3 Information Supporting Oracle's Opposition to Defendants' Motion to Compel (D.I. 595, and
4 hereafter "Administrative Motion").  The Administrative Motion moved to file under seal
5 documents that contained information designated by Defendants *and* Plaintiffs as either
6 "Confidential" or "Highly Confidential-Attorneys' Eyes Only," and it asserted good cause to file
7 under seal information designated as such by Plaintiffs.  Additionally, the Administrative Motion
8 indicated that Defendants' would file a declaration establishing that their information is sealable,
9 specifically, paragraph 13 of the Declaration of Zachary J. Alinder in Support of Oracle's
10 Opposition to Defendants' Motion to Compel ("Alinder Declaration") and Exhibit H to the
11 Alinder Declaration ("Exhibit H").[1]

12      Pursuant to Local Rule 79-5, Defendants file this Response, the accompanying declaration
13 of Mark White, and a proposed order in support of a narrowly tailored order authorizing the
14 sealing of paragraph 13 of the Alinder Declaration and Exhibit H on the grounds that there is
15 good cause to protect the confidentiality of information contained in Plaintiffs' non-dispositive
16 discovery motion.  The sealing order Defendants seek is not based simply on the blanket
17 Protective Order in this action, but rather rests on proof that particularized injury to Defendants
18 will result if the sensitive information contained in Exhibit H is publicly released.[2]

19 **II.     STANDARD**

20      Federal Rule of Civil Procedure 26(c) provides broad discretion for a trial court to permit
21 sealing of court documents for, *inter alia*, the protection of "a trade secret or other confidential
22 research, development, or commercial information."  Fed. R. Civ. P. 26(c).  Based on this
23 authority, the Ninth Circuit has "carved out an exception to the presumption of access to judicial
24 records for a sealed *discovery* document [attached] to a *non-dispositive* motion." *Navarro v.*
25 *Eskanos & Adler*, No. C-06 02231 WHA (EDL), 2007 U.S. Dist. LEXIS 24864, at *6 (N.D. Cal.

---

[1] Plaintiffs filed a proposed order granting their Administrative Motion (D.I. 595-1).

[2] Because the Local Rules require Court approval based on a declaration supporting sealing even when the parties agree as to the confidential status of the document, Defendants submit the White Declaration.

March 22, 2007) (emphasis in original) (citing *Kamakana v. Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006)). In such cases, a "particularized showing of good cause" is sufficient to justify protection under Rule 26(c). *See Navarro* at *7. To make such a showing, the party seeking protection from disclosure under the rule must demonstrate that harm or prejudice would result from disclosure of the trade secret or other information contained in each document the party seeks to have sealed. *See, e.g., Phillips v. General Motors Corp.*, 307 F.3d 1206, 1210-11 (9th Cir. 2006).

### III. ARGUMENT

Good Cause Supports Filing Exhibit H Under Seal

Through the declaration of Mark White, an employee of SAP America Inc. and a member of the TomorrowNow, Inc. Board of Directors, that accompanies this Response, Defendants establish good cause to permit filing Exhibit H and paragraph 13 of the Alinder Declaration under seal.[3] As a threshold matter, Defendants provide testimony that Mr. White, who is familiar with the information contained in Exhibit H, considers that information to be confidential and non-public. *See* Declaration of Mark White in Support of Defendants' Response to Plaintiffs' Administrative Motion to Permit Plaintiffs to File Under Seal Information Supporting Oracle's Opposition to Defendants' Motion to Compel ("White Declaration"), ¶ 1. At the time the document reflected in Exhibit H was prepared, it was intended to be non-public and confidential, and SAP has continued to take steps to protect the confidential information Exhibit H contains. *Id.*

Moreover, the White Declaration demonstrates good cause to protect and seal Exhibit H because revelation of its contents would likely cause Defendants to suffer a competitive injury. Exhibit H reflects portions of the TomorrowNow Operations Wind Down Final Report that describe the effort to wind down operations at TomorrowNow, including details about specific customers' contracts with TomorrowNow and the ongoing legal structure of TomorrowNow. *Id.*

---

[3] The redacted portion of paragraph 13 is a snapshot of Exhibit H, and as such, this Response will refer simply to Exhibit H hereinafter to establish good cause to file under seal both paragraph 13 of the Alinder Declaration and Exhibit H. *See* Alinder Decl. ¶ 13.

1  Because of the competitively sensitive information contained in the document, the disclosure of it
2  could likely cause competitive and business injury.  *Id.*  The White Declaration establishes that
3  Defendants consider and treat the information as highly confidential.

4  Defendants have continued to protect the information contained in Exhibit H from
5  improper public disclosure since the initiation of this litigation through a Stipulated Protective
6  Order (D.I. 32) to prevent their private commercial information from being improperly disclosed.
7  Under the terms of that Order, Defendants could designate documents, deposition transcripts, and
8  discovery responses containing private information as "Confidential" or "Highly Confidential"
9  prior to producing such documents in the course of discovery.  Exhibit H was designated "Highly
10 Confidential."

## IV.     CONCLUSION

Defendants respectfully request that this Court order to be filed under seal paragraph 13 of the Alinder Declaration and Exhibit H, which Defendants designated as "Highly Confidential Information – Attorneys' Eyes Only" under the Stipulated Protective Order in this action.

Dated: January 11, 2010                    Respectfully submitted,

                                           JONES DAY


                                           By: /s/ Patrick Delahunty
                                                Patrick Delahunty

                                           Counsel for Defendants
                                           SAP AG, SAP AMERICA, INC., and
                                           TOMORROWNOW, INC.