Oracle Corporation et al v. SAP AG et al
Case4:07-cv-01658-PJH   Document614-11   Filed01/12/10   Page1 of 3
Doc. 614 Att. 10

# EXHIBIT K

Dockets.Justia.com

Audio Transcription     August 25, 2009

Page 1

AUDIO TRANSCRIPTION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

CIVIL MINUTES

Magistrate Judge: Elizabeth D. Laporte

Date: August 25, 2009

Case No: C-07-01658 PJH (EDL)

Case Name: ORACLE CORPORATION

v.

SAP AG, et al.

Attorneys Present:

For Plaintiff: Geoff Howard, Zach Alinder, Bree Hann, Jennifer Gloss

For Defendant: Scott Cowan, Elaine Wallace, Daniel Dobrygowski

REPORTED BY:

JOAN ECKER, RPR

JOB NUMBER: 2031-422592

Merrill Legal Solutions
(800) 869-9132

Audio Transcription        August 25, 2009

Page 2

```
1          PROCEEDINGS
2     THE CLERK: Calling 707-1658, Oracle
3  Corporation versus SAP AG, et al.
4     Please state your appearances for the
5  record.
6     MR. HOWARD: Good morning, Your Honor.
7  Geoff Howard for Oracle. With me are Mr. Alinder and
8  Ms. Hann and Ms. Gloss from Oracle.
9     MR. COWAN: Good morning, Your Honor. Scott
10 Cowan and Elaine Wallace, along with Daniel
11 Dobrygowski from [inaudible].
12    THE COURT: Okay. All right. I want to try
13 to wrap this up by 12:30 if we can.
14    MR. HOWARD: I think that's eminently
15 doable, Your Honor. We have been furiously narrowing.
16    THE COURT: Good. The more furiously and
17 the more narrow, the better.
18    MR. HOWARD: That's our hope.
19    THE COURT: Right.
20    MR. HOWARD: The first issue is the first
21 example of that. Should I just --
22    THE COURT: The extrapolation issue.
23    MR. HOWARD: -- get right to it?
24    THE COURT: Yes, please.
25    MR. HOWARD: Okay. As to that, we gave you
```

Page 3

```
1  background leading up to the fact that there are a lot
2  of RFAs outstanding and there's a meet-and-confer and
3  potentially a motion.
4     We have agreed ahead of today, just this
5  morning, that we will set ourselves a
6  meet-and-confer schedule. The defendants will be
7  doing some supplementation, they've said, of the
8  RFAs.
9     What we'd like to do is, without taking
10 more of Your Honor's time, and I think they're
11 agreeable to this, is agree that between -- if
12 between now and mid-September, say September 14th,
13 we're unable to resolve the disputes, that we may
14 then -- we, Oracle, may then call Your Honor to
15 get a motion date for whatever disputes remain
16 after that series of meet-and-confers.
17    It will be a series of letters and calls
18 between counsel. And it may be the 14th and it
19 may be that next week, the 21st. But given the
20 issues and given the calendar, I think we just
21 need to have that flexibility to be able to -- to
22 get onto the calendar at that point.
23    THE COURT: And to be on the calendar when?
24    MR. HOWARD: Well, then, that would be on --
25 that would be on calendar toward the end of October
```

Page 4

```
1  because we'd be calling you for a date, we'd be
2  filing, and then the hearing would be sometime toward
3  the end of October.
4     MR. COWAN: That's perfectly fine with us,
5  Your Honor.
6     THE COURT: Yeah. I mean, as you know, I've
7  already said, you know -- without knowing what any of
8  the nuances are, and I don't -- but that RFAs seem to
9  me a, you know, appropriate vehicle. And, you know,
10 from the little I saw, it seems like that was, you
11 know, having to put them in one of four buckets -- you
12 know, all the time, most of the time, some of the
13 time, never, or something along those lines -- made a
14 lot of sense.
15    So, you know, I think push has got to
16 come to shove at some point. We've got to have,
17 you know -- decide what is known and what isn't
18 known and everybody's got to make their best, you
19 know, assessment on that. There's never going to
20 be an absolute mathematical perfection on this.
21    MR. COWAN: And we agree, Your Honor. I
22 think the real issue is the interpretation of what the
23 requests are and what the specific request means in
24 terminology issues, et cetera, because as we talked
25 about, some of these things have potentially
```

Page 5

```
1  significant implications and we need to be very
2  precise in what we're admitting and what we're not.
3     So that's, I think, going to be the
4  thrust of a lot of the meet-and-confer discussion,
5  to make sure the parties have a meeting of minds
6  in terms of what's being specifically asked to be
7  requested to be admitted.
8     THE COURT: Okay. But it's just my feeling
9  that that ought to be something that can be done. And
10 it's going to be -- you know, it can't be finessed
11 forever or fudged forever, you know.
12    Okay. Next issue.
13    MR. HOWARD: That is it for me, Your Honor,
14 for today.
15    FEMALE SPEAKER: Enough of you already.
16    MR. HOWARD: I will challenge my colleagues
17 to match my efficiency.
18    FEMALE SPEAKER: Your Honor, the next issue
19 is the pre-2005 damages related to discovery. And
20 this is an issue where defendants essentially are just
21 seeking the court's guidance at this point. There's
22 really two aspects to this issue.
23    The first is what I will refer to as the
24 Legacy Data. The Court may recall that both sides
25 have exchanged what we've called customer-specific
```

2 (Pages 2 to 5)