UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE USA, INC., et al.,

    Plaintiffs,

    v.

SAP AG, et al.,

    Defendants.
_____/

No. C 07-1658 PJH

**ORDER DENYING DEFENDANTS' MOTION FOR PARTIAL SUMMARY JUDGMENT**

    Defendants' motion for partial summary judgment came on for hearing before this court on October 28, 2009. Plaintiffs appeared by their counsel Donn Pickett and Zachary Alinder, and defendants appeared by their counsel Tharan Gregory Lanier, Jane Floyd, and Jaci Lee. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, and good cause appearing, the court hereby DENIES the motion.

## BACKGROUND

    This is a copyright infringement action. Plaintiffs Oracle USA, Inc., et al. ("Oracle") seek damages under several theories, one of which is actual damages in the form of a "hypothetical license." In the present motion, SAP seeks a ruling that Oracle is not entitled to pursue actual damages in the form of a hypothetical license, arguing that the undisputed evidence shows that, but for infringement, the parties never would have entered into a license for the copyrighted material at issue.

## DISCUSSION

A.      Legal Standard

A party may move for summary judgment "on all or part of [a] claim," including damages. Fed. R. Civ. P. 56(b), 56(d)(1). Summary judgment is appropriate when there is no genuine issue as to material facts and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56. Material facts are those that might affect the outcome of the case. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

B.      SAP's Motion

SAP argues that Oracle is not entitled to actual damages in the form of a hypothetical license because the parties never would have agreed to such a license.

Section 504 of the Copyright Act allows recovery of either statutory damages, or "the actual damages suffered by [the copyright owner] as a result of the infringement" plus "any profits of the infringer that are attributable to the infringement and are not taken into account in computing the actual damages." 17 U.S.C. § 504(a),(b). Thus, apart from statutory damages, the Copyright Act provides for two distinct types of monetary recovery – actual damages and recovery of wrongful profits. "These remedies are two sides of the damages coin – the copyright holder's losses and the infringer's gains." Polar Bear Prods., Inc. v. Timex Corp., 384 F.3d 700, 708 (9th Cir. 2004).

These two forms of damages serve different purposes. Actual damages are awarded to compensate for demonstrable harm caused by infringement. 17 U.S.C. § 504(b); Polar Bear, 384 F.3d at 708. Infringer's profits are analyzed from the infringer's point of view – if the infringer has earned a profit, it must disgorge that profit so that it does not benefit from its wrongdoing. See id. When proof of actual damages or infringer's profits is insufficient, a copyright owner may elect to receive statutory damages, 17 U.S.C. § 504(c), subject to having met other statutory requirements. See 17 U.S.C. § 412(2).

General tort principles of causation and damages apply when analyzing compensatory damage awards for copyright infringement. Polar Bear, 384 F.3d at 708; see also Jarvis v. K2, Inc., 486 F.3d 526, 533-34 (9th Cir. 2007). Under § 504(b), actual damages must be suffered "as a result of the infringement," and recoverable profits must

2

1  "be attributable to the infringement." 17 U.S.C. § 504(b).  The plaintiff bears the burden of
2  proving the causal connection between the infringement and the monetary remedy sought.
3  Polar Bear, 384 F.3d at 708.  While courts allow both direct and indirect evidence to
4  establish loss, they will "reject a proffered measure of damages if it is too speculative."
5  Mackie v. Rieser, 296 F.3d 909, 915 (9th Cir. 2002) (quotation and citation omitted).
6       Actual damages are generally determined by the loss in the fair market value of the
7  copyright, "measured by the profits lost due to the infringement or the value of the use of
8  the copyrighted work to the infringer."  Polar Bear, 384 F.3d at 708; see also Abend v.
9  MCA, Inc., 863 F.2d 1465, 1479 (9th Cir. 1988).  Under this approach, the plaintiff argues
10 that the fair market value of its work has been diminished because the infringement has
11 adversely affected its ability to exercise the exclusive rights granted in § 106 of the
12 Copyright Act.  Abend, 863 F.2d at 1479-80.  This market value approach requires "an
13 objective, not a subjective analysis."  Jarvis, 486 F.3d at 534 (citations and quotations
14 omitted).  In addition, "[e]xcessively speculative claims of damages are to be rejected."  Id.
15      The Ninth Circuit endorses a "fair market value" retroactive license fee as one
16 measure of actual damages.  See Polar Bear, 384 F.3d at 709.  "[I]n situations where the
17 infringer could have bargained with the copyright owner to purchase the right to use the
18 work, actual damages are what a willing buyer would have been reasonably required to pay
19 a willing seller for the plaintiff's work."  Jarvis, 486 F.3d at 533 (citations and quotations
20 omitted); see also Polar Bear, 384 F.3d at 708 (confirming "the value of the use of the
21 copyrighted work to the infringer" as among the actual damages available, and upholding
22 jury award of license where plaintiff's expert provided credible evidence in support of
23 awarded amount).
24      SAP argues that because of the causation requirement, analysis of actual damages
25 is a two-step process – first, determining whether the plaintiff would have made a sale (lost
26 profits) or licensed the use (hypothetical license) of the copyrighted work absent the
27 infringement; and second, determining the actual amount of the lost sale of licensed use.
28      SAP contends that the inquiry does not proceed to the second step unless and until

3

the first step is resolved, and asserts that it is only at this second step that the court applies the objective "willing buyer/willing seller" test to determine the amount of a hypothetical license.  Thus, SAP argues, a plaintiff is not entitled to actual damages in the form of a hypothetical license absent a showing that, but for the infringement, the parties would have agreed to a license.

Here, SAP argues, Oracle is not entitled to actual damages in the form of a hypothetical license because the undisputed facts show that Oracle never would have been willing to negotiate with its arch-rival SAP for the type of copyright license that Oracle has put at issue here.  SAP contends that these facts include testimony by Oracle executives, evidence of the parties' fierce competition, and the lack of evidence of any comparable past licenses granted by Oracle.

Moreover, SAP asserts, even had Oracle been willing to negotiate such a license, testimony from executives on both sides makes it clear that neither side could have agreed on the basis for negotiations or on the price, as they had vastly different views as to the basis of the negotiation, and thus, there never would have been a "meeting of the minds."

Oracle opposes SAP's motion, arguing that it is simply pursuing a permitted claim for the fair market value of the infringed works, in the form of a retroactive license fee based on the hypothetical license.

A plaintiff seeking to recover actual damages is not required to establish a precise value for the rights infringed, but rather need only present evidence sufficient to allow the jury to assess fair market value without "undue speculation."  See Polar Bear, 384 F.3d at 709.  As the "market value" approach requires an objective, not a subjective, analysis, see Jarvis, 486 F.3d at 534, Oracle in the present instance is not required to prove that it would have successfully negotiated a license with SAP, nor is it precluded from seeking license damages simply because it has never before licensed what SAP infringed.  See also On Davis v. The Gap, 246 F.3d 152, 171-72 (2nd Cir. 2001), (as "[t]he hypothesis of a negotiation between a willing buyer and a willing seller simply seeks to determine the fair market value of a valuable right that the infringer has illegally taken from the owner[,] . . .

4

[t]he usefulness of the test does not depend on whether the copyright infringer was in fact himself willing to negotiate for a license") (citation and quotation omitted).

Thus, the fact that the Oracle executives and the SAP executives testified to different views on the value of a potential license is not sufficient to remove a market value license from the damages available.  The court finds that Oracle should be permitted to present evidence regarding the fair market value of the copyrights that SAP allegedly infringed, including expert testimony based on established valuation methodology.  The question is not what Oracle would have charged for a license, "but what is the fair market value."  On Davis, 246 F.3d at 166, quoted in Jarvis, 486 F.3d at 534.  So long as "the amount is not based on 'undue speculation,'" the jury can consider evidence regarding a hypothetical lost license fee.  Polar Bear, 384 F.3d at 709 (citation and quotation omitted).

## CONCLUSION

In accordance with the foregoing, the court DENIES defendants' motion for partial summary judgment.  The objections to evidence are OVERRULED.

**IT IS SO ORDERED.**

Dated: January 28, 2010

PHYLLIS J. HAMILTON
United States District Judge