# EXHIBIT Q

Dockets.Justia.com

LEXSEE


Analysis
As of: Feb 23, 2010

JOSEPHINE REYNOSO; ERIC SANCHEZ; CHRISTOPHER SMITH; BETTY TAYLOR; FLOYD THOMAS; SCOTT TUDEHOPE; ANTELMO VILLANUEVA; JUAN VILLEGAS; MICHAEL VINTA; EMMANUEL VORGEAS; LARRY WALLS; ALEXANDER WARREN; DENNIS WEINTZ; JEREMY WILLIAMS; WALTER WILLIAMS, Sr., individually and on behalf of all others similarly situated, Appellants, v. CONSTRUCTION PROTECTIVE SERVICES, INC., a California corporation, Defendant-Appellee. MARGARET A. HOFFMAN, an individual, for herself and on behalf of all others similarly situated, Plaintiff, and DANIEL LOPEZ, Plaintiff-Appellant, v. CONSTRUCTION PROTECTIVE SERVICES, INC., a California corporation, Defendant-Appellee. MARGARET A. HOFFMAN, an individual, for herself and on behalf of all others similarly situated; DANIEL LOPEZ, Plaintiffs, and MIAN ALAM; GREAN RASHOD ANDERSON; PETER BAKER; ROBERT BOLDS; WILLIE BRACKENS; SANDRA BRATTON; ROBERT BRIGGS; MICHAEL BROWN; DANIEL BUERMAN; MARK BURNS; JEANNE BYRON; WILSON CAYLAN; JESUS CHACON; DOMINIC CLESCERI; ALEJANDRO COBIAN; SAMUEL CONSTON; DAVID CORDE; ALFREDO FERNANDEZ; CHRISTINE FLEMING; RUDY FLORES; JOSEPH GHATTAS; ADRIAN GRIFFIN; TIANNA HALE; MELISSA HALSELL; RALPH HARRIS; MICHAEL HAWKINS TREVOR JACOBS; LEON JOHNSON; ROBERT KIMES; TONIE KING DENNIS KJELDGAARD; JEMAL LILLY; ANDY MACGUIRE; FLOYD MASKER; JOSEPH MELERO; HERBERT MILLER; TYRONE MORRIS; CLARK MOSES; VERONIKA MULIPOLA; NEIL NELSON; ISIDRO OLIVARES; JESUS ORTIZ; PHILLIP OWINGS; TIMOTHY OWINGS; PAUL REICHERT; TOMMY REQUEJO; MARGARET A. HOFFMAN, an individual, for herself and on behalf of all others similarly situated, Plaintiff-Appellant, and DANIEL LOPEZ, Plaintiff, v. CONSTRUCTION PROTECTIVE SERVICES, INC., a California corporation, Defendant-Appellee. MARGARET A. HOFFMAN, an individual, for herself and on behalf of all others similarly situated, DANIEL LOPEZ, Plaintiffs-Appellants, v. CONSTRUCTION PROTECTIVE SERVICES, INC., a California corporation, Defendant-Appellee.

No. 06-56381, No. 06-56380, No. 06-56382, No. 07-55135

UNITED STATES COURT OF APPEALS FOR THE NINTH CIRCUIT

2008 U.S. App. LEXIS 19681

July 16, 2008, Argued and Submitted, Pasadena, California
September 16, 2008, Amended

**PRIOR HISTORY:** [*1] Appeal from the United States District Court for the Central District of California. D.C. No. CV-03-01006-VAP. Virginia A. Phillips, District Judge,

Page 1

Presiding.

Hoffman v. Constr. Protective Servs., 541 F.3d 1175, 2008 U.S. App. LEXIS 18859 (9th Cir. Cal., Sept. 4, 2008)

**DISPOSITION:** Affirmed.

**CASE SUMMARY:**

**PROCEDURAL POSTURE:** Appellants, lead plaintiffs and opt-in plaintiffs in an action alleging violations of the Fair Labor Standards Act and the California Labor Code, sought review of an order from the United States District Court for the Central District of California granting appellee employer's motion under Fed. R. Civ. P. 37(c)(1) to exclude damages evidence as a sanction for failure to disclose damage calculations under Fed. R. Civ. P. 26(a).

**OVERVIEW:** Prior to trial, the district court granted the employer's motion in limine to exclude evidence not produced pursuant to Rule 26 because the lead plaintiffs failed to disclose damage calculations either for each individual opt-in plaintiff other than themselves or for the group as a whole. Because the district court intended no further action, the court determined that it possessed jurisdiction over the evidentiary ruling as a final order under 28 U.S.C.S. § 1291. The court rejected the argument that the district court's failure to enforce C.D. Cal. Civ. R. 37-1 violated appellants' due process rights by denying them a meaningful opportunity to respond to the motion in limine. Appellants were provided with a copy of the motion as well as an opportunity to respond. Further, the employer's motion in limine was not a motion related to discovery for purposes of C.D. Cal. Civ. R. 37-1. Also, requiring a conference prior to the imposition of sanctions would be inconsistent with Rule 37(c)(1). The court concluded that the failure to disclose damages was not substantially justified or harmless.

**OUTCOME:** The court affirmed the district court's ruling.

**CORE TERMS:** opt-in, disclosure, discovery, failure to disclose, limine, substantially justified, harmless, pre-trial, exclude evidence, citation omitted, calculations, computation, disclose, sever, damages claimed, class action, evidentiary rulings, quotation marks omitted, information required, causes of action, individualized, undisclosed, precluding, disclosing, unsettled, scheduled

**LexisNexis(R) Headnotes**

*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
*Evidence > Procedural Considerations > Rulings on Evidence*
[HN1]Evidentiary rulings are reviewed for an abuse of discretion.

*Civil Procedure > Discovery > Disclosures > Sanctions*
*Civil Procedure > Appeals > Standards of Review > Abuse of Discretion*
[HN2]The appellate court gives particularly wide latitude to the district court's discretion to issue sanctions under Fed. R. Civ. P. 37(c)(1).

*Civil Procedure > Appeals > Appellate Jurisdiction > Final Judgment Rule*
[HN3]Preliminary evidentiary rulings are not final decisions reviewable under 28 U.S.C.S. § 1291. However, an order is final if the district court intended no further action.

*Constitutional Law > Bill of Rights > Fundamental Rights > Procedural Due Process > Scope of Protection*
[HN4]Due process requires notice and an opportunity to be heard at a meaningful time and in a meaningful manner.

*Civil Procedure > Pleading & Practice > Motion Practice > General Overview*
*Civil Procedure > Discovery > General Overview*
*Governments > Courts > Rule Application & Interpretation*
[HN5]C.D. Cal. Civ. R. 37-1 provides that prior to the filing of any motion relating to discovery pursuant to Fed. R. Civ. P. 26 to 37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible. To the extent that C.D. Cal. Civ. R. 37-1 applies, it must be consistent with--but not duplicate--federal statutes and rules. Fed. R. Civ. P. 83(a)(1).

*Civil Procedure > Discovery > Disclosures > Sanctions*
*Governments > Courts > Rule Application & Interpretation*

[HN6]Fed. R. Civ. P. 37(c)(1) provides that a party failing to provide information required by Fed. R. Civ. P. 26(a) or (e) is not allowed to use that information to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable.

*Civil Procedure > Discovery > Disclosures > Mandatory Disclosures*
*Civil Procedure > Discovery > Disclosures > Sanctions*

[HN7]Fed. R. Civ. P. 26(a)(1)(A)(iii) requires the disclosure of a computation of each category of damages claimed by the disclosing party. Fed. R. Civ. P. 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures in a timely manner when the prior response is incomplete or incorrect. Fed. R. Civ. P. 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Fed. R. Civ. P. 26 that is not properly disclosed. Under Fed. R. Civ. P. 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless.

*Civil Procedure > Discovery > Disclosures > Sanctions*

[HN8]Fed. R. Civ. P. 37(c)(1) has been described as a self-executing, automatic sanction to provide a strong inducement for disclosure of material. The implementation of the sanction is appropriate even when a litigant's entire cause of action will be precluded.

**COUNSEL:** Gregory G. Petersen (briefed and argued) and Susan M. Wilson (briefed), Jackson, Demarco, Tidus & Peckenpaugh, Irvine, California, for the appellants.

Jim D. Newman, Knee, Ross & Silverman LLP, Los Angeles, California, for the appellee.

**JUDGES:** Before: Barry G. Silverman, Johnnie B. Rawlinson, and Milan D. Smith, Jr., Circuit Judges.

**OPINION BY:** Johnnie B. Rawlinson

**OPINION**

**AMENDED OPINION**

RAWLINSON, Circuit Judge:

In this opinion, we resolve whether the district court erred in precluding the admission of evidence regarding damages as a sanction under Federal Rule of Civil Procedure (Rule) 37 for failure to disclose damage calculations under Rule 26(a). We conclude that the district court did not abuse its discretion and affirm on this issue. The remaining issues in this case are resolved in a contemporaneously filed memorandum disposition.

I.

BACKGROUND

Appellants Margaret Hoffman and Daniel Lopez were the lead plaintiffs in an action brought against Appellee Construction Protective Services, Inc. (CPS), alleging a violation of the Fair Labor Standards [*2] Act (FLSA), and various provisions of the California Labor Code. An opt-in class was created under provisions of the FLSA, resulting in the Opt-In Plaintiffs joining the lawsuit.

Although the parties proceeded with conducting discovery, at no time prior to trial did Hoffman and Lopez disclose damage calculations either for each individual Opt-In Plaintiff other than themselves or for the group as a whole. Prior to trial, CPS filed a motion *in limine* to exclude evidence not produced pursuant to Rule 26.

At the pre-trial conference, the court was expecting to proceed to trial on the claims of approximately sixty-six plaintiffs, including the Opt-In Plaintiffs. The number of plaintiffs concerned the court, a concern that grew as the court began to realize that Hoffman and Lopez's counsel did not have a solid understanding of his clients' damages.

Based on the confusion over damages and the court's concerns, the court decided to take the motion *in limine* to exclude evidence under submission. The court was then presented with an oral motion to sever Hoffman's and Lopez's claims from those of the Opt-In Plaintiffs and allow the trial to proceed as scheduled on the severed claims. The court [*3] continued the pre-trial conference to allow the parties to determine whether the case could

be tried as scheduled.

Three days later, the court reconvened the pre-trial conference. The court began by noting its decision to exclude from trial all evidence of damages not relating to Hoffman and Lopez. The court then determined that it would be appropriate to sever Hoffman's and Lopez's claims from those of the Opt-In Plaintiffs due to potential factual differences relating to the claims brought under California law.

The court issued a written ruling on February 21, 2006. Its conclusions were consistent with the rulings made at the pre-trial conference, including the exclusion of damages evidence. The court made no mention of the severance or its potential effect on the upcoming trial. Trial began the same day, with the jury ultimately returning partial verdicts in favor of Hoffman and Lopez.

Hoffman, Lopez and the Opt-In Plaintiffs (collectively, Plaintiffs) appeal the exclusion of damages evidence and the award of attorney's fees.

II.

STANDARDS OF REVIEW

[HN1]Evidentiary rulings are reviewed for an abuse of discretion. *Engquist v. Oregon Dept. Of Agric.*, 478 F.3d 985, 1008 (9th Cir. 2007). Additionally, [*4] [HN2]"we give particularly wide latitude to the district court's discretion to issue sanctions under Rule 37(c)(1)." *Yeti by Molly, Ltd. v. Deckers Outdoor Corp.*, 259 F.3d 1101, 1106 (9th Cir. 2001) (citation omitted).

III.

DISCUSSION

A. Jurisdiction

We note at the outset that we have jurisdiction over this appeal. Prior to oral argument, our jurisdiction was not clear. *See McSherry v. Long Beach,* 423 F.3d 1015, 1022 (9th Cir. 2005), *as amended* (citations omitted) ([HN3]"[P]reliminary evidentiary rulings are not final decisions reviewable under 28 U.S.C. § 1291."). However, at oral argument, counsel for Appellants provided this court with a minute order from the district court closing the case effective September 1, 2006. We possess jurisdiction over the evidentiary ruling as a final order of the district court. *See* 28 U.S.C. § 1291; *see also Nat'l Distribution Agency v. Nationwide Mut. Ins. Co.,* 117 F.3d 432, 434 (9th Cir. 1997) (providing that an order is final if the district court intended no further action).

B. Due Process

Plaintiffs argue that the district court's failure to enforce Local Rule 37-1 violated their due process rights by denying them a meaningful opportunity to respond to CPS's [*5] motion *in limine.* However, Plaintiffs were provided with a copy of the motion as well as an opportunity, which was taken, to file a brief in opposition and argue the motion before the district court. The basic requirements of due process were satisfied. *See generally, Schneider v. San Diego,* 28 F.3d 89, 92 (9th Cir. 1994), *as amended* (stating that [HN4]due process requires "notice and an opportunity to be heard at a meaningful time and in a meaningful manner") (citation and internal quotation marks omitted).

No pre-motion meeting was required in this instance. [HN5]Local Rule 37-1 provides: "Prior to the filing of any motion relating to discovery pursuant to F.R.Civ.P. 26-37, counsel for the parties shall confer in a good faith effort to eliminate the necessity for hearing the motion or to eliminate as many of the disputes as possible." To the extent that Local Rule 37-1 applies, it must "be consistent with--but not duplicate--federal statutes and rules." Fed. R. Civ. P. 83(a)(1).

[HN6]Rule 37(c)(1) provides that a party failing to provide information required by Rule 26(a) or (e) "is not allowed to use that information . . . to supply evidence on a motion, at a hearing, or at a trial, unless the failure [*6] was substantially justified or is harmless." As such, CPS's motion *in limine* was not a motion "relating to discovery pursuant to [Rules] 26-37." Local Rule 37-1. Rather, it was a motion relating to sanctions pursuant to Rule 37. Any local rule requiring a conference prior to the court's imposition of sanctions under Rule 37(c) would be inconsistent with Rule 37(c) and, therefore, unenforceable.

C Granting of Motion In Limine To Exclude Evidence of Undisclosed Damages

[HN7]Rule 26(a)(1)(A)(iii) requires the disclosure of "a computation of each category of damages claimed by the disclosing party." Rule 26(e)(1)(A) requires disclosing parties to supplement their prior disclosures

"in a timely manner" when the prior response is "incomplete or incorrect." "Rule 37(c)(1) gives teeth to these requirements by forbidding the use at trial of any information required to be disclosed by Rule 26(a) that is not properly disclosed." Yeti, 259 F.3d at 1106 (footnote reference omitted).

Under Rule 37, exclusion of evidence not disclosed is appropriate unless the failure to disclose was substantially justified or harmless. Id. at 1106. Plaintiffs assert that they were substantially justified in failing to disclose [*7] damage computations for each opt-in plaintiff because the law is unsettled as to the obligation to disclose such information on an individual basis in FLSA opt-in class of actions. Although the district court accepted Plaintiffs' argument that the right to individualized discovery in this context remains unsettled, *compare* Adkins v. Mid-American Growers, Inc., 143 F.R.D. 171, 174 (N.D. Ill. 1992) (precluding individual discovery in FLSA case as inappropriate under the circumstances) *with* Krueger v. N.Y. Tel. Co., 163 F.R.D. 446, 451 (S.D.N.Y. 1995) (permitting individualized discovery relating to damages in opt-in class action), their argument ignores the fact that each individual opt-in plaintiff was also proceeding on multiple state law causes of action that were not included in the class action. As to those causes of action, Plaintiffs have cited no case, and there appears to be none, to support the argument that disclosure on an individual basis was not required. *Cf.* Fed. R. Civ. P. 26(a)(1)(A)(iii) (requiring disclosure by each party of "a computation of each category of damages claimed"). Disclosure of damage calculations was mandated under Rule 26(a) and the Opt-In Plaintiffs' [*8] failure to disclose was not substantially justified.

Plaintiffs argue in the alternative that any failure to disclose was harmless because of the district court's decision to sever the claims of the Opt-In Plaintiffs. We disagree. Later disclosure of damages would have most likely required the court to create a new briefing schedule and perhaps re-open discovery, rather than simply set a trial date. Such modifications to the court's and the parties' schedules supports a finding that the failure to disclose was not harmless. *See* Wong v. Regents of the Univ. of Cal., 410 F.3d 1052, 1062 (9th Cir. 2005), *as amended*. It was eminently reasonable for the court to require full disclosure of damages for the entire case.

Finally, we reject the notion that the district court was required to make a finding of willfulness or bad faith to exclude the damages evidence. To the contrary, [HN8]the portion of Rule 37 relied on by the district court has been described as "a self-executing, automatic sanction to provide a strong inducement for disclosure of material." Yeti, 259 F.3d at 1106 (citation, alterations and internal quotation marks omitted). The implementation of the sanction is appropriate "even when [*9] a litigant's entire cause of action . . . [will be] precluded." *Id.* (citation omitted). Because the district court acted within its discretion when it precluded presentation of undisclosed evidence of damages, we affirm the ruling of the district court.

**Affirmed.**