# EXHIBIT W

Case4:07-cv-01658-PJH   Document641-24   Filed03/03/10   Page2 of 11

# FLETCHER CYCLOPEDIA

## OF THE LAW OF

# CORPORATIONS

**WILLIAM MEADE FLETCHER**

2006 REVISED VOLUME

By CAROL A. JONES, J.D.

**VOLUME 1**


THOMSON
WEST

*For Customer Assistance Call 1-800-328-4880*

Mat #40400256

participating shareholder also is guilty.[9] Violations of penal laws are governed by the same principles, and each violator may be liable.[10]

## § 35 Distinctness of corporate entity—Domicile, residence or citizenship

**Research References**

West's Key Number Digest, Corporations ⚖︎1.3

Because a corporation is an entity distinct from its officers, directors and shareholders, the residence of its officers, directors or shareholders does not determine the domicile, citizenship or residence of the corporation.[1] The citizenship, domicile and residence of corporations is fully addressed in another chapter of this treatise.[2]

## § 36 Distinctness of corporate entity—Litigation by and against corporation or its members

**Research References**

West's Key Number Digest, Corporations ⚖︎1.3

The capacity of suing and being sued in its own name is

---

[9]**Conn.**—State v. Picheco, 2 Conn Cir 584, 203 A2d 242 (conviction of majority shareholder and officer who controlled corporation and was its alter ego).

**N.Y.**—People v. Trapp, 20 NY2d 613, 286 NYS2d 11, 233 NE2d 110 (sustaining conviction of principal shareholder and president for failure to make corporate payments in violation of statute).

**Tenn.**—Bookout v. City of Chattanooga, 59 Tenn App 576, 442 SW2d 658 (conviction for violating Sunday ordinance where defendant owned and operated corporation).

**Wash.**—One who is the president, managing officer, and owner of practically all of the capital stock may be criminally liable for a misappropriation of money by the corporation. State v. Thomas, 123 Wash 299, 212 P 253.

[10]**Ill.**—Chicago Union Traction Co. v. City of Chicago, 199 Ill 579, 65 NE 470.

[Section 35]

[1]**Iowa**—Home Savings & Loan Ass'n v. Iowa City Inn, Inc., 152 NW2d 588 (Iowa).

**Mo.**—City of St. Loius v. Wiggins Ferry Co., 40 Mo 580; State v. Miller, 217 Mo App 16, 272 SW 1066.

[2]Citizenship, domicile, residence and habitancy of corporations, see ch 48; choice of law for corporate issues and the internal affairs doctrine, see § 4223.50.

§ 36                                        FLETCHER CYCLOPEDIA CORPORATIONS

one of the corporate attributes.[1] Accordingly, subject to some exceptions, a shareholder must sue only on rights pertaining to that shareholder as an individual and the corporation only on rights belonging to it.[2] Actions by and against corporations are covered in another chapter of this treatise.[3] The distinction between direct shareholder actions and shareholder derivative actions is also addressed elsewhere in this treatise.[4] Shareholder derivative actions themselves also are covered in detail elsewhere in this treatise.[5] The rule barring suits by shareholders individually where the rights sued upon belong to the corporation also applies equally where all the stock in the corporation is held by one person or a small number of people.[6] The rule applies even where the corporation is a Subchapter S corporation, since that status pertains only to a corporation's and shareholder's tax liability and does not affect the general law of corporations.[7] Similarly, while shareholders and directors have the right to "take action" on the corporation's behalf, that does not entitle those persons to practice law on behalf of the corporation because the corporation is a separate legal entity that cannot appear on its behalf through an agent other than an attorney.[8] An action or suit should be brought by the corporation or by the member, whichever has the right of action, and against the one or the other, whichever is liable, and it should be in the name of the proper party plaintiff and name

---

[Section 36]

[1]**U.S.**—Loyd v. Paine Webber, Inc., 208 F3d 755 (CA9 2000).

    **Ill.**—A corporation is a legal entity, separate and distinct from its shareholders, officers and directors, and generally must be sued in its own name and not in the name of its shareholders, officers or directors. Goulding v. Ag-Re-Co, Inc., 233 Ill App 3d 867, 599 NE2d 1094 (1992).

    **Md.**—Llewellyn v. Queen City Dairy, Inc., 187 Md 49, 48 A2d 322, quoting this treatise.

[2]**Md.**—Llewellyn v. Queen City Dairy, Inc., 187 Md 49, 48 A2d 322, quoting this treatise.

[3]See ch 51.

[4]See §§ 5907 et seq.

[5]See §§ 5939 et seq.

[6]Effect of ownership of all the stock or a controlling interest, see § 5910.

[7]**Mont.**—Gullett v. Van Dyke Construction Co., 327 Mont 30, 111 P3d 220 (Mont 2005).

    **Tenn.**—Hadden v. City of Gatlinburg, 746 SW2d 687 (Tenn 1988).

    Taxation of S corporations, see §§ 6970.191; taxation of corporations generally, see ch 14A.

[8]Requirement that corporation conduct and defend litigation through an attorney, see § 4217.

the proper defendant, in order to obtain judgment in accordance with the right.[9] While it is true that an individual cannot sue him or herself, shareholders of a corporation may sue the corporation, or be sued by it, since the corporation and its shareholders are not in any legal sense the same.[10]

In accordance with these principles, a shareholder cannot toll statutory time requirements by commencing an action that requires enforcement of a right by the corporation.[11] So a shareholder has no capacity to sue or to maintain a counterclaim or a third-party claim as an individual on a derivative claim even though that shareholder is a sole or principal shareholder of the corporation.[12] Nor does a corporation have independent standing to sue for injuries done to a sister or subsidiary corporation, despite the fact that their businesses are intertwined and the success of one is dependent on that of the other.[13] Suits cannot be brought

---

[9]**Ala.**—Alabama Independent Service Station Ass'n v. McDowell, 242 Ala 424, 6 So 2d 502.

**Md.**—Llewellyn v. Queen City Dairy, Inc., 187 Md 49, 48 A2d 322, quoting this treatise.

Pleadings in actions by and against corporations, see §§ 4482 et seq.; naming parties in shareholder derivative suits, see § 6004.

[10]**U.S.**—Culbertson v. Wabash Nav. Co., 4 McLean 544, Fed Cas No. 3, 464.

**Ga.**—Commonwealth United Corp. v. Rothberg, 221 Ga 175, 143 SE2d 741 (action by majority shareholder against corporation).

**Nev.**—Seaborn v. Wingfield, 56 Nev 260, 48 P2d 881.

**S.C.**—Todd v. Zaldo, 304 SC 275, 403 SE2d 666 (SC App 1991); Waring v. Catawba Co., 2 Bay 109.

**Tex.**—Evans v. General Ins. Co. of America, 390 SW2d 818 (Tex Civ App) (suit by president-majority shareholder against corporation for personal injuries).

**Vt.**—Rogers v. Danby Universalist Society, 19 Vt 187.

Actions by and against corporations generally, see ch 51.

[11]**Okla.**—Garrett v. Downing, 185 Okla 77, 90 P2d 636.

[12]**U.S.**—Shareholders who had personally guaranteed corporation's debts could not, on suit by creditor, counterclaim as shareholders, although they were permitted to counterclaim as guarantors of an insolvent principal. Continental Group, Inc. v. Justice, 536 F Supp 658 (D Del 1982), citing this treatise.

**Alaska**—Guarantors, as shareholders and officers of a corporation, have no right to assert a corporation's counterclaims on their own behalf. Arctic Contractors, Inc. v. State, 573 P2d 1385 (Alaska), quoting this treatise.

**N.Y.**—Rogers v. Ciprian, 26 AD3d 1, 805 NYS2d 36 (2005); Valmart Food Buying Service, Inc. v. Sterngass, 30 AD2d 551, 290 NYS2d 671.

[13]**U.S.**—Picture Lake Camp-

§ 36     FLETCHER CYCLOPEDIA CORPORATIONS

by or against the individual shareholders on the corporation's contract, but must be brought by or against the corporation.[14] It is equally true that a shareholder's contract is not the contract of the corporation, on which it must sue and the shareholder cannot.[15] The same rule applies to torts[16] and to the elements of damages.[17]

Shareholders are not parties to an action by or against the corporation alone,[18] nor is it a party because they are.[19] A suit brought against the shareholders or the corporation

---

ground, Inc. v. Holiday Inns, Inc., 497 F Supp 858 (ED Va 1980).

Document obtained from subsidiary could not be used as admission against parent absent showing that corporations should be regarded as identical. Zenith Radio Corp. v. Matsushita Elec. Industrial Co., Ltd., 505 F Supp 1190 (ED Pa 1980).

[14]**U.S.**—Boatright v. Steinite Radio Corp., 46 F2d 385.

Distinctness of corporate entity respecting contracts and obligations, see § 29.

[15]**U.S.**—Camp v. Gress, 250 US 308, 63 L Ed 997, 39 S Ct 478, revg in part 244 F 121.

**Neb.**—Cooper v. Bane, 110 Neb 74, 196 NW 119 (single principal-shareholder-director and president of banking corporation as not corporation itself).

**Tex.**—Heinrichs v. Evins Personnel Consultants, Inc., 486 SW2d 935 (Tex).

[16]**Cal.**—Washburn v. Wright, 261 Cal App 2d 789, 68 Cal Rptr 224 (alleged libel or defamation of officers or members only in their personal capacity).

**N.C.**—R.H. Bouligny, Inc. v. United Steelworkers of America, 270 NC 160, 154 SE2d 344 (corporation not to maintain action for damages for libel or slander of its shareholders, officers, employees or representatives).

**Tex.**—R.G. Dun & Co. v. Shipp, 91 SW2d 330 (Tex Com App); Paramount Famous Lasky Corp. of New York v. Stinnett, 17 SW2d 125 (Tex Civ App) (injury to corporation by combination in restraint of trade as not to shareholders suing in own names).

[17]**Ind.**—Additional expenses incurred by corporation by reason of a shareholder-employee's absence due to injury allegedly caused by a third person are not admissible as an element of damages in the shareholder-employee's action for personal injuries against the third person. Terry v. Yancey, 344 F2d 789; Benson v. Warble, 146 Ind App 307, 255 NE2d 230.

**S.C.**—Todd v. Zaldo, 304 SC 275, 403 SE2d 666 (SC App 1991).

[18]**Colo.**—Ballas v. Cladis, 167 Colo 248, 447 P2d 224.

**N.Y.**—H.D.S. Mercantile Corp. v. Monet Fashions, Inc., 37 Misc 2d 82, 234 NYS2d 547.

Shareholders of parent corporation are not proper parties, let alone necessary parties, in a cause of action by union alleging fraudulent conveyance by which all of a subsidiary's assets allegedly were encumbered, without consideration, in order to finance a cash distribution to shareholders of the parent thereby leaving the subsidiary insolvent, or with unreasonably small

generally does not affect the other.[20] Whether a nonprofit or other corporation, apart from its members, has standing to challenge the constitutionality of a statute generally depends upon whether the corporation itself has any legal interest affected by the statute.[21] Two corporations may be adverse in litigation though they have the same members.[22]

Ordinarily, shareholders or members are not proper coparties with a corporation unless they have an interest as such or are the real parties in interest.[23]

The distinctness of the corporation from its members and

---

capital. International Ass'n of Machinists & Aerospace Workers v. Allegis Corp., 144 Misc 2d 983, 545 NYS2d 638 (1989).

**N.C.**—Troy Lumber Co. v. Hunt, 251 NC 624, 112 SE2d 132.

[19]**U.S.**—Looney v. Thorpe Bros., 277 F 367.

**Fla.**—Friedus v. Friedus, 89 So 2d 604 (Fla); Turner v. Turner, 175 So 2d 47 (Fla App).

**N.Y.**—Stuart v. Mechanics' & Farmers' Bank, 19 Johns 496.

**Vt.**—Searsburgh Turnpike Co. v. Cutler, 6 Vt 315.

[20]**Ga.**—The pendency of an action against one corporation is not ground for abatement of any action by the same plaintiff on the same cause of action against another corporation in which the petition alleges that the latter corporation owns and operates the former one. Confectioneries Corp. v. Hanie, 26 Ga App 779, 107 SE 349.

**Tenn.**—Lillard v. Porter, 2 Head 177.

[21]**Minn.**—Minnesota Ass'n of Public Schools v. Hanson, 178 NW2d 846 (Minn) (nonprofit corporation as not to have standing in declaratory judgment action).

[22]**Ark.**—G.W. Jones Lumber Co. v. Wisarkana Lumber Co., 125 Ark 65, 187 SW 1068.

**S.C.**—Todd v. Zaldo, 304 SC 275, 403 SE2d 666 (SC App 1991).

[23]**U.S.**—Wilhelm v. Consolidated Oil Corp., 11 F Supp 444.

Nonprofit corporation composed of dues-paying members who resided and owned property in local area had standing, as authorized spokesman for its individual members, to sue to protect their interests. Citizens Ass'n of Georgetown v. Simonson, 403 F2d 175.

Shareholders (other corporations) may be real parties in interest in a suit brought by the corporation for specific performance. Indian Territory Illuminating Oil Co. v. Bartlesville Zinc Co., 288 F 273.

A controlling corporate shareholder which owns the majority interest is not a necessary party to a suit against the subsidiary corporation; but is indispensable to an injunction from voting its stock for a proposed consolidation. General Inv. Co. v. Lake Shore & M.S. Ry. Co., 250 F 160, affg 226 F 976, which was affd 260 US 261, 67 L Ed 244, 43 S Ct 106.

**Ala.**—King v. Coosa Valley Mineral Products Co., 283 Ala 197, 215 So 2d 275 (shareholders as not necessary parties).

**N.Y.**—Ginas v. Loew's Inc., 190 Misc 884, 75 NYS2d 421.

**N.D.**—Sole shareholder was

they from it applies in the service of process or other procedure to obtain jurisdiction.[24] Thus, under the "fiduciary

---

not entitled to appear through its attorney on behalf of corporation which was in receivership and represented by counsel. Phillips-Van Huesen Corp. v. Shark Bros., Inc., 289 NW2d 216 (ND).

**Okla.**—Shareholders of a corporation are not necessary parties to its suit on its cause of action, although if successful it will pay the proceeds to them. Burke Grain Co. v. Stinchcomb, 70 Okla 89, 173 P 204.

**Tex.**—Even though an individual owns all of the corporate stock, it is not necessary that he be joined as a party plaintiff or defendant. Fox v. Robbins, 62 SW 815 (Tex Civ App).

[24]**U.S.**—Lamar v. National Basketball Ass'n, 468 F Supp 1198 (SD NY 1979) (applying New York law); Navios Corp. v. National Maritime Union of America, 289 F Supp 197 (nonresident parent corporation as not subject to jurisdiction in state in which subsidiary does business).

Parent company not doing business in state cannot be sued in state by service of process on subsidiary doing business in state. McLean v. Goodyear Tire & Rubber Co., 85 F2d 150, cert den 299 US 600, 81 L Ed 442, 57 S Ct 193.

The holding corporation is not, by reason of its holding, doing business in the state where the held corporation operates, so as to be servable there with process, even though they have the same officers and agents. Cannon Mfg. Co. v. Cudahy Packing Co., 292 F 169, affd 267 US 333, 69 L Ed 634, 45 S Ct 250; Industrial Research Corp. v. General Motors Corp., 29 F2d 623; Atchison, T.&S.F.R. Co. v. Weeks, 248 F 970, 978.

Shareholders cannot be served by publication by virtue of the fact that the court has custody of property belonging to the corporation. Eichelberger v. Arlington Bldg., Inc., 280 F 997.

An individual may have his corporation's contacts with the forum attributed to him only if there is an alter ego relationship between the two that justifies a court in disregarding the separate corporate entity. Bamford v. Hobbs, 569 F Supp 160 (SD Tex 1983).

Activities of corporate officer in New York on behalf of Canadian corporations did not constitute transaction of business by him individually as would sustain extraterritorial service under New York nondomiciliary statute. United States v. Montreal Trust Co., 235 F Supp 345.

Court would not look behind incorporation of alien corporation in Panama to determine whether it was owned by American interests, since this also would be immaterial for diversity purposes. Mazzella v. Pan Oceanic A/S Panama, 232 F Supp 29.

**Cal.**—Absent an alter-ego relationship, service on the corporation does not constitute service on the individual shareholder or officer. Ikerd v. Warren T. Merrill & Sons, 9 Cal App 4th 1833, 12 Cal Rptr 2d 398 (1992).

**Del.**—Pauley Petroleum, Inc. v. Continental Oil Co., 231 A2d 450 (Del Ch).

**Fla.**—Meiselman v. McK-

shield doctrine," contacts as a corporate representative on corporate business do not give rise to personal jurisdiction over the individual.[25] Thus, absent allegations that an officer or director has personally committed a tort or caused a tortious injury, personal jurisdiction over a fiduciary cannot be based on the officer's or director's activities as an officer or director within the forum.[26]

### § 37 Distinctness of corporate entity—Setoffs and counterclaims

**Research References**

West's Key Number Digest, Corporations ⇨1.3, 1.6(3)

It is the essence of setoffs and counterclaims[1] that they be mutual as between the parties, and therefore, claims against shareholders cannot be set off against a corporation, and vice versa,[2] except where the corporation may be justly

---

night, 226 So 2d 437 (Fla App).

**N.Y.**—Fact that nonresident is a controlling shareholder in a foreign corporation doing business in New York is insufficient to subject the nonresident, as an individual, to in personam jurisdiction under New York long-arm statute in absence of showing which will justify piercing the corporate veil. Ferrante Equipment Co. v. Lasker-Goldman Corp., 26 NY2d 280, 309 NYS2d 913, 258 NE2d 202.

Lamar v. National Basketball Ass'n, 468 F Supp 1198 (SD NY 1979).

**Tex.**—Where suit was filed against mortgage company as a corporation and individual was served only as officer thereof, the individual doing business as a mortgage company by same name was not served and was not made party to the suit. National Homes Corp. v. Champion, 433 SW2d 244 (Tex Civ App).

Piercing the corporate veil for purposes of jurisdiction, see § 43.70; jurisdiction in actions by and against corporations, see §§ 4297 et seq.; service of process in actions by and against corporations, see §§ 4398 et seq.; jurisdiction in shareholder derivative suits, see §§ 5986 et seq.; jurisdiction over foreign corporations, see §§ 8636; service of process on foreign corporations, see §§ 8695 et seq.

[25]Fiduciary shield doctrine, see §§ 1296.20, 8642.

[26]Fiduciary shield doctrine, see §§ 1296.20, 8642.

Participation in tort as essential to liability of director or officer, see § 1137.

[Section 37]

[1]Counterclaims and setoffs generally, see §§ 4291 et seq.

[2]**Cal.**—Potts v. First City Bank, 7 Cal App 3d 341, 86 Cal Rptr 552 (bank as not entitled to offset loan to shareholders against corporation); Bley v. Ad-Art, Inc.,

1384

# FLETCHER CYCLOPEDIA OF THE LAW OF CORPORATIONS

**WILLIAM MEADE FLETCHER**

2009-2010 Cumulative Supplement

*By The Publisher's Editorial Staff*

## INSERT IN POCKET OF VOLUME 1

This Cumulative Supplement Covers Reported Cases Through:
129 S Ct 1936; 556 F3d 1381; 596 F Supp 2d 1379; 965 A2d 1290; 61 Cal Rptr 3d 928; 854 NYS2d 921; 900 NE2d 1292; 761 NW2d 927; 201 P3d 1290; 673 SE2d 849; 2 So 3d 1293; 276 SW3d 930; 44 ALR6th 746.

**WEST®**
A Thomson Reuters business

*For Customer Assistance Call 1-800-328-4880*

IT-1

Mat #40867326

*After note 15 add:*

Under the direct participant theory of liability, where there is sufficient evidence to show that a parent corporation directed or authorized the manner in which an activity is undertaken, a duty may arise to utilize reasonable care in directing or authorizing the manner in which that activity is undertaken.[15.20] Accordingly, a parent corporation can be held liable if, for its own benefit, it directs or authorizes the manner in which its subsidiary's budget is implemented, surpassing the control exercised as a normal incident of ownership and disregarding the discretion and interests of the subsidiary, and thereby creating dangerous conditions.[15.30] Under the direct participant theory of liability, if a parent corporation mandates an overall course of action for a subsidiary and then authorizes the manner in which specific activities contributing to that course of action are undertaken, it can be liable for foreseeable injuries.[15.40] The key elements to the application of direct participant liability are a parent corporation's specific direction or authorization of the manner in which an activity is undertaken and foreseeability; if a parent corporation specifically directs an activity, where injury is foreseeable, that parent could be held liable.[15.50]

---

[15.20]**Ill.**—Forsythe v. Clark USA, Inc., 224 Ill 2d 274, 864 NE2d 227 (2007).

[15.30]**Ill.**—Forsythe v. Clark USA, Inc., 224 Ill 2d 274, 864 NE2d 227 (2007).

[15.40]**Ill.**—Forsythe v. Clark USA, Inc., 224 Ill 2d 274, 864 NE2d 227 (2007).

[15.50]**Ill.**—Forsythe v. Clark USA, Inc., 224 Ill 2d 274, 864 NE2d 227 (2007).

### § 36 Distinctness of corporate entity—Litigation by and against corporation or its members

*n. 2.*

**Okla.**—State ex rel. Christian v. McCauley, 193 P3d 615 (Okla Civ App 2008).

*n. 20.*

**Mont.**—Johnson v. Booth, 343 Mont 268, 184 P3d 289 (Mont 2008) (in action against corporation, stockholders generally may not defend for the corporation; corporation itself must defend).