# JONES DAY

717 TEXAS • SUITE 3300 • HOUSTON, TEXAS 77002-2712

TELEPHONE: (832) 239-3939 • FACSIMILE: (832) 239-3600

Direct Number: (832) 239-3721
swcowan@jonesday.com

March 3, 2010

The Honorable Elizabeth D. Laporte
United States Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** *Oracle USA, Inc., et al. v. SAG AG, et al.;* **No. 07-CV-1658 PJH (EDL)**
**Defendants' Objections Under the Stipulated Protected Order to Plaintiffs' Disclosure of Highly Confidential and Confidential Information to Plaintiffs' Proposed Experts Christian Hicks and Elysium Digital, LLC**

Dear Judge Laporte:

      Pursuant to Paragraph 12 of the Stipulated Protective Order (Doc. # 32) ("SPO"), Defendants SAP AG, SAP America, and TomorrowNow, Inc. file this letter brief objecting to Plaintiffs' disclosure of any materials designated Highly Confidential and Confidential Information by Defendants in this case to Christian B. Hicks ("Hicks"), President of Elysium Digital, LLC ("Elysium"), and Elysium.

      SAP has engaged Hicks and Elysium as consultants for SAP on a confidential basis in at least two other matters, one which involved the review and analysis of SAP's confidential and proprietary source code and the other which is still active. Through a meet and confer, Defendants sought assurances from Plaintiffs that none of the work they seek from Hicks or Elysium will relate to SAP's software or source code, which everyone agrees is not at issue in this case (as opposed to TomorrowNow's work on Oracle products, which is at issue). Initially, Defendants believed that the meet and confer process was productive. And, thus earlier today Defendants' withdrew their objections based on their understanding that Plaintiffs' engagement of Hicks and Elysium did not relate in any way to SAP's source code or software. However, mid-day today, Plaintiffs equivocated on their earlier assurances. Defendants then promptly responded requesting immediate confirmation whether Plaintiffs' engagement of Hicks and Elysium is intended to relate in any way to any SAP software or source code. Plaintiffs have yet to respond. Given the late hour, Defendants are filing this letter brief out of an abundance of caution to reassert and preserve their objections as to Hicks and Elysium.

      Hopefully, the Parties can work out any remaining issues before Plaintiffs' response to this letter brief is due. If so, then Defendants will withdraw this brief. If not, the following provides the basis for the very simple relief Defendants request.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Dockets.Justia.com

The Honorable Elizabeth D. Laporte
March 3, 2010
Page 2

**Relief Requested and Relevant Background**

Defendants seek an order that SAP's Highly Confidential or Confidential information shall not be disclosed to Hicks and Elysium unless and until Plaintiffs confirm[1] that Plaintiffs' engagement of Hicks and Elysium will not relate to any of SAP's software or source code.

Prior to showing any materials designated as Highly Confidential or Confidential by the opposing side to a consultant in this case, under Paragraph 12 of the SPO, the consultant must be disclosed to the other side, and the other side may object to the disclosure of such materials to that expert. On Monday February 22, Plaintiffs gave notice of their intent to show materials designated as Highly Confidential or Confidential to Hicks of Elysium[2] and Dr. Edward Felten of Princeton University. On Friday February 26, Defendants timely objected to the disclosure of Defendants' Highly Confidential and Confidential information to these experts because Defendants had a good faith basis to believe that Hicks, Elysium and possibly Dr. Felten had a conflict of interest in performing any consulting work for Plaintiffs in this case.[3]

As noted above, the objection to Hicks and Elysium is based on the fact that they have been engaged in other confidential matters for SAP for which SAP has paid Elysium six figure sums. Without disclosing the confidential details of those engagements, the work relates to SAP's software as well as analyzing SAP's source code in one of the matters.[4]

On Monday March 1, the parties met and conferred by phone. Both parties agreed that this case is not about SAP source code. Defendants also reasonably believed that there was an agreement that Plaintiffs would not ask Hicks and Elysium to engage in work that would relate to any SAP software products, and, on that basis, informed Plaintiffs earlier today that Defendants were withdrawing their objections. Plaintiffs responded mid-day today, suggesting that Defendants' understanding was not completely correct and requesting that Defendants provide information relating to the specific SAP products that Hicks and Elysium may have worked on for SAP. Defendants promptly responded stating, among other things, that "if Plaintiffs' engagement of Mr. Hicks and Elysium is intended to relate in any way to any SAP software or source code, then Plaintiffs need to immediately be candid and disclose that fact, so that

---

[1] In separate discussions, Hicks, on behalf of himself and Elysium, indicated that they intend to comply with all applicable agreements with SAP. However, Plaintiffs have not given this same clear assurance, and, without this assurance, Defendants cannot consent to withdrawing the conflict of interest objection.

[2] In general, Elysium's services involve offering comprehensive technology-related intellectual property consulting services and providing expert testimony on computer science and computer forensics related issues. *See* http://www.elys.com/.

[3] It is Defendants' understanding that Dr. Felten is a consultant for Elysium. However, because Dr. Felton provided oral and written assurances that he never performed any work for SAP, Defendants have withdrawn and do not reassert their objection as it applied to him.

[4] Defendants are willing to submit detailed information regarding these engagements via a separate *in camera* submission if requested by the Court.

JONES DAY

The Honorable Elizabeth D. Laporte
March 3, 2010
Page 3


Defendants can timely reassert their objection and proceed accordingly with the letter briefing process." Plaintiffs have yet to respond to that communication.

### Defendants Request This Court To Compel Adequate Assurances From Plaintiffs

Because no SAP software or source code is at issue in this litigation, Defendants are confused by Plaintiffs failure to clearly confirm that their proposed engagement of Hicks and Elysium in this matter will not conflict with the current and prior work performed by Hicks and Elysium for SAP. SAP cannot disclose the full nature of these confidential engagements without mooting the purpose of their objection, but can affirmatively represent that they relate to SAP software and source code.

To be clear, Defendants have no objection under the SPO to Hicks and Elysium receiving materials produced in this case as long as Plaintiffs will clearly represent that Hicks and Elysium are not being asked to perform any work related to SAP software or source code (as opposed to consulting work relating to TomorrowNow's servicing of Oracle's software products).

To the extent Plaintiffs will not confirm this, Defendants maintain their objection under the SPO on the basis of conflict of interest and request that the Court order that none of SAP's Highly Confidential or Confidential information from this case be disclosed to Hicks and Elysium in furtherance of Plaintiffs' engagement of them. Defendants' positions regarding this matter shall in no way be construed as either: (a) Defendants' consent to Plaintiffs' engagement of Hicks and Elysium; or (b) a waiver of any of Defendants' rights related to SAP's engagement of Hicks and Elysium, including the right to insist that, at all times, Hicks, Elysium and all Elysium employees and consultants maintain all of their confidentiality obligations arising from SAP's engagement of them.

Respectfully,

*/s/ Scott W. Cowan*

Scott W. Cowan


cc:   Donn P. Pickett, Esq. (via email on March 3 and hand delivery on March 4)
      Geoffrey Howard, Esq. (via email on March 3 and hand delivery on March 4)
      Zachary Alinder, Esq. (via email on March 3 and hand delivery on March 4)
      Holly House, Esq. (via email on March 3 and hand delivery on March 4)
      Bree Hann, Esq. (via email on March 3 and hand delivery on March 4)