**ORACLE**

**IP RIGHTS TRANSFER CLARIFICATION AGREEMENT**

THIS ORACLE IP RIGHTS TRANSFER CLARIFICATION AGREEMENT (this "Agreement") is made and entered into effective as of March 1, 2005 (the "Effective Date") by and between Oracle Systems Corporation, a Delaware corporation ("OSC") and Oracle International Corporation, a California corporation ("OIC").

**RECITALS**

WHEREAS, each of OSC and OIC is a direct or indirect wholly-owned subsidiary of Oracle Corporation, a Delaware corporation ("OC");

WHEREAS, pursuant to the PeopleSoft/JDE LLC OIC Asset Transfer Agreement, dated as of March 1, 2005, by and among OSC, known on March 1, 2005 as Oracle Corporation, OIC, PeopleSoft, Inc., a Delaware corporation ("PeopleSoft"), and J.D. Edwards & Company, LLC ("JDE LLC"), PeopleSoft and JDE LLC transferred all of their intellectual property (collectively, the "PeopleSoft/JDE LLC IP Assets") to OIC;

WHEREAS, pursuant to the JDE Companies OIC Asset Transfer Agreement, dated as of March 1, 2005, by and among OSC, known on March 1, 2005 as Oracle Corporation, OIC, PeopleSoft, JDE LLC, J.D. Edwards YOUCentric Company, a Delaware corporation ("JDE YOUCentric") and J.D. Edwards World Source Company, a Colorado corporation ("JDE WorldSource"), JDE YOUCentric and JDE WorldSource transferred all of their intellectual property (collectively, the "JDE IP Assets") to OIC;

WHEREAS, pursuant to the Certificate of Ownership and Merger merging JDE YOUCentric with and into Oracle Corporation, dated as of March 1, 2005, between OSC, known on March 1, 2005 as Oracle Corporation, and JDE YOUCentric, JDE YOUCentric merged into OSC with OSC surviving the merger;

WHEREAS, pursuant to the Certificate of Ownership and Merger merging JDE WorldSource with and into Oracle Corporation, dated as of March 1, 2005, between OSC, known on March 1, 2005 as Oracle Corporation, and JDE WorldSource, JDE WorldSource merged into OSC with OSC surviving the merger;

WHEREAS, pursuant to the Certificate of Merger merging JDE LLC with and into Oracle Corporation, dated as of March 1, 2005, between OSC, known on March 1, 2005 as Oracle Corporation, and JDE LLC, JDE LLC merged into OSC with OSC surviving the merger;

WHEREAS, pursuant to the Certificate of Ownership and Merger merging PeopleSoft with and into Oracle Corporation, dated as of March 1, 2005, between OSC, known on March 1, 2005 as Oracle Corporation, and PeopleSoft, PeopleSoft merged into OSC with OSC surviving the merger;

WHEREAS, the parties acknowledge that at the time of the transfer of the PeopleSoft/JDE LLC Assets and the JDE IP Assets to OIC, the parties intended that all of the IP Rights (as defined herein) be transferred to OIC, effective as of the Effective Date; and

1

**Highly Confidential Information - Attorneys' Eyes Only**

ORCL00525139

WHEREAS, this Agreement memorializes the prior intent of the parties, whereby OSC desires to transfer to OIC all of its IP Rights (as defined herein), and OIC desires to accept and assume all of OSC's IP Rights and obligations with respect to the IP Rights, effective as of the Effective Date, as set forth herein;

## AGREEMENT

NOW, THEREFORE, in consideration of the foregoing and the mutual covenants and agreements set forth below, and other good and valuable consideration, the receipt and adequacy of which are hereby acknowledged, the parties hereby agree as follows:

## ARTICLE 1
## AUTHORIZATION AND TRANSFER OF IP RIGHTS

Section 1.1.Transfer of IP Rights.

(a)Upon and subject to the terms and conditions of this Agreement, as of 10:00 a.m. Pacific Standard Time on the Effective Date, OSC, hereby assigns, agrees to assign, transfers, conveys and delivers to OIC and OIC hereby acquires and accepts, all rights to sue for or otherwise enforce past, present and future infringement claims with respect to the IP Assets (as defined herein) to the extent such rights were not previously assigned, transferred, conveyed, or delivered to OIC and all rights to freely control any such lawsuits or settlements of the same, including the right to collect past damages to the extent such rights were not previously assigned, transferred, conveyed, or delivered to OIC (collectively, the "IP Rights").

(b) For the avoidance of doubt, subject to the terms and conditions of this Agreement, as of 10:00 a.m. Pacific Standard Time on the Effective Date, OSC's assignment herein, as described in Section 1.1(a) of this Agreement, includes an assignment on behalf of and as successor in interest to PeopleSoft, JDE LLC, JDE WorldSource, and JDE YOUCentric, an agreement to assign, transfer, convey and deliver to OIC and OIC's acquisition and acceptance, of all rights to sue for or otherwise enforce past, present and future infringement claims with respect to the IP Assets (as defined herein) to the extent such rights were not previously assigned, transferred, conveyed, or delivered to OIC and all rights to freely control any such lawsuits or settlements of the same, including the right to collect past damages to the extent such rights were not previously assigned, transferred, conveyed, or delivered to OIC (collectively, part of the "IP Rights" defined in Section 1.1(a) of this Agreement).

(c) As part of the IP Rights, OIC will defend against any and all past, present or future claims, suits, actions, proceedings, losses, damages, liabilities, costs and expenses arising from, or attributable to, any allegation that the IP Assets infringe the intellectual property or proprietary rights of any third party.

(d) For the avoidance of doubt, OIC shall be responsible for the maintenance of the IP Assets required by any governmental or regulatory body.

Section 1.2.  IP Assets.  For purposes of this Agreement, "IP Assets" is defined as, all copyrights included in the PeopleSoft/JDE LLC IP Assets and all copyrights included in the JDE IP Assets, collectively.

Section 1.3.    Liabilities.  OSC will not transfer, and OIC will not assume, any liabilities whatsoever as part of this Agreement, except for those liabilities and obligations related to the IP Rights being transferred pursuant to Section 1.1 above.

**Highly Confidential Information - Attorneys' Eyes Only**                      **ORCL00525140**

Section 1.4.    Deliveries. OSC will deliver to OIC such documents as are necessary to transfer the rights set forth in Section 1.1 above.

Section 1.5.    No Representations or Warranties. OIC acknowledges and agrees that (a) OSC makes no representations or warranties, express or implied, as to any IP Rights transferred by it pursuant to this Agreement or otherwise, and any representations and warranties that may apply are hereby expressly disclaimed, except to the extent that such disclaimer is held to be legally invalid, in which event any representations and warranties shall apply only to the extent required not to be legally invalid (and in no event shall OSC be liable for any claim for special, incidental, indirect or consequential damages, loss of business, revenue, profits, goodwill, use, data or other economic advantage of OIC), (b) all such IP Rights are being transferred on an "as is," "where is" basis, and (c) OIC will bear the economic and legal risks that any conveyance will prove to be insufficient to vest in it all rights and interest to the IP Rights.

Section 1.6.    Cooperation. OSC will take all actions necessary to execute any and all documents as may be reasonably requested by OIC from time to time to fully vest or perfect in OIC all right and interest in and to the IP Rights pursuant to this Agreement. Such actions may include without limitation, providing documents and information useful or necessary to prosecuting any application to register or perfect any of the IP Rights, maintaining any trademark registration, or pursuing or defending any administrative, court or other legal proceeding involving one or more of the IP Rights.

## ARTICLE 2
## MISCELLANEOUS PROVISIONS

Section 2.1.    Further Assurances. The parties hereto will each perform such acts, execute and deliver such instruments and documents, and do all such other things as may be reasonably necessary to accomplish the transactions contemplated in this Agreement. Except as otherwise expressly provided in this Agreement, neither OSC nor OIC will be obligated to incur any out-of-pocket costs, expenses and fees in connection with its obligations under this Section 2.1, including, without limitation, any attorneys' fees, recording, assignment or other similar fees.

Section 2.2.    Governing Law. The internal laws of the State of California (without reference to its principles of conflicts of law) govern the construction, interpretation and other matters arising out of or in connection with this Agreement (whether arising in contract, tort, equity or otherwise).

Section 2.3.    Severability. If any provision of this Agreement is determined to be invalid, illegal or unenforceable, the remaining provisions of this Agreement remain in full force, if the essential terms and conditions of this Agreement for each party remain valid, binding and enforceable. For the avoidance of doubt, the essential terms and conditions of this Agreement include, but are not limited to, Section 1.1 of this Agreement.

Section 2.4.    Entire Agreement. This Agreement constitutes the final agreement by and between the parties with respect to the subject matter contained herein, and is the complete and exclusive statement of the parties' agreement on the matters contained herein. All prior and contemporaneous negotiations and agreements by and between the parties with respect to the matters contained herein are superseded by this Agreement.

Section 2.5.    Successors and Assigns. This Agreement shall be binding upon and inure to the benefit of the parties hereto and their respective successors and assigns, provided, however, that neither party hereto will assign its rights or delegate its obligations under this Agreement without the express written consent of the other party hereto, unless such assignment or delegation is to an affiliate of a party, in which case, no such consent is required.

Highly Confidential Information - Attorneys' Eyes Only                    ORCL00525141

Section 2.6.    Amendment.  No change, modification or amendment of this Agreement shall be valid or binding on the parties unless such change or modification shall be in writing signed by the party or parties against whom the same is sought to be enforced.

Section 2.7.    Counterparts.  The parties may execute this Agreement in multiple counterparts, each of which constitutes an original as against the party that signed it, and all of which together constitute one agreement.  The signatures of both parties need not appear on the same counterpart.  The delivery of signed counterparts by facsimile or email transmission that includes a copy of the sending party's signature is as effective as signing and delivering the counterpart in person.

(This space intentionally left blank.)

4

Highly Confidential Information - Attorneys' Eyes Only

ORCL00525142

IN WITNESS WHEREOF, the parties have caused this Agreement to be executed by their duly authorized representatives effective as of the Effective Date.

"OSC"                                                         "OIC"

ORACLE SYSTEMS CORPORATION,            ORACLE INTERNATIONAL CORPORATION,
a Delaware corporation                              a California corporation

By: _____        By: _____
Name:   Dorian Daley                               Name:   Brady Mickelsen
Title:   Senior Vice President, General Counsel       Title:   ~~Senior~~ Vice President, Legal
          and Secretary                              Date:   July 10, 2009
Date:   July 10, 2009

[Signature Page to Oracle IP Rights Transfer Agreement]

Highly Confidential Information - Attorneys' Eyes Only                          ORCL00525143