# EXHIBIT 92

1   Robert A. Mittelstaedt (SBN 060359)
    Jason McDonell (SBN 115084)
2   Elaine Wallace (SBN 197882)
    JONES DAY
3   555 California Street, 26th Floor
    San Francisco, CA  94104
4   Telephone:     (415) 626-3939
    Facsimile:     (415) 875-5700
5   ramittelstaedt@jonesday.com
    jmcdonell@jonesday.com
6   ewallace@jonesday.com

7   Tharan Gregory Lanier (SBN 138784)
    Jane L. Froyd (SBN 220776)
8   JONES DAY
    1755 Embarcadero Road
9   Palo Alto, CA  94303
    Telephone:     (650) 739-3939
10  Facsimile:     (650) 739-3900
    tglanier@jonesday.com
11  jfroyd@jonesday.com

12  Scott W. Cowan (Admitted *Pro Hac Vice*)
    Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13  JONES DAY
    717 Texas, Suite 3300
14  Houston, TX 77002
    Telephone:     (832) 239-3939
15  Facsimile:     (832) 239-3600
    swcowan@jonesday.com
16  jlfuchs@jonesday.com

17  Attorneys for Defendants
    SAP AG, SAP AMERICA, INC., and
18  TOMORROWNOW, INC.

19                         UNITED STATES DISTRICT COURT

20                        NORTHERN DISTRICT OF CALIFORNIA

21                                 OAKLAND DIVISION

22  | ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
    |---|---|
    | Plaintiffs, | **DEFENDANTS' EIGHTH AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES TO DEFENDANT TOMORROWNOW, INC. AND THIRD SET OF INTERROGATORIES TO DEFENDANTS SAP AG AND SAP AMERICA, INC.** |
    | v. | |
    | SAP AG, et al., | |
    | Defendants. | |

## ACCESS TO AND USE OF ORACLE INTELLECTUAL PROPERTY

**INTERROGATORY NO. 82:**

For each Environment listed in the "ENV_NAME" column of Exhibit C, which is a copy of Oracle's Deposition Exhibit 75, Identify the Customer and/or other Person or source from which SAP TN received the original software media from which that Environment was created, Copied, or installed.

**RESPONSE TO INTERROGATORY NO. 82:**

THIS RESPONSE IS DESIGNATED AS CONFIDENTIAL INFORMATION.

*TomorrowNow Answer*

Defendant TomorrowNow objects to this interrogatory on the grounds stated in the General Objections and Responses. Defendant TomorrowNow further objects to this interrogatory to the extent it requires Defendants to evaluate and chronicle information that involved numerous employees, took place over several years, and is too complex and detailed to describe in an interrogatory response. Defendant TomorrowNow further objects to the extent the interrogatory purports to require Defendants to create a compilation, abstract, or summary from materials that Defendants have already produced, will produce, or have made available for review through the parties' agreed Data Warehouse protocol. Defendant TomorrowNow also objects to the extent this interrogatory is cumulative of prior discovery requests. Defendant TomorrowNow further objects that the undefined term "created" as used in this interrogatory is vague and ambiguous. Defendant TomorrowNow objects that the terms "environment," "copied," and "installed" are also vague and ambiguous.

Subject to and without waiving its Objections, Defendant TomorrowNow responds as

1  follows: There has been extensive deposition testimony and records produced that provide the
2  information sought by this interrogatory. For example, Plaintiffs requested Rule 30(b)(6)
3  testimony on "the manner and method by which customer local environments were created,
4  stored and used by you," "the identify of all PSFT and JDE customers for whom you created any
5  type of customer local environment," and "the name, release, and version of all PSFT or JDE
6  branded software obtained and/or copied to create each identified customer local environment."
7  January 22, 2008 Amended Notice of Deposition of TomorrowNow, Inc. Pursuant to Fed. R. Civ.
8  P. 30(b)(6), at Topics 1(b), (c), and (e). In responding to this notice, TomorrowNow presented
9  numerous witnesses who testified on issues relating to these topics, including the environments
10 and components of environments listed in this exhibit. *See* February 6-7, 2008 Rule 30(b)(6)
11 Depositions of John Baugh; April 1, 2008 Rule 30(b)(6) Deposition of Kathy Williams; April 1-2,
12 2008 Rule 30(b)(6) Depositions of Catherine Hyde. In fact, the exhibit referenced in this
13 interrogatory is a print out from TomorrowNow's BakTrak database that was introduced during
14 Kathy Williams' Rule 30(b)(6) Deposition on April 1, 2008 and on which she was questioned
15 extensively. *See* April 1, 2008 Rule 30(b)(6) Deposition of Kathy Williams, pp. 42:1-85:16.
16 Catherine Hyde was questioned for countless pages over two days on this exhibit as well,
17 including specific questions on the sources for the environments and components of environments
18 listed. *See* April 1, 2008 Deposition of Catherine Hyde, 48:7-61:14; April 2, 2008 Deposition of
19 Catherine Hyde, 72:1-157:17. Moreover, this exhibit "is the same list of environments from
20 Backtrack as Exhibit 38, except sorted by environment name." April 1, 2008 Rule 30(b)(6)
21 Deposition of Kathy Williams, 42:6-9 (statement by Geoff Howard). Exhibit 38 was introduced
22 during John Baugh's Rule 30(b)(6) Deposition on February 7, 2008, and he testified extensively
23 on the environments and components of environments listed. *See* Rule 30(b)(6) Deposition of
24 John Baugh, 251:16-273:4. Defendants further have produced the BakTrak database itself. *See,*
25 *e.g.,* TN-OR01005523, TN (Disc). 56; TN-OR06125330, TN (Disc).202. Plaintiffs, therefore,
26 have had ample opportunity to obtain information responsive to this interrogatory during these
27 numerous hours of depositions and by reviewing the BakTrak database.
28 ==Specifically, John Baugh and Catherine Hyde testified on how to interpret the naming==

1 conventions used by TomorrowNow for environments and environment components. For
2 customers receiving Critical Support Services ("CSS") from TomorrowNow, John Baugh testified
3 that the naming convention for a particular customer's environment (or component of an
4 environment) was to use an eight character name where the first character designates the product
5 installed, the next three characters designate the product version and service pack, characters five
6 through seven are the three digit client code for the particular customer as noted in the SAS
7 database, and the final character designates the database platform. *See* February 6, 2008 Rule
8 30(b)(6) Deposition of John Baugh, 133:18-134:5. For example, he noted that the environment
9 name F890AOSO would refer to an environment with Financials (F), on version 8.90 (890), for
10 customer AO Smith (AOS) and an Oracle database (O). *Id.* at 134:6-12. Shortly after the start of
11 the critical support model, TomorrowNow's policy was to build environments for a customer
12 using that customer's software media. Therefore, pursuant to this policy, the naming convention
13 itself should generally indicate the specific customer in BakTrak (and on Exhibit 75) whose
14 original software media was used to create the environment or environment component.

15     John Baugh testified that environments in the extended support model had a different
16 naming convention. Typically, environments in the extended support model followed an eight
17 letter naming convention where the first two characters designated the product installed, the next
18 three characters relate to the product version and service pack, and the final three characters relate
19 to the PeopleSoft release update. *See* February 7, 2008 Rule 30(b)(6) Deposition of John Baugh,
20 179:13-22. For example, HG70205C would refer to the Education and Government product line,
21 the 7.02 version, and the 05C tax update from PeopleSoft. *Id.*

22     There were also other variation of names that were used during the extended support
23 model to identify "replication," "development" and "test" environments, which would follow the
24 same naming convention but would have REP, DEV, or TST as the last three characters (e.g.
25 HR702REP, HR702DEV, HR702TST). *See* April 2, 2008 Rule 30(b)(6) Deposition of Catherine
26 Hyde, 114:13-127:25. Additionally, some of the environments used a naming convention that
27 contained "CSS" as the last three characters (e.g., HR751CSS). When TomorrowNow stopped
28 performing retrofit updates in the extended support model and moved to the critical support

model, Catherine Hyde testified that this environment was renamed from an extended support environment. *See* April 1, 2008 Rule 30(b)(6) Deposition of Catherine Hyde, 45:8-20. She also testified that, most likely, one set of customer CDs was used to build the environments in the extended support model. This customer was likely either Washington Gas Light Company or Safeway Stores Inc.. *See, e.g., id.* at 45:21-47:20; *see also* April 2, 2008 Rule 30(b)(6) Deposition of Catherine Hyde.

Under the ENV_NAME column of Exhibit 75, there are also references to components of environments which have "DAT" in the name. *See, e.g.,* D702DATM. Catherine Hyde testified that the naming convention for such databases revealed whether the database was used in the critical support model or the extended support model. The "D" prefix indicates that it would be used as part of the critical support model. *See* April 2, 2008 Rule 30(b)(6) Deposition of Catherine Hyde, 74:4-16. Instances in which the prefix referenced the application, however, like HR702DAT4, indicate that the database was used as part of the extended support model. *See id.* Catherine further testified regarding what she believed to be the sources of these databases. For example, she testified that D702DATM was probably created from Washington Gas Light Company or Safeway Stores Inc.. *See id.* at 75:4-9. The aforementioned are non-exclusive examples of Catherine Hyde's testimony on this subject, and Defendants rely on Rule 33(d) and refer Plaintiffs to her deposition testimony regarding sources for other "DAT" components of environments and the sources discussed for other environments and components of environments listed in Exhibit 75. *See* April 1, 2008 Deposition of Catherine Hyde, 48:7-61:14; April 2, 2008 Deposition of Catherine Hyde, 72:1-157:17; s*ee also generally* May 12, 2009 Deposition of Catherine Hyde.

Further, the BakTrak database itself has fields that point out the source of a restored environment by listing the name of the environment from which a restoration was done under "SOURCE_ENV." For example, in Exhibit 1253, the very first row shows the source environment as HG75103G and that the target environment was HG751REP. The stated description in BakTrak is to "create 03G rep." This entry combined with the testimony above provides information on how the HG751REP environment was created and its source.

1    Information responsive to this interrogatory may also be contained in the dotProject
2    database and the SAS databases.  *See* TN-OR 01361344, TN(Disc).62 (dotProject); TN-
3    OR06220764, TN(Disc).214 (dotProject); TN-OR03775478, TN(Hard Drive).67 (SAS); TN-OR
4    0446717, TN(Disc).173 (SAS); TN-OR 04446719, TN(Hard Drive).75 (SAS).  Further,
5    TomorrowNow has made available for Plaintiffs' inspection numerous CDs potentially
6    containing PeopleSoft and JDE software materials which were housed at TomorrowNow.  The
7    proper way to find this information in SAS, to the extent it was recorded, is to use the following
8    view in either the Enterprise, World, or OneWorld databases: 1. Support\1. All\By
9    Customer\[Click on a Customer Name]\ [Click on an Application]\[Click on Engagement]\[Look
10   under Service Information]\[Look under Demo Software].





Finally, in addition to the Rule 30(b)(6) testimony cited above, TomorrowNow relies on all of the individual testimony of Catherine Hyde in response to this interrogatory. *See* February 12, 2009 Deposition of Catherine Hyde and May 12, 2009 Deposition of Catherine Hyde.

Given the information obtained through deposition testimony and documents produced to Plaintiffs, the burden of obtaining further information for this interrogatory is substantially the same on Plaintiffs as it is on Defendants. Pursuant to Rule 33(d), therefore, TomorrowNow relies upon all testimony and each document cited in the response to further respond to this interrogatory.

***SAP AG and SAP America Answer***

Defendants SAP AG and SAP America object to this interrogatory on the grounds stated in the General Objections and Responses. Defendants SAP AG and SAP America object to this interrogatory to the extent it requires Defendants to evaluate and chronicle information that involved numerous employees, took place over several years, and is too complex and detailed to describe in an interrogatory response. Defendants SAP AG and SAP America further object to

the extent the interrogatory purports to require Defendants to create a compilation, abstract, or summary from materials that Defendants have already produced, will produce, or have made available for review through the parties' agreed Data Warehouse protocol. Defendants SAP AG and SAP America also object to the extent this interrogatory is cumulative of prior discovery requests. Defendants SAP AG and SAP America further object that the undefined term "created" as used in this interrogatory is vague and ambiguous. Defendants SAP AG and SAP America object that the terms "environment," "copied," and "installed" are also vague and ambiguous.

Subject to and without waiving their Objections, Defendants SAP AG and SAP America respond as follows: SAP AG and SAP America have no additional knowledge other than what is reflected in TomorrowNow's answer to this interrogatory.

**SUPPLEMENTAL RESPONSE TO INTERROGATORY NO. 82**

THIS RESPONSE IS DESIGNATED AS CONFIDENTIAL INFORMATION.

*TomorrowNow Answer*

Consistent with the parties meet and confer discussions regarding Interrogatory 82 and subject to the TomorrowNow's objections above, TomorrowNow supplements its response as follows:

TomorrowNow has undertaken an extensive review of the SAS database, TomorrowNow's BakTrak program, and the deposition testimony taken to date to further respond to this overly broad, unduly burdensome, vague, and confusing request. ==TomorrowNow incorporates and relies on the modified Exhibit 75 ("Exhibit C") which has been produced as Bates number TN-OR08720040. Exhibit C has a column added named "Source of Original Media" which provides TomorrowNow's current reasonable belief as to the source of the original media used to create the environments or environments components identified.==

For those TomorrowNow's customers receiving service for PeopleSoft related applications for whom TomorrowNow created local environments or environment components on TomorrowNow's network, it was TomorrowNow's general practice to build the environment component on the respective customer's behalf using that customer's PeopleSoft application files provided to TomorrowNow by that customer on either CD, tape, or some other form of electronic

1  delivery.  TomorrowNow's standard naming convention for the customer environment
2  components TomorrowNow maintained on its network on behalf of each such customer included
3  the following: (1) the first character was the type of application being used (H for human
4  resources or F for financials); (2) the next three characters corresponded to the PeopleSoft release
5  (i.e., 801 for 8SP1 or 842 for 8.4SP2); (3) the next three characters identified the customer (i.e.,
6  RHI for Robert Half International); and (4) the final character represented the type of database the
7  environment was built to access (i.e., O for Oracle or M for Microsoft).

   Based on that naming convention, TomorrowNow reasonably believes that the majority of the client specific environment components listed on Exhibit C were built from media provided by that client to TomorrowNow.  As noted in Exhibit C, TomorrowNow has listed those clients in the column "Source of Original Media."  After an extensive review of the SAS database and BakTrak, TomorrowNow has not currently found any indication that these clients did not provide TomorrowNow the media TomorrowNow used to build the specific environment components listed in Exhibit C. See TN-OR04446719, TN (Hard Drive).75; TN-OR 06125330, TN (Disc).202 BakTrak\Search Restore Log.

   A number of environment components listed on Exhibit C do not follow that standard naming convention.  Although TomorrowNow is not certain of the specific source, TomorrowNow reasonably believes based on testimony from the April 1, 2008, April 2, 2008, February 12, 2009 and May 12, 2009 depositions of Catherine Hyde, that some of the environments listed in Exhibit C that do not follow the standard naming convention were created from CDs provided by either Safeway Stores, Inc., Washington Gas Light Company, and Rentway Corporation (Rent-A-Center, Inc.). See  April 1, 2008 Deposition of Catherine Hyde; April 2, 2008 Deposition of Catherine Hyde; February 12, 2009 Deposition of Catherine Hyde; and May 12, 2009 Deposition of Catherine Hyde.  Therefore, TomorrowNow has indicated, in the column "Source of Original Media" in Exhibit C, these environment components which were likely built from CDs provided by Safeway Stores, Inc., Washington Gas Light Company, or Rentway Corporation (Rent-A-Center, Inc.).

   Likewise, based on testimony provided by Catherine Hyde in her April 2008 depositions,

1  TomorrowNow reasonably believes that a number of PeopleSoft HRMS 8SP1 environment
2  components originated from media provided by a customer or customers receiving support during
3  2003 for HRMS 7.02 or 7.51. *See* April 2, 2008 Deposition of Catherine Hyde at 54:25-56:12;
4  April 2, 2008 Deposition of Catherine Hyde at 83:9-22 and 140: 14-141:22.  However,
5  TomorrowNow is currently unable to determine after extensive effort and review of BakTrak and
6  the SAS database the exact source of those environment components.

7  Further, after an extensive review of the available data, TomorrowNow has not currently
8  been able to determine the specific source of the media used to build some of the environment
9  components and for those environments components, TomorrowNow has indicated the lack of
10 that information in the column "Source of Original Media" in Exhibit C by leaving the space
11 blank.

12 Finally, Plaintiff listed a number of remote environments on Exhibit C.  TomorrowNow
13 does not have control, custody, or possession over these environment components as they reside
14 on the customers' networks, and thus cannot respond as to the source for those environment
15 components.

16 Given the information obtained through deposition testimony and documents produced to
17 Plaintiffs, the burden of obtaining further information for this interrogatory is substantially the
18 same on Plaintiffs as it is on Defendants.  Pursuant to Rule 33(d), therefore, TomorrowNow relies
19 upon all testimony and each document cited in the response to further respond to this
20 interrogatory.

21    ***SAP AG and SAP America Answer***

22    Consistent with the parties meet and confer discussions regarding Interrogatory 82 and
23 subject to the SAP AG and SAP America's ("SAP") objections above, SAP supplements its
24 response as follows:

25    SAP has no additional knowledge other than what is reflected in TomorrowNow's
26 responses to this interrogatory.

27 **INTERROGATORY NO. 83:**

28

| | | |
|---|---|---|
| 18 | Dated: December 21, 2009 | JONES DAY |
| 20 | | By: /s/ Jason McDonell |
| | | Jason McDonell |
| 22 | | Counsel for Defendants |
| | | SAP AG, SAP AMERICA, INC., and |
| | | TOMORROWNOW, INC. |

HUI-122240v1     149     DEFENDANTS' 8TH AMENDED AND SUPP. RESPONSE TO 4TH SET TO TN AND 3RD TO SAP
Case No. 07-CV-1658 PJH (EDL)

# PROOF OF SERVICE

I, Laurie Paige Burns, declare:

I am a citizen of the United States and employed in San Francisco County, California. I am over the age of eighteen years and not a party to the within-entitled action. My business address is 555 California St, 26th Fl., San Francisco, CA 94104. On December 21, 2009, I served a copy of the attached document(s):

**DEFENDANTS' EIGHTH AMENDED AND SUPPLEMENTAL RESPONSE TO PLAINTIFFS' FOURTH SET OF INTERROGATORIES TO DEFENDANT TOMORROWNOW, INC. AND THIRD SET OF INTERROGATORIES TO DEFENDANTS SAP AG AND SAP AMERICA, INC.**

☐ by transmitting via facsimile the document(s) listed above to the fax number(s) set forth below on this date before 5:00 p.m.

☒ by placing the document(s) listed above in a sealed envelope and causing such envelope to be hand delivered to the office of the addressee on the date specified above.

☒ by transmitting via e-mail or electronic transmission the document(s) listed above to the person(s) at the e-mail address(es) set forth below.

Donn Pickett, Esq.
Geoffrey M. Howard, Esq.
Holly House, Esq.
Zachary J. Alinder, Esq.
Bree Hann, Esq.
BINGHAM McCUTCHEN LLP
Three Embarcadero Center
San Francisco, CA 94111-4067
*donn.pickett@bingham.com*
*geoff.howard@bingham.com*
*holly.house@bingham.com*
*zachary.alinder@bingham.com*
*bree.hann@bingham.com*

Executed on December 21, 2009, at San Francisco, California.

By: /s/ Laurie Paige Burns
LAURIE PAIGE BURNS