# EXHIBIT 106

Dockets.Justia.com

1   Robert A. Mittelstaedt (SBN 060359)
    Jason McDonell (SBN 115084)
2   Elaine Wallace (SBN 197882)
    JONES DAY
3   555 California Street, 26th Floor
    San Francisco, CA 94104
4   Telephone:     (415) 626-3939
    Facsimile:     (415) 875-5700
5   ramittelstaedt@jonesday.com
    jmcdonell@jonesday.com
6   ewallace@jonesday.com

7   Tharan Gregory Lanier (SBN 138784)
    Jane L. Froyd (SBN 220776)
8   JONES DAY
    1755 Embarcadero Road
9   Palo Alto, CA 94303
    Telephone:     (650) 739-3939
10  Facsimile:     (650) 739-3900
    tglanier@jonesday.com
11  jfroyd@jonesday.com

12  Scott W. Cowan (Admitted *Pro Hac Vice*)
    Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13  JONES DAY
    717 Texas, Suite 3300
14  Houston, TX 77002
    Telephone:     (832) 239-3939
15  Facsimile:     (832) 239-3600
    swcowan@jonesday.com
16  jlfuchs@jonesday.com

17  Attorneys for Defendants
    SAP AG, SAP AMERICA, INC., and
18  TOMORROWNOW, INC.

19                  UNITED STATES DISTRICT COURT

20                 NORTHERN DISTRICT OF CALIFORNIA

21                    SAN FRANCISCO DIVISION

22  ORACLE USA, INC., et al.,              Case No. 07-CV-1658 PJH (EDL)

23               Plaintiffs,               **DEFENDANTS' ANSWER AND
                                           AFFIRMATIVE DEFENSES TO
24        v.                               FOURTH AMENDED COMPLAINT**

25  SAP AG, et al.,                        **JURY TRIAL DEMANDED**

26               Defendants.               *REDACTED VERSION*

27

28
                                           ANSWER AND AFFIRMATIVE DEFENSES TO
    SVI-71899v1                            FOURTH AMENDED COMPLAINT
                                           Case No. 07-CV-1658 PJH (EDL)

1    are properly "copyrighted materials."

2        17.    Defendants admit that TN, on behalf of its customers, downloaded and stored a

3    large quantity of Software and Support Materials and that TN used those materials for customer

4    support. Defendants further admit that TN downloaded some materials as to which TN did not

5    have confirmation that the customer in whose name the downloads were being conducted had

6    rights to such materials. Defendants deny the remaining allegations of paragraph 17.

7        18.    Defendants admit that TN, on behalf of its customers, downloaded and stored a

8    large quantity of Software and Support Materials and further admit that TN used those materials

9    for customer support. Defendants further admit that TN downloaded some materials as to which

10   TN did not have confirmation that the customer in whose name the downloads were being

11   conducted had rights to such materials. Defendants further admit that at certain times TN

12   maintained certain locations where TN kept certain downloaded materials that were not

13   segregated by customer. Defendants deny the remaining allegations of paragraph 18.

14       19.    Defendants admit that TN, on behalf of its customers, downloaded and stored a

15   large quantity of Software and Support Materials and further admit that TN used those materials

16   for customer support. Defendants further admit that TN downloaded some materials as to which

17   TN did not have confirmation that the customer in whose name the downloads were being

18   conducted had rights to such materials. Defendants further admit that TN kept copies of certain

19   of its customers' "Oracle" software applications on its systems and that certain development

20   environments TN used to service certain customers were described internally as "generic

21   environments." Defendants further admit that TN delivered numerous fixes and tax and

22   regulatory updates to certain customers, that certain of those fixes and updates were retrofitted

23   from certain fixes and updates created by various "Oracle" entities, and that TN provided support

24   for former Oracle customers who used Oracle's database relying as necessary on instances of that

25   database. Defendants deny the remaining allegations of paragraph 19.

26       20.    Defendants admit that TN, on behalf of its customers, downloaded and stored a

27   large quantity of Software and Support Materials and that TN used those materials for customer

28   support. Defendants further admit that TN downloaded some materials as to which TN did not

38.     Defendants admit the allegations in the first sentence of paragraph 38.  Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 38, and on that basis deny them.

39.     Defendants admit the allegations of paragraph 39.

40.     Defendants admit the allegations of paragraph 40.

41.     Defendants admit the allegations of paragraph 41, except that the entity TomorrowNow has never had or been known by the name "SAP-TN."

42.     Defendants deny the allegations of the second sentence of paragraph 42. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations in paragraph 42, and on that basis deny them.

43.     Defendants admit the allegations of paragraph 43, but aver that as of October 31, 2008, TN ceased operations and is no longer providing third party support in this district or elsewhere.

44.     Defendants admit that SAP America is a 100% wholly-owned subsidiary of SAP AG, that TN is a 100% wholly-owned subsidiary of SAP America, and that the two parent companies have all the rights and authorities that are commensurate with that 100% ownership. Defendants deny the remaining allegations of paragraph 44.

45.     Defendants deny the allegations of paragraph 45.

46.     Defendants admit the allegations of paragraph 46.

47.     Defendants admit the allegations of paragraph 47.

48.     Defendants admit the allegations of paragraph 48.

49.     Defendants do not contest assignment in this division, but are without knowledge or information sufficient to form a belief as to the truth of the allegations of paragraph 49 and on that basis deny them.

50.     Defendants admit that the group of "Oracle" companies collectively develops, manufactures, markets, distributes, and services a variety of software products, and has been granted the certification mentioned, but denies the remaining allegations of paragraph 50, including the allegation that "Oracle," as defined by Plaintiffs, is a single entity.

1 and on that basis deny them.

2        92.     Defendants deny the allegations of paragraph 92.

3        93.     Defendants admit that TN employed an automated downloading tool called

4 "Titan." Defendants deny the remaining allegations in the first sentence of paragraph 93.

5 Because most of the remainder of paragraph 93 refers to the purported level of activity on

6 Plaintiffs' customer support website, Defendants lack knowledge, information, or belief sufficient

7 to admit or deny the allegations of the second, fifth, sixth, and seventh sentences of paragraph 93,

8 and on that basis deny them. In response to the third sentence of paragraph 93, Defendants admit

9 that "Oracle" entities permit their customers and their third party service providers to download a

10 wide array of software and support materials, but deny the remaining allegations of that sentence.

11 In response to the fourth sentence of paragraph 93, Defendants admit that "Oracle" entities have

12 spent billions to purchase various companies, but otherwise deny the allegations because they are

13 without knowledge or information sufficient to form a belief as to the truth of those allegations.

14 Defendants deny the remaining allegations of paragraph 93.

15        94.     Defendants admit the allegations of paragraph 94.

16        95.     Defendants admit that customers searching for certain solutions on the Customer

17 Connection website are asked to click on a button after certain searches to indicate whether the

18 search result helped solve the customer's problem. Defendants admit the allegations of the

19 second sentence of paragraph 95. Defendants are without knowledge or information sufficient to

20 form a belief as to the truth of the allegations of the last sentence of paragraph 95, and on that

21 basis deny them. Defendants deny all remaining allegations of paragraph 95.

22        96.     Defendants are without knowledge or information sufficient to form a belief as to

23 the truth of the allegations of paragraph 96, and on that basis deny them.

24        97.     Defendants are without knowledge or information sufficient to form a belief as to

25 the truth of the allegations of paragraph 97, and on that basis deny them.

26        98.     In response to paragraph 98, Defendants admit that TN, on behalf of its customers,

27 downloaded numerous materials from Plaintiffs' support website and that such downloading was

28 performed from TN's facilities in Bryan, Texas. Defendants further admit that TN is a subsidiary

1     of SAP America that has in the past provided support services for a variety of software programs,

2     including those developed by PeopleSoft and JDE. Defendants lack knowledge or information

3     sufficient to form a belief as to the truth of the remaining allegations of paragraph 98, and on that

4     basis deny them.

5           99.      Defendants admit that in some instances the Titan download tool or other tools

6     were used on a 24 hour basis. Defendants deny the remaining allegations in paragraph 99.

7           100.      In response to paragraph 100, Defendants admit that TN employees, acting on

8     behalf of TN's customers, downloaded information from Plaintiffs' support website, and that

9     TN's employees performed those downloads subject to policies that required that all downloads

10     be on behalf of customers with current rights to access and download materials and that all

11     downloads be of materials to which that customer had then-current rights of access. Defendants

12     admit that the downloads TN performed were on behalf of those who were or were about to

13     become TN customers, but deny the remaining allegations of the last sentence of paragraph 100.

14     Defendants are without knowledge or information sufficient to form a belief as to the truth of the

15     remaining allegations of paragraph 100, and on that basis deny them.

16           101.      In response to paragraph 101, Defendants admit that at least some of the

17     downloading activity alleged in Plaintiffs' complaint was conducted by TN, on behalf of TN's

18     customers. Defendants are without knowledge or information sufficient to form a belief as to the

19     truth of the remaining allegations of paragraph 101, and on that basis deny them.

20           102.      Defendants admit the allegations of the fourth and seventh sentences of paragraph

21     102, but deny the remaining allegations of paragraph 102.

22           103.      Because the allegations in paragraph 103 are not specific to any TN customer,

23     Defendants lack knowledge or information sufficient to form a belief as to the truth of the

24     allegations of paragraph 103, and on that basis deny them. The relevant downloading activities,

25     maintenance services and contractual arrangements, rights, and responsibilities vary customer by

26     customer, and must be analyzed on that basis.

27           104.      Because the allegations in paragraph 104 are not specific to any TN customer,

28     Defendants lack knowledge or information sufficient to form a belief as to the truth of the

allegations of paragraph 104, and on that basis deny them.  The relevant downloading activities, maintenance services and contractual arrangements, rights, and responsibilities vary customer by customer, and must be analyzed on that basis.

105.     Defendants admit that versions of Oracle's developer license speak for themselves. Defendants deny the remaining allegations of paragraph 105.

106.     In response to paragraph 106, Defendants admit that the now former TN employees named in that paragraph are also former employees of either PeopleSoft, JDE or Siebel, and admit the allegations of the second and fifth sentences of paragraph 106.  Defendants deny the remaining allegations of paragraph 106.

107.     Defendants admit the allegations of the second sentence of paragraph 107 only with respect to certain TN customers, but deny all remaining allegations of paragraph 107.

108.     Defendants deny the allegations of the first and third sentences of paragraph 108. In response to the allegations of the second sentence of paragraph 108, Defendants admit that some downloads were performed in rapid succession without real time human review of the materials being downloaded, but Defendants otherwise deny the allegations of that sentence.

109.     Defendants admit that certain TN employees thought that at one time the Siebel-related customer support website went into "failover."  Defendants deny the remaining allegations of paragraph 109.

110.     Defendants deny the allegations of paragraph 110.

111.     By its very terms, paragraph 111 is a general statement and makes no specific allegations except about Plaintiffs' alleged investigation, all the details of which have not been shared with Defendants.  Defendants admit that the majority of the customers listed in paragraph 107 are former TN customers.  As to the remaining allegations of paragraph 111, Defendants are without knowledge or information sufficient to form a belief as to the truth of those allegations, and on that basis deny them.  In addition, to the extent paragraph 111 references TN's customers who are also referenced in paragraphs 112-117, Defendants incorporate their response to those paragraphs into this response to paragraph 111.

112.     In response to paragraph 112, Defendants admit the allegations of the first

ANSWER AND AFFIRMATIVE DEFENSES TO
FOURTH AMENDED COMPLAINT
Case No. 07-CV-1658 PJH (EDL)

sentence to the extent that Honeywell was referenced on a former version of TN's website. Defendants further admit that TN downloaded, on Honeywell's behalf, thousands of materials, and further admit that some of the downloaded materials relate to applications as to which TN's records do not show Honeywell stated to TN that it was licensed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 112, and on that basis deny them.

113.    In response to paragraph 113, Defendants admit the allegations of the first and second sentences. Defendants further admit that TN, on Merck's behalf and at approximately the time frames alleged, downloaded thousands of materials, and further admit that some of the materials downloaded relate to applications as to which TN's records do not show Merck stated to TN that it was licensed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 113, and on that basis deny them.

114.    In response to paragraph 114, Defendants admit the allegations of the first sentence to the extent that OCE was referenced on a former version of TN's website. Defendants further admit that TN, on OCE's behalf and at approximately the time frames alleged, downloaded thousands of materials, and further admit that some of the materials downloaded relate to applications as to which TN's records do not show OCE stated to TN that it was licensed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 114, and on that basis deny them.

115.    In response to paragraph 115, Defendants admit the allegations of the first sentence. Defendants further admit that TN, on SPX's behalf and at approximately the time frames alleged, downloaded thousands of materials, and further admit that some of the materials downloaded relate to applications as to which TN's records do not show SPX stated to TN that it was licensed. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations of paragraph 115, and on that basis deny them.

116.    In response to paragraph 116, Defendants admit the allegations of the first sentence. Defendants further admit that TN, on Metro Machine's behalf and at approximately the time frames alleged, downloaded thousands of materials. Defendants are without knowledge or

228.    As Plaintiffs admitted in responding to Defendants' Motion to Dismiss, and as ordered in the Court's December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It in Part (D.I. 224), Plaintiffs' claim for an accounting is preempted by the Copyright Act to the extent it is based on alleged copyright infringement.  For this reason, no response is required to the allegations in paragraph 228 regarding breach of contract, interference with prospective economic advantage, and "taking commercial advantage" of the Software and Support Materials, to the extent these allegations are based on alleged "use," "taking," or "copying" of the Software and Support Materials, which in turn are based on alleged copyright infringement and preempted by the Copyright Act.  Without waiver of any defense of preemption or otherwise, Defendants deny the allegations of paragraph 228.

229.    Defendants deny the allegations of paragraph 229.

230.    Defendants deny the allegations of paragraph 230.

**AFFIRMATIVE DEFENSES**

As and for affirmative defenses to the claims in Plaintiffs' Fourth Amended Complaint, and based on the knowledge and information available to them to date, Defendants are informed and believe and based thereon allege as follows:

FIRST AFFIRMATIVE DEFENSE

1.    One or more of the copyright registrations that are allegedly infringed by Defendants are invalid for failure to comply with the requirements for copyrightable subject matter set forth in 17 U.S.C. § 102.

SECOND AFFIRMATIVE DEFENSE

2.    Defendants' use of Plaintiffs' copyrighted material is lawful use based on agreements between Plaintiffs and their customers and/or former customers.

THIRD AFFIRMATIVE DEFENSE

3.    Plaintiffs consented to Defendants' use of Plaintiffs' copyrighted material under agreements between the Plaintiffs and their customers and/or former customers.

FOURTH AFFIRMATIVE DEFENSE

4.    Plaintiffs' claims for copyright infringement are barred by the doctrine of

copyright misuse, as Plaintiffs' initiation of the instant suit is an attempt to secure an exclusive right to the maintenance of Plaintiffs' software.

### FIFTH AFFIRMATIVE DEFENSE

5.      One or more of Plaintiffs' claims for statutory damages and attorneys' fees under 17 U.S.C. § 504 are barred because some, if not all, of Plaintiffs' copyright registrations were not made within three months after the first publication of the allegedly infringing works, as required by 17 U.S.C. § 412.

### SIXTH AFFIRMATIVE DEFENSE

6.      Plaintiffs are not entitled to injunctive relief because any alleged injury to Plaintiffs is not immediate or irreparable, and Plaintiffs have an adequate remedy at law.

### SEVENTH AFFIRMATIVE DEFENSE

7.      Plaintiffs' claims for violations of the Computer Fraud and Abuse Act are barred based on agreements between Plaintiffs and their customers and/or former customers.

### EIGHTH AFFIRMATIVE DEFENSE

8.      Plaintiffs' claims for negligent and intentional interference with prospective economic advantage are barred because Defendants' actions were privileged because they were taken in a good faith effort to compete with the plaintiff and/or Defendants had an equal or superior interest in the subject matter of the prospective economic advantage.

### NINTH AFFIRMATIVE DEFENSE

9.      Plaintiffs' claims for negligent and intentional interference with prospective economic advantage are barred because Defendants' actions were reasonable steps to protect Defendants' own legal rights, including Defendants' own contractual rights and other intangible business interests.

### TENTH AFFIRMATIVE DEFENSE

10.     Plaintiffs' claim for trespass to chattels is barred because Plaintiffs implicitly consented to Defendants' conduct.

### ELEVENTH AFFIRMATIVE DEFENSE

11.     Plaintiffs' claims for breach of contract, intentional and negligent interference with

**DEMAND FOR TRIAL BY JURY**

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Defendants hereby demand a trial by jury on all issues so triable.

Dated:  August 26, 2009                             JONES DAY


                                                    By:  /s/ Tharan Gregory Lanier
                                                         Tharan Gregory Lanier

                                                    Counsel for Defendants
                                                    SAP AG, SAP AMERICA, INC., and
                                                    TOMORROWNOW, INC.