# EXHIBIT 112

# UNITED STATES CODE

## 2006 EDITION

CONTAINING THE GENERAL AND PERMANENT LAWS
OF THE UNITED STATES ENACTED THROUGH THE
109TH CONGRESS

(ending January 3, 2007, the last law of which was signed on January 15, 2007)

Prepared and published under authority of Title 2, U.S. Code, Section 285b,
by the Office of the Law Revision Counsel of the House of Representatives



## VOLUME ELEVEN

TITLE 18—CRIMES AND CRIMINAL PROCEDURE

TO

TITLE 19—CUSTOMS DUTIES

§§ 1–1681b

UNITED STATES
GOVERNMENT PRINTING OFFICE
WASHINGTON : 2008

40-111 D Sig-1

Case4:07-cv-01658-PJH    Document657-113    Filed03/03/10    Page3 of 9

This book has been digitally archived to maintain
the quality of the original work for future generations
of legal researchers by William S. Hein & Co., Inc.

This volume printed on acid-free paper
by William S. Hein & Co., Inc.



Printed in the United States of America.

Pub. L. 103–322, §250007(1)(B), added par. (6) relating to solicitations which offer access devices or information regarding access devices.

Subsec. (a)(7). Pub. L. 103–322, §250007(1)(B), added par. (7).

Subsec. (c)(1). Pub. L. 103–322, §330016(2)(I), substituted "fine under this title or twice the value obtained by the offense, whichever is greater, or imprisonment" for "fine of not more than the greater of $10,000 or twice the value obtained by the offense or imprisonment".

Pub. L. 103–322, §250007(2), substituted "(a)(2), (3), (5), (6), or (7)" for "(a)(2) or (a)(3)".

Subsec. (c)(2). Pub. L. 103–414, §206(b), substituted "(a)(1), (4), (5), or (6)" for "(a)(1) or (a)(4)".

Pub. L. 103–322, §330016(2)(I), substituted "fine under this title or twice the value obtained by the offense, whichever is greater, or imprisonment" for "fine of not more than the greater of $50,000 or twice the value obtained by the offense or imprisonment".

Subsec. (c)(3). Pub. L. 103–322, §330016(2)(I), substituted "fine under this title or twice the value obtained by the offense, whichever is greater, or imprisonment" for "fine of not more than the greater of $100,000 or twice the value obtained by the offense or imprisonment".

Subsec. (e)(1). Pub. L. 103–414, §206(c)(1), inserted "electronic serial number, mobile identification number, personal identification number, or other telecommunications service, equipment, or instrument identifier," after "account number,".

Subsec. (e)(5), (6). Pub. L. 103–322, §250007(3)(A), (B), and Pub. L. 103–414, §206(c)(2), (3), amended subsec. (e) identically, striking "and" at end of par. (5) and substituting "; and" for period at end of par. (6).

Subsec. (e)(7). Pub. L. 103–414, §206(c)(4), added par. (7) defining "scanning receiver".

Pub. L. 103–322, §250007(3)(C), added par. (7) defining "credit card system member".

1990—Subsec. (f). Pub. L. 101–647 inserted at end "For purposes of this subsection, the term 'State' includes a State of the United States, the District of Columbia, and any commonwealth, territory, or possession of the United States."

1986—Subsec. (f). Pub. L. 99–646 which directed that subsec. (f) be amended by substituting "chapter 224 of this title" for "title V of the Organized Crime Control Act of 1970 (18 U.S.C. note prec. 3481)" was executed by making the substitution for "title V of the Organized Crime Control Act of 1970) 18 U.S.C. note prec. 3481)" to reflect the probable intent of Congress.

TRANSFER OF FUNCTIONS

For transfer of the functions, personnel, assets, and obligations of the United States Secret Service, including the functions of the Secretary of the Treasury relating thereto, to the Secretary of Homeland Security, and for treatment of related references, see sections 381, 551(d), 552(d), and 557 of Title 6, Domestic Security, and the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified, set out as a note under section 542 of Title 6.

REPORT TO CONGRESS

Section 1603 of Pub. L. 98–473 directed Attorney General to report to Congress annually, during first three years following Oct. 12, 1984, concerning prosecutions under this section.

§ 1030. Fraud and related activity in connection with computers

(a) Whoever—

(1) having knowingly accessed a computer without authorization or exceeding authorized access, and by means of such conduct having obtained information that has been determined by the United States Government pursuant to an Executive order or statute to require protection against unauthorized disclosure for reasons of national defense or foreign relations, or any restricted data, as defined in paragraph y. of section 11 of the Atomic Energy Act of 1954, with reason to believe that such information so obtained could be used to the injury of the United States, or to the advantage of any foreign nation willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it;

(2) intentionally accesses a computer without authorization or exceeds authorized access, and thereby obtains—

(A) information contained in a financial record of a financial institution, or of a card issuer as defined in section 1602(n) of title 15, or contained in a file of a consumer reporting agency on a consumer, as such terms are defined in the Fair Credit Reporting Act (15 U.S.C. 1681 et seq.);

(B) information from any department or agency of the United States; or

(C) information from any protected computer if the conduct involved an interstate or foreign communication;

(3) intentionally, without authorization to access any nonpublic computer of a department or agency of the United States, accesses such a computer of that department or agency that is exclusively for the use of the Government of the United States or, in the case of a computer not exclusively for such use, is used by or for the Government of the United States and such conduct affects that use by or for the Government of the United States;

(4) knowingly and with intent to defraud, accesses a protected computer without authorization, or exceeds authorized access, and by means of such conduct furthers the intended fraud and obtains anything of value, unless the object of the fraud and the thing obtained consists only of the use of the computer and the value of such use is not more than $5,000 in any 1-year period;

(5)(A)(i) knowingly causes the transmission of a program, information, code, or command, and as a result of such conduct, intentionally causes damage without authorization, to a protected computer;

(ii) intentionally accesses a protected computer without authorization, and as a result of such conduct, recklessly causes damage; or

(iii) intentionally accesses a protected computer without authorization, and as a result of such conduct, causes damage; and

(B) by conduct described in clause (i), (ii), or (iii) of subparagraph (A), caused (or, in the case of an attempted offense, would, if completed, have caused)—

(i) loss to 1 or more persons during any 1-year period (and, for purposes of an investigation, prosecution, or other proceeding brought by the United States only, loss resulting from a related course of conduct affecting 1 or more other protected computers) aggregating at least $5,000 in value;

(ii) the modification or impairment, or potential modification or impairment, of the medical examination, diagnosis, treatment, or care of 1 or more individuals;
(iii) physical injury to any person;
(iv) a threat to public health or safety; or
(v) damage affecting a computer system used by or for a government entity in furtherance of the administration of justice, national defense, or national security;

(6) knowingly and with intent to defraud traffics (as defined in section 1029) in any password or similar information through which a computer may be accessed without authorization, if—
(A) such trafficking affects interstate or foreign commerce; or
(B) such computer is used by or for the Government of the United States;[1]

(7) with intent to extort from any person any money or other thing of value, transmits in interstate or foreign commerce any communication containing any threat to cause damage to a protected computer;

shall be punished as provided in subsection (c) of this section.

(b) Whoever attempts to commit an offense under subsection (a) of this section shall be punished as provided in subsection (c) of this section.

(c) The punishment for an offense under subsection (a) or (b) of this section is—
(1)(A) a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(1) of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph; and
(B) a fine under this title or imprisonment for not more than twenty years, or both, in the case of an offense under subsection (a)(1) of this section which occurs after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;
(2)(A) except as provided in subparagraph (B), a fine under this title or imprisonment for not more than one year, or both, in the case of an offense under subsection (a)(2), (a)(3), (a)(5)(A)(iii), or (a)(6) of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;
(B) a fine under this title or imprisonment for not more than 5 years, or both, in the case of an offense under subsection (a)(2), or an attempt to commit an offense punishable under this subparagraph, if—
(i) the offense was committed for purposes of commercial advantage or private financial gain;
(ii) the offense was committed in furtherance of any criminal or tortious act in violation of the Constitution or laws of the United States or of any State; or
(iii) the value of the information obtained exceeds $5,000; and

(C) a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(2), (a)(3) or (a)(6) of this section which occurs after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;
(3)(A) a fine under this title or imprisonment for not more than five years, or both, in the case of an offense under subsection (a)(4) or (a)(7) of this section which does not occur after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph; and
(B) a fine under this title or imprisonment for not more than ten years, or both, in the case of an offense under subsection (a)(4), (a)(5)(A)(iii), or (a)(7) of this section which occurs after a conviction for another offense under this section, or an attempt to commit an offense punishable under this subparagraph;
(4)(A) except as provided in paragraph (5), a fine under this title, imprisonment for not more than 10 years, or both, in the case of an offense under subsection (a)(5)(A)(i), or an attempt to commit an offense punishable under that subsection;
(B) a fine under this title, imprisonment for not more than 5 years, or both, in the case of an offense under subsection (a)(5)(A)(ii), or an attempt to commit an offense punishable under that subsection;
(C) except as provided in paragraph (5), a fine under this title, imprisonment for not more than 20 years, or both, in the case of an offense under subsection (a)(5)(A)(i) or (a)(5)(A)(ii), or an attempt to commit an offense punishable under either subsection, that occurs after a conviction for another offense under this section; and
(5)(A) if the offender knowingly or recklessly causes or attempts to cause serious bodily injury from conduct in violation of subsection (a)(5)(A)(i), a fine under this title or imprisonment for not more than 20 years, or both; and
(B) if the offender knowingly or recklessly causes or attempts to cause death from conduct in violation of subsection (a)(5)(A)(i), a fine under this title or imprisonment for any term of years or for life, or both.

(d)(1) The United States Secret Service shall, in addition to any other agency having such authority, have the authority to investigate offenses under this section.
(2) The Federal Bureau of Investigation shall have primary authority to investigate offenses under subsection (a)(1) for any cases involving espionage, foreign counterintelligence, information protected against unauthorized disclosure for reasons of national defense or foreign relations, or Restricted Data (as that term is defined in section 11y of the Atomic Energy Act of 1954 (42 U.S.C. 2014(y)), except for offenses affecting the duties of the United States Secret Service pursuant to section 3056(a) of this title.
(3) Such authority shall be exercised in accordance with an agreement which shall be entered into by the Secretary of the Treasury and the Attorney General.
(e) As used in this section—
(1) the term "computer" means an electronic, magnetic, optical, electrochemical, or

---

[1] So in original. Probably should be followed by "or".

other high speed data processing device performing logical, arithmetic, or storage functions, and includes any data storage facility or communications facility directly related to or operating in conjunction with such device, but such term does not include an automated typewriter or typesetter, a portable hand held calculator, or other similar device;

(2) the term "protected computer" means a computer—

(A) exclusively for the use of a financial institution or the United States Government, or, in the case of a computer not exclusively for such use, used by or for a financial institution or the United States Government and the conduct constituting the offense affects that use by or for the financial institution or the Government; or

(B) which is used in interstate or foreign commerce or communication, including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States;

(3) the term "State" includes the District of Columbia, the Commonwealth of Puerto Rico, and any other commonwealth, possession or territory of the United States;

(4) the term "financial institution" means—

(A) an institution, with deposits insured by the Federal Deposit Insurance Corporation;

(B) the Federal Reserve or a member of the Federal Reserve including any Federal Reserve Bank;

(C) a credit union with accounts insured by the National Credit Union Administration;

(D) a member of the Federal home loan bank system and any home loan bank;

(E) any institution of the Farm Credit System under the Farm Credit Act of 1971;

(F) a broker-dealer registered with the Securities and Exchange Commission pursuant to section 15 of the Securities Exchange Act of 1934;

(G) the Securities Investor Protection Corporation;

(H) a branch or agency of a foreign bank (as such terms are defined in paragraphs (1) and (3) of section 1(b) of the International Banking Act of 1978); and

(I) an organization operating under section 25 or section 25(a)[2] of the Federal Reserve Act;

(5) the term "financial record" means information derived from any record held by a financial institution pertaining to a customer's relationship with the financial institution;

(6) the term "exceeds authorized access" means to access a computer with authorization and to use such access to obtain or alter information in the computer that the accesser is not entitled so to obtain or alter;

(7) the term "department of the United States" means the legislative or judicial branch of the Government or one of the executive departments enumerated in section 101 of title 5;

(8) the term "damage" means any impairment to the integrity or availability of data, a program, a system, or information;

(9) the term "government entity" includes the Government of the United States, any State or political subdivision of the United States, any foreign country, and any state, province, municipality, or other political subdivision of a foreign country;

(10) the term "conviction" shall include a conviction under the law of any State for a crime punishable by imprisonment for more than 1 year, an element of which is unauthorized access, or exceeding authorized access, to a computer;

(11) the term "loss" means any reasonable cost to any victim, including the cost of responding to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service; and

(12) the term "person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity.

(f) This section does not prohibit any lawfully authorized investigative, protective, or intelligence activity of a law enforcement agency of the United States, a State, or a political subdivision of a State, or of an intelligence agency of the United States.

(g) Any person who suffers damage or loss by reason of a violation of this section may maintain a civil action against the violator to obtain compensatory damages and injunctive relief or other equitable relief. A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). Damages for a violation involving only conduct described in subsection (a)(5)(B)(i) are limited to economic damages. No action may be brought under this subsection unless such action is begun within 2 years of the date of the act complained of or the date of the discovery of the damage. No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware.

(h) The Attorney General and the Secretary of the Treasury shall report to the Congress annually, during the first 3 years following the date of the enactment of this subsection, concerning investigations and prosecutions under subsection (a)(5).

(Added Pub. L. 98–473, title II, § 2102(a), Oct. 12, 1984, 98 Stat. 2190; amended Pub. L. 99–474, § 2, Oct. 16, 1986, 100 Stat. 1213; Pub. L. 100–690, title VII, § 7065, Nov. 18, 1988, 102 Stat. 4404; Pub. L. 101–73, title IX, § 962(a)(5), Aug. 9, 1989, 103 Stat. 502; Pub. L. 101–647, title XII, § 1205(e), title XXV, § 2597(j), title XXXV, § 3533, Nov. 29, 1990, 104 Stat. 4831, 4910, 4925; Pub. L. 103–322, title XXIX, § 290001(b)–(f), Sept. 13, 1994, 108 Stat. 2097–2099; Pub. L. 104–294, title II, § 201, title VI, § 604(b)(36), Oct. 11, 1996, 110 Stat. 3491, 3508; Pub. L. 107–56, title V, § 506(a), title VIII, § 814(a)–(e), Oct. 26, 2001, 115 Stat. 366, 382–384; Pub. L. 107–273, div. B,

---

[2] See References in Text note below.

Case4:07-cv-01658-PJH   Document657-113   Filed03/03/10   Page7 of 9

title IV, §§ 4002(b)(1), (12), 4005(a)(3), (d)(3), Nov. 2, 2002, 116 Stat. 1807, 1808, 1812, 1813; Pub. L. 107–296, title II, § 225(g), Nov. 25, 2002, 116 Stat. 2158.)

REFERENCES IN TEXT

Section 11 of the Atomic Energy Act of 1954, referred to in subsec. (a)(1), is classified to section 2014 of Title 42, The Public Health and Welfare.

The Fair Credit Reporting Act, referred to in subsec. (a)(2)(A), is title VI of Pub. L. 90–321, as added by Pub. L. 91–508, title VI, § 601, Oct. 26, 1970, 84 Stat. 1127, as amended, which is classified generally to subchapter III (§ 1681 et seq.) of chapter 41 of Title 15, Commerce and Trade. For complete classification of this Act to the Code, see Short Title note set out under section 1601 of Title 15 and Tables.

The Farm Credit Act of 1971, referred to in subsec. (e)(4)(E), is Pub. L. 92–181, Dec. 10, 1971, 85 Stat. 583, as amended, which is classified generally to chapter 23 (§ 2001 et seq.) of Title 12, Banks and Banking. For complete classification of this Act to the Code, see Short Title note set out under section 2001 of Title 12 and Tables.

Section 15 of the Securities Exchange Act of 1934, referred to in subsec. (e)(4)(F), is classified to section 78o of Title 15, Commerce and Trade.

Section 1(b) of the International Banking Act of 1978, referred to in subsec. (e)(4)(H), is classified to section 3101 of Title 12, Banks and Banking.

Section 25 of the Federal Reserve Act, referred to in subsec. (e)(4)(I), is classified to subchapter I (§ 601 et seq.) of chapter 6 of Title 12. Section 25(a) of the Federal Reserve Act, which is classified to subchapter II (§ 611 et seq.) of chapter 6 of Title 12, was renumbered section 25A of that act by Pub. L. 102–242, title I, § 142(e)(2), Dec. 19, 1991, 105 Stat. 2281.

The date of the enactment of this subsection, referred to in subsec. (h), is the date of enactment of Pub. L. 103–322, which was approved Sept. 13, 1994.

AMENDMENTS

2002—Subsec. (a)(5)(B). Pub. L. 107–273, § 4005(a)(3), realigned margins.

Subsec. (c)(2)(B). Pub. L. 107–273, § 4002(b)(1), realigned margins.

Subsec. (c)(2)(B)(iii). Pub. L. 107–273, § 4002(b)(12)(A), inserted "and" at end.

Subsec. (c)(3)(B). Pub. L. 107–273, § 4005(d)(3), inserted comma after "(a)(4)".

Subsec. (c)(4)(A), (C). Pub. L. 107–296, § 225(g)(2), inserted "except as provided in paragraph (5)," before "a fine under this title".

Subsec. (c)(5). Pub. L. 107–296, § 225(g)(1), (3), (4), added par. (5).

Subsec. (e)(4)(I). Pub. L. 107–273, § 4002(b)(12)(B), substituted semicolon for period at end.

2001—Subsec. (a)(5)(A). Pub. L. 107–56, § 814(a)(1)–(3), designated existing provisions as cl. (i), redesignated subpars. (B) and (C) as cls. (ii) and (iii), respectively, of subpar. (A), and inserted "and" at end of cl. (iii).

Subsec. (a)(5)(B). Pub. L. 107–56, § 814(a)(4), added subpar. (B). Former subpar. (B) redesignated cl. (ii) of subpar. (A).

Subsec. (a)(5)(C). Pub. L. 107–56, § 814(a)(2), redesignated subpar. (C) as cl. (iii) of subpar. (A).

Subsec. (a)(7). Pub. L. 107–56, § 814(b), struck out ", firm, association, educational institution, financial institution, government entity, or other legal entity," before "any money or other thing of value".

Subsec. (c)(2)(A). Pub. L. 107–56, § 814(c)(1)(A), inserted "except as provided in subparagraph (B)," before "a fine", substituted "(a)(5)(A)(iii)" for "(a)(5)(C)", and struck out "and" at end.

Subsec. (c)(2)(B). Pub. L. 107–56, § 814(c)(1)(B), inserted "or an attempt to commit an offense punishable under this subparagraph," after "subsection (a)(2)," in introductory provisions.

Subsec. (c)(2)(C). Pub. L. 107–56, § 814(c)(1)(C), struck out "and" at end.

Subsec. (c)(3). Pub. L. 107–56, § 814(c)(2), struck out ", (a)(5)(A), (a)(5)(B)," after "subsection (a)(4)" in subpars. (A) and (B) and substituted "(a)(5)(A)(iii)" for "(a)(5)(C)" in subpar. (B).

Subsec. (c)(4). Pub. L. 107–56, § 814(c)(3), added par. (4).

Subsec. (d). Pub. L. 107–56, § 506(a), amended subsec. (d) generally. Prior to amendment, subsec. (d) read as follows: "The United States Secret Service shall, in addition to any other agency having such authority, have the authority to investigate offenses under subsections (a)(2)(A), (a)(2)(B), (a)(3), (a)(4), (a)(5), and (a)(6) of this section. Such authority of the United States Secret Service shall be exercised in accordance with an agreement which shall be entered into by the Secretary of the Treasury and the Attorney General."

Subsec. (e)(2)(B). Pub. L. 107–56, § 814(d)(1), inserted ", including a computer located outside the United States that is used in a manner that affects interstate or foreign commerce or communication of the United States" before semicolon.

Subsec. (e)(7). Pub. L. 107–56, § 814(d)(2), struck out "and" at end.

Subsec. (e)(8). Pub. L. 107–56, § 814(d)(3), added par. (8) and struck out former par. (8) which read as follows: "the term 'damage' means any impairment to the integrity or availability of data, a program, a system, or information, that—

"(A) causes loss aggregating at least $5,000 in value during any 1-year period to one or more individuals;

"(B) modifies or impairs, or potentially modifies or impairs, the medical examination, diagnosis, treatment, or care of one or more individuals;

"(C) causes physical injury to any person; or

"(D) threatens public health or safety; and".

Subsec. (e)(10) to (12). Pub. L. 107–56, § 814(d)(4), (5), added pars. (10) to (12).

Subsec. (g). Pub. L. 107–56, § 814(e), substituted "A civil action for a violation of this section may be brought only if the conduct involves 1 of the factors set forth in clause (i), (ii), (iii), (iv), or (v) of subsection (a)(5)(B). Damages for a violation involving only conduct described in subsection (a)(5)(B)(i) are limited to economic damages." for "Damages for violations involving damage as defined in subsection (e)(8)(A) are limited to economic damages." and inserted at end "No action may be brought under this subsection for the negligent design or manufacture of computer hardware, computer software, or firmware."

1996—Subsec. (a)(1). Pub. L. 104–294, § 201(1)(A), substituted "having knowingly accessed" for "knowingly accesses", "exceeding authorized access" for "exceeds authorized access", "such conduct having obtained information" for "such conduct obtains information", and "could be used to the injury of the United States" for "is to be used to the injury of the United States", struck out "the intent or" before "reason to believe", and inserted before semicolon at end "willfully communicates, delivers, transmits, or causes to be communicated, delivered, or transmitted, or attempts to communicate, deliver, transmit or cause to be communicated, delivered, or transmitted the same to any person not entitled to receive it, or willfully retains the same and fails to deliver it to the officer or employee of the United States entitled to receive it".

Subsec. (a)(2). Pub. L. 104–294, § 201(1)(B), inserted dash after "thereby obtains", redesignated remainder of par. (2) as subpar. (A), and added subpars. (B) and (C).

Subsec. (a)(3). Pub. L. 104–294, § 201(1)(C), inserted "nonpublic" before "computer of a department or agency", struck out "adversely" after "and such conduct", and substituted "that use by or for the Government of the United States" for "the use of the Government's operation of such computer".

Subsec. (a)(4). Pub. L. 104–294, § 201(1)(D), substituted "protected computer" for "Federal interest computer" and inserted "and the value of such use is not more than $5,000 in any 1-year period" before semicolon at end.

Subsec. (a)(5). Pub. L. 104–294, § 201(1)(E), inserted par. (5) and struck out former par. (5) which related to fraud

in connection with computers in causing transmission of program, information, code, or command to a computer or computer system in interstate or foreign commerce which damages such system, program, information, or code, or causes a withholding or denial of use of hardware or software, or transmits viruses which causes damage in excess of $1,000 or more during any one-year period, or modifies or impairs medical examination, diagnosis, treatment or care of individuals.

Subsec. (a)(5)(B)(ii)(II)(bb). Pub. L. 104–294, § 604(b)(36)(A), which directed insertion of "or" at end of subsec., could not be executed because no subsec. (a)(5)(B)(ii)(II)(bb) existed subsequent to amendment by Pub. L. 104–294, § 201(1)(E). See above.

Subsec. (a)(7). Pub. L. 104–294, § 201(1)(F), added par. (7).

Subsec. (c)(1). Pub. L. 104–294, § 201(2)(A), substituted "under this section" for "under such subsection" in subpars. (A) and (B).

Subsec. (c)(1)(B). Pub. L. 104–294, § 604(b)(36)(B), struck out "and" after semicolon at end.

Subsec. (c)(2)(A). Pub. L. 104–294, § 201(2)(B)(i), inserted ", (a)(5)(C)," after "(a)(3)" and substituted "under this section" for "under such subsection".

Subsec. (c)(2)(B). Pub. L. 104–294, § 201(2)(B)(iii), added subpar. (B). Former subpar. (B) redesignated (C).

Subsec. (c)(2)(C). Pub. L. 104–294, § 201(2)(B)(iv), substituted "under this section" for "under such subsection" and inserted "and" at end.

Pub. L. 104–294, § 201(2)(B)(ii), redesignated subpar. (B) as (C).

Subsec. (c)(3)(A). Pub. L. 104–294, § 201(2)(C)(i), substituted "(a)(4), (a)(5)(A), (a)(5)(B), or (a)(7)" for "(a)(4) or (a)(5)(A)" and "under this section" for "under such subsection".

Subsec. (c)(3)(B). Pub. L. 104–294, § 201(2)(C)(ii), substituted "(a)(4), (a)(5)(A), (a)(5)(B), (a)(5)(C), or (a)(7)" for "(a)(4) or (a)(5)" and "under this section" for "under such subsection".

Subsec. (c)(4). Pub. L. 104–294, § 201(2)(D), struck out par. (4) which read as follows: "a fine under this title or imprisonment for not more than 1 year, or both, in the case of an offense under subsection (a)(5)(B)."

Subsec. (d). Pub. L. 104–294, § 201(3), inserted "subsections (a)(2)(A), (a)(2)(B), (a)(3), (a)(4), (a)(5), and (a)(6) of" before "this section" in first sentence.

Subsec. (e)(2). Pub. L. 104–294, § 201(4)(A)(i), substituted "protected" for "Federal interest" in introductory provisions.

Subsec. (e)(2)(A). Pub. L. 104–294, § 201(4)(A)(ii), substituted "that use by or for the financial institution or the Government" for "the use of the financial institution's operation or the Government's operation of such computer".

Subsec. (e)(2)(B). Pub. L. 104–294, § 201(4)(A)(iii), added subpar. (B) and struck out former subpar. (B) which read as follows: "which is one of two or more computers used in committing the offense, not all of which are located in the same State;".

Subsec. (e)(8), (9). Pub. L. 104–294, § 201(4)(B)–(D), added pars. (8) and (9).

Subsec. (g). Pub. L. 104–294, § 604(b)(36)(C), substituted "violation of this section" for "violation of the section".

Pub. L. 104–294, § 201(5), struck out ", other than a violation of subsection (a)(5)(B)," before "may maintain a civil action" and substituted "involving damage as defined in subsection (e)(8)(A)" for "of any subsection other than subsection (a)(5)(A)(ii)(II)(bb) or (a)(5)(B)(ii)(II)(bb)".

Subsec. (h). Pub. L. 104–294, § 604(b)(36)(D), substituted "subsection (a)(5)" for "section 1030(a)(5) of title 18, United States Code" before period at end.

1994—Subsec. (a)(3). Pub. L. 103–322, § 290001(f), inserted "adversely" before "affects the use of the Government's".

Subsec. (a)(5). Pub. L. 103–322, § 290001(b), amended par. (5) generally. Prior to amendment, par. (5) read as follows: "intentionally accesses a Federal interest computer without authorization, and by means of one or more instances of such conduct alters, damages, or destroys information in any such Federal interest computer, or prevents authorized use of any such computer or information, and thereby—

"(A) causes loss to one or more others of a value aggregating $1,000 or more during any one year period; or

"(B) modifies or impairs, or potentially modifies or impairs, the medical examination, medical diagnosis, medical treatment, or medical care of one or more individuals; or".

Subsec. (c)(3)(A). Pub. L. 103–322, § 290001(c)(2), inserted "(A)" after "(a)(5)".

Subsec. (c)(4). Pub. L. 103–322, § 290001(c)(1), (3), (4), added par. (4).

Subsec. (g). Pub. L. 103–322, § 290001(d), added subsec. (g).

Subsec. (h). Pub. L. 103–322, § 290001(e), added subsec. (h).

1990—Subsec. (a)(1). Pub. L. 101–647, § 3533, substituted "paragraph y" for "paragraph r".

Subsec. (e)(3). Pub. L. 101–647, § 1205(e), inserted "commonwealth," before "possession or territory of the United States".

Subsec. (e)(4)(G). Pub. L. 101–647, § 2597(j)(2), which directed substitution of a semicolon for a period at end of subpar. (G), could not be executed because it ended with a semicolon.

Subsec. (e)(4)(H), (I). Pub. L. 101–647, § 2597(j), added subpars. (H) and (I).

1989—Subsec. (e)(4)(A). Pub. L. 101–73, § 962(a)(5)(A), substituted "an institution," for "a bank".

Subsec. (e)(4)(C) to (H). Pub. L. 101–73, § 962(a)(5)(B), (C), redesignated subpars. (D) to (H) as (C) to (G), respectively, and struck out former subpar. (C) which read as follows: "an institution with accounts insured by the Federal Savings and Loan Insurance Corporation;".

1988—Subsec. (a)(2). Pub. L. 100–690 inserted a comma after "financial institution" and struck out the comma that followed a comma after "title 15".

1986—Subsec. (a). Pub. L. 99–474, § 2(b)(2), struck out last sentence which read as follows: "It is not an offense under paragraph (2) or (3) of this subsection in the case of a person having accessed a computer with authorization and using the opportunity such access provides for purposes to which such access does not extend, if the using of such opportunity consists only of the use of the computer."

Subsec. (a)(1). Pub. L. 99–474, § 2(c), substituted "or exceeds authorized access" for ", or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend".

Subsec. (a)(2). Pub. L. 99–474, § 2(a), (c), substituted "intentionally" for "knowingly", substituted "or exceeds authorized access" for ", or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend", struck out "as such terms are defined in the Right to Financial Privacy Act of 1978 (12 U.S.C. 3401 et seq.)," after "financial institution,", inserted "or of a card issuer as defined in section 1602(n) of title 15," and struck out "or" appearing at end.

Subsec. (a)(3). Pub. L. 99–474, § 2(b)(1), amended par. (3) generally. Prior to amendment, par. (3) read as follows: "knowingly accesses a computer without authorization, or having accessed a computer with authorization, uses the opportunity such access provides for purposes to which such authorization does not extend, and by means of such conduct knowingly uses, modifies, destroys, or discloses information in, or prevents authorized use of, such computer, if such computer is operated for or on behalf of the Government of the United States and such conduct affects such operation;".

Subsec. (a)(4) to (6). Pub. L. 99–474, § 2(d), added pars. (4) to (6).

Subsec. (b). Pub. L. 99–474, § 2(e), struck out par. (1) designation and par. (2) which provided a penalty for persons conspiring to commit an offense under subsec. (a).

Subsec. (c). Pub. L. 99–474, § 2(f)(9), substituted "(b)" for "(b)(1)" in introductory text.

Subsec. (c)(1)(A). Pub. L. 99–474, § 2(f)(1), substituted "under this title" for "of not more than the greater of $10,000 or twice the value obtained by the offense".

Subsec. (c)(1)(B). Pub. L. 99–474, § 2(f)(2), substituted "under this title" for "of not more than the greater of $100,000 or twice the value obtained by the offense".

Subsec. (c)(2)(A). Pub. L. 99–474, § 2(f)(3), (4), substituted "under this title" for "of not more than the greater of $5,000 or twice the value obtained or loss created by the offense" and inserted reference to subsec. (a)(6).

Subsec. (c)(2)(B). Pub. L. 99–474, § 2(f)(3), (5)–(7), substituted "under this title" for "of not more than the greater of $10,000 or twice the value obtained or loss created by the offense", "not more than" for "not than", inserted reference to subsec. (a)(6), and substituted "; and" for the period at end of subpar. (B).

Subsec. (e)(3). Pub. L. 99–474, § 2(f)(8), added par. (3).

Subsec. (e). Pub. L. 99–474, § 2(g), substituted a dash for the comma after "As used in this section", realigned remaining portion of subsection, inserted "(1)" before "the term", substituted a semicolon for the period at the end, and added pars. (2) to (7).

Subsec. (f). Pub. L. 99–474, § 2(h), added subsec. (f).

EFFECTIVE DATE OF 2002 AMENDMENT

Amendment by Pub. L. 107–296 effective 60 days after Nov. 25, 2002, see section 4 of Pub. L. 107–296, set out as an Effective Date note under section 101 of Title 6, Domestic Security.

TRANSFER OF FUNCTIONS

For transfer of the functions, personnel, assets, and obligations of the United States Secret Service, including the functions of the Secretary of the Treasury relating thereto, to the Secretary of Homeland Security, and for treatment of related references, see sections 381, 551(d), 552(d), and 557 of Title 6, Domestic Security, and the Department of Homeland Security Reorganization Plan of November 25, 2002, as modified, set out as a note under section 542 of Title 6.

REPORTS TO CONGRESS

Section 2103 of Pub. L. 98–473 directed Attorney General to report to Congress annually, during first three years following Oct. 12, 1984, concerning prosecutions under this section.

§ 1031. Major fraud against the United States

(a) Whoever knowingly executes, or attempts to execute, any scheme or artifice with the intent—

(1) to defraud the United States; or

(2) to obtain money or property by means of false or fraudulent pretenses, representations, or promises,

in any procurement of property or services as a prime contractor with the United States or as a subcontractor or supplier on a contract in which there is a prime contract with the United States, if the value of the contract, subcontract, or any constituent part thereof, for such property or services is $1,000,000 or more shall, subject to the applicability of subsection (c) of this section, be fined not more than $1,000,000, or imprisoned not more than 10 years, or both.

(b) The fine imposed for an offense under this section may exceed the maximum otherwise provided by law, if such fine does not exceed $5,000,000 and—

(1) the gross loss to the Government or the gross gain to a defendant is $500,000 or greater; or

(2) the offense involves a conscious or reckless risk of serious personal injury.

(c) The maximum fine imposed upon a defendant for a prosecution including a prosecution with multiple counts under this section shall not exceed $10,000,000.

(d) Nothing in this section shall preclude a court from imposing any other sentences available under this title, including without limitation a fine up to twice the amount of the gross loss or gross gain involved in the offense pursuant to 18 U.S.C. section 3571(d).

(e) In determining the amount of the fine, the court shall consider the factors set forth in 18 U.S.C. sections 3553 and 3572, and the factors set forth in the guidelines and policy statements of the United States Sentencing Commission, including—

(1) the need to reflect the seriousness of the offense, including the harm or loss to the victim and the gain to the defendant;

(2) whether the defendant previously has been fined for a similar offense; and

(3) any other pertinent equitable considerations.

(f) A prosecution of an offense under this section may be commenced any time not later than 7 years after the offense is committed, plus any additional time otherwise allowed by law.

(g)(1) In special circumstances and in his or her sole discretion, the Attorney General is authorized to make payments from funds appropriated to the Department of Justice to persons who furnish information relating to a possible prosecution under this section. The amount of such payment shall not exceed $250,000. Upon application by the Attorney General, the court may order that the Department shall be reimbursed for a payment from a criminal fine imposed under this section.

(2) An individual is not eligible for such a payment if—

(A) that individual is an officer or employee of a Government agency who furnishes information or renders service in the performance of official duties;

(B) that individual failed to furnish the information to the individual's employer prior to furnishing it to law enforcement authorities, unless the court determines the individual has justifiable reasons for that failure;

(C) the furnished information is based upon public disclosure of allegations or transactions in a criminal, civil, or administrative hearing, in a congressional, administrative, or GAO report, hearing, audit or investigation, or from the news media unless the person is the original source of the information. For the purposes of this subsection, "original source" means an individual who has direct and independent knowledge of the information on which the allegations are based and has voluntarily provided the information to the Government; or

(D) that individual participated in the violation of this section with respect to which such payment would be made.

(3) The failure of the Attorney General to authorize a payment shall not be subject to judicial review.