BINGHAM McCUTCHEN LLP
DONN P. PICKETT (SBN 72257)
GEOFFREY M. HOWARD (SBN 157468)
HOLLY A. HOUSE (SBN 136045)
ZACHARY J. ALINDER (SBN 209009)
BREE HANN (SBN 215695)
Three Embarcadero Center
San Francisco, CA 94111-4067
Telephone: (415) 393-2000
Facsimile: (415) 393-2286
donn.pickett@bingham.com
geoff.howard@bingham.com
holly.house@bingham.com
zachary.alinder@bingham.com
bree.hann@bingham.com

DORIAN DALEY (SBN 129049)
JENNIFER GLOSS (SBN 154227)
500 Oracle Parkway, M/S 5op7
Redwood City, CA 94070
Telephone: (650) 506-4846
Facsimile: (650) 506-7114
dorian.daley@oracle.com
jennifer.gloss@oracle.com

Attorneys for Plaintiffs
Oracle USA, Inc., Oracle International Corporation,
Oracle EMEA Limited, and Siebel Systems, Inc.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ORACLE USA, INC., *et al.*,

　　　　　　Plaintiffs,
v.

SAP AG, *et al.*,

　　　　　　Defendants.

CASE NO. 07-CV-01658 PJH (EDL)

**PLAINTIFFS' ADMINISTRATIVE MOTION TO PERMIT PLAINTIFFS TO FILE UNDER SEAL INFORMATION SUPPORTING PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

Case No. 07-CV-01658 PJH (EDL)

## I. INTRODUCTION

Pursuant to Local Rules 7-11(a) and 79-5(c), Plaintiffs Oracle USA, Inc. (now known as "Oracle America, Inc.") and Oracle International Corporation ("Plaintiffs" or "Oracle") hereby move the Court for an order directing the Clerk of the Court to file under seal the following documents related to Oracle's Motion for Partial Summary Judgment:

(1) Exhibit D to the Declaration of Thomas O'Neill filed in Support of Oracle's Motion for Partial Summary Judgment ("O'Neill Declaration");

(2) portions of the Declaration of Norm Ackermann filed in Support of Oracle's Motion for Partial Summary Judgment ("Ackermann Declaration");

(3) Appendices B-K of the Ackermann Declaration;

(4) portions of the Declaration of Mark Fallon filed in Support of Oracle's Motion for Partial Summary Judgment ("Fallon Declaration");

(5) portions of Exhibits 17, 18, 115, 116 and 117 to the Declaration of Zachary J. Alinder filed in Support of Oracle's Motion for Partial Summary Judgment ("Alinder Declaration"); and

(6) portions of Oracle's Motion for Partial Summary Judgment at page 12, lines 11-19, 22-23 and page 24, lines 4-5.

Each of these documents contains information properly designated pursuant to the Stipulated Protective Order entered in this action as confidential or highly confidential by Oracle. Compelling reasons exist to support filing the requested documents under seal, as established in the attached Declaration of Jennifer Gloss in Support of Plaintiffs' Administrative Motion to Permit Plaintiffs to File Under Seal Information Supporting Oracle's Motion for Partial Summary Judgment ("Gloss Declaration"), because Oracle has narrowly tailored its request to seal only the specific passages that contain non-public, commercially sensitive, private and confidential information, the disclosure of which would create a risk of significant competitive injury and particularized harm and prejudice to Oracle. Unredacted versions of these documents were lodged with the Court on March 3, 2010. Accordingly, the Court should grant this Motion to file the requested documents under seal.

## II. COMPELLING REASONS EXIST TO SEAL ORACLE'S CONFIDENTIAL INFORMATION

As a general matter, "courts have recognized a 'general right to inspect and copy public records and documents, including judicial records and documents.'" *Kamakana v. City & County of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006) (internal citation omitted). However, the Ninth Circuit has recognized that "access to judicial records is not absolute." *Id.* A party seeking to seal a document or information filed in connection with a dispositive motion may overcome the presumption of public access by meeting the "compelling reasons" standard articulated by the Ninth Circuit. *Id.*; *Foltz v. State Farm Mutual Auto Ins. Co.*, 331 F.3d 1122, 1135 (9th Cir. 2003); *Medtronic Vascular Inc. v. Advanced Cardiovascular Sys., Inc.*, 614 F. Supp. 2d 1006, 1035-36 (N.D. Cal. 2009) (Hamilton. J.) (granting in part motion to file under seal where requesting party had shown a "compelling need" to file under seal), amended on other grounds, No. C 06-1066 PJH, 2009 WL 1764749 (N.D. Cal. June 22, 2009). Specifically, the requesting party must "articulate[] compelling reasons supported by specific factual findings . . . that outweigh the general history of access and the public policies favoring disclosure." *Kamakana*, 447 F.3d at 1178-79 (internal citations omitted). Compelling reasons sufficient to outweigh the public's interest in disclosure and to justify sealing court records exist when such "'court files might have become a vehicle for improper purposes,' such as the use of records to gratify private spite, promote public scandal, circulate libelous statements, or release trade secrets." *Id.* at 1179.

### A. The Request For Sealing Relates To Commercially Sensitive Documents Like Software Code, Internal Security Measures, Proprietary Financial Data And Private Customer Information

The presumption in favor of public access is overcome when information as sensitive and confidential as the information contained in the documents addressed by this Motion and the supporting Gloss Declaration is filed in support of dispositive motions. Furthermore, the Gloss Declaration establishes that compelling reasons exist to seal these documents because they contain confidential and commercially sensitive information about Oracle's proprietary software code and internal security measures, and calculations based on

3     Case No. 07-CV-01658 PJH (EDL)

proprietary financial information which could be unfairly used to Oracle's disadvantage. They also include a customer contract subject to confidentiality agreements. Thus, this information qualifies for protection under the sealing rules and practice of this Court, including Rule 26(c), Local Rule 79-5, and this Court's Standing Order on Confidential and Sealed Documents.

### B. Oracle Protects These Documents And Data As Its Confidential And Proprietary And The Request Is Narrowly Tailored

The Gloss Declaration also establishes both that Oracle has considered and treated the information contained in the subject documents as confidential and proprietary, and that public disclosure of such information would result in a particularized harm or prejudice to Oracle. In addition, Oracle has taken steps to ensure that the information contained in these documents remain confidential in this litigation, pursuant to the Protective Order entered on June 6, 2007. This Protective Order was designed by the Parties, who are direct competitors in the software industry, to protect designated documents from improper disclosure, both to the public and more broadly than necessary to employees of the Parties themselves.

Finally, Oracle has narrowly tailored this request, as required by Local Rule 79-5(a), by only requesting redaction or sealing of the specific passages, documents and information that contain the most commercially sensitive and confidential information. According, the Court should grant this motion to file the requested documents under seal.

### III. CONCLUSION

For the foregoing reasons, Oracle respectfully requests that the Court file under seal: (1) Exhibit D to the Declaration of Thomas O'Neill; (2) portions of the Declaration of Norm Ackermann; (3) Appendices B-K to the Ackermann Declaration; (4) portions of the Declaration of Mark Fallon; (5) portions of Exhibits 17, 18, 115, 116 and 17 to the Alinder Declaration; (7) and portions of Oracle's Motion for Partial Summary Judgment at page 12, lines 11-19, 22-23 and page 24, lines 4-5.

| | | |
|---|---|---|
| 1 | DATED: March 3, 2010 | BINGHAM McCUTCHEN LLP |

By: _____
Zachary J. Alinder
Attorneys for Plaintiffs
Oracle USA, Inc.,
Oracle International Corporation, Oracle EMEA
Limited, and Siebel Systems, Inc.

5

Case No. 07-CV-01658 PJH (EDL)