# JONES DAY

717 TEXAS • SUITE 3300 • HOUSTON, TEXAS 77002-2712

TELEPHONE: (832) 239-3939 • FACSIMILE: (832) 239-3600

Direct Number: (832) 239-3721
swcowan@jonesday.com

March 4, 2010

The Honorable Elizabeth D. Laporte
United States Magistrate Judge
United States District Court
Northern District of California
450 Golden Gate Avenue
San Francisco, CA 94102

**Re:** *Oracle USA, Inc., et al. v. SAG AG, et al.;* **No. 07-CV-1658 PJH (EDL)**
**WITHDRAWAL of Defendants' Objections Under the Stipulated Protected Order to Plaintiffs' Disclosure of Highly Confidential and Confidential Information to Plaintiffs' Proposed Experts Christian Hicks and Elysium Digital, LLC**

Dear Judge Laporte:

      This joint letter confirms Defendants' WITHDRAWAL of their objection under Paragraph 12 of the Stipulated Protective Order (Doc. # 32) ("SPO") to Plaintiffs' disclosure of any materials designated Highly Confidential and Confidential Information by Defendants in this case to Christian B. Hicks ("Hicks"), President of Elysium Digital, LLC ("Elysium"), and Elysium that is contained in Defendants' March 3, 2010 letter brief (Doc. # 648).

      After further meet and confer, the Parties have agreed that Hicks and Elysium are the only ones who are fully knowledgeable regarding the details of both SAP's engagement of Elysium and Plaintiffs' proposed engagement of Elysium. Plaintiffs and SAP have both received assurances from Hicks and Elysium that their engagement by Plaintiffs will not involve a breach of any duties that Hicks, Elysium or Elysium's agents or representatives may owe SAP. Thus, although the Parties are reserving all of their respective rights, they have determined that Hicks and Elysium are responsible for proceeding in a manner that is proper and avoids any conflict of interest. And, it is on that basis that Defendants withdraw their objection.

      Plaintiffs have taken exception to the statement in Defendants' March 3, 2010 letter brief that "Plaintiffs equivocated on their earlier assurances" during the Parties prior meet and confer. After further meet and confer, the Parties have concluded that the inability to resolve this issue within the narrow two-day window required by the SPO was simply the result of mutual misunderstandings of the Parties' positions, not a change in position by either party during the meet and confer process.

ATLANTA • BEIJING • BRUSSELS • CHICAGO • CLEVELAND • COLUMBUS • DALLAS • DUBAI • FRANKFURT • HONG KONG • HOUSTON
IRVINE • LONDON • LOS ANGELES • MADRID • MEXICO CITY • MILAN • MOSCOW • MUNICH • NEW DELHI • NEW YORK • PARIS
PITTSBURGH • SAN DIEGO • SAN FRANCISCO • SHANGHAI • SILICON VALLEY • SINGAPORE • SYDNEY • TAIPEI • TOKYO • WASHINGTON

Dockets.Justia.com

JONES DAY

The Honorable Elizabeth D. Laporte
March 4, 2010
Page 2


Respectfully,

JONES DAY

By:     */s/ Scott W. Cowan*
       Scott W. Cowan
       Attorneys for Defendants
       SAP AG, SAP America, Inc., and TomorrowNow, Inc.


In accordance with General Order No. 45, Rule X, the above signatory attests that concurrence in the filing of this document has been obtained from the signatory below.


BINGHAM McCUTCHEN LLP

By:     */s/ Geoffrey M. Howard*
       Geoffrey M. Howard
       Attorneys for Plaintiffs
       Oracle USA, Inc., Oracle International Corporation, Oracle EMEA, Ltd., and
       Siebel Systems, Inc.