IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

ORACLE CORPORATION, et al.,　　　　　　　　No. C-07-01658 PJH (EDL)

　　　　Plaintiffs,　　　　　　　　　　　　　　**ORDER**

　v.

SAP AG, et al.,

　　　　Defendants.
　　　　　　　　　　　　　　　　　　　　／

　　　　On January 26, 2010, the Court held a hearing on two motions to compel. One of the issues that was raised in Plaintiffs' motion to compel was Defendants' responses to Plaintiffs' requests for admission. The requests for admission were aimed at Defendants' business model and at how TomorrowNow generated its fixes and updates. On February 12, 2010, the Court granted Plaintiffs' motion to compel further responses to Plaintiffs' requests for admission, subject to the parties meeting and conferring about less burdensome ways to obtain that information. Subsequently, Defendants supplemented their responses. Plaintiffs argue that some of Defendants' supplemental responses failed to comply with the Court's Order. Accordingly, on March 2, 2010, the parties submitted a joint letter seeking an expedited briefing schedule to address the responses that remained in dispute. Under the Court's scheduling order, briefing was complete on March 17, 2010. This matter is appropriate for decision without oral argument. For the reasons stated below, the Court grants limited additional relief as to some categories of responses.

//

//

**A.     Category 1: Requests for admission that seek information about a list of objects, but to which Defendants responded in terms of bundles**

Plaintiffs point to request for admission number 18 as illustrative of this category of requests:

> For each item 1-33,186 on Exhibit D, admit that, if a Copy of the listed Fix Object was tested, a Copy of the listed Fix Object was tested using a Generic Environment.

Following several objections, Defendants responded:

> Admitted for the vast majority of the objects that are contained in the retrofit bundles listed in the first two columns of Exhibit A attached hereto. Denied for the majority of the remaining fix objects that are not covered by Defendants' admission in the preceding sentence.

See Hixson Decl. Ex. A at 8; Cowan Decl. Ex. A at 3.

Plaintiffs argue that Defendants' responses are inadequate because they refer to bundles and not to fix objects as stated in the requests. Plaintiffs argue that because Defendants answered with respect to bundles, a jury could not understand from that response whether Defendants have made the admission for the vast majority, the majority or some of the 33,186 fix objects because Defendants do not list what fixes are in each bundle.

Although Defendants responded to most requests in this category with simple admissions and denials, they argue that the qualifier "objects that are contained in the retrofit bundles" was their good faith answer as to fourteen of the requests, including number 18. Defendants also argue that they have produced the retrofit bundles, and that the names of the bundles are contained in Exhibit D, which lists the 33,186 fixes, so that "Plaintiffs and their experts can easily review the first two columns of Exhibit A along with their own 973 page list of objects to determine which objects are contained with the retrofit bundles." Def.'s Opp. at 4.

As stated in the Court's prior order, Defendants must track the language used in the request in formulating their response. Defendants have not satisfactorily explained why they could not themselves combine the first two columns of Exhibit A listing bundles along with Plaintiffs' Exhibit D listing objects to determine which objects are contained in which bundles, if, as Defendants claim, this comparison would be easy for Plaintiffs. After completing that comparison, Defendants would be able to respond to the requests in terms of fix objects rather than bundles. Accordingly, Defendants shall supplement the responses to requests in this category by tracking the "fix object" language employed by Plaintiffs.

2

**B.    Category 2: Requests for admission that seek information about fixes and updates, but to which Defendants responded in terms of components**

As an example of this category of requests, Plaintiffs point to request for admission number 577:

> Admit that for the majority of Fixes and Updates listed in Exhibit B, TN identified some set of Customers to whom it would deliver the Fix or Update and determined whether one Fix or Update could be Developed for all such Customers on the release, or whether TN needed to split the Customers on that release into sub-groups (sometimes referred to at TN as "source groups").

Following several objections, Defendants responded:

> ADMITTED for at least one component in the majority of the listed fixes or updates.

See Hixson Dec. Ex. C at 64-65; Cowan Decl. Ex. B at 26.

As with the first category of requests, Defendants did not track the language used by Plaintiffs in the requests for admission, and instead used the term "component" without providing an explanation of what that term means in this context. Defendants argue that they had to qualify their responses as to components in some instances where the responses did not cover all the objects in the fixes and updates. However, the failure to define the term "component" causes the responses to be ambiguous as well as confusing to a jury. The parties note that the Court mentioned the term "component" at the January 26, 2010 hearing, and Defendants rely on the Court's use of this term to justify Defendants' use here. However, the Court did not intend that Defendants could freely use that term in their responses, no matter the context. Further, Defendants argue that the use of the term "component" was appropriate because Plaintiffs' technical expert, Kevin Mandia, defined "Associated Files" in his report as meaning "any file that is a component of a specific fix." See Opp. at n. 2; Cowan Decl. Ex. F. However, even if Mandia uses the term component to mean a file that is part of a fix, there is no indication in Defendants' responses that Defendants used the term in that way. Accordingly, Defendants shall supplement their responses to track the language used in the requests for admission. If appropriate, Defendants may clarify in their responses that the response applies to some subset of fixes and updates by using the qualifying language already approved by the Court.

//

//

3

1 **C.    Category 3: Responses that incorporate vague testimony by reference and are non-responsive**

At issue is request for admission number 11:

> For each file located in AS/400 World Partition, as identified in Defendants' responses to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded from an Oracle website by SAP TN.

Following several objections, Defendants responded:

> ADMITTED for materials that TomorrowNow downloaded and subsequently moved to the AS/400 as described by Patti Von Feldt at pages 10:14-11:3 and 14:7-15 of her April 10, 2009 deposition. DENIED for the vast majority of the files not covered by the admission in the preceding sentence.

See Hixson Decl. Ex. B at 12.

Ms. Von Feldt testified that some of the downloads that were made by TomorrowNow from Oracle's Customer Connection database were moved to AS/400, and that "probably all" of the product lines that were on the AS/400 had documents moved onto the AS/400. See Cowan Decl. Ex. C. She did not state whether or how many files on the AS/400 were downloaded from the Customer Connection database.

Defendants' response to request number 11 is inadequate. As requested in number 11, Defendants shall supplement their response to state whether a vast majority or some other appropriately categorized quantity of files located in AS/400 came from Customer Connection.

**D.    Category 4: Conflicting denials**

Plaintiffs explain that they have asked two different categories of Requests for Admission: (1) seeking admissions that TomorrowNow took an affirmative action such as downloading; and (2) seeking admissions that Defendants lack information that TomorrowNow did not take that same affirmative action. The parties refer to these as the "mirror" requests for admission.

Plaintiffs argue that Defendants have admitted many of the requests in the first category, but have stated in response to the second category that they have information that TomorrowNow did not really commit the act in question. For example, request for admission number 4 states:

> For each file located in DCITBU01_G\JDE\JDE Delivered Updates and Fixes, as identified in Defendants' response to Interrogatory 11 from Oracle Corp.'s first set, admit that the file was originally downloaded from an Oracle website by SAP TN.

Following several objections, Defendants responded: "ADMITTED for the vast majority."

4

The companion request for admission is number 34:

> For each file located in DCITBU01_G\JDE\JDE Delivered Updates and Fixes, admit that after a reasonable inquiry Defendants lack sufficient readily obtainable information to determine that the file was not originally downloaded from an Oracle website by SAP TN.

Following several objections, Defendants responded: "DENIED."

Plaintiffs argue that Defendants' responses are inconsistent because the responses to both number 4 and number 34 cannot be true. Defendants argue that they have provided substantive responses where possible, and then denied the mirror requests.

As exemplified by request numbers 4 and 34, Defendants have admitted that the vast majority of the files were downloaded, and then denied that they lack exonerating information as to each file. These responses are not necessarily inconsistent. However, the relationship between the answers to the mirror requests is unclear and confusing, in part because of how they are drafted. To the extent that requests in the second set are confusingly drafted, the parties shall meet and confer to rewrite those requests in a way that will be clearer to the parties and the jury. By way of example, the Court suggests the following for consideration:

> For each file located in DCITBU01_G\JDE\JDE Delivered Updates and Fixes for which your answer to request number 4 above was not an unqualified admission, admit that after a reasonable inquiry Defendants lack sufficient readily obtainable information to determine whether or not the file was originally downloaded from an Oracle website by SAP TN.

**E.      Category 5: Failure to answer requests for admission**

An example of a request for admission in this category is number 16:

> For each item, 1-33,186 on Exhibit D, admit that a Copy of the listed Fix Object was tested using a Local Environment that did not solely consist of an installation from, a Copy of, or an install from a Copy of software received from or on behalf of the recipient stated for the respective item.

Following several objections, Defendants responded: "Admitted for the majority." See Hixson Decl. Ex. A at 7.

Plaintiffs argue that the response for the "majority" is deficient because it leaves out as much as 49%. At the January 26, 2010 hearing, the Court suggested using "vast majority" to quantify Defendants' responses, but that suggestion was not to the exclusion of any smaller quantifier where it would be more accurate. A response as to the majority, if made in good faith because the amount

5

was less than the vast majority, is appropriate.

    Defendants point to the companion request for number 16, which is number 133:

> For each item 1-33,186 on Exhibit D to Oracle's Third Set of Requests for Admission, admit that after a reasonable inquiry Defendants lack sufficient readily obtainable information to determine that a Copy of the listed Fix Object was tested using a Local Environment consisting solely of an installation from, a Copy of, or an install from a Copy of software received from or on behalf of the recipient stated for the respective item.

Following several objections, Defendants responded: "ADMITTED for the minority." Hixson Decl. Ex. B at 59-60; Cowan Decl. Ex. A at 2. Although the requests for admission are confusingly drafted, which will hinder the jury's ability to understand them at trial to the detriment of both parties, Defendants' responses appear to account for all files. The Court, however, suggests that Plaintiffs consider reformulating the requests without the double negatives that will be confusing to a jury in a manner similar to the suggested modification to request number 34 above. To the extent that Plaintiffs rewrite the requests, Defendants shall supplement their responses as necessary.

**IT IS SO ORDERED.**

Dated: April 2, 2010

                                                              ELIZABETH D. LAPORTE
United States Magistrate Judge