Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone: (415) 626-3939
Facsimile: (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone: (650) 739-3939
Facsimile: (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone: (832) 239-3939
Facsimile: (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,<br><br>           Plaintiffs,<br><br>    v.<br><br>SAP AG, et al.,<br><br>           Defendants. | Case No. 07-CV-1658 PJH (EDL)<br><br>**DEFENDANTS' REPLY IN SUPPORT OF DEFENDANTS' CROSS MOTION FOR PARTIAL SUMMARY JUDGMENT**<br><br>Date: May 5, 2010<br>Time: 9:00 a.m.<br>Courtroom: 3, 3rd Floor<br>Judge: Hon. Phyllis J. Hamilton |

## I. THE RIGHT TO SUE FOR PRE-MARCH 1, 2005 INFRINGEMENT WAS NOT PROPERLY TRANSFERRED TO OSC OR OIC

There is but one, purely legal issue that decides Defendants' Cross Motion. As courts in the Ninth Circuit have consistently held, *all* transfers of the right to sue for past copyright infringement must be express. There is no exception in the merger context, and none of the authority Plaintiffs cite supports a departure from this clear rule. Contrary to Plaintiffs' assertion, this Court already addressed this issue when it held that the merger agreements at issue "do not establish that the right to sue for copyright infringement was expressly transferred to OSC as a consequence of the various mergers." D.I. 224 (12/15/08 Order) at 7. Because a transfer of accrued claims for copyright infringement must be express and because the merger agreements at issue never effected an express transfer to OSC, this Court's previous ruling compels the conclusion that OSC never received such rights and could not have transferred those rights to OIC (thereby mooting the purported July 2009 retroactive transfer from OSC to OIC of the accrued causes of action). Accordingly, and because it is undisputed that OIC did not receive an express transfer of these rights from the PeopleSoft and JDE entities who held them, OIC does not possess these accrued claims and cannot sue for pre-March 1, 2005 infringement of the PeopleSoft and JDE copyrights at issue.

### A. Plaintiffs Do Not Dispute that Accrued Claims for Copyright Infringement Must Be Expressly Transferred, and Their Cited Authority Does Not Carve Out Any Exception to this Rule in the Context of Corporate Transfers.

As explained in Section II.B of Defendants' Cross Motion for Partial Summary Judgment, transfers of accrued causes of action for copyright infringement must be express to be effective. *See* D.I. 670 (Defs.' Cross Mot.) at 3; *see also, e.g.*, *Co-opportunities, Inc. v. Nat'l Broad. Co.*, 510 F. Supp. 43, 46 (N.D. Cal. 1981); *Ed Brawley, Inc. v. Gaffney*, 399 F. Supp. 115, 116 (N.D. Cal. 1975); *Lanard Toys Ltd. v. Novelty Inc.*, 511 F. Supp. 2d 1020, 1033 (C.D. Cal. 2007); *De Silva Constr. Corp. v. Herrald*, 213 F. Supp. 184, 193 (M.D. Fla. 1962); D.I. 224 (12/15/08 Order) at 7. Contrary to Plaintiffs' assertions, courts in this Circuit have addressed this rule in the context of corporate transfers and have required that transfers of accrued claims be express, even between related companies. *See Co-opportunities*, 510 F. Supp. at 46 (holding that

transferring "all assets" of a sole proprietorship in exchange for stock in the resulting corporation did not effectuate a transfer of accrued infringement claims absent an express transfer); *Lanard Toys Ltd.*, 511 F. Supp. 2d at 1033 (barring recovery for claims predating assignment from related company, even though the assignment purported to transfer "all right, title, and interest," because the assignment did not include an express transfer of accrued claims); *see also De Silva Constr. Corp.*, 213 F. Supp. at 193 (finding plaintiff corporation lacked standing to sue for copyright infringement that occurred when its predecessor corporation had owned the copyrights because the inter-company copyright assignments had not expressly transferred accrued claims).

Plaintiffs' argument that the rule requiring an express transfer of the right to sue for copyright infringement does not apply in the merger context fails as a matter of law and logic. Plaintiffs rely on two Delaware cases and the Delaware Corporations Code for the proposition that in a merger all assets and claims transfer to the surviving corporation without the need to execute an express transfer of these assets and claims.[1]  D.I. 700 (Pls.' Reply) at 4.  These cases, however, are inapplicable as neither discusses the mechanics of properly transferring accrued causes of action for copyright infringement; rather, they address whether former shareholders of a dissolved company have standing to pursue pending derivative claims against the merged corporations—a question not even remotely at issue here.  *See Heit v. Tenneco, Inc.*, 319 F. Supp. 884, 886 (D. Del. 1970); *Lewis v. Anderson*, 477 A.2d 1040, 1043 (Del. 1984).  Conversely, cases in this Circuit are clear that accrued claims of copyright infringement, unlike other assets and claims, must be transferred expressly; a general transfer of all assets and liabilities is not enough.  *See Co-opportunities*, 510 F. Supp. at 46-47.  Plaintiffs cite no case law to the contrary.

Further, Plaintiffs' assertion that copyright claims survive a merger despite failure to comply with statutory pre-requisites is not only irrelevant, it is not supported by the cases on

---

[1] Plaintiffs also argue that Delaware corporations law is not preempted by the Copyright Act and thus it presumptively applies.  However, Defendants' Cross Motion does not raise this issue and the cases Plaintiffs cite are inapposite to the current motion.  *U.S. v. Northrop Corp.* does not even support Plaintiffs' position, as it applies federal common law, not state law, to fill in gaps in a federal statutory scheme.  *See* 59 F.3d 953, 960 (9th Cir. 1995).  In *Kamen v. Kemper Fin. Servs.*, the discussed presumption regarding proper application of state law is limited to those areas of law where states have special province—in *Kamen*, the allocation of governing power within a corporation.  *See* 500 U.S. 90, 99 (1991).  The issue at hand, in contrast, concerns ownership and transfer of copyrights, the province of federal law and statute.

which Plaintiffs rely. Specifically, Plaintiffs' reliance on *Forry, Inc. v. Neundorfer, Inc.*, 837 F.2d 259 (6th Cir. 1988) is misplaced for two reasons. *Forry* is inapposite because it does not address the question relevant to resolving the present motion—the transfer of accrued claims—but only addresses the transfer of copyrights themselves. *See id*. at 262. Moreover, unlike here, the surviving entity of the merger in *Forry* owned the copyrights *before* the merger took place. *See id*. The *Forry* court merely found, unsurprisingly, that another company's merger into the copyright owner did not somehow effect a transfer of assets that the surviving entity already owned. *Id*. Such a holding is irrelevant to the present motion because it does not bear on the question of whether the dissolving PeopleSoft and JDE entities properly transferred accrued causes of action to OSC when they merged into it. Similarly, *Raffoler, Ltd. v. Peabody & Wright, Ltd.*, 671 F. Supp. 947 (E.D.N.Y. 1987) does not support departing from the rule requiring express transfers of accrued copyright infringement claims, as it also concerns the ownership of the copyrights themselves, as opposed to the existing claims for infringement. *Id.* at 952.

Finally, Plaintiffs' argument that related companies need not make express transfers of the right to sue for accrued copyright claims is unpersuasive. *See* D.I. 700 (Pls.' Reply) at 5-6 (citing *Parfums Givenchy, Inc. v. C & C Beauty Sales, Inc.*, 832 F. Supp. 1378, 1384 (C.D. Cal. 1993)). Although the *Parfums* court held that, under the specific facts in question, the plaintiff's parent company had intended to transfer accrued claims for infringement to its subsidiary absent language expressly transferring those claims, a subsequent decision in the same district upheld the requirement that transfers of accrued copyright claims must be express, even between related companies. *See Lanard Toys*, 511 F. Supp. 2d at 1033. The *Co-opportunities* decision from the Northern District of California also upholds the requirement that a transfer of accrued infringement claims must be express. *Co-opportunities, Inc.*, 510 F. Supp. at 46-47. In sum, none of the authority cited by Plaintiffs counsels against the application of the rule requiring express transfers of accrued copyright infringement claims.

**B.    The Undisputed Facts and This Court's Order Dismissing OSC's Copyright Infringement Claims Confirm that Pre-March 1, 2005 Copyright Claims Never Transferred to OSC or OIC.**

Contrary to Plaintiffs' assertions, although this Court did not address OIC's standing in its

1  December 15, 2008 Order on Defendants' Motion to Dismiss, it did address an issue key to

2  resolving this Cross Motion in Defendants' favor.  Specifically, in considering whether OSC was

3  a proper copyright plaintiff, this Court held that the Oracle merger agreements at issue "do not

4  establish that the right to sue for copyright infringement was expressly transferred to OSC as a

5  consequence of the various mergers."[2]  D.I. 224 (12/15/08 Order) at 7.

6  Therefore, as explained in Section II.A of Defendants' Cross Motion for Partial Summary

7  Judgment, the undisputed facts demonstrate that certain PeopleSoft and JDE entities, not OIC,

8  owned the PeopleSoft and JDE copyrights at issue in this case before March 1, 2005; thus, OIC

9  may sue for pre-March 1, 2005 infringement only if it received a valid transfer of the right to

10 pursue those claims.  *See* D.I. 670 (Defs.' Cross Mot.) at 2.  However, none of the inter-company

11 agreements at issue contain the required express transfer of any accrued copyright claims.  *See id*.

12 at 3-4.  Therefore, no claims for infringement pre-dating the March 1, 2005 merger were

13 properly transferred to OSC, and OSC could not have transferred those rights to OIC.  Moreover,

14 Plaintiffs do not dispute that the PeopleSoft and JDE entities that held the right to these claims

15 did not transfer the claims to OIC and are themselves now dissolved (having dissolved on March

16 1, 2005, well before the purported July 2009 retroactive transfer); therefore, they did not and can

17 no longer transfer their rights to the accrued copyright claims.  *Id*. at 2.  Accordingly, OIC lacks

18 standing to bring claims for pre-March 2005 copyright infringement.

19 **II.     CONCLUSION**

20 This Court should grant Defendants' Cross Motion for summary judgment of non-

21 infringement and dismiss OIC's pre-March 1, 2005 copyright infringement claims for all

22 PeopleSoft and JDE copyright registrations asserted in this case, as well as deny Plaintiffs'

23 Motion for Partial Summary Judgment with respect to those claims, because the undisputed facts

24 show that the right to sue for pre-March 1, 2005 infringement of the asserted PeopleSoft or JDE

---

[2] Contrary to Plaintiffs' characterization, Defendants have never "asserted that OIC may have received the right to pursue past claims."  D.I. 700 (Pls.' Reply) at 4 n.1.  Rather, Defendants argued in opposition to Plaintiffs' motion for 1292(b) certification that "neither OSC nor any party has standing to sue for infringement prior to March 1, 2005," and that "OIC cannot sue for infringement before March 2005."  D.I. 273 (Defs.' Opp. to Pls.' Mot. for Entry of Final Judgment) at 5.  Moreover, the portion of Defendants' brief cited by Plaintiffs merely acknowledges the position that *Plaintiffs* took in their motion.  *See id*. at 10.

1 | copyright registrations was never properly transferred to OIC.

2 | Dated:  April 21, 2010                                         JONES DAY

3 | By: /s/ Tharan Gregory Lanier
4 | Tharan Gregory Lanier

5 | Counsel for Defendants

6 | SAP AG, SAP AMERICA, INC., and TOMORROWNOW, INC.