1  BINGHAM McCUTCHEN LLP
   DONN P. PICKETT (SBN 72257)
2  GEOFFREY M. HOWARD (SBN 157468)
   HOLLY A. HOUSE (SBN 136045)
3  ZACHARY J. ALINDER (SBN 209009)
   BREE HANN (SBN 215695)
4  Three Embarcadero Center
   San Francisco, CA  94111-4067
5  Telephone:  (415) 393-2000
   Facsimile:   (415) 393-2286
6  donn.pickett@bingham.com
   geoff.howard@bingham.com
7  holly.house@bingham.com
   zachary.alinder@bingham.com
8  bree.hann@bingham.com

9  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (Admitted *Pro Hac Vice*)
10 333 Main Street
   Armonk, NY 10504
11 Telephone: (914) 749-8200
   dboies@bsfllp.com
12 STEVEN C. HOLTZMAN (SBN 144177)
   1999 Harrison St., Suite 900
13 Oakland, CA 94612
   Telephone: (510) 874-1000
14 sholtzman@bsfllp.com

15 DORIAN DALEY (SBN 129049)
   JENNIFER GLOSS (SBN 154227)
16 500 Oracle Parkway, M/S 5op7
   Redwood City, CA  94070
17 Telephone:  650.506.4846
   Facsimile: 650.506.7114
18 dorian.daley@oracle.com
   jennifer.gloss@oracle.com
19

20 Attorneys for Plaintiffs
   Oracle USA, Inc., *et al.*

21                    UNITED STATES DISTRICT COURT
22                    NORTHERN DISTRICT OF CALIFORNIA
23                           OAKLAND DIVISION

| | |
|---|---|
| 24  ORACLE USA, INC., *et al.*, | Case No. 07-CV-01658 PJH (EDL) |
| 25            Plaintiffs,<br>       v. | **ORACLE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW** |
| 26  SAP AG, *et al.*, | Date:     September 30, 2010<br>Time:     9:00 am |
| 27            Defendants. | Place:    3rd Floor, Courtroom 3<br>Judge:    Hon. Phyllis J. Hamilton |
| 28 | |

                                     1                    Case No. 07-CV-01658 PJH (EDL)

1           Pursuant to the Court's Pretrial Instructions, Plaintiffs Oracle USA, Inc., Oracle
2    International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. (collectively,
3    "Oracle") submit the following proposed findings of fact and conclusions of law for "claims to
4    be tried by the court."  Case Management and Pretrial Order, Dkt. No. 84, at p. 4.
5           Oracle has two claims seeking only equitable relief, which may be tried by the court.
6    First, a claim under Section 17200 of the California Business and Professions Code, seeking
7    among other things, injunctive relief against Defendants SAP AG, SAP America, Inc., and
8    TomorrowNow, Inc. (collectively, "Defendants").  Second, a claim for an accounting seeking
9    that Defendants account for the money that they secured through their illegal conduct.[1]
10          However, as a preliminary matter, Oracle notes that its legal claims will have been tried
11   prior to its equitable claims.  *See Ross v. Bernhard*, 396 U.S. 531, 90 S.Ct. 733, 24 L.Ed.2d 729
12   (1970) ("where equitable and legal claims are joined in the same action, there is a right to jury
13   trial on the legal claims which must not be infringed either by trying the legal issues as incidental
14   to the equitable ones or by a court trial of a common issue existing between the claims).  The
15   jury's fact-finding on the legal claims will be binding on the Court.  *See Los Angeles Police*
16   *Protective League v. Gates*, 995 F.2d 1469, 1473 (9th Cir. 1993) ("in a case where legal claims
17   are tried by a jury and equitable claims are tried by a judge, and the claims are "based on the
18   same facts," in deciding the equitable claims "the Seventh Amendment requires the trial judge to
19   follow the jury's implicit or explicit factual determinations.").  Thus, as a practical matter, the
20   jury will likely make findings on most of the facts relevant to Oracle's equitable claims.
21   **I.   PROPOSED FINDINGS OF FACT**
22                            **Unfair Competition Claim**
23          1.   The jury having found Defendants liable for violation of the CFAA, CDAFA,
24   intentional and negligent interference with prospective economic advantage, breach of contract,
25   unjust enrichment and trespass to chattels, any one of which would be sufficient to establish a
26   
27   [1]   Any equitable defenses have not been addressed in this document, given the limited scope in the Pretrial Instructions to "cases or claims to be tried to the court."
28   

ORACLE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

claim for unlawful conduct under 17200, *see Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1992); *see also Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (Cal. Ct. App. 1994) ("The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."), the Court finds in favor of plaintiffs on their 17200 claim. Defendants have engaged in unlawful, fraudulent and unfair business practices by committing illegal acts, including computer fraud, trespass to chattels, breach of contract, unjust enrichment and interference with business relationships.

2. Defendants committed these acts to gain an unfair competitive advantage in the form of, for example, better publicity, better revenue stream, disruption of Oracle's ability to compete, harm to Oracle's share price and devaluation of Oracle's recently acquired software brands.

3. Defendants recruited Oracle customers and acquired support fees from those customers based on their unlawful, unfair and/or fraudulent business practices.

4. As a result of Defendants' illegal conduct, Oracle has suffered irreparable injury and, unless Defendants are enjoined, will continue to suffer irreparable injury, whereby Oracle has no adequate remedy at law.

## Accounting

5. The jury having found Defendants liable for violations of the CFAA, CDAFA, breach of contract, intentional and negligent interference with prospective economic advantage, unjust enrichment and trespass to chattels, the Court finds that, as a result of those violations, Defendants have received money properly due and owing to Oracle, and Defendants misappropriated Oracle's property and used that property to create a financial benefit in which Oracle is entitled to share.

6. The total amount of money due from Defendants to Oracle is unknown to Oracle and cannot be fully ascertained without an accounting of the income and gross profits Defendants have obtained through their wrongful and unlawful conduct of obtaining and using Oracle's property.

**Indirect Liability of SAP AG and SAP America on Equitable Claims**

7. The jury having found Defendants liable for violation of the CFAA, CDAFA, breach of contract, intentional and negligent interference with prospective economic advantage, unjust enrichment and trespass to chattels, and the Court having found those violations sufficient to constitute unfair business practices under Section 17200, the Court finds that SAP AG and SAP America manifested an intent that TomorrowNow should act on their behalf in performing the illegal, unfair and fraudulent business practices of TomorrowNow, as well as the wrongful conduct resulting in the need for an accounting.

8. TomorrowNow accepted that undertaking, and there was an understanding between the parties that SAP AG and SAP America had control of TomorrowNow's business practices and conduct.

9. TomorrowNow conducted its illegal, unfair and fraudulent business practices, as well as the wrongful conduct resulting in the need for an accounting, within the scope of its authority from SAP AG and SAP America and as their agent.

10. Further, SAP AG and SAP America were aware of TomorrowNow's illegal, unfair and fraudulent business practices, as well as the wrongful conduct resulting in the need for an accounting.

11. SAP AG and SAP America agreed to commit, and intended that TomorrowNow commit, the illegal, unfair and fraudulent business practices, as well as the wrongful conduct resulting in the need for an accounting.

12. SAP AG and SAP America knew that TomorrowNow was committing illegal, unfair and fraudulent business practices against Oracle and also knew of the wrongful conduct resulting in the need for an accounting, and they gave substantial assistance and encouragement to TomorrowNow.

13. Further, TomorrowNow intended to act on behalf of SAP AG and SAP America, SAP AG and SAP America learned of TomorrowNow's conduct, including after illegal conduct occurred, and SAP AG and SAP America approved of TomorrowNow's conduct.

ORACLE'S PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

## II.  PROPOSED CONCLUSIONS OF LAW

### Unfair Competition

1. The jury having found Defendants liable for violation of the CFAA, CDAFA intentional and negligent interference with prospective economic advantage, breach of contract, unjust enrichment and trespass to chattels, any one of which would be sufficient to establish a claim for unlawful conduct under 17200, *see Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 180 (Cal. 1992); *see also Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (Cal. Ct. App. 1994) ("The 'unlawful' practices prohibited by section 17200 are any practices forbidden by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made."), the Court concludes that Oracle has established that Defendants violated numerous laws under the unlawful prong of Section 17200, including committing computer fraud, breach of contract, interference with business relationships, unjust enrichment and trespass to chattels.

2. Oracle has established that Defendants acted unfairly under the unfairness prong of Section 17200.

3. Oracle has established that Defendants acted fraudulently under the fraudulent prong of Section 17200.

4. Oracle has established the need for injunctive relief against Defendants.

5. Oracle has established that it is entitled to further relief under Section 17200, including an award of attorneys' fees and costs.

### Accounting

6. The jury having found Defendants liable for violation of the CFAA, CDAFA, breach of contract, intentional and negligent interference with prospective economic advantage, unjust enrichment and trespass to chattels, and through such violations having received money properly due and owing to Oracle, the Court concludes that Oracle has established that it is entitled to a full accounting of the money properly due and owing to Oracle from Defendants, including through the misuse of Oracle property to create a financial benefit in which Oracle is

1 entitled to share. *See Teselle v. McLoughlin*, 173 Cal. App. 4th 156, 179-80 (Cal. Ct. App. 2009) (relationship necessary to claim for accounting may be formed where defendant possesses money or property it is obliged to surrender to plaintiff); *see also* Mathew Bender California Forms of Pleading and Practice, §7.12[1].

### Indirect Liability of SAP AG and SAP America on Equitable Claims

7. The jury having found Defendants liable for violation of the CFAA, CDAFA, breach of contract, intentional and negligent interference with prospective economic advantage, unjust enrichment and trespass to chattels, the violations of which the Court has concluded constitute unfair business practices and create the need for an accounting, the Court concludes that Oracle has established that SAP AG and SAP America are liable for the illegal, unfair and fraudulent business practices of TomorrowNow, as well as the wrongful conduct resulting in the need for an accounting, because TomorrowNow was acting as their agent within the scope of its authority.

8. Oracle has established that SAP AG and SAP America are liable as co-conspirators for the illegal, unfair and fraudulent business practices of TomorrowNow, as well as the wrongful conduct resulting in the need for an accounting.

9. Oracle has established that SAP AG and SAP America are liable for the illegal, unfair and fraudulent business practices of TomorrowNow, as well as the wrongful conduct resulting in the need for an accounting, because they aided and abetted TomorrowNow.

10. Oracle has established that SAP AG and SAP America are liable for the illegal, unfair and fraudulent business practices of TomorrowNow, as well as the wrongful conduct resulting in the need for an accounting, because they ratified TomorrowNow's conduct.

### Equitable Relief

11. Oracle has established that it is entitled to entry of an order for a permanent injunction restraining Defendants, their officers, agents, servants, employees, and attorneys, and those in active concert or participation with any of them, from the following:

(a) Copying, distributing, using, or creating derivative works from Oracle software or support materials or software environments in any way, including for any

business purpose, except as otherwise allowed by express license from Oracle or as otherwise set forth below;

    (b) Copying, distributing or storing, or facilitating copying, distribution or storage of, any Oracle software or support materials directly or indirectly from or to any of Defendants' offices, computer systems or networks;

    (c) Using any bot, scraper, spider, or other software tool (including without limitation Titan and its predecessor scripts) to access, copy, distribute or use any Oracle software or support materials in any way, including for any business purpose;

    (d) Facilitating the downloading of any Oracle software or support materials from any Oracle support website for, or on behalf of, any customer who does not have a valid, existing and currently-Oracle-supported software license for the specific materials being downloaded from Oracle entitling that customer to have and use that software or support materials;

    (e) Facilitating the access to, use of, or downloading from any Oracle support website for, or on behalf of, any customer other than by using that specific customer's valid login credentials;

    (f) Regardless of the location of any specific software or support materials or software environments, copying, distributing or using Oracle software, support materials, or any software environments obtained through or for one customer to support a different customer; or,

    (g) Otherwise engaging in acts of unfair competition, copyright infringement, trespass, unjust enrichment, computer fraud, breach of contract or interference with Oracle's business relationships.

  12. Oracle has established that it is entitled to entry of an order directing Defendants to return Oracle's property, including, without limitation, Oracle's confidential, proprietary, and copyrighted software and support materials, including data, internal documents, and valuable updates, patches, fixes, and other computer code, that Defendants took from Oracle.

  13. Oracle has established that it is entitled to entry of an order impounding or

destroying any and all of Defendants' infringing materials, including Titan, pursuant to 17 U.S.C. § 503.

14. Oracle has established that it is entitled to entry of an order requiring Defendants to restore and/or disgorge all ill-gotten gains unjustly obtained and retained by Defendants through their illegal conduct.

15. Oracle has established that it is entitled to entry of an order for an accounting of the money Defendants received that was properly due and owing to Oracle as a result of Defendants' illegal conduct.

DATED:  August 5, 2010               Bingham McCutchen LLP

                                     By:        /s/ Zachary J. Alinder
                                              Zachary J. Alinder
                                              Attorneys for Plaintiffs
                                     Oracle USA, Inc., Oracle International
                                     Corporation, Oracle EMEA Limited, and Siebel
                                              Systems, Inc.