1 | Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
2 | Elaine Wallace (SBN 197882)
JONES DAY
3 | 555 California Street, 26th Floor
San Francisco, CA 94104
4 | Telephone: (415) 626-3939
Facsimile: (415) 875-5700
5 | ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
6 | ewallace@jonesday.com

7 | Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
8 | JONES DAY
1755 Embarcadero Road
9 | Palo Alto, CA 94303
Telephone: (650) 739-3939
10 | Facsimile: (650) 739-3900
tglanier@jonesday.com
11 | jfroyd@jonesday.com

12 | Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13 | JONES DAY
717 Texas, Suite 3300
14 | Houston, TX 77002
Telephone: (832) 239-3939
15 | Facsimile: (832) 239-3600
swcowan@jonesday.com
16 | jlfuchs@jonesday.com

17 | Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
18 | TOMORROWNOW, INC.

19 | UNITED STATES DISTRICT COURT

20 | NORTHERN DISTRICT OF CALIFORNIA

21 | OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al.,  Plaintiffs,  v.  SAP AG, et al.,  Defendants. | Case No. 07-CV-1658 PJH (EDL)  **DEFENDANTS' PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW**  Date: September 30, 2010  Time: 9:00 am  Place: 3rd Floor, Courtroom 3  Judge: Hon. Phyllis J. Hamilton |

Pursuant to the Court's May 5, 2008 Case Management and Pretrial Order, Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (together "Defendants") submit the following proposed findings of fact and conclusions of law for the "claims to be tried by the Court."  D.I. 84 (5/5/08 Order).

Plaintiffs Oracle USA, Inc., Oracle International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. ("Plaintiffs") only seek equitable relief with respect to two claims: (1) a claim under Section 17200 seeking injunctive relief, and (2) a claim for an accounting.

## I.   FINDINGS OF FACT

### A.   Unfair Competition

1. The jury having found Defendants not liable on any of the asserted legal claims, and the Court having found that Defendants did not engage in an unfair business practice, the Court finds that TomorrowNow's customer service activities were competitive, but they were not the sort of "immoral" consumer-focused conduct at which Section 17200 is directed.

### B.   Accounting

1. The jury having found Defendants not liable on any of the asserted legal claims, and the Court having found Defendants not liable on any equitable claims, the Court finds that no money or other financial benefit was improperly received by Defendants.

2. Even if an amount of money were due from Defendants to Plaintiffs, any such amount could be ascertained without resorting to an accounting.

## II.   CONCLUSIONS OF LAW

### A.   Unfair Competition

1. Plaintiffs have alleged unfair competition in violation of section 17200 of the California Business and Professions Code.  To prove unfair competition, Plaintiffs must demonstrate that: (1) Defendants engaged in a business act or practice that was unlawful, unfair, or fraudulent, (2) Plaintiffs suffered injury in fact, and (3) Plaintiffs have lost money or property. *See Birdsong v. Apple, Inc.*, 590 F.3d 955, 959 (9th Cir. 2009).  An "unfair" business practice occurs when a business practice "offend[s] an established public policy" or when the practice is "immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers."  *See*

*Chip-Mender, Inc. v. Sherwin-Williams Co.*, No. C 05-3465 PJH, 2006 WL 13058, at *9 (N.D. Cal. Jan. 3, 2006) (citation omitted).  An "unfair" business practice occurs when a business practice offends an established public policy or when the practice is immoral, unethical, oppressive, unscrupulous, or substantially injurious to consumers.  *See id.*

2. The Court finds that Plaintiffs' claims are moot because the allegedly unlawful conduct has ceased.  Under California law, "[i]njunctive relief is available to prevent future harm, not to address past harm."  *Haley v. Casa Del Rey Homeowners Ass'n*, 153 Cal. App. 4th 863, 873 (Ct. App. 2007); *see also Palm Med. Group, Inc. v. State Comp. Ins. Fund*, 161 Cal. App. 4th 206, 228 (Ct. App. 2008) (upholding the denial of an injunction for a UCL claim where "the need for prospective relief was at that point highly uncertain," because the supposedly unfair program had already been shut down and dissolved); *Donald v. Cafe Royale, Inc.,* 218 Cal. App. 3d 168, 184 (Ct. App. 1990) (holding that, because "an injunction should not be granted as punishment for past acts," the court did not err by denying an injunction where the allegedly discriminatory business had ceased operating, thereby rendering any injunction moot).

3. The Court find that Plaintiffs' the claims are barred by the doctrines of laches and waiver.  *See Estate of Peebles*, 27 Cal. App. 3d, 163, 166 (1972).

4. The Court finds that Plaintiffs failed to comply with the applicable statute of limitations and thus are not entitled to pursue a claim for unfair competition.  A claim for unfair competition must be brought within four years of accrual.  *See* Cal. Bus. & Prof. Code § 17208 (2010).  Plaintiffs knew or should have known of Defendants' allegedly unfair competitive behavior prior to March 22, 2003.  Thus, Plaintiffs' claim for unfair competition is barred.

5. The Court finds that, in asserting unfair competition, Plaintiffs seek to recover for the same conduct on which the copyright infringement claim is based.  Thus, the unfair competition claim is preempted by the Copyright Act.  *See* 17 U.S.C. § 301(a).

**B.   Accounting**

1. Plaintiffs seek an accounting.  Plaintiffs must demonstrate that: (1) a balance is due to them and (2) there is no other adequate remedy at law.  *See Parrish v. Nat'l Football League Players Ass'n*, 534 F. Supp. 2d 1081, 1100 (N.D. Cal. 2007).

2. The Court finds that because Plaintiffs' affirmative claims cannot succeed, their derivative accounting claim must fail as well.

3. The Court finds that extensive discovery on damages, and the significant damage award Plaintiffs seek, moot this claim because there is an adequate remedy at law and an accounting is not necessary. *See St. James Church v. Superior Court*, 135 Cal. App. 2d, 352, 359 (1955).

4. The Court finds that, with their accounting claim, Plaintiffs seek to recover for the same conduct on which the copyright infringement claim is based. Thus, the accounting claim is preempted by the Copyright Act. *See* 17 U.S.C. § 301(a).

Dated: August 5, 2005                         JONES DAY

By: /s/ Tharan Gregory Lanier
    Tharan Gregory Lanier

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.