1  BINGHAM McCUTCHEN LLP
   DONN P. PICKETT (SBN 72257)
2  GEOFFREY M. HOWARD (SBN 157468)
   HOLLY A. HOUSE (SBN 136045)
3  ZACHARY J. ALINDER (SBN 209009)
   BREE HANN (SBN 215695)
4  Three Embarcadero Center
   San Francisco, CA  94111-4067
5  Telephone: (415) 393-2000
   Facsimile:  (415) 393-2286
6  donn.pickett@bingham.com
   geoff.howard@bingham.com
7  holly.house@bingham.com
   zachary.alinder@bingham.com
8  bree.hann@bingham.com

9  BOIES, SCHILLER & FLEXNER LLP
   DAVID BOIES (Admitted *Pro Hac Vice*)
10 333 Main Street
   Armonk, NY 10504
11 Telephone: (914) 749-8200
   dboies@bsfllp.com
12 STEVEN C. HOLTZMAN (SBN 144177)
   1999 Harrison St., Suite 900
13 Oakland, CA 94612
   Telephone: (510) 874-1000
14 sholtzman@bsfllp.com

15 DORIAN DALEY (SBN 129049)
   JENNIFER GLOSS (SBN 154227)
16 500 Oracle Parkway, M/S 5op7
   Redwood City, CA  94070
17 Telephone: 650.506.4846
   Facsimile: 650.506.7114
18 dorian.daley@oracle.com
   jennifer.gloss@oracle.com
19
   Attorneys for Plaintiffs
20 Oracle USA, Inc., *et al.*

   JONES DAY
   ROBERT A. MITTELSTAEDT (SBN 060359)
   JASON McDONELL (SBN 115084)
   ELAINE WALLACE (SBN 197882)
   555 California Street, 26th Floor
   San Francisco, CA  94104
   Telephone:    (415) 626-3939
   Facsimile:    (415) 875-5700
   ramittelstaedt@jonesday.com
   jmcdonell@jonesday.com
   ewallace@jonesday.com

   JONES DAY
   THARAN GREGORY LANIER (SBN 138784)
   JANE L. FROYD (SBN 220776)
   1755 Embarcadero Road
   Palo Alto, CA  94303
   Telephone:    (650) 739-3939
   Facsimile:    (650) 739-3900
   tglanier@jonesday.com
   jfroyd@jonesday.com

   JONES DAY
   SCOTT W. COWAN (Admitted *Pro Hac Vice*)
   JOSHUA L. FUCHS (Admitted *Pro Hac Vice*)
   717 Texas, Suite 3300
   Houston, TX  77002
   Telephone:    (832) 239-3939
   Facsimile:    (832) 239-3600
   swcowan@jonesday.com
   jlfuchs@jonesday.com

   Attorneys for Defendants
   SAP AG, SAP America, Inc., and
   TomorrowNow, Inc.

<div align="center">

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

</div>

| | |
|---|---|
| ORACLE USA, INC., *et al.*,<br><br>　　　　　Plaintiffs,<br><br>　　v.<br><br>SAP AG, *et al.*,<br><br>　　　　　Defendants. | Case No. 07-CV-01658 PJH (EDL)<br><br>**JOINT PROPOSED JURY INSTRUCTIONS**<br><br>Date:　　　September 30, 2010<br>Time:　　　9:00 am<br>Place:　　　3rd Floor, Courtroom 3<br>Judge:　　　Hon. Phyllis J. Hamilton |

1

**JOINT PROPOSED PRELIMINARY AND FINAL JURY INSTRUCTIONS**

2

      Pursuant to the Court's Pretrial Instructions, Plaintiffs Oracle USA, Inc., Oracle

3

International Corporation, Oracle EMEA Limited, and Siebel Systems, Inc. (collectively,

4

"Oracle") and Defendants SAP AG, SAP America, Inc., and TomorrowNow, Inc. (collectively,

5

"Defendants," and with Oracle, the "Parties") submit the following joint, separate, and

6

competing Proposed Preliminary and Final Jury Instructions.

7

      First, the Parties submit "Preliminary Instructions," which the Parties propose the

8

Court read to the jury at the beginning of the case. Second, the Parties submit "Final

9

Instructions," which the Parties propose the Court read before the jury begins its deliberations.

10

The Parties submit both sets of jury instructions in the order in which the Parties request they be

11

read to the jury.

12

      Second, the Parties indicate whether each jury instruction is joint, separate, or

13

competing both in the preceding Tables of Contents as well as on the face of each instruction.

14

For example, when an instruction is jointly proposed, the instruction will state "Proposed

15

Instruction No. __ (Joint)" at the top right of the page. Where the Parties have proposed

16

competing instructions, the Parties have labeled the instruction either "Proposed Instruction No.

17

__ (Plaintiffs)" or "Proposed Instruction No. __ (Defendants)" at the top right of the page. The

18

Parties submit competing instructions and unilaterally proposed instructions subject to, and

19

without waiving, the non-sponsoring party's objections. Finally, to facilitate the Court's review

20

of the Parties' competing instructions, in the Final Jury Instructions, the Parties grouped together

21

competing sets of topically-related instructions into "modules." The Parties have provided cover

22

pages to identify whether the "module" is Oracle's or Defendants' proposed "module."

23

24

25

26

27

28

1   DATED:  August 5, 2010              Bingham McCutchen LLP

2
                                        By:_____ /s/ Zachary J. Alinder _____
3                                                   Zachary J. Alinder
                                               Attorneys for Plaintiffs
4                                         Oracle USA, Inc., Oracle International
                                        Corporation, Oracle EMEA Limited, and Siebel
5                                                    Systems, Inc.

6

7          In accordance with General Order No. 45, Rule X, the above signatory attests that

8   concurrence in the filing of this document has been obtained from the signatory below.

9
    DATED:  August 5, 2010              JONES DAY
10

11                                      By:_____ /s/ Tharan Gregory Lanier _____
                                                Tharan Gregory Lanier
12                                             Attorneys for Defendants
                                          SAP AG, SAP America, Inc.,
13                                          and TomorrowNow, Inc.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                                              Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

## TABLE OF CONTENTS/PROPOSED ORDER OF PRELIMINARY INSTRUCTIONS

Proposed Instruction No. 1

    Ninth Circuit Instruction 1.0 (Not submitted per Pretrial Order)

Proposed Instruction No. 2

    Ninth Circuit Instruction 1.1 (Not submitted per Pretrial Order)

Proposed Instruction No. 3 (Plaintiffs) ........................................................................................ 1

    "Parties, Claims and Defenses"

    Defendants object to inclusion of this instruction.

Proposed Instruction No. 4

    Ninth Circuit Instruction 1.3 (Not submitted per Pretrial Order)

Proposed Instruction No. 5

    Ninth Circuit Instruction 1.4 (Not submitted per Pretrial Order)

Proposed Instruction No. 6 (Plaintiffs) ........................................................................................ 5

    "Willful Suppression of Evidence"

    Defendants object to the inclusion of this instruction.

Proposed Instruction No. 7 (Joint) ............................................................................................... 6

    "Two or More Parties—Different Legal Rights"

Proposed Instruction No. 8

    Ninth Circuit Instruction 1.6 (Not submitted per Pretrial Order)

Proposed Instruction No. 9

    Ninth Circuit Instruction 1.7 (Not submitted per Pretrial Order)

Proposed Instruction No. 10

    Ninth Circuit Instruction 1.8 (Not submitted per Pretrial Order)

Proposed Instruction No. 11

    Ninth Circuit Instruction 1.9 (Not submitted per Pretrial Order)

Proposed Instruction No. 12

    Ninth Circuit Instruction 1.10 (Not submitted per Pretrial Order)

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

TABLE OF CONTENTS/PROPOSED ORDER OF PRELIMINARY INSTRUCTIONS (CONTINUED)

Proposed Instruction No. 13

    Ninth Circuit Instruction 1.11 (Not submitted per Pretrial Order)

Proposed Instruction No. 14 (Plaintiffs) ...................................................................... 7

    "Witness Willfully False"

    Defendants object to the inclusion of this instruction.

Proposed Instruction No. 15 (Joint) ........................................................................... 8

    "Inferences Defined"

Proposed Instruction No. 16

    Ninth Circuit Instruction 1.12 (Not submitted per Pretrial Order)

Proposed Instruction No. 17

    Ninth Circuit Instruction 1.13 (Not submitted per Pretrial Order)

Proposed Instruction No. 18

    Ninth Circuit Instruction 1.14 (Not submitted per Pretrial Order)

Proposed Instruction No. 19 (Competing) ................................................................ 9, 9

    Plaintiffs' Proposed Instruction No. 19 "Jury to be Guided by Official English
    Translation/Interprations"

    Defendants' Proposed Instruction No. 19 "Use of Interpreters—Other Languages;
    Countries of Origin"

Proposed Instruction No. 20 (Competing) .............................................................. 9, 11

    Plaintiffs' Proposed Instruction No. 20 "Use of Interpreters in Court"

    Defendants' Proposed Instruction No. 19 "Use of Interpreters—Other Languages;
    Countries of Origin"

Proposed Instruction No. 21

    Ninth Circuit Instruction 1.18 (Not submitted per Pretrial Order)

Proposed Instruction No. 22

    Ninth Circuit Instruction 1.19 (Not submitted per Pretrial Order)

i    Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1

<u>TABLE OF CONTENTS/PROPOSED ORDER OF PRELIMINARY INSTRUCTIONS (CONTINUED)</u>

2

3
Proposed Instruction No. 23 (Joint) ........................................................................... 12

4
    "Stipulated Testimony"

5
Proposed Instruction No. 24 (Joint) ........................................................................... 13

6
    "Stipulations of Fact"

7
Proposed Instruction No. 25 (Joint) ........................................................................... 14

8
    "Judicial Notice"

9
Proposed Instruction No. 26 (Joint) ........................................................................... 15

10
    "Deposition in Lieu of Live Testimony"

11
Proposed Instruction No. 27 (Joint) ........................................................................... 16

12
    "Use of Interrogatories of a Party"

13
Proposed Instruction No. 28 (Joint) ........................................................................... 17

14
    "Use of Requests for Admission"

15
Proposed Instruction No. 29 (Joint) ........................................................................... 18

16
    "Expert Opinion"

17
Proposed Instruction No. 30 (Joint) ........................................................................... 19

18
    "Charts and Summaries Not Received in Evidence"

19
Proposed Instruction No. 31 (Joint) ........................................................................... 20

20
    "Charts and Summaries Received in Evidence"

21
Proposed Instruction No. 32 (Joint) ........................................................................... 21

22
    "Evidence in Electronic Format"

Proposed Instruction No. 33

23
    Ninth Circuit Instruction 3.1 (Not submitted per Pretrial Order)

24
Proposed Instruction No. 34

25
    Ninth Circuit Instruction 3.2 (Not submitted per Pretrial Order)

26
Proposed Instruction No. 35

27
    Ninth Circuit Instruction 3.3 (Not submitted per Pretrial Order)

28

ii                                    Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1  <u>TABLE OF CONTENTS/PROPOSED ORDER OF PRELIMINARY INSTRUCTIONS (CONTINUED)</u>

2

Proposed Instruction No. 36

3          Ninth Circuit Instruction 3.4 (Not submitted per Pretrial Order)

4  Proposed Instruction No. 37 (Joint) .......................................................................................... 23

5          "Corporation—Fair Treatment"

6  Proposed Instruction No. 38 (Competing) ............................................................................ 24, 24

7          Plaintiffs' Proposed Instruction No. 38 "Liability of Corporations—Scope of

8          Authority Not in Issue"

9          Defendants' Proposed Instruction No. 38 "Liability of Corporations"

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 3 (Plaintiffs)**

<u>**PARTIES, CLAIMS AND DEFENSES**</u>

To help you follow the evidence, I will give you a brief summary of who the parties are and the positions of the parties:

There are four plaintiffs:  Oracle USA, Inc. (which I will refer to as "Oracle USA"), Oracle International Inc. (which I will refer to as "OIC"), Oracle EMEA Limited (which I will refer to as "OEMEA") and Siebel Systems, Inc. (which I will refer to as "SSI").  I will refer to these four entities collectively as "Plaintiffs" or "Oracle."  Oracle develops, manufactures, markets, distributes and services computer software designed to help its customers manage their business operations.  Oracle's software offerings include database, middleware, and applications software programs.

There are three defendants:  SAP AG, SAP America, Inc. (which I will refer to as "SAP America") and TomorrowNow, Inc. (which I will refer to as "TomorrowNow").  I will refer to these three entities collectively as "Defendants" or "SAP."  SAP AG is the world's largest provider of business software.  SAP AG develops, manufactures, markets and distributes a portfolio of business software, technology, and related services and support to companies of all sizes and industries.  SAP America is also a Defendant in this case and is a wholly-owned subsidiary of SAP AG.  Defendant TomorrowNow is a wholly-owned subsidiary of SAP America that provided software support services for certain brands of enterprise application software.

Two events happened in January 2005 that are important to your consideration of this case.  First, Oracle finalized the acquisition of an enterprise software company known as PeopleSoft.  By acquiring PeopleSoft, Oracle also acquired both the PeopleSoft and J.D. Edwards brands of software, because PeopleSoft had previously acquired J.D. Edwards & Co.

The second relevant event in January 2005 is that SAP AG acquired defendant TomorrowNow as a wholly-owned subsidiary through SAP America.  TomorrowNow was headquartered in Bryan, Texas, and IT provided third-party support to PeopleSoft and J.D.

JOINT PROPOSED JURY INSTRUCTIONS

Edwards' customers.

Oracle has brought ten distinct claims against Defendants.

First, Oracle claims that TomorrowNow infringed its copyrights. A copyright is the exclusive right to copy a protected work, which includes the exclusive right to reproduce the copyrighted work, prepare derivative works based on the copyrighted work, and to distribute copies of either the copyrighted work or unauthorized derivative works. Oracle alleges that TomorrowNow infringed its copyrights by copying, downloading, reproducing, creating derivative works and distributing Oracle's copyrighted software applications and software and support materials. Oracle contends that SAP AG and SAP America are liable for this infringement because they had knowledge or reason to know of the infringement and intentionally induced or materially contributed to the infringing activity. This is known as "contributory infringement." Oracle also contends that SAP AG and SAP America are liable for this infringement because they received a direct financial benefit from the infringement and had the right and ability to supervise or control the infringing activity. This is known as "vicarious infringement."

Second, Oracle claims that Defendants violated the Federal Computer Fraud and Abuse Act ("CFAA") and caused Oracle harm by knowingly, and with intent to defraud Oracle, accessing a protected computer without authorization or by exceeding authorized access, and by obtaining information and things of value from such a protected computer.

Third, Oracle claims that Defendants violated the California Penal Code by knowingly and fraudulently, and without permission accessing, taking, copying and making use of programs, data, and files from Oracle's computers, computer systems and/or computer networks.

Fourth, Oracle claims that Defendants agreed to abide by certain Terms of Use as a condition of access to Oracle's customer support websites, that Defendants breached the terms of these agreements, and that those breaches harmed Oracle.

Fifth, Oracle claims that Defendants intentionally interfered with Oracle's

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2
prospective economic advantage by disrupting Oracle's relationships with current and prospective software and support customers.

3

4
Sixth, Oracle claims that Defendants negligently interfered with Oracle's prospective economic advantage with current and future customers by disrupting Oracle's

5
relationships with current and prospective software and support customers.

6

7
Seventh, Oracle claims that Defendants engaged in unfair business acts or practices by committing unlawful, unfair and fraudulent acts in an effort to gain unfair

8
competitive advantage over Oracle.

9

10
Eighth, Oracle claims that Defendants trespassed on items Oracle owned by intentionally interfering with Oracle's use or possession of Oracle's customer support websites

11
and related internal databases and systems, and interfered with Oracle's use, ownership and

12
control of copies of Oracle's software and support materials on those support systems.

13

14
Ninth, Oracle claims that Defendants unjustly received benefits at the expense of Oracle through their wrongful conduct.

15
Tenth, Oracle claims that it is entitled to a full accounting of the income and gross

16
profits Defendants obtained through their wrongful conduct to the extent that the full measure of

17
money due from Defendants to Oracle cannot be ascertained without a full accounting.

18
Oracle seeks punitive and compensatory damages.

19
Oracle has the burden of proving each of these claims.

20
Defendants deny those claims and assert several affirmative defenses.  [TO BE

21
ADDED BY DEFENDANTS BASED ON DEFENSES THEY INTEND TO PURSUE AT

22
TRIAL]

23
Oracle denies Defendants' affirmative defenses.

24

25
Authority:  Instruction 1.2, Ninth Circuit Manual of Model Jury Instructions (Civil) (modified).

26

27
**[Per the Court's Pretrial Order (D.I. 84 at 4), Defendants are not submitting an instruction**

28

JOINT PROPOSED JURY INSTRUCTIONS

1    **based on Model Instruction 1.2.]**

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 6 (Plaintiffs)**

**<u>WILLFUL SUPPRESSION OF EVIDENCE</u>**

You may consider whether one party intentionally concealed or destroyed evidence.  If you decide that a party did so, you may decide that the evidence would have been unfavorable to that party.  You may also consider that fact in determining what inferences to draw from the evidence, including as an indication of the party's consciousness that his case is weak or unfounded.

Authority:  CACI No. 204 (modified); BAJI 2.03 (modified); *Glover v. BIC Corporation*, 6 F.3d 1318, 1329 (9th Cir. 1993); *Thor v. Boska*, 38 Cal. App.3d 558, 565-68 (1974).

5                          Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2                                        **Proposed Instruction No. 7 (Joint)**

3                        <u>**TWO OR MORE PARTIES—DIFFERENT LEGAL RIGHTS**</u>

4              You should decide this case as to each plaintiff separately and as to each

5       defendant separately.  Unless otherwise stated, the instructions apply to all parties.

6

7       Authority:  Instruction 1.5, Ninth Circuit Manual of Model Jury Instructions (Civil).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

                                        6                    Case No. 07-CV-01658 PJH (EDL)
                    ─────────────────────────────────────────────────────────
                              JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 14 (Plaintiffs)**

**<u>WITNESS WILLFULLY FALSE</u>**

   A witness who is willfully false in one material part of his or her testimony is to be distrusted in others.  You may reject the whole testimony of a witness who willfully has testified falsely as to a material point, unless, from all the evidence, you believe the probability of truth favors his or her testimony in other particulars.

Authority:  BAJI § 2.22.

7

Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 15 (Joint)**

## INFERENCES DEFINED

You are to consider only the evidence in the case.  However, you are not limited to the statements of the witnesses.  In other words, you are not limited to what you see and hear as the witnesses testify.  You may draw from the facts that you find have been proved such reasonable inferences as seem justified in light of your experience.

"Inferences" are deductions or conclusions which reason and common sense lead you to draw from facts established by the evidence in the case.

Authority:  Instruction 104.20, Federal Jury Practice and Instructions (5th ed. 2000).

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 19 (Plaintiffs)**

**JURY TO BE GUIDED BY OFFICIAL ENGLISH TRANSLATION/INTERPRETATION**

Languages other than English, in particular German, may be used during this trial in deposition or live testimony and in documents.

The evidence to be considered by you is only that provided through the official court translators.  Although some of you may know German, it is important that all jurors consider the same evidence.  Therefore, you must accept the English translation.  You must disregard any different meaning.

Authority:  Instruction 1.16, Ninth Circuit Manual of Model Jury Instructions (Civil).

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

Proposed Instruction No. 19 (Defendants)

### USE OF INTERPRETERS—OTHER LANGUAGES; COUNTRIES OF ORIGIN

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Some of the witnesses who have testified live in this courtroom, or via deposition video clip, do not speak English as a native language. Some of the witnesses speak German as a native language. You must not make any assumptions about a witness or a party based upon the language that is used by any witness in communicating with his/her colleagues or others.

The evidence to be considered by you is only that provided through the official court translators. Although some of you may know German, or any other foreign language used and translated during this case, it is important that all jurors consider the same evidence. Therefore, you must accept the English translation. You must disregard any different meaning.

Some of the parties—specifically, plaintiff Oracle EMEA Limited and defendant SAP AG—are incorporated in another country. You must not make any assumptions about a party based on where it is incorporated or where it is headquartered.

Authority: Instructions 1.16, 1.17 Ninth Circuit Manual of Model Jury Instructions (Civil) (modified).

**[Defendants propose to submit Defendants' Proposed Instruction No. 19 in lieu of Plaintiffs' Proposed Instruction Nos. 19 and 20.]**

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 20 (Plaintiffs)**

## USE OF INTERPRETERS IN COURT

You must not make any assumptions about a witness or a party based solely upon the use of an interpreter to assist that witness or party.

Authority:  Instruction 1.17, Ninth Circuit Manual of Model Jury Instructions (Civil).

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 23 (Joint)**

<u>**STIPULATED TESTIMONY**</u>

The parties have agreed what [*witness*]'s testimony would be if called as a witness.  You should consider that testimony in the same way as if it had been given here in court.

Authority:  Instruction 2.1, Ninth Circuit Manual of Model Jury Instructions (Civil).

A/73458126.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 24 (Joint)**

**<u>STIPULATIONS OF FACT</u>**

The parties have agreed to certain facts [*to be placed in evidence as Exhibit __*]

[*that will be read to you*].   You should therefore treat these facts as having been proved.

Authority:  Instruction 2.2, Ninth Circuit Manual of Model Jury Instructions (Civil).

13                                    Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1

**Proposed Instruction No. 25 (Joint)**

2

**<u>JUDICIAL NOTICE</u>**

3

      The court has decided to accept as proved the fact that [*state fact*], even though no

4

evidence has been introduced on the subject.  You must accept this fact as true.

5

6

Authority:  Instruction 2.3, Ninth Circuit Manual of Model Jury Instructions (Civil).

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 26 (Joint)**

## DEPOSITION IN LIEU OF LIVE TESTIMONY

A deposition is the sworn testimony of a witness taken before trial.  The witness is placed under oath to tell the truth and lawyers for each party may ask questions.  The questions and answers are recorded.  When a person is unavailable to testify at trial, the deposition of that person may be used at the trial.

The deposition of [*witness*] was taken on [*date*].  You should consider deposition testimony, presented to you in court in lieu of live testimony, insofar as possible, in the same way as if the witness had been present to testify.

Authority:  Instruction 2.4, Ninth Circuit Manual of Model Jury Instructions (Civil) (modified).

15                                    Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 27 (Joint)**

## USE OF INTERROGATORIES OF A PARTY

Evidence may be presented to you in the form of answers of one of the parties to written interrogatories submitted by the other side.  These answers were given in writing and under oath, before the actual trial, in response to questions that were submitted in writing under established court procedures.  You should consider the answers, insofar as possible, in the same way as if they were made from the witness stand.

Authority:  Instruction 2.10, Ninth Circuit Manual of Model Jury Instructions (Civil) (modified).

16                               Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 28 (Joint)**

## USE OF REQUESTS FOR ADMISSION

   Before trial, each party has the right to ask another party to admit in writing that certain matters are true.  If the other party admits those matters, you must accept them as true.  No further evidence is required to prove them.  You must also accept as true any stipulated facts I read to you, and those set forth in the stipulation I will provide to you.

Authority: CACI No. 210.

17                                    Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 29 (Joint)**

## <u>EXPERT OPINION</u>

Some witnesses, because of education or experience, are permitted to state opinions and the reasons for those opinions.  Opinion testimony should be judged just like any other testimony.  You may accept it or reject it, and give it as much weight as you think it deserves, considering the witness's education and experience, the reasons given for the opinion, and all the other evidence in the case.

Authority:  Instruction 2.11, Ninth Circuit Manual of Model Jury Instructions (Civil) (modified).

18                                     Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 30 (Joint)**

## CHARTS AND SUMMARIES NOT RECEIVED IN EVIDENCE

Certain charts and summaries not received in evidence may be shown to you in order to help explain the contents of books, records, documents, or other evidence in the case. They are not themselves evidence or proof of any facts. If they do not correctly reflect the facts or figures shown by the evidence in the case, you should disregard these charts and summaries and determine the facts from the underlying evidence.

Authority:  Instruction 2.12, Ninth Circuit Manual of Model Jury Instructions (Civil) (modified).

19                                Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 31 (Joint)**

**<u>CHARTS AND SUMMARIES RECEIVED IN EVIDENCE</u>**

Certain charts and summaries may be received into evidence to illustrate information brought out in the trial.  Charts and summaries are only as good as the underlying evidence that supports them.  You should, therefore, give them only such weight as you think the underlying evidence deserves.

Authority:  Instruction 2.13, Ninth Circuit Manual of Model Jury Instructions (Civil) (modified).

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 32 (Joint)**

**<u>EVIDENCE IN ELECTRONIC FORMAT</u>**

Those exhibits capable of being displayed electronically will be provided to you in that form, and you will be able to view them in the jury room.  A computer, projector, printer and accessory equipment will be available to you in the jury room.

A court technician will show you how to operate the computer and other equipment; how to locate and view the exhibits on the computer; and how to print the exhibits.  You will also be provided with a paper list of all exhibits received in evidence.  (Alternatively, you may request a paper copy of an exhibit received in evidence by sending a note through the [clerk] [bailiff].)  If you need additional equipment or supplies, you may make a request by sending a note.

In the event of any technical problem, or if you have questions about how to operate the computer or other equipment, you may send a note to the clerk, signed by your foreperson or by one or more members of the jury.  Be as brief as possible in describing the problem and do not refer to or discuss any exhibit you were attempting to view.

If a technical problem or question requires hands-on maintenance or instruction, a court technician may enter the jury room with the clerk present for the sole purpose of assuring that the only matter that is discussed is the technical problem.  When the court technician or any non-juror is in the jury room, the jury shall not deliberate.  No juror may say anything to the court technician or any non-juror other than to describe the technical problem or to seek information about operation of equipment.  Do not discuss any exhibit or any aspect of the case.

The sole purpose of providing the computer in the jury room is to enable jurors to view the exhibits received in evidence in this case.  You may not use the computer for any other purpose.  At my direction, technicians have taken steps to make sure that the computer does not permit access to the Internet or to any "outside" website, database, directory, game, or other material.  Do not attempt to alter the computer to obtain access to such materials.  If you discover that the computer provides or allows access to such materials, you must inform me immediately

Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

and refrain from viewing such materials.  Do not remove the computer or any electronic data from the jury room, and do not copy any such data.

Authority:  Instruction 2.14, Ninth Circuit Manual of Model Jury Instructions (Civil).

22                           Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 37 (Joint)**

<u>**CORPORATIONS—FAIR TREATMENT**</u>

All parties are equal before the law and a corporation is entitled to the same fair and conscientious consideration by you as any party.


Authority:  Instruction 4.1, Ninth Circuit Manual of Model Jury Instructions (Civil).

23                    Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1

**Proposed Instruction No. 38 (Plaintiffs)**

2

**<u>LIABILITY OF CORPORATIONS—SCOPE OF AUTHORITY NOT IN ISSUE</u>**

3

4              Under the law, a corporation is considered to be a person.  It can only act through

5 its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts

6 of its employees, agents, directors, and officers performed within the scope of authority.

7

8 Authority:  Instruction 4.2, Ninth Circuit Manual of Model Jury Instructions (Civil).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Proposed Instruction No. 38 (Defendants)

## LIABILITY OF CORPORATIONS

Under the law, a corporation is considered to be a person.  It can only act through its employees, agents, directors, or officers.  Therefore, a corporation is responsible for the acts of its employees, agents, directors and officers, performed within the scope of authority.

An act is within the scope of a person's authority if it is within the range of reasonable and foreseeable activities that an employee, agent, director or officer engages in while carrying out that person's business.

For each of the claims asserted by the various plaintiffs in this case, the specific plaintiff or plaintiffs asserting that claim bears the burden of establishing that the accused actions of the employees, agents, directors and officers of each of the defendants were committed within the scope of those persons' authority.

For each of the defenses asserted by the various defendants in this case, the specific defendant or defendants asserting that defense bear the burden of establishing that the accused actions of the employees, agents, directors and officers of each of the plaintiffs were committed within the scope of those persons' authority.

Authority: Instruction 4.2, Ninth Circuit Manual of Model Jury Instructions (Civil) (modified); *See Delfino v. Agilent Techs., Inc.*, 52 Cal. Rptr. 3d 376, 395 (Cal. Ct. App. 2006) ("The plaintiff bears the burden of establishing that the employee's action for which vicarious liability is sought to be imposed was committed within the scope of the employment."); *Lowery v. Reinhardt*, No. Civ. S-07-0880 RRB DAD, 2008 WL 550083, at *5 (E.D. Cal. Feb. 27, 2008) (same).

25                                    Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1
2
3
4
5
6
7

# FINAL JURY INSTRUCTIONS

8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

A/73458126.2

1

TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS

2

Page

3

Proposed Instruction No. 1 (Plaintiffs) ........................................................................ 2

4

OVERVIEW OF CLAIMS ........................................................................ 2

5

Proposed Instruction No. 2 (Plaintiffs) ........................................................................ 5

INTRODUCTION TO COPYRIGHT CLAIM ..................................... 5

6

Proposed Instruction No. 3 (Joint) ............................................................................... 6

7

PRELIMINARY INSTRUCTION—COPYRIGHT ........................... 6

8

Proposed Instruction No. 4 (Plaintiffs) ........................................................................ 7

COPYRIGHT—DEFINED ........................................................................ 7

9

Proposed Instruction No. 4 (Defendants) ..................................................................... 8

10

COPYRIGHT—DEFINED ........................................................................ 8

11

Proposed Instruction No. 5 (Plaintiffs) ........................................................................ 9

COPYRIGHT—SUBJECT MATTER ...................................................... 9

12

Proposed Instruction No. 5 (Defendants) ................................................................... 14

13

COPYRIGHT—SUBJECT MATTER—GENERALLY ................... 14

14

Proposed Instruction No. 6 (Plaintiffs) ...................................................................... 15

COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION ........................ 15

15

Proposed Instruction No. 6 (Defendants) ................................................................... 16

16

COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION ........................ 16

17

Proposed Instruction No. 6-A (Defendants) ............................................................... 18

SUBSTANTIAL COPYING ................................................................... 18

18

Proposed Instruction No. 7 (Plaintiffs) ...................................................................... 19

19

ELEMENTS OF DIRECT INFRINGEMENT ................................... 19

20

Proposed Instruction No. 7 (Defendants) ................................................................... 20

INFRINGEMENT ................................................................................... 20

21

Proposed Instruction No. 7-A (Plaintiffs) .................................................................. 22

22

OWNERSHIP AND VALIDITY ........................................................... 22

23

Proposed Instruction No. 8 (Plaintiffs) ...................................................................... 23

OWNERSHIP—AUTHORSHIP DEFINED ....................................... 23

24

Proposed Instruction No. 8 (Defendants) ................................................................... 24

25

COPYRIGHT INTERESTS—AUTHORSHIP ................................... 24

26

Proposed Instruction No. 9 (Joint) ............................................................................. 25

COPYRIGHT INTERESTS—JOINT AUTHORS ............................. 25

27

Proposed Instruction No. 10-A (Defendants) ............................................................. 27

28

COPYRIGHT INTERESTS—AUTHORS OF COLLECTIVE WORKS ..................... 27

i          Case No. 07-CV-01658 PJH (EDL)

1

TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS
(continued)

2

Page

3

Proposed Instruction No. 10-B (Defendants).................................................................. 28

4

     COPYRIGHT INTERESTS—WORK MADE FOR HIRE............................................ 28

Proposed Instruction No. 11 (Plaintiffs) ........................................................................ 29

5

     OWNERSHIP—ASSIGNMENT................................................................................ 29

6

Proposed Instruction No. 11 (Defendants)..................................................................... 30

7

     COPYRIGHT INTERESTS—ASSIGNEE ............................................................... 30

Proposed Instruction No. 12 (Plaintiffs) ........................................................................ 31

8

     COPYRIGHT INTERESTS—EXCLUSIVE LICENSEE............................................. 31

9

Proposed Instruction No. 12 (Defendants)..................................................................... 32

10

     COPYRIGHT INTERESTS—EXCLUSIVE LICENSEE............................................. 32

11

Proposed Instruction No. 13 (Plaintiffs) ........................................................................ 33

     OWNERSHIP—ORIGINALITY DEFINED ............................................................. 33

12

Proposed Instruction No. 13 (Defendants)..................................................................... 34

13

     COPYRIGHT INFRINGEMENT—ORIGINALITY ..................................................... 34

14

Proposed Instruction No. 14 (Plaintiffs) ........................................................................ 35

     COPYRIGHT INTEREST—DERIVATIVE WORK..................................................... 35

15

Proposed Instruction No. 14 (Defendants)..................................................................... 36

16

     COPYRIGHT INTERESTS—DERIVATIVE WORK (17 U.S.C. §§ 101, 106(2)) ....... 36

17

Proposed Instruction No. 15 (Joint) ............................................................................... 37

     COMPILATION ....................................................................................................... 37

18

[COPYRIGHT INFRINGEMENT – ORACLE MODULE]

19

Proposed Instruction No. 16-A (Plaintiffs) ..................................................................... 39

20

     ACTUAL COPYING—PROOF BY DIRECT OR CIRCUMSTANTIAL
        EVIDENCE......................................................................................................... 39

21

Proposed Instruction No. 16-B (Plaintiffs) ..................................................................... 40

22

     ACTUAL COPYING—PROOF BY ACCESS AND PROBATIVE SIMILARITY ....... 40

Proposed Instruction No. 16-C (Plaintiffs) ..................................................................... 41

23

     UNLAWFUL COPYING .......................................................................................... 41

24

Proposed Instruction No. 16-D (Plaintiffs) ..................................................................... 42

25

     UNLAWFUL COPYING—WHOLE WORKS............................................................ 42

Proposed Instruction No. 16-E (Plaintiffs)...................................................................... 43

26

27

28

[COPYRIGHT INFRINGEMENT – DEFENDANTS' MODULE]

1

TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS
(continued)

2                                                                                          Page

3

UNLAWFUL COPYING—PORTIONS OF WORKS ................................................. 43

4  Proposed Instruction No. 16-A (Defendants)......................................................... 46

5       COPYING—ACCESS AND SUBSTANTIAL SIMILARITY..................................... 46

6  Proposed Instruction No. 16-B (Defendants)......................................................... 47

7       COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED....................... 47

8       [COPYRIGHT DEFENSES – ORACLE MODULE]

9  Proposed Instruction No. 17-A (Plaintiffs) .................................................................. 49

10      COPYRIGHT DEFENSES—STATUTE OF LIMITATIONS ..................................... 49

11  Proposed Instruction No. 17-B (Plaintiffs) .................................................................. 51

       COPYRIGHT DEFENSES—LACHES ................................................................... 51

12  Proposed Instruction No. 17-C (Plaintiffs) .................................................................. 52

13      COPYRIGHT DEFENSE—WAIVER ...................................................................... 52

14  Proposed Instruction No. 17-D (Plaintiffs) .................................................................. 53

       COPYRIGHT DEFENSES—LICENSE IN GENERAL............................................ 53

15  Proposed Instruction No. 17-E (Plaintiffs)................................................................... 54

16      COPYRIGHT DEFENSES—LICENSE................................................................... 54

17      [COPYRIGHT DEFENSES – DEFENDANTS' MODULE]

18  Proposed Instruction No. 17-A (Defendants)............................................................... 56

19      COPYRIGHT DEFENSE—STATUTE OF LIMITATIONS....................................... 56

20  Proposed Instruction No. 17-B (Defendants)............................................................... 57

       COPYRIGHT DEFENSE—WAIVER ...................................................................... 57

21  Proposed Instruction No. 17-C (Defendants)............................................................... 58

22      COPYRIGHT DEFENSE—LACHES ...................................................................... 58

23  Proposed Instruction No. 17-D (Defendants)............................................................... 59

       COPYRIGHT DEFENSE—LICENSE...................................................................... 59

24

25      [SECONDARY LIABILITY (COPYRIGHT INFRINGEMENT)  – ORACLE MODULE]

26  Proposed Instruction No. 18-A (Plaintiffs) .................................................................. 61

27      SECONDARY COPYRIGHT LIABILITY—VICARIOUS INFRINGEMENT............ 61

28  Proposed Instruction No. 18-B (Plaintiffs) .................................................................. 63

1

<u>TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS</u>
(continued)

2

<u>Page</u>

3      SECONDARY LIABILITY—CONTRIBUTORY INFRINGEMENT ......................... 63

4      [SECONDARY LIABILITY (COPYRIGHT INFRINGMENT)  – DEFENDANTS' MODULE]

5      Proposed Instruction No. 18-A (Defendants)................................................................. 66

6          DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT (SAP
             AMERICA)....................................................................................................... 66

7      Proposed Instruction No. 18-B (Defendants)................................................................. 67

8          DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT (SAP AG) ................. 67

9      Proposed Instruction No. 18-C (Defendants)................................................................. 68

           CONTRIBUTORY INFRINGEMENT (SAP AMERICA)........................................... 68
10     Proposed Instruction No. 18-D (Defendants)................................................................. 69

11         CONTRIBUTORY INFRINGEMENT (SAP AG)....................................................... 69

12         [COPYRIGHT DAMAGES – ORACLE MODULE]

13

14     Proposed Instruction No. 19-A (Plaintiffs) ................................................................... 71

           COPYRIGHT DAMAGES—INTRODUCTION ........................................................ 71
15     Proposed Instruction No. 19-B (Plaintiffs) ................................................................... 72

16         COPYRIGHT DAMAGES—ACTUAL DAMAGES ................................................. 72

17     Proposed Instruction No. 19-C (Plaintiffs) ................................................................... 74

           COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED........................... 74
18     Proposed Instruction No. 19-D (Plaintiffs) ................................................................... 75

19         COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED........................... 75

20     Proposed Instruction No. 19-E (Plaintiffs)................................................................... 76

           COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED........................... 76
21     Proposed Instruction No. 19-F (Joint)........................................................................... 77

22         COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED........................... 77

23     Proposed Instruction No. 19-G (Plaintiffs) ................................................................... 79

           COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED........................... 79
24     Proposed Instruction No. 19-H (Plaintiffs) ................................................................... 80

25         COPYRIGHT DAMAGES—INFRINGERS' PROFITS ............................................. 80

26         [COPYRIGHT DAMAGES  – DEFENDANTS' MODULE]

27     Proposed Instruction No. 19-A (Defendants)................................................................. 82

28         COPYRIGHT—DAMAGES ....................................................................................... 82

JOINT PROPOSED JURY INSTRUCTIONS

1

<u>TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS</u>
(continued)

2

<u>Page</u>

3

Proposed Instruction No. 19-B (Defendants)................................................................ 83

4

    COPYRIGHT—ACTUAL DAMAGES................................................................ 83

Proposed Instruction No. 19-C (Defendants)................................................................ 84

5

    COPYRIGHT—ACTUAL DAMAGES—FAIR MARKET VALUE EVIDENCE ....... 84

6

Proposed Instruction No. 19-D (Defendants)................................................................ 85

7

    COPYRIGHT—DAMAGES—ORACLE INTERNATIONAL
    CORPORATION'S LOST PROFITS....................................................................... 85

8

Proposed Instruction No. 19-E (Defendants) ................................................................ 87

9

    COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS ......................................... 87

10

[CFAA – ORACLE MODULE]

11

Proposed Instruction No. 20-A (Plaintiffs) ................................................................... 90

12

    VIOLATION OF FEDERAL COMPUTER FRAUD AND ABUSE ACT (18
    U.S.C. § 1030 et seq.) ........................................................................................... 90

13

Proposed Instruction No. 20-B (Plaintiffs) ................................................................... 91

14

    FEDERAL COMPUTER FRAUD AND ABUSE ACT  OBTAINING
    INFORMATION FROM A PROTECTED COMPUTER IN VIOLATION OF

15

    18 U.S.C. § 1030(a)(2)(C) ................................................................................... 91

Proposed Instruction No. 20-C (Plaintiffs) ................................................................... 92

16

    FEDERAL COMPUTER FRAUD AND ABUSE ACT  ACCESSING A

17

    PROTECTED COMPUTER IN VIOLATION OF 18 U.S.C. § 1030(a)(4).............. 92

Proposed Instruction No. 20-D (Plaintiffs) ................................................................... 93

18

    FEDERAL COMPUTER FRAUD AND ABUSE ACT  DAMAGE TO A

19

    PROTECTED COMPUTER IN VIOLATION OF  18 U.S.C. §
    1030(a)(5)(A)(i) ................................................................................................... 93

20

Proposed Instruction No. 20-E (Plaintiffs)................................................................... 95

21

    FEDERAL COMPUTER FRAUD AND ABUSE ACT  DAMAGE TO A
    PROTECTED COMPUTER IN VIOLATION OF 18 U.S.C. §

22

    1030(a)(5)(A)(ii) .................................................................................................. 95

Proposed Instruction No. 20-F (Plaintiffs).................................................................... 96

23

    FEDERAL COMPUTER FRAUD AND ABUSE ACT  DAMAGE TO A

24

    PROTECTED COMPUTER IN VIOLATION OF 18 U.S.C. §
    1030(a)(5)(A)(iii) ................................................................................................. 96

25

Proposed Instruction No. 20-G (Plaintiffs) ................................................................... 97

26

    FEDERAL COMPUTER FRAUD AND ABUSE ACT—DEFINITIONS  (18
    U.S.C. § 1030 et seq.) ........................................................................................... 97

27

Proposed Instruction No. 20-H (Plaintiffs) ................................................................... 99

28

JOINT PROPOSED JURY INSTRUCTIONS

1

TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS
(continued)

2

Page

3

FEDERAL COMPUTER FRAUD AND ABUSE DEFENSES—STATUTE OF
    LIMITATIONS ................................................................................................. 99

4

Proposed Instruction No. 20-I (Plaintiffs)................................................................. 101

5

FEDERAL COMPUTER FRAUD AND ABUSE ACT—DAMAGES  (18 U.S.C.
    § 1030 et seq.) ................................................................................................ 101

6

Proposed Instruction No. 20-J (Plaintiffs) ............................................................... 102

7

FEDERAL COMPUTER FRAUD AND ABUSE ACT—DAMAGES—
    GOODWILL ................................................................................................... 102

8

9

[CFAA – DEFENDANTS' MODULE]

10

Proposed Instruction No. 20-A (Defendants)........................................................... 104

COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030 et seq.)....................... 104

11

Proposed Instruction No. 20-B (Defendants)........................................................... 106

12

COMPUTER FRAUD AND ABUSE ACT—DEFINITIONS.................................... 106

13

Proposed Instruction No. 20-C (Defendants)........................................................... 108

COMPUTER FRAUD AND ABUSE ACT DEFENSE—STATUTE OF
    LIMITATIONS ............................................................................................... 108

14

15

Proposed Instruction No. 20-D (Defendants)........................................................... 109

COMPUTER FRAUD AND ABUSE ACT—SECONDARY/VICARIOUS
    LIABILITY ..................................................................................................... 109

16

17

Proposed Instruction No. 20-E (Defendants) ........................................................... 110

COMPUTER FRAUD AND ABUSE ACT—DAMAGES......................................... 110

18

19

[CDAFA – ORACLE MODULE]

20

Proposed Instruction No. 21-A (Plaintiffs) .............................................................. 112

VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD
    ACT (Cal. Penal Code § 502 et seq.) ............................................................. 112

21

22

Proposed Instruction No. 21-B (Plaintiffs) .............................................................. 113

VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD
    ACT (Cal. Penal Code § 502(c)(2)) ................................................................ 113

23

24

Proposed Instruction No. 21-C (Plaintiffs) .............................................................. 114

VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD
    ACT (Cal. Penal Code § 502(c)(3)) ................................................................ 114

25

26

Proposed Instruction No. 21-D (Plaintiffs) .............................................................. 115

VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD
    ACT (Cal. Penal Code § 502(c)(6)) ................................................................ 115

27

28

Proposed Instruction No. 21-E (Plaintiffs)............................................................... 116

JOINT PROPOSED JURY INSTRUCTIONS

1

TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS
(continued)

2                                                                                 Page

3    VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD
        ACT (Cal. Penal Code § 502(c)(7)) ......................................................... 116
4
     Proposed Instruction No. 21-F (Joint) .......................................................... 117
5    CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—
        DEFINITIONS (Cal. Penal Code § 502 et seq.) ..................................... 117
6
     Proposed Instruction No. 21-G (Plaintiffs) .................................................. 120
7    CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT
        DEFENSES—STATUTE OF LIMITATIONS ....................................... 120
8
     Proposed Instruction No ................................................................................. 122
9    CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—
        DAMAGES (Cal. Penal Code § 502(e)) ................................................ 122
10

11                       [CDAFA – DEFENDANTS' MODULE]

12   Proposed Instruction No. 21-A (Defendants) ................................................ 124

13      COMPUTER DATA ACCESS AND FRAUD ACT  (Cal. Penal Code § 502 et
        seq.) ......................................................................................................... 124
14   Proposed Instruction No. 21-B (Defendants) ................................................ 126

15      COMPUTER DATA ACCESS AND FRAUD ACT—DEFENSE STATUTE OF
        LIMITATIONS ........................................................................................ 126
16   Proposed Instruction No. 21-C (Defendants) ................................................ 127

17      COMPUTER DATA ACCESS AND FRAUD ACT—
        SECONDARY/VICARIOUS LIABILITY ............................................. 127
18   Proposed Instruction No. 21-D (Defendants) ................................................ 128

19      COMPUTER DATA ACCESS AND FRAUD ACT—DAMAGES ........................... 128

20                 [BREACH OF CONTRACT – ORACLE MODULE]

21   Proposed Instruction No. 22-A (Plaintiffs) .................................................. 130

22      BREACH OF CONTRACT, INTERFERENCE AND TRESPASS TO
        CHATTEL CLAIMS ............................................................................... 130
23   Proposed Instruction No. 22-B (Plaintiffs) .................................................. 131

        BREACH OF CONTRACT .................................................................................. 131
24   Proposed Instruction No. 22-C (Plaintiffs) .................................................. 132

25      BREACH OF CONTRACT—DEFENSES  STATUTE OF LIMITATIONS ............. 132

26                 [BREACH OF CONTRACT—DEFENDANTS' MODULE]

27   Proposed Instruction No. 22-A (Defendants) ................................................ 135

        BREACH OF CONTRACT .................................................................................. 135

28

JOINT PROPOSED JURY INSTRUCTIONS

1
2

TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS
(continued)

Page

3

Proposed Instruction No. 22-B (Defendants)............................................................ 136

4

     BREACH OF CONTRACT—FORMATION OF CONTRACT ................................. 136

Proposed Instruction No. 22-C (Defendants)............................................................ 137

5

     BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS ....................... 137

6

Proposed Instruction No. 22-D (Defendants)............................................................ 138

7

     BREACH OF CONTRACT—DEFENSE—STATUTE OF LIMITATIONS.............. 138

Proposed Instruction No. 22-E (Defendants) ............................................................ 139

8

     BREACH OF CONTRACT—DAMAGES ................................................................ 139

9
10

[INTERFERENCE—ORACLE MODULE]

11

Proposed Instruction No. 23-A (Plaintiffs) ................................................................ 141

     INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE.................. 141

12

Proposed Instruction No. 23-B (Plaintiffs) ................................................................ 142

13

     THEORY OF INTERFERENCE WITH PROSPECTIVE ECONOMIC
          ADVANTAGE............................................................................................... 142

14

Proposed Instruction No. 23-C (Plaintiffs) ................................................................ 143

15

     INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
          ADVANTAGE............................................................................................... 143

16

Proposed Instruction No. 23-D (Plaintiffs) ................................................................ 144

17

     NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC
          ADVANTAGE............................................................................................... 144

18

Proposed Instruction No. 23-E (Plaintiffs)................................................................. 145

19

     INTERFERENCE—EXISTENCE OF RELATIONSHIP.......................................... 145

Proposed Instruction No. 23-F (Plaintiffs) ................................................................ 146

20

     INTERFERENCE—KNOWLEDGE.......................................................................... 146

21

Proposed Instruction No. 23-G (Plaintiffs) ................................................................ 147

22

     INTERFERENCE—CAUSATION ............................................................................ 147

Proposed Instruction No. 23-H (Plaintiffs) ................................................................ 148

23

     INTENTIONAL INTERFERENCE—INTENT......................................................... 148

24

Proposed Instruction No. 23-I (Joint)........................................................................ 149

25

     NEGLIGENT INTERFERENCE—REASONABLE CARE ...................................... 149

Proposed Instruction No. 23-J (Plaintiffs) ................................................................ 151

26

     INTERFERENCE—WRONGFUL CONDUCT ........................................................ 151

27

Proposed Instruction No. 23-K (Plaintiffs) ................................................................ 152

28

     INTERFERENCE DEFENSES—STATUTE OF LIMITATIONS.............................. 152

viii                Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1

<u>TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS</u>
(continued)

2
<div align="right"><u>Page</u></div>

3
<div align="center"><u>[INTERFERENCE – DEFENDANTS' MODULE]</u></div>

4

5
Proposed Instruction No. 23-A (Defendants)............................................................. 155

6
    INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE (PLAINTIFF ORACLE USA, INC.) ............................................. 155

7
Proposed Instruction No. 23-B (Defendants)............................................................. 156

8
    INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE (PLAINTIFF ORACLE INTERNATIONAL CORP.) .................. 156

9
Proposed Instruction No. 23-C (Defendants)............................................................. 157

10
    INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE (PLAINTIFF ORACLE EMEA LIMITED) ................................. 157

11
Proposed Instruction No. 23-D (Defendants)............................................................. 158

    INTERFERENCE—WRONGFUL CONDUCT ................................................... 158

12
Proposed Instruction No. 23-E (Defendants) ............................................................. 159

13
    INTENTIONAL INTERFERENCE—CAUSATION .................................................. 159

Proposed Instruction No. 23-F (Defendants) ............................................................. 160

14
    INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE—DEFENSE—NO CALIFORNIA CLAIM ................................ 160

15
Proposed Instruction No. 23-G (Defendants)............................................................. 161

16
    INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE DEFENSE—STATUTE OF LIMITATIONS ............................. 161

17
Proposed Instruction No. 23-H (Defendants)............................................................. 162

18
    INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE—DAMAGES (PLAINTIFF ORACLE USA, INC.) .................... 162

19
Proposed Instruction No. 23-I (Defendants) .............................................................. 163

20
    INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE—DAMAGES (PLAINTIFF ORACLE INTERNATIONAL

21
        CORP.)........................................................................................................... 163

22
Proposed Instruction No. 23-J (Defendants) ............................................................. 164

23
    INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE—DAMAGES (PLAINTIFF ORACLE  EMEA LIMITED) ......... 164

24
Proposed Instruction No. 23-K (Defendants)............................................................. 165

25
    NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE (PLAINTIFF ORACLE USA, INC.) ............................................. 165

26
Proposed Instruction No. 23-L (Defendants)............................................................. 167

27
    NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC
        ADVANTAGE (PLAINTIFF ORACLE INTERNATIONAL CORP.) .................. 167

28
Proposed Instruction No. 23-M (Defendants)............................................................. 169

1

TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS
(continued)

2

Page

3

NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC
    ADVANTAGE (PLAINTIFF ORACLE EMEA LIMITED) ................................. 169

4

Proposed Instruction No. 23-N (Defendants)........................................................ 171

5

NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC
    ADVANTAGE—DEFENSE—NO CALIFORNIA CLAIM ................................ 171

6

Proposed Instruction No. 23-O (Defendants) ....................................................... 172

7

NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC
    ADVANTAGE—DEFENSE—STATUTE OF LIMITATIONS ........................... 172

8

Proposed Instruction No. 23-P (Defendants) ....................................................... 173

9

NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC
    ADVANTAGE—DAMAGES (PLAINTIFF ORACLE USA, INC.) ................... 173

10

Proposed Instruction No. 23-Q (Defendants)....................................................... 174

11

NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC
    ADVANTAGE—DAMAGES (PLAINTIFF ORACLE INTERNATIONAL

12

CORP.)............................................................................................................... 174

13

Proposed Instruction No. 23-R (Defendants)....................................................... 175

14

NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC
    ADVANTAGE—DAMAGES (PLAINTIFF ORACLE EMEA LIMITED) ......... 175

15

[TRESPASS TO CHATTELS – ORACLE MODULE]

16

Proposed Instruction No. 24-A (Plaintiffs) .......................................................... 177

17

TRESPASS TO CHATTELS............................................................................. 177

Proposed Instruction No. 24-B (Plaintiffs) .......................................................... 178

18

TRESPASS TO CHATTELS—DEFENSES  STATUTE OF LIMITATIONS ........... 178

19

[TRESPASS TO CHATTELS – DEFENDANTS' MODULE]

20

Proposed Instruction No. 24-A (Defendants)........................................................ 181

21

TRESPASS TO CHATTELS............................................................................. 181

22

Proposed Instruction No. 24-B (Defendants)........................................................ 182

TRESPASS TO CHATTELS—STATUTE OF LIMITATIONS ................................ 182

23

Proposed Instruction No. 24-C (Defendants)........................................................ 183

24

TRESPASS TO CHATTELS—DAMAGES ...................................................... 183

25

Proposed Instruction No. 25A (Plaintiffs) ........................................................... 185

26

[DEFENSES AND DAMAGES – ORACLE MODULE]

27

DEFENSES—LACHES ...................................................................................... 185

28

JOINT PROPOSED JURY INSTRUCTIONS

1

TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS
(continued)

2                                                                                                    Page

3    Proposed Instruction No. 25B (Plaintiffs)..................................................................... 186

4              DEFENSES—WAIVER ............................................................................... 186

     Proposed Instruction No. 25C (Plaintiffs)..................................................................... 187

5              STATE LAW CLAIMS—DAMAGES ......................................................... 187

6    Proposed Instruction No. 25D (Plaintiffs) .................................................................... 188

7              STATE LAW CLAIMS—DAMAGES—PROOF ....................................... 188

     Proposed Instruction No. 25E (Plaintiffs) .................................................................... 189

8              STATE LAW CLAIMS—AVAILABLE DAMAGES ................................ 189

9    Proposed Instruction No. 25F (Plaintiffs) ..................................................................... 190

10             STATE LAW CLAIMS — COMPENSATORY DAMAGES..................... 190

     Proposed Instruction No. 25G (Plaintiffs) .................................................................... 193

11             STATE LAW CLAIMS — PUNITIVE DAMAGES ................................. 193

12   Proposed Instruction No. 25H (Plaintiffs) .................................................................... 195

13             STATE LAW CLAIMS — MITIGATION OF DAMAGES ...................... 195

14              [DEFENSES AND DAMAGES – DEFENDANTS' MODULE]

15   Proposed Instruction No. 25-A (Defendants)................................................................ 197

16             DEFENSE—LACHES.................................................................................. 197

     Proposed Instruction No. 25-B (Defendants)................................................................ 198

17             DEFENSE—WAIVER ................................................................................. 198

18   Proposed Instruction No. 25-C (Defendants)................................................................ 199

19             DAMAGES—PROOF .................................................................................. 199

     Proposed Instruction No. 25-D (Defendants)................................................................ 202

20             DAMAGES—BUT FOR CAUSATION ..................................................... 202

21   Proposed Instruction No. 25-E (Defendants) ................................................................ 203

22             DAMAGES—MITIGATION ....................................................................... 203

     Proposed Instruction No. 25-F (Defendants) ................................................................ 204

23             DAMAGES—NO DUPLICATIVE DAMAGES ........................................ 204

24   Proposed Instruction No. 25-G (Defendants)................................................................ 205

25             DAMAGES—COMPENSATORY DAMAGES AND PRECLUDED
                DAMAGES ................................................................................................... 205

26   Proposed Instruction No. 25-H (Defendants)................................................................ 206

27             DAMAGES—PUNITIVE DAMAGES—BACKGROUND ....................... 206

     Proposed Instruction No. 25-I (Defendants) ................................................................. 208

28

1

<u>TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS</u>
(continued)

2
<u>Page</u>

3

DAMAGES—PUNITIVE DAMAGES  COMPUTER DATA ACCESS AND
FRAUD ACT ...................................................................................... 208

4

Proposed Instruction No. 25-J (Defendants).................................................. 213

5

DAMAGES—PUNITIVE DAMAGES  INTENTIONAL INTERFERENCE
WITH PROSPECTIVE ECONOMIC ADVANTAGE .......................... 213

6

7

[EQUITABLE CLAIMS – ORACLE MODULE]

8

Proposed Instruction No. 26-A (Plaintiffs) ................................................... 219

EQUITABLE CLAIMS ................................................................... 219

9

Proposed Instruction No. 26-B (Plaintiffs) ................................................... 220

10

UNFAIR COMPETITION  (Cal. Bus. & Prof. Code § 17200 et seq.)......................... 220

11

Proposed Instruction No. 26-C (Plaintiffs) ................................................... 221

12

UNFAIR COMPETITION—UNLAWFUL PRACTICES  (Cal. Bus. & Prof.
Code § 17200 et seq.)..................................................................... 221

13

Proposed Instruction No. 26-D (Plaintiffs) ................................................... 222

14

UNFAIR COMPETITION—FRAUDULENT PRACTICES  (Cal. Bus. & Prof.
Code § 17200 et seq.)..................................................................... 222

15

Proposed Instruction No. 26-E (Plaintiffs).................................................... 223

16

UNFAIR COMPETITION— UNFAIR PRACTICES (Cal. Bus. & Prof. Code §
17200 et seq.) ............................................................................... 223

17

Proposed Instruction No. 26-F (Plaintiffs).................................................... 224

18

UNFAIR COMPETITION—RESTITUTION  (Cal. Bus. & Prof. Code § 17200 et
seq.)............................................................................................. 224

19

Proposed Instruction No. 26-G (Plaintiffs) ................................................... 225

20

UNJUST ENRICHMENT/RESTITUTIONOTHER CLAIMS .................... 225

Proposed Instruction No. 26-H (Plaintiffs) ................................................... 226

21

UNJUST ENRICHMENT/RESTITUTION ........................................ 226

22

Proposed Instruction No. 26-I (Plaintiffs).................................................... 227

UNJUST ENRICHMENT/RESTITUTION ........................................ 227

23

Proposed Instruction No. 26-J (Plaintiffs) ................................................... 228

24

AN ACCOUNTING.................................................................... 228

25

[CLAIMS SEEKING EQUITALBE RELIEF – DEFENDANTS' MODULE]

26

No Instructions.

27

[INDIRECT LIABILITY – ORACLE MODULE]

28

TABLE OF CONTENTS/PROPOSED ORDER OF FINAL INSTRUCTIONS
(continued)

Page

Proposed Instruction No. 27-A (Plaintiffs) ............................................................. 231
    AGENCY ....................................................................................................... 231
Proposed Instruction No. 27-B (Plaintiffs) ............................................................. 232
    AGENCY—DEFINED ................................................................................. 232
Proposed Instruction No. 27-C (Plaintiffs) ............................................................. 233
    AGENCY—ELEMENTS .............................................................................. 233
Proposed Instruction No. 27-D (Plaintiffs) ............................................................. 234
    AGENCY—LIABILITY ............................................................................... 234
Proposed Instruction No. 27-E (Plaintiffs) ............................................................. 235
    CONSPIRACY—ESSENTIAL FACTUAL ELEMENTS ........................... 235
Proposed Instruction No. 27-F (Plaintiffs) ............................................................. 237
    CONSPIRACY—ONGOING CONSPIRACY ............................................ 237
Proposed Instruction No. 27-G (Plaintiffs) ............................................................. 238
    AIDING AND ABETTING—ESSENTIAL FACTUAL ELEMENTS ........ 238
Proposed Instruction No. 27-H (Plaintiffs) ............................................................. 240
    RATIFICATION ............................................................................................ 240

[INDIRECT LIABILITY – DEFENDANTS' MODULE]

Proposed Instruction No. 27-A (Defendants).......................................................... 243
    CORPORATIONS—SUBSIDIARIES—RATIFICATION (SAP AMERICA, INC.) ............................................................................................................. 243
Proposed Instruction No. 27-B (Defendants).......................................................... 244
    CORPORATIONS—SUBSIDIARIES—RATIFICATION (SAP AG) ........ 244
Proposed Instruction No. 27-C (Defendants).......................................................... 245
    SECONDARY/VICARIOUS LIABILITY FOR BREACH OF CONTRACT, INTERFERENCE AND TRESPASS TO CHATTELS CLAIMS ................... 245

Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTRODUCTORY INSTRUCTION (SEPARATE)

JOINT PROPOSED JURY INSTRUCTIONS

1          **Proposed Instruction No. 1 (Plaintiffs)**

2                    <u>**OVERVIEW OF CLAIMS**</u>

3

4          As I described to you at the beginning of the trial, there are four plaintiffs in this

5  case:  Oracle USA, Inc. (which I will refer to as "Oracle USA"), Oracle International

6  Corporation (which I will refer to as "Oracle International Corporation"), Oracle EMEA Limited

7  (which I will refer to as "Oracle EMEA") and Siebel Systems, Inc. (which I will refer to as

8  "Siebel Systems").  From time to time I may refer to these four entities collectively as

9  "Plaintiffs" or "Oracle."

10         Oracle is asserting ten claims against each of the three defendants:  SAP AG, SAP

11  America, Inc. (which I will refer to as "SAP America") and TomorrowNow, Inc. (which I will

12  refer to as "TomorrowNow").  From time to time I may refer to these three entities collectively

13  as "Defendants" or "SAP."

14         Oracle's asserts the following claims against the Defendants:

15         1)    Copyright infringement;

16         2)    Violations of the Federal Computer Fraud and Abuse Act;

17         3)    Violations of the California Computer Data Access and Fraud Act;

18         4)    Breach of contract;

19         5)    Intentional interference with prospective economic advantage;

20         6)    Negligent interference with prospective economic advantage;

21         7)    Violations of California Business & Professions Code § 17200;

22         8)    Trespass to chattels;

23         9)    Unjust enrichment; and

24         10)   An accounting.

25         As I will describe in more detail later, Oracle asserts some of the Defendants are

26  directly liable on each claim, and asserts other Defendants may be liable either directly or

27  indirectly by virtue of their relationship with other Defendants.

28         I will now describe for you in more details the elements of each of these claims,

2                          Case No. 07-CV-01658 PJH (EDL)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

the elements of the defenses asserted by the Defendants, and the damages that you may award if you find that Oracle has established the elements of one or more of these claims.

Authority:  None.  Transitional instruction.

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# INTRODUCTORY COPYRIGHT INSTRUCTIONS (JOINT, SEPARATE AND COMPETING)

JOINT PROPOSED JURY INSTRUCTIONS

1                                                    **Proposed Instruction No. 2 (Plaintiffs)**

2                          <u>**INTRODUCTION TO COPYRIGHT CLAIM**</u>

3

4              Oracle International Corporation asserts a claim for copyright infringement

5     against all three of the defendants, TomorrowNow, SAP America, and SAP AG.  Oracle

6     International Corporation contends that TomorrowNow directly infringed its copyrights and that

7     SAP America and SAP AG are liable for vicarious infringement and contributory infringement.

8     Defendants have conceded some of this infringement.  You must decide the remaining

9     allegations of infringement.  I will now instruct on you the law regarding copyright infringement,

10    and the damages you may award if you find that Defendants infringed Oracle International

11    Corporation's copyrights

12

13    Authority:  None.  Transitional instruction.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1                                                          **Proposed Instruction No. 3 (Joint)**

2                                    **PRELIMINARY INSTRUCTION—COPYRIGHT**

3

4               Oracle International Corp. claims ownership of various copyrights and seeks

5      damages against TomorrowNow, Inc. for direct copyright infringement, and SAP America, Inc.

6      and SAP AG for indirect copyright infringement.  TomorrowNow, Inc. denies direct

7      infringement and SAP America, Inc. and SAP AG deny any indirect infringement.

8

9      Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.0 (Civil) (modified).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                          **Proposed Instruction No. 4 (Plaintiffs)**

2                              <u>**COPYRIGHT—DEFINED**</u>

3

4          A copyright is the exclusive right to copy.  This right to copy includes the

5   exclusive rights to:

6               1)      reproduce the copyrighted work;

7               2)      prepare derivative works based upon the copyrighted work by adapting or

8                       transforming it; and

9               3)      distribute copies of either the copyrighted work or any unauthorized

10                      derivative work; and

11              4)      display publicly a copy of either the copyrighted work or any unauthorized

12                      derivative work.

13         It is the owner of a copyright who may exercise these exclusive rights.  The

14   "owner" refers to the author of the work, or one who has been assigned the ownership of

15   exclusive rights in the work.  In general, copyright law protects against the production,

16   adaptation, distribution, or public display of the owner's copyrighted work without the owner's

17   permission.  An owner may enforce these rights to exclude others in an action for copyright

18   infringement.  Even when a customer acquires a legal copy of a copyrighted work, the copyright

19   owner retains certain rights over that copy, including uses that may result in additional copies or

20   alterations of the work.

21

22   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.1 (Civil) (modified).

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1                                                      **Proposed Instruction No. 4 (Defendants)**

2                                         **COPYRIGHT—DEFINED**

3

4              Copyright is the exclusive right to copy.  This right to copy includes the exclusive

5    right[s] to:

6              1)        reproduce the copyrighted work in copies;

7              2)        prepare derivative works based upon the copyrighted work;

8              3)        distribute copies of the copyrighted work to the public by sale or other

9                        transfer of ownership; and

10             4)        display publicly a copy of either the copyrighted work or any

11                       unauthorized derivative work.

12             It is the owner of a copyright who may exercise these exclusive rights to copy.

13   The term "owner" includes the author of the work, an assignee, or an exclusive licensee.  In

14   general, copyright law protects against production, adaptation, distribution or display of

15   substantially similar copies of the owner's copyrighted work without the owner's permission.

16   An owner may enforce these rights to exclude others in an action for copyright infringement.

17

18   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.1 (Civil) (modified).

19

20

21

22

23

24

25

26

27

28

1                                                    **Proposed Instruction No. 5 (Plaintiffs)**

2                                    **<u>COPYRIGHT—SUBJECT MATTER</u>**

3

4              Many of the materials involved in this trial are computer software programs,

5      which consist of sets of statements or instructions used by a computer to bring about a certain

6      result.  Computer software programs are treated as literary works under copyright law, and they

7      are eligible for copyright protection insofar as they incorporate original expression.  This trial

8      also concerns written support materials, such as instruction manuals, guides, notes, and other

9      documentation related to the computer software programs.  These written materials are also

10     eligible for copyright protection insofar as they incorporate original expression.

11             You are therefore instructed that a copyright may be obtained in computer

12     software programs and related support materials and documentation, including the 80 software

13     programs listed on Table 1, the 23 support materials listed on Table 2, and the 8 supporting

14     documentation materials listed on Table 3.

15

| TABLE 1 | | |
|---|---|---|
| **Title of Work** | **Date of Registration** | **Registration Number** |
| Shop Floor Control program | March 7, 1995 | TXu 619-303 |
| EDI Interface (6) program | March 7, 1995 | TXu 619-304 |
| Configuration Management program | March 7, 1995 | TXu 619-305 |
| Master Production Scheduling program | March 7, 1995 | TXu 619-306 |
| Capacity Requirements Planning program | March 7, 1995 | TXu 619-307 |
| WorldCASE Development Environment program | March 7, 1995 | TXu 619-308 |
| Equipment Management (5) program | March 7, 1995 | TXu 619-309 |
| General Ledger & Basic Financial program | March 7, 1995 | TXu 619-310 |
| Enterprise Facility Planning program | March 7, 1995 | TXu 619-311 |
| Accounts Receivable program | March 7, 1995 | TXu 619-312 |
| Warehouse Management program | March 7, 1995 | TXu 619-313 |
| Inventory Management program | March 7, 1995 | TXu 619-314 |
| Sales Order Processing/Sales Analysis program | March 7, 1995 | TXu 619-315 |
| Purchase Order Processing program | March 7, 1995 | TXu 619-316 |
| Product Data Management program | March 7, 1995 | TXu 619-317 |
| Financial Reporting (FASTR) program | March 7, 1995 | TXu 619-318 |
| WorldCASE Foundation Environment (3) program | March 7, 1995 | TXu 619-319 |
| Accounts Payable program | March 7, 1995 | TXu 619-320 |
| Financial Modeling, Budgeting & Allocations program | March 7, 1995 | TXu 619-321 |
| PeopleSoft HRMS 7.0 | December 15 1998 | TX 4-792-577 |

| | | | |
|---|---|---|---|
| 1 | PeopleSoft HRMS 7.5 | December 15, 1998 | TX 4-792-575 |
| 2 | PeopleSoft HRMS 8.0 | November 20, 2000 | TX 5-291-440 |
| | PeopleSoft 8 HRMS SP1 | March 26, 2001 | TX 5-501-312 |
| 3 | PeopleSoft 8.3 HRMS | February 1, 2002 | TX 5-469-032 |
| | PeopleSoft 8.8 HRMS | June 11, 2004 | TX 6-093-947 |
| 4 | PeopleSoft 8 Customer Relationship Management | September 27, 2001 | TX-5-456-777 |
| 5 | PeopleSoft 8.8 Customer Relationship Management | June 11, 2004 | TX 6-015-317 |
| 6 | PeopleSoft Financials, Distribution & Manufacturing 7.5 | December 15, 1998 | TX 4-792-574 |
| 7 | PeopleSoft 8 Financials and Supply Chain Management: Service Pack 2 | September 27, 2001 | TX-5-456-780 |
| 8 | PeopleSoft 8.4 Financials and Supply Chain Management | August 5, 2002 | TX-5-586-247 |
| 9 | PeopleSoft 8.8 Enterprise Performance Management | June 11, 2004 | TX-5-993-616 |
| 10 | PeopleSoft 8 Student Administration Solutions | November 30, 2001 | TX 5-431-289 |
| | PeopleTools 7.5 | November 20, 1998 | TX 4-792-578 |
| 11 | PeopleTools 8.0 | September 5, 2000 | TX 5-266-222 |
| | PeopleTools 8.10 | September 5, 2000 | TX 5-266-221 |
| 12 | PeopleTools 8.4 | August 5, 2002 | TX 5-586-248 |
| | Initial release of JD Edwards EnterpriseOne XE | April 26, 2007 | TX 6-541-033 |
| 13 | Initial release of JD Edwards EnterpriseOne 8.0 | April 26, 2007 | TX 6-541-050 |
| | Initial release of JD Edwards EnterpriseOne 8.9 | April 26, 2007 | TX 6-541-049 |
| 14 | Initial release of JD Edwards EnterpriseOne 8.10 | April 26, 2007 | TX 6-541-038 |
| 15 | Initial release of JD Edwards EnterpriseOne 8.11 | April 26, 2007 | TX 6-541-028 |
| 16 | Initial release of JD Edwards EnterpriseOne 8.11 SP1 | April 26, 2007 | TX 6-541-040 |
| 17 | Initial release of JD Edwards EnterpriseOne 8.12 | April 26, 2007 | TX 6-541-041 |
| 18 | Initial release of JD Edwards World A7.3 | April 26, 2007 | TX 6-541-029 |
| 19 | Initial release of JD Edwards World A8.1 | April 26, 2007 | TX 6-541-047 |
| | Initial release of JD Edwards World A9.1 | April 26, 2007 | TX 6-541-030 |
| 20 | PeopleSoft 8 EPM SP3 | March 30, 2001 | TX 5-345-698 |
| 21 | PeopleSoft 8.3 Enterprise Performance Management | March 11, 2002 | TX 5-485-839 |
| 22 | PeopleSoft 8.1 Customer Relationship Management | March 20, 2002 | TX 5-493-450 |
| 23 | PeopleSoft Financials and Supply Chain Management (FIN/SCM) 8.0 | November 20, 2000 | TX 5-291-439 |
| 24 | PeopleSoft 8 FIN/SCM SP1 | March 26, 2001 | TX 5-501-313 |
| 25 | PeopleSoft 7.0 financials, distribution & manufacturing 7.0 | December 15, 1998 | TX 4-792-576 |
| 26 | PeopleSoft Benefits Administration 7.50 | June 14, 1999 | TX 5-072-090 |
| 27 | | | |
| 28 | PeopleSoft Benefits Administration 7.0 | June 15, 1999 | TX 4-258-824 |

10

| | | |
|---|---|---|
| PeopleSoft Payroll Interface 7.50 | June 21, 1999 | TX 3-772-292 |
| PeopleSoft Pension Administration 7 | June 21, 1999 | TX 3-772-290 |
| PeopleSoft Pension Administration 7.50 | June 21, 1999 | TX 3-772-291 |
| PeopleSoft Payroll 7 | June 22, 1999 | TX 4-501-140 |
| PeopleSoft Payroll Interface 7 | June 22, 1999 | TX 4-501-138 |
| PeopleSoft Human Resources 7 | June 28, 1999 | TX 4-994-865 |
| PeopleSoft Human Resources 7.50 | June 28, 1999 | TX 5-013-123 |
| PeopleSoft Payroll 7.50 | June 28, 1999 | TX 5-013-125 |
| PeopleSoft Payroll Interface 7 Higher Education | June 28, 1999 | TX 5-013-124 |
| PeopleSoft Time and Labor 7 | June 28, 1999 | TX 5-013-128 |
| PeopleSoft Time and Labor 7.0 | June 28, 1999 | TX 4-994-866 |
| PeopleSoft Time and Labor 7.50 | June 28, 1999 | TX 4-994-867 |
| Siebel 6.3 Initial Release and Documentation | June 29, 2009 | TX 6-941-989 |
| Siebel 7.0.5 Initial Release and Documentation | June 29, 2009 | TX 6-941-988 |
| Siebel 7.5.2 Initial Release and Documentation | June 29, 2009 | TX 6-941-990 |
| Siebel 7.7.1 Initial Release and Documentation | June 29, 2009 | TX 6-941-993 |
| Siebel 7.8 Initial Release and Documentation | June 29, 2009 | TX 6-941-995 |
| Siebel 8.0 Initial Release and Documentation | June 29, 2009 | TX 6-942-000 |
| Siebel 8.1.1 Initial Release and Documentation | June 29, 2009 | TX 6-942-001 |
| Oracle 8i Enterprise Edition, release 2 (8.1.6) | February 2, 2001 | TX 5-222-106 |
| Oracle Relational Database Management System (RDBMS): Release 8.0.4 | November 21, 2001 | TX 5-392-842 |
| Oracle Relational Database Management System (RDBMS), Release 8.0.5 | November 21, 2001 | TX 5-392-861 |
| Oracle9i Database Enterprise : Edition Release 1 | June 13, 2003 | TX 5-673-281 |
| Oracle9i Database Enterprise : Edition Release 2 | June 13, 2003 | TX 5-673-282 |
| Oracle Database 10g: Release 1 | January 16, 2009 | TX 6-938-648 |
| Oracle Database 10g: Release 2 | June 29, 2009 | TX 6-942-003 |

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

| TABLE 2 | | |
|---|---|---|
| Title of Work | Date of Registration | Registration Number |
| ESU for JD Edwards EnterpriseOne Xe | May 3, 2007 | TX 6-541-051 |
| Cumulative Update 8 for JD Edwards EnterpriseOne Xe | April 26, 2007 | TX 6-541-048 |
| ESU for JD Edwards EnterpriseOne 8.0 | April 26, 2007 | TX 6-541-046 |
| Cumulative Update 1 for JD Edwards EnterpriseOne 8.0 | April 26, 2007 | TX 6-541-034 |
| ESU for JD Edwards EnterpriseOne 8.9 | April 26, 2007 | TX 6-541-036 |
| ESU for JD Edwards EnterpriseOne 8.10 | April 26, 2007 | TX 6-541-037 |
| Cumulative Update 2 for JD Edwards EnterpriseOne 8.10 | April 26, 2007 | TX 6-541-032 |
| ESU for JD Edwards EnterpriseOne 8.11 | April 26, 2007 | TX 6-541-035 |
| ESU for JD Edwards EnterpriseOne 8.11 SP1 | April 26, 2007 | TX 6-541-027 |
| Cumulative Update 1 for JD Edwards EnterpriseOne 8.11 SP1 | April 26, 2007 | TX 6-541-039 |
| ESU for JD Edwards EnterpriseOne 8.12 | April 26, 2007 | TX 6-541-045 |
| Cumulative Update 1 for JD Edwards EnterpriseOne 8.12 | April 26, 2007 | TX 6-541-042 |
| Code Change for JD Edwards World A7.3 | April 26, 2007 | TX 6-541-043 |
| Cumulative Update 16 for JD Edwards World A7.3 | April 26, 2007 | TX 6-541-031 |
| Code Change for JD Edwards World A8.1 | April 26, 2007 | TX 6-541-044 |
| Cumulative Update 6 for JD Edwards World A8.1 | May 1, 2007 | TX 6-545-421 |
| ECRM89: Common Errors on Mobile Sales | April 26, 2007 | TX 6-541-020 |
| EAP WTHD06: 1099 IRS changes for the year 2006 | April 26, 2007 | TX 6-541-023 |
| JD Edwards World -- 1099 Changes for Tax Year 2006 | April 26, 2007 | TX 6-541-026 |
| E1: 1099: Year 2006 1099 ESUs | April 26, 2007 | TX 6-541-024 |
| Changes to Daylight Savings Time for 2007 (DST) | April 26, 2007 | TX 6-541-025 |
| E1: 07/77: Quantum for Payroll Tax v.280 | April 26, 2007 | TX 6-541-022 |
| GM--Grants issues resolved by FMS ESA 8.9 Bundle #10-653723 (Oct 06) | April 26, 2007 | TX 6-541-021 |

21

22

23

24

25

26

27

28

Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1

2

3

| TABLE 3 | | |
|---|---|---|
| Title of Work | Date of Registration | Registration Number |
| PeopleTools Third Party Daylight Saving Time Required Modifications | April 26, 2007 | TX 6-541-019 |
| PeopleTools Third Party Daylight Saving Time Required Modifications (Revised) | April 26, 2007 | TX 6-541-018 |
| PeopleSoft 8.01 & 8.31 Payroll Tax Update 05-F Year-End Processing: Canada | May 2, 2008 | TX 6-838-549 |
| PeopleSoft Payroll 1200457000 - User Documentation | May 2, 2008 | TX 6-838-537 |
| PeopleSoft Application Update Installation Instructions (UPD595817) | May 2, 2008 | TX 6-838-544 |
| Database of Documentary Customer Support Materials for PeopleSoft Software | July 1, 2009 | TXu1-607-454 |
| Database of Documentary Customer Support Materials for J.D. Edwards Software | July 1, 2009 | TXu1-607-455 |
| Database of Documentary Customer Support Materials for Siebel Software | July 1, 2009 | TXu1-607-453 |

12

13    Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.2 (Civil) (modified).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1               **Proposed Instruction No. 5 (Defendants)**

2       **COPYRIGHT—SUBJECT MATTER—GENERALLY**

3

4     The works involved in this trial are computer software programs and written

5 support materials.  Computer software programs are treated as literary works under copyright

6 law, and they are eligible for copyright protection to the extent that they incorporate original

7 expression.  Written support materials, such as instruction manuals, guides, notes, and other

8 documentation related to computer software programs are also eligible for copyright protection

9 to the extent that they incorporate original expression.

10     Only that part of the works that are original works of authorship fixed in any

11 tangible medium of expression from which it can be perceived, reproduced, or otherwise

12 communicated, either directly or with the aid of a machine or device, is protected by the

13 Copyright Act.  The Court will explain in a few moments what "original works" means.

14

15 Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.2 (Civil) (modified).

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Proposed Instruction No. 6 (Plaintiffs)**

2    **<u>COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION</u>**

3

4            Copyright law allows the author of an original work to prevent others from

5    copying the way or form the author used to express the ideas in the author's work.  Only the

6    particular way of expressing an idea can be copyrighted.  Copyright law does not give the author

7    the right to prevent others from copying or using the underlying ideas contained in the work,

8    such as any procedures, processes, systems, methods of operation, concepts, principles or

9    discoveries.

10           The right to exclude others from copying extends only to how the author

11   expressed the ideas in the copyrighted work.  The copyright is not violated when someone uses

12   an idea from a copyrighted work, as long as the particular expression of that idea in the work is

13   not copied.

14

15   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.3 (Civil).

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1                                                    **Proposed Instruction No. 6 (Defendants)**

2

### COPYRIGHT—SUBJECT MATTER—IDEAS AND EXPRESSION

3

4            Copyright law allows the author of an original work to prevent others from

5    copying the way or form the author used to express the ideas in the author's work.  Only the

6    particular expression of an idea can be copyrighted.  Copyright law does not give the author the

7    right to prevent others from copying or using the underlying ideas contained in the work, such as

8    any procedures, processes, systems, methods of operation, concepts, principles, or discoveries.

9            The right to exclude others from copying extends only to how the author

10   expressed the ideas in the copyrighted work.  The copyright is not violated when someone uses

11   an idea from a copyrighted work, as long as the particular expression of that idea in the work is

12   not copied.

13           If there is only one way of expressing a given idea, copyright law does not give

14   the author the right to prevent others from copying or using that expression.

15           Also, if there are only a limited number of ways of expressing a given idea,

16   copyright law does not give the author the right to prevent others from copying or using that

17   expression.

18           In these cases, if there are only a limited number of ways to articulate a given

19   idea, no one can protect any of the available alternatives.  Copyright protection is denied in order

20   to prevent an author from monopolizing an idea simply by copyrighting the limited number of

21   ways of expressing that idea.

22           The legal doctrine that prevents an author from copyrighting any expression

23   where there is only one or a limited number of ways of expressing that idea is sometimes called

24   the "merger doctrine."

25           With respect to computer programs, there sometimes are only a limited number of

26   ways to efficiently code particular functions and concepts.  The merger doctrine applies in such

27   cases, preventing the author from copyrighting the limited number of ways to efficiently program

28   a particular function.

1

2          Computer program elements dictated by external factors also are not

copyrightable expression.

3

4          Computer program elements dictated by software standards are not copyrightable

expression.

5

6          Computer program elements dictated by the computer hardware or operating

system are not copyrightable expression.

7

8          Computer program elements that reflect computer industry programming

practices or commercial-off-the-shelf software are not copyrightable expression.

9

10         The copyright law does not protect functional aspects of a computer program.

11         Copyright protection is not available for ideas, program logic, algorithms,

systems, methods, concepts, or layouts.

12

13         It is not an infringement for the owner of a copy of a computer program to make

or authorize the making of another copy or adaptation of that computer program, if the new copy

14

15 or adaptation is created as an essential step in the utilization of the computer program in

conjunction with a machine and that it is used in no other manner.

16

17 Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.3 (Civil) (modified);

18 *Harper & Row Publishers, Inc. v. Nation Enters.*, 471 U.S. 539 (1985); *Arica Institute, Inc. v.*

19 *Palmer et al.*, 970 F.2d 1067 (2d Cir. 1992); *Allen v. Academic Games League of Am.*, 89 F.3d

20 614 (9th Cir. 1996); *Computer Associates v. Altai, Inc*, 982 F.2d 693 (2d Cir. 1992); Nimmer on

21 Copyrights, 13.03[F][2], [F][3].

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1
**Proposed Instruction No. 6-A (Defendants)**

2

**<u>SUBSTANTIAL COPYING</u>**

3

4          If you find that Oracle International Corp. has proven that TomorrowNow, Inc.

5   copied material from Oracle International Corp.'s copyrighted works, you must then determine

6   whether the copying is sufficient to constitute infringement.  You may find infringement if the

7   material copied from Oracle International Corp.'s work includes a substantial amount of

8   protected expression.  You should not find infringement, however, for any copying of

9   unprotected matter, such as ideas, or other unprotected material discussed in more detail below.

10  You may find infringement only if an ordinary observer would find that the protected matter

11  copied from Oracle International Corp.'s work is substantial.

12

13  Authority: *Benay v. Warner Bros. Entm't, Inc.*, 607 F.3d 620, 624 (9th Cir. 2010).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 7 (Plaintiffs)**

2

**ELEMENTS OF DIRECT INFRINGEMENT**

3

4    Anyone who copies original elements of a copyrighted work during the term of

5    the copyright without the owner's permission infringes the copyright.

6    To prove its copyrights were infringed by TomorrowNow, Oracle International

7    Corporation has the burden of proving both of the following by a preponderance of the evidence:

8        1)    Oracle International Corporation is the owner or exclusive licensee of a

9              valid copyright;

10       2)    TomorrowNow copied original elements from the copyrighted work.

11   I will explain each of these elements in greater detail.  If you find that Oracle

12   International Corporation has proved these elements, your verdict should be for Oracle

13   International Corporation on its copyright claim against TomorrowNow.  If, on the other hand,

14   you find that Oracle International Corporation has failed to prove any of these elements, your

15   verdict on that copyright claim should be for the defendants.  As described below, if you find for

16   Oracle International Corporation on its copyright infringement claim against TomorrowNow,

17   you must also determine whether SAP America and SAP AG are liable for vicarious

18   infringement and contributory infringement.

19

20   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.4 (Civil) (modified)

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1       **Proposed Instruction No. 7 (Defendants)**

2                           **<u>INFRINGEMENT</u>**

3

4              Plaintiff Oracle International Corp. has asserted that TomorrowNow, Inc. has

5       infringed copyrights owned by Oracle International Corp. Oracle International Corp. has the

6       burden of proving infringement by TomorrowNow, Inc. by a preponderance of the evidence.

7              In order to prevail in a copyright infringement claim, Oracle International Corp.

8       must establish:

9              1)      that it owns the allegedly infringed work;

10                     a.   that the work is an original work of authorship;

11                     b.   that the work contains copyrightable subject matter; and

12                     c.   if Oracle International Corp. is not the author, that rights were

13                          transferred to Oracle International Corp. (or there is a relationship

14                          between the author and Oracle International Corp.) so as to constitute

15                          Oracle International Corp. as the valid copyright claimant

16             2)      that copyrightable expression in the work has been copied by

17                     TomorrowNow, Inc.

18                     a.   that TomorrowNow, Inc. has actually copied protected elements of the

19                          work; and

20                     b.   that TomorrowNow, Inc. did so without authority or permission or

21                          license to do so.

22             If you find that Oracle International Corp. has proved all of these elements, your

23      verdict should be for Oracle International Corp., subject to consideration of Defendants'

24      defenses.  If, on the other hand, Oracle International Corp. has failed to prove any of these

25      elements, your verdict should be for the Defendants.

26

27      Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.4 (Civil) (modified);

28      *Carol Cable Co., Inc. v. Grand Auto, Inc.*, No. C-87-1036 MHP, 1987 WL 14544, at *6 (N.D.

1   Cal. Apr. 24, 1987).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      **Proposed Instruction No. 7-A (Plaintiffs)**

2      <u>**OWNERSHIP AND VALIDITY**</u>

3

4      Oracle International Corporation is the owner of a valid copyright in a particular

5      work if it proves by a preponderance of the evidence that:

6              1)      The work is original; and,

7              2)      Oracle International Corporation is the author or creator of the work, or

8                      received a transfer of exclusive rights in the work by agreement or by

9                      acquiring the company who was the original author.

10     Copyright protection accrues the moment that an author creates an original work,

11     and the work remains copyrighted regardless of whether the owner registers the work with the

12     Copyright Office.  Registration allows an owner to file suit to enforce its copyrights in an

13     infringement action.

14     Here, Oracle International Corporation or companies that Oracle has since

15     acquired obtained certificates of registration from the Copyright Office in the works listed in

16     Instruction No. 5 on tables 1-3.  You are instructed that these certificates are sufficient to show

17     that Oracle International Corporation has met both elements necessary to prove that it owns a

18     valid copyright in each of the works listed in Instruction No. 5 on tables 1-3.

19

20     Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.5 (Civil) (modified);

21     17 U.S.C. 410(c).

22

23

24

25

26

27

28

1

**Proposed Instruction No. 8 (Plaintiffs)**

2

<u>**OWNERSHIP—AUTHORSHIP DEFINED**</u>

3

4   The creator of an original work is the "author" of that work.  An author originates

5   or "masterminds" the original work, controlling the whole work's creation and causing it to

6   come into being.

7   An author need not be an individual person.  A work made for hire is one that is

8   prepared by employees in carrying out the employer's business.  When a work is created by

9   employees in carrying out their employer's business, the employer is considered the author of the

10   work and therefore owns the copyright in the work.

11

12   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instructions 17.6, 17.9 (Civil)

13   (modified).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1      **Proposed Instruction No. 8 (Defendants)**

2                    <u>**COPYRIGHT INTERESTS—AUTHORSHIP**</u>

3

4              The creator of an original work is called the author of that work.  An author

5      originates or "masterminds" the original work, controlling the whole work's creation and causing

6      it to come into being.

7              Others may help or may make valuable or creative contributions to a work.

8      However, such contributors cannot be the authors of the work unless they caused the work to

9      come into being.  One must translate an idea into a fixed, tangible expression in order to be the

10     author of the work.  Merely giving an idea to another does not make the giver an author of a

11     work embodying that idea.

12             The author of original work may be entitled to a copyright.  However, in this case,

13     each of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) argues

14     that Oracle International Corporation is not the original author of the copyrights at issue.

15

16     Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.6 (Civil) (modified).

17

18

19

20

21

22

23

24

25

26

27

28

1                                                              **Proposed Instruction No. 9 (Joint)**

2
               **<u>COPYRIGHT INTERESTS—JOINT AUTHORS</u>**
3

4              A copyright owner is entitled to exclude others from copying a joint work.  A

5    joint work is a work prepared by two or more authors.  At the time of the joint work's creation, a

6    joint work must have two or more authors, and

7              1)      each author must have made a substantial and valuable contribution to the

8                      work;

9              2)      each author must have intended that its contributions be merged into

10                     inseparable or interdependent parts of a unitary whole; and

11             3)      each author must have contributed material to the joint work which could

12                     have been independently copyrighted.

13             Each author of a joint work shares an undivided interest in the entire joint work.

14   A copyright owner in a joint work may enforce the right to exclude others in an action for

15   copyright infringement.

16             In deciding whether parties intended their contributions to be merged, you may

17   consider whether they signed a written agreement stating that the copyright in the work is to be

18   jointly owned.  If there is no such agreement, you may consider whether:

19             a.   both parties exercised control over the work. This is the most important factor;

20             b.   both parties' actions showed they shared the intent to be co-authors when they

21                  were creating the work, for instance by publicly stating that the work was their

22                  shared project; and

23             c.   the audience-appeal of the work depends on the contribution of each party so that

24                  the share of each party's contribution in the work's success cannot be appraised.

25             In making a substantial and valuable contribution to a work, each author's

26   contribution to the joint work need not be equal.

27             A written agreement stating the copyright in the work is to be jointly owned may

28   show that each author of a joint work intended that its contribution be merged into inseparable or

1
2
interdependent parts of a unitary whole.

3
4
In contributing material to the joint work that could have been independently copyrighted, each

5
author's contribution should be entitled to copyright protection without the contributions by the

6
other author[s].

7
8
Authority:  Instruction 17.7, Ninth Circuit Manual of Model Jury Instructions (Civil).

9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1

**Proposed Instruction No. 10-A (Defendants)**

2

**<u>COPYRIGHT INTERESTS—AUTHORS OF COLLECTIVE WORKS</u>**

3

4        A copyright owner is entitled to exclude others from copying a collective work.

5  A collective work is a work in which a number of contributions, constituting separate and

6  independent works in themselves, are assembled into a collective whole.  The person who

7  assembles the contributions of independent works into the collective work is an author and is

8  entitled to copyright.  Copyright in a collective work is distinct from copyright in the separate

9  contributions to the work.  In the absence of an express transfer of a copyright, these rights

10 include only the right to reproduce and distribute the separate contributions that make up the

11 collective work and the right to revise that collective work.

12        A copyright owner of a collective work may enforce the right to exclude others in

13 an action for copyright infringement.

14

15 Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.8 (Civil) (modified).

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1
Proposed Instruction No. 10-B (Defendants)

2
**<u>COPYRIGHT INTERESTS—WORK MADE FOR HIRE</u>**

3

4     A copyright owner is entitled to exclude others from copying a work made for

5   hire.  A work made for hire is one that is prepared by an employee in carrying out the employer's

6   business.  The employer is considered the author of the work and owns the copyright unless the

7   employer and employee have agreed otherwise in writing.

8     A copyright owner of a work made for hire may enforce the right to exclude

9   others in an action for copyright infringement.

10     In this case, each of the three defendants (Tomorrow Now, Inc., SAP America,

11  Inc., and SAP AG) argues that Oracle International Corp. is not the author of the copyrights at

12  issue.

13

14  Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.9 (Civil) (modified).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1                                                    **Proposed Instruction No. 11 (Plaintiffs)**

2                                    **OWNERSHIP—ASSIGNMENT**

3

4              The author of a copyrighted work may transfer ownership of the copyright in that

5      work by assigning it to another party.  The person to whom the copyright is transferred becomes

6      the owner of the copyright in the work, and may exercise the rights of an owner, including the

7      right to sue for infringement occurring before the transfer.  A transfer may occur by written

8      agreement, or automatically by operation of law, such as through a merger or acquisition.  The

9      transfer is called an assignment, and the entity to whom the copyright is assigned is called the

10     assignee.

11             Here, Oracle International Corporation contends it is the assignee of some

12     copyrights by virtue of its acquisition and merger with PeopleSoft, JD Edwards, and Siebel.

13     When one company acquires another and merges with it, the acquiring company becomes the

14     owner of all assets that were owned by the acquired company at the time of the merger.  If

15     Oracle International Corporation shows by a preponderance of the evidence that it acquired

16     another company by merger, and the acquired company owned copyrights at the time of the

17     merger, then you should find that Oracle International Corporation is the owner of all such

18     copyrights.

19

20     Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.10 (Civil)

21     (modified); Del. Ann. Code tit. 8, section 259(a); *Heit v. Tenneco, Inc.*, 319 F. Supp. 884, 887

22     (D. Del. 1970) (Del. Code Ann. tit, 8 section 253 mergers "automatically" transferred all existing

23     claims to the sole surviving corporation); *Lewis v. Anderson*, 477 A.2d 1040, 1043 (D. Del.

24     1984) ("[T]he right to a pending cause of action is an asset of a merged corporation which passes

25     to the corporation surviving the merger.").

26

27

28

29                                              Case No. 07-CV-01658 PJH (EDL)

**Proposed Instruction No. 11 (Defendants)**

### COPYRIGHT INTERESTS—ASSIGNEE

In this case, each of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) argues that Oracle International Corp. is not the original author of the copyrights at issue.

A copyright owner may transfer to another person or entity all or part of the owner's property interest in the copyright; that is, the right to exclude others from copying the work. The person to whom the copyright is transferred becomes the owner of the copyright in the work.

To be valid, the transfer must be in writing. The person to whom this right is transferred is called an assignee. The assignee may enforce this right to exclude others in an action for copyright infringement.

In this case, each of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) argues that Oracle International Corp. is not the lawful or proper assignee of the copyrights at issue.

Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.10 (Civil) (modified).

1                                                    **Proposed Instruction No. 12 (Plaintiffs)**

2
                                  **COPYRIGHT INTERESTS—EXCLUSIVE LICENSEE**
3

4              In this case, Oracle International Corp. does not claim to be the author of certain

5    copyrights relating to software created by Seibel Systems.  Instead, Oracle International Corp.

6    claims these copyrights by virtue of an exclusive license from the work's initial owner, and that

7    Oracle International Corp. is now the exclusive licensee of these copyrights.

8              A copyright owner may transfer exclusively to another entity any of the rights

9    comprised in a copyright.  To be valid, this exclusive transfer must be in writing.  The entity to

10   whom exclusive rights are transferred is called an exclusive licensee.

11             An exclusive licensee has the rights to exclude others from copying the work.  An

12   exclusive licensee is entitled to bring an action for damages for copyright infringement of the

13   rights licensed.

14

15   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.11 (Civil)

16   (modified).

17

18

19

20

21

22

23

24

25

26

27

28

1                                                              **Proposed Instruction No. 12 (Defendants)**

2

                   **<u>COPYRIGHT INTERESTS—EXCLUSIVE LICENSEE</u>**

3

4          In this case, each of the three defendants (Tomorrow Now, Inc., SAP America,

5 Inc., and SAP AG) argues that Oracle International Corp. is not the original author of the

6 copyrights at issue.

7          A copyright owner may transfer exclusively to another person or entity any of the

8 rights comprised in the copyright.  To be valid, the transfer must be in writing.  The person to

9 whom this right is transferred is called a licensee.

10          An exclusive licensee has the right to exclude others from copying the work to the

11 extent of the rights granted in the license.  An exclusive licensee is entitled to bring an action for

12 damages for copyright infringement of the right licensed.  A nonexclusive licensee has a right to

13 exclude others who do not have a right to copy the work.

14          In this case, each of the three defendants (Tomorrow Now, Inc., SAP America,

15 Inc., and SAP AG) argues that Oracle International Corp. is not the exclusive licensee of the

16 copyrights at issue.

17

18 Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.11 (Civil)

19 (modified).

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 13 (Plaintiffs)**

2

### <u>OWNERSHIP—ORIGINALITY DEFINED</u>

3

4          "Original," in this context, means only that the work was independently created

5   by the author, as opposed to copied from another author, and that it possesses at least some

6   minimal degree of creativity.

7          In copyright law, the "original element" of a work need not be new or novel, and

8   the required level of creativity is extremely low; even a slight amount of creativity will suffice.

9

10  Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.12 (Civil)

11  (modified); *Feist Publications, Inc. v. Rural Telephone Svc. Co.*, 499 U.S. 340, 345 (1990).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 13 (Defendants)**

2              **COPYRIGHT INFRINGEMENT—ORIGINALITY**

3

4          An original work may include or incorporate elements taken from prior works.

5    The original parts of Oracle International Corp.'s work are the parts created:

6              1)      independently by the author; that is, the author did not copy it from

7                      another work; and

8              2)      by use of at least some minimal creativity.

9

10   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.12 (Civil)

11   (modified).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 14 (Plaintiffs)**

2

**COPYRIGHT INTEREST—DERIVATIVE WORK**

3

4          A copyright owner is entitled to exclude others from creating derivative works

5   based upon the owner's copyrighted work.  The term derivative work refers to a work based on

6   one or more pre-existing works, and includes any form in which the pre-existing work is recast,

7   transformed, or adapted.  Accordingly, the owner of a copyrighted work is entitled to exclude

8   others from recasting, transforming or adapting the copyrighted work without the owner's

9   permission.

10          The owner of a derivative work may enforce the right to exclude others in an

11   action for copyright infringement.

12

13   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.13 (Civil) (modified)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                      **Proposed Instruction No. 14 (Defendants)**

2

3                          **COPYRIGHT INTERESTS—DERIVATIVE WORK**

4                                  **(17 U.S.C. §§ 101, 106(2))**

5              A copyright owner is entitled to exclude others from creating derivative works

6    based upon the owner's copyrighted work.  The term derivative work refers to a work based on

7    one or more pre-existing works, such as a translation, abridgement, or any other form in which

8    the pre-existing work is recast, transformed, or adapted.  Accordingly, the owner of a

9    copyrighted work is entitled to exclude others from recasting, transforming, or adapting the

10   copyrighted work without the owner's permission.

11             If the copyright owner exercises the right to create a derivative work based upon

12   the copyrighted work, this derivative work may also be copyrighted.  Only what was newly

13   created, such as the editorial revisions, annotations, elaborations, or other modifications to the

14   pre-existing work, is considered the derivative work.

15             The owner of a derivative work may enforce the right to exclude others in an

16   action for copyright infringement.

17

18   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.13 (Civil)

19   (modified).

20

21

22

23

24

25

26

27

28

1                                                      **Proposed Instruction No. 15 (Joint)**

2                                              <u>**COMPILATION**</u>

3

4              An owner is entitled to copyright protection of a compilation.  A compilation is a

5      work formed by the collection and assembling of preexisting materials or of data that are

6      selected, coordinated, or arranged in such a way that the resulting work as a whole constitutes an

7      original work of authorship.

8              The owner of a compilation may enforce the right to exclude others in an action

9      for copyright infringement.

10

11     Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.14 (Civil).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COPYRIGHT INFRINGMENT ORACLE MODULE

1       **Proposed Instruction No. 16-A (Plaintiffs)**

2       **ACTUAL COPYING—PROOF BY DIRECT OR CIRCUMSTANTIAL EVIDENCE**

3

4               Oracle International Corp. claims, and TomorrowNow concedes, that

5       TomorrowNow copied from many of Oracle International Corporation's copyrighted works.  To

6       the extent TomorrowNow denies copying from any particular work, Oracle may establish

7       copying, like any other fact, by direct or circumstantial evidence.  An example of direct evidence

8       would be an admission by TomorrowNow or its employees that part or all of the work was

9       copied.  Direct evidence may also include the credible testimony of a witness who saw the work

10      being copied.  An example of circumstantial evidence would be evidence that TomorrowNow

11      exerted efforts to obtain copies of Oracle International Corporation's copyrighted work, and

12      TomorrowNow's work appeared soon after TomorrowNow obtained those copies.  In

13      considering the evidence, you should take into account all the evidence presented by Oracle and

14      Defendants and give the evidence the weight you think it deserves, whether it is direct or

15      circumstantial evidence.

16

17      Authority:  ABA Model Jury Instructions (Copyright) 1.5.2 (modified).

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 16-B (Plaintiffs)**

2     **ACTUAL COPYING—PROOF BY ACCESS AND PROBATIVE SIMILARITY**

3

4          To the extent TomorrowNow denies copying from any particular Oracle

5    International Corporation work, Oracle International Corporation may also prove copying

6    indirectly by proving both of the following by a preponderance of the evidence:

7          1)    TomorrowNow had access to Oracle International Corporation's

8                copyrighted work; and

9          2)    There are similarities between TomorrowNow's work and Oracle

10               International Corporation's work that, given all the circumstances, make it

11               more likely than not that TomorrowNow copied parts of its work from

12               Oracle International Corporation's work. This is called "probative

13               similarity."

14         TomorrowNow had access to Oracle International Corporation's work if it had a

15   reasonable opportunity to obtain Oracle International Corporation's work before creating its

16   work.  If you find TomorrowNow did, in fact, obtain Oracle International Corporation's work

17   before TomorrowNow's work was created, then you must find that Oracle International

18   Corporation has proven TomorrowNow had access to Oracle International Corporation's work.

19

20   Authority:  ABA Model Jury Instruction (Copyright) 1.5.4 (modified); *Swirsky v. Carey*, 376

21   F.3d 841, 844 (9th Cir. 2004).

22

23

24

25

26

27

28

1          **Proposed Instruction No. 16-C (Plaintiffs)**

2

3                    **UNLAWFUL COPYING**

4                    If you find that Oracle International Corporation has proven that TomorrowNow

5    copied material from Oracle International Corporation's copyrighted works, you must then

6    determine whether the copying is sufficient to constitute infringement.  TomorrowNow, SAP

7    America, and SAP AG have conceded that in some instances, TomorrowNow's copying

8    infringed Oracle International Corporation's copyrights.  To the extent that TomorrowNow, SAP

9    America, and SAP AG deny that TomorrowNow's copying infringed any of Oracle International

10   Corporation's copyrights, you should find infringement if the material copied from Oracle

11   International Corporation's work includes a substantial amount of protected expression.  You

12   should not find infringement because of the copying of unprotected matter, such as ideas, or

13   other unprotected material discussed in more detail below.  You should find infringement only if

14   an ordinary observer would find that the protected matter copied from Oracle International

15   Corporation's work is substantial.

16

17   Authority:  ABA Model Jury Instruction (Copyright) 1.5.8 (modified); *Feist Publ'ns, Inc. v.*

18   *Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991).

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTIONS**

1

**Proposed Instruction No. 16-D (Plaintiffs)**

2

### UNLAWFUL COPYING—WHOLE WORKS

3

4        In this case, Oracle International Corporation alleges that TomorrowNow copied

5   the literal elements of Oracle International Corporation's works.  In regard to software programs,

6   Oracle International Corporation contends that TomorrowNow copied the source code itself.  In

7   regard to manuals and other support materials, Oracle International Corporation contends that

8   TomorrowNow copied exact phrases and charts contained in Oracle International Corporation's

9   manuals and support materials.  This is known as "literal copying."

10       If you conclude that TomorrowNow has made complete copies of any of the

11  works at issue in this case, then TomorrowNow has copied a substantial amount of protected

12  expression from that work by definition.  Therefore, if Oracle International Corporation shows

13  that TomorrowNow made a literal copy of an entire work for which Oracle International

14  Corporation owns a valid copyright, you must find that Oracle International Corporation has met

15  its burden to prove that TomorrowNow copied a substantial amount of protected expression from

16  that work.

17

18  Authority:  *MAI Sys. Corp. v. Peak Computer Corp.*, 991 F.2d 511, 517-19 (9th Cir. 1993); *Triad*

19  *Systems Corp. v. Southeastern Express Co.*, 64 F.3d 1330 (9th Cir. 1995); *Dun & Bradstreet*

20  *Software Servs., Inc. v. Grace Consulting, Inc.*, 307 F.3d 197, 208-09 (3d Cir. 2002).

21

22

23

24

25

26

27

28

1                                                              **Proposed Instruction No. 16-E (Plaintiffs)**

2                              **UNLAWFUL COPYING—PORTIONS OF WORKS**

3

4              If you conclude that TomorrowNow made literal copies of only a portion of a

5    work, you must determine whether the portion of the work copied is sufficient to constitute

6    infringement.

7              You should find infringement if the material copied, as viewed by an ordinary

8    reasonable observer, includes substantial protected matter.  In the context of a computer

9    program, protected matter is created whenever a programmer exercises choice about how to

10   articulate or present the concept at issue.  If the programmer could not exercise meaningful

11   choice because the choices were dictated strictly by efficiency, or by external factors such as

12   hardware compatibility, compatibility with software programs other than Oracle International

13   Corporation's own programs, or widely accepted programming techniques, the implicated code

14   is not protected expression.  Insofar as TomorrowNow or any other defendant contends that any

15   literal element of Oracle International Corporation's source code is unprotected because it

16   represents an idea, is dictated strictly by efficiency, or is dictated by external factors that were

17   binding at the time it first created the code, it is the burden of TomorrowNow to prove the

18   existence of those constraints by the preponderance of the evidence.

19             Substantiality is determined by considering both the amount and the significance

20   of the protected matter copied by TomorrowNow.  You should not find infringement if only a

21   small amount of relatively unimportant protected matter has been copied.  However, the

22   significance of the copied protected matter to Oracle International Corporation's work may

23   outweigh the fact that not a large amount of material has been copied.  Because the organization

24   of the matter in a work may itself be protected, in determining whether substantial protected

25   matter has been copied, you may take into account similarities or dissimilarities in the

26   organization of protected matter that has been copied.

27             Substantiality is not determined simply by the percentage of Oracle International

28   Corporation's work that TomorrowNow copied.  In order for you to find infringement it is not

necessary to find that a large fraction of its work was copied.  Similarly, substantiality is not determined by the percentage of TomorrowNow's work that was not copied from Oracle International Corporation.  It is not a defense to infringement that a large fraction of TomorrowNow's work was created independently.

Authority:  ABA Model Jury Instruction (Copyright) 1.5.8 (modified); *Ets-Hokin v. Skyy Spirits, Inc.*, 225 F.3d 1068, 1082 (9th Cir. 2000) (merger of ideas and expression is a defense to an infringement claim, not an element of copyrightability); *Worth v. Selchow & Righter & Co.*, 827 F.2d 569, 570 n.1 (9th Cir. 1987); *Baxter v. MCA, Inc.*, 812 F.2d 421, 425 (9th Cir. 1987); Nimmer 13.03[A]][2][a] 13-54.

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COPYRIGHT INFRINGEMENT DEFENDANTS' MODULE

1

**Proposed Instruction No. 16-A (Defendants)**

2

**COPYING—ACCESS AND SUBSTANTIAL SIMILARITY**

3

4          Oracle International Corp. has the burden of proving that TomorrowNow, Inc.

5    copied original elements from Oracle International Corp.'s copyrighted work.  Oracle

6    International Corp. may show that TomorrowNow, Inc. copied from the work by showing by a

7    preponderance of the evidence that TomorrowNow, Inc. had access to Oracle International

8    Corp.'s copyrighted work and that there are substantial similarities between TomorrowNow,

9    Inc.'s work and original elements of Oracle International Corp.'s work.

10

11   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.15 (Civil)

12   (modified).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 16-B (Defendants)**

2

**COPYRIGHT INFRINGEMENT—COPYING—ACCESS DEFINED**

3

4          You may find that TomorrowNow, Inc. had access to Oracle International Corp.'s

5   work if TomorrowNow, Inc. had a reasonable opportunity to copy Oracle International Corp.'s

6   work before TomorrowNow, Inc.'s work was created.

7

8   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.16 (Civil)

9   (modified).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# COPYRIGHT DEFENSES
# ORACLE MODULE

1       **Proposed Instruction No. 17-A (Plaintiffs)**

2
        <u>COPYRIGHT DEFENSES—STATUTE OF LIMITATIONS</u>
3

4               TomorrowNow asserts as a defense that the statutes of limitations prohibit Oracle

5       International Corporation's copyright claims for certain PeopleSoft and J.D. Edwards software.

6       Statutes of limitations are laws that prevent a plaintiff from recovering damages based on

7       conduct that the plaintiff knew about, or should have known about, but failed to bring suit within

8       a prescribed period of time.  The time period within which the suit must be brought begins when

9       Oracle International Corporation first knew, or should have known, that TomorrowNow was

10      illegally downloading and copying its PeopleSoft and J.D. Edwards software applications and

11      software support materials.

12              The applicable statutes of limitations period is 3 years.  The statute of limitations

13      does not prohibit recovery of damages that were incurred more than 3 years prior to the filing of

14      suit if the copyright plaintiff was unaware of the infringement, and that lack of knowledge was

15      reasonable under the circumstances.  Oracle International Corporation brought this suit on March

16      22, 2007.  TomorrowNow claims that Oracle International Corporation's claims based on

17      PeopleSoft and J.D. Edwards copyrights are barred here, because Oracle International

18      Corporation's predecessor, PeopleSoft, knew or should have known by March 22, 2004 that

19      TomorrowNow was copying its software applications.  Oracle International Corporation asserts

20      that it was unaware of TomorrowNow's infringement until 2007.

21              In this case, Oracle International Corporation claims that TomorrowNow engaged

22      in continuing infringement over time.  If you find that Oracle International Corporation knew or

23      should have known of some of TomorrowNow's infringement before March 22, 2004, but that

24      TomorrowNow committed additional acts of infringement after that date, you should not find for

25      TomorrowNow on this defense.

26              TomorrowNow has the burden of proving the statute of limitations defense.  In

27      other words, TomorrowNow must prove by a preponderance of the evidence that Oracle

28      International Corporation knew or should have known of TomorrowNow's infringement prior to

JOINT PROPOSED JURY INSTRUCTIONS

March 22, 2004.

TomorrowNow's asserted statute of limitations defense does not relate to any Siebel or Oracle Database software copyrights.

Authority: B F. O'Malley, J. Grenig, & W. Lee, Federal Jury Practice and Instructions §107.01 (5th ed. 2001) (modified); *Polar Bear Productions, Inc. v. Timex Corp.* 384 F.3d 700, 706 - 707 (9th Cir. 2004); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) ("In a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit.").

1                                          **Proposed Instruction No. 17-B (Plaintiffs)**

2

3                               **COPYRIGHT DEFENSES—LACHES**

4          All Defendants have asserted that Oracle International Corporation is barred from

5   asserting a copyright infringement claim due to the doctrine of laches.

6          Laches is an equitable defense that prevents a plaintiff, who with full knowledge

7   of the facts, acquiesces in a transaction and fails to enforce its rights from proceeding with its

8   lawsuit.  In the case of copyright infringement, laches is triggered when a plaintiff knows or has

9   reason to know about an impending infringement and fails to act.  To demonstrate laches,

10  Defendants must prove both (1) an unreasonable delay by Oracle International Corporation in

11  filing this lawsuit and (2) prejudice to each Defendant.   Oracle International Corporation asserts

12  that it was unaware of TomorrowNow's infringement until 2007.

13          The laches defense is not available in cases of willful infringement.  The term

14  "willful" refers to conduct that occurs with knowledge that the defendant's conduct constitutes

15  copyright infringement.  If you find that TomorrowNow infringed Oracle International

16  Corporation's copyrights willfully you may not consider the laches defense.

17          Each defendant has the burden of proving the laches defense.  In other words,

18  each defendant must prove by a preponderance of the evidence that Oracle International

19  Corporation unreasonably delayed filing this suit and that each defendant was prejudiced by

20  Oracle International Corporation's delay.

21

22  Authority: *Danjaq LLC v. Sony Corp.,* 263 F.3d 942 (9th Cir.2001); *Kling v. Hallmark Cards,*

23  *Inc.,* 225 F.3d 1030, 1038  (9th Cir.2000); *Stewart v. Wachowski*, 2004 WL 5618385, *6 (C. D.

24  Cal., 2004; *Columbia Pictures Television v. Krypton Broad.,* 106 F.3d 284, 293 (9th Cir.1997);

25  *Townsend v. Vanderwerker,* 160 U.S. 171, 186 (1895); *Lotus Dev. Corp. v. Borland Int'l, Inc.,*

26  831 F.Supp. 202, 219 (D.Mass.1993);  *see also Haas v. Leo Feist, Inc.,* 234 F. 105, 108

27  (S.D.N.Y.1916)

28

1   **Proposed Instruction No. 17-C (Plaintiffs)**

2   <u>**COPYRIGHT DEFENSE—WAIVER**</u>

3

4   TomorrowNow, SAP AG and SAP America have asserted that Oracle

5   International Corporation waived its right to bring a copyright infringement claim.  Waiver is the

6   intentional relinquishment of a known right with knowledge of its existence and the intent to

7   relinquish it.  In copyright, waiver of copyright occurs only if there is an intent by the copyright

8   proprietor to surrender rights in its work.  Waiver must be manifested in an unequivocal manner,

9   mere silence is not adequate.  TomorrowNow, SAP AG and SAP America have the burden of

10  proving the waiver defense.  In other words, TomorrowNow must prove that Oracle International

11  Corporation intentionally waived its copyrights.

12

13  Authority: *United States v. King Features Entm't, Inc.,* 843 F.2d 394, 399 (9th Cir.1988); *A&M*

14  *Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1026 (9th Cir. 2001); *Duncan v. Office Depot,* 973

15  F.Supp. 1171, 1177 (D.Or. 1997); *see also United States v. Amwest Surety Ins. Co.,* 54 F.3d 601,

16  602-03 (9th Cir. 1995) (quoting *Groves v.* Prickett, 420 F.2d 1119, 1125 (9th Cir. 1970) ("An

17  implied waiver of rights will be found where there is 'clear, decisive and unequivocal' conduct

18  which indicates a purpose to waive the legal rights involved.")).

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 17-D (Plaintiffs)**

2          **<u>COPYRIGHT DEFENSES—LICENSE IN GENERAL</u>**

3

4          A license is an expression of permission by the copyright owner to the licensee

5  that authorizes the licensee to do things that would otherwise constitute copyright infringement.

6  A license may place specific restrictions and conditions on the activities the licensee is permitted

7  to undertake.  If the licensee violates these restrictions and conditions, and performs infringing

8  activities the license does not permit, then the licensee has exceeded the scope of the license and

9  is liable for infringement.

10

11  Authority:  ABA Model Jury Instruction 1.6.2 (Copyright) (modified); *S.O.S., Inc. v. Payday,*

12  *Inc.*, 886 F.2d 1081, 1087-88 (9th Cir. 1989) (licensee who exceeds scope of license is an

13  infringer.

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
**Proposed Instruction No. 17-E (Plaintiffs)**

2
### <u>COPYRIGHT DEFENSES—LICENSE</u>

3

4
Oracle enters into written license agreements with customers that allow those

5
customers to have and use copyrighted Oracle software, and have access to support materials for

6
that Oracle software.  TomorrowNow did not have any license of its own with Oracle related to

7
PeopleSoft, J.D. Edwards, Siebel or Oracle Database software.

8
It is the Defendants' burden to prove by a preponderance of the evidence the

9
existence of a specific license that applies to each copy or other infringing work that

10
TomorrowNow made.   If Defendants satisfy this burden, and prove TomorrowNow received an

11
express license from Oracle for the particular copy or other infringing work TomorrowNow

12
made, then it becomes Oracle's burden to prove by a preponderance of the evidence that

13
TomorrowNow's copying was not authorized by the express license.

14

15
Authority:  ABA Model Jury Instruction 1.6.2 (Copyright) (modified); *Bourne v. Walt Disney*

16
*Co.*, 68 F.3d 621, 631 (2d Cir. 1995); *Netbula, LLC v. BindView De,. Corp.*, 516 F. Supp.2d

17
1137, 1151 (N.D. Cal. 2007) (defendant's burden to prove it received a license); *Michaels v.*

18
*Internet Ent. Group, Inc.*, 5 F. Supp. 2d 823, 831 (C.D. Cal. 1998).

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COPYRIGHT DEFENSES
# DEFENDANTS' MODULE

1          **Proposed Instruction No. 17-A (Defendants)**

2

3          **<u>COPYRIGHT DEFENSE—STATUTE OF LIMITATIONS</u>**

4          In order to prevail on a copyright infringement claim, a copyright owner must

5  commence a legal action within three years from when the alleged infringement took place, or

6  from when the infringement was discovered or reasonably should have been discovered.

7          This three-year period sometimes is called the "statute of limitations" for

8  copyright claims.  Each of the three defendants (Tomorrow Now, Inc., SAP America, Inc.,  and

9  SAP AG) claim that Oracle International Corp. failed to commence an action within the three-

10 year statute of limitations period.  The Defendants have the burden of proving that Oracle

11 International Corp. did not commence an action within the statute of limitations period.

12         If, with respect to any registered works, you find that Oracle International Corp.

13 did not commence this action within that three-year period, you may not award any copyright

14 infringement damages with respect to those registered works.

15

16 Authority: 17 U.S.C. § 507(b)*; Duncan v. Cohen*, No. C 08-2243 BZ, 2008 WL 2891065, at *5

17 (N.D. Cal. July 22, 2008).

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 17-B (Defendants)**

## COPYRIGHT DEFENSE—WAIVER

Each of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) has asserted that Oracle International Corp. waived its right to bring a copyright infringement claim.

If a plaintiff knew of its alleged copyrights and intentionally relinquished those rights, that plaintiff's claim of copyright infringement is barred.

In this case, if you find that the Defendants have established these elements by a preponderance of the evidence, you must find for the Defendants on the copyright infringement claim.

Authority: *A & M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004, 1026 (9th Cir. 2001); *Golden West Ref. Co. v. SunTrust Bank*, 538 F.3d 1233, 1242 (9th Cir. 2008) ("[W]aiver is the intentional relinquishment or abandonment of a known right.") (citing *In re S.B.*, 13 Cal. Rptr. 3d 786 (Cal. Ct. App. 2004)).

1    **Proposed Instruction No. 17-C (Defendants)**

2
     **<u>COPYRIGHT DEFENSE—LACHES</u>**
3

4            Each of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP

5    AG) has asserted that Oracle International Corp. is barred from asserting a copyright

6    infringement claim due to the doctrine of laches.

7            If a plaintiff engages in unreasonable delay in bringing its copyright claim, and

8    that delay caused prejudice to the defendant, that plaintiff's claim of copyright infringement is

9    barred.

10           In this case, if you find that the Defendants have established these elements by a

11   preponderance of the evidence, you must find for the Defendants on the copyright infringement

12   claim.

13

14   Authority: *McIntosh v. N. Cal. Universal Enters.  Co.*, 670 F. Supp. 2d 1069, 1100 (E.D. Cal.

15   2009); *Kling v. Hallmark Cards Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000) ("Laches is an

16   equitable time limitation on a party's right to bring suit.  To obtain a judgment on this affirmative

17   defense, a defendant must prove both an unreasonable delay by the plaintiff and prejudice to

18   itself.") (citation omitted).

19

20

21

22

23

24

25

26

27

28

1                               **Proposed Instruction No. 17-D (Defendants)**

2

                               **<u>COPYRIGHT DEFENSE—LICENSE</u>**

3

4          Each of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP

5 AG) has asserted that Oracle International Corp. is barred from claiming copyright infringement

6 because TomorrowNow, Inc.'s conduct was licensed.

7          A "license" is granted where a copyright holder gives permission to another party

8 to commit some act with regard to its copyright that would otherwise be unlawful.

9          The Defendants have the burden to show the existence of licenses between Oracle

10 International Corp. and Oracle International Corp.'s customers.

11          If you find that the Defendants have met this burden, you must determine whether

12 Oracle International Corp. has met its burden of proving that any copying that occurred was

13 beyond the scope of these licenses and therefore unauthorized.

14          If you find that the Defendants have established the existence of a license by a

15 preponderance of the evidence, and that Oracle International Corp. failed to establish that any

16 copying that occurred was not authorized by that license, you must find for the Defendants on

17 the copyright infringement claim.

18

19 Authority: *RealNetworks, Inc. v. DVD Copy Control Ass'n*, 641 F. Supp. 2d 913, 945 (N.D. Cal.

20 2009); Black's Legal Dictionary, Abridged 8th Edition (2005).

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

# SECONDARY LIABILITY (COPYRIGHT INFRINGEMENT) ORACLE MODULE

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                **Proposed Instruction No. 18-A (Plaintiffs)**

2      **SECONDARY COPYRIGHT LIABILITY—VICARIOUS INFRINGEMENT**

3

4     One defendant may be liable for copyright infringement committed by another

5 defendant based on principles of vicarious liability.  If you find that TomorrowNow infringed

6 Oracle International Corporation's copyright in a particular work, you may consider Oracle

7 International Corporation's claim that SAP America and SAP AG are liable for vicarious

8 infringement.  For each of SAP America and SAP AG, Oracle International Corporation has the

9 burden of proving the following elements by a preponderance of the evidence:

10      1)  The defendant received a direct financial benefit from the infringing

11          activity of TomorrowNow; and,

12      2)  The defendant had the right and ability to supervise or control the

13          infringing activity of TomorrowNow.

14     In regard to the first element, a direct financial benefit may include expected

15 future benefits.

16     In regard to the second element, control means the right and ability to stop the

17 infringement.

18     If you find that Oracle International Corporation proved each of these elements,

19 and you also find that TomorrowNow infringed Oracle International Corporation's copyrights,

20 then your verdict should be for Oracle International Corporation on the issue of vicarious

21 infringement.  If you find that Oracle International Corporation has failed to prove any of these

22 elements for SAP America and/or SAP AG, your verdict should be for the SAP America and/or

23 SAP AG on the issue of vicarious infringement.

24

25 Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.20 (Civil)

26 (modified); *Perfect 10 v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007); *Ellison v. Robertson*,

27 357 F.3d 1072, 1076 (9th Cir. 2004) ("A defendant is vicariously liable for copyright

28 infringement if he enjoys a direct financial benefit from another's infringing

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

activity and 'has the right and ability to supervise' the infringing activity.") (quoting *A&M Records, Inc. v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001)); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d 259, 262-63 (9th Cir. 1996) ("one may be vicariously liable [for infringement] if he has the right and ability to supervise the infringing activity and also has a direct financial interest in such activities").

JOINT PROPOSED JURY INSTRUCTIONS

1

**Proposed Instruction No. 18-B (Plaintiffs)**

2

### SECONDARY LIABILITY—CONTRIBUTORY INFRINGEMENT

3

4          In addition to vicarious liability, a defendant may also be liable for copyright

5   infringement committed by another defendant based on separate principles of contributory

6   liability.  If you find that TomorrowNow infringed Oracle International Corporation's copyright

7   in a particular work, you may consider Oracle International Corporation's claim that SAP

8   America and SAP AG are liable for contributory infringement.  For each of SAP America and

9   SAP AG, Oracle International Corporation has the burden of proving the following two elements

10  by a preponderance of the evidence:

11             1)      The defendant knew or had reason to known of the infringing activity of

12                     TomorrowNow; and

13             2)      The defendant intentionally induced or materially contributed to

14                     TomorrowNow's infringing activity.

15          In regard to the first element of knowledge, a defendant need not have knowledge

16  of the specific infringing acts or specific copies; it is sufficient to show the defendant knew or

17  had reason to know that infringing copies of the copyrighted works were being made by the

18  infringing party – in other words, that TomorrowNow was making infringing copies of Oracle

19  works.

20          In regard to the second element of inducing or contributing to the infringing

21  activity, a defendant may intentionally induce infringement if it encourages the infringing

22  activities through its words or actions, and it may materially contribute to infringing activity if it

23  assists in that activity or provides the site and facilities of infringement.

24          A defendant who knows that infringing material is available using its systems,

25  who could take measures to prevent further infringement, and who fails to take such steps

26  satisfies the two elements for contributory infringement.

27          If you find that Oracle International Corporation proved each of these elements,

28  and you also find that TomorrowNow infringed Oracle International Corporation's copyright,

1  then your verdict should be for Oracle International Corporation on the issue of contributory

2  infringement.  If you find that Oracle International Corporation has failed to prove any of these

3  elements for SAP America and/or SAP AG, your verdict should be for the SAP America and/or

4  SAP AG on the issue of contributory infringement.

5

6  Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.21 (Civil)

7  (modified); *Perfect 10 v. Amazon.com, Inc.*, 508 F.3d 1146 (9th Cir. 2007); *A&M Records, Inc.*

8  *v. Napster, Inc.*, 239 F.3d 1004 (9th Cir. 2001); *Fonovisa, Inc. v. Cherry Auction, Inc.*, 76 F.3d

9  259, 264 (9th Cir. 1996); *Gershwin Publ'g Corp. v. Columbia Artists Mgmt., Inc.*, 443 F.2d

10  1159, 1162 (2d Cir. 1971) ("one who, with knowledge of the infringing activity, induces, causes

11  or materially contributes to the infringing conduct of another, may be held liable as a

12  'contributory' infringer").

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14

# SECONDARY LIABILITY (COPYRIGHT INFRINGEMENT) DEFENDANTS' MODULE

15
16
17
18
19
20
21
22
23
24
25
26
27
28

1                                           **Proposed Instruction No. 18-A (Defendants)**

2               **DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT (SAP AMERICA)**

3

4               If you find that TomorrowNow, Inc. infringed Oracle International Corp.'s

5       copyrights, you may consider Oracle International Corp.'s claim that SAP America, Inc.

6       vicariously infringed that copyright.  Oracle International Corp. has the burden of proving each

7       of the following by a preponderance of the evidence:

8                       1)        SAP America, Inc. profited directly from the infringing activity of

9                                 TomorrowNow, Inc.;

10                      2)         SAP America, Inc. had the right and ability to control the infringing

11                                activity of TomorrowNow; and

12                      3)        SAP America, Inc. failed to exercise that right and ability.

13

14      Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.20 (Civil)

15      (modified).

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 18-B (Defendants)**

## <u>DERIVATIVE LIABILITY—VICARIOUS INFRINGEMENT (SAP AG)</u>

If you find that TomorrowNow, Inc. infringed Oracle International Corp.'s copyrights, you may consider Oracle International Corp.'s claim that SAP AG vicariously infringed that copyright. Oracle International Corp. has the burden of proving each of the following by a preponderance of the evidence:

1) SAP AG profited directly from the infringing activity of TomorrowNow, Inc.;

2) SAP AG had the right and ability to control the infringing activity of TomorrowNow; and

3) SAP AG failed to exercise that right and ability.

Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.20 (Civil) (modified).

1
**Proposed Instruction No. 18-C (Defendants)**

2

3
**CONTRIBUTORY INFRINGEMENT (SAP AMERICA)**

4
        If you find that TomorrowNow, Inc. infringed Oracle International Corp.'s

5
copyrights, you may consider Oracle International Corp.'s claim that SAP America, Inc.

6
contributorily infringed that copyright.  To prove contributory infringement, Oracle International

7
Corp. must prove both of the following elements by a preponderance of the evidence:

8
        1)     SAP America, Inc. knew or had reason to know of the infringing activity

9
             of TomorrowNow, Inc.; and

10
        2)     SAP America, Inc. intentionally induced or materially contributed to

11
             TomorrowNow, Inc.'s infringing activity.

12

13
Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.21 (Civil)

14
(modified).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 18-D (Defendants)**

2

**<u>CONTRIBUTORY INFRINGEMENT (SAP AG)</u>**

3

4          If you find that TomorrowNow, Inc. infringed Oracle International Corp.'s

5   copyrights, you may consider Oracle International Corp.'s claim that SAP AG contributorily

6   infringed that copyright.  To prove contributory infringement, Oracle International Corp. must

7   prove both of the following elements by a preponderance of the evidence:

8                    1)        SAP AG knew or had reason to know of the infringing activity of

9                              TomorrowNow, Inc.; and

10                   2)        SAP AG intentionally induced or materially contributed to

11                            TomorrowNow, Inc.'s infringing activity.

12

13   Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.21 (Civil)

14   (modified).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COPYRIGHT DAMAGES
# ORACLE MODULE

1                                          **Proposed Instruction No. 19-A (Plaintiffs)**

2                    **<u>COPYRIGHT DAMAGES—INTRODUCTION</u>**

3

4            If you find for Oracle International Corporation on any of its copyright

5   infringement claims, you must determine Oracle's damages.  Oracle International Corporation is

6   entitled to recover the actual damages suffered as a result of the infringement from all of the

7   defendants you found liable for infringement, whether directly or indirectly.  In addition to its

8   actual damages, Oracle International Corporation is also entitled to recover any profits that each

9   defendant made that are attributable to their infringement.  Oracle International Corporation must

10  prove damages by a preponderance of the evidence.

11

12  Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.22 (Civil)

13  (modified).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1        **Proposed Instruction No. 19-B (Plaintiffs)**

2        <u>**COPYRIGHT DAMAGES—ACTUAL DAMAGES**</u>

3

4        As the copyright owner, Oracle International Corporation is entitled to recover the

5   actual damages suffered as a result of Defendants' infringement.  Actual damages means the

6   amount of money adequate to compensate Oracle for the reduction of the fair market value of the

7   copyrighted work caused by the infringement.

8        The reduction of the fair market value of the copyrighted work is the amount a

9   willing buyer would have been reasonably required to pay a willing seller at the time of the

10  infringement for the actual use made by the defendants of Oracle's work.

11       You must determine what would have been the result of this negotiation in order

12  to establish the fair market value.  The fair market value is an objective measure of Oracle

13  International Corporation's damages that is meant to approximate the fair market value of all of

14  the copyrights defendants infringed, calculated at the time the infringement commenced, which

15  the parties agree (if the infringement is proved) is January 19, 2005 for the PeopleSoft, JD

16  Edwards and database copyrights infringed, and September 29, 2006 for the Siebel copyrights

17  infringed.

18       The fair market value of the rights infringed does not depend on whether any

19  specific defendant in this case would have actually chosen to pay the fair market value of the

20  rights infringed, or whether Oracle would have actually agreed to sell to that specific defendant

21  at those terms.  The fact the parties have different views on the value of a potential license does

22  not prevent Oracle International Corporation from recovering the full fair market value of the

23  rights that were infringed.

24

25  Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.23 (Civil)

26  (modified); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004); *Frank*

27  *Music Corp. v. Metro-Goldwyn-Mayer, Inc.*, 772 F.2d 505, 513 (9th Cir. 1985); *see also On*

28  *Davis v. The Gap*, 246 F.3d 152, 171-72 (2d Cir. 2001); *Getaped.com, Inc. v. Cangemi,* 188 F.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Supp.2d 398, 404-06 (S.D.N.Y. 2002); II Paul Goldstein, *Copyright* 12.1.1.1 at 12:13 (2d ed.

2000); Order Denying Defendants' Motion for Partial Summary Judgment Dkt. 628 at 4-5.

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 19-C (Plaintiffs)**

**COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED**

While it is Oracle International Corporation's burden to prove actual damages by a preponderance of the evidence, there is no precise formula for determining actual damages. Determining the fair market value of the rights infringed may involve some uncertainty, and Oracle International Corporation is not required to establish its actual damages with precision.

In general, you should construe actual damages to favor the victims of infringement, keeping in mind the objective of copyright law is to enable copyright owners to capture the full value of their rights.

Authority: ABA Model Jury Instruction 1.7.2 (Copyright); *On Davis v. The Gap*, 246 F.3d 152, 166-67 (2d Cir. 2001); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004); Order Denying Defendants' Motion for Partial Summary Judgment Dkt. No 628 at 4-5

1       **Proposed Instruction No. 19-D (Plaintiffs)**

2

**COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED**

3

4              In determining the fair market value of the rights infringed, you must consider the

5    overall scope of infringement, including all infringing copies made by TomorrowNow, whether

6    or not any specific copy was used by TomorrowNow, SAP America, or SAP AG in its business

7    operations, or with a specific customer.

8

9    Authority:  *Wall Data, Inc. v. Los Angeles County Sheriff's Dept.*, 447 F.3d 769, 775 n.3, 786-87

10   (9th Cir. 2006) (upholding damages award based on 3,962 infringing software copies where the

11   evidence showed that some of these copies of the "software would remain installed, but unused"

12   in the defendant's workstations).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1                                                    **Proposed Instruction No. 19-E (Plaintiffs)**

2              **COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED**

3

4              Your calculation of the fair market value of the rights infringed must be based on

5    the negotiation that would have taken place at the time the infringement first occurred, rather

6    than a negotiation taking place now or one using information that would not have been available

7    to the parties at the time.

8              You may consider any reasonable predictions made by any party about the

9    financial value or other non-monetary benefits they expected to receive from the rights that were

10   infringed.

11             In this trial, you have heard evidence of things that happened after the

12   infringement first began.  That evidence can be considered only to the extent that it might

13   provide some insight into the expectations of the parties at the time the infringement first began,

14   or some insight into the amount a willing buyer would have been reasonably required to pay a

15   willing seller at the time of the infringement.

16             You may not limit or increase the fair market value of the rights infringed based

17   on the actual profits TomorrowNow or any other defendant made, or did not make, as a result of

18   the actual, vicarious and/or contributory infringement.  So if, for example, you conclude that

19   TomorrowNow was unsuccessful in exploiting its infringement and did not make a profit by

20   virtue of its infringement, or that SAP America or SAP AG did not make a profit by virtue of

21   their vicarious and/or contributory infringement, that should not diminish the fair market value of

22   the rights infringed, and consequently should not diminish the amount of damages that you

23   award.

24

25   Authority:  Model Patent Jury Instructions for the Northern District of California, Instruction 5.7;

26   *Interactive Pictures Corp. v. Infinite Pictures, Inc.*, 274 F. 3d 1371, 1384-85 (Fed. Cir. 2001);

27   *Snellman v. Ricoh Co., Ltd.*, 862 F.2d 283, 289-90 (Fed. Cir. 1989); *Georgia-Pacific Corp. v.*

28   *U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

1                                              **Proposed Instruction No. 19-F (Joint)**

2              **COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED**

3

4              You heard witnesses from each side discuss the so-called "Georgia-Pacific

5    factors" that relate to the measurement of the fair market value of the rights infringed.  You

6    should consider each of these factors, and any other factors presented to you on the question of

7    fair market value, so long as you conclude a particular factor is informative to your decision and

8    not unduly speculative.  Evidence of fair market value should not be considered speculative so

9    long as it provides a reasonable basis on which to estimate fair market value.

10

11   Authority: *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004); *McRoberts*

12   *Software, Inc. v. Media 100, Inc.*, 329 F.3d 557, 566-67 (7th Cir. 2003); *Georgia-Pacific Corp. v.*

13   *U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**JOINT PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

# COPYRIGHT DAMAGES
# ORACLE MODULE
# (CONTINUED)

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                 **Proposed Instruction No. 19-G (Plaintiffs)**

2

       <u>**COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED**</u>

3

4     While Oracle International Corporation is entitled to the full fair market value of

5 the rights Defendants infringed as damages, a portion of Oracle International Corporation's

6 damages may be represented by the profits Oracle would have made absent the infringement.

7 Oracle International Corporation is not required to pursue or prove lost profits in order to recover

8 the full fair market value of the rights Defendants infringed.

9     In determining the amount of Oracle International Corporation's actual damages

10 you may consider evidence of Oracle International Corporation's lost profits presented by either

11 party, but Oracle International Corporation's lost profits do not serve as a limit on the amount of

12 Oracle International Corporation's actual damages, as measured by the fair market value of all of

13 the rights defendants infringed, directly, vicariously or contributorily.

14

15 Authority:  Model Instruction 12.8.2 Damages — Actual Damages, Federal Civil Jury

16 Instructions of the Seventh Circuit (citing *Taylor v. Meirick*, 712 F.2d 1112, 1120-1121 (7th Cir.

17 1983)); *Lucky Break Wishbone Corp. v. Sears Roebuck & Co.*, 2010 WL 1391359, *3 (9th Cir.

18 2010) (unpublished) (finding that "[t]he jury is not restricted . . . to awarding lost profits" where

19 evidence of lost profits and a fair market value of a lost license fee were presented to the jury,

20 defendant claimed that lost profits were appropriate actual damage measurement, and defendant

21 claimed jury award was too high to account for appropriate deduction of costs to arrive at lost

22 profits); *Polar Bear Prods. Inc. v. Timex Corp.*, 384 F.3d 700, 708-710 (9th Cir. 2004)

23 (evaluating a claim for both a fair market value lost license fee and lost profits as additive actual

24 damages).

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1          **Proposed Instruction No. 19-H (Plaintiffs)**

2          **COPYRIGHT DAMAGES—INFRINGERS' PROFITS**

3

4          In addition to actual damages, Oracle International Corporation is entitled to any

5   profits made by any defendant that are attributable to the actual, vicarious, and/or contributory

6   infringement.  You may not include in an award of infringers' profits any amount that you took

7   into account in determining actual damages.

8          You may make an award of the Defendants' profits only if you find that Oracle

9   International Corporation has shown a defendant received revenue related directly or indirectly

10  to the infringement.  That defendant's profit is then determined by subtracting all expenses from

11  the defendant's gross revenue.

12         The defendant's gross revenue is all of the defendant's receipts associated with

13  the actual, vicarious, and/or contributory infringement.  Oracle International Corporation has the

14  burden of proving the defendant's gross revenue by a preponderance of the evidence.

15         Expenses are all costs incurred in producing the defendant's gross revenue.  The

16  defendant has the burden of proving the defendant's expenses by a preponderance of the

17  evidence.

18         Unless you find that a portion of the profit from the use of the copyrighted work is

19  attributable to factors other than use of the copyrighted work, all of the profit is to be attributed

20  to the infringement.  The defendant has the burden of proving the portion of the profit, if any,

21  attributable to factors other than infringing the copyrighted work.

22

23  Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.24 (Civil)

24  (modified); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004).

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# COPYRIGHT DAMAGES
# DEFENDANTS' MODULE

1

**Proposed Instruction No. 19-A (Defendants)**

2

## <u>COPYRIGHT — DAMAGES</u>

3

4          If you find for plaintiff Oracle International Corp. on its copyright infringement

5   claim, you must determine whether Oracle International Corp. should be awarded any damages.

6   Oracle International Corp. may be entitled to recover the actual damages suffered, if any, as a

7   result of the infringement.  In addition, Oracle International Corp. also may also be entitled to

8   recover any profits of the defendants attributable to the infringement.  You may not include an

9   award of defendants' profits if you already took that amount into account in determining actual

10  damages.  Oracle International Corp. must prove damages by a preponderance of the evidence,

11  and it is for you to determine what damages, if any, have been proved.  Your award must be

12  based upon evidence and not upon speculation, guesswork, or conjecture.

13          No copyright infringement damages of any type or in any amount may be

14  awarded to Oracle USA, Inc., Oracle EMEA Limited, or Siebel Systems, Inc.

15

16  Ninth Circuit Manual of Model Jury Instructions, Instruction 17.22 (Civil) (modified)

17

18

19

20

21

22

23

24

25

26

27

28

1                                             **Proposed Instruction No. 19-B (Defendants)**

2

### COPYRIGHT—ACTUAL DAMAGES

3

4              The copyright owner is entitled to recover the actual damages suffered as a result

5 of the infringement.  Actual damages may be measured either as lost profits or as fair market

6 value damages.  Fair market value damages means the amount of money adequate to compensate

7 the copyright owner for the reduction of the fair market value of the copyrighted work caused by

8 the infringement; fair market value damages may not be speculative.  The reduction of the fair

9 market value of the copyrighted work is the amount a willing buyer would have been reasonably

10 required to pay a willing seller at the time of the infringement for the actual use made by the

11 defendant of the plaintiff's work.  That amount also could be represented by the lost license fees

12 the plaintiff would have received for the defendant's unauthorized use of the plaintiff's work.

13              A copyright owner may elect to pursue either a fair market value or a lost profits

14 calculation of its actual damages.  Similarly, a defendant may elect to offer its own calculation of

15 either a fair market value or lost profits calculation of actual damages.  Neither the copyright

16 holder nor the defendant is constrained by the other's choice of measurement.  If you decide to

17 award damages, you should elect the measure of damages that you determine best represents the

18 actual damages suffered as a result of the infringement, subject to the other instructions provided

19 to you.

20

21 Authority: Ninth Circuit Manual of Model Jury Instructions, Instruction 17.23 (Civil) (modified);

22 *On Davis v. The Gap*, Inc., 246 F.3d 152, 167 (2d Cir. 2001); Order Denying Defendants'

23 Motion for Partial Summary Judgment at 3 (D.I. 628)

24

25

26

27

28

1  **Proposed Instruction No. 19-C (Defendants)**

2  **COPYRIGHT—ACTUAL DAMAGES—FAIR MARKET VALUE EVIDENCE**

3

4  If you decide that the best measure of actual damages is the fair market value of a

5  license based on a hypothetical negotiation, your determination of the value of actual damages is

6  not limited to consideration of evidence that was known to the parties at or before the time

7  infringement began.  You may consider events and facts that occurred after the date of a

8  hypothetical negotiation when determining the amount of a hypothetical license.

9

10  Authority:  *Lucent Tech. Inc. v. Gateway Inc.*, 580 F.3d 1301 (Fed. Cir. 2009) (citation omitted)

11  (concluding the Federal Circuit has "observed that the hypothetical negotiation analysis 'permits

12  and often requires a court to look to events and facts that occurred thereafter and that could not

13  have been known to or predicated by the hypothesized negotiators'"); *Sinclair Refining Co. v.*

14  *Jenkins Petroleum Process Co.,* 289 U.S. 689, 698 (1933) (recognizing that factual

15  developments occurring after the date of a hypothetical negotiation can inform damages

16  calculation).

17

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 19-D (Defendants)**

2

3                            **COPYRIGHT—DAMAGES—**

4          **ORACLE INTERNATIONAL CORPORATION'S LOST PROFITS**

5               The plaintiff has the initial burden of proving a causal relationship between the

6     alleged infringement and lost profits that resulted from the alleged infringement.  Plaintiff must

7     prove that, but for the alleged infringement, it would not have suffered lost profits.  Plaintiff

8     must prove that the infringement was the proximate cause of its loss by proving that the

9     existence and amount of the loss was the natural and probable consequence of the alleged

10    infringement.  If you find that the plaintiff has not carried its initial burden, then you shall not

11    make an award of lost profits.

12               If you find that the plaintiff carried its initial burden, then the burden shifts to the

13    defendant to show that all or some portion of the claimed lost profits were not caused by the

14    alleged infringement.  Among other things, defendant may show that customers would have

15    ceased purchasing support services from plaintiff even had the alleged infringement not

16    occurred.  Additionally, defendant may show that the existence and amount of the claimed lost

17    profits were not the natural and probable consequences of the alleged infringement alone, but

18    were the result of other factors.

19               You may award lost profits only to the extent that plaintiff has carried its initial

20    burden and defendant has failed to show that all or some portion of the lost profits were not

21    caused by the alleged infringement.  In that case, you may award only that portion of the lost

22    profits that were caused by the alleged infringement.

23               In determining causation of alleged lost profits, you may take into account all the

24    diverse factors which might bear upon why customers ceased purchasing support services from

25    plaintiff.

26

27

28    **Authority:**  Ninth Circuit Manual Model Jury Instruction 17.23 (modified); 17 U.S.C. § 504(b);

**JOINT PROPOSED JURY INSTRUCTIONS**

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

*Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004); *Data Gen. Corp. v. Grumman Sys.  Support Corp.*, 36 F.3d 1147, 1172 n.44 (1st Cir. 1994) (affirming "the adequacy of the district court's instructions on causation," particularly an instruction that the jury may consider "all the diverse factors which . . . might bear upon" causation").

1                                                    **Proposed Instruction No. 19-E (Defendants)**

2                          **<u>COPYRIGHT—DAMAGES—DEFENDANTS' PROFITS</u>**

3

4              In addition to actual damages, the copyright owner may be entitled to profits of

5     the defendant caused by the alleged infringement.  You may not include in an award of

6     defendants' profits any duplicative profits, that is, any amount that you took into account in

7     determining actual damages.

8              The plaintiff has an initial burden of proving a causal relationship between the

9     alleged infringement and the defendant's non-duplicative profits generated from the alleged

10    infringement.  Proof of causation by plaintiff for indirect profits as alleged in this case is

11    particularly important because indirect profits claims are often more attenuated than claims for

12    direct profits.  Plaintiff must prove that, but for the alleged infringement, defendant would not

13    have made the profits.  Plaintiff must prove that the alleged infringement was the proximate

14    cause of defendant's profits by proving that the existence and amount of the profits was the

15    natural and probable consequence of the alleged infringement.  If you find that plaintiff has not

16    carried its initial burden, then you shall not make an award of defendant's profits.

17             If you find that plaintiff has carried its initial burden, then the burden shifts to the

18    defendant to show that some or all of the claimed defendant's profits were not caused by the

19    alleged infringement.  Among other things, defendant may show that customers would have

20    purchased SAP products and services even had the alleged infringement not occurred.

21    Additionally, defendant may show that the existence and amount of its profits were not the

22    natural and probable consequences of the alleged infringement alone, but were the result of other

23    factors.

24             You may award defendant's profits only to the extent that plaintiff carried its

25    initial burden and defendant failed to show that some or all of the alleged profits were not caused

26    by the alleged infringement, in which case you may award only that portion of the profits that

27    were caused by the alleged infringement.

28             In determining causation of defendant's alleged profits, you may take into account

all the diverse factors which might bear upon why customers purchased products or services from defendant.

Authority: Ninth Circuit Model Jury Instruction 17.24 (modified); 17 U.S.C. § 504(b); *Polar Bear Prods., Inc. v. Timex Corp.*, 384 F.3d 700, 709 (9th Cir. 2004); *Data Gen. Corp. v. Grumman Sys.  Support Corp.*, 36 F.3d 1147, 1172 n.44 (1st Cir. 1994) (affirming "the adequacy of the district court's instructions on causation," particularly an instruction that the jury may consider "all the diverse factors which . . . might bear upon" causation").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CFAA
# ORACLE MODULE

1

**Proposed Instruction No. 20-A (Plaintiffs)**

2

### <u>VIOLATION OF FEDERAL COMPUTER FRAUD AND ABUSE ACT</u>

3

### <u>(18 U.S.C. § 1030 *et seq.*)</u>

4

5          In addition to the copyright claims, Oracle USA and Oracle International

6   Corporation claim that TomorrowNow violated five provisions of the Federal Computer Fraud

7   and Abuse Act ("CFAA"). They also claim that SAP AG and SAP America are each indirectly

8   liable for TomorrowNow's violations, and I will instruct you later as to indirect liability. I will

9   now instruct you on the provisions of the CFAA, and the damages you may award if you find

10  that one or more of the Defendants have violated the CFAA. If you find that a defendant

11  violated any one of the five provisions of the CFAA, you should find for Plaintiffs and against

12  that defendant on this claim.

13

14  Authority: None. Transitional instruction.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 20-B (Plaintiffs)**

## FEDERAL COMPUTER FRAUD AND ABUSE ACT

## OBTAINING INFORMATION FROM A PROTECTED COMPUTER IN VIOLATION

## OF 18 U.S.C. § 1030(a)(2)(C)

First, Oracle USA and Oracle International Corporation claim that TomorrowNow committed computer fraud in violation of Section 1030(a)(2)(c) of Title 18 of the United States Code.  In order to prevail, these Plaintiffs must prove each of the following elements by a preponderance of the evidence:

    1)    TomorrowNow intentionally accessed an Oracle computer or computer system;

    2)    TomorrowNow accessed the Oracle computer or computer system without authorization, or in a way that exceeded authorized access;

    3)    TomorrowNow obtained information from the Oracle computer or computer system; and,

    4)    Caused loss of at least $5,000.

Authority:  Ninth Circuit Manual of Model Jury Instructions, Instruction 8.79 (Criminal) (modified); 18 U.S.C. § 1030(a)(2)(C) (2006) (paraphrased); Defendants' Answer and Affirmative Defenses to First Amended Complaint, Dkt. No. 36, ¶113 (admitting that the computer system or systems that Defendants accessed for CFAA claim constituted a "protected computer" within the meaning of 18 U.S.C. § 1030(e)(2)).

Case No. 07-CV-01658 PJH (EDL)
JOINT PROPOSED JURY INSTRUCTIONS

1          **Proposed Instruction No. 20-C (Plaintiffs)**

2          **FEDERAL COMPUTER FRAUD AND ABUSE ACT**

3   **ACCESSING A PROTECTED COMPUTER IN VIOLATION OF 18 U.S.C. § 1030(a)(4)**

4

5          Second, Oracle USA and Oracle International Corporation claim that

6   TomorrowNow committed computer fraud in violation of Section 1030(a)(4) of Title 18 of the

7   United States Code.  In order to prevail, these Plaintiffs must prove each of the following

8   elements by a preponderance of the evidence:

9          1)     TomorrowNow knowingly accessed an Oracle computer or computer

10                system;

11         2)     TomorrowNow accessed the Oracle computer or computer system without

12                authorization or in a manner that exceeded authorized access;

13         3)     TomorrowNow did so with intent to defraud;

14         4)     By accessing the Oracle computer or computer system, TomorrowNow

15                furthered the intended fraud;

16         5)     By accessing the Oracle computer or computer system, TomorrowNow

17                obtained anything of value; and,

18         6)     Caused loss of at least $5,000.

19

20   Authority:  Ninth Circuit Manual of Model Jury Instructions 3.17 and 8.81 (Criminal)

21   (modified); 18 U.S.C. 1030(a)(4) (2006) (paraphrased);  Defendants' Answer and Affirmative

22   Defenses to First Amended Complaint, Dkt. No. 36, ¶113 (admitting that the computer system or

23   systems that Defendants accessed for CFAA claim constituted a "protected computer" within the

24   meaning of 18 U.S.C. § 1030(e)(2)).

25

26

27

28

**Proposed Instruction No. 20-D (Plaintiffs)**

## FEDERAL COMPUTER FRAUD AND ABUSE ACT
## DAMAGE TO A PROTECTED COMPUTER IN VIOLATION OF
## 18 U.S.C. § 1030(a)(5)(A)(i)

Third, Oracle USA and Oracle International Corporation claim
TomorrowNow committed computer fraud in violation of Section 1030(a)(5)(A)(i) of Title 18 of
the United States Code.  To prevail, these Plaintiffs must prove each of the following elements
by a preponderance of the evidence:

      1)    TomorrowNow knowingly caused the transmission of a program,
information, code or command to an Oracle computer or computer system;

      2)    As a result of this conduct, TomorrowNow intentionally caused any
impairment, however slight, to the integrity or availability of any data,
program, system or information on the Oracle computer or computer
system;

      3)    TomorrowNow's conduct was without authorization; and,

      4)    Caused loss of at least $5,000.

Authority:  Ninth Circuit Manual of Model Jury Instructions, Instructions 8.83 (Criminal)
(modified); 18 U.S.C. 1030(a)(5)(A)(i) (2006) (paraphrased); 18 U.S.C. 1030(a)(5)(B) (2006)
(paraphrased); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004); *Register.com v.
Verio, Inc.*, 126 F. Supp. 2d 238, 251-52 (S.D.N.Y. 2001); Defendants' Answer and Affirmative
Defenses to First Amended Complaint, Dkt. No. 36, ¶113 (admitting that the computer system or
systems that Defendants accessed for CFAA claim constituted a "protected computer" within the
meaning of 18 U.S.C. § 1030(e)(2)).

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                           **Proposed Instruction No. 20-E (Plaintiffs)**

2

3               **FEDERAL COMPUTER FRAUD AND ABUSE ACT**

**DAMAGE TO A PROTECTED COMPUTER IN VIOLATION OF 18 U.S.C. §**

4                               **1030(a)(5)(A)(ii)**

5

6                     Fourth, Oracle USA and Oracle International Corporation claim

7 TomorrowNow committed computer fraud in violation of Section 1030(a)(5)(A)(ii) of Title 18 of

8 the United States Code. To prevail, these Plaintiffs must prove each of the following elements

9 by a preponderance of the evidence:

10                1)      TomorrowNow intentionally accessed an Oracle computer or computer

11                            system;

12               2)      TomorrowNow's access was without authorization;

13               3)      As a result of this conduct, TomorrowNow recklessly caused any

14                            impairment, however slight, to the integrity or availability of any data,

15                            program, system or information; and,

16               4)      Caused loss of at least $5,000.

17

18 Authority: Ninth Circuit Manual of Model Jury Instructions, Instructions 8.83 (Criminal)

19 (modified); 18 U.S.C. § 1030(a)(5)(A)(ii) (2006) (paraphrased); 18 U.S.C. § 1030(a)(5)(B)

20 (2006) (paraphrased); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004); *Register.com*

21 *v. Verio, Inc.*, 126 F. Supp. 2d 238, 251-52 (S.D.N.Y. 2001); Defendants' Answer and

22 Affirmative Defenses to First Amended Complaint, Dkt. No. 36, ¶113 (admitting that the

23 computer system or systems that Defendants accessed for CFAA claim constituted a "protected

24 computer" within the meaning of 18 U.S.C. § 1030(e)(2)).

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1

**Proposed Instruction No. 20-F (Plaintiffs)**

2

### FEDERAL COMPUTER FRAUD AND ABUSE ACT

3

### DAMAGE TO A PROTECTED COMPUTER IN VIOLATION OF 18 U.S.C. §

4

### 1030(a)(5)(A)(iii)

5

6        Fifth, Oracle USA and Oracle International Corporation claim that

7  TomorrowNow committed computer fraud in violation of Section 1030(a)(5)(A)(iii) of Title 18

8  of the United States Code.  To prevail, these Plaintiffs must prove each of the following elements

9  by a preponderance of the evidence:

10        1)      TomorrowNow intentionally accessed an Oracle computer or computer

11                system;

12        2)      TomorrowNow's access was without authorization;

13        3)      As a result of that conduct, TomorrowNow caused any impairment,

14                however slight, to the integrity or availability of any data, program,

15                system or information; and,

16        4)      Caused loss of at least $5,000.

17

18  Authority:  Ninth Circuit Manual of Model Jury Instructions, Instructions 8.83 (Criminal)

19  (modified); 18 U.S.C. § 1030(a)(5)(A)(iii) (2006) (paraphrased); 18 U.S.C. § 1030(a)(5)(B)

20  (2006) (paraphrased); *Theofel v. Farey-Jones*, 359 F.3d 1066, 1078 (9th Cir. 2004); *Register.com

21  v. Verio, Inc.*, 126 F. Supp. 2d 238, 251-52 (S.D.N.Y. 2001); Defendants' Answer and

22  Affirmative Defenses to First Amended Complaint, Dkt. No. 36, ¶113 (admitting that the

23  computer system or systems that Defendants accessed for CFAA claim constituted a "protected

24  computer" within the meaning of 18 U.S.C. § 1030(e)(2)).

25

26

27

28

1  **Proposed Instruction No. 20-G (Plaintiffs)**

2

3  **FEDERAL COMPUTER FRAUD AND ABUSE ACT—DEFINITIONS**

   **(18 U.S.C. § 1030 *et seq.*)**

4

5  For purposes of Instructions Nos. 28-33, the terms:

6      1)      "Exceeds authorized access" means to access a computer with

7  authorization and to use such access to obtain or alter information in the computer that the

8  accessor is not entitled to obtain or alter.

9      2)      A person who accesses a computer "without authorization" has no rights,

10  limited or otherwise, to access the computer in question.  Access "without authorization"

11  includes access and use beyond those set forth in a website's terms of use.

12      3)      "Computer"  means an electronic, magnetic, optical, electrochemical, or

13  other high speed data processing device performing logical, arithmetic, or storage functions, and

14  includes any data storage facility or communications facility directly related to or operating in

15  conjunction with such device, but such term does not include an automated typewriter or

16  typesetter, a portable hand held calculator, or other similar device.

17      4)      "Fraud" and "Intent to defraud" means wrongdoing or deceit and intent to

18  do wrong or to deceive.

19      5)      "Loss" means any reasonable cost to any victim, including the cost of

20  responding to an offense, conducting a damage assessment, and restoring the data, program,

21  system, or information.

22      6)      "Person" means any individual, firm, corporation or other entity.

23

24  Authority:  18 U.S.C. § 1030(e) (2006) (computer, exceeds authorized access, loss, and person)

25  (modified); *LVRC Holdings LLC v. Brekka*, 581 F.3d 1127, 1133 (9th Cir. 2009) (without

26  authorization); *Ebay, Inc. v. Digital Point Solutions, Inc.*, 608 F.Supp.2d. 1156, 1164 (N.D. Cal.

27  2009) (without authorization and fraud); *Craigslist, Inc. v. Naturemarket, Inc.*, 2010 WL 807446,

28  *12 (N.D. Cal. 2010) (without authorization); *Hanger Prosthethics & Orthotics, Inc. v. Capstone*

1    *Orthopedic, Inc.*, 556 F.Supp.2d 1122, 1131 (E.D. Cal. 2008) (fraud).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 20-H (Plaintiffs)**

2

**FEDERAL COMPUTER FRAUD AND ABUSE DEFENSES—**

3

4

**STATUTE OF LIMITATIONS**

5

6        TomorrowNow asserts as a defense that the statutes of limitations prohibit Oracle

USA, Inc. and Oracle International Corporation's CFAA claims.  Statutes of limitations are laws

7

that provide that a suit is prohibited if a plaintiff does not bring it within a prescribed period of

8

time.   The time period within which the suit must be brought begins when Oracle International

9

Corporation and Oracle USA first knew, or should have known that TomorrowNow was

10

committing computer fraud on its Customer Connection website.

11

12        The applicable statutes of limitations period is 2 years.  The statute of limitations

does not prohibit recovery of damages that were incurred more than 2 years prior to the filing of

13

suit if the plaintiffs were unaware of the computer fraud, and that lack of knowledge was

14

reasonable under the circumstances.  Oracle International Corporation and Oracle USA brought

15

this suit on March 22, 2007.  TomorrowNow claims that Oracle International Corporation and

16

Oracle USA's suits are barred here because Oracle International Corporation and Oracle USA

17

knew or should have known more than 2 years before bringing this suit on March 22, 2007 that

18

TomorrowNow was committing computer fraud related to its Customer Connection website.

19

Oracle International Corporation and Oracle USA assert that they were unaware of

20

TomorrowNow's acts until 2007.

21

22        In this case, Oracle International Corporation and Oracle USA claim that

TomorrowNow engaged in continuing acts of computer fraud over time.  If you find that Oracle

23

International Corporation knew or should have known of some of TomorrowNow's computer

24

fraud before March 22, 2005, but that TomorrowNow committed additional acts of computer

25

fraud after that date, you should not find for TomorrowNow on this defense.

26

27        TomorrowNow has the burden of proving the statute of limitations defense.  In

other words, TomorrowNow must prove by a preponderance of the evidence that Oracle

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

International Corporation and Oracle USA knew or should have known of TomorrowNow's acts of computer fraud prior to March 22, 2005.

TomorrowNow's asserted statute of limitations defense does extend to computer fraud related to the Siebel SupportWeb website.

Authority: 18 U.S.C. § 1030(g); B F. O'Malley, J. Grenig, & W. Lee, Federal Jury Practice and Instructions §107.01 (5th ed. 2001) (modified); *Polar Bear Productions, Inc. v. Timex Corp.* 384 F.3d 700, 706 -707 (9th Cir. 2004); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) ("In a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit.").

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 20-I (Plaintiffs)**

**FEDERAL COMPUTER FRAUD AND ABUSE ACT—DAMAGES**

**(18 U.S.C. § 1030 *et seq.*)**

If you find that TomorrowNow violated any of the five sections of the CFAA described above, you may award Oracle USA and/or Oracle International Corporation damages under the CFAA.  These damages may include:

    1)    costs of responding to the violation;

    2)    costs of conducting a damage assessment;

    3)    costs of restoring the system and data to its prior condition;

    4)    lost revenues or costs due to interruption of service;

    5)    costs of investigating the violation;

    6)    costs of identifying the violation;

    7)    the value of any business these Plaintiffs lost as a result of the violation of the CFAA; and,

    8)    the value of any goodwill these Plaintiffs lost as a result of the violation of the CFAA.

It is these Plaintiffs' burden to prove its damages by a preponderance of the evidence.

Authority: 18 U.S.C. § 1030(g); *Creative Computing*, 386 F.3d 930, 935 (9th Cir. 2004); *SuccessFactors, Inc. v. Softscape, Inc.*, 544 F. Supp. 2d 975 at 980-81 (N.D. Cal. 2008).

1                                                    **Proposed Instruction No. 20-J (Plaintiffs)**

2        **FEDERAL COMPUTER FRAUD AND ABUSE ACT—DAMAGES—GOODWILL**

3

4              The goodwill of a company is an intangible business asset that reflects the basic

5   human tendency to do business with a merchant who offers products of the type and quality the

6   customer desires and expects.  Service and support to the customer and a willingness to stand

7   behind a warranty and other representations about the quality of the products sold are factors in

8   the goodwill of that business.

9              The goodwill attached to a product is a part of the overall business value that is

10  the goodwill of the company.  It is possible, therefore, that the general goodwill of a corporation

11  may be damaged by the loss of goodwill to a particular product or service.  Whether this has

12  occurred is a question of fact for you to determine.

13

14  Authority: ABA Model Jury Instructions 2.10.2 (Business Torts) (modified).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CFAA
# DEFENDANTS' MODULE

1                                         **Proposed Instruction No. 20-A (Defendants)**

2

### COMPUTER FRAUD AND ABUSE ACT (18 U.S.C. § 1030 *et seq.*)

3

4         Oracle International Corp. and Oracle USA, Inc. claims that TomorrowNow, Inc.

5  violated sections 1030(a)(2)(C), 1030(a)(4), 1030(a)(5)(A)(i), 1030(a)(5)(A)(ii), and

6  1030(a)(5)(A)(iii) of the Computer Fraud and Abuse Act.

7         To establish a claim under section 1030(a)(2)(C), Oracle International Corp. and

8  Oracle USA, Inc. must prove all of the following:

9               1)      TomorrowNow, Inc. intentionally accessed a computer;

10             2)      TomorrowNow, Inc. accessed the computer without authorization or

11                       exceeded authorized access;

12             3)      TomorrowNow, Inc. obtained information from a computer used in or

13                       affecting interstate or foreign commerce or communication; and

14             4)      Oracle International Corp. and Oracle USA, Inc. each suffered an

15                       aggregated loss of at least $5,000 during any one-year period.

16         To establish a claim under section 1030(a)(4), Oracle International Corp. and

17  Oracle USA, Inc. must prove all of the following:

18             1)      TomorrowNow, Inc. knowingly accessed a computer used in or affecting

19                       interstate or foreign commerce or communication;

20              2)      This access was without authorization or exceeded authorized access;

21              3)      TomorrowNow, Inc. did so with intent to defraud;

22              4)      By these actions, TomorrowNow, Inc. furthered the intended fraud;

23              5)      By these actions, TomorrowNow, Inc. obtained something of value; and

24              6)      Oracle International Corp. and Oracle USA, Inc. each suffered an

25                       aggregated loss of at least $5,000 during any one-year period.

26         To establish a claim under section 1030(a)(5)(A)(i), Oracle International Corp.

27  and Oracle USA, Inc. must prove all of the following:

28             1)      TomorrowNow, Inc. knowingly caused the transmission of a program,

information, code, or command;

2)   As a result of this conduct, TomorrowNow, Inc. intentionally caused damage;

3)   The damage was caused to a computer used in interstate or foreign commerce or communication;

4)   TomorrowNow, Inc. caused this damage without authorization; and

5)   Oracle International Corp. and Oracle USA, Inc. each suffered an aggregated loss of at least $5,000 during any one-year period.

To establish a claim under section 1030(a)(5)(A)(ii), Oracle International Corp. and Oracle USA, Inc. must prove all of the following:

1)   TomorrowNow, Inc. intentionally accessed a computer used in interstate or foreign commerce or communication;

2)   This access was without authorization;

3)   TomorrowNow, Inc. recklessly caused damage; and

4)   Oracle International Corp. and Oracle USA, Inc. each suffered an aggregated loss of at least $5,000 during any one-year period.

To establish a claim under section 1030(a)(5)(A)(iii), Oracle International Corp. and Oracle USA, Inc. must prove all of the following:

1)   TomorrowNow, Inc. intentionally accessed a computer used in interstate or foreign commerce or communication;

2)   This access was without authorization;

3)   This access caused damage; and

4)   Oracle International Corp. and Oracle USA, Inc. each suffered an aggregated loss of at least $5,000 during any one-year period.

Authority: 18 U.S.C. §§ 1030(a)(2)(C); 1030(a)(4); 1030(a)(5)(A)(i); 1030(a)(5)(A)(ii); 1030(a)(5)(A)(iii) (2007).

JOINT PROPOSED JURY INSTRUCTIONS

1                                          **Proposed Instruction No. 20-B (Defendants)**

2

### <u>COMPUTER FRAUD AND ABUSE ACT—DEFINITIONS</u>

3

4         For purposes of the Computer Fraud and Abuse Act:

5         "Computer" means an electronic, magnetic, optical, electrochemical, or other high

6 speed data processing device performing logical, arithmetic, or storage functions, and includes

7 any data storage facility or communications facility directly related to or operating in

8 conjunction with such device, but such term does not include an automated typewriter or

9 typesetter, a portable hand held calculator, or other similar device.

10         "Damage" means any impairment to the integrity or availability of data, a

11 program, a system, or information.  It requires more than a showing that the defendant copied

12 data from a plaintiff's website; rather, a plaintiff must establish that the defendant's activities

13 impaired the "integrity" or the "availability" of a plaintiff's data or systems, such that some

14 existing data was corrupted or deleted or the servers crashed.

15         "Access without authorization" means access by a person who does not have

16 authorization to use the computer for *any* purpose.  In other words, for purposes of the CFAA,

17 when someone is authorized to use a computer subject to certain limitations, that person remains

18 authorized to use the computer even if he or she violates those limitations.

19         "Exceeds authorized access" means to access a computer with authorization and

20 to use such access to obtain or alter information in the computer that the accesser is not entitled

21 so to obtain or alter.

22         "Economic damages" means the economic loss that a plaintiff has suffered as a

23 direct result of a defendant's conduct.

24         "Fraud" is a knowing misrepresentation of the truth or concealment of material

25 fact to induce another to act to his or her detriment.

26         "Intent to defraud" is the intent to commit "fraud" as defined by these

27 instructions.

28         "Loss" means any reasonable cost to any victim, including the cost of responding

to an offense, conducting a damage assessment, and restoring the data, program, system, or information to its condition prior to the offense, and any revenue lost, cost incurred, or other consequential damages incurred because of interruption of service.

"Person" means any individual, firm, corporation, educational institution, financial institution, governmental entity, or legal or other entity.

"Intentionally caused damage" means that TomorrowNow, Inc. not only committed the wrongful conduct purposely, but that TomorrowNow, Inc. had actual intent to cause damage as defined by the Act.

Authority: 18 U.S.C. §1030(e); Black's Legal Dictionary, Abridged 8th Edition (2005); *Czech v. Wall St. on Demand, Inc.*, No. 09-180 (DWF/RLE), 2009 U.S. Dist. LEXIS 114125 (D. Minn. Dec. 8, 2009); *Kalow & Springnut, LLP v. Commence Corp.*, No. 07-3442 (FLW), 2008 U.S. Dist. LEXIS 48036 (D.N.J. June 23, 2008)

1

**Proposed Instruction No. 20-C (Defendants)**

2

**COMPUTER FRAUD AND ABUSE ACT DEFENSE—STATUTE OF LIMITATIONS**

3

4          Under the Computer Fraud and Abuse Act, a plaintiff must commence a legal

5   action within two years from when the alleged violation took place, or from when the violation

6   was discovered or reasonably should have been discovered.

7          This two-year period is sometimes called the "limitations period."  Each of the

8   three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) claims that Oracle

9   USA, Inc. and Oracle International Corp. seek damages based on conduct outside of this

10  limitations period.  The defendants have the burden of proving that Oracle USA, Inc. and Oracle

11  International Corp. may not collect damages for conduct outside of the limitations period.

12          If you find that Oracle USA, Inc. and Oracle International Corp. have alleged

13  conduct outside of the limitations period, you may not award any damages with respect to that

14  conduct.

15

16  Authority: 18 U.S.C. § 1030(g).

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1
**Proposed Instruction No. 20-D (Defendants)**

2
**COMPUTER FRAUD AND ABUSE ACT—SECONDARY/VICARIOUS LIABILITY**

3

4           Two of the plaintiffs, Oracle USA, Inc. and Oracle International Corp., claim that

5  they were harmed by violation of the Computer Fraud and Abuse Act, which is codified at 18

6  U.S.C. §§ 1030(a)(2)(C), (a)(4) & (a)(5), allegedly committed by defendant TomorrowNow, Inc.

7  and that two of the defendants, SAP America, Inc. and SAP AG, are responsible for and

8  secondarily and/or vicariously liable for this violation because TomorrowNow, Inc. was acting

9  on behalf of SAP America, Inc. and SAP AG when the alleged violation occurred.  SAP

10  America, Inc. and SAP AG have denied this claim.  Oracle International Corp. and Oracle USA,

11  Inc. have the burden of proving that SAP America, Inc. and SAP AG are responsible and liable

12  for the conduct of the third defendant, TomorrowNow, Inc.  In order to prove their claim that

13  SAP America, Inc. and SAP AG are responsible and liable for any alleged harm caused by the

14  third defendant, TomorrowNow, Inc., Oracle USA, Inc. and Oracle International Corp. must

15  prove all of the following:

16           1)    That TomorrowNow, Inc. has violated the Computer Fraud and Abuse

17                 Act; and

18           2)    That SAP America, Inc. and SAP AG directed the conduct of Tomorrow

19                 Now, Inc. that supports Oracle USA, Inc. and Oracle International Corp.'s

20                 claim for violation of the Computer Fraud and Abuse Act.

21

22

23  Authority: CACI 3701.  Tort Liability Asserted Against Principal—Essential Factual Elements

24  (modified); *Calence, LLC v. Dimension Data Holdings*, No. C06-0262RSM, 2007 U.S. Dist.

25  LEXIS 38043, at *16 (W.D. Wash. May 24, 2007).

26

27

28

1
**Proposed Instruction No. 20-E (Defendants)**

2
**<u>COMPUTER FRAUD AND ABUSE ACT—DAMAGES</u>**

3

4
   If you find for Plaintiffs Oracle International Corp. and Oracle USA, Inc. on their

5
Computer Fraud and Abuse Act claim, you may award Oracle International Corp. and Oracle

6
USA, Inc. damages.  Oracle International Corp. and Oracle USA, Inc. are limited in their

7
recovery to any lost support profits from the TomorrowNow, Inc. customers and costs of

8
investigation that each is able to prove that it suffered as a result of the violation(s).  Oracle

9
International Corp. and Oracle USA, Inc. must prove damages by a preponderance of the

10
evidence, and it is for you to determine what damages, if any, have been proved.  Your award

11
must be based upon evidence and not upon speculation, guesswork, or conjecture.

12
   No Computer Fraud and Abuse Act damages of any type or in any amount may be

13
awarded to Oracle EMEA Limited or Siebel Systems Inc.

14

15
Authority: 18 U.S.C. § 1030(g) (2007); Plaintiffs' Fourth Amended Complaint (D.I. 418); Order

16
Denying Defendants' Motion for Partial Summary Judgment at p. 3 (D.I. 628).

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

# CDAFA
# ORACLE MODULE

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 21-A (Plaintiffs)**

2     **VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT**

3                      **(Cal. Penal Code § 502 *et seq.*)**

4

5          Oracle USA and Oracle International Corporation claim that TomorrowNow

6    violated four sections of California Penal Code Section 502, known as the California Computer

7    Data Access and Fraud Act ("CDAFA").  Oracle claims that SAP AG and SAP America violated

8    one section of the CDAFA directly, and also claims that SAP AG and SAP America are each

9    indirectly liable for TomorrowNow's violations of all four CDAFA sections.  I will instruct you

10   on the law of indirect liability after the instructions on each of the remaining claims have been

11   read.  I will now instruct you on the law regarding the applicable provisions of California Penal

12   Code Section 502, and the damages you may award if you find that any of the Defendants have

13   violated Penal Code Section 502.  If you find that a defendant violated any one of sections of the

14   CDAFA, you should find for Oracle USA and/or Oracle International Corporation and against

15   that defendant on this claim.

16

17   Authority: None.  Transitional instruction.

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 21-B (Plaintiffs)**

2

3

**VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT**

**(Cal. Penal Code § 502(c)(2))**

4

5

      First, Oracle USA and Oracle International Corporation claim that TomorrowNow

6

committed computer fraud in violation of California Penal Code section 502 (c)(2).  To prevail

7

under this claim, Oracle USA and/or Oracle International Corporation must prove by a

8

preponderance of the evidence that TomorrowNow knowingly accessed and without permission

9

took, copied, or made use of any data from an Oracle USA and/or Oracle International

10

Corporation's computer or computer system including supporting documentation for Oracle

11

computer programs, and that one or more of these Plaintiffs suffered damage or loss.

12

13

Authority: Cal. Penal Code § 502(c)(2) (paraphrased); Cal. Penal Code § 502(e) (paraphrased).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 21-C (Plaintiffs)**

2     **VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT**

3                        **(Cal. Penal Code § 502(c)(3))**

4

5          Second, Oracle USA and Oracle International Corporation claim that

6    TomorrowNow committed computer fraud in violation of California Penal Code section

7    502(c)(3).  To prevail under this claim, Oracle USA and/or Oracle International Corporation

8    must prove by a preponderance of the evidence that TomorrowNow knowingly and without

9    permission used or caused to be used the computer services of Oracle USA and/or Oracle

10   International Corporation, and that on or more of these Plaintiffs suffered damage or loss.

11

12   Authority: Cal. Penal Code § 502(c)(3) (paraphrased); Cal. Penal Code § 502(e) (paraphrased).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 21-D (Plaintiffs)**

2

3

**VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT**

**(Cal. Penal Code § 502(c)(6))**

4

5          Third, Oracle USA and Oracle International Corporation claim that one or more

6   of the Defendants committed computer fraud in violation of California Penal Code section 502

7   (c)(6).  To prevail under this claim, Oracle must prove by a preponderance of the evidence that

8   TomorrowNow, SAP AG and/or SAP America knowingly and without permission provided or

9   assisted in providing a means of accessing any of the computers, computer systems, and/or

10  computer networks of Oracle USA and/or Oracle International Corporation, and that on or more

11  of these Plaintiffs suffered damage or loss.

12

13  Authority: Cal. Penal Code § 502(c)(6) (paraphrased); Cal. Penal Code § 502(e) (paraphrased).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                       **Proposed Instruction No. 21-E (Plaintiffs)**

2       **VIOLATION OF CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT**

3                                    **(Cal. Penal Code § 502(c)(7))**

4

5                   Fourth, Oracle USA and Oracle International Corporation claim that

6   TomorrowNow committed computer fraud in violation of California Penal Code section 502

7   (c)(7).  To prevail under this claim, Oracle must prove by a preponderance of the evidence that

8   TomorrowNow knowingly and without permission accessed or caused to be accessed any of the

9   computers, computer systems, or computer networks of Oracle USA and/or Oracle International

10  Corporation, and that one or more of these Plaintiffs suffered damage or loss.

11

12  Authority: Cal. Penal Code § 502(c)(7) (paraphrased); Cal. Penal Code § 502(e) (paraphrased).

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 21-F (Joint)**

2

**CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—DEFINITIONS**

3

**(Cal. Penal Code § 502 _et seq._)**

4

5        For the purposes of assessing these Plaintiffs' claims under the California Penal

6    Code, you may assume the following terms have the following meanings:

7        1)    "Access" means to gain entry to, instruct, or communicate with the

8              logical, arithmetical, or memory function resources of a computer,

9              computer system, or computer network.

10       2)    "Computer program or software" means a set of instructions or statements,

11             and related data, that when executed in actual or modified form, cause a

12             computer, computer system, or computer network to perform specified

13             functions.

14       3)    "Computer services" includes, but is not limited to, computer time, data

15             processing, or storage functions, or other uses of a computer, computer

16             system, or computer network.

17       4)    "Computer system" means a device or collection of devices, including

18             support devices and excluding calculators that are not programmable and

19             capable of being used in conjunction with external files, one or more of

20             which contain computer programs, electronic instructions, input data, and

21             output data, that performs functions including, but not limited to, logic,

22             arithmetic, data storage and retrieval, communication, and control.

23       5)    "Data" means a representation of information, knowledge, facts, concepts,

24             computer software, computer programs or instructions. Data may be in

25             any form, in storage media, or as stored in the memory of the computer or

26             in transit or presented on a display device.

27       6)    "Supporting documentation" includes, but is not limited to, all

28             information, in any form, pertaining to the design, construction,

1

2

3

4

5

classification, implementation, use, or modification of a computer, computer system, computer network, computer program, or computer software, which information is not generally available to the public and is necessary for the operation of a computer, computer system, computer network, computer program, or computer software.

6

7

8

Authority: Cal. Penal Code §502(b) (paraphrased).

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# CDAFA
# ORACLE MODULE
# (CONTINUED)

JOINT PROPOSED JURY INSTRUCTIONS

1          **Proposed Instruction No. 21-G (Plaintiffs)**

2     **CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT DEFENSES—**

3                        **STATUTE OF LIMITATIONS**

4

5          TomorrowNow, SAP AG and SAP America each assert as a defense that the

6  statutes of limitations prohibit Oracle USA, Inc. and Oracle International Corporation's CDAFA

7  claims.  Statutes of limitations are laws that provide that a suit is prohibited if a plaintiff does not

8  bring it within a prescribed period of time.   The time period within which the suit must be

9  brought begins when Oracle International Corporation and Oracle USA first knew, or should

10 have known that TomorrowNow was committing computer fraud related to Oracle's Customer

11 Connection website.

12         The applicable statutes of limitations period is 3 years.  The statute of limitations

13 does not prohibit recovery of damages that were incurred more than 3 years prior to the filing of

14 suit if the plaintiffs were unaware of the computer fraud, and that lack of knowledge was

15 reasonable under the circumstances.  Oracle International Corporation and Oracle USA brought

16 this suit on March 22, 2007.  TomorrowNow, SAP AG and SAP America each claim that Oracle

17 International Corporation and Oracle USA's suits are barred here because Oracle International

18 Corporation and Oracle USA knew or should have known more than 3 years before bringing this

19 suit on March 22, 2007 that TomorrowNow was committing computer fraud related to Oracle's

20 Customer Connection website.  Oracle International Corporation and Oracle USA assert that

21 they were unaware of TomorrowNow's acts until 2007.

22         In this case, Oracle International Corporation and Oracle USA claim that

23 TomorrowNow engaged in continuing acts of computer fraud over time.  If you find that Oracle

24 International Corporation knew or should have known of some of TomorrowNow's computer

25 fraud before March 22, 2004, but that TomorrowNow committed additional acts of computer

26 fraud after that date, you should not find for TomorrowNow, SAP AG or SAP America on this

27 defense.

28         TomorrowNow, SAP AG and SAP America each have the burden of proving the

1  statute of limitations defense.  In other words, TomorrowNow, SAP AG and SAP America must
2  each prove by a preponderance of the evidence that Oracle International Corporation and Oracle
3  USA knew or should have known of TomorrowNow's acts of computer fraud prior to March 22,
4  2005.
5          TomorrowNow, SAP AG and SAP America's asserted statute of limitations
6  defense does extend to computer fraud related to the Siebel SupportWeb website.
7
8
9  Authority:  Cal. Penal Code §502(e)(5); *Polar Bear Productions, Inc. v. Timex Corp.*  384 F.3d
10 700, 706 -707 (9th Cir. 2004); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir.
11 1994) ("In a case of continuing copyright infringements, an action may be brought for all acts
12 that accrued within the three years preceding the filing of the suit.").
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1        **Proposed Instruction No.  21-H (Plaintiffs)**

2

**CALIFORNIA COMPUTER DATA ACCESS AND FRAUD ACT—DAMAGES**

3

**(Cal. Penal Code § 502(e))**

4

5        If you find that any of the Defendants violated any of the above sections of

6  California Penal Code section 502, you may award damages to Oracle USA and/or Oracle

7  International Corporation.  These damages should include amounts sufficient to compensate

8  these Plaintiffs for the harm they suffered as a result of any violations, including any expenditure

9  reasonably and necessarily incurred to verify that their computers, computer systems, computer

10  networks, and/or data was or was not altered, damaged, or deleted by the access.

11        In addition, if, by clear and convincing evidence, you find that any of the

12  Defendants willfully violated California Penal Code sections 502(c)(2), (c)(3), (c)(6) or (c)(7)

13  with oppression, fraud, or malice, you may additionally award punitive or exemplary damages,

14  as set forth in the instructions on punitive damages I will give you later.

15

16  Authority:  Cal. Penal Code §§ 502(e)(1), 502(e)(4) (paraphrased).

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# CDAFA
# DEFENDANTS' MODULE

JOINT PROPOSED JURY INSTRUCTIONS

1

**Proposed Instruction No. 21-A (Defendants)**

2

<u>**COMPUTER DATA ACCESS AND FRAUD ACT**</u>

3

<u>**(Cal. Penal Code § 502 et seq.)**</u>

4

5              Oracle USA, Inc. and Oracle International Corp. claim that TomorrowNow, Inc.

6 has violated sections 502(c)(2), 502(c)(3), 502(c)(6), and 502(c)(7) of the Computer Data Access

7 and Fraud Act.

8              To establish a claim under section 502(c)(2), Oracle International Corp. and

9 Oracle USA, Inc. must prove all of the following:

10              1)      TomorrowNow, Inc. knowingly accessed data;

11              2)      This access was without permission;

12              3)      TomorrowNow, Inc. either (a) took, copied or made use of the data from a

13                      computer, computer system, or computer network or (b) took or copied

14                      any supporting documentation, whether existing or residing internal or

15                      external to a computer, computer system, or computer network; and

16              4)      Plaintiffs suffered damage or loss thereby.

17              To establish a claim under section 502(c)(3), Oracle International Corp. and

18 Oracle USA, Inc. must prove all of the following:

19              1)      TomorrowNow, Inc. used or caused to be used computer services;

20              2)      TomorrowNow, Inc. did this knowingly and without permission; and

21              3)      Plaintiffs suffered damage or loss by reason of this violation.

22              To establish a claim under section 502(c)(6), Oracle International Corp. and

23 Oracle USA, Inc. must prove all of the following:

24              1)      TomorrowNow, Inc. provided or assisted in providing a means of

25                      accessing a computer, computer system, or computer network in violation

26                      of this section;

27              2)      TomorrowNow, Inc. did this knowingly and without permission; and

28              3)      Plaintiffs suffered damage or loss by reason of this violation.

1

2
          To establish a claim under section 502(c)(7), Oracle International Corp.

3
and Oracle USA, Inc. must prove all of the following:

4
        1)     TomorrowNow, Inc. accessed or caused to be accessed any computer,

5
                computer system, or computer network;

6
        2)     TomorrowNow, Inc. did this knowingly and without permission; and

7
        3)     Plaintiffs suffered damage or loss by reason of this violation.

8

9
Authority: Cal. Penal Code §§ 502(c)(2); 502(c)(3); 502(c)(6); 502(c)(7) ( 2010).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 21-B (Defendants)**

1
2
3
4

## <u>COMPUTER DATA ACCESS AND FRAUD ACT—</u>
## <u>DEFENSE STATUTE OF LIMITATIONS</u>

5    In order to prevail on a Computer Data Access and Fraud claim, a plaintiff must

6    commence a legal action within three years from when the alleged violation took place, or from

7    when the violation was discovered or reasonably should have been discovered.

8    This three-year period sometimes is called the "statute of limitations." Each of

9    the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) claim that Oracle

10   USA, Inc. and Oracle International Corp. failed to commence an action within the three-year

11   statute of limitations period. The defendants have the burden of proving that Oracle USA, Inc.

12   and Oracle International Corp. did not commence an action within the statute of limitations

13   period.

14   If you find that Oracle USA, Inc. and Oracle International Corp. did not

15   commence this action within that three-year period, you may not award any damages with

16   respect to the Computer Data Access and Fraud Act.

17

18   Authority: Cal. Penal Code § 502(e)(5).

19
20
21
22
23
24
25
26
27
28

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 21-C (Defendants)**

## COMPUTER DATA ACCESS AND FRAUD ACT—
## SECONDARY/VICARIOUS LIABILITY

Two of the plaintiffs, Oracle USA, Inc. and Oracle International Corp., claim that they were harmed by a violation of the Computer Data Access and Fraud Act, which is codified at Cal. Penal Code § 502, allegedly committed by defendant TomorrowNow, Inc. and that two of the defendants, SAP America, Inc. and SAP AG, are responsible for and secondarily and/or vicariously liable for this violation because TomorrowNow, Inc. was acting on behalf of SAP America, Inc. and SAP AG when the alleged violation occurred. SAP America, Inc. and SAP AG have denied this claim. Oracle International Corp. and Oracle USA, Inc. have the burden of proving that SAP America, Inc. and SAP AG are responsible and liable for the conduct of the third defendant, TomorrowNow, Inc. To prove their claim that SAP America, Inc. and SAP AG are responsible and liable for any alleged harm caused by the third defendant, TomorrowNow, Inc., Oracle USA, Inc. and Oracle International Corp. must prove all of the following:

1) That TomorrowNow, Inc. has violated the Computer Data Access and Fraud Act; and

2) That SAP America, Inc. and SAP AG directed the conduct of Tomorrow Now, Inc. that supports Oracle USA, Inc. and Oracle International Corp.'s claim for violation of the Computer Data Access and Fraud Act.

Authority: CACI 3701. Tort Liability Asserted Against Principal—Essential Factual Elements (modified); *Calence, LLC v. Dimension Data Holdings*, No. C06-0262RSM, 2007 U.S. Dist. LEXIS 38043, at *16 (W.D. Wash. May 24, 2007).

Case No. 07-CV-01658 PJH (EDL)

1                                            **Proposed Instruction No. 21-D (Defendants)**

2

**COMPUTER DATA ACCESS AND FRAUD ACT—DAMAGES**

3

4             If you find for Plaintiffs Oracle International Corp. and Oracle USA, Inc. on each

5 of their Computer Data Access and Fraud claims, you may award Oracle International Corp. and

6 Oracle USA, Inc. damages.  Oracle International Corp. and Oracle USA, Inc. are entitled to

7 recover compensatory damages suffered as a result of the violation(s).  "Compensatory

8 damages" are limited to any expenditure reasonably and necessarily incurred by the owner or

9 lessee to verify that a computer system, computer network, computer program, or data was or

10 was not altered, damaged, or deleted by the access.

11             Oracle International Corp. and Oracle USA, Inc. must prove damages by a

12 preponderance of the evidence, and it is for you to determine what damages, if any, have been

13 proved.  Your award must be based upon evidence and not upon speculation, guesswork, or

14 conjecture.

15             No Computer Data Access and Fraud Act damages of any type or in any amount

16 may be awarded to Oracle EMEA Limited or Siebel Systems, Inc.

17

18 Authority: Cal. Penal Code § 502(e)(1) (2010).

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# BREACH OF CONTRACT
# ORACLE MODULE

1    **Proposed Instruction No. 22-A (Plaintiffs)**

2
    **<u>BREACH OF CONTRACT, INTERFERENCE</u>**
3
    **<u>AND TRESPASS TO CHATTEL CLAIMS</u>**
4

5           In addition to the claims on which I have instructed you so far, Oracle USA

6    claims that TomorrowNow is liable for breach of contract and trespass to chattels directly, and

7    that SAP AG and SAP America are indirectly liable for TomorrowNow's conduct.  Further,

8    Oracle USA, Oracle International Corporation, and Oracle EMEA claim that TomorrowNow,

9    SAP AG and SAP America are each liable for intentional interference with prospective

10   economic advantage and negligent interference with prospective economic advantage.  I will

11   instruct you on the elements of each of these four claims.  After I have instructed you on the

12   elements of these claims, I will instruct you on the damages you may award to Oracle if you find

13   that Defendants are liable on any of these claims.  At the end, I will instruct you on the law of

14   indirect liability for each of these four claims, as well as for the California Penal Code Section

15   502 claims.

16

17   Authority:  None.  Transitional instruction.

18

19

20

21

22

23

24

25

26

27

28

1     **Proposed Instruction No. 22-B (Plaintiffs)**

2     <u>**BREACH OF CONTRACT**</u>

3

4             Oracle USA claims that, to gain access to Oracle's customer support websites,

5     each user must agree to abide by terms of use for those websites, creating a contract between

6     Oracle USA and the user.  Oracle USA claims that TomorrowNow agreed to these terms of use,

7     but then violated that contract by engaging in conduct that the contract prohibited.  Oracle USA

8     claims that TomorrowNow's breach of contract caused harm for which Defendants should pay.

9             I will now instruct you on the law regarding breach of contract.

10            To recover damages for breach of contract, Oracle USA must prove by a

11    preponderance of the evidence all of the following:

12            1)    Oracle USA and TomorrowNow entered into a contract;

13            2)    Oracle USA did all, or substantially all, of the significant things that the

14                  contract required it to do;

15            3)    All conditions required by the contract for Oracle USA's performance had

16                  occurred;

17            4)    TomorrowNow failed to do something that the contract required, or did

18                  something that the contract prohibited; and

19            5)    Oracle USA was harmed by that failure.

20

21    Authority:  CACI No. 303 (modified)

22

23

24

25

26

27

28

1       **Proposed Instruction No. 22-C (Plaintiffs)**

2

3       <u>**BREACH OF CONTRACT—DEFENSES**</u>

4       <u>**STATUTE OF LIMITATIONS**</u>

5       TomorrowNow asserts as a defense that the statutes of limitations prohibit Oracle

6   USA's breach of contract claims.  Statutes of limitations are laws that provide that a suit is

7   prohibited if a plaintiff does not bring it within a prescribed period of time.  The time period

8   within which the suit must be brought begins when Oracle USA first knew, or should have

9   known that TomorrowNow breached its contracts with Oracle USA.

10      The applicable statutes of limitations period is 4 years.  The statute of limitations

11  does not prohibit recovery of damages that were incurred more than 4 years prior to the filing of

12  suit if Oracle USA was unaware of the breach of contract, and that lack of knowledge was

13  reasonable under the circumstances.  Oracle USA brought this suit on March 22, 2007.

14  TomorrowNow claims that Oracle USA's claims based on PeopleSoft and JD Edwards contracts

15  are barred here because Oracle International Corporation's predecessor, PeopleSoft, knew or

16  should have known by March 22, 2003 that TomorrowNow was in breach of its contracts with

17  PeopleSoft.  Oracle USA asserts that it was unaware of TomorrowNow's breach until 2007.

18      In this case, Oracle USA claims that TomorrowNow continued to engage in

19  breach of contract over time.  If you find that Oracle International Corporation knew or should

20  have known of some of TomorrowNow's breaches of contract before March 22, 2003, but that

21  TomorrowNow committed additional breaches of contract after that date, you should not find for

22  TomorrowNow on this defense.

23      TomorrowNow has the burden of proving the statute of limitations defense.  In

24  other words, TomorrowNow must prove by a preponderance of the evidence that Oracle USA

25  knew or should have known of TomorrowNow's breach of contract prior to March 22, 2003.

26      TomorrowNow's asserted statute of limitations defense does extend to breach of

27  contracts related to the Siebel software or the Siebel SupportWeb terms of use.

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Authority: CACI Instruction No. 338 (modified); *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 706 -707 (9th Cir. 2004); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) ("In a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit.").

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# BREACH OF CONTRACT DEFENDANTS' MODULE

1                                                  **Proposed Instruction No. 22-A (Defendants)**

2

**<u>BREACH OF CONTRACT</u>**

3

4             Oracle USA, Inc. claims that it entered into a contract relating to Oracle USA,

5  Inc.'s customer support websites with TomorrowNow, Inc. on _____.

6             Oracle USA, Inc. also claims that it did all, or substantially all, of the significant

7  things that the contract required it to do, and that all conditions required by the contract for

8  TomorrowNow, Inc.'s performance had occurred.

9             Oracle USA, Inc. also claims that TomorrowNow, Inc. breached that contract by

10  violating certain of the terms of that contract relating to the use of Oracle USA, Inc.'s customer

11  support website.

12             Oracle USA, Inc. also claims that that conduct by TomorrowNow, Inc. has caused

13  it to suffer the following harm: _____.

14             TomorrowNow, Inc. denies that it was or is a party to any such contract

15             In order to prevail in a breach-of-contract claim, a party must prove by a

16  preponderance of the evidence that a contract was formed and that it was thereafter breached.

17

18  Authority: CACI 300 Breach of Contract – Introduction (modified); 302 Contract Formation –

19  Essential Factual Elements (modified); 303 Breach of Contract – Essential Factual Elements

20  (modified).

21

22

23

24

25

26

27

28

1                                                    **Proposed Instruction No. 22-B (Defendants)**

2

3                   **<u>BREACH OF CONTRACT—FORMATION OF CONTRACT</u>**

4              In order to prove that a contract was formed or created, Oracle USA, Inc. must

5   prove all of the following:

6              1)      That the contract terms were clear enough that each of the parties to the

7                      contract could understand what each was required to do;

8              2)      That the parties to the contract agreed to give each other something of

9                      value;

10             3)      A specific offer was communicated to TomorrowNow, Inc. by Oracle

11                     USA; and

12             4)      TomorrowNow, Inc. manifested acceptance to the terms of Oracle USA's

13                     offer.

14             When you examine whether the parties agreed to the terms of the contract, ask

15  yourself if, under the circumstances, a reasonable person would conclude, from the words and

16  conduct of each party, that there was a contract that was created between Oracle USA, Inc., on

17  the one hand, and TomorrowNow, Inc., on the other hand.  You may not consider the parties'

18  hidden intentions.

19             TomorrowNow, Inc. denies that any contracts were formed or created between it

20  and Oracle USA, Inc.

21

22  Authority:  CACI 300 Breach of Contract – Introduction (modified); 302 Contract Formation –

23  Essential Factual Elements (modified); 303 Breach of Contract – Essential Factual Elements

24  (modified).

25

26

27

28

1          **Proposed Instruction No. 22-C (Defendants)**

2          **<u>BREACH OF CONTRACT—ESSENTIAL FACTUAL ELEMENTS</u>**

3

4          In order to recover damages from TomorrowNow, Inc. for breach of contract,

5   Oracle USA, Inc. must prove, by a preponderance of the evidence, all of the following:

6          1)   That Oracle USA, Inc. and TomorrowNow, Inc. entered into a contract;

7          2)   That Oracle USA, Inc. did all, or substantially all, of the significant things

8               that the contract required it to do;

9          3)   That all conditions required by the contract for TomorrowNow, Inc.'s

10              performance had occurred;

11         4)   That TomorrowNow, Inc. failed to do something that the contract required

12              it to do; and

13         5)   That Oracle USA, Inc. was harmed by that failure.

14         For the purposes of this breach of contract claim, "performance" means any

15  activity that a party to a contract must engage in to be released from any past or future liability.

16

17  Authority: CACI 300 Breach of Contract – Introduction (modified); 302 Contract Formation –

18  Essential Factual Elements (modified); 303 Breach of Contract – Essential Factual Elements

19  (modified); Black's Legal Dictionary, Abridged 8th Edition (2005).

20

21

22

23

24

25

26

27

28

1    **Proposed Instruction No. 22-D (Defendants)**

2

**BREACH OF CONTRACT—DEFENSE—STATUTE OF LIMITATIONS**

3

4    In order to prevail on a breach of contract claim, a plaintiff must commence a

5    legal action within four years from when the alleged breach took place, or from when the breach

6    was discovered or reasonably should have been discovered.

7    This four-year period sometimes is called the "statute of limitations." Each of the

8    three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) claim that Oracle

9    USA, Inc. failed to commence an action within the four-year statute of limitations period. The

10   Defendants have the burden of proving that Oracle USA, Inc. did not commence an action within

11   the statute of limitations period.

12   If you find that Oracle USA, Inc. did not commence this action within that four-

13   year period, you may not award any damages with respect to the breach of contract claim.

14

15   Authority: Cal. Code Civ. Proc. § 337 (2010).

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 22-E (Defendants)**

### <u>BREACH OF CONTRACT—DAMAGES</u>

If you decide that Oracle USA, Inc. has proved its claim against TomorrowNow, Inc. for breach of contract, you may award Oracle USA, Inc. compensatory damages for that breach. In order to determine damages, you must decide how much money will compensate Oracle USA, Inc. for the harm caused by the breach. The Court will separately instruct you on the meaning of compensatory damages in this case.

To recover damages for any harm, Oracle USA, Inc. must prove:

1) That the harm was likely to arise in the ordinary course of events from the breach of the contract; or

2) That when the contract was made, both parties could have reasonably foreseen the harm as the probable consequence of the breach.

Oracle USA, Inc. must also prove the amount of its damages. It does not have to prove the exact amount of damages; however, you must not speculate or guess in awarding damages.

Oracle USA, Inc. has made claims against TomorrowNow, Inc. for breach of contract, intentional interference with prospective economic advantage, negligent interference with prospective economic advantage, and trespass to chattels. If you decide that Oracle USA, Inc. has proved any of these claims, in addition to proving its breach of contract claim, the same damages that resulted from more than one claim can only be awarded once.

No breach of contract damages of any type or in any amount may be awarded to Oracle International Corp., Oracle EMEA Limited, or Siebel Systems Inc.

Authority: CACI 350. Introduction to Contract Damages (modified); CACI 361. Plaintiff May Not Recover Duplicate Contract and Tort Damages (modified).

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

# INTERFERENCE
# ORACLE MODULE

1                                      **Proposed Instruction No. 23-A (Plaintiffs)**

2                      **<u>INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE</u>**

3

4              Oracle USA, Oracle International Corporation, and Oracle EMEA claim that one

5   or more of the Defendants wrongfully interfered with their economic relationships with current

6   and prospective purchasers and licensees of Oracle's support services and software.  I will now

7   instruct you on the law regarding intentional and negligent interference with prospective

8   economic advantage.

9

10  Authority:  None.  Transitional instruction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1          **Proposed Instruction No. 23-B (Plaintiffs)**

2     **THEORY OF INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

3

4          Oracle USA, Oracle International Corporation, and Oracle EMEA seek to recover

5     money damages from Defendants, for alleged interference with their prospective economic

6     advantage.  These Plaintiffs contend that Defendants' conduct prevented them from continuing

7     advantageous relationships with current and prospective purchasers and licensees of Oracle's

8     support services and software, and as a result they suffered monetary loss.

9          The law recognizes that everyone has a right to establish and conduct a lawful

10    business, free from unjustified interference, and is entitled to the protection of organized society,

11    through its courts, whenever that right is unlawfully invaded.  Generally speaking, the question

12    for you to decide is whether Defendants invaded any of these Plaintiffs' rights to such an

13    expectancy, and whether, under all of the factors I will instruct you to consider, any such

14    invasion was improper.

15         In these instructions, I will give you the applicable legal principles upon which

16    you are to determine this question.

17

18    Authority: ABA Model Jury Instruction 2.2.1 (Business Torts); *Buxbom v. Smith,* 23 Cal. 2d 535

19    (Cal. 1944).

20

21

22

23

24

25

26

27

28

1        **Proposed Instruction No. 23-C (Plaintiffs)**

2    **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

3

4            Oracle USA, Oracle International Corporation, and Oracle EMEA claim that

5    Defendants intentionally interfered with a relationship between them and current and prospective

6    purchasers and licensees of Oracle's support services and software that probably would have

7    resulted in an economic benefit to one or more of these Plaintiffs.  For these Plaintiffs to

8    establish this claim against any of the Defendants, they must prove all of the following by a

9    preponderance of the evidence with respect to themselves and the particular Defendant:

10           1)      that Oracle USA, Oracle International Corporation, and/or Oracle EMEA

11                   and one or more third parties were in an economic relationship that

12                   probably would have resulted in an economic benefit to the Plaintiff;

13           2)      the defendant knew of the existence of the relationships;

14           3)      the defendant intended to disrupt the relationships;

15           4)      the defendant engaged in wrongful conduct;

16           5)      the relationships were disrupted;

17           6)      Oracle USA Oracle International Corporation, and/or Oracle EMEA were

18                   harmed;

19           7)      the defendant's wrongful conduct was a substantial factor in causing that

20                   harm.

21           If you find that one or more of these Plaintiffs have proved each of these elements

22    by a preponderance of the evidence, then you will consider the question of the amount of money

23    damages under instructions I will give you.

24

25    Authority: BAJI § 7.82; ABA Model Jury Instruction 2.2.2 (Business Torts); B F. O'Malley, J.

26    Grenig & W. Lee, Federal Jury Practice and Instructions §127.01 (5th ed. 2001) (modified).

27

28

1       **Proposed Instruction No. 23-D (Plaintiffs)**

2       <u>**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**</u>

3

4              Oracle USA, Oracle International Corporation, and Oracle EMEA claim that the

5       Defendants negligently interfered with relationships between each of them and current and

6       prospective purchasers and licensees of Oracle's support services and software that probably

7       would have resulted in an economic benefit to one or more of these Plaintiffs.  To establish this

8       claim against any of the Defendants, these Plaintiffs must prove all of the following by a

9       preponderance of the evidence with respect to themselves and the particular Defendant:

10             1)   that Oracle USA, Oracle International Corporation, and/or Oracle EMEA and

11                  one or more third parties were in an economic relationship that probably

12                  would have resulted in an economic benefit to the Plaintiff;

13             2)   the defendant knew or should have known of these relationships;

14             3)   the defendant failed to act with reasonable care;

15             4)   the defendant engaged in wrongful conduct;

16             5)   the relationships were disrupted;

17             6)   Oracle USA, Oracle International Corporation, and/or Oracle EMEA were

18                  harmed;

19             7)   the defendant's wrongful conduct was a substantial factor in causing that

20                  harm.

21             If you find that one or more of these Plaintiffs have proved each of these elements

22      by a preponderance of the evidence, then you will consider the question of the amount of money

23      damages under instructions I will give you.

24

25

26      Authority:  CACI No. 2204 (modified).

27

28

1          **Proposed Instruction No. 23-E (Plaintiffs)**

2

**INTERFERENCE—EXISTENCE OF RELATIONSHIP**

3

4          Oracle USA, Oracle International Corporation, and Oracle EMEA contend that at

5    the time of the Defendants' conduct, they had an expectancy in continuing and advantageous

6    economic relationships with its customers.  You must first determine whether these Plaintiffs had

7    such an expectancy.

8          In determining this question, the expectancy need not be evidenced by a contract

9    or license.  It is sufficient if you find from the evidence that there were either prior dealings or a

10   prior course of conduct between Oracle USA, Oracle International Corporation, and Oracle

11   EMEA and purchasers and licensees of Oracle's support services and software from which there

12   would be a reasonable expectation of future economic benefit.  Oracle USA, Oracle International

13   Corporation, and Oracle EMEA must show this expected benefit with some degree of specificity,

14   such that it is a realistic expectation, but it need not be shown with certainty, because prospective

15   things in nature are necessarily uncertain.  The law requires more than a mere hope or optimism;

16   what is required is a reasonable likelihood or probability.

17

18   Authority: ABA Model Jury Instruction 2.3.1 (Business Torts) (modified).

19

20

21

22

23

24

25

26

27

28

1       **Proposed Instruction No. 23-F (Plaintiffs)**

2                            <u>**INTERFERENCE—KNOWLEDGE**</u>

3

4                To find in favor of Oracle USA, Oracle International Corporation, and/or Oracle

5    EMEA, you must also find that the Defendants were aware of the Plaintiff's expectancy and/or

6    economic relationships.  To have knowledge means that the Defendants had information

7    concerning that expectancy, which was discovered by the Defendants or was brought to their

8    attention by others.

9                In this regard, knowledge may be found to exist if, from the facts and

10   circumstances of which the Defendants had knowledge, the Defendants should have known of

11   the existence of such expectancy.

12

13   Authority: ABA Model Jury Instruction 2.4.1 (Business Torts) (modified).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 23-G (Plaintiffs)**

2

3                    <u>**INTERFERENCE—CAUSATION**</u>

4          You, the jury, must determine whether any of the Defendants were responsible for

5    preventing Oracle USA, Oracle International Corporation, and/or Oracle EMEA from entering

6    into or continuing relationships with current and prospective purchasers and licensees of Oracle's

7    support services and software.  In other words, you must decide whether, except for interference

8    by one or more of the Defendants, there was a substantial probability that support customers

9    would have initiated, renewed or expanded support contracts and software licenses with one or

10   more of these Plaintiffs.

11         You may deem the conduct of one or more of the Defendants to have been

12   responsible for Oracle USA's, Oracle International Corporation's, or Oracle EMEA's failure to

13   enter into or continue the relationships above if the Defendant's conduct was a substantial factor

14   in causing purchasers and licensees of Oracle's support services and software not to enter into or

15   continue relationships with Oracle USA, Oracle International Corporation and/or Oracle EMEA.

16

17   Authority: ABA Model Jury Instructions 2.5.1-2.5.2 (Business Torts) (modified)

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 23-H (Plaintiffs)**

2          **INTENTIONAL INTERFERENCE—INTENT**

3

4          Oracle USA, Oracle International Corporation, and Oracle EMEA claim that the

5    Defendants intentionally interfered with their prospective economic advantage.  Conduct is

6    intentional if done with the desire to interfere with the current and prospective relationships of

7    one or more of these Plaintiffs or with the belief that interference is substantially certain to result.

8    If you find that one or more of the Defendants' conduct was not intentional, then you must find

9    for that Defendant on Oracle USA's, Oracle International Corporation's, and Oracle EMEA's

10   claims for intentional interference.

11         Intent ordinarily may not be proved directly, because there is no way of

12   scrutinizing the operations of the human mind.  You may infer a person's intent from conduct

13   substantially certain to interfere with the business expectation of one or more of these Plaintiffs,

14   but you are not required to infer it and should consider all of the circumstances.  You may

15   consider any statements made or acts done or omitted by a party whose intent is an issue, and all

16   of the facts and circumstances that indicate the party's state of mind.  Furthermore, in

17   determining the Defendants' intention, the law assumes that every person intends the natural

18   consequences of one's knowingly done acts.  Thus, if you find that the conduct of one or more of

19   the Defendants was knowingly done or knowingly omitted, you may draw the inference and find,

20   unless the contrary appears from the evidence, that the Defendant intended all of the natural and

21   probable consequences of that conduct.

22

23   Authority: ABA Model Jury Instructions 2.6.1-6.2 (Business Torts) (modified).

24

25

26

27

28

1  **Proposed Instruction No. 23-I (Joint)**

2  **<u>NEGLIGENT INTERFERENCE—REASONABLE CARE</u>**

3

4     Oracle USA, Oracle International Corporation, and Oracle EMEA claim that one

5  or more of the Defendants negligently interfered with their prospective economic advantage.

6  Negligence is the failure to use reasonable care to prevent harm to oneself or to others.  An entity

7  can be negligent by acting or by failing to act.  An entity is negligent if it does or did something

8  that a reasonably careful person or entity would not do in the same situation or fails to do

9  something that a reasonably careful person or entity would do in the same situation.

10    You must decide how a reasonably careful entity or person would have acted in

11 the Defendant's situation.

12

13 Authority:  CACI No. 401 (modified).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13

# INTERFERENCE ORACLE MODULE (CONTINUED)

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Instruction No. 23-J (Plaintiffs)**

### INTERFERENCE—WRONGFUL CONDUCT

"Wrongful conduct" is conduct that is wrongful separate and apart from the fact that the conduct interfered with or disrupted the economic relationships between Oracle USA, Oracle International Corporation, and/or Oracle EMEA and their current and/or future customers, and is wrongful in the sense that the conduct violated a statute, regulation or common law duty.  Examples of statutory violations include violation of the Federal Computer Fraud and Abuse Act, or the California Penal Code, on which I have instructed you previously.  Conduct may also be considered wrongful if it violates the Unfair Competition Law, on which I will instruct you later.  Conduct may also be considered wrongful if it represents a breach of contract, or trespass to chattels, on which I will also instruct you later.

Authority:  BAJI § 7.86.1; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158-59 (Cal. 2003); *Della Penna v. Toyota Motor Sales, USA, Inc.*, 11 Cal. 4th 376, 392-93 (Cal. 1995).

1    **Proposed Instruction No. 23-K (Plaintiffs)**

2    <u>**INTERFERENCE DEFENSES—STATUTE OF LIMITATIONS**</u>

3

4    Defendants assert as a defense that the statutes of limitations prohibit Oracle

5    USA's, Oracle International Corporation's, and Oracle EMEA's interference claims.  Statutes of

6    limitations are laws that provide that a suit is prohibited if a plaintiff does not bring it within a

7    prescribed period of time.  The time period within which the suit must be brought begins when

8    Oracle International Corporation, Oracle USA and Oracle EMEA first knew, or should have

9    known of TomorrowNow, SAP AG and SAP America's intentional or negligent interference.

10    The applicable statutes of limitations period is 2 years.  The statute of limitations

11    does not prohibit recovery of damages that were incurred more than 2 years prior to the filing of

12    suit if the plaintiffs were unaware of the interference, and that lack of knowledge was reasonable

13    under the circumstances.  Oracle International Corporation, Oracle USA and Oracle EMEA

14    brought this suit on March 22, 2007.  TomorrowNow, SAP AG and SAP America each claim

15    that Oracle International Corporation, Oracle USA and Oracle EMEA's suits are barred here

16    because Oracle International Corporation, Oracle USA and Oracle EMEA knew or should have

17    known more than 2 years before bringing this suit on March 22, 2007 that TomorrowNow, SAP

18    AG and SAP America were each interfering with Oracle International Corporation, Oracle USA

19    and Oracle EMEA's prospective economic advantage.  Oracle International Corporation, Oracle

20    USA and Oracle EMEA assert that they were unaware TomorrowNow, SAP AG and SAP

21    America's intentional or negligent interference until 2007.

22    In this case, Oracle International Corporation, Oracle USA and Oracle EMEA

23    claim that TomorrowNow, SAP AG and SAP America each engaged in continuing acts of

24    interference over time.  If you find that Oracle International Corporation, Oracle USA and Oracle

25    EMEA knew or should have known of some of TomorrowNow, SAP AG and SAP America's

26    acts of interference before March 22, 2005, but that TomorrowNow, SAP AG and SAP America

27    committed additional acts after that date, you should not find for TomorrowNow, SAP AG or

28    SAP America on this defense.

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

TomorrowNow, SAP AG and SAP America have the burden of proving the statute of limitations defense.  In other words, TomorrowNow, SAP AG and SAP America must each prove by a preponderance of the evidence that Oracle International Corporation, Oracle USA and Oracle EMEA knew or should have known of TomorrowNow, SAP AG and SAP America's acts of intentional or negligent interference prior to March 22, 2005.

TomorrowNow, SAP AG and SAP America's asserted statute of limitations defense does extend to intentional or negligent interference related to the Oracle's Siebel or Database software customers.

Authority: Cal. Code Civ. Proc. § 339 (2010); *Polar Bear Productions, Inc. v. Timex Corp.*, 384 F.3d 700, 706 -707 (9th Cir. 2004); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th Cir. 1994) ("In a case of continuing copyright infringements, an action may be brought for all acts that accrued within the three years preceding the filing of the suit.").

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13

# INTEFERENCE
# DEFENDANTS' MODULE

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Instruction No. 23-A (Defendants)**

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE (PLAINTIFF ORACLE USA, INC.)

Oracle USA, Inc. claims that TomorrowNow, Inc. intentionally interfered with economic relationships between Oracle USA, Inc. and customers that probably would have resulted in an economic benefit to Oracle USA, Inc.  To establish this claim, Oracle USA, Inc. must prove all of the following for each such customer:

      1)     That Oracle USA, Inc. and a customer were in an economic relationship that probably would have resulted in an economic benefit to Oracle USA, Inc.;

      2)     That TomorrowNow, Inc. knew of the relationship;

      3)     That TomorrowNow, Inc. intended to disrupt the relationship;

      4)     That TomorrowNow, Inc. engaged in independent wrongful conduct;

      5)     That the relationship was disrupted;

      6)     That Oracle USA, Inc. was harmed; and

      7)     That TomorrowNow, Inc.'s wrongful conduct was a substantial factor in causing Oracle USA, Inc.'s harm.

Authority: CACI 2202.  Intentional Interference With Prospective Economic Advantage (modified).

1                                              **Proposed Instruction No. 23-B (Defendants)**

2    **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

3                    **(PLAINTIFF ORACLE INTERNATIONAL CORP.)**

4

5                    Oracle International Corp. claims that TomorrowNow, Inc. intentionally

6    interfered with economic relationships between it and customers that probably would have

7    resulted in an economic benefit to Oracle International Corp.  To establish this claim, Oracle

8    International Corp. must prove all of the following for each such customer:

9              1)        That Oracle International Corp. and a customer were in an economic

10                       relationship that probably would have resulted in an economic benefit to

11                       Oracle International Corp.;

12             2)        That TomorrowNow, Inc. knew of the relationship;

13             3)        That TomorrowNow, Inc. intended to disrupt the relationship;

14             4)        That TomorrowNow, Inc. engaged in independent wrongful conduct;

15             5)        That the relationship was disrupted;

16             6)        That Oracle International Corp. was harmed; and

17             7)        That TomorrowNow, Inc.'s wrongful conduct was a substantial factor in

18                       causing Oracle International Corp.'s harm.

19

20   Authority: CACI 2202.  Intentional Interference With Prospective Economic Advantage

21   (modified).

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1

**Proposed Instruction No. 23-C (Defendants)**

2

3

**INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**

**(PLAINTIFF ORACLE EMEA LIMITED)**

4

5

Oracle EMEA Limited claims that TomorrowNow, Inc. intentionally interfered

6

with economic relationships between it and customers that probably would have resulted in an

7

economic benefit to Oracle EMEA Limited.  To establish this claim, Oracle EMEA Limited must

8

prove all of the following for each such customer:

9              1)     That Oracle EMEA Limited and a customer were in an economic

10                         relationship that probably would have resulted in an economic benefit to

11                         Oracle EMEA Limited;

12              2)     That TomorrowNow, Inc. knew of the relationship;

13              3)     That TomorrowNow, Inc. intended to disrupt the relationship;

14              4)     That TomorrowNow, Inc. engaged in independent wrongful conduct;

15              5)     That the relationship was disrupted;

16              6)     That Oracle EMEA Limited was harmed; and

17              7)     That TomorrowNow, Inc.'s wrongful conduct was a substantial factor in

18                         causing Oracle EMEA Limited's harm.

19

20

Authority: CACI 2202.  Intentional Interference With Prospective Economic Advantage

21

(modified).

22

23

24

25

26

27

28

1          **Proposed Instruction No. 23-D (Defendants)**

2          **<u>INTERFERENCE—WRONGFUL CONDUCT</u>**

3

4          "Wrongful conduct" is conduct that is independently wrongful separate and apart

5    from the fact that the conduct interfered with or disrupted an economic relationship.

6          Oracle USA, Inc., Oracle International Corp. and Oracle EMEA Limited must

7    prove, by a preponderance of the evidence, that TomorrowNow, Inc. engaged in conduct that

8    was independently wrongful in the sense that the conduct violated a state or federal statute,

9    constituted breach of a legal duty, or involved the commission of a tort.

10

11   Authority:  *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1158-59 (Cal. 2003).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1                                                **Proposed Instruction No. 23-E (Defendants)**

2

                         **INTENTIONAL INTERFERENCE—CAUSATION**

3

4             A substantial factor in causing harm is a factor that a reasonable person would

5 consider to have contributed to the harm.  It must be more than a remote or trivial factor.  It does

6 not have to be the only cause of harm.  Conduct is not a substantial factor in causing harm if the

7 same harm would have occurred without that conduct.

8

9 Authority: CACI 430.  Causation: Substantial factor ("The first sentence of the instruction

10 accounts for the "but for" concept.  Conduct does not "contribute" to harm if the same harm

11 would have occurred without such conduct.")

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1    **Proposed Instruction No. 23-F (Defendants)**

2    **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**

3    **ADVANTAGE—DEFENSE—NO CALIFORNIA CLAIM**

4

5    To recover under a claim for intentional interference with prospective economic

6    advantage under California law, an out-of-state plaintiff must demonstrate one of the following:

7        1)     It sustained injuries in California; or

8        2)     The conduct giving rise to liability occurred in California.

9    If the complained-of conduct and injuries occurred primarily outside California,

10   then the plaintiff's claim must fail, even if some complained-of conduct or injuries occurred in

11   California.

12   Each of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP

13   AG) claims that Oracle EMEA Limited is an out-of-state plaintiff that did not sustain injuries in

14   California and whose claim for intentional interference with prospective economic advantage is

15   not based on conduct that occurred in California.  Oracle EMEA Limited has the burden to prove

16   that its injuries resulting from any defendants' alleged intentional interference with prospective

17   economic advantage occurred primarily in California, or that the conduct that constituted the

18   alleged intentional interference occurred primarily in California.

19   If you find that Oracle EMEA Limited's alleged injuries occurred primarily

20   outside of California and that the conduct on which Oracle EMEA Limited's intentional

21   interference claim occurred primarily outside of California, then you may not award any

22   damages with respect to the intentional interference claim.

23

24   Authority: *Standfacts Credit Serv. Inc. v. Experian Info.  Solutions*, 405 F. Supp. 2d 1141, 1148

25   (C.D. Cal. 2005); *Tidenberg v. Bidz.com*, No. CV 08-5553 PSG (FMOx), 2009 U.S. Dist. LEXIS

26   21916, at *11-13 (C.D. Cal. Mar. 4, 2009); *Speyer v. Avis Rent a Car Sys., Inc.*, 415 F. Supp. 2d

27   1090, 1099 (S.D. Cal. 2005); *Arabian v. Sony Elec. Inc.*, No. 05-CV-1741 WGH (NLS), 2007

28   U.S. Dist. LEXIS 12715, at *32 (S.D. Cal. Feb. 22, 2007).

**Proposed Instruction No. 23-G (Defendants)**

## <u>INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE</u>
## <u>DEFENSE—STATUTE OF LIMITATIONS</u>

In order to prevail on an intentional interference with prospective economic advantage claim, a plaintiff must commence a legal action within two years from when the alleged interference took place, or from when the interference was discovered or reasonably should have been discovered.

This two-year period sometimes is called the "statute of limitations." Each of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) claim that Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited failed to commence an action within the two-year statute of limitations period. The Defendants have the burden of proving that Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited did not commence an action within the statute of limitations period.

If you find that Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited did not commence this action within that two-year period, you may not award any damages with respect to the intentional interference claim.

Authority: Cal. Code Civ. Proc. § 339 (2010).

Case No. 07-CV-01658 PJH (EDL)

JOINT PROPOSED JURY INSTRUCTIONS

1          **Proposed Instruction No. 23-H (Defendants)**

2

3          **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**

           **ADVANTAGE—DAMAGES (PLAINTIFF ORACLE USA, INC.)**

4

5                   To recover compensatory damages for profits lost due to TomorrowNow, Inc.'s

6      intentional interference with Oracle USA, Inc.'s prospective economic advantage, Oracle USA,

7      Inc. must prove that it is reasonably certain that it would have earned profits but for

8      TomorrowNow, Inc.'s conduct.  The Court will separately instruct you on the meaning of

9      compensatory damages in this case.

10                  The amount of lost profits need not be calculated with mathematical precision, but

11     there must be a reasonable basis for computing the loss.

12                  To the extent that you award any damages for intentional interference with

13     prospective economic advantage, you may not award damages for the same conduct under the

14     negligent interference with prospective economic advantage claim.

15

16     Authority: CACI 3903N.  Lost Profits (Economic Damages) (modified).

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 23-I (Defendants)**

2

**<u>INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC</u>**

3

**<u>ADVANTAGE—DAMAGES (PLAINTIFF ORACLE INTERNATIONAL CORP.)</u>**

4

5      To recover compensatory damages for profits lost due to TomorrowNow, Inc.'s

6   intentional interference with Oracle International Corp.'s prospective economic advantage,

7   Oracle International Corp. must prove that it is reasonably certain that it would have earned

8   profits but for TomorrowNow, Inc.'s conduct.  The Court will separately instruct you on the

9   meaning of compensatory damages in this case.

10      The amount of lost profits need not be calculated with mathematical precision, but

11   there must be a reasonable basis for computing the loss.

12      To the extent that you award any damages for intentional interference with

13   prospective economic advantage, you may not award damages for the same conduct under the

14   negligent interference with prospective economic advantage claim.

15

16   Authority: CACI 3903N.  Lost Profits (Economic Damages) (modified).

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1          **Proposed Instruction No. 23-J (Defendants)**

2

3          **INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC**

4          **ADVANTAGE—DAMAGES (PLAINTIFF ORACLE  EMEA LIMITED)**

5                  To recover compensatory damages for profits lost due to TomorrowNow, Inc.'s

6      intentional interference with Oracle EMEA Limited's prospective economic advantage, Oracle

7      EMEA Limited must prove that it is reasonably certain that it would have earned profits but for

8      TomorrowNow, Inc.'s conduct.  The Court will separately instruct you on the meaning of

9      compensatory damages in this case.

10                 The amount of lost profits need not be calculated with mathematical precision, but

11     there must be a reasonable basis for computing the loss.

12                 To the extent that you award any damages for intentional interference with

13     prospective economic advantage, you may not award damages for the same conduct under the

14     negligent interference with prospective economic advantage claim.

15

16     Authority: CACI 3903N.  Lost Profits (Economic Damages) (modified).

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 23-K (Defendants)**

<u>**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**</u>

<u>**(PLAINTIFF ORACLE USA, INC.)**</u>

Oracle USA, Inc. claims that TomorrowNow, Inc. negligently interfered with economic relationships between it and customers that probably would have resulted in an economic benefit to Oracle USA, Inc.  To establish this claim, Oracle USA, Inc. must prove all of the following for each such customer:

1) That Oracle USA, Inc. and a customer were in an economic relationship that probably would have resulted in a future economic benefit to Oracle USA;

2) That TomorrowNow, Inc. knew or should have known of this relationship;

3) That TomorrowNow, Inc. knew or should have known that this relationship would be disrupted if they failed to act with reasonable care;

4) That TomorrowNow, Inc. failed to act with reasonable care;

5) That TomorrowNow, Inc. engaged in independent wrongful conduct;

6) That the relationship was disrupted;

7) That Oracle USA, Inc. was harmed;

8) That TomorrowNow, Inc.'s wrongful conduct was a substantial factor in causing Oracle USA's harm.; and

9) That Oracle USA, Inc. and TomorrowNow, Inc. shared a special relationship such that TomorrowNow, Inc. had a duty to Oracle USA, Inc.. To establish the existence of a "special relationship," Oracle USA, Inc. must prove that the following factors weigh in favor of finding such a relationship: (1) the extent to which the transaction was intended to affect Oracle USA, Inc., (2) the foreseeability of harm to Oracle USA, Inc., (3) the degree of certainty that Oracle USA, Inc. suffered injury, (4) the closeness of the connection between TomorrowNow, Inc.'s conduct and

the injury suffered, (5) the moral blame attached to TomorrowNow, Inc.'s conduct, and (6) the policy of preventing future harm.

Authority: CACI 2204 Negligent Interference With Prospective Economic Advantage (modified); *Avago Techs U.S., Inc. v. Venture Corp. Ltd.*, No. C 08-03248 JW, 2008 WL 5383367, at *6 (N.D. Cal. Dec. 22, 2008).

1                                                    **Proposed Instruction No. 23-L (Defendants)**

2      <u>**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE**</u>

3                    <u>**(PLAINTIFF ORACLE INTERNATIONAL CORP.)**</u>

4

5              Oracle International Corp. claims that TomorrowNow, Inc. negligently interfered

6      with economic relationships between it and customers that probably would have resulted in an

7      economic benefit to Oracle International Corp.  To establish this claim, Oracle International

8      Corp. must prove all of the following for each such customer:

9

10             1)     That Oracle International Corp. and a customer were in an economic

11                    relationship that probably would have resulted in a future economic

12                    benefit to Oracle International Corp.;

13             2)     That TomorrowNow, Inc. knew or should have known of this relationship;

14             3)     That TomorrowNow, Inc. knew or should have known that this

15                    relationship would be disrupted if they failed to act with reasonable care;

16             4)     That TomorrowNow, Inc. failed to act with reasonable care;

17             5)     That TomorrowNow, Inc. engaged in independent wrongful conduct;

18             6)     That the relationship was disrupted;

19             7)     That Oracle International Corp. was harmed;

20             8)     That TomorrowNow, Inc.'s wrongful conduct was a substantial factor in

21                    causing Oracle International Corp.'s harm.; and

22             9)     That Oracle International Corp. and TomorrowNow, Inc. shared a special

23                    relationship such that TomorrowNow, Inc. had a duty to Oracle

24                    International Corp.  To establish the existence of such a "special

25                    relationship," Oracle International Corp. must prove that the following

26                    factors weigh in favor of finding such a relationship: (1) the extent to

27                    which the transaction was intended to affect Oracle International Corp.,

28                    (2) the foreseeability of harm to Oracle International Corp., (3) the degree

                                            167

1
2
3
4
5

of certainty that Oracle International Corp. suffered injury, (4) the closeness of the connection between TomorrowNow, Inc.'s conduct and the injury suffered, (5) the moral blame attached to TomorrowNow, Inc.'s conduct, and (6) the policy of preventing future harm.

6
7
8
9

Authority: CACI 2204 Negligent Interference With Prospective Economic Advantage (modified); *Avago Techs U.S., Inc. v. Venture Corp. Ltd.*, No. C 08-03248 JW, 2008 WL 5383367, at *6 (N.D. Cal. Dec. 22, 2008).

10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

**Proposed Instruction No. 23-M (Defendants)**

<u>NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE</u>

<u>(PLAINTIFF ORACLE EMEA LIMITED)</u>

Oracle EMEA Limited claims that TomorrowNow, Inc. negligently interfered with economic relationships between it and customers that probably would have resulted in an economic benefit to Oracle EMEA Limited. To establish this claim, Oracle EMEA Limited must prove all of the following for each such customer:

1) That Oracle EMEA Limited and a customer were in an economic relationship that probably would have resulted in a future economic benefit to Oracle EMEA Limited;

2) That TomorrowNow, Inc. knew or should have known of this relationship;

3) That TomorrowNow, Inc. knew or should have known that this relationship would be disrupted if they failed to act with reasonable care;

4) That TomorrowNow, Inc. failed to act with reasonable care;

5) That TomorrowNow, Inc. engaged in independent wrongful conduct;

6) That the relationship was disrupted;

7) That Oracle EMEA Limited was harmed;

8) That TomorrowNow, Inc.'s wrongful conduct was a substantial factor in causing Oracle EMEA Limited's harm.; and

9) That Oracle EMEA Limited and TomorrowNow, Inc. shared a special relationship such that TomorrowNow, Inc. had a duty to Oracle EMEA Limited. To establish the existence of a "special relationship," Oracle EMEA Limited must prove that the following factors weigh in favor of finding such a relationship: (1) the extent to which the transaction was intended to affect Oracle EMEA Limited, (2) the foreseeability of harm to Oracle EMEA Limited, (3) the degree of certainty that Oracle EMEA Limited suffered injury, (4) the closeness of the connection between

JOINT PROPOSED JURY INSTRUCTIONS

1

2          TomorrowNow, Inc.'s conduct and the injury suffered, (5) the moral

3          blame attached to TomorrowNow, Inc.'s conduct, and (6) the policy of

4          preventing future harm.

5

6    Authority: CACI 2204  Negligent Interference With Prospective Economic Advantage

7    (modified).

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                      **Proposed Instruction No. 23-N (Defendants)**

2       <u>**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE—**</u>
3                              <u>**DEFENSE—NO CALIFORNIA CLAIM**</u>
4

5              To recover under a claim for negligent interference with prospective economic

6       advantage under California law, an out-of-state plaintiff must demonstrate one of the following:

7                     1)      It sustained injuries in California; or

8                     2)      The conduct giving rise to liability occurred in California.

9              If the complained-of conduct and injuries occurred primarily outside California,

10      then the plaintiff's claim must fail, even if some complained-of conduct or injuries occurred in

11      California.

12             Each of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP

13      AG) claims that Oracle EMEA Limited is an out-of-state plaintiff that did not sustain injuries in

14      California and whose claim for negligent interference with prospective economic advantage is

15      not based on conduct that occurred in California. Oracle EMEA Limited has the burden to prove

16      that its injuries resulting from any defendants' alleged negligent interference with prospective

17      economic advantage occurred primarily in California, or that the conduct that constituted the

18      alleged negligent interference occurred primarily in California.

19             If you find that Oracle EMEA Limited's alleged injuries occurred primarily

20      outside of California and that the conduct on which Oracle EMEA Limited's negligent

21      interference claim occurred primarily outside of California, then you may not award any

22      damages with respect to the negligent interference claim.

23

24      Authority: *Standfacts Credit Serv. Inc. v. Experian Info. Solutions*, 405 F. Supp. 2d 1141, 1148

25      (C.D. Cal. 2005); *Tidenberg v. Bidz.com*, No. CV 08-5553 PSG (FMOx), 2009 U.S. Dist. LEXIS

26      21916, at *11-13 (C.D. Cal. Mar. 4, 2009); *Speyer v. Avis Rent a Car Sys., Inc.*, 415 F. Supp. 2d

27      1090, 1099 (S.D. Cal. 2005); *Arabian v. Sony Elec. Inc.*, No. 05-CV-1741 WGH (NLS), 2007

28      U.S. Dist. LEXIS 12715, at *32 (S.D. Cal. Feb. 22, 2007).

1          **Proposed Instruction No. 23-O (Defendants)**

2

3    **NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE—**

4    **DEFENSE—STATUTE OF LIMITATIONS**

5          In order to prevail on a negligent interference with prospective economic

6    advantage claim, a plaintiff must commence a legal action within two years from when the

7    alleged interference took place, or from when the interference was discovered or reasonably

8    should have been discovered.

9          This two-year period sometimes is called the "statute of limitations."  Each of the

10   three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) claim that Oracle

11   USA, Oracle International Corp., and Oracle EMEA Limited failed to commence an action

12   within the two-year statute of limitations period.  The defendants have the burden of proving that

13   Oracle USA, Oracle International Corp., and Oracle EMEA Limited did not commence an action

14   within the statute of limitations period.

15         If you find that Oracle USA, Oracle International Corp., and Oracle EMEA

16   Limited did not commence this action within that two-year period, you may not award any

17   damages with respect to the negligent interference claim.

18

19   Authority: Cal. Code Civ. Proc. § 339 (2010).

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 23-P (Defendants)**

2

3

**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE—**

**DAMAGES (PLAINTIFF ORACLE USA, INC.)**

4

5         To recover compensatory damages for profits lost due to TomorrowNow, Inc.'s

6   negligent interference with Oracle USA, Inc.'s prospective economic advantage, Oracle USA,

7   Inc. must prove that it is reasonably certain that it would have earned profits but for

8   TomorrowNow, Inc.'s conduct.  The Court will separately instruct you on the meaning of

9   compensatory damages in this case.

10         The amount of lost profits need not be calculated with mathematical precision, but

11   there must be a reasonable basis for computing the loss.

12         To the extent that you award any damages for intentional interference with

13   prospective economic advantage, you may not award damages for the same conduct under the

14   negligent interference with prospective economic advantage claim.

15

16   Authority: CACI 3903N.  Lost Profits (Economic Damages) (modified).

17

18

19

20

21

22

23

24

25

26

27

28

1 **Proposed Instruction No. 23-Q (Defendants)**

2
3 <u>**NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE—**</u>
<u>**DAMAGES (PLAINTIFF ORACLE INTERNATIONAL CORP.)**</u>

4

5       To recover compensatory damages for profits lost due to TomorrowNow, Inc.'s

6 negligent interference with Oracle International Corp.'s prospective economic advantage, Oracle

7 International Corp. must prove that it is reasonably certain that it would have earned profits but

8 for TomorrowNow, Inc.'s conduct. The Court will separately instruct you on the meaning of

9 compensatory damages in this case.

10       The amount of lost profits need not be calculated with mathematical precision, but

11 there must be a reasonable basis for computing the loss.

12       To the extent that you award any damages for intentional interference with

13 prospective economic advantage, you may not award damages for the same conduct under the

14 negligent interference with prospective economic advantage claim.

15

16 Authority: CACI 3903N. Lost Profits (Economic Damages) (modified).

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 23-R (Defendants)**

2

<u>NEGLIGENT INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE—</u>

3

<u>DAMAGES (PLAINTIFF ORACLE EMEA LIMITED)</u>

4

5            To recover compensatory damages for profits lost due to TomorrowNow, Inc.'s

6    negligent interference with Oracle EMEA Limited's prospective economic advantage, Oracle

7    EMEA Limited must prove that it is reasonably certain that it would have earned profits but for

8    TomorrowNow, Inc.'s conduct.  The Court will separately instruct you on the meaning of

9    compensatory damages in this case.

10           The amount of lost profits need not be calculated with mathematical precision, but

11   there must be a reasonable basis for computing the loss.

12           To the extent that you award any damages for intentional interference with

13   prospective economic advantage, you may not award damages for the same conduct under the

14   negligent interference with prospective economic advantage claim.

15

16   Authority: CACI 3903N.  Lost Profits (Economic Damages) (modified).

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13

# TRESPASS TO CHATTELS
# ORACLE MODULE

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1                                              **Proposed Instruction No. 24-A (Plaintiffs)**

2

                              **<u>TRESPASS TO CHATTELS</u>**

3

4          Oracle USA claims that TomorrowNow wrongfully trespassed on its access-

5 restricted, internet-based customer support websites, computer systems and computer networks,

6 which are Oracle USA's personal property.  To establish this claim, Oracle USA must prove the

7 following:

8               1)     That Oracle USA owned the customer support websites, computer systems

9                       and computer networks;

10              2)     That TomorrowNow intentionally and without authorization interfered

11                       with Oracle USA's use or possession of the customer support websites,

12                       computer systems and computer networks; and,

13              3)     That TomorrowNow's unauthorized trespass and interference was a

14                       substantial factor in causing damage to Oracle USA.

15

16 Authority: CACI Instruction No. 2101 (modified); *eBay, Inc. v. Bidder's Edge*, 100 F. Supp. 2d

17 1058, 1069-70 (N.D. Cal. 2000) ("In order to prevail on a claim for trespass based on accessing a

18 computer system, the plaintiff must establish: (1) defendant intentionally and without

19 authorization interfered with plaintiff's possessory interest in the computer system; and (2)

20 defendant's unauthorized use proximately resulted in damage to plaintiff.") (internal citations

21 omitted).

22

23

24

25

26

27

28

1                                                      **Proposed Instruction No. 24-B (Plaintiffs)**

2

### TRESPASS TO CHATTELS—DEFENSES

3

### STATUTE OF LIMITATIONS

4

5           TomorrowNow asserts as a defense that the statutes of limitations prohibit Oracle

6 USA's trespass to chattels claims.  Statutes of limitations are laws that provide that a suit is

7 prohibited if a plaintiff does not bring it within a prescribed period of time.   The time period

8 within which the suit must be brought begins when Oracle USA first knew, or should have

9 known that TomorrowNow wrongfully trespassed on its access-restricted, internet-based

10 customer support websites, computer systems and computer networks.

11           The applicable statutes of limitations period is 3 years.  The statute of limitations

12 does not prohibit recovery of damages that were incurred more than 3 years prior to the filing of

13 suit if Oracle USA was unaware of the trespass, and that lack of knowledge was reasonable

14 under the circumstances.  Oracle USA brought this suit on March 22, 2007.  TomorrowNow

15 claims Oracle USA's suit is barred here because Oracle USA knew or should have known more

16 than 3 years before bringing this suit on March 22, 2007 that TomorrowNow was wrongfully

17 trespassing on its access-restricted, internet-based customer support websites, computer systems

18 and computer networks.  Oracle USA asserts that it was unaware of TomorrowNow's trespass to

19 chattels until 2007.

20           In this case, Oracle USA claims that TomorrowNow engaged in continuing acts

21 of wrongful trespass over time.  If you find that Oracle USA knew or should have known of

22 some of TomorrowNow's acts of trespass before March 22, 2004, but that TomorrowNow

23 committed additional acts of trespass after that date, you should not find for TomorrowNow on

24 this defense.

25           TomorrowNow has the burden of proving the statute of limitations defense.  In

26 other words, TomorrowNow must prove by a preponderance of the evidence that Oracle USA

27 knew or should have known of TomorrowNow's trespass prior to March 22, 2004.

28           TomorrowNow's asserted statute of limitations defense does not relate to any

1

trespass on Oracle's Siebel SupportWeb website.

2

3

4

Authority: CACI Instruction No. 2030 (modified); *Polar Bear Productions, Inc. v. Timex Corp.*,

5

384 F.3d 700, 706 -707 (9th Cir. 2004); *Roley v. New World Pictures, Ltd.*, 19 F.3d 479, 481 (9th

6

Cir. 1994) ("In a case of continuing copyright infringements, an action may be brought for all

7

acts that accrued within the three years preceding the filing of the suit.").

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

# TRESPASS TO CHATTELS DEFENDANTS' MODULE

1          **Proposed Instruction No. 24-A (Defendants)**

2                           **<u>TRESPASS TO CHATTELS</u>**

3

4          Oracle USA, Inc. claims that TomorrowNow, Inc. wrongfully trespassed on its

5   personal property.  To establish this claim, Oracle USA, Inc. must prove all of the following:

6          1)    That Oracle USA, Inc. owned, possessed, or had a right to possess

7                customer support websites, access-restricted internet-based support

8                systems, or the copies of Software and Support Materials on those support

9                systems;

10         2)    That TomorrowNow, Inc. intentionally and without authorization

11               interfered with Oracle USA's customer support websites, internet-based

12               support systems, or the copies of Software and Support Materials on those

13               support systems;

14         3)    That TomorrowNow, Inc. damaged this personal property;

15         4)    That Oracle USA, Inc. did not consent to TomorrowNow, Inc.'s

16               interference;

17         5)    That Oracle USA, Inc. was harmed; and

18         6)    That TomorrowNow, Inc.'s conduct was a substantial factor in causing

19               Oracle USA's harm.

20

21   Authority: CACI 2101 Trespass to Chattels – Essential Factual Elements (modified); *Intel v.*

22   *Hamidi*, 30 Cal. 4th 1342, 1348 (Cal. 2003).

23

24

25

26

27

28

1    **Proposed Instruction No. 24-B (Defendants)**

2

3    **TRESPASS TO CHATTELS—STATUTE OF LIMITATIONS**

4              In order to prevail on a trespass to chattels claim, a plaintiff must commence a

5    legal action within three years from when the alleged trespass took place, or from when the

6    trespass was discovered or reasonably should have been discovered.

7              This three-year period sometimes is called the "statute of limitations."  Each of

8    the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) claim that Oracle

9    USA, Inc. failed to commence an action within the three-year statute of limitations period.  The

10   defendants have the burden of proving that Oracle USA, Inc. did not commence an action within

11   the statute of limitations period.

12             If you find that Oracle USA, Inc. did not commence this action within that three-

13   year period, you may not award any damages with respect to the trespass claim.

14

15   Authority: Cal. Code Civ. Proc. § 338 (2007).

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1

**Proposed Instruction No. 24-C (Defendants)**

2

**TRESPASS TO CHATTELS—DAMAGES**

3

4          To recover compensatory damages for harm to personal property, Oracle USA,

5    Inc. must prove the reduction in the value of its customer support websites, access-restricted

6    internet-based support systems, and/or copies of Software and Support Materials on those

7    support systems, or the reasonable cost in repairing this property, whichever is less.  The Court

8    will separately instruct you on the meaning of compensatory damages in this case.

9

10   Authority: CACI 3903J.  Damage to Personal Property (Economic Damage) (modified).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1
2
3
4
5
6
7
8
9
10
11
12
13

# DEFENSES AND DAMAGES (GENERALLY) ORACLE MODULE

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1          **Proposed Instruction No. 25A (Plaintiffs)**

2          **DEFENSES—LACHES**

3

4          All Defendants have asserted that Oracle USA, Inc., Oracle International Corp.,

5   Oracle EMEA Limited, and Siebel Systems, Inc. are barred from asserting the state law claims I

6   described in Instructions _____ due to the doctrine of laches.

7          Laches is an equitable defense that prevents a plaintiff, who with full knowledge

8   of the facts, acquiesces in a transaction and fails to enforce its rights from proceeding with its

9   lawsuit.  Laches is triggered when a plaintiff knows or has reason to know about an impending

10  infringement and fails to act.  To demonstrate laches, Defendants must prove both (1) an

11  unreasonable delay by each plaintiff in filing this lawsuit and (2) prejudice to each Defendant.

12  Each plaintiff asserts that it was unaware of the acts that gave rise to each Plaintiffs' claims until

13  2007.

14         Each defendant has the burden of proving the laches defense.  In other words,

15  each defendant must prove by a preponderance of the evidence that Oracle USA, Inc., Oracle

16  International Corp., Oracle EMEA Limited, and Siebel Systems, Inc. unreasonably delayed filing

17  this suit and that each defendant was prejudiced by the delay.

18

19  Authority: *Danjaq LLC v. Sony Corp.,* 263 F.3d 942 (9th Cir.2001); *Kling v. Hallmark Cards,*

20  *Inc.,* 225 F.3d 1030, 1038  (9th Cir.2000); *Stewart v. Wachowski*, 2004 WL 5618385, *6 (C. D.

21  Cal., 2004; *Columbia Pictures Television v. Krypton Broad.,* 106 F.3d 284, 293 (9th Cir.1997);

22  *Townsend v. Vanderwerker,* 160 U.S. 171, 186 (1895); *Lotus Dev. Corp. v. Borland Int'l, Inc.,*

23  831 F.Supp. 202, 219 (D.Mass.1993);  *see also Haas v. Leo Feist, Inc.,* 234 F. 105, 108

24  (S.D.N.Y.1916)

25

26

27

28

1

Proposed Instruction No. 25B (Plaintiffs)

2

**DEFENSES—WAIVER**

3

4        TomorrowNow, SAP AG and SAP America have asserted that Oracle USA, Inc.,

5    Oracle International Corp., Oracle EMEA Limited, and Siebel Systems, Inc. waived their rights

6    to bring the state law claims I described in Instructions _____ .  Waiver is the intentional

7    relinquishment of a known right with knowledge of its existence and the intent to relinquish it.

8    Waiver of copyright occurs only if there is intent to surrender a right.  Waiver must be

9    manifested in an unequivocal manner, mere silence is not adequate.  TomorrowNow, SAP AG

10   and SAP America have the burden of proving the waiver defense.  In other words,

11   TomorrowNow must prove that Oracle USA, Inc., Oracle International Corp., Oracle EMEA

12   Limited, or Siebel Systems, Inc. waived their rights to sue on their state law claims.

13

14   Authority: *United States v. King Features Entm't, Inc.,* 843 F.2d 394, 399 (9th Cir.1988); *A&M*

15   *Records, Inc. v. Napster, Inc*., 239 F.3d 1004, 1026 (9th Cir. 2001); *Duncan v. Office Depot,* 973

16   F.Supp. 1171, 1177 (D.Or.1997); *see also United States v. Amwest Surety Ins. Co.,* 54 F.3d 601,

17   602-03 (9th Cir.1995) (quoting *Groves v.* Prickett, 420 F.2d 1119, 1125 (9th Cir.1970) ("An

18   implied waiver of rights will be found where there is 'clear, decisive and unequivocal' conduct

19   which indicates a purpose to waive the legal rights involved.")).

20

21

22

23

24

25

26

27

28

1    **Proposed Instruction No. 25C (Plaintiffs)**

2    **STATE LAW CLAIMS—DAMAGES**

3

4         You have already been instructed on damages available for copyright

5    infringement, violation of the Computer Fraud and Abuse Act and violation of California Penal

6    Code section 502.  If you find in favor of one or more of the Plaintiffs on Oracle's state law

7    claims for breach of contract, intentional interference with prospective economic advantage,

8    negligent interference with prospective economic advantage, or trespass to chattels, you may also

9    award damages.  I will now instruct you on the law regarding damages for these claims.

10

11   Authority:  None.  Transitional instruction.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1                                          **Proposed Instruction No. 25D (Plaintiffs)**

2                          **STATE LAW CLAIMS—DAMAGES—PROOF**

3

4          It is the duty of the Court to instruct you about the measure of damages.  By

5   instructing you on damages, the Court does not mean to suggest for which party your verdict

6   should be rendered.

7          If you find for one or more of the Plaintiffs on one or more of their claims for

8   breach of contract, intentional interference with prospective economic advantage, negligent

9   interference with prospective economic advantage, and trespass to chattels, you must determine

10  their damages.

11         These Plaintiffs have the burden of proving damages by a preponderance of the

12  evidence.  Damages means the amount of money that will reasonably and fairly compensate a

13  plaintiff for any injury you find was caused by one or more of the Defendants.  Instructions 59

14  through 61 enumerate the types of damages you should consider.

15         It is for you to determine what damages, if any, have been proved.

16         Your award must be based upon evidence and not upon speculation, guesswork or

17  conjecture.

18

19  Authority: Instructions 5.1 and 5.2, Ninth Circuit Manual of Model Jury Instructions (Civil).

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1

**Proposed Instruction No. 25E (Plaintiffs)**

2

### STATE LAW CLAIMS—AVAILABLE DAMAGES

3

4          Two kinds of damages can be considered for these claims.  They are

5    compensatory damages and punitive damages.

6          Compensatory damages will consist of the amount of money that will reasonably

7    and fairly compensate these Plaintiffs for any injury you find was caused by the Defendants.

8    The Defendants are liable for all damages suffered by the Plaintiffs that were caused by the

9    conduct of one or more of the Defendants.

10         Punitive damages are damages that you may award not as compensation to the

11   Plaintiffs but to punish a Defendant for its behavior and to dissuade the Defendant and others

12   from acting the same way in future, similar situations.

13

14   Authority: ABA Model Jury Instruction 2.10.1 (Business Torts) (modified).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                  **Proposed Instruction No. 25F (Plaintiffs)**

2

             **STATE LAW CLAIMS -- COMPENSATORY DAMAGES**

3

4            If, after considering the evidence in this case and the instructions of the court, you

5    should find in favor of one or more of the Plaintiffs on the breach of contract, intentional

6    interference with prospective economic advantage, negligent interference with prospective

7    economic advantage, and/or trespass to chattels claims then it is my duty to tell you what

8    damages those Plaintiffs are entitled to recover.

9            You may award a Plaintiff such a sum as you believe, from the evidence, will

10   fairly and reasonably compensate it for any damage it has suffered by reason of a Defendant's

11   acts complained of and for the anticipated profits of which a Plaintiff was deprived, provided

12   they are of such a nature to be beyond the speculative stage.

13           In determining compensatory damages on these claims, you may consider

14   whether a Plaintiff suffered any measurable loss of profits as a result of a Defendant's conduct.

15   In this case, Oracle USA, Oracle International Corporation and Oracle EMEA claim that their

16   support sales and software licensing businesses were affected because of loss of profits they

17   might have earned but for the conduct of one or more of the Defendants.

18           For lost profits to be recovered there must be a reasonable basis for computing

19   them.  Ordinarily, it is sufficient for this purpose to show actual past profits and losses.

20   Although they cannot be taken as an exact measure of future or anticipated profits, you, the jury,

21   should consider those past profits and losses together with the uncertainties and contingencies by

22   which they probably would have been affected.  Losses and profits that are mere guesses,

23   speculative, remote, or uncertain should not be considered.

24           Damages, if any, should be restricted to such losses, if any, as are proved by facts

25   from which their existence is logically and legally inferable.  The general rule on the subject of

26   damages is that all damages resulting necessarily, immediately, and directly from the wrong are

27   recoverable, and not those that are contingent and uncertain or mere speculation.

28           Although a qualified person may make estimates concerning probable profits or

                                     190
                                                        Case No. 07-CV-01658 PJH (EDL)

losses of a going business, you should, in weighing all such evidence, take into consideration, among other things, the truth or falsity of the basis of such estimates; the knowledge or lack of knowledge of the witnesses of all of the conditions on which the estimate is based; whether the facts assumed as a basis for an estimate rest upon actual accounts and records kept in the ordinary course of business rather than in uncertain recollections; and knowledge of the witness in the particular line of business about which the witness testifies. From all of the evidence in this case bearing on the subject, you should determine for yourselves the probability or improbability, and the amount, of profits anticipated by the plaintiff.

The difficulty or uncertainty in ascertaining or measuring the precise amount of any damages does not preclude recovery, and you, the jury, should use your best judgment in determining the amount of such damages, if any, based upon the evidence.

In determining compensatory damages, you may consider whether one or more of the Plaintiffs suffered any measurable loss to its goodwill. The goodwill of a company is an intangible business asset that reflects the basic human tendency to do business with a merchant who offers products of the type and quality the customer desires and expects. Service and support to the customer and a willingness to stand behind a warranty and other representations about the quality of the products sold by a merchant are factors in the goodwill of that business.

The goodwill attached to a product is a part of the overall business value that is the goodwill of the company. It is possible, therefore, that the general goodwill of a corporation may be damaged by the loss of goodwill to a particular product or service. Whether this has occurred is a question of fact for you to determine.

If you find that the goodwill of a plaintiff has been damaged either by injury to the goodwill associated with a particular product and/or service or by injury to the plaintiff's general business reputation, you may assess such compensatory damages as you may find shown by the evidence. The measure of the plaintiff's damage is the difference between the value of such goodwill before and after the acts of the defendant.

That a defendant did not actually anticipate or contemplate that these losses would

1

2

occur is not a relevant factor for you to consider.

3

4

Authority: ABA Model Jury Instruction 2.10.2 (Business Torts) (modified).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                    **Proposed Instruction No. 25G (Plaintiffs)**

2

                            **STATE LAW CLAIMS-- PUNITIVE DAMAGES**

3

4         If you find for Oracle USA on its claims for violation of the California Computer

5 Data Access and Fraud Act or trespass to chattels, or if you find for Oracle USA, Oracle

6 International Corporation or Oracle EMEA on their claims for intentional interference with

7 prospective economic advantage, then you may, but are not required to, award punitive damages.

8 The purposes of punitive damages are to punish a defendant and to deter similar acts in the

9 future.  Punitive damages may not be awarded to compensate a plaintiff.

10         These Plaintiffs have the burden of proving by a preponderance of the evidence

11 that punitive damages should be awarded, and, if so, the amount of any such damages.

12         You may award punitive damages only if you find that a defendant's conduct that

13 harmed a plaintiff was malicious, oppressive or in reckless disregard of a plaintiff's rights.

14 Conduct is malicious if it is accompanied by ill will, or spite, or if it is for the purpose of injuring

15 a plaintiff.  Conduct is in reckless disregard of a plaintiff's rights if, under the circumstances, it

16 reflects complete indifference to a plaintiff's rights, or if a Defendant acted in the face of a

17 perceived risk that its actions would violate a plaintiff's rights.  An act or omission is oppressive

18 if a defendant injured or damaged or otherwise violated the rights of a plaintiff with unnecessary

19 harshness or severity, such as by the misuse or abuse of authority or power or by the taking

20 advantage of a plaintiff's weakness or misfortune.

21         If you find that punitive damages are appropriate, you must use reason in setting

22 the amount.  Punitive damages, if any, should be in an amount sufficient to fulfill their purposes

23 but should not reflect bias, prejudice or sympathy toward any party.  In considering the amount

24 of any punitive damages, consider the degree of reprehensibility of the defendant's conduct.  In

25 addition, you may consider the relationship of any award of punitive damages to any actual harm

26 inflicted on one or more of the Plaintiffs.

27         Punitive damages may be awarded even if you award these Plaintiffs only

28 nominal, and not compensatory, damages.

1

2

Authority:  Instruction 5.5, Ninth Circuit Manual of Model Jury Instructions (Civil) (modified).

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1 **Proposed Instruction No. 25H (Plaintiffs)**

2

**STATE LAW CLAIMS--MITIGATION OF DAMAGES**

3

4          If you decide that one or more of the Defendants are responsible for the original

5 harm, Oracle is not entitled to recover damages for harm that the Defendants prove Oracle could

6 have avoided with reasonable efforts or expenditures.  The burden of proving the avoided harm

7 rests with the Defendants.

8          You should consider the reasonableness of a Oracle's efforts in light of the

9 circumstances facing it at the time, including its ability to make the efforts and expenditures

10 without undue risk of hardship.

11          If any plaintiff made reasonable efforts to avoid harm then your award should

12 include reasonable amounts that the plaintiff spent for this purpose.

13

14 Authority: CACI No. 3931; *Mass v. Bd. of Ed. of S.F. Unified School Dist.*, 61 Cal. 2d 612, 627-

15 28 (Cal. 1964).

16

17

18

19

20

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13

# DAMAGES AND DEFENSES (GENERALLY) DEFENDANTS' MODULE

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

JOINT PROPOSED JURY INSTRUCTIONS

1          **Proposed Instruction No. 25-A (Defendants)**

2          **<u>DEFENSE—LACHES</u>**

3

4          A plaintiff may not bring a claim if that plaintiff engages in unreasonable delay in

5   bringing its claim against a defendant and that delay causes prejudice to the defendant.  A

6   defendant has the burden to prove, by a preponderance of evidence, a plaintiff's unreasonable

7   delay and the resulting prejudice.

8          In this case, if you find that Oracle USA, Inc., Oracle International Corp., Oracle

9   EMEA Limited, or Siebel Systems, Inc. unreasonably delayed in bringing any claim asserted

10  against any defendant, and that that delay caused the defendant prejudice, you must find for the

11  defendant on that claim.

12

13  Authority: *Kling v. Hallmark Cards Inc.*, 225 F.3d 1030, 1036 (9th Cir. 2000) ("Laches is an

14  equitable time limitation on a party's right to bring suit.  To obtain a judgment on this affirmative

15  defense, a defendant must prove both an unreasonable delay by the plaintiff and prejudice to

16  itself.") (citation omitted).

17

18

19

20

21

22

23

24

25

26

27

28

1       **Proposed Instruction No. 25-B (Defendants)**

2       **DEFENSE—WAIVER**

3

4       A plaintiff may not assert a claim if it has waived its rights with respect to that

5  claim.  Waiver is a complete defense.  A defendant has the burden to prove, by a preponderance

6  of the evidence, that a plaintiff knew of its right and intentionally relinquished that right.

7       In this case, if you find that Oracle USA, Inc., Oracle International Corp., Oracle

8  EMEA Limited, or Siebel Systems, Inc. knew of its right underlying any particular claim

9  asserted in this case, but intentionally relinquished that right, you must find for the defendant on

10  that claim.

11

12  Authority: *Golden West Ref. Co. v. SunTrust Bank*, 538 F.3d 1233, 1242 (9th Cir. 2008)

13  ("[W]aiver is the intentional relinquishment or abandonment of a known right.") (citing *In re*

14  *S.B.*, 13 Cal. Rptr. 3d 786 (Cal. Ct. App. 2004)).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1      **Proposed Instruction No. 25-C (Defendants)**

2

**DAMAGES—PROOF**

3

4          It is the duty of the Court to instruct you about the measure of damages.  By

5   instructing you on damages, the Court does not mean to suggest for which party your verdict

6   should be rendered.

7          For each of the claims that have been asserted by one or more of the plaintiffs

8   against the defendants, you must determine whether the respective plaintiffs have met their

9   burden of proving their claims, and whether the defendants have met their burden of proving

10  their defenses.

11         For most of their claims, the plaintiffs have asked for monetary damages in the

12  event that you find for them.  If you find for a plaintiff, you may—but are not obliged to—award

13  damages.  However, you may not award any damages unless, for each claim, the plaintiffs have

14  proven that they have suffered harm as a result of the defendants' conduct, and that, but for that

15  conduct, they would have not suffered the harm they claim they suffered.  The Court will explain

16  this "but for" language later.  In determining the measure of damages, you should consider the

17  nature and extent of the injuries, if any, that the plaintiffs suffered.

18         The plaintiffs have the burden of proving any damages by a preponderance of the

19  evidence.

20         If you find for plaintiff Oracle International Corp. on Oracle International Corp.'s

21  copyright infringement claim, and you determine that, but for the defendants' conduct, it would

22  not have suffered the harm it claims it has suffered, you may award Oracle International Corp.

23  damages related to this claim.

24         If you find for plaintiffs Oracle USA, Inc. and Oracle International Corp. on their

25  Computer Fraud and Abuse Act claim, and you determine that, but for the defendants' conduct,

26  they would not have suffered the harm they claim they have suffered, you may award Oracle

27  USA, Inc. and Oracle International Corp. damages related to this claim.

28         If you find for plaintiffs Oracle USA, Inc. and Oracle International Corp. on their

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Computer Data Access and Fraud Act claim, and you determine that, but for the defendants' conduct, they would not have suffered the harm they claim they have suffered, you may award Oracle USA, Inc. and Oracle International Corp. damages related to this claim.

If you find for plaintiff Oracle USA, Inc. on its breach of contract claim, and you determine that, but for the defendants' conduct, it would not have suffered the harm it claims it has suffered, you may award Oracle USA, Inc. damages related to this claim.

If you find for Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited on their intentional interference with prospective economic advantage claim, and you determine that, but for the defendants' conduct, they would not have suffered the harm they claim they have suffered, you may award Oracle USA, Inc., Oracle International Corp. and Oracle EMEA Limited damages related to this claim.

If you find for Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited on their negligent interference with prospective economic advantage claim, and you determine that, but for the defendants' conduct, they would not have suffered the harm they claim they have suffered, you may award Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited damages related to this claim.

If you find for Oracle USA, Inc. on its trespass to chattels claim, and you determine that, but for the defendants' conduct, it would not have suffered the harm it claims it has suffered, then you may award Oracle USA, Inc. damages related to this claim.

With respect to each of these claims, damages means the amount of money that will reasonably and fairly compensate the respective plaintiff or plaintiffs for any injury you find was caused by a defendant.  You will have to determine damages on a party-by-party basis.  This means that you will have to determine damages with respect to each plaintiff's claims and with respect to each of the defendants.

Your award must be based upon evidence and not upon speculation, guesswork, or conjecture.

JOINT PROPOSED JURY INSTRUCTIONS

1

Authority: Ninth Circuit Manual of Manual of Model Civil Jury Instruction 5.1 (modified).

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                          **Proposed Instruction No. 25-D (Defendants)**

2
                                      **DAMAGES—BUT FOR CAUSATION**
3

4              In order to collect damages on any claim from any defendant, a plaintiff must

5    prove that, but for the conduct of the defendant, the plaintiff would not have suffered harm.

6              A but for cause is the cause without which the harm could not have occurred.  A

7    plaintiff must therefore prove that the plaintiff would not have suffered the harm had it not been

8    for the defendant's conduct.

9              If you find that a plaintiff would have suffered the complained-of harm whether

10   or not the defendant engaged in the complained-of conduct, you may not award damages based

11   on that conduct.

12

13   Authority: *Lucent Technologies, Inc. et al. v. Gateway, Inc.*, 580 F.3d 1301 (Fed. Cir. 2009)

14   (citing *Yale Lock Mfg. Co. v. Sargent*, 117 U.S. 536, 552 (1886)).

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1    **Proposed Instruction No. 25-E (Defendants)**

2    **<u>DAMAGES—MITIGATION</u>**

3

4         A plaintiff has a duty to use reasonable efforts to mitigate damages.  To mitigate

5    means to avoid or reduce damages.

6         A defendant has the burden of proving by a preponderance of the evidence:

7         1)    that the plaintiff failed to use reasonable efforts to mitigate damages; and

8         2)    the amount by which damages would have been mitigated.

9

10   Authority: Ninth Circuit Manual of Manual of Model Civil Jury Instruction 5.3 (modified).

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                        **Proposed Instruction No. 25-F (Defendants)**

2

### **DAMAGES—NO DUPLICATIVE DAMAGES**

3

4             A plaintiff is not entitled to recover twice for the same injury.  You may not

5  include, in any award of damages, any duplicative damages; that is, you may not include any

6  amount that you took into account in determining damages for another claim which is based

7  upon the same conduct.

8

9  Authority: *Sparaco v. Lawler, Matusky, Skelly Engineers LLP*, 313 F. Supp. 2d 247, 250

10  (S.D.N.Y. 2004).

JOINT PROPOSED JURY INSTRUCTIONS

1                                                **Proposed Instruction No. 25-G (Defendants)**

2          **DAMAGES—COMPENSATORY DAMAGES AND PRECLUDED DAMAGES**

3

4          "Compensatory damages" mean damages that a plaintiff is entitled to recover for

5   injury caused by a legal wrong that has been proven.

6          Because of prior Court rulings in this case, you may not award certain categories

7   of compensatory damages to any plaintiff.  These may not be awarded directly or indirectly

8   under the guise of some other name or classification, including as part of any claim by plaintiff

9   for the alleged reduction of the fair market value of the copyrighted works at issue.

10         You may not award any of the following categories of damages to any of the

11  plaintiffs:

12              1)      Alleged damages relating to any customers who did not become

13                      customers of defendant TomorrowNow, Inc., including but not limited to

14                      any alleged damages relating to any pricing discounts.

15              2)      Alleged damages relating to any alleged lost license sale opportunities,

16                      including any lost opportunities to sell more software ("upsell") or

17                      different software ("cross-sell") licenses.

18              3)      Alleged damages relating to any Oracle software products that were not

19                      supported by defendant TomorrowNow, Inc.

20

21  Authority: Order Granting Defendants' Motion for Preclusion of Certain Damages Evidence

22  (D.I. 482); Order (D.I. 532); Fed. R. Evid. 401.

23

24

25

26

27

28

1                 **Proposed Instruction No. 25-H (Defendants)**

2

          **DAMAGES—PUNITIVE DAMAGES—BACKGROUND**

3

4      If you find for Oracle USA, Inc. and Oracle International Corp. on their Computer

5 Data Access and Fraud Act—Cal. Penal Code § 502(c)(2), (3), (6), (7)—you may, but are not

6 required to, award punitive damages.  Oracle USA, Inc. and Oracle International Corp. have the

7 burden of proving by clear and convincing evidence that punitive damages should be awarded

8 with respect to their Computer Data Access and Fraud Act claim, and, if so, the amount of any

9 such damages.

10      If you find for Oracle USA, Inc., Oracle International Corp. and Oracle EMEA

11 Limited on their intentional interference with prospective economic advantage claim, you may,

12 but are not required to, award punitive damages.  Oracle USA, Inc., Oracle International Corp.

13 and Oracle EMEA Limited have the burden of proving by clear and convincing evidence that

14 punitive damages should be awarded with respect to their intentional interference with

15 prospective economic advantage claim, and, if so, the amount of any such damages.

16      You may not award punitive damages with respect to any other claim by any of

17 the plaintiffs.

18      The purposes of punitive damages are to punish a defendant and to deter similar

19 acts in the future.  Punitive damages may not be awarded to compensate a plaintiff.

20      You may award punitive damages only if you find that a defendant's conduct that

21 harmed Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited was malicious,

22 oppressive, or fraudulent.

23      "Malice" means that the defendant acted with intent to cause injury or that the

24 defendant's conduct was despicable and was done with a willful and knowing disregard of the

25 rights or safety of the plaintiff.

26      A person acts with knowing disregard when he or she is aware of the probable

27 dangerous consequences of his or her conduct and deliberately fails to avoid those consequences.

28      "Oppression" means that the defendant's conduct was despicable and subjected

the plaintiff to cruel and unjust hardship in knowing disregard of its rights, such as by the misuse or abuse of authority or power or by the taking advantage of some weakness or disability or misfortune of the plaintiff.

"Fraud" means that the defendant intentionally misrepresented or concealed a material fact and did so intending to harm the plaintiff..

There is no fixed formula for determining the amount of punitive damages, and you are not required to award any punitive damages.

If you find that punitive damages are appropriate, you must use reason in setting the amount. Punitive damages, if any, should be in an amount sufficient to fulfill their purposes but should not reflect bias, prejudice, or sympathy toward any party.

In considering the amount of any punitive damages, you may not set the amount of any punitive damages in order to punish any of the three defendants (Tomorrow Now, Inc., SAP America, Inc., and SAP AG) for any harm to anyone other than the named plaintiffs in this case.

You may impose punitive damages against one or more of the defendants and not others, and may award different amounts against different defendants.

Authority: Ninth Circuit Manual of Model Jury Instruction 5.5 (modified); CACI 3945 (modified).

1    Proposed Instruction No. 25-I (Defendants)

2    **DAMAGES—PUNITIVE DAMAGES**

3    **COMPUTER DATA ACCESS AND FRAUD ACT**

4

5    In order for you to award any punitive damages against TomorrowNow, Inc. in

6    connection with the Computer Data Access and Fraud Act claim—Cal. Penal Code § 502(c)(2),

7    (3), (6), (7)—Oracle USA, Inc. must prove one of the following by clear and convincing

8    evidence:

9    　　　　　1)　　That the conduct constituting malice, oppression, or fraud was committed

10   　　　　　　　　by one or more officers, directors, or managing agents of TomorrowNow,

11   　　　　　　　　Inc., who acted on behalf of TomorrowNow, Inc.; or

12   　　　　　2)　　That the conduct constituting malice, oppression, or fraud was authorized

13   　　　　　　　　by one or more officers, directors, or managing agents of TomorrowNow,

14   　　　　　　　　Inc.; or

15   　　　　　3)　　That one or more officers, directors, or managing agents of

16   　　　　　　　　TomorrowNow, Inc. knew of the conduct constituting malice, oppression,

17   　　　　　　　　or fraud and adopted or approved that conduct after it occurred.

18   　　　In order for you to award any punitive damages against SAP America, Inc. in

19   connection with the Computer Data Access and Fraud Act claim—Cal. Penal Code § 502(c)(2),

20   (3), (6), (7)—Oracle USA, Inc. must prove one of the following by clear and convincing

21   evidence:

22   　　　　　1)　　That the conduct constituting malice, oppression, or fraud was committed

23   　　　　　　　　by one or more officers, directors, or managing agents of SAP America,

24   　　　　　　　　Inc., who acted on behalf of SAP America, Inc.; or

25   　　　　　2)　　That the conduct constituting malice, oppression, or fraud was authorized

26   　　　　　　　　by one or more officers, directors, or managing agents of SAP America,

27   　　　　　　　　Inc.; or

28   　　　　　3)　　That one or more officers, directors, or managing agents of SAP America,

1          Inc. knew of the conduct constituting malice, oppression, or fraud and

2    adopted or approved that conduct after it occurred.

3          In order for you to award any punitive damages against SAP AG in connection

4    with the Computer Data Access and Fraud Act claim—Cal. Penal Code § 502(c)(2), (3), (6),

5    (7)—Oracle USA, Inc. must prove one of the following by clear and convincing evidence:

6              1)     That the conduct constituting malice, oppression, or fraud was committed

7                    by one or more officers, directors, or managing agents of SAP AG, who

8                    acted on behalf of SAP AG; or

9              2)     That the conduct constituting malice, oppression, or fraud was authorized

10                   by one or more officers, directors, or managing agents of SAP AG; or

11             3)     That one or more officers, directors, or managing agents of SAP AG knew

12                   of the conduct constituting malice, oppression, or fraud and adopted or

13                   approved that conduct after it occurred.

14         An employee is a "managing agent" if he or she exercises substantial independent

15   authority and judgment in his or her corporate decision making such that his or her decisions

16   ultimately determine corporate policy.

17

18         If you decide to award punitive damages against TomorrowNow, Inc. with respect

19   to Oracle USA, Inc.'s and Oracle International Corp.'s Computer Data Access and Fraud Act

20   claim—Cal. Penal Code § 502(c)(2), (3), (6), (7)—you should consider all of the following

21   factors in determining the amount:

22       (a)    How reprehensible was TomorrowNow, Inc.'s conduct?  In deciding how

23   reprehensible TomorrowNow, Inc.'s conduct was, you may consider, among other factors:

24             1)     Whether the conduct caused physical harm;

25             2)     Whether TomorrowNow, Inc. disregarded the health or safety of others;

26             3)     Whether Oracle USA, Inc. and Oracle International Corp. were financially

27                   weak or vulnerable and TomorrowNow, Inc. knew Oracle USA, Inc. and

28

1    Oracle International Corp. were financially weak or vulnerable and took

2    advantage of them;

3        4)    Whether TomorrowNow, Inc.'s conduct involved a pattern or practice;

4    and

5        5)    Whether TomorrowNow, Inc. acted with trickery or deceit.

6    (b)    Is there a reasonable relationship between the amount of punitive damages and

7    Oracle USA, Inc.'s and Oracle International Corp.'s harm that TomorrowNow, Inc. knew was

8    likely to occur because of its conduct?

9    (c)    In view of TomorrowNow, Inc.'s financial condition, what amount is necessary to

10   punish it and discourage future wrongful conduct?  You may not increase the punitive award

11   above an amount that is otherwise appropriate merely because TomorrowNow, Inc. has

12   substantial financial resources.

13       If you decide to award punitive damages against SAP America, Inc. with respect

14   to Oracle USA, Inc.'s and Oracle International Corp.'s Computer Data Access and Fraud Act

15   claim—Cal. Penal Code § 502(c)(2), (3), (6), (7)—you should consider all of the following

16   factors in determining the amount:

17   (a)    How reprehensible was SAP America, Inc.'s conduct?  In deciding how

18   reprehensible SAP America, Inc.'s conduct was, you may consider, among other factors:

19       1)    Whether the conduct caused physical harm;

20       2)    Whether SAP America, Inc. disregarded the health or safety of others;

21       3)    Whether Oracle USA, Inc. and Oracle International Corp. were financially

22   weak or vulnerable and SAP America, Inc. knew Oracle USA, Inc. and

23   Oracle International Corp. were financially weak or vulnerable and took

24   advantage of them;

25       4)    Whether SAP America, Inc.'s conduct involved a pattern or practice; and

26       5)    Whether SAP America, Inc. acted with trickery or deceit.

27   (b)    Is there a reasonable relationship between the amount of punitive damages and

28

Oracle USA, Inc.'s and Oracle International Corp.'s harm that SAP America, Inc. knew was likely to occur because of its conduct?

(c)     In view of SAP America, Inc.'s financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because SAP America, Inc. has substantial financial resources.

If you decide to award punitive damages against SAP AG with respect to Oracle USA, Inc.'s and Oracle International Corp.'s Computer Data Access and Fraud Act claim—Cal. Penal Code § 502(c)(2), (3), (6), (7)—you should consider all of the following factors in determining the amount:

(a)     How reprehensible was SAP AG's conduct?  In deciding how reprehensible SAP AG's conduct was, you may consider, among other factors:

1)     Whether the conduct caused physical harm;

2)     Whether SAP AG disregarded the health or safety of others;

3)     Whether Oracle USA, Inc. and Oracle International Corp. were financially weak or vulnerable and SAP AG knew Oracle USA, Inc. and Oracle International Corp. were financially weak or vulnerable and took advantage of them;

4)     Whether SAP AG's conduct involved a pattern or practice;  and

5)     Whether SAP AG acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and Oracle USA, Inc.'s and Oracle International Corp.'s harm that SAP AG knew was likely to occur because of its conduct?

(c)     In view of SAP AG's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because SAP AG has substantial financial resources.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Authority: Ninth Circuit Manual of Model Jury Instruction 5.5 (modified); CACI 3945 (modified).

**Proposed Instruction No. 25-J (Defendants)**

## DAMAGES—PUNITIVE DAMAGES

## INTENTIONAL INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE

In order for you to award any punitive damages against TomorrowNow, Inc. in connection with the intentional interference with prospective economic advantage claim, Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited must prove one of the following by clear and convincing evidence:

1) That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of TomorrowNow, Inc., who acted on behalf of TomorrowNow, Inc.; or

2) That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of TomorrowNow, Inc.; or

3) That one or more officers, directors, or managing agents of TomorrowNow, Inc. knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

In order for you to award any punitive damages against SAP America, Inc. in connection with the intentional interference with prospective economic advantage claim, Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited must prove one of the following by clear and convincing evidence:

1) That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of SAP America, Inc., who acted on behalf of SAP America, Inc.; or

2) That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of SAP America, Inc.; or

3) That one or more officers, directors, or managing agents of SAP America,

Inc. knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

In order for you to award any punitive damages against SAP AG in connection with the intentional interference with prospective economic advantage claim, Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited must prove one of the following by clear and convincing evidence:

1)   That the conduct constituting malice, oppression, or fraud was committed by one or more officers, directors, or managing agents of SAP AG, who acted on behalf of SAP AG; or

2)   That the conduct constituting malice, oppression, or fraud was authorized by one or more officers, directors, or managing agents of SAP AG; or

3)   That one or more officers, directors, or managing agents of SAP AG knew of the conduct constituting malice, oppression, or fraud and adopted or approved that conduct after it occurred.

An employee is a "managing agent" if he or she exercises substantial independent authority and judgment in his or her corporate decision making such that his or her decisions ultimately determine corporate policy.

If you decide to award punitive damages against TomorrowNow, Inc. with respect to Oracle USA, Inc.'s, Oracle International Corp.'s and Oracle EMEA Limited's intentional interference with prospective economic advantage claim, you should consider all of the following factors in determining the amount:

(a)   How reprehensible was TomorrowNow, Inc.'s conduct?  In deciding how reprehensible TomorrowNow, Inc.'s conduct was, you may consider, among other factors:

1)   Whether the conduct caused physical harm;

2)   Whether TomorrowNow, Inc. disregarded the health or safety of others;

3)   Whether Oracle USA, Inc. and Oracle International Corp. were financially

weak or vulnerable and TomorrowNow, Inc. knew Oracle USA, Inc. and

Oracle International Corp. were financially weak or vulnerable and took

advantage of them;

4)   Whether TomorrowNow, Inc.'s conduct involved a pattern or practice; and

5)   Whether TomorrowNow, Inc. acted with trickery or deceit.

(b)   Is there a reasonable relationship between the amount of punitive damages and Oracle USA, Inc.'s and Oracle International Corp.'s harm that TomorrowNow, Inc. knew was likely to occur because of its conduct?

(c)   In view of TomorrowNow, Inc.'s financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because TomorrowNow, Inc. has substantial financial resources.

If you decide to award punitive damages against SAP America, Inc. with respect to Oracle USA, Inc.'s, Oracle International Corp.'s and Oracle EMEA Limited's intentional interference with prospective economic advantage claim, you should consider all of the following factors in determining the amount:

(a)   How reprehensible was SAP America, Inc.'s conduct?  In deciding how reprehensible SAP America, Inc.'s conduct was, you may consider, among other factors:

1)   Whether the conduct caused physical harm;

2)   Whether SAP America, Inc. disregarded the health or safety of others;

3)   Whether Oracle USA, Inc. and Oracle International Corp. were financially weak or vulnerable and SAP America, Inc. knew Oracle USA, Inc. and Oracle International Corp. were financially weak or vulnerable and took advantage of them;

4)   Whether SAP America, Inc.'s conduct involved a pattern or practice; and

5)   Whether SAP America, Inc. acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and Oracle USA, Inc.'s and Oracle International Corp.'s harm that SAP America, Inc. knew was likely to occur because of its conduct?

(c)     In view of SAP America, Inc.'s financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because SAP America, Inc. has substantial financial resources.

If you decide to award punitive damages against SAP AG with respect to Oracle USA, Inc.'s, Oracle International Corp.'s and Oracle EMEA Limited's intentional interference with prospective economic advantage claim, you should consider all of the following factors in determining the amount:

(a)     How reprehensible was SAP AG's conduct?  In deciding how reprehensible SAP AG's conduct was, you may consider, among other factors:

1)     Whether the conduct caused physical harm;

2)     Whether SAP AG disregarded the health or safety of others;

3)     Whether Oracle USA, Inc. and Oracle International Corp. were financially weak or vulnerable and SAP AG knew Oracle USA, Inc. and Oracle International Corp. were financially weak or vulnerable and took advantage of them;

4)     Whether SAP AG's conduct involved a pattern or practice;  and

5)     Whether SAP AG acted with trickery or deceit.

(b)     Is there a reasonable relationship between the amount of punitive damages and Oracle USA, Inc.'s and Oracle International Corp.'s harm that SAP AG knew was likely to occur because of its conduct?

(c)     In view of SAP AG's financial condition, what amount is necessary to punish it and discourage future wrongful conduct?  You may not increase the punitive award above an amount that is otherwise appropriate merely because SAP AG has substantial financial resources.

1

2
Authority: Ninth Circuit Manual of Model Jury Instruction 5.5 (modified); CACI 3945

3
(modified); *Ramona Manor Convalescent Hospital v. Care Enters.*, 225 Cal. Rptr. 120, 132 (Cal.

4
Dist. Ct. App. 1986).

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

# CLAIMS INVOLVING EQUITABLE ISSUES ORACLE MODULE

14

15    **Oracle proposes the following jury instructions for claims involving equitable issues.**

16

17

18

19

20

21

22

23

24

25

26

27

28

1

**Proposed Instruction No. 26-A (Plaintiffs)**

2

**<u>EQUITABLE CLAIMS</u>**

3

4          In addition to the claims on which I have already instructed you, Oracle USA,

5   Oracle International Corporation, Oracle EMEA, and Siebel Systems allege three equitable

6   claims for unfair competition, unjust enrichment and an accounting against TomorrowNow, SAP

7   AG and SAP America.  I will instruct you on the elements of each of these claims, and the relief,

8   if any, you are permitted to provide for each claim.

9

10  Authority: None.  Transitional instruction.

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 26-B (Plaintiffs)**

2                    **<u>UNFAIR COMPETITION</u>**

3            **<u>(Cal. Bus. & Prof. Code § 17200 *et seq.*)</u>**

4

5          Oracle USA, Oracle International Corporation, Oracle EMEA, and Siebel

6    Systems claims that one or more of the Defendants violated California's Unfair Competition

7    Law, which prohibits business practices that are unlawful, fraudulent or unfair.  A practice may

8    be considered "unfair" even if it is not "unlawful" or "fraudulent" and vice versa.  Therefore, you

9    should find that a defendant violated the Unfair Competition Law if Oracle proves by a

10   preponderance of the evidence that TomorrowNow, SAP AG, and/or SAP America committed

11   business practices that are unlawful, fraudulent or unfair.

12

13   Authority:  Cal. Bus. & Prof. Code § 17200;  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,

14   20 Cal. 4th 163, 180 (Cal. 1992); William L. Stern, <u>Bus. & Prof. C. § 17200 Practice</u>, §§ 3:12-

15   3:13 (2010) (paraphrased).

16

17

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 26-C (Plaintiffs)**

2

3          **<u>UNFAIR COMPETITION—UNLAWFUL PRACTICES</u>**

4          **<u>(Cal. Bus. & Prof. Code § 17200 *et seq.*)</u>**

5          For the purposes of the Unfair Competition Law, an "unlawful business act or

6   practice" may include any business practice that violates state or federal law.  Therefore, you

7   should find that TomorrowNow, SAP AG and/or SAP America have violated the Unfair

8   Competition Law by engaging in unlawful business practices if you determine that they have

9   done any one of the following pursuant to my previous instructions:

10                    1)          violated the Computer Fraud and Abuse Act;

11                    2)          violated California Penal Code section 502;

12                    3)          unlawfully interfered with Oracle's prospective economic advantage,

13                                whether intentionally or negligently; or

14                    4)          committed trespass to chattels.

15

16   Authority:  Cal. Bus. & Prof. Code § 17200; *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*,

17   20 Cal. 4th 163, 180 (Cal. 1992); *Saunders v. Super. Ct.*, 27 Cal. App. 4th 832, 838-39 (Cal. Ct.

18   App. 1994) ("The 'unlawful' practices prohibited by section 17200 are any practices forbidden

19   by law, be it civil or criminal, federal, state, or municipal, statutory, regulatory, or court-made.");

20   William L. Stern, <u>Bus. & Prof. C. §17200 Practice</u>, § 3:56 (2010) (paraphrased).

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1
**Proposed Instruction No. 26-D (Plaintiffs)**

2
**UNFAIR COMPETITION—FRAUDULENT PRACTICES**

3
**(Cal. Bus. & Prof. Code § 17200 *et seq.*)**

4

5
For the purposes of the Unfair Competition Law, a "fraudulent business act or

6
practice" means any conduct that is likely to confuse or deceive members of the public.  If you

7
find that Oracle USA, Oracle International Corporation, Oracle EMEA, or Siebel Systems has

8
proven by a preponderance of the evidence that members of the public were likely to be confused

9
or deceived by the business practices of TomorrowNow, SAP AG and/or SAP America, you

10
should find that the Defendant has violated the Unfair Competition Law by engaging in

11
fraudulent business practices.  The Plaintiffs need not prove that any members of the public were

12
actually confused or deceived, that any member of the public actually relied upon the fraudulent

13
practice, or that any member of the public sustained damages as a result of the practice.  The

14
Plaintiffs need only prove Defendants business conduct was likely to deceive or confuse.

15

16
Authority:  Cal. Bus. & Prof. Code § 17204; *Comm. on Children's Television v. Gen. Foods*

17
*Corp.*, 35 Cal. 3d 197, 211 (Cal. 1983); William L. Stern, Bus. & Prof. C. § 17200 Practice, §§

18
3:154-3:167 (2010).

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 26-E (Plaintiffs)**

## UNFAIR COMPETITION— UNFAIR PRACTICES

### (Cal. Bus. & Prof. Code § 17200 *et seq.*)

For the purposes of the Unfair Competition Law, an "unfair business act or practice" means conduct that threatens an incipient violation of an antitrust law, or violates the policy or spirit of one of those laws because its effects are comparable to or the same as a violation of the law, or otherwise significantly threatens or harms competition.

Authority:  *Cel-Tech Commc'ns, Inc. v. L.A. Cellular Tel. Co.*, 20 Cal. 4th 163, 187 (Cal. 1992); William L. Stern, Bus. & Prof. C. § 17200 Practice, §§ 3:113-3:117 (2010) (paraphrased).

JOINT PROPOSED JURY INSTRUCTIONS

**Proposed Instruction No. 26-F (Plaintiffs)**

## <u>UNFAIR COMPETITION—RESTITUTION</u>

### <u>(Cal. Bus. & Prof. Code § 17200 *et seq.*)</u>

If you find that one or more of the Defendants violated section 17200, you must decide whether to award monetary restitution to the Plaintiffs and the amount of restitution, if any.  If you decide to award monetary restitution, it must be limited to money or property that a defendant took from the Plaintiffs, or money or property in which the Plaintiffs had a vested interest.

Authority:  Cal. Bus. & Prof. Code § 17203; *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th 1134, 1136-37, 1149 (Cal. 2003).

1

**Proposed Instruction No. 26-G (Plaintiffs)**

2

### UNJUST ENRICHMENT/RESTITUTIONOTHER CLAIMS

3

4          Oracle USA, Oracle International Corporation, Oracle EMEA, and Siebel

5    Systems claim that one or more of the Defendants were unjustly enriched by their access to and

6    use of Oracle's software and software support materials.  If you find for the Plaintiffs on all of

7    their claims for breach of contract, intentional or negligent interference, and trespass to chattels,

8    you may not find for the Plaintiffs on their claims for unjust enrichment.  If you have found

9    against the Plaintiffs on any of their claims for breach of contract, intentional or negligent

10   interference, or trespass to chattels, or if the Plaintiffs have chosen to waive any of those claims,

11   then you may consider their claim for unjust enrichment.

12

13   Authority:  December 15, 2008 Order Granting Motion to Dismiss in Part and Denying It In Part,

14   Dkt. No. 224.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                    **Proposed Instruction No. 26-H (Plaintiffs)**

2
                             **UNJUST ENRICHMENT/RESTITUTION**
3

4              The doctrine of unjust enrichment is an equitable principle based on the idea that

5    one person should not be able to unjustly enrich himself at the expense of another.  The principle

6    of unjust enrichment goes beyond merely restoring what a plaintiff actually lost.  Where a benefit

7    has been received by the defendant but the plaintiff has suffered no corresponding loss, the

8    enrichment of the defendant may be unjust, and the defendant may be under a duty to give the

9    plaintiff the amount by which the defendant has been enriched.  The emphasis, therefore, is on

10   the wrongdoer's enrichment, not the victim's loss.  A person acting in conscious disregard of the

11   rights of another should be required to disgorge all profit in order to benefit the injured party and

12   deter the perpetrator from committing unlawful actions again.  Principles of unjust enrichment,

13   therefore, may compel a defendant to surrender all money or the value of all benefits obtained

14   through an unfair business practice regardless of whether those amounts represent money taken

15   directly from the victims of that unfair practice.  A benefit is conferred not only when one adds

16   to the property of another, but also when one saves the other from expense or loss.  Thus, the

17   term "benefit" includes the costs of development of products that a defendant avoided as a result

18   of its unjust conduct.

19

20   Authority: *County of San Bernardino v. Walsh*, 158 Cal. App. 4th 533, 542 (Cal. Ct. App. 2007)

21   (citing *Ward v. Taggart*, 51 Cal. 2d 736, 741-42 (Cal. 1959)); Restatement (First) of Restitution

22   § 1, cmt. E; *Ghirardo v. Antonioli*, 14 Cal. 4th 39, 51 (Cal. 1996); *Cal. Fed. Bank v. Matreyek*, 8

23   Cal. App. 4th 125, 132 (Cal. Ct. App. 1992); *Ajaxo, Inc. v. E\*Trade Grp., Inc.*, 135 Cal. App. 4th

24   21 (Cal. Ct. App. 2005).

25

26

27

28

1          **Proposed Instruction No. 26-I (Plaintiffs)**

2

3                    **<u>UNJUST ENRICHMENT/RESTITUTION</u>**

4          In order to prevail on its unjust enrichment/restitution claim, Oracle USA, Oracle

5  International Corporation, Oracle EMEA, and/or Siebel Systems must prove by a preponderance

6  of the evidence that:

7                    1)      a defendant received a benefit; and

8                    2)      a defendant unjustly retained the benefit at the Plaintiff's expense.

9          If Oracle USA, Oracle International Corporation, Oracle EMEA, and/or Siebel

10 Systems prove these elements by a preponderance of the evidence, you should find in favor of

11 the Plaintiff on its unjust enrichment claim and determine the amount by which the Defendants

12 were unjustly enriched.

13

14 Authority:  *AccuImage Diagnostics Corp. v. Terarecon, Inc.*, 260 F. Supp. 2d 941, 958 (N.D.

15 Cal. 2003) (citing *Lectrodryer v. SeoulBank*, 77 Cal. App. 4th 723 (Cal. Ct. App. 2000)).

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1                                                              **Proposed Instruction No. 26-J (Plaintiffs)**

2                                                                    **AN ACCOUNTING**

3

4                  Oracle USA, Oracle International Corporation, Oracle EMEA, and/or Siebel

5       Systems claim they are owed an accounting of the income and gross profits that one or more of

6       the Defendants obtained through their allegedly wrongful conduct.  The duty to account arises

7       where there is a relationship between the parties or other circumstances that require an

8       accounting in equity, and an unknown balance is due that cannot be ascertained without an

9       accounting.  You may award an accounting if Oracle USA, Oracle International Corporation,

10      Oracle EMEA, and/or Siebel Systems prove by a preponderance of the evidence that:

11                      1)        a defendant misappropriated a plaintiff's property and used that property

12                                to create a financial benefit in which that Plaintiff is entitled to share; and,

13                      2)        the amount of money due to the Plaintiff cannot be fully ascertained

14                                without an accounting, the means of which are within the knowledge of

15                                the defendant.

16

17      Authority:  Mathew Bender California Forms of Pleading and Practice, §7.12[1]; *Teselle v.*

18      *McLoughlin*, 173 Cal. App. 4th 156, 179-80 (Cal. Ct. App. 2009) (relationship necessary to

19      claim for accounting may be formed where defendant possesses money or property it is obliged

20      to surrender to plaintiff).

21

22

23

24

25

26

27

28

1
2
3
4
5
6
7
8
9
10
11
12
13

# CLAIMS SEEKING EQUITABLE RELIEF DEFENDANTS' MODULE

**Defendants do not propose jury instructions be read on claims for equitable relief, which must ultimately be decided by the Court, but propose to draft them if the Court desires the jury's assistance in deciding disputes of fact.**

14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

1
2
3
4
5
6
7
8
9
10

# INDIRECT LIABILITY (GENERALLY) ORACLE MODULE

**For all claims other than for copyright, on which Oracle proposes separate instructions, Oracle proposes that the jury receive the following indirect liability jury instructions for all remaining causes of action.**

1    **Proposed Instruction No. 27-A (Plaintiffs)**

2    <u>**AGENCY**</u>

3

4    Each of the Plaintiffs claim that an agency relationship existed between

5    Defendant TomorrowNow and its parent corporations, Defendants SAP AG and SAP America.

6    The following instructions on agency apply only to the following claims:

7        1)    Violations of the Federal Computer Fraud and Abuse Act;

8        2)    Violations of the California Computer Data Fraud and Abuse Act;

9        3)    Breach of contract;

10       4)    Intentional interference with prospective economic advantage;

11       5)    Negligent interference with prospective economic advantage;

12       6)    Violations of California Business & Professions Code § 17200;

13       7)    Trespass to chattels;

14       8)    Unjust enrichment; and,

15       9)    An accounting.

16

17   Authority: None. Transitional instruction.

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 27-B (Plaintiffs)**

2                          **AGENCY—DEFINED**

3

4          Each of the Plaintiffs claim that Defendant TomorrowNow acted as the agent of

5   Defendants SAP AG and SAP America.  An "agent" performs services of another -- called a

6   "principal" -- under an express or implied agreement and is subject to the other's control or right

7   to control the matter and means of performing the services.  An agent is acting within the scope

8   of authority if the agent is engaged in the performance of duties which were expressly or

9   impliedly assigned to the agent by the principal.

10

11  Authority:  Instructions 4.4, 4.5 Ninth Circuit Manual of Model Jury Instructions (Civil).

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1                                                    **Proposed Instruction No. 27-C (Plaintiffs)**

2                                          **<u>AGENCY—ELEMENTS</u>**

3

4          In order to establish an agency relationship between the parties, the Plaintiffs

5  must prove by a preponderance of the evidence that:

6                    1)      SAP AG and SAP America manifested an intent that TomorrowNow

7                            should act on their behalf;

8                    2)      TomorrowNow accepted the undertaking to act on SAP AG's and SAP

9                            America's behalf; and

10                   3)      there was an understanding between the parties that SAP AG and SAP

11                           America had control of TomorrowNow's undertaking.

12

13         If the Plaintiffs prove these elements by a preponderance of the evidence, you

14  should find that TomorrowNow was an agent of SAP AG and SAP America.

15

16  Authority:  *Sun Microsystems, Inc. v. Hynix Semiconductor Inc.*, 622 F. Supp. 2d 890, 899 (N.D.

17  Cal. 2009); *Bowoto v. Chevron Texaco Corp.*, 312 F. Supp. 2d 1229, 1238-39 (N.D. Cal. 2004).

18

19

20

21

22

23

24

25

26

27

28

1          **Proposed Instruction No. 27-D (Plaintiffs)**

2                    <u>**AGENCY—LIABILITY**</u>

3

4          If you find that TomorrowNow was the agent of SAP AG and SAP America and

5   was acting within the scope of its authority, and if you find against TomorrowNow, then you

6   must also find against SAP AG and SAP America.  If you do not find against TomorrowNow

7   then you must find for SAP AG, SAP America and TomorrowNow.

8          If you find against TomorrowNow, but do not find that TomorrowNow was acting

9   within the scope of authority as an agent of SAP AG and SAP America, then you must find that

10  SAP AG and SAP America are not liable under this theory.  You may still find that they are

11  liable for one or more of these claims under some other theory.

12

13  Authority:  Instruction 4.9, Ninth Circuit Manual of Model Jury Instructions (Civil).

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1     **Proposed Instruction No. 27-E (Plaintiffs)**

2     <u>**CONSPIRACY—ESSENTIAL FACTUAL ELEMENTS**</u>

3

4          The Plaintiffs claim that they were harmed by TomorrowNow's conduct and that

5     SAP AG and SAP America are responsible for the harm, because they were each part of a

6     conspiracy to commit the harmful conduct by TomorrowNow. Oracle specifically claims that

7     SAP AG and SAP are liable under a conspiracy theory for the following nine claims:

8          1)     Violations of the Federal Computer Fraud and Abuse Act;

9          2)     Violations of the California Computer Data Fraud and Abuse Act;

10         3)     Breach of contract;

11         4)     Intentional interference with prospective economic advantage;

12         5)     Negligent interference with prospective economic advantage;

13         6)     Violations of California Business & Professions Code § 17200;

14         7)     Trespass to chattels;

15         8)     Unjust enrichment; and,

16         9)     An Accounting

17         A conspiracy is an agreement by two or more persons to commit a wrongful act.

18    Such an agreement may be made orally or in writing or may be implied by the conduct of the

19    parties.

20         If you find against TomorrowNow on any one of these claims, then you must also

21    determine whether SAP AG and/or SAP America is also responsible for the harm to one or more

22    of the Plaintiffs.  SAP AG and/or SAP America is responsible if a plaintiff proves both of the

23    following:

24         1) That SAP AG and/or SAP America was aware that TomorrowNow planned to

25    commit one or more of the wrongful acts; and

26         2) That SAP AG and/or SAP America agreed with TomorrowNow and intended

27    that one or more of the wrongful acts be committed.

28         Mere knowledge of a wrongful act without cooperation or an agreement to

JOINT PROPOSED JURY INSTRUCTIONS

cooperate is insufficient to make SAP AG or SAP America responsible for the harm.

A conspiracy may be inferred from circumstances, including the nature of the acts done, the relationships between the parties, and the interests of the alleged co-conspirators. Oracle is not required to prove that SAP AG and/or SAP America personally committed a wrongful act or that SAP AG and/or SAP America knew all the details of the agreement or the identities of all the other participants.

If you find against TomorrowNow on one or more of the nine claims listed above, and you find a plaintiff has proven these elements against SAP AG and/or SAP America, then you must find for the plaintiff and against SAP AG and/or SAP America on each such claim. If you find that the Plaintiffs have not proven these elements against SAP AG and/or SAP America as to any of the nine claims listed above, you may still find that SAP AG and/or SAP America is liable for one or more of these claims under some other theory.

Authority: CACI No. 3600 (modified).

1

**Proposed Instruction No. 27-F (Plaintiffs)**

2

**<u>CONSPIRACY—ONGOING CONSPIRACY</u>**

3

4          If you decide that SAP AG and/or SAP America joined the conspiracy to commit

5   one or more of the acts by TomorrowNow described above, then SAP AG and/or SAP America

6   is responsible for all acts done as part of the conspiracy, whether the acts occurred before or after

7   it joined the conspiracy.

8

9   Authority: CACI 3601 (modified).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS

1                                                  **Proposed Instruction No. 27-G (Plaintiffs)**

2              **AIDING AND ABETTING—ESSENTIAL FACTUAL ELEMENTS**

3

4              The Plaintiffs claim that they were harmed by TomorrowNow's conduct and that

5     SAP AG and SAP America are responsible for the harm because they aided and abetted

6     TomorrowNow in committing the harmful conduct by TomorrowNow.  The Plaintiffs

7     specifically claim that SAP AG and SAP are liable under an aiding and abetting theory for the

8     following nine claims:

9              1)     Violations of the Federal Computer Fraud and Abuse Act;

10             2)     Violations of the California Computer Data Fraud and Abuse Act;

11             3)     Breach of contract;

12             4)     Intentional interference with prospective economic advantage;

13             5)     Negligent interference with prospective economic advantage;

14             6)     Violations of California Business & Professions Code § 17200;

15             7)     Trespass to chattels;

16             8)     Unjust enrichment; and,

17             9)     An Accounting.

18             If you find against TomorrowNow on one or more of the above claims, then you

19    must determine whether SAP AG and/or SAP America are also responsible for the harm to one

20    or more of the Plaintiffs.  SAP AG and/or SAP America are responsible as an aider and abettor if

21    a plaintiff proves all of the following:

22             1) That SAP AG and/or SAP America knew that the wrongful conduct was being

23    committed by TomorrowNow against the plaintiff;

24             2) That SAP AG and/or SAP America gave substantial assistance or

25    encouragement to TomorrowNow; and

26             3) That SAP AG's and/or SAP America's conduct was a substantial factor in

27    causing harm to the plaintiff.

28             Mere knowledge that a wrongful act was being committed and the failure to

1   prevent it do not constitute aiding and abetting.

2              If you find against TomorrowNow on one or more of the nine claims listed above,

3   and you find a plaintiffs has proven these elements against SAP AG and/or SAP America, then

4   you must find for the plaintiff and against SAP AG and/or SAP America on each such claim.  If

5   you find that the Plaintiffs have not proven these elements against SAP AG and/or SAP America

6   as to any of the nine claims listed above, you may still find that SAP AG and/or SAP America

7   are liable for one or more of these claims under some other theory.

8

9   Authority: CACI 3610 (modified).

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Proposed Instruction No. 27-H (Plaintiffs)**

**RATIFICATION**

The Plaintiffs claim that they were harmed by TomorrowNow's conduct and that SAP AG and/or SAP America are responsible for the harm, because SAP AG and/or SAP America approved that conduct after it occurred. Oracle specifically claims that SAP AG and SAP America are liable under a ratification theory for the following nine claims:

1) Violations of the Federal Computer Fraud and Abuse Act;
2) Violations of the California Computer Data Fraud and Abuse Act;
3) Breach of contract;
4) Intentional interference with prospective economic advantage;
5) Negligent interference with prospective economic advantage;
6) Violations of California Business & Professions Code § 17200;
7) Trespass to chattels;
8) Unjust enrichment; and,
9) An Accounting.

If you find against TomorrowNow on any one of these claims, then you must also determine whether SAP AG and/or SAP America is also responsible for the harm to one or more of the Plaintiffs. SAP AG and/or SAP America is responsible if one or more of the Plaintiffs proves all of the following:

1) That TomorrowNow intended to act on behalf of SAP AG and/or SAP America;

2) That SAP AG and/or SAP America learned of TomorrowNow's conduct after it occurred; and,

3) That SAP AG and/or SAP America approved SAP AG and SAP America conduct.

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

 Approval can be shown through words, or it can be inferred from a person's conduct.  Approval also can be inferred if SAP AG and/or SAP America voluntarily kept the benefits of TomorrowNow's conduct after SAP AG and/or SAP learned of that conduct.

Authority: CACI No. 3710 (modified).

1
2
3
4
5
6
7
8
9
10

# INDIRECT LIABILITY (GENERALLY) DEFENDANTS' MODULE

Defendants propose specific indirect liability jury instructions for copyright infringement, the Computer Fraud and Abuse Act claims, and the Computer Data Access and Fraud Act claims, and the following instructions on general indirect liability for the remaining causes of action.

18
19
20
21
22
23
24
25
26
27
28

1        **Proposed Instruction No. 27-A (Defendants)**

2        **CORPORATIONS—SUBSIDIARIES—RATIFICATION (SAP AMERICA, INC.)**

3

4        Each of the plaintiffs claims that Defendant SAP America, Inc. is responsible for

5    the actions of defendant TomorrowNow, Inc.  Specifically, each of the plaintiffs claims that SAP

6    America, Inc. approved the conduct of TomorrowNow, Inc. after it occurred.  You must decide

7    whether SAP America, Inc. approved that conduct.  In order to establish their claim, each of the

8    plaintiffs must prove all of the following:

9            1)    That an employee, agent, director or officer of SAP America, Inc. learned

10                 of TomorrowNow, Inc.'s conduct after it occurred; and

11           2)    That one or more SAP America, Inc. employees, agents, directors and

12                 officers, acting in his/her/their official capacity on behalf of SAP America,

13                 Inc., approved TomorrowNow, Inc.'s conduct and the basis for it.

14       In order for SAP America, Inc. to be responsible for the conduct of

15   TomorrowNow, Inc., the plaintiffs must prove, by a preponderance of the evidence, that one or

16   more employees, agents, directors and officers of SAP America, Inc., acting within the scope of

17   his/her/their authority, approved TomorrowNow, Inc.'s conduct.  An employee, agent, director

18   and officer is acting within the scope of his/her authority if he/she was performing tasks

19   reasonably related to the kinds of tasks that he/she was employed to perform or it is reasonably

20   foreseeable in light of SAP America, Inc.'s business or the employee's, agent's, director's or

21   officer's responsibilities.

22

23   Authority: *See* CACI No. 3710 (modified); *Borges v. City of Hollister*, No. C03-05670 HRL,

24   2005 WL 589797, at *26 (N.D. Cal. Mar. 14, 2005)

25

26

27

28

1        **Proposed Instruction No. 27-B (Defendants)**

2        **CORPORATIONS—SUBSIDIARIES—RATIFICATION (SAP AG)**

3

4            Each of the plaintiffs claims that Defendant SAP AG is responsible for the actions

5    of defendant TomorrowNow, Inc.  Specifically, each of the plaintiffs claims that SAP AG

6    approved that conduct of TomorrowNow, Inc. after it occurred.  You must decide whether SAP

7    America, Inc. approved that conduct.  In order to establish their claim, each of the plaintiffs must

8    prove all of the following:

9            3)      That an employee, agent, director or officer of SAP AG learned of

10                   TomorrowNow, Inc.'s conduct after it occurred; and

11           4)      That one or more SAP AG employees, agents, directors and officers,

12                   acting in his/her/their official capacity on behalf of SAP AG, approved

13                   TomorrowNow, Inc.'s conduct and the basis for it.

14           In order for SAP AG to be responsible for the conduct of TomorrowNow, Inc.,

15   the plaintiffs must prove, by a preponderance of the evidence, that one or more employees,

16   agents, directors and officers of SAP AG acting within the scope of his/her/their authority,

17   approved TomorrowNow, Inc.'s conduct.  An employee, agent, director or officer is acting

18   within the scope of his/her authority if he/she was performing tasks reasonably related to the

19   kinds of tasks that he/she was employed to perform or it is reasonably foreseeable in light of

20   SAP AG's business or the employee's, agent's, director's or officer's responsibilities.

21

22   Authority**:** *See* CACI No. 3710 (modified); *Borges v. City of Hollister*, No. C03-05670 HRL,

23   2005 WL 589797, at *26 (N.D. Cal. Mar. 14, 2005)

24

25

26

27

28

1                                                    **Proposed Instruction No. 27-C (Defendants)**

2

**SECONDARY/VICARIOUS LIABILITY FOR BREACH OF CONTRACT,**

3

**INTERFERENCE AND TRESPASS TO CHATTELS CLAIMS**

4

5                    Oracle USA, Inc., Oracle International Corp., and Oracle EMEA Limited have

6 asserted that SAP America, Inc. and SAP AG should be held vicariously liable for

7 TomorrowNow, Inc.'s alleged breach of contract, alleged interference with prospective

8 economic advantage, and alleged trespass to chattels. Oracle USA, Inc., Oracle International

9 Corp., and Oracle EMEA Limited have the burden to prove, for each claim discussed above, that

10 SAP America, Inc. and SAP AG are responsible and liable for the conduct of the third defendant,

11 TomorrowNow, Inc.

12                    To prove their claim that SAP America, Inc. and SAP AG are responsible and

13 liable for any alleged harm caused by the third defendant, TomorrowNow, Inc., Oracle USA,

14 Inc., Oracle International Corp., and Oracle EMEA Limited must prove all of the following:

15                          1)       That TomorrowNow, Inc. is directly liable for the claim asserted; and

16                          2)       That SAP America, Inc. and SAP AG induced, caused, directed or

17                                   materially contributed to the conduct of TomorrowNow, Inc. that supports

18                                   that claim.

19

20 Authority: CACI 3701. Tort Liability Asserted Against Principal—Essential Factual Elements

21 (modified)

22

23

24

25

26

27

28

JOINT PROPOSED JURY INSTRUCTIONS