Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA  94104
Telephone:     (415) 626-3939
Facsimile:     (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA  94303
Telephone:     (650) 739-3939
Facsimile:     (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:     (832) 239-3939
Facsimile:     (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DEFENDANTS' NOTICE OF MOTION AND MOTION TO EXCLUDE EXPERT TESTIMONY OF PROFESSOR DOUGLAS G. LICHTMAN** |
| v. | |
| SAP AG, et al., | |
| Defendants. | Date:     September 30, 2010<br>Time:     2:30 p.m.<br>Courtroom: 3, 3rd Floor<br>Judge:    Hon. Phyllis J. Hamilton |

1

**TABLE OF CONTENTS**

2

**Page**

3

I.     INTRODUCTION AND ISSUES PRESENTED ............................................................... 1

4

II.    LEGAL STANDARD ................................................................................................... 2

III.   LICHTMAN'S TESTIMONY CONSISTS ENTIRELY OF LEGAL OPINION ............. 3

5

      A.     Legal Opinions Are Not Admissible Expert Testimony ........................................ 3

6

      B.     Lichtman Impermissibly Opines on Principles of Copyright Law and
             Advances Legal Argument ...................................................................................... 4

7

8

      C.     Lichtman Impermissibly Applies Copyright Law to the Alleged Facts to
             Draw Legal Conclusions ........................................................................................ 7

9

      D.     Lichtman's Self-Serving Characterizations of His Legal Opinion
             Testimony Cannot Prevent Its Exclusion ............................................................... 9

10

IV.   LICHTMAN'S TESTIMONY WILL WASTE TIME AND CAUSE PREJUDICE ........ 11

      A.     Permitting Lichtman to Testify to His Legal Opinions Will Waste Time ............ 11

11

      B.     Lichtman's Legal Opinions Are Unfairly Prejudicial .......................................... 14

12

V.     CONCLUSION ......................................................................................................... 15

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

1

## TABLE OF AUTHORITIES

2

**Page(s)**

3

<u>**Cases**</u>

4

*A&M Records, Inc. v. Napster, Inc.*,
   No. C 99-05183 MHP, 2000 WL 1170106 (N.D. Cal. Aug. 10, 2000) .................................... 10

*Carter v. Kentucky*,
   450 U.S. 288 (1981) ................................................................................................................. 11

*Charter Nat'l Bank v. Charter One Fin., Inc.*,
   No. 01 C 0905, 2001 U.S. Dist. LEXIS 13919 (N.D. Ill. Aug. 31, 2001) .............................. 1, 6

*Daubert v. Merrell Dow Pharms., Inc.*,
   509 U.S. 579 (1993) ................................................................................................................... 3

*F.B.T. Prods., LLC v. Aftermath Records*,
   No. CV 07-3314 PSG (MANx), 2009 U.S. Dist. LEXIS 5981 (C.D. Cal. Jan. 20, 2009) ........ 13

*Gable v. National Broadcasting Co.*,
   CV 08-4013 SVW (FFMx), 2010 U.S. Dist. LEXIS 77772 (C.D. Cal. Feb. 22, 2010) ............. 6

*Jonathan Browning, Inc. v. Venetian Casino Resort LLC*,
   No. C 07-03983 JSW, 2009 U.S. Dist. LEXIS 57665 (N.D. Cal. June 18, 2009) ...................... 4

*Kolesar v. United Agri Prods., Inc.*,
   412 F. Supp. 2d 686 (W.D. Mich. 2006) ................................................................................. 11

*Mannick v. Kaiser Found. Health Plan, Inc.*,
   No. C 03-5905 PJH, 2006 U.S. Dist. LEXIS 38430 (N.D. Cal. June 9, 2006) ................. 3, 4, 14

*Nationwide Trans. Fin. v. Cass Info. Sys., Inc.*,
   523 F.3d 1051 (9th Cir. 2008) ................................................................................................ 4, 9

*Pierson v. Ford Motor Co.*,
   No. C 06-6503 PJH, 2009 U.S. Dist. LEXIS 65297 (N.D. Cal. Apr. 16, 2009) ........................ 3

*Pinal Creek Group v. Newmont Mining Corp.*,
   352 F. Supp. 2d 1037 (D. Ariz. 2005) ............................................................................ 4, 6, 7, 12

*Redfoot v. B.F. Ascher & Co.*,
   No. C 05-2045 PJH, 2007 U.S. Dist. LEXIS 40002 (N.D. Cal. June 1, 2007) .......................... 3

*Religious Tech. Center v. Netcom On-Line Commc'n Servs., Inc.*,
   No. C-95-20091 RMW, 1997 WL 34605244  (N.D. Cal. Jan. 6, 1997) ...................................... 4

*Salinas v. Amteck of Ky., Inc.*,
   682 F. Supp. 2d 1022 (N.D. Cal. 2010) .................................................................................... 3

*SEC v. Leslie*,
   No. C 07-3444, 2010 U.S. Dist. LEXIS 76826 (N.D. Cal. July 29, 2010) .............................. 14

*Specht v. Jensen*,
   853 F.2d 805 (10th Cir. 1988) ......................................................................................... *passim*

*Ticketmaster Corp. v. Tickets.com, Inc.*,
   No. CV 99-07654 HLH (VBKx), 2003 WL 25781901 (C.D. Cal. Feb. 10, 2003) ..................... 4

*United States v. Brodie*,
   858 F.2d 492 (9th Cir. 1988) .......................................................................................... 3, 5, 14

*United States v. Morales*,
   108 F.3d 1031 (9th Cir. 1997) ................................................................................................... 3

# TABLE OF AUTHORITIES
### (continued)

Page(s)

*United States v. Mundy*,
  539 F.3d 154 (2d Cir. 2008) ............................................................................................ 11

## Rules

Fed. R. Evid. 403 ............................................................................................... *passim*

Fed. R. Evid. 702 ............................................................................................... *passim*

## Other Authorities

Defendant Napster, Inc.'s Consolidated Response to Plaintiffs' Evidentiary Objections
  and Request to Exclude Expert Reports of Tygar, Hall, Fader, and Lessig,
  *A&M Records, Inc. v. Napster, Inc.*,
  No. C 99-05183 MHP (ADR), 2000 WL 34634859 (N.D. Cal. July 20, 2000) ....................... 10

Defendants' Notice of Motion and Motion in Limine No. 1 to Exclude Putative
  Expert Testimony of Law Professor Peter S. Menell, *F.B.T. Prods., LLC v. Aftermath
  Records*,
  No. CV 07-3314 PSG (MANx), 2008 U.S. Dist. Ct. Motions 78441
  (C.D. Cal. Dec. 19, 2008) ............................................................................................. 13

June 20, 2000 Deposition of David J. Teece, Ph.D., *A&M Records, Inc. v. Napster, Inc.*,
  No. C 99-5183, 2000 WL 34744095 (N.D. Cal. June 20, 2000) ............................................ 10

Ninth Circuit Model Jury Instructions, Instruction 1.1A .............................................. 13

1

**NOTICE OF MOTION**

2       PLEASE TAKE NOTICE THAT on September 30, 2010 at 2:30 p.m., or as soon

3  thereafter as this matter may be heard by the Honorable Phyllis J. Hamilton, 1301 Clay Street,

4  Oakland, California, Courtroom 3, Defendants SAP AG, SAP America, Inc., and TomorrowNow,

5  Inc. (together, "Defendants") will bring this motion to exclude the expert testimony of Professor

6  Douglas G. Lichtman, pursuant to Civil Local Rules 7-2–7-5 and Rules 403 and 702 of the

7  Federal Rules of Evidence ("Rule 403" and "Rule 702," respectively), against Plaintiffs Oracle

8  USA, Inc., Oracle International Corp., and Siebel Systems, Inc. (together, "Plaintiffs").[1]  This

9  motion is based on the Memorandum of Points and Authorities herein, the Declaration of Tharan

10  Gregory Lanier, and all exhibits attached to that declaration.

11

**RELIEF REQUESTED**

12       An Order pursuant to Rules 403 and 702 of the Federal Rules of Evidence excluding the

13  expert testimony of Professor Douglas G. Lichtman.

14

**MEMORANDUM OF POINTS AND AUTHORITIES**

15  **I.       INTRODUCTION AND ISSUES PRESENTED**

16       Experts may not offer legal opinions or argument.  Yet Plaintiffs' law professor expert,

17  Professor Douglas Gary Lichtman ("Lichtman"), proposes to do just that.  Lichtman should know

18  better, having previously had his proposed expert testimony excluded because, among other

19  things, it provided nothing more than improper legal opinion and argument.  *See Charter Nat'l*

20  *Bank v. Charter One Fin., Inc.*, No. 01 C 0905, 2001 U.S. Dist. LEXIS 13919, at *18-20 (N.D. Ill.

21  Aug. 31, 2001).  Once again, Lichtman attempts to opine on legal matters and "advance[s] no

22  arguments that could not have been presented to this court as legal argument in a brief or

23  memorandum."  *Id.* at *20.  Indeed, many of Lichtman's legal opinions and arguments *have* been

24  presented to this court as legal arguments in Plaintiffs' summary judgment and pretrial briefing.

25  Just as Judge Andersen in *Charter Nat'l Bank* excluded Lichtman's impermissible legal opinions,

26  so too should this Court.

27       Lichtman, a 1994 graduate of Duke University and 1997 graduate of Yale Law School,

28       [1] Oracle EMEA Ltd. is no longer a plaintiff in this case.  D.I. 762 (8/17/10 Order) at 25.

DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF
PROFESSOR DOUGLAS G. LICHTMAN
Case No. 07-CV-1658 PJH (EDL)

1  teaches intellectual property courses at the Law School at the University of California, Los

2  Angeles.  *See* Declaration of Tharan Gregory Lanier in Support of Defendants' Motion to

3  Exclude Expert Testimony of Douglas G. Lichtman ("Lanier Decl.") ¶ 1, Ex. 1 (Lichtman Report)

4  ¶ 7; Ex. 2 (Lichtman Report, Ex. 1) at 1.  In his capacity as a lawyer,  Lichtman also represents

5  clients in copyright infringement matters.  *See* Lanier Decl. ¶ 1, Ex. 1 (Lichtman Report) ¶ 10; Ex.

6  3 (Lichtman Tr.) at 370:17-371:14.  According to his expert report (and as confirmed in his

7  deposition), Lichtman claims that he will testify about his "economic perspective on the public

8  policy justifications of copyright law, with particular emphasis on copyright law's damages

9  regime."  Lanier Decl. ¶ 1, Ex. 1 (Lichtman Report) ¶ 1; *see also* Lanier Decl. ¶ 3, Ex. 3

10  (Lichtman Tr.) at 26:8-28:7.  In fact, Lichtman improperly opines on various principles of

11  copyright law, advances legal argument regarding copyright damages, and applies copyright law

12  (as he sees it) to "facts" (including those merely assumed or alleged) in order to draw a number of

13  legal conclusions about the legality or illegality of Defendants' alleged conduct.

14        Although, at his deposition, Lichtman attempted to recast himself as a "damages expert"

15  (presumably to avoid exclusion), he offers no damages calculation, and his opinions are not

16  informed by any special expertise (beyond legal expertise) or knowledge of the facts in this case

17  that could assist the jury in determining damages.  Instead, "imbued with all the mystique

18  inherent in the title 'expert,'" Lichtman offers only his views on copyright law—many of which

19  the parties currently dispute and some of which conflict with this Court's recent Order on the

20  parties' motions for partial summary judgment.  *Specht v. Jensen*, 853 F.2d 805, 809 (10th Cir.

21  1988); D.I. 762 (8/17/10 Order).  Thus, this Court should exclude Lichtman's testimony in its

22  entirety, not only under Rule 702 as improper legal opinion testimony, but also under Rule 403,

23  as a waste of time and unfairly prejudicial.

24  **II.    LEGAL STANDARD**

25        Rule 702 "permits experts qualified by 'knowledge, experience, skill, expertise, training,

26  or education' to testify 'in the form of an opinion or otherwise' based on 'scientific, technical, or

27  other specialized knowledge' if that knowledge will 'assist the trier of fact to understand the

28  evidence or to determine a fact in issue.'"  *Salinas v. Amteck of Ky., Inc.*, 682 F. Supp. 2d 1022,

1  1029 (N.D. Cal. 2010) (Hamilton, J.) (quoting Fed. R. Evid. 702).  The proponent of expert

2  testimony bears the burden to establish "by a preponderance of the evidence that the admissibility

3  requirements are met."  *Id.* at 1029; *see also Pierson v. Ford Motor Co.*, No. C 06-6503 PJH,

4  2009 U.S. Dist. LEXIS 65297, at *7 (N.D. Cal. Apr. 16, 2009) (Hamilton, J.); *Redfoot v. B.F.*

5  *Ascher & Co.*, No. C 05-2045 PJH, 2007 U.S. Dist. LEXIS 40002, at *11 (N.D. Cal. June 1,

6  2007) (Hamilton, J.).  Under Rule 702, the trial court is obliged to act as a "gatekeeper" to ensure

7  that expert testimony is both reliable and relevant to the issues being tried.  *Salinas*, 682 F. Supp.

8  2d at 1029-30 (quoting *Daubert v. Merrell Dow Pharms., Inc.*, 509 U.S. 579, 597 (1993));

9  *Pierson*, 2009 U.S. Dist. LEXIS 65297, at *7; *Redfoot*, 2007 U.S. Dist. LEXIS 40002, at *11-12.

10     Rule 403 provides that even relevant "evidence may be excluded if its probative value is

11  substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading

12  the jury, or by considerations of undue delay, waste of time, or needless presentation of

13  cumulative evidence."  Fed. R. Evid. 403; *see also Redfoot*, 2007 U.S. Dist. LEXIS 40002, at *14.

14  **III.     LICHTMAN'S TESTIMONY CONSISTS ENTIRELY OF LEGAL OPINION**

15     Despite Lichtman's attempt to cast his expected testimony as non-legal, his entire

16  testimony—as reflected in his expert report and deposition testimony—will consist of improper

17  legal opinions, argument, and conclusions, which this Court should exclude under Rule 702.

18     **A.     Legal Opinions Are Not Admissible Expert Testimony.**

19     Rule 702 permits admission of relevant, reliable, and qualified expert testimony to assist

20  the trier of fact understand the evidence or determine a fact in issue; however, "[r]esolving

21  doubtful questions of law is the distinct and exclusive province of the trial judge."  *United States*

22  *v. Brodie*, 858 F.2d 492, 497 (9th Cir. 1988) (affirming court's exclusion of expert testimony

23  regarding the law of trusts), *overruled on other grounds*, *United States v. Morales*, 108 F.3d 1031

24  (9th Cir. 1997); *Mannick v. Kaiser Found. Health Plan, Inc.*, No. C 03-5905 PJH, 2006 U.S. Dist.

25  LEXIS 38430, at *49 (N.D. Cal. June 9, 2006) (Hamilton, J.) (sustaining objections to expert

26  testimony regarding whether public facilities were subject to and complied with regulations under

27  the Americans with Disabilities Act).  As a result, legal opinions fall outside the parameters of

28  permissible expert testimony.  *See Pinal Creek Group v. Newmont Mining Corp.*, 352 F. Supp. 2d

1   1037, 1042 (D. Ariz. 2005).  "The principle that legal opinion evidence concerning the law is

2   inadmissible is 'so well-established that it is often deemed a basic premise or assumption of

3   evidence law—a kind of axiomatic principle.'"  *Id.* (internal citations omitted).

4          "Accordingly, federal courts typically prohibit lawyers, professors, and other experts from

5   interpreting the law for the court or from advising the court about how the law should apply to the

6   facts of a particular case."  *Id.*; *see also Mannick*, 2006 U.S. Dist. LEXIS 38430, at *49; *Specht*,

7   853 F.2d at 808 (holding that testimony "which articulates and applies the relevant law . . .

8   circumvents the [fact finder's] decision-making function by telling it how to decide the case").

9   Similarly, courts preclude such experts from testifying as to any legal conclusions drawn from

10  applying law to facts.  *See Nationwide Trans. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058

11  (9th Cir. 2008) (affirming district court's exclusion of expert opinion that repeatedly

12  characterized defendant's conduct as "wrongful" or "intentional" under the law).

13         Relying on these black-letter principles, courts in this Circuit have rejected attempts to

14  offer "experts" on copyright law.  *See Jonathan Browning, Inc. v. Venetian Casino Resort LLC*,

15  No. C 07-03983 JSW, 2009 U.S. Dist. LEXIS 57665, *3-4 (N.D. Cal. June 18, 2009) (precluding

16  expert from testifying regarding copyrightability of light fixtures alleged to have been infringed);

17  *Religious Tech. Center v. Netcom On-Line Commc'n Servs., Inc.*, No. C-95-20091 RMW, 1997

18  WL 34605244, at *8 (N.D. Cal. Jan. 6, 1997) (striking declarations of copyright "experts," noting

19  that "[i]t is well-established that interpretations and explanations of the law are not proper

20  subjects of expert testimony"); *Ticketmaster Corp. v. Tickets.com, Inc.*, No. CV 99-07654 HLH

21  (VBKx), 2003 WL 25781901, at *1 (C.D. Cal. Feb. 10, 2003) (granting motion to exclude law

22  professor's expert testimony on whether website content was subject to copyright protection and

23  whether copying of that content constituted "fair use").

24         **B.      Lichtman Impermissibly Opines on Principles of Copyright Law and
                     Advances Legal Argument.**

25

26         Lichtman's testimony falls squarely within the category of inadmissible and excludable

27  legal opinion testimony.  Although Lichtman denies that his testimony consists of legal opinions,

28  the bulk of his report simply recites legal standards and advances Plaintiffs' legal arguments.

1   Indeed, in support of these proffered legal principles, Lichtman relies heavily on legal treatises,

2   statutes, and case law, which he cites extensively throughout his report.  *See, e.g.*, Lanier Decl.

3   ¶ 1, Ex. 1 (Lichtman Report) at nn.1-7, 11-13, 15-18, 20-21, 23-27, 29, 31-39, 41-44, 57-59, 62-

4   64, 69.  And his deposition testimony confirms that he plans to offer these legal opinions at trial.

5          Specifically, much of the Lichtman Report improperly opines on principles of copyright

6   protection and liability.  For example, in Section III(A) and Sections IV(A)-(B) and (E), Lichtman

7   offers legal opinion on the types of works for which copyright protection is available, that

8   copyright law provides incentives for original authorship, and on the limits of copyright

9   protection.  *See id.* ¶¶ 14-16 ("Copyright law is, at its heart, an incentive system designed to

10  encourage authors to create, disseminate, publicize, and in other ways nurture original works of

11  authorship"), 20-29 ("The copyright system, after all, offers protection to almost any creative

12  work . . ."), 30-44 ("Codified in the statute at section 102(b), the idea/expression dichotomy

13  excuses copying in instances where the copying constitutes the taking of an idea but does not in

14  addition involve the taking of expression."), 58 (stating requirements for copyright eligibility).

15  Section IV(E) also reproduces and characterizes various sections of the Copyright Act, including

16  portions regarding liability for "Unauthorized Reproduction," "Unauthorized Derivative Work,"

17  "Unauthorized Distribution," and "Contributory Infringement."  *Id.* ¶¶ 62-65.  Lichtman's

18  recitation of copyright law, as he sees it, is exactly the type of testimony courts have excluded as

19  improper legal opinion testimony.  *See, e.g.*, *Brodie*, 858 F.2d at 497.

20         Additionally, large portions of the Lichtman Report, including Sections III(A)-(B) and

21  Sections IV(C) and (F), impermissibly advance Plaintiffs' legal argument regarding the types and

22  amount of damages available under the Copyright Act.  *See* Lanier Decl. ¶ 1, Ex. 1 (Lichtman

23  Report) ¶¶ 17 n.7 (citing case law relating to calculation of fair market value damages under

24  copyright law), 45 (noting that calculation of copyright damages "emphasi[zes] . . . information

25  that might help the court determine the fair market value of the work the copyist misappropriated

26  and (relatedly) the amount the copyist would have been required to pay had the copyright chosen

27  to negotiate instead of simply copying without permission"), 71-72 (". . . [the Pinto Report]

28  estimates the significant savings SAP enjoyed by copying instead of competing legitimately.

1   That is a highly relevant measure of the fair market value of the material SAP infringed.").

2   Similarly, at his deposition, Lichtman testified as to his views on the type of damages

3   available under copyright law, how damages are properly calculated, and how Defendants' expert

4   Stephen K. Clarke's damages calculations purportedly do not comport with copyright law.  *See*

5   Lanier Decl. ¶ 3, Ex. 3 (Lichtman Tr.) at 59:7-60:19, 65:3-15, 67:22-68:24, 70:17-75:7, 77:18-

6   79:22, 113:20-114:10, 115:19-117:7, 118:11-119:4, 156:22-157:6, 162:25-165:16, 178:19-179:9,

7   194:12-195:4, 204:6-22, 211:23-212:10, 218:16-21.  While masquerading as "expert opinion,"

8   Lichtman's testimony in fact parrots Plaintiffs' legal arguments, including those regarding the

9   method by which a fair market value license should be calculated and the availability of saved

10  development costs.  These arguments already have been the subject of extensive briefing by both

11  parties.  *See, e.g.*, D.I. 640 (Defs.' Motion for Partial Summary Judgment); D.I. 677 (Oracle's

12  Opposition to Defs.' Motion for Partial Summary Judgment); D.I. 728 (Defs.' Mot. in Limine No.

13  2 Regarding Precluded Damages Evidence).  They are not the proper subject of expert testimony,

14  and the Court should not permit Lichtman to provide what amounts to another legal brief on these

15  issues.  *See Charter Nat'l Bank*, 2001 U.S. Dist. LEXIS 13919, at *18-20 (granting motion to

16  exclude Lichtman testimony because he was not qualified to testify as an expert on trademark law

17  and "he advanced no arguments that could not have been presented to this court as legal argument

18  in a brief or memorandum"); *Gable v. National Broadcasting Co.*, CV 08-4013 SVW (FFMx),

19  2010 U.S. Dist. LEXIS 77772, at *56-57 (C.D. Cal. Feb. 22, 2010) (excluding copyright

20  professor David Nimmer's expert opinion that "a triable issue of fact exist[ed]" regarding

21  substantial similarity, noting that "portions of Nimmer's report read much like a third legal brief");

22  *Pinal Creek Group*, 352 F. Supp. 2d at 1044 (granting motion to exclude several law professors'

23  testimony, noting that expert reports "read[] more like a legal brief than an expert report").

24  Furthermore, Lichtman's "opinions" regarding the availability of saved development costs

25  is inconsistent with this Court's recent ruling that Plaintiffs may not seek such saved costs in this

26  case.  D.I. 762 (8/17/10 Order) at 18-23.  That Lichtman's proffered opinions conflict with this

27  Court's ruling underscores that Lichtman's legal opinion testimony would improperly usurp the

28  Court's role.

1    Because Lichtman's testimony is aimed precisely at instructing the jury on legal doctrines

2    related to Plaintiffs' copyright claim, many of which the parties dispute, it invades the exclusive

3    province of the Court and must be excluded.

4    **C.     Lichtman Impermissibly Applies Copyright Law to the Alleged Facts to Draw**
         **Legal Conclusions.**
5

6    Despite disclaiming any special knowledge of the facts in this case, Lichtman devotes

7    Section IV(E) of his report to applying copyright law to assumed or alleged facts in order to draw

8    legal conclusions regarding copyrightability and liability.  And throughout his report and

9    deposition testimony, Lichtman comments on the legality (or illegality) of Defendants' accused

10   conduct.  The Court should not permit Lichtman to "advis[e] the court about how the law should

11   apply to the facts of a particular case," *Pinal Creek Group*, 352 F. Supp. 2d at 1042, or to

12   "circumvent [] the [fact finder's] decision-making function by telling it how to decide the case."

13   *Specht*, 853 F.2d at 808.

14   Specifically, as described in Section IV(E) of his report and in his related deposition

15   testimony, Lichtman plans to offer at trial the legal conclusion that "Enterprise Application

16   Software" and "many if not all Oracle Fixes at issue in this dispute" are "copyright eligible," in

17   that they are "original," "creative," and "fixed in one or another permanent or semi-permanent

18   medium."[2]  Lanier Decl. ¶ 1, Ex. 1 (Lichtman Report) ¶¶ 56-60; Ex. 3 (Lichtman Tr.) at 300:21-

19   301:14, 338:5-16.  Lichtman admits that he did not draw this conclusion based on his own

20   specialized computer expertise or even familiarity with the copyright registrations asserted in this

21   case; indeed, he has not studied any of the asserted registrations or underlying deposit materials

22   and does not claim that his conclusions regarding copyright eligibility apply to all of the allegedly

23   infringed works.  *See* Lanier Decl. ¶ 3, Ex. 3 (Lichtman Tr.) at 325:8-17, 326:18-330:2; 338:12-

24   16, 345:25-346:10, 370:2-8.  Rather, Lichtman concludes that "Enterprise Application Software"

25   _____
         [2] Lichtman defines "Enterprise Application Software" as "the computer code and
26   associated data that, taken together, constitute a software application in Oracle's PeopleSoft, J.D.
     Edwards, or Siebel branded software product families" and defines "Oracle Fix" as "any
27   computer code currently owned by Oracle where the code is ultimately meant to be sent to a
     customer in order to solve a problem, correct and error, or improve some aspect of the Enterprise
28   Application Software's appearance or performance."  Lanier Decl. ¶ 1, Ex. 1 (Lichtman Report)
     ¶¶ 56-57.

1    and "Oracle Fixes" are "original," "creative," and "fixed in any tangible medium of expression"

2    (and therefore "meet[] these threshold requirements [for copyright eligibility] easily") based on

3    applying copyright law to his "assum[ption]" that Enterprise Application Software and Oracle

4    Fixes were "written by one or more employees or independent contractors who in turn worked for

5    Oracle or for a company acquired by Oracle" and to his discussions with Oracle employees

6    regarding approximately one dozen code excerpts that may (or may not) have been code covered

7    by the allegedly infringed registrations.[3]   Lanier Decl. ¶ 1, Ex. 1 (Lichtman Report) ¶¶ 56-60; *see*

8    *also* Lanier Decl. ¶ 3, Ex. 3 (Lichtman Tr.) at 283:1-25, 304:17-305:24, 310:13-311:2, 311:21-

9    312:13, 313:15-314:3, 343:17-24, 345:11-20, 345:25-346:10.

10          Similarly, the remainder of Section IV(E) features Lichtman's rote application of various

11   subsections of the Copyright Act to the allegations of the Fourth Amended Complaint, resulting

12   in Lichtman's legal opinions that TN allegedly copied "a large number of copyright-eligible

13   Oracle Fixes," "created unauthorized derivative work," "distributed to its customers unlawful

14   derivative work," and "induced its customers" to infringe.  Lanier Decl. ¶ 1, Ex. 1 (Lichtman

15   Report) ¶¶ 61-66 (emphasis added); *see also* Ex. 3 (Lichtman Tr.) at 352:18-353:5, 358:8-17

16   (testifying that the allegations in the Fourth Amended Complaint, if true, "would establish

17   infringement of, or a violation of that provision of the [Copyright] Act").  Like his opinions

18   regarding copyright eligibility, Lichtman's opinions regarding liability under copyright law are

19   not informed by any special knowledge of relevant facts.  *See, e.g.*, Lanier Decl. ¶ 3, Ex. 3

20   (Lichtman Tr.) at 362:15-363:15 (testifying that he has not reviewed specific customer contracts

21   that might bear on whether allegedly infringing conduct was licensed).  Instead, his report and

22   deposition testimony are rife with generalized judgments regarding the legality of Defendants'

23   alleged conduct.  *See, e.g.*, Lanier Decl. ¶ 1, Ex. 1 (Lichtman Report) ¶¶ 19 ("Here, however,

24   SAP has crossed the line. . . It is the very free riding that copyright law for good reason forbids."),

25   53 ("But SAP TN chose to go far beyond these legitimate approaches . . ."), 70 ("SAP TN,

26   however, went beyond those legitimate means . . ."); Ex. 3 (Lichtman Tr.) at 346:11-16, 348:9-13.

27

28         [3] Defendants have moved *in limine* to exclude such improper technical opinions of Oracle
     employees not disclosed as experts.  *See* D.I. 728 (Defs.' Mots. in Limine) at 10-15.

1    Lichtman's textbook application of law to "facts" to draw legal conclusions regarding

2    copyright eligibility and liability is improper, as are his bald statements regarding legality.  *See*

3    *Nationwide Trans.*, 532 F.3d at 1058 (affirming exclusion of expert opinion that discussed and

4    applied legal principles to the facts of the case; described the parties' legal rights, duties, and

5    obligations; repeatedly characterized defendant's conduct as "wrongful" or "intentional" under

6    the law; and discussed the appropriate formula to calculate damages under the law); *Specht*, 853

7    F.2d at 806, 808 (holding that lawyer should not have been permitted to provide analysis and

8    opinion on whether an illegal search had taken place based on a "hypothetical of the facts that are

9    in evidence in this case").  The Court can and should exclude Lichtman's testimony on these

10   bases.

11          **D.      Lichtman's Self-Serving Characterizations of His Legal Opinion Testimony
                      Cannot Prevent Its Exclusion.**

12

13          Having once had his proposed expert testimony excluded because, among other things, it

14   provided nothing more than impermissible legal opinion and argument, *see Charter Nat'l Bank*,

15   2001 U.S. Dist. LEXIS 13919, at *18-20, Lichtman now attempts to avoid that same result by

16   characterizing the purpose of his expected testimony as "offer[ing] an economic perspective on

17   the public policy justifications of copyright law, with particular emphasis on copyright law's

18   damages regime."  Lanier Decl. ¶ 1, Ex. 1 (Lichtman Report) ¶ 1; *see also* Lanier Decl. ¶ 3, Ex. 3

19   (Lichtman Tr.) at 26:8-28:5, 75:17-24.  Lichtman has gone so far as to claim that he is a

20   "damages expert," in that he will provide the jury with "bigger contextual points about what the

21   [copyright damages] system is designed to do from an economic and public policy perspective."

22   Lanier Decl. ¶ 3, Ex. 3 (Lichtman Tr.) at 82:17-83:3, 219:19-222:20.  But Lichtman's attempt to

23   cast his opinion as an "economic perspective on the public policy justifications of copyright law"

24   and protestations that he is not opining on the law do not remove his testimony, replete with legal

25   principles and argument, from the realm of improper legal opinion.  *See, e.g.*, *id.* at 353:10-354:3.

26          At least one court in this very district has excluded expert testimony purporting to offer

27   public policy justifications for legal principles, reasoning that such testimony constitutes

28   improper legal opinion.  *See A&M Records, Inc. v. Napster, Inc.*, No. C 99-05183 MHP, 2000

1  WL 1170106, at *6, 8 (N.D. Cal. Aug. 10, 2000).  In *A&M Records*, the defendant offered the

2  testimony of its expert, law professor Lawrence Lessig, to explain:

3  
> the interplay between law and the technologies of the Internet.  As
> only part of his analysis, he discusses the relevant legal authorities
4  > to demonstrate that the Supreme Court traditionally has followed a
> consistent approach when faced with new technologies.  He
5  > provides this discussion not as part of a legal analysis or opinion,
> but rather, to underscore the importance, in his view, of considering
6  > the practical effect of a regulation upon the technologies of the
> Internet before directly applying that regulation through the use of
7  > injunctive power.

8  Defendant Napster, Inc.'s Consolidated Response to Plaintiffs' Evidentiary Objections and

9  Request to Exclude Expert Reports of Tygar, Hall, Fader, and Lessig, *A&M Records, Inc. v.*

10  *Napster, Inc.*, No. C 99-05183 MHP (ADR), 2000 WL 34634859, at § V(A) (N.D. Cal. July 20,

11  2000).  The court rejected defendant's attempt to characterize Lessig's testimony as non-legal,

12  concluding that Lessig's testimony constituted "a combination of legal opinion and editorial

13  comment on Internet policy."  *A&M Records*, 2000 WL 1170106, at *8.  Noting that "[t]he Ninth

14  Circuit does not allow attorneys to testify about applicable law," the court granted plaintiff's

15  motion to exclude Lessig's testimony.  *Id.*  Here, too, the Court should disregard Lichtman's self-

16  serving characterizations of his testimony and exclude the testimony because it consists of legal

17  opinion and argument.[4]  Even Lichtman agreed that "a great lawyer would talk at some depth and

18  in some way about the policy and economics" considerations addressed in Lichtman's opinion.

19  Lanier Decl. ¶ 3, Ex. 3 (Lichtman Tr.) at 237:20-24.

20          Ultimately, that Lichtman's opinions overlap with Plaintiffs' proposed jury instructions

21  confirms that his testimony—however characterized—purports to instruct the jury on the law.

22  *Compare* D.I. 747 (Joint Proposed Jury Instructions) at 74 (Pls.' Proposed Instruction No. 19-C)

23  
---

24          [4] Lichtman's proposed testimony is distinguishable from the expert testimony of *A&M Records* plaintiffs' economics expert, David Teece, who was permitted to testify regarding "the importance of intellectual property protection to the United States' economy."  *A&M Records*,
25  2000 WL 1170106, at *6.  Whereas Teece's testimony was based on empirical studies, including those relating to the impact that digital rights management standards would have on industry
26  sales, Lichtman offers only testimony regarding copyright law and its incentives to authors, as embodied in the U.S. Constitution and articulated in case law.  *See id.*; June 20, 2000 Deposition
27  of David J. Teece, Ph.D., *A&M Records, Inc. v. Napster, Inc.*, No. C 99-5183, 2000 WL 34744095 (N.D. Cal. June 20, 2000).  Tellingly, the *A&M Records* defendants did not move to
28  exclude Teece's report on the grounds that it provided an improper legal opinion.

1  ("In general, you should construe actual damages to favor the victims of infringement, keeping in

2  mind the objective of copyright law is to enable copyright owners to capture the full value of their

3  rights.") *to* Lanier Decl. ¶ 1, Ex. 1 (Lichtman Report) ¶¶ 14 ("Copyright law is, at its heart, an

4  incentive system designed to encourage authors to create, disseminate, and in other ways nurture

5  original works of authorship"), 26 ("[C]opyright law encourages that investment by promising the

6  possibility of an economic reward upon successful introduction of the work into the market.").

7  Unlike jury instructions, whose "very purpose" is "to direct the jurors' attention to important legal

8  concepts," Lichtman should not be permitted to instruct the jury on the law.  *Carter v. Kentucky*,

9  450 U.S. 288, 299 (1981) (internal citation omitted); *see also United States v. Mundy*, 539 F.3d

10  154, 157 (2d Cir. 2008) (noting that "the main purpose of the jury instruction is to inform the jury

11  of the correct legal standard and on the applicable rules of law").

12  **IV.  LICHTMAN'S TESTIMONY WILL WASTE TIME AND CAUSE PREJUDICE**

13  Rule 403, which provides that even relevant "evidence may be excluded if its probative

14  value is substantially outweighed by the danger of unfair prejudice . . . or by considerations of . . .

15  waste of time," also justifies excluding Lichtman's improper legal opinion testimony.  Fed. R.

16  Evid. 403.  Lichtman's legal opinion testimony is a waste of the Court's time because it is—by

17  definition—not helpful to the jury (whose province is the determination of fact, not law) and

18  because it is not necessary to explain the damages calculations that will be offered at trial.

19  **A.  Permitting Lichtman to Testify to His Legal Opinions Will Waste Time.**

20  Testimony that does not help a jury understand the evidence or determine a fact in issue

21  "is properly excluded under Rule 702 and also Rule 403 as a waste of court time."  *Kolesar v.*

22  *United Agri Prods., Inc.*, 412 F. Supp. 2d 686, 698 (W.D. Mich. 2006).  Lichtman professes no

23  special knowledge of the facts in this case or expertise in any area beyond "intellectual property,

24  with particular emphasis on the public policy motivations and economic justifications that

25  animate copyright and patent law."  Lanier Decl. ¶ 1, Ex. 1 (Lichtman Report) ¶ 7; Ex. 3

26  (Lichtman Tr.) at 325:8-17, 326:18-330:2; 338:5-16, 345:25-346:10, 362:15-363:15, 370:2-8.

27  While Lichtman claims to testify as a "damages expert[]," his improper legal opinion testimony

28  will not help the jury determine damages.  Lanier Decl. ¶ 3, Ex. 3 (Lichtman Tr.) at 82:17-83:3.

1    As a preliminary matter, Lichtman's proposed testimony consists entirely of improper

2    legal opinion and argument that, by definition, are not helpful to the jury.  *See Pinal Creek*, 352 F.

3    Supp. 2d at 1045-46 (holding that excluded legal expert's "time-consuming side journey through

4    the 'anti-trust story' will complicate this already complex case and will not assist the trier of fact

5    in understanding the evidence or deciding a disputed issue of fact"); *Specht*, 853 F.2d at 807 ("[I]t

6    would be a waste of time if witnesses or counsel should duplicate the judge's statement of the

7    law . . .") (internal citation omitted).  That Lichtman's legal conclusions are not tied to the facts in

8    this case is further reason to exclude his testimony.  *See, e.g.*, Lanier Decl. ¶ 3, Ex. 3 (Lichtman

9    Tr.) at 312:5-13 (testifying that opinions on copyright eligibility are not specific to the copyright

10   registrations asserted in this case), 352:18-353:5 (testifying that opinions on liability are based on

11   allegations in complaint), 353:10-354:3; *Specht*, 853 F.2d at 808, 809 n.5 (holding that lawyer

12   who "painstakingly developed over an entire day the conclusion that defendants violated

13   plaintiffs' constitutional rights" through applying the law to hypothetical facts should have been

14   excluded, as his legal opinions "added nothing to resolve the salient factual issues of the case").

15   Additionally, Lichtman's proposed testimony regarding "what the [copyright damages]

16   system is designed to do from an economic and public policy perspective" is not necessary to

17   assist the jury determine damages here.  Lanier Decl. ¶ 3, Ex. 3 (Lichtman Tr.) at 222:8-20.

18   According to Lichtman, he and Plaintiffs' expert Paul K. Meyer "are both damages experts."  *Id.*

19   at 82:17-83:3.  However, unlike Meyer, Lichtman does not claim expertise to provide damages

20   calculations and does not provide any.  *See, e.g.*, *id.* at 26:8-28:7, 47:9-18, 82:7-83:3, 235:14-17.

21   Instead, Lichtman purports to explain only "the policy and economic motivations underneath all

22   of this damages analysis and damages law" as "context" for the damages figures offered by

23   experts like Meyer and Clarke.  *Id.* at 26:8-28:7, 31:4-32:1.  But according to his deposition

24   testimony, Lichtman's proposed explanation of Meyer's damages calculation is not necessary.

25   First, Lichtman believes that Meyer has already "adequately and fully explained the basis

26   for the numbers in his report."  *See id.* at 263:2-6.  Second, Lichtman admits that Meyer's

27   calculation of Plaintiffs' damages claims does not rely on the opinions rendered in the Lichtman

28   Report.  *See id.* at 109:22-110:3.  Third, Lichtman admits that expert opinions on the economic

1    and public policy rationales behind damages schemes are not necessary in all cases to assist juries

2    determine damages. *See id.* at 233:10-234:17. In fact, Lichtman could not name a single expert

3    who has been permitted to testify regarding the economic and public policy rationales of

4    copyright law's damages scheme; Lichtman's recollection that law professor Peter Menell may

5    have been allowed to so testify was incorrect. *See id.* at 226:10-227:8. Menell's testimony

6    offered in *F.B.T. Prods., LLC v. Aftermath Records* was excluded as constituting improper legal

7    opinion. *See* No. CV 07-3314 PSG (MANx), 2009 U.S. Dist. LEXIS 5981, at *17-18 n.5 (C.D.

8    Cal. Jan. 20. 2009); Defendants' Notice of Motion and Motion in Limine No. 1 to Exclude

9    Putative Expert Testimony of Law Professor Peter S. Menell, *F.B.T. Prods., LLC v. Aftermath*

10   *Records*, No. CV 07-3314 PSG (MANx), 2008 U.S. Dist. Ct. Motions 78441, at *8-9 (C.D. Cal.

11   Dec. 19, 2008). Lichtman's inability to recall experts who have testified about economic and

12   public policy rationales of a damages scheme is unsurprising—a jury's determination of damages

13   ought to be guided by the evidence and the law, as given by the Court, not by economic and

14   public policy considerations. *Cf.* Ninth Circuit Model Jury Instructions, Instruction 1.1A ("It is

15   your duty to find the facts from all the evidence in the case. To those facts you will apply the law

16   as I give it to you. . . . And you must not be influenced by any personal likes or dislikes, opinions,

17   prejudices, or sympathy"). With both parties already offering experts to opine on the amount of

18   damages, the jury has no need or use for Lichtman's opinions on the rationale behind copyright

19   law's damages scheme.

20       Furthermore, despite advocating that expert opinions on the economic and public policy

21   rationales behind damages schemes ought to be offered in more cases, Lichtman acknowledged

22   that "we have to be careful about whether that makes sense as a use of societal resources" in light

23   of "judicial constraints and the like." Lanier Decl. ¶ 3, Ex. 3 (Lichtman Tr.) at 256:14-258:17.

24   Although Lichtman offered certain subjective factors that might suggest the types of cases for

25   which opinions like his would be worthwhile, Lichtman ultimately testified that the determination

26   "more lean[s] on common sense reactions to what one perceives as one reads these other reports

27   and what they communicate on the absence of context." *Id.* at 234:4-17, 254:3-256:9, 257:2-9,

28   260:5-261:1. Here, where four plaintiffs assert 10 claims against three defendants, where the

1   parties have offered a total of 13 testifying experts, and where Plaintiffs' damages calculations

2   have already been "adequately and fully explained," (Lanier Decl. ¶ 3, Ex. 3 (Lichtman Tr.) at

3   263:2-11) common sense—in combination with the Federal Rules of Evidence—dictates

4   exclusion of Lichtman's superfluous testimony.

5           **B.**      <u>**Lichtman's Legal Opinions Are Unfairly Prejudicial.**</u>

6           In addition to being excludable under Rule 702, expert legal opinion testimony may be

7   excluded under Rule 403 as unduly prejudicial.  *See, e.g.*, *SEC v. Leslie*, No. C 07-3444, 2010

8   U.S. Dist. LEXIS 76826, at *25-27, 30 (N.D. Cal. July 29, 2010) (excluding under Rule 403

9   portions of expert opinion on "legal concepts, the legal interpretation of case law and statutes,

10   [and] whether specific conduct was fraudulent, intentional, or misleading in the legal sense,"

11   noting that the risk of undue prejudice from expert's use of legal terms "would substantially

12   outweigh its minimal probative value"); *Brodie*, 858 F.2d at 497 (affirming exclusion of expert

13   legal opinion under Rule 403 as "not only superfluous but mischievous").  Indeed, the rationale

14   behind prohibiting expert legal opinion is the fear that "the jury may believe the attorney-witness,

15   who is presented to them imbued with all the mystique inherent in the title 'expert,' is more

16   knowledgeable than the judge in a given area of law."  *Specht*, 853 F.2d at 809 (finding that

17   expert legal testimony should have been excluded because "[n]otwithstanding any subsequent

18   disclaimers by the witness that the court's instructions would govern, a practical and experienced

19   view of the trial world strongly suggests that the jury's deliberation was unduly prejudiced by the

20   expert's testimony").  Here, the prejudice that would result from Lichtman's testimony is

21   particularly acute, as Lichtman's opinions and arguments on copyright law are slanted in

22   Plaintiffs' favor.  Thus, the Court should exclude Lichtman's testimony pursuant to Rule 403, as

23   allowing Lichtman to testify regarding his legal conclusions on copyright protection, liability,

24   legality, and damages would impermissibly usurp the "distinct and exclusive province of the trial

25   judge" and will unfairly prejudice Defendants.  *Mannick*, 2006 U.S. Dist. LEXIS 38430, at *49.

26

27

28

DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF
PROFESSOR DOUGLAS G. LICHTMAN
Case No. 07-CV-1658 PJH (EDL)

1    V.    **CONCLUSION**

2          For these reasons, the Court should grant Defendants' motion and exclude the expert

3    testimony of Professor Douglas G. Lichtman.

4    Dated:  August 19, 2010                    JONES DAY

5

6                                               By: /s/ Tharan Gregory Lanier

7                                                   Tharan Gregory Lanier

8                                               Counsel for Defendants
                                                SAP AG, SAP AMERICA, INC., and
                                                TOMORROWNOW, INC.

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

SVI-83758v1

DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF
PROFESSOR DOUGLAS G. LICHTMAN
Case No. 07-CV-1658 PJH (EDL)