Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:      (415) 626-3939
Facsimile:      (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:      (650) 739-3939
Facsimile:      (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:      (832) 239-3939
Facsimile:      (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **REPLY IN SUPPORT OF DEFENDANTS' MOTION TO EXCLUDE EXPERT TESTIMONY OF PROFESSOR DOUGLAS G. LICHTMAN** |
| v. | |
| SAP AG, et al., | |
| Defendants. | Date:         September 30, 2010<br>Time:         2:30 p.m.<br>Courtroom: 3, 3rd Floor<br>Judge:       Hon. Phyllis J. Hamilton |

SVI-84773v1

REPLY ISO DEFS.' MOT. TO EXCLUDE EXPERT
TESTIMONY OF PROF. DOUGLAS G. LICHTMAN
Case No. 07-CV-1658 PJH (EDL)

**TABLE OF CONTENTS**

**Page**

I. INTRODUCTION ........................................................................................................... 1
II. LICHTMAN'S TESTIMONY IS INADMISSIBLE UNDER RULE 702 ........................ 1
    A. Lichtman's Testimony Consists Entirely of Improper Legal Opinion ................... 1
    B. Case Law Supports Excluding Lichtman's Legal Opinion Testimony................... 3
III. LICHTMAN'S TESTIMONY IS INADMISSIBLE UNDER RULE 403 ........................ 6
    A. Lichtman's Unhelpful, Unprecedented, and Improper Legal Opinion Testimony Will Waste Time ........................................................................................ 7
    B. Lichtman's Legal Opinions Are Per Se Unfairly Prejudicial............................... 10
IV. LICHTMAN'S QUALIFICATIONS AND METHODOLOGY ARE IMMATERIAL ........................................................................................................... 10
V. CONCLUSION ............................................................................................................. 11

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*A&M Records, Inc. v. Napster, Inc.*,
  Nos. C 99 05183, C000074 MHP, 2000 WL 1170106 (N.D. Cal. Aug. 10, 2000) ................. 5, 6

*Charter Nat'l Bank v. Charter One Fin., Inc.*,
  No. 01 C 0905, 2001 U.S. Dist. LEXIS 13919 (N.D. Ill. Aug. 31, 2001) ................................... 5

*F.B.T. Prods., LLC v. Aftermath Records*,
  No. CV 07-3314 PSG (MANx), 2009 U.S. Dist. LEXIS 5981 (C.D. Cal. Jan. 20, 2009) .......... 6

*Gable v. National Broad. Co.*,
  No. CV 08-4013 SVW (FFMx), 2010 U.S. Dist. LEXIS 77772 (C.D. Cal. Feb. 22, 2010) . 5, 11

*Hebert v. Lisle Corp.*,
  99 F.3d 1109 (Fed. Cir. 1996) ................................................................................................. 11

*In re Initial Public Offering Sec. Litig.*,
  174 F. Supp. 2d 61 (S.D.N.Y. 2001) ......................................................................................... 3

*Jaasma v. Shell Oil Co.*,
  412 F.3d 501 (3d Cir. 2005) ................................................................................................. 7, 8

*Kolesar v. United Agri Prods., Inc.*,
  412 F. Supp. 2d 686 (W.D. Mich. 2006) .................................................................................. 6

*KW Plastics v. United States Can Co.*,
  199 F.R.D. 687 (M.D. Ala. 2000) ............................................................................................. 9

*Mannick v. Kaiser Found. Health Plan, Inc.*,
  No. C 03-5905 PJH, 2006 U.S. Dist. LEXIS 38430 (N.D. Cal. June 9, 2006) ..................... 3, 4

*Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*,
  523 F.3d 1051 (9th Cir. 2008) ............................................................................................ 4, 11

*Pinal Creek Group v. Newmont Mining Corp.*,
  352 F. Supp. 2d 1037 (D. Ariz. 2005) ...................................................................................... 3

*R.A. Mackie & Co. v. Petrocorp, Inc.*,
  329 F. Supp. 2d 477 (S.D.N.Y. 2004) .................................................................................. 7, 8

*Securities and Exchange Commission v. Leslie*,
  No. C 07-3444, 2010 U.S. Dist. LEXIS 76826 (N.D. Cal. July 29, 2010) .............................. 10

*Semerdjian v. McDougal Littell*,
  641 F. Supp. 2d 233 (S.D.N.Y. 2009) .................................................................................. 7, 8

*Smith v. Ingersoll-Rand Co.*,
  214 F.3d 1235 (10th Cir. 2000) ............................................................................................ 7, 8

*Specht v. Jensen*,
  853 F.2d 805 (10th Cir. 1988) ..................................................................................... 3, 4, 9, 10

*Ticketmaster Corp. v. Tickets.com, Inc.*,
  No. CV 99-07654 HLH (VBKx), 2003 WL 25781901 (C.D. Cal. Feb. 10, 2003) ............. 5, 11

*United States v. Brodie*,
  858 F.2d 492 (9th Cir. 1988) ............................................................................................. 9, 10

*United States v. Morales*,
  108 F.3d 1031 (9th Cir. 1997) .................................................................................................. 9

**TABLE OF AUTHORITIES**
**(continued)**

**Page(s)**

**Rules**

Fed. R. Evid. 403 ................................................................................................................ 1, 6, 7, 10

Fed. R. Evid. 702 ........................................................................................................................ 1, 7

## I.   INTRODUCTION

There is no serious question that Professor Lichtman's expert testimony consists entirely of improper legal opinion, argument, and conclusions, prohibited by Rules 702 and 403 of the Federal Rules of Evidence ("Rule 702" and "Rule 403").  Plaintiffs do not dispute that expert legal opinion is inadmissible under Rule 702.  Instead, Plaintiffs attempt to recast Lichtman's opinions as non-legal and to distinguish the cases that support excluding Lichtman's legal opinion testimony.  The plain language of the Lichtman Report and Lichtman's corresponding deposition testimony belie those attempts.  Moreover, Plaintiffs' arguments and cited cases confirm only that the Court should exclude Lichtman's legal opinion testimony as a waste of time and unfairly prejudicial.  Finally, Plaintiffs' arguments intended to bolster Lichtman's purported qualifications and methodology as a copyright expert are merely a distraction; when excluding improper expert legal opinions, a legal expert's "qualifications" and methodologies are immaterial.

## II.   LICHTMAN'S TESTIMONY IS INADMISSIBLE UNDER RULE 702

Plaintiffs' denial that Lichtman offers improper legal opinion almost exclusively relies on excerpts from Lichtman's deposition testimony in which he attempts to disown his reliance on and construal of the law.  But Lichtman's self-serving protestations do not remove his testimony, replete with legal principles and argument, from the realm of improper legal opinion.

### A.   <u>Lichtman's Testimony Consists Entirely of Improper Legal Opinion.</u>

The best evidence of Lichtman's intent to affirmatively offer improper legal opinion is the Lichtman Report itself.  As described in Defendants' Motion, much of the report provides legal opinion on the types of works for which copyright protection is available, the incentives for original authorship, the limits of copyright protection, and the conduct that creates liability under the Copyright Act.  *See* ECF No. 777 (Lanier Decl.) ¶ 1, Ex. 1 (Lichtman Report) at Sections III(A), IV(A), (B), and (E).  Significant portions of the report also impermissibly advance legal argument regarding the types and amount of damages under the Copyright Act, including the availability and calculation of fair market value damages in this case.  *See id.* at Section III(A)-(B).  Further, Lichtman devotes an entire section of the report to applying copyright law principles to assumed and alleged facts in order to draw legal conclusions regarding copyright

1  eligibility and liability. *See id.* at Section IV(E). Even a cursory review of the Lichtman Report
2  reveals that Lichtman relies heavily on legal treatises, statutes, and case law to support his
3  proffered legal principles and argument. *See id.* at nn.1-7, 11-13, 15-18, 20-21, 23-27, 29, 31-39,
4  41-44, 57-59, 62-64, 69. In light of the purely legal nature of the Lichtman Report, it is no
5  surprise that, at deposition, counsel's examination elicited similarly improper legal opinion,
6  argument, and conclusions from Lichtman. *See* ECF No. 777 (Lanier Decl.) ¶ 1, Ex. 3 (Lichtman
7  Tr.) at 77:18-79:2, 178:19-179:9, 211:23-212:10, 218:16-21. Lichtman's refusal at deposition to
8  reference the legal sources on which he so freely relies in his report does not establish that his
9  opinions are non-legal; it merely shows his after-the-fact recognition that such reliance is
10 improper. *See* ECF No. 842 (Chin Decl.) ¶ 6, Ex. D (Lichtman Tr.) at 88:24-89:22, 112:15-23,
11 181:13-182:1, 195:11-196:13.

12       Additionally, Plaintiffs' briefing makes clear that Lichtman's proposed testimony to rebut
13 the damages analysis of Defendants' expert Stephen Clarke consists entirely of improper legal
14 opinion. As described by Plaintiffs, Lichtman's rebuttal testimony duplicates counsel's legal
15 arguments that Clarke's method for calculating a fair market value license does not comport with
16 copyright law. For example, Lichtman criticizes Clarke's damages calculations because Clarke
17 considers "only . . . what ultimately transpired . . . ignoring the parties' actual knowledge and
18 expectations at the time infringement commenced" and because Clarke is "insufficiently precise
19 about the availability of legitimate alternatives to infringement, and fail[s] to consider in detail
20 whether any given alternative is truly an economic equivalent." ECF No. 841 (Pls.' Opp.) at 6.
21 Plaintiffs identically argue:

> Clarke's approach is contrary to the law in numerous ways,
> including that it (1) does not consider the parties' actual
> contemporaneous projections and stated goals at the time of the
> hypothetical negotiation, but instead is based on—and incorrectly
> uses as a ceiling to damages—SAP TN's subsequent revenues, and
> (2) values only a subset of Defendants' infringement.

26 ECF No. 781 (Pls.' Mot. to Exclude Clarke) at 2, 5-11. Similarly, just as Lichtman opines that
27 Clarke improperly "focus[es] on SAP as the 'willing buyer' in the fair market value analysis"
28 (ECF No. 841 (Pls.' Opp.) at 7), so do Plaintiffs argue that the fair market value license analysis

1  should not take into account SAP's willingness to agree to a hypothetical license.  *See* ECF No.
2  483 (Pls.' Opp. to Defs.' Mot. for Partial Summary Judgment) at 6-8.  And mirroring Plaintiffs'
3  argument that saved development costs properly factor into a fair market value license analysis—
4  an argument the Court since has rejected (*see* ECF No. 762 (8/17/10 Order) at 18-23)—Lichtman
5  "criticizes Clarke for ignoring the costs SAP avoided by infringing instead of licensing."  ECF No.
6  841 (Pls.' Opp.) at 7.  In light of these parallels, Plaintiffs' insistence that Lichtman's rebuttal
7  testimony is economic, rather than legal, in nature is not credible.  That Lichtman opines that his
8  criticism are "consistent with and supported by established legal authority" only confirms that
9  Lichtman plans to advance improper legal argument in his attempted rebuttal of Clarke's opinions.
10  ECF No. 841 (Pls.' Opp.) at 6.

11  Because Lichtman's testimony is unquestionably replete with legal opinion, argument,
12  and conclusions, Plaintiffs' reliance on *Specht v. Jensen* is inapposite.  *See* ECF No. 841 (Pls.'
13  Opp.) at 13 (citing 853 F.2d 805 (10th Cir. 1988)).  Although the *Specht* court "recognize[d] that
14  a witness may refer to the law in expressing an opinion without that reference rendering the
15  testimony inadmissible," Lichtman does not simply refer in passing to copyright law or "couch"
16  non-legal opinion in legal terms.  853 F.2d at 809.  Lichtman recites, construes, and purports to
17  apply copyright law to alleged and assumed facts in this case.  There is no question that such legal
18  opinion testimony is prohibited.  *See Mannick v. Kaiser Found. Health Plan, Inc.*, No. C 03-5905
19  PJH, 2006 U.S. Dist. LEXIS 38430, at *49 (N.D. Cal. June 9, 2006) (Hamilton, J.) ("[F]ederal
20  courts typically prohibit experts from interpreting the law for the court or from advising the court
21  about how the law should apply to the facts of a particular case."); *Pinal Creek Group v.*
22  *Newmont Mining Corp.*, 352 F. Supp. 2d 1037, 1042 (D. Ariz. 2005) ("The principle that legal
23  opinion evidence concerning the law is inadmissible is 'so well-established that it is often deemed
24  a basic premise or assumption of evidence law—a kind of axiomatic principle.'" (citing *In re*
25  *Initial Public Offering Sec. Litig.*, 174 F. Supp. 2d 61, 64 (S.D.N.Y. 2001))).

26  **B.    Case Law Supports Excluding Lichtman's Legal Opinion Testimony.**
27  Plaintiffs do not meaningfully distinguish the authorities that support excluding
28  Lichtman's legal opinions.  Contrary to Plaintiffs' characterizations, each of these cases confirms

1  that the Court should exclude Lichtman's proposed testimony.

2  First, Plaintiffs attempt to distinguish cases in which courts excluded expert testimony that
3  opined on ultimate questions of law; according to Plaintiffs, these cases are inapposite because
4  Lichtman's testimony bears on the determination of damages, a question for the jury. Plaintiffs'
5  argument ignores black letter law.[1]  This Court recognizes:

> . . . resolving doubtful questions of law is the distinct and exclusive province of the trial judge. Accordingly, federal courts typically prohibit experts from interpreting the law for the court or from advising the court about how the law should apply to the facts of a particular case. Testimony 'which articulates and applies the relevant law . . . circumvents the [fact finder's] decision-making function by telling it how to decide the case.'

10  *Mannick*, 2006 U.S. Dist. LEXIS 38430, at *49 (internal citations omitted). The prohibition on
11  legal opinion testimony applies whether the opinion bears on a issue to be resolved by the court or
12  by the jury. *See id.*; *Nationwide Transp. Fin. v. Cass Info. Sys., Inc.*, 523 F.3d 1051, 1058-60 (9th
13  Cir. 2008) (affirming exclusion of expert opinion that: discussed and applied legal principles to
14  facts of case; described parties' legal rights, duties, and obligations; characterized defendants'
15  conduct as "wrongful" or "intentional"; and discussed appropriate formula to calculate damages
16  under law because "[s]uch testimony would, in effect, instruct the jury regarding how it should
17  decide the key question whether [defendant] violated a statute and thus acted improperly");
18  *Specht*, 853 F.2d at 808 (holding that opinion "which articulates and applies the relevant law . . .
19  circumvents the jury's decision-making function by telling it how to decide the case").

20  Because Lichtman offers improper legal opinion that bears on both issues of fact (*e.g.*,
21  damages and liability) and law (*e.g.*, copyright eligibility), the cases Defendants cite all support
22  excluding Lichtman's testimony. *See* ECF No. 777 (Lanier Decl.) ¶ 1, Ex. 1 (Lichtman Report)
23  at Sections III(A)-(B), IV(C) and (F) (opining on type and amount of damages available under
24  copyright law); *id.* at Sections III(A), IV(A)-(B) and (E) (opining on scope of copyright
25  protection and liability); *Ticketmaster Corp. v. Tickets.com, Inc.*, No. CV 99-07654 HLH (VBKx),

---

[1] Plaintiffs' suggestion that legal opinion testimony on damages is somehow excepted from the rule against expert legal opinion is undermined by Plaintiffs' own arguments to exclude testimony from Defendants' experts on that very same basis. *See* ECF No. 781 (Pls.' Mot. to Exclude Clarke) at 13-14; ECF No. 767 (Pls.' Mot. to Exclude Garmus) at 4, 23; ECF No. 771 (Pls.' Mot. to Exclude Gray) at 14; ECF No. 773 (Pls.' Mot. to Exclude Spencer) at 9.

1    2003 WL 25781901, at *1 (C.D. Cal. Feb. 10, 2003) (excluding expert testimony on whether
2    website content was subject to copyright protection).
3            Second, Plaintiffs attempt to explain away the fact that Lichtman has had his expert
4    testimony excluded once before for providing nothing more than improper legal opinion. *See*
5    *Charter Nat'l Bank v. Charter One Fin., Inc.*, No. 01 C 0905, 2001 U.S. Dist. LEXIS 13919, at
6    *18-20 (N.D. Ill. Aug. 31, 2001). Plaintiffs argue that the *Charter National Bank* court excluded
7    Lichtman's testimony solely because Lichtman was unqualified to testify as an expert in
8    trademark law. *See* ECF No. 841 (Pls.' Opp.) at 16. Plaintiffs ignore that the court also based its
9    holding on the fact that Lichtman, as here, "advanced no arguments that could not have been
10   presented to this court as legal argument in a brief or memorandum." *Charter Nat'l Bank*, 2001
11   U.S. Dist. LEXIS 13919, at *18-20. Similarly, in claiming that the *Gable* court excluded
12   Professor David Nimmer's proposed expert testimony solely because Nimmer was unqualified to
13   provide a substantial similarity analysis, Plaintiffs disregard the part of the court's holding that
14   supports excluding Lichtman's legal opinions; specifically, Plaintiffs ignore that, in addition to
15   excluding Nimmer's substantial similarity analysis, the court also excluded his opinion that "a
16   triable issue of fact exist[ed]" regarding substantial similarity because it "constitute[d] a legal
17   conclusion and is not admissible." *Gable v. National Broad. Co.*, No. CV 08-4013 SVW (FFMx),
18   2010 U.S. Dist. LEXIS 77772, at *56-57 (C.D. Cal. Feb. 22, 2010) (noting that "portions of
19   Nimmer's report read much like a third legal brief").
20           Finally, Plaintiffs' attempts to distinguish *F.B.T. Prods. LLC v. Aftermath Records* and
21   *A&M Records, Inc. v. Napster, Inc.* show that Plaintiffs misunderstand Defendants' reliance on
22   these cases. Plaintiffs argue that *F.B.T. Prods.* is inapposite because Professor Menell's excluded
23   legal opinion testimony purported to interpret a contract. *See* ECF No. 841 (Pls.' Opp.) at 15.
24   But the difference between Menell's opinion (on contract interpretation) and Lichtman's
25   (purportedly on the economic and public policy rationales of copyright law's damages scheme) is
26   exactly the point—although Lichtman cited Menell as his one example of an expert who has been
27   permitted to testify about the economic and public policy rationales of a damages scheme, *F.B.T.*
28   *Prods.* shows that Menell did not so testify, and Plaintiffs have not identified any instance in

1  which Menell was permitted to provide such testimony.  *See F.B.T. Prods., LLC v. Aftermath*
2  *Records*, No. CV 07-3314 PSG (MANx), 2009 U.S. Dist. LEXIS 5981, at *17-18 n.5 (C.D. Cal.
3  Jan. 20, 2009).

4  In a similar way, Plaintiffs misapprehend Defendants' reliance on *A&M Records*.
5  Plaintiffs argue that *A&M Records* is distinguishable because, there, the court excluded an expert
6  legal opinion aimed at "telling the Court how or when to wield its injunctive power and why"; by
7  contrast, Lichtman's testimony bears on determining damages.  ECF No. 841 (Pls.' Opp.) at 15.
8  But the fact that *A&M Records* involved a request for an injunction, rather than damages, is
9  irrelevant.  *See A&M Records, Inc. v. Napster, Inc.*, Nos. C 99 05183, C000074 MHP, 2000 WL
10 1170106, at *6, 8 (N.D. Cal. Aug. 10, 2000).  Instead, the case simply illustrates that courts will
11 exclude expert testimony purporting to offer public policy justifications for legal principles
12 because such testimony constitutes improper legal opinion—however characterized.  *See id.* at *8
13 (rejecting defendant's attempt to characterize law professor's testimony as non-legal, concluding
14 that his testimony constituted "a combination of legal opinion and editorial comment on Internet
15 policy" that warranted exclusion).  Here, too, the Court should disregard Plaintiffs' self-serving
16 characterizations of Lichtman's testimony and exclude the testimony because it comprises
17 inadmissible legal opinion and argument.

18 **III.   LICHTMAN'S TESTIMONY IS INADMISSIBLE UNDER RULE 403**

19 Plaintiffs provide no authority for admitting expert testimony whose purpose is to explain
20 the economic and public policy rationales behind a damages scheme to help a jury "pick[]
21 between" damages experts' "competing numbers."  ECF No. 841 (Pls.' Opp.) at 5.  And now,
22 significant portions of Lichtman's legal opinion testimony are moot in light of the parties' recent
23 stipulation and the Court's order on the parties' motions for summary judgment.  *See* ECF No.
24 762 (8/17/10 Order) at 18-23; ECF No. 866 (Trial Stipulation and Order) ¶ 1.  Ultimately,
25 Plaintiffs' arguments and cited cases confirm only that the Court should exclude Lichtman's legal
26 opinion testimony as a waste of time and unfairly prejudicial under Rule 403.  *See* Fed. R. Evid.
27 403; *Kolesar v. United Agri Prods., Inc.*, 412 F. Supp. 2d 686, 698 (W.D. Mich. 2006) (holding
28 that testimony that does not help a jury understand the evidence or determine a fact in issue "is

properly excluded under Rule 702 and also Rule 403 as a waste of court time").

### A. Lichtman's Unhelpful, Unprecedented, and Improper Legal Opinion Testimony Will Waste Time.

Plaintiffs do not deny that Lichtman possesses no special knowledge of the facts in this case or expertise in any area beyond "intellectual property, with particular emphasis on the public policy motivations and economic justifications that animate copyright and patent law." ECF No. 777 (Lanier Decl.) ¶ 1, Ex. 1 (Lichtman Report) ¶ 7. Instead, Plaintiffs argue that Lichtman's testimony is necessary because the parties' damages experts, Clarke and Meyer, will provide "sharply conflicting testimony" about the proper method for computing damages and the total amount of damages that will compensate Plaintiffs. ECF No. 841 (Pls.' Opp.) at 1. According to Plaintiffs, Lichtman's testimony regarding the economic and public policy rationale behind copyright law's damages scheme will assist the jury, which otherwise would have "no way of picking between the numbers offered by a single expert, let alone meshing the competing numbers of multiple experts," to determine damages and "evaluate the credibility of Clarke's methodology." ECF No. 841 (Pls.' Opp.) at 5, 10-11. Plaintiffs' proffered explanation does not justify admitting Lichtman's improper and heretofore unprecedented legal opinion testimony.

As Defendants' Motion explains, a jury's damages determination should be guided by the evidence and the law, as given by the Court, not by economic and public policy considerations. *Cf.* Ninth Circuit Model Civil Jury Instructions, Instruction 1.1A ("It is your duty to find the facts from all the evidence in the case. To those facts you will apply the law as I give it to you. . . . And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy."). Plaintiffs have yet to cite a single case in which an expert was permitted to testify about economic and public policy rationales behind a damages scheme; instead, Plaintiffs rely on inapposite cases in which courts permit experts to testify about their own damages calculations or on fact issues directly bearing on the jury's calculation of damages. *See Jaasma v. Shell Oil Co.*, 412 F.3d 501, 513-14 (3d Cir. 2005); *Semerdjian v. McDougal Littell*, 641 F. Supp. 2d 233, 242-43 (S.D.N.Y. 2009); *R.A. Mackie & Co. v. Petrocorp, Inc.*, 329 F. Supp. 2d 477, 514 (S.D.N.Y. 2004); *Smith v. Ingersoll-Rand Co.*, 214 F.3d 1235, 1243-46 (10th Cir. 2000).

1    For example, in *Jaasma*, the Third Circuit permitted an engineer to testify regarding the
2    likelihood of continued property contamination after a petroleum leak. *See* 412 F.3d at 513-14.
3    Plaintiff sought damages for lost use of her property resulting from the leak. *See id.* at 503.
4    Defendants claimed that plaintiff should have attempted to mitigate damages by marketing the
5    property, but plaintiff argued that she was unable to do so due to the uncertainty surrounding the
6    property's continued contamination. *See id.* at 506. The engineer's testimony bore on whether
7    plaintiff reasonably suspected contamination and thus, whether she made reasonable attempts to
8    mitigate her damages. *See id.* at 513-14. *Jaasma* did not permit legal opinion testimony on the
9    economic and public policy rationales of a damages scheme, which Plaintiffs seek to admit here.

10   Similarly, in *Semerdjian*, the court permitted an expert to testify to facts that bore on the
11   jury's determination of infringer's profits, not on the economic and public policy rationale behind
12   copyright law's damages scheme. *See* 641 F. Supp. 2d at 242-43. Specifically, in connection
13   with defendants' argument that their profits from textbook sales were not caused by unauthorized
14   inclusion of plaintiff's copyrighted images, the court permitted defendants to offer two industry
15   experts to testify that (1) use of a given image in a textbook, in light of the many close substitutes
16   available, is unlikely to cause profits to accrue to the publisher, and (2) school administrators do
17   not choose textbooks based on the illustrations contained therein. *See id.* at 242-43. Such
18   testimony cases bears no resemblance to the type of legal opinion testimony Lichtman offers.

19   Likewise, in *R.A. Mackie*, the court did not permit testimony on the rationales driving a
20   damages scheme; rather, the court allowed an expert in the field of securities valuation to testify
21   that the price at which certain securities were traded had been artificially depressed following
22   public statements that the securities would soon be discontinued. *See* 329 F. Supp. 2d at 513-14.

23   And, in *Smith*, the Tenth Circuit allowed a forensic economist to testify only about the
24   industry definition of "hedonic damages" (*i.e.*, "loss of enjoyment of life" damages).[2] 214 F.3d at
25   1243-46. In contrast to Lichtman's offer of legal opinion on the type and amount of, as well as
26   rationale behind, damages available under copyright law, *Smith* found that the expert there had
27   not given improper legal opinion on the availability of hedonic damages. *See id.* at 1246.

28   [2] The court affirmed the district court's exclusion of the expert's calculation of hedonic damages, as such calculation was not sufficiently reliable to warrant admission. *Id.* at 1246.

1    Plaintiffs' suggestion that the jury needs assistance to "pick[] between" damages experts'
2 "competing numbers" and evaluate Clarke's credibility actually contradicts the very authority on
3 which Plaintiffs rely.  ECF No. 841 (Pls.' Opp.) at 5; *see KW Plastics v. United States Can Co.*,
4 199 F.R.D. 687, 691 (M.D. Ala. 2000).  In *KW Plastics*, the court made clear that a damages
5 expert's role is to "principally help the jury arrive at a 'bottom line number'" by analyzing
6 "various available pieces of evidence." *Id.* at 691.  It is the jury's role to "either accept[] or
7 reject[] that opinion when it enters the deliberative stage of trial." *Id.*  Where Plaintiffs offer a
8 "principal damages expert," Meyer, to provide a "bottom line" damages analysis, there is no need
9 for Lichtman to tell the jury whether to accept or reject that analysis, particularly since Lichtman
10 has admitted that Meyer has "adequately and fully explained the basis for the numbers in his
11 report."  ECF No. 841 (Pls.' Opp.) at 3; ECF No. 777 (Lanier Decl.) ¶ 1, Ex. 3 (Lichtman Tr.) at
12 263:2-6; *cf. United States v. Brodie*, 858 F.2d 492, 496 (9th Cir. 1988) ("Expert testimony may
13 not appropriately be used to buttress credibility."), *overruled on other grounds*, *United States v.*
14 *Morales*, 108 F.3d 1031 (9th Cir. 1997).  Such testimony would usurp the jury's role and waste
15 time. *See KW Plastics*, 199 F.R.D. at 691.  Plaintiffs' claim that Lichtman's testimony will not be
16 "lengthy" does not render his unhelpful and inadmissible legal opinion worthwhile.  ECF No. 841
17 (Pls.' Opp.) at 17.
18    Moreover, the parties' recent stipulation and the Court's order on the parties' motions for
19 summary judgment render major portions of Lichtman's testimony moot, thereby confirming that,
20 at the very least, testimony on those subjects would waste time.  On September 9, TomorrowNow
21 stipulated to liability on Oracle International Corporation's copyright infringement claim. *See*
22 ECF No. 837 (Trial Stipulation) ¶ 1; ECF No. 866 (Trial Stipulation and Order) ¶ 1.  Permitting
23 Lichtman to testify regarding copyright protection and liability would waste time, not only
24 because that testimony comprises legal opinion unhelpful to the jury, but also because it is now
25 moot.  *See* ECF No. 777 (Lanier Decl.) ¶ 1, Ex. 1 (Lichtman Report) at Sections III(A), IV(A)-(B)
26 and (E); *Specht*, 853 F.2d at 807 ("[I]t would be a waste of time if witnesses or counsel should
27 duplicate the judge's statement of the law . . . .") (internal citation omitted).  Similarly, in light of
28 this Court's recent ruling that Plaintiffs may not seek saved development costs in this case,

1  Lichtman's opinions regarding the availability of such saved costs are, in addition to being
2  incorrect as a matter of law, moot and a waste of time.[3]  *See* ECF No. 762 (8/17/10 Order) at 18-
3  23; ECF No. 777 (Lanier Decl.) ¶¶ 1, 3, Ex. 1 (Lichtman Report) ¶¶ 71-72; Ex. 3 (Lichtman Tr.)
4  at 116:15-117:7, 204:6-22, 211:24-212:10, 216:5-217:8, 218:16-20.

### B. Lichtman's Legal Opinions Are *Per Se* Unfairly Prejudicial.

Plaintiffs do not even attempt to respond to the authorities Defendants cite that hold that expert legal opinion testimony is, by its very nature, unfairly prejudicial. *See, e.g.*, *Securities and Exchange Commission v. Leslie*, No. C 07-3444, 2010 U.S. Dist. LEXIS 76826, at *25-27, 30 (N.D. Cal. July 29, 2010) (excluding under Rule 403 portions of expert testimony containing legal opinions, holding that risk of undue prejudice from expert's use of legal terms "would substantially outweigh its minimal probative value"); *Brodie*, 858 F.2d at 497 (affirming exclusion of expert legal opinion under Rule 403 as "not only superfluous but mischievous"); *Specht*, 853 F.2d at 809 (finding that expert legal testimony should have been excluded because "a practical and experienced view of the trial world strongly suggests that the jury's deliberation was unduly prejudiced by the expert's testimony"). Plaintiffs' reliance on cases that recognize that relevant evidence is inherently prejudicial does not justify admitting Lichtman's testimony; not only do Lichtman's purely legal opinions lack the probative value of relevant evidence, but also the prejudice they would occasion is especially acute because they embody Plaintiffs' contested (and *incorrect*) legal arguments.

### IV. LICHTMAN'S QUALIFICATIONS AND METHODOLOGY ARE IMMATERIAL

Plaintiffs' argument that Defendants do not challenge Lichtman's qualifications or methodology is a distraction that cannot save Lichtman's inadmissible legal opinion testimony. First, in excluding improper expert legal opinions, courts consistently acknowledge that a legal

---

[3] If the Court grants Defendants' Motion to Exclude Meyer and excludes Plaintiffs' fair market value license measure of copyright damages, many of Lichtman's remaining legal opinions on copyright damages likewise will be moot. *See* ECF No. 798 (Defs.' Mot. to Exclude Meyer); ECF No. 777 (Lanier Decl.) ¶ 1, Ex. 1 (Lichtman Report) ¶¶ 17 n.7 (citing case law relating to calculating fair market value damages under copyright law), 45 (noting that calculating copyright damages "emphasi[zes] . . . information that might help the court determine the fair market value of the work the copyist misappropriated and (relatedly) the amount the copyist would have been required to pay had the copyist chosen to negotiate instead of simply copying without permission").

1   expert's "qualifications" are immaterial. *See Gable*, 2010 U.S. Dist. LEXIS 77772, at *49, 56-57
2   (excluding copyright professor David Nimmer's legal opinion, despite acknowledging that
3   "Nimmer's experience, training, and education establish that Nimmer undoubtedly is an expert in
4   the field of copyright law"); *Ticketmaster Corp.*, 2003 WL 25781901, at *1 (granting motion to
5   exclude law professor Mark Lemley's testimony on whether website content was subject to
6   copyright protection and whether copying of that content constituted "fair use," despite noting
7   that Lemley "may be more competent to express [such legal opinions] than is the court").
8   Plaintiffs' insistence that Lichtman is qualified in "the area of copyright [law] and its economic
9   foundations" confirms only that he plans to offer inadmissible legal opinion testimony based on
10  that purported expertise. ECF No. 841 (Pls.' Opp.) at 1-2, 9.

11  Similarly, there is no need to critique the "methodology" underpinning Lichtman's
12  inadmissible legal opinion testimony, as it consists solely of applying the law, as he sees it, to
13  alleged and assumed facts. Nevertheless, Defendants do note in their Motion that Lichtman's
14  discussion of the law is flawed and, at the very least, contested. *See, e.g.*, ECF No. 776 (Defs.'
15  Mot.) at 6 (pointing out legal arguments in Lichtman's testimony that Defendants dispute and
16  noting that Lichtman's opinion on availability of saved development costs is inconsistent with the
17  Court's ruling that Plaintiffs may not seek such saved costs in this case). Thus, even Lichtman's
18  purported methodology counsels in favor of excluding his improper legal opinion testimony. *See*
19  *Nationwide Transport Fin.*, 523 F.3d at 1059 (affirming exclusion of expert legal opinion because
20  "legal conclusions not only invaded the province of the trial judge, but constituted erroneous
21  statements of law"); *Hebert v. Lisle Corp.*, 99 F.3d 1109, 1117 (Fed. Cir. 1996) ("We encourage
22  exercise of the trial court's gatekeeper authority when parties proffer, through purported experts,
23  not only unproven science, but markedly incorrect law. Incorrect statements of law are no more
24  admissible through 'experts' than are falsifiable scientific theories.").

25  **V.   CONCLUSION**
26  For the reasons set forth above and in Defendants' moving papers, the Court should grant
27  Defendants' motion to exclude the expert testimony of Professor Douglas G. Lichtman.
28

1 | Dated: September 16, 2010

JONES DAY

By: /s/ Tharan Gregory Lanier
    Tharan Gregory Lanier

Counsel for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.