UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE USA, INC., et al.,

        Plaintiffs,                            No. C 07-1658 PJH

    v.                                 **FINAL PRETRIAL ORDER**

SAP AG, et al.,

        Defendants.
_____/

       Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The joint pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections. The court summarizes the rulings made at the pretrial conference as follows, and in addition provides its ruling on the three motions taken under submission.

I.     <u>MOTIONS IN LIMINE</u>

     1.     Plaintiffs' Motion in Limine No. 1 to exclude testimony re advice of counsel is GRANTED to the extent that any witness seeks to testify that he/she relied on advice of counsel with regard to the legality of TomorrowNow's operational activities, and is otherwise DENIED.

     2.     Plaintiffs' Motion in Limine No. 2 to exclude testimony regarding SAP's directive to remove Oracle software from TomorrowNow's computers is GRANTED to the extent that the testimony is offered to show reliance on advice of counsel, and is otherwise DENIED.

     3.     Plaintiff's Motion in Limine No. 3 to exclude transcribed customer statements in Oracle's At-Risk report is GRANTED. The customer statements are hearsay, and SAP has not articulated any applicable exception to the hearsay rule. If, however, any of

Oracle's experts testifies that he relied on the customer statements in forming any part of his opinion, then SAP may cross-examine the expert regarding the customer statements.

4. Plaintiffs' Motion in Limine No. 4 to exclude evidence of settlement discussions is DENIED as moot.

5. Plaintiffs' Motion in Limine No. 5 to exclude evidence re SAP's license defense is DENIED as moot.

6. Plaintiffs' Motion in Limine No. 6 to exclude testimony re statements by PeopleSoft employees is DENIED.

7. Plaintiffs' Motion in Limine No. 7 to exclude allegations against Oracle in two other lawsuits is GRANTED.

8. Plaintiffs' Motion in Limine No. 8 to exclude deposition transcript designations is DENIED as moot.

9. Defendants' Motion in Limine No. 1 to exclude evidence and argument re harm to Oracle's "good will" is GRANTED. The court previously precluded evidence of harm to Oracle's "good will," because Oracle had made no adequate disclosure and SAP had not had the opportunity to take discovery. The court intended to preclude not only evidence of damage to "good will" but also evidence of unquantified harm to "reputation" in the marketplace. To the extent that Oracle seeks to introduce such evidence for some other purpose than to support its claim for damages, the court finds that the prejudice to SAP would far outweigh the probative value.

10. Defendants' Motion in Limine No. 2 to exclude evidence of lost profits (as part of or support for its fair market value license claim for damages) is GRANTED. The record in this case makes clear that, as with evidence of "good will," Oracle made no adequate disclosure and SAP had no opportunity to take discovery, regarding lost profits in the form of lost software license sales (lost cross-sell" and "up-sell" opportunities) or lost license revenue.

11. Defendants' Motion in Limine No. 3 to exclude evidence and argument re damages for nonparty entities is DENIED as moot.

12. Defendants' Motion in Limine No. 4 to exclude rebuttal testimony re the Sommer report is DENIED.

13. Defendants' Motion in Limine No. 5 to exclude improper opinion of lay witnesses and undisclosed experts is DENIED.

14. Defendants' Motion in Limine No. 6 to exclude deposition testimony invoking the attorney-client privilege is GRANTED.  The parties shall delete all references to attorney client privilege before presenting any deposition testimony to the jury.

15. Defendants' Motion in Limine No. 7 to exclude evidence and argument re investigations of SAP by the DOJ and FBI is GRANTED.

16. Defendants' Motion in Limine No. 8 to exclude evidence and argument re the legality of Rimini Street, Inc.'s business model is GRANTED.  However, if SAP opens the door by mentioning Rimini Street as an alternative provider, Oracle can argue illegality, though neither party may reference the Rimini lawsuit.

17. Defendants' Motion in Limine No. 9 to exclude evidence and argument re Hyperion, Retek, and e-Business Suite product lines is GRANTED.

18. Defendants' Motion in Limine No. 10 to preclude plaintiffs from referring to TomorrowNow, Inc. as SAP/TN is GRANTED, although no existing documents need be modified.

II. DAUBERT MOTIONS

Plaintiffs have withdrawn the motions to exclude testimony and opinion of defendants' experts Stephen Gray and Bruce Spencer, and defendants have withdrawn the motions to exclude testimony and opinion of plaintiffs' experts Kevin Mandia and Daniel Levy.  Of the seven Daubert motions remaining, defendants' motion to exclude testimony and opinion of Douglas G. Lichtman is GRANTED, for the reasons stated at the pretrial conference.  The remaining motions – plaintiffs' motions to exclude testimony and opinion of Brian Sommer, David Garmus, Donald Riefer, and Stephen Clarke, and defendants' motions to exclude testimony and opinion of plaintiffs' experts Paul C. Pinto and Paul K. Meyer – are DENIED (except that no witness may testify regarding saved acquisition costs) for the reasons stated at the pretrial conference.

The objections to the Declarations of Daniel Levy, Stephen K. Clarke, and Brian Sommer filed in support of or in opposition to the <u>Daubert</u> motions are OVERRULED, to the extent that they have not been mooted by the withdrawal of one or more of the underlying motions.

### III.   WITNESSES

Revised witness lists reflecting the witnesses likely to be called at trial shall be submitted by October 21, 2010 and shall be attached to the jury questionnaire.  Deposition video tapes shall be edited to remove any and all objections except those that will be submitted for the court's resolution by October 25, 2010.

### IV.   EXHIBITS

Revised exhibit lists shall be filed by the first day of trial along with any stipulations that the parties reach regarding authenticity, admissibility, or the procedure for handling them.

### V.   VOIR DIRE

The proposed jury questionnaire shall be revised as per the court's instructions at the conference and filed by October 21, 2010

### VI.   JURY INSTRUCTIONS

The preliminary instructions shall be revised based upon the court's instructions and submitted by October 29, 2010.  The parties shall endeavor to reduce their disputes over the copyright instructions to no more than 10 and to agree on substantially all of the state law instructions, all of which may be filed on the first day of trial.

### VII.   VERDICT FORMS

The parties shall endeavor to draft a joint verdict form taking into account the court's concerns about the proposed separate forms which may be filed on the first day of trial.

### VIII.   TRIAL SCHEDULE AND TIME LIMITS

As per Pretrial Stipulation No. 1, each side will be permitted 36 hours (roughly 8 trial days) each for direct and cross examination of witnesses and arguments.  Trial will commence on Monday November 1, 2010 at 8:30 a.m. and the trial day will run from 8:30 to 1:30 on each day except Wednesday and legal holidays.

IX.     MISCELLANEOUS

The court will be unavailable between October 1 - 20, 2010.   If any pressing issues arise, such as the one described at the conference regarding the untimely disclosure of certain witnesses, the parties shall first contact Magistrate Judge Spero for his assistance in resolving the issue informally, and if unsuccessful, may then arrange for a hearing on shortened time with Magistrate Judge Laporte.

**IT IS SO ORDERED.**

Dated:  September 30, 2010

_____
PHYLLIS J. HAMILTON
United States District Judge