UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., *et al.*, | Case No. 07-CV-01658 PJH (EDL) |
| Plaintiffs, | **FINAL JURY INSTRUCTIONS** |
| v. | |
| SAP AG, *et al.*, | |
| Defendants. | |

DATED: _____

_____
Hon. Phyllis J. Hamilton
United States District Court Judge

1                               Case No. 07-CV-01658 PJH (EDL)

## 1.1C  DUTY OF JURY

Members of the Jury: Now that you have heard all of the evidence [and the arguments of the attorneys], it is my duty to instruct you as to the law of the case.

[Each of you has received a copy of these instructions that you may take with you to the jury room to consult during your deliberations.]

*or*

[A copy of these instructions will be sent with you to the jury room when you deliberate.]

You must not infer from these instructions or from anything I may say or do as indicating that I have an opinion regarding the evidence or what your verdict should be.

It is your duty to find the facts from all the evidence in the case.  To those facts you will apply the law as I give it to you.  You must follow the law as I give it to you whether you agree with it or not.  And you must not be influenced by any personal likes or dislikes, opinions, prejudices, or sympathy.  That means that you must decide the case solely on the evidence before you.  You will recall that you took an oath to do so.

In following my instructions, you must follow all of them and not single out some and ignore others; they are all important.

*Civil-jt.Ins*
*2007 Edition*

## 1.6 WHAT IS EVIDENCE

The evidence you are to consider in deciding what the facts are consists of:

    1. the sworn testimony of any witness;

    2. the exhibits which are received into evidence; and

    3. any facts to which the lawyers have agreed

## 1.7 WHAT IS NOT EVIDENCE

In reaching your verdict, you may consider only the testimony and exhibits received into evidence. Certain things are not evidence, and you may not consider them in deciding what the facts are. I will list them for you:

(1) Arguments and statements by lawyers are not evidence. The lawyers are not witnesses. What they have said in their opening statements, [will say in their] closing arguments, and at other times is intended to help you interpret the evidence, but it is not evidence. If the facts as you remember them differ from the way the lawyers have stated them, your memory of them controls.

(2) Questions and objections by lawyers are not evidence. Attorneys have a duty to their clients to object when they believe a question is improper under the rules of evidence. You should not be influenced by the objection or by the court's ruling on it.

(3) Testimony that has been excluded or stricken, or that you have been instructed to disregard, is not evidence and must not be considered. In addition sometimes testimony and exhibits are received only for a limited purpose; when I [give] [have given] a limiting instruction, you must follow it.

(4) Anything you may have seen or heard when the court was not in session is not evidence. You are to decide the case solely on the evidence received at the trial.

*Civil-jt.Ins*
*2007 Edition*

## 1.9 DIRECT AND CIRCUMSTANTIAL EVIDENCE

Evidence may be direct or circumstantial. Direct evidence is direct proof of a fact, such as testimony by a witness about what that witness personally saw or heard or did. Circumstantial evidence is proof of one or more facts from which you could find another fact. You should consider both kinds of evidence. The law makes no distinction between the weight to be given to either direct or circumstantial evidence. It is for you to decide how much weight to give to any evidence.

## 1.11 CREDIBILITY OF WITNESSES

In deciding the facts in this case, you may have to decide which testimony to believe and which testimony not to believe. You may believe everything a witness says, or part of it, or none of it. Proof of a fact does not necessarily depend on the number of witnesses who testify about it.

In considering the testimony of any witness, you may take into account:

(1) the opportunity and ability of the witness to see or hear or know the things testified to;

(2) the witness's memory;

(3) the witness's manner while testifying;

(4) the witness's interest in the outcome of the case and any bias or prejudice;

(5) whether other evidence contradicted the witness's testimony;

(6) the reasonableness of the witness's testimony in light of all the evidence; and

(7) any other factors that bear on believability.

The weight of the evidence as to a fact does not necessarily depend on the number of witnesses who testify about it.

## Redacted Materials

1   From time to time, the Parties ~~may offer~~ _have offered_ into evidence documents that have been

2   partially "redacted," which means that certain contents of the document have been blacked or

3   whited out and stamped "redacted." Redactions are necessary for a wide variety of reasons,

4   including that the redacted information is unrelated to the evidence in the case, that the Court has

5   determined that the information is not admissible, or to protect as private the personal

6   information of individuals or other companies not parties to this lawsuit. These are just

7   examples. You may give the un-redacted information in any document whatever weight you

8   choose, and you are not to consider any characterizations of the fact or existence of a redaction in

9   any document, including by counsel.

10

11

1                                                                            **Instruction No. 1**

2                              <u>**PRELIMINARY INSTRUCTION**</u>

3            Over the course of this trial, you have heard evidence on Oracle's damages claims

4    against TomorrowNow, SAP AG, and SAP America.  As reflected in the stipulations between

5    the Parties contained in your jury notebook, the Parties agree that TomorrowNow is liable for the

6    copyright infringement asserted by Oracle, and that SAP AG and SAP America are also

7    vicariously and contributorily liable for that copyright infringement.

8            You must now decide the amount of damages that should be awarded to Oracle

9    for Defendants' stipulated infringement of Oracle's copyrights.  You must make this

10   determination based on the instructions I will give you regarding the law on copyright

11   infringement, and the damages you may award based on the agreed copyright infringement in

12   this case.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 2

## COPYRIGHT—DEFINED

A copyright is the exclusive right to copy.  This right to copy includes the exclusive rights to:

    1)    reproduce the copyrighted work;

    2)    prepare derivative works based upon the copyrighted work by adapting or transforming it; and

    3)    distribute copies of either the copyrighted work or any unauthorized derivative work; and

    4)    display publicly a copy of either the copyrighted work or any unauthorized derivative work.

It is the owner of a copyright who may exercise these exclusive rights.  The "owner" refers to the author of the work, or one who has been assigned the ownership of exclusive rights in the work.  In general, copyright law protects against the production, adaptation, distribution, or public display of the owner's copyrighted work without the owner's permission.  An owner may enforce these rights to exclude others in an action for copyright infringement.  Even though one may acquire a copy of the copyrighted work, the copyright owner retains certain rights and control of that copy, including uses that may result in additional copies or alterations of the work.

1

Instruction No. 3

2

COPYRIGHT—STIPULATED DIRECT INFRINGEMENT

3   The parties have entered into several stipulations of liability and facts.  These

4   stipulations are now Orders of the Court.  The stipulations have been referred to by the Parties

5   throughout this trial and entered into evidence labeled JTX 0001 through 0005.  They also can be

6   found in your juror notebook and are referenced in the Table of Contents as Numbers 2 through

7   6.  In these stipulations, Defendants have admitted that TomorrowNow is directly liable to

8   Oracle for all of Oracle's claims for direct copyright infringement of all 120 Oracle, PeopleSoft,

9   J.D. Edwards and Siebel copyrights listed in Attachment A to Trial Stipulation No. 3.  Trial

10  Stipulation No. 3 also contains counts of the "minimum numbers" of infringing copies and

11  downloads made by TomorrowNow.  Defendants have also admitted that SAP AG and SAP

12  America are contributorily and vicariously liable for all of TomorrowNow's copyright

13  infringement.  You should therefore treat all of Oracle's copyright infringement claims as having

14  been proved.

15

16

17

18

19

20

21

22

23

24

25

26

27

28

3

Case No. 07-CV-01658 PJH (EDL)

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

Instruction No. 4

## SECONDARY COPYRIGHT LIABILITY— STIPULATED VICARIOUS INFRINGEMENT

SAP AG and SAP America agree they are liable for all of TomorrowNow's infringement based on principles of vicarious liability.  By agreeing to vicarious liability, SAP AG and SAP America agreed that:

      1)    They both received a direct financial benefit from the infringing activity of TomorrowNow; and,

      2)    They both had the right and ability to supervise or control the infringing activity of TomorrowNow.

4

1

Instruction No. 5

2

## SECONDARY LIABILITY—STIPULATED CONTRIBUTORY INFRINGEMENT

3      SAP AG and SAP America also agree they are liable for all of TomorrowNow's

4  infringement based on principles of contributory infringement.  By agreeing to contributory

5  infringement, SAP AG and SAP America agreed that:

6      1)   They knew or had reason to know of the infringing activity of

7           TomorrowNow; and,

8      2)   They intentionally and materially contributed to TomorrowNow's

9           infringing activity.

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JURY INSTRUCTIONS

1                     **Instruction No. 6**

2        **<u>COPYRIGHT DAMAGES—INTRODUCTION</u>**

3     You must determine Oracle's damages resulting from the copyright infringement

4 agreed to by the Defendants. Oracle is entitled to recover the actual damages suffered as a result

5 of the infringement. As the measure of its actual damages, Oracle, as the plaintiff, has the right

6 to seek to recover either the fair market value of a license for the rights infringed or its lost

7 profits. If you award Oracle actual damages based on its lost profits, then Oracle is also entitled

8 to recover any profits that each Defendant made that are attributable to their infringement. If you

9 award Oracle actual damages based on the fair market value of a license for the rights infringed,

10 that award takes into account Defendants' profits attributable to their infringement and Oracle is

11 not entitled to any additional award. Oracle must prove damages by a preponderance of the

12 evidence.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JURY INSTRUCTIONS

1

Instruction No. 7

2

## COPYRIGHT DAMAGES—ACTUAL DAMAGES

3      Oracle is entitled to recover the actual damages suffered as a result of the

4 infringement.  Actual damages means the amount of money adequate to compensate Oracle for

5 the reduction of the fair market value of the copyrighted work caused by the infringement.

6      The reduction of the fair market value of the copyrighted work is the amount a

7 willing buyer would have been reasonably required to pay a willing seller at the time of the

8 infringement for the actual use made by Defendants of Oracle's works.  That amount also could

9 be represented by the lost license fees the Oracle would have received for Defendants'

10 unauthorized use of Oracle's works.

11      In determining the fair market value of the rights infringed, you must consider the

12 entire scope of infringement, which is reflected in the five stipulations in your jury notebook.

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

7

Case No. 07-CV-01658 PJH (EDL)

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**Instruction No. 8**

## COPYRIGHT DAMAGES—ACTUAL DAMAGES CONTINUED

While there is no precise formula for determining actual damages, your award must be based on evidence, not on speculation, guesswork, or conjecture. Determining the fair market value of the rights infringed may involve some uncertainty, and Oracle is not required to establish its actual damages with precision.

1                                                                   Instruction No. 9

2    <u>COPYRIGHT DAMAGES—ACTUAL DAMAGES—FAIR MARKET VALUE LICENSE</u>

3                                          <u>CALCULATION</u>

4              If you decide that the best measure of Oracle's actual damages is a fair market

5    value license, you should consider all of the information known to and all of the expectations of

6    the parties on the dates of the hypothetical negotiations, which are the dates on which

7    infringement began.   You must determine what would have been the result of this negotiation in

8    order to establish the fair market value.  The fair market value is an objective measure of

9    Oracle's damages that is meant to approximate the fair market value of a license for all of the

10   copyrights Defendants infringed, calculated at the time the infringement commenced, which the

11   Parties agree is January 19, 2005 for the PeopleSoft, JD Edwards and database copyrights

12   infringed, and September 29, 2006 for the Siebel copyrights infringed.

13             The value of a hypothetical license is not necessarily the amount the Defendants

14   in this case would have agreed to pay, or that Oracle would have actually agreed to accept.

15             You may consider evidence of events and facts that happened after the date of the

16   hypothetical negotiation only to the extent that it provides insight into the expectations of the

17   parties at the time the infringement first began, or insight into the amount a willing buyer would

18   have been reasonably required to pay a willing seller at the time of the infringement.

19             You may not limit or increase the fair market value of the rights infringed based

20   on the actual profits Defendants made.

21

22

23

24

25

26

27

28

Case No. 07-CV-01658 PJH (EDL)

FINAL JURY INSTRUCTIONS

1

2

## COPYRIGHT DAMAGES—ACTUAL DAMAGES—LOST PROFITS

3    If you decide that the best measure of Oracle's actual damages is lost profits, you

4    must determine what profits Oracle proves it would have made without the infringement.  Lost

5    profits are the revenue Oracle would have made without the infringement, less any additional

6    expenses it would have incurred in making the sales.

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

10                                          Case No. 07-CV-01658 PJH (EDL)

1

**Instruction No. 11**

2

**COPYRIGHT DAMAGES—INFRINGERS' PROFITS**

3      If you decide that the best measure of Oracle's actual damages is lost profits, you

4 must also determine the amount of profits made by any defendant that are attributable to the

5 stipulated infringement.  You may not include in an award of Defendants' profits any amount

6 that you already took into account in determining lost profits.

7      You may make an award of Defendants' profits only if you find that Oracle

8 showed a causal relationship between the infringement and the profits generated indirectly from

9 the infringement.  Defendants' profits are determined by subtracting all expenses from the

10 Defendants' gross revenue.  Defendants' gross revenue is all of Defendants' receipts associated

11 with the stipulated infringement.  Oracle has the burden of proving Defendants' gross revenue by

12 a preponderance of the evidence.  Expenses are all operating costs, overhead costs, and

13 production costs incurred in producing Defendants' gross revenue.  Defendants have the burden

14 of proving their expenses by a preponderance of the evidence.

15      Unless you find that a portion of the profit from the use of the copyrighted works

16 is attributable to factors other than use of the copyrighted works, all of the profit is to be

17 attributed to the infringement.  Defendants have the burden of proving the portion of the profit, if

18 any, attributable to factors other than infringing the copyrighted works.

19

20

21

22

23

24

25

26

27

28

FINAL JURY INSTRUCTIONS

1                                                                          Instruction No. 12

2                                      **DUTY TO DELIBERATE**

3              When you begin your deliberations, you should elect one member of the jury as

4    your presiding juror.  That person will preside over the deliberations and speak for you here in

5    court.

6              You will then discuss the case with your fellow jurors to reach agreement if you

7    can do so.  Your verdict must be unanimous.

8              Each of you must decide the case for yourself, but you should do so only after you

9    have considered all of the evidence, discussed it fully with the other jurors, and listened to the

10   views of your fellow jurors.

11             Do not hesitate to change your opinion if the discussion persuades you that you

12   should.  Do not come to a decision simply because other jurors think it is right.

13             It is important that you attempt to reach a unanimous verdict but, of course, only

14   if each of you can do so after having made your own conscientious decision.  Do not change an

15   honest belief about the weight and effect of the evidence simply to reach a verdict.

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JURY INSTRUCTIONS

Instruction No. 13

## THE USE OF ELECTRONIC TECHNOLOGY TO CONDUCT RESEARCH ON OR COMMUNICATE ABOUT A CASE

During your deliberations, you must not communicate with or provide any information to anyone by any means about this case. You may not use any electronic device or media, such as a telephone, cell phone, smart phone, iPhone, Blackberry or computer; the internet, any internet service, or any text or instant messaging service; or any internet chat room, blog, or website such as Facebook, My Space, LinkedIn, YouTube or Twitter, to communicate to anyone any information about this case or to conduct any research about this case until I accept your verdict.

13

Case No. 07-CV-01658 PJH (EDL)

FINAL JURY INSTRUCTIONS

1                                                                Instruction No. 14

2                            **COMMUNICATION WITH COURT**

3              If it becomes necessary during your deliberations to communicate with me, you

4    may send a note through the bailiff, signed by your presiding juror or by one or more members

5    of the jury.  No member of the jury should ever attempt to communicate with me except by a

6    signed writing; I will communicate with any member of the jury on anything concerning the case

7    only in writing, or here in open court.  If you send out a question, I will consult with the parties

8    before answering it, which may take some time.  You may continue your deliberations while

9    waiting for the answer to any question.  Remember that you are not to tell anyone—including

10   me—how the jury stands, numerically or otherwise, until after you have reached a unanimous

11   verdict or have been discharged.  Do not disclose any vote count in any note to the court.

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

FINAL JURY INSTRUCTIONS

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Instruction No. 15

## **RETURN OF VERDICT**

A verdict form has been prepared for you. After you have reached unanimous agreement on a verdict, your presiding juror will fill in the form that has been given to you, sign and date it, and advise the court that you are ready to return to the courtroom.

Case No. 07-CV-01658 PJH (EDL)

FINAL JURY INSTRUCTIONS