Robert A. Mittelstaedt (SBN 060359)
Jason McDonell (SBN 115084)
Elaine Wallace (SBN 197882)
JONES DAY
555 California Street, 26th Floor
San Francisco, CA 94104
Telephone:   (415) 626-3939
Facsimile:   (415) 875-5700
ramittelstaedt@jonesday.com
jmcdonell@jonesday.com
ewallace@jonesday.com

Tharan Gregory Lanier (SBN 138784)
Jane L. Froyd (SBN 220776)
JONES DAY
1755 Embarcadero Road
Palo Alto, CA 94303
Telephone:   (650) 739-3939
Facsimile:   (650) 739-3900
tglanier@jonesday.com
jfroyd@jonesday.com

Scott W. Cowan (Admitted *Pro Hac Vice*)
Joshua L. Fuchs (Admitted *Pro Hac Vice*)
JONES DAY
717 Texas, Suite 3300
Houston, TX 77002
Telephone:   (832) 239-3939
Facsimile:   (832) 239-3600
swcowan@jonesday.com
jlfuchs@jonesday.com

Attorneys for Defendants
SAP AG, SAP AMERICA, INC., and
TOMORROWNOW, INC.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

| | |
|---|---|
| ORACLE USA, INC., et al., | Case No. 07-CV-1658 PJH (EDL) |
| Plaintiffs, | **DEFENDANTS' STATEMENT REGARDING PLAINTIFFS' PROPOSED FORM OF JUDGMENT** |
| v. | |
| SAP AG, et al., | |
| Defendants. | |

1    On Friday, December 10, Plaintiffs Oracle USA, Inc., Oracle International Corporation and Siebel Systems, Inc. (collectively, "Oracle" or "Plaintiffs"), filed a proposed form of judgment together with a Memorandum of Points of Authorities. Plaintiffs filed this document on their own behalf; it was not a joint filing with Defendants SAP AG, SAP America, Inc. (together "SAP") and TomorrowNow, Inc. (collectively, "Defendants").[1] Although the parties did meet and confer on a proposed form of judgment, there are a number of issues that remain unresolved, including: a permanent injunction against SAP; prejudgment interest; disposition of infringing materials; and specific language regarding judgment in favor of Defendants for claims brought by Oracle Systems Corporation and Oracle EMEA Ltd., as well as judgment in favor of SAP AG and SAP America, Inc. for certain claims that Plaintiffs dismissed.

The proposed form of judgment offered by Plaintiffs reflects Plaintiffs' position on the prejudgment interest and disposition of infringing materials issues, and includes a declaration by Plaintiffs' damages expert Paul Meyer, the contents of which were never disclosed to Defendants during meet and confer. Plaintiffs did not include a permanent injunction provision and excluded the paragraphs regarding judgment in favor of Defendants. Because these issues raise disputes of fact and law, Defendants contend that Plaintiffs' proposed form of judgment and memorandum in support be treated like a motion. Based on the local rules and the Court's hearing calendar, Defendants plan to file an Opposition to Plaintiffs' proposed form of judgment and submit their competing form on Wednesday, December 29 (with Plaintiffs' reply due on January 5), unless the Court directs otherwise.

Further, Defendants note that if Plaintiffs intend to separately move for injunctive relief against SAP, the proposed form of judgment that Plaintiffs submitted cannot be considered final. Specifically, 28 U.S.C. § 1291 provides that "courts of appeals . . . shall have jurisdiction of appeals from all final decisions of the district courts of the United States . . . ." 28 U.S.C. § 1291. A decision is final for purposes of § 1291 if the district court's decisions "ends the litigation on the merits and leaves nothing for the court to do be execute the judgment." *Coopers & Lybrand*

---

[1] It may not have been clear to the Court who filed this Proposed Form of Judgment, as Plaintiffs did not comply with Local Rule 3-4's requirements for the first page of a filing, including listing the specific counsel presenting the paper for filing.

- 1 -

DEFS' STATEMENT RE:
PLS' PROPOSED FORM OF JUDGMENT
Case No. 07-CV-1658 PJH (EDL)

1   *v. Livesay*, 437 U.S. 463, 467 (1978) (citation omitted); *see also Sierra Club v. Dep't of Transp.*,
2   948 F.2d 568, 571 (9th Cir. 1991) (finding that order forming basis of cross-appeal was not final
3   under 28 USC 1291 because it did not dispose of all claims); *Warehouse Restaurant, Inc. v.*
4   *Customs House Restaurant, Inc*., 726 F.2d 480 (9th Cir. 1984).  When there remains an un-ruled-
5   upon request for injunctive relief, a district court cannot order "final" judgment because there
6   remains something for the court to do.  *See e.g.*, *Warehouse Restaurant*, 726 F.2d at 481 ("We
7   dismiss for lack of jurisdiction because the district court's deferral of [an]injunction makes its
8   judgment non-final and thus not within this court's purely statutory jurisdiction.").  Defendants
9   request that the Court seek clarification from Plaintiffs regarding whether they consider their
10  proposed form of judgment final, or whether they plan to separately move for injunctive relief.

12  Dated:  December 13, 2010            JONES DAY

13                                       By:  /s/ Tharan Gregory Lanier
                                              Tharan Gregory Lanier
14
                                         Counsel for Defendants
15                                       SAP AG, SAP AMERICA, INC., and
                                         TOMORROWNOW, INC.