# EXHIBIT 4



| | | |
|---|---|---|
| **Subject:** | Oracle v SAP -- Followup wrt yesterday's meet-and-confer | |
| **From:** | Gregory Castanias | 03/18/2011 09:57 AM |
| | Extension:  4-3639 or (202) 879-3639 | |
| **To:** | 'Fred Norton', Hinman, Frank, 'Gregory Castanias', Howard, Geoff, Jacqueline K. S. Lee, Rachel L. Rawson, Brundage, Robert A., 'Steven Holtzman', Jane L Froyd, Alinder, Zachary J. | |

Zac,

      We write to follow up on the parties' meet and confer on Thursday afternoon regarding the use of an escrow agreement as security for the judgment pending appeal.  As you know, the temporary stay on execution of judgment is set to expire on Thursday, March 24 unless Defendants file a Rule 62 motion to stay execution of judgment through post-trial motions and appeal, and to approve security for the judgment.  As a result - and as discussed on Thursday's meet and confer - the parties must conclude negotiations in the next day or so in anticipation of Defendants' filing their Rule 62 motion (whether stipulated to by Oracle or contested).  To facilitate the parties' discussion of the remaining issues, we provide a summary of these issues, as well as their status, below.

      It is our understanding that five issues remain with respect to the negotiation of the escrow agreement.

      *First*, as you know, the current draft of the agreement lists the three Defendants - TomorrowNow, SAP America, and SAP AG - as parties to the escrow agreement, and describes SAP AG "as parent of the group of affiliated companies including TomorrowNow, Inc. and SAP America, Inc."  As we have explained to you, the phrase describing SAP AG has been included for internal administrative purposes and does not affect SAP AG's status as a party to the escrow agreement (or its responsibilities thereunder).  Nevertheless, it is our understanding that Oracle is not willing to include the phrase "as parent of . . ."  In the interest of compromise, we have proposed on several occasions, including Thursday's meet and confer, alternatively describing SAP AG in the agreement (accurately so) as "the parent of . . ."  Please let us know by **Monday, March 21** if Oracle will agree to this language.

      *Second*, you raised a concern on Wednesday with respect to the description of the Escrow Agent's duties as being ministerial in nature, and further reiterated an earlier request that the Escrow Agent agree that it is an "agent" of both Parties.  Based on our call on Thursday, it is our understanding that Oracle is willing to agree to the language in the latest draft of the escrow agreement as it relates to the duties of the Escrow Agent.

      *Third*, the current draft of the agreement provides that Oracle will indemnify JP Morgan for defined losses resulting solely as a result of Oracle's conduct.  Based on the parties' discussion, it is our understanding that Oracle may also be willing to agree to this language if this were the only issue remaining with respect to the escrow agreement.

      *Fourth*, based on your representations during the parties' meet and confer calls on Wednesday and Thursday of this week, it is our understanding that JP Morgan has expressed to Bingham unwillingness to give a prospective waiver of the conflict of interest that Bingham would have if it represented Oracle in litigation against JP Morgan in a litigation arising out of the escrow agreement.  We understand that Oracle will not move forward with the escrow agreement if JP Morgan does not waive this conflict.  As we explained to you this week, SAP does not believe that this is a sufficient reason to prevent a well-known financial institution from acting as an escrow agent for the escrow account, particularly because Oracle could easily hire another firm should Oracle sue JP Morgan.  You proposed that SAP contact JP Morgan regarding JP Morgan's willingness to waive this conflict, and we will convey this proposal.

      *Finally*, SAP has proposed that it would forego the qualified settlement fund election in favor of a plain vanilla escrow and would include language in the escrow agreement pursuant to which SAP would agree to treat the funds for tax purposes as being owned by SAP and would bear the tax burden on all

taxable income from the escrowed funds, in exchange for which Oracle would not ask for an indemnity for any possible tax exposure.  Although the parties had agreed that the primary purpose of Thursday's call would be to discuss this proposal and that Oracle would have its tax and commercial lawyers on the call, Oracle was not prepared to specifically comment on this proposal and did not have its tax and commercial lawyers on the call.  Instead, you informed us that Oracle would provide a redline to us on Friday with proposed "reduced indemnity" language designed to address the "infinitesimal" risk that liabilities could arise to Oracle from the escrow agreement.  As we informed you on the call, we believe that the "infinitesimal" risk - if any - from the escrow would be no greater than the risk from a bond.  Thus, although we will consider your proposed edits, as discussed on the call, we expect Oracle to articulate the basis for its contention that an escrow account poses more risk to Oracle than a supersedeas bond, such that Oracle's demand for an indemnity provision might be appropriate.  As we informed you, absent that authority, Defendants cannot justify agreeing to Oracle's proposal.  Accordingly, we look forward to receiving your proposed redlines to the escrow agreement and authority for your contention that a supersedeas bond poses less risk than an escrow account.

    Please let us know if you have any questions.

    Regards,

    Greg Castanias



**Gregory A. Castanias**

51 Louisiana Ave., N.W., Washington, D.C. 20001-2113 • **Direct**: 202.879.3639 • **Fax:** 202.626.1700 • gcastanias@jonesday.com • www.jonesday.com/gcastanias

==========
This e-mail (including any attachments) may contain information that is private, confidential, or protected by attorney-client or other privilege.  If you received this e-mail in error, please delete it from your system without copying it and notify sender by reply e-mail, so that our records can be corrected.
==========