United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE USA, INC., et al.,

    Plaintiffs,

    v.

SAP AG, et al.,

    Defendants.
_____/

No. C 07-1658 PJH

**ORDER DENYING PLAINTIFFS' MOTION FOR § 1292(b) CERTIFICATION FOR INTERLOCUTORY REVIEW**

    Before the court is the motion of plaintiffs Oracle USA, Inc., et al. ("Oracle") for an order certifying the September 1, 2011 and September 16, 2011 post-trial orders for interlocutory review, pursuant to 28 U.S.C. § 1292(b). Defendants SAP AG, et al. ("SAP") oppose the motion. Having read the parties' papers and carefully considered their arguments and the relevant legal authority, the court DENIES the motion.

    The rule allowing a party to seek certification to appeal an interlocutory order, 28 U.S.C. § 1292(b), is a departure from the normal rule that only final judgments are appealable, and therefore it must be construed narrowly. James v. Price Stern Sloan, Inc., 283 F.3d 1064, 1067-68 n.6 (9th Cir. 2002). A district court may certify an order for interlocutory review pursuant to § 1292(b), but "only in <u>exceptional situations</u> in which allowing an interlocutory appeal would avoid protracted and expensive litigation." In re Cement Antitrust Litigation, 673 F.2d 1020, 1026 (9th Cir. 1982) (emphasis added).

    To obtain interlocutory review under § 1292(b), the party seeking relief must satisfy

certain requirements. Couch v. Telescope, 611 F.3d 629, 633 (9th Cir. 2010) (party pursuing interlocutory appeal bears burden of demonstrating that certification requirements of statute have been met). The district court must find that the party has established the existence of a controlling question of law, and substantial grounds for difference of opinion, and that the party has shown that an immediate appeal may materially advance the ultimate termination of the litigation. In re Cement, 673 F.2d at 1026 (citing 28 U.S.C. § 1292(b)).

An issue is "controlling" if "resolution of the issue on appeal could materially affect the outcome of litigation in the district court." Id. at 1026 (citation and quotation omitted). "Although resolution of the issue need not necessarily terminate an action in order to be 'controlling,' . . . it is clear that a question of law is 'controlling' if reversal of the district court's order would terminate the action." Klinghoffer v. S.N.C. Achille Lauro, 921 F.2d 21, 24 (1990).

A substantial ground for difference of opinion is not established by a party's strong disagreement with the court's ruling; the party seeking an appeal must make some greater showing. Mateo v. M/S Kiso, 805 F.Supp. 792, 800 (N.D. Cal. 1992), abrogated on other grounds by Brockmeyer v. May, 361 F.3d 1222, 1226-27 (9th Cir. 2004). Substantial grounds for a difference of opinion required to certify an order for interlocutory review arise when an issue involves one or more difficult and pivotal questions of law not settled by controlling authority. See 28 U.S.C. § 1292(b).

The third requirement – that the appeal be likely to materially speed the termination of the litigation – is linked to the question whether an issue of law is "controlling," in that the district court should consider the effect of a reversal on the management of the case. Mateo, 805 F.Supp. at 800 (citing In re Cement, 673 F.2d at 1026). If, on the other hand, an interlocutory appeal would delay resolution of the litigation, it should not be certified. See Shurance v. Planning Control Int'l, Inc., 839 F.2d 1347, 1348 (9th Cir. 1988).

Here, Oracle seeks an order certifying for interlocutory appeal the September 1, 2011 order re post-trial motions, and the portion of the September 16, 2011 order that

2

"clarifies" the September 1, 2011 order.  Oracle identifies three questions as to which it believes interlocutory review is appropriate:

> 1. Whether copyright damages measured by the amount a willing buyer would have paid a willing seller for a hypothetical license to the rights infringed are sufficiently established by evidence of: (a) the infringer's contemporaneous projections of the profits it would realize from use of the rights, (b) the copyright owner's contemporaneous evidence valuing the business it would lose if it licensed those rights, and (c) reliable expert testimony as to the fair market value of a hypothetical license to the rights, based upon that evidence;
>
> 2. Whether a jury's assessment of the fair market value of the rights infringed may be set aside as speculative when based upon such objective evidence; and
>
> 3. Whether a jury's verdict falling within the reasonable range of hypothetical license damages established by such objective evidence, may be set aside as excessive.

Pltfs' Motion, at 1-2.

Unfortunately, as much as the court would like to be able to grant the motion, and obtain additional guidance from the Ninth Circuit before retrying this case, Oracle simply has not identified questions that qualify for interlocutory review under the above-described standard, and therefore has not met its burden of demonstrating that the certification requirements of § 1292(b) have been met.

Oracle essentially seeks appellate review of this court's rulings on the sufficiency of the evidence, as well as the assessment of the evidence as unduly speculative.  In particular, the court notes that the premise underlying Oracle's request appears to be that Oracle presented "objective evidence" at trial.  However, the court clearly indicated in the order granting judgment as a matter of law that Oracle had not presented sufficient objective evidence of what a reasonable buyer would have been willing to pay for a reasonable jury to find that Oracle was entitled to a hypothetical license.

The questions proposed by Oracle in the present motion differ in no meaningful respect from those that would be presented on appeal following entry of judgment, and are not framed for the purpose of obtaining interlocutory review of a "controlling issue of law" as to which there is "some difference of opinion."

3

The only real controlling issue of law that arose during the case, and that might in some circumstances also have presented a subject appropriate for interlocutory review, is the question whether "hypothetical license" damages are available as actual damages in copyright cases. But that issue was long ago decided in Oracle's favor, in the order denying SAP's motion for partial summary judgment. In light of that ruling, Oracle put on the evidence it chose to present, and the court evaluated the sufficiency of that evidence in ruling on SAP's JMOL and new trial motions.

As for Oracle's argument that certifying this matter for interlocutory review will materially advance the termination of this litigation because it will mean that a "third trial" will be unnecessary, the court is at a loss. Should Oracle opt to reject the remittitur and to proceed with a new trial on lost profits/infringer's profits, any subsequent appeal will present the Ninth Circuit with two verdicts to consider – one on hypothetical damages, and one on lost profits/infringer's profits. At that point, Oracle will be free to make any argument that it cares to make regarding the sufficiency of the evidence, whereupon the Ninth Circuit can issue a ruling. The court sees no reason that a "third trial" would be necessary or required.

In sum, the court finds that Oracle has not met the standard for certification for interlocutory review under § 1292(b), and the motion is therefore DENIED.

**IT IS SO ORDERED.**

Dated: January 6, 2012

PHYLLIS J. HAMILTON
United States District Judge