UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE USA, INC., et al.,

    Plaintiff(s),

    v.

SAP AG, et al.

    Defendant(s).

_____/

No. C 07-1658 PJH

**PRETRIAL ORDER RE RETRIAL**

The court has reviewed the parties' joint statement regarding the June 18, 2012 trial date, and finds no basis for delaying the retrial of this matter until August 2013, for as defendants note, plaintiffs have for the most part identified only *potential* scheduling conflicts. Potential trial conflicts and busy litigation schedules for counsel, experts and management personnel, are an insufficient basis for delaying the retrial to a date that is almost three years after the date of the first trial. Everyone is busy. The only actual conflict that is identified by plaintiffs is the previously scheduled June 4, 2012 trial in the Southern District of New York involving Mr. Boies. Given that the vast majority of trials scheduled in the federal district courts do not actually occur, the court assumes that there is a fair chance that the referenced trial will not proceed as scheduled, in which case there will be no conflict with the June 18, 2012 date.

Accordingly, the court sets the retrial of this case to commence **June 18, 2012 at 8:30 a.m.** If the Southern District of New York case actually proceeds to trial, the June 18, 2012 date will be vacated and this case will trail (on, as defendants suggest, at least four weeks notice) both the conclusion of the New York trial and the other trials on this court's calendar. Additionally, the court schedules the pretrial conference for **May 24, 2012**, **at**

**2:30 p.m.** Regardless whether the June 18, 2012 trial date is maintained, the pretrial conference will proceed so that the case is ready for trial when a time slot opens for it. The court has not ignored plaintiffs' representations about the uncertainty of the trial date for the *Google* litigation, but is unwilling to delay the scheduling of the retrial in this case, because a trial in that case *might* be scheduled sometime this year. The court will discuss with counsel any actual conflict that has arisen with that case, at the pretrial conference.

FINAL PRETRIAL INSTRUCTIONS

    1. Each party shall attend the final pretrial conference personally or by counsel who will try the case.

    2. **Not less than 35 days** prior to the pretrial conference, all counsel and/or parties shall meet and confer regarding preparation of the joint pretrial statement.

    3. **Not less than 28 days** prior to the pretrial conference, counsel and/or parties shall:

        a.    Serve and file a **joint** pretrial statement. (Separately filed statements will not be accepted by the court and monetary sanctions will be imposed upon the party failing to cooperate in the preparation of a joint statement). The pretrial statement shall include the following:

            (I)    A brief description of the substance of the claims and defenses which remain to be decided.
            (ii)    A detailed statement of all relief sought, itemizing all elements of damages claimed.
            (iii)    A statement of all relevant undisputed facts to which the parties will stipulate for incorporation into the trial record without the necessity of supporting testimony or exhibits.
            (iv)    A statement of all relevant disputed facts which remain to be decided.
            (v)    A statement of stipulations requested or proposed.
            (vi)    A brief statement of disputed points of law concerning liability and relief. Legal argument on these points shall be reserved for the trial briefs.
            (vii)    A statement of whether bifurcation or a separate trial of specific issues is feasible and desired.
            (viii)    A statement summarizing the status of settlement negotiations and indicating whether further negotiations are likely to be productive.

        b.    Serve and file trial briefs (not to exceed 25 pages), which shall specify each cause of action and defense remaining to be tried along with a statement of the applicable legal standard (no opposition shall be filed);

        c    Serve and file no more than ten motions *in limine*, which shall be filed

2

        in one document not to exceed 25 pages;

    d.    Serve and file a list of deposition excerpts for witnesses who will not testify in person, (specifying the witness, page and line references) and other discovery responses that will be offered at trial;

    e.    Serve and file a list of all witnesses to be called at trial, in person or by deposition, other than solely for impeachment or rebuttal, with a brief statement describing the substance of the testimony to be given;

    f.    Serve and file a numerical list of exhibits that will be offered as evidence in a party's case in chief in support of a claim or defense, with a brief statement describing the substance and purpose of each exhibit and the name of the sponsoring witness;

    g.    Exchange exhibits which shall be <u>premarked with an exhibit sticker</u>, <u>tabbed</u> and <u>in binders.</u> Plaintiff shall use numbers (1, 2, 3, etc.) and defendant shall use numbers preceded by a letter (A-1, A-2, A-3, etc.). Additional parties shall also use a letter preceding numbers (B-1, B-2, B-3, or C-1, C-2, C-3, etc.).

    h.    Submit <u>two</u> sets for jury trials and <u>three</u> sets for court trials of all premarked exhibits to the Clerk's Office (exhibits are not filed);

    I.    Serve and file any request regarding the treatment of confidential or sealed documents.

    j.    Serve and file proposed joint voir dire questions and joint jury instructions for cases to be tried by jury;

    k.    Serve and file proposed findings of fact and conclusions of law for cases or claims to be tried by the court.

    l.    Serve and file a proposed verdict form which contains no reference to submitting party.

4. No party shall be permitted to call any witness or offer any exhibit in its case in chief that is not disclosed in these pretrial filings without leave of court and for good cause.

5. **Not less than 14 days** prior to the pretrial conference, counsel and/or parties shall serve and file any opposition to a motion *in limine* and any counter deposition designations. No replies shall be filed. All motions shall be heard at the pretrial conference unless otherwise ordered. The parties shall not file separate objections, apart from those contained in the motions *in limine*, to the opposing party's witness list, exhibit list or discovery designations.

<u>JURY TRIAL</u>

<u>Jury Selection</u> shall proceed as follows: The Jury Commissioner will summon 20 to 25 prospective jurors. The Courtroom Deputy will select their names at random and seat them in the courtroom in the order in which their names are called. Voir dire will be conducted of sufficient venire members so that six to eight will remain after all peremptory

3

challenges and an anticipated number of hardship dismissals and cause challenges have been made.

The court will then take cause challenges and discuss hardship claims at side bar. The court will inform counsel which hardship claims and cause challenges will be granted, but will not announce those dismissals until the selection process is completed. Peremptory challenges will be made in writing. The court will strike at one time those with meritorious hardship claims, those excused for cause, and those challenged peremptorily, and then seat the first six to eight people remaining in numerical order.

The attached voir dire questionnaire shall be given to the venire members and copies of the responses will be made available to counsel at the beginning of voir dire. Counsel shall submit a **joint set** of additional voir dire questions to be posed by the court. Or in lieu of the above, counsel may submit a jointly prepared questionnaire. Counsel will be permitted brief follow-up voir dire after the court's questioning.

The following jury instructions from the Ninth Circuit Manual of Model Jury Instructions Civil (2007 Edition) shall be given absent objection: 1.0 - 1.4, 1.6 - 1.14, 1.18 - 1.19, 3.1 - 3.4. Counsel shall submit a **joint set** of these instructions along with case specific instructions using the Ninth Circuit Manual where appropriate. Any instructions on which counsel cannot agree may be submitted separately. Each instruction shall be typed in full on a separate page with citations to the authority upon which it is based **and** a reference to the party submitting it. A second blind copy of each instruction shall also be submitted omitting the citation to authority and the reference to the submitting party, but retaining the title of the instruction.

TRIAL SCHEDULE

The court's trial schedule is 8:30 a.m. to 1:30 p.m. with two fifteen-minute breaks, on Monday, Tuesday, Thursday and Friday.

IT IS SO ORDERED.

Dated: February 28, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge

# CONFIDENTIAL

# JUROR QUESTIONNAIRE

Please fill out this form as completely as possible and print clearly. This will assist the judge and the lawyers in selecting a jury and will save time for them and for you. Because copies will be made for the attorneys and the judge, do not write on the back of any page. If you need more room, continue at the bottom of the page. Thank you for your cooperation.

1. Your name: _____

2. Your age: _____

3. City in which you reside: _____

4. If you have lived there for fewer than five years, where did you live before:

   _____

5. Your place of birth: _____

6. Your marital status: (circle one)

   single     married     separated     divorced     widowed

7. What is your occupation and how long have you worked in it? (If you are retired, please describe your main occupation when you were working).

   _____

   _____

8. Who is (or was) your employer? _____

9. If you have held this job for fewer than five years, describe your previous job:

   _____

10. If you are married, please list your spouse's occupation.

    _____

11. If you have children, please list their ages and genders and, if they are employed, please give their occupations.

    _____

    _____

    _____

United States District Court
For the Northern District of California

1
2  12.  Please describe your education background:
3       Highest grade completed: _____
4       College and/or vocational schools you have attended:
5       _____
6       _____
7       _____
8       Major areas of study: _____
9  13.  Have you served in the military? _____
10
11 14.  Have you ever had jury experience? _____ No. of times? _____
12      If yes:  State/County Court _____ Federal Court _____
13      When? _____
14      Was it a civil or criminal case? _____
15      Did any of the juries reach a verdict? _____
16
17
18
19
20
21
22
23
24
25
26
27
28

6

**United States District Court**
For the Northern District of California