UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

ORACLE INTERNATIONAL CORPORATION,

        Plaintiff,

        v.

SAP AG, et al.,

        Defendants.
_____/

No. C 07-1658 PJH

**FINAL PRETRIAL ORDER**

Pursuant to Rule 16(e) of the Federal Rules of Civil Procedure, this final pretrial order is hereby entered and shall control the course of the trial unless modified by a subsequent order. The joint pretrial statement of the parties is incorporated herein except as modified by the court's ruling on the pretrial motions and objections.

I.    <u>MOTIONS IN LIMINE</u>

    1.    Plaintiff's Motion in Limine No. 1 to exclude "customer behavior" testimony by SAP's damages expert Stephen Clarke is DENIED. The court previously found Mr. Clarke sufficiently qualified to offer testimony in this area, and also found that most of plaintiff's arguments went to either the weight of the opinions or to the actual merits of the opinions or conclusions.

    2.    Plaintiff's Motion in Limine No. 2 to exclude testimony by SAP's expert Stephen Clarke regarding his "market study" of third-party support material is DENIED. The court previously found Mr. Clarke qualified to offer testimony in this area, and to the extent plaintiff objects to the reliability of his conclusions, it may cross-examine on them.

    3.    Plaintiff's Motion in Limine No. 3 to exclude what it believes to be inadmissible hearsay evidence is GRANTED in part and DENIED in part. With regard to the motion to

exclude testimony by SAP's expert Stephen Clarke based on hearsay evidence, the court will permit Mr. Clarke to testify as to his opinions formed even if based on hearsay, but will not permit him to testify as to particular out-of-court statements made by particular Oracle customers unless the statements fall within one of the hearsay exceptions.  The same rule will apply with regard to the testimony of Oracle's expert Paul Meyer.  In addition, hearsay documents may be used during cross-examination by either side if the expert has at all considered them, even if he did not ultimately rely on them in forming his opinion and preparing his report.

   4. Plaintiff's Motion in Limine No. 4 to exclude testimony by SAP's expert Stephen Clarke based on late-filed customer declarations is DENIED.  The court previously allowed this testimony during the first trial, although the court also ruled then as it does now that the declarations themselves will not be admitted as evidence.

   5. Plaintiff's Motion in Limine No. 5 to exclude testimony by SAP's expert Stephen Clarke regarding a calculation of infringer's profits that includes a deduction of expenses from defendants' revenues is DENIED.  Plaintiff argues that because the infringement was willful, infringer's profits should be equal to gross revenues, and that defendants should not be permitted to offset any of their gross revenues by subtracting expenses.  However, the court finds no support for this proposition.

   The language of 17 U.S.C. § 504(b) does not support a rule that overhead expenses cannot be deducted from gross revenues to arrive at profits where the infringement was deliberate or willful.  Section 504(b) provides that "[i]n establishing the infringer's profits, the copyright owner is required to present proof only of the infringer's gross revenue, and the infringer is required to prove his or her deductible expenses and the elements of profit attributable to factors other than the copyrighted work."

   There is no mention of willful infringement in § 504(b) – only in § 504(c) – which relates to statutory damages.  The language of § 504(c) shows that where Congress intended to punish willful infringement by authorizing different remedies depending on the defendant's culpability, it clearly knew how to do so.  Section 504(b) makes no distinction

2

1  between willful and innocent infringers.

2  In addition, while the Ninth Circuit's Model Instruction 17.27 may be considered a
3  guide, the Ninth Circuit does not adopt the Model Instructions as authoritative statements of
4  the law. Dang v. Cross 422 F.3d 800, 805 (9th Cir. 2005). Even less should a "Comment"
5  to a Model Instruction be considered an authoritative statement of the law.
6  Moreover, Model Instruction 17.27 is clearly labeled, "Copyright – Damages - Willful
7  Infringement" under 17 U.S.C. **§ 504(c)(2)**, which relates to statutory damages which are
8  not sought by plaintiff here. It is Model Instruction 17.24, "Copyright – Damages –
9  Defendant's Profits" which relates to the measure of damages under 17 U.S.C. **§ 504(b)**
10 which are sought by plaintiff here. Tellingly, there is no Model Instruction that sets forth the
11 standard plaintiff urges the court to adopt.

12 Nor does the Ninth Circuit's decision in Kamar Int'l v. Russ Berrie and Co., 752 F.2d
13 1326, 1331-31 (9th Cir. 1984), which is cited in the Comment to Model Instruction 17.27,
14 clearly support the statement in the Comment that defendants' expenses are generally
15 "denied where the defendant's infringement is willful or deliberate," since the court in Kamar
16 had previously determined that the defendant was not a willful infringer.

17 To the extent that the parties dispute which categories of expenses can be deducted
18 (assuming defendants meet their burden of proof), that is a matter for the court, not the
19 jury, to decide.

20 6. Defendants' Motion in Limine No. 1 to exclude evidence and argument
21 regarding new claims relating to lost profits and infringer's profits is GRANTED in part and
22 DENIED in part. The motion to preclude plaintiffs from reversing their approach to
23 deductible expenses in connection with the infringer's profits claim is GRANTED, for the
24 reasons set forth above with regard to plaintiff's Motion in Limine No. 5.

25 The motion to exclude testimony and other evidence regarding the calculation of
26 ongoing support/maintenance revenues (after 2008) up to the time of trial, and regarding
27 the increased profit margin percentage applicable to the added revenue, is DENIED. The
28 court is not persuaded that judicial estoppel applies under these facts; and finds further that

the supplemental or updated report of Oracle's expert Paul Meyer is not untimely given that the bulk of the claimed damages were not incurred until after the discovery deadlines preceding the first trial. Thus, it would be unfair to disallow this evidence, subject to plaintiff's establishing that the claimed damages flow from the pre-2008 infringement. In addition, however, both sides shall make their experts available before trial for further short depositions on this issue and there shall be full disclosure of the claimed damages and any defense thereto.

7. Defendants' Motion in Limine No. 2 to exclude evidence previously offered solely to support excluded damages theories is DENIED in part and DEFERRED in part. The question whether plaintiff may offer evidence to support the theory of hypothetical license damages (including up-sell and cross-sell and saved development costs) has been resolved by the court, most recently in the ruling on plaintiff's motion for clarification. Defendants have provided examples of evidence relating to "license factors," "risk acceptance," "expected financial gains," and the "risk to plaintiffs' investment." However, because defendants have not sufficiently identified the particular items of evidence they seek to have excluded, and because plaintiff argues that some of the evidence may well be relevant to causation, the court is unable to rule on this part of the motion, and defers further consideration until the further conference to be held on June 8, 2012.

8. Defendants' Motion in Limine No. 3 to exclude evidence and argument regarding TomorrowNow's criminal conviction is GRANTED. Any evidence of willfulness that would be reflected by the guilty plea or conviction is irrelevant to any issue being tried in the case in light of defendants' stipulation to liability. In addition, this evidence may not be used for impeachment purposes pursuant to Federal Rule of Evidence 609 to impeach the testimony of defendants' witnesses, as it was the corporation TomorrowNow that pled guilty, not any of the individual executives employed by defendants SAP AG, SAP America, Inc., or TomorrowNow. The corporate conviction has no bearing on the credibility of any individual witness who may be employed by a defendant and no individual witness has been him or herself convicted, such that their own conviction might be employed for

impeachment.  Moreover, unlike the situation in <u>Hickson Corp. v. Norfolk S. Ry. Co.</u>, 227 F.Supp. 2d 903, 907 (E.D. Tenn. 2002), liability in this case has been conceded, and is therefore not an issue to be decided by the jury.

       9.      Defendants' Motion in Limine No. 4 to prohibit plaintiff from referring during the trial to "theft" or "stealing" of software by defendants is GRANTED.  Defendants have stipulated to liability for copyright infringement, and the jury will be so advised.  Balancing the potential for prejudice and the value to plaintiff of characterizing defendants' conduct as theft, the court concludes that the use of the words "theft" or "stealing" would be inflammatory and would likely be unduly prejudicial to defendants, and is furthermore unnecessary given defendants' stipulation to liability.  Moreover, the use of words associated with criminal conduct could potentially confuse the jury about the nature of this case and what they will be asked to find.  Plaintiff may argue that defendants "copied," "took," or "used" the software "without authorization," but may not characterize defendants' conduct as "theft" or "stealing."

## II.    DISCOVERY EXCERPTS

The parties shall meet and confer and submit a joint set of deposition transcripts as soon as possible, but no later than June 13, 2012 for the court's ruling on objections.

## III.    EXHIBITS

No limit will be set for the number of trial exhibits which need not be brought to the court until the commencement of trial. To the extent possible the court will rule on objections to certain exhibits at a further pretrial conference on June 8, 2012 at 9:00 a.m. The parties shall first meet and confer and shall try to confine their objections to categories or representative documents, as it is not likely that the court will have an opportunity to resolve each and every objection to each and every exhibit before trial.  The parties may also submit further briefing on the two evidentiary issues discussed at the conference – the other portions of the At-Risk report not addressed during the first trial and the evidence defendants believe is irrelevant to the remaining theory of damages.  Briefing should be complete no later than June 5, 2012.

## IV. VOIR DIRE

The parties have submitted a joint jury questionnaire in lieu of questions to be incorporated into the court's general voir dire questions. The court agrees that the questionnaire will be more efficient and given that it incorporates most, if not all, of the standard questions, only follow up questions will be needed. The court will endeavor to have the questionnaires completed by the jury panel on Friday June 15, 2012, so that they may be reviewed over the weekend. The parties shall supply a joint witness list to comprise the missing attachment "A" to the questionnaire, no later than June 13, 2012.

## V. JURY INSTRUCTIONS

The parties shall meet and confer and submit a joint set of jury instructions revised to reflect the court's rulings on the motions in limine, other pretrial motions and the discussion at the pretrial conference, no later than June 13, 2012.

## VI. VERDICT FORMS

The parties shall submit a revised joint verdict form, or if unable to agree, separate forms, no later than the first day of trial.

## VII. TRIAL SCHEDULE AND TIME LIMITS

Trial is scheduled to commence on Monday June 18, 2012. Plaintiff's request for additional trial days is granted and three weeks instead of two weeks will be available for trial. The time will be divided equally between the two sides. As per the February 28, 2012 pretrial order, should Mr. Boies' trial in the Southern District of New York go forward on June 4, 2012, and should plaintiff not elect to go forward with the other lawyers assigned to this case, the June 18, 2012 date for trial will be vacated and this trial will trail, on four weeks' notice, both the conclusion of the New York trial and the other trials on this court's calendar. The parties are advised, however, that a three-week trial is significantly more difficult to find an opening for than is a one- or two-week trial.

**IT IS SO ORDERED**.

Dated:  May 29, 2012

_____
PHYLLIS J. HAMILTON
United States District Judge