1   Robert A. Mittelstaedt (SBN 060359)         BINGHAM McCUTCHEN LLP
    Jason McDonell (SBN 115084)                  DONN P. PICKETT (SBN 72257)
2   Elaine Wallace (SBN 197882)                  GEOFFREY M. HOWARD (SBN 157468)
    JONES DAY                                    BREE HANN (SBN 215695)
3   555 California Street, 26th Floor            Three Embarcadero Center
    San Francisco, CA  94104                     San Francisco, CA  94111-4067
4   Telephone:     (415) 626-3939               Telephone:     (415) 393-2000
    Facsimile:     (415) 875-5700               Facsimile:     (415) 393-2286
5   ramittelstaedt@jonesday.com                  donn.pickett@bingham.com
    jmcdonell@jonesday.com                       geoff.howard@bingham.com
6   ewallace@jonesday.com                        bree.hann@bingham.com

7   Tharan Gregory Lanier (SBN 138784)           BOIES, SCHILLER & FLEXNER LLP
    Jane L. Froyd (SBN 220776)                   DAVID BOIES (Admitted *Pro Hac Vice*)
8   JONES DAY                                    333 Main Street
    1755 Embarcadero Road                        Armonk, NY 10504
9   Palo Alto, CA  94303                         Telephone:     (914) 749-8200
    Telephone:     (650) 739-3939               dboies@bsfllp.com
10  Facsimile:     (650) 739-3900               STEVEN C. HOLTZMAN (SBN 144177)
    tglanier@jonesday.com                        1999 Harrison St., Suite 900
11  jfroyd@jonesday.com                          Oakland, CA 94612
                                                 Telephone:     (510) 874-1000
12  Scott W. Cowan (Admitted *Pro Hac Vice*)     sholtzman@bsfllp.com
    Joshua L. Fuchs (Admitted *Pro Hac Vice*)
13  JONES DAY                                    DORIAN DALEY (SBN 129049)
    717 Texas, Suite 3300                        JENNIFER GLOSS (SBN 154227)
14  Houston, TX 77002                            500 Oracle Parkway, M/S 5op7
    Telephone:     (832) 239-3939               Redwood City, CA  94070
15  Facsimile:     (832) 239-3600               Telephone:     (650) 506-4846
    swcowan@jonesday.com                         Facsimile:     (650) 506-7114
16  jlfuchs@jonesday.com                         dorian.daley@oracle.com
                                                 jennifer.gloss@oracle.com
17  Attorneys for Defendants
    SAP AG, SAP AMERICA, INC., and               Attorneys for Plaintiffs
18  TOMORROWNOW, INC.                            Oracle USA, Inc., et al.

19                    UNITED STATES DISTRICT COURT

20                   NORTHERN DISTRICT OF CALIFORNIA

21                          OAKLAND DIVISION

22

23  ORACLE USA, INC., et al.,                    Case No. 07-CV-1658 PJH (EDL)

24              Plaintiffs,                       **STIPULATION AND PROPOSED
                                                  FORM OF JUDGMENT AND ORDER**
25       v.

26  SAP AG, et al.,

27              Defendants.

28

1

2

**STIPULATION**

3

By and through their respective undersigned counsel, plaintiffs Oracle USA, Inc., Oracle

4

International Corporation and Siebel Systems, Inc. ("Oracle") and defendants SAP AG, SAP

5

America, Inc. and TomorrowNow, Inc. ("Defendants") (together, the "Parties") hereby stipulate

6

and agree to be bound as follows:

7

1.      Following the first trial, the Court granted judgment as a matter of law.  *See* Dkt.

8

1081 at 18-20; Dkt. 1088 (clarifying Dkt. 1081); Dkt. 1162 (denying motion to clarify and

9

denying leave to move for reconsideration).  The Court also granted Defendants' new trial

10

motion.  *See id.*  The Court ordered a new trial on actual damages, limited to lost profits and

11

infringer's profits, conditioned on Oracle rejecting a remittitur to $272 million.  Oracle rejected

12

the remittitur (*see*  ECF No. 1107) and the Court scheduled a new trial.  *See* ECF Nos. 1108, 1190

13

and 1192.  To save the time and expense of this new trial, and to expedite the resolution of the

14

appeal, the Parties stipulate to entry of judgment in the amount of $306 million, in the proposed

15

form attached to this Stipulation as Exhibit A, which will be the Court's final judgment in this

16

matter (the "Stipulated Judgment").  Oracle contends that but for the limitations established by

17

the Court's rulings to date, Oracle's recovery in a new trial would be greater than $306 million.

18

2.      The Stipulated Judgment shall constitute Judgment on all claims for relief under

19

Rule 54(a) of the Federal Rules of Civil Procedure.  The Parties reserve all appeal rights from the

20

Stipulated Judgment, and each and every part thereof, including the right to appeal the Stipulated

21

Judgment and to seek review of all otherwise reviewable orders, decisions and rulings in this

22

proceeding, including without limitation:  (a) orders entered prior to the November 2010 trial in

23

this matter; (b) rulings of the Court during the course of the November 2010 trial; (c) the orders

24

of the Court on Defendants' motions for judgment as a matter of law and for a new trial following

25

the November 2010 trial; (d) the orders of the Court on Oracle's conditional motion for a new

26

trial following the November 2010 trial; (e) the limitations imposed by the Court with respect to

27

the new trial currently scheduled to commence on August 27, 2012; and (f) the Stipulated

28

Judgment.  The Parties further reserve the right to seek all appropriate appellate relief, including

STIPULATION AND PROPOSED FORM OF
JUDGMENT AND ORDER
Case No. 07-CV-1658 PJH (EDL)

without limitation reinstatement of the original $1.3 billion judgment.  The Parties agree that they

each may appeal the Stipulated Judgment, and that nothing in this stipulation or the Stipulated

Judgment waives any right of either party to appeal the Stipulated Judgment, seek review of any

order, decision, or ruling entered in this proceeding, or seek otherwise appropriate appellate relief.

        3.      If the Stipulated Judgment is vacated or reversed on appeal, and a new final

judgment is entered and all appeal rights are exhausted (the New Judgment), then if the New

Judgment awards Oracle more than the monetary amount set forth in the Stipulated Judgment,

Oracle may enforce the New Judgment in lieu of the Stipulated Judgment.  If, however, the

Stipulated Judgment is vacated or reversed on appeal, and, after all appeal rights are exhausted,

the New Judgment awards Oracle less than the monetary amount set forth in the Stipulated

Judgment, Defendants stipulate to make an additional payment in the amount of $306 million

minus the amount of the New Judgment.  Defendants' promise to pay this difference between the

Stipulated Judgment and a lesser New Judgment is joint and several among all three Defendants.

        4.      Oracle may not enforce either the Stipulated Judgment, the New Judgment, or

Defendants' promise to pay the difference between the Stipulated Judgment and a lesser New

Judgment, until 30 (thirty) days after the conclusion of all proceedings in this case, including any

appeal(s) (including discretionary review by certiorari in the United States Supreme Court, if any)

and new trial(s).  No Defendant shall be required to post a supersedeas bond or provide other

form of security to prevent enforcement during that time.  The Parties intend Defendants' promise

to pay the difference between the Stipulated Judgment and a lesser New Judgment to be

enforceable under California contract law, and that promise is made in consideration of Oracle's

agreement to these stipulated terms (including Oracle's compromise of its claim for lost and

infringer's profits and its agreement that Defendants need not provide security to prevent

enforcement of a judgment pending post-trial motions and appeals).  For purposes of enforcing

the contractual obligations under paragraphs three and four, Oracle and Defendants submit to

jurisdiction and venue in the United States District Court for the Northern District of California .

STIPULATION AND PROPOSED FORM OF
JUDGMENT AND ORDER
Case No. 07-CV-1658 PJH (EDL)

1    IT IS SO STIPULATED AND AGREED.

2    Dated: August 2, 2012                                JONES DAY

3
                                                          By:    /s/ Tharan Gregory Lanier
4                                                                Tharan Gregory Lanier
                                                                 Attorneys for Defendants
5                                                         SAP AG, SAP AMERICA, INC., and
                                                                TOMORROWNOW, INC.
6
        In accordance with General Order No. 45, Rule X, the above signatory attests that
7
     concurrence in the filing of this document has been obtained from the signatory below.
8
     Dated: August 2, 2012                                BINGHAM McCUTCHEN LLP
9
                                                          By:    /s/ Geoffrey M. Howard
10                                                               Geoffrey M. Howard
                                                                 Attorneys for Plaintiffs
11                                                        Oracle USA, Inc., Oracle International
                                                          Corporation, and Siebel Systems, Inc.
12

13                                          **PROPOSED ORDER**

14
        Based on the parties' stipulation, and good cause being shown, IT IS SO ORDERED.  The
15
     Clerk of the Court is directed to enter the proposed form of judgment attached as Exhibit A as the
16
     Court's final judgment in this matter.  All other existing dates and deadlines in this matter,
17
     including the August 27 trial date, are hereby vacated.
18

19   IT IS SO ORDERED
20

21
     Dated:                        , 2012              By:
22                                                              Judge Phyllis J. Hamilton
                                                                United Stated District Judge
23

24

25

26

27

28

# EXHIBIT A

1

2

3

4

5

6

7

8

9

10

11

12

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

OAKLAND DIVISION

ORACLE USA, INC., et al.,                          Case No. 07-CV-1658 PJH (EDL)

13

                    Plaintiffs,                    **AMENDED JUDGMENT**

14

        v.

15

SAP AG, et al.,

16

                    Defendants.

17

18          Pursuant to the Parties' Stipulation, Proposed Form of Judgment and Proposed Order

19   (filed August 2, 2012), Amended Trial Stipulation and Order No. 1 Regarding Liability,

20   Dismissal of Claims, Preservation of Defenses, and Objections to Evidence at Trial (Dkt. No.

21   965), Additional Trial Stipulation and Order Regarding Claims for Damages and Attorneys Fees

22   (Dkt. Nos. 961 and 969), Order Re Motions For Partial Summary Judgment (Dkt. No. 762), Order

23   Granting Motion to Dismiss in Part and Denying It in Part (Dkt. No. 224), and Order Granting

24   Defendants' Motion for JMOL, and Motion for New Trial; Order Denying Plaintiffs' Motion for

25   New Trial; Order Partially Vacating Judgment (Dkt. No. 1081), IT IS HEREBY ADJUDGED

26   AND ORDERED that:

27          (1)     JUDGMENT is entered against Defendant TomorrowNow, Inc. on Plaintiff

28                  Oracle International Corporation's claim for direct copyright infringement

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

and against Defendants SAP AG and SAP America, Inc. on Plaintiff Oracle

International Corporation's claim for indirect copyright infringement.  On

these claims, Plaintiff Oracle International Corporation shall recover from

Defendants SAP AG, SAP America, Inc. and TomorrowNow, Inc.

("Defendants"), jointly and severally in the amount of 306 million U.S.

dollars ($306,000,000 (US)),which is the entirety of the relief entered for

these claims (not including the stipulation negotiated between the Parties

regarding destruction of infringing materials).

(2)     JUDGMENT is entered against Defendants on Plaintiffs Oracle USA, Inc.,

Oracle International Corporation, and Siebel Systems, Inc.'s ("Oracle," and

together with Defendants, "the Parties") claims for past and future

reasonable attorneys' fees and costs (including investigative costs)

associated with Oracle's investigation and prosecution of its claims in this

case, for which the Parties agreed that Oracle should recover, and has

already been paid by Defendants, the amount of $120 million

($120,000,000).

(3)     JUDGMENT is entered for Plaintiffs Oracle USA, Inc., Oracle International

Corporation, and/or Siebel Systems, Inc., and against Defendant

TomorrowNow, Inc. on all liability for all claims, including for violations of

18 U.S.C. §§ 1030(a)(2)(C), (a)(4), (a)(5)(i), (a)(5)(ii), and (a)(5)(iii) (the

Federal Computer Fraud and Abuse Act) and California Penal Code §§

502(c)(2), (c)(3), (c)(6) and (c)(7) (California's Computer Data Access and

Fraud Act), breach of contract, intentional interference with prospective

economic advantage, negligent interference with prospective economic

advantage, unfair competition, trespass to chattels, unjust

enrichment/restitution, and for an accounting, without separate monetary

damages or monetary relief, including punitive damages, or additional

- 2 -

1   injunctive relief by way of these claims.  The recovery on these claims is

2   included in paragraph (2) above and no other damages or injunctive or other

3   relief is awarded by way of these claims.

4   (4)   JUDGMENT of dismissal with prejudice is entered as previously stipulated

5   by the Parties, on all claims of Plaintiffs Oracle USA, Inc., Oracle

6   International Corporation, and/or Siebel Systems, Inc. against SAP AG and

7   SAP America, Inc., for alleged violations of 18 U.S.C. §§ 1030(a)(2)(C),

8   (a)(4), (a)(5)(i), (a)(5)(ii), and (a)(5)(iii) (the Federal Computer Fraud and

9   Abuse Act) and California Penal Code §§ 502(c)(2), (c)(3), (c)(6) and (c)(7)

10   (California's Computer Data Access and Fraud Act), breach of contract,

11   intentional interference with prospective economic advantage, negligent

12   interference with prospective economic advantage, unfair competition,

13   trespass to chattels, unjust enrichment/restitution, and for an accounting.

14   (5)   JUDGMENT of dismissal is entered, as previously ordered by the Court, on

15   all claims brought by Oracle Systems Corporation, J.D. Edwards Europe

16   and Oracle EMEA Limited.

17   (6)   Except as specified in paragraph (2) above, no costs are awarded.

18

19

20

21

22   Dated: _____, 2012        By:_____

                                                    Judge Phyllis J. Hamilton
23                                                   United Stated District Judge

24

25

26

27

28

- 3 -                                              AMENDED JUDGMENT
                                                   Case No. 07-CV-1658 PJH (EDL)